IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 1:23-cv-00108-LMB-IDD |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF AARON TEITELBAUM IN SUPPORT OF GOVERNMENT PLAINTIFFS' RESPONSE TO GOOGLE LLC'S MOTION TO TRANSFER VENUE**

I, AARON TEITELBAUM, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am an attorney with the United States Department of Justice, Antitrust Division.

2. I submit this declaration in support of the Government Plaintiffs' response to Google LLC's motion to transfer venue, filed on February 17, 2023 at ECF 44. The information contained in this declaration is based on information received from administrative staff at the Antitrust Division, and my personal review and analysis of the initial disclosures submitted by the parties pursuant to Federal Rule of Civil Procedure 26(a)(1) ("Initial Disclosures") in *In re Digital Advertising Antitrust Litigation*, 1:21-md-3010-PKC (the "MDL"), pending in the U.S. District Court for the Southern District of New York, as well as my own investigation, including review of internet search results in accordance with the methodology described herein.

3. According to administrative staff at the Antitrust Division, the Division had 760 employees nationwide as of February 27, 2023.

4. Based on my review, the Initial Disclosures in the MDL identified 267 unique, non-duplicative witnesses not currently or formerly employed by Google LLC. Using the information provided in the disclosures as well as open-source internet research, with a particular emphasis on results from the professional networking website www.linkedin.com, I was able to

estimate the location of 180 of these witnesses.[1] The breakdown by state (and country, where applicable) of the witnesses for whom I was able to estimate an approximate location is as follows:

| State or Country | Number of Witnesses |
|---|---|
| Arizona | 1 |
| California | 25 |
| Washington, D.C. | 3 |
| Delaware | 4 |
| Florida | 1 |
| Georgia | 11 |
| Illinois | 3 |
| Indiana | 4 |
| Kansas | 2 |
| Massachusetts | 1 |
| Maryland | 5 |
| Missouri | 1 |
| Mississippi | 9 |
| North Carolina | 1 |
| North Dakota | 1 |
| New Jersey | 2 |
| New York | 37 |
| Ohio | 2 |
| Oregon | 1 |
| Pennsylvania | 13 |
| Tennessee | 8 |
| Texas | 16 |
| Virginia | 3 |
| Washington | 5 |
| Wisconsin | 2 |
| West Virginia | 8 |
| Canada | 2 |
| France | 2 |
| Ireland | 1 |
| Switzerland | 1 |
| United Kingdom | 5 |

---

[1] For example, many individuals with profiles on LinkedIn will provide a city and/or state location under their profile name, or will identify their location by metropolitan area, such as "Greater Seattle area."

2

5. Three witnesses are listed in the above table as being located in Virginia. The first of those witnesses has a LinkedIn profile location of "Washington DC-Baltimore Area," but the website for the witness's listed employer states that the employer's address, under the heading "contact information," is in Arlington, Virginia. The second of those witnesses has a LinkedIn profile location of Arlington, Virginia. The third of those witnesses has a LinkedIn profile location of "Washington DC-Baltimore Area," but the location for the witness's present employment is in Arlington, Virginia.

6. What follows is additional information about the methodology I used to tabulate and assemble these results.

7. I conducted this analysis, including internet searches, between March 1, 2023, and March 2, 2023.

8. Where a company was listed on one or more of the Initial Disclosures, but none of the Initial Disclosures identified a named witness associated with that company, I treated the company itself as a single witness, and used that company's apparent headquarters as its location. Otherwise, as long as at least one of the Initial Disclosures identified a named witness in connection with a company, I did not count that company as a separate witness. Instead, I attempted to determine the location of the named witness or witnesses, and included those locations in the table above.

9. In instances where a witness's LinkedIn profile showed a location in a metropolitan area likely encompassing only one state, such as "Greater Seattle," or "Greater Chicago," I listed that person as being located in that state, i.e., in these examples, Washington State and Illinois, respectively. In instances where a witness's LinkedIn profile showed a location

potentially encompassing multiple states such as the New York or Washington, D.C. metropolitan areas, I listed that witness as being located in New York State or Washington, D.C., respectively. I made an exception to this rule when I was able to see that the witness's current workplace was located in a particular state. For example, as explained above, if a witness indicated that they were located in the "Washington, D.C.-Baltimore Area," but their LinkedIn profile or another reliable open source indicated that their current workplace was in Virginia, I listed that witness as being located in Virginia.

10. Whenever a witness was identified as being currently or formerly employed by Google in one of the disclosures, I did not consider that witness in my analysis. Additionally, I identified two witnesses who now appear to be employed by Google, although they are not identified as current or former Google employees in the Initial Disclosures. I excluded these two witnesses from my analysis as well.

11. Because the Initial Disclosures provided varying levels of detail about witnesses' current employment status and location, the analysis summarized herein necessarily involved a certain amount of estimation and qualitative judgment about the reliability of various internet search results. Additionally, while 32 of 33 Initial Disclosures are dated January 13, 2023, the remaining Initial Disclosure is dated April 23, 2021. For these reasons, this declaration does not purport to provide definitive information about any witness's current location or employment. Rather, it provides good faith estimates based on the methodology described herein.

12.     Additionally, this analysis involved manual review of voluminous data points from the numerous Initial Disclosures; for that reason, the possibility of some limited degree of human tabulation or other error cannot be excluded.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 3, 2023, at Denver, Colorado.

/s/ Aaron Teitelbaum
AARON M. TEITELBAUM
Senior Litigation Counsel
U.S. Department of Justice