IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **UNITED STATES,** *et al.,*<br><br>                        *Plaintiffs*,<br><br>    - against -<br><br>**GOOGLE LLC,**<br><br>                        *Defendant*. | Civil Action No. 1:23-cv-00108 (LMB) (IDD) |

**DEFENDANT GOOGLE LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SEAL LIMITED PERSONAL INFORMATION IN EXHIBIT B TO THE DECLARATION OF TYLER GARRETT IN SUPPORT OF DEFENDANT GOOGLE LLC'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
202-777-4500

*Counsel for Defendant Google LLC*

Pursuant to Local Civil Rule 5, Defendant Google LLC ("Google") respectfully requests that the Court maintain under seal limited personal information contained in Exhibit B to the Declaration of Tyler Garrett in Support of Google's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (the "Garrett Declaration"). Exhibit B to the Garrett Declaration contains narrowly tailored redactions to preserve the privacy interests of current and former Google employees who are non-parties to this litigation.

## BACKGROUND

On February 17, 2023, Google filed its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Motion to Transfer"). In connection with its reply brief, Google is contemporaneously filing the Garrett Declaration in support of the Motion to Transfer. Exhibit B to the Garrett Declaration contains the names of forty-one current or former Google employees identified by the parties in the initial disclosures in *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (S.D.N.Y.) (the "S.D.N.Y. cases"). These names do not appear in the public versions of the relevant complaints,[1] as Judge Castel has ordered this information filed under seal. *See* Order, *In re Google Dig. Advert. Antitrust Litig.*, No. 1:21-md-03010 (S.D.N.Y. Jan. 12, 2022), ECF No. 194. Google respectfully submits that similar limited redactions to these individuals' names are warranted here to protect their privacy interests as non-parties to these proceedings.

---

[1] *See* ECF No. 1; *see also* Third Am. Compl. (State Plaintiffs), *In re Google Dig. Advert. Antitrust Litig.*, No. 1:21-md-03010 (S.D.N.Y. Jan. 14, 2022), ECF No. 195; Consol. Advertiser Class Action Compl., *In re Google Dig. Advert. Antitrust Litig.*, No. 1:21-md-03010 (S.D.N.Y. Dec. 2, 2022), ECF No. 399; Am. Compl. (Newspaper Plaintiffs), *In re Google Dig. Advert. Antitrust Litig.*, No. 1:21-md-03010 (S.D.N.Y. Dec. 2, 2022), ECF No. 401; Am. Compl. (Daily Mail), *In re Google Dig. Advert. Antitrust Litig.*, No. 1:21-md-03010 (S.D.N.Y. Dec. 2, 2022), ECF No. 400; First Am. Consol. Class Action Compl. (Publisher Class), *In re Google Dig. Advert. Antitrust Litig.*, No. 1:21-md-03010 (S.D.N.Y. Dec. 5, 2022), ECF No. 408; Consol. Am. Class Action Compl. (SPX Plaintiffs), *In re Google Dig. Advert. Antitrust Litig.*, No. 1:21-md-03010 (S.D.N.Y. Jan. 13, 2023), ECF No. 433.

**ARGUMENT**

In determining whether to seal or redact documents filed with non-dispositive motions, courts in the Fourth Circuit weigh the interests favoring sealing against the common-law presumption of public access. *Clehm v. BAE Sys., Inc.*, 2017 WL 11367644, at *1 (W.D. Va. Mar. 21, 2017). Substantively, the court may consider "[1] whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; [2] whether release would enhance the public's understanding of an important historical event; and [3] whether the public has already had access to the information contained in the records." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing is appropriate where the court finds a "significant countervailing interest" that outweighs the presumption of public access. *In re Application of the U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 293 (4th Cir. 2013).

Here, Google seeks limited redactions to the names of its current and former employees, who are not parties to this action or the parallel S.D.N.Y. cases. "[T]he personal information of third parties is often subject to protection, given the privacy interests at stake for individuals who are not part of the suit." *Stevens v. Cabarrus Cnty. Bd. of Educ.*, 2022 WL 4620906, at *15 (M.D.N.C. Sept. 30, 2022); *see also Navient Sols., LLC v. L. Offs. of Jeffrey Lohman, P.C.*, 2020 WL 13609408, at *2 (E.D. Va. July 30, 2020) (granting motion to seal exhibits with names of third parties permanently redacted). If this personal information were disclosed publicly, these individuals could be exposed to unwanted and unnecessary attention, solicitation, and harassment. *See Clehm*, 2017 WL 11367644, at *2, *3 (ordering redaction of "employee names and any other identifiers" to "protect the privacy of the referenced employees"). Moreover, sealing is warranted because the names of these individuals—as distinct from their location or anticipated testimony—is "not crucial or even important to the Court's decision" on the Motion to Transfer. *Adjabeng v.*

*GlaxoSmithKlein, LLC*, 2014 WL 459851, at *2 (M.D.N.C. Feb. 5, 2014). Finally, as the initial disclosures have not been filed publicly in the S.D.N.Y. cases, the public has not "already had access" to this information. *Knight Publ'g*, 743 F.2d at 235.

The narrow redactions requested are warranted here. To seal material, the Court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting [the] decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). With this Motion, Google is filing a Notice alerting the public of its request to seal. Following a "reasonable opportunity" for interest parties to object, this filing "satisfies the requirements under the Local Rules and *Ashcraft*." *Navient Sols.*, 2020 WL 13609408, at *1. Sealing is appropriate here to protect the privacy of non-parties to the litigation, *see Clehm*, 2017 WL 11367644, at *2, and the narrow scope of Google's redactions "constitutes the least drastic measure of sealing confidential material," *Navient Sols.*, 2020 WL 13609408, at *2.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court permanently maintain under seal the names of non-parties listed in Exhibit B to the Garrett Declaration.

Dated: March 8, 2023　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ Tyler Garrett
　　　　　　　　　　　　　　　　　　　　　Eric Mahr (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　Tyler Garrett, Virginia Bar No. 94759
　　　　　　　　　　　　　　　　　　　　　FRESHFIELDS BRUCKHAUS
　　　　　　　　　　　　　　　　　　　　　DERINGER US LLP
　　　　　　　　　　　　　　　　　　　　　700 13th Street NW, 10th Floor
　　　　　　　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　　　　　　　Telephone: (202) 777-4500
　　　　　　　　　　　　　　　　　　　　　Facsimile: (202) 777-4555

eric.mahr@freshfields.com
tyler.garrett@freshfields.com

*Counsel for Defendant Google LLC*
