IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00108-LMB-JFA |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT PROPOSED DISCOVERY PLAN[1]

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and the Court's March 24, 2023, Order (Dkt. 69), and after conferring regarding a discovery plan for this case, counsel for the Plaintiffs the United States of America, the Commonwealth of Virginia, and the States of California, Colorado, Connecticut, New Jersey, New York, Rhode Island, and Tennessee, ("Plaintiffs") and counsel for the Defendant, Google LLC ("Google" or "Defendant"), submit this joint report of their meeting and proposed discovery plan. "Party" refers to the Defendant, or all of the Plaintiffs collectively.

1. <u>Conference</u>.  The parties have conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding the conduct of discovery in this case and respectfully propose that the Court adopt the schedule and provisions described below.

2. <u>Initial Disclosures</u>.  The parties will exchange disclosures required by Federal Rule of Civil Procedure 26(a)(1) by <u>April 3, 2023</u>.

3. <u>Joinder of Parties</u>.  Joinder of additional parties will be governed by the applicable Federal Rules of Civil Procedure.

4. <u>Amendment of Pleadings</u>.  Amendment of pleadings will be governed by Federal Rule of Civil Procedure 15.

5. <u>Discovery</u>.

    A.    Discovery shall commence on <u>March 27, 2023</u>.

---

[1] The parties met and conferred on multiple occasions to discuss their joint discovery plan proposals that were previously exchanged via email. While the parties were able to reach consensus on many issues, any matters that could not be resolved have been identified for the Court.

B.      Plaintiffs shall complete production of documents, data, depositions, and correspondence that they received from or exchanged with persons other than Defendant during their pre-complaint investigations by

[**Google's position**: the earlier of fourteen (14) days after entry of a protective order or May 5, 2023.]

[**Plaintiffs' position**: May 5, 2023, per the parties' previous agreement.]

C.      Substantial completion of document production in connection with fact discovery shall be completed by July 7, 2023.

D.      Fact discovery shall conclude on September 8, 2023.

E.      Plaintiffs' initial expert reports shall be due on October 13, 2023.[2]

F.      Defendant's expert reports shall be due on November 17, 2023.

G.      Plaintiffs' rebuttal expert reports shall be due on December 6, 2023.

H.      Expert discovery shall conclude on January 12, 2024.

I.      A pretrial conference shall be held on January 18, 2024.

6.      <u>Limitations on Discovery</u>.

A.      [**Google's position**:  The United States shall be deemed to have possession, custody, and control of all documents, data, and information within the possession, custody, or control of any executive branch agency of the United States.]

[**Plaintiffs' position**:  The United States seeks damages on behalf of the following agencies of the United States and any components thereof: U.S. Census Bureau, Centers for Medicare and Medicaid Services, certain Department of Defense Agencies (U.S. Air Force, U.S. Army, U.S. Navy), the National Highway Traffic Safety Administration, U.S. Postal Service, and U.S. Department of Veterans Affairs (collectively "Federal Agency Advertisers"). These Federal Agency Advertisers will be treated as parties for purposes of discovery in this action. Executive branch agencies of the United States other than the Federal Agency Advertisers shall be deemed non-parties to this action for the purposes of discovery.]

---

[2] The parties understand this sequential order of Plaintiffs' initial expert reports, followed by Google's expert reports, followed by Plaintiffs' rebuttal expert reports, to be in keeping with the Court's March 24, 2023, Order (Dkt. 69).  The parties understand that in order to rebut Google's expert reports, Plaintiffs' rebuttal reports may address topics that were not covered in Plaintiffs' initial expert reports and may, if necessary, be submitted by additional experts who did not submit an initial expert report.

B.      Without leave of Court, Plaintiffs may collectively serve no more than 30 interrogatories on Defendant, and Defendant may serve no more than 30 interrogatories in total on Plaintiffs.  If the same interrogatory is served on multiple Plaintiffs, it shall count as a single interrogatory, regardless of the number of Plaintiffs served.

C.      [**Google's position**: Unless otherwise ordered for good cause shown, Plaintiffs may not serve requests for production of documents under Federal Rule of Civil Procedure 34, other than requests seeking a refresh of documents from the same custodians using the same search terms as applied during the pre-complaint investigation.]

        [**Plaintiffs' position**:  No such provision is necessary or appropriate.]

D.      Upon serving the other party a notice and copy of the subpoena, a party may serve upon any non-party a subpoena of the type described in Federal Rule of Civil Procedure 45(a)(4). Pursuant to 15 U.S.C. § 23, the parties are permitted to issue nationwide discovery and trial subpoenas from this Court. If a party receives documents or data from a non-party as a result of a subpoena, the receiving party will produce the materials received from the non-party to the other party within five (5) business days of receipt of the materials, unless the non-party has already produced the materials to the other party.

E.      Each party agrees to make reasonable efforts to agree on dates, locations, and other arrangements for any depositions convenient to the deponent, counsel, and the parties.

F.      [**Google's position**:  Plaintiffs may not take the deposition of an individual who was deposed in his or her individual capacity during the pre-complaint investigation.]

        [**Plaintiffs' position**:  No such provision is necessary or appropriate.]

G.      Plaintiffs (collectively) and Defendant are each limited to:

        (i)     [**Google's position**:  ten (10) depositions of party fact witnesses;]
                [**Plaintiffs' position**: fifteen (15) depositions of party fact witnesses;]

        (ii)    [**Google's position**:  twenty (20) depositions of non-party fact witnesses; and]
                [**Plaintiffs' position**:  five (5) depositions of non-party fact witnesses; and]

        (iii)   one (1) deposition of each expert offered by the other side.

3

A party may seek leave of Court to depose additional witnesses, for good cause shown, by identifying the particular witnesses by name (or Rule 30(b)(6) categories) and describing the matters on which they have unique knowledge.

The following individuals will be considered party witnesses for purposes of this Discovery Plan: (1) current and former employees of Defendant; and (2) current and former employees of any Federal Agency Advertiser.

[**Google's position**: Current and former employees of executive branch agencies of the United States other than Federal Agency Advertisers will also be considered party witnesses for purposes of this paragraph 6(G).]

[**Plaintiffs' position:** Current and former employees of the Federal Agency Advertisers will be considered party witnesses for purposes of this paragraph 6(G), but current and former employees of any other executive branch agency of the United States will be considered non-party witnesses.]

H.   Each deposition of a party, non-party, or expert witness will be limited to one seven-hour day of actual testimony, unless extended by agreement of the parties and the witness, or order of the Court. For non-parties whom both Plaintiffs and Defendant have noticed for a deposition, deposition time shall be apportioned evenly, with 3.5 hours for Plaintiffs and 3.5 hours for Defendant.  For non-parties noticed only by Defendant or by Plaintiffs, six hours shall be apportioned to the noticing party and one hour to the non-noticing party.

I.   Stipulations on Remote Depositions:

(i)    The parties stipulate that the depositions noticed by either party in this matter may be conducted by remote means, specifically a virtual deposition room.  For purposes of Rules 28, 30, and 37, the deposition will be deemed to take place in the physical location listed in the notice of deposition.  The parties waive any objections to the deposition's validity based on the location of the participants or court reporter.

(ii)   Every deponent shall endeavor to have technology sufficient to appear for a videotaped deposition and bandwidth sufficient to sustain the remote deposition.  Counsel for the deponent shall consult with the deponent prior to the deposition to ensure the deponent has the required technology, including a device with a functional web camera, an internet connection with a minimum 5-megabyte upload and download speed, audio with headphones, and an internet browser.

(iii)  The exhibits shall be shared using the virtual deposition room system or by other electronic means.  The parties may further stipulate to different means of exchanging exhibits.

     (iv)    The court reporter, and videographer if necessary, may be in a different location than the parties.  The parties agree that any deponent shall be sworn by the court reporter through the online system consistent with the Federal Rules of Civil Procedure.

     (v)    The remote depositions shall be recorded by stenographic means (and videographic means if noticed) consistent with the requirements of Federal Rule of Civil Procedure 30(b)(3).

     (vi)    Counsel for each deponent may be in the same location as the deponent or in a different location.  Counsel for the deponent, if in the same room as the witness, will be visible on the same camera as the witness or on their own camera.

     (vii)    The deponents will each remain on video during the entirety of their respective depositions unless the parties take a break.

     (viii)    During testimony, the parties and their counsel will not communicate—orally, electronically, or in writing—with the witness in any way other than through means that may be heard by all participants to the deposition.  For instance, the deponents shall not use their cell phone, iPad, or personal computer, to communicate with others or access social media, review their email or personal files, or access the internet at any time while testifying on the record.

     (ix)    If, while a question is pending, counsel for the deponent wishes to confer with the deponent for the purpose of determining whether a privilege should be asserted, counsel for the deponent shall first notify the other participants by stating on the record the nature of the privilege which counsel intends to confer with the deponent and request that the recording of the remote deposition be paused in order to allow counsel and the deponent to confer.

     (x)    A transcript of a remote deposition may be used at trial to the same extent that a transcript of an in-person deposition may be used at trial.

     (xi)    Beyond these stipulations, the depositions shall be conducted in compliance with the Federal Rules of Civil Procedure.

J.    For good cause shown, the Court may allow witnesses to be deposed for additional time beyond the limit described above if a party produces documents after the deadline for substantial completion of document production and those documents impact the deposition of the witness.  For the avoidance of doubt, the production of documents after the deadline for substantial completion does not alone constitute good cause for allowing a witness to be deposed for additional time or on a second occasion.

K.     The disclosure and discoverability of materials related to expert witnesses will be governed by the parties' proposed Stipulation and Order Concerning Expert Witnesses ("Expert Stipulation") that will be filed with the Court promptly.

8.     <u>Evidentiary Cut-Off Date</u>.

[**Google's position**:  Subject to the exceptions set forth below in Paragraphs 8(A)–(G), at trial no party may rely upon non-public documents, data or information produced by any party or non-party after September 8, 2023 ("Evidentiary Cut-off Date"), absent a stipulation of the parties or order of the Court for good cause shown. The foregoing Evidentiary Cut-Off Date shall not apply to:

A.     [reserved]

B.     Documents or data (including documents or data relied upon by an expert witness in his or her report) produced by any party pursuant to the disclosure deadlines set forth in the Scheduling Order (Dkt. 69) relating to expert discovery or in any other agreement or order relating to the timing of expert witness disclosures.

C.     Documents or data produced for the purpose of complying with an order regarding a motion to compel production of documents in connection with fact discovery.

D.     Affidavits or declarations submitted pursuant to Fed. R. Civ. P. 56(c) based on events having occurred prior to September 8, 2023.

E.     Affidavits or declarations relating solely to the authentication or admissibility of documents, data, or information.

F.     Commercially available data.

G.     Documents, data, or information used solely for the purpose of impeachment.]

[**Plaintiffs' position**:  Subject to the exceptions set forth below in Paragraphs 8(A)–(G), at trial no party may rely upon documents, data or information created or produced by any party or non-party after September 8, 2023 ("Evidentiary Cut-off Date"), absent a stipulation of the parties or order of the Court for good cause shown. The foregoing Evidentiary Cut-Off Date shall not apply to:

A.     Following any finding of liability, expert reports or other material presented in connection with the Court's determination of an appropriate equitable remedy, if any.

B.     Expert reports (including any analysis contained therein, and supporting materials provided in connection therewith) may be relied upon by the parties, <u>provided, however</u> that expert witnesses may not rely on documents, data, or information that was not otherwise produced before the close of fact discovery.

C       Documents or data produced for the purpose of complying with an order regarding a motion to compel production of documents in connection with fact discovery.

D.      Affidavits or declarations submitted pursuant to Fed. R. Civ. P. 56(c) based on events, data, or information dated prior to September 8, 2023.

E.      Affidavits or declarations relating solely to the authentication or admissibility of documents, data, or information.

F.      [reserved]

G.      Documents, data, or information used solely for the purpose of impeachment.]

9.      Issues Regarding Privilege.

A.      Privileged Material and Inadvertent Disclosures—Effect of Disclosure.  Any disclosure of privileged, work product protected, or other protected information is not a waiver in the pending case or in any other federal, state, or administrative proceeding, mediation, or arbitration.  This agreement of the parties and by Order of the Court establishes the parties' intention to retain the confidentiality of all privileged materials pursuant to Federal Rule of Evidence 502, regardless of the circumstances of disclosure, and otherwise afford the maximum protection allowed by Federal Rule of Evidence 502(d) and (e) and analogous law and rules of any other state or court.  If such documents are identified, the receiving party will cease review of the inadvertent production, promptly return such documents to the disclosing party and destroy all copies of the material and provide, within seven (7) days, the disclosing party with written notice that such material has been destroyed. If a dispute arises concerning a claim of privilege for any material, the material shall not be used for any purpose until the dispute is resolved by the Court.

B.      Privileged Communications Between Counsel, or Between Parties and Their Counsel. The parties agree that they shall not seek discovery of documents (a) that are privileged because they are sent solely between outside counsel for either party, or (b) that are privileged because they are sent between a party's in-house counsel and that party's outside counsel.  If any discovery request is susceptible of a construction that calls for the production of such documents, those documents need not be produced or identified on any privilege log.

C.      Privilege Log: The preparation of privilege logs will be governed by a separate order pertaining to Electronically Stored Information ("ESI").

10.     Preservation and Retention of Documents.

The parties are aware of their obligation to preserve information relevant to this litigation (including electronically stored information), and have taken or will take reasonable and proportional steps to preserve such information. The parties will also abide by any additional preservation obligations imposed by any additional orders entered by the Court regarding electronically stored information.

11. <u>Protective Orders</u>.

Production of confidential documents will be necessary in this case.  The parties have conferred in good faith on the terms of a draft protective order and plan to file a joint motion for a protective order promptly.

12. <u>Electronically Stored Information</u>.

The parties have conferred in good faith and plan to file promptly an agreed-upon protocol for the production of ESI and documents.

13. <u>Service of Pleadings, Motions, Other Papers, and Discovery Requests and Responses</u>.

All pleadings, motions, and other papers that are filed are to be served electronically as provided by the Federal Rules and local rules.  In addition, the parties agree that they will serve by email or electronic means all discovery notices, requests, and written responses and any other papers that are not filed unless doing so is not technically feasible, in which case those documents will be served via overnight delivery.  The parties agree that the preceding sentence shall not apply to the service of expert reports and accompanying backup materials, which shall be addressed in the Expert Stipulation that will be filed with the Court promptly.  Plaintiffs agree that service may be effected on any Federal Agency Advertiser by service on counsel of record for the United States as provided by this paragraph.

[**Google's position**:  Service on any executive branch agency of the United States that is not a Federal Agency Advertiser may be effected by service on counsel of record for the United States as provided by this paragraph.]

[**Plaintiffs' position**:  Service on any agency of the United States that is not a Federal Agency Advertiser must be effected by service in accordance with applicable state and federal law.]

14. <u>Trial</u>.

Plaintiffs request a jury trial before the district judge.  The parties do not consent to the exercise of jurisdiction by a United States Magistrate Judge for trial.

15. <u>Possibilities for Settlement</u>.

The parties do not request a settlement conference at this time.

16. <u>Modification</u>.

Any party may seek modification of this order upon duly noticed motion, for good cause shown.

Respectfully submitted,

FOR THE UNITED STATES:

JESSICA D. ABER
United States Attorney

/s/ Gerard Mene
GERARD MENE
Assistant U.S. Attorney
Jamieson Avenue
Alexandria, VA 22046
Telephone: (703) 299-3777
Facsimile: (703) 299-3983
Email: Gerard.Mene@usdoj.gov

/s/ Julia Tarver Wood
JULIA TARVER WOOD
/s/ Aaron M. Teitelbaum
AARON M. TEITELBAUM
   *Senior Litigation Counsel*

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077
Fax: (202) 616-8544
Email: Julia.Tarver.Wood@usdoj.gov

FOR DEFENDANT GOOGLE LLC:

*/s/ Craig C. Reilly*
CRAIG C. REILLY (VSB # 20942)
209 Madison Street
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
Email: craig.reilly@ccreillylaw.com

Eric Mahr (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
Email: eric.mahr@freshfields.com

FOR THE PLAINTIFF STATES:

JASON S. MIYARES
Attorney General of Virginia

/s/ Andrew N. Ferguson
ANDREW N. FERGUSON
Solicitor General
STEVEN G. POPPS
Deputy Attorney General
TYLER T. HENRY
Assistant Attorney General

Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219
Telephone: (804) 692-0485
Facsimile: (804) 786-0122
Email: thenry@oag.state.va.us

Attorneys for the Commonwealth of Virginia and local counsel for the States of California,
Colorado, Connecticut, New Jersey, New York, Rhode Island, and Tennessee