IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, *et al.*,         )<br>                    *Plaintiffs*,         )<br>                                         )<br>v.                                      )         No. 1:23-cv-00108-LMB-JFA<br>                                         )<br>GOOGLE LLC,                    )<br>                    *Defendant*.        )  | |

**PLAINTIFF UNITED STATES' BRIEF REGARDING
THE SCOPE OF FEDERAL AGENCY DISCOVERY
IN THE PARTIES' JOINT PROPOSED DISCOVERY PLAN**

The United States respectfully submits this brief regarding the position taken by Defendant ("Google") in Paragraph 6(A) of the parties' Joint Proposed Discovery Plan (ECF No. 87). Specifically, Google asks this Court to make an unprecedented ruling that the United States, as a plaintiff, "shall be deemed to have possession, custody, and control of all documents, data, and information within the possession, custody, or control of *any executive branch agency* of the United States." *Id.* at 2 (emphasis added). The United States is not aware of any court that has ever accepted such an overbroad, untenable reading of the government's Rule 34 obligations. Courts considering the issue have consistently held that "possession, custody, or control" in the party discovery context narrowly means the control of the prosecutors on the case and any agencies jointly participating in, or contributing to, the investigation or prosecution of the case.

For the reasons that follow, the government respectfully submits that its party discovery obligations should extend only to those agencies on whose behalf it seeks damages, which are noted in Paragraph 6(A) of the Joint Proposed Discovery Plan as: the U.S. Census Bureau, Centers for Medicare and Medicaid Services, certain Department of Defense Agencies (U.S. Air Force, U.S. Army, U.S. Navy), the National Highway Traffic Safety Administration, the U.S.

1

Postal Service, and the U.S. Department of Veterans Affairs. The United States does not seek damages on behalf of the entire federal government writ large, and for that reason, if Google seeks, for its own purposes, to obtain discovery from other federal agencies on whose behalf the United States is not seeking damages, it should do so through standards means of non-party discovery.

*Relevant Law.*  In civil cases brought by the United States as a plaintiff, courts have made clear that discovery served on "the 'United States' as a party" must be limited only to "agencies which are engaged in a joint effort with the DOJ, or when the other agency is so closely aligned with the Justice Department as to be part of the prosecuting team or has contributed significantly to the investigation or prosecution of the case." *United States v. UBS Secs. LLC*, 2020 WL 7062789, at *4 (E.D.N.Y. Nov. 30, 2020) (internal quotation marks omitted) (citing *Deane v. Dynasplint Sys., Inc.*, 2015 WL 1638022, at *4 (E.D. La. Apr. 13, 2015) (holding in civil False Claims Act case, that "[g]enerally, in cases conducted principally by attorneys of the United States Justice Department, government possession, custody, or control extends to materials in the possession of a federal agency other than [DOJ] when [DOJ] is engaged in a joint effort with that other agency or when the other agency is so closely aligned with [DOJ] as to be part of the prosecuting government team or has contributed significantly to the investigation or prosecution of the case")). Thus, government "possession, custody, or control" of documents extends only to materials in the possession of the prosecutor in a particular case or governmental agencies jointly involved in the case and not, as Google improperly suggests, the "government" as a whole.[1]

---

[1] Cases in other contexts are overwhelmingly in accord. *See, e.g., United States v. Finnerty*, 411 F. Supp. 2d 428, 432 (S.D.N.Y. 2006) (defining the government as encompassing "government

Despite Google's reliance on *United States v. AT&T*, 461 F. Supp. 1314 (D.D.C. 1978) in its own briefing to the Court, *see* ECF No. 89, at 4, *AT&T* does not support Google's claim for relief. There, in a "unique" case expressly limited to "these peculiar facts" and "this specific action," the court rejected the government's position that the "United States" as a plaintiff may be limited only to the Department of Justice and no other federal agency. *Id.* at 1334. However, no reasonable reading of *AT&T* supports Google's sweeping assertion that the *entire* executive branch should be subject to party discovery in a case brought by the United States. Rather *AT&T* merely provides that the "United States, having filed the action, *cannot claim to merely be the Department of Justice*." *Id.* at 1334 (emphasis added). The *AT&T* court did not, as Google incorrectly suggests, hold that *all* non-independent executive branch agencies are subject to party discovery as a general matter whenever the United States is a named party to litigation. *See* ECF No. 89 at 4. Instead, *AT&T* implicitly acknowledged limitations on government discovery, making clear in its opinion that the only reason certain agencies were subject to discovery in *AT&T* was because the specific allegations in the government's action there related to the specific agencies against whom discovery was sought. *Id.* at 1334. Moreover, the *AT&T* holding dates from an era in which modern Rule 26 limits on the scope of discovery did not exist, and the court in that case was operating under the then-accepted position that "actual discovery must be expected to be somewhat of a 'fishing expedition.'" 461 F. Supp. at 1341.

---

agenc[ies] so closely aligned with the prosecution so [ ] as to be considered part of the prosecution team"); *United States v. Volpe*, 42 F. Supp. 2d 204, 221 (E.D.N.Y. 1999) ("Courts have construed the term 'government' in this rule narrowly to mean the prosecutors in the particular case or the governmental agencies jointly involved in the prosecution of the defendant, and not the 'government' in general."); *United States v. Upton*, 856 F. Supp. 727, 749-50 (E.D.N.Y. 1994) (the government was not required to produce material from agency outside of United States Attorney's Office because there was no "joint investigation").

The cases that Google cites as reaching "similar holdings," ECF No. 89 at 4, in fact support the government's position. In *North Dakota v. United States*, 2021 WL 6278456, at *3 (D.N.D. Mar. 24, 2021), a Federal Tort Claims Act case where the United States was a defendant, the district court permitted the plaintiff to obtain discovery from *certain* agencies only where that discovery was tied to a specific allegation in the plaintiff's complaint that "several federal agencies" had encouraged dangerous and unlawful conduct on federal lands. In *UBS*, the court held that UBS was entitled to discovery from HUD and Treasury on the specific basis that those agencies were part of a working group that had a close relationship with DOJ in combating financial fraud. 2020 WL 7062789, at *5. And in *United States v. Atrium Village Assocs.*, 1988 WL 2778, at *1 (N.D. Ill. Jan. 12, 1988), the court again limited the scope of discovery to specific agencies that bore a direct relationship to the allegations in the complaint.

***Google's Position Is Overbroad and Violates the Standard for Discovery Against the United States.*** Here, unlike in *AT&T*, the United States has *not* taken the position that party discovery be limited only to the Department of Justice. Instead, because the United States specifically "seeks damages on behalf of . . . U.S. Census Bureau, Centers for Medicare and Medicaid Services, certain Department of Defense Agencies (U.S. Air Force, U.S. Army, U.S. Navy), the National Highway Traffic Safety Administration, U.S. Postal Service, and U.S. Department of Veterans Affairs," its position is that party discovery in this case should be limited to those "core" agencies, because those are the only agencies engaged in the joint prosecution of this case. ECF No. 87 at 2. This position, which sets prudent limits on federal agency discovery while enabling Google to seek relevant documents within a reasonable scope, avoids the untenable alternative of delving into reasonableness and burden on an agency-by-agency basis and permitting the abuse of the discovery process that the *AT&T* court noted should

not reasonably follow from the holding in that case. *See AT&T*, 461 F. Supp. at 1334 (noting the limited application of the holding to the particular facts of that unique case to allay fears that it "might encourage other litigants in other cases to rummage through the files of the entire government").

It is also consistent with the proportionality requirements set forth in Fed. R. Civ. P. 26(b), which, as noted above, was not controlling law at the time of the *AT&T* decision. Google's attempts to seek discovery beyond the "core" agencies on whose behalf the United States seeks damages and instead to impose party discovery obligations onto all of the *434* federal agencies of the federal government plainly violates established standards for reasonable and proportional discovery. The position set forth by Google in its brief to this Court relies exactly on that "monolithic view of government" that courts have traditionally rejected as subjecting government enforcement actions to a "state of paralysis" due to untenable discovery burdens. *See United States v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998).

Google appears to argue that even though the United States is seeking damages on behalf of a specifically demarcated subset of federal agencies, the fact that the United States has "reserved the right to seek damages on behalf of additional agencies" means that this Court should adopt a prophylactic, infinitely expansive rule permitting party discovery from *every* federal agency. ECF No. 89 at 5. Google offers no precedent to support that proposition. The United States has made clear to Google that it would only seek damages on behalf of additional federal agencies in the event that Google obtained the dismissal of the damages claim of any one of the current federal agencies on whose behalf the United States seeks damages. In that unlikely scenario, the United States would not oppose Google's request for discovery regarding those agencies.

Relatedly, Google's claim that it should have unfettered party discovery from all 434 federal agencies merely because the United States could have "cherry-picked those particular agencies because they are the most supportive of their case," *id.*, should likewise be rejected. Plaintiffs are entitled to pursue their claims how they see fit, and the fact that Plaintiffs selected particular agencies on whose behalf to pursue monetary damages does not permit Google the power to obtain *party* discovery to use as a fishing expedition into *other* agencies on whose behalf the United States is *not* seeking damages.[2] Google is always within its rights to pursue such agencies using any discovery tools available for non-party witnesses. Indeed, Google has already served third party subpoenas on multiple federal agencies in this case. For those reasons, an order limiting the scope of party discovery to core agencies supporting the United States' claim for damages would not in any way prejudice Google's ability to support its defenses.

It is worth noting that in its initial sets of Requests for Production and Interrogatories to the United States, Google takes the position that every single executive branch agency that has purchased *any* open web display advertising (even if not from Google) is under an obligation to respond to these discovery requests: a slightly different proposition than the one it advanced before the court in its brief.  *See* Google LLC's First Set of Requests for Production to the United States, attached hereto as <u>Exhibit A</u>; Google LLC's First Set of Interrogatories to the United States, attached hereto as <u>Exhibit B</u>.  Even assuming this position applies specifically to these particular discovery requests, it is improper and enormously overbroad under the law.  As discussed above, the United States is presently seeking damages only on behalf of six identified agencies (one of which has three subcomponents).  Google's position would improperly subject

---

[2] Plaintiffs "are the masters of their complaints." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013).

to party discovery agencies that (i) are not engaged in a "prosecuting team" or "joint effort" with the DOJ to prosecute this case; and (ii) are not entities that have within their "possession, custody, or control" any relevant documents pertaining to damages sought. If the bare fact that a government agency purchases open web display advertising were sufficient to subject it to party discovery, any participant in the relevant market of any antitrust case would be considered a party. Respectfully, that cannot be right.

Dated: March 30, 2023

Respectfully submitted,

JESSICA D. ABER
United States Attorney

/s/ Gerard Mene
GERARD MENE
Assistant U.S. Attorney
Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3777
Facsimile: (703) 299-3983
Email: Gerard.Mene@usdoj.gov

/s/ Julia Tarver Wood
JULIA TARVER WOOD
   *Senior Litigation Counsel*

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077
Fax: (202) 616-8544
Email: Julia.Tarver.Wood@usdoj.gov

Attorneys for the United States