IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.<br><br>　　　　Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | Civil Action No.:  1:23-CV-00108-LMB-JFA |

.

## PROTECTIVE ORDER

In the interests of: (i) ensuring efficient and prompt resolution of this Action; (ii) facilitating discovery by the Parties litigating this Action; and (iii) protecting certain information from improper disclosure or use, the Court enters the following Protective Order, as defined below in Paragraph 1(a).   Unless otherwise specified, days will be computed according to Federal Rule of Civil Procedure 6(a).

The Court, upon good cause shown and pursuant to Fed. R. Civ. P. 26(c)(1), ORDERS as follows:

### Definitions

1.  As used herein:

(a)      "Action" means the action filed in this Court under the caption *United States, et al. v. Google LLC*, 1:23-cv-00108-LMB-JFA, as well as any additional actions subsequently transferred and/or centralized with this Action, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.  For the avoidance of doubt, "Action" excludes pre-

Complaint investigations by one or more Plaintiffs into potential anticompetitive conduct by the Defendant.

(b)  "Confidential Information" or "Confidential" means information (regardless of how it is generated, stored or maintained) or tangible things that constitute a trade secret or other non-public confidential financial, technical, research, sales, marketing, development, or commercial information and that have been so designated, or any Document, transcript, or other material containing such information that has not been published or otherwise made publicly available.[1] In addition, a Designating Party may designate as Confidential any information or items made publicly available in violation of a court order to keep such information confidential, that the Designating Party believes should receive Confidential treatment. Confidential Information includes (i) information copied or extracted, summarized or compiled from Confidential Information, and (ii) testimony, conversations, or presentations by Parties or their Counsel that reveal Confidential Information.

(c)  "Competitive Decision-Making" means the action or process of making a business decision or resolving a non-legal question relating to a competitor, potential competitor, customer, or distribution partner regarding contracts, marketing, pricing, product, service development or design, product, or service offering, research and development, mergers and acquisitions, or licensing, acquisition, funding, or enforcement of intellectual property. It does not include legal advice provided in connection with litigation, potential litigation, or regulatory matters, nor does it include work performed as part of a trial team or to keep

---

[1] For the avoidance of doubt, the Receiving Party's belief that material designated as Confidential does not meet this standard shall not deprive such material of the protections afforded to Confidential Information. Any challenge to a designation is subject to Paragraph 13.

management advised on the progress or status of litigation, potential litigation, or regulatory matters.

(d)     "Defendant" means Google LLC, as well as its parents, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents (including counsel), and representatives of the foregoing.

(e)     "Disclosed" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

(f)     "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

(g)     "Highly Confidential Information" or "Highly Confidential," as defined herein, is information that, if disclosed publicly or to a Party, is likely to cause the Producing Party material and significant competitive or commercial harm, and that has been so designated.[2] Subject to the foregoing, Highly Confidential Information may include trade secrets, including algorithms and Source Code; non-public, commercially sensitive customer lists; non-public financial, marketing, or strategic business planning information; current or future non-public information regarding prices, costs, or margins; information relating to research, development testing of, or plans for existing or proposed future products; evaluation of the strengths and vulnerabilities of a Protected Person's product offerings, including non-public pricing and cost information; confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions); information relating to pending or abandoned patent applications that have not been made available to the public; personnel files;

---

[2] For the avoidance of doubt, the Receiving Party's belief that material designated as Highly Confidential does not meet this standard shall not deprive such material of the protections afforded to Highly Confidential Information. Any challenge to a designation is subject to Paragraph 13.

sensitive personally identifiable information; and communications that disclose any Highly Confidential Information. Highly Confidential Information includes (i) information copied or extracted, summarized or compiled from Highly Confidential Information, and (ii) testimony, conversations, or presentations by Parties or their Counsel that would reveal Highly Confidential Information. A Designating Party may designate as Highly Confidential any information or items made publicly available in violation of a court order to keep such information confidential, that the Designating Party believes should receive Highly Confidential treatment. In addition, if a Protected Person (i) has produced Investigation Materials or (ii) is required by subpoena or court order to produce information that would cause it material and significant competitive or commercial harm, but that information does not specifically fall into one of the categories of information listed in this paragraph, upon a compelling showing, it may seek a court order that such information is Highly Confidential. If a motion is made pursuant to this paragraph and is related to a subpoena or court order, it must be filed no later than the due date to respond to the subpoena or court order. If a Protected Person seeks additional protection pursuant to this paragraph from the Court, the materials for which additional protection has been sought will not be provided to other Persons, aside from outside counsel, until the Court has ruled.

(h)     "In-House Counsel" means any lawyer employed by the Defendant as well as any paralegals, administrative assistants, and clerical and administrative personnel supervised by that lawyer and employed by the Defendant.  In-House Counsel, however, does not include: 1) attorneys employed by the Plaintiffs; or 2) Outside Counsel.

(i)     "Investigation" means any pre-complaint inquiry by one or more Plaintiffs into potential anticompetitive conduct by the Defendant related to open web display advertising.

(j)     "Investigation Material" means non-privileged documents, testimony or other materials that: (i) any Non-Party provided to any Party, either voluntarily or under compulsory process, relating to the Investigation; (ii) constitute any communication between any Party and any Non-Party in connection with and during the Investigation; (iii) any Party provided to any Non-Party relating to the Investigation; and/or (iv) a Defendant, or affiliated person or entity, provided to a Plaintiff relating to the Investigation. For the avoidance of doubt, the Investigation Materials are governed by the terms of this Order. To the extent that any Investigation Materials are clawed back for any reason, the procedures set forth at Paragraph 12 of this Order shall apply and, as to Plaintiffs, such procedures will supersede any other applicable clawback procedures governing the Investigation Materials.  Investigation Materials shall be designated as Highly Confidential by default.

(k)     "Litigation Materials" means non-privileged documents, testimony, or other materials that: (i) any Non-Party provides to any Party, either voluntarily or under compulsory process, in connection with and during the pendency of the Action; (ii) constitute any communication between any Party and any Non-Party in connection with and during the pendency of the Action; (iii) Defendant provides to any Plaintiff in connection with and during the pendency of any of the Action; (iv) any Plaintiff provides to Defendant in connection with and during the pendency of the Action; (v)  the Department of Justice provides to any federal governmental agency in connection with and during the pendency of this Action; and/or (vi) any federal governmental agency provides to the Department of Justice in connection with and during the pendency of this Action.

(l)     "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party in the Action.

(m) "Outside Counsel" means the attorneys employed by outside law firms who are retained to represent or advise a Party, as well as any paralegals, administrative assistants, and clerical and administrative personnel supervised by those lawyers and employed by those Outside Counsel. To the extent any Outside Counsel has not filed an appearance in the Action ("Non-Appearing Law Firm"), a Party shall notify the other Parties of the name of the Non-Appearing Law Firm at least seven days before any attorneys of the Non-Appearing Law Firm obtain access to any Investigation Materials and/or Litigation Materials. Attorneys of the Non-Appearing Law Firm who are given access to Investigation Material and/or Litigation Material, shall first complete and execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Order in the form of Appendix A attached hereto.

(n) "Party" means any Plaintiff or Defendant in the Action, and in the case of each State Plaintiff, means the Attorney General's Office of such State Plaintiff. "Parties" collectively means all Plaintiffs and Defendant in the Action.[3]

(o) "Plaintiffs" means the Plaintiffs in the Action, including all of their employees, agents, and representatives.

(p) "Plaintiffs' Counsel" includes: (i) any employee of the Antitrust Division of the U.S. Department of Justice who is assigned to work on this Action and/or any employee of the U.S. Department of Justice who is responsible for supervising work related to this Action; and (ii) any employee of a State Plaintiffs' Attorney General's Office (including retained attorneys and contract attorneys). For the avoidance of doubt, "employee" as used in this sub-paragraph

---

[3] For purposes of this Protective Order, the term "Party" shall be construed in a manner consistent with the Court's ruling on the Joint Proposed Discovery Plan. Dkt. 94.

includes, but is not limited to, attorneys, paralegals, economists, administrative assistants, IT and support staff, and clerical and administrative personnel;

(q)     "Person" means any natural person, corporate entity, business entity, partnership, association, joint venture, governmental entity, or trust.

(r)     "Producing Party" means a Party who produced or produces Investigation Material, Litigation Material, or Source Code.

(s)     "Protected Person" means any Person (including a Party or a Non-Party) that either voluntarily or under compulsory process, has provided or provides: (i) Investigation Materials, (ii) Litigation Materials; or (iii) Source Code.

(t)     "Receiving Party" means a Party who received Investigation Material, Litigation Material, or Source Code.

(u)     "Source Code" means extremely sensitive information or items representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. To the extent production of Source Code becomes necessary in this case, a Party who produces Source Code may designate it as "Highly Confidential - Source Code." The protocols for Defendant's production of Source Code, and the review of such Source Code, appear in Appendix C to this Order.

(v)     "State Plaintiffs" means the States of California, Colorado, Connecticut, New Jersey, New York, Rhode Island, and Tennessee, and the Commonwealth of Virginia, and any other state that joins the Action, by and through their respective Attorneys General.

(w)    "State Plaintiffs' Counsel" means attorneys employed by the State Plaintiffs' Attorney General's Office (including retained attorneys and contract attorneys).

### *Designation of Highly Confidential Information and Confidential Information*

2.   Within two business days of the Court's entry of this Order, each Party shall send by email, facsimile, or overnight delivery a copy of this Order to any Non-Party Protected Person (or, if represented by counsel, the Non-Party Protected Person's counsel) that provided Investigation Materials to that Party.

3.   **Production of Investigation Materials Originating from a Non-Party.**  If a non-Party Protected Person determines that this Order does not adequately protect its Confidential Information, it may, within seven days after receipt of a copy of this Order, seek additional protection from the Court for its Confidential information. If a non-Party Protected Person timely seeks additional protection from the Court, the Party's obligation to produce that non-Party Protected Person's documents containing Confidential Information, that is the subject of the motion, is suspended until a decision is rendered by the Court. If the Court orders the production of the non-Party's documents, the Party will have seven days to make the production unless a longer period is ordered by the Court.

4.   **Designation of Investigation Materials as Confidential or Highly Confidential by Protected Persons.** To the extent a Protected Person has already designated Investigation Materials as Confidential or Highly Confidential, those materials shall retain those existing designations, subject to any later challenge by a Party. To the extent that Investigation Materials are reproduced in the Action, all protections afforded to Litigation Materials pursuant to this Order shall apply.

5. The identity of a Non-Party submitting Highly Confidential Information or Confidential Information shall also be treated as Highly Confidential Information or Confidential Information for the purposes of this Order where the submitter has requested such confidential treatment.

6. Any production of documents or testimony not designated as Confidential or Highly Confidential Information will not be deemed a waiver of any future claim of confidentiality concerning such information if it is subsequently designated as Confidential or Highly Confidential Information. If at any time before trial of this Action, a Protected Person realizes that it should have designated as Confidential or Highly Confidential Information any Investigation Materials, Litigation Materials, or Source Code that Person previously produced, it may so designate such Documents, testimony, or other materials by notifying the Parties in writing, and, to the extent the new designations relate to Documents, an overlay file with the new designations shall also be provided in accordance with Paragraph 7(g). The Parties shall thereafter treat the Investigation Materials, Litigation Materials, or Source Code pursuant to the Protected Person's new designation under the terms of this Order. However, the disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any such subsequent confidentiality designation.

7. **Designation of Litigation Materials as Highly Confidential or Confidential by Protected Persons.** The following procedures govern the process for Protected Persons to designate as Highly Confidential or Confidential any information that they disclose in this Action, including, but not limited to, information in response to requests under Fed. R. Civ. P. 30, 31, 33, 36, and 45, and Documents disclosed in response to Fed. R. Civ. P. 33(d), 34(b)(2) and (c), or 45:

(a)     Indiscriminate designations are prohibited.

(b)	**Testimony.** All transcripts of depositions taken in the Action after entry of this Order will be treated as Highly Confidential Information in their entirety for 45 days after the date of the deposition, or until 5 days before trial, whichever date is earlier. Parties will be responsible for obtaining the deposition transcript for any Party deponents. For Non-Party deponents, if requested by the Non-Party deponent, the Party who noticed the deposition shall, within 5 business days of being provided a final transcript (subject to any errata) of the deposition (or as soon as reasonably possible after the request is made), provide the final transcript (subject to any errata) to the Non-Party deponent (or the Non-Party deponent's counsel, if applicable).

Within 45 days following the date of the deposition, the deponent, whether a Non-Party or a Party, may designate, subject to the provisions of this Order, Highly Confidential Information or Confidential Information any portion of the deposition transcript, by page(s) and line(s), and any deposition exhibits provided by the deponent or the deponent's employer or its affiliates, or containing the Highly Confidential Information or Confidential Information of the deponent or the deponent's employer or its affiliates (regardless of who provided or produced the Document). To be effective, such designations must be provided in writing to all Parties. All transcripts of depositions taken in this Action after entry of this Order will be treated as Highly Confidential Information in their entirety until the deadline for the deponent to designate portions of the transcript as Highly Confidential Information has expired. Further, to the extent that a Party's Highly Confidential or Confidential Documents were utilized in the deposition, that Producing Party also has 45 days following the date of the deposition to designate any portion of the deposition testimony as Highly Confidential or Confidential to the extent the deposition testimony discloses or relates to Highly Confidential or Confidential Documents used

at the deposition. To be effective, such designations must be provided in writing to all Parties' counsel.

When a Party is entitled under this Order to question a deponent about a Document or information that has been designated by a Non-Party as Highly Confidential or Confidential, and such Non-Party is not in attendance at the deposition, the Party that asked such questions shall designate as Highly Confidential or Confidential the portion of the transcript relating to such Highly Confidential or Confidential Document or information within 45 days following the date of the deposition.

(c) **Documents.** A Protected Person who designates as Highly Confidential Information any Document that it produced in this Action must stamp or otherwise mark each Document containing said information with the designation "HIGHLY CONFIDENTIAL" in a manner that will not interfere with legibility, including page numbering, or audibility unless such Document is produced in native electronic format. A Protected Person who designates as Confidential Information any Document that it produced in this Action must stamp or otherwise mark each Document containing said information with the designation "CONFIDENTIAL" in a manner that will not interfere with legibility, including page numbering, or audibility. Any Document that contains Confidential Information or Highly Confidential Information may be so designated in its entirety. To the extent a Document is produced in native form, such Documents shall be produced in accordance with Paragraph 7(d) below.

(d) **Electronic Documents and Data.** Where a Protected Person produces Confidential or Highly Confidential Information contained in electronic files and Documents in native electronic format, such electronic files and Documents shall be designated by the Protected Person for protection under this Order by appending to the file names or designators'

information indicating whether the file contains Highly Confidential Information or Confidential Information, or by any other reasonable method for appropriately designating such information produced in electronic format, including by including a slip sheet associated with the electronic file or by making such designations in reasonably accessible metadata associated with the files. Where Highly Confidential Information or Confidential Information is produced in electronic format on a disk or other medium that contains exclusively confidential information, the "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" designation may be placed on the disk or other medium. When electronic files or Documents in native form are printed for use at a deposition, in a court proceeding, or for provision in printed form to any person who may receive such files in accordance with this Order, the Party printing the electronic files or Documents shall include the slip sheet identifying the electronic file or Document as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" along with the production number or Bates number and designation associated with the native file, or shall affix a legend to the printed Document saying "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" and include the production number or Bates number and designation associated with the native file.

(e)     **Upward Designation of Litigation Materials Produced by Other Parties or Non-Parties.**  A Protected Person may upward designate (i.e., change any Litigation Materials produced without a designation to a designation of "Confidential" or "Highly Confidential" or designate any Litigation Materials produced as "Confidential" to a designation of "Highly Confidential") any Litigation Materials produced by another Protected Person, provided that said Litigation Materials contains the upward designating Protected Person's own Confidential Information or Highly Confidential Information.

(f)     Upward designation shall be accomplished by providing written notice to the Parties and the relevant disclosing Protected Person identifying the Litigation Materials to be re-designated within 120 days from the date of the production containing the materials the Protected Person seeks to upwardly designate, or 30 days prior to trial in the Action, whichever is earlier. Such notice must identify (by Bates number, or in the event there is no Bates number, by other individually identifiable information) each Document the Protected Person wishes to upward designate, and include an explanation as to why the Protected Person wishes to upward designate such Documents, and why the existing confidentiality designation is insufficient. The Protected Person shall also provide an overlay file reflecting the new designations in accordance with Paragraph 7(g). Failure to upward designate within 120 days, alone, will not prevent a Protected Person from obtaining the agreement of the disclosing Protected Person to upward designate certain Litigation Materials or from moving the Court for such relief. Any Party may object to the upward designation of Litigation Materials pursuant to the procedures set forth in Paragraph 13 regarding challenging designations.

(g)     **Overlay Files.** To the extent this Order requires a Protected Person to provide an overlay file in connection with a new or altered confidentiality designation, that Protected Person shall have five business days from the date of the changed designation to produce an overlay file. In the interim, the Parties shall take care to treat the Documents at issue as if the new designation applies. For the avoidance of doubt, a Party does not violate this provision where it in good faith attempts to comply with the new designation.

8.   In the event that a Party is required to produce Documents designated by a Non-Party as Confidential or Highly Confidential Information, then the Party shall:

(a)     promptly notify in writing the Party seeking the Highly Confidential Information or Confidential Information that some or all of the information requested is subject to a protective order;

(b)     promptly notify the Non-Party that its Highly Confidential Information or Confidential Information is being requested and make the information requested available for inspection by the Non-Party or Party; and

(c)     promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested.

The purpose of this provision is to alert a Party to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

9.   If the Non-Party or Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Non-Party or Party's Highly Confidential Information or Confidential Information responsive to the discovery request may be produced. If the Non-Party or Party timely seeks a protective order, its Highly Confidential Information or Confidential Information shall not be produced before a determination by the Court. Absent an order to the contrary, the Non-Party or Party shall bear the burden and expense of seeking protection in this Court of its Highly Confidential Information or Confidential Information. The terms of this Order are applicable to information produced by a Non-Party or Party in the Action and designated as Highly Confidential Information or Confidential Information. Such information produced by Non-Parties or Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party or Party from seeking additional protections.

10. **Unauthorized disclosure of Confidential Information, Highly Confidential Information, or Highly Confidential - Source Code.** In the event of a disclosure of any Confidential Information, Highly Confidential Information, or Highly Confidential - Source Code to any person(s) not authorized to receive such disclosure under this Order, the Party who discovers such unauthorized disclosure shall: (a) promptly notify the Protected Person whose material has been disclosed and provide to such Protected Person all known relevant information concerning the nature and circumstances of the disclosure. If it is readily discernible which Party is responsible for the disclosure, the disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed material and to ensure that no further unauthorized disclosure and/or use thereof is made; (b) inform the Person(s) to whom unauthorized disclosure was made of all the terms of this Order; and (c) request such Person(s) execute the Agreement Concerning Confidentiality in the form of Appendix A attached hereto. If it is not readily discernible which Party is responsible for the disclosure, the Parties shall work together to: (a) promptly take all reasonable measures to retrieve the improperly disclosed material and to ensure that no further unauthorized disclosure and/or use thereof is made; (b) inform the Person(s) to whom unauthorized disclosure was made of all the terms of this Order, and (c) request such Person(s) execute the Agreement Concerning Confidentiality in the form of Appendix A attached hereto.

11. Unauthorized or inadvertent disclosure shall not change the confidential status of any disclosed material or waive the Producing Party's right to maintain the disclosed material as containing Confidential Information, Highly Confidential Information, or Highly Confidential - Source Code.

### *Privileged Investigation Materials and Litigation Materials*

12. (a)    The production of privileged or work-product protected Documents, electronically stored information ("ESI"), or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Federal Rule of Evidence 502(b) shall not apply to any disputes regarding Investigation Material or Litigation Material.

(b)    Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of Documents, ESI (including metadata), or information for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

(c)    If the Producing Party becomes aware that it has produced information protected by the attorney-client privilege or any other privilege or immunity, the Producing Party will promptly notify each Receiving Party in writing of the production and the basis of the privilege being asserted. After being notified, a Party must promptly return, sequester,[4] or destroy the specified information and any copies or summaries of the information that it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim in camera. Any challenge to a claim of privilege contemplated by this Paragraph must be made promptly.  The Producing Party must preserve the information until the claim is resolved.

---

[4] For the avoidance of doubt, sequestration prohibits the Party in possession from further review of the material once a claim of privilege is made except as otherwise provided in this Paragraph.

(d)    If a Receiving Party becomes aware that it is in receipt of information or material that it knows or reasonably should know is privileged, counsel for the Receiving Party shall immediately take steps to: (i) stop reading such information or material; (ii) notify counsel for the Producing Party of such information or material; (iii) collect all copies of such information and material; and (iv) return to the Producing Party and/or destroy such information or material (and, in the case of destruction, certify that fact to the Producing Party if requested to do so). Any notes or summaries referring or relating to such material shall be destroyed simultaneously therewith.

(e) This Order is without prejudice to any Protected Person's right to assert that any Investigation Materials or Litigation Materials are subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege and the work-product doctrine, and it is without prejudice to any Party's right to contest such a claim of privilege or protection.

<h3 align="center">*Objections to Confidentiality Designations*</h3>

13. Any Party who objects to any confidentiality designation, or part thereof, (the "Objecting Party") may, until 30 days before the trial of its Action, provide a written notice to the Protected Person who made such designation (the "Designating Party") and to all Parties stating with particularity the grounds for the objection. All materials objected to shall continue to be treated as Confidential Information, Highly Confidential Information, or Highly Confidential - Source Code pending resolution of the dispute. Within 10 days of the Objecting Party's written notice, the Objecting Party and the Designating Party shall attempt to confer to discuss their respective positions. If the Objecting Party and Designating Party cannot reach an agreement on the objection within 10 days of the Objecting Party's written notice (or another deadline agreed to by the Objecting Party and the Designating Party), the Objecting Party may raise the dispute to this

Court by filing a motion in accordance with the applicable Local Rules. If the Court finds the designation of Confidential Information, Highly Confidential Information, or Highly Confidential - Source Code to have been inappropriate, the challenged designation shall be considered rescinded, and the Designating Party shall reproduce the Documents with the revised designations, along with an overlay file in accordance with Paragraph 7(g). Notwithstanding anything else contained in this Order, the Parties reserve their rights under Fed. R. Civ. P. 37.

### *Disclosure of Highly Confidential Information or Confidential Information*

14. Highly Confidential Information may be disclosed only to the following Persons:

(a)      the Court and all Persons assisting the Court in the Action, including law clerks, court reporters, and stenographic or clerical personnel;

(b)      Outside Counsel for Defendant, except that access by non-attorneys shall be limited to personnel assigned to work on the Action, whose functions require access to the information.  Such personnel shall not include any employee of a Party;

(c)      Plaintiffs' Counsel, except that access by non-attorneys shall be limited to personnel assigned to work on the Action, whose functions require access to the information;

(d)      Designated In-House Counsel of Defendant, as defined in Paragraph 20 below (who has been properly designated pursuant to the procedures set forth in Paragraph 20) who are not involved in Competitive Decision-Making at or on behalf of Defendant; to qualify for access under this subpart, in-house litigation counsel shall first execute an In-House Counsel Agreement Concerning Confidentiality in the form of Appendix B attached hereto; Outside Counsel for Defendant shall maintain executed versions of the agreements executed by Designated In-House Counsel of that Defendant or any non--Party Protected Person. A Party shall promptly report any confirmed or suspected unauthorized use or disclosure of Highly Confidential Information to the other Parties;

(e)     outside vendors or service providers (such as copy-service providers, outside court reporters retained for depositions, document-management consultants, or lawyers or law firms for document review other than Outside Counsel) and agents or independent contractors retained by a Party to assist that Party in the Action provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Order in the form of Appendix A attached hereto;

(f)     any mediator, arbitrator, or special master that the Parties engage in this Action or that this Court appoints provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Order in the form of Appendix A attached hereto;

(g)     any Person who the Highly Confidential Information itself indicates, or who the Receiving Party has a good-faith basis to believe, was the author, addressee, recipient, custodian, or source of the Document or Highly Confidential Information.

(h)     any Person who the Highly Confidential Information itself indicates, or who the Receiving Party has a good-faith basis to believe, had lawful access to the Document or the Highly Confidential Information;

(i)     during a deposition, any Person who the Highly Confidential Information itself indicates, or who the Receiving Party has a good-faith basis to believe, had knowledge of the Highly Confidential Information;

(j)     during a deposition, any current employee of the Designating Party;

(k)     any Person retained by a Party to serve as a testifying or consulting expert in this Action,[5] including any employees of the firm with which the expert or consultant is associated and independent contractors who assist the expert's work in the Action, provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Order in the form of Appendix A attached hereto;

(1)     outside trial consultants (including, but not limited to, graphics consultants and mock jurors), provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Order in the form of Appendix A attached hereto;

(m)     any Person as may be authorized by written agreement of the Designating Party, by verbal agreement of the Designating Party on the record at a deposition or Court hearing, or by order of the Court.

15. Confidential Information may be disclosed only to the following Persons:

(a)     the Court and all Persons assisting the Court in the Action, including law clerks, court reporters, and stenographic or clerical personnel;

(b)     Outside Counsel for Defendant, except that access by non-attorneys shall be limited to personnel assigned to work on the Action, whose functions require access to the information.  Such personnel shall not include any employee of a Party;

(c)     Plaintiffs' Counsel, except that access by non-attorneys shall be limited to personnel assigned to work on the Action, whose functions require access to the information;

(d)     the officers, directors, and employees (including In-House Counsel) of Defendant to whom disclosure is reasonably necessary for this litigation and who have signed the

---

[5] This provision does not apply to any Person retained by a Party to serve as a testifying or consulting expert, where such person is also an employee of a Party.

Agreement Concerning Confidentiality agreeing to be bound by the terms of this Order in the form of Appendix A attached hereto;[6]

(e)     outside vendors or service providers (such as copy-service providers, outside court reporters retained for depositions, document-management consultants, or lawyers or law firms for document review other than Outside Counsel) and agents or independent contractors retained by Defendant to assist Defendant in the Action provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Order in the form of Appendix A attached hereto;

(f)     any mediator, arbitrator, or special master that the Parties engage in the Action or that this Court appoints provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Order in the form of Appendix A attached hereto;

(g)     any Persons who the Confidential Information itself indicates, or who the Receiving Party has a good-faith basis to believe, was the author, addressee, recipient, custodian, or source of the Document or Confidential Information;

(h)     any Persons who the Confidential Information itself indicates, or who the Receiving Party has a good faith basis to believe had lawful access to the Document or Confidential Information;

(i)     during a deposition, any Persons who the Confidential Information itself indicates, or who the Receiving Party has a good-faith basis to believe, had knowledge of the Confidential Information;

---

[6] Designated In-House Counsel who have executed Appendix B need not also execute Appendix A.

(j)  any Person whose statements or communications are quoted, recounted, or summarized in a Party's or Non-Party's Documents or Confidential Information, except that only those portions of the Documents or Confidential Information quoting, recounting, or summarizing a Person's statements or communications may be disclosed to that Person;

(k)  during a deposition, any current employee of the Designating Party;

(1)  outside trial consultants (including, but not limited to, graphics consultants and mock jurors) provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Order in the form of Appendix A attached hereto;

(m)  any Person retained by a Party to serve as a testifying or consulting expert in these Action,[7] including any employees of the firm with which the expert or consultant is associated and independent contractors who assist the expert's work in the Action, provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Order in the form of Appendix A attached hereto;

(n)  any Person as may be authorized by written agreement of the Designating Party, by verbal agreement of the Designating Party on the record at a deposition or Court hearing, or by order of the Court.

16.  The Parties shall have the right to seek redress from this Court to enforce the provisions of the Agreement Concerning Confidentiality set forth in Appendix A or the In-House Counsel Agreement Concerning Confidentiality set forth in Appendix B with respect to any Person bound by this Order.

---

[7] This provision does not apply to any Person retained by a Party to serve as a testifying or consulting expert, where such Person is also an employee of a Party.

17. Each Person described in Paragraphs 14 and 15 of this Order to whom information designated as Highly Confidential Information or Confidential Information is disclosed must not disclose that Highly Confidential Information or Confidential Information to any other Person, except as permitted in this Order.

18. Nothing in this Order:

(a)     limits a Protected Person's use or disclosure of its own information designated as Highly Confidential Information or Confidential Information;

(b)     prevents disclosure of Highly Confidential Information or Confidential Information with the consent of the Protected Person that designated the material as Confidential or Highly Confidential;

(c)     prevents disclosure by a Party of Highly Confidential Information or Confidential Information: (i) that is or has become publicly known through no fault of that Party; (ii) lawfully acquired by or known to that Party independent of receipt during the Investigation or in discovery in the Action; (iii) previously produced, disclosed and/or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to an order of a court or as may be required by regulation;

(d)     prevents counsel from rendering advice to his or her client with respect to this matter or from generally referring to or relying upon Confidential Information or Highly Confidential Information in rendering such advice so long as counsel does not specifically disclose the substance of the Confidential Information or Highly Confidential Information; or

(e)     prevents Plaintiffs' retention, use, or disclosure of Investigation Materials outside the context of the Action to the extent permitted by applicable law or regulation, for law enforcement purposes, as required by law, court order, or regulation, or for the purpose of

securing compliance with a Final Judgment in this Action. Any such disclosures shall be limited to those permitted by applicable law or regulation. Plaintiffs will not disclose any Litigation Materials produced only during the pendency of the Action to any Non-Party, except as ordered by a court or as may be required by law or regulation and subject to Paragraph 31. If Investigation Materials or Litigation Materials are requested for disclosure under a state's public information act or the equivalent, this Order prohibits disclosure to the extent the state's public information act or the equivalent provides an exception for disclosure of information protected by court order.

***Disclosure of Highly Confidential Information to Designated In-House Counsel for Parties Based on Need***

19. A Party may at any time before the trial of its Action request disclosure of Highly Confidential Information to additional Designated In-House Counsel by consent of the Designating Party or motion with the Court. The Party must meet and confer with the Designating Party to try to resolve the matter by agreement within seven days of the written notice. If no agreement is reached, the Party may file a motion with the Court. The other Parties and/or the Designating Party will have seven days to respond to such motion. The Party will not disclose any Highly Confidential Information to the additional Designated In-House Counsel pending resolution of the dispute. If the Court finds that the additional Designated In-House Counsel has a particularized need for access to the Highly Confidential Information that outweighs the risk of harm to the Designating Party or the public interest, the Party will be permitted to disclose the Highly Confidential Information to the additional Designated In-House Counsel.

### *Challenges to Designated In-House Counsel*

20.  Unless otherwise ordered by the Court or agreed to in writing by the Protected Person, before disclosing any information designated as Highly Confidential Information to a Party's Designated In-House Counsel, the Party must submit in writing to the other Parties and the Protected Person a written statement that: (1) sets forth the full name of each Designated In-House Counsel and the city and state of his or her residence, and (2) describes each Designated In-House Counsel's primary job duties and responsibilities in sufficient detail to determine if each Designated In-House Counsel is involved in Competitive Decision-Making. If at any time, a Party decides to replace a Designated In-House Counsel, the Party must submit a written statement regarding its proposed replacement Designated In-House Counsel pursuant to this paragraph and follow the procedures described in Paragraphs 21 and 22.

21.  A Party may disclose Highly Confidential Information to its Designated In-House Counsel unless the Party receives a written objection from any Protected Person within 10 days of receiving notice as described in Paragraph 20. If the Party replaces any of its Designated In-House Counsel pursuant to Paragraph 20, the Party may disclose Highly Confidential Information to its Designated In-House Counsel unless such Party receives a written objection from another Party or any Protected Person within 10 days of receiving the Party's written statement. Any objection to Designated In-House Counsel must set forth in detail the grounds on which it is based.

22.  If a Party receives a timely written objection, it must meet and confer with the objecting Party or any Protected Person to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the objecting Party and any Protected Person will then have seven days to file a motion with the Court objecting to Designated In-House Counsel. The Party will not disclose any Highly Confidential Information to the proffered Designated In-

House Counsel pending resolution of the dispute. If the Court finds the proffered Designated In-House Counsel to properly qualify as Designated In-House Counsel pursuant to Paragraph 14(d), the Party will be able to disclose Highly Confidential Information to the proffered Designated In-House Counsel in accordance with Paragraph 14.

*Use of Information Designated Highly Confidential or Confidential in this Action*

23.  In the event that any Highly Confidential Information or Confidential Information is contained in any pleading, motion, exhibit, or other paper filed or to be filed with the Court, the Court shall be so informed by the Party filing such papers, and such papers shall be filed under seal, in accordance with this Court's Local Rule 5, as modified by the terms of this Order. The Parties agree to act in good faith to limit the need to seal Documents filed in this Court.

24.  **Filing Highly Confidential Information or Confidential Information Under Seal.** The filing of documents designated as Confidential or Highly Confidential under seal will be governed by the provisions of Local Civil Rule 5.

25.  Parties shall give the other Parties notice (a minimum of two business days) if they reasonably expect a deposition, hearing, or other proceeding to include Highly Confidential Information so that the other Parties can ensure that only authorized individuals are present during the portions of those proceedings where the Highly Confidential Information may be used. The use of a Document as an exhibit at a deposition shall not in any way affect its designation as Highly Confidential Information or Confidential Information.

*Use of Highly Confidential Information or Confidential Information at Trial*

26.  Disclosure at trial or at any evidentiary hearing of any Document, testimony, or other material designated as Highly Confidential Information or Confidential Information will be governed pursuant to a separate court order. Unless otherwise directed by the Court, the Parties shall meet and confer and file a motion accompanied by a proposed order outlining those

procedures no later than 30 calendar days before the first day of trial or any evidentiary hearing. Upon the filing of a motion and proposed order governing the disclosure of Highly Confidential Information or Confidential Information at trial or any evidentiary hearing, the Parties shall provide notice of such order to Non-Parties whose Highly Confidential Information or Confidential Information is expected to be used at trial or any evidentiary hearing.

27. Unless otherwise provided for in this Order, Highly Confidential Information and Confidential Information produced by a Party or a Non-Party in the Action shall be used solely for the conduct of the Action and shall not be used by a Party, Non-Party, or any Person subject to this Order, including counsel for a Party or Non-Party, for any business, commercial, competitive, personal, or other purpose. Such Highly Confidential and Confidential Information may only be disclosed under the conditions described in this Order.

### *Investigation Materials or Litigation Materials Subpoenaed or Ordered Produced in Other Litigation*

28. If a Party is served with a lawful subpoena or a court order issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in the Action as Confidential or Highly Confidential that Party must:

(a)     promptly notify in writing the Designating Party (such notification shall include a copy of the subpoena or court order);

(b)     promptly notify in writing the Person or entity who issued the subpoena or caused the order to issue in the other litigation, that some or all of the material covered by the subpoena or order is subject to this Order (such notification shall include a copy of this Order); and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Highly Confidential or Confidential Information may be affected.[8]

29. If the Designating Party timely[9] seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as Confidential or Highly Confidential before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Confidential Information or Highly Confidential Information—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in the Action to disobey a lawful directive from another court.

30. If, under any public records or other relevant law, any Investigation Materials or Litigation Materials are subject to any form of compulsory process in a Plaintiff State or is demanded from any Plaintiff, such Plaintiff shall notify in writing the Designating Party whose Investigation Materials or Litigation Materials may be affected at least 10 business days before producing Investigation Materials or Litigation Materials, unless state or federal statute, or court order or other public adjudicatory body requires that the Plaintiff State produce the Investigation Materials or Litigation Materials in a shorter time frame. A Plaintiff shall not produce the Investigation Materials or Litigation Materials in response to such compulsory process or public

---

[8] The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court or other tribunal from which the subpoena or order issued.

[9] The Designating Party shall have at least 14 days from the service of the notification pursuant to Paragraph 32(a) to seek a protective order, unless the subpoena or order requires a response within a period shorter than 14 days, or unless a shorter period applies under the rules of the court or other tribunal from which the subpoena or order issued, in which case such rules shall apply.

records request unless the Plaintiff deems that it is required by law to do so and provides 10 business days' notice of its intent to do so to the Designating Party, unless state or federal statute, or court order or other public adjudicatory body requires that the Plaintiff produce the Investigation Materials or Litigation Materials in a shorter time frame. However, if a Plaintiff denies a public records or similar request and the denial is not successfully challenged or overruled, the Plaintiff does not need to provide notice pursuant to this paragraph. If Investigation Materials or Litigation Materials are requested for disclosure under a state's public information act or the equivalent, this Order prohibits disclosure to the extent the state's public information act or the equivalent provides an exception for disclosure of information protected by court order. Nothing contained herein shall alter or limit the obligations of a Plaintiff State that may be imposed by statute or court order regarding the disclosure of Documents and information supplied to the state.

### *Procedures upon Termination of this Action*

31. The obligations imposed by this Order survive the termination of this Action unless the Court, which shall retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise. Except as otherwise provided by Paragraph 18, within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating the Action, all Persons, other than Plaintiffs, having received information designated as Confidential Information, Highly Confidential Information) or Highly Confidential - Source Code in such Action must return all copies thereof to the Protected Person (or the Protected Person's counsel if represented by counsel) that produced it or destroy or delete all copies of such Confidential Information, Highly Confidential Information, or Highly Confidential - Source Code. Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating the Action, all Plaintiffs in such Action having received information designated as Confidential Information,

Highly Confidential Information, or Highly Confidential - Source Code must, to the extent permitted by Plaintiffs' retention schedules, either make a good-faith effort to return all copies thereof to the Protected Person (or the Protected Person's counsel if represented by counsel) that produced it or destroy or delete all copies of such Confidential Information, Highly Confidential Information, or Highly Confidential - Source Code. Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating this Action, all Persons having received information designated as Confidential Information must certify compliance with this Paragraph 31 in writing to the Party or Protected Person that produced the Confidential Information.

32. Counsel for the Parties will be entitled to retain court papers and exhibits, deposition transcripts and exhibits, hearing transcripts and exhibits, trial transcripts and exhibits, correspondence (including internal correspondence and email) and work product, provided that the Parties and their counsel do not disclose the portions of these materials containing information designated as Highly Confidential Information or Confidential Information to any Person, except pursuant to court order or agreement with the Protected Person that produced the Highly Confidential Information or Confidential Information or as otherwise permitted herein. All Highly Confidential Information and Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this paragraph. Nothing in this paragraph, however, restricts the rights of the Parties under Paragraphs 14 and 15 of this Order.

***New Parties to The Action***

33. In the event that additional Persons or entities become parties to the Action, such new Parties shall not have access to Confidential Information, Highly Confidential Information, or Highly Confidential - Source Code produced by or obtained from any Protected Person until an

authorized person executes, on behalf of the new Party, an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Order in the form of Appendix A attached hereto.

### *Non-Parties*

34. Any Party, in conducting discovery from Non-Parties in connection with the Action, shall provide any Non-Party from which it seeks discovery with a copy of this Order so as to inform each such Non-Party of his, her or its rights herein. If a Non-Party provides discovery to any Party in connection with the Action, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, if the Non-Party agrees to be bound by the terms of this Order in the form of Appendix A attached hereto, the Non-Party shall have the same rights and obligations under the Order as held by the Parties, except that, other than with leave of court, in no circumstance may a Party's Highly Confidential Information be disclosed to a Non-Party without the consent of that Party. However, a Party's Highly Confidential Information may be shared with a former employee of that Party if the former employee may view the Highly Confidential Information pursuant to Paragraph 14.

### *Reservation of Rights*

35. Nothing contained in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any Party as an admission by a Party or a Party opponent. Nothing in this Order shall be deemed an admission that any particular information designated as Confidential Information, Highly Confidential Information, or Highly Confidential - Source Code is entitled to protection under the Order, Federal Rule of Civil Procedure 26(c), or any other law. Nothing in this Order shall be construed as granting any Person a right to receive specific Confidential Information, Highly Confidential Information, or Highly Confidential - Source Code where a court has entered an order precluding that Person

from obtaining access to that information. The Parties specifically reserve the right to challenge the designation of any particular information as Confidential Information, Highly Confidential Information, or Highly Confidential - Source Code and agree that no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to introduction or use as evidence of any of the Investigation Materials or Litigation Materials covered by this Order.

### *Standard of Care*

36. The recipient of any Confidential Information, Highly Confidential Information, or Highly Confidential - Source Code shall maintain such material in a secure and safe area and shall exercise a standard of due and proper care with respect to the storage, custody, use, and/or dissemination sufficient to safeguard against unauthorized or inadvertent disclosure of such material. Confidential Information, Highly Confidential Information, or Highly Confidential - Source Code shall not be copied, reproduced, extracted or abstracted, except for the purpose of the conduct of the Action or as otherwise provided by this Order. All such copies, reproductions, extractions, and abstractions shall be subject to the terms of this Order and be clearly marked to reflect their designation.

### *Right to Seek Modification*

37. Nothing in this Order limits any Person, including members of the public, a Party, or a Protected Person, from seeking: (1) further or additional protections of any of its materials, or (2) modification of this Order upon motion duly made pursuant to the Rules of this Court, including, without limitation, an order that certain material not be produced at all or is not admissible evidence in the Action or any other proceeding.

### *The Privacy Act*

38.  Any order of this Court requiring the production of any Document, information, or transcript of testimony constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a (b) (11).

### *Persons Bound by This Order*

39.  This Order shall be binding on the Parties to the Action, their attorneys, and their successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control, and any Non-Party, to the extent such Non-Party has agreed to be bound by this Order.

40.  All persons subject to this Order are reminded that this Order may be enforced by the Court's full powers of criminal and civil contempt.

IT IS HEREBY SO ORDERED this 4th day of April, 2023.

John F.
Anderson

Digitally signed by John
F. Anderson
Date: 2023.04.04
09:56:02 -04'00'

John F. Anderson
United States Magistrate Judge

APPENDIX A (NON-PARTY CONFIDENTIALITY AGREEMENT)

UNITED STATES OF AMERICA, et al.

      Plaintiffs,

v.

GOOGLE LLC,

      Defendant.

Civil Action No.:  1:23-CV-00108-LMB-JFA

## **AGREEMENT CONCERNING CONFIDENTIALITY**

I, _____, am employed by _____ as_____.

I hereby certify that:

1.  I have read the Protective Order ("Order") entered in the above-captioned action (this "Action") and understand its terms.

2.  I agree to be bound by the terms of the Order entered in this Action.

3.  I agree to use the information provided to me only as permitted in the Order.

4.  I understand that my failure to abide by the terms of the Order entered in this Action may subject me to civil and criminal penalties for contempt of court.

5. I submit to the jurisdiction of this Court, and specifically the United States District Court for the Eastern District of Virginia, solely for the purpose of enforcing the terms of the Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said court.

_____
Signature

_____
Date

APPENDIX B (IN-HOUSE COUNSEL CONFIDENTIALITY AGREEMENT)

| |
|---|
| UNITED STATES OF AMERICA, et al.<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. |

Civil Action No.:  1:23-CV-00108-LMB-JFA

## **IN-HOUSE COUNSEL AGREEMENT CONCERNING CONFIDENTIALITY**

I, _____, am employed by _____ as_____.

I hereby certify that:

1. I have read the Protective Order ("Order") entered in the above-captioned action (this "Action") and understand its terms.

6. I agree to be bound by the terms of the Order entered in this Action and agree that, in my role as in-house litigation counsel for the above Party company, I meet the requirements of Paragraph 14(d) of the Order, and agree to use the information provided to me only as explicitly provided in the Order.

7. I understand that my failure to abide by the terms of the Order entered in this Action will subject me, without limitation, to civil and criminal penalties for contempt of court.

8. I submit to the jurisdiction of this Court, and specifically the United States District Court for the Eastern District of Virginia, solely for the purpose of enforcing the terms of the Order

entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said court.

_____
Signature

_____
Date

| | |
|---|---|
| UNITED STATES OF AMERICA, et al. | Civil Action No.: 1:23-CV-00108-LMB-JFA |
|      Plaintiffs, | |
| v. | |
| GOOGLE LLC, | |
|      Defendant. | |

## **PROTECTIVE ORDER: SOURCE CODE PROTOCOL**

### *Restrictions on those who may view Source Code*

1.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated Highly Confidential - Source Code only to:

    a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement Concerning Confidentiality" that is attached to the Protective Order as Appendix A;

    b)     Plaintiffs' Counsel, if one or more Plaintiffs is the Receiving Party, except that access by non-attorneys shall be limited to personnel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement Concerning Confidentiality" that is attached to the Protective Order as Appendix A;

b)     up to five Experts[10] (for the avoidance of doubt, the Parties can agree to allow such disclosure to more than five Experts of the Receiving Party) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement Concerning Confidentiality" (Appendix A), and (3) as to whom the procedures set forth in Paragraph 2 below and specifically identified as eligible to access Highly Confidential - Source Code Information or Items, have been followed;

c)     the Court and its personnel;

d)     stenographic reporters, videographers and their respective staff who have signed the "Agreement Concerning Confidentiality" (Appendix A) and are transcribing or videotaping a deposition wherein Highly Confidential - Source Code Information or Items are being discussed, provided that such reporters and videographers shall not retain or be given copies of any portions of the source code, which if used during a deposition, will not be attached as an exhibit to the transcript but instead shall be identified only by its production numbers.

e)     while testifying at deposition or trial in this action only: (i) any current officer, director, or employee of the Producing Party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or

---

[10] "Expert" means any Person retained by a Party to serve as a testifying or consulting expert in this Action, including any employees of the firm with which the expert or consultant is associated and independent contractors who assist the expert's work in the Action, provided that any such testifying expert, consulting expert, employee, or independent contractor shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Order in the form of Appendix A attached hereto and comply with all provisions of this Source Code Protocol including by supplying the information needed for compliance with the Process for Requesting To Disclose Source Code set forth below.

editing the Highly Confidential - Source Code Information or Items, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Highly Confidential - Source Code Information or Items pursuant to this sub-paragraph shall not retain or be given copies of the Highly Confidential - Source Code Information or Items except while so testifying.

### *Process for Requesting to Disclose Source Code*

2.    Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated Highly Confidential - Source Code pursuant to paragraphs 1(b) first must make a written request to the Designating Party that (1) identifies the general categories of Highly Confidential- Source Code information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

3.    A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Highly Confidential - Source Code to the identified Expert unless, within 14 days of delivering the request, the Party receives a written

objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

4. A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion in accordance with Local Rules and Individual Practices seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

5. In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

*Restrictions on those who may see Source Code (Patent and Acquisition Bars)*

6. Absent written consent from the Producing Party, any individual who receives access to information designated Highly Confidential - Source Code by the Producing Party shall not be involved in the prosecution of patents or patent applications relating to the subject matter of this action, including without limitation the patents related to the subject matter of this action and any patent or application claiming priority to the patents related to the subject matter of this action, before any foreign or domestic agency, including the United States Patent and Trademark Office

41

("the Patent Office"). For purposes of this paragraph, "prosecution" means directly or indirectly drafting, amending, or advising others as to the drafting or amending of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, inter partes reexamination, inter partes review, post grant review or covered business method review). This Prosecution Bar shall begin when access to Source Code information is first received by the affected individual and shall end two (2) years after final termination of this action.

7.   Absent written consent from the Producing Party, any individual who receives access to information designated Highly Confidential - Source Code by the Producing Party shall not (i) participate in the acquisition of patents or patent applications relating to the subject matter of this action for the purposes of assertion against Google LLC; or (ii) advise or counsel clients regarding the same. This Acquisition Bar shall not prohibit counsel from advising clients on other legal matters involving patents, including validity and settlement negotiations. This Acquisition Bar shall begin when access to Source Code information is first received by the affected individual and shall end two (2) years after final termination of this action.

### *Process for Reviewing Source Code*

8.   To the extent production of source code becomes necessary in this case, a Producing Party may designate material as Highly Confidential - Source Code if it comprises, includes, or substantially discloses confidential, proprietary or trade secret source code or algorithms. This material may include, among things, technical design documentation that comprises, includes, or substantially discloses source code or algorithms.

9.  Protected Material designated as Highly Confidential - Source Code shall be subject to all of the protections herein including the Prosecution Bar set forth in Paragraph 6 and the Acquisition Bar set forth in Paragraph 7, and may be disclosed only as set forth in Paragraph 1.

10.  Any source code produced in discovery shall only be made available for inspection, not produced except as set forth below, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at (1) an office of the Producing Party or the Producing Party's primary outside counsel of record or (2) another mutually agreed upon location. The source code shall be made available for inspection on a secured computer (the "Source Code Computer") in a secured, locked room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party will make a good faith effort to provide legitimate review tools to the Source Code Computer as requested by the Receiving Party. The Receiving Party shall provide a license to the requested review tools should the Producing Party not already have one. The secured computer shall have disk encryption and be password protected. Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code. All persons entering the locked room containing the source code must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the locked room. The computer containing source code will be made available for inspection during regular business hours (9:00 A.M. to 5:00 P.M. local time), upon reasonable notice to the producing party, which shall not be

less than 3 business days in advance of the requested inspection. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

11. The Receiving Party may request paper copies of limited portions of source code, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial and except to the extent allowed in Paragraph 16. The Receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in Paragraph 10 in the first instance. The Producing Party shall undertake to produce the requested material as soon as possible after it is requested, but in no event more than 5 business days after the request, and the Producing Party will provide the requested material on watermark or colored paper (which shall not prevent the creation of legible copies made only as authorized herein) bearing Bates numbers and the legend Highly Confidential- Source Code unless objected to as discussed below. At the inspecting Party's request or the request of an Expert retained by the inspecting Party to whom disclosure of material designated Highly Confidential - Source Code is permitted, additional sets (or subsets) of printed source code may be requested and provided by the Producing Party within 5 business days of the request. The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 13 of the Protective Order, whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution. Contested printouts do not need to be produced to the Receiving Party until the matter is resolved by the Court.

12. The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all printed portions of the source code in a secured, locked area under the direct control of counsel (or outside experts or consultants who have been approved to access source code) responsible for maintaining the security and confidentiality of the designated materials. Any paper copies designated Highly Confidential - Source Code shall be stored or viewed only at (i) the offices or working locations of outside counsel for the Receiving Party, (ii) the offices or working locations of outside experts or consultants who have been approved to access source code; (iii) the site where any deposition is taken (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Except as provided in Paragraph 16 of this Appendix, the Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. Any printed pages of source code, and any other documents or things reflecting source code that have been designated by the producing party as Highly Confidential - Source Code may not be copied, digitally imaged or otherwise duplicated, except the Receiving Party may make additional paper copies if such additional copies are necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report) or necessary for deposition, or as provided below in Paragraph 16. Any paper copies used during a deposition shall be retrieved by the Receiving Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

13. The Receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes. No copies of all or any portion of the source code may leave the room in which the source code is inspected

except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

14. A list of names of persons who will view the source code will be provided to the producing party in conjunction with any written (including email) notice requesting inspection. The Producing Party shall maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart. The Receiving Party shall be entitled to a copy of the log.

15. The Receiving Party's outside counsel shall maintain a log of all copies of the source code in its possession or in the possession of its retained consultants. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or person that receives a copy of any portion of the source code. The Producing Party shall be entitled to a copy of the log.

16. Except as provided in this paragraph, the Receiving Party may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code). The Receiving Party may create an electronic copy or image of limited excerpts of source code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Source Code Documents"). The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used. Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and

shall be omitted from pleadings and other papers except to the extent permitted herein. The Receiving Party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic files containing any portion of source code shall at all times be limited to individuals who are authorized to see source code under the provisions of this Protective Order. Additionally, all electronic copies must be labeled Highly Confidential - Source Code.

17. To the extent portions of source code are quoted in a Source Code Document, either (1) the entire document will be stamped and treated as Highly Confidential - Source Code or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as Highly Confidential - Source Code.