IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA, et al.,    )
                                     )
          Plaintiffs,                )
                                     )
v.                                   )          No. 1:23-cv-00108-LMB-JFA
                                     )
GOOGLE LLC,                          )
                                     )
          Defendant.                 )
_____)

## STIPULATION AND ORDER REGARDING EXPERT DISCOVERY

Pursuant to Fed. R. Civ. P. 29, the Parties hereto, through their respective Counsel of record, hereby stipulate to the following regarding the scope of expert discovery and testimony in the Action.

1.    Definitions

   1.1    "Action" means the action filed in this Court under the caption *United States, et al. v. Google LLC*, 23-cv-00108-LMB-JFA, as well as any additional actions subsequently transferred and/or centralized with this Action, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.  For the avoidance of doubt, "Action" excludes pre-Complaint investigations by Plaintiffs.

   1.2    "Consultant" means a Person, retained by a Party or their Testifying Expert specifically for purposes of the Action, to assist that Party in the prosecution or defense of the Action, and who will not provide testimony pursuant to Fed. R. Civ. P. 26(a)(2). For the avoidance of doubt, the term Consultant does not include employees of a Party.

   1.3    "Counsel" shall mean, as applied to outside counsel, counsel retained by a Party or Parties in connection with the Action. As applied to in-house counsel, it shall mean any

1

lawyer employed by a Party acting primarily in a legal capacity for that Party. As applied to the Plaintiffs, this includes, but is not limited to, (a) any attorneys who are employed by the Attorney General's Office of a State Plaintiff; (b) any attorneys who are employed by the Antitrust Division of the U.S. Department of Justice and are assigned to work on the Action; and (c) any attorneys who are employed by the U.S. Department of Justice and are responsible for supervising the work on the Action. As applied to all Parties, Counsel also includes any paralegals, administrative assistants, economists, financial analysts, and statisticians, and clerical and administrative personnel employed by Google, outside counsel for Google, the Attorney General's Office of a State Plaintiff, or the U.S. Department of Justice, provided that such employees are assigned to work on the Action.

 1.4 "Defendant" means Google LLC, including all of its employees, agents, and representatives.

 1.5 "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

 1.6 "Party" means any Plaintiff or Defendant in the Action. "Parties" collectively means Plaintiffs and Defendant in the Action.

 1.7 "Person" means any natural person, corporate entity, business entity, partnership, association, joint venture, governmental entity, or trust.

 1.8 "Plaintiffs" means the State Plaintiffs and the United States of America, including all of their employees, agents, and representatives.

 1.9 "Staff" means any firm, employee, or other individual assisting or supporting a Testifying Expert or Consultant. For the avoidance of doubt, it does not include a Party or a Party's employee.

1.10    "State Plaintiffs" means the Commonwealth of Virginia, and the States of California, Colorado, Connecticut, New Jersey, New York, Rhode Island, and Tennessee, and any other state that joins the Action.

1.11    "Testifying Expert" means a Person, retained by a Party specifically for purposes of the Action, to assist that Party in the prosecution or defense of the Action, and who is required to provide a report pursuant to Fed. R. Civ. P. 26(a)(2)(B). For the avoidance of doubt, the term Testifying Expert does not include employees of a Party.

2.    <u>General Provisions</u>

2.1    This Stipulation and Order applies to all Parties to the Action. This Stipulation and Order provides the protocols applicable to conducting discovery relating to Testifying Experts and Consultants. Nothing herein shall preclude any Party from seeking to modify it later for good cause; prior to doing so, however, counsel of record shall meet and confer among themselves in a good-faith effort to reach agreement as to the appropriate scope of any modifications or revisions to this Stipulation and Order.

2.2    The Parties shall not serve subpoenas or discovery requests (for depositions or Documents) on any Testifying Expert or Consultant. Instead, the Party proffering such Testifying Expert will: (a) be responsible for producing all materials and information required under this Stipulation or to the extent not addressed in this Stipulation, under the Federal Rules of Civil Procedure for the Testifying Expert, and (b) upon request, make the Testifying Expert available for deposition at a time mutually agreed to by the Parties and consistent with the Court's scheduling order(s).

2.3    The parties agree to comply with the terms of this Stipulation, pending the Court's approval and entry of this Stipulation and Order.

3.    Governing Law

3.1    Expert discovery shall be governed by the applicable provisions of the Federal Rules of Civil Procedure, except as otherwise provided herein or in any other order in this Action.

4.    Expert materials to be disclosed

4.1    In lieu of the disclosures required under Federal Rule of Civil Procedure 26(a)(2)(B)(ii)-(vi), on the same day as the service of any Testifying Expert's report or declaration pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) or otherwise, the Party or Parties proffering the Testifying Expert shall produce[1]:

4.1.1    A copy of the data or other information referred to in the Testifying Expert's report or declaration and/or relied on by the Testifying Expert in forming the Testifying Expert's opinions (to the extent not already produced in discovery), including, but not limited to, all data and programs underlying any calculations, including all computer programs or code necessary to recreate any data, intermediate data, calculations, estimations, tables, or graphics , and including the intermediate working- data files that are generated from any initial ("raw") data files and used in performing the calculations appearing in the report.

4.1.2    A list of all Documents referred to in the Testifying Expert's report or declaration and/or relied upon by the Testifying Expert in forming the Testifying Expert's opinions. For purposes of this list, identifying Documents by Bates number is sufficient. To the extent that any such Documents do not already have a Bates number, copies of those documents

---

[1] Paragraph 4.1 (including subparagraphs 4.1.1 through 4.1.6) applies to materials created or communications occurring after the initiation of the Action in which the Testifying Expert intends to testify (i.e., post-Action Documents and communications) and to materials created or communications occurring prior to the initiation of the Action in which the Testifying Expert intends to testify (i.e., pre-Action Documents and communications).

shall be produced.  Such copies of Documents may be produced with a Bates number, but Bates numbering is not required.

        4.1.3    A list of all publications authored, in whole or in part, by the Testifying Expert in the previous 10 years and copies of all such publications that are not readily available publicly, provided that such publications are accessible by the Testifying Expert. Publications which exist only behind a paywall shall be considered not readily available publicly.

        4.1.4    A list of all other case(s), wherever those cases took place, in which, during the previous 10 years, the Testifying Expert testified at trial or by deposition, including the tribunal and case number.

        4.1.5    Any exhibits that will be used to summarize or support the Testifying Expert's opinions.

        4.1.6    A statement of the compensation to be paid to the Testifying Expert for the Testifying Expert's study and testimony in the case.

        4.2    Testifying Expert reports and declarations shall be served via email. Except to the extent included within a Testifying Expert's report or declaration, the information required by paragraphs 4.1.1 - 4.1.6 above shall be produced electronically in a manner agreed to by the Parties and, and, with respect to paragraph 4.1.1, in machine-readable format, where feasible. The Parties shall meet and confer in good faith to attempt to establish, no later than May 19, 2023, an agreed method for ensuring that the receiving parties are able to complete receipt of the materials by the due date.

        4.3    Paragraphs 4.1.1-4.1.6 above are not intended to limit the ability of any Party to prepare and use demonstrative exhibits, including demonstrative exhibits that may relate to a Testifying Expert's testimony, during the course of any deposition, hearing, or trial. The use of

any such demonstrative exhibits shall be governed by the Federal Rules of Evidence, the Federal

Rules of Civil Procedure, and this Court's Local Rules and Individual Practices, unless otherwise

provided by order of the Court.

5.      Expert materials not requiring disclosure

     5.1    Notwithstanding the foregoing and the Federal Rules of Civil Procedure, and

except as otherwise required by paragraph 5.2 below, the following materials[2] shall not be

subject to discovery or disclosure by any method (including by deposition):

         5.1.1   The content of communications, whether oral or written, among or

between: (a) Counsel and a Testifying Expert, Consultant, and/or any Staff assisting the

Testifying Expert or Consultant; (b) a Testifying Expert or Consultant and other Testifying

Experts and Consultants, as well as any Staff assisting such Testifying Experts or Consultants;

(c) a Testifying Expert or Consultant and any Staff assisting such Testifying Expert or

Consultant; (d) Defendant's Counsel; and (e) Plaintiffs' Counsel.[3]

         5.1.2   Drafts of Testifying Expert reports, affidavits, declarations, or other

Testifying Expert materials, including, without limitation: (a) draft studies, analyses, opinions, or

---

[2] Paragraph 5.1 (including subparagraphs 5.1.1 through 5.1.8) shall apply to materials created or communications occurring after the initiation of the Action (i.e., post-Action Documents and communications). Paragraph 5.1 (including subparagraphs 5.1.1 through 5.1.8) shall also apply to materials created or communications occurring prior to the initiation of the Action (i.e., pre-Action Documents and communications), provided that (i) with respect to subparagraphs 5.1.l(a) and 5.1.l(b), all participants in the communication were retained by or on behalf of the same Party at the time of the communication; and (ii) with respect to subparagraph 5.1.2, the Testifying Expert was retained by or on behalf of a Party in the Action at the time the materials were prepared, and the materials were prepared on behalf of the same Party that retained the Testifying Expert in the Action.

[3] For purposes of this Stipulation and Order, "Plaintiffs' Counsel" includes Counsel for any Plaintiff in the Action and "Defendant's Counsel" includes Counsel for any Defendant in the Action. Communications between or among Counsel for (a) different Plaintiffs or (b) different Defendants (if additional defendants are later added to the Action) are included within this provision. Additionally, notwithstanding this provision, this expert stipulation does not, and is not intended to, abridge the attorney-client privilege.

written expert testimony prepared in connection with the Action; (b) draft Testifying Expert work papers prepared in connection with the Action; and (c) preliminary or intermediate calculations, computations, modeling, intermediate working data files, or data runs prepared in connection with the Action, except as described in paragraph 4.1.1.

      5.1.3   The notes of a Testifying Expert, Consultant, or Staff, except for notes of interviews of persons on any Party's preliminary or final witness list if the expert participated in or conducted the interview and relied upon the notes in forming any opinions in his or her final report.

      5.1.4   Any comments, whether oral or written, related to a final or draft report, affidavit, or declaration of a Testifying Expert prepared in connection with the Action by: (a) Counsel; (b) a Consultant; (c) Staff; (d) any other Testifying Expert; (e) any other Consultant; or (f) Staff of another Testifying Expert or Consultant.

      5.1.5   Budgets, invoices, bills, receipts, or time records concerning Testifying Experts or Consultants, their staff, assistants, colleagues, or associates, or their companies or organizations. Notwithstanding this provision, any Party may inquire into a Testifying Expert's compensation in this matter, including the Testifying Expert's hourly rates, the total hours spent by the Testifying Expert and staff members in connection with this Action, and any other payments or consideration received by the Testifying Expert relating to work in the Action.

      5.1.6   Programs, software, or instructions that are commercially available at a reasonable cost.

      5.1.7   Documents that are publicly available, provided that they are identified with sufficient specificity to allow the opposing side to locate and obtain the Document.

5.1.8   Documents that have previously been produced during discovery in the Action, provided that they are identified by Bates number in the Testifying Expert's report or declaration.

5.2   Notwithstanding any provision in paragraph 5 (including all subparagraphs), the Parties must produce (according to paragraphs 4.1.1., 4.1.2, and 4.2 above) all materials that: (a) constitute facts or data that the Testifying Expert relied on in forming the opinions expressed in his or her report; or (b) constitute assumptions that the Testifying Expert relied on in forming the opinions to be expressed. Information, communications, or Documents upon which the Testifying Expert relies as a basis for their opinion are discoverable. For the avoidance of doubt, nothing herein relieves a Testifying Expert or Party of the duty to identify the facts, data, and assumptions that the Testifying Expert relied upon as a basis for their opinions.

5.3   Further, notwithstanding the limitations contained in paragraphs 5.1.1 - 5.1.8 above, an expert may be asked at a deposition or trial: (a) to identify and generally describe what data, facts, algorithms, modeling, regression analyses and source code the expert reviewed, investigated or considered but did not rely on or otherwise use, and (b) to describe the reasons for reviewing—but not using or relying on—any such data, facts, algorithms, modeling, analyses or source code.

5.4   The Parties are not required to produce or exchange logs reflecting any of the aforementioned items that are not subject to discovery or production pursuant to this Stipulation and Order.

6.   Materials requested in discovery

6.1   In formulating the opinions expressed in their expert reports, a Party's Testifying Experts may not rely on documents, data, or information requested in discovery and not

produced to the other Party by the close of fact discovery, except by agreement between the

Parties or as ordered by the Court.

IT IS SO STIPULATED, through Counsel of Record.

IT IS HEREBY SO ORDERED this 12th day of _____, 2023.

_____ /s/ _____

John F. Anderson
United States Magistrate Judge

9

FOR THE UNITED STATES:

JESSICA D. ABER
United States Attorney

/s/ Gerard Mene
GERARD MENE
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3777
Facsimile: (703) 299-3983
Email: Gerard.Mene@usdoj.gov

/s/ Julia Tarver Wood
JULIA TARVER WOOD
/s/ Aaron M. Teitelbaum
AARON M. TEITELBAUM
   *Senior Litigation Counsel*

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077
Fax: (202) 616-8544
Email: Julia.Tarver.Wood@usdoj.gov

FOR DEFENDANT GOOGLE LLC:

*/s/ Craig C. Reilly*
CRAIG C. REILLY (VSB # 20942)
209 Madison Street
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
Email: craig.reilly@ccreillylaw.com

Eric Mahr (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
Email: eric.mahr@freshfields.com

FOR THE PLAINTIFF STATES:

JASON S. MIYARES
Attorney General of Virginia

/s/ Andrew N. Ferguson
ANDREW N. FERGUSON
Solicitor General
STEVEN G. POPPS
Deputy Attorney General
TYLER T. HENRY
Assistant Attorney General

Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219
Telephone: (804) 692-0485
Facsimile: (804) 786-0122
Email: thenry@oag.state.va.us

Attorneys for the Commonwealth of Virginia and
local counsel for the States of California, Colorado,
Connecticut, New Jersey, New York, Rhode Island,
and Tennessee