IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

UNITED STATES OF AMERICA, *et al.*,

    *Plaintiffs*,

v.

GOOGLE LLC,

    *Defendant*.

Civil Action No. 1:23-CV-00108-LMB-JFA

HON. JOHN F. ANDERSON

## NON-PARTIES' MOTION TO MODIFY PROTECTIVE ORDER

As set forth below, Non-Party Comcast Corporation respectfully requests a modest modification of the protective order in this case (Dkt. No. 98, the "Protective Order"). Comcast files this motion with the support of AT&T, Inc., Microsoft Corporation, Fox Corporation, and T-Mobile USA, Inc. (collectively "Non-Parties"). Non-Parties reached out to both Plaintiffs and Google to seek consent on their motion. Plaintiffs took no position and Non-Parties did not yet receive a response from Google at the time of filing.

Over the course of several years, certain of the Non-Parties were required to produce extremely sensitive business documents to Plaintiffs in connection with their wide-ranging investigation into alleged conduct by Google.[1] Plaintiffs' investigation culminated in two lawsuits against Google: *United States v. Google LLC*, 1:20-cv-03010-APM (D.D.C) (the "Search Case") and the instant advertising technology ("Ad Tech") case. In the Search Case, Plaintiffs' investigative file – including Non-Parties' highly confidential business documents – was produced to Google. The Parties and Non-Parties litigated issues before the judge presiding over the Search Case, Judge Amit Mehta, relating to the appropriate level of protection for Non-

---

[1] Other Non-Parties have received third-party subpoenas in the above-captioned matter, requesting the production of sensitive business documents.

1

Parties' documents. Ultimately, Judge Mehta entered a two-tier protective order in the Search Case. *See* Search Case Dkt. No. 84. Under that order, Designated In-House Counsel for Google were permitted to access Confidential Information, but Highly Confidential Information could not be disclosed to them absent a showing of need by Google. Non-Parties then undertook to designate their materials accordingly and Plaintiffs' investigative file – as well as subsequent discovery from Non-Parties in the litigation itself – were produced to Google under the terms of the protective order.

The Protective Order entered by this Court in the current Ad Tech case is similar to the Search Case order, but it differs in one material respect. Under the current Ad Tech Protective Order, Google's Designated In-House counsel may review Non-Parties' most sensitive business documents, including those relating to Non-Parties' strategies and plans in their dealings with Google. *See* Protective Order ¶ 14(d). This situation creates an inconsistency with the Search Case protective order and undermines the protections secured by Non-Parties in that case. Specifically, Plaintiffs' investigative file in this case and the Search Case are nearly identical. Thus, if the current Protective Order remains unchanged, Plaintiffs will now produce the same investigative file in this case – including the same highly confidential business documents of Non-Parties – as they did in the Search Case. But now Google's in-house legal team will be authorized to review the very same sensitive Non-Party materials in this case that they were not permitted to review in the Search Case. Non-Parties were not consulted regarding this significant change prior to the Parties' filing the proposed protective order with this Court. There is no apparent justification for having cases involving the same parties, many of the same Non-Parties, and many of the same documents governed by conflicting protective orders with different disclosure criteria.

The Non-Parties submit that their Confidential Information is entitled to the same protections in this case as in the Search Case. Non-Parties include companies that have significant on-going and future dealings with Google, including as competitors and customers of Google. Inadvertent disclosure and improper use of such Non-Parties' Highly Confidential Information perversely could give Google an unfair advantage in competition, commercial negotiations, or even litigation against Non-Parties. The risks introduced by such disclosure substantially outweigh any generalized needs that Google's in-house legal team has for these documents.

Accordingly, Non-Parties respectfully request that this Court modify the Protective Order to restrict Google's Designated In-House Counsel from receiving Non-Parties' Highly Confidential Information. Such a modification would align this matter with the Search Case and provide appropriate protections for Non-Parties who were, and will be, compelled to produce their extremely sensitive internal business documents during Plaintiffs' investigation and this litigation.

This modest proposed modification will not slow discovery in this case or prejudice Google. Notably, Non-Parties have already designated their materials in Plaintiffs' investigative file under the Search Case protective order and could use the same designations here. And Google has been operating under the terms of the Search Case protective order for over two years without any suggestion that it has hindered Google's litigation efforts.

A.   **Non-Parties Have Produced Extremely Sensitive Materials that Warrant Heightened Protections**

The Non-Parties have produced many thousands of sensitive documents concerning their business relationships with Google and their efforts to compete in markets against Google. While some of these documents can safely be made available to select Google in-house counsel

3

(and still would be for materials designated as Confidential Information), disclosure of Non-Parties' most sensitive documents risks improperly tilting the playing field in Google's favor and affording Google an unfair advantage in competitive situations and commercial negotiations going forward. For that exact reason, Judge Mehta entered a protective order in the Search Case prohibiting presumptive access to highly confidential information by Google's Designated In-House Counsel.

As in the Search Case, the highly sensitive documents produced by the Non-Parties in the Plaintiffs' investigation include:

- Forward-looking business plans regarding new product development, business strategy, and plans to respond to Google's marketplace conduct;

- Documents outlining negotiation strategies regarding business relationships with Google, including negotiations that are ongoing;

- Documents analyzing the ways in which the Non-Parties are dependent on Google, and the potential adverse impact on the Non-Parties' business of various actions by Google; and

- Internal documents in which the Non-Parties evaluate the strengths and vulnerabilities of their competitive offerings, and in particular how they might be vulnerable to actions by Google.

Courts have recognized that disclosure of highly confidential materials to in-house counsel presents unique risks. "Although in-house counsel serve as legal advocates and advisors for their client, their continuing employment often intimately involves them in the management and operation of the corporation of which they are a part." *FTC v. Exxon Corp.*, 636 F.2d 1336, 1350 (D.C. Cir. 1980). With access to highly confidential information, even the most careful in-house counsel would be "in the 'untenable position' of having to refuse his employer legal advice on a host of contract, employment, and competitive marketing decisions lest he improperly or indirectly reveal [a competitor's] trade secrets." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1471 (9th Cir. 1992).

4

Here, disclosure of Non-Parties' Highly Confidential documents to Google employees would provide Google with a playbook on how best to attack its would-be competitors and other market participants, points of leverage in negotiations with the Non-Parties, and how to counter the Non-Parties' future business plans.  *See United States v. Aetna, Inc.* 2016 WL 8738420, *5-6 (D.D.C. Sept. 5, 2016) (providing in-house counsel with access to "confidential information of other insurers undoubtedly risks giving Defendants an unfair advantage in competition" and confidential information from healthcare providers "could provide the Defendants with a significant advantage in future negotiations with these providers").  In a case brought to protect competition and consumers from Google's alleged anticompetitive behavior, it would be a perverse result if this litigation enabled Google to maintain any unfair advantage in the marketplace by gaining access to the most sensitive competitive and strategic documents of its competitors and commercial counterparties.

Moreover, Non-Parties here are developing high-technology products and services in rapidly evolving markets.  Confidential plans concerning this future innovation require a high degree of vigilance, which is a position recognized by various courts.  For example, in *New York v. Deutsche Telekom AG* ("*T-Mobile*"), the court adopted a two-tier protective order that shielded the most sensitive materials of third parties (including Google) from defendants' in-house counsel.  Order ¶ A.1, No. 1:19-cv-05434, Dkt. No. 185 (S.D.N.Y. Aug. 14, 2019).  Here, Non-Parties' highly confidential information concerns, among other things, the latest in digital advertising technology.  This information warrants at least as much protection, as that granted in *T-Mobile*.

      **B.**      **The Protective Order Should Be Modified to Align with the Search Case**

The Parties and Non-Parties' previous litigation on this issue in the Search Case is instructive.  That litigation involved the same Parties, many of the same Non-Parties, and many

5

of the same documents. In proceedings before Judge Mehta, Google advocated for a single-tier protective order that would permit its in-house counsel to review Non-Party highly confidential information. *See* Search Case, Dkt. No. 63. Plaintiffs and Non-Parties opposed that approach and advocated for a two-tier protective order that restricted Google's Designated In-House Counsel from accessing Non-Party highly confidential information. *See* Search Case, Dkt. Nos. 34, 50. Following submissions and a hearing before Judge Mehta during which Non-Parties described their concerns regarding Google's single-tier proposal, Judge Mehta instructed all sides to negotiate a protective order with a two-tier structure, which they subsequently did. *See* Search Case, Dkt. No. 72. Although Google's Designated In-House Counsel was not permitted presumptive access to Highly Confidential Information, Non-Parties made important concessions to address Google's stated concerns, including by (1) tightening the definition of "Highly Confidential Information," (2) tightening the definition of "Competitive Decision-Making," and (3) providing a mechanism pursuant to which Google could seek to disclose Highly Confidential Information to Designated In-Housel Counsel upon a showing of need. *Id.*

      Importantly, each of those concessions is reflected in the Protective Order entered in this case – *see* Protective Order ¶¶ 1(c), 1(g), 19 –but Non-Parties have been denied their end of the bargain: Google's Designated In-House Counsel now have presumptive access to Non-Parties' Highly Confidential Information in this action. In fact, the current Protective Order would allow an end-run around the protections that Non-Parties were able to secure in the Search Case, as Google's Designated In-House Counsel would have presumptive access to exactly the material they were prohibited from accessing by the Search Case protective order. Further, unlike the Search Case, which limited Designated In-House counsel to two individuals, there is no similar limitation in the Protective Order here. There is no apparent justification for this asymmetry in

two cases involving the same parties, many of the same Non-Parties, and the same documents. Indeed, the two competing protective orders presently impose conflicting obligations that must be resolved.[2]

### C. Non-Parties' Proposed Modification Will Not Impair Google's Defense

Non-Parties' proposed modification to the Protective Order is a simple change that will not prejudice Google's ability to litigate this case. Google's outside counsel is highly competent and experienced, both with antitrust litigation generally and Google's business specifically, having represented Google in antitrust matters for many years. Indeed, Google's outside counsel has engaged in vigorous litigation against Plaintiffs without issue in the Search Case for over two years under the same protective order provisions as requested here.

Importantly, the Non-Parties are not seeking anything more than the appropriate protections that Google is operating under in the Search Case, involving nearly identical Parties, Non-Parties, and documents. To the extent that the Court may be concerned that certain Highly Confidential documents may need to be disclosed to an in-house designee at some point, Non-Parties do not object to the provision of the current protective order that would allow such access on a case-by-case basis upon a showing of particularized need that outweighs the confidentiality interest of the producing party. *See* Protective Order ¶ 19.

\*   \*   \*

---

[2] There was an ad tech case first brought against Google by several State Attorneys General in late 2020 in a federal district court in Texas. The Texas court adopted a protective order with similar protections to the Search Case. *State of Texas et al v. Google LLC*, 1:21-cv-06841-PKC, Dkt. No. 101 (E.D. Tex. April 14, 2021). Non-Parties' documents were then produced to the plaintiff states under the terms of that protective order. The Texas action, however, was subsequently transferred to New York. Once transferred, a new protective order was issued in New York that – unlike the Search Case and Texas action protective orders – permitted Google's Designated In-House Counsel to access Non-Parties' highly confidential information. *In re: Google Digital Advertising Antitrust Litigation*, 1:21-cv-06841-PKC, Dkt. No. 174 (S.D.N.Y. Dec. 21, 2021). Non-Parties intend to move to modify the protective order in the New York case as well.

For the reasons explained above, the Court should modify the Protective Order to align with the Search Case and to restrict Google's Designated In-House Counsel from presumptively accessing Non-Parties' Highly Confidential Information.

Dated:   April 12, 2023

Respectfully submitted,
/s/ Fiona Moran
Fiona Moran
Arthur J. Burke, *pro hac vice* forthcoming
Christopher Lynch, *pro hac vice* forthcoming
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Phone: (212) 450-4000
fiona.moran@davispolk.com
arthur.burke@davispolk.com
christopher.lynch@davispolk.com

*Counsel for non-party Comcast Corporation.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2023, the foregoing document was electronically submitted with the clerk of the court for the United States District Court, Eastern District of Virginia, using the electronic case file system of the court.  The electronic case file system sent a "Notice of Electronic Filing" to all counsel of record.

                                                /s/ Fiona Moran