**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>                    Plaintiffs,<br><br>          v.<br><br>GOOGLE LLC,<br><br>                    Defendant. | Civil Action No. 1:23-cv-00108-LMB-JFA |

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIG. | Civil Action No. 1:21-md-03010-PKC |

**[PROPOSED] ORDER REGARDING COORDINATION OF DISCOVERY**

1.      <u>Definitions</u>.  For purposes of this Order, the following definitions will apply:

        a.      "Confidential Information" means material that qualifies as "Confidential Information" as that term is defined in either paragraph 1(b) of the MDL Confidentiality Order or paragraph 1(b) of the Virginia Protective Order.

        b.      "Coordinated Case" means the MDL or the Virginia Case.  "Coordinated Cases" means the MDL and the Virginia Case.

c.      "Coordinated Discovery Period" means the time period after the Deadline for Substantial Completion of Document Production in the Virginia Case and before the Fact Discovery Cutoff in the Virginia Case.

d.      "Counsel" means Outside Counsel, Virginia Plaintiffs' Counsel, and MDL State Plaintiffs' Counsel, provided that "Counsel" shall not include Counsel for any Party that ceases to be part of the MDL (unless and until a further order directs otherwise).

e.      "Cross Notice" means to send a notice of intent to take a deposition of a Party under Federal Rule of Civil Procedure 30(b)(1) or to serve a subpoena for a Non-Party Deposition under Federal Rule of Civil Procedure 45(a)(1), after another Party has Noticed a deposition of the same witness.

f.      "Deadline for Substantial Completion of Document Production in the Virginia Case" means the date ordered by the Court for the substantial completion of document production in the Virginia Case.

g.      "Deposition Limit" means (i) for Parties in the MDL, the fact-deposition limit in the MDL referenced in paragraph 6.5 of Pre-Trial Order Number 5 in the MDL (Dkt. 394), and any changes to that limit that may be made after entry of this Order; and (ii) for Parties in the Virginia Case, the fact-deposition limits in the Virginia Case referenced in paragraph 7 of the Rule 16(b) Scheduling Order in the Virginia Case (Dkt. 94), which references and incorporates paragraph 6(G) of the Joint Discovery Plan in the Virginia Case (Dkt. 87), and any changes to those limits that may be made after entry of this Order.

h.      "Deposition Notice" means a notice of intent to take a deposition of a

Party under Federal Rule of Civil Procedure 30(b)(1) or a subpoena for a Non-Party

Deposition under Federal Rule of Civil Procedure 45(a)(1).

i.      "District Courts" means the U.S. District Court for the Eastern District of

Virginia and the U.S. District Court for the Southern District of New York.

j.      "Expert Discovery" means expert reports in a Coordinated Case, backup

materials and other information disclosed in connection with expert reports in a

Coordinated Case, and expert testimony (including expert deposition testimony) in a

Coordinated Case.

k.      "Fact Discovery Cutoff in the Virginia Case" means the date ordered by

the Court for the conclusion of fact discovery in the Virginia Case.

l.      "Google" means Google LLC, as well as its parents, divisions,

subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers,

employees, agents (including counsel), and representatives of the foregoing.

m.      "Google Deposition" means any deposition of a current or former

employee of Google or of Google's corporate designee under Federal Rule of Civil

Procedure 30(b)(6).

n.      "Highly Confidential Information" means material that qualifies as

"Highly Confidential Information" as that term is defined in either paragraph 1(h) of the

MDL Confidentiality Order or paragraph 1(g) of the Virginia Protective Order.

o.      "MDL" means the multidistrict litigation captioned as *In re Google*

*Digital Advertising Antitrust Litigation* that is currently pending in the U.S. District Court

for the Southern District of New York under docket number 21-md-03010-PKC, and all

3

of the cases that are currently part of that multidistrict litigation or that become part of that multidistrict litigation after entry of this Order, but only for such time as a case is part of the multidistrict litigation (unless and until a further order directs otherwise).

       p.     "MDL Confidentiality Order" means the Confidentiality Order entered as docket entry 297 in the MDL.

       q.     "MDL Plaintiff" means a plaintiff in any case made part of the MDL, but only for such time as that plaintiff's case is part of the MDL (unless and until a further order directs otherwise).

       r.     "MDL Plaintiffs' Counsel" means any attorney retained to represent or advise an MDL Plaintiff, as well as any paralegals, administrative assistants, and clerical and administrative personnel supervised by that attorney, but only for such time as that MDL Plaintiff's case is part of the MDL (unless and until a further order directs otherwise).

       s.     "MDL State Plaintiffs" means the States of Texas, Alaska, Arkansas, Idaho, Indiana, Kentucky, Florida, Louisiana, Mississippi, Montana, Missouri, Nevada, North Dakota, South Dakota, South Carolina, Utah, the Commonwealth of Kentucky, Puerto Rico, and any other state that joins the MDL, by and through their respective Attorneys General, but only for such time as that state's case is part of the MDL (unless and until a further order directs otherwise).

       t.     "MDL State Plaintiffs' Counsel" means any attorney retained to represent or advise an MDL State Plaintiff in the MDL, as well as any paralegals, administrative assistants, and clerical and administrative personnel supervised by that attorney, but only

4

for such time as that MDL State Plaintiff's case is part of the MDL (unless and until a further order directs otherwise).

u.      "Meta" means Meta Platforms, Inc. as well as its parents, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents (including counsel), and representatives of the foregoing.

v.      "NBA Stay" means the stay of discovery relating to the Network Bidding Agreement that was entered in paragraph 3 of Pre-Trial Order No. 5 in the MDL (Dkt. 394).

w.      "Non-Noticing Party" means, with respect to a particular deposition, any Party other than the Noticing Party.

x.      "Non-Party Deposition" means a deposition of an individual who is not a Party or a current or former employee of a Party; a deposition of a current or former employee of an entity that is not a Party; and/or a deposition of a corporate designee under Federal Rule of Civil Procedure 30(b)(6) of an entity that is not a Party.

y.      "Notice" means to send a notice of intent to take a deposition of a Party under Federal Rule of Civil Procedure 30(b)(1) or to serve a subpoena for a Non-Party Deposition under Federal Rule of Civil Procedure 45(a)(1).

z.      "Noticing Party" means, with respect to a particular deposition, the Party that sends a Deposition Notice for that deposition.

aa.     "Outside Counsel" means the attorneys employed by outside law firms who are retained to represent or advise a Party in a Coordinated Case, as well as any paralegals, administrative assistants, and clerical and administrative personnel supervised by those attorneys.

bb.     "Party" means any individual or entity that asserts a claim, or against

which a claim has been asserted, in the MDL or the Virginia Case, including the MDL

Plaintiffs, the Virginia Plaintiffs, Meta, and Google, provided that Meta shall not be

considered a "Party" while the NBA Stay is in effect.  For the avoidance of doubt, unless

and until a further order directs otherwise, an individual or entity ceases to be a "Party" if

all of the claims that it asserts or that have been asserted against it in the MDL or the

Virginia Case have been dismissed or otherwise adjudicated by a District Court or

transferred to a court other than one of the District Courts.

cc.     "Protective Orders" means the MDL Confidentiality Order and the

Virginia Protective Order.

dd.     "Shared Discovery" means documents and data produced during fact

discovery in a Coordinated Case and does not include Expert Discovery.

ee.     "Transcript" means any recording of testimony, including recordings by

stenographic means and by video.

ff.     "Virginia Case" means the case captioned as *United States, et al. v.*

*Google, LLC* that is pending in the U.S. District Court for the Eastern District of Virginia

under docket number 1:23-cv-00108-LMB-JFA.

gg.     "Virginia Plaintiffs" means the United States (including the "Federal

Agency Advertisers" as defined in ¶ 6(A) of the Joint Discovery Plan in the Virginia

Case, Dkt. 87), and the States of Arizona, California, Colorado, Connecticut, Illinois,

Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North

Carolina, Rhode Island, Tennessee, Washington, and West Virginia and the

Commonwealth of Virginia, and any other state that joins the Virginia Case, by and through their respective Attorneys General.

hh.     "Virginia Plaintiffs' Counsel" means "Plaintiffs' Counsel" as that term is defined in ¶ 1(p) of the Virginia Protective Order.

ii.     "Virginia Protective Order" means the Protective Order entered as docket entry 98 in the Virginia Case.

2.     <u>Shared Discovery</u>.  Notwithstanding the Protective Orders, Counsel may disclose Shared Discovery to any other Counsel, provided that Shared Discovery may not be disclosed to either (i) any Counsel representing an MDL Plaintiff as to which discovery has been stayed or has not begun; or (ii) Counsel representing Meta while the NBA Stay is in effect.

a.     Shared Discovery that was produced and designated as Confidential Information in the Virginia Case may be used in the MDL only to the extent that Confidential Information may be used under the MDL Confidentiality Order.

b.     Shared Discovery that was produced and designated as Highly Confidential Information in the Virginia Case may be used in the MDL only to the extent that Highly Confidential Information may be used under the MDL Confidentiality Order.

c.     Shared Discovery that was produced and designated as Confidential Information in the MDL may be used in the Virginia Case only to the extent that Confidential Information may be used under the Virginia Protective Order.

d.     Shared Discovery that was produced and designated as Highly Confidential Information in the MDL may be used in the Virginia Case only to the extent that Highly Confidential Information may be used under the Virginia Protective Order.

e.      Subject to sub-paragraphs 2(a)-(d), Shared Discovery that was produced in a Coordinated Case may be used in any Coordinated Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial), as if the Shared Discovery had been produced in both Coordinated Cases [***Virginia Plaintiffs' Proposal***:  , except that Shared Discovery produced in the MDL case after the Fact Discovery Cutoff in the Virginia Case may not be used by any Party in the Virginia Case, unless (1) the Shared Discovery is produced in the Virginia Case within 14 days of its receipt in the MDL, notwithstanding the close of fact discovery in the Virginia Case; <u>and</u> (2) the Shared Discovery is used in the Virginia Case only for impeachment purposes at trial and may not be admitted into evidence or used in any dispositive motion, pleading, or expert report.] [***Google's Proposal:***  . (no exception should be made)]

3.      <u>Depositions Taken During Coordinated Discovery Period</u>.  During the Coordinated Discovery Period, the following provisions shall apply:

a.      The Parties in the Coordinated Cases shall serve any Deposition Notice on all Parties in the Coordinated Cases.[1]  No Party may Notice a deposition in a Coordinated Case in which it is not a plaintiff or a defendant.  If a deposition has been Noticed in one of the Coordinated Cases, a Party in the other Coordinated Case may Cross Notice the deposition in the other Coordinated Case.

---

[1] For purposes of paragraphs 3, 4, and 5, MDL Plaintiffs collectively will be considered a "Noticing Party" or a "Non-Noticing Party," and the Discovery Steering Committee in the MDL shall act on behalf of all MDL Plaintiffs.  In addition, Virginia Plaintiffs collectively will be considered a "Noticing Party" or a "Non-Noticing Party," and the United States shall act on behalf of all Virginia Plaintiffs.

b.      No Party shall send a Deposition Notice for a deposition to be held fewer than twenty-one (21) days after the date on which the Deposition Notice is sent.

c.      If a Non-Noticing Party wishes to Cross Notice a deposition, it must do so within three (3) business days of receiving the Deposition Notice for that deposition.  A Non-Noticing Party may not Cross Notice a deposition if doing so would cause that Non-Noticing Party to exceed a Deposition Limit.

d.      If a Non-Noticing Party Cross Notices the deposition within three (3) business days of receiving the Deposition Notice, the deposition will count against any Deposition Limit applicable to that Non-Noticing Party (unless the deposition does not take place).  The deposition will also count against any Deposition Limit applicable to the Noticing Party (unless the deposition does not take place).  For the avoidance of doubt, if a Party withdraws a previously-served Notice or Cross Notice at least forty-eight (48) hours before the deposition takes place, then that deposition will not count against any Deposition Limit applicable to that Party.

e.      Any witness appearing at a Google Deposition or a Non-Party Deposition taken during the Coordinated Discovery Period cannot be compelled to sit for a second deposition in any Coordinated Case (including a second Rule 30(b)(6) deposition of the same entity on the same or substantially similar topics), absent good cause shown to the Court in the Coordinated Case for which the subsequent deposition of the witness is noticed.

f.      Notwithstanding the Protective Orders, Counsel may disclose Transcripts and exhibits from depositions taken during the Coordinated Discovery Period to any other Counsel, provided that such Transcripts and exhibits may not be disclosed to either

(i) any Counsel representing an MDL Plaintiff as to which discovery has been stayed or has not begun; or (ii) Counsel representing Meta while the NBA Stay is in effect.  Subject to the Protective Orders, Transcripts and exhibits from depositions taken in a Coordinated Case during the Coordinated Discovery Period may be used in any Coordinated Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial), as if the depositions had been taken in each of the Coordinated Cases individually.

g.      Notwithstanding any other provisions of this Order, while the NBA Stay is in effect, Meta may not Notice or Cross Notice a deposition, and Meta may not question a witness at a Google Deposition or a Non-Party Deposition (except at a Non-Party Deposition of a current or former Meta employee).

4.      <u>Time Allocations at Google Depositions Taken During Coordinated Discovery Period</u>.  During the Coordinated Discovery Period, the following provisions shall apply:

a.      If any Party Notices a Google Deposition, and no other Party Cross Notices the deposition, then the Noticing Party will have six (6) hours on the record to examine the witness, [*Virginia Plaintiffs' Proposal:*  and any Non-Noticing Party or Parties will collectively have one (1) hour on the record to examine the witness.] [*Google's Proposal:*  and any Non-Noticing Party in the Coordinated Case to which the Deposition Notice applies will have one (1) hour on the record to examine the witness.]

b.      If Virginia Plaintiffs and MDL Plaintiffs both Notice or Cross Notice a Google Deposition, and no other Party Notices or Cross Notices the deposition, then the deposition will be held for two (2) consecutive days.  [*Virginia Plaintiffs' Proposal:* Virginia Plaintiffs will have seven (7) hours on the record to examine the witness on one

day, and MDL Plaintiffs will have seven (7) hours on the record to examine the witness on the other day.] [*Google's Proposal:* Virginia Plaintiffs will have six (6) hours on the record to examine the witness, MDL Plaintiffs will have six (6) hours on the record to examine the witness, and Meta will have one (1) hour on the record to examine the witness, if Meta is deemed a Party (under paragraph 1(bb)) at the time of the deposition.]

      c.     If Virginia Plaintiffs and Meta both Notice or Cross Notice a Google Deposition, and no other Party Cross Notices the deposition, then the deposition will be held for two (2) consecutive days.  [*Virginia Plaintiffs' Proposal:* Virginia Plaintiffs will have seven (7) hours on the record to examine the witness, Meta will have six (6) hours on the record to examine the witness, and any Non-Noticing Party or Parties will collectively have one (1) hour on the record to examine the witness.] [*Google's Proposal:* Virginia Plaintiffs will have six (6) hours on the record to examine the witness, Meta will have five (5) hours on the record to examine the witness, and MDL Plaintiffs will have one (1) hour on the record to examine the witness.]

      d.     If MDL Plaintiffs and Meta both Notice or Cross Notice a Google Deposition, and no other Party Cross Notices the deposition, then [*Virginia Plaintiffs' Proposal:* MDL Plaintiffs and Meta will collectively have six (6) hours on the record to examine the witness, and any Non-Noticing Party or Parties will collectively have one (1) hour on the record to examine the witness.] [*Google's Proposal:* MDL Plaintiffs will have three and one-half (3.5) hours on the record to examine the witness, and Meta will have three and one-half (3.5) hours on the record to examine the witness.]

      e.     If Virginia Plaintiffs, MDL Plaintiffs, and Meta all Notice or Cross Notice a Google Deposition, then the deposition will be held for two (2) consecutive days.

[***Virginia Plaintiffs' Proposal:*** Virginia Plaintiffs will have seven (7) hours on the record to examine the witness, and MDL Plaintiffs and Meta will collectively have seven (7) hours on the record to examine the witness, if Meta is deemed a Party (under paragraph 1(bb)) at the time of the deposition.] [***Google's Proposal:*** Virginia Plaintiffs will have six (6) hours on the record to examine the witness, and MDL Plaintiffs and Meta will collectively have six (6) hours on the record to examine the witness.]

5.  <u>Time Allocations at Non-Party Depositions Taken During Coordinated Discovery Period</u>.  During the Coordinated Discovery Period, the following provisions shall apply:

a.      If a Party Notices a Non-Party Deposition, and no other Party Cross Notices the deposition, then the Noticing Party will have six (6) hours on the record to examine the witness, [***Virginia Plaintiffs' Proposal:*** and any Non-Noticing Party or Parties will collectively have one (1) hour on the record to examine the witness.

[***Google's Proposal:*** and any Non-Noticing Party or Parties in the Coordinated Case to which the Deposition Notice applies will collectively have one (1) hour on the record to examine the witness.]

b.      If two Parties (one of which is Google) Notice or Cross Notice a Non-Party Deposition, and no other Party Cross Notices the deposition, then Google will have three (3) hours on the record to examine the witness, the other Party that Noticed or Cross Noticed the deposition will have three (3) hours on the record to examine the witness, [***Virginia Plaintiffs' Proposal:*** and any Non-Noticing Party or Parties will collectively have one (1) hour on the record to examine the witness.] [***Google's Proposal:*** and any Non-Noticing Party or Parties in the Coordinated Case(s) to which the Deposition Notice(s) apply will collectively have one (1) hour on the record to examine the witness.]

c.      If two Parties (neither of which is Google) Notice or Cross Notice a Non-Party Deposition, and no other Party Cross Notices the deposition, then [*Virginia Plaintiffs' Proposal:* each of the Noticing or Cross Noticing Parties will have three (3) hours on the record to examine the witness, and any Non-Noticing Party or Parties (including Google) will collectively have one (1) hour on the record to examine the witness.] [*Google's Proposal:* each of the Parties that Noticed or Cross Noticed the deposition will have two and one-half (2.5) hours on the record to examine the witness, Google will have one (1) hour on the record to examine the witness, and any Non-Noticing Party in the Coordinated Case(s) to which the Deposition Notice(s) apply will have one (1) hour on the record to examine the witness.]

d.      If three Parties (one of which is Google) Notice or Cross Notice a Non-Party Deposition, and no other Party Cross Notices the deposition, then the deposition will be held for two (2) consecutive days.  Each of the Parties that Noticed or Cross Noticed the deposition will have three (3) hours on the record to examine the witness, and [*Virginia Plaintiffs' Proposal:* any Non-Noticing Party or Parties will collectively have one (1) hour on the record to examine the witness.] [*Google's Proposal:* any Non-Noticing Party in the Coordinated Case(s) to which the Deposition Notice(s) apply will have one (1) hour on the record to examine the witness.]

e.      If three Parties (none of which is Google) Notice or Cross Notice a Non-Party Deposition, and Google does not Cross Notice the deposition, then the deposition will be held for two (2) consecutive days.  [*Virginia Plaintiffs' Proposal:* Each of the Parties that Noticed or Cross Noticed the deposition will have four (4) hours on the record to examine the witness, and any Non-Noticing Party or Parties (including Google)

will collectively have one (1) hour on the record to examine the witness.  [***Google's***

***Proposal:***  Each of the Parties that Noticed or Cross Noticed the deposition will have

three (3) hours on the record to examine the witness, and Google will have one (1) hour

on the record to examine the witness.

      f.      If Google, Meta, Virginia Plaintiffs, and MDL Plaintiffs all Notice or

Cross Notice a Non-Party Deposition, then the deposition will be held for two (2)

consecutive days.  Google will have three (3) hours on the record to examine the witness,

Meta will have three (3) hours on the record to examine the witness, Virginia Plaintiffs

will have three (3) hours on the record to examine the witness, and MDL Plaintiffs will

have three (3) hours on the record to examine the witness.

6.      <u>Depositions Taken Outside Coordinated Discovery Period</u>.  Outside the

Coordinated Discovery Period, the following provisions shall apply:

      a.      The Parties in the MDL shall serve any Deposition Notice on Virginia

Plaintiffs.

      b.      Notwithstanding the Protective Orders, Counsel for any Party may obtain

Transcripts and exhibits of Google Depositions and Non-Party Depositions taken in the

MDL after the Fact Discovery Cutoff in the Virginia Case directly from the court

reporters for those depositions.

      c.      Notwithstanding the Protective Orders, Counsel may disclose Transcripts

and exhibits from depositions taken outside the Coordinated Discovery Period to any

other Counsel, provided that such Transcripts and exhibits may not be disclosed to either

(i) any Counsel representing an MDL Plaintiff as to which discovery has been stayed or

has not begun; or (ii) Counsel representing Meta while the NBA Stay is in effect.

d.      [*Virginia Plaintiffs' Proposal:*  Transcripts and exhibits from depositions taken outside the Coordinated Discovery Period may not be used in the Virginia Case for any purpose other than impeachment at trial.  For the avoidance of doubt, such Transcripts and exhibits may not be admitted into evidence at trial in the Virginia Case or otherwise used affirmatively by any Party in any dispositive motion, pleading, or expert report in the Virginia Case.] [*Google's Proposal:*  Subject to the Protective Orders, Transcripts and exhibits from depositions taken in a Coordinated Case outside the Coordinated Discovery Period may be used in any Coordinated Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial), as if the depositions had been taken in both Coordinated Cases.]

7.      Expert Discovery.  Expert Discovery shall not be shared between the Coordinated Cases pending further order.  At least ninety (90) days before Google's expert reports are due in the MDL, the Parties shall meet and confer over whether there are circumstances in which Expert Discovery may or should be shared between the Coordinated Cases.  [*Virginia Plaintiffs' Proposal*:  If Google serves an expert report in the MDL before the due date in the MDL, then it shall provide a copy of that report to Virginia Plaintiffs at the same time.] [*Google's Proposal*: (no provision is necessary)]

8.      Notice to Non-Parties.  Any Party, in conducting discovery from a non-party in connection with a Coordinated Case, shall provide the non-party from which it seeks discovery with a copy of this Order so as to inform the non-party of his, her, or its rights herein.  In addition, within three business days of this Order taking effect, the Parties shall give notice as described in the following sub-paragraphs:

a.      Virginia Plaintiffs shall give notice of this Order to (i) all persons to whom Virginia Plaintiffs provided notice of the Virginia Protective Order under paragraph 2 of that order; and (ii) all recipients of subpoenas that Virginia Plaintiffs have served in the Virginia Case before this Order took effect.

b.      MDL Plaintiffs shall give notice of this Order to (i) all persons to whom MDL Plaintiffs provided notice of the MDL Confidentiality Order under paragraph 2 of that order; and (ii) all recipients of subpoenas that MDL Plaintiffs have served in the MDL before this Order took effect.

c.      Google shall give notice of this Order to all recipients of subpoenas that Google has served in the Virginia Case and/or the MDL before this Order took effect.

9.      <u>Departure from MDL</u>.  If any case(s) currently part of the MDL are transferred to other venue(s), the Parties in the Coordinated Cases shall meet and confer with the parties to the transferred case(s) regarding whether, and on what conditions, the transferred case(s) should be coordinated with the MDL and the Virginia Case.  If all claims brought by an MDL Plaintiff are dismissed, transferred, or remanded, then that MDL Plaintiff shall be treated as a Non-Party for purposes of this Order after such dismissal, transfer, or remand.  If all claims brought against Meta in the MDL are dismissed, then Meta shall be treated as a Non-Party for purposes of this Order after such dismissal.

10.     <u>Effective Date</u>.  This Order shall not come into effect unless and until it has been entered in both the MDL and the Virginia Case.

IT IS HEREBY SO ORDERED this _____ day of _____, 2023.