# Exhibit B



April 26, 2023

Craig Reilly, Esq.
Reilly Law
209 Madison Street
Alexandria, VA 22314
craig.reilly@ccreillylaw.com

Andrew Ewalt, Esq.
Freshfields Bruckhaus Deringer LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005-3960
Andrew.Ewalt@freshfields.com

Julia Wood, Esq.
Aaron M. Teitelbaum, Esq.
United States Department of Justice
Antitrust Division
450 Fifth Street NY, Suite 7100
Washington, DC 20530
Julia.Tarver.Wood@usdoj.gov
Aaron.Teitelbaum@usdoj.gov

<u>Discovery Coordination Discussion</u>

Craig, Andy, Julia, and Aaron

  I write on behalf of the MDL Plaintiffs in *In re: Google Digital Advertising Antitrust Litigation*, md-03010-PKC, pending in the Southern District of New York (the "MDL Action") to further our conversations concerning the scope of potential coordination between that Action and the ad-tech case pending against Google in the Eastern District of Virginia, *United States v. Google*, 1:23-cv-00108-LMB-JFA (the "EDVA Action").

  While the MDL Plaintiffs believe that some level of coordination is appropriate, including for the sharing of documents and to help reduce the burden on third parties, we have significant concerns about the draft proposals you have shared with us as they relate to depositions and believe that certain aspects of the proposals would significantly prejudice the MDL Plaintiffs' right and ability to develop evidence, including as contemplated by the existing schedule in the MDL Action and the Federal Rules.

  We understand that Google will be making an application in the MDL Action and that Google and/or the EDVA Plaintiffs (hereinafter "DOJ") will be making an application in the EDVA Action on Friday, April 28.  We ask that you provide a copy of this letter to both courts to provide an overview of the MDL Plaintiffs' position.  We also plan to request from the Court in the MDL Action—where we are parties—that we be permitted to respond to Google's motion within one week, *i.e.*, on May 5, 2023.

  The MDL Plaintiffs recognize that there are substantial similarities between the claims asserted in the EDVA Action and the MDL Action even while there are some differences.  Both cases focus on Google's conduct in connection with the ad tech stack and its impact on both online publishers and advertisers, though there are some differences in the theories pursued by various parties, differences between the damages sought in the two actions, and, in the MDL



Action, some of the actions are on behalf of putative classes while there are no classes in the EDVA Action.

Procedurally, the two Actions are in quite different postures. For example, in the EDVA action, we understand that fact discovery is scheduled to close on September 8, 2023, expert discovery is to be concluded by January 12, 2024, and a final pretrial conference scheduled for January 18, 2024. In contrast, the MDL Action has a fact discovery cutoff on June 28, 2024—nine months later than in the EDVA Action—and expert discovery through December 27, 2024, followed by class certification motions which will be briefed by mid to late March 2025. Further, discovery of Meta as a party is at least largely stayed in any case in which Meta is named as a party and there is at least one consolidated case, by plaintiff Inform Inc, for which discovery is stayed pending further order of the Court and the parties' briefing on the issuance of a continued stay. Several motions to dismiss claims or portions of claims in the various MDL cases also remain pending, the outcome of which motions could impact the scope and nature of discovery.

Given the substantive similarities, it makes natural sense to coordinate the production of documents, including to ensure that all parties in both actions timely receive documents obtained in either action. We believe the parties in both Actions will be able to agree upon the sharing of document discovery (whether produced by a party or by third parties). While there are differences between the protective orders in each case, we believe that this difference is primarily an issue based on third party expectations, which can be addressed by disclosing to third parties that their documents will be provided to the parties in both actions where they would be subject to the different protective orders. While we expect that some third parties may desire different protections than are called for by the respective protective orders, those can be resolved with the third parties. Alternatively, the third parties could elect between the two protective orders for the handling of their confidential information.

The sharing of documents in a coordinated fashion should ensure that all parties benefit from the third-party productions, are involved in negotiating the scope of third-party productions they care about, and should help resolve the unfortunate delays the MDL Plaintiffs have encountered as to Google's production of documents, *e.g.*, Google has delayed more than a month in providing a simple copy of the 800,000 documents Google previously produced to DOJ but withheld from the MDL Plaintiffs (which issue is pending in the MDL Action with a letter motion to compel—Dkt. 528 in MDL 3010). Likewise, while Google has sometimes highlighted that DOJ has already engaged in over 30 depositions as part of its pre-suit investigation, Google has not provided any of those transcripts (only some of which relate directly to ad tech issues) to the MDL Plaintiffs, further putting us at a disadvantage that could be solved by the sharing of documents. Google has already received DOJ's entire investigative file, including documents produced by third parties to which MDL Plaintiffs do not have access. Likewise, Google has received "millions of [third-party] documents" collected by the State Plaintiffs during their investigation. Tr. at 11:13-12:2, *Texas v. Google*, 4:20-cv-00957 (E.D. Tex. May 6, 2021). Private plaintiffs have seen none of those documents.

With respect to depositions of third parties, we also believe that coordination where possible will help reduce the burden on many third parties for the production of documents and for producing witnesses for deposition. To achieve this goal of coordinating for third-party



discovery, however, the MDL Plaintiffs would need to be assured of a fair opportunity to both determine whether to cross-notice a third-party witness sought to be deposed in the EDVA Action and, if so, properly prepare to examine such a witness.

To do so, the parties will need to agree to procedures to allow the MDL Plaintiffs to receive copies of documents produced by the third parties (whether in Google's and DOJ's possession from investigations or discovery) and party documents (including Google's documents) relating to such third party. If the MDL Plaintiffs are provided such documents and a representation of the substantial completion of the production to us of such documents, then the MDL Plaintiffs could be in a position to join in the depositions of third-party witnesses 30 days after such exchange and representation and be able to indicate whether we cross-notice such deposition for the MDL Action within 21 days after such exchange and representation.

With respect to Google depositions, however, we see significant prejudice to the MDL Plaintiffs should the draft proposed discovery coordination procedures be adopted. This arises because of a very truncated period (commensurate with the discovery cutoff in the EDVA Action) during which significant depositions of Google witnesses would occur but without allowing the MDL Plaintiffs a fair opportunity to develop the party and third-party discovery that we need to participate meaningfully and appropriately in such a deposition or even choose whether to participate in such deposition.

This concern is far from hypothetical and instead already exacerbated by Google's discovery delays in the MDL Action where, for example, as noted above, Google has refused for more than a month to provide the MDL Plaintiffs with a mirror copy of its production of 800,000 documents already provided to DOJ in the EDVA Action with no reasonable explanation for the delay given we have simply requested an exact copy. Likewise, Google has sat for weeks on the MDL Plaintiffs' proposed search terms and custodian lists which shows that Google is not yet even substantially collecting documents (an issue which if not promptly resolved, the MDL Plaintiffs anticipate also having to bring to the Court for resolution).

Given Google's position on coordination that the MDL Plaintiffs would not be permitted (absent good cause) later to depose a witness who was deposed in the EDVA Action, we do not believe it is a mere coincidence that Google, having unsuccessfully sought to remove the EDVA Action from its "rocket docket" location, is now attempting to use the faster schedule there to suppress evidence and gain an unfair and unanticipated benefit against the MDL Plaintiffs. Google is essentially seeking to require a "use or lose" approach for key depositions of Google witnesses during the next few months (*i.e.*, the 10 witnesses whom DOJ will choose to depose) while simultaneously and without good reason substantially slowing the production of the very documents and data the MDL Plaintiffs need to be able to engage in such depositions.

Indeed, this attempt by Google to take advantage of DOJ's right under 28 U.S.C. § 1407(g) not to have its antitrust action transferred as part of an MDL would be contrary to the purpose of that statutory provision. Congress recognized that keeping DOJ's cases separate from related MDLs "may occasionally burden defendants because they may have to answer similar questions posed by both the Government and by private parties." Mem. Op., EDVA Action, Dkt. 60 at 9 (quoting legislative history of § 1407(g)). It would prejudice the MDL Plaintiffs if they were to be required to proceed on the same time frame as DOJ's separate action despite a



separately ordered schedule already established in the MDL Action, which schedule does not require the MDL Plaintiffs to take any depositions of Google at any particular time, let alone prior to having a fair opportunity to ensure that Google has produced the written discovery necessary to fairly conduct such depositions.

Sincerely,

/s/   Philip Korologos

Philip Korologos

Copy via email to:  Counsel in the MDL Action