# Exhibit C

# CRAVATH

Kevin J. Orsini
korsini@cravath.com
T+1-212-474-1596
New York

*United States v. Google*, No. 23-cv-108 (E.D. Va.) &
*In re Google Digital Advertising Antitrust Litigation*, No. 21-md-3010 (S.D.N.Y.)
RE: [Proposed] Order Regarding Coordination of Discovery

April 28, 2023

Dear Judge Castel and Judge Brinkema,

      I write on behalf of Meta Platforms, Inc. ("Meta") concerning the Proposed Order Regarding Coordination of Discovery ("Coordination Order") submitted by the parties in *United States v. Google*, No. 23-cv-108 (E.D. Va.) (the "Virginia Case"). In the Coordination Order, the parties in the Virginia Case seek to coordinate discovery between the Virginia Case and *In re: Google Digital Advertising Antitrust Litigation*, md-03010-PKC (the "MDL"). In accordance with Rule 1.A.iv of Judge Castel's Individual Practices, there is currently no upcoming conference scheduled.

      Certain Plaintiffs in the MDL have asserted claims against Meta arising out of an agreement between Meta and Google referred to as the Network Bidding Agreement ("NBA"). (*See* Advertisers' Consolidated Amended Complaint ("Advertisers' CAC"), Dkt. Nos. 399; Newspapers' Consolidated Amended Complaint ("Newspapers' CAC"), Dkt. No. 401.) Substantively identical claims had previously been asserted against Google (but not Meta) by the Attorneys General of 17 states in the MDL. (*See* States' Third Amended Complaint, Dkt. No. 195.) The Court dismissed those claims against Google with prejudice on September 13, 2022. (*See* September 13, 2022 Order, Dkt. No. 308.) Following that ruling, Meta has moved to dismiss all of the substantively identical NBA claims that have been asserted against it in the MDL. (*See* Meta's Motion to Dismiss Counts III and IV of Advertisers' CAC, Dkt. No. 460; Meta's Motion to Dismiss Count II of Newspapers' CAC, Dkt. No. 462.) Those are the only claims pending against Meta in the MDL, and the motions to dismiss have been fully briefed. While those motions are pending, all "discovery relating to the Network Bidding Agreement" has been stayed. (PTO-5, Dkt. No. 394, ¶ 3.)

      Meta is not a party to the Virginia Case but has been subpoenaed under FRCP 45 by both plaintiffs and defendant.

      Meta respectfully submits that the coordination of discovery between the Virginia Case and the MDL should not undermine Judge Castel's stay of discovery as to the NBA claims,

**NEW YORK**
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

nor should it prejudice Meta's ability to take relevant discovery if the NBA discovery stay is ultimately lifted. Unfortunately, following several meet and confers, Meta does not believe that the proposed coordination order being submitted by Google and the Department of Justice adequately addresses these concerns. Accordingly, Meta respectfully requests that in the event the Courts enter any version of the Coordination Order, that order also reflect the edits proposed in the attachment to this letter that are designed to protect Meta's rights and the discovery stay that has already been entered in the MDL.

        To begin, several of the proposed edits ensure that any coordination of discovery between the MDL and the Virginia Action does not circumvent the discovery stay in the MDL. Those proposed are as follows.

- Shared Discovery produced by Meta as a non-party in the Virginia Case should not be provided to the MDL Plaintiffs while the MDL discovery stay is in effect. (*See* Meta's Proposed Amendments to Coordination Order § 2 n.1.)

- MDL Plaintiffs may not Cross Notice or participate in any deposition of a current or former employee of Meta or of Meta's corporate designee under Federal Rule of Civil Procedure 30(b)(6) as a non-party in the Virginia Case. No materials relating to any such depositions may be disclosed to or used by MDL Plaintiffs while the MDL discovery stay is in effect. (*See id.* § 3.g.)

        The remaining changes proposed by Meta are designed to ensure that if the Court in the MDL were to deny Meta's pending motions to dismiss, Meta's ability to defend itself in the MDL would not be prejudiced once the discovery stay was lifted. In the Coordination Order proposed by Google and the Department of Justice, Meta could be required to cross-notice and participate in a deposition (or risk being unable to depose that witness in the MDL) in as few as three days after the NBA stay of discovery is lifted. (*See* Coordination Order § 3.c (noting that "a Non-Noticing Party" must "Cross Notice a deposition" is it wishes to do so "within three (3) business days of receiving the Deposition Notice for that deposition"); § 3.a ("The Parties in the Coordinated Cases shall serve any Deposition Notice on all Parties in the Coordinated Cases"); § 1.cc ("'Party' means any individual or entity that asserts a claim, or against which a claim has been asserted, in the MDL or the Virginia Case . . . provided that Meta shall not be considered a 'Party' while the NBA Stay is in effect.") That would obviously prejudice Meta, as Meta would not have the time to obtain the documents that have been produced to all the other parties in that limited amount of time, never mind review them and prepare to meaningfully participate in a fact deposition. To address this concern, Meta has proposed that the following provisions will apply in the event the stay of discovery regarding the NBA claims in the MDL is lifted:

- All Shared Discovery shall be made available to Meta no later than three (3) days after the stay is lifted. (*See* Meta's Proposed Amendments to Coordination Order §§ 1.cc, 2 n.1.)

- Meta shall be entitled to sixty (60) days after the NBA stay is lifted before it is treated as a "Party" as that term is defined in the Coordination Order (i.e., before it must make decisions about whether to cross-notice or participate in any Google or non-party depositions). (*See id.* § 1.cc.)

- Nothing in the Coordination Order shall preclude Meta from noticing a second deposition in the MDL for any Google witness or non-party witness deposed prior to sixty (60) days after the NBA Stay is lifted. (*See id.* §§ 1.cc, 3.)

Meta appreciates the opportunity to have these positions considered by both Courts and is available to discuss or provide further submissions if doing so would assist either or both Court.

Respectfully,

Kevin J. Orsini

The Honorable P. Kevin Castel
    United States District Judge
        Southern District of New York
            500 Pearl Street
                New York, New York 10007

The Honorable Leonie M. Brinkema
    United States District Judge
        Eastern District of Virginia
            401 Courthouse Square
                Alexandria, Virginia 22314

cc: All Counsel of Record (via CM/ECF)