IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 1:23-cv-00108-LMB-JFA |
| GOOGLE LLC, | ) |
| Defendant. | ) |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR ENTRY OF ORDER REGARDING COORDINATION OF DISCOVERY**

The United States and eight states initiated this action against Google in January 2023, ECF No. 1, and nine additional states joined with the filing of an amended complaint in April 2023, ECF No. 120. A multidistrict litigation pending against Google in the U.S. District Court for the Southern District of New York ("MDL") with certain similar claims and facts preceded this action. *See generally In re Google Dig. Advert. Antitrust Litig.*, 21-md-3010-PKC (S.D.N.Y.). The Court denied Google's motion to transfer this action to the Southern District of New York, finding that "Congress's clear intent to prioritize speedy and efficient resolution of government antitrust suits" outweighed concerns about "duplication of effort and use of judicial resources" stemming from this action remaining in this District. Memo. Op. Mot. Transfer, ECF No. 60, 18.

Having prevailed on the motion to transfer, plaintiffs nonetheless engaged in negotiations with Google over the possible coordination of discovery with the MDL to conserve judicial resources and the resources of non-parties where possible, while ensuring that no party receives an unfair strategic advantage (or disadvantage) as a result of the coordination. Those negotiations have yielded the proposed order at ECF No. 166-1 ("Proposed Order"), which contains substantial areas of agreement between plaintiffs and Google regarding the management of

discovery in this case and the MDL. Plaintiffs largely agree with Google that the remaining areas of dispute, noted in the proposed order in brackets, fall into three categories: (1) the appropriate use of discovery obtained in the MDL after the end of fact discovery in this action; (2) the ability to participate in depositions; and (3) the allocation of time at depositions. The Court should adopt plaintiffs' proposals on these disputed issues because they maintain a level playing field among all parties while still allowing for an appropriate degree of coordination between this case and the MDL.

## ARGUMENT

**I.     Plaintiffs' Proposed Ground Rules for Use of Depositions, Documents, and Data from the MDL Are Consistent with the Discovery Plan and Maintain a Level Playing Field in This Action, While Google's Proposals Would Effectively Make the Fact Discovery Cutoff in This Case Applicable Only to Plaintiffs.**

The first area of disagreement concerns the use of depositions, documents, and data obtained in the MDL after the fact discovery cutoff in this action. Proposed Order ¶¶ 2.e, 6.d.

**A.     Use of Documents and Data Obtained After the Fact Discovery Cutoff in This Case**

Plaintiffs' position is that documents and data produced in the MDL after the fact discovery cutoff in this case should only be usable here for impeachment purposes, and only if they are produced to plaintiffs within 14 days of receipt in the MDL. Proposed Order ¶ 2.e. Google's position is that there should be no such limitations on the use of documents and data. Google's position is untenable in light of the fact discovery cutoff of September 8, 2023, in this case. ECF No. 94. Currently, the fact discovery cutoff in the MDL is June 28, 2024, just under 10 months later. *In re Google Dig. Advert. Antitrust Litig.*, 21-md-3010-PKC, ECF No. 394. Google's position as a party in both this case and the MDL would allow it to continue to obtain relevant documents and data in the MDL, and then use them at trial in this action, while plaintiffs

here would be precluded from additional fact discovery after the cutoff this September. In effect, the discovery cutoff in this case would apply only to plaintiffs and not Google. This arrangement would be inconsistent with "the spirit behind the discovery rules, which is to promote a liberal discovery process in an effort to narrow the issues for trial and to *prevent unfair surprise*." *L.A. Terminals, Inc. v. United Nat'l Ins. Co.*, 340 F.R.D. 390, 396 (C.D. Cal. 2022) (quoting *Episcopo v. Gen. Motors Corp.*, 2004 WL 628243, *7 (N.D. Ill. Mar. 29, 2004)) (emphasis added); *see also Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014) (noting that the purpose of Rule 26(a) is to "allow the parties to adequately prepare their cases for trial and to avoid unfair surprise").

Google argues that its position is preferable because it "erects no obstacles to probative evidence being used" in this case, Google Br. 6, ECF No. 166 ("Google Br."), but this Court imposed a fact discovery cutoff on all parties, not just plaintiffs, *see* ECF No. 94. It would be unfairly prejudicial to plaintiffs to permit Google to continue gathering evidence in support of its defenses while plaintiffs' hands are tied. *See Gordon v. Target Corp.*, 318 F.R.D. 242, 246 (E.D.N.Y. 2016) (noting that the "over-arching purpose of the discovery rules is to encourage the disclosure of information and materials to avoid unnecessary surprise and to level the playing field for both parties to the litigation" (citation omitted)).

    **B.**    **Use of Depositions Taken in the MDL After the Fact Discovery Cutoff in This Case**

Like with documents and data, Google contends that depositions taken in the MDL after the fact discovery cutoff here should be admissible "as if the depositions had been taken in both" cases. Proposed Order ¶ 6.e. For substantially the same reasons as with documents and data, this position would unfairly prejudice plaintiffs in this case. Additionally, Google's position is at odds with Federal Rule of Civil Procedure 32, which provides that a deposition may not be used

3

at trial against a party unless the party "was present or represented at the taking of the deposition or had reasonable notice of it." Fed. R. Civ. P. 32(a)(1)(A). The fact discovery cutoff precludes plaintiffs from being "present or represented" at a later MDL deposition. The "reasonable notice" portion of the Rule is inapplicable because it contemplates a situation where a deposition is scheduled with insufficient lead time for a party to attend or obtain counsel, not a situation where, as here, a discovery cutoff precludes plaintiffs from participating. *See* Wright & Miller, *Federal Practice & Procedure* § 2147.1 (discussing "reasonable notice" component of Rule 32(a)(1)(A)). Here, Google would preserve for itself the right to use affirmatively testimony from MDL fact depositions at which plaintiffs in this case had no opportunity to participate or examine the witness. Such a result would undermine the parity contemplated by the Federal Rules of Civil Procedure and would be fundamentally unfair to plaintiffs.

The Court should instead adopt plaintiffs' proposal because it preserves all parties' ability to impeach witnesses based on their sworn deposition testimony, but maintains adherence to the discovery cutoff for all parties, not just plaintiffs. This arrangement treats all parties equally and reduces the chance of unfair surprise at trial. *See, e.g.*, *Gordon*, 318 F.R.D. at 246.[1]

## II. Plaintiffs' Proposals Regarding Participation in Depositions Treat the MDL and This Action As Coordinated With Respect to All Parties, Not Just Google.

Plaintiffs' position on participation in depositions treats a deposition noticed in either case as if it were noticed in both cases. *See* Proposed Order ¶¶ 4-5. This position is consistent

---

[1] Plaintiffs agree with Google that the handling of expert reports is not yet ripe for resolution, and can be addressed in the first instance through the meet and confer process. Google Br. 7, n.7. The point of disagreement relates, once again, to maintaining a level playing field. Plaintiffs' position requires sharing of expert reports that are issued in the MDL while this action is pending, to ensure that Google's experts cannot take contradictory positions in the MDL versus here. Google's position leaves open the possibility that it could serve an expert report in the MDL shortly before trial in this action without prior notice to plaintiffs here, and plaintiffs here would have no ability to evaluate whether the positions taken in that report are consistent with Google's positions in this case.

4

with the dual purposes of minimizing duplication of effort across cases while maintaining a level playing field for all parties. Google's position, by contrast, tilts the benefits of coordination toward itself. *See id.* The Court should adopt plaintiffs' position.

An example illustrates why plaintiffs' position is more reasonable and should prevail. If only one party notices a deposition of a nonparty, and no other party cross notices the deposition, plaintiffs' position permits all remaining parties—in both cases—the opportunity to ask questions for a total of one hour, divided among themselves, just as if the deposition had been noticed in both cases. Proposed Order ¶ 5.a. Google seeks to retain separation between the cases by permitting participation in that one hour of questioning only by the remaining parties *in the case where the deposition was noticed. Id.* Of course, Google is the only entity that is a party in both cases. So, the practical effect of Google's proposal is that it will *always* get to participate in that one hour of examination, while other parties will only *sometimes* get to participate. Because Google, and no other party, has optionality in deciding in which case to notice a deposition, it alone can control who participates at the deposition, while no other party can do so.

Google argues that its position is appropriate because, in the absence of a coordination order, it would be able to participate in depositions in both cases without having to share time with parties from both cases, and would be able to notice depositions in both cases. Google Br. 4-5. The problem with Google's argument is that it has chosen to seek a coordination order, and has joined with plaintiffs in proposing such an order to the Court. The question now before the Court is, to the extent that it chooses to enter a coordination order, how to coordinate discovery to promote the dual interests of efficiency and fairness. A coordination order that preserves all of Google's advantages in the absence of coordination, while conferring yet more advantages on Google and no benefit on any other party does not serve these dual interests.

### III. Plaintiffs' Proposals Regarding Deposition Time Allocations Are Fair to All Parties in Both Cases.

Plaintiffs' proposals on deposition time already confer a substantial benefit on Google by ensuring that a Google witness will only be deposed once, on two consecutive days. *See* Proposed Order ¶ 4. A Google witness will therefore only have to prepare to be deposed once, and will not face the challenge of answering questions on the same topic in two separate depositions separated by months. Third parties will receive the same benefit, plus reductions in total deposition time depending on how many parties notice the deposition. *Id.* ¶ 5. Plaintiffs' proposals otherwise allocate time equally across all parties in both cases, based only on whether a party has noticed (or cross noticed) a deposition. The Court should adopt plaintiffs' proposals because they treat all parties equally.

Google suggests that plaintiffs' proposals extend Google depositions beyond the "default" of seven hours, Google Br. 5-6, but Google ignores—only for this one point—that it is a defendant in two cases, and so is subject to having its personnel deposed on two separate occasions in the absence of a coordination order. Plaintiffs have asserted their right to litigate in this forum, and the Court appropriately rejected Google's request to have this case adjudicated alongside the MDL. Plaintiffs here should receive a full allotment of time to depose Google witnesses to ensure the effective prosecution of this enforcement action. In light of the benefits to Google of its personnel being deposed only once, this is a reasonable outcome. Google should not receive the added benefit of reduced total deposition time for its current and former employees.

## CONCLUSION

Plaintiffs respectfully request that the Court adopt their proposals in the Proposed Order, and otherwise enter the Proposed Order as jointly proposed by plaintiffs and Google.

Dated: May 4, 2023

Respectfully submitted,

| | |
|---|---|
| JESSICA D. ABER<br>United States Attorney | JASON S. MIYARES<br>Attorney General of Virginia |
| /s/ Gerard Mene<br>GERARD MENE<br>Assistant U.S. Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3777<br>Facsimile: (703) 299-3983<br>Email: Gerard.Mene@usdoj.gov | /s/ Andrew N. Ferguson<br>ANDREW N. FERGUSON<br>Solicitor General<br>STEVEN G. POPPS<br>Deputy Attorney General<br>TYLER T. HENRY<br>Assistant Attorney General |
| /s/ Julia Tarver Wood<br>JULIA TARVER WOOD<br>/s/ Aaron M. Teitelbaum<br>AARON M. TEITELBAUM<br><br>United States Department of Justice<br>Antitrust Division<br>450 Fifth Street NW, Suite 7100<br>Washington, DC 20530<br>Telephone: (202) 307-0077<br>Fax: (202) 616-8544<br>Email: Julia.Tarver.Wood@usdoj.gov<br><br>Attorneys for the United States | Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us<br><br>Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia |