IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| v. ) | No. 1:23-cv-00108-LMB-JFA |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| *Defendant*. ) | |

**DEFENDANT GOOGLE LLC'S REPLY BRIEF
IN SUPPORT OF COORDINATION ORDER**

Pursuant to the Court's Order of May 1, 2023, Dkt. 170, Defendant Google LLC ("Google") submits this reply brief in support of its motion for entry of an order regarding coordination of discovery, Dkt. 165. As explained in Google's opening brief, Google and the plaintiffs in this case ("Virginia Plaintiffs") agree on several ways that coordination could promote more efficient discovery procedures and minimize burdens on parties and non-parties here and in *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (S.D.N.Y.) (the "MDL"), but they disagree about (1) when parties may question witnesses at depositions; (2) the length of Google depositions; and (3) whether to bar preemptively all uses of evidence produced after the fact discovery cutoff in this case (other than impeachment).[1]  *See* Dkt. 166 ("Google Br."). The areas of agreement and the parties' competing proposals are reflected in the proposed Order Regarding Coordination of Discovery ("Coordination Order") that Google submitted with its motion. *See* Dkt. 165-1. Because Virginia Plaintiffs' proposals on each of the three disputed areas

---

[1] Virginia Plaintiffs also initially proposed to require Google to provide them with copies of expert reports in the MDL in certain circumstances, *see* Dkt. 165-1, ¶ 7, but they now "agree with Google that the handling of expert reports is not yet ripe for resolution," Dkt. 174 ("Pls.' Br.") at 4 n.1.

seek to leverage coordination into one-sided tactical advantages, the Court should reject them and instead enter the Coordination Order with the language that Google has proposed.

## I.    Deposition Questioning

Google proposes that a party should be able to examine witnesses at depositions if it either (a) notices or cross-notices the deposition; or (b) is a party in the case(s) where the deposition was noticed. ¶¶ 4-5[2]; Google Br. 4-5.  Virginia Plaintiffs, on the other hand, seek to make an end run around this Court's deposition limits by allowing parties to question witnesses at depositions that they have not noticed or cross noticed and that are taken in cases where they are not parties.  *See* ¶ 3(d) (counting depositions against a party's deposition limit when the party notices or cross notices them); ¶¶ 4-5 (Virginia Plaintiffs proposing to allow questioning at MDL depositions regardless of whether they send notices or cross notices).  Their proposal also would force Google to share questioning time with others, thereby depriving Google of the full time that this Court has provided for Google to question witnesses.  *Compare* Dkt. 87 ¶ 6.H (allowing Google one hour to question witnesses without noticing or cross noticing a deposition), *with* ¶ 5(c) (Virginia Plaintiffs proposing that Google and another non-noticing party share one hour of questioning time).  Virginia Plaintiffs make no effort to square their proposals with the discovery plan entered by this Court, and they miss the mark with the arguments that they do advance.

First, Virginia Plaintiffs complain that, because Google "always get[s] to participate" in deposition questioning, they should have the same opportunity.  *See* Pls.' Br. 5.  But there is a good reason for Google to examine witnesses at depositions in this case and the MDL:  as a party in both cases, it has a stake in each of them.  The same cannot be said of Virginia Plaintiffs.  They

---

[2] Unless otherwise indicated, references to "paragraphs" correspond to provisions in the Coordination Order, Dkt. 165-1.

chose not to litigate alongside the MDL Plaintiffs in the Southern District of New York, so they should not be guaranteed a right to question at depositions taken in the MDL.

Second, contrary to Virginia Plaintiffs' claim, Google does not seek to "control who participates at [a] deposition." Pls.' Br. 5. Google's proposal would allow Virginia Plaintiffs to participate in any deposition taken in this case *or the MDL*, as long as they send a notice or cross notice. *See* ¶ 3(a) (allowing any party to notice or cross notice a deposition); *id.* ¶¶ 4-5 (Google proposing to allow questioning by parties that notice or cross-notice the deposition). Cross-noticed dispositions count against any party's deposition limits, *see* ¶ 3(d), and Virginia Plaintiffs should not be able to use coordination to evade those limits, especially after they sought even tighter limits than the Court decided to impose, *see* Dkt. 87 ¶ 6.G (Virginia Plaintiffs requesting that parties be able to take a total of 20 party and non-party depositions); Dkt. 94 ¶ 7 (limiting parties to a total of 30 party and non-party depositions).

Finally, in arguing that Google's proposal "confer[s] yet more advantages on Google and no benefit on any other party," Virginia Plaintiffs fundamentally misunderstand both the proposal (which merely maintains Google's rights under the discovery plan, without creating any new "advantages") and the purposes of coordination (which are to promote efficiency and minimize burdens, not to confer litigation advantages). It is Virginia Plaintiffs that seek to use coordination to ask questions at depositions in which they would otherwise have no ability to participate, such as depositions of MDL Plaintiffs. *See* Google Br. 4. Having chosen to file their case in this Court and fought to keep it here, Virginia Plaintiffs should not now be allowed to participate in MDL depositions as if they were parties in the Southern District of New York.

## II. Time Limits for Google Depositions

When Google witnesses are deposed in both cases, Google proposes to extend those depositions from 7 hours to 12 hours. *See* ¶ 4(b), (c), (e). Based on their assumption that Google witnesses would otherwise be deposed for 14 hours,[3] Virginia Plaintiffs argue that Google is seeking an "added benefit of reduced total deposition time." Pls.' Br. 6. But it is actually Virginia Plaintiffs who would benefit from Google's proposal because they could receive 12 hours of deposition testimony from Google witnesses, rather than the 7 hours that they would receive absent coordination. *See supra* note 3. Although Virginia Plaintiffs would be able to ask questions for only 6 of the 12 hours, nothing would stop them from coordinating with MDL Plaintiffs to develop evidence in support of their claims for the entire 12 hours. To be sure, Virginia Plaintiffs may prefer to have even more time to question Google witnesses, but they fail to explain how they would be prejudiced by having 6 hours of their own time to question *plus* 6 additional hours of testimony developed by MDL Plaintiffs (who they admit are pursuing "similar" claims, *see* Pls.' Br. 1).

## III. Bar on Post-Cutoff Evidence

Virginia Plaintiffs propose to bar evidence developed in the MDL after the close of fact-discovery in this case from being used here for any purpose other than impeachment. *See* Pls. Br. 2-3; *see also* ¶¶ 2(e), 6(d). Because much of the evidence developed during that period will likely

---

[3] MDL Plaintiffs object to the Coordination Order precisely because it would encourage them to participate in Google depositions during "a very truncated period (commensurate with the discovery cutoff in the EDVA Action)." Dkt. 166-2, at 5. In light of that position, there is no basis to assume (as Virginia Plaintiffs do) that, absent coordination, MDL Plaintiffs would take the deposition of any Google witness before fact discovery closes in this case. To the contrary, absent coordination, only Virginia Plaintiffs would likely take Google depositions before the fact-discovery cutoff here, and those depositions would last for 7 hours. *See* Dkt. 87 ¶ 6.H.

come from Google, limiting its use to impeachment would allow Virginia Plaintiffs to make use of that evidence while precluding Google from doing the same.

There is no need to make that kind of asymmetric, blanket evidentiary ruling so far in advance of trial, before any party has even attempted to use evidence produced after the close of fact discovery in this case.  In deciding whether to exclude late-disclosed evidence, courts in the Fourth Circuit consider "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).  These factors can be applied only in the context of specific circumstances, not in the abstract with months still left before the end of fact discovery.  For now, it should be enough to reiterate in the Coordination Order that the Federal Rules of Civil Procedure and the Federal Rules of Evidence will govern how evidence can be used at trial, as Google has proposed.  *See* ¶¶ 2(e), 6(d).

Although Virginia Plaintiffs contend that "Google's position is untenable in light of the fact discovery cutoff of September 8, 2023," Pls. Br. 2, Google's proposal is entirely consistent with the cutoff.  The proposal does not allow for any additional fact discovery to occur in this case after the cutoff, and it permits evidence to be used only when consistent with the Rules, including their limitations on untimely disclosures.  *See* Fed. R. Civ. P. 37(c)(1).[4]  The Rules—as interpreted and applied by *Southern States* and its progeny—already guard against the "unfair surprise" that Virginia Plaintiffs seem to fear, *see* Pls.' Br. 3, and Google's proposal adds a further layer of

---

[4] Because Google proposes to allow the use of evidence only when permissible under the Rules, there is no merit to Virginia Plaintiffs' argument that "Google's position is at odds with Federal Rule of Civil Procedure 32." *See* Pls.' Br. 3-4.

protection by giving them access to all of the evidence from the MDL, *see* ¶¶ 2, 3(f), 6(b)-(d). At this early stage in the case, there is no reason to displace the careful balance struck in the Rules with the blanket ban sought by Virginia Plaintiffs.

*   *   *

For all of these reasons, Google respectfully requests that the Court enter the Coordination Order with the language that Google proposed.

Dated: May 8, 2023

Respectfully submitted,

/s/ Craig C. Reilly
CRAIG C. REILLY (VSB # 20942)
209 Madison Street
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
Email: craig.reilly@ccreillylaw.com

Eric Mahr (*pro hac vice*)
Julie Elmer (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Lauren Kaplin (*pro hac vice*)
Jeanette Bayoumi (*pro hac vice*)
Claire Leonard (*pro hac vice*)
Sara Salem (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
Email: eric.mahr@freshfields.com

*Counsel for Google LLC*