IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,   )<br>  )<br>  Plaintiffs,   )<br>  )<br>v.   )<br>  )<br>GOOGLE LLC,   )<br>  )<br>  Defendant.   )<br>_____)  | Civil Action No. 1:23cv0108 (LMB/JFA) |

## **ORDER**

This matter is before the court on Google's motion for entry of order regarding coordination of discovery. (Docket no. 165). Google has filed a brief in support of this motion describing the reasons why it believes its suggested language concerning several disputed areas should be adopted. (Docket no. 166). Plaintiffs have filed a brief arguing why they believe their suggested language should be adopted (Docket no. 174) and Google has filed a reply reasserting the arguments why its language should be adopted. (Docket no. 198). The briefs filed by the parties address the outstanding issues fully and oral argument is not needed. Accordingly, the hearing scheduled for May 12, 2023 is cancelled.

As an initial matter, the parties are to be commended for their efforts to coordinate the discovery in this case and the MDL proceeding in New York, and they have agreed to many significant issues in that regard. As stated in the proposed order, and agreed to by the parties, any order regarding coordination of discovery would not become effective until it has been entered in both this action and the MDL proceeding. (Proposed Order ¶ 10). For that reason, the undersigned will address the three areas of disagreement briefed by the parties with the hope that

1

it will form the basis for the parties to prepare an order that can be entered in this action and the MDL proceeding without further delay.[1]

**Deposition Questioning**

The first issue raised in Google's motion involves who may participate in depositions and the allocation of time for those participants. Google argues that any party may participate in a deposition as long as that party has noticed or cross-noticed the deposition or is a party in the action in which the deposition is noticed. Plaintiffs' proposal treats a deposition notice in either case as if it was noticed in both cases and therefore all parties in both actions would be able to participate in every deposition. On this issue Google has the better argument. The court has set limits on the number of depositions to be taken in this action, and plaintiffs' proposal would in essence undermine those limits. This proposed order is intended to coordinate and not consolidate the discovery in the two cases. Adopting plaintiffs' proposal would further complicate issues like the questioning of Meta in this action by the parties in the MDL proceeding where a stay order is in place, and plaintiffs in this action continuing to participate in depositions in the MDL proceeding following the close of discovery in this action.

Google's proposal does not limit who may participate in a deposition, it only requires that if a non-party to the action in which the deposition is noticed wants to participate in that deposition it must cross-notice the deposition. While it is true that Google is a party in both actions and therefore would not need to cross-notice the deposition to participate, there is nothing unfair about a party to an action being able to participate in a deposition in that action.

---

[1] Google's brief includes comments and suggested revisions to the proposed order from Meta Platforms. (Docket no. 166-3). Neither party has addressed Meta's suggestions in their briefs, and they should have a good faith consultation with Meta to see if they can agree on suggested revisions that would address Meta's concerns.

Furthermore, requiring a cross-notice by a party in the separate proceeding will provide the deponent with knowledge of who may be participating in the deposition.

**Time Limits for Google Witness Depositions**

Google has proposed that for any of its witnesses being deposed in both cases, the time period for that deposition be limited to 12 hours. Plaintiffs have proposed that the time limit should be 14 hours. On this issue plaintiffs have the better argument. While the two cases involve overlapping issues, each case has its own particular facts, circumstances, and approaches by counsel. It is not unfair to require a Google witness who has been noticed for a deposition in both cases to sit for two, seven-hour time periods for a total of 14 hours.

**Use of Documents and Data Obtained After the Close of Fact Discovery in this Case**

The parties have not been able to agree on how additional documents or data obtained during the approximately ten months between the close of fact discovery in this case and the close of fact discovery in the MDL proceeding may be used in this case. As an initial matter, the significance of this issue may not be as large as the parties claim. All discovery of factual information relating to plaintiffs' claims and Google's defenses in this action shall be completed by September 8, 2023. The parties to this action have undertaken efforts to request and obtain the discovery needed to pursue and defend their claims in this action. The court intends to enforce the discovery obligations required by the Federal Rules of Civil Procedure and make sure that information that should be provided by plaintiffs and Google is provided in a timely manner in this case. All discovery (fact and expert) will be completed in this action by January 12, 2024. A final pretrial conference will be held on January 18, 2024, and the District Judge will set the deadline for filing lists of witnesses and exhibits, which is likely to be soon

thereafter.  Once those filings have been made, any supplementation will need the agreement of the parties or leave of court.

With that background and with one caveat, plaintiffs appear to have the better argument on this issue.  The caveat is that **absent an order of the court**, plaintiffs' proposed limitation on the use of later disclosed information in the MDL proceedings should apply.  As detailed in Google's brief, there are procedures and authority that allow for the affirmative use (not just for impeachment) of "late-disclosed" evidence.  However, in this case it is appropriate that the burden should be on the party wanting to use any "late-disclosed" evidence to show good cause.

Entered this 10th day of May, 2023.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia