# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.,*<br><br>               *Plaintiffs,*<br><br>          v.<br><br>GOOGLE LLC,<br><br>               *Defendant.* | No. 1:23-cv-00108-LMB-JFA |

## DEFENDANT GOOGLE LLC'S
## ANSWER TO PLAINTIFFS' COMPLAINT

"Success is not illegal." *Epic Games, Inc. v. Apple Inc.*, 559 F. Supp. 3d 898, 922 (N.D. Cal. 2021), *aff'd in relevant part*, 2023 WL 3050076 (9th Cir. Apr. 24, 2023); *see also Verizon Commc'ns Inc. v. Law Offs. of Curtis V. Trinko, LLP*, 540 U.S. 398, 407 (2004). Yet the United States and the States, through their sprawling complaint, choose to frame Google's success as anticompetitive conduct. The Amended Complaint does this by portraying a one-sided view of a complex, multi-sided marketplace; preferencing the special interests of a few large publishers; and gerrymandering its antitrust markets to excise the many large companies that Google competes with every single day. This is fundamentally misguided and subverts fundamental principles of antitrust law that help drive economic growth and innovation. The case is also wrong on the facts, which Google looks forward to demonstrating.

This case, like another recent case, "is not only odd, but old." *New York v. Meta Platforms, Inc.*, 2023 WL 3102921, at *3 (D.C. Cir. Apr. 27, 2023). It is "old" because it is based on stale conduct, including acquisitions Google made (and that the federal government approved) fifteen years ago, and "odd" because it "concerns an industry that . . . has had rapid

growth and innovation with no end in sight." *Id.* Google's ad tech products at issue in this lawsuit enable a robust, multi-sided marketplace characterized by rapid expansion of advertising on internet pages and mobile apps that have allowed publishers to grow their sales. These Google products make it easier for advertisers to reach consumers by placing effective, user-friendly ads online and in apps; assist content publishers in generating more income from the sale of advertising space; and ensure that the interests of consumers are protected by blocking malware and offensive and inappropriate content. Because Google benefits from a free and thriving internet, it is incentivized to facilitate transactions in a way that is beneficial for all sides of the marketplace—including everyday consumers. Advertisers and publishers choose Google's ad tech products because of their quality and Google's commitment to constant innovation and improvement, not because they have no other choices or are forced to do so.

Moreover, Google's technology is not the only or even primary way that publishers and advertisers transact. Large portions of advertising dollars spent on ads shown through internet-connected devices, apps, and websites do not pass through Google's tools. They instead flow through direct sales between publishers and advertisers or through walled gardens, social networks, and more. The ad tech sector is thriving with new entrants appearing and growing. Entry and innovation are occurring, output is expanding, advertising costs are declining, and ad quality is increasing. The "influx nature of the market" alone shows that Google's "power is not durable enough to constitute monopoly power." *Epic Games, Inc. v. Apple, Inc.*, 2023 WL 3050076, at *30 (9th Cir. Apr. 24, 2023).

Despite conceding that an "open, vibrant internet is indispensable to American life," Am. Compl. ¶ 1, the 343 paragraphs of Plaintiffs' Complaint say remarkably little about how this lawsuit impacts consumers. That is because the regulatory intervention sought by Plaintiffs

would break many of the tools that facilitate the high-quality, relevant advertising that helps consumers connect with merchants. Government intervention would do significant harm to the many businesses, large and small, who choose to use Google's effective advertising services. And, the Amended Complaint conspicuously ignores internet users, the consumers who are at the heart of Google's decision-making. Plaintiffs will be unable to meet their burden of proving that consumers are harmed when Google's innovation—and the competition it has provoked—have made online ads safer, more effective, and less intrusive to consumers.

Though antitrust may currently be a topic of robust political debate, the courts are not the place to undo decades of settled law based on encouraging innovation and preserving consumer welfare, especially when "many innovations may seem anti-competitive at first but turn out to be the opposite, and the market often corrects even those that are anti-competitive." *Meta Platforms, Inc.*, 2023 WL 3102921, at *12. The Plaintiffs' extreme demands to "break up" a successful American company are unprecedented, unsupported, and unwarranted.

*     *     *

Defendant Google LLC ("Defendant" or "Google"), by and through its attorneys, respectfully submits this Answer to the Amended Complaint (ECF No. 120) ("Complaint") as set forth below. Except to the extent specifically admitted herein, Google denies each and every allegation contained in the Complaint, including any allegations contained in headings, footnotes, or otherwise not contained in one of the Complaint's 343 numbered paragraphs. Google generally denies the legal claims asserted in the Complaint and responds to the Complaint's numbered paragraphs as follows.

1.     Google admits that some online ads are bought and sold in fractions of a second using sophisticated tools and that the internet gives the public access to a large amount of

3

information. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, fourth, fifth, and six sentences of Paragraph 1 and on that basis denies those allegations. Google denies the allegations in Paragraph 1 in all other respects.

2.      Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and on that basis denies those allegations.

3.      Google admits that sophisticated tools have been developed to automate the bidding and purchasing of ad inventory. Google denies the allegations in Paragraph 3 in all other respects.

4.      Google denies the allegations in Paragraph 4.

5.      Google denies the allegations in Paragraph 5.

6.      Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 6 in all other respects.

7.      Google denies the allegations in Paragraph 7.

8.      Google denies the allegations in Paragraph 8.

9.      Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 9 and on that basis denies those allegations. Google denies the allegations in Paragraph 9 in all other respects.

10.     Google admits that the United States and Plaintiff States seek to assert various claims under federal law but denies that Google has violated any of those laws. Google denies the allegations in Paragraph 10 in all other respects.

11.     Google admits that Google Ads (formerly known as AdWords) was launched in 2000. Google lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in the third sentence of Paragraph 11 and on that basis denies those allegations. Google denies the allegations in Paragraph 11 in all other respects.

12.     Google admits that it developed an ad buying tool. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 12 and on that basis denies those allegations. Google denies the allegations in Paragraph 12 in all other respects.

13.     Google denies the allegations in Paragraph 13.

14.     Google admits that it developed a publisher ad server. Google denies the allegations in Paragraph 14 in all other respects.

15.     Google denies the allegations in Paragraph 15.

16.     Google admits that it acquired DoubleClick in 2008. Google denies the allegations in Paragraph 16 in all other respects.

17.     Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 17 in all other respects.

18.     Google admits the existence of a document containing the estimation in the sixth sentence of Paragraph 18, to which document Google refers the Court for a complete and accurate statement of its contents. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second, fifth, and eighth sentences of Paragraph 18 and on that basis denies those allegations. Google denies the allegations in Paragraph 18 in all other respects.

19.     Google denies the allegations in Paragraph 19.

20.     Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 20 in all other respects.

21.     Google denies the allegations in Paragraph 21.

22.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 22 and on that basis denies those allegations. Google denies the allegations in Paragraph 22 in all other respects.

23.     Google admits that, in 2011, it acquired Admeld Inc. Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 23 in all other respects.

24.     Google admits the existence of an auction feature called Project Bernanke. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 24 and on that basis denies those allegations. Google denies the allegations in Paragraph 24 in all other respects.

25.     Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 25 and on that basis denies those allegations. Google denies the allegations in Paragraph 25 in all other respects.

26.     Google admits that non-Google exchanges can participate in header bidding. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations

in the first and second sentences of Paragraph 26 and on that basis denies those allegations. Google denies the allegations in Paragraph 26 in all other respects.

27.     Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents. Google denies the allegations in Paragraph 27 in all other respects.

28.     Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 28 in all other respects.

29.     Google admits that its Open Bidding feature was designed to solve many of the problems associated with header bidding. Google denies the allegations in Paragraph 29 in all other respects.

30.     Google admits that it typically retains a revenue share for transactions matched through Open Bidding as consideration for the value provided by Google's service and that Open Bidding was designed to solve many of the problems associated with header bidding. Google denies the allegations in Paragraph 30 in all other respects.

31.     Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents. Google denies the allegations in Paragraph 31 in all other respects.

32.     Google denies the allegations in Paragraph 32.

33.     Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 33 in all other respects.

34.     Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 34 and on that basis denies those allegations. Google denies the allegations in Paragraph 34 in all other respects.

35.     Google admits that some publishers could set different price floors for different exchanges or buyers. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 35 and on that basis denies those allegations. Google denies the allegations in Paragraph 35 in all other respects.

36.     Google admits that as a result of its pricing rules system, Unified Pricing, publishers can no longer set different price floors for different exchanges or buyers. Google denies the allegations in Paragraph 36 in all other respects.

37.     Google denies the allegations in Paragraph 37.

38.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 38 and on that basis denies those allegations. Google denies the allegations in Paragraph 38 in all other respects.

39.     Figure 1 purports to show how advertising dollars flow through Google's ad tech tools, to which no response is required; to the extent a response is deemed necessary, Google denies that Figure 1 presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 1 in Paragraph 39. Google denies the allegations in Paragraph 39 in all other respects.

40.     Google denies the allegations in Paragraph 40.

41.     Google denies the allegations in Paragraph 41.

42.     Google admits that when a user visits a publisher's website, a series of interactions can occur that result in an ad being displayed to a user. Google further admits that publishers use a variety of products and services to help sell their display ad inventory and that advertisers use a variety of products and services to help purchase display ad inventory. Figure 2 purports to depict ad tech tools used in online digital advertising, to which no response is required; to the extent a response is deemed necessary, Google denies that Figure 2 presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 2 in Paragraph 42. Google denies the allegations in Paragraph 42 in all other respects.

43.     Google admits that an owner of a website can be referred to as a publisher. Google further admits that a graphical ad displayed on a website that is viewed in an internet browser can be referred to as a display ad and that a display ad may contain images, text, or multimedia. Google further admits that a single display ad shown to a single user on a single occasion can be referred to as an impression. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 43 and on that basis denies those allegations. Google denies the allegations in Paragraph 43 in all other respects.

44.     Google admits that some ad tech transactions may begin when a user opens a website. Google further admits that ad servers generally are responsible for selecting, in accordance with the publisher's preferences, the ads or ad providers for a particular impression. Google further admits that Google Ad Manager's ad serving functionality was developed from an ad server product that Google acquired as part of its 2008 acquisition of DoubleClick. Google denies the allegations in Paragraph 44 in all other respects.

45.     Google admits that ad servers can help facilitate the transaction of a publisher's ad inventory through both direct and indirect channels. Google further admits that indirect sales may allow publishers to sell ad space in addition to their direct sales. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and fifth sentences of Paragraph 45 and on that basis denies those allegations. Google denies the allegations in Paragraph 45 in all other respects.

46.     Google admits that indirect sales can occur via a series of interactions between ad tech tools; that automated processes that allow publishers and advertisers to transact can be referred to as programmatic buying; that ad exchanges can be used to auction ad impressions on a particular webpage; that ad exchanges can send bid requests to eligible bidders and that exchanges in general must, at some point, close the auction and choose a winner from the bids received; and that Google Ad Manager's exchange functionality is the successor to an ad exchange known as AdX. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 46 and on that basis denies those allegations. Google denies the allegations in Paragraph 46 in all other respects.

47.     Google admits that an ad server may route a publisher's available impressions to exchanges along with information about the impression and that an ad exchange may include information about the impression with its bid requests to advertiser buying tools. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth and sixth sentences of Paragraph 47 and on that basis denies those allegations. Google denies the allegations in Paragraph 47 in all other respects.

48.     Google admits that advertisers can receive and respond to bid requests using advertiser buying tools. Google further admits that advertising buying tools can assist advertisers

with connecting to ad exchanges, selecting impressions to bid on, submitting bids, and tracking the purchased impressions against the advertiser's advertising campaign goals. Google denies the allegations in Paragraph 48 in all other respects.

49.     Google admits that advertisers of all sizes use demand side platforms; that some demand side platforms provide tools that allow their users to manage their advertising purchases; and that it offers an ad buying tool known as Display & Video 360 ("DV360"). Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 49 and on that basis denies those allegations. Google denies the allegations in Paragraph 49 in all other respects.

50.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, and fourth sentences of Paragraph 50 and on that basis denies those allegations. Google denies the allegations in Paragraph 50 in all other respects.

51.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth, and fifth sentences of Paragraph 51 and on that basis denies those allegations. Google denies the allegations in Paragraph 51 in all other respects.

52.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and on that basis denies those allegations.

53.     Figure 3 purports to depict ad tech tools used in online digital advertising, to which no response is required; to the extent a response is deemed necessary, Google denies that Figure 3 presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 3 in Paragraph 53. Google denies the allegations in Paragraph 53 in all other respects.

54.     Google admits that the publisher ad server can be referred to as a "sell-side" tool and that an advertiser buying tool can be referred to as a "buy-side" tool. Google further admits that impressions offered for sale by publishers can be referred to as "inventory" and that advertisers' interest in buying impressions can be referred to as "demand." Google denies the allegations in Paragraph 54 in all other respects.

55.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and on that basis denies those allegations.

56.     Google admits that an ad exchange may hold an auction to determine the winning bidder and may send information about the winning bid back to a publisher ad server; that publisher ad servers generally are responsible for selecting, in accordance with the publisher's preferences, the ads or ad providers for a particular impression from among candidates identified through a publisher's direct and indirect sales channels; and that publisher ad servers perform a number of functions to enable them to select appropriate advertising for each impression. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 56 and on that basis denies those allegations. Google denies the allegations in Paragraph 56 in all other respects.

57.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and on that basis denies those allegations.

58.     Google admits the existence of a document containing the estimation in the third sentence of Paragraph 58, to which document Google refers the Court for a complete and accurate statement of its contents. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 58 and on that basis denies those allegations. Figure 4 purports to show how advertising dollars flow through Google's

ad tech tools, to which no response is required; to the extent a response is deemed necessary, Google denies that Figure 4 presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 4 in Paragraph 58. Google denies the allegations in Paragraph 58 in all other respects.

59.     Google denies the allegations in Paragraph 59.

60.     Google admits that some publishers use one ad server at a time to manage their web display inventory and that a publisher may, for a variety of reasons, use more than one ad server. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 60 and on that basis denies those allegations. Google denies the allegations in Paragraph 60 in all other respects.

61.     Google admits that ad exchanges compete on a variety of dimensions with a variety of advertising sales channels and sources of ad inventory. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and fourth sentences of Paragraph 61 and on that basis denies those allegations. Google denies the allegations in Paragraph 61 in all other respects.

62.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 62 and on that basis denies those allegations. Google admits that ad exchanges compete on a variety of dimensions with a variety of advertising sales channels and sources of ad inventory. Google denies the allegations in Paragraph 62 in all other respects.

63.     Google admits that many ad tech products can be used to buy or sell both open web display advertising as well as other types of advertising. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of

Paragraph 63 and on that basis denies those allegations. Google denies the allegations in Paragraph 63 in all other respects.

64.     Google admits that some of its ad tech products allow advertisers to buy both open web display advertising on third-party websites as well as advertising on Google's O&O properties. Google denies the allegations in Paragraph 64 in all other respects.

65.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and on that basis denies those allegations.

66.     Google denies the allegations in Paragraph 66.

67.     Google admits that, generally speaking, an ad exchange may be more attractive to advertisers as more publishers use it, and more attractive to publishers as more advertisers use it. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, sixth, seventh, eighth, ninth, and tenth sentences of Paragraph 67 and on that basis denies those allegations. Google denies the allegations in Paragraph 67 in all other respects.

68.     Google admits that historical data may be used to optimize bids for impressions and improve win rates for advertisers. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, sixth, and seventh sentences of Paragraph 68 and on that basis denies those allegations. Google denies the allegations in Paragraph 68 in all other respects.

69.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 69 and on that basis denies those allegations. Google denies the allegations in Paragraph 69 in all other respects.

70.     Google admits that, generally speaking, an ad exchange may be more attractive to advertisers as more publishers use it, and more attractive to publishers as more advertisers use it. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of Paragraph 70 and on that basis denies those allegations. Google denies the allegations in Paragraph 70 in all other respects.

71.     Google admits that a purpose of advertising technology is to bring together advertisers and publishers, that generally publishers may benefit when there are more advertisers to bid on their inventory, and that generally advertisers may benefit when there are more impressions to buy. Google denies the allegations in Paragraph 71 in all other respects.

72.     Google admits that ad impressions have different values to different advertisers and publishers. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of Paragraph 72 and on that basis denies those allegations. Google denies the allegations in Paragraph 72 in all other respects.

73.     Google admits that ad exchanges compete on a variety of dimensions with a variety of advertising sales channels and sources of ad inventory. Google further admits that, generally, an ad exchange may be more attractive to advertisers as more publishers use it, and more attractive to publishers as more advertisers use it. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth, seventh, and ninth sentences of Paragraph 73 and on that basis denies those allegations. Google denies the allegations in Paragraph 73 in all other respects.

74.     Google denies the allegations in Paragraph 74.

75.     Figure 5 purports to demonstrate Google's share across the ad tech industry, to which no response is required; to the extent a response is deemed necessary, Google denies that

15

Figure 5 presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 5 in Paragraph 75. Google denies the allegations in Paragraph 75 in all other respects.

76.     Google admits that Google Ads (formerly known as AdWords) was launched in 2000. Google further admits that, at some point, advertisers could purchase Google Search ads on Google Ads. Google denies the allegations in Paragraph 76 in all other respects.

77.     Google denies the allegations in Paragraph 77.

78.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and fifth sentences of Paragraph 78 and on that basis denies those allegations. Google denies the allegations in Paragraph 78 in all other respects.

79.     Google admits that it acquired DoubleClick in 2008. Google denies the allegations in Paragraph 79 in all other respects.

80.     Google denies the allegations in Paragraph 80.

81.     Google admits that the Federal Trade Commission ("FTC") investigated Google's proposed acquisition of DoubleClick. Google further admits the existence of FTC's public closing statement containing the quoted language, to which statement Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 81 in all other respects.

82.     Google admits that the FTC did not challenge Google's acquisition of DoubleClick. Google further admits the existence of FTC's public closing statement containing the quoted language, to which statement Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 82 in all other respects.

83.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 83 in all other respects.

84.    Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents. Google denies the allegations in Paragraph 84 in all other respects.

85.    Google admits that it acquired AdMob for $750 million in 2009. Google denies the allegations in Paragraph 85 in all other respects.

86.    Google admits that it acquired Invite Media in 2010. Google admits that Display & Video 360 is derived in part from its acquisition of Invite Media and was formerly known as DoubleClick Bid Manager. Google denies the allegations in Paragraph 86 in all other respects.

87.    Google admits that, in 2011, it acquired Admeld Inc. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 87 and on that basis denies those allegations. Google denies the allegations in Paragraph 87 in all other respects.

88.    Google denies the allegations in Paragraph 88.

89.    Google denies the allegations in Paragraph 89.

90.    Google denies the allegations in Paragraph 90.

91.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 91 in all other respects.

92.    Google admits the existence of a document containing the estimation in the second sentence of Paragraph 92, to which document Google refers the Court for a complete and accurate

statement of its contents. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 92 and on that basis denies those allegations. Figure 6 purports to show access to Google Ads' demand, to which no response is required; to the extent a response is deemed necessary, Google denies that Figure 6 presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 6 in Paragraph 92. Google denies the allegations in Paragraph 92 in all other respects.

93.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 93 as to what "advertisers...cannot effectively use" and on that basis denies those allegations. Google denies the allegations in Paragraph 93 in all other respects.

94.     Google admits that Google's advertiser-facing tools, like many competitive buying tools, may use historical data to attempt to model the optimal bids for impressions to improve win rates for advertisers. Google further admits the existence of a document containing the estimation appearing in footnote 10, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 94 in all other respects.

95.     Google admits that the value of different ad inventory can differ and will depend on a variety of factors including the audience. Google further admits that it hashes or encrypts the identifiers it shares with third parties in connection with publishers' impressions to ensure user privacy. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 95 and on that basis denies those allegations. Google denies the allegations in Paragraph 95 in all other respects.

96.     Google admits the existence of documents containing the estimations and quoted language in the second, third, fourth, fifth, and last sentences of Paragraph 96, to which documents Google refers the Court for a complete and accurate statement of their contents. Google denies the allegations in Paragraph 96 in all other respects.

97.     Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 97 in all other respects.

98.     Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and last sentences of Paragraph 98 and on that basis denies those allegations. Google denies the allegations in Paragraph 98 in all other respects.

99.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 99 and on that basis denies those allegations. Google denies the allegations in Paragraph 99 in all other respects.

100.    Google admits that at one time Google Ads submitted its two highest bids to Google's ad exchange. Google denies the allegations in Paragraph 100 in all other respects.

101.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 101 in all other respects.

102.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.

Google denies the allegations in the second sentence of Paragraph 102. Google denies the allegations in Paragraph 102 in all other respects.

103.    Google admits the existence of a document containing the quoted language and figures, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 103 in all other respects.

104.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 104 and on that basis denies those allegations. Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Figure 7 purports to show access to AdX, to which no response is required; to the extent a response is deemed necessary, Google denies that Figure 7 presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 7 in Paragraph 104. Google denies the allegations in Paragraph 104 in all other respects.

105.    Google further admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents. Google denies the allegations in Paragraph 105 in all other respects.

106.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 106 and on that basis denies those allegations. Google denies the allegations in Paragraph 106 in all other respects.

107.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 107 and on that basis denies those allegations. Google admits the existence of a document containing the quoted language, to

which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 107 in all other respects.

108.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 108 and on that basis denies those allegations. Google denies the allegations in Paragraph 108 in all other respects.

109.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 109 and on that basis denies those allegations. Figure 8 purports to show that Google set the rules that governed how most publisher inventory is sold, to which no response is required; to the extent a response is deemed necessary, Google denies that Figure 8 presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 8 in Paragraph 109. Google denies the allegations in Paragraph 109 in all other respects.

110.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 110 and on that basis denies those allegations. Google denies the allegations in Paragraph 110 in all other respects.

111.    Google admits that there is a practice known as "waterfalling." Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, fourth, fifth, sixth, seventh, and eighth sentences of Paragraph 111 and on that basis denies those allegations. Figure 9 purports to describe the waterfall process, to which no response is required; to the extent a response is deemed necessary, Google denies that Figure 9 presents a fair, accurate, and complete description of the matters described therein and, on that

21

basis, denies the allegations contained in Figure 9 in Paragraph 111. Google denies the allegations in Paragraph 111 in all other respects.

112.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 112 and on that basis denies those allegations. Google denies the allegations in Paragraph 112 in all other respects.

113.    Google admits that its publisher ad server originally known as DoubleClick for Publishers included a feature known as "dynamic allocation." Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents. Google denies the allegations in Paragraph 113 in all other respects.

114.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 114 and on that basis denies those allegations. Google denies the allegations in Paragraph 114 in all other respects.

115.    Google admits that its publisher ad server originally known as DoubleClick for Publishers included a feature known as "dynamic allocation" that was designed to compare real-time bids received through Google's ad exchange with a publisher's estimate of its yield from other channels, so as to maximize the publisher's revenue. Google further admits that it previously conducted a second-price auction on its ad exchange. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 115 and on that basis denies those allegations. Google denies the allegations in Paragraph 115 in all other respects.

116.    Google admits that its publisher ad server included a feature known as "dynamic allocation" that was designed to compare real-time bids received through Google's ad exchange

with a publisher's estimate of its yield from other channels. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 116 and on that basis denies those allegations. Google denies the allegations in Paragraph 116 in all other respects.

117.    Google denies the allegations in Paragraph 117.

118.    Google admits that its publisher ad server included a feature known as "dynamic allocation" that was designed to maximize the publisher's revenue. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and fourth sentences of Paragraph 118 and on that basis denies those allegations. Google denies the allegations in Paragraph 118 in all other respects.

119.    Google admits that its publisher ad server included a feature known as "dynamic allocation" that was designed to compare real-time bids received through Google's ad exchange with a publisher's estimate of its yield from other channels, so as to maximize the publisher's revenue. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fifth sentences of Paragraph 119 and on that basis denies those allegations. Google denies the allegations in Paragraph 119 in all other respects.

120.    Google admits that Google Ad Manager included a feature originally known as Enhanced Dynamic Allocation ("EDA") that permits non-guaranteed demand in Google Ad Manager to compete simultaneously with guaranteed line items in Google Ad Manager when the revenue to be derived from the non-guaranteed option was higher than the opportunity cost of not serving the guaranteed line item (without risking the fulfillment of the guarantee). Google admits the existence of a document containing the quoted language, to which document Google

refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 120 in all other respects.

121.    Google denies the allegations in the first sentence of Paragraph 121. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 121 and on that basis denies those allegations. Google denies the allegations in Paragraph 121 in all other respects.

122.    Google admits that its customers pay fees for many of the different services Google offers, and that these fees may be subject to negotiation, and therefore may vary among customers. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 122 and on that basis denies those allegations. Google denies the allegations Paragraph 122 in all other respects.

123.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 123 and on that basis denies those allegations. Google denies the allegations in Paragraph 123 in all other respects.

124.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 124 and on that basis denies those allegations. Google denies the allegations in Paragraph 124 in all other respects.

125.    Google admits that it made changes to the auction dynamics of Google Ad Manager's ad exchange in 2019. Google further admits that it shares information with bidders transacting through its platforms. Google denies the allegations in Paragraph 125 in all other respects.

126.    Figure 10 purports to show Google's "dominance", to which no response is required; to the extent a response is deemed necessary, Google denies that Figure 10 presents a

fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 10 in Paragraph 126. Google denies the allegations in Paragraph 126 in all other respects.

127.   Google admits that its ad buying tools let advertisers set parameters about their purchasing preferences, such as the audience they wish to reach and the maximum bids they are willing to submit and pay for particular types of display inventory. Google denies the allegations in Paragraph 127 in all other respects.

128.   Google denies the allegations in Paragraph 128.

129.   Google admits that advertisers typically supply Google Ads with goals and/or constraints for a given campaign, including bid amounts, and that Google Ads typically determines the precise amount to bid on any given impression on behalf of the advertiser up to their maximum bid. Google further admits that Google Ads selects a candidate from among its eligible advertisers and campaigns based upon their willingness-to-pay and a number of other factors. Google denies the allegations in Paragraph 129 in all other respects.

130.   Google admits that, prior to late 2019, AdX operated as a second-price auction. Google further admits that in a second-price auction the bidder with the highest price above the price floor wins and pays an amount equal to either the second-highest bid or the price floor. Google denies the allegations in Paragraph 130 in all other respects.

131.   Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and on that basis denies those allegations.

132.   Google admits that historically in many cases Google Ads submitted a minimum amount that it wanted to be charged for a winning bid (based on the amount of the second-highest bid in the internal Google Ads auction) along with its bids into the AdX auction, which

reduced Google Ad's margin but did not affect the amount actually paid by the winning Google Ads advertiser. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and last sentences of Paragraph 132 and on that basis denies those allegations. Google denies the allegations in Paragraph 132 in all other respects.

133.    Google admits that it provides its advertiser customers with varying types of information with which they can assess audience reach and ad performance in order to compare Google Ads with its competitors. Google denies the allegations in Paragraph 133 in all other respects.

134.    Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents. Google denies the allegations in Paragraph 134 in all other respects.

135.    Google admits the existence of documents containing the cited figures, to which documents Google refers the Court for a complete and accurate statement of their contents. Figure 11 purports to describe an analysis of Google Ads, to which no response is required; to the extent a response is deemed necessary, Google denies that Figure 11 presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 11 in Paragraph 135. Google denies the allegations in Paragraph 135 in all other respects.

136.    Google denies the allegations in Paragraph 136.

137.    Google admits that, at various times, it has adjusted Google Ads' bidding behavior in an effort to more efficiently win impressions for its customers. Google denies the allegations in Paragraph 137 in all other respects.

138.    Google admits that it supported a feature called Dynamic Revenue Share that allowed it to dynamically adjust the revenue share retained by Google. Google denies the allegations in Paragraph 138 in all other respects.

139.    Google admits that an auction feature known as Project Bernanke uses data about historical bids through Google Ads to adjust Google Ads' bids on certain auctions to increase its likelihood of winning impressions that would otherwise be won by other buying tools or go unfilled. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third, fourth, and fifth sentences of Paragraph 139 and on that basis denies those allegations. Google denies the allegations in Paragraph 139 in all other respects.

140.    Google admits that an auction feature known as Global Bernanke changed Google Ads' bidding behavior to seek a given overall average margin across all AdX publishers, while allowing variation between publishers, in an effort to win more impressions for its advertiser customers. Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents. Google denies the allegations in Paragraph 140 in all other respects.

141.    Figure 12 purports to show Dynamic Revenue Share and Project Bernanke in practice, to which no response is required; to the extent a response is deemed necessary, Google denies that Figure 12 presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 12 in Paragraph 141. Google denies the allegations in Paragraph 141 in all other respects.

142.    The allegations in the first, second, third, fourth, fifth, and sixth sentences purport to explain the Figure 12 graphic of Dynamic Revenue Share and Project Bernanke in practice, to which no response is required; to the extent a response is deemed necessary, Google denies that

27

the allegations in the first, second, third, fourth, fifth, and sixth sentences present a fair, accurate, and complete description of the matters described therein and, on that basis, denies these allegations in Paragraph 142. Google denies the allegations in Paragraph 142 in all other respects.

143.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 143 and on that basis denies those allegations. Google denies the allegations in Paragraph 143 in all other respects.

144.    Google denies the allegations in Paragraph 144.

145.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 145 and on that basis denies those allegations. Google denies the allegations in Paragraph 145 in all other respects.

146.    Google admits that, in 2011, it acquired Admeld Inc. Google denies the allegations in Paragraph 146 in all other respects.

147.    Google admits the existence of a document containing the quoted language, to which materials Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 147 in all other respects.

148.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 148 in all other respects.

149.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of Paragraph 149 and on that basis denies those allegations. Google admits the existence of a document containing the quoted language, to which document

Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 149 in all other respects.

150.    Google admits that its publisher ad server previously known as DoubleClick for Publishers included a feature known as "dynamic allocation." Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 150 in all other respects.

151.    Google admits that the Antitrust Division investigated the Admeld deal before it closed. Google admits the existence of a press release containing the quoted language, to which Google refers the Court for a complete and accurate statement of its contents. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 151, and on that basis, denies those allegations. Google denies the allegations in Paragraph 151 in all other respects.

152.    Google denies the allegations in Paragraph 152.

153.    Google denies the allegations in Paragraph 153.

154.    Google denies the allegations in Paragraph 154.

155.    Figure 13 purports to describe Google's policy with respect to AdX, to which no response is required; to the extent a response is deemed necessary, Google denies that Figure 13 presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 13 in Paragraph 155. Google denies the allegations in Paragraph 155 in all other respects.

156.    Google denies the allegations in Paragraph 156.

157.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 157 and on that basis denies those allegations. Google denies the allegations in Paragraph 157 in all other respects.

158.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 158 in all other respects.

159.    Google denies the allegations in Paragraph 159.

160.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 160 in all other respects.

161.    Google denies the allegations in Paragraph 161.

162.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 162 in all other respects.

163.    Google admits the existence of a technology known as "header bidding." Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 163 and on that basis denies those allegations. Google denies the allegations in Paragraph 163 in all other respects.

164.    Google admits that publishers, including those using Google Ad Manager, can implement header bidding by inserting code into the HTML header of their webpages and that header bidding can enable bid requests to multiple exchanges and other demand sources, with the

bid selected by the header bidding code then being passed back to the publisher's ad server. Google lacks knowledge or information sufficient to form a belief as to the truth of the second and third sentences of Paragraph 164 and on that basis denies those allegations. Google denies the allegations in Paragraph 164 in all other respects.

165.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 165 in all other respects. Figure 14 purports to describe market participants' preference for header bidding to which no response is required; to the extent a response is deemed necessary, Google denies that Figure 14 presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 14 in Paragraph 165. Google denies the allegations in Paragraph 165 in all other respects.

166.    Google denies the allegations in Paragraph 166.

167.    Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents. Google lacks information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 167, and on that basis denies the allegations. Google denies the allegations in Paragraph 167 in all other respects.

168.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 and on that basis denies those allegations.

169.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and on that basis denies those allegations.

170.     Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents. Google denies the allegations in Paragraph 170 in all other respects.

171.     Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents. Google denies the allegations in Paragraph 171 in all other respects.

172.     Figure 15 purports to describe the potential impact of header bidding, to which no response is required; to the extent a response is deemed necessary, Google denies that Figure 15 presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 15 in Paragraph 172. Google denies the allegations in Paragraph 17 in all other respects.

173.     Google denies the allegations in Paragraph 173.

174.     Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents. Google denies the allegations in Paragraph 174 in all other respects.

175.     Google denies the allegations in Paragraph 175.

176.     Google admits that it developed a feature known as Exchange Bidding to permit non-Google exchanges to bid into auctions in Google Ad Manager. Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 176 in all other respects.

177.    Google admits that Exchange Bidding was later renamed Open Bidding. Google admits that it started testing Open Bidding in 2016 and formally launched Open Bidding in April 2018. Google denies the allegations in Paragraph 177 in all other respects.

178.    Google admits that it developed Open Bidding as a competitive alternative to header bidding. Google further admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents. Google denies the allegations in Paragraph 178 in all other respects.

179.    Google admits that it designed Open Bidding to solve many of the problems associated with header bidding. Google denies the allegations in Paragraph 179 in all other respects.

180.    Google denies the allegations in Paragraph 180.

181.    Google admits that it typically charged a revenue share when an impression is filled via Open Bidding. Google denies the allegations in Paragraph 181 in all other respects.

182.    Google admits that publishers typically received payments for Open Bidding-won transactions from Google instead of a third-party exchange. Google denies the allegations in Paragraph 182 in all other respects.

183.    Google denies the allegations in Paragraph 183.

184.    Google lacks information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 184, and on that basis, denies the allegations. Google denies the allegations in Paragraph 184 in all other respects.

185.    Google denies the allegations in Paragraph 185.

186.    Google denies the allegations in Paragraph 186.

187.    Google admits that Facebook is one of Google's major competitors across multiple types of products and services. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third, fourth, and fifth sentences of Paragraph 187, and on that basis denies those allegations. Google denies the allegations in Paragraph 187 in all other respects.

188.    Google admits that "FAN" is an acronym used to refer to Facebook's ad network, Facebook Audience Network. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and fourth sentences of Paragraph 188, and on that basis denies those allegations. Google denies the allegations in Paragraph 188 in all other respects.

189.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 and on that basis denies those allegations.

190.    Google admits that "FAN" is Facebook's ad network and one of Google's major competitors across multiple types of products and services. Google admits the existence of a document containing the quoted language in the second and third sentences of Paragraph 190, to which document Google refers the Court for a complete and accurate statement of its contents. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 190. Google denies the allegations in Paragraph 190 in all other respects.

191.    Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents. Google denies the allegations in Paragraph 191 in all other respects.

192.    Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents. Google denies the allegations in Paragraph 192 in all other respects.

193.    Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents. Google denies the allegations in Paragraph 193 in all other respects.

194.    Google admits that it entered into a Network Bidding Agreement with Facebook, to which Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 194 in all other respects.

195.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 and on that basis denies those allegations.

196.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 and on that basis denies those allegations.

197.    Google denies the allegations in Paragraph 197.

198.    Google admits that its ad exchange supported a feature called Dynamic Revenue Share ("DRS") and that, if enabled by the publisher, DRS dynamically adjusts the revenue share retained by Google's ad exchange for particular impressions to allow more bids to clear applicable price floors. Google denies the allegations in Paragraph 198 in all other respects.

199.    Google admits that its ad exchange supported a feature called Dynamic Revenue Share ("DRS") and that, if enabled by the publisher, DRS dynamically adjusts the revenue share retained by Google's ad exchange for particular impressions to allow more bids to clear applicable price floors. Google denies the allegations in Paragraph 199 in all other respects.

200.    Google admits that its ad exchange supported a feature called Dynamic Revenue Share ("DRS") and that, if enabled by the publisher, DRS dynamically adjusts the revenue share retained by Google's ad exchange for particular impressions to allow more bids to clear applicable price floors. Google denies the allegations in Paragraph 200 in all other respects.

201.    Google denies the allegations in Paragraph 201.

202.    Google admits that its ad exchange supported a feature called Dynamic Revenue Share ("DRS") and that, if enabled by the publisher, DRS dynamically adjusts the revenue share retained by Google's ad exchange for particular impressions to allow more bids to clear applicable price floors. Google denies the allegations in Paragraph 202 in all other respects.

203.    Google admits that its ad exchange supported a feature called Dynamic Revenue Share ("DRS") and that, if enabled by the publisher, DRS dynamically adjusts the revenue share retained by Google's ad exchange for particular impressions to allow more bids to clear applicable price floors. Google denies the allegations in Paragraph 203 in all other respects.

204.    Google denies the allegations of Paragraph 204.

205.    Google denies the allegations in Paragraph 205.

206.    Google admits that, for a period of time, DRS was intended to apply to all AdX publishers. Google denies the allegations of Paragraph 206 in all other respects.

207.    Google denies the allegations in Paragraph 207.

208.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations of paragraph 208 in all other respects.

209.    Google admits that it operates a demand side platform known as Display & Video 360. Google lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in the second and fifth sentences of Paragraph 209 and on that basis denies those allegations. Google denies the allegations of Paragraph 209 in all other respects.

210.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 210. Google denies the allegations of paragraph 210 in all other respects.

211.    Google denies the allegations in Paragraph 211.

212.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 212 in all other respects.

213.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations of Paragraph 213 in all other respects. Figure 17 purports to describe the interaction of various ad-tech tools, to which no response is required; to the extent a response is deemed necessary, Google denies that Figure 17 presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 17 in Paragraph 213.

214.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 214 in all other respects.

215.     Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 215 in all other respects.

216.     Google admits the existence of a project known as Project Poirot. Google denies the allegations in the second sentence of Paragraph 216. Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 216 in all other respects.

217.     Google denies the allegations in Paragraph 217.

218.     Google denies the allegations in Paragraph 218.

219.     Google denies the allegations in Paragraph 219.

220.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220 and on that basis denies those allegations.

221.     Google admits the existence of a document containing the cited figures, to which document Google refers the Court for a complete and accurate statement of its contents. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 221 and on that basis denies those allegations. Google denies the allegations in Paragraph 221 in all other respects.

222.     Google admits that the auction feature known internally as Project Poirot formally launched in 2017 and was known externally as "Optimized Fixed CPM Bidding." Google denies the allegations in the second and third sentences of Paragraph 222. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of

Paragraph 222 and on that basis denies those allegations. Google denies the allegations in Paragraph 222 in all other respects.

223.    Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents. Google denies the allegations in Paragraph 223 in all other respects.

224.    Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 224 and on that basis denies those allegations.

225.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and last sentences of Paragraph 225 and on that basis denies those allegations. Google denies the allegations in Paragraph 225 in all other respects.

226.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 226 and on that basis denies those allegations. Google denies the allegations in Paragraph 226 in all other respects.

227.    Google admits that it launched "Poirot 2.0" in 2018. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 227 and on that basis denies those allegations. Google denies the allegations in Paragraph 227 in all other respects.

228.    Google denies the allegations in the first and fourth sentences of Paragraph 228. Google admits the existence of documents containing the quoted language and figures, to which

documents Google refers the Court for a complete and accurate statement of their contents. Google denies the allegations in Paragraph 228 in all other respects.

229.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of Paragraph 229 and on that basis denies those allegations. Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 229 in all other respects.

230.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 230 and on that basis denies those allegations. Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 230 in all other respects.

231.    Google admits the existence of documents containing the quoted language and figures, to which documents Google refers the Court for a complete and accurate statement of their contents. Google denies the allegations in Paragraph 231 in all other respects.

232.    Google admits that, at some point, publishers could set different price floors for different buyers. Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 232 in all other respects.

233.    Google admits that, at some point, publishers could set different price floors for different buyers. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 233 and on that basis denies those allegations. Google denies the allegations in Paragraph 233 in all other respects.

234.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234 and on that basis denies those allegations.

235.     Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 235 and on that basis denies those allegations. Google denies the allegations in Paragraph 235 in all other respects.

236.     Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google admits that, before its introduction of Unified Pricing Rules, publishers could set different price floors for different buyers. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 236 and on that basis denies those allegations. Figure 18 purports to describe the interaction of various ad-tech tools, to which no response is required; to the extent a response is deemed necessary, Google denies that Figure 18 presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 18 in Paragraph 236. Google denies the allegations in Paragraph 236 in all other respects.

237.     Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 237 and on that basis denies those allegations. Google denies the allegations in Paragraph 237 in all other respects.

238.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 238 and on that basis denies those allegations. Google admits the existence of a document containing the cited figures, to which document Google refers the Court for a complete and accurate statement of its contents. Figure 19 purports to describe Google's internal analyses, to which no response is required; to the extent a response is deemed necessary, Google denies that Figure 19 presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 19 in Paragraph 238. Google denies the allegations in Paragraph 238 in all other respects.

239.     Google admits that in March 2019 it announced some changes to its publisher ad server and ad exchange. Google admits that, before its introduction of Unified Pricing Rules, publishers could set different price floors for different buyers. Google denies the allegations in Paragraph 239 in all other respects.

240.     Google admits that its ad exchange changed from a second-price auction to a first-price auction. Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 240 and on that basis denies those allegations. Google denies the allegations in Paragraph 240 in all other respects.

241.     Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 241 in all other respects.

242.     Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents. Google denies the allegations in Paragraph 242 in all other respects.

243.     Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 243 and on that basis denies those allegations. Google denies the allegations in Paragraph 243 in all other respects.

244.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244 and on that basis denies those allegations.

245.     Google denies the allegations in Paragraph 245.

246.     Google admits that Unified Pricing Rules were released in September 2019. Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third, fourth, fifth, and sixth sentences of Paragraph 246 and on that basis denies those allegations. Google denies the allegations in Paragraph 246 in all other respects.

247.     Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 247 and on that basis denies those allegations. Google denies the allegations in Paragraph 247 in all other respects.

248.     Google denies the allegations in Paragraph 248.

43

249.    Google denies the allegations in Paragraph 249.

250.    Google admits that Google Search's results pages automatically fetch AMP-compliant pages from Google's AMP cache to optimize load time, but other search engines and platforms can use non-Google caches if they desire. Google admits that, at one point, only AMP-compliant articles were eligible for inclusion in the Top Stories carousel on Google Search's result page. Google admits that it registered ampproject.og; that the lead project developer and decision maker was a Google employee through 2018; and that control of the project has transitioned to the OpenJS Foundation. Google denies the allegations in Paragraph 250 in all other respects.

251.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 251 in all other respects.

252.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 252 in all other respects.

253.    Google denies the allegations in Paragraph 253.

254.    Google denies the allegations in the first and second sentences of Paragraph 254. Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents. Google denies the allegations in Paragraph 254 in all other respects.

255.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 255 and on that basis denies those allegations. Google denies the allegations in Paragraph 255 in all other respects.

256.     Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 256 and on that basis denies those allegations. Google denies the allegations in Paragraph 256 in all other respects.

257.     Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the eighth sentence of Paragraph 257 and on that basis denies those allegations. Figure 20 purports to describe the interaction of various ad-tech tools, to which no response is required; to the extent a response is deemed necessary, Google denies that Figure 20 presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 20 in Paragraph 257. Google denies the allegations in Paragraph 257 in all other respects.

258.     Google denies the allegations in Paragraph 258.

259.     Google admits that, in an effort to better protect user privacy, Open Bidding provides exchanges with less direct access to user information than they can obtain through header bidding. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 259 and on that basis denies those allegations. Google denies the allegations in Paragraph 256 in all other respects.

260.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 260 and on that basis denies those allegations. Google admits the existence of a document containing the quoted language, to

45

which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 260 in all other respects.

261.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 261 and on that basis denies those allegations. Google denies the allegations in Paragraph 261 in all other respects.

262.    Google denies the allegations in Paragraph 262.

263.    Google denies the allegations in Paragraph 263.

264.    Google denies the allegations in Paragraph 264.

265.    Google denies the allegations in Paragraph 265.

266.    Google denies the allegations in Paragraph 266.

267.    Google denies the allegations in Paragraph 267.

268.    Google denies the allegations in Paragraph 268.

269.    Google denies the allegations in Paragraph 269.

270.    Google denies the allegations in Paragraph 270.

271.    Google denies the allegations in Paragraph 271.

272.    Google denies the allegations in Paragraph 272.

273.    Google denies the allegations in Paragraph 273.

274.    Google denies the allegations in Paragraph 274.

275.    Google denies the allegations in Paragraph 275.

276.    Google admits the existence of a document containing the report in the second sentence of Paragraph 276, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations of Paragraph 276 in all other respects.

277.     Google denies the allegations in Paragraph 277.

278.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 278, and on that basis denies those allegations. Google denies the allegations of Paragraph 278 in all other respects.

279.     Google denies the allegations in Paragraph 279.

280.     Google denies the allegations in Paragraph 280.

281.     Google denies the allegations in Paragraph 281.

282.     Google admits that it offers a publisher ad server previously known as DoubleClick for Publishers. Google denies the allegations in Paragraph 282 in all other respects.

283.     Google admits that publisher ad servers can help publishers manage their online display advertising inventory. Google further admits that publisher ad servers can perform a number of functions to enable them to select appropriate advertising for each impression. Google denies the allegations in Paragraph 283 in all other respects.

284.     Google denies the allegations in Paragraph 284.

285.     Google denies the allegations in Paragraph 285.

286.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 286, and on that basis denies those allegations. Google denies the allegations of Paragraph 286 in all other respects.

287.     Google denies the allegations in Paragraph 287.

288.     Google denies the allegations in Paragraph 288.

289.     Google denies the allegations in Paragraph 289.

290.    Google admits it operates an ad exchange, which previously was known as DoubleClick Ad Exchange or "AdX." Google denies the allegations in Paragraph 290 in all other respects.

291.    Google admits that ad exchanges match buyers and sellers of display ads on an impression-by-impression basis in real time, typically through an auction mechanism. Google denies the allegations in Paragraph 291 in all other respects.

292.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 292, and on that basis denies those allegations. Google denies the allegations of Paragraph 292 in all other respects.

293.    Google denies the allegations in Paragraph 293.

294.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 294 and on that basis denies those allegations. Google denies the allegations of Paragraph 294 in all other respects.

295.    Google admits that there is a practice known as "waterfalling." Google denies the allegations in Paragraph 295 in all other respects.

296.    Google denies the allegations in Paragraph 296.

297.    Google admits that ad networks are used by a variety of advertisers and publishers to facilitate the purchase and sale of digital advertising and that some ad networks can use proprietary data to reach a specific audience. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth and sixth sentences of Paragraph 297 and on that basis denies those allegations. Google denies the allegations in Paragraph 297 in all other respects.

298.    Google denies the allegations in Paragraph 298.

48

299.    Google admits the existence of a document containing the analysis depicted in Figure 21, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations of Paragraph 299 in all other respects.

300.    Google denies the allegations in Paragraph 300.

301.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 301, and on that basis denies those allegations. Google denies the allegations of Paragraph 301 in all other respects.

302.    Google denies the allegations in Paragraph 302.

303.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 303 and on that basis denies those allegations.

304.    Google admits that Plaintiffs' Complaint seeks to assert various claims under federal law, but denies that Google has violated any of those laws. Google denies the allegations in Paragraph 304 in all other respects.

305.    Google admits that Plaintiffs' Complaint seeks to assert various claims under federal law, but denies that Google has violated any of those laws. Google denies the allegations in Paragraph 305 in all other respects.

306.    Google does not dispute federal subject matter jurisdiction.

307.    Google does not dispute—for purposes of this action only—the personal jurisdiction of this Court and admits that it is engaged in interstate trade and commerce. Google admits that venue is proper in the Eastern District of Virginia for purposes of this particular action under Section 12 of the Clayton Act, 15 U.S.C § 22 and 28 U.S.C. § 1391, but not that it is convenient or in the interests of justice under 28 U.S.C. § 1404(a). Google denies the allegations in Paragraph 307 in all other respects.

308.     Google admits it is a limited liability company organized and existing under the laws of the State of Delaware, and that it maintains a Mountain View, California business address; that it is a technology company that provides numerous internet-related products, including online advertising technologies; and that it is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company that is incorporated and existing under the laws of the State of Delaware and that maintains its offices in Mountain View, California. Google denies the allegations in Paragraph 308 in all other respects.

309.     Google admits that it is engaged in interstate trade and commerce. Google denies the allegations in Paragraph 309 in all other respects.

310.     Google restates its response to every allegation set forth above as if stated herein.

311.     Google denies the allegations in Paragraph 311.

312.     Google denies the allegations in Paragraph 312.

313.     Google denies the allegations in Paragraph 313.

314.     Google denies the allegations in Paragraph 314.

315.     Google denies the allegations in Paragraph 315.

316.     Google denies the allegations in Paragraph 316.

317.     Google restates its response to every allegation set forth above as if stated herein.

318.     Google denies the allegations in Paragraph 318.

319.     Google denies the allegations in Paragraph 319.

320.     Google denies the allegations in Paragraph 320.

321.     Google denies the allegations in Paragraph 321.

322.     Google denies the allegations in Paragraph 322.

323.     Google denies the allegations in Paragraph 323.

324.     Google restates its response to every allegation set forth above as if stated herein.

325.     Google denies the allegations in Paragraph 325.

326.     Google denies the allegations in Paragraph 326.

327.     Google denies the allegations in Paragraph 327.

328.     Google denies the allegations in Paragraph 328.

329.     Google denies the allegations in Paragraph 329.

330.     Google restates its response to every allegation set forth above as if stated herein.

331.     Google denies the allegations in Paragraph 331.

332.     Google denies the allegations in Paragraph 332.

333.     Google denies the allegations in Paragraph 333.

334.     Google denies the allegations in Paragraph 334.

335.     Google denies the allegations in Paragraph 335.

336.     Google restates its responses to every allegation set forth above as if stated herein.

337.     Paragraph 337 contains legal conclusions to which no response is required and, on that basis, Google denies the allegations in Paragraph 337.

338.     Google denies the allegations in Paragraph 338.

339.     Google denies the allegations in Paragraph 339.

340.     Google restates its response to every allegation set forth above as if stated herein.

341.     Google denies the allegations in Paragraph 341.

342.     Paragraph 342 sets forth the relief sought by the Plaintiffs, to which no response is required; to the extent a response is deemed necessary, Google denies the allegations contained in Paragraph 342 and denies that Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

343.    Paragraph 343 contains Plaintiffs' demand for a jury trial, to which no response is required; to the extent a response is deemed necessary, Google denies the allegations contained in Paragraph 343 and denies that Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, Google asserts the following defenses to the Complaint. Further, Google reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any additional defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## FIRST DEFENSE

The relief sought by Plaintiffs would be contrary to the public interest, harm consumers and businesses, and is otherwise inequitable, impractical, and unworkable.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to allege any legally cognizable relevant product or geographic market.

## THIRD DEFENSE

Google has never had, and is unlikely to obtain, monopoly power in any properly defined relevant market.

## FOURTH DEFENSE

Google's conduct alleged by Plaintiffs in the Complaint was lawful, justified, procompetitive, and carried out in Google's legitimate business interests and constitutes bona fide

competitive activity, the benefits of which significantly outweigh any alleged anticompetitive effects.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to allege any plausible harm to competition or consumers.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to allege a cognizable antitrust injury.

## SEVENTH DEFENSE

Plaintiffs are not entitled to injunctive relief on conduct that occurred solely in the past.

## EIGHTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## NINTH DEFENSE

Plaintiffs' damages claims are barred, in whole or in part, because as indirect purchasers, they cannot assert claims seeking damages.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, as an improper selective enforcement of antitrust laws.

## ELEVENTH DEFENSE

Plaintiffs lack standing to bring some or all of the claims alleged in the Complaint.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel and laches.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the initiation and maintenance by the Department of Justice of this investigation and litigation against Google violates the Due Process Clause of U.S. Const. amend. V and federal ethics laws and regulations, *see, e.g.*, 5 C.F.R. § 2635.101(b)(8).

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

Google reserves the right to supplement its Answer and affirmative and additional defenses with other defenses that become available or apparent in the course of investigation, preparation, and/or discovery, and to amend its Answer accordingly.

## DEMAND FOR JURY TRIAL

In accordance with the Fed. R. Civ. P. 38(b), Google demands a trial by jury on all issues so triable.

### **PRAYER FOR RELIEF**

WHEREFORE, Google prays for relief as follows:

    i.    A judgment dismissing Plaintiffs' Complaint against Google with prejudice;

    ii.    Google be awarded its attorneys' fees and costs and expenses of the suit; and

    iii.    Such other and further relief to Google as the Court deems just and proper.

Dated: May 12, 2023

Eric Mahr (*admitted pro hac vice*)
Julie Elmer (*admitted pro hac vice*)
Andrew Ewalt (*admitted pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com
julie.elmer@freshfields.com
andrew.ewalt@freshfields.com
tyler.garrett@freshfields.com

Karen L. Dunn (*admitted pro hac vice*)
Jeannie Rhee (*admitted pro hac vice*)
William Isaacson (*admitted pro hac vice*)
Joseph Bial (*admitted pro hac vice*)
Byron Becker (VSB # 93384)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street NW
Washington, DC 20006

Respectfully Submitted,

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ.
209 Madison Street
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Daniel Bitton (*admitted pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
Koren Wong-Ervin (*admitted pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW

Washington, DC 20036

Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kdunn@paulweiss.com
jrhee@paulweiss.com
wisaacson@paulweiss.com
jbial@paulweiss.com
bpbecker@paulweiss.com

Meredith Dearborn (*admitted pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (646) 432-5100
Facsimile: (202) 330-5908
mdearnborn@paulweiss.com

*Counsel for Defendant Google LLC*

Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com
kwongervin@axinn.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 12, 2023, I will electronically file the foregoing with the

Clerk of the Court using the CM/ECF system, which will send a notification of electronic filing

(NEF) to all counsel of record.

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ.
209 Madison Street
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

*Counsel for Defendant Google LLC*
