IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., | ) |
|       Plaintiffs, | ) |
|   v. | ) No. 1:23-cv-00108-LMB-JFA |
| GOOGLE LLC, | ) |
|       Defendant. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL

Pursuant to Local Civil Rule 5, Plaintiffs, through their undersigned counsel, hereby respectfully submit the instant memorandum of law in support of their motion to seal portions of their Memorandum of Law in Support of Plaintiffs' Motion for *In Camera* Inspection and To Compel Production of Documents Wrongfully Withheld as Privileged, portions of the appendix to the motion, and the exhibits referenced therein. These exhibits and the redactions in the brief and appendix contain information designated by Defendant Google or non-party Lazard Frères & Co. LLC as confidential or highly confidential under the parties' protective order (Dkt. 98 ¶ 23). The unredacted appendix, the exhibits, and the unredacted brief have been filed electronically using the sealed filing events at Dkts. 218-220, the redacted brief is filed on the public docket at Dkt. 215, and the redacted appendix is filed at Dkt. 214-1.

## INTRODUCTION

Plaintiffs' Memorandum of Law references, among other exhibits: (i) documents produced by Google during the course of the United States' pre-complaint investigation and designated by Google as highly confidential;[1] (ii) transcripts of depositions of Google employees

---

[1] Google branded all documents produced in response to the United States' civil investigative demands with a "highly confidential" label.

designated by Google as highly confidential; (iii) a document produced by non-party Lazard and designated by Lazard as highly confidential; (iv) correspondence from Google to the United States designated by Google as confidential; and (v) correspondence from the United States to Google referencing documents, deposition testimony, and correspondence designated by Google as confidential or highly confidential. Pursuant to paragraph 23 of the Protective Order (Dkt. 98), through this motion Plaintiffs inform the Court of the confidentiality designations of these materials and requests that the Court seal these exhibits from the public docket, and maintain the redacted brief on the public docket, in order to provide Google and Lazard sufficient time to provide the Court with support for the need to seal these documents. But for the requirements of the Protective Order, Plaintiffs would not seek to seal these documents.

## ARGUMENT

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The common law presumption in favor of public access can be overcome only by a showing that a litigant has "some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Accordingly, before ordering the sealing of a document, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the document[], and (3) provide specific reasons and factual findings supporting its decision to seal the document[] and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also* Local Civ. R. 5(C).

Plaintiffs do not believe the information referenced in their memorandum or the exhibits cited therein is of a type that outweighs the presumption in favor of public access. Nonetheless, because the material was designated as confidential or highly confidential by Google and Lazard, Plaintiffs have filed the present motion in accordance with their obligations under paragraph 23 of the Protective Order. As stated in the notice filed concurrently with this memorandum, any interested member of the public and any other party may indicate their position on the motion.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court seal Dkts. 218-220, and permit the redacted version of Plaintiffs' brief and appendix (Dkts. 214-1 and 215) to remain on the public docket.

Dated:  May 19, 2023

Respectfully submitted,

| | |
|---|---|
| JESSICA D. ABER<br>United States Attorney | JASON S. MIYARES<br>Attorney General of Virginia |
| /s/ Gerard Mene<br>GERARD MENE<br>Assistant U.S. Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3777<br>Facsimile: (703) 299-3983<br>Email: Gerard.Mene@usdoj.gov | /s/ Andrew N. Ferguson<br>ANDREW N. FERGUSON<br>Solicitor General<br>STEVEN G. POPPS<br>Deputy Attorney General<br>TYLER T. HENRY<br>Assistant Attorney General |
| /s/ Julia Tarver Wood<br>JULIA TARVER WOOD<br>/s/ David M. Teslicko<br>DAVID M. TESLICKO<br>ALVIN H. CHU<br>AARON M. TEITELBAUM | Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us |
| United States Department of Justice<br>Antitrust Division<br>450 Fifth Street NW, Suite 7100<br>Washington, DC 20530<br>Telephone: (202) 307-0077<br>Fax: (202) 616-8544<br>Email: Julia.Tarver.Wood@usdoj.gov | Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia |
| Attorneys for the United States | |