UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>                    *Plaintiffs*,<br><br>- *vs.* -<br><br>GOOGLE LLC,<br><br>                    *Defendant*. | No. 1:23-cv-00108-LMB-JFA |

## DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL

### STATEMENT OF MATERIAL BACKGROUND INFORMATION

In 2019, long before filing this lawsuit, the Antitrust Division of the United States Department of Justice ("DOJ") began investigating Google's ad tech business under the Antitrust Civil Process Act, 15 U.S.C. § 1311 *et seq*. During its nearly three-and-a-half-year investigation, DOJ served repeated Civil Investigative Demands ("CIDs") on Google under § 1312(a), pursuant to which Google produced millions of documents, and withheld or redacted approximately 180,000 documents, itemizing its assertions of privilege on detailed privilege logs.

Since at least April 2021, DOJ has disputed Google's privilege claims and questioned the sufficiency of Google's privilege logs (Doc. 219-2, sealed letter from DOJ to Google's outside counsel). Nevertheless, DOJ did not file a petition challenging Google's privilege claims under the Antitrust Civil Process Act, as was its right. *See* 15 U.S.C. § 1314(a). Instead, DOJ sat on this issue, waiting until well after its investigation concluded, with only a few months remaining in fact discovery, to raise it with the Court.

**MATERIAL INFORMATION REGARDING SEALING**

In support of their motion to compel *in camera* review of 21 documents that are purportedly "representative" of the roughly 180,000 documents withheld or redacted during DOJ's lengthy investigation, Plaintiffs filed a redacted brief (Dkt. No. 215), a redacted appendix (Dkt. No. 214-1), and 31 sealed exhibits (Dkt. No. 214-2). Sealed versions were also filed (Dkt. Nos. 218, 219 & 220). Plaintiffs also filed a motion to seal, brief in support, and notice of sealing motion (Dkt. Nos. 217, 221 & 222). Plaintiffs do not support filing these materials under seal but did so, they say, only to comply with their obligations under the operative Protective Order.

Google now responds to the sealing motion and shows that the sealed exhibits and redacted information should remain under seal pending further order of the Court. Because this is a discovery motion, only a "good cause" standard applies to justify sealing. Good cause to seal is established here because the documents at issue constitute confidential business information that would not have been disclosed but for DOJ's CIDs. Even if the higher common-law sealing standard were to apply, sealing would still be warranted to protect Google from competitive harm. Therefore, the motion to seal should be granted, and the sealed or redacted materials should remain sealed pending further order of the Court.

**ARGUMENT**

The sealed exhibits and redacted information in Plaintiffs' filings in support of their motion to compel constitute confidential business information that would not have been disclosed but for the DOJ's CIDs.[1] Civil discovery is not a component of a public trial. Under settled precedent,

---

[1] The CID disclosure processes are conducted like civil discovery. *See* 15 U.S.C. § 1312(c)(1)(B) ("No [CID] shall require the production of any documentary material, the submission of any answers to written interrogatories, or the giving of any oral testimony, if such material, answers, or testimony would be protected from disclosure under . . . the standards applicable to discovery requests under the Federal Rules of Civil Procedure, to the extent that the application of such

neither the common-law nor First Amendment right of access justifies access to civil discovery materials.

Civil discovery materials may be shielded from public disclosure under Rule 26(c) for "good cause." That rule specifically identifies "confidential . . . commercial information" as information that may be shielded for good cause. Fed. R. Civ. P. 26(c)(1)(G). When a discovery motion is filed, courts apply the same "good cause" standard, which allows courts to seal confidential discovery materials that are filed by the parties in support of, or in opposition to, a discovery motion upon a simple showing of "good cause."

Moreover, even if a more searching standard applied, it would be only the standard governing the common-law right of access. Under that standard, confidential business information may be sealed to protect a litigant from competitive harm. Thus, even under the common-law standard, sealing is warranted.

Accordingly, no matter which standard applies, the motion to seal should be granted.

I.  **THE PROCEDURAL REQUIREMENTS FOR SEALING HAVE BEEN MET.**

Under the local rules, a party may file a motion to seal together with the proposed sealed filings. E.D. Va. Civ. R. 5(C). Thereafter, the Court will determine whether sealing is proper.

Under Fourth Circuit law, the district court must do the following prior to sealing any items filed with the Court:

> (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

---

standards to any such demand is appropriate and consistent with the provisions and purposes of this chapter.").

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).  Each procedural requirement has been met here.

To satisfy the first procedural requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object."  *In re Knight Publ'g Co.*, 743 F.2d 231, 234 (4th Cir. 1984).  Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing or by "docketing [the sealing request] reasonably in advance of deciding the issue."  *Id.* at 235.  In accordance with the procedures in Local Civil Rule 5(C), Plaintiffs' sealing motion has been publicly docketed in advance of any ruling on sealing (Dkt. No. 217), accompanied by a notice that any party or non-party could object (Dkt. No. 222), thereby satisfying the first procedural requirement.

To satisfy the second procedural requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing.  Here, Plaintiffs used, and Google supports, limited sealing measures—sealing only the exhibits and using limited redactions to Plaintiffs' brief—which the Court should find are proper.  *See United States ex rel. Carter v. Halliburton Co.*, No. 1:11cv602, 2011 WL 8204612, *3 (E.D. Va. Nov. 29, 2011) (limited redaction approved as opposed to "sealing the brief *in toto*").  Sealing the exhibits and redacting the corresponding text are appropriate, limited means by which to protect Google's confidential business information while reasonably accommodating the public's right of access.  *See E.W., LLC v. Rahman*, No. 1:11-cv-1380, 2012 WL 3841401, at *3 (E.D. Va. Sept. 4, 2012) (granting motion to place exhibits completely under seal where they "focused almost entirely on this highly sensitive business information").  Thus, the second requirement is met.

To satisfy the third procedural requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. The legal and factual bases for sealing these exhibits are addressed below in Sections II and III.

## II. THE EXHIBITS CONTAIN CONFIDENTIAL BUSINESS INFORMATION THAT SHOULD BE PROTECTED FROM DISCLOSURE.

The competitive value of confidential business information is eroded or extinguished by public disclosure. Accordingly, federal courts will enter protective orders, including sealing orders, to protect confidential business information during the pretrial phase.

"Confidential information acquired or compiled by a corporation in the course and conduct of its business is a species of property to which the corporation has the exclusive right and benefit, and which a court of equity will protect through the injunctive process or other appropriate remedy." *Carpenter v. United States*, 484 U.S. 19, 26 (1987). The owner of confidential business information realizes value through "keeping confidential and making exclusive use" of that information. *Id*. Because public disclosure of confidential business information would deprive that owner of his exclusive use of it, the Court may protect that information through an "appropriate remedy"—here, sealing.

The sealed exhibits and corresponding redacted text in Plaintiffs' filings in support of their motion to compel reflect confidential business information that would not have been disclosed but for the DOJ's CIDs and that was produced pursuant to the protections of the Antitrust Civil Process Act, 15 U.S.C. § 1313(c)(3) (materials produced pursuant to CID may not be disclosed "without the consent of the person who produced such material"). Thus, Google is still entitled to protection of its confidential information.

Specifically, Exhibits 1, 2, 11, 12, 13, 15, 16, 17, and 29 are letters exchanged between DOJ lawyers and Google's lawyers in the confidential investigation of Google by the DOJ's

5

Antitrust Division, which are separately protected from disclosure under the Antitrust Civil Process Act. Those letters reveal non-public information about Google's business operations. Exhibits 3, 14, 18, 19, 28, 30, and 31 are excerpts from transcripts of depositions of Google employees conducted in response to CIDs issued by DOJ under the Antitrust Civil Process Act.[2] Those transcripts reveal sensitive non-public information about Google's competitive and pricing strategy, product features and launches, internal processes and operations, and proprietary technology. Federal courts have long protected a party's property interest in confidential business information that has been produced under compulsion. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (court files may be sealed to prevent them from becoming "sources of business information that might harm a litigant's competitive standing"); *Knight Publ'g*, 743 F.2d at 235 (judicial records may be sealed to prevent others from "gaining a business advantage" from materials filed with court). Plainly, unsealing these exhibits would impair the confidentiality that is essential to the value of this information.

Exhibit 4, stamped Highly Confidential, is an internal team-training materials that reference team objectives, business metrics, and strategy. (*Declaration of Dan Taylor* ¶ 5.) Exhibits 20, 23, and 26, all stamped Highly Confidential, are internal planning and strategy documents containing non-public information about possible product changes, discussions about Google's future business strategies, and pricing strategy. (*Id.*) Exhibits 5, 6, 7, 8, 9, 10, 21, 22, 24, 25, and 27, all stamped Highly Confidential, are communications discussing Google's competitive business strategy, pricing strategy, launches of new product features, potential changes to product features, or analyses of the competitive landscape. (*Id.*) Exhibit 21 also

---

[2] All these transcripts were designated Highly Confidential, except one, which was inadvertent. Google is taking steps to designate that transcript as Highly Confidential. In any event, the contents still contain confidential business information.

illustrates how, even within Google, the company takes steps to limit the dissemination of confidential information related to competitively sensitive topics such as pricing and potential product changes. Public disclosure of the information contained in the sealed exhibits and corresponding redacted text would harm Google. (*Id.* ¶ 6.) Thus, sealing is warranted to protect Google from competitive harm.

### III. REGARDLESS OF WHICH STANDARD APPLIES, THESE EXHIBITS SHOULD BE SEALED.

When deciding whether to seal a document filed with the Court, the Court must determine which sealing standard applies and then balance the litigant's need for sealing against the public's interest, if any, in having access to the sealed or redacted documents. There are three different standards: (i) the common-law right of access; (ii) the First Amendment right of access; and (iii) "good cause." The common-law and First Amendment rights of access apply only to "judicial records." As explained below in Section III.A., discovery materials may become "judicial records" prior to trial only if they are filed in support of, or in opposition to, a dispositive motion. Unless or until that happens, discovery materials involving confidential business information should remain sealed as long as the party requesting sealing shows good cause, as Google has here.

#### A. DETERMINING WHICH SEALING STANDARD APPLIES.

Whether the common-law or First Amendment right of access applies depends on the nature of the judicial proceeding for which the filing has been made: The common-law right of access applies to "all judicial records and documents," while the First Amendment right of access applies "only to particular judicial records and documents"—such as exhibits filed in connection with dispositive motions in civil cases. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988) (quotation marks omitted). Ordinarily, then, "[t]he first question in any case involving a denial of public access to judicial proceedings or materials is whether the First

Amendment right of access extends to the type of proceeding or materials to which access is sought." *In re Wash. Post Co.*, 807 F.2d 383, 388 (4th Cir. 1986). Here, however, the threshold issue is whether these exhibits have even become "judicial records." They have not.

    **1.**    **Civil Discovery Materials Are Not Inherently "Judicial Records" and Do Not Become "Judicial Records" Merely upon Being Filed in Connection with A Pretrial Motion.**

The law is well settled that civil discovery materials are not inherently "judicial records." Civil discovery generally is "conducted in private as a matter of modern practice," *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984), and discovery materials are not filed as a matter of course, Fed. R. Civ. P. 5(d)(1)(A). Therefore, discovery proceedings are "not public components of a civil trial." *See Seattle Times*, 467 U.S. at 33-35. The sealed exhibits and the corresponding redacted text in Plaintiffs' brief either relate to or are the fruits of the compulsory CID process, which is akin to civil discovery, and thus are not inherently "judicial records." *Cf.* 15 U.S.C. § 1312(c)(1)(B) (providing that "the standards applicable to discovery requests under the Federal Rules of Civil Procedure" apply to CIDs).

Nor do confidential discovery materials become "judicial records" simply because a litigant files them in connection with a pretrial motion. As the Fourth Circuit has stated, "[n]either the Supreme Court nor this Court has ever held that the mere filing of a document triggers the First Amendment guarantee of access." *Spear v. Ernst & Young (In re Pol'y Mgmt. Sys. Corp.)*, No. 94-2254, 67 F.3d 296 (table), 1995 U.S. App. LEXIS 25900, at *9 (4th Cir. Sept. 13, 1995) (unpublished) ("*PMSC*"). The Fourth Circuit has explained that the right of access depends on the type of motion before the court—dispositive or not. *See Stone*, 855 F.2d at 180-81; *United States v. Appelbaum (In re Application of United States for an Order Pursuant to 18 U.S.C. § 2703(d))*, 707 F.3d 283, 290-91 (4th Cir. 2013); *see also, e.g.*, *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 11-13 (1st Cir. 1986). That distinction is pivotal here.

*Dispositive Motions.* The First Amendment right of access applies to any discovery materials that are relied upon by the Court in deciding dispositive motions. *See Stone*, 855 F.2d at 180-81; *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 252 (4th Cir. 1988); *PMSC*, 1995 U.S. App. LEXIS 25900, at *11 & n.5. The motion pending before the Court is not a dispositive motion. Thus, the First Amendment right of access is not implicated by this discovery motion.

*Non-Dispositive Motions:* In general, exhibits used to adjudicate non-dispositive pretrial motions would be subject to the common-law right of access. *See Stone*, 855 F.2d at 180-81. But, for the reasons explained below, the common-law standard does not apply to discovery motions.

*Discovery Motions:* For documents filed with discovery motions, there is no common-law right of access. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("[W]e hold there is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions, whether these motions are case dispositive or not, but no such right as to discovery motions and their supporting documents."); *accord Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) ("material filed with discovery motions is not subject to the common-law right of access"); *Anderson*, 805 F.2d at 11 ("[T]here is no right of public access to documents considered in civil discovery motions."); *Smithkline Beecham Corp. v. Abbott Labs.*, No. 1:15-cv-360, 2017 WL 11552659, at *4 (M.D.N.C. Mar. 7, 2017) (concluding that "no public access right attaches to the documents at issue" because the documents "related to a discovery motion"). Therefore, Google submits that even the common law right of access does not apply to this discovery motion.

Instead, the sealing standard for exhibits filed with a discovery motion is the "good cause" standard set forth in Rule 26(c). *Chi. Trib. Co.*, 263 F.3d at 1315 (when sealing confidential discovery materials submitted with discovery motions, "the constitutional right of access standard

9

is identical to the Rule 26 good cause standard"). Under the Rule 26(c) "good cause" standard, the Court may order sealing to protect confidential commercial and business information.

### B. SEALING FOR "GOOD CAUSE."

Under the "good cause" standard, the Court may enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed." Fed. R. Civ. P. 26(c)(1)(G). To establish "good cause" under the Rule 26(c) standard, a party "must establish that the information sought is covered by the rule and that it will be harmed by disclosure." *Cook Grp., Inc. v. C.R. Bard, Inc. (In re Wilson)*, 149 F.3d 249, 252 (4th Cir. 1998). As shown above, the information contained in these exhibits constitutes Google's confidential business information, the public disclosure of which would cause harm to Google. (*See Declaration of Dan Taylor* ¶ 6.) Thus, Google has satisfied the "good cause" standard, and the Court can—and should—protect this information by sealing the redacted portions of Plaintiffs' brief and the accompanying exhibits.

### C. THE COURT SHOULD SEAL THE CONFIDENTIAL MATERIAL EVEN UNDER THE COMMON-LAW STANDARD.

If the Court determines that a common-law right of access applies, the Court should still seal the confidential materials. Protecting confidential business information has long been recognized as a significant private interest that overcomes the common-law right of access and justifies sealing of judicial records. *See Warner Commc'ns*, 435 U.S. at 598; *Knight Publ'g*, 743 F.2d at 235. Thus, to overcome the common-law right of access and maintain the sealing or redaction of documents, a litigant may show that these materials contain confidential business information, the disclosure of which would be harmful.

As shown in Section II above, the information and exhibits at issue contain or constitute Google's confidential business information, the value of which would be eroded or extinguished

10

by disclosure in the public judicial record. Disclosure would cause competitive harm by disincentivizing innovation and by giving unearned advantages to competitors and potential partners. Accordingly, Google has made the necessary showing to warrant keeping the exhibits and redacted information under seal under the common-law right of access standard.

## CONCLUSION

For the reasons argued above, the Court should grant the motion to seal. A proposed order is submitted herewith.

Dated: May 26, 2023

Respectfully submitted,

Eric Mahr (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Julie Elmer (*pro hac vice*)
Lauren Kaplin (*pro hac vice*)
Jeanette Bayoumi (*pro hac vice*)
Claire Leonard (*pro hac vice*)
Sara Salem (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)
209 Madison Street, Suite 501
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (*pro hac vice*)
Jeannie H. Rhee (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Joseph Bial (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Bryon P. Becker (VSB #93384)
Erica Spevack (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile (202) 223-7420
kdunn@paulweiss.com

*Counsel for Defendant Google LLC*

**(additional counsel on next page)**

Bradley Justus (VSB # 80533)
Koren Wong-Ervin (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com