UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>                   *Plaintiffs,*<br><br>   - against -<br><br>GOOGLE LLC,<br><br>                   *Defendant.* | No. 1:23-cv-00108-LMB-JFA |

**DECLARATION OF DAN TAYLOR IN SUPPORT OF**
**DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL**

I, DAN TAYLOR, declare as follows:

      1.    I am a Vice President of Global Ads at Google LLC ("Google"). I have been employed by Google since August 2006 and have held my current position since May 2021. I submit this Declaration in support of Google's Response to Plaintiffs' Motion to Seal (Dkt. No. 217). Based on my work at Google, I have personal knowledge of the company's practices and procedures for maintaining the confidentiality of its strategic, business, and financial information, as well as the impact of publicly disclosing such information. The contents of this Declaration are true and correct to the best of my knowledge, information, and belief, and are based on Google's policies and practices as they relate to the treatment of confidential information, the materials that were provided to me and reviewed by me, and/or informed by conversations with other knowledgeable employees of Google. If called upon as a witness in this action, I could and would testify competently thereto.

      2.    Google follows a strict practice that requires confidential treatment of all internal non-public financial information; confidential commercial proposals to third parties and

1

confidential agreements with third parties; internal business analyses of customer spending, revenue, pricing, industry conditions, and opportunities; and internal strategic business plans, including potential product changes. In my experience and to the best of my knowledge, Google does not disclose documents of this nature outside of the company, with the exception of certain documents that Google shares with partners or fiduciaries, subject to further confidentiality requirements.

3. I have reviewed Plaintiffs' sealed Memorandum of Law in Support of Plaintiff's Motion for *In Camera* Inspection and to Compel Production of Documents Wrongfully Withheld as Privileged (Dkt. No. 220) and the sealed exhibits thereto (Dkt. No. 219).

4. Redacted portions of the Memorandum of Law contain information drawn from the sealed exhibits. The sealed exhibits contain confidential business information, including non-public discussions about Google's competitive strategy, pricing strategy, potential policy or product feature changes, internal processes and operations, and proprietary technology.

5. Specifically, Exhibit 4, stamped Highly Confidential, is an internal team training referencing non-public team objectives, business metrics, and strategy. Exhibits 20, 23, and 26, all stamped Highly Confidential, are internal planning and strategy documents containing non-public information about possible product changes, discussions about future business strategies, and pricing strategy. Exhibits 5, 6, 7, 8, 9, 10, 21, 22, 24, 25, and 27, all stamped Highly Confidential, are communications discussing Google's competitive business strategy, pricing strategy, launches of new product features, potential changes to product features, or analyses of the competitive landscape. Exhibit 21 also illustrates how, even within Google, the company takes steps to limit the dissemination of confidential information related to competitively sensitive topics such as pricing and potential product changes.

6. Public disclosure of the information contained in Exhibits 4, 5, 6, 7, 8, 9, 10, 20, 21, 22 23, 24, 25, 26, and 27, and the redacted portions of the Memorandum of Law corresponding to those exhibits, would harm Google. Disclosure would allow competitors access to Google's proprietary information and disincentivize innovation. Disclosure would also give both competitors and potential business partners an unfair advantage in future negotiations with Google.

7. I believe that the requested relief is narrowly tailored and seeks to seal only information that would harm Google if publicly disclosed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 26, 2023, in Baltimore, Maryland

_____
Dan Taylor