UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*, <br><br> *Plaintiffs*, <br><br> vs. <br><br> GOOGLE LLC, <br><br> *Defendant*. | No: 1:23-cv-00108-LMB-JFA |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT GOOGLE LLC'S MOTION TO SEAL**

Pursuant to Local Civil Rule 5(C), Defendant Google LLC ("Google") submits this Memorandum in Support of its Motion to Seal. Google seeks leave to file a redacted Opposition to Plaintiffs' Motion for *In Camera* Inspection and to Compel Production of Documents Withheld As Privileged, and certain sealed exhibits submitted in support thereof. For the reasons stated below, Google respectfully requests that the Court grant the Motion.

**LEGAL STANDARD**

Before allowing documents to be filed under seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

Civil discovery materials may be shielded from public disclosure under Rule 26(c) for "good cause." That rule specifically identifies "confidential . . . commercial information" as information that may be shielded for good cause. Fed. R. Civ. P. 26(c)(1)(G). The rule also

1

extends to the protection of privacy rights.  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984) ("Although [Rule 26(c)] contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule.").  When a discovery motion is filed, courts apply the same "good cause" standard, which allows courts to seal confidential discovery materials that are filed by the parties in support of, or in opposition to, a discovery motion upon a simple showing of "good cause."

Separately, under the common-law standard, a trial court may "seal documents if the public's right of access is outweighed by competing interests."  *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

## ARGUMENT

Google respectfully requests that the Court grant Google's Motion to Seal because all three requirements from *Ashcraft* are satisfied here and sealing is appropriate both under the "good cause" and common-law standards.

### I. Google Has Satisfied *Ashcraft's* Procedural Requirements for Sealing.

*First*, Google has provided public notice of its request to seal, and interested parties will have an opportunity to object.  Pursuant to Local Civil Rule 5(C), Google has publicly filed a Notice of Motion to Seal.  Entry of that Notice and the supporting documents onto the Court's public docket will notify any interested parties of Google's sealing motion and provide interested persons with "an opportunity to object." *Knight Publ'g*, 743 F.2d at 234.

*Second*, Google has limited its sealing request to confidential material referenced in its Opposition and attached exhibits.  The proposed redactions will still provide the public access to Google's Opposition, and legal arguments in support, while protecting Google's confidential and commercially sensitive business information and the privacy of its employees.  *United States ex*

*rel. Carter v. Halliburton Co.*, 2011 WL 8204612, *3 (E.D. Va. Nov. 29, 2011) (limited redaction approved as opposed to "sealing the brief *in toto*"). Google's proposal to place certain exhibits completely under seal is necessary and appropriate because those exhibits are almost entirely focused on Google's sensitive confidential business information. *See E.W., LLC v. Rahman*, 2012 WL 3841401, at *3 (E.D. Va. Sept. 4, 2012) (granting motion to place exhibits completely under seal where they "focused almost entirely on [] highly sensitive business information"). Accordingly, Google has proposed the least drastic method to protect its confidential information and the public's right of access.

**Third**, as detailed in Section II, Google has provided the specific reasons supporting its sealing request. In accordance with Local Civil Rule 5(C), Google has provided a proposed order containing the required findings.

## II.   Google's Confidential Information that Should Be Protected from Public Disclosure.

"Confidential information acquired or compiled by a corporation in the course and conduct of its business is a species of property to which the corporation has the exclusive right and benefit, and which a court of equity will protect through the injunctive process or other appropriate remedy." *Carpenter v. United States*, 484 U.S. 19, 26 (1987) (citation omitted). The owner of confidential business information realizes value through "keeping confidential and making exclusive use" of that information. *Id*. Because public disclosure of confidential business information would deprive that owner of his exclusive use of it, the Court may protect that information through an "appropriate remedy"—here, sealing.

Federal courts have long protected a party's property interest in confidential business information that has been produced under compulsion. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (court files may be sealed to prevent them from becoming "sources of

3

business information that might harm a litigant's competitive standing"); *Knight Publ'g*, 743 F.2d at 235 (judicial records may be sealed to prevent others from "gaining a business advantage" from materials filed with court). As set forth below, Google seeks to seal and redact (i) sensitive confidential business information that would not have been disclosed but for the Department of Justice's ("DOJ's") Civil Investigative Demands ("CIDs")[1] and the commencement of this lawsuit and (ii) the identity of its employees in order to protect their privacy:

- **Exhibit A** is a declaration from a Google in-house attorney submitted in support of Google's Opposition. The declaration reveals sensitive non-public information about Google's evaluation of possible remedies for potential settlement of active government investigations and in anticipation of litigation.

- **Exhibits B and C,** designated "Highly Confidential," consist of one transcript and excerpts of another transcript from depositions of Google employees conducted in connection with DOJ's CIDs, which were issued under the Antitrust Civil Process Act, 15 U.S.C. 1311 *et seq.* ("ACPA"). The transcripts reveal sensitive non-public information about Google's competitive strategy, proprietary product features and potential changes thereto, internal processes and operations, and proprietary technology. Exhibit B, the transcript of a Google 30(b)(6) Deposition, also reveals strategic responses to ongoing regulatory investigations.

Public disclosure of the sensitive confidential business information contained in the depositions and declaration would harm Google, potentially placing it at a competitive disadvantage. Accordingly, sealing Exhibits A, B, and C is appropriate. *E.g.*, *In re Zetia (Ezetimibe) Antitrust Litig.*, 2020 WL 1558123, at *1 (E.D. Va. Feb. 7, 2020) (granting motion to seal "confidential communications and information that are not generally known," the disclosure of which "would cause competitive harm" and place party "at a competitive disadvantage");

---

[1] The CID disclosure processes are conducted like civil discovery. *See* 15 U.S.C. § 1312(c)(1)(B) ("No [CID] shall require the production of any documentary material, the submission of any answers to written interrogatories, or the giving of any oral testimony, if such material, answers, or testimony would be protected from disclosure under . . . the standards applicable to discovery requests under the Federal Rules of Civil Procedure, to the extent that the application of such standards to any such demand is appropriate and consistent with the provisions and purposes of this chapter.").

*Halozyme, Inc. v. Matal*, 2017 WL 8772044, at *1 (E.D. Va. Oct. 10, 2017) (granting motion to seal documents "appear[ing] to contain confidential and commercially sensitive information").

As to the Opposition itself, Google only requests sealing employees' names in order to protect their privacy. The Supreme Court has long recognized that "discovery also may seriously implicate privacy interests of litigants and third parties" and permit "litigants to obtain—incidentally or purposefully—information that not only is irrelevant but if publicly released could be damaging to reputation and privacy." *Seattle Times*, 467 U.S. at 35. Due to the irrelevance of the names of employees and the potential harm posed by disclosure, courts typically grant similarly limited requests to seal. *E.g.*, *Mondragon v. Scott Farms, Inc.*, 2019 WL 489117, at *13 (E.D.N.C. Feb. 7, 2019) (finding sealed filing that "redacts only the names of employees who are not parties to this action" "adequately balances the public's right to access judicial records and the privacy of employees").

Sealing the names of Google employees is also consistent with Judge Castel's sealing practice in the MDL litigation in the Southern District of New York. *See* Order at 9, *In re Google Digit. Advert. Litig.*, 1:21-md-03010-PKC (S.D.N.Y. Oct. 15, 2021), ECF No. 147 (granting motion to seal names of Google employees because "[n]on-parties to an action may have 'significant privacy interests' that favor redaction of identifying information. . . . The names and contact information of these employees have no apparent bearing on any issue in this dispute. The privacy interests of these Google employees outweighs the strong presumption of public access.") (citation omitted). This Court previously indicated that it would also be inclined to continue to seal the names of Google employees to be consistent with Judge Castel's sealing orders. *See* Tr. of Mot. Transfer & Mot. Seal at 27, ECF No. 59 (explaining that Judge Castel

5

grants motions to seal employee names and ruling that "I'm going to go with what he's already done to reduce this problem with inefficiencies and with inconsistent rulings").

### III. Sealing is Justified Under Both the Good Cause and Common-Law Standards

Prior to sealing a document filed with the Court, the Court must determine which sealing standard applies. There are three different standards: (i) First Amendment, (ii) common-law, and (iii) good cause. The first two, the First Amendment and common-law rights of access, apply only to "judicial records." Non-judicial records, like the discovery documents at issue here, are governed by Rule 26's "good cause" standard. *See, e.g.*, *Smithkline Beecham Corp. v. Abbott Labs.*, 2017 WL 11552659, at *3-4 (M.D.N.C. Mar. 7, 2017). Discovery materials only become "judicial records" prior to trial only if they are filed in support of, or in opposition to, a dispositive motion.

Civil discovery generally is "conducted in private as a matter of modern practice," *Seattle Times*, 467 U.S. at 33, and discovery materials are not filed as a matter of course, Fed. R. Civ. P. 5(d)(1)(A). Therefore, discovery proceedings are "not public components of a civil trial." *See Seattle Times*, 467 U.S. at 33. The sealed exhibits and the corresponding redacted text in Google's Opposition either relate to or are the fruits of the compulsory CID process, which is akin to civil discovery, and thus are not inherently "judicial records." *Cf.* 15 U.S.C. § 1312(c)(1)(B) (providing that "the standards applicable to discovery requests under the Federal Rules of Civil Procedure" apply to CIDs).

For documents filed with discovery motions, there is no common-law right of access. *See Smithkline*, 2017 WL 11552659, at *4 (concluding that "no public access right attaches to the documents at issue" because the documents "related to a discovery motion"); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("[W]e hold there is a

presumptive right to public access to all material filed in connection with nondiscovery pretrial motions, whether these motions are case dispositive or not, but no such right as to discovery motions and their supporting documents."); *accord Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) ("material filed with discovery motions is not subject to the common-law right of access"); *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 11 (1st Cir. 1986) ("[T]here is no right of public access to documents considered in civil discovery motions.").

Therefore, the sealing standard for exhibits filed with a discovery motion is the "good cause" standard set forth in Rule 26(c).

### A.   Sealing for "Good Cause" is Appropriate.

Under the "good cause" standard, the Court may enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed." Fed. R. Civ. P. 26(c)(1)(G).  To establish "good cause" under the Rule 26(c) standard, a party "must establish that the information sought is covered by the rule and that it will be harmed by disclosure." *In re Wilson*, 149 F.3d 249, 252 (4th Cir. 1998).  As shown above, the information contained in Exhibits B and C constitutes Google's confidential business information, the public disclosure of which would cause harm to Google.  Furthermore, Google only seeks to redact limited information in the Opposition implicating the privacy rights of its employees, information that is not relevant and could be damaging to the employees' privacy if publicly disclosed.  Thus, Google has satisfied the "good cause" standard, and the Court can—and should—protect this information by sealing the redacted portions of Plaintiffs' brief and the accompanying exhibits.

### B. Sealing Under the Common-Law Right of Access is Also Appropriate.

The Court should still seal Google's confidential materials even if it determines Google's documents qualify as judicial records. The First Amendment right of access does not extend to civil, non-dispositive motions. *See Va. Dep't State Police v. The Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004). At most, then, the common-law right of access would apply. *See Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988).

Under the common-law right of access, a court may "seal documents if the public's right of access is outweighed by competing interests." *Knight Publ'g*, 743 F.2d at 235. Protecting confidential business information has long been recognized as a significant private interest that overcomes the common-law right of access and justifies sealing of judicial records. *See Warner Commc'ns*, 435 U.S. at 598; *Knight Publ'g*, 743 F.2d at 235. Thus, to overcome the common-law right of access and maintain the sealing or redaction of documents, a litigant may show that the right of access is "outweighed by competing interests," including that the materials contain confidential business information, the disclosure of which would be harmful. *Knight Publ'g*, 743 F.2d at 235.

As shown in Section II above, Google seeks to seal its confidential business information, the value of which would be eroded or extinguished by disclosure in the public judicial record. Disclosure would cause competitive harm by disincentivizing innovation and by giving unearned advantages to competitors and potential partners. Google also requests limited sealing to redact the names of three of its employees, information that is not relevant here and could be damaging to the employees' privacy if publicly disclosed. Accordingly, Google has made the necessary showing to warrant keeping the exhibits and redacted information under seal under the common-law right of access standard.

## CONCLUSION

For the reasons argued above, the Court should grant the motion to seal. A proposed order is submitted herewith.

Dated: June 2, 2023

Eric Mahr (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Julie Elmer (*pro hac vice*)
Lauren Kaplin (*pro hac vice*)
Jeanette Bayoumi (*pro hac vice*)
Claire Leonard (*pro hac vice*)
Sara Salem (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
Koren Wong-Ervin (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

Respectfully submitted,

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ.
209 Madison Street
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (*pro hac vice*)
Jeannie H. Rhee (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Joseph Bial (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Bryon P. Becker (VSB #93384)
Erica Spevack (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile (202) 223-7420
kdunn@paulweiss.com

Meredith Dearborn (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (646) 432-5100
Facsimile: (202) 330-5908
mdearnborn@paulweiss.com

*Counsel for Defendant Google LLC*