UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

UNITED STATES, *et al.*,

                *Plaintiffs,*

  v.

GOOGLE LLC,

                *Defendant.*

No: 1:23-cv-00108-LMB-JFA

**DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL**

Both sides have made sealed filings in support of, and in opposition to, Plaintiffs' pending motion to compel *in camera* review of certain documents (Dkt. No. 214). Two prior sealing motions have been filed in connection with the Motion to Compel: Plaintiffs filed a motion to seal exhibits to and portions of Plaintiffs' Motion to Compel (Dkt. No. 217), and Defendant Google LLC ("Google") filed a motion to seal exhibits to and portions of Google's Opposition to the Plaintiffs' Motion to Compel (Dkt. No. 247). Google also filed a response in support of Plaintiff's motion to seal exhibits to and portions of the Motion Compel (Dkt. No. 236).

Now, Plaintiffs have filed a third sealing motion, which seeks to seal exhibits to and portions of Plaintiffs' Reply in support of the Motion to Compel, as well as portions of the appendix to the Reply (Dkt. No. 258). Nearly all of the exhibits at issue in this sealing motion were filed in connection with either the Motion to Compel or the Opposition and have already been the subject of the two prior sealing motions that are pending before the Court. Like the other two pending sealing motions, this latest sealing motion should be granted.

**LEGAL STANDARD**

Before allowing documents to be filed under seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider

1

less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

Civil discovery materials may be shielded from public disclosure under Rule 26(c) for "good cause." That rule specifically identifies "confidential . . . commercial information" as information that may be shielded for good cause. Fed. R. Civ. P. 26(c)(1)(G). The rule also extends to the protection of privacy rights. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984) ("Although [Rule 26(c)] contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule."). When a discovery motion is filed, courts apply the same "good cause" standard, which allows courts to seal confidential discovery materials that are filed by the parties in support of, or in opposition to, a discovery motion upon a simple showing of "good cause."

Separately, under the common-law standard, a trial court may "seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

## ARGUMENT

Google respectfully requests that the Court grant Google's motion to seal because all three requirements from *Ashcraft* are satisfied here and sealing is appropriate under both the "good cause" and common-law standards.

**I.     Google Has Satisfied *Ashcraft*'s Procedural Requirements for Sealing.**

*First*, Plaintiffs have provided public notice of the request to seal, and interested parties will have an opportunity to object. Pursuant to Local Civil Rule 5(C), Plaintiffs have publicly filed a Notice of Motion to Seal (Dkt. No. 263). Entry of that Notice and the supporting documents on

the Court's public docket will notify any interested parties of Plaintiffs' sealing motion and provide interested persons with "an opportunity to object." *Knight Publ'g*, 743 F.2d at 234.

*Second*, the sealing request is limited to personal information and confidential material referenced in Plaintiffs' Reply and attached exhibits. The proposed redactions will still provide the public access to Plaintiffs' Reply, and legal arguments in support, while protecting Google's confidential and commercially sensitive business information and the privacy of Google's employees. *See United States ex rel. Carter v. Halliburton Co.*, 2011 WL 8204612, at *3 (E.D. Va. Nov. 29, 2011) (limited redaction approved, as opposed to "sealing the brief *in toto*"). And placing certain exhibits completely under seal is necessary and appropriate because those exhibits focus almost entirely on Google's sensitive confidential business information. *See E.W., LLC v. Rahman*, 2012 WL 3841401, at *3 (E.D. Va. Sept. 4, 2012) (granting motion to place exhibits under seal where they "focused almost entirely on . . . highly sensitive business information"). Accordingly, Plaintiffs have proposed (and Google supports) the least drastic method to protect Google's confidential information and the public's right of access.

*Third*, as detailed in Section II, Google has provided the specific reasons supporting sealing. In accordance with Local Civil Rule 5(C), Google has provided a proposed order containing the required findings.

## II.     Google's Confidential Information Should Be Protected from Public Disclosure

"Confidential information acquired or compiled by a corporation in the course and conduct of its business is a species of property to which the corporation has the exclusive right and benefit, and which a court of equity will protect through the injunctive process or other appropriate remedy." *Carpenter v. United States*, 484 U.S. 19, 26 (1987) (citation omitted). The owner of confidential business information realizes value through "keeping confidential and making

3

exclusive use" of that information. *Id.* Because public disclosure of confidential business information would deprive the owner of his exclusive use of it, the Court may protect that information through an "appropriate remedy"—here, sealing.

Federal courts have long protected a party's property interest in confidential business information that has been produced under compulsion. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (court files may be sealed to prevent them from becoming "sources of business information that might harm a litigant's competitive standing"); *Knight Publ'g*, 743 F.2d at 235 (judicial records may be sealed to prevent others from "gaining a business advantage" from materials filed with the court). As set forth below, Google seeks to keep under seal and redact (i) sensitive confidential business information that would not have been disclosed but for the Department of Justice's ("DOJ's") Civil Investigative Demands ("CIDs")[1] and the commencement of this lawsuit and (ii) the identity of its employees in order to protect their privacy:

- Exhibits 1 and 2 (filed under seal as Dkt. Nos. 260-1 & 260-2) are redacted and unredacted versions, respectively, of Exhibit 10 to the Motion to Compel (filed under seal as Dkt. No. 219). For the reasons that Google has already provided in connection with Exhibit 10 to Plaintiffs' Motion Compel, Exhibits 1 and 2 contain confidential business information. *See* Def. Google LLC's Resp. to Pls.' Mot. to Seal ("Google Sealing Resp.") 6 (explaining why Exhibit 10 to Plaintiffs' Motion to Compel—the same document attached as Exhibits 1 and 2 to Plaintiffs' Reply—contains Google's confidential business information), Dkt. No. 236; Decl. of Dan Taylor ¶ 5 (same), Dkt. No. 236-1.

- Exhibits 3 and 4 (filed under seal as Dkt. No. 260-3 & 260-4) are redacted and less redacted versions of the same internal Google document—a document summarizing a confidential commercial proposal that Google intended to make to a third party. The proposal, marked "Privileged and confidential – do not share outside of Google" and stamped "Highly Confidential," includes input from close to a dozen distinct commercial divisions across a broad range of Google's product areas and business units, providing visibility into

---

[1] The CID disclosure processes are conducted like civil discovery. *See* 15 U.S.C. § 1312(c)(1)(B) ("No [CID] shall require the production of any documentary material, the submission of any answers to written interrogatories, or the giving of any oral testimony, if such material, answers, or testimony would be protected from disclosure under . . . the standards applicable to discovery requests under the Federal Rules of Civil Procedure, to the extent that the application of such standards to any such demand is appropriate and consistent with the provisions and purposes of this chapter.").

4

        Google's strategic decision- and deal-making logic. *See* Decl. of Jason Washing ¶ 4. The proposal also reveals competitive strategy, including business and pricing strategy, as well as confidential and bespoke contract terms. *Id.* Public disclosure of information about the confidential commercial proposal—including its bespoke, non-public terms—would give competitors and potential business partners a material advantage in future negotiations with Google. *Id.* ¶ 5. Accordingly, Google follows a strict practice that requires confidential treatment of information about all such proposals, as well as any internal non-public financial information and internal, future strategic business plans that such proposals may contain. *Id.* ¶ 2.

- Exhibits 5 and 6 (filed under seal as Dkt. Nos. 260-5 & 260-6) are transcript excerpts from the depositions of a Google employee conducted in connection with DOJ's CIDs, which were issued under the Antitrust Civil Process Act, 15 U.S.C. § 1311 *et seq.*, and designated "Highly Confidential." Exhibit 5 is an excerpt of a deposition transcript that was previously filed in full as Exhibit B to Google's response to Plaintiffs' Motion to Compel (filed under seal as Dkt. No. 246), and Exhibit 6 is a less inclusive excerpt of the deposition-transcript excerpt previously filed as Exhibit 18 to Plaintiffs' Motion to Compel (filed under seal as Dkt. No. 219).[2] For the reasons Google has already provided in connection with Exhibit B to its Opposition to the Motion to Compel and Exhibit 18 to Plaintiffs' Motion to Compel, Exhibits 5 and 6 reveal sensitive non-public information about Google's competitive strategy, proprietary product features and potential changes to those features, internal processes and operations, and proprietary technology. *See* Mem. of Law in Supp. of Def. Google LLC's Mot. to Seal ("Google Sealing Mot.") 4, Dkt. No. 248; Google Sealing Resp. 6. Exhibit 5 also reveals strategic responses to ongoing regulatory investigations. *See* Google Sealing Mot. 4.

Public disclosure of sensitive confidential business information contained in these documents would harm Google, potentially placing it at a competitive disadvantage. Accordingly, sealing Exhibits 1-6 is appropriate. *See, e.g.*, *In re Zetia (Eztimibe) Antitrust Litig.*, 2020 WL 1558123, at *1 (E.D. Va. Feb. 7, 2020) (granting motion to seal "confidential communications and information that are not generally known," the disclosure of which "would cause competitive harm" and place party "at a competitive disadvantage"); *Halozyme, Inc. v. Matal*, 2017 WL 8772044, at *1 (E.D. Va. Oct. 10, 2017) (granting motion to seal documents "appear[ing] to contain confidential and commercially sensitive information").

---

[2] Exhibit 6 is an excerpt of a deposition transcript that was inadvertently missing a confidentiality designation. *See* Google Sealing Resp. 6 n.2. Google has since designated the transcript "Highly Confidential."

As to the Reply itself, in addition to the limited information drawn from the confidential exhibits, Google requests sealing only the exhibits and employees' names to protect their privacy. The Supreme Court has long recognized that "discovery also may seriously implicate privacy interests of litigants and third parties" and permit "litigants to obtain—incidentally or purposefully—information that not only is irrelevant but if publicly released could be damaging to reputation and privacy." *Seattle Times*, 467 U.S. at 35.  Given the irrelevance of the names of employees and the potential harm posed by disclosure, courts typically grant similarly limited requests to seal. *See, e.g.*, *Mondragon v. Scott Farms, Inc.*, 2019 WL 489117, at *13 (E.D.N.C. Feb. 7, 2019) (finding that sealed filing that "redacts only the names of employees who are not parties to this action" "adequately balances the public's right to access judicial records and the privacy of employees"). Sealing the names of Google employees is also consistent with Judge Castel's sealing practice in the MDL litigation in the Southern District of New York. *See* Order at 9, *In re Google Digit. Advert. Litig.*, 1:21-md-03010-PKC, Dkt. 147 (S.D.N.Y. Oct. 15, 2021); Google Sealing Mot. 5.  This Court has said that it would also be inclined to continue to seal the names of Google employees to be consistent with Judge Castel's sealing orders. *See* Tr. of Mot. to Transfer & Mot. to Seal 27, Dkt. No. 59; Google Sealing Mot. 5-6.[3]

### III.   Sealing is Justified Under Both the Good Cause and Common-Law Standards.

Before sealing a document filed with the Court, the Court must determine which sealing standard applies. There are three different standards: (i) First Amendment, (ii) common-law, and (iii) good cause.  The first two, the First Amendment and common-law rights of access, apply only

---

[3] Plaintiffs have filed a redacted Appendix to their Reply as well, redacting personal information of employees and privilege descriptions. Because Google employee names constitute the only confidential portion of that Appendix, Google proposes that only the employee names be redacted and is prepared to file a revised redacted public version of that Appendix upon the Court's order granting this sealing motion.

to "judicial records." Non-judicial records, like the discovery documents at issue here, are governed by Rule 26's "good cause" standard. *See, e.g.*, *Smithkline Beecham Corp. v. Abbott Labs.*, 2017 WL 11552659, at *3-4 (M.D.N.C. Mar. 7, 2017). Discovery materials become "judicial records" before trial only if they are filed in support of, or in opposition to, a dispositive motion. *Id.* at *1.

Civil discovery generally is "conducted in private as a matter of modern practice," *Seattle Times*, 467 U.S. at 33, and discovery materials are not filed as a matter of course, Fed. R. Civ. P. 5(d)(1)(A). Therefore, discovery proceedings are "not public components of a civil trial." *See Seattle Times*, 467 U.S. at 33. The sealed exhibits and the corresponding redacted text in Plaintiffs' Reply either relate to or are the fruits of the compulsory CID process, which is akin to civil discovery, and thus are not inherently "judicial records." *Cf.* 15 U.S.C. § 1312(c)(1)(B) (providing that "the standards applicable to discovery requests under the Federal Rules of Civil Procedure" apply to CIDs).

For documents filed in connection with discovery motions, there is no common-law right of access. *See Smithkline*, 2017 WL 11552659, at *4 (concluding that "no public access right attaches to the documents at issue" because the documents "related to a discovery motion"); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("[W]e hold there is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions, whether these motions are case dispositive or not, but no such right as to discovery motions and their supporting documents."); *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) ("[M]aterial filed with discovery motions is not subject to the common-law right of access"); *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 11 (1st Cir. 1986) ("[T]here is no right of public access to documents considered in civil discovery motions.").

Therefore, the sealing standard for exhibits filed in connection with a discovery motion is the "good cause" standard set forth in Rule 26(c).

### A. Sealing for "Good Cause" is Appropriate.

Under the "good cause" standard, the Court may enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed." Fed. R. Civ. P. 26(c)(1)(G). To establish "good cause" under the Rule 26(c) standard, a party "must establish that the information sought is covered by the rule and that it will be harmed by disclosure." *In re Wilson*, 149 F.3d 249, 252 (4th Cir. 1998). As shown above, the information contained in the sealed exhibits constitutes Google's confidential business information, the public disclosure of which would cause harm to Google. Google also seeks to redact only limited information in the Reply and Appendix implicating the privacy rights of its employees, information that is irrelevant and could be damaging to the employees' privacy if publicly disclosed. Thus, Google has satisfied the "good cause" standard, and the Court can—and should— protect this information by sealing the redacted portions of Plaintiffs' Reply and appendix, and the accompanying exhibits.

### B. Sealing Under the Common-Law Right of Access is Also Appropriate.

The Court should still seal Google's confidential materials even if it determines Google's documents qualify as judicial records. The First Amendment right of access does not extend to civil, non-dispositive motions. *See Va. Dep't State Police v. Wash. Post*, 386 F.3d 567, 581 (4th Cir. 2004). At most, then, the common-law right of access would apply. *See Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988).

Under the common-law right of access, a court may "seal documents if the public's right of access is outweighed by competing interests." *Knight Publ'g*, 743 F.2d at 235. Protecting

8

confidential business information has long been recognized as a significant private interest that overcomes the common-law right of access and justifies sealing of judicial records. *See Warner Commc'ns*, 435 U.S. at 598; *Knight Publ'g*, 743 F.2d at 235. Thus, to overcome the common-law right of access and maintain the sealing or redaction of documents, a litigant may show that the right of access is "outweighed by competing interests," including that the materials contain confidential business information, the disclosure of which would be harmful. *Knight Publ'g*, 743 F.2d at 235.

As shown in Section II above, Google seeks to seal its confidential business information, the value of which would be eroded or extinguished by disclosure in the public judicial record. Disclosure would cause competitive harm by disincentivizing innovation and by handing over strategic customer strategy, as well as business and pricing information, giving unearned advantages to competitors and potential partners. Google also requests limited sealing to redact personal information of its employees, information that is irrelevant here and could be damaging to the employees' privacy if publicly disclosed. Accordingly, Google has made the necessary showing to warrant keeping the exhibits and redacted information under seal under the common-law right of access standard.

## CONCLUSION

For the reasons argued above, the pending motion to seal (Dkt. No. 258) and the other pending motions to seal (Dkt. Nos. 232 & 247) should be granted. A proposed order is submitted herewith.

Dated: June 14, 2023  Respectfully submitted,

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)

9

Eric Mahr (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Julie Elmer (*pro hac vice*)
Lauren Kaplin (*pro hac vice*)
Scott A. Eisman (*pro hac vice*)
Jeanette Bayoumi (*pro hac vice*)
Claire Leonard (*pro hac vice*)
Sara Salem (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com


Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com


Bradley Justus (VSB # 80533)
Koren Wong-Ervin (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

THE LAW OFFICE OF
CRAIG C. REILLY, ESQ.
209 Madison Street
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com


Karen L. Dunn (*pro hac vice*)
Jeannie H. Rhee (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Joseph Bial (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Bryon P. Becker (VSB #93384)
Erica Spevack (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile (202) 223-7420
kdunn@paulweiss.com


Meredith Dearborn (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (646) 432-5100
Facsimile: (202) 330-5908
mdearnborn@paulweiss.com


*Counsel for Defendant Google LLC*