IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:23cv0108 (LMB/JFA) |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## ORDER

On June 15, 2023, the court heard argument plaintiffs' motion for *in camera* inspection and to compel production of documents wrongfully withheld as privileged. (Docket no. 214). After reviewing the motion, memorandum in support, opposition, and reply, and considering the arguments of counsel during the hearing, the court denied the portion of the motion requesting that the seventeen documents identified as relating to Remedy Projects be provided to the court for *in camera* review. Given the information provided by defendant in the privilege log, the deposition testimony of defendant's representative, the declaration accompanying the opposition, and the various communications from defendant's counsel that were included as exhibits to the pleadings, the court found that plaintiff had not made an adequate factual showing that at least some of the information in the Remedy Project documents may be subject to disclosure and thereby justify an *in camera* review of those documents.

However, the court did find that plaintiff had presented sufficient information to justify one remaining document at issue in the motion, identified as document number 7, to be delivered

to the court for *in camera* inspection.[1] On June 16, 2023, defendant provided the court with the redacted version of this document that had been produced to plaintiff along with an unredacted version of the document.

The court has closely reviewed the entire forty-seven page document, including the four sets of redactions that were identified by defendant.[2] The text in the six comments made between July 28 and July 31, 2020 on pages 01139564, 01139579, and 01139602 contain information relating to potential regulatory risks and an analysis of those risks. These discussions include direct input from defendant's in-house counsel and contain information that is properly withheld as privileged information. Similarly, the information that was redacted on page 01139570 in the slide titled Commercial Risks reflects the discussions and analysis relating to potential regulatory risks and an analysis of those risks that were addressed above concerning the redactions on pages 01139564, 01139579, and 01139602.

The limited information redacted in footnote 2 of page 01139569 contains a specific reference to a recommendation from legal relating to a legal issue and was properly redacted.

Having reviewed the information that was redacted in the text for the comment made on July 20, 2020 at 15:17:46 on page 01139590, it is unclear what, if any, legal analysis or information relating to any legal analysis is contained in that comment. While there is a reference to in-house counsel in this comment (as in the earlier comments that were not redacted), the information in the redacted portion does not, on its face, appear to be related to a

---

[1] Plaintiffs withdrew their request for *in camera* review of document number 3 following defendant's withdrawal of its privilege assertions to all but one portion of that document.

[2] While there are six pages in this document that have information redacted, three of the pages are identical and have the same information redacted on each page. (Docket nos. 01139564, 01139579, 01139602).

legal issue. Prior to requiring that an unreacted version of page 01139590 be produced to plaintiffs, defendant will be given an opportunity to closely review the information contained in this redaction and if it feels that the court has overlooked the significance of the information contained in that comment, it may provide an explanation to the court for further consideration.

Entered this 23rd day of June, 2023.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia