```
 1                UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF VIRGINIA
 2                    ALEXANDRIA DIVISION

 3   --------------------------x
     UNITED STATES, et al.,      :     Civil Action No.:
 4                               :     1:23-cv-108
                Plaintiffs,      :
 5        versus                 :     Friday, March 31, 2023
                                 :
 6   GOOGLE LLC,                 :
                                 :
 7                Defendant.     :
     --------------------------x
 8

 9        The above-entitled hearing was heard before the
     Honorable John F. Anderson, United States Magistrate Judge.
10   This proceeding commenced at 10:35 a.m.

11                 A P P E A R A N C E S:

12   FOR THE PLAINTIFFS:   GERARD MENE, ESQUIRE
                           OFFICE OF THE UNITED STATES ATTORNEY
13                         2100 Jamieson Avenue
                           Alexandria, Virginia  22314
14                         (703) 299-3700

15                         JULIA WOOD, ESQUIRE
                           MICHAEL WOLIN, ESQUIRE
16                         UNITED STATES DEPARTMENT OF JUSTICE
                           ANTITRUST DIVISION
17                         450 Fifth Street, NW
                           Washington, D.C.  20530
18                         (202) 894-4266

19                         TYLER HENRY, ESQUIRE
                           OFFICE OF THE ATTORNEY GENERAL
20                         OFFICE OF THE SOLICITOR GENERAL
                           202 North Ninth Street
21                         Richmond, Virginia  23219
                           (804) 786-7704

22

23

24

25
                                                             1
```

```
 1   address that appropriately?  "Documents or data (including
 2   documents or data relied upon by an expert witness in his or
 3   her report) produced by any party pursuant to the disclosure
 4   obligations set forth in the scheduling order relating to
 5   expert discovery or in any other agreement or order."
 6          MS. WOOD:  I can tell you, Your Honor, that as I
 7   understand -- if by B they mean to suggest that their
 8   experts are not going to rely on material that was not
 9   produced in fact discovery, then I agree, that takes care of
10   it.  In our meet-and-confer, we've had multiple sessions
11   about this.  That is not my understanding of their position,
12   but they can clarify that.
13          But if by B they mean they do not intend for their
14   experts to rely on material outside the fact discovery
15   cutoff, then I think our only agreement is about
16   commercially-available data.
17          The one other thing I should add just for
18   completeness, but I think this could be, you know, taken up
19   at a different date, is there may come a time, if there is a
20   liability finding here, that the Court would need to
21   consider appropriate equitable remedies.
22          We acknowledge that the scope of material that
23   might need to be reviewed for equitable remedy purposes
24   might need to reflect more current data.  And so we're not
25   taking the position that they're precluded forever from
```

19

```
 1   producing new material in that regard.  That was really
 2   honestly more for their benefit and for the Court's benefit.
 3   We didn't want the Court -- we wanted the Court to
 4   understand that we were sympathetic -- would be sympathetic
 5   to that concern.
 6           If they don't want that provision, I think we can
 7   deal with that when and if that occurs, but I think we are
 8   most concerned that experts not be allowed to rely on
 9   material outside the fact discovery cutoff.
10           THE COURT:  Okay.
11           MS. WOOD:  Thank you, Your Honor.
12           THE COURT:  Mr. Ewalt, let me have you address --
13   and I think it's a valid concern.  I mean, you know, in our
14   typical cases, the discovery cutoff date is both for fact
15   and expert discovery, so we don't have to deal with this
16   issue very often.  But the idea that fact discovery sets the
17   parameters upon which this case will end up being tried has
18   some appeal to me.  I mean, there has to be an end to it at
19   some point.  And, you know, if fact discovery has been
20   set -- we've set a date for when all the fact discovery
21   needs to be done.  Obviously if there's a motion to compel,
22   and something has to be done after that, that will, you
23   know, have to get swept into that.  But, you know, giving
24   someone the unfettered ability to continue to go out and
25   gather new facts and to do further fact-finding efforts or
```

                                                              20