IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA, *et al.*,  )
                                                      )
        Plaintiffs,        )
                                                      )
v.                                          )   Civil Action No. 1:23cv0108 (LMB/JFA)
                                                      )
GOOGLE LLC,                    )
                                                      )
        Defendant.       )
_____)

**<u>ORDER</u>**

This matter is before the court on three motions to seal (Docket nos. 217, 247, 258) relating to the pleadings filed concerning plaintiffs' motion for *in camera* inspection and to compel production of documents wrongfully withheld as privileged (Docket no. 214). As the court indicated during the hearing on June 15, 2023, it appears that defendant needs to revisit the materials that it is seeking to file under seal. The court is issuing this order to provide defendant with some guidance for its review concerning these motions and any additional filings.

First, the parties have complied with all the notice and procedural requirements set forth Local Civil Rule 5 and the protective order entered in this case. While no objection has been filed to any of the motions to seal and the seven-day period for filing objections has expired, the court has the responsibility to review the motions to seal to see if they are appropriate. The first and third motion to seal (Docket nos. 217 and 258) were filed by plaintiffs as required by Local Civil Rule 5 since the material subject to those motions to seal was designated as confidential by defendant.[1] Plaintiffs indicate that they do not believe that the information referenced in those

---

[1] Plaintiffs have indicated that defendant designated as highly confidential **all documents** produced in response to the civil investigative demands. (Docket no. 221 at 1, emphasis added).

pleadings or exhibits is of a type that outweighs the presumption in favor of public access. As required by Local Rule 5, defendant has filed a response to plaintiffs' motions to seal stating that all the information that is the subject of plaintiffs' motions to seal should remain under seal. Defendant's response to the first motion to seal included a declaration of Dan Taylor indicating that he has reviewed the redacted portions of plaintiffs' memorandum in support of their motion and states that the requested relief (allowing those redactions to remain under seal) "is narrowly tailored and seeks to seal only information that would harm Google if publicly disclosed." (Docket no. 236-1 at 3). Defendant makes the same broad statement that the third motion to seal should be granted to protect defendant's interests.

Curiously, information that defendant argues should be sealed in plaintiffs' memorandum and reply **was filed in the public record in defendant's opposition to the motion**. (Docket no. 245). A clear example of this inconsistency is the names of the various "Remedy Projects" in the briefs. Plaintiffs redacted all those names in their supporting memorandum and reply (which defendant claims should remain under seal in its two memoranda in support of plaintiffs' motions to seal) but in its opposition, defendant provides those very same names in the public record. In addition, substantive information that plaintiffs felt compelled to redact in their pleadings given defendant's wholesale designation of documents as highly confidential was also filed in the public record by defendant in its opposition. In filing a memorandum in support of a motion to seal, the party designating the material must provide the court with a statement why sealing is necessary as to the specific material that it is seeking to have remain under seal. In this instance, defendant's memorandum **and sworn declaration** stating that information redacted by plaintiffs in their pleading should remain under seal when defendant has filed that information in the public record is difficult understand. By designating highly confidential every one of the

millions of documents produced in response to the United States' civil investigative demands, defendant has set the stage for plaintiffs having to file substantially redacted briefs and documents in this case. By doing so, defendant has the obligation to review closely each redaction and document that plaintiffs file under seal based on defendant's designation of that specific information as confidential. Clearly defendant has failed to do so concerning its memoranda in support of plaintiffs' motions to seal.

As to defendant's motion to seal, the issues are not as significant. Defendant's motion to seal seeks to redact the names of individuals employed by defendant that were deposed or otherwise related to issues in this action. While the court in the New York action has allowed these names to be sealed in its proceedings, and our court has indicated an initial acquiescence to maintaining that approach, the parties need to understand that maintaining that information under seal throughout this litigation is unlikely. This is especially true with individuals who are submitting affidavits or declarations to the court. In this regard, defendant needs to review closely exhibit A to its opposition and either file an unsealed version of that declaration or a redacted version providing an explanation as to why that specific information should be under seal. Substantial portions of that declaration are included in the public version of the memorandum in opposition to plaintiffs' motion.

Defendant's memoranda argue there are three standards that should be considered in deciding a motion to seal. The first being a "good cause" standard for exhibits filed with a discovery motion. The second being significant countervailing interests that heavily outweigh the presumption of access under the common law right to access. The final being the *First Amendment* requirement of a compelling governmental interest to support filing materials under seal relating to a dispositive motion. This court intends to follow the guidance from the Fourth

Circuit in *Va. Dept. of State Police v. The Wash. Post*, 386 F.3d 567 (4th Cir. 2004), in making its rulings on motions to seal and require a showing of significant countervailing interests that outweigh the presumption of access.

Defendant shall have fourteen days from the issuance of this order to complete its review of the materials that are the subject of these motions to seal and to provide the court with a memorandum detailing the results of its review. To the extent defendant proposes a less redacted version of plaintiffs' memoranda, it shall file the less redacted version along with its memorandum explaining why any redacted material should remain under seal. In addition, defendant should consider whether the correspondence between counsel attached to plaintiffs' memorandum in support of its first motion as exhibits 1, 2, 11, 12 (with defendant employee's names redacted), 13, 15, 16, 17, and 29 (with defendant employee's names redacted), should be filed in the public record.

Entered this 3rd day of July, 2023.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia