UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    *Defendant*. | No. 1:23-cv-00108-LMB-JFA |

**GOOGLE LLC'S BRIEF IN OPPOSITION TO
PLAINTIFFS' MOTION TO CLARIFY SCHEDULING ORDER**

There is nothing about the Court's scheduling order requiring clarification. While Plaintiffs seek entry of an order "clarifying that the Court's Rule 16(B) Scheduling Order (ECF No. 94) applies solely to the liability and damages phases of this case," ECF No. 276, the order is unmistakably clear that "All fact discovery shall be concluded by September 8, 2023"; and "All expert discovery shall be concluded by January 12, 2024." ECF No. 94. The Order does not exempt discovery relating to the equitable relief Plaintiffs also seek. In accordance with the Order, Google has planned for and is conducting fact and expert discovery as specified.

Plaintiffs' motion is not a motion to clarify, but to modify the scheduling order under Rule 16(b)(4). However, Plaintiffs have not made any showing, let alone the "good cause" showing that is necessary to obtain such relief. Plaintiffs have provided no explanation as to why they are unable to conduct "all" fact and expert discovery within the deadlines set by the Court, or why they are waiting until now—three months after the Order was entered—to seek modification of the Court's scheduling order. Plaintiffs are not entitled to the relief that they seek.

## BACKGROUND

Plaintiffs chose to file their complaint in this Court on January 24, 2023. Google filed a motion to transfer this case to the Southern District of New York, where a multi-district litigation involving nearly identical claims has been pending for nearly two years, in order to proceed in a consolidated and coordinated way. Plaintiffs opposed transfer, claiming that "the need for swift action" provided by this Court's unique and expeditious docket necessitated keeping this case in the Eastern District of Virginia. ECF No. 47 at 26.

When the Court denied Google's motion to transfer, ECF No. 60, the Court told Plaintiffs in no uncertain terms that, because they chose this forum, they need to "be mindful of how we operate here" and explained "this is a problem that, frankly, the Government's going to have because you chose to be here, and I'm not joking when I say you need to have your running shoes on." Ex. 1, Mar. 10, 2023 Hr'g Tr. at 26:15–19. The Court further admonished the parties that "everything in life is finite. We have a finite lifespan, we have all sorts of limits, and I think the same thing applies to litigation. . . . You might like to have, you know, a year and a half to complete discovery, but you're not going to get that in this court." *Id.* at 26:21–27:2.

The parties filed a joint motion for entry of a discovery schedule. ECF No. 63. During the discussions that lead to the joint motion, Plaintiffs never once mentioned the possibility of a separate phase of discovery relating to equitable relief. This is reflected in the parties' joint discovery plan, which had some disputed provisions. ECF No. 87. The parties each then filed briefs in support of their respective positions. ECF Nos. 89 & 92. In their filing, Plaintiffs made no mention of their belief that the legal and equitable issues for discovery should be subject to bifurcation. ECF No. 92.

On March 31, 2023, the Magistrate Judge held a hearing to discuss the case schedule. At that hearing, Plaintiffs did not request phased discovery, with the first phase focused on

liability and damages, and the second phase focused on equitable relief. At best, during the hearing, Plaintiffs' counsel made the following remark in passing in the context of discussing the materials Google's experts could rely on in support of their opinions: "The one other thing I should add just for completeness, but I think this could be, you know, taken up at a different date, is there may come a time, if there is a liability finding here, that the Court would need to consider appropriate equitable remedies." Ex. 2, Mar. 31, 2023 Hr'g Tr. at 19:17–21. Plaintiffs' counsel continued by stating that "the scope of material that might need to be reviewed for equitable remedy purposes might need to reflect more current data," but "I think we can deal with that when and if that occurs." *Id*. at 19:22–20:7. At most, this comment suggested the possible need to supplement the record, upon a finding of liability, of the existing data supporting equitable relief; it in no way amounted to a request to bifurcate discovery.[1]

On March 31, 2023, the Court issued a Rule 16(b) Scheduling Order, ECF No. 94. That Order stated without qualification: "All fact discovery shall be concluded by September 8, 2023"; and "All expert discovery shall be concluded by January 12, 2024."

More than two months later, on June 6, 2023, Plaintiffs apparently decided that, rather than comply with the Court's Order, they would prefer to go at their own pace. Plaintiffs' counsel sent an email raising this issue for the first time on that date, stating: "It occurs to me that we have not discussed how to handle any fact and expert discovery that might be uniquely relevant to the remedies Plaintiffs will seek in the event that liability is established. I would like to discuss a protocol for both, to make sure we have a meeting of the minds on this before we get too close to the close of fact discovery and the beginning of expert discovery." *See* Ex. 3.

---

[1] A motion is a "request for a court order," which may be made orally "at a hearing" but must "state with particularity the grounds for seeking the order" and "state the relief sought." Fed. R. Civ. P. 7(b)(1). Plaintiffs' counsel's statement was not an oral motion for bifurcation.

In response to the June 6, 2023, email from Plaintiffs' counsel, the parties met and conferred several times over the last three weeks to address Plaintiffs' request that discovery relating to equitable relief be reserved for a second phase of discovery. Throughout those meet and confer discussions, Google's counsel was clear that the Scheduling Order did not contemplate phased discovery and that Google needed much more specificity even to consider Plaintiffs' proposal before going to the Court to request any form of adjustment to the existing schedule. Google asked Plaintiffs to provide the following information: "What forms of discovery would be proper? What if any numerical limitations on such discovery? What expert discovery do you propose? Can you please also explain how the parties and court would assess whether the discovery is properly considered as 'equitable relief only'-related discovery?" *See* Ex. 4.

The parties continued to meet and confer, including on June 29, 2023, the day before Plaintiffs' motion to clarify was filed. At no point in the meet and confer process did Plaintiffs provide any specifics concerning their proposal, including any response to the questions that Google had raised. At midday on June 30, 2023, Google's counsel sent Plaintiffs' counsel an email reiterating the concerns and questions they raised in prior exchanges with Plaintiffs, concluding the email by stating: "Given the non-specific nature of your proposal, it is not clear to Google whether there is anything concrete enough to oppose. Nonetheless, and for the avoidance of doubt, Google cannot agree to extend discovery—and take on the additional burden of that extension—for issues that can and should be addressed in the current discovery period, as set forth in the Court's schedule." *Id.*

Without further explanation of their proposal, or responses to any of the questions Google had raised, Plaintiffs filed this motion.

# ARGUMENT

Plaintiffs do not address the standard for modifying a scheduling order—a standard they cannot meet because they delayed three months to file their motion. Nor have they addressed the burden to Google of updating the 3 million documents produced to Plaintiffs in connection with their pre-suit investigation with further productions of well over 500,000 additional documents, voluminous data and extensive amounts of source code. Plaintiffs have also not made any showing why phased discovery is required; phased discovery is the exception rather than the norm, and Plaintiffs do not explain why, with the exercise of reasonable diligence, they cannot obtain discovery concerning equitable relief during the discovery period provided for by the Court's Scheduling Order.

### A. Plaintiffs Have Not Established "Good Cause" for Modifying the Scheduling Order.

Plaintiffs argue that they need clarification of the existing scheduling order because it "provides a schedule for the liability and damages phases of this case" and "is silent as to what will occur after the jury renders a verdict on liability and damages" if Plaintiffs "elect to pursue equitable remedies against the Defendant," ECF No. 277 at 1. But that ignores the Court's Order, which sets forth deadlines for the completion of "*All* fact discovery" and "*All* expert discovery." ECF No. 94 at 1. Plaintiffs' motion is therefore a motion to modify the existing scheduling order—not clarify it.

As the parties' seeking modification of the scheduling order, Plaintiffs bear the burden of establishing "good cause" for their request. A showing of "good cause" "requires 'the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence[.]'" *Cook v. Howard*, 484 Fed. Appx. 805, 815 (4th Cir. 2012) (unpublished *per curiam*) (citations omitted); *accord* Fed. R. Civ. P. 16; E.D. Va. Civ. R. 16(B) ("good cause" required to modify schedule). Plaintiffs make no showing that they cannot conduct discovery

concerning equitable relief, with the exercise of due diligence, during the time period allowed for discovery.[2]

In addition, when a party seeks to modify the scheduling order, the court must also consider whether there is any "'danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith.'"  *Roe v. Howard*, No. 1:16-cv-562, 2017 U.S. Dist. LEXIS 187258, *2 (E.D. Va. June 30, 2017) (O'Grady, J.) (citations omitted).  Plaintiffs do not address any of these other factors.  Plaintiffs do not address the prejudice to Google, including the prejudice arising from Google having allocated its resources in conducting fact discovery, including from the Plaintiffs and third parties, in reliance on the Court's Rule 16(b) Order, or the burden of engaging in continued discovery and the resulting delay in resolution of this case.  Nor do Plaintiffs explain why they are raising the issue now—three months after the scheduling order was entered.  The only explanation Plaintiffs provide for their delay is a passing reference to discovery concerning equitable relief that they made at the March 31, 2023 scheduling conference, but they did not request phased discovery at the conference, and do not explain why they waited until now to raise the issue.

### B. Plaintiffs Have Not Met the Legal Standard for Bifurcating Discovery, With A Second Phase Reserved for Discovery on Equitable Relief.

Federal Rule of Civil Procedure 42(b), which governs the bifurcation of trial, provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues[.]"  Fed. R. Civ. P. 42(b).  In deciding whether to bifurcate discovery, "courts have looked to similar factors as those relevant to the bifurcation

---

[2] Plaintiffs state they will need additional categories of source code to support their request for equitable relief.  Plaintiffs have already requested an opportunity to inspect extensive categories of source code, and Google has made, or is making, each of those categories available to Plaintiffs.  To the extent there are additional categories that Plaintiffs maintain are relevant to equitable relief, Plaintiffs do not explain why they have not requested them.

of trial when determining whether discovery related to the deferred claims should be stayed." *Charter Oak Fire Ins. Co. v. Am. Cap., Ltd.*, 2011 WL 6000562, at *1 (D. Md. Nov. 29, 2011) (citation omitted). Courts often order "separate trials on liability and damages, while refusing to bifurcate the discovery on those issues." *Am. Sci. & Eng'g, Inc. v. Autoclear, LLC*, 2008 WL 11379925, at *2 (E.D. Va. Sept. 22, 2008). Where issues are "intertwined," discovery "should be conducted simultaneously." *Moore v. Liberty Mut. Ins. Co.*, 2019 WL 13251241, at *3 (E.D. Va. Aug. 23, 2019). The "bifurcation of discovery is the exception, rather than the rule, and it is clear that in most instances, regular—that is, unbifurcated—discovery is more efficient." *Cardenas v. Resort Sales by Spinnaker, Inc.*, 2021 WL 733393, at *1 (D.S.C. Feb. 24, 2021) (citation omitted); *see also Marlboro Elec. Coop., Inc., v. Cent. Elec. Coop.*, 2021 WL 5998612, at *2 (D.S.C. May 13, 2021) (same); *Charter Oak*, 2011 WL 6000562, at *1 (same).

The cases cited by Plaintiffs stand for the uncontroversial proposition that, where claims seek both legal and equitable relief, and the case is to be presented to a jury, a jury first resolves issues relating to antitrust liability and damages, with any remaining request for equitable relief resolved afterwards by the Court based on the jury's findings. But these cases do not address bifurcation of *discovery* or require a separate phase of discovery after a resolution of liability and damages. *Steves & Sons, Inc. v. Jeld-Wen, Inc.*, cited by Plaintiffs, well illustrates this point. 345 F. Supp. 3d 614 (E.D. Va. 2018), *aff'd in part vacated in part* 988 F.3d 690 (4th Cir. 2021). The court first held a jury trial as to plaintiff's antitrust damages claim, "with the understanding that, if the jury found that the merger was anticompetitive, the court would then hold separate proceedings on the equitable claims." 988 F.3d at 703. As the Fourth Circuit in *Jeld-Wen* emphasized: "Where a case involves legal and equitable claims that share common factual issues, the Seventh Amendment requires a jury trial on the legal claims first, with the jury's factual findings binding the court as to the equitable claims." *Id.* at 703 n.2.

7

Notwithstanding this phasing of the resolution of legal and equitable remedies, there was not a separate period of discovery following the trial of legal remedies; there was a single period for discovery that covered all issues, with the court's scheduling order providing that it would hold an "evidentiary hearing for the remedy issues immediately after the first trial." Ex. 5, *Steves & Sons, Inc. v. Jeld-Wen, Inc.*, Civil Action No. 3:16-cv-545 (E.D. Va. June 21, 2017), ECF No. 274; (E.D. Va. July 13, 2017), ECF No. 284 at 4, 4 n.3 (Scheduling Order) (adopting parties' proposed deadlines which contained a single deadline for the completion of discovery relating to legal and equitable relief); (E.D. Va. Dec. 14, 2017), ECF No. 715 at 2 (Amended Scheduling Order) (same).

*United States v. Microsoft Corp.*, 253 F.3d 34 (D.C. Cir. 2001) did not address the bifurcation of discovery. Rather, the court held: "A party has the right to judicial resolution of disputed facts not just as to the liability phase, but also as to appropriate relief. 'Normally, an evidentiary hearing is required before an injunction may be granted.'" *Id.* at 101 (citation omitted). In the parties' written submissions in the remedies phase, there were disputed facts concerning the feasibility of dividing Microsoft and what the impact would be on shareholders and consumers; even the district court "conceded the existence of acute factual disagreements between Microsoft and plaintiffs." *Id.* at 102. "The reason the court declined to conduct an evidentiary hearing was not because of the absence of disputed facts, but because it believed that those disputes could be resolved only through 'actual experience,' not further proceedings." *Id.* The court held that the district court's resolution of disputed facts without an evidentiary hearing violated Microsoft's "basic procedural rights to have disputed facts resolved through an evidentiary hearing." *Id.* at 103.

Finally, Plaintiffs argue that phased discovery is "standard practice," ECF No. 277, citing other antitrust cases to which Google is a party. Plaintiffs could have requested that in those jurisdictions, had they chosen to file there, or even explicitly at the outset of these

8

proceedings, but they did neither. In light of the Court's admonition that the parties "need to put on your running shoes," that discovery is "finite," and while the parties might like "a year and a half to complete discovery," "you're not going to get that in this court," Ex. 1, Mar. 10, 2023 Hr'g Tr. at 26:21-27:3, Google does not join Plaintiffs in requesting that this case should proceed like other cases outside of this Court. The Court's Rule 16(b) Scheduling Order sets forth how the Court intends this case to proceed, and Google is proceeding accordingly. Plaintiffs should be required to do the same.

## CONCLUSION

For the reasons argued above, Plaintiffs' motion for clarification of the scheduling order should be denied.

Dated: July 5, 2023

Respectfully submitted,

Eric Mahr (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Julie Elmer (*pro hac vice*)
Lauren Kaplin (*pro hac vice*)
Scott A. Eisman (*pro hac vice*)
Jeanette Bayoumi (*pro hac vice*)
Claire Leonard (*pro hac vice*)
Sara Salem (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

/s/ Craig C. Reilly
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ.
209 Madison Street, Suite 501
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (*pro hac vice*)
Jeannie H. Rhee (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Joseph Bial (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Bryon P. Becker (VSB # 93384)
Erica Spevack (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile (202) 223-7420
kdunn@paulweiss.com

| | |
|---|---|
| Bradley Justus (VSB # 80533)<br>Koren Wong-Ervin (*pro hac vice*)<br>AXINN, VELTROP & HARKRIDER LLP<br>1901 L Street, NW<br>Washington, DC 20036<br>Telephone: (202) 912-4700<br>Facsimile: (202) 912-4701<br>bjustus@axinn.com<br>kwongervin@axinn.com | Meredith Dearborn (*pro hac vice*)<br>PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP<br>535 Mission Street, 24th Floor<br>San Francisco, CA 94105<br>Telephone: (646) 432-5100<br>Facsimile: (202) 330-5908<br>mdearnborn@paulweiss.com<br><br>Erin J. Morgan (*pro hac vice*)<br>PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>Telephone:  (212) 373-3387<br>Facsimile:  (212) 492-0387<br>ejmorgan@paulweiss.com<br><br>*Counsel for Defendant Google LLC* |