# EXHIBIT 2

```
 1                   UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF VIRGINIA
 2                        ALEXANDRIA DIVISION

 3   ---------------------------x
     UNITED STATES, et al.,      :   Civil Action No.:
 4                               :   1:23-cv-108
                  Plaintiffs,    :
 5        versus                 :   Friday, March 31, 2023
                                 :
 6   GOOGLE LLC,                 :
                                 :
 7               Defendant.      :
     ---------------------------x
 8
             The above-entitled hearing was heard before the
 9   Honorable John F. Anderson, United States Magistrate Judge.
     This proceeding commenced at 10:35 a.m.
10
                       A P P E A R A N C E S:
11
     FOR THE PLAINTIFFS:    GERARD MENE, ESQUIRE
12                          OFFICE OF THE UNITED STATES ATTORNEY
                            2100 Jamieson Avenue
13                          Alexandria, Virginia  22314
                            (703) 299-3700
14
                            JULIA WOOD, ESQUIRE
15                          MICHAEL WOLIN, ESQUIRE
                            UNITED STATES DEPARTMENT OF JUSTICE
16                          ANTITRUST DIVISION
                            450 Fifth Street, NW
17                          Washington, D.C.  20530
                            (202) 894-4266
18
                            TYLER HENRY, ESQUIRE
19                          OFFICE OF THE ATTORNEY GENERAL
                            OFFICE OF THE SOLICITOR GENERAL
20                          202 North Ninth Street
                            Richmond, Virginia  23219
21                          (804) 786-7704

22

23

24

25
                                                                1
```

1   address that appropriately?  "Documents or data (including
2   documents or data relied upon by an expert witness in his or
3   her report) produced by any party pursuant to the disclosure
4   obligations set forth in the scheduling order relating to
5   expert discovery or in any other agreement or order."
6           MS. WOOD:  I can tell you, Your Honor, that as I
7   understand -- if by B they mean to suggest that their
8   experts are not going to rely on material that was not
9   produced in fact discovery, then I agree, that takes care of
10  it.  In our meet-and-confer, we've had multiple sessions
11  about this.  That is not my understanding of their position,
12  but they can clarify that.
13          But if by B they mean they do not intend for their
14  experts to rely on material outside the fact discovery
15  cutoff, then I think our only agreement is about
16  commercially-available data.
17          The one other thing I should add just for
18  completeness, but I think this could be, you know, taken up
19  at a different date, is there may come a time, if there is a
20  liability finding here, that the Court would need to
21  consider appropriate equitable remedies.
22          We acknowledge that the scope of material that
23  might need to be reviewed for equitable remedy purposes
24  might need to reflect more current data.  And so we're not
25  taking the position that they're precluded forever from

19

1  producing new material in that regard.  That was really
2  honestly more for their benefit and for the Court's benefit.
3  We didn't want the Court -- we wanted the Court to
4  understand that we were sympathetic -- would be sympathetic
5  to that concern.
6        If they don't want that provision, I think we can
7  deal with that when and if that occurs, but I think we are
8  most concerned that experts not be allowed to rely on
9  material outside the fact discovery cutoff.
10        THE COURT:  Okay.
11        MS. WOOD:  Thank you, Your Honor.
12        THE COURT:  Mr. Ewalt, let me have you address --
13  and I think it's a valid concern.  I mean, you know, in our
14  typical cases, the discovery cutoff date is both for fact
15  and expert discovery, so we don't have to deal with this
16  issue very often.  But the idea that fact discovery sets the
17  parameters upon which this case will end up being tried has
18  some appeal to me.  I mean, there has to be an end to it at
19  some point.  And, you know, if fact discovery has been
20  set -- we've set a date for when all the fact discovery
21  needs to be done.  Obviously if there's a motion to compel,
22  and something has to be done after that, that will, you
23  know, have to get swept into that.  But, you know, giving
24  someone the unfettered ability to continue to go out and
25  gather new facts and to do further fact-finding efforts or

20

```
 1  documents next week.
 2          THE COURT:  That's great.  I will act upon them
 3  quickly.  I will review them and then, if appropriate, act
 4  upon them quickly.  So if you get it to me either later
 5  today or tomorrow -- or Monday, I'll get it entered
 6  certainly by Monday.  Okay.
 7          MS. WOOD:  Thank you, Your Honor.
 8          THE COURT:  You all have a nice weekend.
 9          (Proceedings adjourned at 11:34 a.m.)
10          -----------------------------------
11  I certify that the foregoing is a true and accurate
12  transcription of my stenographic notes.
                                   _Stephanie Austin_____
13
14                                 Stephanie M. Austin, RPR, CRR
```

42