# EXHIBIT 4

| | |
|---|---|
| **From:** | Mauser, Amy |
| **To:** | Teitelbaum, Aaron (ATR); Morgan, Erin J; Wood, Julia (ATR); Goodman, Martha; Andrew Ewalt; Craig Reilly |
| **Cc:** | Wolin, Michael (ATR); Vernon, Jeffrey (ATR); Choi, Stephanie (ATR); Henry, Tyler T.; Feder, Morgan; Lauren Pomeroy |
| **Subject:** | RE: Proposed Draft of Motion to Amend Scheduling Order and Discovery Plan |
| **Date:** | Friday, June 30, 2023 12:50:00 PM |

Aaron,

Thank you for the revised papers addressing the exchange of preliminary witness lists. We are digesting the changes made since our discussion yesterday, and will need an opportunity to discuss with our client, which cannot all practically happen this afternoon. We propose working toward making a submission to the Court early next week, rather than today.

Re: bifurcating discovery, as noted in our prior exchanges, bifurcation was not contemplated by the parties or the Court at the outset of the case, when both the parties and the Court were aware that the plaintiffs were seeking equitable remedies. The Court set a schedule that contemplated single-stage fact and expert discovery. Google served document discovery—and otherwise planned its fact and expert discovery strategy—in accordance with that schedule, including next week's substantial completion deadline for document production. It assumed Plaintiffs were doing the same. On June 6, you proposed for the first time that the parties agree to bifurcate discovery related only to equitable remedies that plaintiffs may seek in the event liability is established, with such discovery being addressed after trial. You have articulated no reason why Plaintiffs are unable to pursue such discovery under the current schedule. Nor do the two cases you cite establish that bifurcation of discovery is necessary or appropriate; in *Steves and Sons, Inc. v. Jeld-Wen*, Civil Action No. 3:16cv545 (E.D. Va.), ECF Nos. 262 at 4, 274, antitrust discovery was not bifurcated, and in *Microsoft,* the D.C. Circuit did not address bifurcation, but rather the district court's decision to rule on remedies "without considering the evidence Microsoft sought to introduce." *United States v. Microsoft Corp*., 253 F.3d 34, 103 (D.C. Cir. 2001). You also have not explained how long you expect post-trial discovery to take and whether you envision seeking fact or expert discovery (or both). Given the non-specific nature of your proposal, it is not clear to Google whether there is anything concrete enough to oppose. Nonetheless, and for the avoidance of doubt, Google cannot agree to extend discovery—and take on the additional burden of that extension—for issues that can and should be addressed in the current discovery period, as set forth in the Court's schedule.

Let us know if there is a time on Monday that we can hold on the calendar for a potential meet and confer so we can continue to try to hammer out issues on the witness list and depositions.

Thanks,

Amy

**Amy J. Mauser** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7371 (Direct Phone) | 202 615 6841 (Cell)
202 379 4077 (Direct Fax)
amauser@paulweiss.com | www.paulweiss.com

**From:** Teitelbaum, Aaron (ATR) <Aaron.Teitelbaum@usdoj.gov>

**Sent:** Friday, June 30, 2023 10:53 AM
**To:** Morgan, Erin J <ejmorgan@paulweiss.com>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Goodman, Martha <mgoodman@paulweiss.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>
**Cc:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Vernon, Jeffrey (ATR) <Jeffrey.Vernon@usdoj.gov>; Choi, Stephanie (ATR) <Stephanie.Choi@usdoj.gov>; Henry, Tyler T. <THenry@oag.state.va.us>; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; Mauser, Amy <amauser@paulweiss.com>
**Subject:** RE: Proposed Draft of Motion to Amend Scheduling Order and Discovery Plan

Good morning,

Following our call yesterday, we propose the attached documents in an effort to reach a consensus. Please note we do not have final signoff from our state co-plaintiffs at this time.

Thanks,

**Aaron M. Teitelbaum**
Senior Litigation Counsel | Antitrust Division
U.S. Department of Justice
450 Fifth Street NW
Washington, DC 20530
Mobile: (202) 894-4266

---

**From:** Morgan, Erin J <ejmorgan@paulweiss.com>
**Sent:** Thursday, June 29, 2023 10:09 AM
**To:** Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Teitelbaum, Aaron (ATR) <Aaron.Teitelbaum@usdoj.gov>; Goodman, Martha <mgoodman@paulweiss.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>
**Cc:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Vernon, Jeffrey (ATR) <Jeffrey.Vernon@usdoj.gov>; Choi, Stephanie (ATR) <Stephanie.Choi@usdoj.gov>; Henry, Tyler T. <THenry@oag.state.va.us>; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; Mauser, Amy <amauser@paulweiss.com>
**Subject:** [EXTERNAL] RE: Proposed Draft of Motion to Amend Scheduling Order and Discovery Plan

Hi Julia and Aaron—
Thanks for your proposal, which we have reviewed with Google and can discuss from **1:30 – 2 pm** today, if you are available.  If not, we can stick with the 4:30-5 pm window we are already holding.  As you can see in the attached mark-up, while there are several things we agree on, and we remain optimistic that we can work together to sort out at least some of the remaining issues, at this point there is still some separation between us.
*First*, we are not in a position to agree to bifurcation of discovery.  DOJ did not raise the issue of bifurcation in this case until June 6, long after the schedule was set in this case and only weeks before the substantial completion of document discovery and the start of depositions.  We see no reason to alter the discovery plan at this point.

*Second*, on the witness list issue, we do not agree with your new proposal that adverse witnesses need not be listed on the initial witness list.  Google and the Plaintiffs are very differently situated with regard to party opponent witnesses: while the DOJ had the opportunity to depose Google witnesses through its investigation, Google's only opportunity to assess Plaintiff witness testimony will be through depositions.  Accordingly, your proposal gives Plaintiffs far more flexibility with their witness list than Google.  We also propose slightly different numbers on the number of depositions and the cap on additional depositions, although I assume those are issues we will be able to work through together since we are not very far apart.

*Third*, having taken some time to think about it, we do not think it is necessary to request an extension of the schedule.  Google expects to notice some depositions by the end of this week, and we believe we can continue to calibrate our discovery strategy in accordance with the existing schedule.

We are, of course, eager to continue working with you on these issues and hopeful that we can find a resolution on at least some of these topics, although coming to ground on these issues by tomorrow may be a challenge.  We look forward to discussing this afternoon.

Best,
Erin


**Erin J. Morgan** | Partner
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3387 (Direct Phone) | 212 492 0387 (Direct Fax)
ejmorgan@paulweiss.com | www.paulweiss.com

---

**From:** Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>
**Sent:** Wednesday, June 28, 2023 1:41 PM
**To:** Teitelbaum, Aaron (ATR) <Aaron.Teitelbaum@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Goodman, Martha <mgoodman@paulweiss.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>
**Cc:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Vernon, Jeffrey (ATR) <Jeffrey.Vernon@usdoj.gov>; Choi, Stephanie (ATR) <Stephanie.Choi@usdoj.gov>; Henry, Tyler T. <THenry@oag.state.va.us>; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>
**Subject:** RE: Proposed Draft of Motion to Amend Scheduling Order and Discovery Plan

Can we find a time to discuss either later today or first thing tomorrow?  Please let us know.

Thanks,
Julia


**Julia Tarver Wood**
Senior Litigation Counsel
United States Department of Justice, Antitrust Division
450 Fifth Street NW | Washington, DC 20530
(202) 552-9047 (Mobile Phone)

Julia.Tarver.Wood@usdoj.gov

*Pronouns: She/Her/Hers*

---

**From:** Teitelbaum, Aaron (ATR) <Aaron.Teitelbaum@usdoj.gov>
**Sent:** Wednesday, June 28, 2023 1:33 PM
**To:** Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Goodman, Martha <mgoodman@paulweiss.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>
**Cc:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Vernon, Jeffrey (ATR) <Jeffrey.Vernon@usdoj.gov>; Choi, Stephanie (ATR) <Stephanie.Choi@usdoj.gov>; Henry, Tyler T. <THenry@oag.state.va.us>; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>
**Subject:** Proposed Draft of Motion to Amend Scheduling Order and Discovery Plan

Good afternoon,

Attached is a proposed draft motion to amend the scheduling order and discovery plan.  A few facts and figures are still to be filled in, in brackets.

**Aaron M. Teitelbaum**

Senior Litigation Counsel | Antitrust Division
U.S. Department of Justice
450 Fifth Street NW
Washington, DC 20530
Mobile: (202) 894-4266

---

**From:** Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>
**Sent:** Friday, June 23, 2023 7:59 AM
**To:** Morgan, Erin J <ejmorgan@paulweiss.com>; Goodman, Martha <mgoodman@paulweiss.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>
**Cc:** Teitelbaum, Aaron (ATR) <Aaron.Teitelbaum@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Vernon, Jeffrey (ATR) <Jeffrey.Vernon@usdoj.gov>; Choi, Stephanie (ATR) <Stephanie.Choi@usdoj.gov>
**Subject:** RE: Proposal for Preliminary Witness List Exhange

That works.  Let's plan on 4 pm on Tuesday.  We will send an invite.

Thanks,
Julia

**Julia Tarver Wood**

Senior Litigation Counsel
United States Department of Justice, Antitrust Division
450 Fifth Street NW | Washington, DC 20530

(202) 552-9047 (Mobile Phone)
Julia.Tarver.Wood@usdoj.gov
*Pronouns: She/Her/Hers*

**From:** Morgan, Erin J <ejmorgan@paulweiss.com>
**Sent:** Friday, June 23, 2023 9:36 AM
**To:** Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Goodman, Martha <mgoodman@paulweiss.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>
**Cc:** Teitelbaum, Aaron (ATR) <Aaron.Teitelbaum@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Vernon, Jeffrey (ATR) <Jeffrey.Vernon@usdoj.gov>; Choi, Stephanie (ATR) <Stephanie.Choi@usdoj.gov>
**Subject:** [EXTERNAL] RE: Proposal for Preliminary Witness List Exhange

Hi Julia—

We are not available today. Could you do between 4 and 5:30 on Tuesday?

Thanks,

Erin

**Erin J. Morgan** | Partner
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3387 (Direct Phone) | 212 492 0387 (Direct Fax)
ejmorgan@paulweiss.com | www.paulweiss.com

**From:** Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>
**Date:** Thursday, Jun 22, 2023 at 2:38 PM
**To:** Goodman, Martha <mgoodman@paulweiss.com>, Andrew Ewalt <Andrew.Ewalt@freshfields.com>, Craig Reilly <craig.reilly@ccreillylaw.com>, Morgan, Erin J <ejmorgan@paulweiss.com>
**Cc:** Teitelbaum, Aaron (ATR) <Aaron.Teitelbaum@usdoj.gov>, Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>, Vernon, Jeffrey (ATR) <Jeffrey.Vernon@usdoj.gov>, Choi, Stephanie (ATR) <Stephanie.Choi@usdoj.gov>
**Subject:** RE: Proposal for Preliminary Witness List Exhange

Are folks available for a call tomorrow to continue our discussion on the points below?  If so, please let me know what time(s) you are available.

Thanks,
Julia

**Julia Tarver Wood**
Senior Litigation Counsel
United States Department of Justice, Antitrust Division
450 Fifth Street NW | Washington, DC 20530
(202) 552-9047 (Mobile Phone)
Julia.Tarver.Wood@usdoj.gov
*Pronouns: She/Her/Hers*

---

**From:** Goodman, Martha <mgoodman@paulweiss.com>
**Sent:** Friday, June 16, 2023 11:21 PM
**To:** Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Morgan, Erin J <ejmorgan@paulweiss.com>
**Cc:** Teitelbaum, Aaron (ATR) <Aaron.Teitelbaum@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Vernon, Jeffrey (ATR) <Jeffrey.Vernon@usdoj.gov>; Choi, Stephanie (ATR) <Stephanie.Choi@usdoj.gov>
**Subject:** [EXTERNAL] RE: Proposal for Preliminary Witness List Exhange

Julia,

We're following up on the issues of equitable remedies discovery, preliminary trial witness lists, and hours limits on depositions.

**Equitable-remedies-only discovery**.  Based on our call last Friday, we understand plaintiffs' request to be that Google agree to bifurcate discovery related only to equitable remedies that plaintiffs may seek in the event liability is established to a period after such liability finding, i.e., after a trial.  On our call, we explained Google's view that there was no bifurcation contemplated by the parties or the court at the outset of this case just a few months ago, when the parties and Court were all aware that the plaintiffs were seeking equitable remedies.

However, in order to evaluate plaintiffs' request, we ask for more and specific information about plaintiffs' proposal.  Can you please provide more detail in terms of the discovery you are contemplating taking place after a potential liability finding and over what time period?  What forms of discovery would be proper?  What if any numerical limitations on such discovery?  What expert discovery do you propose?  Can you please also explain how the parties and court would assess whether the discovery is properly considered as "equitable relief only"-related discovery?

**Preliminary witness lists**.  On our call, plaintiffs proposed to exchange preliminary, non-binding witness lists in order to aid the parties in identifying what depositions they wish to take. We indicated Google's agreement in principle to this at the outset.  We then discussed what you had in mind in terms of a proposal, and after conferring with our client, your recommended approach conceptually works for our side, as well.

We received your proposal sent on Monday, and note that things we discussed are absent and

things we did not discuss are included.  Specifically:

- We did not discuss a party versus non-party "cap" on the number of witnesses.  Google will not agree to artificially cap the number of party versus non-party witnesses.  Instead, Google proposes that each side may list up to 40 fact witnesses, identifying party and non-party fact witnesses by name (not just entity affiliation); and excluding expert witnesses, rebuttal witnesses, and anyone testifying by deposition designation.
- We discussed on the call that the preliminary list is "non-binding", i.e., parties can amend their preliminary witness list in good faith throughout the fact discovery period; we also discussed–and you agreed–that if amendments take place without time for the opposing side to take a deposition of such witness, parties agree to jointly request of the court that pre-trial depositions of such witnesses be permitted.  Thus, we do not agree with your restriction in item #3, and in no case will Google agree that any preliminary witness list exchanged prior to the deadline by which the Court orders trial witness lists are binding on any party.

Google agrees to an exchange on July 10, 2023 at 5 pm, consistent with our proposal outlined in the bullets above.

**Hours versus number of depositions**.  We also discussed Google's request of moving to an hours instead of numbers limit for non-party depositions.  You indicated that plaintiffs were not opposed to the request, so long as it apply to party and non-party depositions, and that depositions be counted at a minimum of 3-3.5 hours (i.e., no seven 1-hour depositions).  You also noted that the parties would need to assess how this affects coordination orders relative to the SDNY action.

We've considered your Friday proposal, as well as your additional proposal in your June 12 email.  Google can agree to plaintiffs' requirements that the hours approach apply to party as well as non-party depositions, and that depositions be counted at a minimum of 3 hours.

With respect to your item 2 and the concern about overcomplicating and burdening the schedule, Google is amenable to adopting a cap on half-day depositions but does not agree to the limits you have proposed.  We instead propose that the number of half-day depositions be limited to 16 half-day depositions for non-parties and 8 half-day depositions for parties.  This would mean each side could take, by way of example, 24 non-party depositions (with 8 capped at 3 hours).  For party depositions, by way of example, a side could take 14 party depositions, if 8 were limited to 3 hours and 6 extended for longer.

More specifically, we'd propose entering into an amendment to the Rule 16(b) scheduling order/discovery plan that says:

1. A <u>party deposition</u> shall count as one-half of a deposition against the party deposition limit applicable to a party if that party (a) notices or cross notices that deposition; (b) examines the witness on the record for fewer than 180 minutes; and (c) has not noticed or cross noticed 8 prior party depositions that have each counted as one-half of a deposition against the party deposition limits applicable to that party.  In all other circumstances, a party deposition shall count as one deposition against the party deposition limit applicable to each party that notices or cross notices that deposition.

2. A <u>non-party deposition</u> shall count as one-half of a deposition against the non-party deposition limit applicable to a party if that party (a) notices or cross notices that deposition; (b) examines the witness on the record for fewer than 180 minutes; and (c) has not noticed or cross noticed 16 prior non-party depositions that have each counted as one-half of a deposition against the non-party deposition limits applicable to that party.  In all other circumstances, a non-party deposition shall count as one deposition against the non-party deposition limit applicable to each party that notices or cross notices that deposition.

We will also work with you and the SDNY plaintiffs to harmonize this, if at all needed, with the coordination orders, and believe the above-solution is a workable way to amend only the EDVA orders that would get incorporated by reference into the other coordination orders.

Let us know your thoughts and if you'd like to further discuss.


**Martha L. Goodman** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7341 (Direct Phone) | 315 269 4061 (Cell)
mgoodman@paulweiss.com | www.paulweiss.com

**From:** Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>
**Sent:** Monday, June 12, 2023 9:23 PM
**To:** Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Goodman, Martha <mgoodman@paulweiss.com>
**Cc:** Teitelbaum, Aaron (ATR) <Aaron.Teitelbaum@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Vernon, Jeffrey (ATR) <Jeffrey.Vernon@usdoj.gov>; Choi, Stephanie (ATR) <Stephanie.Choi@usdoj.gov>
**Subject:** Proposal for Preliminary Witness List Exhange

As promised, below is our proposal re: a preliminary witness list exchange between the parties:

1. On **7/10** at 5:00 pm ET, both sides will exchange preliminary trial witness lists ("Preliminary Witness List") of no more than [**20**] third-party witnesses and [**10**] party witnesses.  The Preliminary Witness List will identify individuals by name, not merely by company/entity affiliations.
2. The Preliminary Witness List need <u>not include</u>:  a) experts; b) witnesses presented via depo designation only; or c) rebuttal witnesses.
3. Absent good cause shown, and with the exceptions noted in Par. 2, neither side can call as a trial witness any witness that was neither (a) identified on either party's Preliminary Witness List nor (b) deposed in a case or investigation in which the opposing side's counsel was present.

Regarding your proposal to split 7-hour depositions into smaller increments, here is our current thinking:

1. As noted on Friday's call, this approach would need to apply to both party and third-party witnesses, and we believe the subdivisions should be limited to half-day depositions of 3-3.5 hours only.
2. To address our concern about overcomplicating and burdening the schedule with the potential for 120 depositions over what might be as few as 29 business days, we propose that the parties adopt a cap on half-day depositions. Under this approach, for example, we would retain a cap of 30 depositions per side (20 third party, 10 party), but each side would be able to take up to 10 half-day depositions (for either party or third-party witnesses) that would count as half of a deposition under the cap.

We look forward to continuing our discussion on these issues.

Best,
Julia


**Julia Tarver Wood**
Senior Litigation Counsel
United States Department of Justice, Antitrust Division
450 Fifth Street NW | Washington, DC 20530
(202) 552-9047 (Mobile Phone)
**Julia.Tarver.Wood@usdoj.gov**
*Pronouns: She/Her/Hers*

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.