UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

UNITED STATES, *et al.*,

    *Plaintiffs,*

vs.

GOOGLE LLC,

    *Defendant.*

No: 1:23-cv-00108-LMB-JFA

**GOOGLE LLC'S RESPONSE TO THE
COURT'S ORDER ON THE MOTIONS TO SEAL**

On July 3, 2023, the Court ordered (ECF No. 280) Defendant Google LLC ("Google") to revisit the materials at issue in three motions to seal (ECF Nos. 217, 247, 258). Google has undertaken a close re-review of those materials. Upon re-review, Google consents to the unsealing of large portions of those materials, but respectfully requests that the portions of documents discussing Google's confidential commercial information remain under seal. Allowing such information to be sealed would comport with Fourth Circuit precedent holding that non-public commercial information, the disclosure of which would cause competitive harm to a litigant, may be sealed. Google also respectfully requests—consistent with the approach the court in the Southern District of New York has taken and this Court has taken so far—that the Court protect its employees' privacy interests by allowing their personal information to remain under seal at this time.[1] In accordance with the Court's July 3 order, Google is concurrently submitting redacted versions of the

---

[1] Google acknowledges, as the Court noted in its July 3 order, that not all employee information is likely to remain confidential as this case progresses. ECF No. 280 at 3.

1

documents it proposes to remain under seal in part, as well as less-redacted versions of the memoranda of law supporting Plaintiffs' motion to compel.

## BACKGROUND

On May 19, 2023, Plaintiffs moved for *in camera* review of 21 documents Google withheld or redacted as privileged or protected, and to compel Google to produce those documents depending on the outcome of the *in camera* review. Plaintiffs' motion focused on two categories of documents: (1) documents related to codenamed projects that were undertaken in response to government investigations and in anticipation of litigation, and (2) documents purportedly supporting Plaintiffs' claim that Google employees allegedly tried to shield regular business documents from disclosure by copying attorneys pursuant to a "Communicate with Care" policy. *See* Mem. in Support of Pls.' Mot. to Compel, ECF No. 215.

In support of their motion, Plaintiffs submitted 31 exhibits, nine of which Plaintiffs used to support their "Communicate with Care" argument.[2] Plaintiffs submitted six additional exhibits to their Reply in support of their motion, four of which were unredacted or less inclusive versions of the exhibits Plaintiffs had filed previously. ECF Nos. 257-260. Plaintiffs also redacted portions of their briefs discussing these documents. Because these documents appeared to contain Google's confidential business information as well as the personal information of Google employees, Google supported keeping them under seal. ECF Nos. 236, 268.

In opposing Plaintiffs' motion, Google submitted three exhibits. ECF No. 245. Google moved to seal these exhibits because they contained confidential business information or the names of Google employees, whose privacy it sought to protect. ECF No. 248.

---

[2] *See* Exs. 2, 3, 4, 5, 6, 7, 8, 9, and 10 to Pls.' Mot. to Compel, ECF No. 214.

Following a hearing on June 15 and *in camera* review of one of the documents at issue, the Court ultimately denied Plaintiffs' motion. The Court declined to review *in camera* documents relating to the codenamed projects. *See* Order at 1 (June 23, 2023), ECF No. 274. The Court based that ruling on Google's "privilege log [attached as an Appendix to Plaintiffs' motion to compel], the deposition testimony of [Google's 30(b)(6)] representative, the declaration [of Ted Lazarus] accompanying the opposition, and the various communications from [Google's] counsel that were included as exhibits to the pleadings." *Id.* After reviewing the one remaining document at issue *in camera*, and after ordering Google to provide further explanation as to the appropriateness of one of the redactions in that document, the Court denied Plaintiffs' motion to compel as to that document. *See id.* at 1-2; Order at 1 (July 3, 2023), ECF No. 279. Neither Plaintiffs' "Communicate with Care" argument nor the exhibits Plaintiffs cited in support of that argument served as the basis of the Court's orders on the Plaintiffs' motion to compel.

After denying Plaintiffs' motion to compel, the Court ordered Google to revisit the documents at issue in the motions to seal accompanying the parties' submissions on the motion to compel and to submit a memorandum to the Court detailing the results of its review. *See* Order at 4 (July 3, 2023) ("Sealing Order"), ECF No. 280. Google has undertaken that re-review and respectfully submits that limited portions of the documents at issue should remain under seal to protect the privacy interests of Google's employees and the confidential business information of Google.

## ARGUMENT

Google has carefully re-reviewed the materials filed in whole or in part under seal.[3] In accordance with the Court's July 3 order, Google has determined that much of the information contained in the materials submitted to the Court in connection with the motion to compel can be unsealed—including communications between Google's lawyers and the Department of Justice ("DOJ"), the entirety of the Declaration of Ted Lazarus submitted in opposition to Plaintiffs' motion to compel, internal communications about routine and administrative matters, non-sensitive employee training materials, and high-level descriptions of the remedy projects at issue in the motion to compel. Accordingly, Google agrees that a large portion of the materials may be unsealed either completely or with only the personal information of Google employees redacted, and proposes narrow redactions to the rest. Google's requests are summarized in the accompanying chart (Attachment A).

Google respectfully requests that the Court keep under seal documents or portions of documents that contain (i) personal information of Google employees or (ii) confidential commercial information of Google. While Google acknowledges—and agrees—that it is "unlikely" that all employee information will remain "under seal throughout this litigation," Sealing Order at 3, Google requests that such information be kept under seal at this time. Sealing employee names, email addresses, and other personal information of Google employees would be

---

[3] Google designated as "Highly Confidential" documents it produced in response to the United States' Civil Investigative Demands ("CIDs") prior to the filing of this litigation, as Google expected that its productions would remain confidential under the Antitrust Civil Process Act. 15 U.S.C. § 1311 *et seq*. The Protective Order in this case provides that investigation materials "shall retain" the confidentiality designations that they were given during the investigation. *See* Protective Order ¶ 4, ECF No. 203. Nevertheless, Google acknowledges its "obligation to review closely each redaction and document that plaintiffs file under seal" in this litigation, regardless of a document's previous confidentiality designation. *See* Sealing Order at 3.

4

consistent with—and a contrary approach may undermine—Judge Castel's sealing practice in the related litigation in the Southern District of New York.  *See* Order at 9, *In re Google Digit. Advert. Litig.*, 1:21-md-03010 (S.D.N.Y. Oct. 15, 2021), ECF No. 147.  To be consistent with Judge Castel's sealing orders, this Court previously indicated that it would also be inclined to continue to seal such employee information.  *See* Tr. of Mot. to Transfer & Mot. to Seal at 27, ECF No. 59.

Google also requests that its confidential commercial information (including information about its customers)—the disclosure of which would harm Google by placing it at a competitive disadvantage—remain sealed.  As the Fourth Circuit has consistently recognized, protecting such confidential commercial information to prevent competitors from "unfairly gaining a business advantage" qualifies as a "significant interest that outweighs the presumption" of access to "judicial records and documents."[4]  *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quotation marks omitted); *accord, e.g.*, *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing.").  Courts in this District have likewise recognized that non-

---

[4] The presumption of access applies only to "judicial records."  *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*, No. 2:17-cv-0503, 2019 WL 8108115, at *1 (E.D. Va. Aug. 15, 2019).  Indeed, this Court recently observed that "[t]he mere filing of a document does not trigger the guarantee of access."  *Oberg v. Nelnet, Inc.*, No. 1:07-cv-00960, 2023 WL 4312594, at *2 (E.D. Va. July 3, 2023) (Anderson, M.J.).  On the contrary, only documents that "play a role in the adjudicative process" are judicial records.  *In re United States for an Ord. Pursuant to 18 U.S.C. § 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013).  Here, the Court relied only on Google's privilege log attached as an Appendix to Plaintiffs' motion to compel, the Declaration of Ted Lazarus (ECF No. 245-001), Google's 30(b)(6) deposition transcript, and letters between Google's counsel and DOJ in deciding Plaintiffs' motion to compel.  *See* Order at 1, ECF No. 274.  The remaining exhibits are therefore not judicial documents.  Some courts have allowed such non-judicial documents to be sealed only upon a showing of "good cause."  *See, e.g.*, *Smithkline Beecham Corp. v. Abbott Labs.*, No. 1:15-cv-0360, 2017 WL 11552659, at *2 (M.D.N.C. Mar. 7, 2017).  But even under the "significant interests" standard for judicial records, Google's confidential business information should remain under seal.

5

public information about a business's customers is properly sealed as commercially sensitive. *See, e.g.*, *Navient Sols., LLC v. L. Offs. of Jeffrey Lohman, P.C.*, No. 1:19-cv-461, 2020 WL 13609407, at *2 (E.D. Va. July 21, 2020) (redacting client information appropriate to "protect the identities of nonparties to this action"); *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 2:10-cv-248, 2011 WL 7046021, at *1-2 (E.D. Va. Dec. 7, 2011) (allowing redaction of "the terms of any agreements with non-parties which are not strictly necessary to the arguments" because such information "concerns matters of commercial interest to the parties and not of general interest to the public"). A significant countervailing interest thus favors sealing Google's confidential business information.

In response to the Court's order, Google has sought to maximize the amount of information available to the public by proposing narrowly tailored redactions to keep only its confidential commercial information and the personal information of its employees sealed, enabling the balance of the materials to be filed publicly. As set forth in more detail below, Google respectfully requests that the Court keep fully sealed seven out of the 40 exhibits associated with Plaintiffs' motion to compel, keep partially sealed 20 exhibits for employee personal and Google confidential commercial information, and unseal the rest, save for Google employee information. Google submits herewith proposed redacted versions of the exhibits it requests to be partially sealed, as well as less-redacted versions of the memorandum of law and reply memorandum of law in support of Plaintiffs' motion that redact only the limited information that Google continues to believe should remain under seal.[5]

---

[5] Consistent with the Court's guidance, ECF No. 280, Google believes that only personal information need be redacted in Plaintiffs' Appendices and in Google's memorandum of law in opposition to Plaintiff's motion to compel. Google is filing a less-redacted version of Plaintiffs' Appendices. Google's opposition brief filed with the Court already only redacts for employee information.

I.  **Documents That Google Requests Remain Fully Sealed.**

For the reasons set forth below, Google respectfully requests that the Court keep fully sealed the following seven documents, none of which served as a basis for the Court's orders on Plaintiffs' motion to compel:

- *Exhibit 5 to Plaintiffs' Motion to Compel.* This email chain consists of non-public and commercially sensitive information related to Google's business strategy and pricing decisions for display advertising features, impressions of customers, and product development. Because Google would suffer competitive harm if this information were made public, Google requests that the document remain under seal.

- *Exhibit 20 to Plaintiffs' Motion to Compel.* This internal Google document consists of non-public and commercially sensitive information related to Google's display advertising strategy, including potential future pricing strategy.

- *Exhibit 23 to Plaintiffs' Motion to Compel.* This internal document consists of non-public and commercially sensitive information related to Google's commercial plans—including future objectives with regard to revenue, inventory, and user data—and related analysis. Because Google would suffer competitive harm if this information were made public, Google requests that the document remain under seal.

- *Exhibit 24 to Plaintiffs' Motion to Compel.* This email chain consists of Google employee comments to Exhibit 23 to Plaintiffs' motion to compel, which as noted above is a commercially sensitive document. The employee comments similarly discuss non-public and commercially sensitive information related to product development and strategy. Because Google would suffer competitive harm if this information were made public, Google requests that the document remain under seal.

- *Exhibit 26 to Plaintiffs' Motion to Compel.* This internal Google document contains non-public and commercially sensitive information related to Google's analysis of its work for a third-party publisher and its strategy for servicing that customer going forward. Because Google would suffer competitive harm if this information were made public, Google requests that the document remain under seal. The document should also remain under seal because it reveals confidential customer information.

- *Exhibits 3 & 4 to Plaintiffs' Reply.* These versions of the same internal Google document—with different redactions for privilege based on Google's decision to disclose portions of the document to Plaintiffs upon re-review—summarize a confidential commercial proposal that Google intended to make to a third party. The proposal includes input from close to a dozen distinct commercial divisions across a broad range of Google's product areas and business units, providing visibility into Google's strategic decision and deal-making logic. *See* Decl. of Jason Washing ¶ 4, ECF No. 268-1. The proposal also reveals competitive strategy, including business and pricing strategy, as well as confidential and bespoke contract terms. *Id.* Because Google would suffer competitive harm if this information were

7

made public, Google requests that the document remain under seal. The document should also remain under seal because it reveals confidential customer information.

II. **Documents That Google Requests Remain Partially Sealed for Personal and Confidential Commercial Information.**

For the reasons set forth below, Google respectfully requests that the Court shield from public view the personal information of Google employees and Google's confidential commercial information by accepting redacted versions of the following materials, only one of which the Court relied on in deciding Plaintiffs' motion to compel—and which Google agrees may be filed almost entirely in unredacted form:

- *Exhibit 4 to Plaintiffs' Motion to Compel.* Portions of this internal presentation contain commercially sensitive information (on pages GOOG-DOJ-06890340-342, -344, -346, 352-354, -356) related to Google's users, competitors, and key objectives, as well as revenue and other financial data. Google has filed a redacted version of this document that seals only this commercially sensitive information, as well as Google employees' personal information.

- *Exhibit 6 to Plaintiffs' Motion to Compel.* The first-in-time email in this email chain (on page GOOG-DOJ-07804119) contains non-public commercial information related to a third-party Google customer, including information about pricing and potential changes to Google's products. Because Google would suffer competitive harm if this information were made public, Google requests that this information remain under seal. That information should also remain under seal because it reveals confidential customer information. Google has filed a redacted version of this document that seals only this commercially sensitive information, as well as Google employees' personal information.

- *Exhibit 7 to Plaintiffs' Motion to Compel.* Portions of this email chain contain non-public information about Google's pricing and commercial strategy, as well as Google's nonpublic analysis of its competitors. Because Google would suffer competitive harm if this information were made public, Google requests that this information remain under seal. Independently, the second most recent email in the chain should remain under seal because it reveals confidential customer information. Google has filed a redacted version of this document that seals only this commercially sensitive information, as well as Google employees' personal information.

- *Exhibit 8 to Plaintiffs' Motion to Compel*. The first-in-time email in this email chain contains non-public and commercially sensitive information, including information about and analysis of Google's top partners, confidential revenue data, and Google's partnership strategy and future business plans. Because Google would suffer competitive harm if this information were made public, Google requests that this information remain under seal. Google has filed a redacted version of this document that seals only this commercially sensitive information, as well as Google employees' personal information.

- *Exhibit 9 to Plaintiffs' Motion to Compel*. The first-in-time email in this chain (on pages GOOG-DOJ-15157184-187) contains a non-public revenue and impact analysis of Google's auction changes on its customers and includes non-public information about Google's publisher customers. Because Google would suffer competitive harm if this information were made public, Google requests that this information remain under seal. That information should also remain under seal because it reveals confidential customer information. Google has filed a redacted version of this document that seals only this commercially sensitive information, as well as Google employees' personal information.

- *Exhibit 10 to Plaintiffs' Motion to Compel and Exhibits 1 & 2 to Plaintiffs' Reply*. These are versions of the same email chain, with differing privilege redactions based on Google's decision to disclose portions as non-privileged upon re-reviewing these documents. ECF No. 245 at 2. Except for the four latest-in-time emails (on page GOOG-DOJ-AT-01019463), this email chain consists of non-public information about Google's business strategy and future business plans, Google's revenue and margins, and its nonpublic assessments of its competitors. Because Google would suffer competitive harm if this information were made public, Google requests that this information remain under seal. Google has filed a redacted version of this document that seals only this commercially sensitive information, as well as Google employees' personal information.

- *Exhibit 14 to Plaintiffs' Motion to Compel, Exhibit B to Google's Opposition, and Exhibit 5 to Plaintiffs' Reply*. These are excerpts from and the full deposition transcript of Google's 30(b)(6) corporate representative, who was deposed pursuant to DOJ's CIDs issued under the Antitrust Civil Process Act ("ACPA"), 15 U.S.C. § 1311 *et seq*. The vast majority of the transcript and its excerpts are suitable for disclosure to the public. Limited portions of the transcript contain sensitive non-public information about Google's competitive strategy, proprietary product features, potential future changes to those features, internal processes and operations, and proprietary technology. Because Google would suffer competitive harm if this information were made public, Google requests that this information remain under seal. Google has filed a redacted version of this document that seals only this commercially sensitive information, as well as Google employees' personal information.

- *Exhibit 18 to Plaintiffs' Motion to Compel and Exhibit 6 to Plaintiffs' Reply*. These are excerpts from the deposition transcript of a Google employee, who was deposed pursuant to DOJ's CIDs issued under the ACPA. Portions of the transcript discuss the substance of a confidential Google project (on pages 197, 198, and 202). Because Google would suffer competitive harm if this information were made public, Google requests that this information remain under seal. Google has filed a redacted version of this document that seals only this commercially sensitive information, as well as Google employees' personal information.

- *Exhibit 21 to Plaintiffs' Motion to Compel*. The first-in-time email in this email chain (on page GOOG-DOJ-10963552-001) contains non-public information about Google's strategy for changing how its advertising technology products work. Because Google would suffer competitive harm if this information were made public, Google requests that this information remain under seal. Google has filed a redacted version of this document

that seals only this commercially sensitive information, as well as Google employees' personal information.

- *Exhibit 22 to Plaintiffs' Motion to Compel*. Portions of this email chain (on pages LAZARD-DOJ-00000044 and -046) contain non-public analyses, by Google and its financial advisor, of the advertising technology competitive landscape as it relates to Google. Because Google would suffer competitive harm if this information were made public, Google requests that this information remain under seal. Google has filed a redacted version of this document that seals only this commercially sensitive information, as well as Google employees' personal information.

- *Exhibit 25 to Plaintiffs' Motion to Compel*. The top comment in this document (on page GOOG-DOJ-AT-01508261) contains non-public information about Google's strategy for its advertising technology business, including analysis of customers' views and future plans. Because Google would suffer competitive harm if this information were made public, Google requests that this information remain under seal. That information should also remain under seal because it reveals confidential customer information. Google has filed a redacted version of this document that seals only this commercially sensitive information, as well as Google employees' personal information.

- *Exhibit 27 to Plaintiffs' Motion to Compel*. Except for the portions relaying publicly available information about industry developments and competitors (on pages GOOG-DOJ-AT-01045139-143), this email chain contains non-public details and future strategy related to Google's advertising technology business, including detailed financial analyses and customer information. Because Google would suffer competitive harm if this information were made public, Google requests that this information remain under seal. That information should also remain under seal because it reveals confidential customer information. Google has filed a redacted version of this document that seals only this commercially sensitive information, as well as Google employees' personal information.

- *Exhibit 28 to Plaintiffs' Motion to Compel and Exhibit C to Google's Opposition.* These are excerpts from the deposition transcript of a Google employee, who was deposed pursuant to DOJ's CIDs issued under the ACPA. Portions of the transcript discuss non-public information about future product changes and strategy in the context of a confidential Google project (on pages 169-178, 180). Because Google would suffer competitive harm if this information were made public, Google requests that this information remain under seal. Google has filed a redacted version of this document that seals only this commercially sensitive information, as well as Google employees' personal information.

- *Exhibit 31 to Plaintiffs' Motion to Compel*. This is an excerpt from the deposition transcript of a Google employee, who was deposed pursuant to a CID issued by DOJ in accordance with the ACPA. Portions of the transcript discuss confidential information about Google's decisionmaking processes, including by senior leadership, as well as non-public proposals and transactions that were discussed by Google executives. Because Google would suffer competitive harm if this information were made public, Google requests that this information remain under seal. Google has filed a redacted version of this document that

seals only this commercially sensitive information, as well as Google employees' personal information.

## CONCLUSION

For these reasons, Google respectfully requests that the Court keep Google's confidential commercial information and employee personal information under seal, as described above, and accept Google's proposed redacted versions of the materials relating to Plaintiffs' motion to compel as the publicly filed versions.

Dated: July 17, 2023

Eric Mahr (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Julie Elmer (*pro hac vice*)
Lauren Kaplin (*pro hac vice*)
Jeanette Bayoumi (*pro hac vice*)
Claire Leonard (*pro hac vice*)
Sara Salem (*pro hac vice*)
Scott Eisman (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
Koren Wong-Ervin (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036

Respectfully submitted,

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ.
209 Madison Street
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (*pro hac vice*)
Jeannie H. Rhee (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Joseph Bial (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Bryon P. Becker (VSB #93384)
Erica Spevack (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile (202) 223-7420
kdunn@paulweiss.com

Meredith Dearborn (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
535 Mission Street, 24th Floor

Telephone: (202) 912-4700  
Facsimile: (202) 912-4701  
bjustus@axinn.com  

San Francisco, CA 94105  
Telephone: (646) 432-5100  
Facsimile: (202) 330-5908  
mdearnborn@paulweiss.com  

*Counsel for Defendant Google LLC*

Attachment A

Google's Sealing Request Regarding the Documents
at Issue in the Sealing Motions (ECF Nos. 217, 247, 258)

| Document | Google's Request | Action Taken by Google |
|---|---|---|
| Plaintiff's Memorandum of Law in Support of Their Motion to Compel | Partially seal for personal information of Google employees and confidential business information | Proposed redacted version submitted herewith. |
| Appendix to Plaintiff's Motion to Compel | Partially seal for personal information of Google employees | Proposed redacted version submitted herewith. |
| Exhibit 1 to Plaintiffs' Motion to Compel | Partially seal for personal information of Google employees | Proposed redacted version submitted herewith. |
| Exhibit 2 to Plaintiffs' Motion to Compel | Unseal | Version for unsealing submitted herewith. |
| Exhibit 3 to Plaintiffs' Motion to Compel | Partially seal for personal information of Google employees | Proposed redacted version submitted herewith. |
| Exhibit 4 to Plaintiffs' Motion to Compel | Partially seal for personal information of Google employees and confidential business information | Proposed redacted version submitted herewith. |
| Exhibit 5 to Plaintiffs' Motion to Compel | Seal | Previously filed under seal. ECF No. 219-5. |
| Exhibit 6 to Plaintiffs' Motion to Compel | Partially seal for personal information of Google employees and confidential business information | Proposed redacted version submitted herewith. |
| Exhibit 7 to Plaintiffs' Motion to Compel | Partially seal for personal information of Google employees and confidential business information | Proposed redacted version submitted herewith. |
| Exhibit 8 to Plaintiffs' Motion to Compel | Partially seal for personal information of Google employees and confidential | Proposed redacted version submitted herewith. |

1

| Document | Google's Request | Action Taken by Google |
|---|---|---|
| | business information | |
| Exhibit 9 to Plaintiffs' Motion to Compel | Partially seal for personal information of Google employees and confidential business information | Proposed redacted version submitted herewith. |
| Exhibit 10 to Plaintiffs' Motion to Compel | Partially seal for personal information of Google employees and confidential business information | Proposed redacted version submitted herewith. |
| Exhibit 11 to Plaintiffs' Motion to Compel | Unseal | Version for unsealing submitted herewith. |
| Exhibit 12 to Plaintiffs' Motion to Compel | Partially seal for personal information of Google employees | Proposed redacted version submitted herewith. |
| Exhibit 13 to Plaintiffs' Motion to Compel | Partially seal for personal information of Google employees | Proposed redacted version submitted herewith. |
| Exhibit 14 to Plaintiffs' Motion to Compel | Partially seal for personal information of Google employees and confidential business information | Proposed redacted version submitted herewith. |
| Exhibit 15 to Plaintiffs' Motion to Compel | Unseal | Version for unsealing submitted herewith. |
| Exhibit 16 to Plaintiffs' Motion to Compel | Unseal | Version for unsealing submitted herewith. |
| Exhibit 17 to Plaintiffs' Motion to Compel | Unseal | Version for unsealing submitted herewith. |
| Exhibit 18 to Plaintiffs' Motion to Compel | Partially seal for personal information of Google employees and confidential business information | Proposed redacted version submitted herewith. |
| Exhibit 19 to Plaintiffs' Motion to Compel | Partially seal for personal information of Google employees | Proposed redacted version submitted herewith. |

| Document | Google's Request | Action Taken by Google |
|---|---|---|
| Exhibit 20 to Plaintiffs' Motion to Compel | Seal | Previously filed under seal. ECF No. 219-20. |
| Exhibit 21 to Plaintiffs' Motion to Compel | Partially seal for personal information of Google employees and confidential business information | Proposed redacted version submitted herewith. |
| Exhibit 22 to Plaintiffs' Motion to Compel | Partially seal for personal information of Google employees and confidential business information | Proposed redacted version submitted herewith. |
| Exhibit 23 to Plaintiffs' Motion to Compel | Seal | Previously filed under seal. ECF No. 219-23. |
| Exhibit 24 to Plaintiffs' Motion to Compel | Seal | Previously filed under seal. ECF No. 219-24. |
| Exhibit 25 to Plaintiffs' Motion to Compel | Partially seal for personal information of Google employees and confidential business information | Proposed redacted version submitted herewith. |
| Exhibit 26 to Plaintiffs' Motion to Compel | Seal | Previously filed under seal. ECF No. 219-26. |
| Exhibit 27 to Plaintiffs' Motion to Compel | Partially seal for personal information of Google employees and confidential business information | Proposed redacted version submitted herewith. |
| Exhibit 28 to Plaintiffs' Motion to Compel | Partially seal for personal information of Google employees and confidential business information | Proposed redacted version submitted herewith. |
| Exhibit 29 to Plaintiffs' Motion to Compel | Partially seal for personal information of Google employees | Proposed redacted version submitted herewith. |
| Exhibit 30 to Plaintiffs' Motion to Compel | Partially seal for personal information of Google employees | Proposed redacted version submitted herewith. |
| Exhibit 31 to Plaintiffs' | Partially seal for personal | Proposed redacted version |

| Document | Google's Request | Action Taken by Google |
|---|---|---|
| Motion to Compel | information of Google employees and confidential business information | submitted herewith. |
| Google's Memorandum of Law in Opposition to Plaintiffs' Motion to Compel | Partially seal for personal information of Google employees | Google has already filed a version of its brief that only redacts personal information. ECF No. 245. |
| Exhibit A to Google's Opposition to Plaintiffs' Motion to Compel | Unseal | Version for unsealing submitted herewith. |
| Exhibit B to Google's Opposition to Plaintiffs' Motion to Compel | Partially seal for personal information of Google employees and confidential business information | Proposed redacted version submitted herewith. |
| Exhibit C to Google's Opposition to Plaintiffs' Motion to Compel | Partially seal for personal information of Google employees and confidential business information | Proposed redacted version submitted herewith. |
| Plaintiff's Reply Memorandum of Law in Support of Their Motion to Compel | Partially seal for personal information of Google employees | Proposed redacted version submitted herewith. |
| Appendix to Reply in Support of Their Motion to Compel | Partially seal for personal information of Google employees | Proposed redacted version submitted herewith. |
| Exhibit 1 to Plaintiffs' Reply in Support of Their Motion to Compel | Partially seal for personal information of Google employees and confidential business information | Proposed redacted version submitted herewith. |
| Exhibit 2 to Plaintiffs' Reply in Support of Their Motion to Compel | Partially seal for personal information of Google employees and confidential business information | Proposed redacted version submitted herewith. |
| Exhibit 3 to Plaintiffs' Reply in Support of Their Motion to Compel | Seal | Previously filed under seal. ECF No. 260-3. |

| Document | Google's Request | Action Taken by Google |
|---|---|---|
| Exhibit 4 to Plaintiffs' Reply in Support of Their Motion to Compel | Seal | Previously filed under seal. ECF No. 260-4. |
| Exhibit 5 to Plaintiffs' Reply in Support of Their Motion to Compel | Partially seal for personal information of Google employees and confidential business information | Proposed redacted version submitted herewith. |
| Exhibit 6 to Plaintiffs' Reply in Support of Their Motion to Compel | Partially seal for personal information of Google employees and confidential business information | Proposed redacted version submitted herewith. |