# EXHIBIT 2



U.S. Department of Justice

Antitrust Division

*Liberty Square Building*
*450 5th Street, N.W.*
*Washington, DC 20001*

April 6, 2021

**Via Email** (julie.elmer@freshfields.com)   **Via Email** (frubinstein@wsgr.com)

Julie Elmer, Esq.                              Franklin Rubinstein, Esq.
Freshfields Bruckhaus Deringer LLP             Wilson Sonsini Goodrich & Rosati
700 13th Street, NW, 10th Floor                1700 K Street NW, Fifth Floor
Washington, DC 20005                           Washington, DC 20006

      Re:   Civil Investigative Demand Nos. 30120 and 30471: Privilege Claims and Insufficient Privilege Log Entries

Dear Julie and Franklin:

      I write to address certain topics regarding privilege claims that Alphabet has asserted to the Antitrust Division ("the Division") in response to Civil Investigative Demand Nos. 30120 and 30471 ("the CIDs"). First, the Division is concerned that Alphabet's privilege claims with respect to documents produced for Business Council ("BC") and Ads and Commerce ("ACM") meetings are overly broad. The Division requests that Alphabet produce all non-privileged portions of documents relating to BC or ACM meeting materials concerning any Advertising Technology Product, including any links contained in those materials, no later than April 27, 2021. Second, many of Alphabet's privilege log entries, including the log entries relating to Project Jedi Blue, are too vague and lack sufficient information to support Alphabet's privilege assertions. The Division invites Alphabet to make any revisions to its privilege logs by providing the required level of detail, to the extent Alphabet intends to do so, by April 27, 2021. I address each of these topics in more detail below.

      **I.**    **BC and ACM Documents**

      Alphabet has claimed broadly that certain documents prepared for BC and ACM meetings are privileged in their entirety because they reflect attorney-client communications. For example, Alphabet recently clawed back GOOG-DOJ-09094988, an email related to a BC meeting concerning Project Jedi Blue, in its entirety and claimed that document links imbedded within GOOG-DOJ-09094988 are also privileged in their entirety under attorney-client privilege.

      As you are aware, having asserted claims of privilege, Alphabet bears the burden of presenting "sufficient facts to establish the privilege." *See Bartholdi Cable Co., Inc. v. FCC*, 114

F.3d 274, 280 (D.C. Cir. 1997) (quoting *In re Sealed Case*, 737 F.2d 94, 99 (D.C. Cir. 1984). Attorney-client communications are "privileged only if they constitute legal advice, or tend directly or indirectly to reveal the substance of a client confidence." *Alexander v. FBI*, 186 F.R.D. 102, 110-11 (D.D.C. 1998) (quoting *United States v. Defazio*, 899 F.2d 626, 635 (7th Cir. 1990)). Communications dealing with "business matters, management decisions or business advice are not protected by the [attorney-client] privilege." *Boca Investerings Partnership v. Unites States*, 31 F. Supp. 2d 9, 11 (D.D.C. 1998) (citation omitted). Where a company employee is an in-house attorney, but also has responsibilities outside the legal sphere, that employee's advice is protected only upon a "clear showing" that the employee "gave it in a professional legal capacity." *In re Sealed Case*, 737 F.2d at 99.

Instruction 10 in the CIDs requires Alphabet to "[p]roduce all non-privileged portions of any responsive document (including non-privileged or redacted attachments) for which a privilege claim is asserted." The Division requests that Alphabet produce all non-privileged portions of documents relating to BC or ACM meeting materials concerning any Advertising Technology Product, including any links contained in those materials, no later than April 27, 2021.

## II. Insufficient Privilege Log Entries

Many of Alphabet's privilege log entries are too vague or lack sufficient information to support Alphabet's privilege assertions. For example, counsel for Alphabet provided a privilege log entry on March 31, 2021 for a document previously produced by Alphabet but subsequently clawed back (originally produced as GOOG-DOJ-09094988 to -991; later identified as GGPL-1052250688). The privilege description field for this log entry states, in its entirety: "Email containing and reflecting legal advice of counsel regarding regulatory issues." *See* e-mail from Stuart Baimel, WSGR, to John Hogan, DOJ (Mar. 31, 2021, 11:47 am ET). This phrase provides insufficient information for the Division to assess Alphabet's asserted claims and suggests an attenuated communication that may or may not be privileged. The log entries for the documents linked within GOOG-DOJ-09094988 to -991 are similarly deficient. *See* e-mail from Stuart Baimel, WSGR, to John Hogan, DOJ (Mar. 31, 2021, 5:12 pm ET). Similarly vague and insufficient entries are pervasive across Alphabet's privilege logs.

Most corporate decisions and discussions in some way "reflect advice of counsel." As such, the use of a phrase of this type appears to seek to shield potentially unprivileged documents. If Alphabet means transmitting or forwarding a communication from an individual identified as an attorney representing Alphabet (as opposed to an individual with a law degree acting in a business capacity) and the communication satisfies all of the other elements necessary to support a claim of privilege, Alphabet's privilege logs should so indicate. Alphabet's privilege logs do not provide sufficient detail to assess whether communications involving in-house counsel "constitute legal advice, or tend directly or indirectly to reveal the substance of a client confidence." *See Alexander v. FBI*, 186 F.R.D. at 110-11.

Alphabet's privilege log entries are also insufficient with respect to identifying withheld document links. As previously discussed, the Division understands that Alphabet is producing

responsive documents that are associated with a document link found in an email. But Alphabet has failed to provide certain information required by CID Instruction 10.a. with respect to document links withheld on the basis of privilege. For example, in GOOG-DOJ-10497038, the Division cannot determine if Alphabet has asserted privilege for meeting materials associated with the document links "deck here" and "full notes here" because Alphabet's privilege logs do not contain information with parent document control numbers as required by Instruction 10.a. If Alphabet claims privilege over a document connected to a document link, Alphabet should provide the parent document control number of the document containing the link consistent with Instruction 10.a.

The Division continues to review Alphabet's privilege logs, but we wanted to draw your attention to these threshold issues that constrain the Division's consideration of Alphabet's privilege assertions. The Division invites Alphabet to make any revisions to its privilege logs to provide the required level of detail, to the extent Alphabet intends to do so, by April 27, 2021.

Please let me know if you have any questions.

Sincerely,

/s/

John J. Hogan
Trial Attorney
Antitrust Division
U.S. Department of Justice