# EXHIBIT 13

# Freshfields Bruckhaus Deringer US LLP

Washington
700 13th Street, NW
10th Floor
Washington, DC  20005-3960
T  +1 202 777 4500
(Switchboard)
   +1 202-777-4587 (Direct)
E  julie.elmer@freshfields.com
www.freshfields.com

**Confidential Treatment Requested**
**By Email**

Ryan Karr
Antitrust Division
U.S. Department of Justice
450 5th St. NW
Washington, DC 20530

October 4, 2021

Re:   Civil Investigative Demand No. 30769

Dear Ryan:

I am writing on behalf of Alphabet Inc. ("Company"). In response to your letter of September 17, 2021 and based on further investigation, the Company submits the following information in response to the Division's Civil Investigative Demand for 30(b)(6) deposition testimony ("CID") issued August 23, 2021.

1. **Specification 1**

   a. **Division's Request**: "The business considerations investigated; business analyses conducted; or conclusions, findings, or recommendations made, reached, or adopted by Google relating to internal projects with [various] codenames[.]"

   b. **Company's Response**:

      i. **Project Sunday**: Google objects to this specification to the extent it seeks information protected by the attorney-client privilege and work

Freshfields Bruckhaus Deringer US LLP

    product doctrine. Subject to and without waiving these objections, Google states that Project Sunday was an analysis of potential changes to Google's ad tech business in light of global regulatory investigations**.**

ii. **Project Monday**: Google objects to this specification to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Google states that Project Monday was an analysis of potential changes to Google's ad tech products in light of global regulatory investigations.

iii. **Project Stonehenge**: Google objects to this specification to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Google states that Project Stonehenge was an analysis of potential remedies in response to global regulatory investigations.

iv. **Project SingleClick**: Google objects to this specification to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Google states that Project SingleClick was an analysis of potential remedies in response to global regulatory investigations.

v. **Project 1Door**: Google objects to this specification to the extent it seeks information protected by the attorney-client privilege. Subject to and without waiving these objections, Google states that Project 1Door is a proposal to streamline the three buying doors for Ad Manager and AdMob. By way of further response, Google refers the Division to the CID deposition testimony of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

vi. **Project Banksy**: Google objects to this specification to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Google states that the current Project Banksy effort refers to an analysis of potential remedies in response to antitrust regulatory investigations. "Banksy" also refers to the concept underlying Header Bidding Manager, a feature designed to support demand coming into Ad Manager from client-side header bidding. By way of further response, Google refers the Division to the CID deposition testimony of ▇▇▇▇▇▇▇▇

vii. **Project Quantize**: Google objects to this specification as seeking information protected by the attorney-client privilege. Subject to and

**Freshfields Bruckhaus Deringer US LLP**

without waiving these objections, Google states that Quantize was a request for legal advice regarding compliance with privacy and competition laws and counsel's advice in response to that request.

viii. **Project Garamond**: Google objects to this specification as overly broad and unduly burdensome, as it seeks information unrelated to Google's ad tech products. Google also objects to this specification to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Google states that Project Garamond relates to a news content licensing program.

ix. **Project Metta**: Google objects to this specification as overly broad and unduly burdensome, to the extent it seeks information unrelated to Google's ad tech products. Google also objects to this specification to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving its objections, Google states that Project Metta relates to Google's initiative to understand and ensure compliance with the European Commission's Digital Markets Act, as well as Google's response to antitrust regulatory investigations in Europe, Australia, and the UK.

2. **Specification 2a**

   a. **Division's Request**: "[T]he names of the individuals involved in working on, approving, authorizing, or evaluating the project [identified in Specification 1] and the nature of their involvement[.]"

   b. **Company's Response**:

      i. **Project Sunday**:
         1. *Outside counsel:* Ethan Klingsberg of Freshfields, Bruckhaus, Deringer. John Harkrider and Daniel Bitton of Axinn, Veltrop and Harkrider.
         2. *Google in-house counsel who managed the project:* Ted Lazarus, ███████████████████ and Kent Walker.
         3. *Other Google in-house counsel involved:* ███████████ ███████████
         4. *Google employees who initiated the project:* ███████ ███████████████████
         5. *Key decision makers:* Kent Walker, ███████████ Philip Schindler, ███████████████████
         6. *Other Google employees involved:* ███████████ ███████████████████

**Freshfields Bruckhaus Deringer US LLP**

███████████████████████████
███████████████████████████
███████████████████████████
████████████

    ii.    **Project Monday**:
1. *Outside counsel:* John Harkrider and Daniel Bitton of Axinn, Veltrop and Harkrider; Jordan Ellison and Jessica Staples of Slaughter & May.
2. *Google in-house counsel who managed the project:* Ted Lazarus and ████████████
3. *Other Google in-house counsel involved:* ████████ ██████████████████████████████
4. *Google employee who initiated the project:* Philipp Schindler.
5. *Key decision makers:* Philipp Schindler, ████████ ████████████
6. *Other Google employees involved:* ████████ ████████████████████████████ Scott Spencer, ████████████████████████████ ████████████████████████████ ████████

    iii.    **Project Stonehenge**:
1. *Outside counsel:* John Harkrider, Daniel Bitton, Russell Steinhal, Leslie Overton, and Koren Wong-Ervin of Axinn, Veltrop & Harkrider; Jordan Ellison, Isabel Taylor, Tina Zhuo and Jessica Staples of Slaughter & May.
2. *Google in-house counsel who managed the project:* ████ ████████████████████
3. *Other Google in-house counsel:* Ted Lazarus, ████████ ████████████████████████████ ████████████████
4. *Google employees involved:* ████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ ██████████████████████.

    iv.    **Project SingleClick**:
1. *Outside counsel:* John Harkrider, Daniel Bitton, Russell Steinhal, Leslie Overton, and Koren Wong-Ervin of Axinn, Veltrop & Harkrider; Jordan Ellison and Jessica Staples of Slaughter & May.

Freshfields Bruckhaus Deringer US LLP

    2. *Google in-house counsel who managed and counseled on the project:* ██████████████████ Ted Lazarus, ██████████████████

    3. *Google employees:* ██████████████████████████████████████████████████████████████████████████████████████████████████████████.

  v. **Project 1Door**:
    1. *Outside counsel:* Daniel Bitton, Russell Steinthal, David Pearl, and Andrew Freeborn of Axinn, Veltrop & Harkrider; Jordan Ellison, Tina Zhuo and Jessica Staples of Slaughter & May.
    2. *Google in-house counsel who managed and counseled on the project:* ██████████████████████████████████████████████████
    3. *Google employees:* ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

  vi. **Project Banksy**:
    1. *Outside counsel:* John Harkrider, Daniel Bitton, Russell Steinhal, Leslie Overton, and Koren Wong-Ervin of Axinn, Veltrop & Harkrider; Tina Zhuo and Julliette Sailleau of Slaughter & May; Olivier Fréget of Fréget Glasser & Associes.
    2. *Google in-house counsel who managed and counseled on the project:* ██████████████████████████████████████████████████
    3. *Google employees:* ██████████████████████████████████████████████████████████████████████████████████████████████████████████

  vii. **Project Quantize**:
    1. *Google in-house counsel who supervised or provided legal advice:* ██████████████████████



      █████████████████ Ted Lazarus, ███████
████

2. *Google employee who initiated the request for legal advice:* ████████████

3. *Other Google employees involved in the request for and receipt of legal advice:* ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

viii. **Project Garamond**: Google objects to this specification as overly broad and unduly burdensome, as it seeks information unrelated to Google's ad tech products. Subject to and without waiving its objections, Google states as follows:

1. *Outside counsel:* Jordan Ellison of Slaughter & May; Peter McDonald and Florence Ninane of Allen & Overy; Liza Carver of Hebert, Smith, Freehills; Tihana Zuk and Peter Armitage of Ashurst; Thomas Graf and Henry Mostyn of Cleary Gottlieb; Remy Chavannes of Brinkhof; Christoph Stadler of Hengeler Mueller; John Harkrider, Daniel Bitton, and Russell Steinthal of Axinn, Veltrop & Harkrider.

2. *Google in-house counsel who managed and counseled on the project:* ██████████████████████████████████████████████████████████████████ Kent Walker, ████████████████████████████████████████████████████████

3. *Google employees:* ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████



[redacted]

ix. **Project Metta**: Google objects to this specification as overly broad and unduly burdensome, to the extent it seeks information unrelated to Google's ad tech products. Subject to and without waiving its objections, Google states as follows:

1. *Outside counsel:* Thomas Graf, Henry Mostyn and Connor Opdebeeck-Wilson of Cleary, Gottlieb; Chris Thomas of Hogan Lovells; Jordan Ellison, Jessica Staples and Juliette Sailleau of Slaughter & May; Andrew Freeborn of Axinn Veltrop & Harkrider.
2. *Google in-house counsel:* [redacted] Ted Lazarus, [redacted]
3. *Google employees:* [redacted]

**Freshfields Bruckhaus Deringer** US LLP

3. **Specification 2b**

   a. **Division's Request**: "[T]he time period the project [identified in Specification 1] was undertaken[.]"

   b. **Company's Response**:

      i. **Project Sunday**: The project began in May 2020, but most of the work was completed in July-September 2020. Although a couple of meetings occurred after September 2020, the project had effectively ended.

      ii. **Project Monday**: This project began in February 2021 and ended in May 2021.

      iii. **Project Stonehenge**: This project evolved out of Project SingleClick and began in February of 2020. Because this project evolved into Project Banksy, it does not have a specific end date.

      iv. **Project SingleClick**: This project began in January 2020. Because it evolved into Project Stonehenge, it does not have a specific end date.

      v. **Project 1Door**: This project began in February 2020 and is ongoing.

      vi. **Project Banksy**: The current Project Banksy effort began in February 2020 and is ongoing. The name "Banksy" also has been used to refer to the concept of header bidding integration, at least as early as 2019. By way of further response, Google refers the Division to the CID deposition testimony of ████████.

      vii. **Project Quantize**: The initial request for legal advice was made in October 2020, and the work concluded in February 2021.

      viii. **Project Garamond**: Google objects to this specification as overly broad and unduly burdensome, as it seeks information unrelated to Google's ad tech products. Subject to and without waiving its objections, Google states that this project began in the first quarter of 2020 and is ongoing.

      ix. **Project Metta**: Google objects to this specification as overly broad and unduly burdensome to the extent it seeks information unrelated to Google's ad tech products. Subject to and without waiving its objections, Google states that this project began in May 2021 and is ongoing.

**Freshfields Bruckhaus Deringer US LLP**

4. <u>**Specification 2c**</u>

    a. <u>**Division's Request**</u>: "[T]he cost associated with each project [identified in Specification 1] (in dollars or hours)[.]"

    b. <u>**Company's Response**</u>:

        i. **Project Sunday**: Other than outside counsel fees and Google employee time, none.

        ii. **Project Monday**: Other than outside counsel fees and Google employee time, none.

        iii. **Project Stonehenge**: Other than outside counsel fees and Google employee time, none.

        iv. **Project SingleClick**: Other than outside counsel fees and Google employee time, none.

        v. **Project 1Door**: Other than outside counsel fees and Google employee time, none.

        vi. **Project Banksy**: Other than outside counsel fees and Google employee time, none.

        vii. **Project Quantize**: Other than Google employee time, none.

        viii. **Project Garamond**: Google objects to this specification as overly broad and unduly burdensome, as it seeks information unrelated to Google's ad tech products.

        ix. **Project Metta**: Google objects to this specification as overly broad and unduly burdensome to the extent it seeks information unrelated to Google's ad tech products. Subject to and without waiving its objections, Google states that other than outside counsel fees and Google employee time, none with respect to ad tech.

5. <u>**Specification 2d**</u>

    a. <u>**Division's Request**</u>: "[T]he subject matter of the project [identified in Specification 1] and any goals or objectives[.]"

    b. <u>**Company's Response**</u>:

Freshfields Bruckhaus Deringer US LLP

i. **Project Sunday**: Google objects to this specification to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Google states that Project Sunday was an analysis of potential changes to Google's ad tech business in light of global regulatory investigations.

ii. **Project Monday**: Google objects to this specification to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Google states that Project Monday was an analysis of potential changes to Google's ad tech products in light of global regulatory investigations.

iii. **Project Stonehenge**: Google objects to this specification to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Google states that Project Stonehenge was an analysis of potential remedies in response to global regulatory investigations.

iv. **Project SingleClick**: Google objects to this specification to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Google states that Project SingleClick was an analysis of potential remedies in response to global regulatory investigations.

v. **Project 1Door**: Google objects to this specification to the extent it seeks information protected by the attorney-client privilege. Subject to and without waiving these objections, Google states that Project 1Door is a proposal to streamline the three buying doors for Ad Manager and AdMob. By way of further response, Google refers the Division to the CID deposition testimony of ▮▮▮▮▮▮▮▮▮▮.

vi. **Project Banksy**: Google objects to this specification to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Google states that the current Project Banksy effort refers to an analysis of potential remedies in response to antitrust regulatory investigations. "Banksy" also refers to the concept underlying Header Bidding Manager, a feature designed to support demand coming into Ad Manager from client-side header bidding. By way of further response, Google refers the Division to the CID deposition testimony of ▮▮▮▮▮▮.

Freshfields Bruckhaus Deringer US LLP

    vii.    **Project Quantize**: Google objects to this specification as seeking information protected by the attorney-client privilege. Subject to and without waiving these objections, Google states that Quantize was a request for legal advice regarding compliance with privacy and competition laws and counsel's advice in response to that request.

    viii.    **Project Garamond**: Google objects to this specification as overly broad and unduly burdensome, as it seeks information unrelated to Google's ad tech products. Google also objects to this specification to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Google states that Project Garamond relates to a news content licensing program.

    ix.    **Project Metta**: Google objects to this specification as overly broad and unduly burdensome, to the extent it seeks information unrelated to Google's ad tech products. Google also objects to this specification to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving its objections, Google states that Project Metta relates to Google's initiative to understand and ensure compliance with the European Commission's Digital Markets Act, as well as Google's response to antitrust regulatory investigations in Europe, Australia, and the UK.

6. **Specification 2e**:

    a.    **Division's Request**: "[T]he identities of any persons or entities not employed by (or an agent of) Google with whom the project [identified in Specification 1] was discussed (whether orally or in writing) and the content of those discussions."

    b.    **Company's Response**:

        i.    **Project Sunday**: Other than outside counsel, none.

        ii.    **Project Monday**: Other than outside counsel, none.

        iii.    **Project Stonehenge**: Other than outside counsel, none.

        iv.    **Project SingleClick**: Other than outside counsel, none.

        v.    **Project 1Door**: Other than outside counsel, none.

Case 1:23-cv-00108-LMB-JFA   Document 284-14   Filed 07/17/23   Page 13 of 13 PageID# 2890

**Freshfields Bruckhaus Deringer US LLP**

vi. **Project Banksy**: With respect to Project Banksy, none other than outside counsel. Header bidding integration has been discussed with a small number of publishers, ad exchanges, and the French Competition Authority. By way of further response, Google refers the Division to the CID deposition testimony of ▓▓▓▓▓▓▓▓.

vii. **Project Quantize**: None.

viii. **Project Garamond**: Google objects to this specification as overly broad and unduly burdensome, as it seeks information unrelated to Google's ad tech products.

ix. **Project Metta**: Google objects to this specification as overly broad and unduly burdensome to the extent it seeks information unrelated to Google's ad tech products. Subject to and without waiving its objections, Google states none other than outside counsel with respect to ad tech.

\*       \*       \*

The Company requests confidential treatment of this information to the fullest extent allowed by law, including the Antitrust Civil Process Act, 15 U.S.C. § 1311 et seq., Exemption 4 of the Freedom of Information Act, as well as all other applicable statutes, regulations, and customary confidentiality policies. The Company specifically requests advance notice before disclosure of this information to any person.

Please do not hesitate to contact me with any questions.

Sincerely yours,

/s/ Julie Elmer