# EXHIBIT 15



**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*
*450 5th Street, N.W.*
*Washington, DC 20001*

October 18, 2021

**Via Email** (julie.elmer@freshfields.com)

Julie Elmer, Esq.
Freshfields Bruckhaus Deringer LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005

    Re:    Civil Investigative Demand No. 30769

Dear Julie:

    I write to respond to your October 4, 2021, letter regarding Civil Investigative Demand No. 30769 ("the CID") issued to Alphabet, Inc. ("Google") for oral testimony. After reviewing your letter of October 4 in conjunction with the sworn testimony of Google's employees, deficiencies remain in Google's overall response to the CID.

    The CID, issued on August 23, 2021, specified September 17, 2021, as the original date on which a Google witness was to sit for the 30(b)(6) deposition. In the interests of cooperation and efficiency, the Division permitted Google to first provide written responses to the CID, which we received on September 14, 2021. I wrote to you on September 17, requesting a date or range of dates on which a Google 30(b)(6) witness would sit for the required deposition, as Google's response was incomplete. You supplemented your response via letter on October 4. To date, we have not received any potential dates for the deposition.

    To avoid any doubt, this process has not limited the scope of Google's obligation under the CID. It has, however, highlighted the contradictions in materials provided to the Division. For example, in Google's October 4 letter, Google represented that Chief Business Officer Philipp Schindler was the sole "employee who initiated" Google's "Project Monday."[1] The letter further represented that Mr. Schindler was one of only three "[k]ey decision makers" on the Project.[2] At his October 6 deposition, when asked what Project Monday was, Mr. Schindler testified "I don't know."[3] Mr. Schindler went on to testify that he did not know who initiated Project Monday, or any similar project, even after being shown your October 4 letter.[4]

---

[1] Elmer Ltr., Oct. 4, 2021 at 4.
[2] Elmer Ltr., Oct. 4, 2021 at 4.
[3] Schindler Dep. 244:12-13.
[4] Schindler Dep. 245:3–20, 247:6–250:15.

1

As explained in my September 17, 2021, letter, Google's objections to the provision of oral testimony are without merit.[5] Google's invocations of attorney-client and work product privilege as to specific specifications and topics lack substantive support or valid legal justification.[6] Your October 4, 2021, letter does not remedy these deficiencies.

The Division continues to be willing to negotiate reasonable modifications and deferrals to the CID. To that end, the Division is willing to consider limiting questions on Projects Garamond and Metta. But the requests for modification and deferral must be reasonable and, at this juncture, there exists no reasonable path to avoiding sworn deposition testimony pursuant to the CID.

To move forward, we make two requests. First, the Division requests that you identify each document withheld on the basis of privilege for each of the projects identified in the CID schedule. Second, Google should provide a date or range of dates upon which the CID deposition will take place. We ask that Google complete both no later than October 28. If Google refuses to make a witness available to testify, we ask that you confirm so in writing by that deadline.

As always, please contact me if you have any questions. We look forward to your response.

Sincerely,

*/s/*

Ryan Karr
Trial Attorney
Antitrust Division
U.S. Department of Justice

---

[5] Karr Sept. 17 Ltr. at 1-3.
[6] Karr Sept. 17 Ltr. at 2-3.