IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:23cv0108 (LMB/JFA) |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**<u>ORDER</u>**

This matter is before the court on plaintiffs' motion to seal an unredacted version of their memorandum in support of plaintiffs' motion for *in camera* inspection and to compel production of documents wrongfully withheld as privileged, along with the accompanying appendix and exhibits 1–31. (Docket no. 217). As stated in plaintiffs' memorandum, the motion to seal was filed because the redacted portions of the memorandum and the appendix and exhibits contain information that was designated as confidential by defendant. (Docket no. 221). As required by Local Civil Rule 5, defendant, as the party designating the information as confidential, filed a response to the motion. (Docket no. 244). After reviewing the motion, defendant's initial response, and the materials that were being requested to be filed under seal, the court issued an order providing some guidance to the parties concerning the filing of documents under seal and requested that defendant review the materials subject to this motion and provide the court with an additional response. (Docket no. 280). On July 17, 2023, defendant filed an additional response as requested by the court. (Docket no. 284).[1]

---

[1] The court acknowledges and appreciates defendant's time and attention in preparing this additional response and the approach taken in following the court's guidance concerning these materials.

1

In defendant's additional response, it has filed in the public record a substantially less redacted version of plaintiffs' memorandum in support of their motion (Docket no. 284-2); a redacted version of the appendix (Docket no. 284-1); unredacted copies of exhibits 2, 11, 15, 16, and 17; and redacted versions of exhibits 1, 3, 4, 6, 7, 8, 9, 10, 12, 13, 14, 18, 19, 21, 22, 25, 27, 28, 29, 30, and 31. (Docket nos. 284-3 – 284-28). Defendant seeks to have exhibits 5, 20, 23, 24, and 26 remain under seal.

The court has reviewed the limited redactions to plaintiff's memorandum in support proposed by defendant and finds those proposed redactions are appropriate. As discussed in the court's earlier order (Docket no. 280), at this time the court will allow the names of defendant's employees to be redacted in deference to the procedures being followed in the New York action. Having reviewed the substantive redactions on pages 18–22 of the memorandum, the court finds that they appear to contain defendant's confidential business information and, that for the purposes of this discovery motion, defendant's additional response provides adequate support to overcome the common law right of access to that information.

The court has reviewed the proposed redactions to the appendix filed in support of plaintiffs' motion (Docket no. 284-1) and finds that the redacted information concerns the personal information relating to defendant's employees and it may remain under seal at this time.

The court has reviewed the proposed redactions to exhibits 1, 3, 4, 6, 7, 8, 9, 10, 12, 13, 14, 18, 19, 21, 22, 25, 27, 28, 29, 30, and 31 and finds that the redactions to exhibits 1, 3, 12, 13, 19, 29, and 30 are limited to personal information relating to defendant's employees and it may remain under seal at this time. As to exhibit 4, the court finds the redacted portions of that exhibit contain defendant's confidential business information and, that for the purposes of this discovery motion, defendant's additional response provides adequate support to overcome the

common law right of access to that information. As to exhibits 6, 7, 8, 9, 10, 14, 18, 21, 22, 25, 27, 28, and 31, the court finds that the redacted portions to those exhibits contain personal information relating to defendant's employees and defendant's confidential business information. The redactions in those exhibits containing personal information relating to defendant's employees may remain under seal at this time for the reasons discussed above. As to the redactions containing defendant's confidential business information, defendant has provided adequate support to overcome the common law right of access to that information.

The court has reviewed the information in exhibits 5, 20, 23, 24, and 26 that defendant has requested remain under seal. These five exhibits primarily contain defendant's confidential business information and, in some instances, personal information relating to defendant's employees. Having reviewed the information in these exhibits, the court finds that they contain defendant's confidential business information and, that for the purposes of this discovery motion, defendant's additional response provides adequate support to overcome the common law right of access to the information contained in those exhibits.

For the reasons stated above, this motion to seal is granted in part and denied in part. Defendant has filed in the public record unredacted versions of exhibits 2, 11, 15, 16, and 17 and the motion to seal those exhibits is denied. As to exhibits 5, 20, 23, 24, and 26, the motion to seal is granted. As to memorandum in support and exhibits 1, 3, 4, 6, 7, 8, 9, 10, 12, 13, 14, 18, 19, 21, 22, 25, 27, 28, 29, 30, and 31, the motion to seal is granted as to the redacted portions contained in the memorandum and exhibits to defendant's additional response, and is denied as to the remaining information that has now been filed in public record. Given these rulings and

defendant's filing of certain information in the public record, no further action is required by the parties or the Clerk's Office to satisfy this order.[2]

Entered this 20th day of July, 2023.

                /s/
                John F. Anderson
                United States Magistrate Judge
                John F. Anderson
                United States Magistrate Judge

Alexandria, Virginia

---

[2] Allowing any information to be filed under seal under the common law standard applied in this discovery motion has no precedential significance in any motion to seal under the *First Amendment* standard.