IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:23cv0108 (LMB/JFA) |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

This matter is before the court on plaintiffs' motion to seal an unredacted version of their reply in support of plaintiffs' motion for *in camera* inspection and to compel production of documents wrongfully withheld as privileged, along with the accompanying exhibits 1–6. (Docket no. 258). As stated in plaintiffs' memorandum, the motion to seal was filed because the redacted portions of the reply and the accompanying exhibits contain information that was designated as confidential by defendant. (Docket no. 262). As required by Local Civil Rule 5, defendant, as the party designating the information as confidential, filed a response to the motion. (Docket no. 268). After reviewing the motion, defendant's initial response, and the materials that were being requested to be filed under seal, the court issued an order providing some guidance to the parties concerning the filing of documents under seal and requested that defendant review the materials subject to this motion and provide the court with an additional response. (Docket no. 280). On July 17, 2023, defendant filed an additional response as requested by the court. (Docket no. 284).[1]

---

[1] The court acknowledges and appreciates defendant's time and attention in preparing this additional response and the approach taken in following the court's guidance concerning these materials.

1

In defendant's additional response, it has filed in the public record a substantially less redacted version of plaintiffs' reply in support of their motion and redacted versions of exhibits 1, 2, 5, and 6. (Docket nos. 284-33 – 284-37). Defendant seeks to have exhibits 3 and 4 remain under seal.

The court has reviewed the limited redactions to plaintiff's reply in support and finds those proposed redactions are appropriate. As discussed in the court's earlier order (Docket no. 280), at this time the court will allow the names of defendant's employees to be redacted in deference to the procedures being followed in the New York action. No other substantive redactions were made to the reply by defendant in its public filing.

The court has reviewed the proposed redactions to exhibits 1, 2, 5, and 6 and finds that those redactions contain personal information relating to defendant's employees and defendant's confidential business information. The redactions in those exhibits containing personal information relating to defendant's employees may remain under seal at this time for the reasons discussed above. As to the redactions containing defendant's confidential business information, defendant has provided adequate support to overcome the common law right of access to that information.

The court has reviewed the information in exhibits 3 and 4 that defendant has requested remain under seal. These exhibits primarily contain defendant's confidential business information and, in some instances, personal information relating to defendant's employees. Having reviewed the information in these exhibits, the court finds that they contain defendant's confidential business information and, that for the purposes of this discovery motion, defendant's additional response provides adequate support to overcome the common law right of access to that information contained in these exhibits.

For the reasons stated above, this motion to seal is granted in part and denied in part. Defendant has filed in the public record a substantially less redacted version of the reply and the only information that has been redacted may remain under seal at this time. As to exhibits 3 and 4, the motion to seal is granted. As to exhibits 1, 2, 5, and 6, the motion to seal is granted as to the redacted portions contained in the exhibits accompanying defendant's additional response, and is denied as to the remaining information that has now been filed in public record. Given these rulings and defendant's filing of certain information in the public record, no further action is required by the parties or the Clerk's Office to satisfy this order.[2]

Entered this 20th day of July, 2023.

/s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

---

[2] Allowing any information to be filed under seal under the common law standard applied in this discovery motion has no precedential significance in any motion to seal under the *First Amendment* standard.