UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| UNITED STATES, *et al.*,<br><br>               *Plaintiffs*,<br><br>  v.<br><br>GOOGLE LLC,<br><br>               *Defendant*. | No. 1:23-cv-00108-LMB-JFA |

**GOOGLE LLC'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO COMPEL A RESPONSE TO RFA 1**

Pursuant to Federal Rules of Civil Procedure 36(a)(6) and 37 and Local Civil Rule 37(A), Defendant, Google LLC ("Google"), has moved the Court to enter an order compelling Plaintiff United States to answer Google's Request for Admission No. 1 within seven days. As shown herein, the United States' objections are meritless and should be overruled.

    **I.**      **INTRODUCTION**

The United States brings a claim for "damages incurred by the United States," alleging in its fifth claim that "Google's violations of the Sherman Act have caused the United States to incur monetary damages, as the United States and its various agencies and departments are *buyers of open web display advertising*." Am. Compl. (Dkt. 120) ¶ 341 (emphasis added). As the Court recognized, Google is entitled to discovery on whether the United States is a "buyer[] of open web display advertising" directly from Google because, with certain narrow exceptions, only direct

1

purchasers have antitrust standing to sue for damages under the Sherman Act.  *See Illinois Brick v. State of Illinois*, 431 U.S. 720 (1977).

Google moved to dismiss the Amended Complaint on grounds that the United States lacks antitrust standing under *Illinois Brick*.  The Court rejected that argument because it found whether the United States was a direct purchaser was a factual issue.  The Court, however, went on to state:

> I think the only argument that defendants might have down the road—which, again, is a fact situation—is if you all had used a real middleman, then there might be a problem, or two middlemen.  So, unfortunately, that will require discovery.  But, I mean, discovery shouldn't be that difficult.  You ought to have the data at your hands right now.  ***I would think probably almost a request for admissions*** and a couple of quickie interrogatories ***should probably flesh that out rather quickly***.

Apr. 28, 2023 Hr'g Tr. (Dkt. 164) 21:15-23.

Google followed up on the Court's very good suggestion and served straightforward requests for admission ("RFA") to the United States regarding its departments' and agencies' alleged purchases of open web display advertising from Google.  As Judge Brinkema explained, whether those departments or agencies did, in fact, make direct purchases could be fleshed out in discovery "rather quickly."  *Id*.

Consistent with the Court's guidance, Google's RFA 1 states, "Admit that, during the Damages Period, the Federal Agency Advertisers did not purchase 'open web display advertising' directly from Google."  Ex. 1 at 2.  This tailored request, designed to narrow the issues in this case for trial, is precisely what Rule 36 requests for admissions are meant to accomplish.  Yet the United States refuses to answer.  *See id.* at 2–3.  Rule 36 expressly permits requests designed to elicit admissions regarding "facts" or "the application of law to fact."  Fed. R. Civ. P. 36(a)(1)(A).  Case law makes clear that requests for admissions that implicate legal conclusions are proper.  And although the ultimate conclusion—whether the United States has antitrust standing to sue for

2

damages—is a legal one, it is informed by statements of fact, which Judge Brinkema recognized "shouldn't be that difficult" to determine.

Google respectfully requests that the Court overrule the United States' objections and deem that the United States' response to Google's RFA 1 insufficient and in non-compliance with Rule 36, and that the United States be ordered to answer RFA 1 within seven days.

## II.     BACKGROUND

Google moved to dismiss the Amended Complaint on a number of grounds, including that the United States' fifth claim for damages fails because the United States is not a direct purchaser of "open web display advertising" from Google, as the United States purchased such advertising from publishers, not Google; and intermediaries, not the United States, paid Google for any ad services. Google's Mem. of Law ISO Mot. to Dismiss (Dkt. 73) at 2, 26-28. In response, Plaintiffs argued that Google's "provision of ad tech services is what matters for the *Illinois Brick* analysis," not whether the United States purchased ads from Google or publishers. Opp. (Dkt. 101) at 27. Plaintiffs also argued that certain narrow exceptions to the *Illinois Brick* doctrine applied. *Id.* at 28-29. At oral argument, Judge Brinkema stated that Google's direct-purchaser argument hinged on a factual question which "will require discovery. But, I mean, discovery shouldn't be that difficult. You ought to have the data at your hands right now. I would think probably almost a request for admissions and a couple of quickie interrogatories should probably flesh that out rather quickly." Apr. 28, 2023 Hr'g Tr. (Dkt. 164) 21:18-23.

On June 7, 2023, Google served RFA 1. The same day, Google served interrogatories to discover facts related to their status as direct purchasers, just as the Court suggested. While those interrogatories are not the subject of this motion, Google remains concerned that the United States' responses to them are also inadequate, including an interrogatory asking the United States to

3

identify all purchases of "open web display advertising" that were purchased by an FAA directly from Google. Google is hopeful that the United States will quickly agree to supplement its answers to that interrogatory as well and that we are not back before Your Honor on that and other interrogatories.

On June 22, 2023 and on July 7, 2023, the United States objected and responded to RFA 1, as copied below:

> **REQUEST NO. 1: Admit that, during the Damages Period, the Federal Agency Advertisers did not purchase "open web display advertising" directly from Google.**
>
> **Objections to Request No. 1**
> The United States objects to this request on the grounds that it requires a legal analysis of Google's term "directly." The United States further objects to this request as vague and ambiguous, as the difference between "purchase" as used in Request No. 1 and "pay" as used in Request No. 2 is neither specified nor clear.
>
> **Response to Request No. 1**
> As this request improperly calls for a legal conclusion, and Google has provided no clarity regarding how "purchase . . . directly" differs from a legal assessment of what constitutes a "direct purchaser" under antitrust law, the United States stands on its objections. Furthermore, the United States objects to this request as vague and ambiguous with respect to the phrase "purchase 'open web display advertising' directly from Google," as Google is not a publisher of "open web display advertising" as defined in the Complaint.

Ex. 1 at 2–3.[1]

The parties met and conferred on June 30, 2023, during which the United States explained that it objected to the word "directly" because it addressed a legal concept. *See* Ex. 2 at 2 (July 11 Ltr. from Google to DOJ). Google memorialized the parties' conferral and defined the term "directly" just as it is defined in The Oxford English Dictionary ("OED"), which is "without the intervention of a medium or agent; immediately, by a direct process or mode." *Id*.

---

[1] Google attaches the United States' August 2 Responses & Objections, which are identical to the earlier-served responses and objections with respect to RFA 1.

On July 27, 2023, and on August 2, 2023, the United States refused to answer RFA 1, asserting that RFA 1 called for a "legal conclusion regarding whether the FAAs are direct purchasers under the antitrust laws." Ex. 3 at 1 (July 27 Ltr. from DOJ to Google); Ex. 1 at 2 (Plaintiff's August 2 Responses & Objections).

### III. APPLICABLE LAW

Rule 36 provides that a "party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). The Advisory Committee Notes make clear that the purpose of the rule is to "facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment; *see also Erie Ins. Prop. & Cas. Co.* v. *Johnson*, 272 F.R.D. 177, 183 (S.D.W. Va. 2010) (purpose of requests for admission is to reduce trial time and narrow the scope of issues in dispute). A party has a duty to conduct a reasonable inquiry in responding to requests for admissions, and Rule 36 requires meaningful responses. *Id.*; *see also Susko* v. *City of Weirton*, 2010 WL 1881933, at *14 (N.D.W. Va. May 7, 2010) ("Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play.") (citation omitted). Where a court determines that a response to a request for admission does not comply with the requirements of Rule 36, it may order either that the matter is deemed admitted or that the responding party serve an amended answer. Fed. R. Civ. P. 36(a)(6).

## IV. ARGUMENT

### a. The United States Must Answer RFA 1, Which Seeks Admissions Related to Facts, not Legal Conclusions.

Google's request that the United States admit the FAAs did not purchase "open web display advertising" directly from Google is a proper request for admission of a fact, or at a minimum, an application of law to fact.

First, Google's RFA could significantly narrow the issues for trial. In *Illinois Brick*, the Supreme Court established a bright-line rule that authorizes suits by direct purchasers but bars suits by *indirect* purchasers for damages under Section 4 of the Clayton Act. *See Kloth* v. *Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006) ("Those who purchase indirectly or through intermediaries are barred from recovering for antitrust injuries.").

While the United States alleges that through its departments or agencies, it "purchase[d] open web display advertising using Google and non-Google ad tech tools," Dkt. 120 ¶ 278, the Complaint elides whether (1) the FAAs purchased open web display advertising <u>directly</u> from Google, or (2) whether, as is common for large advertisers like the FAAs, they used ad agencies as intermediaries (and whether the ad agencies used subcontractors) to purchase open web display advertising. As this Court recognized, if the United States "had used a real middleman, then there might be a problem" with its ability to obtain damages under *Illinois Brick* and its progeny. *See* Dkt. 164 at 21:17-18.

Whether the United States—through the FAAs—purchased open web advertising directly from Google or through intermediaries is a fact capable of being admitted (or denied) through an RFA. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 2009 WL 10692753, at *2 (D. Nev. Sept. 25, 2009) ("Through requests for admissions," plaintiffs "admitted they had no direct purchase agreements" with the defendant).

6

At most, RFA 1 calls for an admission concerning the "application of law to facts," which is also proper under Rule 36. Fed. R. Civ. P. 36(a)(1)(A). The Advisory Committee Notes to Rule 36 provide an example of a proper request for admission that calls for application of law to fact: "an admission that an employee acted in the scope of his employment may remove a major issue for trial." Fed R. Civ. P. 36 advisory committee's note to 1970 amendment (citing *McSparran* v. *Hanigan*, 225 F. Supp. 628 (E.D. Pa. 1963)). The request at issue in *McSparran* sought an admission that: "At the time of the accident in suit, the premises on which said accident occurred, were occupied or under the control of defendant, John McShain, Inc." 225 F. Supp. at 636. Although the term "control" had legal implications, as the United States asserts as to the term "directly," the Notes make clear that such requests are proper because they involve the application of law to facts.

More recent cases also show that Google's request is proper. In *Wagner* v. *St. Paul Fire & Marine Ins. Co.*, 238 F.R.D. 418, 418-24 (N.D. W.Va. 2006), the district court ordered a plaintiff to answer a request for an admission that the defendant would be "entitled to immunity under the Governmental Tort Claims and Insurance Reform Act" if he were found to have been "acting within the scope of his employment." The court explained that the request was a "straightforward application of law to fact. It asks the Plaintiffs to admit that if a certain factual situation is found to exist, a certain legal outcome results." *Id.* at 423-24. In *Parsons* v. *Best Buy Stores, L.P.*, 2010 WL 2243980, at *1-2 (S.D. W.Va. May 19, 2010), the court ordered the defendant to respond to requests to admit that store employees were negligent for "failing to secure the load on the pallet jack at issue in this litigation." The court explained that these requests "specify that it was the failure to secure the load on the pallet jack that was negligence," and that if the defendant

contended "that such failure was not negligence, or that other conduct, such as moving the pallet jack too fast, was negligence, then Defendant should say so." *Id*. at *2.

### b. The United States' Objections Lack Merit.

The United States' objections to providing any response lack merit. RFA 1 does not call "for a legal conclusion that is one of the ultimate issues of the case"—whether the United States has antitrust standing to sue for damages. *Career Counseling, Inc. v. AmeriFactors Fin. Grp., LLC*, 2022 WL 286189, at *8, n.9 (D.S.C. Jan. 31, 2022). Rather, while the answer to this RFA may have legal implications under *Illinois Brick*, that is precisely the point: each side can argue whatever legal conclusions may flow from the admission of fact sought by the RFA. *See Simpson v. Ocwen Loan Servicing, LLC*, 2020 WL 1465740, at *5 (N.D. W.Va. Mar. 25, 2020) (RFA seeking admission that respondent "became arrears on your payments" due under a loan did not call for legal conclusion, and was "hardly the legalese often seen in discovery requests").

The United States' arguments in opposing Google's motion to dismiss make this point clearly. Regardless of how the United States answers the RFA, it can (and will) argue that "the provision of ad tech services is what matters for the *Illinois Brick* analysis," or that "intermediaries" involved in the sale of open web display advertising "do not create new links in the distribution chain that would trigger the indirect purchaser bar of *Illinois Brick*." Pls.' Opp. to Google's Mot. To Dismiss (Dkt. 101) at 27-28. The United States may also continue to argue, regardless of its answer to this RFA, that the cost-plus exception to the *Illinois Brick* rule applies. *Id*. at 28; *see also id.* at 30 (arguing that the United States, through its FAAs, is "still [a] direct purchaser[] of ad tech services from Google" when the FAAs buy "advertising through DV360").

Google's definition of the term "directly" also eliminates any objection that the RFA calls for a legal conclusion. Google has defined that term according to its ordinary meaning—"without the intervention of a medium or agent; immediately, by a direct process or mode." Ex. 2 at 2.

There is no daylight between the definition of the term "directly" in the OED and the Court's practical suggestion of issuing an RFA to determine whether the United States used a middleman to purchase open web display advertising.

Finally, the United States' argument that RFA 1 is vague and ambiguous likewise lacks merit. A party must respond to a request for admission where a term has a common meaning capable of common-sense interpretation. *See United States* v. *Virkutis*, 1987 WL 7806, at *5 (N.D. Ill. Mar. 11, 1987). In response to the assertion that the terms "pay" and "purchase" were vague and ambiguous, Google offered specific and tailored definitions, consistent with their ordinary meaning. *See* Ex. 2 at 2 (defining "pay" as "to give, transfer, or hand over (money or its equivalent) in return for goods or services,…" and "purchase" as "[t]o acquire in exchange for payment in money…."). And the objection that the RFA is vague and ambiguous because "Google is not a publisher of 'open web display advertising' as defined in the Complaint" simply makes no sense; the Complaint alleges that the United States is a purchaser ("buyer[]") of "open web display advertising." Am. Compl. ¶ 341. The key issues this RFA seeks to address are: from whom is the United States a purchaser, and does it purchase directly?

## CONCLUSION

Google respectfully requests that the Court grant this motion and order the United States to answer RFA 1 within seven days.

Dated: August 4, 2023

Respectfully submitted,

Eric Mahr (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Julie Elmer (*pro hac vice*)
Lauren Kaplin (*pro hac vice*)
Scott A. Eisman (*pro hac vice*)
Jeanette Bayoumi (*pro hac vice*)
Claire Leonard (*pro hac vice*)
Sara Salem (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

*Counsel for Defendant Google LLC*

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
 CRAIG C. REILLY, ESQ.
209 Madison Street, Suite 501
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (*pro hac vice*)
Jeannie H. Rhee (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Joseph Bial (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Bryon P. Becker (VSB #93384)
Erica Spevack (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile (202) 223-7420
kdunn@paulweiss.com

Meredith Dearborn (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (646) 432-5100
Facsimile: (202) 330-5908
mdearborn@paulweiss.com

Erin J. Morgan (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3387
Facsimile:  (212) 492-0387
ejmorgan@paulweiss.com