**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| UNITED STATES, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GOOGLE LLC, )<br>)<br>Defendant. ) | No. 1:23-cv-00108-LMB-IDD |

**PLAINTIFF UNITED STATES OF AMERICA'S AMENDED RESPONSES TO DEFENDANT GOOGLE LLC'S FIRST SET OF REQUESTS FOR ADMISSIONS TO THE UNITED STATES**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure and Local Civil Rule 26(c) of the U.S. District Court for the Eastern District of Virginia, Plaintiff United States of America ("United States") provides the following amended responses to Defendant Google LLC's ("Google's") First Set of Requests for Admissions to the United States (the "Responses"). These Responses are subject to the United States' Objections to Defendant Google LLC's First Set of Requests for Admissions to the United States (the "Objections"), which the United States previously served on Google in this action. For clarity, the United States' Objections are restated herein.

**OBJECTIONS APPLICABLE TO EACH REQUEST**

1. The United States objects to each request to the extent it (1) imposes any obligation greater than those imposed or authorized by the Federal Rules of Civil Procedure, the Local Civil Rules of the U.S. District Court for the Eastern District of Virginia, or any other applicable rule or order, or (2) seeks information covered by the attorney client privilege, attorney work product protection, common interest doctrine, deliberative process privilege,

EXHIBIT 1

and/or any other applicable privilege or protection. The United States expressly incorporates these objections into each response below.

2. The United States objects to each request to the extent it seeks a legal conclusion. No answer is required for such requests.

## OBJECTIONS TO GOOGLE'S DEFINITIONS

3. The United States objects to the definition of "Federal Agency Advertiser" as overly broad and burdensome to the extent it purports to encompass purchases that do not form the basis of the United States' claim for damages, and the United States will not provide information with respect to advertising spending that does not form the basis for the United States claim for damages.

4. The failure to object to any definition is not an admission that Google has properly defined the term. In the course of responding to these requests, should any ambiguity arise in the application of a term purportedly defined by Google, the United States reserves the right to meet and confer with Google to resolve any such ambiguity.

## OBJECTIONS TO REQUESTS

**REQUEST NO. 1:** Admit that, during the Damages Period, the Federal Agency Advertisers did not purchase "open web display advertising" directly from Google.

**Objections to Request No. 1**

The United States objects to this request on the grounds that it requires a legal analysis of Google's term "directly." The United States further objects to this request as vague and ambiguous, as the difference between "purchase" as used in Request No. 1 and "pay" as used in Request No. 2 is neither specified nor clear.

EXHIBIT 1

**Response to Request No. 1**

As this request improperly calls for a legal conclusion, and Google has provided no clarity regarding how "purchase . . . directly" differs from a legal assessment of what constitutes a "direct purchaser" under antitrust law, the United States stands on its objections. Furthermore, the United States objects to this request as vague and ambiguous with respect to the phrase "purchase 'open web display advertising' directly from Google," as Google is not a publisher of "open web display advertising" as defined in the Complaint.

**REQUEST NO. 2:** Admit that, during the Damages Period, the Federal Agency Advertisers did not pay Google directly for "open web display advertising."

**Objections to Request No. 2**

The United States objects to this request on the grounds that it requires a legal analysis of Google's term "directly." The United States further objects to this request as vague and ambiguous, as the difference between "purchase" as used in Request No. 1 and "pay" as used in Request No. 2 is neither specified nor clear.

**Amended Response to Request No. 2**

The United States is unaware of the extent to which Google sells "open web display advertising" inventory on its owned-and-operated websites but, to the extent it does, and to the extent the FAAs purchased such display advertising inventory on Google's owned-and-operated websites, the FAA's practice is for the FAAs' Agencies to pay Google for any such advertising purchased on the FAAs' behalf and for the FAA to fully reimburse the FAAs' Agencies for those purchases. Accordingly, and subject to and without waiving the foregoing objections, in particular that the request calls for a legal conclusion, the United States, based on the clarification in Google's July 11 Letter, admits that all costs or obligations to pay Google for the purchase of "open web display advertising," are borne by the FAAs, including the fees charged

EXHIBIT 1

by any ad tech providers, and those costs or obligations are either reimbursed or paid in full by the FAAs even though the FAAs' Agencies may make the initial payment on behalf of the FAAs.

**REQUEST NO. 3:** Admit that during the Damages Period, the Federal Agency Advertisers paid Agencies for the use of Ad Tech Products offered by Google.

**Objections to Request No. 3**

The United States objects to the phrase "paid for the use of" as vague and ambiguous. Subject to those objections, the United States will respond to this request.

**Amended Response to Request No. 3**

The United States notes that the FAAs' Agencies do not sell ad tech services but that these Agencies may purchase "open web display advertising" on behalf of the FAAs through ad tech tools which impose fees on the FAA's successful bids for advertising purchases. Such purchases are made pursuant to paid media plans, which the Agencies develop and the FAAs approve, to meet the FAAs' advertising needs. The costs of any executed paid media buys, including the fees charged by any ad tech providers, are borne exclusively by the FAAs. Accordingly, and subject to and without waiving the foregoing objections, the United States, based on the definition of "pay" Google provided in its July 11 Letter, denies that the FAAs paid Agencies "for the use of" Ad Tech Products because the Agencies do not sell ad tech

EXHIBIT 1

services and admits the FAAs paid Agencies for the costs incurred in connection with their use of Ad Tech Products on behalf of the FAAs.

Dated: August 2, 2023

Respectfully submitted,

/s/ Julia Tarver Wood
JULIA TARVER WOOD
KATHERINE E. CLEMONS
MICHAEL E. WOLIN

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077
Fax: (202) 616-8544
Email: Julia.Tarver.Wood@usdoj.gov

Attorneys for the United States

EXHIBIT 1

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2023, I served the foregoing to all counsel of record via email.

/s/ Michael Wolin

Michael Wolin
Trial Attorney
United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 8000
Washington, DC 20530

EXHIBIT 1