**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

2001 K STREET, NW
TELEPHONE (202) 223-7300

WASHINGTON, DC 20006-1047

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

HEATHER MILLIGAN

TELEPHONE    (202) 223-7465
FACSIMILE    (202) 379-4960

E-MAIL:  hmilligan@paulweiss.com

July 11, 2023

**By Email**

Katherine Clemons
Michael Wolin
Trial Attorney
Antitrust Division
U.S. Department of Justice
450 Fifth Street, NW, Suite 800
Washington, D.C. 20530
Katherine.clemons@usdoj.gov
Michael.wolin@usdoj.gov

Re: *United States et al. v. Google LLC*, No. 1:23-cv-00108-LMB-JFA (E.D. Va.)

Dear Katherine and Michael:

I write on behalf of Google LLC ("Google") to memorialize the parties' June 30, 2023 meet and confer regarding the United States' Objections to Google's First Set of Requests for Admissions ("RFAs") and to address the United States' responses to the same. I also write regarding Google's RFPs Nos. 41, 42 and 43.

**Google's First Set of Requests for Admissions ("RFAs")**

The parties discussed the United States' objections to Google's RFAs Nos. 1 and 2. Google's RFA No. 1 asks the United States to "[a]dmit that, during the Damages Period, the Federal Agency Advertisers did not purchase 'open web display advertising'

EXHIBIT 2

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Katherine Clemons                                                                                                       2

directly from Google." Google's RFA No. 2 asks the United States to "[a]dmit that, during the Damages Period, the Federal Agency Advertisers did not pay Google directly for 'open web display advertising.'" We noted that the United States objected to the terms "directly," "purchase," and "pay" as used in RFAs Nos. 1 and 2. You argued that the word "directly" implicates the legal concept of "direct purchaser" in the antitrust context, that the word is a legal term of art, and thus that the RFAs call for legal conclusions. We explained that, as used in RFAs Nos. 1 and 2, to purchase from or pay Google "directly" means without an intermediary, such as an ad agency. The United States continued to contend the term was calling for a legal conclusion, and stated it would stand on its objection absent an alternative definition from Google. Google points the United States to definition of "directly" found in The Oxford English Dictionary ("OED"), which is "[w]ithout the intervention of a medium or agent; immediately, by a direct process or mode."[1]

Google also explained the terms "purchase" and "pay" as used in RFAs Nos. 1 and 2. We explained that we are using the term "purchase" as a verb meaning to acquire something, whether it is a service or a good, by paying for it, and the term "pay" as a verb meaning the literal act of exchanging money or using a credit card for a good or service. You argued that the terms were still ambiguous, and requested Google's definitions in writing. Google directs the United States to the OED again, in which the word "purchase" is defined as "[t]o acquire in exchange for payment in money or an equivalent; to buy. Now the usual sense[,]"[2] and the word "pay" is defined as "[t]o give, transfer, or hand over (money, or its equivalent) in return for goods or services, or in discharge of an obligation; to deliver (a sum or amount owed)."[3]

We note that Rule 36 specifically authorizes a request for admission relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). These RFAs seek admissions related to facts, in light of the ordinary meaning of the words we have provided you above. Even if they involve any application of law to fact in light of the direct purchaser concept in the antitrust law, they are proper RFAs. Indeed, the Court already suggested that "a request for admission[] and a couple of quickie interrogatories should probably flesh [this question] out rather quickly." Apr. 28, 2023 Hr'g Tr. at 21–23. In short, the purpose of requests for admission is to narrow the issues for trial, and these RFAs could do just that. *See Erie Ins. Prop. & Cas. Co. v. Johnson*, 272 F.R.D. 177, 184 (S.D.W. Va. 2010).

The responses the United States served on July 7, 2023, are facially deficient. Despite having met and conferred for over an hour to address the United States' objections to the words "directly," "pay," and "purchase," the United States continues to insist that these words are vague and ambiguous. To the contrary, these words are clear and are to be understood in their ordinary and common usage. *United*

---

[1] https://www-oed-com.nyli.idm.oclc.org/view/Entry/53307?redirectedFrom=directly#eid
[2] https://www-oed-com.nyli.idm.oclc.org/view/Entry/154832?rskey=E4wVkP&result=2&isAdvanced=false#eid
[3] https://www-oed-com.nyli.idm.oclc.org/view/Entry/139172?rskey=owbHYJ&result=2# eid

EXHIBIT 2

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Katherine Clemons						3

*States v. Virkutis*, No. 83 C 1758, 1987 WL 7806, at *5 (N.D. Ill. Mar. 11, 1987) (holding that where a term has a common meaning capable of interpretation by common sense, a party must respond to the request with a direct and specific response). Under any interpretation of Google's RFAs and consistent with Rule 36, the United States must answer them.

In its July 7 responses, the United States also raised, for the first time, an objection to the phrase "purchase 'open web display advertising' directly from Google." This objection is untimely, and thus cannot serve as a basis for refusing to answer. E.D.V.A. L.R. 26(C). On the merits, the objection is unfounded. The phrase is not vague or ambiguous; the definition provided in Google's RFAs incorporates the United States' *own* definition as used in its Complaint. That is, for purposes of the RFAs the "term 'open web display advertising' . . . shall have the meaning ascribed to it in the operative Complaint filed by the United States, namely 'the sale of display ads on the 'open web,' meaning websites whose inventory is sold through ad tech intermediaries that offer inventory from multiple websites." Am. Compl. p.16 n.4."

In addition, the United States' response to RFA 3 is not responsive; this RFA asks the United States to "Admit that during the Damages Period, the Federal Agency Advertisers paid Agencies for the use of Ad Tech Products offered by Google." The United States' response discusses "paid media plans" and states that the "costs of any executed paid media buys, including the fees charged by any ad tech providers, are borne exclusively by the FAAs." But the request makes no mention of media plans or how the FAAs account for expenses, i.e., their costs. The RFA asks the United States to indicate whether the FAAs paid their ad agencies, rather than Google, not whether or how the FAAs account for such costs.

Please confirm whether the United States will respond to Google's RFAs Nos. 1 and 2, and provide a response to RFA 3 that comports with Rule 36, now that we have provided definitions for the terms you claimed were ambiguous. If the United States is refusing to respond, please provide the legal basis for such refusal.

**Google's Requests for Production ("RFPs")**

Next, the parties discussed Google's RFPs Nos. 41, 42 and 43.

With respect to these documents, the United States stated that its objections were based on the attorney-client privilege, work product protection, the deliberative process privilege, 15 U.S.C. § 1313(c) and 15 U.S.C. § 18a(h). The United States also indicated that, with respect to RFP No. 42, the request sought documents not in its possession, custody or control because Google's acquisition of AdMob was investigated by the Federal Trade Commission.

With respect to RFP No. 41, the United States provided several details regarding its investigation of Google's acquisition of AdMeld, which took place roughly twelve years ago, including that:

EXHIBIT 2

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Katherine Clemons        4

- it issued Civil Investigative Demands ("CIDs") as part of its investigation, including to third parties;
- it possesses a list of all of the parties that were issued CIDs as part of the investigation;
- it collected documents from both parties to the transaction and third-parties related to the CID requests;
- it conducted interviews of parties and third parties, but did not take depositions of any third parties;
- it conducted depositions as part of the investigation of Google and AdMeld;
- it estimated that, as part of the investigation, it corresponded with less than 30 third parties.

Google's counsel also asked several questions that DOJ was unable to answer, including:

- if the information in its possession from third parties was substantive in nature;
- the precise number of third parties it corresponded with as part of the investigation;
- the precise volume of materials still in DOJ's possession.

Based on the parties' discussion, Google understands that the following materials responsive to RFP 41 are in the United States' possession:

- the CIDs issued as part of the investigation, including those issued to third parties;
- a list of all of the parties that were issued CIDs as part of the investigation;
- documents collected from third parties pursuant to the CID requests;
- interview memoranda and notes taken of the interviews conducted with Google, AdMeld, and third parties as part of the investigation;
- deposition transcripts of the depositions taken of Google and AdMeld witnesses as part of the investigation.

Please confirm that the United States will produce these responsive materials. If the United States intends to withhold any of these materials, please state the basis for withholding the documents, including any privileges that the United States contends that apply, and why. To the extent you are withholding on the basis of confidentiality pursuant to 15 U.S.C. § 1313(c), please explain whether you have contacted the third parties whose documents are in your possession to ascertain whether they consent to sharing the materials produced as part of the investigation.

EXHIBIT 2

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Katherine Clemons								5

      With respect to RFP No. 42, the United States stated that Google's acquisition of AdMob was not investigated by the Department of Justice's Antitrust Division. The United States was unsure if it possessed materials responsive to this request, but indicated it likely did not. Please confirm whether or not the Antitrust Division has documents responsive to RFP 42, and, if so, whether it will be producing those documents.

      With respect to RFP No. 43, the United States said that it had collected non-privileged documents from Microsoft and Xandr. Google's counsel asked several questions that DOJ was unable to answer, including:

- the extent to which it was able to disclose details about investigation with Google;
- whether it had a list of third parties it spoke to regarding the investigation;
- whether it possessed correspondence with third parties related to the investigation;
- whether any memoranda or notes prepared for the investigation were shared outside the Department of Justice.

      Google seeks the following materials responsive to Google's RFP No. 43 concerning the United States' investigation of Microsoft's acquisition of Xandr:

- the CIDs issued as part of the investigation, including those issued to third parties;
- a list of all of the parties that were issued CIDs as part of the investigation;
- documents collected from third parties pursuant to the CID requests;
- correspondence with any third parties involved in the investigation;
- interview memoranda and notes taken of the interviews conducted with Microsoft and Xandr, and third parties as part of the investigation;
- transcripts of any deposition taken as part of the investigation;
- any memoranda or notes related to the investigation and shared outside of the Department of Justice Antitrust Division.

      Please confirm that the United States will produce these materials. If the United States intends to withhold any of these materials, please state the basis for withholding the documents, including any privileges that the United States contends apply, and why. To the extent you are withholding on the basis of confidentiality pursuant to 15 U.S.C. § 1313(c), please explain whether you have contacted the third-parties whose documents are in your possession to ascertain whether they consent to sharing the materials produced as part of the investigation.

# EXHIBIT 2

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Katherine Clemons 6

**Google's Second Set of Interrogatories**

Last, the parties discussed the United States' objections to Google's Interrogatories Nos. 14, 15, 16, and 17. Google explained that it is not seeking information related to damages calculations, but instead seeking factual information about the specific advertising campaigns underlying the FAAs' damages claims. The United States said it is gathering information in response to Google's interrogatories, and will respond by the discovery deadline and supplement its responses as necessary thereafter. The United States informed Google it would gather information regarding "campaigns" as that term is understood by the FAAs, which it believed to be a broader definition of "campaign" than that provided by Google as part of its interrogatories because it would not include details at the creative level.

Google noted that the United States' had objected to Interrogatory No. 17 because the question included a part (a) and (b), which the United States contended should be counted as two interrogatories. Google reminded the United States that its Interrogatory No. 9 contains a part (a), (b), and (c), and that, to the extent the United States seeks to stand on its objection, Google would insist that both parties be held to the same standard. The United States confirmed it would not hold Google to a different standard that it held itself to. Google asks that the United States provide its position on this issue in writing so that the parties can seek discovery with a common understanding.

Sincerely,

/s/ Heather C. Milligan

Heather C. Milligan

EXHIBIT 2