

**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20530*

July 27, 2023

Martha Goodman, Esq.
Heather Milligan, Esq.
Paul, Weiss, Rifkind, Wharton &
Garrison LLP
2001 K Street, NW
Washington, DC 20006-1047

Re:   *United States, et al. v. Google LLC*, No. 1:23-cv-108 (E.D. Va.)

Dear Martha and Heather:

I write in response to the portion of your July 11, 2023 letter regarding Google's RFAs Nos. 1 through 3 and your July 24, 2023 email regarding those RFAs. We have considered the additional definitions related to RFAs Nos. 1 through 3 that you provided by letter after we submitted our responses. As you no longer defined "pay" in a circular fashion by reference to "purchase," we will amend our responses to RFA Nos. 2 and 3. The United States, however, does not agree that the letter provided any basis to amend its responses to RFA No. 1.

We continue to object to RFA No. 1 as it calls for a legal conclusion, and "requests that seek legal conclusions are not allowed under Rule 36." *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 108 (D. Del. 2002); *see United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) (finding that requests the seek purely legal conclusions are not permitted under Rule 36); *Lakehead Pipe Line Co. V. Am. Home Assur. Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997) (stating "a request for admission which involves a pure matter of law, that is, requests for admissions of law which are related to the facts of the case, are considered to be inappropriate").

RFA No. 1 asks whether the Federal Agency Advertisers ("FAAs") "purchase open web display advertising directly from Google", and, as the United States indicated in our meet and confer, this construction calls for a legal conclusion regarding whether the FAAs are direct purchasers under the antitrust laws. *See Benson Tower Condominium Owners Ass'n v. Victaulic Co.*, 105 F.Supp.3d 1184, 1196 (D. Ore. 2015) (finding that objections to RFAs were not improper because "[a]lthough Plaintiff has nominally tied its RFAs to the facts of the case, the request remains a legal conclusion"); *Disability Rights Council v. Wash. Metro. Area*, 234 F.R.D. 1, 3 (D.D.C. 2006) ("[I]t would be inappropriate for a party to demand that the opposing party ratify legal conclusions that the requesting party has simply attached to operative facts."); *Reichenbach v. City of Columbus*, 2006 WL 143552 at *2 (S.D. Ohio 2006) (finding that an RFA requesting a party to "admit that the

EXHIBIT 3

curb ramp at issue was not compliant with current federal accessibility design standards" was improper as it sought only a conclusion of law); *Davi v. Roberts*, 2018 WL 4636805 at *1 (E.D.N.Y. 2018) (finding an RFA asking defendant to admit that the plaintiff's social media postings were "on a matter of public concern" improper because "whether speech addresses a matter of public concern is a question of law").

Moreover, separately defining the words of a legal concept based on their dictionary definition, as you did in your July 11 Letter, does not change an RFA that seeks a legal conclusion into one related to the facts.  For example, defining "proximate" and "cause" based on their dictionary definition would not morph a request for admission that you are the proximate cause of the accident into a proper request under Rule 36. To the extent you are aware of any legal authority for your position that simply providing definitions of terms in your proposed admission transforms it from a legal conclusion to a factual question, please provide that authority for our consideration.

For the forgoing reasons, absent further justification for Google's position, the United States continues to object to RFA No. 1 as calling for a legal conclusion and, accordingly, does not plan to amend its response.

Sincerely,

*/s/ Katherine Clemons*

Katherine Clemons
Trial Attorney

EXHIBIT 3