# EXHIBIT 5



**U.S. Department of Justice**

Antitrust Division

---

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20530*

August 18, 2023

| | |
|---|---|
| Eric Mahr, Esq. | Martha L. Goodman, Esq. |
| Robert McCallum, Esq. | Heather C. Milligan, Esq. |
| Andrew Ewalt, Esq. | Paul, Weiss, Rifkind, Wharton & |
| Freshfields Bruckhaus Deringer LLP | Garrison LLP |
| 700 13th Street, NW | 2001 K Street, NW |
| Washington DC 20005-3950 | Washington, DC 20006-1047 |

Re: *United States, et al. v. Google LLC*, No. 1:23-cv-108 (E.D. Va.)

Dear Counsel:

I write regarding certain deposition testimony relating to privileged documents and information provided by Mr. Karpenko and Mr. Owens at their respective depositions.

Despite extensive and reasonable efforts made by the United States to prevent disclosure of information protected by the attorney-client privilege and attorney work product doctrine, the United States inadvertently produced to Google two documents which are protected attorney work product, and which Google introduced as exhibits and questioned Mr. Karpenko about at his deposition. The United States clawed back those documents at the deposition and via email that same day, and we subsequently clawed back related documents through our August 14, 2023, claw back letter. Through this letter, we are also clawing back related deposition testimony that Google obtained through its use of those protected documents, including questions informed by information in those documents that counsel persisted in asking even after we objected on privilege grounds and advised Google that we were clawing the documents back. That testimony, as identified in the rough transcript of Mr. Karpenko's deposition, is as follows:

- Page 46, Line 4, at 11:16:48 – Page 48, Line 15, at 11:21:23
- Page 49, Line 13 at 11:22:26 – Page 49, Line 15, at 11:22:32
- Page 51, Line 25, at 11:25:10 – Page 52, Line 7, at 11:26:10
- Page 56, Line 18, at 11:43:26 – Page 56, Line 20, at 11:43:37
- Page 54, Line 6, at 11:41:17 – Page 54, Line 12, at 11:41:45
- Page 78, Line 21, at 12:20:26 – Page 80, Line 10, at 12:23:09

Similarly, during Mr. Owens's deposition, the deponent briefly became confused as to the meaning of the term "interrogatory" as used by counsel when being questioned about the Navy's interrogatory responses without a copy of those responses being provided to him. As a result, Mr. Owens inadvertently disclosed protected attorney work product, which the United States promptly clawed back and moved to strike from the transcript.

That testimony, as identified in the rough transcript of Mr. Owens's deposition, is as follows:

- Page 247, Line 13 – Page 250, Line 10
- Page 254, Line 19 – Page 255, Line 5

Section 12(a) of the governing Protective Order (ECF No. 98) provides that "the production of privileged or work-product protected Documents, electronically stored information ('ESI'), or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding." Deposition testimony constitutes "information" under the protective order, and the same claw back procedures applicable to inadvertently produced documents are applicable to inadvertent disclosures during deposition testimony. *See, e.g., Basf Plant Sci., LP v. Commonwealth Sci. & Indus. Research Organisation*, 2019 U.S. Dist. LEXIS 228276 at *31-32 (E.D.Va., August 15, 2019) ("The motion to compel was necessitated when Nuseed clawed-back certain discovery documents and deposition testimony, citing privilege."); *Willis Elec. Co. v. Polygroup Trading, Ltd.*, 2021 U.S. Dist. LEXIS 27974 at *23 (D. Minn., Feb. 16, 2021) ("The Court finds that Mr. Chen's testimony is so closely tied to the substance of Willis's inadvertently disclosed privileged email that it was proper for Willis to assert a claim of privilege over that testimony. Had Willis not made the inadvertent disclosure, the examination would not have included inquiry into the substance of the privileged communication, and it was properly clawed back.").

As such, we request that Google return, sequester, or destroy all copies of the deposition transcripts in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and section 12(c) of the Protective Order. We intend to provide replacement copies of the rough and, when available, final deposition transcripts with the required redactions.

Please do not hesitate to contact me with any questions.

Sincerely,

*/s/ Jimmy S. McBirney*

Jimmy S. McBirney