# EXHIBIT 6



U.S. Department of Justice

Antitrust Division

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20530*

August 5, 2023

Martha Goodman, Esq.
Paul, Weiss, Rifkind, Wharton &
Garrison LLP
2001 K Street, NW
Washington, DC 20006-1047

    Re: *United States, et al. v. Google LLC*, No. 1:23-cv-108 (E.D. Va.)

Dear Martha:

We received your July 31, 2023 letter purporting to memorialize our July 26 discussion.

We have serious concerns about your citation to three USPS and CMS documents on page 3 of your letter as support for your position. We have sent a notice under paragraph 12(c) of the Modified Protective Order that these are privileged documents which were inadvertently produced. As you know, paragraph 12(d) of the same order affirmatively requires that if either party "becomes aware that it is in receipt of information or material that it . . . reasonably should know is privileged" then it must "stop reading" the material, notify the producing party, and destroy the material. (Dkt. 203, ¶ 12(d).) You were aware of the United States' assertion of privilege over communications between the Department of Justice and Federal agencies occurring in December 2022 through January 2023 regarding digital advertising by Federal agencies from: (a) my June 9 letter (and attached categorical privilege log), (b) the United States' June 26 privilege log, and (c) our discussion on July 26. These three documents are certainly included within the scope of those privilege assertions. Using the content of these documents to dispute the United States' privilege claims in this manner is inconsistent with Google's obligations under the Modified Protective Order. The United States reserves the right to take any appropriate action.

Regarding your arguments on the applicability of the attorney-client privilege, your position ignores the role of the Justice Department in this circumstance. "Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General." 28 U.S.C. § 516; *see also* 28 U.S.C. § 519; 5 U.S.C. § 3106 (restricting employment of attorneys or counsel except Department of Justice by an "Executive department"). By statute, the Department of Justice is specifically authorized and required to enforce the antitrust laws, including through damages claims on behalf of the United States when it is injured in its business or property. 15 U.S.C. § 4; 15 U.S.C.

§ 15a. In the communications at issue, Department of Justice attorneys sought, and Federal agencies provided, information for the purpose of aiding Department of Justice attorneys in forming and providing legal advice as to whether those same Federal agencies or others were injured by Google's conduct, and therefore victims of cognizable claims for damages under Section 4A of the Clayton Act. Additionally, to the extent your position distinguishes between the Federal Agency Advertisers and other Federal agencies on whose behalf damages claims ultimately were not asserted, such a distinction does not alter the existence of an attorney-client relationship; indeed, the attorney-client privilege applies to communications even with potential clients.

Moreover, your letter glosses over the United States' assertion of work product protection over these communications. The communications at issue were between attorneys preparing for a potential lawsuit—made only three-to-four weeks before the filing of the lawsuit—and Federal agencies with potential damages claims, certain of which were ultimately asserted by the United States in the lawsuit. As Google has argued previously in this case, communications such as these that would not have occurred *but for* the anticipation of litigation are covered by the work product protection in full. (*See* Google's Mem. Opp. Mot. for In Camera Inspection, Dkt. 245, at 5 (work product protection applies to analysis "undertaken because of and in response to active government investigations"); 6/15/2023 Tr. at 32 (Google's Counsel: "[H]e specifically testified, these projects would not have been undertaken but for these government investigations.").) You call the privilege descriptions "boilerplate formulations," but that merely reflects that communications in this category are all privileged for the same reasons—as we initially explained in our June 9 letter.

The cases cited in your letter do not speak to this specific situation, and several provide clear support for the United States' position. *See, e.g.*, *United States v. Booz Allen Hamilton Inc.*, No. CCB-22-1603, 2022 WL 3921019, at *3 (D. Md. Aug. 31, 2022) ("when the DOJ decided to file the present lawsuit . . . the DOJ clearly 'became counsel' to the NSA"); *United States v. Amer. Tel. & Tel. Co.*, 86 F.R.D. 603, 628 (D.D.C. 1979) (work product extends to materials shared between "two government agencies assisting each other in a criminal or civil action"). Your citations to a previous version of the Antitrust Division Manual no longer in effect similarly do not speak to this specific situation; the portions you cite merely indicate that the specific circumstances of each communication dictate whether these privileges apply.

Turning to your requests of the United States: We do not agree to produce privileged documents. We see no justification for your inquiry into our document collection in response to Google's RFP No. 5, but, as a courtesy, we can confirm that all Antitrust Division personnel working on the investigation preceding this litigation were required, on an on-going basis and with periodic reminders and interim deadlines, to save certain types of communications, including those at issue here, into a centralized Outlook mailbox, from which documents were collected for production. Finally, we do not agree

to provide any privilege logs for documents exempted from logging by the ESI Order, to which Google agreed and the Court ordered.

                                                    Sincerely,

                                                    */s/ Michael Wolin*

                                                    Michael Wolin
                                                    Trial Attorney