UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>        *Plaintiffs*,<br><br>vs.<br><br>GOOGLE LLC,<br><br>        *Defendant*. | No: 1:23-cv-00108-LMB-JFA |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT GOOGLE LLC'S MOTION TO SEAL**

Pursuant to Local Civil Rule 5, Defendant Google LLC ("Google"), through its undersigned counsel, hereby respectfully submits the instant memorandum of law in support of its motion to seal portions of its Memorandum of Law in Support of Google's Motion To Compel Production of Documents and Testimony Wrongfully Withheld as Privileged, and certain exhibits referenced therein. These exhibits and the redactions in the brief contain information designated by Plaintiff the United States as confidential or highly confidential under the parties' protective order (Dkt. 203 ¶ 20). The exhibits and the unredacted brief have been filed electronically using the sealed filing events at Dkts. 307, the redacted brief is filed on the public docket at Dkt. 305.

**INTRODUCTION**

Google's Memorandum of Law references, among other exhibits: (i) documents produced by the United States as part of its investigative file and during the course of discovery in this matter and designated by the United States as confidential or highly confidential; (ii) transcripts of depositions of Federal Agency Advertiser ("FAA") employees designated by the United States as highly confidential; (iii) correspondence from attorneys from the Department of Justice Antitrust

Division ("ATR") to Google's outside counsel designated by the United States as confidential; (iv) correspondence from Google's outside counsel to attorneys from ATR referencing documents designated confidential or highly confidential by the United States; and (v) a privilege log produced by the United States and designated as confidential. Pursuant to paragraph 20 of the Protective Order (Dkt. 203), through this motion Google informs the Court of the confidentiality designations of these materials and requests that the Court seal these exhibits from the public docket, and maintain the redacted brief on the public docket, in order to provide Plaintiff sufficient time to provide the Court with support for the need to seal these documents. But for the requirements of the Protective Order, Google would not seek to seal these documents.

## ARGUMENT

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone* v. *Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id.* (quoting *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The common law presumption in favor of public access can be overcome only by a showing that a litigant has "some significant interest that outweighs the presumption." *Rushford* v. *New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Accordingly, before ordering the sealing of a document, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the document[], and (3) provide specific reasons and factual findings supporting its decision to seal the document[] and for rejecting the alternatives." *Ashcraft* v. *Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also* Local Civ. R. 5(C).

Google does not believe the information referenced in its memorandum or the exhibits cited therein is of a type that outweighs the presumption in favor of public access. Nonetheless, because the material was designated as confidential or highly confidential by the United States, Google has filed the present motion in accordance with its obligations under paragraph 20 of the Protective Order. As stated in the notice filed concurrently with this memorandum, any interested member of the public and any other party may indicate their position on the motion.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court seal the exhibits (Dkt. 307) and permit the redacted version of Google's brief (Dkt. 305) to remain on the public docket.

Dated: August 18, 2023

Eric Mahr (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Julie Elmer (*pro hac vice*)
Lauren Kaplin (*pro hac vice*)
Jeanette Bayoumi (*pro hac vice*)
Claire Leonard (*pro hac vice*)
Sara Salem (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001

Respectfully submitted,

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ.
209 Madison Street
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (*pro hac vice*)
Jeannie H. Rhee (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Joseph Bial (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Bryon P. Becker (VSB #93384)
Erica Spevack (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047

dbitton@axinn.com

Bradley Justus (VSB # 80533)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

Telephone: (202) 223-7300
Facsimile (202) 223-7420
kdunn@paulweiss.com

Meredith Dearborn (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (646) 432-5100
Facsimile: (202) 330-5908
mdearnborn@paulweiss.com

*Counsel for Defendant Google LLC*