**EXHIBIT 3**

# Freshfields Bruckhaus Deringer US LLP

**Washington**
700 13th Street NW, 10th Floor
Washington, DC 20005
(202) 777-
Eric.mahr@freshfields.com
www.freshfields.com

August 17, 2023

**Re:**   *United States, et al. v. Google LLC*, **No. 1:23-CV-00108 (E.D. Va.)**

Dear Mr. Kanter,

   Enclosed is a subpoena for deposition testimony and for documents that has been served on you. This subpoena is served on you in your individual capacity, and is not served on you in your capacity as Assistant Attorney General for the Antitrust Division of the Department of Justice.

   Treatment of discovery materials in this litigation is governed by the Protective Order, the Order regarding Electronically Stored Information, and the Coordination Order entered by the court. A copy of each Order is included with this subpoena.

   Please note that the deposition date and production deadline for the subpoena is September 8, 2023. The subpoena contains instructions for the deposition location and the place of production of responsive documents. If you would like to discuss an alternative method or place of production (such as via email or FTP), or have any other questions regarding the subpoena, please feel free to reach out to me at (202) 777- or eric.mahr@freshfields.com.

Yours truly,

Eric Mahr

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

United States et al.
*Plaintiff*

v.

Google LLC
*Defendant*

Civil Action No. 1:23-CV-00108

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Jonathan Kanter

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Offices of Craig C. Reilly<br>209 Madison Street, Alexandria, VA 22314 | Date and Time:<br>09/08/2023 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenographer and/or videotape

☑ **Production:** You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/17/2023

*CLERK OF COURT*

_____    OR    _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Google LLC , who issues or requests this subpoena, are:

Eric Mahr, 700 13th Street NW, 10th Floor, Washington DC 20005, 202-777-▮▮▮▮   eric.mahr@freshfields.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:23-CV-00108

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

[Print]  [Save As...]  [Add Attachment]  [Reset]

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

*United States, et al. v. Google LLC*, No. 1:23-CV-00108 (E.D. Va.)

**Exhibit A to Subpoena**

**INSTRUCTIONS**

1. In addition to the specific instructions set forth below, these Requests incorporate the instructions set forth in Federal Rule of Civil Procedure 45 ("Federal Rules"), the Local Rules of the U.S. District Court for the Eastern District of Virginia ("Local Rules"), the Order Regarding Electronically Stored Information ("ESI Order") (ECF No. 142), and the Protective Order (ECF No. 203), or the operative version of those Orders in place at the time production is made. Subject to a valid claim of privilege, please produce the entire document if any part of that document is responsive.

2. Please produce all requested documents in Your possession, custody, or control, or available to You, or to which You may gain access through reasonable effort, including information in the possession of Your past and present attorneys, accountants, investigators, consultants, agents, or other persons directly or indirectly employed or retained by You, or anyone else otherwise subject to Your control who maintains records on Your behalf, in Your name, or otherwise under Your control.

3. Pursuant to Federal Rule 45(e)(1), documents must be produced either: (a) as they are kept in the usual course of business (in which case they must be produced in such fashion as to identify the department, branch, or office in whose possession the document was found or the server or central file in which it was found, and the address of each document's custodian(s)), or (b) segregated as responsive to a specific Request enumerated herein, with such specific Request identified.

4. If any portion of any document is responsive to any Request, a legible version of the entire document must be produced, together with all non-identical copies, versions, and drafts of that document, including all attachments and enclosures.

5. You must retain all of the original documents for inspection or copying throughout the pendency of this Action, any appeal(s), and any related proceedings.

6. You must produce all documents and associated metadata according to the Federal Rules, Local Rules, and, when entered, the governing ESI Order for this Action. Provide instructions and all other materials necessary to use or interpret Your data compilations, such as a data dictionary, with Your production.

7. Data and materials that are stored electronically or in machine-readable form should be produced in electronic form with sufficient information to allow counsel to readily access or read such data or materials.

8. If you object to all or any portion of any of the below Requests, you must identify the objectionable Request or portion thereof, and the nature and basis of the objection. Notwithstanding any objection to any portion of any Request, you must produce all documents and information to which such objection does not apply.

9. If any document responsive to a particular Request no longer exists for reasons other than Your document retention policy, describe the circumstances under which it was lost or destroyed, describe the information lost or destroyed, list the Request to which it was responsive, and list persons with knowledge of the document.

10. If you are unable to produce a document that is responsive to a Request, describe the document, state why it cannot be produced and, if applicable, state the whereabouts of such document when last in your possession, custody, or control.

11. If there are no documents or information responsive to all or any portion of any Request, so state in writing.

12. Other than redactions of privileged information, documents are to be produced in full. If any requested document cannot be produced in full, or if you withhold production of any document or portion of any document responsive to these Requests based upon any privilege, protection, or immunity, produce it to the extent possible and provide the privilege log information set forth in the governing ESI Order, once entered.

13. In construing the Requests herein:

a. Terms not specifically defined shall be given their ordinary meaning as You understand them to be used in the trade;

b. The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, whenever necessary, to bring within the scope of any Request all information that might otherwise be construed to be outside its scope;

c. The use of the singular form of any word includes the plural and vice versa;

d. Words in the masculine, feminine, or neutral gender shall include each of the other genders;

e. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope;

f. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

14. None of the Definitions or Requests set forth herein shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the Definitions or the Requests.

15. These Requests are continuing in nature. In the event that You become aware of responsive documents or information in addition to, or in any way inconsistent with, that which You previously have produced, prompt supplementation of Your responses is required.

16. Google specifically reserves the right to seek supplementary responses and the additional supplementary production of documents before trial.

## DEFINITIONS

1. To the extent the terms defined below are used in the Topics, they should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with the Federal Rules and the Local Rules. These Definitions are provided solely for the purposes of this Subpoena.

2. The term "**Antitrust Division**" shall refer to the Antitrust Division of the United States Department of Justice.

3. The term "**Communication**" shall refer to the transmittal of information (in the form of facts, ideas, inquiries or otherwise) via electronic and non-electronic means, including both written and verbal correspondence, such as, e.g., e-mails, meetings, telephone calls, and letters.

4. The term "**Document**" shall be synonymous in meaning and equal in scope to the usage of the phrase "documents or electronically stored information" in Federal Rule 34(a)(1)(A).

For avoidance of doubt, a draft or non-identical copy is a separate document within the meaning of this term, and electronic communications, such as e-mails, are covered within the meaning of this term.

5. The term "**Foreign Regulator**" shall refer to government agencies located outside of the United States whose powers include investigating and charging potential antitrust violations, including but not limited to the European Commission, the United Kingdom's Competition and Markets Authority, France's Autorité de la Concurrence, and the Australian Competition and Consumer Commission.

6. The term "**Former Client**" shall refer to any of ███████████████, including any parents, predecessors, successors, divisions, subsidiaries, affiliates, partnerships and joint ventures, or any directors, officers, employees, agents, or representatives of the foregoing.

7. The term "**July 2020 Meeting**" shall refer to any meeting occurring in or around July or August 2020 concerning Google and/or "scale issues," attended by You, Susan Athey, and/or employees of the Antitrust Division.

8. The terms "**You**" and "**Your**" shall refer to Jonathan Kanter.

### REQUESTS FOR DOCUMENTS

1. All Communications concerning Google that You have had with any Former Kanter Client since You were nominated as Assistant Attorney General for the Antitrust Division on July

5

20, 2021, including any such Communications made through any other Department of Justice employee.

2.     All Communications concerning Google that You had with any employee of the Antitrust Division, the U.S. Federal Trade Commission, the Office of the Texas Attorney General or of any other State Attorney General, or any Foreign Regulator, on Your own behalf or on behalf of any Former Client, between January 1, 2007 and the date of Your confirmation as Assistant Attorney General for the Antitrust Division on November 16, 2021.

3.     Any materials presented, or provided to any attendees, during any meeting concerning Google attended by You and any employee of the Antitrust Division, for meetings held between January 1, 2019 and the date of Your confirmation as Assistant Attorney General for the Antitrust Division on November 16, 2021, specifically including, but not limited to, any materials that You and/or Susan Athey presented, provided to attendees, or planned to present or provide to attendees at the July 2020 Meeting.