**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 1:23-cv-00108-LMB-JFA |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER**
**PREVENTING GOOGLE FROM DEPOSING COUNSEL FOR THE UNITED STATES**

"The harassing practice of deposing opposing counsel (unless that counsel's testimony is crucial and unique) appears to be an adversarial trial tactic that does nothing for the administration of justice but rather prolongs and increases the costs of litigation, demeans the profession, and constitutes an abuse of the discovery process." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1330 (8th Cir. 1986). Here, the United States must regrettably seek a protective order from this Court because Google has noticed a Rule 30(b)(6) deposition of the Antitrust Division of the Department of Justice—the functional equivalent of a deposition of the United States' litigation counsel.

**BACKGROUND**

A.    **Google's Rule 30(b)(6) Deposition Notice to the United States, Including the Antitrust Division**

Google sent a Rule 30(b)(6) deposition notice to the United States on July 20, 2023. *See* Rule 30(b)(6) Dep. Notice to United States, Ex. 1. The notice contains 41 topics, not including subparts, and by its written terms is directed to "the Antitrust Division of the Department of Justice, each Federal Agency Advertiser, and all employees, agents, and representatives of the foregoing." *See id.*, Definitions ¶ 52 (defining the word "You"). The time period for the notice as

a whole is "January 1, 2013 to present," *id.* ¶ 54, and includes all-encompassing topics such as

"All documents You produced in the above-referenced litigation," *id.*, Subject Area ¶ 28, and

"The circumstances that led You to be involved in the lawsuit, including any efforts You

undertook to investigate Your claims," *id.* ¶ 30.

Upon receipt of Google's Rule 30(b)(6) notice, the United States relayed several

significant concerns about it to Google in a letter dated July 28, 2023. Aside from the notice's

overbreadth and the undue burden it imposed on the United States, the notice purported to call

for a deposition of counsel from the Antitrust Division. While that concern is the focus of the

present motion, it is important for context to understand that Google's Rule 30(b)(6) notice also

purported to seek, through one deposition notice, eight additional depositions of each

independent "Federal Agency Advertiser" identified in the discovery plan, despite the fact that a

Rule 30(b)(6) deposition notice cannot seek information outside the knowledge of the particular

entity whose testimony is sought.[1]

Google took the position that its *one* Rule 30(b)(6) notice to the United States entitled it

to seek testimony from *nine* separate entities (the eight separate Federal Agency Advertiser

entities, plus the Antitrust Division of the Department of Justice) while only using one of its ten

party deposition slots allotted under the discovery plan.[2] Google also initially sought twenty-

eight hours of testimony on the record pursuant to this one purported Rule 30(b)(6) deposition

---

[1] *See Covington v. Semones*, 2007 WL 1052460, *1 (W.D. Va. Apr. 5, 2007) (noting that Rule 30(b)(6) imposes "no duty . . . to inquire into the knowledge of another entity" in the context of Rule 30(b)(6) deposition notice directed at Town of Christianburg seeking testimony as to knowledge of Commonwealth Attorney's Office located in same county).

[2] *See* Joint Proposed Discovery Plan, ECF No. 87, at 2, as modified by the Court's order at ECF No. 94 (finding that the Federal Agency Advertisers "will be treated as *parties* for purposes of discovery in this action (emphasis added)).

notice on the United States.[3]  Notwithstanding the United States' objections to this approach, the

United States has worked productively with Google over the last several weeks to resolve its

disputes concerning the breadth and burden of Google's notice and its use of one deposition

notice to seek testimony from multiple independent entities. To that end, the United States has

agreed to allow Google to take testimony from each of the eight separate Federal Agency

Advertiser witnesses, and has assented, for these purposes, to Google's position that the

testimony taken from these eight Federal Agency Advertiser witnesses will only count as one of

Google's ten party deposition slots.

Plaintiffs served a Rule 30(b)(6) deposition notice on Google on August 9, 2023, attached

to the motion accompanying this filing as Exhibit 2. As explained below, up until the filing of

Google's motion shortly before 5:00pm on Friday, August 18, 2023, the parties were making

progress negotiating the scope of both Google's and Plaintiffs' Rule 30(b)(6) notices in tandem.

The email correspondence attached to the motion accompanying this filing as Exhibit 3 reflects

the progress of those negotiations as well as the degree to which the parties were negotiating the

two Rule 30(b)(6) notices in tandem. Indeed, in email correspondence on Wednesday, August

16, 2023, Google's counsel specifically asked that Google's and Plaintiffs' Rule 30(b)(6) notices

be discussed "together." Ex. 3 at 12.

Starting from a baseline that both sides would receive an equal number of hours of Rule

30(b)(6) testimony, with the exact number of hours to be determined, the United States

---

[3] Google initially requested, in a letter dated August 4, 2023, 21 hours of testimony from the
Federal Agency Advertiser witnesses collectively, as well as seven hours of testimony from the
Antitrust Division representative. After receiving the Plaintiffs' Rule 30(b)(6) notice to Google,
and after Plaintiffs sought a reciprocal amount of time with Google's own witnesses, Google
revised its request to 14 hours' total time, split between 2 hours of testimony from an Antitrust
Division employee and 12 hours of testimony split among the eight Federal Agency Advertiser
deponents. *See* Ex. 3 at 14.

tentatively agreed to designate a Rule 30(b)(6) witness from each of the Federal Agency Advertisers to sit for a predetermined number of hours, while Google would agree to sit one or more representatives for an equal number of hours. The exact topics on which Google designees would provide testimony were still under negotiation when Google filed its motion for a protective order.

### B.      Google's Rule 30(b)(6) Topics Directed at the Antitrust Division

Plaintiffs and Google have engaged in several meet-and-confers about both Google's and Plaintiffs' Rule 30(b)(6) notices and have tentatively narrowed the areas of dispute. For example, in correspondence dated August 4, 2023, Google offered[4] to narrow the topics for which it seeks testimony from the Department of Justice, Antitrust Division, to the following ten topics (the "Division Topics"):

**Topic 25:**  Your email, chat or other messaging systems policies, and Your document retention policies

**Topic 29:**  Your involvement and communications with any third parties concerning the Investigation and/or this Action.

**Topic 31:**  Your involvement and communications with any member of the United States Congress or anyone working for a member of the United States Congress concerning the Investigation and/or this Action.

**Topic 33:**  Your responses to Google's Interrogatories.

**Topic 34:**  Your responses to Google's Requests for Admission.

**Topic 36:**  All communications, including written, oral, face-to-face, telephonic, videoconference, or otherwise with any representative of the European Commission concerning the Investigation or this Action.

---

[4] The United States is not suggesting that Google has formally or finally agreed to any resolution of how to address the scope of its Rule 30(b)(6) deposition notice. Rather this narrowed list of topics merely reflects the state of negotiations—in the view of United States' counsel—at the time Google filed its motion for a protective order on August 18, 2023.

**Topic 37:**    Communications with any individual currently employed in the Department of Justice Antitrust Division, where such communications occurred prior to the individual's employment as a member of the Antitrust Division, regarding antitrust matters concerning Google, including Google's Display Advertising business.

**Topic 38:**    Any ethics and/or recusal guidance, advice, recommendations, waivers, authorizations, or decisions concerning Jonathan Kanter and the issue of his participation in the Department of Justice's matters involving Google's Display Advertising business.

**Topic 39:**    Your market share calculations as alleged in the Complaint for the alleged publisher ad server market, ad exchange alleged market, and alleged market for advertiser ad networks for open web Display Advertising.

**Topic 40:**    The equitable remedies You seek, including any coordination or communications between You and the European Commission regarding such remedies.

**C.    Subsequent Negotiations Concerning the Parties' Respective Rule 30(b)(6) Notices**

The United States and Google conducted multiple meet-and-confers during the week of August 14th about the scope of Google's and Plaintiffs' Rule 30(b)(6) notices, with the aim of arriving at a global resolution of the scope of both notices. *See generally* Ex. 3. From the perspective of counsel for the United States, the negotiations were making progress and a resolution of some disputed issues was close as of Friday afternoon. Specifically, in the United States' view, the parties were close to agreeing to a standstill of motion practice on the Rule 30(b)(6) depositions from both sides until August 25, 2023, with the goal of resolving all further outstanding disputed items before August 25th. *See id.* at 4-8. The parties had already discussed on multiple meet-and-confers a proposal whereby Google would abandon its effort to conduct a deposition of an Antitrust Division attorney in exchange for Plaintiffs agreeing to eliminate certain topics from their Rule 30(b)(6) notice to Google. The purpose of the standstill was to

allow the parties to complete these negotiations or determine that a resolution could not be

reached without the Court's intervention.

Unfortunately, by email sent at 4:16pm on Friday, August 18, 2023, Google notified

counsel for Plaintiffs that it was not willing to agree to a mutual standstill with respect to each

side's Rule 30(b)(6) motions in light of Plaintiffs' disclosure that it would be filing later that day

a motion for partial judgment on the pleadings or, in the alternative, a motion for a protective

order on behalf of the United States as to discovery on Google's tenth and thirteenth affirmative

defenses, ECF No. 317. *Id.* at 2-3. In the view of counsel for the United States, Google's refusal

to agree to the proposed mutual standstill on motion practice regarding the parties' respective

Rule 30(b)(6) motions until August 25, 2023 was inconsistent with the parties' ongoing efforts to

narrow the scope of their disputes.

Google's decision to file its motion for a protective order on August 18th necessitates the

United States' filing of this motion at this stage to bring to the Court's attention the full range of

disputes surrounding the parties' respective Rule 30(b)(6) notices. Additionally, Plaintiffs

anticipate separately moving for a continuance of the hearing on Google's motion for a

protective order in short order, because the most efficient use of judicial resources would be to

resolve the present motion and Google's motion at the same hearing, either on September 1,

2023, or another date certain to be determined the Court.

Regardless of when the Court chooses to address the parties' disputes regarding the

outstanding Rule 30(b)(6) notices, the Court should not permit Google to depose a representative

of the Antitrust Division on any of the Rule 30(b)6) topics and should instead grant the United

States' motion for a protective order. Counsel for the United States has met and conferred with

Google's counsel regarding this motion. Google opposes the relief requested herein.

6

## ARGUMENT

"The court may, for good cause, issue an order to protect a party . . . from annoyance, . . . oppression, or undue burden or expense," by "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1), (c)(1)(D). "Ordinarily, good cause [to issue a protective order] exists 'when a party shows that disclosure will result in a clearly defined, specific and serious injury.'" *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006); *United States ex rel. Davis v. Prince*, 753 F. Supp. 2d 561, 565 (E.D. Va. 2010) ("The party seeking a protective order has the burden of establishing 'good cause' by demonstrating that 'specific prejudice or harm will result if no protective order is granted.'") (quoting *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)).

Attempts to depose opposing counsel, however, are a different matter. "Because deposition of a party's attorney is usually both burdensome and disruptive, the mere request to depose a party's attorney constitutes good cause for obtaining a Rule 26(c) . . . protective order unless the party seeking the deposition can show both the propriety and need for the deposition." *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85 (M.D.N.C. 1987); *accord McAirlaids, Inc. v. Kimberly-Clark Corp.*, 2014 WL 12782815, *3 (W.D. Va. Oct. 29, 2014) ("Deposing an opponent's counsel is disfavored by the courts, and the request to depose counsel itself constitutes good cause to obtain a Rule 26(c) protective order.").

### A.   Google's Rule 30(b)(6) deposition notice to the Antitrust Division is effectively an attempt to depose opposing counsel.

The Antitrust Division is led by attorneys. Its attorneys conduct the Division's civil investigative and enforcement work firsthand and also coordinate and manage non-attorneys who assist with that work. Where an investigative or enforcement agency—such as the Antitrust

7

Division—conducts its business through attorneys, a Rule 30(b)(6) notice to the agency is indistinguishable from a deposition notice to opposing counsel. The court in *SEC v. SBM Inv. Certificates, Inc.*, 2007 WL 609888, *20-26 (D. Md. Feb. 23, 2007), explained why in the context of a defendant's attempt to depose the SEC during an enforcement action under the securities laws. One of the defendants, Eric Westbury, sent a Rule 30(b)(6) deposition notice to the SEC covering similar topics to the Division Topics. *Id.* at *21. For example, Westbury sought Rule 30(b)(6) testimony about "all communications" with the defendant concerning certain subjects, "all communications" with the District of Columbia, and "the factual bases, if any, for the allegations made against Westbury in the SEC's Complaint." *Id.* In granting the SEC's motion for a protective order prohibiting the deposition, the court cited *SEC v. Rosenfeld*, 1997 WL 576021, *2-3 (S.D.N.Y. Sept. 16, 1997), for the proposition that:

> the notice of deposition clearly calls for the revealing of information gathered by the SEC attorneys in anticipation of bringing the instant enforcement proceedings, and if forced to designate witnesses to testify fully and completely concerning the matters described in the notice of deposition, testimony of SEC attorneys or examiners working under the direction of the SEC attorneys conducting the investigation would be necessary . . . Thus the witness designated would have to have been prepared by those who conducted the investigation and, since the investigation was conducted by the SEC attorneys, preparation of the witnesses would include disclosure of the SEC attorneys' legal and factual theories as regards the alleged violations of the security laws of this country and their opinions as to the significance of documents, credibility of witnesses, and other matters constituting attorney work product.

*SBM*, 2007 WL 609888, *23 (quoting *Rosenfeld*, 1997 WL 576021, *2-3). The court also noted "the other means of discovery available" to the defendant as a basis for entering the protective order. *Id.* *25.

As an investigative and enforcement agency led by attorneys, the Antitrust Division is similarly situated for the purposes of this motion to the SEC or other agencies like the FTC. *See FTC v. U.S. Grant Resources*, *LLC*, 2004 WL 1444951, *9 (E.D. La. June 25, 2004) ("The

investigation in this matter was conducted by FTC attorneys and by FTC employees working

under the direction of attorneys."). Any Rule 30(b)(6) deponent from the Antitrust Division,

regardless of whether they are an attorney, would necessarily be prepared for their testimony by

Division attorneys and educated with facts gathered by those attorneys. The questioning of that

deponent would therefore inevitably invade the Division's attorney work product. *See SBM*,

2007 WL 609888, *20-26. Thus, a 30(b)(6) deposition of the Division is a 30(b)(6) deposition of

its attorneys, whether directly or indirectly. *See id.*; *accord U.S. Grant Resources* (finding that a

Rule 30(b)(6) notice sent to the FTC "seeks either the deposition of opposing counsel or the

practical equivalent thereof").

This conclusion is consistent with the decisions of numerous courts both in this Circuit

and elsewhere. *See, e.g.*, *In re Hogan*, 625 B.R. 134, 144 (Bankr. D.S.C. 2020) (finding that

deposition notice to the U.S. Bankruptcy Trustee "in effect, seeks to depose opposing counsel,"

noting that even if a designee other than counsel testifies, "preparation of such witness would

require the use of attorney work product"); *EEOC v. McCormick & Schmick's Seafood*

*Restaurants, Inc.*, 2010 WL 2572809, *4-6 (D. Md. June 22, 2010); *SEC v. Goldstone*, 301

F.R.D. 593, 663-66 (D.N.M. 2014).[5]

> **B.     None of the Division Topics satisfy the exceptions to the prohibition on depositing opposing counsel.**

Depositions of opposing counsel are not outright prohibited, but "federal courts generally

disfavor such depositions." *Navient Solutions, LLC v. Law Offices of Jeffrey Lohman, P.C.*, 2020

---

[5] Some courts have suggested that it is nonetheless appropriate to allow the Rule 30(b)(6) deposition to go forward and require the enforcement agency to raise objections to individual questions. *See, e.g.*, *SEC v. Kramer*, 778 F. Supp. 2d 1320, 1328 (M.D. Fla. 2011). While the United States is not suggesting that a member of an investigative agency can never sit for a deposition, the facts of this particular case and Google's particular topics support entry of a protective order.

WL 6379233, *4 (E.D. Va. Sept. 4, 2020). "The party seeking to depose opposing counsel needs

to demonstrate that "(1) no other means exist to obtain the information than to depose opposing

counsel . . .; (2) the information sought is relevant and nonprivileged; and (3) the information is

crucial to the preparation of the case." *Id.* (quoting *Shelton v. Am. Motors Corp.*, 805 F.2d 1323

(8th Cir. 1986)). Crucially, these exceptions only open the door to potential testimony on matters

of fact work product, i.e., "documents prepared by [an] attorney which do not contain the mental

impressions, conclusions, or opinions of the attorney," *In re Doe*, 662 F.2d 1073, 1076 n.2 (4th

Cir. 1981). *E.I. Dupont de Nemours & Co. v. Kolon Indus.*, 269 F.R.D. 600, 609 (E.D. Va. 2010)

("A showing of substantial need allows access only to fact work product; opinion work product

is not available under a showing of substantial need."). By contrast, opinion work product

"enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary

circumstances." *In re Grand Jury Proceedings, Thursday Special Grand Jury*, 33 F.3d 342, 348

(4th Cir.1994). "Opinion work product is that which contains an attorney's 'mental impressions,

conclusions, opinions or legal theories . . . concerning the litigation.'" *In re Allen*, 106 F.3d 582,

607 (4th Cir. 1997) (quoting *Nat'l Union Fire Ins. V. Murray Sheet Metal*, 967 F.2d 980, 984

(4th Cir. 1992)).

This approach is echoed in Federal Rule of Civil Procedure 26(b)(3), which precludes

discovery of materials "prepared in anticipation of litigation" unless the requesting party "shows

that it has substantial need for the materials to prepare its case and cannot, without undue

hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A), (ii).

Even if such materials are ordered to be produced, "the mental impressions, conclusions,

opinions, or legal theories of a party's attorney or other representative concerning the litigation"

are protected from disclosure." *Id.* 26(b)(3)(B).

Nine of the ten Division Topics would require disclosure of opinion work product, while the tenth topic can easily be addressed without a deposition.

      **1.  Nine of the ten Division Topics would impermissibly require the disclosure of opinion work product.**

            **a.  Topics 29, 31, 36, and 37 seek the disclosure of opinion work product in the form of mental impressions about interviews and other communications.**

As part of its production of its investigative file, the Antitrust Division has provided Google with millions of documents provided by third parties to the United States during the United States pre-complaint investigation of Google's conduct. In addition, the Antitrust Division has produced over 120,000 pages of written communications with third parties. Despite these disclosures, Division Topics 29, 31, 36, and 37 seek testimony about various categories of communications—with the U.S. Congress, the European Commission, the Antitrust Division itself, and more generally with all third parties. Google is not entitled to such testimony. First, written communications with third parties speak for themselves, and there is no purpose for testimony from Antitrust Division personnel concerning such written communication other than what Antitrust Division personnel think about or have gleaned from these statements—in other words, protected opinion work product. *See Allen*, 106 F.3d at 607.

The United States has also already produced as part of its investigative file written communications with third parties—including Congress and the European Commission, up to the date of the filing of the complaint in January 2023. To the extent Google seeks information concerning verbal communications with third parties during the investigation, the substance of those communications would reside either in the memories of Antitrust Division personnel or in written summaries prepared by or at the direction of an attorney. Any written summaries would be protected opinion work product because they "tend[] to indicate the focus of [the]

investigation, and hence, . . . theories and opinions regarding this litigation." *See id.* at 608;

*accord Upjohn Co.v . United States*, 449 U.S. 383, 399 (1981) ("Forcing an attorney to disclose

notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to

reveal the attorney's mental processes."). Interviews or conversations that were *never* reduced to

writing are even more problematic because testimony about those communications would have

to come purely from the *memories* of Division personnel about the substance of oral statements.

The result would be testimony consisting purely of the "mental impressions" of Division or

attorneys or Division staff—once again, opinion work product.

> **b.  Topics 33, 34, 38, 39, and 40 seek the disclosure of opinion work product in the form of the Division's legal theories and thought processes about this litigation.**

Topics 33 and 34 seek testimony about the United States' responses to Google's

interrogatories and requests for admission. Once again, there is no way to prepare for or provide

testimony on this subject without divulging Antitrust Division attorneys' opinion work product

in the form of their mental processes. The court in *SEC v. Rosenfeld* confronted a similar

situation when the defendant attempted to depose SEC personnel about several topics including

"all documents relating to the allegations of the Complaint, either exculpatory or inculpatory."

1997 WL 576021, *1 (S.D.N.Y. Sept. 16, 1997). The court entered a protective order preventing

the deposition, seeing no reason why interrogatories and document requests would be

insufficient, and noting that the defendant sought "to explore the extent of the SEC's knowledge

(how much it knows and how much it does not know) as a result of the investigative efforts by

its attorneys." *Id.* at *3. The court rejected the defendant's attempt as "obviously aimed at

finding the nature of the SEC's attorney work product." *Id.*

Google's attempt to depose the Antitrust Division about these topics makes even less sense here, when it has already received the United States' responses to interrogatories and requests for admission, as well as any associated objections and other correspondence, and any further elaboration on them through oral testimony would necessarily be based on attorneys' mental processes in crafting the responses. *See SEC v. Buntrock*, 217 F.R.D. 441, 445 (N.D. Ill. Sept. 8, 2003) (rejecting 30(b)(6) notice "intended to ascertain how the SEC intends to marshal its facts, documents, and testimonial evidence, and to discover the inferences the SEC believes can be drawn from that evidence").

Topic 38, about "ethics/recusal guidance, advice," and the like facially seeks inquiry into core opinion work product such as attorney mental processes about the application of ethics rules concerning Assistant Attorney General Kanter's participation in this litigation. *See Allen*, 106 F.3d at 607.[6] Topics 39 and 40—about market share calculations and the remedies sought—are similar impermissible attempts to invade core opinion work product about litigation strategy and how Antitrust Division attorneys have marshalled the facts in support of plaintiffs' claims. *See Buntrock*, 217 F.R.D. at 445; *Allen*, 106 F.3d at 607.

2. **Even if these nine topics sought disclosure of fact work product rather than opinion work product, Google still cannot make the showing necessary for disclosure.**

Even if the Court viewed any one or more of these topics as merely seeking fact work product, Google cannot show that "(1) no other means exist to obtain the information than to

---

[6] Deposition questioning about this topic is also likely to invade attorney-client privileged information about legal advice pertaining to the application of the ethics rules. For the reasons stated in the pending motion for partial judgment on the pleadings or in the alternative for a protective order, ECF No. 317, discovery on topics 31, 37, and 38 would be inappropriate for additional reasons related to the elevated standard for obtaining discovery on selective prosecution and related defenses.

depose opposing counsel . . .; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Navient Solutions,* 2020 WL 6379233, *4. If Google wishes to supplement the written productions it has already received, Google can, of course, seek information about those communications directly from the third parties themselves, as Google has done in more than one instance, or through written discovery requests or deposition testimony taken from those third parties. *See generally Goldstone*, 301 F.R.D. at 663-66. Information about methodologies for calculations of market share will be forthcoming in expert discovery, while remedies are likely to be addressed after a finding of liability if Plaintiffs prevail, per this Court's prior ruling. ECF No. 283. It is altogether unclear how attorney testimony about interrogatory or request for admission responses could be both nonprivileged and "crucial to the preparation of the case." *See Navient Solutions,* 2020 WL 6379233, *4.

3. **The Antitrust Division has already provided information to Google about chat retention policies, and any further questions about such policies can be obtained through written discovery to the extent they are relevant.**

Topic 25, the tenth Division Topic, seeks testimony about chat or messaging system policies and document retention policies. In an email dated July 18, 2023, the United States informed Google as follows:

> For retention of chats between ATR staff and third-parties in the course of the investigation of Google's conduct (and this litigation), our Litigation Hold Memorandum is the only relevant and controlling document. We assert attorney-client privilege and work product protective over the memorandum.

To the extent Google has further questions about whether certain categories of chats or documents have been retained beyond the millions of pages of third-party documents and 120,000+ pages of communications with third parties the United States has already produced, it is welcome to seek answers through written discovery or even routine correspondence; there is no need to depose counsel about them. And as Google has already been informed, the Division

has asserted attorney-client privilege over the Litigation Hold Memorandum, so questioning a

Division attorney or other representative about that memorandum would be a pointless attempt to

invade the privilege. It is also not abundantly clear what the relevance is of the Department of

Justice's document or chat retention policies when the allegations in the complaint relate to

Google's conduct, not the Department's. For all these reasons, there is no indication that Google

could satisfy the exceptions necessary to depose opposing counsel on this subject. *See Navient*

*Solutions,* 2020 WL 6379233, *4.

## **CONCLUSION**

The United States respectfully requests that the Court enter a protective order preventing

Google from conducting a Rule 30(b)(6) deposition of a representative of the Department of

Justice, Antitrust Division in this matter, as such a deposition would effectively be of opposing

counsel.[7] This motion focuses on the Division Topics because they appear to be the focus of

Google's efforts to depose opposing counsel. In the event that Google changes course and

attempts to obtain Rule 30(b)(6) testimony from the United States about additional topics, the

United States would plan to move for a protective order on a broader range of topics and would

plan to raise any additional arguments that might support relief, including that the additional

topics are overly broad or unduly burdensome.

---

[7] As of the date of this filing, Google has also not complied with the Department of Justice's
*Touhy* regulations at 28 C.F.R. § 16.21, et seq. Such compliance is necessary before Google can
obtain testimony from a Department of Justice representative. *See generally id.*

Dated: August 22, 2023

Respectfully submitted,

JESSICA D. ABER
United States Attorney

/s/ Gerard Mene
GERARD MENE
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3777
Facsimile: (703) 299-3983
Email: Gerard.Mene@usdoj.gov

/s/ Julia Tarver Wood
JULIA TARVER WOOD
/s/ Aaron Teitelbaum
AARON M. TEITELBAUM

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077
Fax: (202) 616-8544
Email: Julia.Tarver.Wood@usdoj.gov

Attorneys for the United States