IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., )<br>)<br>  Plaintiffs, )<br>  v. )<br>)<br>GOOGLE LLC, )<br>)<br>  Defendant. ) | No. 1:23-cv-00108-LMB-JFA |

**DECLARATION OF MICHAEL E. WOLIN**

I, Michael E. Wolin, hereby declare as follows:

1. I am a Trial Attorney in the Antitrust Division of the United States Department of Justice. I have been employed by the Antitrust Division since April 13, 2020. I am an attorney admitted to practice law in the Commonwealth of Massachusetts and District of Columbia.

2. I am counsel to the Plaintiff United States in the case *United States, et al. v. Google LLC*, No. 1:23-cv-00108-LMB-JFA, pending in the United States District Court for the Eastern District of Virginia. I submit this declaration in support of the United States' consolidated opposition to Google LLC's ("Google's") Motion for *In Camera* Review (Dkt. No. 300) and Motion to Compel Production of Documents and Testimony Wrongly Withheld as Privileged (Dkt. No. 304).

3. The contents of this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge and review of relevant records. If called upon as a witness in this action, I could and would testify competently thereto.

4. I have personal knowledge of the Antitrust Division's investigation of Google's practices in the advertising technology ("ad tech") industry that preceded the filing of this case. I have worked on this investigation since I joined the Antitrust Division in 2020 and, in the course

1

of that work, provided legal analysis and guidance. I also have personal knowledge of the Antitrust Division's work in litigating this case. Since the filing of this case, I have continued to work on this matter, and I entered an appearance on the docket as counsel for the United States on March 30, 2023. I understood at all relevant times that my role as a Trial Attorney of the Antitrust Division was to serve as an attorney for the United States, including its component agencies, and that the Antitrust Division has statutory authority to enforce the antitrust laws, including through damages claims brought on behalf of the United States when it is injured in its business or property. *See* 15 U.S.C. § 4; 15 U.S.C. § 15a.

5. Prior to December 23, 2022, I, and the other attorneys and staff working on the Antitrust Division's investigation of Google's conduct in the ad tech industry, had a reasonable belief that litigation concerning Google's conduct in the ad tech industry was imminent. Prior to December 23, 2022, a draft complaint had been prepared.

6. I have reviewed all the documents listed on the United States' June 26 privilege log, which are the subject of Google's motion to compel, as well as all the "pre-litigation communications between [Antitrust Division] personnel and [Federal agency advertiser] attorneys prior to January 24, 2023," which are the subject of Google's request for a modification of the ESI Order. (*See* Google's Mem., Dkt. No. 307, at 25.) These communications occurred between December 23, 2022 and January 24, 2023. I was a sender or recipient on the majority of these communications. For any communications on which I was not a sender or recipient, I was working closely with the Antitrust Division attorneys who were the senders or recipients of the communications at the time the communications were made, and I have personal knowledge of the contents and purposes of those communications.

7. Between December 23, 2022 and January 24, 2023, Antitrust Division attorneys and staff communicated with: (a) attorneys and personnel from the Department of Defense ("DoD"), (b) attorneys and personnel from the Department of Health and Human Services ("HHS") (including its component the Centers for Medicare and Medicaid Services ("CMS")), (c) attorneys and personnel from the Department of Commerce ("DOC") (including its component the United States Census Bureau ("Census Bureau")), (d) attorneys and personnel from the United States Postal Service ("USPS"), (e) agents of the United States Postal Service Office of the Inspector General ("USPS OIG"), and (f) attorneys from the General Services Administration ("GSA"), Office of Personnel Management ("OPM"), Office of Management and Budget ("OMB"), and Department of Justice Office of Justice Programs ("DOJ OJP").

8. These communications with DoD, HHS, CMS, DOC, Census Bureau, USPS, USPS OIG,[1] GSA, OPM, OMB, and DOJ OJP were made for the purpose of use in litigation against Google, and I and other Antitrust Division attorneys would not have created these communications in the same form absent the possibility of litigation against Google.[2] Specifically, these communications were undertaken to gather information about digital advertising purchases by federal agencies to aid in the Antitrust Division's investigation of Google's digital advertising practices, in order to render legal services to the United States' (and the relevant federal agencies'). The communications were used to assist attorneys in the Antitrust Division in formulating various legal positions in this lawsuit, including which federal agency

---

[1] The Antitrust Division partners with agents of USPS OIG to conduct investigations. In this instance, attorneys of the Antitrust Division requested assistance from agents of USPS OIG in obtaining information regarding USPS purchases of digital advertising.

[2] Many of these communications involved individuals who have ultimately participated in this litigation as witnesses. Individuals appearing in items 10-13, 23, and 33-37 have all been deposed by Google or noticed for deposition.

purchases to include in its damages claim against Google. These communications were also relevant inputs into the decisional process within the Antitrust Division as to the scope and contents of our complaint against Google.

9. Attorneys of the Antitrust Division issued letters regarding obligations to preserve potentially relevant documents and evidence to CMS/HHS on January 10, 2023, to DoD on January 12, 2023, to Census Bureau on January 12, 2023, and to USPS on January 13, 2023.[3]

10. I have reviewed the two documents that were clawed back during the deposition of the USPS witness (USPS-ADS-0000041965 and USPS-ADS-0000043815). These documents are: (a) an email from the witness to two personnel of Universal McCann, and (b) a response from one of them, both dated January 11, 2023. The witness's email was sent at 2:43pm, less than an hour after speaking with me from 1:00-2:00pm that same day. The information that the witness requests from Universal McCann (and which is provided in the responsive email) is the same information I asked the witness and other USPS personnel to obtain during our call that afternoon. Because these communications were made in direct response to my questions and sought the same information that I requested USPS obtain, I believe these communications would not have been created in the same form in the absence of anticipated litigation.

11. I have also reviewed the testimony described in the United States' August 18, 2023 letter to Google regarding the USPS witness's deposition. The testimony discusses the contents of the two documents clawed-back during the deposition (USPS-ADS-0000041965 and USPS-ADS-0000043815), discussed above.

---

[3] The transmittals of these letters were made directly to attorneys for each federal agency, and therefore do not appear on the United States June 26 privilege log.

12. I have reviewed all the documents listed in the United States' August 4, 2023 letter to Google. While Google requests that all of the documents clawed-back through that letter be produced (*see* Google Mem., Dkt. No. 307, at 26), only a subset of those documents are addressed by arguments in Google's motions. As shown in the privilege log served by the United States on August 8, 2023, many of these documents are privileged for reasons unrelated to this lawsuit, including the fact that they seek or reflect legal advice concerning trademark and intellectual property clearance or unrelated litigations involving the USPS in 2020. Another subset of the documents clawed back through this letter are communications within USPS and CMS discussing and responding to specific requests that I made to those agencies. Because these communications were made in direct response to my questions, I believe they would not have been created in the same form in the absence of anticipated litigation. Finally, the Army document that was clawed back through this letter is an email chain from February 2023 discussing the implementation of the litigation hold related to this case.

13. I have reviewed all the documents listed in the United States' letter dated August 17, 2023. The documents referenced therein are all communications among Army personnel, between December 27, 2022 and January 9, 2023, discussing and responding to specific requests made I made to DoD from December 2022 through January 2023. Because these communications were made in direct response to my questions, I believe they would not have been created in the same form in the absence of anticipated litigation.

14. I have also reviewed the testimony referenced in the United States' letter dated August 18, 2023 letter regarding the deposition of the Army witness. That testimony concerns the Army's use of information from its ad agency, Wavemaker, that was solicited to respond to questions from Antitrust Division attorneys. Because the communications discussed in that

testimony were made to obtain information requested by Antitrust Division attorneys working on this litigation, I believe those communications would not have been created in the same form in the absence of anticipated litigation.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed in Alexandria, Virginia on August 23, 2023.

Michael Wolin
Trial Attorney
United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530