IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., | ) |
| | ) |
|       Plaintiffs, | ) |
| v. | )   No. 1:23-cv-00108-LMB-JFA |
| | ) |
| GOOGLE LLC, | ) |
| | ) |
|       Defendant. | ) |

**MOTION TO EXTEND DEADLINES FOR CERTAIN DISCOVERY IMPLICATED BY PENDING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

1. The United States, joined by the State Plaintiffs in part,[1] respectfully move the Court to extend the deadlines for certain discovery implicated by Plaintiffs' pending Motion for Partial Judgment on the Pleadings or in the Alternative, a Protective Order ("Motion for Partial Judgment"), ECF No. 317, which has been set for oral argument before Judge Brinkema on September 8, 2023. Other than the deadline extensions as to specific items of discovery referenced herein, Plaintiffs are not otherwise seeking any pause or delay of discovery in this matter.

2. Plaintiffs have requested to meet and confer regarding this motion on August 24, 2023, and again on August 25, 2023, in order to be in a position to file this motion in a timely fashion if it became necessary. Despite these requests, Google did not appear for a meet and confer on these issues until 3:28pm on August 25, 2023. During a meet and confer that commenced at approximately 3:30pm, the parties began to have productive discussions about these issues, but there was not sufficient time before 5:00pm to finalize an agreement that was

---

[1] The United States alone seeks the relief described in Section I, regarding the depositions and document subpoenas directed to AAG Kanter and Chief Economist Athey. All Plaintiffs seek the relief in Section II, regarding use of the NewsCorp deposition transcript.

acceptable to both sides. Plaintiffs received a proposal from Google at 4:06pm reflecting some potential areas of agreement and some potential areas of disagreement, but the time that the proposal was sent made it impracticable to reach consensus on a joint filing. The parties will continue to meet and confer after the filing of this motion to attempt to narrow the areas of disagreement well in advance of the hearing on the motion, and will immediately advise this Court if any further agreement is reached.

**I.      Subpoenas Directed to Senior Antitrust Division Personnel**

3.      As explained in the Motion for Partial Judgment, Google has directed two Rule 45 document and deposition subpoenas to the Assistant Attorney General of the Antitrust Division and to the Antitrust Division's Chief Economist, noticing their depositions for September 8 and September 7, respectively. ECF No. 317, Ex. 3; ECF No. 318, at 8. Based on an examination of the substance of the document subpoenas, this legal process relates primarily—if not entirely—to Google's affirmative defenses that are the subject of the pending Motion for Partial Judgment. *See id.*

4.      The pending Motion for Partial Judgment seeks—as an alternative to dismissal of the affirmative defenses altogether—a protective order "prohibiting or, at a minimum, significantly limiting discovery—both in writing and by oral testimony—related to" the affirmative defenses challenged by Plaintiffs. ECF No. 318, at 22-27.  The Court's ruling on Plaintiffs' Motion for Partial Judgment will provide guidance on the permissible scope of these two Rule 45 subpoenas and may prohibit, or render irrelevant, the discovery Google seeks.

5.      Therefore, to promote judicial efficiency, to avoid the burden of preparing for depositions that may not occur, and to prevent the expenditure of time and resources by senior government officials in responding to document requests and preparing for depositions, the

scope of which may be narrowed or that the Court may not allow to proceed at all, the United States[2] requests an order from the Court extending the deadline for compliance with these two Rule 45 subpoenas—both as to oral testimony and production of documents—until after the Court rules on the pending Motion for Partial Judgment.[3] *See Goodwin v. City of Boston*, 118 F.R.D. 297, 298 (D. Mass. 1988) (advising litigants to file a motion to "stay [a] deposition until the Court acts on [a] motion to quash and/or for a protective order"); *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 336 (D. Nev. 2016) (referencing duty to obtain "an order staying [a] deposition pending resolution of the motion for protective order").

6. To avoid ambiguity, the United States requests that the Court extend the deadline for any deposition testimony or document production in response to these Rule 45 subpoenas until no sooner than 14 days from the date of the Court's ruling on the pending Motion for Partial Judgment. After the Court rules on the Motion for Partial Judgment, the parties will meet and confer to address whether there is any remaining basis for either the depositions or document productions to go forward, in light of the Court's ruling.

---

[2] The United States is seeking relief from the Court solely on its own behalf to vindicate its interest in preventing the unnecessary expenditure of time and resources of its officials, who otherwise would devote their time to completing official business on behalf of the United States. *See In re United States*, 985 F.2d 510, 511-12 (11th Cir. 1993).

[3] In an email on August 17, 2023, Google informed counsel for the United States that the subpoenas to the Antitrust Division's Assistant Attorney General and Chief Economist are "non-party deposition notices pertaining to their participation in DOJ's investigation and other ad tech matters *prior to taking their current positions with DOJ*." Email from E. Mahr to J. Wood, et al., Aug. 17, 2023 (emphasis added). Thus, as stated previously, the relief requested herein is sought by the United States as a party to this litigation and is without regard to, or waiver of, any rights or defenses that any other party or non-party may have with respect to these subpoenas. The United States also does not concede or otherwise waive its arguments, or the arguments of any other interested parties, as to the legitimacy of Google's attempts to distinguish its discovery requests from any actions the Assistant Attorney General took in his official capacity.

## II. Rule 30(b)(6) Deposition of NewsCorp

7. Also referenced in Plaintiffs' Motion for Partial Judgment is the fact that Google has issued a Rule 30(b)(6) deposition notice to a major media organization, NewsCorp, that includes topics concerning that company's prior attorney-client relationship with AAG Kanter. ECF No. 318, at 8. That deposition was noticed in the multidistrict litigation ("MDL") concerning Google's alleged conduct in the ad tech markets, now pending in the U.S. District Court for the Southern District of New York, *In re Google Digital Advertising Antitrust Litigation*, 1:21-md-3010-PKC (S.D.N.Y.). Under the Coordination Order issued in this case and in the MDL, the parties in the case pending in this District may use transcripts of depositions taken in the MDL *for all purposes*, including affirmatively at trial, in expert reports, or dispositive motions, provided that the deposition occurs before the fact discovery cutoff in this District, *i.e.*, September 8, 2023. ECF No. 251, ¶ 3.f. If the deposition occurs *after* the September 8 discovery cutoff, the parties in this case may only use the transcript for impeachment purposes. *Id.* ¶ 6.d.

8. The NewsCorp deposition has been rescheduled several times, having originally been scheduled for early August 2023, and then rescheduled for August 30. NewsCorp's counsel recently informed Plaintiffs and Google that in light of the arguments presented in Plaintiffs' Motion for Partial Judgment, it does not intend to present its Rule 30(b)(6) designee for deposition until after the September 8, 2023 hearing on Plaintiffs' Motion for Partial Judgment so that NewsCorp and the parties may have the benefit of the Court's guidance regarding the appropriate scope of examination at that deposition. Counsel for NewsCorp has indicated that after Judge Brinkema resolves Plaintiffs' Motion for Partial Judgment, it would be prepared to present its witness at a deposition to occur on September 12, 13, 20, 21, or 22, 2023.

9.     Plaintiffs are not parties to the MDL, but under the Coordination Order, Plaintiffs along with all other non-noticing parties in both this case and the MDL are entitled collectively to one hour of questioning at the deposition. *Id.* ¶ 5.a. Additionally, Plaintiffs have an interest in being able to use the transcript of the NewsCorp deposition affirmatively in this case. Accordingly, Plaintiffs respectfully request that the Court permit Plaintiffs to make use of the NewsCorp deposition transcript for all purposes even if the deposition does not occur until after the fact discovery cutoff of September 8, 2023. Plaintiffs specifically seek the Court's leave to make use of this deposition transcript for all purposes, provided that the deposition takes place on or before October 6, 2023.[4]

\*     \*     \*

10.    For the reasons set forth above, the Court should grant this motion for an extension of deadlines as to certain discovery in this matter. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) ("We afford substantial discretion to a district court in managing discovery and review discovery rulings only for abuse of that discretion."). A proposed order is attached.

Dated: August 25, 2023

---

[4] In the event that Google attempts to postpone the NewsCorp deposition past October 6, 2023, Plaintiffs may return to the Court to ask for further relief. Plaintiffs hope and expect that such further relief will not be necessary.

Respectfully submitted,

| | |
|---|---|
| JESSICA D. ABER<br>United States Attorney | JASON S. MIYARES<br>Attorney General of Virginia |
| /s/ Dennis C. Barghaan, Jr.<br>DENNIS C. BARGHAAN, JR.<br>Deputy Chief, Civil Division<br>Assistant U.S. Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3891<br>Facsimile: (703) 299-3983<br>Email: dennis.barghaan@usdoj.gov | /s/ Andrew N. Ferguson<br>ANDREW N. FERGUSON<br>Solicitor General<br>STEVEN G. POPPS<br>Deputy Attorney General<br>TYLER T. HENRY<br>Assistant Attorney General |
| /s/ Julia Tarver Wood<br>JULIA TARVER WOOD<br>/s/ Aaron M. Teitelbaum<br>AARON M. TEITELBAUM | Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us |
| United States Department of Justice<br>Antitrust Division<br>450 Fifth Street NW, Suite 7100<br>Washington, DC 20530<br>Telephone: (202) 307-0077<br>Fax: (202) 616-8544<br>Email: Julia.Tarver.Wood@usdoj.gov | Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia |
| Attorneys for the United States | |