**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 1:23-cv-00108-LMB-JFA |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO DEPOSE CERTAIN GOOGLE AND THIRD-PARTY WITNESSES AFTER THE CLOSE OF FACT DISCOVERY**

Plaintiffs, through their undersigned counsel, hereby respectfully move for leave to depose certain specifically identified third-party witnesses, and one Google witness, after the close of fact discovery on September 8, 2023, to accommodate the availability of these third-party witnesses and to prevent prejudice to Plaintiffs from allowing Google to defer scheduling the deposition of a current Google witness, timely noticed during the period of coordinated discovery, until after the fact discovery cutoff, thereby limiting the use of that deposition by Plaintiffs. Plaintiffs do not seek an extension of any other deadlines in the case, and do not seek an extension of the fact discovery cutoff in any other respect. For the reasons set forth below, the parties have been unable to schedule these depositions prior to September 8. Plaintiffs respectfully request permission for these depositions to be taken after September 8 but before October 6, 2023, and further ask that these depositions be treated for all purposes as if they had been taken before the fact discovery cutoff. (Doc. 94)

The parties had previously agreed in principle that if certain third parties were not available to be deposed prior to the fact discovery cutoff, the parties would jointly seek permission to take those depositions after the discovery cutoff on the general terms set forth

herein. To that end, on Wednesday morning, August 23, Plaintiffs sent Google a draft motion to that effect, along with a further revised draft motion later that day, reflecting the unavailability of additional third-party witnesses. Plaintiffs requested the opportunity to meet and confer with Google's counsel on August 24 and August 25, as well, in order to be in a position to file this motion in a timely fashion if it became necessary. Finally, at 3:28 pm on August 25, Google agreed to meet and confer, indicating that its markup of Plaintiffs' draft would follow shortly thereafter. During a meet and confer that commenced at approximately 3:30pm, the parties had productive discussions about these issues, but there was insufficient time before 5:00pm to finalize an agreement that was acceptable to both sides. Plaintiffs received a counter-proposal from Google at 4:06pm reflecting some potential areas of agreement and some potential areas of disagreement, but given the late hour, there was insufficient time remaining to harmonize the parties' respective positions into one complete filing. The parties will continue to meet and confer after the filing of this motion to attempt to narrow any remaining areas of disagreement well in advance of the hearing on the motion, and will immediately advise this Court if any further agreement is reached.

## I. Depositions of Third-Party Witnesses

For the reasons detailed below, despite diligent efforts, the parties have been unable to secure deposition dates prior to September 8, 2023, for the following third-party witnesses:[1]

**NBC/Comcast**: On July 7, 2023, Plaintiffs noticed the third-party deposition of the President and Chief Business Officer for Global Advertising & Partnerships at NBCUniversal.

[1] The parties are still seeking to confirm deposition dates for three additional third-party witnesses whose depositions were timely noticed during the discovery period. To the extent that those depositions cannot be scheduled prior to September 8, 2023, due to witness unavailability, Plaintiffs respectfully request that the Court allow those depositions, as well, to be taken after the fact discovery cutoff, on the same terms outlined herein.

Plaintiffs anticipate the witness will offer testimony concerning the use of ad tech tools by NBCUniversal. The deposition was originally noticed for August 16, 2023, but counsel for the third-party witness has informed the United States and Google that the witness is traveling or has prescheduled meetings with executive management that preclude his ability to sit for deposition until September 20. The witness's counsel has indicated that the witness would be available to be deposed on September 21 or 22, 2023.

**Meta**: On July 5, 2023, Google issued a Rule 30(b)(6) deposition notice to Meta Platforms, Inc. ("Meta") for a deposition to occur on August 29, 2023. Meta is a multinational technology company that owns and operates its Family of Apps (e.g. Facebook, Instagram, Messenger, and WhatsApp), among other offerings. On July 10, 2023, Plaintiffs cross-noticed the deposition for the same date, with its own Rule 30(b)(6) notice. The parties have been independently negotiating the scope and breadth of the 30(b)(6) topics with Meta's counsel, who has informed the parties that it intends to designate two witnesses to respond to the parties' Rule 30(b)(6) topics. One witness, a Product Manager at Meta, is only available to sit for a deposition after September 18, 2023, and the other witness, a VP of Global Marketing, has asked to be deposed on September 28, 2023.

**OpenX**: On August 15, 2023, Plaintiffs noticed the deposition of the chief executive officer of OpenX, a programmatic ad tech company and competitor to Google. On August 17, 2023, Google cross-noticed the deposition. The witness's counsel has informed the parties that for personal reasons, the witness is unavailable to sit for a deposition until the first week of October.

**Index Exchange**: On August 17, 2023, Google noticed a Rule 30(b)(6) deposition of Index Exchange, Inc. ("Index Exchange"), an advertising technology company that competes

with Google. The next day, Plaintiffs cross-noticed the Rule 30(b)(6) deposition. Counsel for Index Exchange has informed the parties that due to work and family commitments its Rule 30(b)(6) designee is unable to sit for a deposition until the week of September 24, 2023.

**Mediavine:** On August 18, 2023, Plaintiffs noticed a deposition of the co-founder of Mediavine, a company that offers services to publishers in the ad tech industry. Google cross-noticed the deposition on the same day. The witness's counsel has informed the parties that the deponent is traveling and will not be available to sit for a deposition until September 22, 2023.

**GroupM:** On August 18, 2023, Plaintiffs issued a Rule 30(b)(6) deposition to GroupM, a leading media investment company. Counsel for GroupM has informed the parties that, due to previously arranged travel and personal commitments, GroupM's designee is not available to be deposed until September 25, 2023.

## II. Deposition of Google Witness Noticed by MDL Plaintiffs

As parties to the Order Regarding Coordination of Discovery ("Coordination Order") entered by this Court, ECF No. 251, the MDL Plaintiffs noticed the deposition of a current Google employee who serves as the Engineering Director of the Google Ad Manager product, the heart of Google's ad technology suite that is central to this litigation. The deposition was noticed during the period of Coordinated Discovery in this action. Par. 3 of Coordination Order. The MDL Plaintiffs noticed the deposition on August 3, 2023, with well over a month remaining in the fact discovery period in this case. While Plaintiffs in this action did not elect to use one of their limited party-deposition slots to cross-notice the deposition, the Plaintiffs did so with the reasonable expectation that because the deposition was duly noticed during the fact discovery period of this case, Plaintiffs would be able to use the deposition as if it had been taken in this case. Coordination Order Par. 3(f) (providing that "Transcripts and exhibits from depositions

taken in a Coordinated Case during the Coordinated Discovery Period may be used in any Coordinated Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including impeachment at trial)."). For that reason, it would prejudice Plaintiffs to allow Google to defer scheduling this deposition of a current Google employee until after the fact discovery cutoff so that Plaintiffs would be unable to use the deposition affirmatively in this case. *Compare* Coordination Order Par. 3(f) *with* Coordination Order Par. 6(d) (providing that "depositions taken outside the Coordinated Discovery Period may not be used in the Virginia Case for any purpose other than impeachment at trial").

* * *

For the reasons set forth above, Plaintiffs request that the Court grant this motion for leave to depose the third-party and Google witnesses referenced herein after the close of fact discovery. *See U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) ("We afford substantial discretion to a district court in managing discovery and review discovery rulings only for abuse of that discretion."). Plaintiffs additionally request that the Court allow the parties to use the depositions referenced herein for all purposes as if they had occurred on or before September 8, 2023.

Dated: August 25, 2023

Respectfully submitted,

JESSICA D. ABER
United States Attorney

/s/ Dennis C. Barghaan, Jr.
DENNIS C. BARGHAAN, JR.
Deputy Chief, Civil Division
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3891
Facsimile: (703) 299-3983
Email: dennis.barghaan@usdoj.gov

/s/ Julia Tarver Wood
JULIA TARVER WOOD
/s/ Jeffrey Grant Vernon
JEFFREY GRANT VERNON
/s/ Aaron M. Teitelbaum
AARON M. TEITELBAUM
/s/ Matthew E. Gold
MATTHEW E. GOLD

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077
Fax: (202) 616-8544
Email: Julia.Tarver.Wood@usdoj.gov

Attorneys for the United States

JASON S. MIYARES
Attorney General of Virginia

/s/ Andrew N. Ferguson
ANDREW N. FERGUSON
Solicitor General

STEVEN G. POPPS
Deputy Attorney General

TYLER T. HENRY
Assistant Attorney General

Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219
Telephone: (804) 692-0485
Facsimile: (804) 786-0122
Email: thenry@oag.state.va.us

Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia