IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 1:23-cv-00108-LMB-JFA |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>RESPONSE TO DEFENDANT'S MOTION TO SEAL [ECF NO. 314]</u>**

Defendant, Google LLC ("Google"), has moved pursuant to Local Civil Rule 5(C) to seal Exhibits 2-5 and 11-15 attached to its memorandum in support of its motion to compel, Dkt. Nos. 305, 307, 314. The basis for sealing is that the exhibits contain material designated as confidential or highly confidential pursuant to the operative protective order in this action. Dkt. No. 314. The nine exhibits at issue generally consist of correspondence, discovery responses, and deposition transcript excerpts. As outlined below, the United States believes that the majority of the materials contained in the exhibits as well as the portions of Google's pleadings referencing the contents of those exhibits need not remain sealed. To the extent that the United States believes that portions of the exhibits (and any related references in Google's pleadings) should remain sealed, those portions have been redacted in the attached proposed revised exhibits for the Court's consideration. Accordingly, the United States requests that the Court grant Google's motion to seal in part.

**<u>ARGUMENT</u>**

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumes a right of the public to inspect and copy 'all judicial records and

documents.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The common law presumption in favor of public access can be overcome only by a showing that a litigant has "some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Accordingly, before ordering the sealing of a document, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the document[], and (3) provide specific reasons and factual findings supporting its decision to seal the document[] and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also* Local Civ. R. 5(C).

      The United States recognizes that the standard for sealing under Local Rule 5 and Fourth Circuit Precedent is stringent and reflects a strong presumption in favor of public court proceedings and court filings. As an initial matter, the United States respectfully requests that email addresses for individuals other than those employed by the Department of Justice remain under seal. The proposed exhibits attached to this response—exhibits 4, 11, 12, and 13—include those proposed redactions. The United States submits that these redactions are appropriate to protect the privacy of such persons, and that such protection outweighs the public interest in these individuals' email addresses. *See, e.g.*, *Krakauer v. Dish Network, LLC*, 2015 WL 12750446, at *2 (M.D.N.C. Nov. 18, 2015).

      The only additional proposed redaction relates to **Exhibit 11**, which is the United States' response to certain interrogatories. Contained in that response is detailed information related to the United States Postal Service's strategy for purchasing digital advertising. This is sensitive business information not normally available to the public, and with "little to not value for public dissemination." *See Ultra-Mek, Inc. v. United Furniture Indus., Inc.*, 2021 WL 8533815. While

the fact that USPS purchases display advertising, as well as its general process for doing so may be of public interest, the details of its strategy may remain under seal. *See Bayer CropScience Inc. v. Syngenta Crop Protection, LLC*, 979 F. Supp. 2d 653, 656-57 (M.D.N.C. 2013).

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court grant Google's motion to seal in part, and maintain non-DOJ email addresses, as well as the proposed redactions to Exhibit 11 under seal. There are no portions of the corresponding brief at Dkt. No. 307 that need remain under seal.

Dated: August 25, 2023

Respectfully submitted,

JESSICA D. ABER
United States Attorney

/s/ Dennis C. Barghaan, Jr.
DENNIS C. BARGHAAN, JR.
Deputy Chief, Civil Division
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3891
Facsimile: (703) 299-3983
Email: dennis.barghaan@usdoj.gov

/s/ Aaron M. Teitelbaum
AARON M. TEITELBAUM

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 894-4266
Fax: (202) 616-8544
Email: Aaron.Teitelbaum@usdoj.gov

Attorneys for the United States