CONTAINS HIGHLY CONFIDENTIAL INFORMATION

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| UNITED STATES, et al.,         ) | |
|                         ) | |
|            Plaintiffs,     ) | |
|      v.                        ) | No. 1:23-cv-00108-LMB-IDD |
|                         ) | |
| GOOGLE LLC,            ) | |
|                         ) | |
|            Defendant.    ) | |

**PLAINTIFF UNITED STATES OF AMERICA'S RESPONSES TO DEFENDANT**
**GOOGLE LLC'S FIRST SET OF INTERROGATORIES TO THE UNITED STATES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Civil Rule 26(c) of

the U.S. District Court for the Eastern District of Virginia, Plaintiff United States of America

("United States") provides the following responses to Defendant Google LLC's ("Google's")

First Set of Interrogatories to the United States (the "Responses"). These Responses are subject

to the United States' Objections to Defendant Google LLC's First Set of Interrogatories to the

United States (the "Objections"), which the United States previously served on Google in this

action. For clarity, the United States' Objections are restated herein.

**OBJECTIONS APPLICABLE TO EACH INTERROGATORY**

1.       The United States objects to any interrogatory that includes multiple discrete

subparts but purports to be a single interrogatory. Under Fed. Civ. P. 33(a)(1), each discrete

subpart is counted as a separate interrogatory. Further, the Joint Discovery Plan permits Google

to serve no more than 30 interrogatories "in total" on all Plaintiffs. (*See* Dkt. 87, ¶ 6.B.; Dkt. 94,

¶ 3.) Google has served over 30 different interrogatories on Plaintiffs (counted by totaling the

interrogatories served on the United States and State Plaintiffs with each discrete subpart

properly counted as a separate interrogatory), in violation of the Joint Discovery Plan. The

*HIGHLY CONFIDENTIAL*

### APPENDIX C: U.S. NAVY

**INTERROGATORY NO. 4:** Separately for each agency and department of the United States that is a "buyer[] of open web display advertising" (as alleged in Paragraph 341 of Your complaint) or has used Ad Tech Products or Display Advertising during the Relevant Period, provide the following information about each Ad Tech Product (whether provided by Google or any other Ad Tech Provider) that the agency or department used:

    a. the type of Ad Tech Product used;
    b. the Ad Tech Provider;
    c. the amount of ad spend by month;
    d. the amount of Fees or Take Rate by month;
    e. the dates during which the Ad Tech Product was used;
    f. all reasons for using and/or switching from one Ad Tech Product to another; and
    g. if applicable, all reasons for ceasing use of the Ad Tech Product.

**Response to Interrogatory No. 4**

Subject to and without waiving the foregoing objections, the Navy responds as follows.

The Navy relies on its ad agency VMLY&R to manage and operate various ad tech platforms to purchase digital media on the Navy's behalf. To the extent the Navy has information responsive to these interrogatories, that information would be found in reports VMLY&R provides to the Navy. Plaintiff will supplement this response as necessary to identify documents responsive to these interrogatories once those documents have been produced.

**INTERROGATORY NO. 5:** Separately for each agency and department of the United States that is a "buyer[] of open web display advertising" (as alleged in Paragraph 341 of Your complaint) or has used Ad Tech Products or Display Advertising during the Relevant Period, identify each account associated with each Ad Tech Product used and provide:

    a. the dates during which each account was in use;
    b. all entities associated with each account;
    c. all account IDs (e.g., Google Customer IDs) associated with each account; and
    d. the individuals and entities, including external advertising Agencies, that had responsibility for and access to each account and the contact information for each individual and entity.

**Response to Interrogatory No. 5**

*HIGHLY CONFIDENTIAL*

Subject to and without waiving the foregoing objections, the Navy responds as follows.

The Navy relies on its ad agency VMLY&R to manage and operate various ad tech platforms to purchase digital media on the Navy's behalf.  The Navy's points of contact at VMLY&R with respect to ad tech platforms used to purchase advertising on the Navy's behalf are Chris Edmonson and Sandra Muoio.

**INTERROGATORY NO. 6:** Separately for each agency and department of the United States that is a "buyer[] of open web display advertising" (as alleged in Paragraph 341 of Your complaint) or has used Ad Tech Products or Display Advertising during the Relevant Period, describe how each agency and department determines return on investment or return on advertising spend.

## Response to Interrogatory No. 6

Subject to and without waiving the foregoing objections, the Navy responds as follows.

The Navy works in conjunction with its ad agency VMLY&R to analyze return on ad spend.  The Navy communicates with its ad agency on an ongoing basis to monitor key performance indicators, including but not limited to impressions, engagements, gross leads, program eligible leads, qualified and interested leads, contracts, conversion rates and other related metrics implicating whether or not a particular individual takes action upon seeing a digital advertisement.  The ad agency's monthly reporting to the Navy includes other metrics such as website visits, pageviews, web calls to action taken on the site, cost per lead, recruiting station walk-in trends, as well as diversity trends.

**INTERROGATORY NO. 7:** Separately for each agency and department of the United States that is a "buyer[] of open web display advertising" (as alleged in Paragraph 341 of Your complaint) or has used Ad Tech Products or Display Advertising during the Relevant Period, describe the impact of Header Bidding on its Display Advertising strategy or the cost effectiveness of its Display Advertising.

## Response to Interrogatory No. 7

*HIGHLY CONFIDENTIAL*

Subject to and without waiving the foregoing objections, the Navy responds as follows.

The Navy does not have any specific understanding of how, if at all, Header Bidding impacts its Display Advertising strategy or cost effectiveness of its display advertising strategy.

**INTERROGATORY NO. 8:** Separately for each agency and department of the United States that is a "buyer[] of open web display advertising" (as alleged in Paragraph 341 of Your complaint) or has used Ad Tech Products or Display Advertising during the Relevant Period, describe the Properties on which Display Advertisements have been placed, including any restrictions on the placement of Display Advertisements and any applicable criteria, settings, or parameters, or any instructions given to Agencies or Ad Tech Providers regarding the placement of Display Advertisements.

<u>**Response to Interrogatory No 8**</u>

Subject to and without waiving the foregoing objections, the Navy responds as follows.

While the Navy reviews and concurs or disagrees with the media buying plan presented by VMLY&R, the Navy does not direct VMLY&R to use or not use a specific vendor or method, setting, or buying criteria.  However, Navy and VMLY&R both ensure that ad placement maintains brand safety such that ads are not placed nor recommended to be placed on sites or along assets that would be considered salacious, controversial, or political.

Regarding criteria and parameters, the Navy provides appropriate age, citizenship, and education criteria for content that is meant to specifically target a demographic to ensure that the right/eligible audience receives the message for the program being advertised.

**INTERROGATORY NO. 9:** Provide a computation of the damages You seek in Paragraph 342(5) of Your complaint, including the names of and key contacts at each agency or department of the United States to which the damages computation applies, and the date range for the computation.

<u>**Response to Interrogatory No. 9**</u>

*HIGHLY CONFIDENTIAL*

Subject to and without waiving the foregoing objections, the Navy responds as follows.

Below is a table of the names and email addresses of individuals with relevant knowledge at the Navy.

| Name | Email |
|------|-------|
| Allen Owens | ██████ |
| Dean Stewart-Curry | |
| Cheryl Aimes-Tillman | |
| Adelina Lozzi | |
| Kevin Clauson | |
| Bridget Blaney | |

**INTERROGATORY NO. 11:** Identify all persons who supplied information to assist in responding to these Interrogatories and all documents relied upon by You in responding to these Interrogatories.

**Response to Interrogatory No. 11**

Subject to and without waiving the foregoing objections, the Navy responds as follows.

Non-attorney employees of the Navy who supplied information to assist in responding to these interrogatories include:

| Name | Email |
|------|-------|
| Allen Owens | ██████ |

**INTERROGATORY NO. 12:** For each agency and department identified in response to Interrogatory No. 1, identify all persons employed by the agency or department who are involved in the purchase of Display Advertising, all advertising Agencies used by the agency or

*HIGHLY CONFIDENTIAL*

department in connection with the purchase of Display Advertising, and all employees of such advertising Agencies involved in the agency or department's purchase of Display Advertising.

**Response to Interrogatory No. 12**

Subject to and without waiving the foregoing objections, the Navy responds as follows.

The Navy personnel with primary responsibility for decision-making and analysis regarding digital advertising strategy, liaising with contractors related to open web display advertising, and contracting for advertising services include:

| Name | Email |
|---|---|
| Allen Owens | |
| Dean Stewart-Curry | |
| Cheryl Aimes-Tillman | |
| Adelina Lozzi | |
| Kevin Clauson | |
| Bridget Blaney | |

The ad agency contracted to perform services related to digital advertising for the Navy is VMLY&R.  The Navy's primary points of contact at VMLY&R include:

| Name | Email |
|---|---|
| Chris Edmonson | |
| Sandra Muoio | |

**INTERROGATORY NO. 13:** For each agency and department identified in response to Interrogatory No. 2, identify all persons employed by the agency or department who are involved in the purchase of Display Advertising, all advertising Agencies used by the agency or

*HIGHLY CONFIDENTIAL*

department in connection with the purchase of Display Advertising, and all employees of such advertising Agencies involved in the agency or department's purchase of Display Advertising.

**Response to Interrogatory No. 13**

Subject to and without waiving the foregoing objections, the Navy responds as follows.

The Navy personnel with primary responsibility for decision-making and analysis regarding digital advertising strategy, liaising with contractors related to open web display advertising, and/or contracting for advertising services include:

| Name | Email |
|---|---|
| Allen Owens | |
| Dean Stewart-Curry | |
| Cheryl Aimes-Tillman | |
| Adelina Lozzi | |
| Kevin Clauson | |
| Bridget Blaney | |

The ad agency contracted to perform services related to digital advertising for the Navy is VMLY&R.  The Navy's primary points of contact at VMLY&R include:

| Name | Email |
|---|---|
| Chris Edmonson | |
| Sandra Muoio | |

## **VERIFICATION**

I, Allen Owens, declare:

1.    I am Chief Marketing Officer at the United States Navy Recruiting Command.

2.    I verify that authorized employees and counsel for the United States Navy assembled the

facts stated in Appendix C of Plaintiff United States' Objections and Responses to

Defendant Google LLC's First Set of Interrogatories to Plaintiff United States; and that

the facts herein are true and correct to the best of my knowledge, information and belief,

based on reasonable inquiry and in reliance on documents and information gathered from

individuals with personal knowledge.

3.    I declare under penalty of perjury that the foregoing is true and correct.


Dated this 26th day of April, 2023.



Allen Owens
Chief Marketing Officer
U.S. Navy Recruiting Command

*HIGHLY CONFIDENTIAL*

## APPENDIX D: THE CENSUS BUREAU

**INTERROGATORY NO. 4:** Separately for each agency and department of the United States that is a "buyer[] of open web display advertising" (as alleged in Paragraph 341 of Your complaint) or has used Ad Tech Products or Display Advertising during the Relevant Period, provide the following information about each Ad Tech Product (whether provided by Google or any other Ad Tech Provider) that the agency or department used:

  a. the type of Ad Tech Product used;
  b. the Ad Tech Provider;
  c. the amount of ad spend by month;
  d. the amount of Fees or Take Rate by month;
  e. the dates during which the Ad Tech Product was used;
  f. all reasons for using and/or switching from one Ad Tech Product to another; and
  g. if applicable, all reasons for ceasing use of the Ad Tech Product.

## Response to Interrogatory No. 4

Subject to and without waiving the foregoing objections, the Census Bureau responds as follows.

The Census Bureau relies on its ad agencies' expertise to manage and operate various ad tech platforms in the process of purchasing digital advertising on the Census Bureau's behalf. To the extent the Census Bureau has information responsive to these interrogatories, that information would be found in reports its ad agencies provided to the Census Bureau. Plaintiff will supplement this response as necessary to identify documents responsive to these interrogatories once those documents have been produced.

**INTERROGATORY NO. 5:** Separately for each agency and department of the United States that is a "buyer[] of open web display advertising" (as alleged in Paragraph 341 of Your complaint) or has used Ad Tech Products or Display Advertising during the Relevant Period, identify each account associated with each Ad Tech Product used and provide:

  a. the dates during which each account was in use;
  b. all entities associated with each account;
  c. all account IDs (e.g., Google Customer IDs) associated with each account; and
  d. the individuals and entities, including external advertising Agencies, that had responsibility for and access to each account and the contact information for each individual and entity.

1

*HIGHLY CONFIDENTIAL*

## Response to Interrogatory No. 5

Subject to and without waiving the foregoing objections, the Census Bureau responds as follows.

The Census Bureau relies on its ad agencies' expertise to manage and operate various ad tech platforms to purchase digital media on the Census Bureau's behalf.  The Census Bureau's point of contact at its ad agencies with respect to the ad tech platforms used to purchase advertising on the Census Bureau's behalf is Jack Benson (jbenson@reingold.com), Partner at Reingold, Inc.

**INTERROGATORY NO. 6:** Separately for each agency and department of the United States that is a "buyer[] of open web display advertising" (as alleged in Paragraph 341 of Your complaint) or has used Ad Tech Products or Display Advertising during the Relevant Period, describe how each agency and department determines return on investment or return on advertising spend.

## Response to Interrogatory No. 6

Subject to and without waiving the foregoing objections, the Census Bureau responds as follows.

The Census Bureau did not, as a matter of course, conduct any formal assessments of return on investment or return on advertising spend with respect to Ad Tech Products or Display Advertising.  Rather, the Census Bureau received reports from its ad agencies, retained to provide expertise and execute on the Census Bureau's advertising strategy.  The reports analyzed the performance of the Census Bureau's advertising across different channels based on a number of factors, including comparing the number of planned impressions against actual impressions, the total number of impressions, and click-through rates to the Census survey instrument.  The Census Bureau also held weekly status meetings with its advertising agencies to asses the performance of its advertising campaigns.

*HIGHLY CONFIDENTIAL*

**INTERROGATORY NO. 7:** Separately for each agency and department of the United States that is a "buyer[] of open web display advertising" (as alleged in Paragraph 341 of Your complaint) or has used Ad Tech Products or Display Advertising during the Relevant Period, describe the impact of Header Bidding on its Display Advertising strategy or the cost effectiveness of its Display Advertising.

<u>**Response to Interrogatory No. 7**</u>

Subject to and without waiving the foregoing objections, the Census Bureau responds as follows.

The Census Bureau does not have sufficient information or technical expertise to determine whether or how header bidding has impacted its display advertising strategy or the cost effectiveness of its display advertising.

**INTERROGATORY NO. 8:** Separately for each agency and department of the United States that is a "buyer[] of open web display advertising" (as alleged in Paragraph 341 of Your complaint) or has used Ad Tech Products or Display Advertising during the Relevant Period, describe the Properties on which Display Advertisements have been placed, including any restrictions on the placement of Display Advertisements and any applicable criteria, settings, or parameters, or any instructions given to Agencies or Ad Tech Providers regarding the placement of Display Advertisements.

<u>**Response to Interrogatory No 8**</u>

Subject to and without waiving the foregoing objections, the Census Bureau responds as follows.

The Census Bureau instructed its advertising agencies not to purchase advertising placements in certain circumstances.  Those instructions were amended or adjusted from time to time according to the Census Bureau's advertising needs and evolving circumstances, including the onset of the COVID-19 pandemic.  Plaintiff will supplement this response as necessary to identify documents responsive to this interrogatory once those documents are produced.

*HIGHLY CONFIDENTIAL*

**INTERROGATORY NO. 9:** Provide a computation of the damages You seek in Paragraph 342(5) of Your complaint, including the names of and key contacts at each agency or department of the United States to which the damages computation applies, and the date range for the computation.

**Response to Interrogatory No. 9**

Subject to and without waiving the foregoing objections, the Census Bureau responds as follows.

Below is a table of the names and email addresses of the names of individuals with relevant knowledge at the Census Bureau.

| Name | Email |
|------|-------|
| Kendall Johnson | |
| Stacey Jordan | |
| James Cole | |

**INTERROGATORY NO. 11:** Identify all persons who supplied information to assist in responding to these Interrogatories and all documents relied upon by You in responding to these Interrogatories.

**Response to Interrogatory No. 11**

Subject to and without waiving the foregoing objections, the Census Bureau responds as follows.

Below is a table of the names and email addresses of the non-attorney employees of the Census Bureau who supplied information to assist in responding to these interrogatories.

| Name | Email |
|------|-------|
| Kendall Johnson | |

**INTERROGATORY NO. 12:** For each agency and department identified in response to Interrogatory No. 1, identify all persons employed by the agency or department who are involved in the purchase of Display Advertising, all advertising Agencies used by the agency or department in connection with the purchase of Display Advertising, and all employees of such advertising Agencies involved in the agency or department's purchase of Display Advertising.

*HIGHLY CONFIDENTIAL*

## Response to Interrogatory No. 12

Subject to and without waiving the foregoing objections, the Census Bureau responds as follows.

Below is a table of the names and email addresses of the Census Bureau personnel with primary responsibility for decision-making and analysis regarding digital advertising strategy, liaising with contractors related to open web display advertising, and/or contracting for advertising services.

| Name | Email |
|------|-------|
| Kendall Johnson | █████████ |
| Stacey Jordan | █████████ |
| James Cole | █████████ |

The ad agency contracted to perform services related to digital advertising for the Census Bureau is Young & Rubicam Inc. ("Y&R").  Y&R also engaged Reingold, Inc. ("Reingold") on the Census Bureau's behalf.  Reingold provided expertise concerning digital advertising purchases, and made such purchases on the Census Bureau's behalf.  Below is a table of the names and email addresses of the points of contact at its ad agencies.

| Ad Agency | Name | Email |
|-----------|------|-------|
| Young & Rubicam | Frank Cavazzini | █████████ |
| Reingold | Jack Benson | █████████ |

**INTERROGATORY NO. 13:** For each agency and department identified in response to Interrogatory No. 2, identify all persons employed by the agency or department who are involved in the purchase of Display Advertising, all advertising Agencies used by the agency or department in connection with the purchase of Display Advertising, and all employees of such advertising Agencies involved in the agency or department's purchase of Display Advertising.

*HIGHLY CONFIDENTIAL*

<u>**Response to Interrogatory No. 13**</u>

Subject to and without waiving the foregoing objections, the Census Bureau responds as follows.

Below is a table of the names and email addresses of the Census Bureau personnel with primary responsibility for decision-making and analysis regarding digital advertising strategy, liaising with contractors related to open web display advertising, and/or contracting for advertising services.

| Name | Email |
|---|---|
| Kendall Johnson | ████████ |
| Stacey Jordan | ████████ |
| James Cole | ████████ |

The ad agency contracted to perform services related to digital advertising for the Census Bureau is Young & Rubicam Inc. ("Y&R").  Y&R also engaged Reingold, Inc. ("Reingold") on the Census Bureau's behalf.  Reingold provided expertise concerning digital advertising purchases, and made such purchases on the Census Bureau's behalf.  Below is a table of the names and email addresses of the points of contact at its ad agencies.

| Ad Agency | Name | Email |
|---|---|---|
| Young & Rubicam | Frank Cavazzini | ████████ |
| Reingold | Jack Benson | ████████ |

6

## **VERIFICATION**

I, Kendall B. Johnson, declare:

1.      I am Chief of the Contracts Program Office in the Communications Directorate at the

United States Census Bureau (the "Census Bureau").

2.      I verify that authorized employees and counsel for the Census Bureau assembled the facts

stated in Appendix D of Plaintiff United States' Objections and Responses to Defendant

Google LLC's First Set of Interrogatories to Plaintiff United States; and that the facts

herein are true and correct to the best of my knowledge, information and belief, based on

reasonable inquiry and in reliance on documents and information gathered from

individuals with personal knowledge.

3.      I declare under penalty of perjury that the foregoing is true and correct.


Dated this 26th day of April, 2023.


Kendall B. Johnson, Chief
Contracts Program Office
Communications Directorate
United States Census Bureau

*HIGHLY CONFIDENTIAL*

## APPENDIX G: USPS RESPONSES

**INTERROGATORY NO. 4:** Separately for each agency and department of the United States that is a "buyer[] of open web display advertising" (as alleged in Paragraph 341 of Your complaint) or has used Ad Tech Products or Display Advertising during the Relevant Period, provide the following information about each Ad Tech Product (whether provided by Google or any other Ad Tech Provider) that the agency or department used:
> a. the type of Ad Tech Product used;
> b. the Ad Tech Provider;
> c. the amount of ad spend by month;
> d. the amount of Fees or Take Rate by month;
> e. the dates during which the Ad Tech Product was used;
> f. all reasons for using and/or switching from one Ad Tech Product to another; and
> g. if applicable, all reasons for ceasing use of the Ad Tech Product.

## Response to Interrogatory No. 4

Subject to and without waiving the foregoing objections, USPS responds as follows.

USPS relies on its ad agency Universal McCann's expertise to manage and operate various ad tech platforms to purchase digital media on USPS's behalf, including but not limited to DV360, Google Search Ads 360, Google Ads, and The Trade Desk.  To the extent USPS has information responsive to these interrogatories, that information would be found in reports Universal McCann provides to USPS.  Plaintiff will supplement this response as necessary to identify documents responsive to these interrogatories once those documents have been produced.

**INTERROGATORY NO. 5:** Separately for each agency and department of the United States that is a "buyer[] of open web display advertising" (as alleged in Paragraph 341 of Your complaint) or has used Ad Tech Products or Display Advertising during the Relevant Period, identify each account associated with each Ad Tech Product used and provide:
> a. the dates during which each account was in use;
> b. all entities associated with each account;
> c. all account IDs (e.g., Google Customer IDs) associated with each account; and
> d. the individuals and entities, including external advertising Agencies, that had responsibility for and access to each account and the contact information for each individual and entity.

*HIGHLY CONFIDENTIAL*

## Response to Interrogatory No. 5

Subject to and without waiving the foregoing objections, USPS responds as follows.

USPS relies on its ad agency Universal McCann's expertise to manage and operate various ad tech platforms to purchase digital media on USPS's behalf, including but not limited to DV360, Google Search Ads 360, Google Ads, and The Trade Desk.  USPS's point of contact at Universal McCann with respect to the ad tech platforms used to purchase advertising on USPS's behalf is Michael Knopf (███████████████).  Current employees with access to DV360 include Michael Bottenberg and Matthew Petrowski.

**INTERROGATORY NO. 6:** Separately for each agency and department of the United States that is a "buyer[] of open web display advertising" (as alleged in Paragraph 341 of Your complaint) or has used Ad Tech Products or Display Advertising during the Relevant Period, describe how each agency and department determines return on investment or return on advertising spend.

## Response to Interrogatory No. 6

Subject to and without waiving the foregoing objections, USPS responds as follows.

USPS's assessment of return on investment or return on advertising spend is ad-campaign dependent.  For example, for business-focused lead generation campaigns, USPS primarily assesses ███████████████████  For brand-equity campaigns that target both businesses and consumers, USPS uses █████ in conjunction with consumer sentiment metrics to measure success.

█████ compares the cost of advertising against the revenue generated as a result of that advertising.  With respect to the cost of advertising, the most common key performance indicators USPS uses include ██████████████████████████.  With respect to revenue, USPS calculates revenue attribution to a particular ad campaign in two ways.

████████████████████████████

*HIGHLY CONFIDENTIAL*

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

░░░███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

**INTERROGATORY NO. 7:** Separately for each agency and department of the United States that is a "buyer[] of open web display advertising" (as alleged in Paragraph 341 of Your complaint) or has used Ad Tech Products or Display Advertising during the Relevant Period, describe the impact of Header Bidding on its Display Advertising strategy or the cost effectiveness of its Display Advertising.

<u>**Response to Interrogatory No. 7**</u>

Subject to and without waiving the foregoing objections, USPS responds as follows.

USPS does not have sufficient information or technical expertise to determine whether or how header bidding has impacted its display advertising strategy or the cost effectiveness of its display advertising.

**INTERROGATORY NO. 8:** Separately for each agency and department of the United States that is a "buyer[] of open web display advertising" (as alleged in Paragraph 341 of Your complaint) or has used Ad Tech Products or Display Advertising during the Relevant Period, describe the Properties on which Display Advertisements have been placed, including any restrictions on the placement of Display Advertisements and any applicable criteria, settings, or parameters, or any instructions given to Agencies or Ad Tech Providers regarding the placement of Display Advertisements.

<u>**Response to Interrogatory No 8**</u>

Subject to and without waiving the foregoing objections, USPS responds as follows.



**INTERROGATORY NO. 9:** Provide a computation of the damages You seek in Paragraph 342(5) of Your complaint, including the names of and key contacts at each agency or department of the United States to which the damages computation applies, and the date range for the computation.

<u>**Response to Interrogatory No. 9**</u>

Subject to and without waiving the foregoing objections, USPS responds as follows.

Below is a table of the names and email addresses of individuals with relevant knowledge at USPS.

| Name | Email |
|---|---|
| Christopher Karpenko | |
| Michael Bottenberg | |
| Steve Chang | |

*HIGHLY CONFIDENTIAL*

| Shalene Starr | █████████████████████ |
|---|---|
| Kimberly Workinger | |

**INTERROGATORY NO. 11:** Identify all persons who supplied information to assist in responding to these Interrogatories and all documents relied upon by You in responding to these Interrogatories.

**Response to Interrogatory No. 11**

Subject to and without waiving the foregoing objections, USPS responds as follows.

Below is a table of the names and email addresses of non-attorney employees of USPS

who supplied information to assist in responding to these interrogatories.

| Name | Email |
|---|---|
| Christopher Karpenko | █████████████████████ |
| Michael Bottenberg | |

**INTERROGATORY NO. 12:** For each agency and department identified in response to Interrogatory No. 1, identify all persons employed by the agency or department who are involved in the purchase of Display Advertising, all advertising Agencies used by the agency or department in connection with the purchase of Display Advertising, and all employees of such advertising Agencies involved in the agency or department's purchase of Display Advertising.

**Response to Interrogatory No. 12**

Subject to and without waiving the foregoing objections, USPS responds as follows.

Below is a table of the names and email addresses of the USPS personnel with primary

responsibility for decision-making and analysis regarding digital advertising strategy, liaising

with contractors related to open web display advertising, and/or contracting for advertising

services.

| Name | Email |
|---|---|
| Christopher Karpenko | █████████████████████ |
| Michael Bottenberg | |
| Steve Chang | |
| Shalene Starr | |
| Kimberly Workinger | |

*HIGHLY CONFIDENTIAL*

The ad agency contracted to perform services related to digital advertising for USPS is Universal McCann.  Below is a table of the names and email addresses of USPS's primary points of contact at Universal McCann.

| Name | Email |
|------|-------|
| Laura Ernst | |
| Lisa Catucci | |
| Michael Knopf | |

**INTERROGATORY NO. 13:** For each agency and department identified in response to Interrogatory No. 2, identify all persons employed by the agency or department who are involved in the purchase of Display Advertising, all advertising Agencies used by the agency or department in connection with the purchase of Display Advertising, and all employees of such advertising Agencies involved in the agency or department's purchase of Display Advertising.

**Response to Interrogatory No. 13**

Subject to and without waiving the foregoing objections, USPS responds as follows.

Below is a table of the names and email addresses of the USPS personnel with primary responsibility for decision-making and analysis regarding digital advertising strategy, liaising with contractors related to open web display advertising, and/or contracting for advertising services.

| Name | Email |
|------|-------|
| Christopher Karpenko | |
| Michael Bottenberg | |
| Steve Chang | |
| Shalene Starr | |
| Kimberly Workinger | |

The ad agency contracted to perform services related to digital advertising for USPS is Universal McCann.  Below is a table of the names and email addresses of USPS's primary points of contact at Universal McCann.

*HIGHLY CONFIDENTIAL*

| Name | Email |
|---|---|
| Laura Ernst | |
| Lisa Catucci | |
| Michael Knopf | |

## **VERIFICATION**

I, Christopher Karpenko, declare:

1.     I am Executive Director, Brand Marketing at the United States Postal Service ("USPS").

2.     I verify that authorized employees and counsel for USPS assembled the facts stated in Appendix G of Plaintiff United States' Objections and Responses to Defendant Google LLC's First Set of Interrogatories to Plaintiff United States; and that the facts herein are true and correct to the best of my knowledge, information and belief, based on reasonable inquiry and in reliance on documents and information gathered from individuals with personal knowledge.

3.     I declare under penalty of perjury that the foregoing is true and correct.

Dated this 26th day of April, 2023.

Christopher Karpenko
Executive Director, Brand Marketing
United States Postal Service