IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 1:23-cv-00108-LMB-JFA |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

**JOINT RESPONSE TO MOTIONS FOR LEAVE TO DEPOSE
CERTAIN THIRD-PARTY WITNESSES
AFTER THE CLOSE OF FACT DISCOVERY**

On August 25, 2023, the parties filed a total of three motions—two from Plaintiffs and one from Google—addressing the depositions of certain witnesses after the close of fact discovery. ECF Nos. 338, 340, 345. One of Plaintiffs' motions also sought relief regarding a party deposition of a Google employee that was noticed by plaintiffs in the multidistrict litigation ("MDL") pending in the U.S. District Court for the Southern District of New York, *In re Google Digital Advertising Antitrust Litigation*, 1:21-md-3010-PKC (S.D.N.Y.), ECF No. 340, during the Coordinated Discovery Period as defined by this Court's Order on Coordination of Discovery, ECF No. 251. The parties have met and conferred in an effort to narrow the remaining areas of disagreement in these pending motions as much as possible. Below, the parties set forth the areas where they have reached agreement as to deposition scheduling and would ask that the Court construe the motions filed on August 25, 2023, at ECF Nos. 338, 340, and 345, as a joint motion with respect to those topics.[1] The parties have also set forth the areas where disagreement remains. As to those areas, the parties will file responses and replies in

---

[1] The parties stand by their respective rationales as set forth in the filings on August 25, 2023, but have reached agreement as to the relief that they are seeking from the Court.

accordance with the normal expedited briefing schedule for discovery motions. ECF No. 94, ¶ 18.e.

## AREAS WHERE THE PARTIES HAVE REACHED AGREEMENT

The parties jointly seek the Court's leave to conduct the following depositions after the close of fact discovery on September 8, 2023, and to use those depositions as if they had been taken on or before September 8, 2023.

The parties submit that good cause exists to conduct these depositions after September 8, 2023. Generally, when a party seeks to modify the scheduling order, the Court must consider whether there is any "danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *Roe v. Howard*, No. 1:16-cv-562, 2017 U.S. Dist. LEXIS 187258, *1-2 (E.D. Va. June 30, 2017). Furthermore, a showing of "good cause" to modify the scheduling order "requires 'the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence.'" *Cook v. Howard*, 484 Fed. Appx. 805, 815 (4th Cir. 2012) (unpublished per curiam) (citations omitted); *accord* Fed. R. Civ. P. 16, 1983 Adv. Comm. Notes (the movant must show that the current deadlines "cannot reasonably be met despite the diligence of the party seeking" the modification). Good cause under this test is easily shown.

Each of the good cause factors favors extending the current schedule for these depositions. First, there will be no prejudice to another party. Second, these depositions are expected to be completed promptly and will not impede the rest of the schedule. Third, the delay has resulted from the need to coordinate the schedules of the parties' counsel, the deponents, and their counsel or because pending motions may affect the scope of noticed depositions. Finally, the parties have diligently pursued this discovery. These third parties were served subpoenas and deposition

notices in time to take these depositions before September 8. Accordingly, good cause exists to allow these depositions to be taken after September 8.

**NBC/Comcast:** The parties jointly propose to conduct this deposition on September 21 or 22, 2023.

**Meta:** The parties jointly propose to conduct this deposition over two separate days, specifically on September 18, 2023, and September 28, 2023.

**Disney:** The parties are working cooperatively to determine this witness's availability. If the witness is not available on or before September 8, 2023, the parties jointly propose to conduct this deposition at a mutually convenient time no later than September 30, 2023.

**Open X**: The parties jointly propose to conduct this deposition during the first week of October 2023.[2]

**Index Exchange**: The parties jointly propose to conduct this deposition during the week of September 24, 2023.

**Mediavine:** The parties jointly propose to conduct this deposition on September 22, 2023.

**GroupM:** The parties jointly propose to conduct this deposition on September 25, 2023.

**GSD&M:** The parties are working cooperatively to determine this witness's availability. If the witness is not available on or before September 8, 2023, the parties jointly propose to conduct this deposition at a mutually convenient time no later than September 30, 2023.

**Brian O'Kelley:** The parties jointly propose to conduct this deposition on September 15, 28, or 29, 2023.

---

[2] The parties are prepared to provide additional information regarding the reasons for this witness's unavailability in a sealed filing, upon request.

**News Corp:**  The parties jointly propose to conduct this deposition on September 22, 2023.[3]

**Jonathan Kanter and Susan Athey:** The parties[4] agree that these depositions and document productions need not occur prior to 14 days from the date that the Court rules on the pending Motion for Partial Judgment on the Pleadings or a Protective Order. The parties will otherwise meet and confer about the specific dates of these depositions and deadlines for the document productions, including whether the Court's ruling on the pending Motion for Partial Judgment on the Pleadings or in the Alternative, a Protective Order, or any subsequent filings, has obviated the need for the depositions or document productions.

### AREAS OF REMAINING DISAGREEMENT BETWEEN THE PARTIES

The parties continue to disagree regarding a party deposition of a Google employee that was noticed by plaintiffs in the MDL.  The parties will file responses and replies in accordance with the normal expedited briefing schedule for discovery motions. ECF No. 94, ¶ 18.e.

\*     \*     \*

Plaintiffs and Google request that the Court grant this joint motion for leave to depose these witnesses after the close of fact discovery for the reasons set forth above, and to use those depositions as if they occurred on or before September 8, 2023. *See U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) ("We afford substantial discretion to a district court in managing discovery and review discovery rulings only for abuse

---

[3] Plaintiffs' Motion (Dkt. 388) states that the News Corp deposition was noticed in the MDL. Google noticed the News Corp deposition in this case.
[4] The United States incorporates by reference and restates the information and reservations of rights contained in footnotes 2 and 3 of its motion at ECF No. 338.

of that discretion."). The parties additionally jointly request that the Court allow the parties to use these depositions for all purposes as if they had occurred on or before September 8, 2023.

Dated: August 29, 2023

Respectfully submitted,

**FOR PLAINTIFFS:**

| | |
|---|---|
| JESSICA D. ABER<br>United States Attorney | JASON S. MIYARES<br>Attorney General of Virginia |
| /s/ Gerard Mene<br>GERARD MENE<br>Assistant U.S. Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3777<br>Facsimile: (703) 299-3983<br>Email: Gerard.Mene@usdoj.gov | /s/ Andrew N. Ferguson<br>ANDREW N. FERGUSON<br>Solicitor General<br>STEVEN G. POPPS<br>Deputy Attorney General<br>TYLER T. HENRY<br>Assistant Attorney General |
| /s/ Julia Tarver Wood<br>JULIA TARVER WOOD<br>/s/ Aaron M. Teitelbaum<br>AARON M. TEITELBAUM<br><br>United States Department of Justice<br>Antitrust Division<br>450 Fifth Street NW, Suite 7100<br>Washington, DC 20530<br>Telephone: (202) 307-0077<br>Fax: (202) 616-8544<br>Email: Julia.Tarver.Wood@usdoj.gov<br><br>Attorneys for the United States | Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us<br><br>Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia |

**FOR DEFENDANT:**

*Of Counsel for Google LLC:*

Eric Mahr (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Julie Elmer (*pro hac vice*)
Lauren Kaplin (*pro hac vice*)
Jeanette Bayoumi (*pro hac vice*)
Claire Leonard (*pro hac vice*)
Sara Salem (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ.
209 Madison Street, Suite 501
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

*Counsel for Google LLC*

6