# EXHIBIT 3
# FILED UNDER SEAL

FILED PURSUANT TO COURT ORDER DOC. 354



**U.S. Department of Justice**

Antitrust Division

---

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20530*

June 9, 2023

CONFIDENTIAL

| | |
|---|---|
| Martha Goodman, Esq. | Scott Eisman, Esq. |
| Heather Milligan, Esq. | Claire Leonard, Esq. |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP | Freshfields Bruckhaus Deringer LLP |
| 2001 K Street, NW | 700 13th Street, NW |
| Washington, DC 20006-1047 | Washington DC 20005-3950 |

Re:  *United States, et al. v. Google LLC*, No. 1:23-cv-108 (E.D. Va.)

Dear Counsel:

I write regarding the logging of privileged documents in relation to the United States' production of its investigatory file as well as documents responsive to Google's Request for Production No. 5.

Several categories of documents related to the United States' investigation preceding this litigation are exempted from privilege logging under Paragraph V.8. of the Order Regarding Electronically Stored Information ("ESI Order") (Dkt. No. 142), in particular subparagraphs b., c., and e. For the remaining privileged documents—communications within the federal government but not "solely between counsel for the United States . . . and counsel for any Federal Agency Advertiser"—the United States believes that the burden of individually logging such communications is not reasonable or proportionate to the needs of the case. Therefore, the United States requests to provide a categorical privilege log for these documents, and requests to meet and confer, pursuant to Paragraph V.4 of the ESI Order.

In the Appendix to this letter, the United States has prepared a categorical privilege log assertion for these documents. This categorical assertion provides Google with both (1) sufficient information to evaluate the privilege claims and (2) all non-privileged information associated with the communications that may be relevant to the claims and defenses in this case, including, for example, the attorney and non-attorney senders and recipients, the time frame, and the general subject matter of the communications.

Contains Confidential Information

We are available to meet and confer at your convenience.

                                                         Sincerely,

                                                         */s/ Michael Wolin*

                                                         Michael Wolin
                                                         Trial Attorney

Enclosure

FILED PURSUANT TO COURT ORDER DOC. 354

Contains Confidential Information

## Appendix: United States' Categorical Privilege Log Assertion (June 9, 2023)

The United States claims privilege over communications between attorneys of the Antitrust Division and attorneys and employees of other agencies and divisions of the federal government related to the Antitrust Division's investigation of purchases of digital advertising by the United States that preceded this litigation.

- The custodian of these communications is the Antitrust Division of the Department of Justice.

- The senders and recipients of these communications are attorneys or other employees of the Antitrust Division of the Department of Justice; Department of Commerce; Department of Defense; Department of Health and Human Services; General Services Administration; Office of Justice Programs of the Department of Justice; Office of Management and Budget; Office of Personnel Management; and U.S. Postal Service. Specifically:

    - Antitrust Division of Department of Justice
        - Barry Creech, Esq.
        - Chase Pritchett, Esq.
        - Daniel Dorris, Esq.
        - George Nierlich, Esq.
        - Giancarlo Ambrogio, Esq.
        - Jacklin Lem, Esq.
        - MaryMichael Hough
        - Michael Wolin, Esq.
        - Natalie Hayes, Esq.
    - Department of Commerce
        - Kendall Johnson
        - Melissa Creech, Esq.
        - Michael Cannon, Esq.
    - Department of Defense
        - Brendan Ricci
        - James Wessels
        - Julio Alvarez
        - Sivram Prasad, Esq.
    - Department of Health and Human Services
        - Catherine Howden
        - Christopher Koepke
        - Kenneth Whitley, Esq.
        - William Charles Bailey, Esq.
    - General Services Administration
        - Arpit Garg, Esq.
    - Office of Justice Programs of Department of Justice
        - Sasha Rutizer, Esq.
    - Office of Management and Budget
        - Adam Grogg, Esq.
        - Shraddha Upadhyaya, Esq.

FILED PURSUANT TO COURT ORDER DOC. 354

Contains Confidential Information

- o Office of Personnel Management
  - Webb Lyons, Esq.
- o U.S. Postal Service
  - Brian Pasco
  - Christopher Karpenko
  - Colleen Ehrlich
  - Kimberly Workinger
  - Maria Votsch, Esq.
  - Matthew Gardner
  - Michael Bottenberg
  - Michael Weaver, Esq.
  - Stephan Boardman, Esq.

- Each of these communications includes as a sender or recipient at least one of the Antitrust Division attorneys listed above.

- The time frame for these communications is December 23, 2022 through January 23, 2023.

- The general subject matter for these communications is purchases of digital advertising by agencies and divisions of the federal government.

- These communications are subject to the attorney-client privilege; attorney work product protection; and deliberative process privilege, as follows:

  - o These communications were made by or to counsel for the United States in the course of their providing legal advice regarding potential violations of Sections 1 and 2 of the Sherman Act and Section 4A of the Clayton Act.

  - o These communications were made in anticipation of litigation against Google for violations of Sections 1 and 2 of the Sherman Act and Section 4A of the Clayton Act.

  - o These communications were made by or to staff in the Antitrust Division in the course of their providing recommendations and opinions to Antitrust Division leadership on whether to file a case against Google for violations of Sections 1 and 2 of the Sherman Act and Section 4A of the Clayton Act. The communications reflect internal deliberations, and any purely factual material is inextricably intertwined with the deliberative material.

FILED PURSUANT TO COURT ORDER DOC. 354