# EXHIBIT 5
# FILED UNDER SEAL

FILED PURSUANT TO COURT ORDER DOC. 354

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
TELEPHONE (202) 223-7300

WASHINGTON, DC 20006-1047

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MARTHA L. GOODMAN

TELEPHONE    (202) 223-7341
FACSIMILE    (202) 330-5921

E-MAIL:  mgoodman@paulweiss.com

July 31, 2023

**By Email**

Michael Wolin
Trial Attorney
Antitrust Division
U.S. Department of Justice
450 Fifth Street, NW, Suite 800
Washington, D.C. 20530
Michael.Wolin@usdoj.gov

      Re:    *United States et al. v. Google LLC*, No. 1:23-cv-108-LMB-JFA (E.D. Va.)

Dear Michael:

      Thank you for speaking with us on Wednesday, July 26, 2023 regarding ATR's June 26, 2023 privilege log.  We write to memorialize our conversation, and make specific requests of ATR regarding their improper assertions of privilege.

      On our call, we discussed ATR's assertions of the attorney-client privilege over communications between members of the DOJ Antitrust Division ("ATR") and employees of four federal agencies: the General Services Administration ("GSA"), the U.S. Office of Personnel Management ("OPM"), the Office of Management and Budget ("OMB"), and United States Postal Service Office of the Inspector General ("USPS-OIG").

      We asked you to provide the basis for ATR's claim of attorney-client privilege over communications with these non-FAA agencies, to which you replied that ATR's

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Michael Wolin     2

client "is the United States." When I asked if everyone in the United States government is ATR's client, you replied, "I think it includes large portions of the executive branch and we are entitled to have confidential communications with them to provide legal advice." We asked that you articulate the basis, including any factual information and legal authority you are relying on, for your position that ATR had an attorney-client relationship with these non-FAA agencies at the time the communications occurred between the specific non-FAA employee involved in each record on ATR's log. Although we did not discuss it on the call, ATR's communications with employees at the Office of Justice Programs ("OJP") reflected on the log are also covered by Google's requests in this regard.

We also discussed ATR's privilege log descriptions, which fail to support a claim of attorney-client privilege. And while it was not the focus of Wednesday's call, these generic descriptions also fail to support work product and deliberative process privilege claims. Each of ATR's descriptions is one of two boilerplate formulations set forth below, depending on whether ATR is the recipient or sender of the email:

- <u>Non-ATR Sender</u>: "Confidential communication from counsel for United States made in the course of their providing legal advice regarding potential violation of Section 4A of the Clayton Act related to purchases of digital advertising by agencies and divisions of the United States government; made in anticipation of litigation against Google for violations of Sections 1 and 2 of the Sherman Act and Section 4A of the Clayton Act; and made in the course of Antitrust Division staff providing opinions and recommendations in connection with decision on whether to file a case against Google for violations of Sections 1 and 2 of the Sherman Act and Section 4A of the Clayton Act."

- <u>ATR Sender</u>: "Confidential communication to counsel for United States providing information requested for the purpose of providing legal advice regarding potential violation of Section 4A of the Clayton Act related to purchases of digital advertising by agencies and divisions of the United States government; made in anticipation of litigation against Google for violations of Sections 1 and 2 of the Sherman Act and Section 4A of the Clayton Act; and made in the course of Antitrust Division staff providing opinions and recommendations in connection with decision on whether to file a case against Google for violations of Sections 1 and 2 of the Sherman Act and Section 4A of the Clayton Act."

These descriptions do not establish that the sender sought ATR's legal advice, or that ATR was providing legal advice to the non-ATR agencies, or that the non-ATR agencies sought to become clients of ATR. What they show is that ATR was gathering facts from a third party that just so happened to be another federal agency, presumably as part of its ongoing investigation; no privilege attaches to such communications. This is also self-evident by the subject lines of the emails, such as "inquiry from Department of Justice, Antitrust Division" or "request for information from DOJ Antitrust."

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Michael Wolin                                                                                                          3

Unsolicited outreach from an ATR lawyer to an employee at another federal agency does not establish an attorney-client relationship between ATR and the other federal agency; nor does it indicate that ATR provided any legal advice based upon confidential client communications.  Likewise, responses by individual employees to unprompted ATR contact do not, on their own, show that the agency provided confidential information for the purpose of obtaining legal advice.  This applies equally to both the FAAs on whose behalf the United States is seeking damages, as well as the non-FAA agencies (including OJP) on ATR's log.

Documents produced by the FAAs to date also demonstrate that ATR has improperly asserted privilege.  See, for example, the following documents: USPS-ADS-0000139901; CMS-ADS-00002500903; USPS-ADS-0000139659.

These documents also show that ATR's assertions of attorney-work product protection and the deliberative process privilege are unsubstantiated. The documents make clear, for instance, that the information requests are substantially similar to information requests ATR made of third parties and which ATR is obligated to produce as part of its investigative file.  Additionally, per the documents, ATR simply requested factual information and did not engage in any deliberation or otherwise render legal advice or an opinion in any of the communications on ATR's log.

Cases establishing that ATR's attorney-client, work-product, and deliberative-process privilege assertions are improper include: *United States* v. *Booz Allen Hamilton Inc.*, 2022 WL 3921019 (D. Md. Aug. 31, 2022); *Stonehill* v. *U.S. Dep't of Just. Tax Div.*, 2022 WL 407145 (D.D.C. Feb. 10, 2022); *Cause of Action Inst.* v. *U.S. Dep't of Just.*, 330 F. Supp. 3d 336 (D.D.C. 2018); *Jones* v. *Murphy*, 256 F.R.D. 510 (D. Md. 2008); and *United States* v. *Am. Tel. & Tel. Co*., 86 F.R.D. 603 (D.D.C. 1979).  These cases show exploring facts with employees of agencies are not protected by the privileges ATR asserts.  We also point you to the Antitrust Division Manual, 5th ed., at VII-44 in particular (deliberative process privilege "does not apply to essentially factual information unless such information is so intertwined with the analysis or so clearly reflects the internal deliberative process employed by the Division as to make segregation of factual portions impossible"; attorney-client privilege "seldom arises with regard to Division documents" and only "may apply in certain circumstances to communications" with other government agencies).

Accordingly, Google makes the following asks of ATR, to all be completed by August 4, 2023:

*First*, we request that ATR produce without redaction all documents on its June 26, 2023 log.

*Second*, we request that ATR provide a list of custodians at ATR whose files were searched for purposes of responding to Google's RFP 5.  We note that only 6 ATR employees are reflected on the June 26, 2023 log.  But there are 15 ATR attorneys listed

FILED PURSUANT TO COURT ORDER DOC. 354

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Michael Wolin 4

on the United States' January 24, 2023 complaint. And there are 13 ATR attorneys who have entered appearances in this case. Have these attorneys' files been searched for communications responsive to Google's RFP 5 as well as for documents that should comprise ATR's investigatory file? Please provide us with a list of all ATR employees whose files were searched for documents responsive to Google's RFP 5 and for collection and production of the investigatory file.

*Third*, we request that ATR prepare a privilege log for documents over which ATR is asserting a privilege pursuant to V.8.b and V.8.e of the ESI Order (Dkt. 142). While these provisions exempt logging of "Documents or communications sent solely between counsel for the United States (or persons employed by the United States Department of Justice)" and "Documents or communications sent solely between counsel for the United States (or persons employed by the United States Department of Justice) and counsel for any Federal Agency Advertiser," we have serious concerns, including based upon the emails FAAs have produced, that ATR is wrongly asserting a blanket privilege over its pre-complaint communications with lawyers throughout the entirety of the United States government and before any lawyer-client relationship was established. We are also concerned that ATR is using the ESI order—negotiated and entered months before DOJ produced a single document—to conceal the fact of ATR's improper privilege assertions from Google. In this regard, we remind you of your arguments to the Court in March that the FAAs were not jointly investigating or prosecuting this case. *See* Dkt. 92.

If ATR refuses to comply with these requests, we ask for a response by August 4, 2023 articulating, with factual and legal support, when the attorney-client relationship between ATR and each agency reflected on the log was established, as well as further supporting factually and legally your claims of attorney-client, work-product and deliberative-process protections.

As ATR well knows, these privileges are to be construed narrowly because they impede the search for truth. ATR also knows it is improper to create the appearance of privilege by, among other things, routing communications through attorneys, or including attorneys without a request for or provision of legal advice. And ATR knows that it bears the burden of establishing its claims of privilege. Its failure to do so is impeding Google's right to discover relevant information.

Google reserves all rights.

Sincerely,

*/s/ Martha L. Goodman*
Martha L. Goodman

FILED PURSUANT TO COURT ORDER DOC. 354