**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| UNITED STATES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 1:23-cv-00108-LMB-JFA |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

### RESPONSE TO DEFENDANT'S MOTION TO SEAL [ECF NO. 332]

Defendant, Google LLC ("Google"), has moved pursuant to Local Civil Rule 5(C) to seal certain portions of its reply in support of its motion to compel production of documents and Exhibits 17-24 attached to that reply, Dkt. Nos. 330 & 331. The basis for sealing is that the exhibits and quoted portions of those exhibits in the reply contain material designated as confidential or highly confidential pursuant to the operative protective order in this action. Dkt. No. 332. The eight exhibits at issue generally consist of privilege logs, deposition transcript excerpts, and deposition exhibits containing a text-message thread and an email thread. As outlined below, the United States believes that most of the materials contained in the exhibits and all the redacted portions of Google's reply need not remain sealed. To the extent that the United States believes that portions of the exhibits should remain sealed, those portions have been redacted in the attached proposed revised exhibits for the Court's consideration. Accordingly, the United States requests that the Court grant Google's motion to seal in part.

### ARGUMENT

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumes a right of the public to inspect and copy 'all judicial records and

documents.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The common law presumption in favor of public access can be overcome only by a showing that a litigant has "some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Accordingly, before ordering the sealing of a document, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the document[], and (3) provide specific reasons and factual findings supporting its decision to seal the document[] and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also* Local Civ. R. 5(C).

The United States recognizes that the standard for sealing under Local Rule 5 and Fourth Circuit precedent is stringent and reflects a strong presumption in favor of public court proceedings and court filings. As an initial matter, the United States respectfully requests that email addresses and telephone numbers for individuals other than those employed by the Department of Justice remain under seal. The proposed exhibits attached to this response—exhibits 17, 18, 21, 23 and 24—include those proposed redactions. The United States submits that these redactions are appropriate to protect the privacy of such persons, and that such protection outweighs the public interest in these individuals' email addresses or telephone numbers. *See, e.g.*, *Krakauer v. Dish Network, LLC*, 2015 WL 12750446, at *2 (M.D.N.C. Nov. 18, 2015) (approving redactions of email addresses and telephone numbers in court filings because of "legitimate privacy interests").

The United States seeks limited additional redactions Exhibit 23 (Karpenko Dep. Ex. 34a),[1] and Exhibit 24 (Karpenko Dep. Ex. 35).  These two exhibits contain specific information related to the United States Postal Service's strategy for purchasing digital advertising. This is sensitive business information not normally available to the public, and with "little to no value for public dissemination." *See Ultra-Mek, Inc. v. United Furniture Indus., Inc.*, 2021 WL 8533815, at *5 (M.D.N.C. Mar. 22, 2021). While the fact that USPS purchases display advertising, as well as its general process for doing so, may be of public interest, the details of its strategy may remain under seal. *See Bayer CropScience Inc. v. Syngenta Crop Protection, LLC*, 979 F. Supp. 2d 653, 656-57 (M.D.N.C. 2013).  Disclosure of this information could be used by USPS competitors to determine where USPS will and will not place advertisements and could be exploited unfairly by those competitors for counter-programming.

Exhibit 21 is an excerpt of one of the same depositions attached—in its entirety—as exhibits 1 and 3 to Google's memorandum in support of its motion for in camera review, Dkt. No. 300-01. The United States previously requested leave to provide proposed redactions to the entirety of that deposition transcript on the 45-day timeline set forth in the Protective Order for confidentiality designations of deposition testimony. *See* Dkt. No. 347, at 1-4. The Court granted that request by order dated August 30, 2023, and further instructed the United States to file a supplemental response to Google's motion to seal on or before September 29, 2023, including

---

[1] Google's reply brief never cites Exhibit 23.  *See* Dkt. No. 330.  To the extent that this uncited Exhibit 23 plays no role in the adjudication of Google's motion, the exhibit "is not a judicial record and the public has no protectable interest in access to the exhibit." *See Seaman v. Duke Univ.*, 2018 WL 10446957, at *1 (M.D.N.C. June 6, 2018) (holding motion to seal moot with respect to exhibits not cited in accompanying brief); *see also In re Application of United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290-91 (4th Cir. 2013) (explaining that "documents filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights").

proposed redactions to the transcript and a detailed rationale for any portions the United States is seeking to maintain under seal. Dkt. No. 355. As Exhibit 21 is part of one of the same transcripts referenced in the Court's order at Dkt. No. 355, the United States respectfully requests that Court permit the United States to respond with respect to Exhibit 21 in the same manner as for the exhibits referenced in the Court's order at Dkt. No. 355.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court grant Google's motion to seal in part and maintain under seal the non-DOJ email addresses and telephone numbers and the highly sensitive business information as reflected in the proposed redactions to Exhibits 17, 18, 23, and 24. There are no portions of the corresponding brief at Dkt. No. 330, or Exhibits 19, 20, or 22 that need remain under seal. The United States respectfully requests leave to file a supplemental response with respect to Exhibit 21 no later than September 29, 2023.

Dated: August 30, 2023

Respectfully submitted,

JESSICA D. ABER
United States Attorney

/s/ Gerard Mene
GERARD MENE
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3777
Facsimile: (703) 299-3983
Email: Gerard.Mene@usdoj.gov

/s/ Aaron M. Teitelbaum
AARON M. TEITELBAUM

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 894-4266
Fax: (202) 616-8544
Email: Aaron.Teitelbaum@usdoj.gov

Attorneys for the United States