**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>　　　　　　　*Plaintiffs*,<br><br>　vs.<br><br>GOOGLE LLC,<br><br>　　　　　　　*Defendant*. | No: 1:23-cv-00108-LMB-JFA |

**GOOGLE LLC'S MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFFS' MOTION FOR LEAVE TO DEPOSE CERTAIN GOOGLE WITNESS
AFTER THE CLOSE OF FACT DISCOVERY[1]**

Plaintiffs seek to have a deposition that they did not notice—and that is being taken only in *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (S.D.N.Y.) (the "MDL")—nonetheless count as if it were taken in this case, so that they may use its materials for purposes beyond just impeachment at trial.  This request is an attempted end-run around the cap of 10 party depositions for each side in this case, which Plaintiffs have already used up.  Rule 16(b) Scheduling Order ¶ 7 (ECF No. 94) (adopting the relevant provisions in the Joint Proposed Discovery Plan, ECF No. 87).  Nothing in the Court's Order Regarding Coordination of Discovery (the "Coordination Order") (ECF No. 251) requires such a result.  Plaintiffs have not shown good

---

[1] This opposition responds to one of the two requests for relief in Plaintiffs' Motion for Leave to Depose Certain Google and Third-Party Witnesses After the Close of Fact Discovery ("Mot. for Taking Dep. Out of Time") (ECF No. 340).  As further explained in the parties' joint filing (ECF No. 351), the parties agree on the relief requested with respect to third-party depositions.

cause to alter the party deposition limit or otherwise obtain the relief they seek.  Their request should thus be denied.

## BACKGROUND

### A.  The Scheduling of the Deposition at Issue

The MDL Plaintiffs noticed the deposition of a current Google employee on August 3, 2023.  The Department of Justice (the "DOJ") took this witness's deposition during its pre-suit investigation.  Plaintiffs could have cross-noticed his deposition in this case, but they did not.  *See* Mot. for Taking Dep. Out of Time, at 4.  Receiving no cross-notice from Plaintiffs, Google worked with the MDL Plaintiffs to schedule the deposition for a date that is convenient for both the deponent's and the MDL Plaintiffs' schedules.  The deposition has been set for September 21, 2023.

Plaintiffs admit they elected not to cross-notice to save "one of their limited party-deposition slots."  *See* Mot. for Taking Dep. Out of Time, at 4.  According to the Court's order, Plaintiffs are limited to 10 depositions of party fact witnesses.  Rule 16(b) Scheduling Order ¶ 7 (ECF No. 94) (adopting the relevant provisions in the Joint Proposed Discovery Plan, ECF No. 87).  Plaintiffs do not dispute that they have already taken or issued notices for all 10 (counting their Rule 30(b)(6) notice to Google as one party deposition).  As such, they are not permitted to take any additional Google depositions, including of the Google employee at issue.

### B.  The Coordination Order

The Coordination Order sets forth the procedure for depositions during the Coordinated Discovery Period, i.e., before September 8, 2023, the fact discovery cutoff date in this case.  Coordination Order ¶¶ 1(c) & (k); *see also* Order on Discovery Schedule (ECF No. 69).  It requires any party noticing a deposition in either this case or the MDL (each individually, "Coordinated

Case") to serve a copy of that notice on all parties in the Coordinated Cases.  Coordination Order ¶ 3(a).  If the MDL Plaintiffs notice a deposition, Plaintiffs in this case have the option to cross-notice the same deposition within three business days, and vice versa.  *Id.* ¶ 3(c).

The Coordination Order treats depositions differently depending on whether they are noticed in one or both Coordinated Cases.  For instance, if a Google deposition is noticed in only one case (such as here, only in the MDL) and not cross-noticed, then parties in the other case (here, Plaintiffs) have no right to question the witness.  *See id.* ¶ 4(a) (allowing only non-noticing parties "in the Coordinated Case to which the Deposition Notice applies" to question the witness for up to one hour).  Thus, the Coordination Order does not permit Plaintiffs to take the deposition of a Google witness if that deposition is noticed only in the MDL, as is the case here.

Further, only transcripts and exhibits from depositions "**taken** in a Coordinated Case during the Coordinated Discovery Period may be used in any Coordinated Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial)." *Id.* ¶ 3(f) (emphasis added).  "[A]bsent an order of the Court in [this case], [t]ranscripts and exhibits from depositions **taken** outside the Coordinated Discovery Period"—such as the one at issue here—"may not be used in [this case] for any purpose other than impeachment at trial." *Id.* ¶ 6(d) (emphasis added).

## ARGUMENT

### A. Plaintiffs Attempt an End-run Around Deposition Limits.

Plaintiffs seek relief that would essentially give them an eleventh litigation deposition of Google.  This is on top of the over 30 depositions taken during the pre-suit investigation, including a deposition of the very witness at issue.  Plaintiffs recognize that they have already taken or noticed 10 depositions in this case, and that they would not be permitted to cross-notice (or

otherwise take) the deposition at issue in this motion.  They have not established good cause to expand that deposition limit.

Plaintiffs cannot plausibly claim any prejudice from the inability to use the transcript of a deposition taken by the MDL Plaintiffs as if they took the deposition themselves.  Plaintiffs do not identify any specific information that they need to obtain.  Indeed, the DOJ already took the deposition of the witness at issue during its pre-suit investigation.  Moreover, Plaintiffs can still review the transcript of the MDL deposition and may use it for impeachment purposes at trial if appropriate.  *See* Coordination Order ¶ 6(d).

Plaintiffs' request is in no way equivalent to the parties' joint requests regarding third-party depositions, and there is no good cause for it.  *First*, the third-party depositions that the parties seek to take after September 8 were noticed (and cross-noticed) **in this case**.  *See* Mot. for Taking Dep. Out of Time, at 2-4.  By contrast, here, Plaintiffs seek to import into this case a deposition only noticed in the MDL.  *Second*, none of the late third-party depositions would cause either side to exceed the deposition limits in this case.  By contrast, here, Plaintiffs seek the benefit of an additional deposition to which they are not entitled.  *Third*, at least Google has not had the benefit of prior depositions of the third-parties whose depositions need to occur out of time.  Thus, Google would be prejudiced by an inability to obtain discovery from these third parties.  By contrast, here, Plaintiffs seek the benefit of an additional deposition of a person that the DOJ has already deposed once.  Plaintiffs have not shown good cause to alter the Rule 16(b) Scheduling Order or the Coordination Order with respect to this deposition.

### B.  The Coordination Order Neither Requires Nor Supports the Relief Plaintiffs Seek.

Plaintiffs point to no provision of the Coordination Order (or any other order) that entitles them to the relief they seek.  Plaintiffs admit that only transcripts and exhibits from depositions

"taken" before September 8, 2023 may be used in this case for purposes other than impeachment at trial. *Id.* at 4-5 (quoting the Coordination Order ¶ 3(f)). Depositions simply "noticed" before September 8 do not receive the same treatment. *See generally* Coordination Order. Plaintiffs also point to no provision that obligates Google to schedule an MDL-only deposition before September 8—and there is none. *See generally id.*

Plaintiffs contend that this Court should protect their "reasonable expectation" that they "would be able to use [a] deposition" if it "was duly noticed before September 8." Mot. for Taking Dep. Out of Time, at 4. This interpretation of the Coordination Order is an invitation to mischief. If Plaintiffs were able to use MDL deposition transcripts for all purposes simply because depositions are "noticed" before September 8, Plaintiffs could further attempt to evade deposition limits by having the MDL Plaintiffs "notice" a slew of depositions now, to be taken months from now.

## CONCLUSION

If Plaintiffs truly believed they needed this deposition, they should have cross-noticed it. But they didn't, instead hoping that the MDL plaintiffs would carry their water. This gambit contravenes the deposition limits set in this case and is unsupported by any showing of need or good cause. For these reasons, the Court should deny Plaintiffs' motion in part, limiting Plaintiffs' use of the party deposition referenced in its motion to only impeachment at trial.

Dated: August 30, 2023.

Eric Mahr (*pro hac vice*)
Julie Elmer (*pro hac vice*)
Justina Sessions (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Lauren Kaplin (*pro hac vice*)
Jeanette Bayoumi (*pro hac vice*)
Claire Leonard (*pro hac vice*)
Sara Salem (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

Respectfully submitted,

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ.
209 Madison Street
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (*pro hac vice*)
Jeannie H. Rhee (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Joseph Bial (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Bryon P. Becker (VSB #93384)
Erica Spevack (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile (202) 223-7420
kdunn@paulweiss.com

Meredith Dearborn (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (646) 432-5100
Facsimile: (202) 330-5908
mdearnborn@paulweiss.com

*Counsel for Defendant Google LLC*