# EXHIBIT 20
# FILED UNDER SEAL

FILED PURSUANT TO COURT ORDER DOC. 362

Page 1

1                UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF VIRGINIA
2                     ALEXANDRIA DIVISION
3
         _____
4                                   :
         UNITED STATES OF AMERICA, :
5        et al.,                    :
                                    :
6             Plaintiffs            :
                                    :
7            v.                     : No.  1:23-cv-00108
                                    :
8        GOOGLE, LLC,               :
                                    :
9             Defendants.           :
         _____:
10
11                   Tuesday, August 15, 2023
12
                  Video Deposition of ALLEN OWENS,
13
         taken at the Law Offices of Paul, Weiss, Rifkind,
14
         Wharton & Garrison LLP, 2001 K St NW, Washington,
15
         DC, beginning at 9:37 a.m. Eastern Standard Time,
16
         before Ryan K. Black, Registered Professional
17
         Reporter, Certified Livenote Reporter and Notary
18
         Public in and for the District of Columbia
19
20
21
22
23
24
25       Job No. CS6037511

FILED PURSUANT TO COURT ORDER DOC. 362

Page 2

1          A P P E A R A N C E S:
2
3          UNITED STATES DEPARTMENT OF JUSTICE
           ANTITRUST DIVISION
4          BY:   JIMMY MCBIRNEY, ESQ.
                 CHASE PRITCHETT, ESQ.
5                ALVIN CHU, ESQ.
                 MARK SOSNOWSKY, ESQ. - Via Zoom
6                KATHERINE CLEMONS, ESQ - Via Zoom
                 JULIA TARVER-WOOD, ESQ. - Via Zoom
7          450 5th Street, N.W
           Washington, DC 20530
8          202.514.2414
           jimmy.mcbirney@usdoj.gov
9          chase.pritchett@usdoj.gov
           alvin.chu@usdoj.gov
10         mark.sosnowsky@usdoj.gov
           katherine.clemons@usdoj.gov
11         julia.tarver-wood@usdoj.gov
12         Representing - The United States of America
13
14         PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP,
           BY:   MARTHA L. GOODMAN, ESQ.
15               LEAH HIBBLER, ESQ.
           2001 K St NW,
16         Washington, DC
           202.223.7341
17         mgoodman@paulweiss.com
           lhibbler@paulweiss.com
18
           Representing - Google LLC
19
20
21
22
23
           ALSO PRESENT:
24
           Orson Braithwaite - Legal Videographer
25         Ann Bruck - Department of the Navy

FILED PURSUANT TO COURT ORDER DOC. 362

Page 3

1                        I N D E X

2     TESTIMONY OF:  ALLEN OWENS                    PAGE

3     By Ms. Goodman...............................6

4                      E X H I B I T S

5     EXHIBIT            DESCRIPTION               PAGE

6     Exhibit 52    a document Bates Numbered
                    NAVY-ADS174029 through
7                   NAVY-ADS174060.................62

8     Exhibit 53    a document Bates Numbered
                    NAVY-ADS256935 through
9                   NAVY-ADS257031.................97

10    Exhibit 54    a document Bates Numbered
                    NAVY-ADS12756 through
11                  NAYV-ADS12800.................102

12    Exhibit 55    a document Bates Numbered
                    NAVY-ADS241136 through
13                  NAVY-ADS241143................111

14    Exhibit 56    a document Bates Numbered
                    NAVY-ADS15543 through
15                  NAVY-ADS15622.................130

16    Exhibit 57    a document Bates Numbered
                    NAVY-ADS19114 through
17                  NAVY-ADS19182.................146

18    Exhibit 58    a document Bates Numbered
                    NAVY-ADS45197 through
19                  NAVY-ADS45206.................172

20    Exhibit 59    a document Bates Numbered
                    NAVY-ADS103897 through
21                  NAVY-ADS103900................182

22    Exhibit 60    a document Bates Numbered
                    NAVY-ADS28530 through
23                  NAVY-ADS28531.................187

24

25

FILED PURSUANT TO COURT ORDER DOC. 362

```
 1              THE VIDEOGRAPHER:  Good morning.  We're
 2    going on the record at 9:37 a.m. on August 15th,
 3    2023.  Please note that the microphones are
 4    sensitive and may pick up whispering and private
 5    conversations.  Please mute your phones at this
 6    time.  Audio and video recording will continue to
 7    take place unless all parties agree to go
 8    off the record.
 9              This is Media Unit 1 of the
10    video-recorded deposition of Mr. Allen Owens
11    in the matter of United States, et al., versus
12    Google LLC, filed in the United States District
13    Court, Eastern District of Virginia, Alexandria
14    Division.  Case Number 1:23-cv-00108-LMB-JFA.
15              My name is Orson Braithwaite,
16    representing Veritext Legal Solutions, and I'm
17    the videographer.  The court reporter is Ryan
18    Black from the firm Veritext Legal Solutions.
19              Counsel will now state their appearances
20    and affiliations for the record.
21              MS. GOODMAN:  Martha Goodman of the law
22    firm Paul Weiss on behalf of Google LLC, and I'm
23    joined by my colleague Leah Hibbler.
24              MR. MCBIRNEY:  Jim McBirney on behalf of
25    the Department of Justice on behalf of the United
```

FILED PURSUANT TO COURT ORDER DOC. 362

```
                                                Page 5
 1          States and the witness.

 2                    MR. PRITCHETT:  Chase Pritchett on

 3          behalf of the United States.

 4                    MR. CHU:  Alvin Chu on behalf of the

 5          United States.

 6                    MS. GOODMAN:  And then will any

 7          attorneys appearing remotely please state your

 8          presence.

 9                    MR. SOSNOWSKY:  Mark Sosnowsky, U.S.

10          Department of Justice.

11                    MS. CLEMONS:  Katherine Clemons,

12          Department of Justice.

13                    MS. GOODMAN:  Is there any --

14                    MS. BRUCK:  Ann Bruck, Department of

15          Navy.

16                    THE VIDEOGRAPHER:  We have a Ms. Wood.

17                    MS. TARVER-WOOD:  Yes.  This is Julia

18          Tarver-Wood from DOJ.  I'm not officially

19          entering an appearance.  I'll be in and out

20          throughout the day.

21                    THE VIDEOGRAPHER:  Thank you.  Will the

22          court reporter please swear in the witness?

23                         *     *     *

24          Whereupon --

25                    ALLEN OWENS,
```

FILED PURSUANT TO COURT ORDER DOC. 362

1        called to testify, having been first duly sworn

2        or affirmed, was examined and testified as

3        follows:

4                          *      *      *

5                            EXAMINATION

6        BY MS. GOODMAN:

7            Q.   Good -- good morning, Mr. Owens.

8            A.   Good morning.

9            Q.   Have you been deposed before?

10           A.   No, I have not.

11           Q.   Okay.  I want to make sure -- go over

12       a few ground rules, the most important one of

13       which is because the court reporter is writing

14       everything down that we're saying, it's important

15       that you let me finish my question before you

16       answer so that we don't talk over one another.

17       Okay?

18           A.   Yes.

19           Q.   Okay.  And please make sure that your

20       answers are verbal, particularly if it's a yes or

21       no question.  The uh-huh or huh-uh doesn't really

22       translate well to the -- to the piece of paper.

23       So please provide a verbal answer.  Okay?

24           A.   Yes.

25           Q.   Okay.  And I will assume that you

FILED PURSUANT TO COURT ORDER DOC. 362

1        an -- understand my question.  If you don't

2        understand, please let me know.  Okay?

3             A.   Yes.

4             Q.   Okay.  Is there any reason that you

5        cannot provide your full -- fully truthful and

6        accurate testimony here today?

7             A.   No, there's no reason.

8             Q.   Okay.  What, if anything, did you do to

9        prepare for today's deposition?

10            A.   Met with counsel.

11            Q.   When did you meet with counsel?

12            A.   Various times.

13            Q.   What various times that -- can you

14       recall meeting with counsel?

15            A.   Yesterday, the day prior.  And I don't

16       recall exact dates before that, but various

17       times.

18            Q.   So yesterday meaning Monday and the day

19       prior meaning the Sunday before today?

20            A.   Yes.

21            Q.   Okay.  And -- and then you said "various

22       times prior to last Sunday you met with counsel";

23       is that correct?

24            A.   Yes.

25            Q.   Okay.  And were all of those meetings in

FILED PURSUANT TO COURT ORDER DOC. 362

Page 85

1          may be an occasion where I might have, but not to

2          my recollection.

3          BY MS. GOODMAN:

4               Q.   So it is possible that you've deleted

5          documents in 2023 related to work, correct?

6                    MR. MCBIRNEY:  Object to the form of the

7          question.

8                    THE WITNESS:  There's a possibility.

9          BY MS. GOODMAN:

10              Q.   Okay.  Under Navy's -- are you aware of

11         any document retention policies at the Navy?

12              A.   Yes.

13              Q.   And what do those policies provide?

14              A.   Sitting here today, I don't recall the

15         exact stipulations in those policies.

16              Q.   How about generally?  What do you recall

17         as to what those document retention policies

18         state?

19              A.   Sitting here today, I -- I don't recall.

20              Q.   Okay.  To your knowledge, do the

21         document retention policies permit you to delete

22         files?

23                   MR. MCBIRNEY:  Objection; vague.

24                   THE WITNESS:  Yeah.  Sitting here today,

25         I don't recall the stipulations of that policy.

FILED PURSUANT TO COURT ORDER DOC. 362

Page 86

```
 1        BY MS. GOODMAN:
 2            Q.   And thus you don't recall whether they
 3        permit you to delete files, correct?
 4                 MR. MCBIRNEY:  Objection.  Asked and
 5        answered.
 6                 THE WITNESS:  Yeah.  My testimony is,
 7        sitting here today, I do not recall the exact
 8        stipulations of that policy.
 9        BY MS. GOODMAN:
10            Q.   And, therefore, correct, you don't
11        recall whether those policies permit you to
12        delete files?
13                 MR. MCBIRNEY:  Objection.
14        BY MS. GOODMAN:
15            Q.   Is that accurate?
16                 MR. MCBIRNEY:  Objection.  Asked and
17        answered.
18                 THE WITNESS:  Yeah.  So my testimony is,
19        sitting here today, I do not recall the exact
20        stipulations of that policy.
21        BY MS. GOODMAN:
22            Q.   Okay.  And so you can't answer whether,
23        as a result of your inability to recall the exact
24        stipulations of this -- of the policy, you cannot
25        an -- you don't recall whether or not that policy
```

FILED PURSUANT TO COURT ORDER DOC. 362

Page 87

1            permits you to delete files.  Is that accurate?

2                    MR. MCBIRNEY:  Objection.  Asked and

3            answered.

4                    THE WITNESS:  So it's my testimony that,

5            sitting here today, I don't recall the specific

6            stipulations of that policy.

7        BY MS. GOODMAN:

8            Q.   Okay.  And, therefore, you can't testify

9        one way or another to what that policy says with

10       respect to the deletion of files, correct?

11                   MR. MCBIRNEY:  Objection.  Asked and

12           answered.

13                   THE WITNESS:  Yeah.  Those were not my

14           words.  I said, sitting here today, I don't

15           remember the exact stipulations of the policy.

16       BY MS. GOODMAN:

17           Q.   Other than a lawyer, has anybody told

18       you anything about preserving documents with

19       respect to this litigation?

20                   THE WITNESS:  I'm not sure of the

21           communications I received, whether those would be

22           privileged or not.

23                   MR. MCBIRNEY:  If you received

24           communications regarding preserving documents

25           that were either from a lawyer or at the

FILED PURSUANT TO COURT ORDER DOC. 362

1          direction of a lawyer, that's privileged and I'd

2          instruct you not to answer.  If you received

3          communications about preserving documents that do

4          not fall into those categories and you are

5          confident that they do not come from counsel, you

6          can answer.

7                    THE WITNESS:  Yeah.  Then I cannot

8          answer the question without revealing privileged

9          conversations.

10         BY MS. GOODMAN:

11              Q.   And for the record -- and this is a yes

12         or no question -- have you received any direction

13         from anybody with respect to preserving documents

14         related to this litigation?

15                   MR. MCBIRNEY:  You can answer that yes

16         or no.

17                   THE WITNESS:  Yes.

18         BY MS. GOODMAN:

19              Q.   When did you receive such direction?

20              A.   I don't recall the exact time frame.

21         Earlier this year in 2023.

22              Q.   Was it before or after you learned about

23         this lawsuit?

24              A.   I don't recall.

25              Q.   Prior to this lawsuit, have you ever

FILED PURSUANT TO COURT ORDER DOC. 362

Page 89

```
 1          requested legal advice from the Department of
 2          Justice Antitrust Division?
 3               A.   No.
 4               Q.   Prior to learning about this lawsuit,
 5          have you ever requested legal advice from the
 6          Department of Justice Antitrust Division?
 7               A.   No.
 8               Q.   Since receiving instructions with
 9          respect to preserving documents related to this
10          litigation, have you deleted any documents on any
11          of your devices?
12               A.   Not to my knowledge.
13               Q.   So you've testified that VMLY&R is the
14          ad agency for the Navy; is that correct?
15               A.   That is correct.
16               Q.   And they have been the ad agency for the
17          Navy since, approximately, 2016.  Is that
18          accurate?
19               A.   They have been the ad agency since
20          approximately 2016, yes.
21               Q.   Okay.  And their contract with the Navy
22          was renewed or reentered into in 2021.  Is that
23          accurate?
24               A.   Yes, it was renewed in 2021.
25               Q.   Okay.  Other than the VMLY&R, is there
```

FILED PURSUANT TO COURT ORDER DOC. 362

1          any other agency -- ad agency engaged by the

2          Naval -- Navy Recruiting Command related to

3          advertising?

4                    MR. MCBIRNEY:  Objection; foundation.

5                    THE WITNESS:  Our contract is with

6          VMLY&R.  It's my understanding they have other

7          businesses and agencies that work with them.  But

8          our contract is with VMLY&R.

9          BY MS. GOODMAN:

10              Q.   And are you aware of any contract

11         between the Navy and any other ad agency related

12         to advertising?

13              A.   No.

14              Q.   Were you involved in the selection of

15         VMLY&R when their contract was renewed in 2021?

16                   THE WITNESS:  Am I allowed to discuss

17         contractual selection items?

18                   MR. MCBIRNEY:  You can answer that

19         question yes or no and we'll go from there.

20                   THE WITNESS:  Okay.  Can you ask that

21         question again?

22         BY MS. GOODMAN:

23              Q.   Were you involved in the selection of

24         VMLY&R when their contract was renewed in 2021?

25              A.   Yes.

FILED PURSUANT TO COURT ORDER DOC. 362

1          of the term Open Web Display Advertising?

2                    MR. MCBIRNEY:  Objection; foundation.

3          Asked and answered.

4                    THE WITNESS:  As I testified, I'm

5          familiar with the term; however, I don't know the

6          definition of Open Web Display Advertising.

7          BY MS. GOODMAN:

8              Q.   How are you familiar with the term Open

9          Web Display Advertising?

10             A.   I've -- I've seen the term.  But,

11         again, I -- I can't describe to you exactly the

12         definition of that.  But, in general terms, I

13         understand it to be, as stated earlier, Display

14         Advertising.

15         BY MS. GOODMAN:

16             Q.   Okay.  Where have you seen the term Open

17         Web Display Advertising?

18             A.   I can't recollect exactly where I saw

19         it.

20             Q.   Generally speaking, can you describe

21         anywhere you've seen the term Open Web Display

22         Advertising, such as in emails or documents

23         with your ad agency, on -- on other websites

24         discussing the advertising industry, any place

25         that you recall seeing that term?

FILED PURSUANT TO COURT ORDER DOC. 362

Page 210

1           MR. MCBIRNEY:  Object to form.

2           THE WITNESS:  Sitting here today, I -- I

3    cannot remember where I've seen that term.

4    BY MS. GOODMAN:

5       Q.   Do you recall ever seeing it in any

6    documents provided to you by VMLY&R?

7       A.   As mentioned a moment ago, I cannot

8    recall where I've seen the term.

9       Q.   And, thus, you don't know whether you've

10   seen it in any documents provided by VMLY&R,

11   correct?

12          MR. MCBIRNEY:  Objection.  Asked and

13   answered.  Mischaracterizes the testimony.

14          THE WITNESS:  Yeah.  As I -- as I

15   testified, I don't recollect where I've seen the

16   term.

17   BY MS. GOODMAN:

18      Q.   Okay.  Have you had any discussions

19   with anybody about the term Open Web Display

20   Advertising and what it means?

21      A.   Not to my knowledge.

22      Q.   Prior to the filing of this lawsuit

23   in January of 2023, were you aware of any

24   anticompetitive conduct on the part of Google

25   affecting Navy's advertising?

FILED PURSUANT TO COURT ORDER DOC. 362

Page 211

```
 1                    MR. MCBIRNEY:  You can answer that
 2          question to the extent it does not disclose
 3          communications with counsel.
 4                    THE WITNESS:  To my knowledge, no.
 5          BY MS. GOODMAN:
 6               Q.  And how about prior to this lawsuit,
 7          did you ever have any concerns in your capacity
 8          as the director of marketing for the Navy
 9          Recruiting Command that Google was engaging in
10          anticompetitive conduct related to digital
11          advertising?
12                    MR. MCBIRNEY:  Object to foundation.
13                    THE WITNESS:  Prior to this, I had no
14          knowledge of nor reason to suspect that of
15          Google.
16          BY MS. GOODMAN:
17               Q.  Prior to this lawsuit, did you have
18          ever -- did you ever have any concerns that
19          Google was engaging in any conduct that was
20          causing the Navy harm with respect to its digital
21          advertising?
22               A.  Sitting here today, I can -- I can think
23          of no reason to believe that.
24               Q.  You described Google, in fact, as a
25          partner of the Navy, right?
```

FILED PURSUANT TO COURT ORDER DOC. 362

```
 1                MR. MCBIRNEY:  Objection.  Assumes
 2        facts.
 3                THE WITNESS:  Oftentimes, a lot of the
 4        businesses that we use will be referred to as a
 5        partner if we're doing business with them, so
 6        I -- I may have referred to Google as a partner.
 7        BY MS. GOODMAN:
 8            Q.   Has Google helped the Navy with respect
 9        to recruiting more sailors to join?
10                MR. MCBIRNEY:  Objection; foundation.
11                THE WITNESS:  We have found lots of
12        value in many of the Google buys that we've done.
13        BY MS. GOODMAN:
14            Q.   And the Google buys that you've done
15        that you've found value in, does that relate to
16        YouTube buys?
17            A.   Yes.
18            Q.   Okay.  And how about with respect to
19        search?
20            A.   Yes.
21            Q.   Okay.  Can you describe in any more
22        detail the value that you have found in many of
23        the Google buys that the Navy has done?
24            A.   In particular, some of the YouTube
25        activations we've had have had extremely high
```

FILED PURSUANT TO COURT ORDER DOC. 362

Page 213

1          video completion rates.

2                Q.    Any other --

3                      THE VIDEOGRAPHER:  Counsel, the Zoom's

4          offline.

5                      MS. GOODMAN:  Let's take a break.

6                      MR. MCBIRNEY:  We're going to be here a

7          while.

8                      THE VIDEOGRAPHER:  The time is 5:07 p.m.

9          We're going off the record.

10                     (Recess taken.)

11                     THE VIDEOGRAPHER:  Time is 5:14 p.m.

12         We're on the record.

13         BY MS. GOODMAN:

14               Q.    Mr. Owens, can you describe any other

15         instances that the Navy has found value in any of

16         the Google buys that it has done?

17               A.    Paid search, as well.  We've found value

18         there.

19                     I don't have a list at the ready, but

20         -- but there's -- it's been on many occasions.

21               Q.    Can you approximate the number of

22         occasions that you've found value in Google buys

23         for the Navy?

24                     MR. MCBIRNEY:  Objection; foundation.

25                     THE WITNESS:  Yeah.  I -- I can't

FILED PURSUANT TO COURT ORDER DOC. 362

Page 214

1      provide an exact number or even a general number.

2      BY MS. GOODMAN:

3          Q.   Just many?

4          A.   Yes.

5          Q.   Has anybody at VMLY&R ever told you that

6      Google was engaging in anticompetitive conduct

7      with respect to digital advertising?

8          A.   No.

9          Q.   Did anybody at Wavemaker ever tell you

10     that Google was engaging in anticompetitive

11     conduct with respect to digital advertising?

12         A.   No.

13         Q.   Has anyone ever told you that Google is

14     engaging in anticompetitive conduct with respect

15     to digital advertising.

16             MR. MCBIRNEY:  I interpret that to mean

17     anyone other than the attorneys.  You can answer

18     to the extent --

19             MS. GOODMAN:  The question is the

20     question.

21             MR. MCBIRNEY:  Okay.  Well, then I would

22     instruct the witness not to answer to the extent

23     it requires divulging privileged communication.

24             THE WITNESS:  I'm going to listen to my

25     counsel --

FILED PURSUANT TO COURT ORDER DOC. 362

Page 219

```
 1              MR. MCBIRNEY:  And lack of foundation.
 2              THE WITNESS:  So the Navy has purchased
 3      display advertising via our contract with VMLY&R,
 4      and we've asked them to purchase that on our
 5      behalf.
 6      BY MS. GOODMAN:
 7         Q.   Okay.  But my question is did the
 8      Navy -- to your knowledge, as director of
 9      marketing for the Navy Recruiting Command and as
10      the Contracting Officer Representative, did the
11      Navy purchase any display advertising directly
12      -- not through VMYL&R or any other intermediary
13      -- did the Navy purchase any display advertising
14      directly from Google?
15              MR. MCBIRNEY:  Objection.  Asked and
16      answered.  Calls for a legal conclusion, and lack
17      of foundation.
18              THE WITNESS:  We have purchased our
19      marketing and advertising and media from Google,
20      as well as other companies, through our ad agency
21      contract.
22      BY MS. GOODMAN:
23         Q.   Okay.  You're -- sir, you're not
24      answering my question, which is whether you've
25      purchased any display advertising -- meaning when
```

FILED PURSUANT TO COURT ORDER DOC. 362

Page 220

1    I say you, the Navy, to your knowledge, have any

2    purchases been made directly, meaning between you

3    -- the Navy -- and Google, as the two parties to

4    the transaction, has Google -- has the Navy made

5    any purchases of display advertising directly

6    from Google?

7            MR. MCBIRNEY:  Objection.  Asked and

8    answered.  Calls for a legal conclusion.  Lack of

9    foundation.

10           THE WITNESS:  Yeah.  I'm -- I'm

11   not a lawyer, so I'm not certain of the legal

12   definition of "purchase directly."  But I can

13   tell you that, through our contract with VMLY&R,

14   we have asked them to purchase media on our

15   behalf from Google as well as other businesses.

16   BY MS. GOODMAN:

17       Q.  Okay.  What do you mean -- what do you

18   understand the term "purchase" to mean just in

19   ordinary use?

20       A.  I would define "purchase" as an exchange

21   of resources for a good or service.

22       Q.  Okay.  What do you understand the term,

23   in ordinary use, "directly" to mean?

24           MR. MCBIRNEY:  Objection.  Calls for a

25   legal conclusion in this context.

FILED PURSUANT TO COURT ORDER DOC. 362

Page 221

1          BY MS. GOODMAN:

2              Q.   I'm asking for the plain language,

3          ordinary meaning, that you, Mr. Owens, understand

4          the term "directly" to mean?

5                   MR. MCBIRNEY:   Same objections, and

6          vague.

7                   THE WITNESS:   Can I answer the question?

8                   MR. MCBIRNEY:   You can answer if you

9          can, yeah.

10                  THE WITNESS:   I would think -- I would

11         understand directly to mean either -- I mean,

12         between two parties.

13         BY MS. GOODMAN:

14             Q.   Okay.   So with your under -- with the

15         definitions that you've provided, based on your

16         ordinary understanding of these words of the term

17         "purchase" and "directly," I'm going to ask you a

18         series of questions, and I would ask you to

19         please give me a yes or no answer.

20                  Did the Navy purchase any display

21         advertising directly from Google?

22                  MR. MCBIRNEY:   Objection.   Asked and

23         answered.   Calls for a legal conclusion.   Lack of

24         foundation.

25                  THE WITNESS:   The Navy purchased

FILED PURSUANT TO COURT ORDER DOC. 362

Page 222

1          advertising from Google via our contract with

2          VMLY&R.

3          BY MS. GOODMAN:

4              Q.   So, no, the Navy did not purchase

5          anything directly from Google, correct?

6                    MR. MCBIRNEY:  Objection.  Asked

7          and answered.  Calls for a legal conclusion.

8          Mischaracterizes the witness's testimony.

9                    THE WITNESS:  Yeah.  That was not

10         my testimony.  My testimony is that the Navy

11         purchased advertising from Google via our

12         contract with VMLY&R.

13         BY MS. GOODMAN:

14             Q.   Using your term -- your understanding

15         of the term "directly"; that is, between two

16         parties, I'll ask you a series of questions.

17                    Was there any transaction between the

18         Navy and Google for the purchase of display

19         advertising, --

20                    MR. MCBIRNEY:  Objection.  Asked --

21         BY MS. GOODMAN:

22             Q.   -- that you are aware of.

23                    MR. MCBIRNEY:  Objection.  Asked and

24         answered.  Lack of foundation.  Calls for a legal

25         conclusion.

FILED PURSUANT TO COURT ORDER DOC. 362

Page 223

1          THE WITNESS:  Our purchase was from

2     Google via our contract with VMLY&R.

3     BY MS. GOODMAN:

4          Q.   You have no other answer that you can

5     provide to my questions?

6          MR. MCBIRNEY:  Objection; argumentative.

7          THE WITNESS:  Well, without knowing what

8     your other questions are, I can't --

9     BY MS. GOODMAN:

10         Q.   I'm asking whether you can answer my

11    question in a yes or no manner, and, if you

12    cannot, why you are unable to answer it in a yes

13    or no manner based on the definitions in your

14    understanding of the term "purchase" and of the

15    term "directly."

16         MR. MCBIRNEY:  Objection.

17    Argumentative.  Harassment.

18         THE WITNESS:  It's my understanding that

19    I should have the ability to provide complete

20    answers, --

21    BY MS. GOODMAN:

22         Q.   Mm-hmm.

23         A.   -- and I don't want my answer to be

24    mischaracterized, so that's why I'm -- I'm being

25    complete.

FILED PURSUANT TO COURT ORDER DOC. 362

Page 224

1          In order for me to certify invoices

2     for payment, I have to see what went where, so

3     that includes what went to Google, what went to

4     Facebook, et cetera.  So our purchases are from

5     those entities, but it's via our contract with

6     VMLY&R.

7          Q.  And you don't send dollars directly to

8     Google, correct?

9          MR. MCBIRNEY:  Objection.  Calls for

10     legal conclusion.  Asked and answered.  Lack of

11     foundation.

12    BY MS. GOODMAN:

13         Q.  Do you ever write a check or issue a

14     payment via electronic bank transfer from a Navy

15     account to Google?

16         MR. MCBIRNEY:  Objection; vague.

17     Foundation.

18         THE WITNESS:  We pay for our purchases

19     from various vendors through our contract with

20     the agency.

21    BY MS. GOODMAN:

22         Q.  And so when you need to pay Google, you

23     don't pay Google directly.  Rather, you pay

24     VMLY&R, correct?

25         MR. MCBIRNEY:  Objection.  Asked and

FILED PURSUANT TO COURT ORDER DOC. 362

Page 225

1          answered.  Calls for a legal conclusion.

2                    THE WITNESS:  As I stated, when we are

3          paying for the services that we have purchased

4          from various vendors, we pay it through our

5          invoicing setup with VMLY&R.

6     BY MS. GOODMAN:

7          Q.    And, thus, there is a step in between

8          you -- meaning the Navy -- and Google in this

9          scenario, where the money goes, correct?

10                   MR. MCBIRNEY:  Objection.  Calls for

11         legal conclusion.  Asked and answered.  Lack of

12         foundation.

13                   THE WITNESS:  We pay for our goods

14         and our services procured from Google via the

15         contract with VMLY&R.

16    BY MS. GOODMAN:

17         Q.    All right.  Well, Mr. Owens, I can see

18         that you're unwilling to answer the questions as

19         posed, and I'll reserve my rights to bring you

20         back to answer these questions.  Because you are

21         not providing an answer that is responsive to the

22         question, and that is your duty to do when you

23         are here testifying under oath.

24                   MR. MCBIRNEY:  And for the record,

25         the government strongly disagrees with that

FILED PURSUANT TO COURT ORDER DOC. 362

Page 280

1                    C E R T I F I C A T E

2

3             I do hereby certify that I am a Notary

4        Public in good standing, that the aforesaid

5        testimony was taken before me, pursuant to

6        notice, at the time and place indicated; that

7        said deponent was by me duly sworn to tell the

8        truth, the whole truth, and nothing but the

9        truth; that the testimony of said deponent was

10       correctly recorded in machine shorthand by me and

11       thereafter transcribed under my supervision with

12       computer-aided transcription; that the deposition

13       is a true and correct record of the testimony

14       given by the witness; and that I am neither of

15       counsel nor kin to any party in said action, nor

16       interested in the outcome thereof.

17

18             WITNESS my hand and official seal this

19       17th day of August, 2023.

20

21

22                            Notary Public

23

24

25

FILED PURSUANT TO COURT ORDER DOC. 362

Page 281

1   Jimmy McBirney, Esq.

2   jimmy.mcbirney@usdoj.gov

3                       August 17, 2023

4   RE:    United States, Et Al v. Google, LLC

5      8/15/2023, Allen Owens (#6037511)

6      The above-referenced transcript is available for

7   review.

8      Within the applicable timeframe, the witness should

9   read the testimony to verify its accuracy. If there are

10  any changes, the witness should note those with the

11  reason, on the attached Errata Sheet.

12     The witness should sign the Acknowledgment of

13  Deponent and Errata and return to the deposing attorney.

14  Copies should be sent to all counsel, and to Veritext at

15  erratas-cs@veritext.com

16

17   Return completed errata within 30 days from

18  receipt of testimony.

19    If the witness fails to do so within the time

20  allotted, the transcript may be used as if signed.

21

22          Yours,

23          Veritext Legal Solutions

24

25

FILED PURSUANT TO COURT ORDER DOC. 362

Page 282

1   United States, Et Al v. Google, LLC

2   Allen Owens (#6037511)

3                  E R R A T A   S H E E T

4   PAGE_____ LINE_____ CHANGE_____

5   _____

6   REASON_____

7   PAGE_____ LINE_____ CHANGE_____

8   _____

9   REASON_____

10  PAGE_____ LINE_____ CHANGE_____

11  _____

12  REASON_____

13  PAGE_____ LINE_____ CHANGE_____

14  _____

15  REASON_____

16  PAGE_____ LINE_____ CHANGE_____

17  _____

18  REASON_____

19  PAGE_____ LINE_____ CHANGE_____

20  _____

21  REASON_____

22

23  _____     _____

24  Allen Owens                          Date

25

FILED PURSUANT TO COURT ORDER DOC. 362

Page 283

1    United States, Et Al v. Google, LLC

2    Allen Owens (#6037511)

3              ACKNOWLEDGEMENT OF DEPONENT

4      I, Allen Owens, do hereby declare that I

5    have read the foregoing transcript, I have made any

6    corrections, additions, or changes I deemed necessary as

7    noted above to be appended hereto, and that the same is

8    a true, correct and complete transcript of the testimony

9    given by me.

10

11   _____    _____

12   Allen Owens                         Date

13   *If notary is required

14                    SUBSCRIBED AND SWORN TO BEFORE ME THIS

15   _____ DAY OF _____, 20___.

16

17

18                    _____

19                    NOTARY PUBLIC

20

21

22

23

24

25

FILED PURSUANT TO COURT ORDER DOC. 362

Federal Rules of Civil Procedure

Rule 30

(e)  Review By the Witness; Changes.

(1)  Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A)  to review the transcript or recording; and

(B)  if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2)  Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

DISCLAIMER:  THE FOREGOING FEDERAL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF APRIL 1, 2019.  PLEASE REFER TO THE APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

FILED PURSUANT TO COURT ORDER DOC. 362

VERITEXT LEGAL SOLUTIONS

COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the
foregoing transcript is a true, correct and complete
transcript of the colloquies, questions and answers
as submitted by the court reporter. Veritext Legal
Solutions further represents that the attached
exhibits, if any, are true, correct and complete
documents as submitted by the court reporter and/or
attorneys in relation to this deposition and that
the documents were processed in accordance with
our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining
the confidentiality of client and witness information,
in accordance with the regulations promulgated under
the Health Insurance Portability and Accountability
Act (HIPAA), as amended with respect to protected
health information and the Gramm-Leach-Bliley Act, as
amended, with respect to Personally Identifiable
Information (PII). Physical transcripts and exhibits
are managed under strict facility and personnel access
controls. Electronic files of documents are stored
in encrypted form and are transmitted in an encrypted

fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.

FILED PURSUANT TO COURT ORDER DOC. 362