IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:23-cv-00108-LMB-JFA |
| | ) |
| GOOGLE LLC, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER PREVENTING GOOGLE FROM DEPOSING COUNSEL FOR THE UNITED STATES**

Google's response proceeds from the assumption that the United States somehow seeks special or distinct treatment under the relevant rules of discovery based on its status as a government enforcer. This is a false premise. The issue before the Court is whether litigation counsel for the United States is entitled to the same protections as other attorneys, and the answer is yes. Nevertheless, Google persists in its attempt to depose opposing counsel without accounting for why that "disfavor[ed]" step is appropriate here, any more than it would be appropriate for the United States to notice a 30(b)(6) deposition of Google's counsel who authored its response brief. *See Navient Solutions, LLC v. Law Offices of Jeffrey Lohman, P.C.*, 2020 WL 6379233, *4 (E.D. Va. Sept. 4, 2020). *First* (and most importantly), Google's entire response is wrong about the governing legal framework for this motion: Google bears the burden to show that a deposition of United States' counsel is appropriate. *See, e.g., N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85 (M.D.N.C. 1987).

Google's failure to apply the governing law undermines the remainder of its arguments because they start from the assumption that Google is entitled to depose United States' counsel as a matter of course, and the only thing left to decide is the scope. That is not the law; Google

needed to show that "(1) no other means exist to obtain the information than to depose opposing counsel . . .; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Navient Solutions*, 2020 WL 6379233, *4 (quoting *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986)). Even if Google had made that showing, it would only be entitled to access fact work product, and not opinion work product. *E.I. Dupont de Nemours & Co. v. Kolon Indus.*, 269 F.R.D. 600, 609 (E.D. Va. 2010) ("A showing of substantial need allows access only to fact work product; opinion work product is not available under a showing of substantial need."). In any event, Google has not made this showing, and the Court should grant the United States' motion for a protective order on this basis alone.

*Second*, Google's intended deposition topics necessarily implicate protected work product, and mostly opinion work product at that, because Google seeks to probe attorneys' memories and mental impressions of interviews that occurred months, and even years, ago. *See In re Grand Jury Subpoena*, 870 F.3d 312, 317 (4th Cir. 2017) (holding that "a lawyer's recollection of a witness interview constitutes opinion work product"). Google resorts to the incantation of terms like "factual matters," Google Resp. Br., ECF No. 359 ("Resp. Br.") at 8, "testimony about the factual basis," *id.* at 9, and a promise to "take great care to elicit only facts," *id.* at 15, to suggest that its deposition of United States' counsel would not invade attorney work product. But it never explains—in practice—how it proposes to accomplish a deposition of opposing litigation counsel on these topics without invading counsel's thought processes and mental impressions. Google's omission suggests that it has no real gameplan— because a viable one does not exist—other than to put opposing counsel under oath and see what happens. Even if Google had applied the correct governing law to this motion, and then met the

standards imposed by that law, the Court should still issue a protective order due to Google's failure to articulate a sensible plan for how it would depose the United States' counsel without persistently invading opinion work product.

*Finally*, the Court should decline Google's invitation to leave open the question of whether the United States' counsel can or should be deposed on certain topics that are also referenced in the pending Motion for Judgment on the Pleadings. Resp. Br. at 3. The present motion seeks the Court's intervention to terminate—completely—Google's "harassing" attempt to depose opposing counsel.[1] *See Shelton*, 805 F.2d at 1330. Whether certain topics are impermissible for additional, separate reasons is a question for another day.

## ARGUMENT

### A. Google bears the burden to show a basis for deposing opposing counsel, and it has not even tried to meet that burden.

Google devotes substantial verbiage to the (undisputed) proposition that the United States is subject to ordinary discovery tools, including Rule 30(b)(6) depositions. *See* Resp. Br. at 5-8. The United States agrees, as it has been responding to discovery requests throughout this litigation and has assented—without this Court's intervention—to Rule 30(b)(6) depositions of *all eight* Federal Agency Advertisers. Google has already conducted Rule 30(b)(6) depositions of the Center for Medicare and Medicaid Services and the Department of Veterans Affairs, and there are six more such depositions still to come in the near future.

This motion is only about whether Google can depose the United States' *counsel*, a different matter entirely. Google does not contest that it is seeking a deposition of counsel for

---

[1] Google's response brief refers to "the United States' rhetoric about 'harassing' discovery practices," Resp. Br. at 5, but the United States was quoting verbatim a United States Circuit Court of Appeals' view of the practice of "deposing opposing counsel (unless that counsel's testimony is crucial and unique)." *See Shelton*, 805 F.2d at 1330.

topics 29, 31, 33, 34, 36-39, and 41. *See* Resp. Br. 3, 13-15. It just fails to make any attempt to meet its burden to obtain such a deposition.

> **1. Google bears the burden to show a basis for deposing opposing counsel, and even then it can only gain access to fact work product, not opinion work product.**

A party facing an attempt to depose its counsel is presumptively entitled to a protective order. *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85 (M.D.N.C. 1987); *accord McAirlaids, Inc. v. Kimberly-Clark Corp.*, 2014 WL 12782815, *3 (W.D. Va. Oct. 29, 2014). The burden is on the party seeking the deposition of counsel to show why this irregular tactic should be permitted, by satisfying the three-part test set forth in *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986). *Navient Solutions,* 2020 WL 6379233, at *4. Even after satisfying that standard, there is no right of access to opinion work product. *In re Doe*, 662 F.2d 1073, 1076 n.2 (4th Cir. 1981); *Kolon Indus.*, 269 F.R.D. at 609.

Google's argument for a different standard other than *Shelton* lacks merit for two reasons. *See* Resp. Br. at 13-15. First, Google does not confront (or even cite) the above authority from within this Circuit establishing that the United States is presumptively entitled to a protective order to prevent the deposition of its counsel.

Second, Google starts its analysis by asserting that "the Fourth Circuit has not adopted the *Shelton* rule." *Id.* at 13. For all practical purposes, that is incorrect. While there is no Fourth Circuit case directly on point, counsel for the United States has located five cases in the *Eastern District of Virginia alone* that have applied *Shelton* as the governing legal framework, and none in this District going the other way. *See Ford Motor Co. v. Nat'l Indem. Co.*, 2013 WL 3831438, at *2 (E.D. Va. July 23, 2013) (observing that "district court decisions within the circuit rather uniformly have followed the *Shelton* standard," collecting cases, and noting further that the

4

"*Shelton* standard has been adopted by the First, Fifth, Sixth and Tenth Circuits"); *Found. to Support Animal Protection v. Vital Farms, Inc.*, 2023 WL 3446200, at *8 (E.D. Va. April 3, 2023) (quashing Rule 45 subpoena for opposing counsel's litigation file); *Navient Solutions,* 2020 WL 6379233, at *4; *Asghari-Khamrani v. U.S. Auto. Ass'n*, 2017 WL 553402, at *6 (E.D. Va. Jan. 20, 2017); *Moody v. City of Newport New, Va.*, 2016 WL 9000275, at *1 (E.D. Va. Jan. 20, 2016); *accord McAirlaids,* 2014 WL 12782815, at *3 (noting that the rule "has been uniformly followed by courts within the Fourth Circuit"). Google posits that the approach adopted by the Second Circuit in *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 71-72 (2d Cir. 2003) would be better for this case. Resp. Br. at 13. But this suggestion has already been rejected by another judge in this District. *See Ford Motor Co.*, 2013 WL 3831438, at *2, n.5 ("That test [in *Dennis Friedman*] is not as well-reasoned or as properly focused as *Shelton*, and the Court declines to follow it.").

      Google cites only two district court cases from within the Fourth Circuit—but outside the Eastern District of Virginia—that purport to disagree with the *Shelton* standard. Resp. Br. at 13-14. As explained above, these cases do not reflect the consensus in this District or this Circuit and are distinguishable in any event. In *Buyer's Direct Inc. v. Belk, Inc.*, 2012 WL 3278928, *3 (E.D.N.C. Aug. 10, 2012), the plaintiff was not seeking to depose opposing trial or litigation counsel, unlike here. Instead, the attorney whom plaintiff sought to depose had personal involvement in and personal knowledge of the scheme that was the subject of the lawsuit. *Id.* at *2. The court also noted that the specific attorney whom plaintiffs sought to depose was "the only witness with the information sought," and the testimony sought was unrelated to litigation strategy. *Id.* at 3. Those circumstances stand in sharp contrast to Google's attempts to obtain 30(b)(6) testimony of opposing counsel who are not witnesses to the events alleged in the

Amended Complaint. And, as explained below, Google's proposed deposition topics go directly to litigation strategy and other forms of opinion work product. Google is not seeking to depose counsel for the United States as a percipient witness to Google's conduct in a circumstance where counsel is the "only witness with the information sought." *Cf. id.* at *2-3.

Similarly, in *Smith v. City of Greensboro*, 2021 WL 10280229, at *4 (M.D.N.C. Aug. 2, 2021), the plaintiff sought to depose a specific attorney who, unlike here, was neither trial nor litigation counsel for the defendant. While the court declined to apply the *Shelton* framework to that situation, it nonetheless denied the plaintiff's motion to compel the deposition on grounds of burden and its limited relevance to the case. *Id.* at *6.

> **1. Even if Google sought only fact work product, it has not shown that the information sought could not be obtained by other means or that it is "crucial" to the preparation of its case.**

Having refused to apply the *Shelton* framework, Google has not satisfied its three-part test. Google's brief fails to explain why the information sought in its nine deposition topics cannot be obtained through other means, is relevant and non-privileged, and is "crucial" to its preparation of its case. *See Navient Solutions*, 2020 WL 6379233, *4. To the extent Google is seeking information about various communications, as referenced in topics 29, 31, 36, and 37,[2] the United States produced over 120,000 pages of communications with third parties and millions of pages of third-party documents, as mentioned in the opening brief. Mem. Supp. Mot. Protective Order, ECF No. 322, at 11. Google does not explain why it would need to question opposing counsel, particularly in a Rule 30(b)(6) capacity, about voluminous communications that have already been produced in their original form.

---

[2] Google says nothing about topics 31, 37, or 38, other than that the Court should decline to address them here. Resp. Br. at 3. Google is wrong for the reasons set forth in Section C, *infra*.

Google's treatment of the other proposed topics is similarly deficient. If Google was dissatisfied with the answers to interrogatories that it received on market share, Resp. Br. at 11-12, it could have moved to compel an additional response. As reflected in the exhibit attached to Google's brief, Google served those interrogatories on Plaintiffs on July 5, 2023, Resp. Br. Ex. A, nearly two months ago (but also roughly three months after the start of fact discovery, which is notable given Google's assertions about the importance of this information). A deposition of opposing counsel is not available for the taking simply because a litigant would prefer to question opposing counsel rather than pursue written discovery. *See, e.g.*, *Ford Motor Co.*, 2013 WL 3831438, at *2. Google similarly asserts that it wants to question opposing counsel about interrogatory responses and requests for admission, as well as the "equitable remedies" the United States seeks, based only on an assertion of relevance, but no showing of necessity. *See* Resp. Br. at 8-12/

If all it took to depose opposing counsel during litigation was an assertion of relevance equivalent to what Google has set forth here, Resp. Br. at 5-13, every litigant would depose opposing counsel in every case. This District rightly applies the *Shelton* rule to prevent the needless proliferation of discovery battles and litigation delays that would result if every civil action included dueling attempts to depose the other side's lawyers. *See Shelton*, 805 F.2d at 1330 (criticizing the practice of deposing counsel in part because it "prolongs and increases the costs of litigation").

### 2. In any event, Google is seeking opinion work product, entitled to absolute protection from disclosure.

Google's failure to satisfy the *Shelton* test is only one of two significant defects in its attempt to depose the United States' litigation counsel. Even if Google had satisfied the *Shelton* requirements, its proposed deposition topics would still be improper because they seek opinion

7

work product, which "enjoys a nearly absolutely immunity and can be discovered only in very rare and extraordinary circumstances." *See In re Grand Jury Subpoena*, 870 F.3d 312, 316 (4th Cir. 2017); *accord Nat'l Union Fire Ins. Co. v. Murray Sheet Metal Co.*, 967 F.2d 980, 983 (4th Cir. 1992) (observing that Federal Rule of Civil Procedure 26 protects "absolutely the 'mental impressions, conclusions, opinions, [and] legal theories . . . concerning the litigation" (quoting Fed. R. Civ. P. 26(b)(3)).

Any meaningful testimony about topics 33, 34, 39, and 40, about the United States' responses to interrogatories and requests for admission, its market share calculations, and the remedies it seeks, is necessarily going to be about counsel's litigation strategy and mental processes, because counsel will have to explain the mental impressions, thought processes, and legal theories connected with preparing these discovery responses and marshaling evidence to arrive at certain market share figures and seek certain remedies. These types of testimony are core examples of opinion work product. *See Nat'l Union Fire Ins. Co.* 967 F.2d 980, 983-84. Google does not explain otherwise in its response brief, but rather asserts without support that it will only ask about facts.

Google's intended questioning about communications with third parties, referenced in topics 29, 31, 36, and 37, is equally problematic, but for a slightly different reason.[3] The United States already produced written third-party communications to Google, so the only remaining questions about third-party communications would necessarily be about counsel's recollections

---

[3] Google also makes no argument in support of topic 38, which on its face seeks privileged information and opinion work product in the form of "advice [and] recommendations" about ethics and recusal matters, among other things. Mem. Supp. Mot. Protective Order, ECF No. 322, at 5. To the extent Google would theoretically be entitled to a subset of the information in this topic in any format, it cannot justify a deposition of opposing counsel to obtain this information.

8

or impressions about a communication that was not recorded or transcribed, or counsel's impressions about a communication that *was* written down and is already in Google's possession. The Fourth Circuit has foreclosed exactly this type of questioning, holding that "[i]t does not matter whether an attorney draws on her memories, as opposed to written notes, in recalling what was said; the opinion-work-product privilege offers increased protection to both sources because both require disclosure of the attorney's mental processes." *In re Grand Jury Subpoena*, 870 F.3d 312, 317 (4th Cir. 2017) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 399-400 (1981)); *see also Hickman v. Taylor*, 329 U.S. 495, 513 (1947) (stating that "no legitimate purpose" is served by a practice that "forces the attorney to testify as to what he remembers or what he saw fit to write down regarding witnesses' remarks").

### 3. Google's cases about deposing investigative agencies do not help its position.

The cases Google cites about depositions of investigative agencies either support the United States' position or are inapposite. *See* Resp. Br. at 6-8 & n.3. In *EEOC v. McCormick & Schmick's*, 2010 WL 2572809, at *5 (D. Md. June 22, 2010), the court *granted* the EEOC's motion for a protective order, finding that the defendant's attempt to obtain Rule 30(b)(6) testimony from the EEOC "on [its] face s[ought] attorney work product," and that "the attendant objections as to individual questions during the deposition on attorney-client privilege and work product grounds would likely involve recourse to this Court and a significant burden on this Court's time that would be lessened by other means of discovery." The concerns and reasoning outlined in *McCormick & Schmick's* apply equally here. The *McCormick & Schmick's* court also helpfully collects a lengthy list of cases from around the country precluding a Rule 30(b)(6) deposition of the SEC. *See id.* at *3-4. Combined with the additional cases cited in the United

9

States' opening brief, they consign the three SEC cases cited by Google (each discussed below) to outlier status.

Even if they were not outliers, the SEC cases cited by Google are inapposite. Neither *SEC v. Kramer*, 778 F. Supp. 2d 1320, 1327 (M.D. Fla. 2011), nor *SEC v. Merkin*, 283 F.R.D. 689, 697 (S.D. Fla. 2012) apply or mention the *Shelton* test, and do not engage in any meaningful analysis of work product protections. They also both originate from outside the Fourth Circuit, and the ruling in *Merkin* relies primarily on *Kramer*. *SEC v. McCabe*, 2015 WL 2452937, at *3-4 (D. Utah May 22, 2015), which similarly comes from outside this Circuit, makes no mention of *Shelton*, and engages in no analysis of work product protections whatsoever.

That leaves only *United States v. Newman*, 531 F. Supp. 3d 181, 191-93 (D.D.C. 2021), which offers a helpful contrast to this case. There, a criminal defendant sought to depose a *specific* Justice Department attorney—not through Rule 30(b)(6). And the information sought was pre-litigation communications *between the defendant and that attorney* in an effort to obtain "evidence concerning the location and custody" of certain boxes that purportedly contained evidence relevant to the case. *Id.* at 193. Put differently, the defendant in *Newman* was seeking to depose a particular attorney in her capacity as a percipient witness to relevant events that predated the litigation and had nothing to do with litigation strategy or other work product. *Newman* is thus no help to Google's attempts to probe opposing counsel's mental processes about core aspects of this litigation.

> **B.    The Court Can and Should Grant Full Relief to the United States in Ruling on this Motion.**

Google asserts that topics 31, 37, and 38 of its Rule 30(b)(6) notice, *see* United States Mem. Supp. Mot. Protective Order, ECF No. 322, at 4-5, "are already at issue before the District Judge" and therefore should not be considered as part of this motion. Google's assertion is

incomplete, and misleading as a result. It is correct that Plaintiffs filed a Motion for Partial Judgment on the Pleadings on August 18, and that motion seeks a protective order in the alternative. ECF No. 318, at 22-28. That motion concerns the viability of two of Google's affirmative defenses. *See generally id*. If the Court grants either of the forms of relief sought in that motion, discovery on Google's selective enforcement and due process defenses would not proceed. Among the many forms of discovery that would be prevented would be topics 31, 37, and 38 of Google's Rule 30(b)(6) notice.

But Google's attempt to depose United States counsel on topics 31, 37, and 38 is improper for two independent reasons. Not only are those topics premised on defective affirmative defenses, but Google is also improperly seeking to gain the information through deposing the United States' litigation counsel rather than pursuing written discovery. Google does not get to pick and choose which of those reasons are considered by the Court. Both reasons should be considered by the Court, in the context of the appropriate motion. By asking this Court to ignore topics 31, 37, and 38, Google is seeking to preserve for itself a chance to *still* depose the United States' counsel on some topics, even if this Court determines that a deposition of opposing counsel is improper. The Court should not give Google the option of making an end-run around an unfavorable ruling on this motion, if the Court finds that such a ruling is appropriate.

## CONCLUSION

The United States respectfully requests that the Court enter a protective order preventing Google from conducting a Rule 30(b)(6) deposition of a representative of the Department of Justice, Antitrust Division in this matter.[4]

Dated: August 31, 2023

Respectfully submitted,

JESSICA D. ABER
United States Attorney

/s/ Gerard Mene
GERARD MENE
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3777
Facsimile: (703) 299-3983
Email: Gerard.Mene@usdoj.gov

/s/ Julia Tarver Wood
JULIA TARVER WOOD
/s/ Aaron Teitelbaum
AARON M. TEITELBAUM

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077
Fax: (202) 616-8544
Email: Julia.Tarver.Wood@usdoj.gov

Attorneys for the United States

---

[4] As of the date of this reply brief, Google still has not complied with the Department of Justice's *Touhy* regulations at 28 C.F.R. § 16.21, et seq. Even if the United States' motion for a protective order is denied, such compliance is necessary before Google can obtain testimony from a Department of Justice representative. *See generally id.*