IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 1:23-cv-00108-LMB-JFA |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO TAKE CERTAIN DEPOSITIONS OUT OF TIME AND FOR OTHER RELIEF [ECF NO. 340]**

Pursuant to the Court's August 31, 2023 Order, at ECF No. 363, the only unresolved matter raised by Plaintiff's Motion to Take Certain Depositions Out of Time and for Other Relief, ECF No. 340, is whether the Defendant, Google, will be permitted to delay scheduling a duly-noticed Google witness for deposition in order to deny Plaintiffs the ability to use that deposition as permitted under the Court's Discovery Coordination Order. ECF No. 251.

On August 3, 2023, more than one month before the close of fact discovery in this case, the MDL Plaintiffs, who are subject to this Court's Discovery Coordination Order, noticed a deposition of a Google employee who serves as the Engineering Director of the Google Ad Manager product, the heart of Google's ad technology suite that is central to this litigation. Pursuant to the Discovery Coordination Order, this deposition was noticed three-weeks in advance of its scheduled date, with notice provided to all Parties in this case, including Plaintiffs. Coordination Order ¶ 3(b).

There is no question that this deposition of a key Google witness was ***noticed*** during the Coordinated Discovery Period. Coordination Order ¶ 1(c) (defining "Coordinated Discovery Period" to mean the time period after the Deadline for Substantial Completion of Document Production in the Virginia Case and before the Fact Discovery Cutoff in the Virginia Case). The

notice was sent during the period of time while fact discovery was underway in this case, and with (more than) three-weeks' advanced notice to the witness and all parties, including Plaintiffs. The only question left for this Court to answer is whether Google can unilaterally **refuse to seat** the witness for a deposition during the Coordinated Discovery Period in order to deprive Plaintiffs of the ability to use that deposition as the Coordination Order provides.

The Court should grant Plaintiffs' motion and permit Plaintiffs to make full use of this deposition, as if it had occurred on or before September 8, 2023.

### The Coordination Order Litigation Supports Plaintiffs' Position

The Coordination Order governing this case and the MDL, *see* ECF No. 251, permits Plaintiffs in this case to use a deposition transcript taken in the MDL for all purposes, as long as the deposition occurs on or before September 8, 2023. Coordination Order ¶ 3.f. While Plaintiffs in this action did not elect to use one of their limited party-deposition slots to cross-notice the deposition, the Plaintiffs did so with the reasonable expectation that because the deposition was duly noticed *more than one month* before the close of fact discovery in this case, the deposition would occur on or before September 8, 2023, and Plaintiffs would be able to use the deposition as if it had been taken in this case.

Contrary to Defendant's argument, that decision by Plaintiffs was not inappropriate or an attempt by Plaintiffs to evade this Court's imposition of a limit of ten party depositions per side. Indeed, Plaintiffs are not asking to, and would not have been able to, examine the witness at the deposition, without using one of the Plaintiffs' ten party deposition slots. That said, Plaintiffs had negotiated, at great length, a detailed Coordination Order to govern discovery in this case and the related MDL case. Much of that Coordination Order undeniably inures to Google's benefit. Nonetheless, in exchange for the substantial benefits rendered to Google in that Order, Plaintiffs

2

sought, and obtained, an Order from this Court that depositions taken during the Coordinated Discovery Period should be available for use by either side as if they had been taken during the discovery period. Coordination Order ¶ 3(f).

The Court should not permit Google to deprive Plaintiffs of this bargained-for benefit of the Coordination Order. During the litigation and negotiations over the substance of the Coordination Order, Plaintiffs consistently took the position that the Coordination Order should benefit all parties, and not just Google. *See, e.g.*, ECF No. 174, at 2-6. By contrast, with respect to disputed issues, Google sought a version of the Coordination Order that gave Google, and only Google, the full benefit of coordination.[1] Here, Google seeks to capitalize on its unique position as a party in both cases to try to gain a tactical advantage over Plaintiffs by refusing to seat its employee within a reasonable time frame, in order to deprive Plaintiffs of their bargained-for right to use the deposition as if it had been taken during the Coordinated Discovery Period. Google, not Plaintiffs, is trying to use this Court's rulings regarding depositions and discovery to gain a windfall.

---

[1] For example, Google took the position that documents and data produced in the MDL after the close of fact discovery in this case should be usable in this case without limitation. ECF No. 166, at 6-7. Plaintiffs argued that such documents and data should only be usable here for impeachment purposes, and only if produced to Plaintiffs within 14 days of receipt in the MDL. ECF No. 174, at 2. In effect, Google sought one-sided control over what documents and data would be usable in this case, based on its ability to access its own documents and data at will. The Court rejected Google's position and adopted Plaintiffs' position but left open the possibility of exceptions by order of the Court upon good cause shown. ECF No. 201, at 4.

3

**Google Overstates the Breadth of the Relief Sought by Plaintiffs**

Contrary to what Google suggests, Plaintiffs are not seeking a blanket ruling from the Court that any deposition noticed in the MDL on or before September 8, 2023, should be usable for all purposes in this case. As Google well knows, there is only one such deposition that was duly noticed during the period of Coordinated Discovery for which Google refuses to timely sit its witness. The last date during the Coordinated Discovery Period to provide a proposed witness (and all parties) three weeks' notice of a deposition (as the Coordination Order requires) was August 18, 2023 (three weeks before the fact discovery cutoff of September 8, 2023). Plaintiffs are thus asking for relief on a single deposition, noticed over a month before the close of fact discovery. It was reasonable for Plaintiffs to expect that Google would accommodate a deposition noticed on August 3, 2023, before September 8, 2023.

Google points to the absence of plain language in the Coordination Order entitling Plaintiffs to this relief, but that is why Plaintiffs are filing this motion. Regrettably, plain language to cover this possibility was not included in the draft Coordination Order because Plaintiffs did not anticipate that Defendant would engage in these self-serving tactics with respect to the scheduling of its witnesses for deposition. That said, the litigation preceding entry of the Coordination Order supports Plaintiffs' position, not Google's, as explained above.

## CONCLUSION

Plaintiffs respectfully request that the Court grant this motion and permit them to make full use of the deposition of the above-described Google employee, regardless of when it occurs, in the same manner as if it had taken place on or before September 8, 2023.

Dated: August 31, 2023

Respectfully submitted,

| | |
|---|---|
| JESSICA D. ABER<br>United States Attorney | JASON S. MIYARES<br>Attorney General of Virginia |
| /s/ Gerard Mene<br>GERARD MENE<br>Assistant U.S. Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3777<br>Facsimile: (703) 299-3983<br>Email: Gerard.Mene@usdoj.gov | /s/ Andrew N. Ferguson<br>ANDREW N. FERGUSON<br>Solicitor General<br>STEVEN G. POPPS<br>Deputy Attorney General<br>TYLER T. HENRY<br>Assistant Attorney General |
| /s/ Julia Tarver Wood<br>JULIA TARVER WOOD<br>/s/ Aaron M. Teitelbaum<br>AARON M. TEITELBAUM<br><br>United States Department of Justice<br>Antitrust Division<br>450 Fifth Street NW, Suite 7100<br>Washington, DC 20530<br>Telephone: (202) 307-0077<br>Fax: (202) 616-8544<br>Email: Julia.Tarver.Wood@usdoj.gov<br><br>Attorneys for the United States | Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us<br><br>Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia |