# EXHIBIT 24

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES, *et al.*<br><br>*Plaintiffs,*<br><br>v.<br><br>GOOGLE LLC<br><br>*Defendant.* | No: 1:23-cv-00108-LMB-JFA |

**NON-PARTY MICROSOFT CORPORATION'S RESPONSES AND OBJECTIONS TO GOOGLE LLC'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure and Local Civil Rule 26, non-party Microsoft Corporation ("Microsoft"), by and through its undersigned counsel of record, submits the following objections to defendant Google LLC's ("Google") Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") served on Microsoft on August 15, 2023 in the above captioned litigation (the "Action").

Microsoft submits that these objections are made in good faith after a reasonable inquiry in response to the Subpoena and an initial meet and confer with Google's counsel.[1] Without undertaking any obligation to do so, Microsoft reserves the right to assert additional objections and limitations concerning the Subpoena at any time as Microsoft may deem necessary. By asserting these objections, Microsoft does not waive its right to seek relief from the appropriate

---

[1] Google's 30(b)(6) subpoena to Microsoft includes a related topic to which Microsoft has objected. Microsoft briefly discussed this Subpoena with Google's counsel on August 22, 2023 and advised that it would be serving Responses and Objections.

should not have to do the work of tailoring a subpoena to what the requesting party needs; the requesting party should have done that before serving it."). Microsoft further objects to the definition to the extent it seeks information regarding parties that are not reasonably identifiable and to the extent it calls for legal conclusions with respect to any of the terms identified therein.

## REQUESTS FOR DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

*All Communications that You have had with a third party concerning Google where any of (i) Jonathan Kanter, (ii) Brandon Kressin, (iii) Susan Athey, (iv) any employee or agent of the Kanter Law Group, or (v) any employee or agent of the Kressin Law Group or Kressin Meador, is a sender or recipient (including as a "cc," "bcc," or "copied" recipient).*

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Microsoft objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this Action because it seeks information that is plainly irrelevant to the claims or defenses in this Action, which concern Google's alleged anticompetitive conduct in any alleged Ad Tech market. The Request, as written, seeks a broad swath of material that has absolutely no relation to either the allegations of anticompetitive conduct nor communications with the DOJ. The request seeks communications with any third party and involving practitioners with no association with the DOJ. The burden and breadth of this Request is particularly egregious considering that to the extent the sought-after materials exist, they are either in the possession, custody, or control of either parties to this Action or other, more appropriate sources, and therefore should not be requested from non-party Microsoft. *See Jordan*, 921 F.3d at 191 ("Even if [the non-party] might have additional, helpful evidence on any of these fronts, [the proponents] have never explained why [the non-party] is an appropriate source given the alternatives."); *Vital Farms, Inc.*, 2023 WL 2933303, at *4-8 (quashing a non-party subpoena where proponent "did not attempt to explain relevance or need for the documents or testimony it demanded, and it

never addressed obvious alternative sources"). Indeed, Microsoft has been advised that in addition to DOJ (a party here), Google *has* subpoenaed a more appropriate non-party—the FTC—and has offered no explanation as to why it is seeking duplicative efforts from another non-party. Microsoft has similarly not objected to the FTC producing materials. Microsoft further objects to this Request as unduly burdensome, vague, and ambiguous with respect to the phrase "any employee or agent of," and because the Request places the burden of identifying any such individuals on Microsoft. Finally, Microsoft objects to this Request to the extent it seeks disclosure of documents containing communications or other materials protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, protection, or doctrine.

Subject to and without waiving Microsoft's general and specific objections, Microsoft will produce the following documents related to Mr. Kanter's representation of Microsoft in relation to Google's acquisitions of DoubleClick, Admeld, and AdMob: (1) Antitrust Analysis of Google's Proposed Acquisition of DoubleClick (2007), (2) Google's Acquisition of Ad Mob: An Anticompetitive Deal to Combine the Top Two Firms in Mobile Advertising (2010), and (3) Anticompetitive Concerns of Google's Proposed Acquisition of Admeld (2011).

**REQUEST FOR PRODUCTION NO. 2:**

*All Communications that You have had with Jonathan Kanter concerning Google since Jonathan Kanter was nominated as Assistant Attorney General for the Antitrust Division of the U.S. Department of Justice (DOJ) on July 20, 2021, including any such Communications made through other DOJ employees.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Microsoft objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this Action because it seeks information that is irrelevant to the claims or defenses in this Action, which concern Google's alleged anticompetitive conduct in any alleged

8

documents, information, or other materials that are more appropriately and conveniently obtained through other sources, including from Susan Athey herself. *Jordan*, 921 F.3d at 189. Microsoft further objects to this Request as unduly burdensome, vague, and ambiguous with respect to the phrase "work done." Additionally, Microsoft objects to this Request to the extent it seeks disclosure of documents containing communications or other materials protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, protection, or doctrine.

Subject to and without waiving Microsoft's general and specific objections and after a reasonable inquiry, Microsoft did not identify any Documents, as limited to Ad Tech, responsive to this Request.

Dated: August 25, 2023  ORRICK, HERRINGTON & SUTCLIFFE LLP

By:  */s/ Craig G. Falls*

Craig G. Falls (VSB 72926)
1152 15th Street, N.W.
Washington, D.C. 20005
(202) 339-8611
cfalls@orrick.com

*Attorneys for Microsoft Corporation*