**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 1:23-cv-00108-LMB-JFA |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' STATUS UPDATE REGARDING NEGOTIATIONS ON RULE 30(B)(6)**
**DEPOSITION NOTICE TO GOOGLE**

In response to the Court's order at ECF No. 353, Plaintiffs are providing the Court with their view of the current status of negotiations with Google as to the scope of the Rule 30(b)(6) notice that is the subject of Google's pending Motion for a Protective Order, ECF No. 311.

The parties have continued to have productive discussions over the past two weeks in an effort to narrow areas of disagreement. As of the afternoon of August 31, 2023, the parties have reached tentative agreement as to the scope of **23 of the 30** original topics, such that intervention from the Court is unlikely to be necessary. Specifically, the topics about which the parties have reached tentative agreement are **Topics 1-12, 17-24, and 28-30**.

As of shortly before 5:00pm on August 31, 2023, disputes remained about the scope of **Topics 13-16 and Topics 25-27.**

Below is a brief summary of the nature of the remaining disputes, from Plaintiffs' perspective:

**Plaintiffs seek testimony on data exchanged by and
among the relevant products (Topics 13–16).**

On August 30, Plaintiffs proposed to narrow topics 15-16 and removed certain

ambiguities, resulting in the revision of topics 15 and 16 as follows:

| Original Language | Redline Proposed by Plaintiffs on 8/30 |
|---|---|
| **Topic 15.** From January 1, 2010 to the present, how data is passed, shared, or exchanged among or between Google Ad Manager, Google Display & Video 360, Google Ads, and any other product offered by Google that facilitates the sale or purchase of digital display advertising, and all subsidiary products and predecessor products (including DoubleClick for Publishers or DFP, AdX, DoubleClick Bid Manager or DBM, AdWords, AdMeld, and AdSesnse for Content) and: (a) Identification or descriptions of the contents of that data;<br><br>(b) How Google's products, employees, and executives use that data in the ordinary course of Google's business; and<br><br>(c) How these data differ from data transmitted from Google products to third-party ad tech products. | **Topic 15.** From January 1, ~~2010~~ 2016 to the present, how data is passed, shared, or exchanged among or between ~~Google Ad Manager, Google Display & Video 360,~~ Google Ads, DoubleClick for Publishers (DFP), and AdX, as those terms are defined in the Complaint. ~~and any other products offered by Google that facilitates the sale or purchase of digital display advertising, and all subsidiary products and predecessor products (including DoubleClick for Publishers or DFP, AdX, DoubleClick Bid Manager or DBM, AdWords, AdMeld, and AdSesnse for Content) and: (a) Identification or descriptions of the contents of that data;~~<br><br>~~(b) How Google's products, employees, and executives use that data in the ordinary course of Google's business; and~~<br><br>~~(c) How these data differ from data transmitted from Google products to third-party ad tech products.~~ |
| **Topic 16.** From January 1, 2010 to the present, identification of any datasets accessible to and accessed by the following products (including those accessible to multiple products): Google Ad Manager, Google Display & Video 360, Google Ads, and any other product offered by Google that facilitates the sale or purchase of digital display advertising, and all subsidiary products and predecessor products (including DoubleClick for Publishers or | **Topic 16.** From January 1, ~~2010~~ 2016 to the present, identification and descriptions of any datasets accessible to and accessed by the following products: ~~(including those accessible to multiple products): Google Ad Manager ,~~ ~~Google Display & Video 360,~~ Google Ads, DoubleClick for Publishers (DFP), and AdX, as those terms are defined in the Complaint. ~~and any other product offered by Google that facilitates the sale or purchase of digital display advertising, and all subsidiary products and~~ |

| | |
|---|---|
| DFP, AdX, DoubleClick Bid Manager or DBM, AdWords, AdMeld, and AdSesnse for Content) and: (a) Descriptions of the contents of that data; and<br><br>(b) How Google's products, employees, and executives use that data in the ordinary course of Google's business. | ~~predecessor products (including DoubleClick for Publishers or DFP, AdX, DoubleClick Bid Manager or DBM, AdWords, AdMeld, and AdSesnse for Content) and:~~<br><br>~~(a) Descriptions of the contents of that data; and~~<br><br>~~(b) How Google's products, employees, and executives use that data in the ordinary course of Google's business.~~ |

Today, Google proposed narrowed language for Topics 13 and 14, but asked that Plaintiffs withdraw Topics 15 and 16. Plaintiffs understand that Google is treating Topics 13–16 as a package deal, and has proposed narrowed language for Topics 13 and 14 in exchange for Plaintiffs' withdrawal of Topics 15 and 16. For the sake of compromise, Plaintiffs would be willing to accept Google's proposed narrowing of Topics 13 and 14 as reflected in an email from Google's counsel at 12:31pm on August 31, 2023. With respect to Topics 15 and 16, however, Plaintiffs believe these topics have been sufficiently narrowed and cannot accept Google's request to completely withdraw these two topics.

Plaintiffs believe that the current topics, as narrowed to address Google's objections to vagueness and overbreadth, are appropriate in subject matter and scope. Plaintiffs seek oral testimony on the following topics:

- **Topic 15**. From January 1, 2016 to the present, how data is passed, shared, or exchanged among or between Google Ads, DoubleClick for Publishers (DFP), and AdX, as those terms are defined in the Complaint.
- **Topic 16**. From January 1, 2016 to the present, identification and descriptions of any datasets accessible to and accessed by the following products: Google Ads, DoubleClick for Publishers (DFP), and AdX, as those terms are defined in the Complaint.

**<u>Plaintiffs agree to accept written responses in lieu of testimony about Google's chat retention policies, but disagree regarding the scope of this testimony (Topics 25–27).</u>**

Understanding that Plaintiffs view the proposed resolution set forth below of Topics 25-27 as a "package deal," Plaintiffs agree to the following, with Google's most recent proposal in black, and Plaintiffs' response in red:

**Topic 25:**  In lieu of testimony on Topic 25, Google is willing to provide:  (a) its Chat retention policies for the period from January 1, 2016 to the present (or, if no retention policy specific to Chat was in effect during parts of that period, its general document retention policy during those parts of that period); (b) a chart indicating when a litigation hold for the Investigation or Litigation was issued to each custodian; and (c) a written response on Topic 25(c), narrowed as follows:  "whether, when, and in what circumstances Google suspended its 24-hour auto-delete policy for chat messages for chat messages related to this Investigation or Litigation ~~and/or other ongoing or reasonably-anticipated litigations and/or investigations~~." Plaintiffs agree to Topic 25 as set forth here, assuming Google agrees to Topic 26 as proposed here.

**Topic 26:**  Google is willing to provide a written response describing, based on a reasonable inquiry:  (a) for each of the Covered Employees (as defined below):  (i) whether the employee used Chats to discuss matters relevant to this case; and (ii) the employee's Chat history setting at times when the employee discussed matters relevant to this case; and (b) any non-privileged direction or statements that Google provided to its employees about conducting chats with "history off."  For purposes of Topic 26, "Covered Employees" means all current and former Google employees listed on either side's initial disclosures, minus: (1) current or former Google employees noticed for deposition in this case who have not yet testified as of today; and (2) current or former Google employees who have previously testified under oath, either during the investigation or litigation phase of this case, regarding both items (a)(i) and (a)(ii) above.

**Topic 27:**  Google proposes that plaintiffs withdraw Topic 27. Plaintiffs agree to withdraw Topic 27, assuming Google agrees to Topics 25 and 26 as proposed here.

Plaintiffs use the word "tentative" to describe the parties' agreement on 23 of 30 topics because, as Plaintiffs currently understand, Google has not yet indicated its final agreement to the narrowed topics, outside of a complete resolution of the scope of the entire Rule 30(b)(6) notice. However, Plaintiffs intend to take the position at the hearing on September 1, 2023, that the agreed-to Topics, 1-12, 17-24, and 28-30, should go forward as currently negotiated, and the only remaining disputes to resolve concern Topics 13-16 and Topics 25-27.

Respectfully submitted,

JESSICA D. ABER
United States Attorney

/s/ Gerard Mene
GERARD MENE
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3777
Facsimile: (703) 299-3983
Email: Gerard.Mene@usdoj.gov

/s/ Julia Tarver Wood
JULIA TARVER WOOD
/s/ Aaron M. Teitelbaum
AARON M. TEITELBAUM

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077
Fax: (202) 616-8544
Email: Julia.Tarver.Wood@usdoj.gov

Attorneys for the United States

JASON S. MIYARES
Attorney General of Virginia

/s/ Andrew N. Ferguson
ANDREW N. FERGUSON
Solicitor General
STEVEN G. POPPS
Deputy Attorney General
TYLER T. HENRY
Assistant Attorney General

Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219
Telephone: (804) 692-0485
Facsimile: (804) 786-0122
Email: thenry@oag.state.va.us

Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia