IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., )<br>)<br>   Plaintiffs, )<br>)<br>   v.  )<br>)<br>GOOGLE LLC, )<br>)<br>   Defendant. ) | No. 1:23-cv-00108-LMB-JFA |

**JOINT MOTION FOR LEAVE TO USE LOG-LEVEL DATA
PRODUCED BY THIRD-PARTY PUBMATIC, INC.
AFTER THE CLOSE OF FACT DISCOVERY**

On August 31, outside counsel for third-party subpoena recipient PubMatic, Inc., ("PubMatic") informed Plaintiffs' counsel that due to the size, complexity, and required engineering effort to process, upload, and transfer log-level data that is expected to be at the very least many terabytes in size from PubMatic's display advertising exchange product, PubMatic believed that it was not likely that it would be able to complete the processing, upload, and transfer process of the full data set by the close of fact discovery on September 8. Despite PubMatic's efforts to meet the fact discovery deadline, PubMatic is unlikely to be able to make a full production by that date. As such, the parties jointly move the Court to permit use of PubMatic's late produced log-level data set.

In response to a Rule 45 subpoena from Plaintiffs to PubMatic served on the first day of fact discovery, March 27, 2023, PubMatic collected a sample of log-level data from its exchange product from June 2023. Pubmatic has represented that the data it is producing is data at the individual impression level that provides transaction-by-transaction information about *inter alia* individual impressions available from website publishers, bidders, bids, and the auction's winning bid.

Since collecting exchange log-level data in June, PubMatic has worked to process and make it available to both parties in a timely manner. Given the size of the data set and engineering resources required, PubMatic now believes that it will not be able to make that production by the close of fact discovery. Since the data was collected, Plaintiffs' counsel has actively negotiated with counsel for PubMatic to get the log-level data set produced promptly and without undue burden. Counsel for PubMatic told Plaintiffs' counsel that PubMatic began final processing of the log-level data set in direct preparation for uploading the production on August 25, a full two weeks prior to the fact discovery deadline.

Google did not request these data from PubMatic but does not oppose the relief sought here, provided the production does not affect the deadlines for expert reports.

The parties submit that good cause exists to receive and use this data that will be produced after September 8, 2023. Generally, when a party seeks to modify the scheduling order, the Court must consider whether there is any "danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *Roe v. Howard*, No. 1:16-cv-562, 2017 U.S. Dist. LEXIS 187258, *1-2 (E.D. Va. June 30, 2017).  Furthermore, a showing of "good cause" to modify the scheduling order "requires 'the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence.'" *Cook v. Howard*, 484 Fed. Appx. 805, 815 (4th Cir. 2012) (unpublished per curiam) (citations omitted); *accord* Fed. R. Civ. P. 16, 1983 Adv. Comm. Notes (the movant must show that the current deadlines "cannot reasonably be met despite the diligence of the party seeking" the modification).  Good cause under this test is easily shown.

Each of the good cause factors favors permitting use of PubMatic's log-level data if it is produced after September 8. First, there will be no prejudice to another party. Second, PubMatic is working to produce the data as close to the close of fact discovery as possible and the production of the data will not impede the rest of the schedule. Third, the delay has resulted from the size and complexity of the data. Finally, Plaintiffs have diligently pursued this discovery. PubMatic was served a subpoena in time to begin collection of data and processing well before September 8. Accordingly, good cause exists to allow these data to be used when it is produced after September 8.

\*   \*   \*

Plaintiffs and Google request that the Court grant this joint motion for the reasons set forth above and to order that both parties may use PubMatic's log-level data for all purposes as if it had been produced on or before September 8, 2023. *See U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) ("We afford substantial discretion to a district court in managing discovery and review discovery rulings only for abuse of that discretion.").

Dated: September 1, 2023


Respectfully submitted,

**FOR PLAINTIFFS:**

| | |
|---|---|
| JESSICA D. ABER<br>United States Attorney<br><br>/s/ Gerard Mene<br>GERARD MENE<br>Assistant U.S. Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3777<br>Facsimile: (703) 299-3983<br>Email: Gerard.Mene@usdoj.gov<br><br>/s/ Julia Tarver Wood<br>JULIA TARVER WOOD<br>/s/ Aaron M. Teitelbaum<br>AARON M. TEITELBAUM<br>/s/ Michael J. Freeman<br>MICHAEL J. FREEMAN<br><br>United States Department of Justice<br>Antitrust Division<br>450 Fifth Street NW, Suite 7100<br>Washington, DC 20530<br>Telephone: (202) 307-0077<br>Fax: (202) 616-8544<br>Email: Julia.Tarver.Wood@usdoj.gov<br><br>Attorneys for the United States | JASON S. MIYARES<br>Attorney General of Virginia<br><br>/s/ Andrew N. Ferguson<br>ANDREW N. FERGUSON<br>Solicitor General<br>STEVEN G. POPPS<br>Deputy Attorney General<br>TYLER T. HENRY<br>Assistant Attorney General<br><br>Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us<br><br>Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia |

**FOR DEFENDANT:**

*Of Counsel for Google LLC:*

Justina Sessions (*pro hac vice*)
Eric Mahr (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Julie Elmer (*pro hac vice*)
Lauren Kaplin (*pro hac vice*)
Jeanette Bayoumi (*pro hac vice*)
Claire Leonard (*pro hac vice*)
Sara Salem (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ.
209 Madison Street, Suite 501
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

*Counsel for Google LLC*