IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:23-cv-00108-LMB-JFA |
| | ) |
| GOOGLE LLC, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFFS' MOTION TO TAKE CERTAIN PARTY DEPOSITIONS AFTER FACT DISCOVERY CUTOFF**

This motion concerns the scheduling of the depositions of an individual Google employee and 30(b)(6) depositions of the United States and of Google.

**A. Individual Google Employee[1]**

The deposition was originally scheduled for September 6, 2023, by the mutual agreement of the parties.

On August 28, 2023, Google informed Plaintiffs that it would no longer be possible to conduct the deposition on or before the fact discovery cutoff of September 8, 2023, because the witness is ill. As a result, the witness cannot sit for a deposition or be in close contact with others until he recovers.

---

[1] On September 1, 2023, Google alerted Plaintiffs' counsel and the Court to a document production issue, the scope of which it is still attempting to determine.  An early approximation suggests that, with respect to the four Google party witnesses  scheduled to be deposed during the week of September 4, 2023, there are over 20,000 documents that have not yet been produced to Plaintiffs. In light of this recent development, and the fact that the scope of the problem is still being determined as of the time of this filing, the parties jointly request the Court's leave to take these four depositions in addition to the one identified in this section after the current fact discovery cutoff of September 8, 2023, on dates to be determined after the scope of the document production problem has been determined.

The parties therefore jointly request the Court's leave to conduct this deposition at a mutually agreed-upon date and time after September 8, 2023, but no later than September 30, 2023. The parties further jointly request that they be permitted to make use of this deposition as if it had been taken on or before September 8, 2023.

The parties submit that good cause exists to conduct this deposition after September 8, 2023. Generally, when a party seeks to modify the scheduling order, the Court must consider whether there is any "danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *Roe v. Howard*, No. 1:16-cv-562, 2017 U.S. Dist. LEXIS 187258, *1-2 (E.D. Va. June 30, 2017). Furthermore, a showing of "good cause" to modify the scheduling order "requires 'the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence.'" *Cook v. Howard*, 484 Fed. Appx. 805, 815 (4th Cir. 2012) (unpublished per curiam) (citations omitted); accord Fed. R. Civ. P. 16, 1983 Adv. Comm. Notes (the movant must show that the current deadlines "cannot reasonably be met despite the diligence of the party seeking" the modification). Good cause under this test is easily shown.

Each of the good cause factors favors extending the current schedule for this deposition. First, there will be no prejudice to another party. Second, this deposition is expected to be completed promptly and will not impede the rest of the schedule. Third, the delay is a result of an unanticipated illness of the witness. Finally, the parties have diligently pursued this discovery. This deposition was noticed on July 28, 2023, and was previously scheduled for September 6. Accordingly, good cause exists to allow the deposition to be taken after September 8.

Accordingly, Plaintiffs and Google request that the Court grant this joint motion for leave to depose this Google witness after the close of fact discovery for the reasons set forth above,

and to use that deposition as if it occurred on or before September 8, 2023. *See U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) ("We afford substantial discretion to a district court in managing discovery and review discovery rulings only for abuse of that discretion.").

### B. 30(b)(6) Deposition of Google

The parties also jointly request the Court's leave to conduct Plaintiffs' 30(b)(6) deposition of Google at mutually agreed-upon dates and times after September 8, 2023, but no later than September 30, 2023. Up until today, September 1, 2023, the scope of that deposition was still under negotiation and still under review by the Court. Plaintiffs also need additional time to assess the document production issue identified by Google in footnote 1. Plaintiffs submit that the same good cause factors stated previously support this extension of time.

Dated: September 1, 2023

Respectfully submitted,

(signatures on the following pages)

3

**FOR PLAINTIFFS:**

| | |
|---|---|
| JESSICA D. ABER<br>United States Attorney<br><br>/s/ Gerard Mene<br>GERARD MENE<br>Assistant U.S. Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3777<br>Facsimile: (703) 299-3983<br>Email: Gerard.Mene@usdoj.gov<br><br>/s/ Julia Tarver Wood<br>JULIA TARVER WOOD<br>/s/ AARON M. TEITELBAUM<br>AARON M. TEITELBAUM<br>/s/ Michael J. Freeman<br>MICHAEL J. FREEMAN<br><br>United States Department of Justice<br>Antitrust Division<br>450 Fifth Street NW, Suite 7100<br>Washington, DC 20530<br>Telephone: (202) 307-0077<br>Fax: (202) 616-8544<br>Email: Julia.Tarver.Wood@usdoj.gov<br><br>Attorneys for the United States | JASON S. MIYARES<br>Attorney General of Virginia<br><br>/s/ Andrew N. Ferguson<br>ANDREW N. FERGUSON<br>Solicitor General<br>STEVEN G. POPPS<br>Deputy Attorney General<br>TYLER T. HENRY<br>Assistant Attorney General<br><br>Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us<br><br>Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia |