IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 1:23-cv-00108-LMB-JFA |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**UNOPPOSED MOTION TO TAKE CERTAIN DEPOSITIONS OF PLAINTIFF AFTER FACT DISCOVERY CUTOFF**

PURSUANT TO Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Civil Rule 16(B), Defendant Google LLC ("Google") seeks leave to take certain portions of the Rule 30(b)(6) deposition of the United States and a Rule 30(b)(1) deposition of an individual government employee after the fact discovery cut-off, now set as September 8, 2013 (Docket no. 69). The grounds and reasons for granting this relief are stated below. Google understands that Plaintiffs do not oppose the relief sought in this motion.

**A. Rule 30(b)(6) Deposition of the United States**

1. Google requests leave of court to conduct certain portions of Google's Rule 30(b)(6) deposition of the United States at mutually agreed-upon dates and times after September 8, 2023, but no later than September 30, 2023.

2. The scope and duration of designee-testimony in response to certain portions of Google's 30(b)(6) notice to the United States was resolved by the Court on September 1, 2023 (Docket no. 377). The United States has yet to identify its designee(s) and to provide dates for all topics. The parties will work together to schedule 30(b)(6) testimony at mutually agreeable dates before September 30, 2023.

### B. Individual Government Employee

3. Under Rule 30(b)(1), Google properly noticed the deposition of an individual federal government employee in time to be taken prior to the fact discovery cut-off date, September 8, 2023. The United States has advised Google that the witness is unavailable to sit for a deposition prior to the fact discovery cut-off.

4. Google therefore requests leave of court to conduct this deposition at a mutually agreed-upon date and time after September 8, 2023, but no later than September 30, 2023.

### C. Good Cause for Granting Relief.

5. Generally, when a party seeks to modify the scheduling order, the Court must consider whether there is any "danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *Roe v. Howard*, No. 1:16-cv-562, 2017 U.S. Dist. LEXIS 187258, *1-2 (E.D. Va. June 30, 2017). Furthermore, a showing of "good cause" to modify the scheduling order "requires 'the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence.'" *Cook v. Howard*, 484 Fed. Appx. 805, 815 (4th Cir. 2012) (unpublished *per curiam*) (citations omitted); *accord* Fed. R. Civ. P. 16, 1983 Adv. Comm. Notes (the movant must show that the current deadlines "cannot reasonably be met despite the diligence of the party seeking" the modification). Google submits that good cause under this test is easily shown to justify taking these depositions after September 8, 2023.

6. The good cause factors favor extending the current schedule for these depositions. First, there will be no prejudice to another party. Second, these depositions are expected to be completed promptly and will not impede the rest of the schedule. Third, under the circumstances,

it is not feasible to complete these depositions prior to the current fact discovery cut-off. Accordingly, good cause exists to allow the deposition to be taken after September 8.

7.     Google further requests that it be permitted to make use of these depositions as if they had been taken on or before September 8, 2023.

8.     Google understands that Plaintiffs do not oppose the relief sought in this motion.

WHEREFORE, Google requests that the Court grant this motion for leave to conduct these depositions after the close of fact discovery and to use these depositions as if they had occurred on or before September 8, 2023. A proposed order is submitted herewith.

*The parties waive oral argument on this procedural motion.*

Dated:  September 2, 2013                                      Respectfully submitted,

*Of Counsel for Google LLC:*

Eric Mahr (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Julie Elmer (*pro hac vice*)
Justina Sessions (*pro hac vice)*
Lauren Kaplin (*pro hac vice*)
Jeanette Bayoumi (*pro hac vice*)
Claire Leonard (*pro hac vice*)
Sara Salem (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ.
209 Madison Street, Suite 501
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (*pro hac vice*)
Jeannie H. Rhee (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Joseph Bial (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Bryon P. Becker (VSB #93384)
Erica Spevack (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile (202) 223-7420
kdunn@paulweiss.com

3

| | |
|---|---|
| Bradley Justus (VSB # 80533)<br>AXINN, VELTROP & HARKRIDER LLP<br>1901 L Street, NW<br>Washington, DC 20036<br>Telephone: (202) 912-4700<br>Facsimile: (202) 912-4701<br>bjustus@axinn.com | Meredith Dearborn (*pro hac vice*)<br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>535 Mission Street, 24th Floor<br>San Francisco, CA 94105<br>Telephone: (646) 432-5100<br>Facsimile: (202) 330-5908<br>mdearnborn@paulweiss.com |

*Counsel for Google LLC*