IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:23-cv-00108-LMB-JFA |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

**UNOPPOSED MOTION TO COMPLETE DATA PRODUCTION AFTER
THE FACT DISCOVERY CUTOFF
AND FOR OTHER RELIEF**

PURSUANT TO Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Civil Rule 16(B), Defendant Google LLC ("Google") seeks leave to complete a production of certain requested data after the fact discovery cut-off, now set as September 8, 2023 (Docket no. 69). The grounds and reasons for granting this relief are stated below. Google understands that Plaintiffs do not oppose the relief sought in this motion.

**A. Data Production Requested by the United States**

1. Google requests leave of court to complete the production of data that had been requested by the United States. On August 4, 2023, Plaintiffs served this request for data pursuant to Rule 34(a)(1)(A):[1]

> **Request for Production No. 76** For all advertising purchased or won by any Federal Agency Advertiser since January 1, 2019, all invoicing data reflecting invoices issued by Google to any entity (e.g., Federal Agency Advertiser, ad agency, media buying vendor) for purchases of display advertising made by or on behalf of any Federal Agency Advertiser and monthly aggregate data from Campaign Manager showing all fields reflecting information about FAA purchases including but not limited to the number of impressions served, attributed clicks for such impressions, attributed conversions for such impressions, attributed sales for

---

[1] "A party may serve on any other party a request within the scope of Rule 26(b): (1) to produce … (A) any designated … electronically stored information—including … ***data or data compilations*** …." Fed. R. Civ. P. 34(a)(1)(A) (emphasis added).

such impressions, completed video views, any other attributed activity for such impressions, all financial fields, such as gross and net purchases, traffic acquisition costs, any fees and the identity of the recipient of such fees, any discounts, all description fields, and any other fields in Campaign Manager with particular campaigns or purchases associated with any FAA, broken down by advertiser name (including information necessary to map advertiser parent, company, and division to other Google data sets), advertiser ID, ad agency name, campaign ID, DSP or advertiser ad network, ad exchange, publisher ad server, advertiser ad server, end-user location (e.g., US or non-US), publisher location (e.g., US or non-US), type of inventory (e.g., open web, mobile app, connected TV, etc.), ad format (e.g., static display, instream video, native, etc.), and type of ad transaction or deal (e.g., open auction, open bidding, exchange bidding programmatic guaranteed, programmatic direct, direct). Include any identifiers that would enable data produced under this request to be linked to each other and to datasets Google has produced or will produce from Google Ads, DV360, AdX and XP Daily.

2. Google timely objected to this request (cited as "RFP 76"), but after meet-and-confer discussions with Plaintiffs, Google has agreed to take reasonable efforts to produce specific responsive data.

3. Google will produce certain of the data requested by RFP 76 that is maintained in the ordinary course of Google's business operations by the close of the fact-discovery period.

4. Certain of the data requested in RFP 76, however, is not compiled in the manner requested in the ordinary course of Google's business operations. Therefore, to obtain responsive data, Google is attempting to devise a method to join multiple databases in order to compile the requested data for production. Google has not previously undertaken such an effort with regard to the relevant databases.

5. The process of joining the databases, compiling the data for production, verifying the accuracy of the data, and then making the production will take more time than remains in the fact-discovery period (if it can succeed at all).

6. Therefore, Google submits that good cause to extend the fact discovery cut-off exists to allow for this data production up to and including September 30, 2023, and to allow the parties to use any data produced as if it had been produced prior to September 8, 2023.

### B. Good Cause for Granting Relief.

7. Generally, when a party seeks to modify the scheduling order, the Court must consider whether there is any "danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *Roe v. Howard*, No. 1:16-cv-562, 2017 U.S. Dist. LEXIS 187258, *1-2 (E.D. Va. June 30, 2017). Furthermore, a showing of "good cause" to modify the scheduling order "requires 'the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence.'" *Cook v. Howard*, 484 Fed. Appx. 805, 815 (4th Cir. 2012) (unpublished *per curiam*) (citations omitted); *accord* Fed. R. Civ. P. 16, 1983 Adv. Comm. Notes (the movant must show that the current deadlines "cannot reasonably be met despite the diligence of the party seeking" the modification). Google submits that good cause under this test is easily shown to justify taking these depositions after September 8, 2023.

8. The good cause factors favor extending the current schedule for this discovery. First, there will be no prejudice to another party. Second, this discovery is expected to be completed promptly and will not impede the rest of the schedule. Third, under the circumstances, it is not feasible to complete this discovery prior to the current fact discovery cut-off. Accordingly, good cause exists to allow this discovery to be completed after September 8.

9. Google further requests that the parties be permitted to make use of this discovery as if it had been completed on or before September 8, 2023.

10. Plaintiffs do not oppose the relief sought in this motion.

WHEREFORE, Google requests that the Court grant this motion for leave to complete this discovery after the close of fact discovery and to use any discovery produced as if it had occurred on or before September 8, 2023. A proposed order is submitted herewith.

*The parties waive oral argument on this procedural motion.*

Dated: September 7, 2013

Of Counsel for Google LLC:

Eric Mahr (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Julie Elmer (*pro hac vice*)
Justina Sessions (*pro hac vice)*
Lauren Kaplin (*pro hac vice*)
Jeanette Bayoumi (*pro hac vice*)
Claire Leonard (*pro hac vice*)
Sara Salem (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
David Pearl (*pro hac vice*)
Allison Vissichelli (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

Respectfully submitted,

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ.
209 Madison Street, Suite 501
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (*pro hac vice*)
Jeannie H. Rhee (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Joseph Bial (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Bryon P. Becker (VSB #93384)
Erica Spevack (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile (202) 223-7420
kdunn@paulweiss.com

Meredith Dearborn (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (646) 432-5100
Facsimile: (202) 330-5908
mdearnborn@paulweiss.com

*Counsel for Google LLC*