UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    *Defendant*. | No. 1:23-cv-00108-LMB-JFA |

**NON-PARTY NEWS CORP'S MEMORANDUM
IN SUPPORT OF GOOGLE'S MOTION TO SEAL**

Pursuant to Local Civil Rule 5(C), News Corporation respectfully files this memorandum in support of Defendant Google LLC's Motion To Seal, Dkt. No. 370. The brief and supporting exhibits Google filed under seal (Dkt. No. 369) contain News Corp's confidential information that, if disclosed, would cause News Corp significant competitive and commercial harm. For the reasons set forth below, Google's motion to seal should be granted. Additionally, News Corp requests that provisions of the Modified Protective Order that were not followed in this instance be honored in the future.

On August 31, Google filed a memorandum in opposition to the Department of Justice's Motion for Partial Judgment on the Pleadings. *See* Dkt. Nos. 368, 369. Google's opposition brief cites to and quotes from three documents bearing NEWSCORP-DOJCID Bates prefixes – attached as Exhibits 10, 11, and 12 to Google's brief – that are designated Highly Confidential under the Modified Protective Order. *See* Dkt. No. 203. Google also filed a motion to seal its opposition and attached exhibits (including the three Highly Confidential documents bearing NEWSCORP Bates numbers and potentially additional News Corp documents), Dkt. No. 370,

and a notice of that motion, Dkt. No. 372, which advised "third-party News Corp" of its opportunity to submit this memorandum in support of sealing.

In 2020, the DOJ issued to News Corp a Civil Investigative Demand for documents relevant to DOJ's investigation of Google's ad tech conduct.  *See* Ex. A (Decl. of Eugenie C. Gavenchak) ¶ 4.  News Corp retained Paul, Weiss, Rifkind, Wharton & Garrison to represent it with respect to Google's ad tech conduct.  As part of Paul Weiss's representation of News Corp, News Corp provided extensive confidential information to Paul Weiss – not only to Jonathan Kanter, but also to current Google counsel before this Court, Messrs. William Isaacson and Daniel Crane.  Paul Weiss collected News Corp documents, including the documents attached as Exhibits 10, 11, and 12 to Google's opposition, and produced those documents to DOJ pursuant to the Civil Investigative Demand.  Recognizing the significant commercial sensitivity of these submissions, Paul Weiss requested, on News Corp's behalf, that they be given confidential treatment.  The DOJ, in turn, when producing its investigative file to Google after filing the complaint, adopted Paul Weiss's designation of News Corp's documents as Highly Confidential under the Modified Protective Order, Dkt. No. 203 at ¶ 4.

Although recognizing that the three NEWSCORP-DOJCID documents attached to and quoted in Google's opposition brief were designated Highly Confidential and must be sealed, Google's attorneys failed to follow the process under the Modified Protective Order for either redacting the information entirely or challenging the designations prior to disclosure.  Google's opposition features (at 13-16) a chart with extensive, redacted quotations from one of the Highly Confidential News Corp CID documents in one column.  In the adjacent column, Google lists quotes from DOJ's complaint that it asserts (at 12) "incorporate[ ]" pieces of the News Corp document Google cites.  In bold font Google identifies those parts of the quotations that it

2

believes resemble the redacted information.  In so doing, Google effectively made public the advocacy points Paul Weiss made on News Corp's behalf and breached the Modified Protective Order by failing to give News Corp a chance to oppose such disclosure.

*After* the filing of Google's opposition brief and motion to seal, Google's attorneys notified News Corp that Google objected to the designation of two News Corp documents as Highly Confidential and that Google intends to discuss News Corp's confidential documents in open court at the hearing on DOJ's motion.  *See* Ex. B (e-mail from T. Garrett to J. Thorne (Aug. 31, 2023)).[1]  Pursuant to the Modified Protective Order, to object to a confidentiality designation Google must notify the party whose information it seeks to de-designate (here, News Corp) of its objection and attempt to resolve the objection over the 10 days following that notification.  Dkt. No. 203 at ¶ 13.  Google did not timely object to the confidentiality designations for purposes of discussing the relevant documents at the hearing originally scheduled for September 8.

Google also failed to notify News Corp that, in addition to Exhibits 10, 11, and 12, other confidential News Corp materials are attached to and quoted in Google's opposition brief.  Google's motion to seal does not include "[a] non-confidential description of what material has been filed under seal" as required by Local Rule 5(C)(1), but the DOJ subsequently confirmed that Exhibits 5 and 13, at least, also contain News Corp confidential information.  Google's attorneys never informed News Corp that these additional documents contain News Corp confidential information.  News Corp does not object to the unsealing of Exhibit 5, but Exhibit

---

[1] Google does not challenge the propriety of a Highly Confidential designation for the third News Corp document it attaches to its opposition brief, NEWSCORP-DOJCID-0003558 (Google Ex. 12).

13 should remain sealed in order to protect News Corp from significant commercial and competitive harm.

We thus write not only to protect News Corp from the significant commercial and competitive harm that would result from disclosure of Exhibits 10, 11, 12, or 13, but also to request that the substance of and the procedures in the Modified Protective Order be honored in the future in order to prevent further improper disclosure of News Corp's confidential information.

### I.     News Corp's Confidential Information Should Remain Under Seal

Unsealing News Corp's confidential materials would cause News Corp significant commercial and competitive harm.  *See* Gavenchak Decl. ¶¶ 4-6; *see East West, LLC v. Rahman*, 2012 WL 3841401, at *3 (E.D. Va. Sept. 4, 2012) (Cacheris, J.) (permitting sealing when disclosure would cause "significant harm to the business competitive position" of the relevant entity).  None of the News Corp documents at issue has been made available publicly, and publicizing such documents will discourage third-party market participants from responding to government information requests.  *See, e.g.,* House Antitrust Subcommittee, *Rep. and Recommendations, Investigation of Competition in Digital Markets*, at 26-27, 74 (Oct. 2020) (describing difficulty in obtaining information from market participants:  "[M]arket participants expressed deep concern that speaking about the dominant platforms' business practices – even confidentially without attribution – would lead a platform to retaliate against them, with severe financial repercussions.").

News Corp's confidential materials should remain under seal indefinitely.  The basis for sealing is that Google's submission contains information that, if disclosed, will harm News Corp's business relationships, and that harm cannot be prevented by more tailored redactions.  Gavenchak Decl. ¶ 6.

**II.     Unsealing News Corp's Commercially Sensitive Documents Is Unnecessary To Decide DOJ's Motion**

News Corp understands and respects that the Court must balance the interests of public access against News Corp's interest in avoiding significant commercial and competitive harm. News Corp's interests have already been compromised through insufficient redactions. If the Court grants DOJ's motion to strike or alternatively for a protective order, further discovery on these topics will not go forward, and there is no need to further publicize the irrelevant discovery that has already occurred.

The balance should be struck in favor of News Corp's substantial interest in maintaining the confidentiality of its documents. News Corp respectfully submits that the sealing motion should be granted. *See In re Policy Mgmt. Sys. Corp.*, 67 F.3d 296, at *3-4 (4th Cir. 1995) (table) (holding that First Amendment right of access to court records does not apply to documents when "the court can rule on the" relevant "motion without considering the materials") (cited approvingly in *In re Application of United States for Order Pursuant to 18 U.S.C. § 2703(d)*, 707 F.3d 283 (4th Cir. 2013)).

Dated:  September 7, 2023

Respectfully submitted,

/s/ *Charles B. Molster*
Charles B. Molster, III (Va. Bar No. 23613)
Law Offices of Charles B. Molster, III PLLC
2141 Wisconsin Avenue
Suite M
Washington, D.C. 20007
Office:  (202) 787-1312
Cell:  (703) 346-1505
Email:  cmolster@molsterlaw.com

John Thorne*
Daniel G. Bird*
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
1615 M Street NW
Suite 400
Washington, DC 20036
Tel.:  (202) 326-7900
Fax:  (202) 326-7999
Email:  jthorne@kellogghansen.com

* *Pro Hac Vice* application to be filed

*Counsel for News Corporation*