# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:23-cv-00108-LMB-JFA |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' RULE 26(A)(1) INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiffs United States of America, and the States of California, Colorado, Connecticut, New Jersey, New York, Rhode Island, Tennessee, and Virginia (collectively, "Plaintiffs") hereby respectfully serve these Initial Disclosures to Defendant Google LLC. The following disclosures are based on the information reasonably available to Plaintiffs as of the date these disclosures are served. By making these disclosures, Plaintiffs do not represent that they are identifying every document, tangible thing, or witness relevant to this lawsuit.

Plaintiffs reserve the right to supplement these disclosures as necessary and as permitted by Federal Rule of Civil Procedures 26(e). Further, Plaintiffs reserve the right to call any witness, including expert witnesses, or to present any exhibit or item at or before trial not listed herein but determined through discovery or investigation to be relevant to the subject matter of this action.

In addition, the Plaintiffs' initial disclosures are also made without waiving: (1) the right to object on any grounds, including, but not limited to, competency, privilege, attorney work-product, relevance, materiality, undue burden, hearsay, or any other valid objection, to the production or use of any document or tangible thing disclosed herein for any purpose, in whole or in part, in any proceeding in this action or any other action; and (2) the right to object on any and

II.  **IDENTIFICATION OF DOCUMENTS (FED. R. CIV. P. 26(A)(1)(A)(II))**

Based upon presently available information, the following categories of documents in the Plaintiffs' possession, custody or control may be used to support their claims. Plaintiffs expressly reserve the right to identify and use documents from additional categories if, in the course of discovery and investigation relating to this case, Plaintiffs learn that such additional categories contain relevant documents or if they are requested by any party in discovery. Plaintiffs reserve the right to supplement this disclosure as the case progresses.

1. Documents generated or created by federal agency advertisers, including contracts, communications, reports or other routine business records, or summaries of such records, regarding advertising purchases, advertising strategy, or agreements with advertising agencies in relation to various federal advertising campaigns.

2. Relevant documents, records, and information collected and/or generated by Plaintiffs in connection with their civil investigations into Google's conduct.

3. Documents, records, and information received in discovery in the above-captioned action, including any documents received by either side from third parties.

III. **COMPUTATION OF DAMAGES (FED. R. CIV. P. 26(A)(1)(A)(III))**

As noted in the complaint, Google's violations of the Sherman Act have caused damage to the United States, as various agencies and departments of the United States are buyers of open web display advertising. Compl. ¶ 341. For purposes of calculating damages, the United States

intends to proffer one or more expert(s) who will opine on the damages incurred by the following federal agencies: the U.S. Census Bureau; the Centers for Medicare and Medicaid Services; certain Department of Defense Agencies (U.S. Air Force, U.S. Army, U.S. Navy); the National Highway Traffic Safety Administration; the U.S. Postal Service; and the U.S. Department of Veterans Affairs (collectively, "Federal Agency Advertisers"). Based on preliminary information available at this time, and subject to revision through discovery, the United States estimates that the Federal Agency Advertisers have spent over $300 million on open web display advertising during the relevant time period.

The Plaintiff States are not seeking damages from Google in this action.

## IV. INSURANCE (FED. R. CIV. P. 26(A)(1)(A)(IV))

This section is not applicable to Plaintiffs in this action.

Dated: April 3, 2023

Respectfully submitted,

FOR THE UNITED STATES:

JESSICA D. ABER
United States Attorney

/s/ Gerard Mene
GERARD MENE
Assistant U.S. Attorney
Jamieson Avenue
Alexandria, VA 22046
Telephone: (703) 299-3777
Facsimile: (703) 299-3983
Email: Gerard.Mene@usdoj.gov

/s/ Julia Tarver Wood
JULIA TARVER WOOD
AARON M. TEITELBAUM
Senior Litigation Counsel

MICHAEL E. WOLIN
Trial Attorney

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077
Fax: (202) 616-8544
Email: Julia.Tarver.Wood@usdoj.gov


FOR THE PLAINTIFF STATES:

JASON S. MIYARES
Attorney General of Virginia

/s/ Andrew N. Ferguson
ANDREW N. FERGUSON
Solicitor General
STEVEN G. POPPS
Deputy Attorney General
TYLER T. HENRY
Assistant Attorney General

Office of the Attorney General of Virginia

30

202 North Ninth Street
Richmond, VA 23219
Telephone: (804) 692-0485
Facsimile: (804) 786-0122
Email: thenry@oag.state.va.us

Attorneys for the Commonwealth of Virginia and local counsel for the States of California, Colorado, Connecticut, New Jersey, New York, Rhode Island, and Tennessee

## CERTIFICATE OF SERVICE

      I hereby certify that on April 3, 2023, I served the foregoing to all counsel of record via email.

*/s/ Michael Wolin*

Michael Wolin
Trial Attorney
United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530