# EXHIBIT 3

**From:** Goodman, Martha mgoodman@paulweiss.com
**Sent:** Sunday, August 13, 2023 2:40 PM
**To:** Wolin, Michael (ATR) Michael.Wolin@usdoj.gov; Grossman, David (ATR) David.Grossman@usdoj.gov; Clemons, Katherine (ATR) Katherine.Clemons@usdoj.gov; Vernon, Jeffrey (ATR) Jeffrey.Vernon@usdoj.gov; Choi, Stephanie (ATR) Stephanie.Choi@usdoj.gov; Teitelbaum, Aaron (ATR) Aaron.Teitelbaum@usdoj.gov
**Cc:** TU, Xiaoxi Xiaoxi.Tu@freshfields.com; Sara.Salem@freshfields.com; Craig Reilly craig.reilly@ccreillylaw.com; Milligan, Heather C hmilligan@paulweiss.com; Corriveau, Annelise acorriveau@paulweiss.com; Scott Eisman Scott.Eisman@freshfields.com; Greenbaum, Carter cgreenbaum@paulweiss.com; Mauser, Amy amauser@paulweiss.com; Wood, Julia (ATR) Julia.Tarver.Wood@usdoj.gov; McBirney, Jimmy (ATR) Jimmy.McBirney@usdoj.gov
**Subject:** RE: US v. Google -- FAA productions and rog responses

Michael, We disagree.  The United States is required to supplement its interrogatory responses under Rule 26(e) as it knows that its previous disclosures were materially incorrect or incomplete.  Further, Google is fully entitled to serve complementary and interrelated discovery, each of which the United States must answer in full.  That is especially so where the interrogatory seeks additional information than that sought by the RFA to which you point.  RFAs are narrow discovery devices through which a party admits or denies a fact.  Interrogatories go well beyond that construct.  Further, each FAA has verified interrogatory responses for the United States, and Google is entitled to verified supplemental responses to interrogatory 14.

Please produce supplemental, verified responses to interrogatory 14 no later than Wednesday EOD.

Martha


**Martha L. Goodman** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7341 (Direct Phone) | 315 269 4061 (Cell)
mgoodman@paulweiss.com | www.paulweiss.com


**From:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>
**Sent:** Friday, August 11, 2023 5:22 PM
**To:** Goodman, Martha <mgoodman@paulweiss.com>; Grossman, David (ATR) <David.Grossman@usdoj.gov>; Clemons, Katherine (ATR) <Katherine.Clemons@usdoj.gov>; Vernon, Jeffrey (ATR) <Jeffrey.Vernon@usdoj.gov>; Choi, Stephanie (ATR) <Stephanie.Choi@usdoj.gov>; Teitelbaum, Aaron (ATR) <Aaron.Teitelbaum@usdoj.gov>
**Cc:** TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; Sara.Salem@freshfields.com; Craig Reilly <craig.reilly@ccreillylaw.com>; Milligan, Heather C <hmilligan@paulweiss.com>; Corriveau, Annelise <acorriveau@paulweiss.com>; Scott Eisman <Scott.Eisman@freshfields.com>; Greenbaum, Carter <cgreenbaum@paulweiss.com>; Mauser, Amy <amauser@paulweiss.com>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; McBirney, Jimmy (ATR) <Jimmy.McBirney@usdoj.gov>
**Subject:** RE: US v. Google -- FAA productions and rog responses

Dear Martha,

Regarding your request that we supplement our response to Google's Interrogatory No. 14, we believe our original response and our supplemental response to Google's RFA No. 1, served August 7, explain our position and knowledge

regarding purchases of "open web display advertising" "directly from Google." The questions you asked about our response in your August 1 email seek the same information as that sought by your Interrogatory No. 22, served August 9. If you do not believe that is the case, let us know. We will, of course, provide objections and responses to your Interrogatory No. 22 by the deadlines specified under the Local Rules.

Regards,
Michael Wolin

**Michael Wolin** (he/him)
Trial Attorney
United States Department of Justice
Antitrust Division | Transportation, Energy, and Agriculture Section
450 Fifth Street N.W., Suite 8000, Washington, DC 20530
michael.wolin@usdoj.gov | (202) 704-3270 (mobile)

**From:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>
**Sent:** Tuesday, August 8, 2023 8:38 PM
**To:** Goodman, Martha <mgoodman@paulweiss.com>; Grossman, David (ATR) <David.Grossman@usdoj.gov>; Clemons, Katherine (ATR) <Katherine.Clemons@usdoj.gov>; Vernon, Jeffrey (ATR) <Jeffrey.Vernon@usdoj.gov>; Choi, Stephanie (ATR) <Stephanie.Choi@usdoj.gov>; Teitelbaum, Aaron (ATR) <Aaron.Teitelbaum@usdoj.gov>
**Cc:** TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; Sara.Salem@freshfields.com; Craig Reilly <craig.reilly@ccreillylaw.com>; Milligan, Heather C <hmilligan@paulweiss.com>; Corriveau, Annelise <acorriveau@paulweiss.com>; Scott Eisman <Scott.Eisman@freshfields.com>; Greenbaum, Carter <cgreenbaum@paulweiss.com>; Mauser, Amy <amauser@paulweiss.com>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>
**Subject:** RE: US v. Google -- FAA productions and rog responses

Martha, we are still considering our response to Google's interrogatory 14 and whether we can agree to supplement. We will provide an answer as soon as we can, and no later than the end of this week. We note that Google has taken, at times, over 20 days to respond to questions regarding Google's responses to our discovery requests.

Regards,
Michael

**Michael Wolin** (he/him)
Trial Attorney
United States Department of Justice
Antitrust Division | Transportation, Energy, and Agriculture Section
450 Fifth Street N.W., Suite 8000, Washington, DC 20530
michael.wolin@usdoj.gov | (202) 704-3270 (mobile)

**From:** Goodman, Martha <mgoodman@paulweiss.com>
**Sent:** Tuesday, August 8, 2023 6:52 PM
**To:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Grossman, David (ATR) <David.Grossman@usdoj.gov>; Clemons, Katherine (ATR) <Katherine.Clemons@usdoj.gov>; Vernon, Jeffrey (ATR) <Jeffrey.Vernon@usdoj.gov>; Choi, Stephanie (ATR) <Stephanie.Choi@usdoj.gov>; Teitelbaum, Aaron (ATR) <Aaron.Teitelbaum@usdoj.gov>
**Cc:** TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; Sara.Salem@freshfields.com; Craig Reilly <craig.reilly@ccreillylaw.com>; Milligan, Heather C <hmilligan@paulweiss.com>; Corriveau, Annelise <acorriveau@paulweiss.com>; Scott Eisman <Scott.Eisman@freshfields.com>; Greenbaum, Carter <cgreenbaum@paulweiss.com>; Mauser, Amy <amauser@paulweiss.com>
**Subject:** [EXTERNAL] RE: US v. Google -- FAA productions and rog responses

Michael, Is the United States going to supplement its response to interrogatory 14? I still have not received a response on this, and we've had the question pending to the United States for a week.  Please provide an answer today.  Google reserves all rights.

Martha


**Martha L. Goodman** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7341 (Direct Phone) | 315 269 4061 (Cell)
mgoodman@paulweiss.com | www.paulweiss.com


**From:** Goodman, Martha
**Sent:** Friday, August 4, 2023 12:02 PM
**To:** 'Wolin, Michael (ATR)' <Michael.Wolin@usdoj.gov>; Grossman, David (ATR) <David.Grossman@usdoj.gov>; Clemons, Katherine (ATR) <Katherine.Clemons@usdoj.gov>; Vernon, Jeffrey (ATR) <Jeffrey.Vernon@usdoj.gov>; Choi, Stephanie (ATR) <Stephanie.Choi@usdoj.gov>; Teitelbaum, Aaron (ATR) <Aaron.Teitelbaum@usdoj.gov>
**Cc:** TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; Sara.Salem@freshfields.com; Craig Reilly <craig.reilly@ccreillylaw.com>; Milligan, Heather C <hmilligan@paulweiss.com>; Corriveau, Annelise <ACorriveau@paulweiss.com>; Scott Eisman <Scott.Eisman@freshfields.com>; Greenbaum, Carter <cgreenbaum@paulweiss.com>; Mauser, Amy <AMauser@paulweiss.com>
**Subject:** RE: US v. Google -- FAA productions and rog responses

Thank you Michael. Appreciate it.

As to the supplementation of interrogatories: my email of August 1 requested supplementation of interrogatory **14**, and thus my email from yesterday had a typo in referring to rog 15.  We ask for supplementation of interrogatory **14**, as my August 1 email makes very clear in quoting from the interrogatory.   I requested a response to whether you would supplement rog 14's response by 10 am today, and you have not responded. We will allow the United States more time to consider Google's request, but such time is running extremely short.  Can you please commit to answering this question by end of day Monday, and if so, supplement the response to interrogatory 14 by August 9?

As to the privilege log: we have considered your request in good faith.  Given our concerns with the privilege assertions that the United States has made, as outlined in my letter from earlier this week, and given the claim of a common interest privilege between the FAAs and ad agencies, we are asking that a sample of 50 packets be logged.  We will promptly review that sample and revert.

With respect to your representations regarding substantial completion, I would be remiss not to reserve all rights for Google.

Regards,
Martha


**Martha L. Goodman** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7341 (Direct Phone) | 315 269 4061 (Cell)
mgoodman@paulweiss.com | www.paulweiss.com

**From:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>
**Sent:** Thursday, August 3, 2023 8:03 PM
**To:** Goodman, Martha <mgoodman@paulweiss.com>; Grossman, David (ATR) <David.Grossman@usdoj.gov>; Clemons, Katherine (ATR) <Katherine.Clemons@usdoj.gov>; Vernon, Jeffrey (ATR) <Jeffrey.Vernon@usdoj.gov>; Choi, Stephanie (ATR) <Stephanie.Choi@usdoj.gov>; Teitelbaum, Aaron (ATR) <Aaron.Teitelbaum@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>
**Cc:** TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; Sara.Salem@freshfields.com; Craig Reilly <craig.reilly@ccreillylaw.com>; Milligan, Heather C <hmilligan@paulweiss.com>; Corriveau, Annelise <acorriveau@paulweiss.com>; Scott Eisman <Scott.Eisman@freshfields.com>; Greenbaum, Carter <cgreenbaum@paulweiss.com>; Mauser, Amy <amauser@paulweiss.com>
**Subject:** RE: US v. Google -- FAA productions and rog responses

Counsel,

In response to your email below:

With the FAA document productions provided last night and today, we believe we have met our obligations under the scheduling order, in light of the caveats in Katherine Clemons's June 28 email and the discussions and practices of both parties.

Regarding NHTSA documents, we intend to make at least two more substantial productions in the next few days that will substantially complete our production of documents from custodians and central files.

Regarding supplementation of our responses to interrogatories 4, 8, and 17, we are preparing supplemental responses for Census and USPS and will serve those tonight. We will supplement our responses to these three interrogatories for each FAA three business days prior to their respective depositions.

We are still considering your request that we supplement our response to interrogatory 15, and will respond next week.

Regarding David Grossman's August 1 email proposing a categorical privilege log, the ESI order requires that each party "shall consider any such request in good faith." Please confirm you are doing so. If you do not consent to a categorical privilege log for this set of documents, please explain why you contend that legal review of advertising creative and copy for trademark, copyright, and related concerns is relevant to the claims or defenses in this case.

Regarding the seven Census documents referenced in your July 26 email, we confirm we will produce them tomorrow, August 4.

We also confirm that going forward we will complete production of each FAA custodian's documents five business days before their deposition, as we have requested Google do as well.

Regards,
Michael Wolin

**Michael Wolin** (he/him)
Trial Attorney
United States Department of Justice
Antitrust Division | Transportation, Energy, and Agriculture Section
450 Fifth Street N.W., Suite 8000, Washington, DC 20530
michael.wolin@usdoj.gov | (202) 704-3270 (mobile)

**From:** Goodman, Martha <mgoodman@paulweiss.com>
**Sent:** Thursday, August 3, 2023 11:32 AM

**To:** Grossman, David (ATR) <David.Grossman@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Clemons, Katherine (ATR) <Katherine.Clemons@usdoj.gov>; Vernon, Jeffrey (ATR) <Jeffrey.Vernon@usdoj.gov>; Choi, Stephanie (ATR) <Stephanie.Choi@usdoj.gov>; Teitelbaum, Aaron (ATR) <Aaron.Teitelbaum@usdoj.gov>
**Cc:** TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; Sara.Salem@freshfields.com; Craig Reilly <craig.reilly@ccreillylaw.com>; Milligan, Heather C <hmilligan@paulweiss.com>; Corriveau, Annelise <acorriveau@paulweiss.com>; Scott Eisman <Scott.Eisman@freshfields.com>; Greenbaum, Carter <cgreenbaum@paulweiss.com>; Mauser, Amy <amauser@paulweiss.com>
**Subject:** [EXTERNAL] US v. Google -- FAA productions and rog responses

Counsel,

I'm writing with respect to a number of issues on various email threads, consolidating them here.  I ask for a response to this email today.

**The United States' 11th rolling production:**  Thank you for your production of FAA documents last night.  Please state whether the United States now contends that with this production, it is substantially complete with regard to the 9 custodians that the United States agreed to in Katherine Clemons's June 28, 2023 email.

Please also confirm whether the United States contends that last night's production cures the substantial deficiencies we identified with respect to the NHTSA productions in my July 26 and July 31 emails as to the custodial documents of Ms. McMeen and Ms. Vallese and NHTSA central files.

Finally, please provide us with the document count in each production volume.

**Supplementation of rog 4 and 8 responses:** In my July 26, 2023 email, we requested that the United States supplement its responses to interrogatories 4 and 8 for Census and USPS by today, August 3, and for other FAAs, 3 business days in advance of any deposition of a witness from such agency.  I have not heard back if the United States agrees to this request.  Please confirm the United States will meet this request.

**Supplementation of rog 15 and 17 responses**:  In my August 1, 2023 email, we requested that the United States supplement its responses to interrogatories 15 and 17.  While I asked for a response by tomorrow (Friday) at 10am, to the extent the United States has a position on this request prior to then, we ask you to provide it as soon as you have a position.

**Completion of document production in advance of depositions**: As the United States has requested of Google, we request that the United States complete the production of documents for any FAA custodian 5 business days in advance of the date of that custodian's deposition (if any).

**FAA Privilege log**:  With respect to Dave Grossman's August 1, 2023 email proposing a categorical privilege log for legal review of advertising creative and copy, we cannot at this time agree to a categorical log.  We will consider your request in good faith if you first provide a log of fifty randomly selected packets for our review.

**Census documents wrongly withheld as privileged**:  As to the Census documents identified in my July 26 email wrongly withheld as privileged, while I appreciate the United States' representation that additional Census documents will be produced that were identified as not privileged, you have not indicated whether the 7 documents we identified on July 26 have been or will be produced by August 4.  Please provide a clear answer as to those seven documents.

Regards, Martha

**Martha L. Goodman** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**

2001 K Street, NW | Washington, DC 20006-1047
202 223 7341 (Direct Phone) | 315 269 4061 (Cell)

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

**From:** Goodman, Martha
**Sent:** Tuesday, August 1, 2023 7:38 PM
**To:** 'Wolin, Michael (ATR)' <Michael.Wolin@usdoj.gov>; Milligan, Heather C <hmilligan@paulweiss.com>; Choi, Stephanie (ATR) <Stephanie.Choi@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Teitelbaum, Aaron (ATR) <Aaron.Teitelbaum@usdoj.gov>; Clemons, Katherine (ATR) <Katherine.Clemons@usdoj.gov>; Grossman, David (ATR) <David.Grossman@usdoj.gov>; Vernon, Jeffrey (ATR) <Jeffrey.Vernon@usdoj.gov>; Garcia, Kelly (ATR) <Kelly.Garcia@usdoj.gov>
**Cc:** Morgan, Erin J <ejmorgan@paulweiss.com>; Mauser, Amy <AMauser@paulweiss.com>; Scott Eisman <Scott.Eisman@freshfields.com>; XIA, Rita <Rita.Xia@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Julie Elmer <Julie.Elmer@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; Claire Leonard <Claire.Leonard@freshfields.com>
**Subject:** RE: Meet and Confer Request RE: United States et al v. Google LLC, 1:23-cv-00108-LMB-JFA (E.D. Va.) - US Objs to Second Set of Interrogatories and First Set of RFAs

Thanks Michael.  Looking forward to the United States' responses to RFAs 2 and 3 tomorrow.

In addition to amended RFA responses, we ask the United States to supplement its answer to Interrogatory 14, which asks "Separately for each Federal Agency Advertiser, identify all purchases of "open web display advertising" that were purchased by the Federal Agency Advertiser directly from Google during the Damages Period."  The United States' answer is deficient in numerous respects, including its failure to answer whether the purchases the FAAs made were "directly from Google" as the interrogatory calls for.  The answer also fails to identify "all" purchases – or even one or two or three purchases.  Even with respect to the United States' answer that the FAAs "pay fees for ad tech services provided by Google,"  the United States does not explain to whom it pays such fees. Is it to Google directly, for example?

In addition, the United States does not answer Rog 17 at all, which asks: "For each Campaign identified in response to Interrogatory No. 15, identify all amounts paid by (a) the Federal Agency Advertiser to Google or (b) by the Federal Agency Advertiser to any Agency in connection with that Campaign."  The US states that its "investigation is on-going, and the United States will supplement this response as it identifies additional responsive information."  We ask that the United States immediately provide substantive answers that it has currently with respect to payments from the FAA to Google or from the FAA to its ad agencies.  That the United States may need to supplement in the future is not an excuse for failing to answer in any way whatsoever at this time.

Rogs 14 and 17 are precisely the kinds of interrogatories Judge Brinkema smartly suggested we serve on the United States, and the United States' answers are woefully deficient.  Please tell Google whether the United States will amend its responses by 10 AM this Friday.  If you will amend, please commit to providing those amended responses by August 9.

We're happy to confer further before Friday if necessary.

Regards,
Martha

**Martha L. Goodman** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**

2001 K Street, NW | Washington, DC 20006-1047
202 223 7341 (Direct Phone) | 315 269 4061 (Cell)
mgoodman@paulweiss.com | www.paulweiss.com

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW                    WASHINGTON, DC 20006-1047
TELEPHONE  (202) 223-7300

Martha L. Goodman

TELEPHONE     (202) 223-7341
FACSIMILE     (202) 330-5921

E-MAIL  mgoodman@paulweiss.com

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

September 5, 2023

**By Email**

Jimmy McBirney
Trial Attorney
Antitrust Division
U.S. Department of Justice
450 Fifth Street, NW, Suite 800
Washington, D.C. 20530
Jimmy.McBirney@usdoj.gov

Re:     *United States et al. v. Google LLC*, No. 1:23-cv-108-LMB-JFA (E.D. Va.)

Dear Jimmy:

        We write regarding the parties' August 28, 2023 meet and confer and regarding
the United States' Objections to Google LLC's ("Google") Second Set of Requests for
Admissions ("RFAs") and Fifth Set of Interrogatories to the United States. This letter also
includes a summary of United States' deficient discovery responses to date, which
Google will move to compel on September 8, 2023 provided the United States does not
cure the deficiencies before then.

        As you know, Google has sought throughout the discovery period basic
information concerning the factual basis for the United States' damages claims asserted
on behalf of eight Federal Agency Advertisers ("FAAs"). The United States has yet to
respond adequately to Google's requests seeking this discoverable information.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Jimmy McBirney                                                                            2

*First*, Plaintiff's initial disclosures, which have been supplemented four times and as recently as August 11, 2023, continue to be woefully deficient in identifying any computation of damages, let alone any useful information to frame discovery requests any more narrowly than Google already has to understand the United States' basis for damages.  *See Winston* v. *Land Transp., LLC*, 2007 WL 2471063, at *2 (E.D. Va. Aug. 27, 2007) (imposing sanctions where party failed to disclose in initial disclosures or discovery certain bases for its damages claims).  The United States' failure to adequately disclose its damages claims continues to prejudice Google and its ability to obtain meaningful discovery about those claims.

*Second,* Plaintiff's responses to Interrogatories 4, 9, 14, and 17 continue to be deficient.  In response to Interrogatories 4 and 17, Plaintiff has mainly pointed Google to hundreds of invoices prepared by its ad agencies and submitted to the FAAs for paid media purchases. These invoices and reports–some of which span hundreds of pages–provide little information beyond the name of vendors and the total spend with those vendors.  To the extent Google is mentioned in any invoice, the invoices do not specify what purchases from Google are purchases of "open web display advertising."

Similarly, in response to Google's Interrogatory No. 14, which asks the United States to identify purchases of "open web display advertising' purchased directly by the FAA from Google during the Damages Period, the United States provided only that the FAAs "pay fees for ad tech services provided by Google that facilitate the FAA's purchases of open web display advertising from publishers." The United States has refused to supplement its response to Interrogatory 14, despite Google's repeated requests–on August 1, 3, 8, 13 and 28, 2023–that it do so.

Finally, Interrogatory No. 9, asks for a computation of the damages sought in the Complaint and the date range for the computation; this is the same kind of information that Plaintiff is required to disclose under Rule 26.  *See* Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring disclosure of "a computation of each category of damages claimed by the disclosing party—who must also make available . . . the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered"); *see also Advanced Training Grp. Worldwide, Inc.* v. *Proactive Techs. Inc.*, 2020 WL 4574493, at *4 (E.D. Va. Aug. 7, 2020) ("a party must provide a *computation* of its damages . . . where a party only discloses a lump sum . . . the disclosing party has not met its [Rule 26] obligation").  However, to date, the United States has only provided the names of FAA employees with knowledge relevant to the FAAs' claims for damages.

Thus, none of Plaintiff's responses to Interrogatories 4, 9, 14 or 17 actually answer the question posed.

*Third*, Plaintiff has failed to produce data that it had the ability to obtain from the Army's ad agency contractor, as explained during the deposition of Omnicom (parent entity of DDB) on August 29, 2023.  As the witness explained, personnel from the ad

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Jimmy McBirney                                                                                     3

agency contractor met with Plaintiff twice in a two-week period sometime after May 2023, and offered a template document that would contain "data going back at least three years that show purchases on the Army's behalf for Google's products," but Plaintiff "never even asked" DDB "to fill in that template" or otherwise sought to get that data from the ad agency following those meetings.  This severely undermines the assertions in Plaintiff's August 7, 2023 letter, in which counsel for Plaintiff states, "we sought to obtain the data responsive to RFP No. 12 that DDB maintains on Army's behalf through the government contracting process. Despite diligent attempts to obtain this data, we recently have discovered that we will not be able to receive this data prior to the close of fact discovery."  Rather than diligently pursuing data from DDB when DDB was more than willing to provide it to you, the record reflects you instead demanded it from Google, on an exceedingly compressed schedule and under threat of motion to compel.

*Fourth*, the United States has refused to provide plain language, non-legalese admissions in response to Google's First Set of RFAs requesting admissions on the question of whether the FAAs directly purchase "open web display advertising" from Google.  Even after Google moved to compel a response, the United States' supplemental response remains deficient because it contains a significant qualification that "the United States is unaware of the extent to which" Google sells "open web display advertising" inventory on its websites, and an evasive admission subject to that qualification: "the United States admits that it was the FAA's practice for the FAA's Agencies to purchase 'open web display advertising' from Google as agents of the FAA, pursuant to a contractual relationship."   Read together, the United States' response is barely comprehensible. Further compounding Google's prejudice is the fact that–setting aside whether any purchases underlying Plaintiff's claims for damages constitute "direct" purchases under the antitrust laws–to date, Plaintiff has provided virtually no explanation of what purchases Plaintiff seeks damages for.

*Fifth*, the United States' has refused to provide adequate responses to Google's Interrogatories 18, 19, and 20 regarding the United States' market share calculations as alleged in the Complaint. Plaintiff's responses are wholly inadequate because they simply restate the allegations from the Complaint and refer Google to a series of files produced during the United States's investigation which purport to "provide evidentiary support for this allegation."  Plaintiff fails to provide the information that Google actually requested, including an explanation of the calculation supporting the market share allegations.

*Sixth*, the United States has failed to provide adequate responses to Google's requests for information concerning the United States' communications with third parties regarding the subject matter of this case through August 25, 2023, as requested by Google's Request for Production 44 and Interrogatory 21. DOJ has already agreed to produce "post-complaint communications exchanged between the Antitrust Division and third-party industry participants and foreign or international enforcement agencies related to the subject matter of this case" through March 27, 2023.  Google asks that DOJ supplement that production through August 25, 2023. DOJ's current response to Interrogatory 21 is both improper and insufficient to the extent it incorporates by

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Jimmy McBirney                                                                                          4

reference its response to Interrogatory No. 3, and, to the extent it responds pursuant to Rule 33(d), fails to identify all responsive documents produced.

As the Court reminded the parties early on in this litigation, the discovery period in this district moves quickly and "you need to have your running shoes on."  Mar. 10, 2023 Hr'g Tr. at 26:15–19.  The United States' continued stonewalling has prejudiced Google's ability to investigate the United States' claims and Google's defenses in this case. *See Comstock Potomac Yard, L.C.* v. *Balfour Beatty Const. LLC,* 2009 WL 2496513, at *11 (E.D. Va. Aug. 14, 2009) ("The purpose of the federal discovery rules is to avoid surprise and the possible miscarriage of justice, to disclose fully the nature and scope of the controversy, to narrow, simplify and frame the issues involved, and to enable a party to obtain the information needed to prepare for trial") (quoting 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2001 (2d ed. 1987)).  And it is not Google's burden or obligation to figure out Plaintiff's damages claims by reviewing documents Plaintiff has produced, as you suggested on our call.  *Ruddy v. Bluestream Pro. Serv., LLC,* 2020 WL 13694227, at *4 (E.D. Va. July 16, 2020) (rejecting argument that "defendants should be able to calculate plaintiff's damages for her by reviewing their wage and salary documents and speculating as to what damages plaintiff will claim").

For these reasons, and as discussed on our August 28 meet-and-confer, Google requests that Plaintiff provide full and complete responses on September 6 to Google's Second Set of RFAs, including RFA No. 4, and Google's Fifth Set of Interrogatories, which likewise seek this basic factual information about the United States' alleged damages and purchases underlying those alleged damages.  Specifically, Google's RFA No. 4  asks the United States to:

(1) "Admit that, during the Damages Period, the Federal Agency Advertisers did not purchase ad tech services (as that term is used in Your Amended Answer to Google's Request for Admission No. 1) that facilitate the purchase of advertising from publishers directly from Google."

Google's Interrogatories Nos. 22 through 29 ask:

(1) "Separately for each Federal Agency Advertiser, identify all purchases of 'ad tech services' (as that term is used in Your Amended Answer to Google's First Request For Admission) that were purchased by Federal Agency Advertisers directly from Google during the Damages Period'"

(2) "For each purchase identified in response to Interrogatory No. 22, identify the specific 'ad tech service' purchased";

(3) "For each purchase identified in response to Interrogatory No. 22, identify the amount paid by the Federal Agency Advertiser for the 'ad tech service'";

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Jimmy McBirney                                                                                                5

(4) "Separately for each Federal Agency Advertiser, identify any payments made to Google by any Federal Agency Advertiser during the Damages Period for 'ad tech services' and how such payments were transmitted to Google";

(5) "Separately for each Federal Agency Advertiser, identify any payments made to Google by firms you contend are agents or intermediaries for any Federal Agency Advertiser during the Damages Period for 'ad tech services'";

(6) "Separately for each Federal Agency Advertiser, identify any contracts with Google to which any Federal Agency Advertiser was a party for 'ad tech services' provided during the Damages Period";

(7) "Separately for each Federal Agency Advertiser, identify any contracts between Google and firms you contend are agents or intermediaries for any Federal Agency Advertiser for 'ad tech services' during the Damages Period";

(8) "Separately for each Federal Agency Advertiser, identify all contracts or agreements to which any Federal Agency Advertiser was a party during the Damages Period that You contend constitute cost-plus or fixed contracts for the purchase of 'ad-tech services'";

In its written objections and during the August 28 meet and confer, the United States asserted various objections in an attempt to resist responding to these discovery requests, including, incredibly, an objection to the term "ad tech services" as "vague and ambiguous," notwithstanding that the term "ad tech services" was used by the United States in its responses to Google's First Set of RFAs (and found throughout Plaintiff's discovery responses, including in response to Interrogatory No. 14).

As stated on our August 28, 2023 call, we ask that the United States respond to Google's Second Set of RFAs and Fifth Set of Interrogatories using the term "ad tech services" as the United States understood that term to mean in its responses to Google's First Set of RFAs.  We also remind the United States that it is not Google's obligation to substantiate Plaintiff's damages claims, which Plaintiff could have been investigating for the last three and a half years.

Lastly, with respect to Google's Interrogatory No. 29, which asks for the United States to "identify all contracts or agreements to which any [FAA] was a party during the Damages Period that You contend constitute cost-plus or fixed contracts for the purchase of 'ad-tech services,'" we understand that the United States contends this interrogatory calls for legal analysis for its use of the term "cost-plus or fixed contracts." We remind the United States these terms are defined in the Federal Acquisition Regulations ("FAR"). As the FAA testimony to date shows, these terms are commonly understood and widely used by non-lawyer FAA employees in the course of their work.  We ask that the United States respond to Google's Interrogatory No. 29 using the terms cost-plus and fixed contracts as defined by the FAR.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Jimmy McBirney                                                                                          6

* * *

The prejudice to Google increases with each day the United States continues to stonewall and obfuscate in responding to Google's discovery requests. As endorsed by Judge Anderson at the September 1, 2023 hearing on Google's Motion to Compel, Google will promptly move to compel on September 8, 2023 if the United States' responses to the discovery requests outlined herein continue to be deficient.

Google reserves all rights.

Sincerely,

*/s/ Martha L. Goodman*
Martha L. Goodman