# EXHIBIT 8



**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20530*

September 6, 2023

| | |
|---|---|
| Eric Mahr, Esq. | Martha L. Goodman, Esq. |
| Robert McCallum, Esq. | Heather C. Milligan, Esq. |
| Andrew Ewalt, Esq. | Paul, Weiss, Rifkind, Wharton & |
| Freshfields Bruckhaus Deringer LLP | Garrison LLP |
| 700 13th Street, NW | 2001 K Street, NW |
| Washington DC 20005-3950 | Washington, DC 20006-1047 |

Re: *United States, et al. v. Google LLC*, No. 1:23-cv-108 (E.D. Va.)

Dear Martha:

I write in response to your letter of yesterday purporting to describe the parties' August 28, 2023, meet and confer regarding Google's Request for Admission No. 4 and Interrogatory Nos. 22-29, as well as raising various complaints about our responses to several of Google's earlier discovery requests dating back several months.

As an initial matter, the United States strongly disagrees with your characterizations of our prior discovery responses as "woefully deficient." Regardless, because your letter does not seek to meet and confer on any of Google's prior requests—which Google also has not sought to confer with us about at any other time since receiving our most recent responses—we do not interpret your letter as expressing an intention to move to compel further responses to those requests. I will therefore forego responding to each of the inaccurate assertions relating to those requests that you make in your letter and will instead focus on addressing your concerns regarding Google's most recent requests that were the subject of our August 28 meet and confer conversation.

Regarding those most recent requests that Google served on August 9, 2023—exactly 30 days before fact discovery closes—the United States intends to provide its responses by the September 8 due date established by the Federal Rules of Civil Procedure. Your demand that "Plaintiff provide full and complete responses on September 6 to [those requests]" two days before they are due is improper, and we decline to do so. Indeed, Google could have required our responses by September 6 if it had chosen to serve its discovery requests two days earlier, and Google is solely responsible for its decision to wait until the last possible day to serve its discovery requests under the long-established scheduling order in this case.

As you know, Google requested to meet and confer regarding our objections to Google's Request for Admission No. 4 and Interrogatory Nos. 22-29 exactly five minutes after we served them, and the parties did confer on those objections on August 28 for over an hour. During that call, Google was represented my multiple attorneys who at times

shouted over each other with a variety of unclear and often inconsistent positions, and was generally unprepared to provide specific concerns regarding our objections. Despite the difficulties created by Google's approach to the meet and confer session that Google had reflexively requested only minutes after receiving our objections, the parties were able to make some progress and resolve several of our objections, and we asked Google to promptly provide in writing its remaining specific concerns and positions.

Regrettably, Google waited for more than a week before sending its first and only follow-up via your letter sent at 10:04 p.m. yesterday evening, demanding that we provide "full and complete responses" to your requests by the very next day, and two days before the response deadline established by the Rules. Your letter also only addresses two specific objections to the discovery requests at issue: (1) Google's unwillingness to define "ad tech services" as used in Google's discovery requests; and (2) Google's use of the terms "cost-plus or fixed contracts," which your letter requests be defined as those terms are "defined by the FAR." We therefore do not believe Google has met its obligation to properly meet and confer regarding our objections to Google's Request for Admission No. 4 and Interrogatory Nos. 22-29.

Nevertheless, we will provide our responses to your Second Set of Requests for Admission and Fifth Set of Interrogatories by this Friday, September 8, in accordance with the applicable deadline, and will do so utilizing the definitions that your letter requests we apply. Specifically, the United States will: (1) provide a definition of "ad tech services" for the purposes of responding to your discovery requests that is consistent with our understanding of that term in the context of our responses to Google's First Set of Requests for Admission; and (2) will apply the applicable FAR definitions to the terms "cost-plus" and "fixed contracts" in preparing our responses.

Sincerely,

*/s/ Jimmy S. McBirney*

Jimmy S. McBirney