UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*, <br><br> *Plaintiffs*, <br><br> vs. <br><br> GOOGLE LLC, <br><br> *Defendant*. | No: 1:23-cv-00108-LMB-JFA |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT GOOGLE LLC'S MOTION TO SEAL**

Pursuant to Local Civil Rule 5, Defendant Google LLC ("Google"), through its undersigned counsel, hereby respectfully submits the instant memorandum of law in support of its motion to seal portions of its Memorandum of Law in Support of Google's Motion To Compel Responses to Various Discovery Requests, portions of the appendix filed therewith, and certain exhibits referenced in its Memorandum. These exhibits and the redactions in the brief and appendix contain information designated by Plaintiff the United States and non-party Omnicom as confidential or highly confidential under the parties' protective order (Dkt. 203 ¶ 20). The exhibits, appendix, and the unredacted brief have been filed electronically using the sealed filing events at Dkt. 410, the redacted brief, appendix, and exhibits thereto are filed on the public docket at Dkt. 408.

**INTRODUCTION**

Google's Memorandum of Law references, among other exhibits: (i) transcripts of depositions of Federal Agency Advertiser ("FAA") employees and non-party Omnicom designated by the United States and Omnicom as highly confidential; and (ii) discovery responses

1

and objections from the United States containing information designated by the United States as highly confidential. Pursuant to paragraph 20 of the Protective Order (Dkt. 203), through this motion Google informs the Court of the confidentiality designations of these materials and requests that the Court seal these exhibits from the public docket, and maintain the redacted brief and appendix on the public docket, in order to provide Plaintiff sufficient time to provide the Court with support for the need to seal these documents. But for the requirements of the Protective Order, Google would not seek to seal these documents.

## ARGUMENT

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone* v. *Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id.* (quoting *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The common law presumption in favor of public access can be overcome only by a showing that a litigant has "some significant interest that outweighs the presumption." *Rushford* v. *New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Accordingly, before ordering the sealing of a document, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the document[], and (3) provide specific reasons and factual findings supporting its decision to seal the document[] and for rejecting the alternatives." *Ashcraft* v. *Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also* Local Civ. R. 5(C).

Google does not believe the information referenced in its memorandum or the exhibits cited therein is of a type that outweighs the presumption in favor of public access. Nonetheless, because the material was designated as confidential or highly confidential by the United States and

non-party Omnicom, Google has filed the present motion in accordance with its obligations under paragraph 20 of the Protective Order. As stated in the notice filed concurrently with this memorandum, any interested member of the public and any other party may indicate their position on the motion.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant this motion to seal.

Dated: September 8, 2023                                       Respectfully submitted,

| | |
|---|---|
| Eric Mahr (*pro hac vice*) | /s/ Craig C. Reilly |
| Andrew Ewalt (*pro hac vice*) | Craig C. Reilly (VSB # 20942) |
| Julie Elmer (*pro hac vice*) | THE LAW OFFICE OF |
| Lauren Kaplin (*pro hac vice*) | CRAIG C. REILLY, ESQ. |
| Jeanette Bayoumi (*pro hac vice*) | 209 Madison Street |
| Claire Leonard (*pro hac vice*) | Alexandria, VA 22314 |
| Sara Salem (*pro hac vice*) | Telephone: (703) 549-5354 |
| Tyler Garrett (VSB # 94759) | Facsimile: (703) 549-5355 |
| FRESHFIELDS BRUCKHAUS | craig.reilly@ccreillylaw.com |
| DERINGER US LLP | |
| 700 13th Street, NW, 10th Floor | Karen L. Dunn (*pro hac vice*) |
| Washington, DC 20005 | Jeannie H. Rhee (*pro hac vice*) |
| Telephone: (202) 777-4500 | William A. Isaacson (*pro hac vice*) |
| Facsimile: (202) 777-4555 | Joseph Bial (*pro hac vice*) |
| eric.mahr@freshfields.com | Amy J. Mauser (*pro hac vice*) |
| | Martha L. Goodman (*pro hac vice*) |
| Daniel Bitton (*pro hac vice*) | Bryon P. Becker (VSB #93384) |
| AXINN, VELTROP & HARKRIDER LLP | Erica Spevack (*pro hac vice*) |
| 55 2nd Street | PAUL, WEISS, RIFKIND, WHARTON & |
| San Francisco, CA 94105 | GARRISON LLP |
| Telephone: (415) 490-2000 | 2001 K Street, NW |
| Facsimile: (415) 490-2001 | Washington, DC 20006-1047 |
| dbitton@axinn.com | Telephone: (202) 223-7300 |
| | Facsimile (202) 223-7420 |
| | kdunn@paulweiss.com |

| | |
|---|---|
| Bradley Justus (VSB # 80533)<br>AXINN, VELTROP & HARKRIDER LLP<br>1901 L Street, NW<br>Washington, DC 20036<br>Telephone: (202) 912-4700<br>Facsimile: (202) 912-4701<br>bjustus@axinn.com | Meredith Dearborn (*pro hac vice*)<br>PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP<br>535 Mission Street, 24th Floor<br>San Francisco, CA 94105<br>Telephone: (646) 432-5100<br>Facsimile: (202) 330-5908<br>mdearnborn@paulweiss.com |

*Counsel for Defendant Google LLC*