IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., | ) |
|            Plaintiffs, | ) |
| v. | ) No. 1:23-cv-00108-LMB-JFA |
| GOOGLE LLC, | ) |
|            Defendant. | ) |

**JOINT MOTION TO COMPLETE THIRD-PARTY DOCUMENT PRODUCTIONS
AFTER FACT DISCOVERY CUTOFF**

PURSUANT TO Federal Rule of Civil Procedure 16(b)(4) and Local Civil Rule 16(B), Defendant Google LLC ("Google") and the Plaintiffs seek leave to complete third-party document productions after the fact discovery cut-off, now set as September 8, 2023 (Docket No. 69). The grounds and reasons for granting this relief are stated below.

1. As the Court is aware, this civil antitrust enforcement action concerns the vast market for internet advertising:

> Website publishers in the United States sell more than 5 trillion digital display advertisements on the open web each year—or more than 13 billion advertisements every day. . . . Collectively, these advertisements generate more than $20 billion in revenue per year, just for publishers based in the United States.

(Am. Compl., ¶ 2, Docket No. 120). Market participants act in such roles as ad tech providers, publishers, and advertisers (*Id*., ¶ 3 & n.1).

2. The parties dispute the definition of the "relevant market" (and Google's concomitant "market share"). The relevant market must "reflect[] commercial realities." *United States v. Grinnell Corp*., 384 U.S. 563, 572 (1966). To obtain information about the "commercial realities" of this alleged market, both sides have served Rule 45 subpoenas for production of documents on hundreds of third parties who participate in the industry.

1

3.     These third parties are located throughout the United States, and the "place of compliance" for each subpoena recipient is tied to its location under Rule 45(c)(2)(A). Thus, under Rule 45(d)(2)(B)(i), any motion to enforce a subpoena would have to be brought in the federal district court "where compliance is required." Few other federal districts match the docket efficiency of this district, which means that negotiating with third parties to obtain a timely and agreed upon production usually is more efficacious than motions practice to enforce these subpoenas in the numerous and various ancillary district courts.

4.     Nevertheless, most third parties have sufficiently and timely complied with subpoenas served by Google and the Plaintiffs. A handful, identified below, still need more time to make their agreed upon productions. The pertinent circumstances of each third party are outlined below:

**Defendant's Requests:**

- **Meta Platforms, Inc**. is a technology company that sells advertising on its owned and operated properties like Facebook and Instagram, as well as on the properties of third-party publishers who participate in the Meta Audience Network. Meta is located in Menlo Park, California. Google issued a subpoena to Meta on March 31, 2023, which was promptly served. The place of compliance was in New York City, within the Southern District of New York. The due date for compliance was April 17, 2023. Google has been diligently engaged in good faith negotiations with Meta to overcome its objections and obtain responsive documents, including data. Following multiple productions, Google and Meta have been in discussions regarding potential outstanding questions Google has with respect to those productions.

- **Amazon.com, Inc.** is an e-commerce company that operates an advertising platform on its websites. Google issued a subpoena to Amazon on April 4, 2023, which was promptly served. The place of compliance was Seattle, Washington, within the Western District of Washington. The due date for compliance was April 17, 2023. Google has been diligently engaged in good faith negotiations with Amazon to overcome its objections and obtain responsive documents, including data. On August 17, 2023, after extensive back and forth between Google and Amazon, Amazon made a responsive data production. Following that production, Google and Amazon have been in discussions regarding outstanding questions Google has with respect to that production and with respect to gaps in that production. Counsel for Amazon has represented that it continues to look into Google's questions regarding Amazon's productions and may need to revise that production due to an error in the data pull.

- **Adobe Inc.** provides an advertising technology platform. Google issued a subpoena to Adobe on April 7, 2023, with a due date for compliance of April 21, 2023. The place of compliance was Albany, New York, in the Northern District of New York. Adobe produced documents and data responsive to the subpoena but Google continues to work with Adobe to obtain additional information about its data related to net and gross revenue and fees charged related to its advertising technology.

- **Amobee, Inc.** provides an advertising technology platform. Google issued a subpoena to Amobee on May 19, 2023, which was promptly served. The place of compliance was in Los Angeles, California, within the Central District of California. The due date for compliance was June 2, 2023. Google has been diligently engaged in good faith negotiations with Amobee to overcome its objections and obtain responsive documents.

3

    On August 14, 2023, Amobee made an initial responsive production. This production encompassed some, but not all, of the documents and data that Amobee had agreed to provide pursuant to an agreement reached with Google during negotiations. Counsel for Amobee has represented that the additional responsive documents and data subject to this agreement will be produced on or about September 8, 2023.

- **Dentsu US Inc.** is a marketing and advertising agency. Its parent company is one of the so-called "big six" largest advertising agencies in the world. Google issued a subpoena to Dentsu on April 7, 2023, which was promptly served. The place of compliance was in New York City, within the Southern District of New York. The due date for compliance was April 24, 2023. Google has been diligently engaged in good faith negotiations with Dentsu to overcome its objections and obtain responsive documents. Dentsu has made responsive document productions, but Google and Dentsu have been in discussions regarding outstanding questions Google has with respect to Dentsu's data productions and gaps in those data productions. Counsel for Dentsu has represented that it is diligently working to complete its data productions.

**Plaintiffs' Requests:**

- **District Communications Group ("DCG"):** is an advertising agency who purchases media on behalf of the Department of Veterans Affairs. The Department of Justice issued a subpoena to DCG on March 27, 2023, which was promptly served. The due date for compliance was April 17, 2023. The Department of Justice has been diligently engaged in good faith negotiations with DCG to obtain responsive documents. DCG currently has made two productions, and possibly may need to make another production to complete its obligations in the next few weeks.

- **Equativ** (formerly known as Smart AdServer): is a French advertising technology company. The company operates a publisher ad server, an SSP and a DSP and specializes in solutions for Advanced TV and premium publishers. The DOJ issued a subpoena to Equativ on March 27, 2023. The due date of compliance was April 17, 2023. The DOJ has diligently engaged in good faith negotiations with Equativ to obtain the outstanding documents and data. Equativ has made recent responsive submissions and Equativ's counsel has represented that it is diligently working to complete the outstanding data productions.

- **GSD&M LLC:** is an advertising agency who purchases media on behalf of the Air Force. Its parent company, Omnicom Group Inc., is one of the so-called "big six" largest advertising agencies in the world. The Department of Justice issued a subpoena to GSD&M on March 27, 2023, which was promptly served. The due date for compliance was April 17, 2023. The Department of Justice has been diligently engaged in good faith negotiations with GSD&M to obtain responsive documents. GSD&M has made two productions. Counsel for GSD&M has represented that the additional responsive documents will be produced on or around September 8, 2023.

- **Reingold:** is an advertising agency that works not only with multiple government agencies, but with other advertising agencies, such as District Communications Group, Inc., to provide multiple services, including purchasing media. The United States issued a subpoena to Reingold on March 27, 2023, the first date of fact discovery, with a due date for compliance of April 21, 2023. The United States has diligently engaged in good faith negotiations with Reingold to obtain responsive documents. Reingold has produced both documents and data responsive to the subpoena. Counsel for Reingold has indicated that

Reingold may have some additional information and will be able to provide it within the next few days.

- **Stratacomm:** is an advertising agency that purchased media on behalf of the National Highway Transportation and Safety Administration. The Department of Justice served a subpoena on Stratacomm on March 27, 2023. The date for compliance was April 17, 2023. The United States has diligently engaged in good faith negotiations with Stratacomm to obtain responsive documents. Stratacomm has made four productions to the United States, and possibly may need to make another production to complete its obligations in the next few weeks.

- **The Trade Desk ("TTD")**: is a technology company that specializes in real-time programmatic marketing automation technologies, products, and services, designed to personalize digital content delivery to users. The DOJ issued a subpoena to The Trade Desk on March 27, 2023. The due date of compliance was April 17, 2023. The DOJ has diligently engaged in good faith negotiations with the Trade Desk to obtain the outstanding documents and data. The Trade Desk has made recent responsive submissions and TTD's counsel has represented that it is diligently working to complete the outstanding data productions that will be done on or about September 8, 2023.

- **Trilogy Federal LLC ("Trilogy"):** is an advertising agency who purchases media on behalf of the Department of Veterans Affairs. The Department of Justice issued a subpoena to Trilogy on March 27, 2023, which was promptly served. The due date for compliance was April 17, 2023. The Department of Justice has been diligently engaged in good faith negotiations with Trilogy to obtain responsive documents. Trilogy currently has made two

productions possibly may need to produce some additional information in the next few weeks.

5.      Google and Plaintiffs gave timely notice of these subpoenas when they were issued, as required by Rule 45(a)(4).  Moreover, each party has provided the other with copies of the documents produced to date from all third-party subpoenas and will promptly provide copies of the productions at issue when they are received.

6.      In addition, third parties who made timely productions during the fact discovery period, might make additional or supplemental productions after September 8, 2023 but by September 30.  If, and as additional or supplemental productions are made, Google and the Plaintiffs will provide copies to each other.

7.      Generally, when a party seeks to modify the scheduling order, the Court must consider whether there is any "danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith."  *Roe v. Howard*, No. 1:16-cv-562, 2017 U.S. Dist. LEXIS 187258, *1-2 (E.D. Va. June 30, 2017).  Furthermore, a showing of "good cause" to modify the scheduling order "requires 'the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence.'"  *Cook v. Howard*, 484 Fed. Appx. 805, 815 (4th Cir. 2012) (unpublished *per curiam*) (citations omitted); *accord* Fed. R. Civ. P. 16, 1983 Adv. Comm. Notes (the movant must show that the current deadlines "cannot reasonably be met despite the diligence of the party seeking" the modification).  Google and the Plaintiffs submit that good cause under this test is easily shown to justify using these documents and data after September 8, 2023.

8.      The good cause factors weigh in favor of extending the current schedule for these materials.  *First*, there will be no prejudice to another party because these documents will be made

available for both sides to use. *Second*, these productions are expected to be completed promptly and will not impede the rest of the schedule. *Third*, under the circumstances, it is not feasible to complete these productions prior to the current fact discovery cut-off, despite diligent, good faith efforts by the parties to negotiate prompt productions with the numerous third parties. Accordingly, good cause exists to allow these productions to be completed after September 8 but by September 30.

9. Google and the Plaintiffs further request that the parties be permitted to make use of these document productions as if they had been received on or before September 8, 2023.

WHEREFORE, Google and the Plaintiffs request that the Court grant this motion for leave to complete third party document productions after the close of fact discovery and to allow the parties to use these document productions as if they had occurred on or before September 8, 2023. A proposed order is submitted herewith.

*The parties waive oral argument on this procedural motion.*

Dated:  September 8, 2013

*Of Counsel for Google LLC:*

Eric Mahr (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Julie Elmer (*pro hac vice*)
Justina Sessions (*pro hac vice)*
Lauren Kaplin (*pro hac vice*)
Jeanette Bayoumi (*pro hac vice*)
Claire Leonard (*pro hac vice*)
Sara Salem (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
David Pearl (*pro hac vice*)
Allison Vissichelli (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

Respectfully submitted,

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
 CRAIG C. REILLY, ESQ.
209 Madison Street, Suite 501
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com


Karen L. Dunn (*pro hac vice*)
Jeannie H. Rhee (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Joseph Bial (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Bryon P. Becker (VSB #93384)
Erica Spevack (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile (202) 223-7420
kdunn@paulweiss.com


Meredith Dearborn (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (646) 432-5100
Facsimile: (202) 330-5908
mdearnborn@paulweiss.com



*Counsel for Google LLC*

**FOR PLAINTIFFS:**

| | |
|---|---|
| JESSICA D. ABER<br>United States Attorney | JASON S. MIYARES<br>Attorney General of Virginia |
| /s/ Gerard Mene<br>GERARD MENE<br>Assistant U.S. Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3777<br>Facsimile: (703) 299-3983<br>Email: Gerard.Mene@usdoj.gov | /s/ Andrew N. Ferguson<br>ANDREW N. FERGUSON<br>Solicitor General<br>STEVEN G. POPPS<br>Deputy Attorney General<br>TYLER T. HENRY<br>Assistant Attorney General |
| /s/ Julia Tarver Wood<br>JULIA TARVER WOOD<br>/s/ Michael J. Freeman<br>MICHAEL J. FREEMAN | Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us |
| United States Department of Justice<br>Antitrust Division<br>450 Fifth Street NW, Suite 7100<br>Washington, DC 20530<br>Telephone: (202) 307-0077<br>Fax: (202) 616-8544<br>Email: Julia.Tarver.Wood@usdoj.gov<br><br>Attorneys for the United States | Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia |