IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., | ) |
| | ) |
|         Plaintiffs, | ) |
|   v. | )   No. 1:23-cv-00108-LMB-JFA |
| | ) |
| GOOGLE LLC, | ) |
| | ) |
|         Defendant. | ) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR INTERIM MODIFICATIONS TO THE DISCOVERY PLAN DUE TO GOOGLE'S NON-COMPLIANCE WITH DISCOVERY DEADLINES**

Pursuant to Federal Rules of Civil Procedure 16 and 37, and Local Rules 16(B) and 37, Plaintiffs, through their undersigned counsel, hereby respectfully submit this memorandum of law in support of Plaintiffs' motion for interim modifications to the discovery plan to mitigate, in part, the prejudice to Plaintiffs arising from Google's failure to produce hundreds of thousands—and possibly millions—of documents by the deadlines imposed by this Court. Because the full extent of Google's non-compliance is still unknown, through no fault of Plaintiffs, this motion seeks only preliminary relief, given the scheduled close of fact discovery today.  ECF Nos. 69 and 94. As additional information is made available by Google, Plaintiffs may need to seek supplemental relief.

During a videoconference that took place between roughly 1:00 pm and 2:00 pm on September 8, Plaintiffs informed Google's outside counsel of the relief that would be sought in this motion.  Google proposed, and DOJ rejected, submitting a joint filing.  Google has therefore informed Plaintiffs that it will likely oppose at least some of the relief that Google understands that Plaintiffs will be requesting, that it intends to continue discussing the requested relief with

Plaintiffs in the coming days, and that it will file a responsive brief no later than 5:00 pm on September 13, 2023.

## BACKGROUND

### A. Google's Failure to Review and Produce a Significant Volume of Relevant, Responsive Documents

On Friday, September 1, counsel for Google revealed to Plaintiffs and the Court that, due to "an issue with Google's document production," Google would not be able to complete its production of responsive documents by September 8, 2023, the fact discovery cutoff imposed by the Court in this case.[1] As the Court is aware, the Scheduling Order in this case required the parties to substantially complete document productions by no later than July 7, 2023. ECF No. 69.

At the September 1 hearing, the Court noted there would be "consequences" for Google's discovery violations and encouraged the parties to discuss appropriate modifications to the Court's discovery plan.[2] Since then, Plaintiffs have met and conferred with Google's counsel to gather additional information about Google's discovery failure in order to assess its implications on the schedule for the case. Based on conversations with Google's counsel, Plaintiffs have learned that:

(1) Google failed to run agreed-upon search terms on five out of seven "ingestion sites" that house relevant custodians' documents;

(2) Google personnel are charged with running agreed-upon search terms across each of the relevant ingestion sites and then providing the resulting hits to Google's e-discovery vendor, where the documents are then processed for review and ultimate production;

---

[1] Sept. 1, 2023 H'rg Tr., at 85:6–12.
[2] Sept. 1, 2023 H'rg Tr., at 87:4-7.

(3) documents from **96 custodians** – a majority of the 160 agreed-upon custodians in this case – were housed on these five ingestion sites that were not reviewed for responsive material;

(4) Google first learned that there was a document collection issue on or about August 16, 2023, but did not alert Plaintiffs that there was any issue until August 28, 2023, the day before a Google witness was deposed, and even then Google did not characterize the problem as one that impacted a large quantity of custodians; Google did not disclose the extent of the problem to Plaintiffs or the Court until September 1, 2023;

(5) the precise volume of responsive, non-privileged documents that will need to be reviewed and produced to Plaintiffs is significant, but not yet precisely known;

(6) the raw number of responsive documents from these five missing ingestion sites exceeds **10 million**, equivalent to 9 terabytes of data, prior to de-duplication;

(7) Google's e-discovery vendor anticipates knowing the number of unique documents that need to be reviewed and produced by early next week; and

(8) based on the processing of documents uploaded to the e-discovery vendor so far, the vendor's de-duplication process has so reduced the raw volume of responsive documents by 66%, although Google's counsel could not confirm whether that de-duplication rate would increase or decrease based on future document populations; and

(9) for one of the four Google witnesses already deposed by Plaintiffs, Google has identified approximately 33,000 custodial documents that have not yet been reviewed or produced.[3]

---

[3] For context, prior to the witness' deposition, Google produced only 11,000 documents from the witness' custodial files. Thus, the 33,000 not-yet-produced documents from this witness' custodial files represent several *multiples* of the produced documents available to Plaintiffs at the time the witness was deposed.

Based on the limited information currently available, it appears that Google failed to review and produce anywhere from ***1 million to 4 million documents*** in this case (assuming a de-duplication range of 60–90%). To put this volume of documents in context, Google has only produced approximately 1 million documents during this litigation (from June 6, 2023 to August 31, 2023), so one or more multiples of that number of documents may be produced after the fact discovery cutoff.

    **B.  Google's Failure to Meet Document Discovery Deadlines in the *Search Litigation***

Given the concerning nature of Google's failure to review and produce such a large volume of relevant information, it bears noting that this does not appear to be the first time in recent months that Google has produced a material number of documents after a court-mandated document discovery deadline.

As the Court is aware, in October 2020, the United States and 11 Co-Plaintiffs commenced a civil antitrust enforcement action against Google in the U.S. District Court for the District of Columbia concerning Google maintenance of monopolies in the markets for general search services, search advertising, and general search text advertising (the "*Search Litigation*"). Certain of the document custodians in the *Search Litigation* overlap with the document custodians in this matter, and, based on information learned this week from Google's counsel, their documents are housed on some of the same ingestion sites that are at issue here.

In the *Search Litigation*, Judge Mehta imposed a deadline of March 22, 2022 for the close of fact discovery.  On May 5, 2023, approximately 13 months after the fact discovery cutoff, Google's counsel in the *Search Litigation* notified the United States that Google had discovered a significant number of custodial documents that had not been collected "due to errors." Google explained that "future rolling productions" of responsive documents would be

forthcoming, and that the current volume of "over 100,000 documents" was expected "to grow substantially as the ingestion and processing of the additional files continue[d]." Google ultimately produced more than 400,000 responsive, previously withheld documents in the weeks following this revelation. When this information came to light in the *Search Litigation*, the fact discovery period there had long closed, expert reports had been submitted, summary judgment motions had been argued, and both parties were in the process of preparing exhibit lists for trial.

Upon learning of Google's production problems in the *Search Litigation*, Plaintiffs in this litigation reached out to Google's counsel here in May to ask whether the document collection issue identified in the *Search Litigation* would have any impact on this case. Nearly two months later, on July 5, 2023, Google's counsel assured Plaintiffs that "similar collection issues" would not impact this litigation.

**C.  Plaintiffs' Reliance on the Completeness of Google's Document Production**

Google's inability to complete its document production by the court-mandated deadline impacts several aspects of discovery as well as the case management schedule going forward.

On July 7, 2023, Google's counsel represented to Plaintiffs that, as of Friday, July 7, 2023, "Google has met the Court-ordered substantial completion deadline." Plaintiffs have since conducted extensive discovery and made numerous strategic decisions based on Google's representation.

Plaintiffs' reliance on the completeness of Google's document production has been three-fold. *First*, Plaintiffs strategically selected and noticed the depositions of nine current and former Google employees, as well as one Rule 30(b)(6) deposition of Google, based in significant part on review of Google's document production. Four of those depositions have already occurred, and it is impossible to say whether Plaintiffs would have selected the same nine deponents with

the benefit of a complete Google document production. *Second*, Plaintiffs' limited requests for written discovery (interrogatories and requests for admission) were based in part on review of Google's document production. *Third*, Plaintiffs' experts have relied on Google's document production to prepare reports.

## INTERIM RELIEF SOUGHT

To preserve Plaintiffs' ability to bring this important case to verdict as expeditiously as possible, and to mitigate the prejudice caused by Google's failure to meet the court-mandated discovery deadlines in this case, Plaintiffs ask that the Court issue new interim deadlines, designed to get the parties back on track and maintain as much of the original schedule as possible under these circumstances. To that end, Plaintiffs request the following interim relief:

1. Order Google to submit a sworn Declaration by knowledgeable person(s) explaining: (a) how these discovery mistakes occurred; (b) the extent to which these discovery mistakes are similar to the discovery mistakes made in the *Search Litigation*; (c) when Google first learned about these issues; and (d) what steps Google has taken to ensure that these issues will not persist and that all nonprivileged relevant documents have been collected, reviewed and produced.

2. Order Google to complete its document production expeditiously, and to allow expedited depositions of Google witnesses to occur as promptly as possible, with the specific modifications to the discovery plan outlined below.

3. Reset deadlines for expert discovery on a schedule that will maintain – to the greatest extent possible in light of Google's discovery violation – the current case schedule. Because the precise contours of the new case management schedule will necessarily need to await Google's disclosure of the number of responsive documents that must be

reviewed and produced, and the time frame they propose for that production, Plaintiffs urge the Court to set deadlines that will not penalize Plaintiffs for the delays in Google's document discovery, but will attempt, to the extent feasible, to keep as much of the original case management schedule as feasible under the circumstances.

4. Preserve Plaintiffs' right to ask the Court for further appropriate discovery plan modifications, sanctions, or other relief, after the full scope of Google's discovery violations has been determined.

## ARGUMENT

Courts have "nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failure to comply with its discovery orders." *Hinkle v. City of Clarksburg, W.Va.*, 81 F.3d 416, 426 (4th Cir. 1996) (citation omitted). The Federal Rules of Civil Procedure authorize a court to modify scheduling orders and to order relief for parties' failure to comply with discovery orders. *See* Fed. R. Civ. P. 16(b)(4); Fed. R. Civ. P. 37(b)(2)(A). Here, Google's failure to timely produce responsive documents, in violation of the deadlines set by the Court, is good cause to modify the timing and scope of discovery. Google's violation of the Court's discovery order leaves Plaintiffs in an untenable position. Plaintiffs cannot adequately prepare for depositions of Google witnesses, knowing full well that hundreds of thousands, if not millions, of relevant documents pertaining to those witnesses are likely to be produced later. The conduct by Google also impacts expert discovery. Plaintiffs' experts cannot fully evaluate the relevant evidence in this case to support their expert reports—currently due in just over a month—when Google has not yet completed production of substantially all relevant documents.

Therefore, the interim relief proposed below is intended to reinstate a level of certainty and allow Plaintiffs to complete discovery and adequately prepare for trial as close as possible to the original dates ordered in this case. Because Plaintiffs continue to have limited visibility into the scope of the problem, the volume of documents yet to be produced, or the substance of the documents that were left unreviewed, Plaintiffs propose these remedial steps, while reserving the right to request further appropriate modifications or sanctions later, as more information about this production issue comes to light.

### A. Depositions After Substantial Completion of Document Production

As an appropriate interim "consequence" for Google's conduct, Plaintiffs respectfully request an order from this court that, after Google has substantially completed its document production:

(1) Plaintiffs be allowed to depose four new Google witnesses given the prejudice arising from Plaintiffs' use of four Google party depositions based on incomplete information;

(2) Plaintiffs be permitted to reopen depositions of the four Google witnesses whose depositions have been taken if additional documents concerning those witnesses are produced;[4]

(3) Plaintiffs be allowed to withdraw, at Plaintiffs' discretion, deposition notices to the five remaining Google deponents,[5] and issue new deposition notices to up to five other Google deponents, based on the information contained in the newly-produced documents;

---

[4] At the September 1, 2023 hearing, the Court acknowledged that Plaintiffs may need to reopen certain depositions "at a later time due to Google's inability to do what the Court ordered it to do." *See* Sept. 1, 2023 H'rg Tr., at 87:5–20.

[5] Plaintiffs also issued a 30(b)(6) notice to Google, the scope of which was significantly narrowed by negotiations with counsel.

(4) Google be required to seat deponents for depositions within 10 business days of any new deposition notice, to ensure that remaining depositions can be conducted in a timely manner;

(5) Google be required to present their witnesses for deposition in or near the Eastern District of Virginia or other location convenient to Plaintiffs;

(6) Google be required to provide written verification for each noticed deponent that the deponent's documents have been loaded and reviewed, and responsive, nonprivileged documents concerning those witnesses be produced within five business days of the deponent's deposition;

(7) the period of "Coordinated Discovery" under the Discovery Coordination Order issued by this Court be extended in so far as it relates to depositions of Google witnesses, such that any depositions taken by the MDL Plaintiffs prior to the revised fact discovery cutoff in this action, be treated as if they were taken in this case.  Par. 3 of Coordination Order;

(8). Fact discovery is not otherwise extended and Google is prohibited from issuing new discovery requests to Plaintiffs or any third party; and

(9) To the extent that review of Google's new document productions reveals new information concerning relevant third-party witnesses, Plaintiffs be allowed to seek, for good cause shown, additional third-party depositions by Plaintiffs.

B. **Interrogatories and Requests for Admission to Google**

Plaintiffs also request that the Court grant Plaintiffs leave to issue additional interrogatory requests and requests for admission to Google based on the newly produced documents.

9

### C. Modification of the Expert Discovery Schedule

To ensure Plaintiffs' experts have sufficient time to consider evidence produced by Google and incorporate relevant evidence and Google deposition testimony into their reports, Plaintiffs respectfully request that the upcoming expert discovery deadlines in this case be adjusted to hew as closely as possible to the current case schedule, while affording Plaintiffs time to review the additional documents and depose relevant Google witnesses and incorporate that material into expert reports.

### **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that its Motion be granted.

Dated: September 8, 2023

Respectfully submitted,

| | |
|---|---|
| JESSICA D. ABER<br>United States Attorney | JASON S. MIYARES<br>Attorney General of Virginia |
| /s/ Gerard Mene<br>GERARD MENE<br>Deputy Chief, Civil Division<br>Assistant U.S. Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3891<br>Facsimile: (703) 299-3983<br>Email: gmene@usa.doj.gov | /s/ Andrew N. Ferguson<br>ANDREW N. FERGUSON<br>Solicitor General<br><br>STEVEN G. POPPS<br>Deputy Attorney General<br><br>TYLER T. HENRY<br>Assistant Attorney General<br><br>Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us |
| /s/ Julia Tarver Wood<br>JULIA TARVER WOOD<br>/s/ Aaron M. Teitelbaum<br>AARON M. TEITELBAUM<br>/s/ Kelly D. Garcia<br>KELLY D. GARCIA<br>/s/ Michael Freeman<br>Michael Freeman | Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, |

10

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077
Fax: (202) 616-8544
Email: Julia.Tarver.Wood@usdoj.gov

Attorneys for the United States

Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia