# Exhibit 1



**Via Email**

Katherine Clemons
Trial Attorney
Antitrust Division
U.S. Department of Justice
450 Fifth Street, NW, Suite 800
Washington, DC 20530
katherine.clemons@usdoj.gov

New York
601 Lexington Avenue
31st Floor
New York, NY 10022
T +1 212 277 4000 (Switchboard)
   +1 212 284 4986 (Direct)
F +1 646 521 5710
E scott.eisman@freshfields.com
www.freshfields.com

May 22, 2023

**Re:**     *United States et al. v. Google LLC*, No. 1:23-cv-00108-LMB-JFA (E.D. Va.)

Dear Counsel:

I write on behalf of Google LLC ("Google") to further follow up on the parties' May 9, 2023 meet and confer (the "May 9 Call") on Google's Request for Production ("RFP") No. 12, which seeks advertising data from the United States.

As you know, RFP No. 12 seeks, for each Federal Agency Advertiser ("FAA"), "data sufficient to show the (i) Impressions Purchased; (ii) Attributed Clicks for such Impressions; (iii) Attributed Conversions for such Impressions; (iv) Attributed Sales for such Impressions; (v) gross amount paid for such Impressions; (vi) total Fees paid to Ad Tech Providers (net of any discounts or rebates received) for such Impressions; (vii) the return on investment for such Impressions; (viii) the return on advertising spend for such Impressions; and (ix) the name of the Agency (if any) involved in Purchasing such Impressions – all aggregated (at a monthly level for each month since January 1, 2013)."

On the May 9 Call, you stated that, with limited exceptions, none of the data responsive to RFP No. 12 was in the FAAs' possession, custody, or control, and instead, the advertising agencies retained by the FAAs are in possession, custody, or control of this data. We ask that you confirm in writing which FAAs have possession, custody, or control of any data responsive to this RFP and which FAAs do not. For those that do, please identify the categories of data each FAA has in its possession, custody, or control and the timeframe for that data. For those that do not, please explain why those FAAs lack a "legal right" or "practical ability" to obtain the data. *See Hellebuyck v. Gucci Am., Inc.*, No. 1:19-cv-1556, 2020 WL 9549907, *2 (E.D. Va. July 13, 2020). If the United States contends that the FAAs do not have the legal right or practical ability to obtain the data, we ask that the United States specify what contractual or other prohibitions preclude the FAAs from directing their ad agencies to produce the responsive data, and where applicable provide a copy of any contract. We also ask that you confirm in writing your representation on the call that the FAAs do not maintain data assessing the success of their ad campaigns.

You further stated that the United States issued its own subpoenas to the FAAs' advertising

agencies responsible for the advertising campaigns for which the United States seeks damages, and in response to those subpoenas, the United States may obtain some, but not all, data responsive to RFP No. 12. You also stated that some advertising agencies have explained to you that they have advertising data for a limited period and thus do not have data going back to 2013, as Google has requested. Although you provided one example of this—one ad agency told you that its DV360 data goes back only six months—you did not elaborate or purport to exhaustively recount the limits on the data retained by the ad agencies that the United States has subpoenaed. And while you made the point that Google may have the data requested by RFP No. 12, we reminded you that Google does not have data on FAA advertising from non-Google channels and, regardless, needed data comparing advertising across all platforms, including Google's. Please provide us with all information you have obtained from the FAAs' ad agencies on the type of data the ad agencies hold responsive to RFP No. 12, and the periods this data covers. Please provide this information broken down by ad agency and by FAA.

On the May 9 Call, we also asked the United States to identify the FAAs' ad agencies going back to 2013 and any additional ad agencies that worked with the FAAs but that were not involved in any ad campaigns underlying the United States' request for damages. You responded that there are some ad agencies of which you are aware and that were responsible for ad campaigns for which the United States is not pursuing damages. We note that the United States' response to Interrogatory No. 12 identifies various ad agencies for the FAAs,[1] but does not specify the period during which each of those ad agencies worked for the respective FAAs. As stated on the May 9 Call, please supplement your response to Interrogatory No. 12 by identifying ad agencies that have worked for the FAAs from 2013 to the present, and specify the period(s) for which each ad agency worked for each FAA. Please also supplement your response to the extent that there are other ad agencies, not currently identified, that worked for the FAAs but that were not involved in any ad campaigns for which the United States seeks damages.

We ask that the United States provide the information requested in this letter by May 30, 2023.

Sincerely,

/s/ Scott A. Eisman
Scott A. Eisman

---

[1] Your response to Interrogatory No. 12 identifies GSD&M (Air Force); Team DBB, a subsidiary of Omnicom Group Inc. (US Army), VMLY&R (US Navy); Young & Rubicam, Inc. and Reingold, Inc. (Census Bureau); IPG DXTRA, Inc., Porter Novelli Inc., Daniel J. Edelman, Inc., Brunet-Garcia Advertising, Inc., and Elevation, Ltd. (CMS); Stratacomm, LLC, Charles Tombras Advertising, Inc., and the Advertising Council, Inc. (NHTSA); Universal McCann (USPS); Trilogy Federal LLC, The District Communications Group, LLC, J.R. Reingold & Associates, Inc., and Aptive Resources LLC (VA).