# Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GOOGLE LLC, )<br>)<br>Defendant. ) | No. 1:23-cv-00108-LMB-JFA |

**PLAINTIFFS' SUPPLEMENTAL RESPONSES TO DEFENDANT GOOGLE LLC'S THIRD SET OF INTERROGATORIES TO THE UNITED STATES AND SECOND SET OF INTERROGATORIES TO THE STATES AND COMMONWEALTH OF ARIZONA, CALIFORNIA, COLORADO, CONNECTICUT, ILLINOIS, MICHIGAN, MINNESOTA, NEBRASKA, NEW JERSEY, NEW HAMPSHIRE, NEW YORK, NORTH CAROLINA, RHODE ISLAND, TENNESSEE, VIRGINIA, WASHINGTON, AND WEST VIRGINIA**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Civil Rule 26(c) of the U.S. District Court for the Eastern District of Virginia, Plaintiffs United States of America, the Commonwealth of Virginia, and the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia (collectively, "Plaintiffs") provide the following combined supplemental responses to Defendant Google LLC's ("Google's") Third Set of Interrogatories to the United States and Second Set of Interrogatories to the Plaintiff States. These Responses are subject to the objections provided collectively on behalf of Plaintiffs served on Google on July 20, 2023 (the "Objections"). For clarity, Plaintiffs have restated these Objections below.

**OBJECTIONS APPLICABLE TO EACH INTERROGATORY**

1.     Plaintiffs object to any interrogatory that includes multiple discrete subparts but purports to be a single interrogatory. Under Fed. R. Civ. P. 33(a)(1), each discrete subpart is counted as a separate interrogatory.

1

2.     Plaintiffs object to each interrogatory to the extent it: (1) is overly broad, unduly burdensome, or not proportional to the needs of the cases, (2) imposes any obligation greater than those imposed or authorized by the Federal Rules of Civil Procedure, the Local Civil Rules of the U.S. District Court for the Eastern District of Virginia, or any other applicable rule or order; or (3) seeks information covered by the attorney client privilege, attorney work product protection, common interest doctrine, deliberative process privilege, and/or any other applicable privilege or protection. Plaintiffs expressly incorporate these objections into each response below.

3.     Plaintiffs object to each interrogatory to the extent it requests premature disclosure of expert opinions or expert materials. Plaintiffs will provide their expert disclosures in accordance with the schedule ordered by the Court.

4.     Plaintiffs object to each interrogatory to the extent it seeks a legal conclusion. No answer is required for such interrogatories.

5.     Plaintiffs object to each interrogatory to the extent it relates to information that has not yet been provided to the Plaintiffs in discovery in this action, including information that is the subject of pending discovery requests to Defendant Google and/or third parties.

## OBJECTIONS TO GOOGLE'S DEFINITIONS

6.     Plaintiffs object to the definition of "Display Advertisement" or "Display Advertising" as vague and overbroad.

7.     The failure to object to any definition is not an admission that Google has properly defined the term. In the course of responding to these interrogatories, should any ambiguity arise in the application of a term purportedly defined by Google, Plaintiffs reserve the right to meet and confer with Google to resolve any such ambiguity.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 18 TO UNITED STATES / INTERROGATORY NO. 12 TO PLAINTIFF STATES:** Explain if, and how, you calculated that "Google's share of the [alleged] publisher ad server market in the United States has remained above 90% for many years" as alleged in paragraph 285 of the Amended Complaint, explaining specifically: (a) what the numerator is, how you determined the numerator, the dates for which the numerator was calculated, how the scope of the numerator was determined, what was included in the numerator, and what was excluded; (b) what the denominator is, how you determined the denominator, the dates for which the denominator was calculated, how the scope of the denominator was determined, what was included in the denominator (including the specific companies and their specific products), and what was excluded (including the specific companies and their specific products); and (c) the sources and bases for every aspect of your explanation.

**Objections to Interrogatory**

Plaintiffs object to this interrogatory to the extent it seeks premature disclosure of expert opinions or testimony in this case. Plaintiffs will provide their expert disclosures in accordance with the schedule ordered by the Court. Plaintiffs further object to this interrogatory on the grounds that it seeks information and analysis covered by the attorney client privilege, attorney work product protection, common interest doctrine, deliberative process privilege, and/or any other applicable privilege or protection. Subject to and without waiving these objections, the Plaintiffs will respond to this interrogatory by identifying the documents and/or data providing evidentiary support for this allegation of paragraph 285 of the Amended Complaint.

**Initial Response to Interrogatory (August 4, 2023)**

Subject to the foregoing objections, Plaintiffs respond to this interrogatory as follows:

In their pre-complaint investigation, Plaintiffs collected documents, data, and information from Google and a variety of third-party industry participants. These materials provided evidentiary support for the allegations in Plaintiffs' Complaint and Amended Complaint. In paragraph 285 of the Amended Complaint, Plaintiffs allege: "Google has maintained a monopoly in publisher ad servers in the United States since at least 2015. As confirmed by Google's internal assessments, Google's share of the publisher ad server market in the United States,

3

measured by either revenue or impressions, has remained above 90% for many years. Its worldwide market share is similar." Materials that provide evidentiary support for this allegation include, but are not limited to:

| Document Bates / File Name | Producing Party |
|---|---|
| "Priority Refresh Request - III.A.1-2 - DFP Reservations - 00000-of-00014 - HIGHLY CONFIDENTIAL.csv" | Google |
| "Priority Refresh Request - III.A.1-2 - DFP Reservations - 00001-of-00014 - HIGHLY CONFIDENTIAL.csv" | Google |
| "Priority Refresh Request - III.A.1-2 - DFP Reservations - 00002-of-00014 - HIGHLY CONFIDENTIAL.csv" | Google |
| "Priority Refresh Request - III.A.1-2 - DFP Reservations - 00003-of-00014 - HIGHLY CONFIDENTIAL.csv" | Google |
| "Priority Refresh Request - III.A.1-2 - DFP Reservations - 00004-of-00014 - HIGHLY CONFIDENTIAL.csv" | Google |
| "Priority Refresh Request - III.A.1-2 - DFP Reservations - 00005-of-00014 - HIGHLY CONFIDENTIAL.csv" | Google |
| "Priority Refresh Request - III.A.1-2 - DFP Reservations - 00006-of-00014 - HIGHLY CONFIDENTIAL.csv" | Google |
| "Priority Refresh Request - III.A.1-2 - DFP Reservations - 00007-of-00014 - HIGHLY CONFIDENTIAL.csv" | Google |
| "Priority Refresh Request - III.A.1-2 - DFP Reservations - 00008-of-00014 - HIGHLY CONFIDENTIAL.csv" | Google |
| "Priority Refresh Request - III.A.1-2 - DFP Reservations - 00009-of-00014 - HIGHLY CONFIDENTIAL.csv" | Google |
| "Priority Refresh Request - III.A.1-2 - DFP Reservations - 00010-of-00014 - HIGHLY CONFIDENTIAL.csv" | Google |
| "Priority Refresh Request - III.A.1-2 - DFP Reservations - 00011-of-00014 - HIGHLY CONFIDENTIAL.csv" | Google |
| "Priority Refresh Request - III.A.1-2 - DFP Reservations - 000012-of-00014 - HIGHLY CONFIDENTIAL.csv" | Google |
| "Priority Refresh Request - III.A.1-2 - DFP Reservations - 00013-of-00014 - HIGHLY CONFIDENTIAL.csv" | Google |
| "Priority Refresh Request - III.A.1-2 - DFP Reservations - 00014-of-00014 - HIGHLY CONFIDENTIAL.csv" | Google |
| GOOG-DOJ-03070314 | Google |
| GOOG-TEX-00089237 | Google |
| "Exhibit_21._Supplemental-SellSideDateUpdate_-_Confidential.csv" | Xandr |

Plaintiffs intend to offer expert testimony in support of the allegations in paragraph 285 of the Amended Complaint and will make their expert disclosures in accordance with the Court's

orders governing expert discovery. By answering this interrogatory, Plaintiffs do not intend to waive or limit their ability to rely on additional and/or different evidence in expert disclosures or at trial.

**Supplemental Response to Interrogatory (September 13, 2023)**

Subject to the foregoing objections, Plaintiffs further respond to this interrogatory as follows:

The documents and data that provide the evidentiary support for the following allegation from paragraph 285 of the Amended Complaint are listed in Plaintiffs' August 4 response above: "Google has maintained a monopoly in publisher ad servers in the United States since at least 2015. As confirmed by Google's internal assessments, Google's share of the publisher ad server market in the United States, measured by either revenue or impressions, has remained above 90% for many years. Its worldwide market share is similar." This allegation is based on both the documents themselves and calculations performed using the listed data. As shown in Plaintiffs' August 4 response, a substantial portion of the data (and documents) were obtained from Google itself, and therefore Google has had access to this information during the entire course of discovery.

The calculations performed using the data listed in Plaintiffs' August 4 response involved calculating a denominator representing the entire alleged relevant market and a numerator representing Google's share of the alleged relevant market, based on transacted revenue and/or impressions. The calculation excluded revenue and/or impressions outside the alleged relevant market. The alleged relevant market of publisher ad servers for open web display advertising is described in paragraphs 282 through 289 of the Amended Complaint. Specifically, the calculation: included Open Auction transactions and excluded other transaction types such as

5

Direct, Programmatic Direct, and Programmatic Guaranteed; included web and mobile web display advertising and excluded non-display advertising such as video, app, and social media inventory; excluded transactions through closed web platforms or other types of platforms not relying on programmatic real-time bidding; and was performed on both a United States-only and worldwide basis.

As stated above, Plaintiffs intend to offer expert testimony in support of the allegations in paragraph 285 of the Amended Complaint and will make their expert disclosures in accordance with the Court's orders governing expert discovery. By answering this interrogatory, Plaintiffs do not intend to waive or limit their ability to rely on additional and/or different evidence in expert disclosures or at trial.

**INTERROGATORY NO. 19 TO UNITED STATES / INTERROGATORY NO. 13 TO PLAINTIFF STATES:** Explain if, and how, you calculated that Google's share of the alleged "ad exchange market" is "more than 50%" as alleged in paragraph 292 of the Amended Complaint, explaining specifically: (a) what the numerator is, how you determined the numerator, the date for which the numerator was calculated, how the scope of the numerator was determined, what was included in the numerator, and what was excluded; (b) what the denominator is, how you determined the denominator, the date for which the denominator was calculated, how the scope of the denominator was determined, what was included in the denominator (including the specific companies and their specific products), and what was excluded (including the specific companies and their specific products); and (c) the sources and bases for every aspect of your explanation.

**Objections to Interrogatory**

Plaintiffs object to this interrogatory to the extent it seeks premature disclosure of expert opinions or testimony in this case. Plaintiffs will provide their expert disclosures in accordance with the schedule ordered by the Court. Plaintiffs further object to this interrogatory on the grounds that it seeks information and analysis covered by the attorney client privilege, attorney work product protection, common interest doctrine, deliberative process privilege, and/or any other applicable privilege or protection. Subject to and without waiving these objections, the

Plaintiffs will respond to this interrogatory by identifying the documents and/or data providing evidentiary support for this allegation of paragraph 292 of the Amended Complaint.

**Initial Response to Interrogatory (August 4, 2023)**

Subject to the foregoing objections, Plaintiffs respond to this interrogatory as follows:

In their pre-complaint investigation, Plaintiffs collected documents, data, and information from Google and a variety of third-party industry participants. These materials provided evidentiary support for the allegations in Plaintiffs' Complaint and Amended Complaint. In paragraph 292 of the Amended Complaint, Plaintiffs allege: "Google enjoys substantial and growing market share with respect to ad exchanges in the United States. Google's AdX is the largest ad exchange in the market; it is approximately four times larger than the next largest ad exchange, whether measured by impressions won or by revenue, and has been for at least several years. For open web advertisements sold via open auctions, Google's ad exchange is the direct winner of more than 50% of all ad impressions and revenue. Its worldwide market share is higher." Materials that provide evidentiary support for this allegation include, but are not limited to:

| Document Bates / File Name | Producing Party |
|---|---|
| "2021.06.04 - Priority Refresh Request - III.C.1 and III.C.2 Google Ads _ DV360 - HIGHLY CONFIDENTIAL" | Google |
| "2021.06.07 - Priority Refresh Request - III.B.3-4 - AdX - HIGHLY CONFIDENTIAL.csv" | Google |
| "DoJ_Request5_Question_2.csv" | Google |
| "Priority Refresh Request - III.B.3-4 - AdX - HIGHLY CONFIDENTIAL.csv" | Google |
| "Priority Refresh Request - III.C.1 Google Ads _ DV360 - HIGHLY CONFIDENTIAL" | Google |
| "Q2_adx_by_buyer-00000-of-00001" | Google |
| GOOG-DOJ-11794721 | Google |
| GOOG-TEX-00138857 | Google |
| "ADOBE – CID 30473 – 0000002523.csv" | Adobe |
| "ADOBE – CID 30473 – 0000228269-ADOBE – CID 30473 – 0000228269.csv" | Adobe |

| Document Bates / File Name | Producing Party |
|---|---|
| "AMZNDOJ0001690 (Spec 8 response).xlsx" | Amazon |
| "Amobee DOJ CID Specification 4 (2017 two sheets) .xlsx" | Amobee |
| "Amobee DOJ CID Specification 4 (2018) .xlsx" | Amobee |
| "Amobee DOJ CID Specification 4 (2019).xlsx" | Amobee |
| "Amobee DOJ CID Specification 4 (2020) .xlsx" | Amobee |
| "Amobee Confidential DOJ CID Specification 4 Updated Re 2021" | Amobee |
| DOJ Revenue Summary File 2017-2019 (Amobee CID supplemental response) .csv | Amobee |
| DOJ Revenue Summary File CY2020 and Q1 2021 (Amobee CID supplemental response).csv | Amobee |
| "CRI-00000407" | Criteo |
| "CRI-00000571" | Criteo |
| "index_US_detail_G.xlsx" | Index Exchange |
| "MEDIAMATH-00000635.xlsx" | MediaMath |
| "OPENX-DOJ-00010648.xlsx" | OpenX |
| "PUBMATIC_DOJ-00013377.xlsx" | PubMatic |
| "ROKU-00030591" | Roku |
| "RUBICON-00004480_US.xlsx" | Rubicon |
| "TTD_0000188-TTD_0000188 (Confidential).xlsx" | The Trade Desk |
| "Updated TTD_0000188 - Global Spend by SSP & Country 2020-04 - 2021-05" | The Trade Desk |
| "TTD_0000091-TTD_0000091.xlsx" | The Trade Desk |
| "TTD_0000092-TTD_0000092.xlsx" | The Trade Desk |
| "VZGGL-CID-AT-00000002.xlsx" | Verizon |
| "Exhibit 21.sellside_Confidential" | Xandr |
| "Exhibit 21._Supplemental-SellSideDateUpdate_-_Confidential" | Xandr |
| "Exhibit 31.a_Confidential" | Xandr |
| "Exhibit 21._Supplemental-BuySideDataUpdate_-_Confidential" | Xandr |

Plaintiffs intend to offer expert testimony in support of the allegations in paragraph 292 of the Amended Complaint and will make their expert disclosures in accordance with the Court's orders governing expert discovery. By answering this interrogatory, Plaintiffs do not intend to waive or limit their ability to rely on additional and/or different evidence in expert disclosures or at trial.

**Supplemental Response to Interrogatory (September 13, 2023)**

Subject to the foregoing objections, Plaintiffs further respond to this interrogatory as follows:

The documents and data that provide the evidentiary support for the following allegation from paragraph 292 of the Amended Complaint are listed in Plaintiffs' August 4 response above: "Google enjoys substantial and growing market share with respect to ad exchanges in the United States. Google's AdX is the largest ad exchange in the market; it is approximately four times larger than the next largest ad exchange, whether measured by impressions won or by revenue, and has been for at least several years. For open web advertisements sold via open auctions, Google's ad exchange is the direct winner of more than 50% of all ad impressions and revenue. Its worldwide market share is higher." This allegation is based on both the documents themselves and calculations performed using the listed data. As shown in Plaintiffs' August 4 response, a substantial portion of the data (and documents) were obtained from Google itself, and therefore Google has had access to this information during the entire course of discovery.

The calculations performed using the data listed in Plaintiffs' August 4 response involved calculating a denominator representing the entire alleged relevant market and a numerator representing Google's share of the alleged relevant market, based on transacted revenue and/or impressions. The calculation excluded revenue and/or impressions outside the alleged relevant market. The alleged relevant market of ad exchanges for indirect open web display advertising is described in paragraphs 290 through 296 of the Amended Complaint. Specifically, the calculation: included Open Auction transactions and excluded other transaction types including Direct, Programmatic Direct, and Programmatic Guaranteed; included web and mobile web display advertising and excluded non-display advertising such as video, app, and social media

9

inventory; excluded transactions through closed web platforms or other types of platforms not relying on programmatic real-time bidding; and was performed on both a United States-only and worldwide basis.

As stated above, Plaintiffs intend to offer expert testimony in support of the allegations in paragraph 292 of the Amended Complaint and will make their expert disclosures in accordance with the Court's orders governing expert discovery. By answering this interrogatory, Plaintiffs do not intend to waive or limit their ability to rely on additional and/or different evidence in expert disclosures or at trial.

**INTERROGATORY NO. 20 TO UNITED STATES / INTERROGATORY NO. 14 TO PLAINTIFF STATES:** Explain if, and how, you calculated that Google Ads' share of the alleged "market for advertiser ad networks for open web display advertising has not dropped below 70% (measured by impressions) since 2015; it currently stands at around 80%" as alleged in paragraph 301 of the Amended Complaint, explaining specifically: (a) what the numerator(s) is/are, how you determined the numerator(s), the dates for which the numerator(s) was/were calculated, how the scope of the numerator(s) was/were determined, what was included in the numerator(s), and what was excluded; (b) what the denominator(s) is/are, how you determined the denominator(s), the dates for which the denominator(s) was/were calculated, how the scope of the denominator(s) was determined, what was included in the denominator(s) (including the specific companies and their specific products), and what was excluded (including the specific companies and their specific products); and (c) the sources and bases for every aspect of your explanation.

**Objections to Interrogatory**

Plaintiffs object to this interrogatory to the extent it seeks premature disclosure of expert opinions or testimony in this case. Plaintiffs will provide their expert disclosures in accordance with the schedule ordered by the Court. Plaintiffs further object to this interrogatory on the grounds that it seeks information and analysis covered by the attorney client privilege, attorney work product protection, common interest doctrine, deliberative process privilege, and/or any other applicable privilege or protection. Subject to and without waiving these objections, the

Plaintiffs will respond to this interrogatory by identifying the documents and/or data providing evidentiary support for this allegation of paragraph 301 of the Amended Complaint.

**Initial Response to Interrogatory (August 4, 2023)**

Subject to the foregoing objections, Plaintiffs respond to this interrogatory as follows:

In their pre-complaint investigation, Plaintiffs collected documents, data, and information from Google and a variety of third-party industry participants. These materials provided evidentiary support for the allegations in Plaintiffs' Complaint and Amended Complaint. In paragraph 301 of the Amended Complaint, Plaintiffs allege: "Google Ads' United States and worldwide shares of the market for advertiser ad networks for open web display advertising has not dropped below 70% (measured by impressions) since 2015; it currently stands at around 80%." Materials that provide evidentiary support for this allegation include, but are not limited to:

| Document Bates / File Name | Producing Party |
| --- | --- |
| "2021.06.04 - Priority Refresh Request - III.C.1 and III.C.2 Google Ads _ DV360 - HIGHLY CONFIDENTIAL" | Google |
| "DoJ_Request5_Question_2.csv" | Google |
| "Priority Refresh Request - III.C.1 Google Ads _ DV360 - HIGHLY CONFIDENTIAL" | Google |
| "CRI-00000407" | Criteo |
| "CRI-00000571" | Criteo |

Plaintiffs intend to offer expert testimony in support of the allegations in paragraph 301 of the Amended Complaint and will make their expert disclosures in accordance with the Court's orders governing expert discovery. By answering this interrogatory, Plaintiffs do not intend to waive or limit their ability to rely on additional and/or different evidence in expert disclosures or at trial.

**Supplemental Response to Interrogatory (September 13, 2023)**

Subject to the foregoing objections, Plaintiffs further respond to this interrogatory as follows:

The documents and data that provide the evidentiary support for the following allegation from paragraph 301 of the Amended Complaint are listed in Plaintiffs' August 4 response above: "Google Ads' United States and worldwide shares of the market for advertiser ad networks for open web display advertising has not dropped below 70% (measured by impressions) since 2015; it currently stands at around 80%." This allegation is based on calculations performed using the listed data. As shown in Plaintiffs' August 4 response, a substantial portion of the data was obtained from Google itself, and therefore Google has had access to this information during the entire course of discovery.

The calculations performed using the data listed in Plaintiffs' August 4 response involved calculating a denominator representing the entire alleged relevant market and a numerator representing Google's share of the alleged relevant market, based on transacted impressions. The calculation excluded impressions outside the alleged relevant market. The alleged relevant market of advertiser ad networks for open web display advertising is described in paragraphs 297 through 303 of the Amended Complaint. Specifically, the calculation: included Open Auction transactions and excluded other transaction types including Direct, Programmatic Direct, and Programmatic Guaranteed; included web and mobile web display advertising and excluded non-display advertising such as search, video, app, and social media inventory; excluded transactions through closed web platforms or other types of platforms not relying on programmatic real-time bidding; and was performed on both a United States-only and worldwide basis.

As stated above, Plaintiffs intend to offer expert testimony in support of the allegations in paragraph 301 of the Amended Complaint and will make their expert disclosures in accordance with the Court's orders governing expert discovery. By answering this interrogatory, Plaintiffs do not intend to waive or limit their ability to rely on additional and/or different evidence in expert disclosures or at trial.

Dated: September 13, 2023

Respectfully submitted,

/s/ Julia Tarver Wood
JULIA TARVER WOOD
KATHERINE E. CLEMONS
MICHAEL E. WOLIN

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077
Fax: (202) 616-8544
Email: Julia.Tarver.Wood@usdoj.gov

Attorneys for the United States

/s/ Tyler T. Henry
TYLER T. HENRY

Attorney General of Virginia
Antitrust Unit
202 N. 9th Street
Richmond, Virginia 23219
Telephone: (804) 692-0485
Fax: (804)786-0122
Email: THenry@oag.state.va.us

Attorney for Plaintiff States

## VERIFICATION OF INTERROGATORY RESPONSES

I, Michael E. Wolin, declare:

1. I am an attorney with the United States Department of Justice, Antitrust Division.

2. I verify that authorized employees and counsel for the United States assembled the facts stated in Plaintiffs' Supplemental Responses to Google's Third Set of Interrogatories to the United States (Interrogatories Nos. 18-20), and that the facts therein are true and correct to the best of my knowledge, information, and belief.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Washington, DC on September 13, 2023.

/s/ Michael Wolin

Michael Wolin
Trial Attorney
United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2023, I served the foregoing to all counsel of record via email.

/s/ Michael Wolin

Michael Wolin
Trial Attorney
United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530