# Exhibit 8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00108-LMB-IDD |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF UNITED STATES' SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT GOOGLE LLC'S FOURTH SET OF INTERROGATORIES TO THE UNITED STATES (NO. 21)**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Civil Rule 26(c) of the U.S. District Court for the Eastern District of Virginia, Plaintiff United States of America provides the following second supplemental responses to Defendant Google LLC's ("Google's") Fourth Set of Interrogatories to the United States (the "Responses"). These Responses are subject to the objections provided collectively on behalf of the United States, the Commonwealth of Virginia, and the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia (collectively, "Plaintiffs"), served August 10, 2023 on Google (the "Objections"). For clarity, the United States has restated these Objections below.

**OBJECTIONS APPLICABLE TO EACH INTERROGATORY**

1. Plaintiffs object to any interrogatory that includes multiple discrete subparts but purports to be a single interrogatory. Under Fed. R. Civ. P. 33(a)(1), each discrete subpart is counted as a separate interrogatory.

2. Plaintiffs object to each interrogatory to the extent it: (1) is overly broad, unduly burdensome, or not proportional to the needs of the cases, (2) imposes any obligation greater

1

than those imposed or authorized by the Federal Rules of Civil Procedure, the Local Civil Rules of the U.S. District Court for the Eastern District of Virginia, or any other applicable rule or order; or (3) seeks information covered by the attorney client privilege, attorney work product protection, common interest doctrine, deliberative process privilege, and/or any other applicable privilege or protection. Plaintiffs expressly incorporate these objections into each response below.

3. Plaintiffs object to each interrogatory to the extent it requests information exempted from discovery by any order of the Court entered in this case.

## OBJECTIONS TO GOOGLE'S DEFINITIONS AND INSTRUCTIONS

4. Plaintiffs object to the definitions of "Communication," "Identify," and "Potential Witness" as overly broad, unduly burdensome, and disproportionate to the needs of the case.

5. Plaintiffs object to the definition of "You" and "Your" as overly broad, unduly burdensome, and inconsistent with the Joint Discovery Plan. Searching the entire Department of Justice or the entirety of each government of each Plaintiff State for any responsive information would be burdensome and disproportionate to the needs of this case. Plaintiffs will construe "You" and "Your" to refer to the Antitrust Division of the Department of Justice, the Federal Agency Advertisers, and the relevant section within the Office of the Attorney General for each Plaintiff State that is responsible for enforcing the laws and claims asserted in this litigation, and not any other state agencies, officials, employees, representatives, agents, and attorneys who are not parties to this litigation.

6. The failure to object to any definition is not an admission that Google has properly defined the term. In the course of responding to these interrogatories, should any

ambiguity arise in the application of a term purportedly defined by Google, Plaintiffs reserve the right to meet and confer with Google to resolve any such ambiguity.

7. Plaintiffs object to Instruction 2 relative to information "available" to Plaintiffs or to which Plaintiffs "may gain access through reasonable effort," to the extent it purports to seek documents outside the possession, custody, and control of Plaintiffs, or impose burdens on Plaintiffs to respond on behalf of any other state agencies, officials, employees, representatives, or agents who are not parties to this litigation.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 21 TO UNITED STATES:** From the start of Your Investigation until August 25, 2023, Identify each and every Communication between the Department of Justice on the one hand, and any Potential Witness or the European Commission on the other hand, related to the subject matters of the Investigation or of the Action.

**Objections to Interrogatory**

Plaintiffs object to this interrogatory to the extent it is duplicative of Google's Interrogatory No. 3 to the United States and Google's Interrogatory No. 2 to each of the individual Plaintiff States. Plaintiffs incorporate by reference their objections to these interrogatories as if fully set forth herein.

Plaintiffs further object to this interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege, attorney work product protection, common interest doctrine, deliberative process privilege, and/or any other applicable privilege or protection.

Plaintiffs also object to this interrogatory to the extent it seeks information that is exempted from discovery via any order issued by the Court in this case. For example, to the extent this interrogatory purports to request information stored in "[l]ogs of calls made from

cellular phones" or "[v]oicemail messages," the Court ordered that such information "need not be preserved, searched, collected, or reviewed." *See* ESI Order, Dkt. No. 142, ¶¶ II.3.d.-e.

Plaintiffs further object to this interrogatory on the grounds that the collection of information and documents required to respond to this interrogatory as written would be unduly burdensome and disproportionate to the needs of this case. Google has asserted that: (1) Google does not intend to produce documents in this case dated after March 27, 2023; (2) "Google does not agree to produce documents responsive to Plaintiffs' Requests 64 [seeking 'All documents relating to communications with any Potential Witness, during the period from January 1, 2023 to September 7, 2023'] . . . because doing so would be unduly burdensome and disproportionate to the needs of the case"; and (3) Google has "decline[d] to respond to Interrogatory 9 [seeking information about contracts signed with potential witnesses] because . . . responding to Interrogatory 9 would require Google to undertake the same burdensome collection of documents relied upon to prepare the interrogatory response." (7/27/2023 Email from McCallum.) For information sought by this interrogatory after March 27, 2023, Plaintiffs are similarly situated to Google and the same burden and proportionality arguments would apply. Plaintiffs object to providing information where Google has objected to and refused to provide the reciprocal information. Therefore, Plaintiffs intend to limit any response to this interrogatory to information dated on or before March 27, 2023.

Subject to and without waiving the foregoing objections, Plaintiffs intend to respond to this interrogatory by producing written communications with Potential Witnesses or the European Commission, dated on or before March 27, 2023, to the extent not already produced. Information sought by this interrogatory may be ascertained by examining or summarizing these records, and the burden of doing so would be substantially the same for either party.

**United States' Initial Response to Interrogatory No. 21 (August 25, 2023)**

Subject to and without waiving the foregoing objections, the United States responds as follows:

The United States incorporates by reference as if fully set forth herein its response to Google's Interrogatory No. 3, dated April 26, 2023.

The United States is in the process of producing documents related to the subject matter of this interrogatory. Information sought by this interrogatory can be obtained by compiling and summarizing these documents, and the burden of deriving or ascertaining the information is substantially the same for Google as it would be for the United States. Therefore, the United States responds pursuant to Fed. R. Civ. P. 33(d) by designating the following records:

- DOJ-ADS-0000069593 through DOJ-ADS-0000072696

The United States' investigation and production is on-going, and the United States will supplement this response as necessary as it identifies additional responsive information and/or produces additional related documents.

**United States' Supplemental Response to Interrogatory No. 21 (September 8, 2023)**

Subject to and without waiving the foregoing objections, the United States further responds as follows:

The United States further responds pursuant to Fed. R. Civ. P. 33(d) by designating the following additional records:

- DOJ-ADS-0000086058 through DOJ-ADS-0000090439;
- DOJ-ADS-0000090440 through DOJ-ADS-0000093798.

**United States' Second Supplemental Response to Interrogatory No. 21 (September 13, 2023)**

Subject to and without waiving the foregoing objections, the United States further responds as follows:

From the start of the Antitrust Division's investigation into Google's anticompetitive conduct through August 25, 2023, the Antitrust Division has communicated with third-party industry participants and various foreign regulators. These third-party industry participants include: (1) the companies (including employees and/or counsel thereof) listed in the United States' Response to Google's Interrogatory No. 3, dated April 26, 2023, (2) the companies (including employees and/or counsel thereof) listed in Plaintiffs' Initial Disclosure served in this case, including all supplements thereto; (3) the companies (including employees and/or counsel thereof) listed in Google's Initial Disclosure served in this case, including all supplements thereto; and (4) the companies (including employees and/or counsel thereof) which have received a subpoena from Plaintiffs and/or Google in this case. These foreign regulators include the European Commission and the other foreign regulators listed in the United States' Response to Google's Interrogatory No. 3.

The topics of the Antitrust Division's communications with third-party industry participants include: (1) each company's business; (2) the ad tech industry; (3) each company's product offerings; (4) Google's product offerings in the ad tech industry; (5) Google's conduct with regards to the ad tech industry; (6) negotiation of responses to Civil Investigative Demands and/or document subpoenas; (7) negotiation of deposition subpoenas; (8) notifications required under the terms of the Protective Order, Modified Protective Order and/or Coordination Order (Dkt. Nos. 98, 203, 251); and (9) other notifications regarding production of each company's confidential information in this case. The topics of the Antitrust Division's communications with

the EC include: (1) the status and expected timeline for each respective investigation; (2) the ad tech industry; and (3) Google's conduct with regards to the ad tech industry.

The United States has produced its written communications with third-party industry participants and foreign regulators which occurred during the course of the Antitrust Division's pre-complaint investigation of Google's conduct. Those documents are identified in the United States' Response to Google's Interrogatory No. 3. The United States has also produced its written communications with third-party industry participants and foreign regulators which occurred between the filing of the complaint and March 27, 2023. Those documents are identified in the United States's previous August 25 and September 8 responses to this Interrogatory, as well as the following additional documents:

- DOJ-ADS-0000069593 through DOJ-ADS-0000069593;
- DOJ-ADS-0000067740 through DOJ-ADS-0000067790;
- DOJ-ADS-0000067869 through DOJ-ADS-0000068665;
- DOJ-ADS-0000068695 through DOJ-ADS-0000068787.

To the extent the United States produces addition written communications with third-party industry participants and foreign regulators, the United States will supplement its response to this Interrogatory to identify such documents by bates number.

Because the information sought by this Interrogatory, including the date, time, participants, and subject matter of each communication could be obtained by compiling and summarizing copies of the communications themselves, and the burden of deriving the information by reviewing the communications would be substantially the same for Google as it would be for the United States, the United States responds in part to this interrogatory under Fed. R. Civ. P. 33(d) by designating the documents identified by bates number in this supplemental

response, the United States' previous responses to this Interrogatory, and the United States'

Response to Google's Interrogatory No. 3.

Dated: September 13, 2023

Respectfully submitted,

/s/ Julia Tarver Wood
JULIA TARVER WOOD
KATHERINE E. CLEMONS
MICHAEL E. WOLIN

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077
Fax: (202) 616-8544
Email: Julia.Tarver.Wood@usdoj.gov

Attorneys for the United States

## VERIFICATION OF INTERROGATORY RESPONSES

I, Michael E. Wolin, declare:

1. I am an attorney with the United States Department of Justice, Antitrust Division.

2. I verify that authorized employees and counsel for the United States assembled the facts stated in the United States' Second Supplemental Responses to Google's Interrogatories No. 21, and that the facts therein are true and correct to the best of my knowledge, information, and belief.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Washington, DC on September 13, 2023.

/s/ Michael Wolin

Michael Wolin
Trial Attorney
United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2023, I served the foregoing to all counsel of record via email.

<u>/s/ Michael Wolin</u>

Michael Wolin
Trial Attorney
United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530