IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 1:23-cv-00108-LMB-JFA |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF UNITED STATES' MOTION TO SEAL

Pursuant to Local Civil Rule 5, Plaintiff United States, through their undersigned counsel, hereby submit the instant memorandum of law in support of their motion to seal exhibit 4 attached to their Response in Opposition to Defendant's Motions to Compel Responses to Various Discovery Requests. This exhibit is a deposition transcript designated as confidential or highly confidential by counsel for the third party, Omnicom, pursuant to the Protective Order and its counsel would like the full 45 days, until October 13, 2023, as permitted by the protective order to review the transcript for unsealing.

### ARGUMENT

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id*. (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The common law presumption in favor of public access can be overcome only by a showing that a litigant has "some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Accordingly, before ordering the sealing of a

document, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the document[], and (3) provide specific reasons and factual findings supporting its decision to seal the document[] and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also* Local Civ. R. 5(C).

Pursuant to the protective order, "[a]ll transcripts of depositions taken in the Action after entry of this Order will be treated as Highly Confidential Information in their entirety for 45 days after the date of the deposition, or until 5 days before trial, whichever date is earlier." Dkt. No. 203 ¶ 7(b). The protective order further provides that, "[w]ithin 45 days following the date of the deposition, the deponent, whether a Non-Party or a Party, may designate, subject to the provisions of this Order, Highly Confidential Information or Confidential Information any portion of the deposition transcript, by page(s) and line(s), and any deposition exhibits provided by the deponent or the deponent's employer or its affiliates, or containing the Highly Confidential Information or Confidential Information of the deponent or the deponent's employer or its affiliates (regardless of who provided or produced the Document)." *Id.* The exhibit in question was taken on August 29, 2023 and was designated confidential or highly confidential by the deponent's counsel Omnicom.

The United States recognizes that the standard for sealing under Local Rule 5 and Fourth Circuit Precedent is stringent and reflects a strong presumption in favor of public court proceedings and court filings. Due to the length of the transcript and the need to review the transcripts carefully while making confidentiality designations and to make a narrowly tailored determination as to whether any of the contents of the transcripts should remain under seal, the United States requests that the Court defer ruling until October 13, 2023, and when the Plaintiff

will submit a supplemental response indicating what if any portions of the transcript should remain under seal, but to keep the exhibit under seal until such time.

## CONCLUSION

Accordingly, for the foregoing reasons, Plaintiff respectfully requests that the Court defer ruling on whether to unseal Plaintiff's exhibit 4 in order to permit third party counsel the full amount allotted in the protective order and to keep the exhibit under seal until such time.

Dated: September 13, 2023

Respectfully submitted,

JESSICA D. ABER
United States Attorney

s/ Gerard Mene
Gerard Mene
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3777
Facsimile: (703) 299-3983
Email: Gerard.Mene@usdoj.gov

/s/ Julia Tarver Wood
JULIA TARVER WOOD
/s/ Michael Wolin
Michael Wolin
/s/ Katherine Clemons
Katherine Clemons
/s/ Michael J. Freeman
MICHAEL J. FREEMAN

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077

Fax: (202) 616-8544
Email: Michael.Freeman@usdoj.gov

Attorneys for the United States