# SUPPLEMENTAL APPENDIX

<u>REQUESTS FOR ADMISSIONS</u>

**REQUEST NO. 4:** Admit that, during the Damages Period, the Federal Agency Advertisers did not purchase ad tech services (as that term is used in Your Amended Answer to Google's Request For Admission No. 1) that facilitate the purchase of advertising from publishers directly from Google.

**SPECIFIC OBJECTIONS:** The United States objects to this request on the grounds that it requires a legal analysis of Google's term "directly." The United States also objects to Google's purported definition of "ad tech services" by reference to Plaintiff's Amended Answer to Google's First Request for Admission because the United States did not define the term and limited its use to the context of its response to Google's Request for Admission No. 1. The United States further objects to the phrase "facilitate the purchase" because it is vague, ambiguous, and confusing as not to be susceptible to a reasoned interpretation or response and would require the United States to speculate as to its meaning. Subject to and without waiving its objections, the United States is willing to meet and confer about this Interrogatory.

**RESPONSE:** Deny.

\*

**REQUEST NO. 5:** Admit that, during the Damages Period, the Federal Agency Advertisers did not pay Google directly for the use of DV360.

**SPECIFIC OBJECTIONS:** The United States objects to this request on the grounds that it requires a legal analysis of Google's term "directly." The United States further objects to the phrase "for the use of" because it is vague, ambiguous, and confusing as not to be susceptible to a reasoned interpretation or response and would require the United States to speculate as to its meaning. The United States also objects to the extent this request is duplicative of Request No. 8. Subject to those objections, the United States will respond to this request.

**RESPONSE:** Deny.

\*

**REQUEST NO. 6:** Admit that, during the Damages Period, the Federal Agency Advertisers did not pay Google directly for the use of Google Ads (formerly known as Adwords)

**SPECIFIC OBJECTIONS:** The United States objects to this request on the grounds that it requires a legal analysis of Google's term "directly." The United States further objects to the phrase "for the use of" because it is vague, ambiguous, and confusing as not to be susceptible to a reasoned interpretation or response and would require the United States to speculate as to its meaning. Subject to those objections, the United States will respond to this request

**RESPONSE:** Deny.

*

**REQUEST NO. 7:** Admit that, during the Damages Period, the Federal Agency Advertisers did not pay Google directly for the use of Google Display Network.

**SPECIFIC OBJECTIONS:** The United States objects to this request on the grounds that it requires a legal analysis of Google's term "directly." The United States further objects to the phrase "for the use of" because it is vague, ambiguous, and confusing as not to be susceptible to a reasoned interpretation or response and would require the United States to speculate as to its meaning. The United States also objects to the extent this request is duplicative of Request No. 6. Subject to those objections, the United States will respond to this request.

**RESPONSE:** Deny.

*

**REQUEST NO. 8:** Admit that, during the Damages Period, the Federal Agency Advertisers did not pay Google directly for the use of Google Marketing Platform.

**SPECIFIC OBJECTIONS:** The United States objects to this request on the grounds that it requires a legal analysis of Google's term "directly." The United States further objects to the phrase "for the use of" because it is vague, ambiguous, and confusing as not to be susceptible to a reasoned interpretation or response and would require the United States to speculate as to its meaning. The United States also objects to the extent this request is duplicative of Request No. 5. Subject to those objections, the United States will respond to this request.

**RESPONSE:** Deny.

*

**REQUEST NO. 9:** Admit that, during the Damages Period, the Federal Agency Advertisers did not pay Google directly for the use of Campaign Manager.

**SPECIFIC OBJECTIONS:** The United States objects to this request on the grounds that it requires a legal analysis of Google's term "directly." The United States further objects to the phrase "for the use of" because it is vague, ambiguous, and confusing as not to be susceptible to a reasoned interpretation or response and would require the United States to speculate as to its meaning. The United States also objects to the extent this request is duplicative of Request No. 8. Subject to those objections, the United States will respond to this request

**RESPONSE:** Deny.

*

**REQUEST NO. 10:** Admit that, during the Damages Period, the Federal Agency Advertisers did not pay Google directly for the use of Google Ad Manager (formerly known as DoubleClick for Publishers or DFP and DoubleClick Ad Exchange or AdX).

**SPECIFIC OBJECTIONS:** The United States objects to this request on the grounds that it requires a legal analysis of Google's term "directly." The United States further objects to the phrase "for the use of" because it is vague, ambiguous, and confusing as not to be susceptible to a reasoned interpretation or response and would require the United States to speculate as to its meaning. Subject to those objections, the United States will respond to this request.

**RESPONSE:** Deny.

*

**REQUEST NO. 11:** Admit that, during the Damages Period, the Federal Agency Advertisers did not pay Google directly for the use of AdSense.

**SPECIFIC OBJECTIONS:** The United States objects to this request on the grounds that it requires a legal analysis of Google's term "directly." The United States further objects to the phrase "for the use of" because it is vague, ambiguous, and confusing as not to be susceptible to a reasoned interpretation or response and would require the United States to speculate as to its meaning. Subject to those objections, the United States will respond to this request

**RESPONSE:** Deny.

*

**REQUEST NO. 12:** Admit that, during the Damages Period, the Federal Agency Advertisers did not pay Google directly for the use of AdMob.

**SPECIFIC OBJECTIONS:** The United States objects to this request on the grounds that it requires a legal analysis of Google's term "directly." The United States further objects to the phrase "for the use of" because it is vague, ambiguous, and confusing as not to be susceptible to a reasoned interpretation or response and would require the United States to speculate as to its meaning. The United States also objects to this request to the extent it seeks irrelevant information, regarding products not implicated by the claims in the Amended Complaint. Subject to those objections, the United States will respond to this request.

**RESPONSE:** Deny.

INTERROGATORIES

**INTERROGATORY NO. 22:** Separately for each Federal Agency Advertiser, identify all purchases of "ad tech services" (as that term is used in Your Amended Answer to Google's First Request For Admission) that were purchased by the Federal Agency Advertisers directly from Google during the Damages Period.

**SPECIFIC OBJECTIONS:** The United States objects to this interrogatory because it requires a legal analysis of Google's term "directly." The United States incorporates by reference their objection to this term as set forth in its objections to Google's Interrogatory Nos. 1 and 14. The United States also objects to this Interrogatory on the ground that the term "ad tech services" is vague, ambiguous, and subject to varying interpretations. Specifically, the United States incorporates its objection in paragraph 6 above. The United States objects to this Interrogatory as premature because the facts that could possibly support the contention addressed by this Interrogatory are the subject of ongoing fact discovery and will be a subject of expert discovery, the timing of which is controlled by Federal Rule of Civil Procedure 26(b)(4) and the Court's March 31, 2023, Scheduling Order. Furthermore, the United States objects to this Interrogatory on the ground that some of the information about purchases made by Federal Agency Advertisers is already in the custody or control of the Google or its counsel. Specifically, some information about purchases made by the Federal Agency Advertisers has already been produced by the United States to Google. Subject to and without waiving its objections, the United States is willing to meet and confer about this Interrogatory.

**RESPONSE:** Subject to and without waiving the foregoing objections, the United States responds as follows: For purposes of responding to this interrogatory, the United States understands the term "ad tech services" as used by Google in Interrogatory No. 22 to mean the technological tools generally, but not exclusively, described in paragraphs three and four of the amended complaint. "Ad tech services" that FAAs purchased directly from Google include those used for all purchases of open web display advertising made via: (1) Google's DV360 bidding into Google's AdX; (2) FAAs bidding into Google's AdX via third party platforms; and (3) Google Ads. The FAAs made payments to Google for those "ad tech services" during the Damages Period via the FAA's Agencies. The United States incorporates its responses to Interrogatory Nos. 4, 5, and 17. Additionally, documents and information responsive to this interrogatory have been produced to Google by third-party demand-side platforms. Moreover, because the purchases were made from Google, the information Google seeks through this interrogatory is in the possession or control of Google and its counsel, and some of the information requested remains solely in Google's possession and is the subject of our Request for Production Nos. 60 and 76. *See Navient Sols., LLC v. L. Offs. of Jeffrey Lohman, P.C.*, Case No. 119-C-V461-LMB/TCB, 2020 WL 3606385 (E.D. Va. July 1, 2020) (denying motion to compel documents on the basis that the information was already in the requesting party's possession and the interrogatory was "incredibly broad."); Federal Rule of Civil Procedure 33(d).

*

**INTERROGATORY NO. 23:** For each purchase identified in response to Interrogatory No. 22, identify the specific "ad tech service" purchased.

**SPECIFIC OBJECTIONS:** The United States objects to this interrogatory on the grounds set forth in its objection to Interrogatory No. 22 which are equally applicable here. The United States also objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome because it requires the identification of specific "ad tech services" for an unknown number of purchase transactions by each of the eight Federal Agency Advertiser during a four-year period. Google's request for information specific to each purchase effectively turns one purported interrogatory into an unknown and excessive number of interrogatories. *Cf.* Defendant Google LLC's Objections to Plaintiffs' Fifth Set of Interrogatories, ¶ 2 (objecting on the ground seeking discrete information for multiple products through one interrogatory is improper). Subject to and without waiving its objections, the United States is willing to meet and confer about this Interrogatory.

**RESPONSE:** Subject to and without waiving the foregoing objections, the United States responds as follows: For purposes of responding to this interrogatory, the United States understands the term "ad tech services" as used by Google in Interrogatory No. 23 to mean the technological tools generally, but not exclusively, described in paragraphs three and four of the amended complaint. "Ad tech services" that FAAs purchased directly from Google include those used for all purchases of open web display advertising made via: (1) Google's DV360 bidding into Google's AdX; (2) FAAs bidding into Google's AdX via third party platforms; and (3) Google Ads.

*

**INTERROGATORY NO. 24:** For each purchase identified in response to Interrogatory No. 22, identify the amount paid by the Federal Agency Advertiser for the "ad tech service."

**SPECIFIC OBJECTIONS:** The United States objects to this interrogatory on the grounds set forth in its objection to Interrogatory No. 22 which are equally applicable here. The United States also objects to this Interrogatory as overly broad and unduly burdensome because it seeks itemization of an unknown number of transactions and calls for evaluation of data, some of which is already available to Google. Subject to and without waiving its objections, the United States is willing to meet and confer about this Interrogatory.

**RESPONSE:** Subject to and without waiving the foregoing objections, the United States responds as follows: For purposes of responding to this interrogatory, the United States understands the term "ad tech services" as used by Google in Interrogatory No. 24 to mean the technological tools generally, but not exclusively, described in paragraphs three and four of the amended complaint. "Ad tech services" that FAAs purchased directly from Google include those used for all purchases of open web display advertising made via: (1) Google's DV360 bidding into Google's AdX; (2) FAAs bidding into Google's AdX via third party platforms; and (3) Google Ads. The FAAs made payments to Google for those "ad tech services" during the Damages Period via the FAA's Agencies. The United States incorporates its responses to Interrogatory Nos. 4, 5, and 17. Additionally, documents and information responsive to this interrogatory have been produced to Google by third-party demand-side platforms. Moreover, because the purchases were made from Google, the information Google seeks through this interrogatory is in the possession or control of Google and its counsel, and some of the information requested remains solely in Google's possession and is the subject of our Request for Production Nos. 60 and 76. *See Navient Sols., LLC v. L. Offs. of Jeffrey Lohman, P.C.*, Case No. 119-C-V461-LMB/TCB, 2020 WL 3606385 (E.D. Va. July 1, 2020) (denying motion to compel documents on the basis that the information was already in the requesting party's possession and the interrogatory was "incredibly broad."); Federal Rule of Civil Procedure

33(d).

\*

**INTERROGATORY NO. 25:** Separately for each Federal Agency Advertiser, identify any payments made to Google by any Federal Agency Advertiser during the Damages Period for "ad tech services" and how such payments were transmitted to Google.

**SPECIFIC OBJECTIONS:** The United States objects to this interrogatory on the grounds set forth in its objection to Interrogatory No. 22 which are equally applicable here. The United States also objects to this Interrogatory because it purports to be a single interrogatory but it contains subparts that necessitate separate inquiries: (a) identification of payments and (b) the method of transmission of payments, which render it multiple Interrogatories. Specifically, this Interrogatory is overly broad and unduly burdensome because it seeks itemization of an unknown number of transactions and calls for evaluation of data, some of which is already available to Google. Subject to and without waiving its objections, the United States is willing to meet and confer about this Interrogatory.

**RESPONSE:** Subject to and without waiving the foregoing objections, the United States responds as follows: For purposes of responding to this interrogatory, the United States understands the term "ad tech services" as used by Google in Interrogatory No. 25 to mean the technological tools generally, but not exclusively, described in paragraphs three and four of the amended complaint. "Ad tech services" that FAAs purchased directly from Google include those used for all purchases of open web display advertising made via: (1) Google's DV360 bidding into Google's AdX; (2) FAAs bidding into Google's AdX via third party platforms; and (3) Google Ads. The FAAs made payments to Google for those "ad tech services" during the Damages Period via the FAA's Agencies. The United States incorporates its responses to Interrogatory Nos. 4, 5, and 17. Additionally, documents and information responsive to this interrogatory have been produced to Google by third-party demand-side platforms. Moreover, because the payments were made to Google, the information Google seeks through this interrogatory is in the possession or control of Google and its counsel, and some of the information requested remains solely in Google's possession and is the subject of our Request for Production Nos. 60 and 76. *See Navient Sols., LLC v. L. Offs. of Jeffrey Lohman, P.C.*, Case No. 119-C-V461-LMB/TCB, 2020 WL 3606385 (E.D. Va. July 1, 2020) (denying motion to compel documents on the basis that the information was already in the requesting party's possession and the interrogatory was "incredibly broad."); Federal Rule of Civil Procedure 33(d).

\*

**INTERROGATORY NO. 26:** Separately for each Federal Agency Advertiser, identify any payments made to Google by firms you contend are agents or intermediaries for any Federal Agency Advertiser during the Damages Period for "ad tech services."

**SPECIFIC OBJECTIONS:** The United States objects to this interrogatory on the grounds set forth in its objection to Interrogatory No. 22 which are equally applicable here. Furthermore, the United States objects on the grounds that the term "agents or intermediates for any Federal Agency Advertiser" is vague and overly broad because it may include agents or intermediaries who made payments to Google for products or services outside of the scope of the Amended Complaint. The United States also objects to this Interrogatory because it purports to be a single interrogatory but it

6

contains subparts that necessitate separate inquiries: (a) identification of payments and (b) the method of transmission of payments, which render it multiple Interrogatories. Specifically, this Interrogatory is overly broad and unduly burdensome because it seeks itemization of an unknown number of transactions and calls for evaluation of data, some of which is already available to Google. Subject to and without waiving its objections, the United States is willing to meet and confer about this Interrogatory.

**RESPONSE:** Subject to and without waiving the foregoing objections, the United States responds as follows: For purposes of responding to this interrogatory, the United States understands the term "ad tech services" as used by Google in Interrogatory No. 26 to mean the technological tools generally, but not exclusively, described in paragraphs three and four of the amended complaint. "Ad tech services" that FAAs purchased directly from Google include those used for all purchases of open web display advertising made via: (1) Google's DV360 bidding into Google's AdX; (2) FAAs bidding into Google's AdX via third party platforms; and (3) Google Ads. The FAAs made payments to Google for those "ad tech services" during the Damages Period via the FAA's Agencies. The United States incorporates its responses to Interrogatory Nos. 4, 5, and 17. Additionally, documents and information responsive to this interrogatory have been produced to Google by third-party demand-side platforms. Moreover, because the payments were made to Google, the information Google seeks through this interrogatory is in the possession or control of Google and its counsel, and some of the information requested remains solely in Google's possession and is the subject of our Request for Production Nos. 60 and 76. *See Navient Sols., LLC v. L. Offs. of Jeffrey Lohman, P.C.*, Case No. 119-C-V461-LMB/TCB, 2020 WL 3606385 (E.D. Va. July 1, 2020) (denying motion to compel documents on the basis that the information was already in the requesting party's possession and the interrogatory was "incredibly broad."); Federal Rule of Civil Procedure 33(d).

*

**INTERROGATORY NO. 27:** Separately for each Federal Agency Advertiser, identify any contracts with Google to which any Federal Agency Advertiser was a party for "ad tech services" provided during the Damages Period.

**SPECIFIC OBJECTIONS:** The United States objects to this interrogatory on the grounds set forth in paragraph 6 above. The United States objects on the grounds that the term "agents or intermediates for any Federal Agency Advertiser" is vague and overly broad because it may include agents or intermediaries who have contracts with Google for products or services outside of the scope of the Amended Complaint. Importantly, Google presumably has copies of all its contracts in its possession or control. In addition, some information about contracts with the Federal Agency Advertisers has already been produced by the United States to Google. Subject to and without waiving its objections, the United States is willing to meet and confer about this Interrogatory.

**RESPONSE:** Subject to and without waiving the foregoing objections, the United States responds as follows: For purposes of responding to this interrogatory, the United States understands the term "ad tech services" as used by Google in Interrogatory No. 27 to mean the technological tools generally, but not exclusively, described in paragraphs three and four of the amended complaint. "Ad tech services" that FAAs purchased directly from Google include those used for all purchases of open web display advertising made via: (1) Google's DV360 bidding into Google's AdX; (2) FAAs bidding into Google's AdX via third party platforms; and (3) Google Ads. The FAAs made

payments to Google for "ad tech services" during the Damages Period via the FAA's Agencies. Because the "ad tech services" were provided by Google in exchange for payments made to Google, the information Google seeks through this interrogatory is in the possession or control of Google and its counsel, because Google presumably maintains copies of its own contracts governing Google's sales of its "ad tech services." *See Navient Sols., LLC v. L. Offs. of Jeffrey Lohman, P.C.*, Case No. 119-C-V461-LMB/TCB, 2020 WL 3606385 (E.D. Va. July 1, 2020) (denying motion to compel documents on the basis that the information was already in the requesting party's possession and the interrogatory was "incredibly broad."). Nevertheless, Appendix A contains a list of advertising agencies and contract numbers to allow Google to tailor its internal records search. *See* Federal Rule of Civil Procedure 33(d).

\*

**INTERROGATORY NO. 28:** Separately for each Federal Agency Advertiser, identify any contracts between Google and firms you contend are agents or intermediaries for any Federal Agency Advertiser for "ad tech services" provided during the Damages Period.

**SPECIFIC OBJECTIONS:** United States objects to this interrogatory on the grounds set forth in paragraph 6 above. The United States objects on the grounds that the term "agents or intermediates for any Federal Agency Advertiser" is vague and overly broad because it may include agents or intermediaries who have contracts with Google for products or services outside of the scope of the Amended Complaint. Importantly, Google presumably has copies of all its contracts in its possession or control. In addition, some information about relevant contracts has already been produced by the United States to Google. Subject to and without waiving its objections, the United States is willing to meet and confer about this Interrogatory.

**RESPONSE:** Subject to and without waiving the foregoing objections, the United States responds as follows: For purposes of responding to this interrogatory, the United States understands the term "ad tech services" as used by Google in Interrogatory No. 28 to mean the technological tools generally, but not exclusively, described in paragraphs three and four of the amended complaint. "Ad tech services" that FAAs purchased directly from Google include those used for all purchases of open web display advertising made via: (1) Google's DV360 bidding into Google's AdX; (2) FAAs bidding into Google's AdX via third party platforms; and (3) Google Ads. The FAAs made payments to Google for "ad tech services" during the Damages Period via the FAA's Agencies. Because the "ad tech services" were provided by Google in exchange for payments made to Google, the information Google seeks through this interrogatory is in the possession or control of Google and its counsel, because Google presumably maintains copies of its own contracts governing Google's sales of its "ad tech services." *See Navient Sols., LLC v. L. Offs. of Jeffrey Lohman, P.C.*, Case No. 119-C-V461-LMB/TCB, 2020 WL 3606385 (E.D. Va. July 1, 2020) (denying motion to compel documents on the basis that the information was already in the requesting party's possession and the interrogatory was "incredibly broad."). Nevertheless, Appendix A contains a list of advertising agencies and contract numbers to allow Google to tailor its internal records search. *See* Federal Rule of Civil Procedure 33(d).

\*

**INTERROGATORY NO. 29:** Separately for each Federal Agency Advertiser, identify all contracts or agreements to which any Federal Agency Advertiser was a party during the Damages Period that

You contend constitute cost-plus or fixed contracts for the purchase of "ad tech services."

**SPECIFIC OBJECTIONS:** United States objects to this interrogatory on the grounds set forth in paragraph 6 above. The United States objects on the grounds that the terms "cost-plus" and "fixed" contracts are not defined and, even if they were, this Interrogatory calls for legal analysis of such contracts. The United States also objects on the grounds that the term "agents or intermediates for any Federal Agency Advertiser" is vague and overly broad because it may include agents or intermediaries who have contracts for products or services outside of the scope of the Amended Complaint. Google presumably has copies of all its contracts in its possession or control. Furthermore, the United States objects to the term "agreements" because it is vague and overly broad and not define such that it may include agreements for products and services outside the scope of this suit. In addition, some information about contracts made with the Federal Agency Advertisers has already been produced by the United States to Google. Subject to and without waiving its objections, the United States is willing to meet and confer about this Interrogatory.

**RESPONSE:** Subject to and not waiving the foregoing objections, the United States responds to this interrogatory as follows: For purposes of responding to this interrogatory, the United States understands the term "ad tech services" as used by Google in Interrogatory No. 29 to mean the technological tools generally, but not exclusively, described in paragraphs three and four of the amended complaint. "Ad tech services" that FAAs purchased directly from Google include those used for all purchases of open web display advertising made via: (1) Google's DV360 bidding into Google's AdX; (2) FAAs bidding into Google's AdX via third party platforms; and (3) Google Ads. The United States understands the terms "cost-plus," "fixed," and other contract terms as used by Google to be used as defined in the Federal Acquisition Regulations ("FAR"). 48 C.F.R. §16.20. Google creates a false dichotomy by asking the United States to categorize all contracts as either "cost-plus" or "fixed," ignoring that the type and scope of contracts contemplated in the FAR encompass a larger and more nuanced universe. Therefore, in response to this question the United States will also use other contract terms as described in the FAR, including 48 C.F.R.§§ 13.303-306 (agreements), 16.501-2 (requirements), and 16-504 (indefinite delivery). This response does not contain legal conclusions about the types of contracts, but rather summarizes the type of contract as described in the contract documents themselves. The response to this interrogatory is attached as Appendix A.

### RESPONSE APPENDIX A

### Centers for Medicaid and Medicare Services

| Ad Agency | Contract | Contract Type |
|---|---|---|
| Weber Shandwick | 75FCMC18D0046/75FCMC19F0002 | Time & Materials |
| Weber Shandwick | 75FCMC18D0046/75FCMC21F0001 | Time & Materials |
| Weber Shandwick | 75FCMC18D0046/75FCMC22F0002 | Time & Materials |
| Weber Shandwick | 75FCMC18D0046/75FCMC22F0003 | Time & Materials |
| Elevation | GS-07F-0406T/75FCMC18F0058 | Time & Materials |
| Elevation | GS-07F-0406T/75FCMC20F0062 | Time & Materials |
| Brunet Garcia | GS-07F-0495Y/ HHSM-500-2017-00088G | Time & Materials |
| Brunet Garcia | GS-07F-0495Y/75FCMC20F0063 | Time & Materials |
| Porter Novelli | 75FCMC18D0045/75FCMC18F0003 | Time & Materials |

| Porter Novelli | 75FCMC18D0045/75FCMC19F0001 | Time & Materials |
|---|---|---|
| Porter Novelli | 75FCMC18D0045/75FCMC21F0001 | Time & Materials |
| Porter Novelli | 75FCMC18D0045/75FCMC22F0002 | Time & Materials |
| Porter Novelli | 75FCMC18D0045/75FCMC22F0003 | Time & Materials |
| Edelman | 75FCMC18D0043/75FCMC19F0001 | Time & Materials |

**Department of Veterans Affairs**

| Ad Agency | Contract | Contract Type |
|---|---|---|
| Aptive Resources LLC | VA119A-17-D-0084/36C10X20N0058 | Firm Fixed Price |
| Aptive Resources LLC | 36C77618D0001 | Firm Fixed Price |
| Trilogy Federal, LLC | 36C10X20D0007/36C10X22N0086 | Firm Fixed Price |
| The District Communications Group, LLC | 36C10X22C0004 | Firm Fixed Price |
| The District Communications Group, LLC | 36C10X23C0004 | Firm Fixed Price |
| The District Communications Group, LLC | GS-07F-180AA/ VA119A-17-A-0027 36C10X20F0009 | Firm Fixed Price |
| The District Communications Group, LLC | GS-07F-180AA/ VA119A-17-A-0027 36C10X18F0026 | Firm Fixed Price |
| The District Communications Group, LLC | GS-07F-180AA/ VA119A-17-A-0027 36C10X19F0105 | Firm Fixed Price |
| The District Communications Group, LLC | VA119A-17-D-0129/36C10X19N0119 | Firm Fixed Price |
| J.R. Reingold & Associates, Inc. | GS-23F-0168L/VA119A-16-J-0323 | Firm Fixed Price |
| J.R. Reingold & Associates, Inc. | 47QRAA21D001F/36C10X21F0097 | Firm Fixed Price |

**U.S. Census Bureau**

The U.S. Census Bureau had one contract with VMLY&R (formerly Young and Rubicam), which was a requirements contract, for its 2020 Census Integrated Communications campaign. The various task orders under this contract included firm fixed price, time & materials, and hybrid firm fixed price contracts. The main contract was:

| Ad Agency | Contract | Contract Type |
|---|---|---|
| Young and Rubicam | YA1323-16-CQ-0003 | Requirements |

## U.S. Postal Service

The U.S. Postal Service has had two contracts with one ad agency, Universal McCann, which are indefinite delivery, indefinite quantity ("IDIQ"). The task orders issued under the contracts are subject to the terms and conditions of the master contracts. The main contracts are:

| Ad Agency | Contract Number | Contract Type |
|---|---|---|
| Universal McCann | 2ACCSR-13-B-006 | IDIQ |
| Universal McCann | 2ACCSR-22-B-0002 | IDIQ |

## U.S. Air Force

The U.S. Air Force has one contract with one ad agency, GSD&M LLC. Under this contract, the pricing arrangements vary and include firm fixed price and cost no-fee by the type of product as described in the contract.

| Ad Agency | Contract | Contract Type |
|---|---|---|
| GSD&M LLC | FA3002-18-D-0008 | IDIQ |

## U.S. Army

The U.S. Army has one contract with one ad agency, DDB Chicago Inc, which is an IDIQ contract. The task orders under this contract vary by product and may be fixed firm price, cost plus award fee, time and materials, or other. The Army's previous contract with McCann-Erickson USA was also an IDIQ contract. These contracts are:

| Ad Agency | Contract | Contract Type |
|---|---|---|
| DDB Chicago | W9124D19D0001 | IDIQ |
| McCann-Erickson USA, Inc. | W9124D11D0036 | IDIQ |

## U.S. Navy

The U.S. Navy has one contract with one ad agency, Young and Rubicam. The contract line items (CLIN) are fixed firm price. The Navy's previous contract was also with Young and Rubicam. These contracts are:

| Ad Agency | Contract | Contract Type |
|---|---|---|
| Young and Rubicam | N00189-15-D-Z004 | Firm Fixed Price |
| Young and Rubicam | N00189-21-D-Z024 | Firm Fixed Price |

**National Highway Traffic Safety Administration**

| Ad Agency | Contract | Contract Type |
|---|---|---|
| Ad Council LLC | DTNH2217D00076 | IDIQ |
| Ad Council LLC | 693JJ922D000020 | IDIQ |
| Stratacomm LLC | 693JJ919D000003 | IDIQ |
| Stratacomm LLC | 693JJ920A000005 | IDIQ |
| Tombras Group | DTNH2213D00280L | IDIQ |