IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 1:23-cv-00108-LMB-JFA |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

**RESPONSE TO DEFENDANT'S MOTION TO SEAL [ECF NO. 370]**

Defendant, Google LLC ("Google"), has moved pursuant to Local Civil Rule 5 and the Protective Order (Dkt. 203) to seal exhibits 2-13 and 15-20 of its Opposition to the United States' Motion for Partial Judgment on the Pleadings, or in the Alternative, a Protective Order (Dkt. 368 & 369), and portions of the brief that reference those exhibits on the grounds those portions and exhibits "contain material Plaintiff or a third-party designated as confidential or highly confidential."  Defendant Google's Motion to Seal, Dkt. No. 370, at 1; *see also* Memorandum of Law in Support of Defendant Google LLC's Motion to Seal, Dkt. No. 371, at 1.  However, Google does not seek to seal these documents. *Id*.

The eighteen exhibits, and references to those exhibits in the opposition, generally consist of communications from third parties with the Department of Justice, communications from third parties with European authorities, and deposition transcripts.  Exhibits 5, 10-13, and 15 specifically relate to third party News Corp who filed its own response and requests of the Court (Dkt. 401) and the United States defer to News Corp for those exhibits. The undersigned has been in contact with counsel for the third parties referenced in exhibits 2, 3 and 6 who request the Court keep those exhibits under seal because the exhibits contain confidential information

about the Department of Justice's request for an interview with these entities and what specific employees participated in those interviews. Additionally, third party Magnite/Rubicon believes the slide deck attached in Exhibit 2 contains analysis of its rivals and is therefore confidential and should remain under seal in its entirety. The United States defer to the third parties for these exhibits.

To the extent that the United States believes that portions of any of the remaining sealed exhibits (and any related references in Google's pleadings) should remain under seal, those portions have been redacted in the attached proposed revised exhibits and opposition brief for the Court's consideration. If an exhibit is not attached, the United States is not seeking the exhibit, or any portion, to remain under seal.

Accordingly, the United States requests that the Court grant Google's motion to seal in part.

## ARGUMENT

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id*. (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The common law presumption in favor of public access can be overcome only by a showing that a litigant has "some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Accordingly, before ordering the sealing of a document, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to

sealing the document[], and (3) provide specific reasons and factual findings supporting its decision to seal the document[] and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also* Local Civ. R. 5(C).

    The United States recognizes that the standard for sealing under Local Rule 5 and Fourth Circuit precedent is stringent and reflects a strong presumption in favor of public court proceedings and court filings.

    The United States only request redactions in two exhibits, 17 and 20, and small portion at page 18 of Google's opposition that quotes from Exhibit 20.  The exhibits are deposition transcripts of witnesses from two federal agencies – the U.S. Postal Service and the Centers for Medicare and Medicaid Services, respectively.  The proposed redactions relate to these government agencies' ad strategies.  This type of sensitive business information is not normally available to the public, and has "little to no value for public dissemination."  *See Ultra-Mek, Inc. v. United Furniture Indus., Inc.*, 2021 WL 8533815.  While the fact that certain federal agencies purchase display advertising, as well as their general processes for doing so may be of public interest, the details of their strategies may remain under seal. *See Bayer CropScience Inc. v. Syngenta Crop Protection, LLC*, 979 F. Supp. 2d 653, 656-57 (M.D.N.C. 2013).

## CONCLUSION

    For the foregoing reasons, the United States respectfully requests that the Court grant Google's motion to seal in part and maintain (1) limited portions of the transcripts in exhibits 17 and 20 as proposed; and (2) specific references to exhibit 20 in Google's opposition, under seal.

Dated: September 14, 2023

Respectfully submitted,

JESSICA D. ABER
United States Attorney

s/ Gerard Mene
Gerard Mene
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3777
Facsimile: (703) 299-3983
Email: Gerard.Mene@usdoj.gov

/s/ Julia Tarver Wood
JULIA TARVER WOOD
/s/ Michael J. Freeman
MICHAEL J. FREEMAN


United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077
Fax: (202) 616-8544
Email: Michael.Freeman@usdoj.gov

Attorneys for the United States