**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 1:23-cv-00108-LMB-JFA |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE TO DEFENDANT'S MOTION TO SEAL [ECF NO. 411]**

Defendant, Google LLC ("Google"), has moved pursuant to Local Civil Rule 5 and the

Protective Order (Dkt. 203) to seal exhibits 1, 5, 9-11, and the Appendix of its Memorandum of

Law in Support of Google's Motion to Compel Responses to Various Discovery Requests (Dkt.

408) and portions of the memorandum that reference those exhibits on the grounds those

portions and exhibits "contain material Plaintiff and non-party Omnicom have designated as

confidential or highly confidential."  Defendant Google's Motion to Seal, Dkt. No. 411, at 1;

*see also* Memorandum of Law in Support of Defendant Google LLC's Motion to Seal, Dkt. No.

412, at 1.  However, Google does not seek to seal these documents. *Id*. at 2.

To the extent that the United States believes that portions of any of the remaining sealed

exhibits or appendix should remain under seal, those portions have been redacted in the attached

proposed revised exhibits for the Court's consideration. If an exhibit is not attached, the United

States is not seeking the exhibit to remain under seal.  The United States is not seeking to seal

any portion of the memorandum.

Accordingly, the United States requests that the Court grant Google's motion to seal in

part.

## ARGUMENT

The two requested documents in which the United States seeks redactions were originally attached to a Google discovery motion.  As such, the right of public access to these documents is different than if they were attached to a substantive motion and courts within this circuit have concluded that "no public access right attaches to [such documents]."  *Kinetic Concepts*, No. 1:08-CV-00918, 2010 WL 1418312, at *9-10 (M.D.N.C. Apr. 2, 2010); *In re Policy Mgt. Sys. Corp.*, 67 F.3d 296 (table), 1995 WL 541623, at *4 (4th Cir. Sept. 13, 1995). The Fourth Circuit has not set precedent as to the appropriate standard for these types of motions to seal but has stated in an unpublished opinion that there are only public access rights to judicial documents that deal with litigants' "substantive rights," not to procedural ones like discovery motions.  *Id*.

At least four circuit courts expressly have held that only "good cause" needs to be shown to keep matters under seal when attached to discovery motions.  *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1312 (11th Cir.2001) ("[t]he better rule is that material filed with discovery motions is not subject to the common-law right of access,"); a*ccord Pintos v. Pacific Creditors Ass'n,* 565 F.3d 1106, 1115 (9th Cir. 2009) ("'[G]ood cause' [as required under Rule 26(c) ] is also the proper standard when a party seeks access to previously sealed discovery attached to a nondispositive motion."); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.,* 998 F.2d 157, 165 (3d Cir. 1993) ("[W]e hold there is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions ..., but no such right as to discovery motions and their supporting documents."); *Anderson v. Cryovac, Inc*., 805 F.2d 1, 10 (1st Cir. 1986) ("Although we agree that the public has a right of

access to some parts of the judicial process, we conclude that this right does not extend to documents submitted to a court in connection with discovery proceedings.")

   This Court has agreed with the overall premise from the other circuits finding that "a document must play a relevant and useful role in the adjudication process for the either the First Amendment or common law rights of public access to attach." *Oberg v. Nelnet, Inc.,* No. 1:07CV0960 (CMH/JFA), 2023 WL 4312594, at *2 (E.D. Va. July 3, 2023) (citing *In re Policy Mgt. Sys. Corp.*, 1995 WL 541623, at *4.)  Accordingly, the United States believes that "good cause" is the appropriate standard for evaluating this motion to seal.

   Despite the foregoing, the United States only requests redactions for portions of Exhibit 9 and the Appendix.   The only proposed redaction for Exhibit 9 is to redact the chart listing the third-party industry participants that were contacted by the Department of Justice during the investigation that preceded this litigation to prevent those entities from any undue attention, harassment, or negative consequences from those in the media or other industry participants for their cooperation.

   Similarly, the limited proposed redactions in the Appendix relate to federal agencies' ad strategies and email addresses of non-Department of Justice personnel.  Regarding the former, this type of sensitive business information is not normally available to the public, and has "little to no value for public dissemination."  *See Ultra-Mek, Inc. v. United Furniture Indus., Inc*., No. 1:18-CV-281, 2021 WL 8533815, at *5 (M.D.N.C. Mar. 22, 2021).  While the fact that certain federal agencies purchase display advertising, as well as their general processes for doing so may be of public interest, the details of their strategies may remain under seal. *See Bayer CropScience Inc. v. Syngenta Crop Protection, LLC*, 979 F. Supp. 2d 653, 656-57 (M.D.N.C. 2013). Regarding the latter, the United States submits that these redactions are appropriate to protect the

privacy of non-Party personnel, and that such protection outweighs the public interest in these individuals' email addresses. *See, e.g., Krakauer v. Dish Network, LLC*, No. 1:14-CV-333, 2015 WL 12750446, at *2 (M.D.N.C. Nov. 18, 2015).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant Google's motion to seal in part and maintain limited portions of Exhibit 9 and the Appendix under seal.

Dated: September 15, 2023

Respectfully submitted,

JESSICA D. ABER
United States Attorney

s/ Gerard Mene
Gerard Mene
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3777
Facsimile: (703) 299-3983
Email: Gerard.Mene@usdoj.gov

/s/ Julia Tarver Wood
JULIA TARVER WOOD
/s/ Michael J. Freeman
MICHAEL J. FREEMAN

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077
Fax: (202) 616-8544
Email: Michael.Freeman@usdoj.gov

Attorneys for the United States