CONTAINS HIGHLY CONFIDENTIAL INFORMATION

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GOOGLE LLC, )<br>)<br>Defendant. ) | No. 1:23-cv-00108-LMB-IDD |

**PLAINTIFF UNITED STATES OF AMERICA'S RESPONSES TO DEFENDANT GOOGLE LLC'S FIRST SET OF INTERROGATORIES TO THE UNITED STATES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Civil Rule 26(c) of the U.S. District Court for the Eastern District of Virginia, Plaintiff United States of America ("United States") provides the following responses to Defendant Google LLC's ("Google's") First Set of Interrogatories to the United States (the "Responses"). These Responses are subject to the United States' Objections to Defendant Google LLC's First Set of Interrogatories to the United States (the "Objections"), which the United States previously served on Google in this action. For clarity, the United States' Objections are restated herein.

**OBJECTIONS APPLICABLE TO EACH INTERROGATORY**

1.      The United States objects to any interrogatory that includes multiple discrete subparts but purports to be a single interrogatory. Under Fed. R. Civ. P. 33(a)(1), each discrete subpart is counted as a separate interrogatory. Further, the Joint Discovery Plan permits Google to serve no more than 30 interrogatories "in total" on all Plaintiffs. (*See* Dkt. 87, ¶ 6.B.; Dkt. 94, ¶ 3.) Google has served over 30 different interrogatories on Plaintiffs (counted by totaling the interrogatories served on the United States and State Plaintiffs with each discrete subpart properly counted as a separate interrogatory), in violation of the Joint Discovery Plan. The

CONTAINS HIGHLY CONFIDENTIAL INFORMATION

**Objections to Interrogatory No. 2**

The United States objects to this interrogatory on the grounds stated above in paragraph 2. The United States further objects to this interrogatory on the grounds that it requires a legal analysis of Google's vaguely-defined term "Display Advertising." The United States also objects to this interrogatory as calling for irrelevant information, because the focus of the United States' complaint is "open web display advertising." Subject to those objections, the United States interprets this interrogatory as asking for an identification of agencies of the United States that purchase digital advertising beyond open web display advertising, and the United States will provide a response, limited to the enumerated Federal Agency Advertisers.

**Response to Interrogatory No. 2**

Subject to the foregoing objections, the United States responds to this interrogatory as follows:

The Federal Agency Advertisers (Air Force, Army, Navy, Census Bureau, CMS, NHTSA, USPS, and VA) purchase other types of digital advertising besides open web display advertising.

The United States' investigation is on-going, and the United States will supplement this response as it identifies additional responsive information.

**INTERROGATORY NO. 3:** Identify all persons other than Google with whom You communicated as part of the Investigation, including the person's title, employer or affiliation, and the date(s) of Your communication(s).

**Objections to Interrogatory No. 3**

The United States objects to this interrogatory on the grounds it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Communications within the Department of Justice (or between the Department of Justice and vendors contracted to

5

provide services to the Department of Justice), within the executive branch of the United States, between the Department of Justice and Federal Agency Advertisers, with retained or prospective testifying and non-testifying experts or consultants, or with representatives of state Attorney General's offices are covered by the attorney client privilege, attorney work product protection, common interest doctrine, deliberative process privilege, and/or other applicable privileges and protections. The United States intends to negotiate with Google regarding the logging of privileged communications, to ensure the burden of doing so is reasonable and reciprocal. The United States also objects to this interrogatory to the extent it seeks information excluded from discovery by any stipulation or agreement of the parties concerning retained or prospective testifying and non-testifying experts or consultants. The United States further objects to this interrogatory as seeking information that may be obtained through less burdensome means, including production of documents.

     Subject to those objections, the United States will provide a response to this interrogatory listing the third-party industry participants and foreign or international enforcement agencies contacted in writing or via email by the Antitrust Division during its investigation. The United States will further produce copies of its written investigatory communications with third-party industry participants and foreign or international enforcement agencies. Further information sought by this interrogatory may be obtained by compiling and summarizing such communications and the burden of deriving or ascertaining the information sought is substantially the same for Google as it would be for the United States.

**Response to Interrogatory No. 3**

     Subject to the foregoing objections, the United States responds to this interrogatory as follows:

CONTAINS HIGHLY CONFIDENTIAL INFORMATION

    In the course of its investigation preceding this litigation, the Antitrust Division contacted the following foreign or international enforcement agencies: Australian Competition and Consumer Commission; Competition Bureau Canada; Colombian Superintendence of Industry and Commerce; European Commission Directorate-General for Competition; French Competition Authority; German Bundeskartellamt; and United Kingdom Competition and Markets Authority.

    In the course of its investigation preceding this litigation, the Antitrust Division contacted the following third-party industry participants:





CONTAINS HIGHLY CONFIDENTIAL INFORMATION



The names, titles, employers or affiliations, and dates for each written correspondence can be obtained by compiling and summarizing the correspondence, which the United States has produced to Google. The burden of deriving or ascertaining this information is substantially the same for Google as it would be the United States. Therefore, the United States responds pursuant to Fed. R. Civ. P. 33(d) by designating the following records:

- DOJ-ADS-0000000001 through DOJ-ADS-0000064686;
- DOJ-ADS-0000064856 through DOJ-ADS-0000067739;
- DOJ-ADS-B-0000000001 through DOJ-ADS-B-0000059833; and
- DOJ-ADS-B-0000060589 through DOJ-ADS-B-0000060871.

The United States' investigation is on-going, and the United States will supplement this response as it identifies additional responsive information.

**INTERROGATORY NO. 4:** Separately for each agency and department of the United States that is a "buyer[] of open web display advertising" (as alleged in Paragraph 341 of Your complaint) or has used Ad Tech Products or Display Advertising during the Relevant Period, provide the following information about each Ad Tech Product (whether provided by Google or any other Ad Tech Provider) that the agency or department used:

9