**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **United States of America,** *et al.*,             ) | |
| Plaintiffs,     ) | |
| ) | |
| **v.**                                                                ) | Case No. 1:23cv0108 (LMB-JFA) |
| ) | |
| **Google LLC,**                                                ) | |
| Defendant.     ) | |

**NON-PARTIES YELP INC. AND NEWS/MEDIA ALLIANCE'S MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISQUALIFY
<u>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP</u>**

1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... 3
INTRODUCTION .......................................................................................................................... 4
BACKGROUND ............................................................................................................................ 5
LEGAL STANDARD .................................................................................................................... 8
    I.     The Virginia Rules of Professional Conduct Apply to this Motion ..................................... 8
    II.    Grounds to Disqualify Counsel ............................................................................................. 9
ARGUMENT ................................................................................................................................. 9
    I.     Paul Weiss Is Conflicted Because of Its Prior Representation of Yelp and NMA Regarding This Matter ...................................................................................................................... 10
    II.    Paul Weiss Must Be Disqualified to Protect Yelp's and NMA's Confidential Information and to Avoid the Appearance of Impropriety .................................................................. 11
    III.   Google Will Not Be Unfairly Prejudiced by the Disqualification of Paul Weiss ............... 13
CONCLUSION ............................................................................................................................ 14

## TABLE OF AUTHORITIES

*Audio MPEG, Inc. v. Dell, Inc.*, 219 F. Supp. 3d 563, 575 (E.D. Va. 2016)........5, 8, 10, 12, 13, 14

*In re Asbestos Cases*, 514 F. Supp. 914 (E.D. Va. 1981)..............................................................9, 13

*In re Cendant Corp. Sec. Litig.*, 124 F. Supp. 2d 235, 243–44 (D.N.J. 2000)...............................11

*In re Gordon Properties*, LLC, 505 B.R. 703 (Bankr. E.D. Va. 2013).....................................12, 14

*In re Morrissey*, 305 F.3d 211 (4th Cir. 2002) ................................................................................8

*Lyons v. City of Alexandria*, 2020 WL 2832492 (E.D. Va. Jan. 14, 2020) ...........................9, 12, 13

*Sunbeam Products, Inc. v. Hamilton Beach Brands, Inc.*, 727 F. Supp. 2d 469 (E.D. Va. 2010)....4

*Tessier v. Plastic Surgery Specialists, Inc.*, 731 F. Supp. 724 (E.D. Va. 1990) ...................9, 13, 14

*Touchcom, Inc. v. Bereskin & Parr*, 299 Fed. App'x 953 (Fed. Cir. 2008) ......................................8

Non-Parties Yelp Inc. ("Yelp") and News/Media Alliance ("NMA") have moved this Honorable Court to disqualify Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss") from representing Defendant Google LLC ("Google") in the above-captioned action, and in support thereof, state as follows:

## INTRODUCTION

Rules governing conflicts of interest in the legal profession exist, among other reasons, to promote the loyalty of lawyers to clients and public trust in the legal system, allow for free-flowing communication between clients and lawyers, and keep legal proceedings free from the misuse of one client's information—provided in confidence through the attorney-client relationship—to benefit another adverse client. Here, Paul Weiss's representation of Google betrays these values.

Yelp and NMA, non-parties to this case, recently learned through Google's filings and subpoenas Google has issued that Google views Yelp and NMA as adverse to Google in this litigation. Google has stated that it believes Yelp and NMA attempted to persuade the United States Department of Justice ("DOJ") "to sue Google for alleged anticompetitive conduct affecting digital advertising." Dkt. 368 at 3, 7-8. To support these arguments, Google cited an email from Yelp's counsel to DOJ dated April 14, 2020. Dkt. 368 Ex. 9. At that time, both Yelp's and NMA's counsel was Paul Weiss. Now, eight Paul Weiss attorneys have made appearances for Google in this case without seeking a conflict waiver from Yelp or NMA. The Virginia Rules of Professional Conduct impute a lawyer's conflict to his or her entire firm "without exception," and thus the "inescapable impact" of those rules is that a firm must be disqualified when it previously provided counsel for an adverse party in a substantially related matter. *Sunbeam Products, Inc. v. Hamilton Beach Brands, Inc.*, 727 F. Supp. 2d 469, 473-74 (E.D. Va. 2010) (Payne, J.).

The facts pertinent to this disqualification motion are simple. Yelp and NMA previously

4

hired Paul Weiss to provide legal counsel regarding antitrust matters involving Google. Google subsequently hired Paul Weiss to defend it regarding this case. Then, to support a now-rejected affirmative defense, Google argued that Paul Weiss' former representation of Yelp and NMA was adverse to Google *in this case*.[1] Paul Weiss must be disqualified from representing Google in this case to "safeguard the integrity of the judicial process[,]" to protect Yelp's and NMA's confidential information, and to "foster public confidence in the ethics of the Court and the bar." *Audio MPEG, Inc. v. Dell, Inc.*, 219 F. Supp. 3d 563, 575 (E.D. Va. 2016) (Morgan, J.).

## BACKGROUND

**Yelp** owns and operates Yelp.com, a popular local search website, mobile website, and related mobile applications for users to share information about their communities, including local businesses, services, and other entities. *About Yelp,* Yelp, http://www.yelp.com/about (last visited Aug. 11, 2023). Yelp first retained Paul Weiss in August 2016 to provide legal counsel on several antitrust matters, including government antitrust investigations into Google. *See* Ex. A ("Yelp Declaration"). Over the course of several years, attorneys at Paul Weiss had confidential communications with Yelp and reviewed Yelp's highly sensitive confidential information, including documents and data, to provide Yelp legal counsel regarding antitrust issues involving Google's conduct. *Id.* That confidential information included data pertaining to Yelp's digital advertising products. Ex. B ("Kressin Declaration") As recently as 2020, Paul Weiss attorneys communicated with DOJ on behalf of Yelp in connection with DOJ's investigations into Google's conduct. Dkt. 368 Ex. 9. As far as Yelp is aware, Paul Weiss still possesses privileged and confidential information relating to its representation of Yelp, and attorneys who received Yelp's

---

[1] Yelp and NMA are aware that this Court has dismissed Google's Affirmative Defenses 10 and 13 (Dkt. 446), but Google has stated that it still intends to "seek[] discovery on these topics … with especially third parties going to their motivation, their bias" against Google. Dkt. 435 Hearing Tr. at 10-11.

confidential information continue to work for Paul Weiss. Ex. A.

**News/Media Alliance** is a trade association representing approximately 2,000 newspapers in the United States. Member newspapers represented by NMA include large daily papers, non-daily and small-market publications, as well as digital and multiplatform products. NMA first retained Paul Weiss in 2016 to provide legal counsel on several antitrust matters, including government antitrust investigations into Google. *See* Ex. C ("NMA Declaration"). Over the course of several years, attorneys at Paul Weiss collected and reviewed NMA's highly sensitive confidential information, including documents and data, to provide NMA legal counsel regarding potential antitrust issues involving Google's conduct. *Id.* That confidential information included data breaking out revenue derived from advertising sold by NMA's member publications. Ex. B. As far as NMA is aware, Paul Weiss still possesses privileged and confidential information relating to its representation of NMA, and attorneys who worked on antitrust matters for NMA and received NMA's confidential information continue to work for Paul Weiss. Ex. C.

On May 6, 2023, attorneys from Paul Weiss filed a Notice of Appearance and Motions to appear Pro Hac Vice on behalf of Google in this case. Dkt. 177-186. Google issued its first subpoena to Yelp in this case on May 31, 2023. Ex. D. ("May Yelp Subpoena"). The May Yelp Subpoena included 19 requests for documents and data relating to Yelp's advertising technology business, including its relationship with Google and other advertising technology providers and Yelp's development of in-house advertising technology products. *Id*. Counsel for Yelp met and conferred with Google's counsel (lawyers from the firm Wilson Sonsini) regarding the May Yelp Subpoena, and Yelp subsequently made a production of responsive documents. At that time, Yelp did not know that Google considered itself adverse to Yelp in this case, as Yelp's past advocacy to DOJ had focused on Internet search, not advertising technology.

Google then issued a second subpoena to Yelp on August 1, 2023. Ex. E ("August Yelp Subpoena). On August 8, 2023, Google issued a subpoena to NMA for the first time. Ex. F ("NMA Subpoena"). The August Yelp Subpoena and the NMA Subpoena included overlapping identical requests. The August Yelp Subpoena and the NMA Subpoena sought, among other things, communications relating to the representation of Yelp and NMA by Jonathan Kanter and Brandon Kressin to the extent such communications "concern[ed] Google." Ex. E at 9, Ex. F at 10-11. The August Yelp subpoena covered the "Relevant Period" in this case, which is defined as extending from 2013 to the present. Ex. E at 9. The NMA Subpoena covered January 1, 2017 to the present. Ex. F at 10. From 2016 to 2020 (within the Relevant Period), Mr. Kanter was a partner and Mr. Kressin was an associate at Paul Weiss. Throughout that period, both Mr. Kanter and Mr. Kressin represented Yelp and NMA in several matters "concerning Google," including investigations by DOJ into Google's alleged anticompetitive conduct in several markets. *See* Ex. B. During their tenure at Paul Weiss, it was common practice for Mr. Kanter and Mr. Kressin to provide updates regarding their representation of clients, including Yelp and NMA, to other attorneys at Paul Weiss (including attorneys that have now appeared for Google in this case) at regular meetings of the firm's antitrust practice group. *Id.* In providing counsel for Yelp and NMA, Mr. Kanter and Mr. Kressin also worked with attorneys in Paul Weiss's antitrust practice group, including attorneys who are still employed by Paul Weiss today. *Id.*

On August 31, 2023, Google filed its Opposition to DOJ's Motion For Partial Judgment on the Pleadings (the "Opposition"). Dkt 368. Throughout its Opposition, Google advanced arguments that DOJ's actions in this case were, at least in part, encouraged and supported by Yelp and NMA. According to Google, Mr. Kanter, during his tenure at Paul Weiss, attempted "to persuade DOJ and other antitrust enforcers to bring litigation against Google's ad tech business on

7

behalf of his clients," including Yelp and NMA. Dkt. 368 at 4. Google's Opposition, however, fails to acknowledge that Mr. Kanter was a partner at Paul Weiss (now one of several law firms representing Google in this case) during much of the period during which Google alleges this attempted persuasion took place.[2] Further, the documents that Google cites to support its Opposition include communications to DOJ from Mr. Kanter's paulweiss.com email address. Dkt. 368 Ex. 2, 6, 7, 9.

To date, Paul Weiss has never sought nor received any waiver from Yelp or NMA relating to its prior representation and its current representation of Google. Ex. A, C.

## LEGAL STANDARD

### I.     The Virginia Rules of Professional Conduct Apply to this Motion

This Court has adopted the Virginia Rules of Professional Conduct. *Audio MPEG, Inc.*, 219 F. Supp. 3d 563, 567; *see also* Local Rule 83.1(J) ("The ethical standards relating to the practice of law in civil cases in this Court shall be Section II of Part Six of the Rules of the Virginia Supreme Court as it may be amended or superseded from time to time."). Therefore, Attorneys practicing before this Court "are subject to Virginia's standards for ethical conduct," and Virginia law governs the question of disqualification. *In re Morrissey*, 305 F.3d 211, 224 (4th Cir. 2002); *Touchcom, Inc. v. Bereskin & Parr*, 299 Fed. App'x 953, 954 (Fed. Cir. 2008) (noting party agreement that "because this case arises out of the Eastern District of Virginia, Virginia law governs the disqualification issue").

Rule 1.9 of the Virginia Rules of Professional Conduct ("Rule 1.9") provides in relevant

---

[2] No attorneys from Paul Weiss were included in the signature block of Dkt. 368 as counsel for Google. Dkt. 368 at 31. Just one day later, all eight Paul Weiss attorneys appearing in this case were included on a signature block for a routine filing from Google. Dkt. 387 at 3.

part:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless both the present and former client consent after consultation.

Rule 1.10 of the Virginia Rules of Professional Conduct ("Rule 1.10") provides in relevant part:

> (a) While lawyers are associated in a firm, none of them shall represent a client when the lawyer knows or reasonably should know that any one of them practicing alone would be prohibited from doing so by Rules 1.6, 1.7, 1.9, or 2.10(e).

## II.     Grounds to Disqualify Counsel

When faced with a motion to disqualify counsel, "the general rule is that the trial court should prevent even the appearance of impropriety, and resolve all doubts in favor of disqualification." *Lyons v. City of Alexandria*, 2020 WL 2832492, at *2 (E.D. Va. Jan. 14, 2020) (Brinkema, J.). "The Court is charged with the duty and responsibility of supervising the conduct of attorneys who appear before it," and must maintain "the public trust granted to the bar as a self-regulating organization." *Tessier v. Plastic Surgery Specialists, Inc.*, 731 F. Supp. 724, 729 (E.D. Va. 1990) (Clark, J.); *see also In re Asbestos Cases*, 514 F. Supp. 914, 919-20 (E.D. Va. 1981) (Clark, J.) ("[I]t is the nondelegable responsibility of this Court to see that ... not even the appearance of impropriety [ ] is permitted to tarnish the judicial process or shake the confidence of the public in the integrity of the legal profession.").

The Fourth Circuit "has cautioned against a mechanical application of the Virginia Code of Professional Responsibility to all situations" and a Court should "consider[] the unique facts and circumstances of [each] case in its disqualification determination." *Lyons*, 2020 WL 2832492, at *3.

**ARGUMENT**

9

I.      **Paul Weiss Is Conflicted Because of Its Prior Representation of Yelp and NMA Regarding This Matter**

Google has admitted—indeed it has argued affirmatively—that Paul Weiss' representation of Yelp and NMA is "substantially related" to this case and involves "common factual and legal issues and shared common evidence." *Audio MPEG, Inc.*, 219 F. Supp. 3d at 570. In its Opposition, Google recounts that in August 2019, "DOJ opened an antitrust investigation into Google's ad tech business" and "received documents and advocacy materials from many third parties," including Yelp and NMA. Dkt. 368 at 7. For example, during DOJ's investigations into Google's conduct, attorneys for Paul Weiss communicated with DOJ and shared a white paper that had been prepared using Yelp's confidential information. Dkt. 368. Ex. 9.  Even if Google had not already admitted that Paul Weiss received and transmitted Yelp's and NMA's confidential information, "[i]t is well settled that once an attorney-client relationship has been established, an irrebuttable presumption arises that confidential information was conveyed to the attorney in the prior matter." *Tessier*, 731 F. Supp. at 731.

Cases are substantially related when "the lawyer could have obtained confidential information in the first representation that would have been relevant in the second." *Audio MPEG Inc.*, 219 F. Supp. 3d at 570. Google clearly viewed Yelp's and NMA's information collected by Paul Weiss in connection with DOJ's investigations as relevant to this matter, as it sought that very information from Yelp in the May Yelp Subpoena. Ex. D at 31 (seeking "All documents concerning any formal or informal governmental investigation or litigation concerning Google's Display Advertising or Google's Ad Tech Products, including […] all communications involving You and any governmental agency, [and] all documents that You provided to any governmental agency").

Indeed, Google has taken the position that *all* work performed by Paul Weiss on behalf of

Yelp and NMA concerning Google, regardless of subject matter, is substantially related to this case. Google did not limit its requests in the August Yelp Subpoena and the NMA Subpoena to advertising technology, but instead seeks all communications with a third party "concerning Google" as well as documents "related to *any* work done by Jonathan Kanter on Your behalf *concerning Google*." Ex. E at 10, Ex. F at 11-12 (emphasis added). That includes Mr. Kanter's work done while he was a partner at Paul Weiss. This makes Paul Weiss' representation of Google especially concerning to Yelp, as Google unsuccessfully sought in other antitrust litigation to compel Yelp to produce confidential communications, including communications between Mr. Kanter and Yelp employees. *U.S. v. Google*, Case No. 1:20-cv-03010-APM (D.D.C.), Dkt. 255. Yelp believes that Paul Weiss possesses at least a portion of the documents Google sought in that case. Ex. A. Moreover, Yelp believes that Paul Weiss continues to retain confidential data relating to Yelp's digital advertising business, which were transmitted to Mr. Kressin while he was employed at Paul Weiss. The same is true for NMA, which transmitted data to Mr. Kressin while he was employed at Paul Weiss relating to a breakdown of NMA members' advertising revenues.

The fact that Yelp and NMA are third parties to this case does not change the matter. As Courts in other districts have found, "there is no doubt that representing a party and a witness adverse to that party-client would [] implicate" conflict of interest rules. *In re Cendant Corp. Sec. Litig.*, 124 F. Supp. 2d 235, 243–44 (D.N.J. 2000) (collecting ethics opinions on adverse third-party witnesses and finding that a conflict existed when a third-party witness "declined to consent to the dual representation out of her concern that Paul Weiss' duty of loyalty would be impaired.").

### II. Paul Weiss Must Be Disqualified to Protect Yelp's and NMA's Confidential Information and to Avoid the Appearance of Impropriety

The fact that Mr. Kanter and Mr. Kressin are no longer employed by Paul Weiss does not cure the conflict of interest that exists so long as Paul Weiss continues to represent Google. As

11

stated above, other attorneys at Paul Weiss were routinely made aware of Yelp's and NMA's legal advocacy regarding Google during meetings of the firm's antitrust practice group and some of those attorneys performed work for Yelp and NMA. Ex. B. This Court has found that disqualification is proper when counsel has "been exposed to privileged information on both sides of this matter" because "exposure is irreversible." *Lyons*, 2020 WL 2832492, at *5.

Nor can Paul Weiss cure its conflict of interest by showing that the individual attorneys who now represent Google did not work directly on Yelp matters in the past. Again, knowledge of Yelp's confidential information is imputed to all attorneys of Paul Weiss, and there are specific attorneys still working for Paul Weiss—and appearing in this case—who had direct knowledge of Paul Weiss' representation of Yelp and NMA. Ex. B.

Finally, Google subpoenaed Yelp and NMA for privileged and confidential information that is currently in Paul Weiss' possession. The August Yelp Subpoena and the NMA Subpoena seek engagement letters, invoices, and bills from Paul Weiss relating to Mr. Kanter's work "concerning Google," and seek communications that were sent by Mr. Kanter and Mr. Kressin using their paulweiss.com email addresses to government regulators and other third parties. Ex. E, F. Paul Weiss' representation of Google therefore creates the risk that Paul Weiss might produce Yelp's and NMA's confidential information to its current client, Google. Yelp and NMA are "justifiably uneasy about the potential breach of its confidences." *Audio MPEG, Inc.*, 219 F. Supp. at 575. The confidentiality rules are meant to protect "the former client from the obvious threats of divulging confidential information or using it to the former client's disadvantage." *In re Gordon Properties*, LLC, 505 B.R. 703, 707–08 (Bankr. E.D. Va. 2013) (Mayer, J.). Yelp and NMA do not need to show that such an exchange has happened or will happen to establish that there is a conflict of interest. *In re Asbestos Cases*, 514 F. Supp. at 922 ("[I]t is the possibility of the breach

12

of confidence, not the fact of the breach that triggers disqualification."). Similarly, Paul Weiss cannot cure the conflict even if it could establish that there has not been "an improper exchange of privileged information" because "such a factual finding does not outweigh the appearance of impropriety" created by the conflict. *Audio MPEG Inc.,* 219 F. Supp. at 576; *see also Lyons*, 2020 WL 2832492, at *5 ("nor is it necessary to identify precisely what information may have been obtained or used improperly.").

The Virginia Rules of Professional Conduct "aim to foster the protection of client confidences and attorney loyalty." *Audio MPEG, Inc.*, 219 F. Supp. at 575. Allowing Paul Weiss to continue representing Google in this case jeopardizes both principles and would set an especially dangerous precedent. This case involves a major law firm switching sides against former clients to represent an adverse alleged monopolist and one of the world's largest companies. Non-parties in antitrust cases already worry about retaliation from powerful alleged monopolists if they cooperate with government enforcers. The problem would become much worse if those companies had to worry their own counsel might someday switch sides if paid enough by the alleged monopolist.

**III.   Google Will Not Be Unfairly Prejudiced by the Disqualification of Paul Weiss**

Courts in this District have repeatedly found that "the right of one to retain counsel of his choosing is secondary in importance to the Court's duty to maintain the highest ethical standards of professional conduct to insure and preserve trust in the integrity of the bar." *Tessier*, 731 F.Supp. at 729; *see also Lyons,* 2020 WL 2832492, at *2 ("Ultimately, there must be a balance between the client's free choice of counsel and the maintenance of the highest ethical and professional standards in the legal community"); *Audio MPEG, Inc.,* 219 at 569 (the "right [to choose counsel] is secondary to the court's duty to maintain the integrity of the bar"); *In re Gordon Properties,*

13

*LLC,* 505 B.R. 703, ("When confidentiality conflicts with the right to choose counsel, confidentiality prevails.")

Even if this Court chose to consider the prejudicial effects on Google of disqualifying Paul Weiss, the harms to Google are negligible. Unlike many prior cases in this District where disqualification was ordered, Paul Weiss is just one of many law firms that represent Google in this case. Indeed, over 15 lawyers from Freshfields Bruckhaus Deringer US LLP and Axinn, Veltrop & Harkrider LLP have entered appearances in this case on behalf of Google. Yelp and NMA are aware that lawyers from additional firms that have not appeared before the Court, including Wilson Sonsini Goodrich & Rosati and Yetter Coleman LLP, have nevertheless sent subpoenas on Google's behalf in this case. Further, Google is also represented by several additional major law firms in other cases alleging antitrust violations, including Williams & Connolly, Ropes & Gray, O'Melveny & Meyers LLP, Hogan Lovells, and Morgan, Lewis & Bockius LLP. While Google may suffer some "loss of time and money" by losing Paul Weiss as counsel, Google is not "being compelled to retain new counsel[;]" Google will still have sufficient counsel representing its interests in this case without Paul Weiss. *Tessier*, 731 F.Supp. at 730.

## CONCLUSION

WHEREFORE, for each of the reasons stated above, Yelp and NMA respectfully submit that Paul Weiss should be disqualified from representing Google in this case. Thus, Yelp and NMA respectfully request that this Honorable Court grant their Motion to Disqualify, and for such further relief as this Court deems just and proper.

Respectfully submitted,

_____/s/_____
Charles B. Molster III
Va. Bar No. 23613
The Law Offices of Charles B. Molster, III PLLC
2141 Wisconsin Avenue, N.W., Suite M
Washington, D.C. 20007
(703) 346-1505
cmolster@molsterlaw.com


Brandon Kressin*
Kressin Meador LLC
10650 Roe, Unit #137
Overland Park, KS 66207
brandon@kressinmeador.com

Counsel for Yelp, Inc. and News/Media Alliance

* *Pro Hace Vice* Application to be filed