IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 1:23-cv-00108-LMB-JFA |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

### SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTIONS TO SEAL [ECF NOs. 308 and 332]

Defendant, Google LLC ("Google"), moved pursuant to Local Civil Rule 5 and the Protective Order (Dkt. 203) to seal Exhibits 1-4 attached to its Memorandum in Support of Motion for an *In Camera* Review (Dkt. 301), and separately, Google moved to seal Exhibits 17-24 attached to its Reply in Support of a Motion to Compel (Dkt. 330), on the grounds the exhibits contained information designated by Plaintiff as privileged, confidential, or highly confidential under the protective order. Defendant Google's Motions to Seal, Dkt. No. 308 and 332; *see also* Memorandums of Law in Support of Motion to Seal, Dkt. 309 and 333.  However, Google does not seek to seal these documents. *Id*. at 2.

The United States filed its responses to these motions to seal in Dkt. 347 and 360. The Court granted the motions to seal in part, denied them in part, and asked for a supplemental response from the Plaintiff related to some of the exhibits.  Dkt. 355 and 362.  Pertinent to this response, the Court provisionally ordered sealing of Exhibits 1-4 attached to Google's Memorandum in Support of Motion for an *In Camera* Review, and of Exhibit 21 attached to Google's Reply in Support of a Motion to Compel; but requested a supplemental response from

the United States if the United States wished to have these exhibits or portions thereof permanently placed under seal. *Id*.

The five exhibits at issue are deposition transcripts (or portions) of two witnesses: Christopher Karpenko of the U.S. Postal Service and Allen Owens of the United States Navy. The United States seeks the continued sealing of Exhibits 1 and 2, and small portions of Exhibits 3 and 4. The United States is not seeking the continued sealing of Exhibit 21 attached to Google's Reply in Support of a Motion to Compel. The United States attached redacted portions of Exhibits 3 and 4 for the Court's consideration.

Accordingly, the United States requests that the Court grant Google's motion to seal in part.

## ARGUMENT

The five exhibits at issue were originally attached to two different Google discovery motions. As such, the right of public access to these documents is different than if they were attached to a substantive motion and courts within this circuit have concluded that "no public access right attaches to [such documents]." *Kinetic Concepts*, No. 1:08-CV-00918, 2010 WL 1418312, at *9-10 (M.D.N.C. Apr. 2, 2010); *In re Policy Mgt. Sys. Corp.*, 67 F.3d 296 (table), 1995 WL 541623, at *4 (4th Cir. Sept. 13, 1995). The Fourth Circuit has not set precedent as to the appropriate standard for these types of motions to seal but has stated in an unpublished opinion that there are only public access rights to judicial documents that deal with litigants' "substantive rights," not to procedural ones like discovery motions. *Id*.

At least four circuit courts expressly have held that only "good cause" needs to be shown to keep matters under seal when attached to discovery motions. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir.2001) ("[t]he better rule is that

material filed with discovery motions is not subject to the common-law right of access,"); accord *Pintos v. Pacific Creditors Ass'n,* 565 F.3d 1106, 1115 (9th Cir. 2009) ("'[G]ood cause' [as required under Rule 26(c) ] is also the proper standard when a party seeks access to previously sealed discovery attached to a nondispositive motion."); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.,* 998 F.2d 157, 165 (3d Cir. 1993) ("[W]e hold there is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions ..., but no such right as to discovery motions and their supporting documents."); *Anderson v. Cryovac, Inc*., 805 F.2d 1, 10 (1st Cir. 1986) ("Although we agree that the public has a right of access to some parts of the judicial process, we conclude that this right does not extend to documents submitted to a court in connection with discovery proceedings.")

This Court has agreed with the overall premise from the other circuits finding that "a document must play a relevant and useful role in the adjudication process for [] either the First Amendment or common law rights of public access to attach." *Oberg v. Nelnet, Inc.,* No. 1:07CV0960 (CMH/JFA), 2023 WL 4312594, at *2 (E.D. Va. July 3, 2023) (citing *In re Policy Mgt. Sys. Corp*., 1995 WL 541623, at *4.)  Accordingly, the United States believes that "good cause" is the appropriate standard for evaluating this motion to seal.

Despite the foregoing, the United States only requests to seal two out of the five exhibits in their entirety, and small portions of two others.  Exhibits 1 and 2 are "rough" transcripts from depositions which by their nature are unedited, uncertified, and possibly inaccurate, and thus more likely to be sealed from the public. *CDI Corp. v. HCL America, Inc.*, Case No. 5:17-CV-550-D, 2019 WL 542293 (E.D. N.C. Feb. 11, 2019) (sealing a rough deposition transcript because it was "not in final form.")  Additionally, most of the relevant portions of the official

transcripts from these two witnesses will be public in the other exhibits providing an alternative that still protects that public's interest and promotes transparency of these proceedings.

Furthermore, the proposed redactions for Exhibits 3 and 4 implicate privileged information. Regarding Exhibit 3, despite extensive and reasonable efforts made by the United States to prevent disclosure of information protected by the attorney-client privilege and attorney work product doctrine, the United States inadvertently produced to Google two documents which are protected attorney work product, and which Google introduced as exhibits and questioned Mr. Karpenko about at his deposition. The United States clawed back those documents at the deposition and via email that same day, and subsequently clawed back related documents through a letter on August 14, 2023. This current request seeks to claw back related deposition testimony that Google obtained through its use of those protected documents.

Similarly, regarding Exhibit 4, Mr. Owens briefly became confused as to the meaning of the term "interrogatory" as used by counsel when being questioned about the Navy's interrogatory responses. As a result, Mr. Owens inadvertently disclosed protected attorney work product, which the United States promptly clawed back and moved to strike from the transcript. The United States is seeking redaction related to those brief portions of the transcript.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant Google's motion to seal in part and maintain Exhibits 1 and 2 under seal in their entirety, and the proposed portions of Exhibits 3 and 4.

Dated: September 29, 2023

Respectfully submitted,

JESSICA D. ABER
United States Attorney

s/ Gerard Mene
Gerard Mene
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3777
Facsimile: (703) 299-3983
Email: Gerard.Mene@usdoj.gov

/s/ Julia Tarver Wood
JULIA TARVER WOOD
/s/ Michael J. Freeman
MICHAEL J. FREEMAN

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077
Fax: (202) 616-8544
Email: Michael.Freeman@usdoj.gov

Attorneys for the United States