# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>　　　　　*Plaintiffs*,<br><br>　vs.<br><br>GOOGLE LLC,<br><br>　　　　　*Defendant*. | No: 1:23-cv-00108-LMB-JFA |

**DECLARATION OF SALVATORE MANCUSO IN SUPPORT OF GOOGLE LLC'S THIRD STATUS REPORT REGARDING DOCUMENT REVIEW AND PRODUCTION**

I, Salvatore Mancuso, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am Salvatore Mancuso, Vice President of eDiscovery Operations & Products at Conduent Legal & Compliance Solutions, LLC ("Conduent"), an eDiscovery services provider to Defendant Google LLC ("Google").

2. I respectfully submit this declaration in support of Google's Third Status Report Regarding Document Review and Production in *United States v. Google LLC*, No. 1:23-cv-00108-LMB-JFA (E.D. Va.) (the "Third Status Report").

3. The contents of this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge and review of relevant records. If called upon as a witness in this action, I could and would testify competently thereto.

4. Conduent has been retained by Google to provide Processing, Hosting, Production and Project Management consultation services. Conduent has been providing those services to Google in connection with, among other matters, *United States v. Google LLC*, No.

1

1:23-cv-00108-LMB-JFA (E.D. Va.) and *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-3010 (S.D.N.Y.).

5. Conduent is leveraging its follow the sun model which incorporates resources from across the globe to ensure 24/7 support for this matter.

6. Since September 15, 2023, Conduent has participated in daily calls with Google's in-house and outside counsel, Google's in-house eDiscovery team, and Google's other outside vendors Consilio and KPMG. The parties discuss how best to optimize the end-to-end workflows, for recommendation to Google, so each process optimally flows and transitions seamlessly so Google can meet the October 6, 2023, production deadline. These calls have been convened and chaired by outside counsel.

7. From Conduent's perspective, initiating the production process requires (1) pre-review processing, (2) direction from Google and\or its counsel on attorney review and the document populations it wishes to produce, and (3) post-review preparation of the documents for production. The goal is for each of these processes to optimally flow and transition seamlessly.

8. Conduent's efforts and the technical requirements associated with stages (1), (2), and (3) are summarized below.

**Pre-Review Processing**

9. After it receives exports of documents from Google, Conduent initiates a deduplication process to deduplicate those exports against documents that are already in the review platform. Consistent with the governing ESI Order in this case, only duplicate documents identified based on Source Hash are screened out as part of this process. *See* ECF No. 142 at 6.

10. Deduplication occurs on a rolling basis as exports are received from Google.

11. Conduent applied the deduplication process to Google's exports of documents impacted by the ingestion site issue referenced in the Third Status Report ("Impacted Documents").

12. Once Conduent deduplicates the documents against the master hash repository, it conducts several steps before releasing the documents for review by attorneys in the review platform (the "Review Population"), including but not limited to:

    a. Loading the native files and their associated metadata[1] and extracted text to the review platform. Native files have been as large as hundreds of megabytes, and the document review database can only accept a finite amount of data per hour.

    b. Loading overlays, provided by Google, that associate additional G Suite/Vault metadata to the native files.

    c. Updating dtSearch Indexes in the review platform to ensure documents and their metadata are searchable.

    d. Updating Search Term Reports (STRs), at the direction of Google, to facilitate an efficient privilege review and enable privilege highlighting.

13. Each step outlined in paragraph 12 requires both human resources and machine time and Conduent has taken reasonable steps to make these processes run as accurately and efficiently as possible. These steps are intended to improve the efficiency and accuracy of document review, and some are required for compliance with the ESI Order in this case.

---

[1] Metadata is information that describes the characteristics of each document in the dataset, providing a structured reference that helps to organize, sort and classify attributes of the documents it describes. For example, metadata provides document details like document author, document creation date, document receipt date, and the "to" "from" "cc" and "bcc" information for emails. Processing metadata fields is useful for analyzing and understanding documents in the dataset, and identifying relationships to other documents in the dataset.

14. Conduent completes several of the pre-review processing steps after 8pm PT each day to free up machine resources and optimize attorney review time during the day.

15. Conduent has been completing the pre-review processing steps in rolling batches to expedite the release of documents to attorney reviewers. Each batch may be delivered at different times, but on average, pre-review processing for this matter takes up to 24 hours of machine time for 450,000 documents pre-deduplication.

**Attorney Review**

16. Conduent manages the review platforms that are being used by Google, their outside counsel, and other vendors.

17. There are recommended limits to the number of reviewers that can operate within a review platform, which the provider of the software has acknowledged and communicated, without impacting performance and stability of the system. At times, when many reviewers are attempting to work within a review database, reviewers experience latency (the delay between when a user initiates a task and when that task completes, such as the time it takes to render the next document for review in the reviewer's queue) or are unable to access documents for review.

18. For example, until recently, there has been one review platform for this matter. In an effort to meet the October 6 deadline, Google requested that Conduent create a second review platform to accommodate the addition of several hundred contract reviewers that were retained to review the Review Population. In a document review of this size, having a second database helps to reduce, but does not completely eliminate, the latency issues that can result from having many reviewers working simultaneously in a single database and enables more frequent productions by allowing productions to run simultaneously from both databases.[2]

---

[2] Because productions are being made from two databases, the DOC LINK metadata field being provided for the documents in each production necessarily covers only the database from which that production is being made. Conduent expects to be able to provide Google with an overlay

19. Part of Google's attorney review involves applying redactions to partially privileged documents. Before a document can be redacted, Conduent must create TIFF[3] images for that document. TIFF images are also required for production of any documents not being produced solely in native format.

20. Creating TIFF images requires machine time, and the machine time can vary depending on the native size of the documents in the population. Conduent has been directed to image all potentially responsive documents. Because of the large size of this population, and the fact that the population constantly changes due to the active review, Conduent has set up daily imaging sweeps that occur at least every four (4) hours.

**Post-Review Processing for Production**

21. Once outside counsel confirms that a set of documents is ready to be produced and sends production instructions to Conduent, Conduent implements the following processes in order to generate production files to Plaintiffs. More specifically, Conduent:

> a. Runs pre-production checks to ensure that metadata fields are complete and comply with ESI protocol specifications, and that any responsiveness, privilege, and confidentiality designation tagging applied by the reviewing attorneys matches the production population in the review platform.
>
> b. Brands Bates numbers, confidentiality designations, and redactions to the TIFF images and re-OCRs redacted documents.

---

containing complete DOC LINK metadata for both databases. Additionally, to speed processing time, Conduent at the direction of Google is not renaming native files with confidentiality designations, though it is continuing to make confidentiality designations for those files on slip sheets.

[3] A TIFF is a static image of the native document that is an industry standard production medium that allows for the branding of Bates number, confidentiality designations, and privilege or privacy redactions.

    c. Creates production deliverables by exporting production images, natives, text, and load files from the database, and prepares any additional overlays, reports, and Submission Indexes that are required per the ESI Protocol.

    d. Runs post-production checks to confirm compliance with production specifications provided through the ESI Protocol and outside counsel.

    e. Creates encrypted .zip files for the production deliverable for transfer to Plaintiffs.

22. The amount of time required to prepare a production deliverable so that it can be provided to other parties in a litigation, among other factors, is dependent on the number of pages in the production (as opposed to the number of documents in the production) and the complexity of the production specifications for this matter. To account for all required tasks, utilizing both human resources and machine time that accommodate relevant production best practices which are often limited by things such as sort ordering, Bates sequencing, and other tasks that must be performed in a linear fashion, in general, Conduent requires the following time windows to provide a production adhering to the production specifications for this matter:

    a. Up to 36 to 60 hours to prepare a production deliverable with 10,000 to 999,999 pages.

    b. Up to 72 to 96 hours to prepare a production deliverable with 1,000,000 pages.

    c. Beyond 1,000,000 pages, each additional 300,000 to 500,000 pages adds at least 24 additional hours.

23. Conduent has already devoted all available human and machine resources to speeding up Google's document productions in this matter.

24. Once production deliverables are ready, Conduent must also prepare separate encrypted .zip files, per sizing requirements outlined by the DOJ, and upload them to the DOJ's JEFS platform and upload encrypted .zip files to a SFTP (Secure File Transfer Protocol standard) for production to State Plaintiffs.

25. Since September 8, 2023, Conduent has prepared productions for Google totaling over 1,300,000 documents, comprising over 9,000,000 pages and approximately 1,150 GB uncompressed (618 GB compressed).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 29 day of September, 2023, in Boonton, New Jersey.

/s/ Salvatore Mancuso
Salvatore Mancuso