IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GOOGLE LLC, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 1:23cv0108 (LMB/JFA) |

### ORDER

This matter is before the court on defendant's motion to seal four deposition transcripts attached as exhibits to defendant's motion for *in camera* review. (Docket no. 308). Defendant filed this motion to seal indicating that plaintiffs had designated those transcripts as privileged, confidential, or highly confidential under the terms of the protective order in this case. (Docket no. 309). In accordance with Local Civil Rule 5, the United States filed a response to this motion. (Docket no. 347). Given that the documents involved in this motion to seal are deposition transcripts of significant length and taking into consideration the process the parties have agreed to in the protective order for reviewing deposition transcripts for designation as containing confidential information, the United States requested that the court defer ruling on this motion to seal until the United States had the opportunity to carefully review the transcripts "to make a narrowly tailored determination as to whether any of the contents of the transcripts should remain under seal." (Docket no. 347 at 2). The court found the request to be reasonable and allowed the United States until September 29, 2023, to file a supplemental response to this motion to seal that attaches those portions of the deposition transcripts that the United States believes may be filed in the public record, along with a detailed justification for any material that

1

has been redacted from those transcripts that have been filed in the public record. On September 29, 2023, the United States filed its supplemental response requesting that exhibits 1 and 2 remain under seal and that redacted portions of exhibits 3 and 4 remain under seal. (Docket no. 466).

Exhibit 1 is a "rough" transcript of the deposition of Christopher Karpenko with the United States Postal Service. Exhibit 2 is a "rough" transcript of the deposition of Allen Owens with the United States Navy. Exhibit 3 is a portion of the "official" transcript of the Karpenko deposition that includes the material defendant relied upon in its motion. Exhibit 4 is a portion of the "official" transcript of the Owens deposition that includes the material defendant relied upon in its motion. The United States requests that the complete, rough transcripts in exhibits 1 and 2 remain under seal since they are "unedited, uncertified, and possibly inaccurate" and because the relevant portions of those transcripts are also included in exhibits 3 and 4. Given that the relevant portions of those transcripts are included in exhibits 3 and 4, the courts finds that having the hundreds of pages of "rough" transcripts in exhibits 1 and 2 that do not relate to the issues before the court in this motion in the public record is not necessary. Those exhibits may remain under seal under further order of the court.

The United States has filed in the public record exhibits 3 and 4 with limited redactions. (Docket nos. 466-1, 466-2). The court has reviewed the redactions on pages 69–72, 74, 77, 80, 83, and 113–15 of the Karpenko transcript contained in exhibit 3 and finds that the redacted testimony involves information that the United States inadvertently produced in its document productions and was clawed back in accordance with the protective order as containing privileged and protected information. The court has also reviewed the redactions on pages 252, 255, and 260 of the Owens transcript contained in exhibit 4 and finds that the redacted testimony

involves information that the United States inadvertently produced in its document productions and was clawed back in accordance with the protective order as containing privileged and protected information. For these reasons, it is hereby

ORDERED that the motion to seal is granted in part and denied in part. The exhibits filed by defendant will remain under seal until further order of court. Exhibits 1 and 2 shall remain seal along with the redacted portions of exhibits 3 and 4. The unredacted portions of exhibits 3 and 4 have been filed in the public record and no further action is required by the parties.

Entered this 4th day of October, 2023.

/s/ *JFA*
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia