# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>GOOGLE LLC,<br><br>*Defendant*. | No. 1:23-cv-00108-LMB-JFA |

### DECLARATION OF ELIZABETH G. MCCABE IN SUPPORT OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP'S OPPOSITION TO NON-PARTIES YELP INC.'S AND <u>NEWS/MEDIA ALLIANCE'S MOTION TO DISQUALIFY PAUL, WEISS</u>

I, Elizabeth G. McCabe, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am the Deputy General Counsel of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss" or the "Firm"). This declaration is based on my personal knowledge, my review of Paul, Weiss's records generated, maintained, and relied on in the ordinary course of its business, and information provided to me by other lawyers at Paul, Weiss.

2. The Firm represented Yelp, Inc. ("Yelp") from August 2016 to September 2020.

3. The Firm represented News/Media Alliance ("NMA") from February 2017 to September 2020.

1

4. Jonathan Kanter, who was a partner at Paul, Weiss from August 2016 to September 2020, signed the Firm's engagement letters with Yelp and NMA.

5. Both engagement letters contain the following section regarding termination of an engagement:

> **Termination** — . . . Upon completion of the matter to which this engagement letter applies, . . . our attorney-client relationship will end unless we agree to continue the representation on other matters. We shall have no continuing obligation to advise you on any matter unless we otherwise agree in writing.

6. Jonathan Kanter and Brandon Kressin, who was an associate at Paul, Weiss from September 2016 to September 2020, left Paul, Weiss in September 2020 to start a boutique antitrust firm, The Kanter Law Group.

7. When Jonathan Kanter left private practice and joined the Department of Justice in the fall of 2021, Brandon Kressin continued practicing as The Kressin Law Group.

8. In July 2023, Mark Meador, who was an associate at Paul, Weiss from August 2016 to July 2019, joined Brandon Kressin's firm, now known as Kressin Meador LLC.

9. Brandon Kressin of Kressin Meador LLC represents Yelp and NMA in bringing this motion to disqualify Paul, Weiss.

10. When they were at Paul, Weiss, Jonathan Kanter, Brandon Kressin, and Mark Meador performed the overwhelming majority of work for Yelp and NMA.

11. Jonathan Kanter's representation of Yelp and NMA centered on various antitrust matters, some of them related to Google and others not related to Google.

12. While at Paul, Weiss, Jonathan Kanter, Brandon Kressin, and Mark Meador together accounted for 715.5 out of 759.3, or 94%, of the lawyer hours billed to Yelp.

13. While at Paul, Weiss, Jonathan Kanter, Brandon Kressin, and Mark Meador accounted for 731.9 out of 873.9, or 84%, of the lawyer hours billed to NMA.

14. The last date on which Paul, Weiss performed work for NMA was September 9, 2020.

15. The last date on which Paul, Weiss performed work for Yelp, which involved transferring matter files to Jonathan Kanter and Brandon Kressin at their new firm, was September 23, 2020. The last date on which Paul, Weiss performed substantive work for Yelp was on September 10, 2020.

16. No one at Paul, Weiss has done any work for Yelp or NMA since Jonathan Kanter and Brandon Kressin left in September 2020.

17. In addition to Jonathan Kanter, Brandon Kressin, and Mark Meador, several other lawyers who billed time to Yelp and NMA while at Paul, Weiss have since left the Firm.

18. I have confirmed, through a review of time records and communications with the relevant lawyers, that none of the lawyers who billed time to Yelp or NMA and who are still at the Firm did work for Yelp or NMA substantially related to Google's digital display advertising technology ("Ad Tech"), and none of them was aware of the full scope of work that Jonathan Kanter, Brandon Kressin, or Mark Meador performed for Yelp or NMA while at Paul, Weiss.

19. I have confirmed, through consultation with the Firm's Electronic Information Governance Department, that none of the lawyers who billed time to the Firm's representation of Google in this Action has accessed any Yelp or NMA documents stored on Paul, Weiss's document management system.

3

20. No lawyer who has billed time to the Firm's representation of Google in this Action can access any Yelp or NMA documents stored on Paul, Weiss's document management system because Paul, Weiss has established screens to prevent such access.

21. With one exception, no lawyer at the Firm who billed time to Yelp or NMA has also billed time to representing Google in this Action.

22. The one exception is a lawyer who billed 36 hours to Yelp over three weeks in February and March 2020. This work related solely to a white paper ("Yelp White Paper") that Mr. Kanter transmitted on April 14, 2020, "on behalf of Yelp," to several members of the United States Department of Justice Antitrust Division, copying Mr. Kressin and a Yelp lawyer. The Yelp White Paper concerned Google's search engine business and was titled, "Google's Vertical Search Abuses[:] How Google's conduct in local search and other search verticals violates the U.S. antitrust laws." The Yelp White Paper addressed only Google's "search engine, Google Search." I understand that the Yelp White Paper and April 14, 2020 transmittal email were produced by the Department of Justice in this Action with Bates Numbers DOJ-ADS-B-0000001486 and DOJ-ADS-B-0000001487. This lawyer's work on the Yelp White Paper did not involve fact investigation and was limited to answering legal questions and developing legal arguments. This lawyer's work for Yelp did not concern Google's Ad Tech business, which I understand to be the subject of this Action.

23. I have confirmed, through communications with the relevant lawyers, that none of the other lawyers who have billed time to representing Google in this Action recall ever receiving any confidential information from Jonathan Kanter, Brandon Kressin, or

anyone else concerning Yelp or NMA, at any meeting of the Firm's antitrust practice group or in any other context.

24. I have confirmed, through communications with the relevant lawyers, that none of the lawyers who have billed time to representing Google in this Action recall ever receiving any confidential information of Yelp or NMA concerning Google's Ad Tech business.

25. After searching the Firm's records, including but not limited to meeting agendas, I have found no indication that Jonathan Kanter or Brandon Kressin or anyone else ever presented on Yelp or NMA at any antitrust practice group meeting.

26. In this Action, Paul, Weiss has represented Google with the utmost vigor—devoting over 10,000 hours to Google's defense—and Paul, Weiss will continue to do so.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of October, 2023.

_____
Elizabeth G. McCabe