# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GOOGLE LLC, <br><br> *Defendant*. | No. 1:23-cv-00108-LMB-JFA |

**DECLARATION OF LARA KOLLIOS IN SUPPORT OF
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP'S
OPPOSITION TO NON-PARTIES YELP INC.'S AND
NEWS/MEDIA ALLIANCE'S MOTION TO DISQUALIFY PAUL, WEISS**

I, Lara Kollios, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Director, in the Regulatory Response, Investigations & Strategy team at Google LLC, and I am responsible for overseeing Google's response and defense to regulatory investigations and related litigations, including the above-captioned matter. Part of my duties and responsibilities involves retaining and overseeing Google's outside counsel defending Google in connection with these matters. I base this declaration on personal knowledge:

**DOJ's Investigation**

2. In October 2019, the United States Department of Justice ("DOJ") issued a broad Civil Investigative Demand ("CID") to Google, covering multiple topics and Google product areas—not just Google's digital display advertising technology ("Ad Tech")

1

business at issue in this case. Google produced documents in response to the CID. I understand that third parties also produced documents to the DOJ.

3.  While the DOJ's investigation covered many topics, the resulting litigation brought by DOJ was focused on Search and Search Ads. *United States, et al. v. Google LLC*, No. 1:20-cv-03010 (APM) (D.D.C.). Following the commencement of that lawsuit, DOJ issued a second CID to Google that was specifically focused on Ad Tech–the subject-matter of the instant case. *United States, et al. v. Google LLC*, No. 1:23-cv-00108-LMB-JFA.

**DOJ and State Attorneys General Commence Search and Search Ads Litigation**

4.  On October 20, 2020, DOJ, and the Attorneys General of eleven states, filed a complaint against Google in the U.S. District Court for the District of Columbia, alleging that Google unlawfully maintained monopolies in general search services and search advertising by entering into a series of exclusionary agreements that forbid preinstallation of any competing search service and required Google to be set as the default search engine on mobile devices and computers (hereinafter, the "Search Litigation"). Thereafter, the Attorneys General of thirty-eight states and territories, led by the State of Colorado, filed a separate complaint alleging some of the same search markets but a broader range of anticompetitive conduct. Judge Amit Mehta, presiding over both actions, consolidated the two cases. In the Search Litigation, Google is represented by Williams & Connolly LLP, Ropes & Gray LLP, and Wilson Sonsini Goodrich & Rosati ("Wilson Sonsini").

**Texas Attorney General and Private Plaintiffs Commence Ad Tech Litigation Against Google**

5. Since 2020, over thirty cases have been filed against Google relating to its Ad Tech business, brought by State Attorneys General, private plaintiffs, and putative classes. Plaintiffs in these cases seek expansive relief, including damages as well as equitable relief. These cases were centralized into multi-district litigation in August 2021.

    a. Lawyers from the Freshfields Bruckhaus Deringer US LLP ("Freshfields"), Axinn, Veltrop & Harkrider LLP ("Axinn"), and Wilson Sonsini firms have entered appearances on behalf of Google in the MDL.

    b. The firms have been actively litigating in the MDL, where fact discovery is currently ongoing and not set to conclude until June 28, 2024. Google's counsel in the MDL has been consistently engaging with MDL Plaintiffs on multiple discovery issues, including active negotiations of search terms and custodians and document productions. Despite the joint coordination order entered in this case and the MDL, MDL Plaintiffs have only noticed or cross-noticed four depositions, leaving MDL Plaintiffs with an additional eleven depositions that will likely occur concurrently with major deadlines in this case, including expert discovery, summary judgment, and/or trial. In addition to discovery matters, Google's MDL counsel has drafted and filed nine motions to dismiss Plaintiffs' various complaints this year alone—two of which were filed on September 8, 2023.

**United States and Seventeen States Bring Ad Tech Litigation Against Google in the U.S. District Court for the Eastern District of Virginia**

6. On January 24, 2023, the United States and eight states commenced this action. On April 17, 2023, Plaintiffs amended their complaint, adding an additional nine states as Plaintiffs. Plaintiffs' Amended Complaint seeks damages on behalf of Federal

3

Agency Advertisers ("FAAs") as well as equitable relief including divestiture of aspects of Google's digital advertising business.

7. After the DOJ filed its Complaint in this Court, the Freshfields and Axinn law firms also entered appearances as counsel for Google in this action. The same lawyers at the Freshfields and Axinn firms who entered appearances on behalf of Google in this action are also representing Google in the MDL and the Texas Attorney General's case. Freshfields are also coordinating globally matters concerning ad tech, including regulatory investigations and multiple private litigations.

8. On March 24, 2023, the Court entered a scheduling order setting September 8, 2023 as the deadline for the completion of fact discovery, January 12, 2023 as the deadline for expert discovery, and January 18, 2024 as the pretrial conference.

9. On March 27, 2023, Google filed a motion to dismiss Plaintiffs' complaint, which the Court denied on April 28, 2023.

**Google Retains Paul, Weiss**

10. Google took seriously the Court's admonition that the parties needed to have "their running shoes on," Mar. 10, 2023 Hr'g Tr. 26:18-19, and assessed the resources it would require to meet the expedited schedule set by the Court. The existing litigation team's work already included significant work on the other pending cases, including the Freshfields team's focus on document production across multiple cases on a compressed schedule, and management of the Texas Attorney General's suit and the more than 30 U.S. private suits. Google decided to engage an additional firm with exemplary trial experience, including antitrust jury trial experience, to focus on the case in the Eastern District of Virginia.

11. Google retained the law firm Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss") to work solely on this case and, as lead counsel, develop Google's affirmative case and trial strategy, with primary responsibility for trying the case. On May 6, 2023, ten Paul, Weiss attorneys appeared in this case on behalf of Google.

12. An important factor in Google's decision to hire the Paul, Weiss team was the team's unparalleled antitrust trial experience, experience in the Eastern District of Virginia, and experience working with Google—experience that would be extremely difficult, if not impossible, for Google to replicate in the timeframe set for this case. The team is particularly well-equipped to try antitrust cases involving complex technology to juries, and therefore, to try this specific case. I understood that among its pertinent experience, members of the Paul, Weiss team have tried significant antitrust cases, including antitrust jury trials, and have tried cases in the Eastern District of Virginia. For example, the Paul, Weiss team is led by a former Assistant United States Attorney from the Eastern District of Virginia with significant trial experience in the district. Furthermore, the Paul, Weiss team has a strong relationship with the company; given prior representations, the team knows the company's people, processes, technology, and systems.

13. Since entering their appearances in this case months ago, Paul, Weiss attorneys have worked closely with members of Google's in-house legal team to advise Google on case development, trial preparation and overall strategy. Paul, Weiss lawyers have become immersed in the case, spending considerable energy getting up to speed on complex products and how they have evolved over the decade that DOJ has put at issue, notwithstanding the fact that they have refrained from handling the discovery and

depositions of certain third-parties. They have otherwise participated in all facets of the case, taking the lead in multiple key areas. Paul, Weiss attorneys and personnel have, thus far, devoted substantial time and resources to Google's defense. Paul, Weiss has conducted all of the discovery of the eight Federal Agency Advertisers ("FAAs"), taking all of their depositions (both witnesses in their individual capacity and corporate designees) and moving to compel disclosure of further information multiple times. Paul, Weiss has also taken the corporate deposition of the United States and depositions of multiple key third parties. In addition, Paul, Weiss has taken the lead on multiple defensive discovery issues, including those relating to source code and finance-related topics, and is defending several Google witnesses at deposition, both in their individual and corporate designee capacities. And Paul, Weiss has led in developing Google's defensive strategy assuming this case is tried to a jury.

14. Given the role that Paul, Weiss has played to date and the case's complexity, it would be nearly impossible for Google to find replacement counsel with the trial expertise, experience, and knowledge that the current Paul, Weiss team has, particularly at this late stage of this fast-moving litigation, when the parties are completing depositions and are engaged in intensive expert work in preparation for motions for summary judgment and, ultimately, trial.

15. The Freshfields and Axinn firms cannot reasonably fill the role that Paul, Weiss is serving in this matter due to Paul, Weiss' unique role and Freshfields' and Axinn's active defense of Google in the numerous other pending Ad Tech matters. Since the engagement of Paul, Weiss, the roles of Freshfields and Axinn have only expanded in those other matters: Freshfields and Axinn are assisting Google in connection with the European

Commission ("EC") proceeding against Google, commenced in June; and with the MDL Panel's remand of the Texas Attorney General's suit to the Eastern District of Texas, Freshfields and Axinn will now be representing Google in complex litigation in a third district court, increasing the responsibilities of these counsel. Disqualifying Paul, Weiss—Google's lead trial counsel dedicated to this case only—would prejudice Google's ability to present a vigorous defense and would put Google at a significant disadvantage.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 6th day of October, 2023.

_____
Lara Kollios