# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| *United States of America, et al.* | ) | |
| Plaintiffs | ) | |
| | ) | Civil Action No. 1:23-cv-00108 |
| v. | ) | |
| | ) | |
| *Google LLC* | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |

**NON-PARTY NEWS/MEDIA ALLIANCE'S OBJECTIONS TO SUBPOENA TO
PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT
INSPECTION OF PREMISES IN A CIVIL ACTION**

TO:  Google LLC, by and through its attorney, Jeanette Bayoumi, Freshfields
Bruckhaus Deringer LLP.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party News/Media Alliance. ("Respondent" or "NMA") states its objections to Defendant's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") as follows:[1]

First, this Subpoena is untimely and unreasonably burdensome. Google is just now issuing this subpoena over four months after the start of discovery in this case with little over a month until fact discovery closes.

Second, this Subpoena specifically targets material that is highly likely to implicate the attorney-client privilege and/or other privileges. The Subpoena seeks information about Respondent's interactions with its current and prior counsel. Even if such requested information were relevant

---

[1] Respondent understands through meet and confers with counsel for Google that Google is willing to potentially withdraw Requests 1, 3, 4, 5, and 6, but Respondent has not received a new subpoena that excludes these Requests. Therefore, Respondent states objections to Requests 1, 3, 4, 5, and 6 so as not to waive any objections to this Request.

1

to this case, which it is not, the process of identifying all responsive materials and subjecting those materials to a thorough privilege review would likely take months of time and considerable expense. Google has given Respondent only 14 days to respond, and even if the deadline is extended, fact discovery in this case closes in less than a month. There is simply not enough time for Respondent to comply with this Subpoena while protecting its privileged communications from disclosure because responding would require Respondent to collect and review several thousand communications and other documents for responsiveness, relevance, and privilege. Google's Subpoena seeks information "concerning Google," one of the world's largest tech companies and the subject of numerous lawsuits and government investigations, many of which have no relation to the facts, claims, or defenses at issue in this case. Most of the information in Respondent's possession that "concern[s] Google" is therefore likely to be entirely irrelevant. Respondent is not willing to identify, collect, and review any communications it possesses "concerning Google" because that substantial undertaking would not be proportional to the needs of this case.

Third, the Subpoena requests information that is protected from compelled disclosure by the First Amendment Privilege. *See Blankenship v. Fox News Network*, LLC, 2020 WL 5308515, at *3–4 (S.D.W. Va. Sept. 4, 2020). Respondent objects to producing information "where compelled disclosure would likely chill [Respondent's] associational rights." *Pulte Home Corp. v. Montgomery Cnty. Maryland*, 2017 WL 1104670, at *3 (D. Md. Mar. 24, 2017) (citing *Grandbouche v. Clancy*, 825 F.2d 1463, 1466 (10th Cir. 1987)).

Fourth, even if the information sought by this Subpoena was not protected by privilege, it is all irrelevant to the claims and defenses in this case. Based on the Plaintiffs' complaint, this case is about Google's conduct with respect to Ad Tech products. Whether Respondent's counsel had communications with third parties "concerning Google" (a subject so broad as to cover topics having nothing to do with Ad Tech) has nothing to do with whether the facts alleged in the Plaintiffs' complaint are true. Nor are Respondent's communications (if any) with Mr. Kanter or information related to Mr. Kanter's representation of Respondent while he was in private practice. The fact that the requests in the Subpoena are both irrelevant and targeted at privileged communications suggests that the purpose of this Subpoena is not to discover evidence that might be used at trial, but rather to harass and intimidate Respondent.

Fifth, much of the information the Subpoena seeks, to the extent it exists, would be in the possession of the Plaintiffs in this case (e.g., communications with DOJ employees). If Google wishes to obtain such information, it should request it from the Plaintiffs, not a non-party. This is especially true since, based on the nature of the requests in the Subpoena, it appears that Google is seeking to bolster its theory that this case is the result of some unfair bias against Google on the part of the DOJ. If anyone should be subject to the burden of responding to such untimely requests, it is the other parties to this case, not Respondent.

Respondent sets out below its General Objections to the Subpoena as well as its Specific

Objections to each of the Requests in the Subpoena:

**GENERAL OBJECTIONS**

1. Respondent objects to this Subpoena on the grounds that the production deadline set forth in the Subpoena is insufficient because it does not allow a reasonable time for the identification, collection, review, and production of responsive, non-privileged materials, which, assuming any exist, will require substantial time and effort to produce. The subpoena was served on August 8, 2023 and the date for compliance is August 22, 2023. The subpoena includes several "all documents" requests. Identifying potentially responsive documents, having them reviewed for responsiveness and privilege, and then preparing them for production would take at least several weeks, and Respondent would incur substantial costs to conduct the review. Accordingly, the deadline set forth in the Subpoena places an undue burden on Respondent, a non-party to this case. The burden is made more unreasonable by the fact that much of the information sought by the Subpoena is clearly protected by the attorney-client privilege or other privileges. Therefore, much of Respondent's efforts and costs would be expended confirming that Respondent does not possess responsive material that is not privileged.

2. Respondent objects to the Subpoena to the extent that it seeks information that is protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the First Amendment privilege, or any other privilege. Many of the Subpoena's requests seek information that Google is well aware is protected from disclosure by one or more of these privileges or doctrines. Should any disclosure of privileged material by Respondent occur, it will be inadvertent and shall not constitute a waiver of any privilege.

3. Respondent objects to the Subpoena, the definitions in the Subpoena, and any implied or express instruction or direction in the Subpoena that imposes or seeks to impose burdens greater than those imposed by the Federal Rules of Civil Procedure.

4. Respondent objects to the Subpoena to the extent it seeks information and materials over an unreasonably long time period. The Subpoena requests documents created by Respondent since January 1, 2017, i.e., more than seven years' worth of documents. On top of that, responding to the Subpoena would require Respondent to review "[a]ll communications" that Respondent had with its counsel "concerning Google" over a four-year period, which is likely to encompass thousands of documents, most of which would be completely irrelevant to the matters at issue in this case.

5. Respondent objects to the Subpoena to the extent that information sought by the Subpoena could readily be obtained from parties to this litigation. Respondent, as a

3

    non-party, believes that Defendant can and should seek much of the information sought by this Subpoena from the Plaintiffs in this case.

6. Respondent objects to the Subpoena to the extent it may not reasonably be expected to yield information relevant to the allegations of the complaint, to the proposed relief, or to the defenses of any party to the underlying matter.

7. Respondent objects to the Subpoena to the extent it seeks disclosure of proprietary and/or confidential business information of Respondent. To the extent the Subpoena does seek such information, Respondent will respond only pursuant to the Protective Order that has been issued in this case.

8. Respondent objects to the Subpoena to the extent it is unduly burdensome, impermissibly vague or ambiguous, or requires unreasonable efforts or expense on the part of Respondent.

Respondent's responses to this Subpoena are given without prejudice to Respondent's right to produce evidence of any subsequently discovered facts. The failure of Respondent to object to any production request on a particular ground may not be construed as a waiver of Respondent's right to object on any additional ground(s).

## SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Communications that You have had with a third party concerning Google, between January 1, 2019 and the present, where any of (i) Jonathan Kanter, (ii) Brandon Kressin, (iii) Susan Athey, (iv) any employee or agent of the Kanter Law Group, or (v) any employee or agent of the Kressin Law Group or Kressin Meador, is a sender or recipient (including as a "cc", "bcc", or "copied" recipient).

**OBJECTION & RESPONSE:**

Respondent objects to this Request on the grounds that it seeks information that is not relevant to any party's claims or defenses in this case. Respondent is a non-party, and its confidential communications with legal counsel, even when such communications involve third parties, have no relevance to this case. This is especially so because this Request is not limited to information relating to this case, but rather anything "concerning Google," and therefore would encompass information that has no bearing on the claims or defenses in this case at all. For example, communications "concerning Google" might include irrelevant communications related to:

(1)    other lawsuits previously filed against Google regarding conduct that is unrelated to the claims or defenses in this case;

(2)  potential lawsuits, claims, or investigations Google could face in the future regarding conduct that is unrelated to the claims or defenses in this case;

(3)  Congressional oversight of Google's conduct that is unrelated to the claims or defenses in this case; or

(4)  legal advice regarding anticompetitive harm resulting from conduct by Google unrelated to the claims or defenses in this case.

None of these communications would be relevant to the claims and defenses in this litigation, which concern whether Google illegally monopolized various Ad Tech product markets.

Moreover, this Request is specifically targeted at communications that are certain to implicate the attorney-client privilege. As written, the Request encompasses communications in which everyone involved is a lawyer. In any event, that a communication may have involved a "third party" does not mean that it is not protected from disclosure by the attorney-client privilege or another privilege. For example, communications made in a joint-defense or common-interest context would be protected by the attorney-client privilege. Attorney-client privilege would also attach to communications with an economist or other consultant aiding counsel in providing legal advice to Respondent. Communications involving counsel and third parties may also be protected under the First Amendment privilege, which protects against disclosures that would chill associational rights.

Respondent further objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of potentially responsive, non-privileged documents. It is unreasonable and unduly burdensome to demand that Respondent collect and search communications with its own counsel to determine whether any such communication includes a "third party" and "concerns Google," a descriptor so broad that it would likely include thousands of documents, the majority of which would be irrelevant to the case at hand. Given the virtual certainty of privilege concerns, to comply with this request Respondent would have to:

    (1) Use search terms to identify all communications with Mr. Kanter, Mr. Kressin, and any employees or agents of Kanter Law Group, Kressin Law Group, or Kressin Meador LLC;

    (2) For each of those communications, manually review to determine whether any "third party" was involved as a sender or recipient;

    (3) Manually review to determine whether those communications "concern[] Google"; and

    (4) Manually review to determine whether those communications are protected from disclosure by a good-faith invocation of an applicable privilege.

There is simply not time for Respondent to engage in this burdensome and costly review process, which could entail collecting and reviewing thousands of irrelevant, privileged documents, in the short time remaining in discovery, and requiring Respondent to do so would impose an unreasonable and undue burden.

Respondent further objects that this Request seeks information over an unreasonably long time period, which would increase the already unreasonable burden on Respondent. This Request would require Respondent to identify and collect all of the communications it has had with its counsel for the last four years, which likely number in the thousands of documents.

**REQUEST FOR PRODUCTION NO. 2:**

All Communications that You have had with Jonathan Kanter concerning Google since Jonathan Kanter was nominated as Assistant Attorney General for the Antitrust Division of the U.S. Department of Justice (DOJ) on July 20, 2021, including any such Communications made through other DOJ employees.

**OBJECTION & RESPONSE:**

Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of potentially responsive documents. It is unreasonable and unduly burdensome to demand that Respondent, a non-party to this case, collect and search all of its communications with Jonathan Kanter and any "other DOJ employees" to determine whether any such communications "concern[] Google," a descriptor so broad that it is a certainty that most if not all of any material captured by such a request would be irrelevant to the case at hand.

Respondent further objects to the extent this Request is overbroad and unduly burdensome in scope because it requires Respondent to search its files for "[a]ll Communications" relating to "Google," which could encompass a wide variety of information that is entirely irrelevant to this case. Such a request is disproportional to the needs of the case as it could require Respondent, a non-party to this litigation, to review a large number of documents.

Respondent further objects to this Request to the extent it seeks information or documents that could be obtained from the Plaintiffs in this case. Any communications Respondent has had with DOJ employees, including Mr. Kanter, would in the possession of the Plaintiffs in this case. Google should seek this information from the Plaintiffs before attempting to impose a burden on a non-party.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents You relied on in preparing Your white paper titled "How Google Abuses Its Position as a Market Dominant Platform", including both the June 2020 and September 2022 versions.

**OBJECTION & RESPONSE:**

Respondent objects to this Request on the grounds that it seeks information that is not relevant to any party's claims or defenses in this case. Respondent is a non-party, and documents it relied on to formulate a publicly available White Paper have no relevance to this case. Furthermore, the Request seeks information that is publicly available, as the White Paper contains citations to documents that support its content.

Respondent further objects to this Request to the extent that it seeks information that is covered by the attorney-client privilege, the work-product doctrine, the joint-defense privilege, the common-interest privilege, the First Amendment privilege, or any other privilege. Information relating to the subject matter of the legal work that Respondent's counsel provided is not only irrelevant to this case, but also likely to reflect information subject to and protected by privilege. Respondent further objects to the extent this Request seeks documents that are not in Respondent's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4:**

All Communications You had with Your membership concerning the preparation or publication of Your white paper titled "How Google Abuses Its Position as a Market Dominant Platform", including both the June 2020 and September 2022 versions.

**OBJECTION & RESPONSE:**

Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of potentially responsive documents. It is unreasonable and unduly burdensome to demand that Respondent, a non-party to this case, collect and search all of its communications with its membership to determine if any of those communications are "concerning" the White Paper. Searching for these documents would be costly and time consuming, and would require Respondent to perform a detailed privilege review to determine which of the communications are subject to Attorney-Client or First Amendment privilege claims.

Respondent further objects to this Request to the extent that it seeks information that is covered by the attorney-client privilege, the work-product doctrine, the joint-defense privilege, the common-interest privilege, the First Amendment privilege, or any other privilege. Information relating to the subject matter of legal work that Respondent's counsel provided is not only irrelevant to this

case, but also likely to reflect information subject to and protected by privilege. Respondent further objects to the extent this Request seeks documents that are protected from compelled disclosure by the First Amendment privilege. Respondent is an organization involved in public advocacy, including petitioning state and federal government actors to enact policy that benefit Respondent's members and consumers. Requiring Respondent to produce the internal communications it had with its members regarding its public advocacy would "have a deterrent effect on the exercise of [Respondent's] protected activities." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1162 (9th Cir. 2010). Respondent further objects to this Request on the grounds that it seeks information that is not relevant to any party's claims or defenses in this case. Respondent is a non-party, and its internal communications about potential public advocacy have no relevance to this case.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show Your membership as of (i) June 2020, (ii) September 2022, and (iii) August 2023.

**OBJECTION & RESPONSE:**

Respondent objects to the extent this Request seeks information that is protected from compelled disclosure by the First Amendment privilege. Respondent is an organization involved in public advocacy, including petitioning state and federal government actors to enact policies that benefit Respondent's members and consumers. Requiring Respondent to produce information about its members would "have a deterrent effect on the exercise of [Respondent's] protected activities." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1162 (9th Cir. 2010). Respondent further objects because the First Amendment privilege specifically protects organizations from, among other things, being compelled to disclose their membership, because doing so would "have a chilling effect upon the membership and associational activities of [the organization] and other [] groups." *Marfork Coal Co. v. Smith*, 274 F.R.D. 193, 205 (S.D.W. Va. 2011). Respondent further objects to this Request on the grounds that it seeks information that is not relevant to any party's claims or defenses in this case. Respondent is a non-party, and its membership has no relevance to this case.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show the amount of monetary contributions made to You by each of Your members, monthly, for each month between January 1, 2017 and August 2023.

**OBJECTION & RESPONSE:**

Respondent objects to the extent this Request seeks information that is protected from compelled disclosure by the First Amendment privilege. Respondent is an organization involved in public advocacy, including petitioning state and federal government actors to enact policies that benefit Respondent's members and consumers. Requiring Respondent to produce information about its

members' financial contributions would "have a deterrent effect on the exercise of [Respondent's] protected activities." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1162 (9th Cir. 2010). Respondent further objects because the First Amendment privilege specifically protects organizations from, among other things, being compelled to disclose their membership, because doing so would "have a chilling effect upon the membership and associational activities of [the organization] and other [] groups." *Marfork Coal Co. v. Smith*, 274 F.R.D. 193, 205 (S.D.W. Va. 2011). Respondent further objects to this Request on the grounds that it seeks information that is not relevant to any party's claims or defenses in this case. Respondent is a non-party, and its membership's financial contributions have no relevance to this case.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show involvement of Jonathan Kanter in the preparation or publication of Your white paper titled "How Google Abuses Its Position as a Market Dominant Platform", including either and/or both the June 2020 or September 2022 version.

**OBJECTION & RESPONSE:**

Mr. Kanter did not have any involvement in the preparation or publication of "How Google Abuses Its Position as a Market Dominant Platform to Strong-Arm News Publishers and Hurt Journalism."

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show (i) the time period(s) over which work was done by Jonathan Kanter on Your behalf concerning Google; (ii) engagement letters between You and Jonathan Kanter related to any work done by Jonathan Kanter on Your behalf concerning Google; and (iii) payments made to Jonathan Kanter, such as invoices, bills, or other pay statements to compensate Jonathan Kanter for work done on Your behalf concerning Google.

**OBJECTION & RESPONSE:**

Respondent objects to this Request on the grounds that it seeks information that is not relevant to any party's claims or defenses in this case. Respondent is a non-party, and its confidential engagement letters with and invoices from its legal counsel have no relevance to this case. This is especially so because this Request is not limited to information relating to this case, but rather anything "concerning Google," a broad descriptor which, as stated above and incorporated herein, likely encompasses information that has no bearing on the claims or defenses in this case at all.

Respondent further objects to this Request to the extent that it seeks information that is covered by the attorney-client privilege, the work-product doctrine, the joint-defense privilege, the common-interest privilege, the First Amendment privilege, or any other privilege. Information relating to the subject matter of the legal work that Respondent's counsel may have provided is not only irrelevant to this case, but also likely to reflect information subject to and protected by privilege.

9

The burden of reviewing for privilege any materials that might potentially be responsive to this Request far outweighs Google's purported need to obtain this irrelevant information.

Respondent further objects to this Request to the extent it seeks information or documents that could be obtained from the Plaintiffs in this case. Any engagement letters with or invoices paid to Mr. Kanter are in the possession of the Plaintiffs in this case. Google should seek this information from the Plaintiffs before attempting to impose a burden on a non-party.

### REQUEST FOR PRODUCTION NO. 9:

Documents sufficient to show (i) the time period(s) over which work was done by Susan Athey on Your behalf concerning Google; (ii) engagement letters between You and Susan Athey related to any work done by Susan Athey on Your behalf concerning Google; and (iii) payments made to Susan Athey, such as invoices, bills, or other pay statements to compensate Susan Athey for work done on Your behalf concerning Google.

**OBJECTION & RESPONSE:**

Respondent has not engaged Dr. Athey concerning Google. Even if Dr. Athey had been engaged, however, Respondent would object to this Request on the grounds that it seeks information that is not relevant to any party's claims or defenses in this case. Respondent is a non-party, and its confidential engagement letters with and invoices from outside consultants (including those engaged to aid legal counsel) have absolutely no relevance to this case. This is especially so because this Request is not limited to information relating to this case, but rather anything "concerning Google," a broad descriptor which, as stated above and incorporated herein, likely encompasses information that has no bearing on the claims or defenses in this case at all.

Respondent further objects to this Request to the extent that it seeks information that is covered by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common-interest privilege, the First Amendment privilege, or and other privilege. Information relating to the subject matter of the work that may have been done by outside consultants in connection with legal work done by Respondent's counsel is not only irrelevant to this case, but also likely to reflect information subject to and protected by privilege. The burden of reviewing for privilege any materials that might potentially be responsive to this Request far outweighs Google's purported need to obtain this irrelevant information.

*   *   *   *   *

Dated: August 22, 2023

Respectfully submitted,

By: _____
Brandon Kressin
Kressin Meador LLC
Attorney for Respondent
10650 Roe, Unit 137 Overland Park, KS 66207

11