# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

|  |  |  |
|---|---|---|
| *United States of America, et al.* | ) ) ) ) | Civil Action No. 1:23-cv-00108 |
| Plaintiff | ) |  |
| v. | ) |  |
| *Google LLC* | ) |  |
| Defendant | ) ) |  |

**NON-PARTY YELP INC.'S OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

TO:   Google LLC, by and through their attorney, Bradley Justus, Axinn, Veltrop & Harkrider LLP.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Yelp Inc. ("Respondent") states its objections to Defendant's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") as follows:

**GENERAL OBJECTIONS**

1. Respondent objects to this Subpoena on the grounds that the production deadline set forth in the Subpoena is insufficient and fails to allow reasonable time for the identification, collection, review, and production of responsive materials, which, assuming any exist, will require substantial time and effort to produce. The subpoena was served on May 31, 2023, and the date for compliance is June 14, 2023. The subpoena includes one "all documents" request, as well as several other extremely broad categories of document and data requests. Identifying potentially responsive documents, reviewing them, and then preparing them for production is likely to take several months and incur significant expense on behalf of Respondent. The subpoena also requests an enormous volume of information to be broken out in several different ways, which will require Respondent's data analysts to devote significant time and resources (in terms of computing and storage costs) to gather. Accordingly, the deadline set forth in the Subpoena places an undue burden on Respondent. Notwithstanding the foregoing, Respondent is willing to meet and confer on a reasonable

1

scope of the Subpoena that is not overly broad and unduly burdensome. Respondent will produce any responsive, non-privileged documents at a time and date to be agreed to by the parties subject to the meet and confer process.

2. Respondent objects to the Subpoena to the extent that it seeks information that may be protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege, common interest privilege or any other privilege. Should any such disclosure by Respondent occur, it is inadvertent and shall not constitute a waiver of any privilege.

3. Respondent objects to the Subpoena, the definitions in the Subpoena, and any implied or express instruction or direction in the Subpoena that imposes or seeks to impose burdens greater than those imposed by the Federal Rules of Civil Procedure.

4. Respondent objects to the Subpoena to the extent it seeks information and materials over an unreasonably long time period. The Subpoena requests documents created by Respondent since January 1, 2013, which is more than ten years' worth of documents. Respondent may not have maintained materials for that length of time during the ordinary course and searching for documents over that length of time is unduly burdensome. Respondent will produce responsive, non-privileged documents for a time period to be agreed to by the parties.

5. Respondent objects to the Subpoena to the extent it seeks information that is not both: (1) relevant to the allegations of the complaint, to the proposed relief, or to the defenses of any party to the underlying matter; and (2) proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

6. Respondent objects to the Subpoena to the extent it seeks disclosure of proprietary and/or confidential business information of Respondent. To the extent the Subpoena does seek such information, Respondent will respond only pursuant to the Modified Protective Order that has been issued in this case.

7. Respondent objects to the Subpoena to the extent that it purports to bind Respondent to an ESI Protocol that it did not negotiate and has not agreed to. Any production by Respondent of ESI will be made in a format convenient to Respondent and consistent with the Federal Rules, and Respondent is willing to discuss if it is unsatisfactory to Defendant.

8. Respondent objects to the Subpoena to the extent it is unduly burdensome, impermissibly vague or ambiguous, or requires unreasonable efforts or expense on the part of Respondent.

9. Respondent objects to the Subpoena to the extent that it requires Respondent to assemble or create data or information that Respondent does not track in the ordinary course of business.

10. Respondent reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to the Subpoena, unless Respondent specifically states otherwise.

11. Respondent objects to the Subpoena generally, and to the definition of "You" included in the Subpoena to the extent it requires production of documents in the possession, custody, or control of former directors, officers, employees, agents, partners, representatives, and attorneys of Respondent or its subsidiaries. Documents such persons might possess are not within the possession, custody, or control of Respondent.

Respondent's answers to this Subpoena are given without prejudice to Respondent's right to produce evidence of any subsequently discovered facts. The failure of Respondent to object to any production request on a particular ground may not be construed as a waiver of Respondent's right to object on any additional ground(s).

## SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

For each Publisher Ad Server that You operate or have operated, data sufficient to show, for each month since January 1, 2013, for all Display Advertising Impressions served by such Publisher Ad Server in which the resulting Impressions were shown to Users believed to be located in the United States (or where the Users' locations were ambiguous or unknown), the monthly (i) total Queries sent by such Publisher Ad Server; (ii) total Impressions served; (iii) total Attributed Clicks (or Clicks, if Attributed Clicks are not known) for such Impressions; (iv) total Buyer Payments made for such Impressions; (v) total payments made by You to Publishers for such Impressions; (vi) total Express Fees collected by Your Ad Server in connection with such Impressions; and (vii) total Fees collected by Your Ad Server in connection with such Impressions – all aggregated at a monthly level, separately for each unique combination of the following parameters:

    a. Publisher Ad Server that You operate or operated at any point since January 1, 2013;

    b. Publisher

    c. SSP or Ad Exchange to which You sent the Query that directly or indirectly generated the winning Bid (where applicable);

    d. Bidder (e.g. an Ad Buying Tool or Advertiser bidding directly onto such SSP/Ad Exchange) with the Winning Bid for each Impression (where applicable);

    e. Advertiser (if known)

    f. Transaction Type through which the Impressions were purchased;

    g. Format of the Impressions

    h. Environment on which the Impressions were displayed;

    i. Cost Type;

    j. whether the Impressions were displayed on social media;

    k. whether Header Bidding was used in connection with the Impressions; and

    l. The SSP or Ad Exchange that won, if the winning bid was achieved as the result of Header Bidding.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent also objects to the extent that the Request is overbroad and unduly burdensome in scope because it requires Respondent to search its files for documents and data related to over 12 separate topics, which encompasses a wide variety of information and could create an enormous search result. Such a request is disproportional to the needs of the case as it would require Respondent, a non-party to this litigation, to produce an extremely large amount of documents and data. Respondent objects to this Request to the extent it seeks disclosure of proprietary and/or confidential business information. Respondent objects to this Request as unduly burdensome to the extent it seeks information that Respondent does not track in the ordinary course of business. Respondent further objects that this Request seeks information that is not relevant to the matters at issue in this case and information over an unreasonably long time period. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope of this Request that is not overly broad and unduly burdensome, that does not seek information available from other parties, and that does not seek discovery that is disproportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 2:**
For each Advertiser, Publisher, Ad Buying Tool, and Ad Selling Tool referenced in Your response to the preceding specification(s), whether by an identifier or otherwise, documents sufficient to

identify such Advertiser, Publisher, Ad Buying Tool, and Ad Selling Tool.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent objects to the extent that the Request is overbroad and unduly burdensome in scope because it requests information referencing the previous Request requiring Respondent to search its files for documents and data related to over 12 separate topics, which encompasses a wide variety of information and could create an enormous search result. Such a request is disproportional to the needs of the case as it would require Respondent, a non-party to this litigation, to produce an extremely large number of documents and data. Respondent objects to this Request as unduly burdensome to the extent it seeks information that Respondent does not track in the ordinary course of business. Respondent objects to this Request to the extent it seeks disclosure of proprietary and/or confidential business information. Respondent further objects that this Request seeks information that is not relevant to the matters at issue in this case and information over an unreasonably long time period. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope of this Request that is not overly broad and unduly burdensome, that does not seek information available from other parties, and that does not seek discovery that is disproportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 3:**
Documents and data sufficient to show, on a monthly basis for each month since January 2013, and separately for each Ad Selling Tool involved in selling any of Your Inventory, (a) total Fees received by each Ad Selling Tool; and (b) total Net Revenue that You received. Data and documents produced in response to this Request shall be limited to information pertaining to transactions taking place in the United States. For any data and documents which You are unable to restrict by geography (for example, the geography is ambiguous or unknown), such data and documents shall be treated as responsive to this Request.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent objects to this Request as unduly burdensome to the extent it seeks information that Respondent does not track in the ordinary course of business. Respondent objects to this Request to the extent it seeks disclosure of proprietary and/or confidential business information. Respondent further objects that this Request seeks information that is not relevant to the matters at issue in this case and information over an unreasonably long time period. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope of this Request that is not overly broad and unduly burdensome, that does not seek information available from other parties, and that does not seek discovery that is disproportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 4:**
Documents sufficient to show the pricing, Features, and customer base of each of Your Ad Tech Products.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent objects to this Request as unduly burdensome to the extent it seeks information that Respondent does not track in the ordinary course of business Respondent objects to this Request to the extent it seeks disclosure of proprietary and/or confidential business information. Respondent further objects that this Request seeks information that is not relevant to the matters at issue in this case and information over an unreasonably long time period. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope of this Request that is not overly broad and unduly burdensome, that does not seek information available from other parties, and that does not seek discovery that is disproportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 5:**
Documents and data sufficient to show for all Display Advertising shown on Your Properties in the Relevant Period, the (i) total Bids received, (ii) total Impressions, (iii) total Clicks generated, and (iv) total Gross Revenue earned – all aggregated (at a monthly level for each month since January 1, 2013) separately for each unique combination of parameters set forth below:

  a. the Property on which the Impressions were displayed;

  b. the Advertiser for the Impressions;

  c. the Ad Buying Tool used to purchase the Impressions;

  d. the Cost Type that was specified for sale of the Impressions;

  e. the Format of the Impressions; and

  f. the Environment in which the Impressions were displayed.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent objects to the extent that the Request is overbroad and unduly burdensome in scope because it requests, "for all Display Advertising shown on [Respondent's] properties . . . , all aggregated . . . separately for each unique combination of" six different categories of information, all of which could create an enormous search result. Such a request is disproportional to the needs of the case as it would require Respondent, a non-party to this litigation, to conduct a search that would result in an extremely large number of documents. Respondent objects to this Request as unduly burdensome to the extent it seeks

information that Respondent does not track in the ordinary course of business. Respondent objects to this Request to the extent it seeks disclosure of proprietary and/or confidential business information. Respondent further objects that this Request seeks information that is not relevant to the matters at issue in this case and information over an unreasonably long time period. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope of this Request that is not overly broad and unduly burdensome, that does not seek information available from other parties, and that does not seek discovery that is disproportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 6:**
Documents sufficient to show Your strategic plans, all executive presentations, and all financial statements relating to Display Advertising.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents. Respondent further objects to this Request as vague and ambiguous to the extent it seeks documents related to "strategic plans," which could encompass an extremely wide variety of irrelevant business materials. Such a request is disproportional to the needs of the case as it would require Respondent, a non-party to this litigation, to conduct a search that would result in an extremely large number of documents. Respondent objects to this Request to the extent it seeks disclosure of proprietary and/or confidential business information. Respondent objects to this Request as unduly burdensome to the extent it seeks information that Respondent does not track in the ordinary course of business. Respondent further objects that this Request seeks information that is not relevant to the matters at issue in this case and information over an unreasonably long time period. Respondent proposes producing presentations and reports showing Respondent's high-level strategic plans relating to Display Advertising for a reasonable time period. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope of this Request that is not overly broad and unduly burdensome, that does not seek information available from other parties, and that does not seek discovery that is disproportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 7:**
Documents analyzing the competition You face with respect to your Ad Tech Products, including documents analyzing the Features and effectiveness of other Ad Tech Providers or Ad Tech Products (including In-House Ad Tech Products), market size and shares, competitor entry and expansion, pricing, network effects, and Your competition with Google.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent objects to this Request to the extent it seeks disclosure of proprietary and/or confidential business information. Respondent further objects that this Request seeks information over an unreasonably long time period. Notwithstanding the

7

foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope of this Request that is not overly broad and unduly burdensome, that does not seek information available from other parties, and that does not seek discovery that is disproportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show Your consideration, evaluation, or use of any actual or potential In-House Ad Tech Products You have developed, purchased, or considered developing or purchasing, including (a) any comparison of Your In-House Ad Tech Products with third-party Ad Tech Products; (b) Your rationale for developing, or purchasing, or considering developing or purchasing such In-House Ad Tech Products instead of sourcing them from third parties; and (c) the time, costs, and resources required to switch to In-House Ad Tech Products from third-party Ad Tech Products, or vice versa.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent objects to this Request as unduly burdensome to the extent it seeks documents reflecting "consideration, evaluation, or comparison of actual or potential In-House Ad Tech Products" with third-party Ad Tech Products, which could encompass a massive number of documents reflecting a complicated amount of real and hypothetical actions contemplated and/or taken by Respondent. Such a request is disproportional to the needs of the case as it would require Respondent, a non-party to this litigation, to conduct a search that would result in an extremely large number of irrelevant documents. Respondent objects to this Request to the extent it seeks disclosure of proprietary and/or confidential business information. Respondent further objects that this Request seeks information over an unreasonably long time period. Respondent proposes producing documents sufficient to show Respondent's high-level analysis of In-House Ad Tech Products for a reasonable time period, to the extent such documents exist in the ordinary course. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope of this Request that is not overly broad and unduly burdensome, that does not seek information available from other parties, and that does not seek discovery that is disproportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show the costs and benefits associated with Your actual or considered switching, in whole or in part, from third party Ad Tech Providers to the development of your own In-House Ad Tech Products, including the actual or potential impact of switching on Your revenue from Display Advertising.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents. Respondent objects to the extent that the Request is overbroad and unduly

burdensome in scope because it requires Respondent to identify documents related to Respondent's "actual or considered switching . . . from third party Ad Tech Providers to the development of [Respondent's] own In-House Ad Tech Products," reflecting a complicated amount of real and hypothetical actions contemplated and/or taken by Respondent. Such a request is disproportional to the needs of the case as it would require Respondent, a non-party to this litigation, to conduct a search that would result in an extremely large number of documents. Respondent objects to this Request to the extent it seeks disclosure of proprietary and/or confidential business information. Respondent further objects that this Request seeks information that is not relevant to the matters at issue in this case and information over an unreasonably long time period. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope of this Request that is not overly broad and unduly burdensome, that does not seek information available from other parties, and that does not seek discovery that is disproportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 10:**
Documents sufficient to show Your analyses of Advertiser satisfaction and/or retention (i.e., churn), including Your wins and losses of Advertiser accounts, spending or sales; Advertisers' response to changes in Your Fees or the cost-effectiveness of their Display Advertising while using Your Ad Tech Product(s); actual or perceived differences between Advertisers that use Your Ad Tech Product(s) and Advertisers that use Your competitors' Ad Tech Product(s); and Advertisers' compliments and complaints regarding Your Ad Tech Product(s).

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents. Respondent objects to the extent that the Request is overbroad and unduly burdensome in scope because it requests "analyses" of a variety of specific information that may not be in Respondent's possession, such as "Advertisers' response to changes," "actual or perceived differences between" Ad Tech Products, and "compliments and complaints regarding [Respondent's] Ad Tech Product(s)." Respondent may only respond to the extent such information is within its possession and is available in the ordinary course. Respondent objects to this Request to the extent it seeks disclosure of proprietary and/or confidential business information. Respondent further objects that this Request seeks information that is not relevant to the matters at issue in this case and information over an unreasonably long time period Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope of this Request that is not overly broad and unduly burdensome, that does not seek information available from other parties, and that does not seek discovery that is disproportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 11:**
Documents sufficient to show how You promote or market Your Properties to Advertisers, including how you promote any of their benefits or advantages related to access to Inventory, return on investment, Brand Protection, fraudulent inventory (including Domain Spoofing), ability

to switch between ad Formats; and proprietary ad Formats.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent objects to the extent that the Request is overbroad and unduly burdensome in scope because it seeks documents showing how Respondent "promote[s] *any* of [its Properties'] benefits or advantages related to" the stated topics, which could encompass a massive number of documents. Such a request is disproportional to the needs of the case as it would require Respondent, a non-party to this litigation, to conduct a search that would result in an extremely large number of irrelevant documents. Respondent objects to this Request to the extent it seeks disclosure of proprietary and/or confidential business information. Respondent further objects that this Request seeks information over an unreasonably long time period. Respondent proposes producing marketing presentations relating to Display Advertising for a reasonable time period. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope of this Request that is not overly broad and unduly burdensome, that does not seek information available from other parties, and that does not seek discovery that is disproportional to the needs of the case.

### REQUEST FOR PRODUCTION NO. 12:
Documents sufficient to show the development, launch, and licensing of Your Ad Tech Products, including the platform You developed with Kevel's Application Programming Interface ("API").

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents. Respondent objects to the extent that the Request is vague and ambiguous as the terms "development, launch, and licensing" are not defined and could therefore encompass a wide variety of documents. Such a request is disproportional to the needs of the case as it would require Respondent, a non-party to this litigation, to conduct a search that would result in an extremely large number of documents. Respondent objects to this Request to the extent it seeks disclosure of proprietary and/or confidential business information. Respondent further objects that this Request seeks information that is not relevant to the matters at issue in this case and information over an unreasonably long time period. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope of this Request that is not overly broad and unduly burdensome, that does not seek information available from other parties, and that does not seek discovery that is disproportional to the needs of the case.

### REQUEST FOR PRODUCTION NO. 13:
Documents sufficient to show the integration or interoperability between Your Ad Tech Products, including the platform You developed with Kevel's API, and other Ad Tech Products.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth

in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent objects to the extent that the Request is vague and ambiguous as the terms "integration and interoperability" are not defined and could therefore encompass a wide variety of documents. Respondent objects to this Request to the extent it seeks disclosure of proprietary and/or confidential business information, including confidential information relating to negotiations with Defendant. Respondent further objects that this Request seeks information that is not relevant to the matters at issue in this case and information over an unreasonably long time period. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope of this Request that is not overly broad and unduly burdensome, that does not seek information available from other parties, and that does not seek discovery that is disproportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to show investments You have made in and revenues generated by Your Ad Tech Products, including the platform You developed with Kevel's API.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent objects to this Request to the extent it seeks disclosure of proprietary and/or confidential business information, including confidential information relating to negotiations with Defendant. Respondent further objects that this Request seeks information that is not relevant to the matters at issue in this case and information over an unreasonably long time period. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope of this Request that is not overly broad and unduly burdensome, that does not seek information available from other parties, and that does not seek discovery that is disproportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 15:**

Documents comparing the Edmunds.com ad serving platform You developed with Kevel's API to other Ad Tech Products.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data Respondent objects to the extent that the Request is overbroad and unduly burdensome in scope because it does not confine "[d]ocuments" to "documents sufficient to show," which could transform this Request into a search for *all* documents comparing Edmunds.com to other Ad Tech Products. Such a request is disproportional to the needs of the case as it would require Respondent, a non-party to this litigation, to conduct a search that would result in an extremely large number of irrelevant documents. Respondent objects to this Request to the extent it seeks disclosure of proprietary and/or confidential business

11

information, including confidential information relating to negotiations with Defendant. Respondent further objects that this Request seeks information that is not relevant to the matters at issue in this case and information over an unreasonably long time period. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope of this Request that is not overly broad and unduly burdensome, that does not seek information available from other parties, and that does not seek discovery that is disproportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to show Your use of Google's Ad Exchange without Google's Publisher Ad Server, or Your use of Google's Publisher Ad Server without Google's Ad Exchange, including Your use of Google Ad Connector, AdX Direct tags, or Google publisher tags.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent objects to the extent that the Request is vague and ambiguous as the "use of" various Google ad tech products is not defined or explained and could therefore encompass a wide variety of documents. Respondent objects to this Request as unduly burdensome to the extent it seeks information that Respondent does not track in the ordinary course of business. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope of this Request that is not overly broad and unduly burdensome, that does not seek information available from other parties, and that does not seek discovery that is disproportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to show Your evaluation of and decision to use, refrain from using, or change your use of Header Bidding or any specific Header Bidding Provider.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent objects to the extent that the Request is overbroad and unduly burdensome in scope because it purports to require Respondent to disclose documents related to Respondent's "evaluation of and decision to use, refrain from using, or change [its] use of Header Bidding," reflecting a complicated amount of real and hypothetical actions contemplated and/or taken by Respondent. Such a request is disproportional to the needs of the case as it would require Respondent, a non-party to this litigation, to conduct a search that would result in an extremely large number of documents. Respondent objects to this Request to the extent it seeks disclosure of proprietary and/or confidential business information. Respondent further objects that this Request seeks information over an unreasonably long time period. Respondent proposes producing documents sufficient to show Respondent's high-level evaluations of and decisions to use or refrain from using Header Bidding for a reasonable time period. Notwithstanding the foregoing, and without waiving Respondent's ability to object more

specifically to this Request, Respondent is willing to meet and confer on a reasonable scope of this Request that is not overly broad and unduly burdensome, that does not seek information available from other parties, and that does not seek discovery that is disproportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to show Your contracts or agreements with Kevel, amounts You paid to Kevel, and products and services You received from Kevel.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent objects to this Request to the extent it seeks disclosure of proprietary and/or confidential business information. Respondent further objects that this Request seeks information that is not relevant to the matters at issue in this case and information over an unreasonably long time period. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope of this Request that is not overly broad and unduly burdensome, that does not seek information available from other parties, and that does not seek discovery that is disproportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 19:**

All documents concerning any formal or informal governmental investigation or litigation concerning Google's Display Advertising or Google's Ad Tech Products, including all documents concerning the multidistrict litigation captioned *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (S.D.N.Y.), all communications involving You and any governmental agency, all documents that You provided to any governmental agency, all documents You produced in the above-referenced litigation.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent objects to the extent that the Request is overbroad and unduly burdensome in scope because it seeks "[a]ll documents" concerning government investigations into "Google's Display Advertising or Google's Ad Tech Products," which includes multiple investigations in the United States and abroad. Considering the universe of documents related to the multiple formal and informal governmental investigations of Google is virtually unbounded, requiring Respondent to produce every such document would entail reviewing hundreds of thousands of Respondent's documents and internal communications, a task that would be enormously costly and take longer than the discovery time allotted in this case. Respondent further objects that the Request could encompass investigations that are not relevant to the matters at issue in this case, which is limited to Google's advertising conduct in the United States. Such a request is disproportional to the needs of the case as it would require Respondent, a non-party to this litigation, to conduct a search that would result in an extremely large number of documents. Defendant should require Plaintiffs, rather than Respondent, to search for and produce

the requested documents. Respondent objects to this Request to the extent it seeks disclosure of proprietary and/or confidential business information. Respondent further objects that this Request seeks information that is not relevant to the matters at issue in this case and information over an unreasonably long time period.

*   *   *   *   *

Dated: June 14, 2023

                                                   Respectfully submitted,

By: _____
Brandon Kressin
Kressin Law Group LLC
Attorney for Respondent
brandon@kressinlg.com
10650 Roe, Unit 137
Overland Park, KS 66207