# EXHIBIT 5

# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| *United States of America, et al.* ) | |
| Plaintiff ) | |
| ) | Civil Action No. 1:23-cv-00108 |
| v. ) | |
| ) | |
| *Google LLC* ) | |
| Defendant ) | |
| ) | |
| ) | |

## NON-PARTY YELP INC.'S OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:   Google LLC, by and through their attorney, Craig C. Reilly.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Yelp Inc. ("Respondent") states its objections to Defendant's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") as follows:[1]

First, this Subpoena is untimely and unreasonably burdensome. Google is just now issuing this subpoena over 4 months after the start of discovery in this case and over 2 months since Google first issued a subpoena to Respondent.  Respondent has already invested significant time and expense in identifying, collecting, reviewing, and producing documents responsive to Google's first subpoena.  Now, with just a few short weeks before the close of discovery, Google issues a second subpoena seeking information from Respondent, a non-party, that is both irrelevant to the case at hand and protected from discovery by the attorney-client privilege.

Second, this Subpoena specifically targets material that is highly likely to involve attorney-client

---

[1] Respondent understands through meet and confers with counsel for Google that Google has withdrawn Request 1, but Respondent has not received a new subpoena that excludes Request 1. Therefore, Respondent states objections to Request 1 so as not to waive any objections to this Request.

1

privilege and/or other privileges. Each of the requests (apart from Request No. 4) asks for information about Respondent's interactions with current and past counsel. Even if such requests were relevant to this case, which they are not, the process of identifying all responsive materials and subjecting those materials to a thorough privilege review would likely take months of time and considerable expense. Google has given Respondent only 14 days to respond, and even if the deadline is extended, fact discovery in this case closes in just over a month. There is simply not enough time for Respondent to comply with this subpoena while protecting its rights to attorney-client privilege because it would require Respondent to collect and review several thousand communications and other documents in order to identify information that is protected by privilege and has no relevance to this case. Google's subpoena seeks information "concerning Google," one of the world's largest tech companies and the subject of numerous lawsuits and government investigations, many of which have no relation to the facts, claims, or defenses at issue in this case. Most of the information in Respondent's possession that "concern[s] Google" is likely to be entirely irrelevant to the facts, claims, or defenses of this case. Respondent is not willing to identify, collect, and review any communications it possesses "concerning Google" because it is not proportional to the needs of this case.

Third, even if the information sought by this Subpoena was not protected by privilege, it is all irrelevant to the claims and defenses in this case. Based on the Plaintiffs' complaint, this case is about Google's conduct with respect to Ad Tech products. Whether Respondent's counsel had communications with third parties "concerning Google" (a subject so broad as to cover topics having nothing to do with Ad Tech) has nothing to do with whether the facts alleged in the Plaintiffs' complaint are true. Nor are Respondent's communications (if any) with Mr. Kanter or information related to Mr. Kanter's representation of Respondent while he was in private practice. The fact that the requests in the Subpoena are both irrelevant and targeted at privileged communications suggests that the purpose of this Subpoena is not to discover evidence that might be used at trial, but rather to harass and intimidate Respondent.

Fourth, much of the information the Subpoena seeks, to the extent it exists, would be in the possession of the Plaintiffs in this case (such as communications with DOJ employees). If Google seeks to receive this information it should request it from the Plaintiffs, not a non-party. This is especially true since, based on the nature of the requests in the Subpoena, it appears that Google is seeking Respondent's privileged and irrelevant information to bolster its theory that this case is the result of some unfair bias against Google on the part of the DOJ. If anyone should be subject to the burden of responding to this untimely Subpoena, it is the other parties to this case, not Respondent.

Respondent sets out below its General Objections to the Subpoena as well as its Specific Objections to each of the Requests in the Subpoena:

# GENERAL OBJECTIONS

1. Respondent objects to this Subpoena on the grounds that the production deadline set forth in the Subpoena is insufficient because it does not allow reasonable time for the identification, collection, review, and production of responsive materials, which, assuming any exist, will require substantial time and effort to produce. The subpoena was served on August 1, 2023 and the date for compliance is August 15, 2023. The subpoena includes several "all documents" requests. Identifying potentially responsive documents, having them reviewed for responsiveness and privilege, and then preparing them for production would take at least several weeks and Respondent would incur substantial costs to conduct the review. Accordingly, the deadline set forth in the Subpoena places an undue burden on Respondent, a third party to this case. The burden is made more unreasonable by the fact that much of the information sought by the Subpoena is clearly protected by the attorney-client privilege, or other privileges, so most, if not all, of Respondent's efforts and costs would be spent confirming that Respondent does not possess responsive material that is not privileged.

2. Respondent objects to the Subpoena to the extent that it seeks information that is protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege, common interest privilege, or any other privilege. All four of the Subpoena's requests seek information that Google is well aware is protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege, common interest privilege, or another privilege, such as the First Amendment privilege. Should any disclosure of privileged material by Respondent occur, it is inadvertent and shall not constitute a waiver of any privilege.

3. Respondent objects to the Subpoena to the extent it seeks information and materials over an unreasonably long time period. The Subpoena requests documents created by Respondent since January 1, 2019, which is more than four years' worth of documents. On top of that, responding to the Subpoena requests would require Respondent to review "[a]ll communications" that Respondent had with its counsel over that four-year period, which is likely to encompass thousands of documents, most of which would be completely irrelevant to the matters in this case.

4. Respondent objects to the Subpoena to the extent that information sought by the Subpoena could readily be obtained from parties to this litigation. Respondent, as a third party, believes that Defendant should seek this information from the Plaintiffs in this case.

5. Respondent objects to the Subpoena to the extent it may not reasonably be expected to yield information relevant to the allegations of the complaint, to the proposed relief, or to the defenses of any party to the underlying matter.

6. Respondent objects to the Subpoena to the extent it seeks disclosure of proprietary and/or confidential business information of Respondent. To the extent the Subpoena does seek such information, Respondent will respond only pursuant to the Protective Order that has been issued in this case.

7. Respondent objects to the Subpoena to the extent it is unduly burdensome, impermissibly vague or ambiguous, or requires unreasonable efforts or expense on the part of Respondent.

Respondent's answers to this Subpoena are given without prejudice to Respondent's right to produce evidence of any subsequently discovered facts. The failure of Respondent to object to any production request on a particular ground may not be construed as a waiver of Respondent's right to object on any additional ground(s).

## SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Communications that You have had with a third party concerning Google where any of (i) Jonathan Kanter, (ii) Brandon Kressin, (iii) Susan Athey, (iv) any employee or agent of the Kanter Law Group, or (v) any employee or agent of the Kressin Law Group or Kressin Meador, is a sender or recipient (including as a "cc", "bcc", or "copied" recipient).

### OBJECTION & RESPONSE:

Respondent objects to this Request on the grounds that it seeks information that is not relevant to any party's claims or defenses in this case. Respondent is a third party, and its confidential communications with legal counsel, even when such communications involve third parties, have absolutely no relevance to this case. This is especially so because this Request is not limited to information relating to this case, but anything "concerning Google," which could encompass information that has no bearing on the claims or defenses of this case at all. Communications "concerning Google" might include irrelevant communications related to:

(1) other lawsuits previously filed against Google regarding conduct that is unrelated to the claims or defenses in this case;

(2) potential lawsuits or investigations Google could face in the future regarding conduct that is unrelated to the claims or defenses in this case;

(3) Congressional oversight of Google's conduct that is unrelated to the claims or defenses in this case; or

(4) legal advice regarding the anticompetitive harm of Google's conduct unrelated to the claims or defenses in this case

4

None of these communications are relevant to the claims and defenses in this litigation, which center around whether Google illegally monopolized various Ad Tech product markets.

Moreover, this Request is specifically targeted at communications that are highly likely to involve privilege. Simply because a communication is made with a "third party" does not mean that it is no longer protected from disclosure by attorney-client privilege or another privilege claim. For example, communications made in a joint-defense or common interest context would be protected by attorney-client privilege. Attorney-client privilege would also attach to communications with an economist or other consultant aiding counsel in providing legal advice to Respondent. Communications involving counsel and third parties may also be protected under the First Amendment privilege, which protects against disclosure that would chill associational rights.

Respondent further objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of potentially responsive documents. It is unreasonable and unduly burdensome to demand that Respondent collect and search communications with its own counsel to determine if any communication includes a "third party" and "concerns Google," a subject so broad that it would likely include thousands of documents, the majority of which would be irrelevant to the case at hand. Given the likelihood of privilege claims, to comply with this request Respondent would have to:

(1) Use search terms to identify all communications with Mr. Kanter, Mr. Kressin, and any employees or agents of Kanter Law Group, Kressin Law Group, or Kressin Meador LLC;

(2) For each of those communications, manually determine whether any third party was involved as a sender or recipient;

(3) Manually review whether those communications "concern[] Google"; and

(4) Manually review whether those communications have a valid privilege claim.

There is simply not time for Respondent to engage in this burdensome and costly review process, which could entail collecting and reviewing thousands of irrelevant, privileged documents, in the short time remaining in discovery, and it is an unreasonable burden to request that Respondent attempt to do so.

Respondent further objects that this Request seeks information over an unreasonably long time period, which increases the already unreasonable burden on Respondent. This Request would require Respondent to identify and collect all of the communications it has had with its counsel for the last four years, which is likely to include thousands of documents.

5

**REQUEST FOR PRODUCTION NO. 2:**

All Communications that You have had with Jonathan Kanter concerning Google since Jonathan Kanter was nominated as Assistant Attorney General for the Antitrust Division of the U.S. Department of Justice (DOJ) on July 20, 2021, including any such Communications made through other DOJ employees.

**OBJECTION & RESPONSE:**

Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of potentially responsive documents. It is unreasonable and unduly burdensome to demand that Respondent, a third party to this case, collect and search all of its communications with Jonathan Kanter and any "DOJ employees" to determine if any such communications "concern[] Google," a subject so broad that it is a certainty the majority of any material captured by such a request would be irrelevant to the case at hand.

Respondent further objects to the extent this Request is overbroad and unduly burdensome in scope because it requires Respondent to search its files for "All Communications" relating to "Google" which could encompass a wide variety of information that is entirely irrelevant to this case. Such a request is disproportional to the needs of the case as it would require Respondent, a non-party to this litigation, to review an extremely large number of documents.

Respondent further objects to this Request to the extent it seeks information or documents that could be obtained from the Plaintiffs in this case. Any communications Respondent has had with DOJ employees, including Mr. Kanter, are in the possession of the Plaintiffs in this case. Google should seek this information from the Plaintiffs before attempting to impose a burden on a non-party.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show (i) the time period(s) over which work was done by Jonathan Kanter on Your behalf concerning Google; (ii) engagement letters between You and Jonathan Kanter related to any work done by Jonathan Kanter on Your behalf concerning Google; and (iii) payments made to Jonathan Kanter, such as invoices, bills, or other pay statements to compensate Jonathan Kanter for work done on Your behalf concerning Google.

**OBJECTION & RESPONSE:**

Respondent objects to this Request on the grounds that it seeks information that is not relevant to any party's claims or defenses in this case. Respondent is a third party, and its confidential engagement letters and invoices with its legal counsel have absolutely no relevance to this case. This is especially so because this Request is not limited to information relating to this case, but

anything "concerning Google," which, as stated above and incorporated herein, could encompass information that has no bearing on the claims or defenses of this case at all.

Respondent further objects to this Request to the extent that it seeks information that is covered by the attorney-client privilege, the work-product doctrine, the joint defense privilege, common interest privilege or other privileges. Information relating to the subject matter of the legal work that Respondent's counsel provided is not only irrelevant to this case, but also likely to contain information protected by privilege.  The burden of reviewing for privilege any materials that might potentially be responsive to this Request far outweighs Google's needs to receive this irrelevant information.

Respondent further objects to this Request to the extent it seeks information or documents that could be obtained from the Plaintiffs in this case. Any engagement letters with or invoices paid to Mr. Kanter are in the possession of the Plaintiffs in this case. Google should seek this information from the Plaintiffs before attempting to impose a burden on a non-party.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show (i) the time period(s) over which work was done by Susan Athey on Your behalf concerning Google; (ii) engagement letters between You and Susan Athey related to any work done by Susan Athey on Your behalf concerning Google; and (iii) payments made to Susan Athey, such as invoices, bills, or other pay statements to compensate Susan Athey for work done on Your behalf concerning Google.

**OBJECTION & RESPONSE:**

Dr. Athey has never done work on Respondent's behalf concerning Google. Even if she had, however, Respondent would object to this Request on the grounds that it seeks information that is not relevant to any party's claims or defenses in this case.  Respondent is a third party, and its confidential engagement letters and invoices with outside consultants (including those engaged to aid legal counsel) have absolutely no relevance to this case. This is especially so because this Request is not limited to information relating to this case, but anything "concerning Google," which, as stated above and incorporated herein, could encompass information that has no bearing on the claims or defenses of this case at all.

Respondent further objects to this Request to the extent that it seeks information that is covered by the attorney-client privilege, the work-product doctrine, the joint defense privilege, common interest privilege or other privileges. Information relating to the subject matter of the work done by outside consultants in connect with legal work done by Respondent's counsel provided is not only irrelevant to this case, but also likely to contain information protected by privilege.  The burden of reviewing for privilege any materials that might potentially be responsive to this Request far outweighs Google's needs to receive this irrelevant information.

7

\* \* \* \* \*

Dated: August 15, 2023

Respectfully submitted,

By: _____
Brandon Kressin
Kressin Meador LLC
Attorney for Respondent
10650 Roe, Unit 137 Overland Park, KS 66207

8