UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GOOGLE LLC, <br><br> *Defendant*. | No. 1:23-cv-00108-LMB-JFA |

**GOOGLE LLC'S BRIEF IN RESPONSE TO**
**PLAINTIFFS' MOTION FOR ADDITIONAL GOOGLE DEPOSITIONS**

On September 15, 2023, the Court denied Plaintiffs' "carte blanche" request for four additional Google depositions, which would have allowed Plaintiffs to turn back the clock as if no depositions had occurred and they had a clean slate upon which to identify any and all Google witnesses they wanted to depose in this case. Sept. 15, 2023 Hr'g Tr. 67:9–10, ECF No. 447; ECF No. 440 (Order). Plaintiffs' opportunity to reopen the four depositions they have already taken and to identify new witnesses in place of any previously noticed, but not taken, depositions addresses any prejudice to Plaintiffs from the recently produced documents. Plaintiffs have reopened two of those four depositions already.

At the time Plaintiffs filed their motion for additional depositions, Plaintiffs had noticed two additional Google depositions, on top of their 30(b)(6) notice—leaving Plaintiffs with three cards in their ten-deposition "deck." Sept. 15, 2023 Hr'g Tr. 71:7, ECF No. 447. On the day that Google's opposition brief was due, Plaintiffs filled their three remaining deposition slots by serving deposition notices. As is now clear from Plaintiffs' complete set of deposition notices, there is little deviation from their original identification of witnesses. As the Court stated on September 15, to obtain depositions in addition to the ten they were allowed,

1

they would have to make a showing of need. *Id.* at 71:9–13. Because Plaintiffs have made no showing that additional depositions are needed, Google respectfully submits that the Court should again deny Plaintiffs' request.

## ARGUMENT

The Court recognized at the first pretrial conference in this case that "there's a ton of discovery that's already occurred in this case" and that "there have been more depositions taken in this case than we would normally allow." March 10, 2023 Hr'g Tr. at 22:4–10, ECF No. 59. Plaintiffs acknowledged as much when they represented that they had received the "benefit from the discovery that was taken" in the pre-suit investigation. March 24, 2023 Hr'g Tr. at 5:18–21, ECF No. 70. More concretely, over the course of a multi-year investigation of Google, Plaintiffs received nearly three million documents from Google and took more than 30 depositions of Google witnesses. As part of this pre-suit discovery, Plaintiffs received over 86,000 documents from Mr. ▮▮▮▮ custodial files and over 10,000 documents from Mr. ▮▮▮▮ custodial files. Plaintiffs also deposed Mr. ▮▮▮▮ as part of their investigation. The complaint Plaintiffs filed on January 24, 2023 references over thirty documents from Mr. ▮▮▮▮ files and extensively quotes many of those documents. ECF No. 1 (Complaint).

When Plaintiffs identified Google deponents in August 2023, they had the benefit of this years-long investigation that included millions of produced documents and deposition testimony, as well as the additional documents provided to date in the litigation. Based on that information, they chose not to notice Mr. ▮▮▮▮ deposition and to notice Mr. ▮▮▮▮ deposition, but chose to withdraw that notice four days later. Given the extensive pre-filing investigative record already amassed by Plaintiffs, the Court set limits on the nature and extent of deposition discovery that Plaintiffs could take. Plaintiffs have not shown good cause to exceed the limit of ten depositions of Google witnesses that was previously set.

2

A. **Plaintiff Fail to Justify the Need for Additional Depositions.**

Plaintiffs have failed to articulate a need for two additional depositions. The relevant question is whether there is materially new information in the recently produced documents that made Plaintiffs conclude that two of the witnesses already deposed by Plaintiffs would never have been selected amongst the ten available deponents. As this Court explained:

> I assume, you took [the four completed depositions] initially because you thought that they were some of the more important witnesses that you needed to get taken care of. I don't think that's going to change. I don't think if we turn back the clock and you have these other documents that you wouldn't depose the four people that you deposed right now. If you can convince me later, then maybe so.

Sept. 15 Hr'g Tr. at 67:2–8, ECF No. 447. Plaintiffs have identified nothing in Google's recent productions, other than the volume of documents produced, that demonstrates that two of the four initial deponents were not among "the more important witnesses."

Plaintiffs' motion essentially seeks a second opportunity to identify deponents, implying that *if* they had it to do all over again, *then* they would not have taken the depositions of Messrs. ▮▮▮ or ▮▮▮. ▮▮▮ is Vice-President and General Manager for Google Advertising and worked in display advertising at Amazon between 2004 and 2020. His deposition focused on his time at Amazon and four out of the five exhibits Plaintiffs used in that deposition were produced by Amazon; only one was produced by Google in this litigation. ▮▮▮ was the Product Manager of Google Ad Manager for over three years and highly knowledgeable about the ad tech products that form the basis of Plaintiffs' Complaint. Plaintiffs have offered no reason why newly produced documents would have changed their decision to depose Messrs. ▮▮▮ and ▮▮▮.

To the extent Plaintiffs try to make this a one-for-one, that with full information, they would have swapped Messrs. ▮▮▮ and ▮▮▮ for Messrs. ▮▮▮ and ▮▮▮, there is no support. Plaintiffs were well aware of both Messrs. ▮▮▮ and ▮▮▮ at the time they noticed depositions—the Department of Justice deposed Mr. ▮▮▮ during the

3

investigative phase, cited over *thirty* of his custodial documents in the Complaint, and directly quoted two of his emails in a press conference announcing this lawsuit. Plaintiffs were clearly well-aware of Mr. ▆▆▆ and his role. And not only was Mr. ▆▆▆ a custodian during the investigation and listed on both the Department of Justice's and Google's initial disclosures, Plaintiffs noticed his deposition in August, and then subsequently withdrew it.

Plaintiffs' statistics of documents produced from the files of Messrs. ▆▆▆ and ▆▆▆ also do not justify additional depositions. Plaintiffs' argument that a significant majority of Messrs. ▆▆▆ and ▆▆▆ "litigation" documents were produced late ignores the millions of documents Google produced in the investigative phase. Google produced over 86,000 documents in which Mr. ▆▆▆ was a custodian during the investigative phase. Plaintiffs' complaint that they had only received roughly 6,000 litigation documents from Mr. ▆▆▆ is misleading because it ignores that the vast majority of his custodial documents were produced before Plaintiffs filed their complaint (which *quoted* ▆▆▆ documents DOJ now ignores having received). Similarly, Google produced over 10,000 documents in which Mr. ▆▆▆ was a custodian during the investigative phase, on top of the 27,000 documents that Plaintiffs' acknowledge receiving during the litigation before Google's recent productions.

Respectfully, Plaintiffs' opportunity to reopen the four depositions it has already taken and to identify new witnesses in place of the witnesses they identified before Google produced additional documents to fill their five remaining slots fully addresses any prejudice to Plaintiffs from the late produced documents. As this Court explained, it would be inappropriate to compel Google to provide Plaintiffs with additional "depositions as a penalty." Sept. 15 Hr'g Tr. at 68:24–25, ECF No. 447. Yet that is precisely what Plaintiffs seek here.

**B.   Plaintiffs' Offer to Identify Relevant Late-Produced Documents *In Camera* Is Inappropriate.**

Plaintiffs also state that they have "identified many relevant documents in the late productions that could be the basis for questioning or shown to" Messrs. ▆▆▆ or ▆▆▆

4

during a deposition and that they are "willing to discuss these new documents and their relevance in an *ex parte*, in camera hearing or filing . . . ." ECF 490 at 2. But an *ex parte*, in camera review of documents is only appropriate in exceptionally infrequent situations, as when the parties dispute assertions of privilege. *See, e.g.*, *United States* v. *Zolin*, 491 U.S. 554, 571 (1989) ("There is also reason to be concerned about the possible due process implications of routine use of in camera proceedings."). Here, there are no claims of privilege, and an *ex parte*, in camera review would deprive Google of the opportunity to explain why the information identified by Plaintiffs is not materially different from the information that was previously available to them. *See, e.g.*, *Procaps S.A.* v. *Patheon Inc.*, 2015 WL 2090401, at *2 (S.D. Fla. May 5, 2015) (denying request to submit newly produced documents in camera to justify exceeding ten deposition limit following late production of documents). If Plaintiffs are claiming that recently produced documents make *additional* depositions "necessary," Plaintiffs should have identified those documents in its original motion and explained *why* additional depositions are "necessary," and Google should have been given an opportunity to respond in this opposition brief, including to identify similar or identical documents produced earlier. Plaintiffs' failure to do so is telling.

## CONCLUSION

For the reasons argued above, Plaintiffs' motion to compel should be denied.

Dated: October 25, 2023                                    Respectfully submitted,

Eric Mahr (*pro hac vice*)                                 /s/ *Craig C. Reilly*
Andrew Ewalt (*pro hac vice*)                              Craig C. Reilly (VSB # 20942)
Julie Elmer (*pro hac vice*)                               THE LAW OFFICE OF
Justina K. Sessions (*pro hac vice)*                       CRAIG C. REILLY, ESQ.
Lauren Kaplin (*pro hac vice*)                             209 Madison Street, Suite 501
Scott A. Eisman (*pro hac vice*)                           Alexandria, VA 22314
Jeanette Bayoumi (*pro hac vice*)                          Telephone: (703) 549-5354
Claire Leonard (*pro hac vice*)                            Facsimile: (703) 549-5355
Sara Salem (*pro hac vice*)                                craig.reilly@ccreillylaw.com
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS                                      Karen L. Dunn (*pro hac vice*)

5

DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

Jeannie H. Rhee (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Joseph Bial (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Bryon P. Becker (VSB # 93384)
Erica Spevack (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile (202) 223-7420
kdunn@paulweiss.com

Meredith Dearborn (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (646) 432-5100
Facsimile: (202) 330-5908
mdearnborn@paulweiss.com

Erin J. Morgan (*pro hac vice*)
Carter E. Greenbaum (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3387
Facsimile:  (212) 492-0387
ejmorgan@paulweiss.com

*Counsel for Defendant Google LLC*