UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>     *Plaintiffs*,<br><br>  v.<br><br>GOOGLE LLC,<br><br>     *Defendant*. | No. 1:23-cv-00108-LMB-JFA |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT GOOGLE LLC'S MOTION TO SEAL**

Pursuant to Local Civil Rule 5(C), Defendant Google LLC ("Google") submits this Memorandum in Support of its Motion to Seal. Google seeks leave to file a redacted Opposition to Plaintiffs' Motion for Leave to Take Two Additional Google Depositions. For the reasons stated below, Google respectfully requests that the Court grant the Motion.

**LEGAL STANDARD**

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Although the common law "presumes a right of the public to inspect and copy 'all judicial records and documents,'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)), that presumption can be overcome by a showing that a litigant has "some significant interest that outweighs the presumption," *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Accordingly, before allowing documents to be filed under seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3)

provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

## ARGUMENT

Google respectfully requests that the Court grant Google's Motion to Seal because all three requirements from *Ashcraft* are satisfied here and sealing is appropriate under the common law standard.

***First***, Google has provided public notice of its request to seal, and interested parties will have an opportunity to object. Pursuant to Local Civil Rule 5(C), Google has publicly filed a Notice of Motion to Seal. Entry of that Notice and the supporting documents onto the Court's public docket will notify any interested parties of Google's sealing motion and provide interested persons with "an opportunity to object." *In re Knight Publ'g Co.*, 743 F.2d 231, 234 (4th Cir. 1984).

***Second***, Google has limited its sealing request to employee names referenced in its Opposition. The proposed redactions will still provide the public access to Google's Opposition, and legal arguments in support, while protecting the privacy of Google's employees. *United States ex rel. Carter v. Halliburton Co.*, 2011 WL 8204612, at *3 (E.D. Va. Nov. 29, 2011) (limited redaction approved as opposed to "sealing the brief *in toto*"). Accordingly, Google has proposed the least drastic method to protect its confidential information and the public's right of access.

***Third***, as detailed below, Google has provided the specific reasons supporting its sealing request. Furthermore, in accordance with Local Civil Rule 5(C), Google has provided a proposed order containing the required findings.

Google only requests sealing employees' names in order to protect their privacy. This Court has previously granted prior requests by Google to keep the personal information of Google's employees under seal. *See* ECF No. 286 at 1 (granting motion to seal where the "redactions in defendant's opposition are limited to personal information of defendant's employees"). The Court should similarly grant Google's motion here.

The Supreme Court has long recognized that "discovery also may seriously implicate privacy interests of litigants and third parties" and permit "litigants to obtain—incidentally or purposefully—information that not only is irrelevant but if publicly released could be damaging to reputation and privacy." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984). Due to the irrelevance of the names of employees and the potential harm posed by disclosure, courts typically grant similarly limited requests to seal. *E.g.*, *Mondragon v. Scott Farms, Inc.*, 2019 WL 489117, at *13 (E.D.N.C. Feb. 7, 2019) (finding sealed filing that "redacts only the names of employees who are not parties to this action" "adequately balances the public's right to access judicial records and the privacy of employees").

Sealing the names of Google employees is also consistent with Judge Castel's sealing practice in the MDL litigation in the Southern District of New York. *See* Order at 9, *In re Google Digit. Advert. Litig.*, 1:21-md-03010-PKC (S.D.N.Y. Oct. 15, 2021), ECF No. 147 (granting motion to seal names of Google employees because "[n]on-parties to an action may have 'significant privacy interests' that favor redaction of identifying information. . . . The names and contact information of these employees have no apparent bearing on any issue in this dispute. The privacy interests of these Google employees outweighs the strong presumption of public access.") (citation omitted). To be consistent with Judge Castel's sealing orders, this Court previously indicated that it would also be inclined to continue to seal such employee

information.  *See* Tr. of Mot. to Transfer & Mot. to Seal at 27, ECF No. 59.  A contrary approach may undermine Judge Castel's sealing practice in the related litigation in the Southern District of New York.

## CONCLUSION

For the reasons argued above, the Court should grant the motion to seal.  A proposed order is submitted herewith.

| | |
|---|---|
| Dated: October 25, 2023 | Respectfully submitted, |
| | |
| Eric Mahr (*pro hac vice*) | /s/ *Craig C. Reilly* |
| Andrew Ewalt (*pro hac vice*) | Craig C. Reilly (VSB # 20942) |
| Julie Elmer (*pro hac vice*) | THE LAW OFFICE OF |
| Justina K. Sessions (*pro hac vice)* | CRAIG C. REILLY, ESQ. |
| Lauren Kaplin (*pro hac vice*) | 209 Madison Street, Suite 501 |
| Scott A. Eisman (*pro hac vice*) | Alexandria, VA 22314 |
| Jeanette Bayoumi (*pro hac vice*) | Telephone: (703) 549-5354 |
| Claire Leonard (*pro hac vice*) | Facsimile: (703) 549-5355 |
| Sara Salem (*pro hac vice*) | craig.reilly@ccreillylaw.com |
| Tyler Garrett (VSB # 94759) | |
| FRESHFIELDS BRUCKHAUS | Karen L. Dunn (*pro hac vice*) |
| DERINGER US LLP | Jeannie H. Rhee (*pro hac vice*) |
| 700 13th Street, NW, 10th Floor | William A. Isaacson (*pro hac vice*) |
| Washington, DC 20005 | Joseph Bial (*pro hac vice*) |
| Telephone: (202) 777-4500 | Amy J. Mauser (*pro hac vice*) |
| Facsimile: (202) 777-4555 | Martha L. Goodman (*pro hac vice*) |
| eric.mahr@freshfields.com | Bryon P. Becker (VSB # 93384) |
| | Erica Spevack (*pro hac vice*) |
| Daniel Bitton (*pro hac vice*) | PAUL, WEISS, RIFKIND, WHARTON & |
| AXINN, VELTROP & HARKRIDER LLP | GARRISON LLP |
| 55 2nd Street | 2001 K Street, NW |
| San Francisco, CA 94105 | Washington, DC 20006-1047 |
| Telephone: (415) 490-2000 | Telephone: (202) 223-7300 |
| Facsimile: (415) 490-2001 | Facsimile (202) 223-7420 |
| dbitton@axinn.com | kdunn@paulweiss.com |

| | |
|---|---|
| Bradley Justus (VSB # 80533)<br>AXINN, VELTROP & HARKRIDER LLP<br>1901 L Street, NW<br>Washington, DC 20036<br>Telephone: (202) 912-4700<br>Facsimile: (202) 912-4701<br>bjustus@axinn.com | Meredith Dearborn (*pro hac vice*)<br>PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP<br>535 Mission Street, 24th Floor<br>San Francisco, CA 94105<br>Telephone: (646) 432-5100<br>Facsimile: (202) 330-5908<br>mdearnborn@paulweiss.com<br><br>Erin J. Morgan (*pro hac vice*)<br>Carter E. Greenbaum (*pro hac vice*)<br>PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>Telephone:  (212) 373-3387<br>Facsimile:  (212) 492-0387<br>ejmorgan@paulweiss.com<br><br>*Counsel for Defendant Google LLC* |

5