IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 1:23-cv-00108-LMB-JFA |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' REQUEST FOR TWO ADDITIOANL GOOGLE DEPOSITIONS

Google has produced more documents in this case after the fact discovery cutoff than before. While no remedy can fully eliminate the prejudice Google's discovery failure caused Plaintiffs, there are remedies that can limit its damage. Some of those remedies were ordered with the modification to the discovery order (ECF No. 440), but those remedies did not address the specific situation presented by this motion: where Plaintiffs would have chosen to depose different Google deponents if Google had complied with the Court's document discovery deadlines.

In denying Plaintiffs' earlier request for four additional Google depositions on this basis, the Court welcomed reconsideration of that decision upon a more detailed showing. Sept. 15, 2023 H'rg Tr., at 71:9-14. Plaintiffs have now reviewed enough of Google's late productions to determine based on that review that Plaintiffs would have chosen to depose two different Google deponents if Plaintiffs had received timely document productions concerning those witnesses. As such, Plaintiffs' request is neither a penalty nor a punishment but instead an additional remedy, like the ones previously ordered, aimed at limiting the prejudice caused to Plaintiffs. Additionally, Plaintiffs will not re-open two of the four previously-taken depositions, and

therefore, Plaintiffs' request is specific and narrowly tailored to the prejudice arising from defendant's late document production in this case.

For the reasons articulated in Plaintiffs' initial motion and below, Plaintiffs respectfully request that the Court permit the Plaintiffs to depose Jonathan Bellack and Vlad Sinaniyev.

## ARGUMENT

### A. The Number and Percentage of These Witnesses' Documents Produced After the Close of Fact Discovery Warrants Plaintiffs' Taking of These Two Additional Depositions

Despite the Court's interim deadline requiring Google to complete its document production by October 6, Google is still producing new documents, even for these proposed deponents. This explains why the numbers of produced documents for these proposed deponents has changed from the numbers cited in Plaintiffs' initial memorandum just last week. As of today, Google has produced 83,885 Bellack documents and 47,276 Sinaniyev documents after the close of fact discovery.  Google attempts to minimize these numbers by noting the fact that Bellack and Sinaniyev documents were also produced during the pre-complaint investigation of Google's conduct.  ECF. No. 494. However, even from that perspective, the prejudice to Plaintiffs is clear:  of the 162,380 Bellack documents and 95,045 Sinaniyev documents produced from the start of the investigation to the present[1], over 50% of these deponents' documents were produced after the close of fact discovery.  In other words, Google has produced roughly the same amount of Bellack and Sinaniyev documents in the last six weeks as it had during the entire

---

[1] Throughout the pendency of this litigation, Plaintiffs and Google have used the custodian field in the metadata as the controlling metric for searching for custodial files. As such, the numbers in Plaintiffs' initial memorandum and this reply refer to documents where Bellack or Sinaniyev are listed as one of the custodians. Google appears to have strayed from this mutual understanding in its response citing larger numbers of documents disclosed during the investigation, but it is unclear the source of the information as it conflicts with Plaintiffs' review.

three years prior. Therefore, at best, Plaintiffs only had half the picture of these two custodians prior to making decisions as to whom to depose.

### B. Google Misapprehends the Prejudice Plaintiffs Suffered From the Late Production of These Witnesses' Documents

Prior to September 8, Plaintiffs seriously considered deposing both Bellack and Sinaniyev; indeed, as Google points out, a deposition notice for Sinaniyev was sent and then withdrawn in favor of a different witness. Plaintiffs do not dispute that they were aware of these witnesses or their respective roles at Google. However, the relevant question is not whether Plaintiffs were aware of these witnesses, but whether Plaintiffs had access to full information that would allow Plaintiffs to make an educated decision about whom to depose.

There is no question that these sizeable additional productions, if made on time, would have more than tilted the scales in favor of deposing these witnesses instead of the two witnesses Plaintiffs chose to depose on incomplete information (Craycroft and Srinivasan). The decision about whom to depose in this case was carefully calibrated and took into account all the relevant information concerning each of the many prospective deponents. The reality is that Plaintiffs were simply deprived of the opportunity to make those difficult judgments based on a complete record, and are now faced with a situation in which they would have made a different choice if given complete information. For both Bellack and Sinaniyev, Google's late production contains new, never seen before, documents highly relevant to the conduct in this case. Those documents, if they had been disclosed on a timely basis, would have caused Plaintiffs either to never send, or to withdraw, the deposition notices of Craycroft and Srinivasan in lieu of depositions of Bellack and Sinaniyev.

### C. Plaintiffs Should Not Be Forced to Reveal Sensitive Work Product or Litigation Strategy Merely Because Google Violated the Court's Discovery Rules

Google claims that there should not be any *ex parte*, *in camera* review of the newly-produced documents concerning these potential deponents because such procedures are reserved for "exceptionally infrequent situations" and that Google should be "given an opportunity to respond." ECF No. 494.

In the ordinary course, Plaintiffs would not be required to notify Google of its deposition or trial strategy, or documents that it intended to show a particular deponent in advance of a deposition, nor would Plaintiffs be obligated to do so in a public filing. The only reason why we are not proceeding in the ordinary course is because of Google's exceptional discovery failure, and therefore, Google should not get a benefit of a sneak-peak into Plaintiffs' discovery objectives that it would never receive in the ordinary course of litigation, merely because it committed an egregious discovery violation here.

Furthermore, what Google seeks to invite by this exchange is an unnecessary back and forth about the relevance of particular documents and how they might be tied to other documents or information disclosed during the investigation or the original fact discovery period. But Google has no right or standing to interfere with the judgments Plaintiffs make about whom to depose, and they should not be allowed to question or second-guess those choices. Google had the unfettered opportunity to make decisions about whom to depose based on a document production from Plaintiffs that complied with this Court's discovery order. Google had a full and fair opportunity to use its ten allocated party witness depositions based on a document production compliant with the Court's rules and with no special showing to the Court or Plaintiffs. Plaintiffs should not be required to make a special showing here, or disclose its work

product to Google, simply because Google deprived Plaintiffs of the opportunity to make its deposition decisions based on complete information.

Therefore, on balance, if the Court believes it is necessary to conduct an *ex parte*, *in camera* proceeding to assess whether Plaintiffs should be allowed to depose these additional witnesses, Google should not insert itself into that process, as Google would have no standing or ability to do so in the normal course and it should not be so rewarded merely because of its discovery violation.

## **CONCLUSION**

The United States and the seventeen state Plaintiffs respectfully request that the Court grant leave to Plaintiffs to conduct two additional Google depositions of Jonathan Bellack and Vlad Sinaniyev.

Dated: October 26, 2023

Respectfully submitted,

JESSICA D. ABER
United States Attorney

/s/ Gerard Mene
GERARD MENE
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3777
Facsimile: (703) 299-3983
Email: Gerard.Mene@usdoj.gov

/s/ Julia Tarver Wood
JULIA TARVER WOOD
/s/ Michael Freeman
MICHAEL FREEMAN

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077
Fax: (202) 616-8544
Email: Michael.Freeman@usdoj.gov
Attorneys for the United States

JASON S. MIYARES
Attorney General of Virginia

/s/ Andrew N. Ferguson
ANDREW N. FERGUSON
Solicitor General
STEVEN G. POPPS
Deputy Attorney General
TYLER T. HENRY
Assistant Attorney General

Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219
Telephone: (804) 692-0485
Facsimile: (804) 786-0122
Email: thenry@oag.state.va.us

Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia