IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **UNITED STATES,** *et al.*,<br><br>    *Plaintiffs*,<br><br> v.<br><br>**GOOGLE LLC,**<br><br>    *Defendant*. | Civil Action No.<br>1:23-cv-00108-LMB-JFA |

**DEFENDANT GOOGLE LLC'S MEMORANDUM OF LAW
IN OPPOSITION TO DAILY MAIL AND GANNETT CO. INC.'S
MOTION FOR FURTHER ORDER REGARDING COORDINATION**

The instant Motion is the latest salvo in a campaign by MDL Plaintiffs and State Plaintiffs in the Texas Case to relitigate the coordination and scheduling orders entered by this Court and by Judge Castel in the MDL. Movants—Plaintiffs in the MDL[1]—declined to participate in the negotiation of those orders and instead submitted their own proposal. MDL Plaintiffs asked for the same outcome that they now again seek to accomplish here: an unwarranted early sneak peek at the expert opinions rendered in this case. Judge Castel rejected MDL Plaintiffs' proposal, describing it as reflecting "an antipathy to any kind of coordination beyond getting whatever the plaintiffs can get out of Virginia." MDL ECF No. 560 at 12:22 - 12:23.

The instant Motion continues in that same vein: MDL Plaintiffs are seeking early disclosure of expert opinions rendered in *this case* (including, indirectly, Google's responses to Virginia Plaintiffs' expert reports) so that MDL Plaintiffs can use them to prepare their reports approximately eight months ahead of schedule. Such early disclosure would undermine and circumvent the scheduling and other orders entered by Judge Jordan (in the Texas Case) and Judge Castel (in the MDL). MDL Plaintiffs' clear purpose in doing so is to obtain an unfair tactical advantage in those cases. The Court should not allow this gamesmanship and should deny the Motion.

## BACKGROUND

On April 3, 2023, the EDVA Parties submitted a Joint Motion for Entry of a Protective Order. EDVA ECF No. 96. As a condition of stipulating to the Order, EDVA

---

[1] The instant motion is brought by Associated Newspapers, Ltd., Mail Media, Inc. and Gannett Co., Inc. on behalf of all plaintiffs in the multi-district litigation captioned *In re Google Dig. Advert. Antitrust Litig.*, No. 1:21-md-03010-PKC (the "MDL"). Although they do not purport to represent the plaintiffs in a third case, *Texas et al. v. Google LLC*, 4-20-cv-00957-SDJ (E.D. Tex.) (the "Texas Case"), MDL Plaintiffs ask for relief on behalf of the *Texas* plaintiffs as well. For convenience, we refer to movants as "MDL Plaintiffs." References to the docket in the MDL are cited as "MDL ECF No." References to the docket in the Texas Case are cited as "EDTX ECF No." References to the docket in this case are cited as "EDVA ECF No."

2

Plaintiffs insisted that Google meet and confer regarding coordinated discovery between this case and the MDL, and that the parties present a proposal to this Court and the MDL Court regarding potential coordination. *Id*. ¶ 5. Google and EDVA Plaintiffs spent the next three weeks negotiating the scope of a proposed coordination order.

On May 10, 2023, this Court issued an Order that resolved three disputed points (none of which related to early disclosure of expert reports) and stated that "the parties are to be commended for their efforts to coordinate the discovery in this case and the MDL proceeding in New York, and they have agreed to many significant issues in that regard." EDVA ECF No. 201 at 1. The Court also observed that the contemplated orders were "intended to coordinate and not consolidate the discovery" across cases. *Id*. at 2.

Google invited movants—the MDL Plaintiffs—to participate in the coordination order negotiations but they declined to do so. Instead, MDL Plaintiffs submitted their own proposed coordination order to Judge Castel. MDL ECF No. 548 (attaching proposed order MDL ECF No. 548-1).

Among other things, MDL Plaintiffs' proposal required the prompt sharing of discovery—"including expert reports and related materials"—across cases. MDL ECF No. 548-1 ¶ 2. Judge Castel rejected MDL Plaintiffs' proposal, describing it as a "noncoordination order," and stating that MDL Plaintiffs' submission reflected "an antipathy to any kind of coordination beyond getting whatever the plaintiffs can get out of Virginia." MDL ECF No. 560 at 11:21 - 12:23. On June 2 and 5, 2023, Judge Castel and this Court entered the Order negotiated between the EDVA Parties. MDL ECF No. 564; EDVA ECF No. 251 (the "Coordination Orders").

The Coordination Orders distinguish between fact and expert discovery. While fact discovery may be shared across cases, the Coordination Orders provide that "Expert Discovery shall not be shared between the Coordinated Cases pending further order," but

3

that, "[a]t least ninety (90) days before Google's expert reports are due in the the MDL," which is in September 2024, "the Parties shall meet and confer over whether there are circumstances in which Expert Discovery may or should be shared between the Coordinated Cases." *See* MDL ECF No. 564 ¶ 7; EDVA ECF No. 251 ¶ 7.

Plaintiffs in this case and the MDL have been the beneficiaries of a massive amount of coordinated discovery. Google has produced approximately 6 million documents, 200 terabytes of data, and made available for review 80 gigabytes of source code. Having now extracted the benefits of the Coordination Orders, MDL Plaintiffs seek to deprive Google of the protections that it bargained for concerning disclosure of expert discovery.

## ARGUMENT

The instant Motion is a thinly-veiled attempt to circumvent the schedule for expert disclosures entered by Judge Jordan (in the Texas Case) and Judge Castel (in the MDL), and to obtain an unfair procedural advantage by getting early access to expert reports in this case. The Court should deny the Motion.

**MDL Plaintiffs' Motion is an Attempted End-Run Around the Expert Disclosure Schedules in Other Cases.** Allowing MDL (and Texas) Plaintiffs early access to the expert opinions rendered in this case would subvert the expert disclosure schedules entered in the Texas Case and the MDL. Judge Jordan and Judge Castel have both entered scheduling orders providing for the traditional sequencing of expert discovery. The scheduling orders governing those cases follow the same structure for expert reports as applies in this case *i.e.*, plaintiffs—as "the party with the burden of proof"—disclose first, Google responds, and then plaintiffs serve rebuttal reports. In the Texas Case, Google's expert reports are not due until July 8, 2024. EDTX ECF No. 194 at 2. And in the MDL, Google's expert reports are not

due until September 26, 2024.  MDL ECF No. 394 ¶¶ 5, 7; MDL ECF No. 428 ¶ 4.[2]  This is the standard sequence: "in most cases the party with the burden of proof on an issue"—here, the MDL Plaintiffs—"should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue."  Advisory Committee Notes to Fed. R. Civ. P. 26(a) (1993 Amendment); *see also* 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2031.1 (3d ed.) (quoting Advisory Committee Notes).

In addition, in all three cases, the parties agreed to a substantively identical Stipulation setting forth "the protocols applicable to conducting discovery relating to Testifying Experts and Consultants."  EDVA ECF No. 106 ¶ 2.1; EDTX ECF No. 184 ¶ 2.1; MDL ECF No. 428 ¶ 2.1.  Those Stipulations specify the scope of "Expert materials to be disclosed," as well the timing of those disclosures, and apply "[i]n lieu of the disclosures required under Federal Rule of Civil Procedure 26(a)(2)(B)(ii)-(vi)."  EDVA ECF No. 106 ¶ 4; EDTX ECF No. 184 ¶ 4; MDL ECF No. 428 ¶ 4.  Specifically, "on the same day as the service of any Testifying Expert's report or declaration," a party must provide "[a] list of all other case(s), . . . in which, during the previous 10 years, the Testifying Expert testified at trial or by deposition."  EDVA ECF No. 106 ¶¶ 4.1, 4.1.4; EDTX ECF No. 184 ¶¶ 4.1, 4.1.4; MDL ECF No. 428 ¶¶ 4.1, 4.1.4.

The Stipulations in each case can only be modified on a showing of "good cause," and only after the parties have met and conferred regarding "the appropriate scope of any modifications or revisions."  EDVA ECF No. 106 ¶ 2.1;  EDTX ECF No. 184 ¶ 2.1; MDL ECF No. 428 ¶ 2.1.  The existing Coordination Orders also require the parties to "meet and confer over whether there are circumstances in which Expert Discovery may or should be

---

[2] In this case, the parties stipulated to their joint understanding that there be a "sequential order of Plaintiffs' initial expert reports, followed by Google's expert reports, followed by Plaintiffs' rebuttal expert reports."  *See* EDVA ECF No. 87 at 2 n.2.

shared between the Coordinated Cases."  *See* MDL ECF No. 564 ¶ 7; EDVA ECF No. 251 ¶ 7.

MDL Plaintiffs' request would invert this sequence, by giving them access to others' expert opinions before they have provided any affirmative opinions of their own.  Nothing in the scheduling orders or the Federal Rules contemplates inverting the order of expert disclosures.

**MDL Plaintiffs Provide No Valid Reason Why They Should Obtain The Expert Reports from this Case Now.**  MDL Plaintiffs' Motion fails to establish that "there are circumstances in which Expert Discovery may or should be shared between the Coordinated Cases" that would warrant the further order they seek.  MDL ECF No. 564 ¶ 7; EDVA ECF No. 251 ¶ 7.  The sole justification advanced by MDL Plaintiffs is the need to correct a purported "informational asymmetry" because Google "already shares expert material across all three cases with itself."  EDVA ECF No. 510 at 2.  But there is no relevant asymmetry.  Google does not have early access to *MDL Plaintiffs'* expert opinions.  Those will not be disclosed for many months.  MDL Plaintiffs' argument assumes that their experts will simply parrot the DOJ's experts.  Otherwise, their argument amounts to the assertion that Google somehow enjoys a procedural advantage by being forced to litigate these related cases across three jurisdictions on staggered expert disclosure schedules.

Courts have rejected identical arguments by litigants seeking early disclosure of expert reports across related cases.  For example, in *Natixis Financial Products LLC v. Bank of America*, the Southern District of New York denied a request by plaintiff "to obtain advance copies of [defendant]'s expert reports before committing to an expert position on its own claims on the grounds that [defendant] has had the advantage of expert discovery in" certain "Related Actions."  2016 WL 7165981, at *4 (S.D.N.Y. Dec. 7, 2016).  The court's ruling was grounded in the principle that "allowing one party to view the opposing party's

expert reports before having to submit its own opening expert reports would afford that party an unfair advantage." *Id*. (collecting cases). In reaching its conclusion, the court specifically recognized that opportunities for "tactical advantage can arise when one party is involved in parallel actions against multiple adversaries with staggered expert discovery [deadlines]" and an adversary in one of the parallel litigations gets early disclosure of expert reports. *Id*.

      The MDL Plaintiffs seek precisely the same sort of unfair tactical advantage here. They disclaim the suggestion that they are seeking a "sneak peek" at Google's defenses and frame their Motion as limited to permitting Parties in this case to voluntarily "share *their own* Expert Discovery," EDVA ECF No. 510 at 1. That is fatuous. MDL Plaintiffs acknowledge in their Motion that they are separately seeking all expert discovery (including Google's expert reports) in the MDL. *Id*. at 3 n.1. Moreover, Virginia Plaintiffs' forthcoming rebuttal reports will almost certainly summarize, characterize, and respond to the opinions rendered by Google's experts. As a result, granting the instant Motion would give MDL Plaintiffs an unfair tactical advantage by giving them a months-long headstart with knowledge of the broad contours of Google's expert reports in this case.

      The "informational asymmetry" that MDL Plaintiffs complain about is largely non-existent, irrelevant, and not unfairly prejudicial. To be clear, MDL Plaintiffs are not asking for access to underlying facts or discovery upon which an expert might base his or her opinions. As they expressly acknowledge, Google has and is sharing the underlying fact discovery pursuant to the coordination orders. Thus, the only "information" that Google has and MDL Plaintiffs lack is the *Virginia Plaintiffs'* experts' opinions and Google's responses to those opinions. But the Virginia Plaintiffs' experts' opinions are not the MDL Plaintiffs' experts' opinions and, thus, Google has no preview of the expert opinions in the MDL or Texas case, *i.e.*, there is no asymmetry that prejudices MDL Plaintiffs. As they do in other cases, MDL Plaintiffs' experts are capable of analyzing the record and rendering their

opinions without the assistance of DOJ's experts. MDL Plaintiffs' desire to see what Google's experts say about core issues eight months before they are entitled to and six months before their expert reports are due, or to draft off the work that DOJ and its experts have already done, or their desire to bolster their experts against potential attack, are not legitimate reasons to alter the Coordination Orders.

*  *  *

Google respectfully requests that this Court deny MDL Plaintiffs' Motion.

Dated: January 24, 2024

Eric Mahr (*pro hac vice*)
Julie S. Elmer (*pro hac vice*)
Andrew J. Ewalt (*pro hac vice*)
Justina Sessions *(pro hac vice)*
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com
julie.elmer@freshfields.com
andrew.ewalt@freshfields.com
justina.sessions@freshfields.com

Daniel S. Bitton (*pro hac vice*)
Bradley Justus (VSB # 80533)
David Pearl (*pro hac vice*)
AXINN, VELTROP & HARKRIDER
LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
dbitton@axinn@.com
bjustus@axinn.com
dpearl@axinn.com

Respectfully submitted,

 */s/ Craig C. Reilly*
CRAIG C. REILLY (VSB # 20942)
209 Madison Street
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (*pro hac vice*)
Jeannie Rhee (*pro hac vice*)
William Isaacson (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kdunn@paulweiss.com
jrhee@paulweiss.com
wisaacson@paulweiss.com
amauser@paulweiss.com

*Counsel for Google LLC*