UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

UNITED STATES, *et al.*,

    *Plaintiffs*,

v.

GOOGLE LLC,

    *Defendant*.

No. 1:23-cv-00108-LMB-JFA

**REPLY IN SUPPORT OF DAILY MAIL AND GANNETT CO. INC.'S
MOTION FOR FUTHER ORDER REGARDING COORDINATION**

    MDL Plaintiffs seek an order permitting, but not compelling, the parties in this case to share their own expert materials with plaintiffs in related litigation. Google does not identify any prejudice it would suffer from such an order. Instead, Google's Opposition (Dkt. 512; "Opp.") primarily addresses relief that MDL Plaintiffs do not request here. Contrary to Google's suggestion (at 2), granting the motion would not force the "early disclosure of expert opinions," but would allow the parties in this case to share their expert materials if they choose to do so. Because permitting the sharing of expert materials will further coordination between this and related litigation and will not prejudice Google, MDL Plaintiffs respectfully request that the Court grant the motion.

    Google agrees (at 7) that it currently has "information" that "MDL Plaintiffs lack": the expert reports served by the plaintiffs in this case. Google has had those reports since December 22, 2023, with seven and five months of fact discovery still remaining in the MDL and *Texas* cases, respectively. *See* Pre-Trial Order No. 5, *In re Google Digit. Advert. Antitrust Litig.*, No. 1:21-md-3010 (S.D.N.Y. Nov. 21, 2022), Dkt. No. 394; Scheduling Order at 2, *Texas v. Google*

*LLC*, 4:20-cv-00957 (E.D. Tex. Jan. 2, 2024), Dkt. No. 194.  Given the commonality between plaintiffs' claims in this case and the *Texas* and MDL Plaintiffs' claims, Google will use those reports to structure its *fact* discovery efforts in the coordinated cases.  The plaintiffs here have stated that they do not object to sharing their reports with current and former MDL Plaintiffs – which would correct the informational imbalance – but that without a "further order" pursuant to the Coordination Order (Dkt. 251), they cannot do so.  Coordination Order ¶ 7.

Courts in this Circuit and elsewhere "have overwhelmingly and decisively endorsed the sharing of discovery information among different plaintiffs, in different cases, in different courts."  *Burlington City Bd. of Educ. v. U.S. Mineral Prods. Co., Inc.*, 115 F.R.D. 188, 190 (M.D.N.C. 1987) (denying protective order that would prevent sharing of expert materials between related cases); *see also United States v. Hooker Chems. & Plastics Corp.*, 90 F.R.D. 421, 426 (W.D.N.Y. 1981) ("[C]ollaboration among plaintiffs' attorneys[] comes squarely within the purposes of the Federal Rules of Civil Procedure.").  Sharing discovery materials, including expert materials, "promotes speedy, efficient and inexpensive litigation" and helps "facilitat[e] the dissemination of discovery material necessary to analyze one's case and prepare for trial."  *Burlington City*, 115 F.R.D. at 190.  Entering an order permitting that sharing will thus serve the very purpose for which this Court entered the Coordination Order.

Google wrongly asserts (at 4) that permitting the parties voluntarily to share their own expert materials will "subvert" the orders in this case, the MDL, and *Texas*.  MDL Plaintiffs seek precisely what the Coordination Order contemplates: a "further order" regarding the sharing of expert discovery following the parties' meet and confer on the subject.  Coordination Order ¶ 7. The relief sought in MDL Plaintiffs' motion does not "invert" the sequence of expert discovery prescribed in the MDL or *Texas*.  Opp. at 6.  Granting MDL Plaintiffs' motion would not compel

2

Google to disclose its expert materials any earlier than required in the MDL or *Texas* scheduling orders.  To the extent *rebuttal* materials produced by plaintiffs in this case quote, "summarize," or "characterize . . . the opinions rendered by Google's experts," *id.* at 7, those materials would not be shared with MDL or *Texas* Plaintiffs until MDL or *Texas* Plaintiffs have access to Google's responsive reports, either by agreement with Google or by order of the MDL or *Texas* courts.

Neither would granting the motion impact the Expert Stipulations entered in this or any other case.  *See id*. at 5.  Those stipulations control what a party's testifying expert *must* disclose along with his/her report, but they say nothing about what the parties voluntarily *may* disclose. *See*, *e.g.*, MDL Dkt. 428 ¶ 4.1 (describing the materials that "the Testifying Expert *shall* produce" together with his/her report (emphasis added)).  Nor is there any basis for Google's speculation that the MDL or *Texas* Plaintiffs, which have independently retained numerous experts, will simply "parrot" the experts for plaintiffs in this case.  Opp. at 6.

Google is wrong that MDL Plaintiffs' motion is "identical" to the motion denied in *Natixis Financial Products LLC v. Bank of America, N.A*. 2016 WL 7165981 (S.D.N.Y. Dec. 7, 2016), and Google misstates that court's holding.  *Natixis* held that plaintiffs in related actions *may* share their opening expert reports.  The *Natixis* plaintiff sought to *compel* the defendant to produce the expert reports prepared by other plaintiffs in related cases.  *Id*. at *3.  The defendant there – in contrast to Google here – instructed Natixis to obtain those reports from the other plaintiffs directly.  *Id*. at *2.  The court agreed, explaining that there was no reason to compel the defendant to produce those reports because Natixis "had a full and fair opportunity to coordinate" with the related plaintiffs.  *Id*. at *5.  Likewise, in *Peterson v. Wright Medical Technology, Inc.*, cited by *Natixis*, the court held that plaintiffs may seek expert reports prepared

by other plaintiffs in related cases, but that they should do so from those other plaintiffs themselves. 2013 WL 655527, at *7 (C.D. Ill. Feb. 13, 2013). That is exactly what MDL Plaintiffs seek to do here.

The interest in arriving at the truth about Google's conduct is disserved by keeping the expert work of the different plaintiff groups in individual silos. In another famous Section 2 case where the United States sought to break up a nationwide monopoly on information, the D.C. Circuit held that a private plaintiff in a related antitrust case (MCI) could share work product with the government and maintain that work product as confidential from the defendant (AT&T) under a common-interest privilege. *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1299 (D.C. Cir. 1980). Circuit Judge Malcolm Wilkey wrote that applying the common-interest privilege in that situation, facilitating coordination between the government and a private plaintiff, "promote[d] the adversary system" and "encourage[d] effective trial preparation." *Id*. Here, MDL Plaintiffs seek to allow the government to share only expert materials that the government already has produced to their common adversary.

Google also appears to object to the relief here covering *Texas*, which by Act of Congress was moved out of the MDL after being coordinated with this case for fact discovery. *See* Mem. Opinion at 7-13 (Mar. 14, 2023) (Dkt. 60) (describing the State Antitrust Venue Act). But Google does not explain why the Commonwealth of Virginia and the State of New York (among the plaintiffs here) ought not be allowed to share their expert material with their sister States of Texas and Florida (among the plaintiffs in *Texas*).

MDL Plaintiffs therefore respectfully request this Court grant their motion and allow the parties in this case voluntarily to share their own expert materials.

Dated:  January 25, 2024

Respectfully submitted,

/s/ *Charles B. Molster III*
Charles B. Molster, III (Va. Bar No. 23613)
Law Offices of Charles B. Molster, III PLLC
2141 Wisconsin Avenue
Suite M
Washington, D.C. 20007
Office:  (202) 787-1312
Cell:  (703) 346-1505
Email:  cmolster@molsterlaw.com

John Thorne*
Daniel G. Bird*
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
1615 M Street NW
Suite 400
Washington, DC 20036
Tel.:  (202) 326-7900
Fax:  (202) 326-7999
Email:  jthorne@kellogghansen.com
           dbird@kellogghansen.com

* Admitted *Pro Hac Vice*

*Counsel for Plaintiffs Gannett Co., Inc., Associated Newspapers Ltd., and Mail Media, Inc.*