# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 1:23-cv-00108-LMB-JFA |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFFS' MOTION FOR STATUS CONFERENCE TO SET TRIAL DATE AND OTHER PRETRIAL DEADLINES AND TO SET APPROPRIATE LIMITS ON THE TRIAL

Plaintiffs, through their undersigned counsel, hereby respectfully move for an order setting a status conference for the Court to set a trial date, other pretrial deadlines, and allocation of trial time among the parties prior to the status conference on March 22, 2024.[1] Plaintiffs make this request to facilitate the parties' ability to present a streamlined and efficient case to the jury as soon as possible because:

(1) advance notice of certain pretrial deadlines such as the deadline for seeking summary judgment will ensure that the parties are prepared to proceed expeditiously following the conclusion of expert discovery on March 8, 2024;

(2) setting a trial date now will allow the parties to provide greater notice to their respective witnesses, many of whom are third parties, in order to facilitate their attendance at trial; and

(3) understanding the Court's views about appropriate time limits for trial will allow the parties to prepare their cases accordingly in the remaining months before trial.

---

[1] Of course, Plaintiffs defer to the Court should it elect to set these dates, deadlines, and limits without holding a status conference.

Plaintiffs have met and conferred with Google regarding this motion. Google has requested that Plaintiffs state the following regarding Google's position on this motion: "Google opposes Plaintiffs' motion. Google met and conferred with Plaintiffs to narrow the issues, but for reasons it will state in its own filing, Google believes the parties should defer to the Court's already scheduled March 22 status conference to consider these issues."

I.  **Plaintiffs' Proposed Schedule For Further Pretrial Deadlines and a Trial Date**

   A.  *Setting a Trial Date and Other Pretrial Deadlines Now Will Promote Efficiency and Mitigate the Risk of Further Delays Caused by Google's Late Production of Documents*

Under the original schedule set by this Court, the parties were to appear on January 18, 2024, to discuss a schedule for the remainder of the case, including a date for trial. It is only due to Defendant Google's failure to produce over a million documents until *after* the scheduled close of fact discovery – and the associated delays in the discovery schedule which that violation caused – that the deadline for expert discovery was delayed nearly two months from January 12, 2024, to March 8, 2024, and that the pretrial conference date moved from January 18, 2024, to March 22, 2024.

At the first hearing in this matter, the Court made clear that bringing this case to an efficient resolution was an important goal.[2] Plaintiffs share that objective. For that reason, Plaintiffs respectfully request that the Court consider the schedule Plaintiffs propose below, in an attempt to get this case back on schedule as efficiently as possible, given the delay caused by Google's unfortunate discovery failures.

The parties have met and conferred regarding potential pretrial dates and deadlines, the trial date, and other trial parameters. Plaintiffs' proposal is outlined in the table below. Google

---

[2] *See* Mar. 10, 2023, H'rg Tr., at 22:15-16, 26-27.

responded substantively in writing with a proposal of its own on Monday, January 29, 2024, but requested that Plaintiffs not summarize that proposal in this motion.

| EVENT | PLAINTIFFS' PROPOSED DATES |
|---|---|
| Summary Judgment & Daubert Motion(s) | March 29, 2024 |
| Opposition to Summary Judgment & Daubert Motion(s) | April 12, 2024 |
| Replies on Summary Judgment & Daubert Motion(s) | April 18, 2024 |
| Oral Argument (if any) on Summary Judgment & Daubert Motion(s) | April 26, 2024 |
| Witness Lists, Pre-Trial Exhibits, Depo Designations | May 31, 2024 |
| Each party informs each non-party of all confidential documents produced by that non-party that are on that party's exhibit list and all confidential deposition testimony of that non-party that have been designated by that party. | June 4, 2024 |
| Motion(s) *in Limine* | June 7, 2024 |
| Objections to Witness Lists, Exhibits, and Depo Counter Designations | June 14, 2024 |
| Non-parties provide notice whether they object to the potential public disclosure at trial of any non-party documents and deposition designations, explain the basis for any such objections, and propose redactions where possible. | June 18, 2024 |
| Counter to Counter Depo Designations | June 20, 2024 |
| Opposition(s) to Motion(s) *in Limine* | June 21, 2024 |
| Motion(s) for Confidential Treatment of Exhibits and/or Deposition Testimony | June 21, 2024 |
| Replies to Motion(s) *in Limine* | June 28, 2024 |
| Opposition(s) to Motion(s) for Confidential Treatment of Exhibits and/or Deposition Testimony Due | June 28, 2024 |
| Jury Instructions Due | July 1, 2024 (or 7 days prior to trial, *see* ECF 94 ¶ 20) |
| Replies on Motion(s) for Confidential Treatment of Exhibits and/or Deposition Testimony | July 3, 2024 |
| Parties meet and confer regarding admissibility of trial exhibits and deposition designations | July 3, 2024 |
| Jury Selection/Openings | July 8, 2024 |

Under Plaintiffs' proposal, summary judgment and *Daubert* motions would be due three weeks after the close of expert discovery, an ample amount of time in Plaintiffs' estimation. By

3

way of comparison, this Court's schedule already requires Plaintiffs to submit rebuttal expert reports within three weeks of receiving Google's opposition expert reports.[3]

Regarding the deadlines for confidentiality designations, this Court made clear at the initial conference that it "looks very seriously at [its] obligation to make sure that court proceedings are transparent" and "will just unseal everything" if the Court finds that requests for sealing are not being done appropriately.[4] Plaintiffs support that goal and believe that as much evidence and testimony as possible be offered at trial on the public record. The setting of interim deadlines for notice and responses from parties and third parties regarding their confidentiality designations, and the requiring of motions for sealing in advance, will facilitate that end and allow the trial to proceed efficiently without frequent interruptions to consider the confidentiality of particular exhibits or deposition testimony.

### B. Setting a Trial Date Now Will Afford Greater Advance Notice to Important Third-Party Witnesses

As described in further detail below, Plaintiffs anticipate calling a variety of third-party witnesses at trial. These third-party witnesses' testimony will be essential to providing the jury with real-life, firsthand evidence of the effect of Google's anticompetitive conduct in the three relevant product markets, and the impact of that conduct on Google's competitors' ability to compete on a level playing field.

These anticipated third-party trial witnesses include numerous executives with full-time jobs and demanding schedules. Additionally, to the extent that trial is scheduled for the summer,

---

[3] Under the Court's schedule, ECF No. 440, Google's opposition expert reports were due on January 23, 2024. Google served reports from nine separate experts, totaling over 2,538 pages of materials, and 413.5 terabytes of backup materials from these experts. (In comparison, Plaintiffs served initial expert reports from six experts, totaling 1,701 pages.) Pursuant to ECF No. 440, Plaintiffs will file their expert reports exactly three weeks later, on February 13, 2024.
[4] March 10, 2023, H'rg Tr., at 27-20-23; 28:16-19.

many third-party witnesses are likely to have family and travel obligations. Providing these witnesses with as much advance notice as possible as to the likely dates of the trial and when they will be needed to testify will help minimize any burden to them, allow Plaintiffs to present evidence in the most comprehensible, efficient order, and will help forestall requests for delays or alterations in the trial schedule due to unavailability of certain witnesses at particular times. For that reason, as well, Plaintiffs request that the Court set a trial date sooner than the March 22, 2024 status conference.

## II.     Plaintiffs' Proposal for Trial Time Limits

At a prior hearing in this matter, the Court stated its intent to establish "time limits" for the trial of this matter.[5] Plaintiffs welcome the imposition of such time limits and are committed to presenting this case in a streamlined and efficient manner.

To that end, Plaintiffs respectfully propose that the Court impose on the parties a "chess clock" system whereby each side has a limited amount of time to present evidence and argument to the jury.[6] Such a time limit would include time spent on opening and closing statements, direct and cross examinations, rebuttal and redirect examinations, as well as any time spent playing or reading deposition designations to the jury.[7] The benefit of a "chess clock" proposal over, for

---

[5] Oct. 13, 2023, H'rg Tr., at 17:1-2.
[6] *See, e.g.,* Federal Judicial Center, *The Elements of Case Management* (3d ed. 2017) at 14 (discussing use of chess clock or similar means of limiting parties' time before the jury); American Bar Ass'n, *Principles for Juries and Jury Trials,* (rev. ed. 2016) at 91-93 (discussing use of chess clock to manage time limits at trial); Pretrial Order, *United States v. Aetna Inc., et al*, No. 1:16-cv-01494, (D.D.C. Oct. 31, 2016), ECF No. 167 ("The parties shall use a 'chess clock' to apportion each side's time during trial" with the Plaintiff receiving more than 25% more time than Defendant); *Mass Engineered Design, Inc. v. Planar Sys., Inc*., No. 3:16-CV-1510, 2017 WL 11820360, at *1 (D. Or. Aug. 31, 2017) ("The Court will monitor the parties' time 'chess clock style.'").
[7] Time spent outside the presence of the jury would not count toward these time limits.

example, a limit on the total number of trial days, or trial witnesses, per side, is that the chess clock incentivizes the most efficient use of time with each witness. If the Defendant cross examines Plaintiffs' witness for two hours, when the Plaintiffs' direct examination was only forty-five minutes, that cross examination time comes out of Defendant's overall time and is not attributable to Plaintiffs merely because the cross examination occurred during Plaintiffs' case-in-chief or was a witness called by Plaintiffs.

Of course, such a "chess clock" system would only impose an *outer limit* on the amount of time to be used by each side, and nothing about the chess clock system would prevent the Court from exercising its normal prerogative to move the parties along if the Court identifies inefficiency in either side's presentation of its case. The primary benefit of the chess clock approach is that it promotes efficiency overall (not just by limiting trial days or number of witnesses, for example) while providing the parties with a framework in which to use their time most effectively.

If the Court agrees that such a "chess clock" proposal makes sense, for the reasons articulated below, Plaintiffs request up to 105 hours of total trial time (the equivalent of 15 court days of approximately 7 hours each), to put on their case, inclusive of Plaintiffs' case-in-chief, as well as any rebuttal case. For all the reasons explained below, Plaintiffs believe that 15 trial days is the minimum necessary for Plaintiffs to present their case. Moreover, while Plaintiffs do not now take a position as to the time that should be allotted to Google, caselaw recognizes that Plaintiffs may require a greater amount of time than the Defendant given that (a) Plaintiffs bear the burden of proof; and (b) Plaintiffs will be the first to present evidence, and some meaningful portion of Plaintiffs' trial time will necessarily be spent educating the jury about nomenclature

and other basic facts about the industry that are not the subject of material dispute between the parties and will assist both parties in the presentation and arguments to the jury.[8]

Plaintiffs do not make this request for 15 trial days lightly. Plaintiffs have earnestly considered what witnesses are minimally necessary in order to prove their case in each of the relevant product markets. To meet their burden in each relevant product market, Plaintiffs will necessarily need to call multiple fact and expert witnesses. As the Court knows, this is not a case about a company taking a single action to monopolize a single market. Google engaged in a series of overlapping and self-reinforcing anticompetitive actions over nearly a decade, monopolizing three separate and distinct product markets: (i) the publisher ad server market; (ii) the ad exchange market; and (iii) the advertiser ad network market. Plaintiffs bear the burden of educating the jury about how each of those markets function, and then presenting evidence of Google's conduct, and its impact on competition, in each of those markets.

Furthermore, even by the standards of an antitrust action, this case is unusually complex. While the core of this case – online content made possible through advertising revenue – will be easily understood by most prospective jurors, the specific allegations involve products and concepts that are highly technical, often abstract, and outside the everyday knowledge of most prospective jurors. This is not a case about monopolizing the market for shoes or dishwashers or air travel. It is about digital auctions for online advertising inventory, governed by sophisticated

---

[8] *See e.g.* Notice Order, *In re Zetia (Ezetimibe) Antitrust Litigation*, No. 2:18-md-02836 (E.D. Va. April 5, 2023), ECF No. 2041 (Allocating 57% of trial time to Plaintiffs and 43% to Defendants); Transcript of Final Pretrial Conference at 9, *United States v. American Airlines Group, Inc.*, No. 1:21-cv-11558 (D. Mass Sept. 19, 2022) ("With respect to the hours, I've looked at that. I think that the plaintiff has the burden of proof in this, so I think it's a 55/45 split for that reason."); Order, *United States v. Google,* No. 1:20-cv-03010 (D.D.C. June 30, 2023), ECF No. 610 (DOJ Plaintiffs received 105 hours; Defendant Google received 98 hours); Pretrial Order, *United States v. Aetna Inc., et al*, No. 1:16-cv-01494, (D.D.C. Oct. 31, 2016), ECF No. 167 (Court allocated Plaintiffs 47 trial hours and Defendant 37.5).

computer algorithms and software. The conduct at issue involves the underlying infrastructure of the internet that is invisible to the everyday internet user. What Plaintiffs seek is the equivalent of a five-day trial per product market, which is a reasonable request in light of the complexity of the underlying facts and the legal standards at issue.

To illustrate what testimony is necessary to meet Plaintiffs' burden in this matter, Plaintiffs outline below the categories of witnesses they intend to call. Plaintiffs' trial witnesses fall into at least ten distinct categories: (i) third-party website publishers who use Google's products to sell ad space on their websites; (ii) third-party advertisers who use Google's tools to purchase digital advertising; (iii) third-party publisher ad server companies that compete with Google in the publisher ad server market; (iv) third-party ad exchange companies that compete with Google's ad exchange in the ad exchange market; (v) third-party advertiser ad networks and other ad-buying technology companies that compete with Google in the ad network and ad-buying technology markets; (vi) expert(s) on the ad tech industry, (vii) expert(s) on economics, market power and market definition; (viii) current and former Google employees; (ix) representative(s) of the federal agencies who used Google's ad tech products to purchase digital advertising; and (x) expert(s) on damages sustained by the United States in this action.

And it will not always be sufficient for Plaintiffs to call one, or even two, witnesses from each of the above categories to meet their burden, as no matter how many witnesses Plaintiffs call, Google will contend that their testimony is distinguishable or unique in some fashion. Thus, Plaintiffs will likely need to call multiples witnesses from many of the ten categories described above in order to meet their burden.[9] Plaintiffs will also need to spend a significant portion of their chess clock time cross-examining Google's fact and expert witnesses, as well as putting on

---

[9] Of course, the exact number and identity of these witnesses remains subject to change.

any rebuttal case that may be necessary at the close of Defendant's case. Plaintiffs respectfully suggest that doing all of the above in only fifteen trial days will require tremendous efficiency, but Plaintiffs are committed to make that happen, and are cognizant of this Court's admonitions to use discretion in deciding what matters to pursue, excluding matters that are extraneous to the core disputes between the parties.

Plaintiffs recognize that a trial of this length is a significant imposition on the jurors' and the Court's time, but Plaintiffs respectfully suggest that this burden is unavoidable given the breadth of Google's conduct at issue and the importance of these markets to the American economy, not to mention the import that trial of this action will have on other cases facing Google in this industry.[10]

---

[10] 15 U.S.C. 16(a) ("A final judgment or decree heretofore or hereafter rendered in any civil or criminal proceeding brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any action or proceeding brought by any other party against such defendant under said laws as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto …"); March 10, 2023, H'rg. Tr., at 20:23-21:6.

## CONCLUSION

For the reasons set forth above, Plaintiffs request that the Court enter an order setting a status conference for the Court to set a trial date, other pretrial deadlines, and allocation of trial time among the parties.[11]

Dated: February 2, 2024

Respectfully submitted,

| | |
|---|---|
| JESSICA D. ABER<br>United States Attorney | JASON S. MIYARES<br>Attorney General of Virginia |
| /s/ Gerard Mene<br>GERARD MENE<br>Assistant U.S. Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3777<br>Facsimile: (703) 299-3983<br>Email: Gerard.Mene@usdoj.gov | /s/ Andrew N. Ferguson<br>ANDREW N. FERGUSON<br>Solicitor General<br><br>STEVEN G. POPPS<br>Deputy Attorney General<br><br>TYLER T. HENRY<br>Assistant Attorney General |
| /s/ Julia Tarver Wood<br>JULIA TARVER WOOD<br>/s/ Aaron M. Teitelbaum<br>AARON M. TEITELBAUM<br>/s/ Michael J. Freeman<br>MICHAEL J. FREEMAN<br><br>United States Department of Justice<br>Antitrust Division<br>450 Fifth Street NW, Suite 7100<br>Washington, DC 20530<br>Telephone: (202) 307-0077<br>Fax: (202) 616-8544<br>Email: Julia.Tarver.Wood@usdoj.gov<br><br>Attorneys for the United States | Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us<br><br>Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia |

---

[11] As stated previously, Plaintiffs defer to the Court should it elect to set these dates, deadlines, and limits without holding a status conference.