IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 1:23-cv-00108-LMB-JFA |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

**MOTION AND MEMORANDUM TO COMPEL GOOGLE TO PRODUCE ALL DATA AND INFORMATION REFERRED TO AND/OR RELIED ON BY ITS TESTIFYING EXPERTS**

Pursuant to the Court's orders regarding expert discovery and discovery of ESI, Plaintiffs move to compel Defendant Google LLC ("Google") to identify the internal Google documents attached via hyperlink to the documents on which Google's experts expressly rely in forming their opinions and, to the extent not already done so, produce them to Plaintiffs. It is standard practice in ESI discovery to produce complete document "families" which include all documents attached to or embedded within a relevant document. By adopting a widespread practice of "hyperlinking" to a document within Google's file systems, instead of attaching or embedding the document, Google has to a large degree unilaterally exempted itself from this basic procedure of ESI discovery. The Court entered an Expert Discovery Order and ESI Order which require Google to produce a copy of all data or other information referred to and/or relied on by its experts and to respond in good faith to reasonable requests for identification of linked documents. Plaintiffs now move to enforce these provisions with a narrowly tailored request for information about a specific set of Google documents on which Google itself intends to rely.

1

### A. Background

In the early stages of this litigation, the parties negotiated and agreed on what, how, and when discovery was to be provided. There are two aspects of these early agreements that are relevant to the current motion. First, on April 12, 2023, the parties agreed to provide "a copy of the data or other information referred to in the Testifying Expert's report or declaration and/or relied on by the Testifying Expert in forming the Testifying Expert's opinions" on the same day as serving the expert report. Expert Discovery Order, ECF No. 106. And second, on April 20, 2023, the parties agreed that a "receiving party may also make reasonable and proportionate requests that the producing party conduct a reasonable search for relevant documents identified via hyperlinks." Order Regarding Electronically Stored Information, ECF No. 142.

With respect to its expert reports served on January 23, 2024, and documents referenced therein, Google has failed to abide by these orders.

Specifically, Google's experts cited to 299 internal Google documents that contain hyperlinks to other documents. These hyperlinks appear as underlined words or phrases and are inaccessible to Plaintiffs. Further, Plaintiffs have no way of identifying these hyperlinked documents to the extent they have been produced, which if coming from most other companies would be produced as attachments to the parent document. For that reason, three days after receiving the reports, Plaintiffs requested that "Google conduct a reasonable search for documents corresponding with any hyperlinks" contained within the 299 cited documents, or identify them by bates number if previously produced. Exh. 1. The specific documents that contained hyperlinks were listed in Appendix A to this letter, identified by bates numbers. The

2

parties met-and-conferred on this request with Google ultimately refusing the request in its entirety.[1]

### B. Google's experts chose to refer to and rely on these hyperlinked documents to form their opinions and conclusions, and therefore Plaintiffs are entitled to them

Many of the hyperlinked documents are integral to understanding the cited document and the bases for Google's experts' opinions. For example, Google served an expert report from



Accordingly, such a hyperlinked document was referred to and incorporated into the document on which ▮▮▮ relied in forming his opinions about ▮▮▮ – and therefore clearly vital to assessing ▮▮▮ opinions.

---

[1] This may not be Plaintiffs' last request for hyperlink documents, particularly if documents cited by Google in support of summary judgment or trial exhibits contain hyperlinks to other documents.

[2] This same document also was cited by ▮▮▮ to support a similar conclusion about ▮▮▮



These are just a few examples, but highlight how documents were cited and hyperlinked and why Plaintiffs are entitled to the hyperlinked documents or information pursuant to the Expert Discovery Order.

### C. Even if Google's Experts did not refer to or rely on the hyperlinked documents or information, the ESI Order specifically authorizes Plaintiffs' request

Ordinarily, a party must produce documents as they are kept in the usual course of business which includes any and all attachments. Fed. R. Civ. P. 34(b)(2)(E). However, due to Google's frequent use of hyperlinks in documents, Plaintiffs agreed that Google need not provide all hyperlinked documents or information as a matter of course, but the parties agreed that one may make "reasonable and proportionate requests that the producing party conduct a reasonable search for relevant documents identified via hyperlinks." Order Regarding Electronically Stored Information, ECF No. 142.

Accordingly, Plaintiffs' request for hyperlinked documents or information in 299 documents is both reasonable and proportionate to the needs of the case given that all of the documents were cited in Google's expert reports. It is only fair and equitable for Plaintiffs to have the full universe of information referenced in these reports to prepare responses to Google's arguments. Google's outright refusal to search for and produce such documents and information severely prejudices Plaintiffs, and increases with every passing day, as rebuttal expert reports are due in a week and half (February 13, 2024), and expert depositions start in two weeks (February 16, 2024), from the date of this filing. Additionally, such a refusal is unreasonable. While the hyperlinks are inaccessible to Plaintiffs, the same is not true about Google. Often Googles needs to merely click the hyperlink identified to locate and retrieve the document or information as they would in the ordinary course of business. Google has conducted similar searches previously at Plaintiffs' request which resulted in Google identifying the hyperlinked documents by bates number and not producing any new documents. *See* Exh. 4. Google has not articulated a basis for why this request is any different.

The parties specifically contemplated and agreed to this type of request early in this case. Accordingly, the ESI Order entitled Plaintiffs to the hyperlinked documents or information contained in the 299 cited documents.

## RELIEF REQUESTED

Accordingly, Plaintiffs move to compel Google to follow its previous agreements and produce a copy of all data or other information referred to and/or relied on by its experts, including those hyperlinked in cited documents as listed in Appendix A of Plaintiffs' January 26 letter, or if such data or information was produced previously, identify those documents or information by bates number.

Dated: February 2, 2024

Respectfully submitted,

| | |
|---|---|
| JESSICA D. ABER<br>United States Attorney | JASON S. MIYARES<br>Attorney General of Virginia |
| /s/ Gerard Mene<br>GERARD MENE<br>Assistant U.S. Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3777<br>Facsimile: (703) 299-3983<br>Email: Gerard.Mene@usdoj.gov | /s/ Andrew N. Ferguson<br>ANDREW N. FERGUSON<br>Solicitor General<br>STEVEN G. POPPS<br>Deputy Attorney General<br>TYLER T. HENRY<br>Assistant Attorney General |
| /s/ Julia Tarver Wood<br>JULIA TARVER WOOD<br>/s/ Michael Freeman<br>MICHAEL FREEMAN<br>/s/ Brent Nakamura<br>BRENT NAKAMURA<br>/s/ Matthew E. Gold<br>MATTHEW E. GOLD | Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us |
| United States Department of Justice<br>Antitrust Division<br>450 Fifth Street NW, Suite 7100<br>Washington, DC 20530<br>Telephone: (202) 307-0077<br>Fax: (202) 616-8544<br>Email: Michael.Freeman@usdoj.gov<br>Attorneys for the United States | Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia |