IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **UNITED STATES**, *et al.*,<br><br>*Plaintiffs*,<br><br>- against -<br><br>**GOOGLE LLC**,<br><br>*Defendant*. | Civil Action No. 1:23-cv-00108 (LMB) (JFA) |

**GOOGLE LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL GOOGLE TO PRODUCE ALL DATA AND INFORMATION REFERRED TO AND/OR RELIED ON BY ITS TESTIFYING EXPERTS**

Fact discovery is over. Yet on Friday, January 26, at 7:03 pm ET, Plaintiffs demanded that, within three business days, Google produce all hyperlinked documents contained in 299 documents that Google's experts cited in their expert reports or identify where those hyperlinks were previously produced. *See* ECF No. 519 ("Mot.") Ex. 1. When Google declined to do so, Plaintiffs moved to compel that production, arguing that the Expert Stipulation (ECF No. 106) and ESI Order (ECF No. 142) require it. Mot. 1. They do not.

The Expert Stipulation requires production or identification of only those materials that experts actually referred to or relied on, and Google's experts did not refer to or rely on the hyperlinks that Plaintiffs seek. The ESI Order does not extend Google's obligations past the long-closed period for fact discovery, and Plaintiffs' demands exceed the "reasonable and proportionate" requests that were authorized during fact discovery, especially because they received all of the 299 documents months or years ago. Further, Plaintiffs' motion would prejudice Google by giving their experts access to documents that Google's experts lacked; by requiring

1

Google to expend more resources on identifying, collecting, reviewing, and producing potentially thousands of additional documents (over and above the six million that have already been produced); and by setting a precedent for additional demands in the coming months. The motion should be denied.

I. **Google Has Satisfied Its Obligations Under the Expert Stipulation.**

The Expert Stipulation does not require Google to produce the hyperlinked documents that Plaintiffs demand nor to identify them in previous productions. The relevant provision in the Stipulation, paragraph 4.1.2, obligated Google to identify by Bates number all documents that its experts "referred to" in their reports or "relied upon" in forming their opinions. *See* ECF No. 106, ¶ 4.1.2. Google complied with that obligation by ensuring that its experts' reports cited the documents referred to or relied on by each expert. Indeed, Plaintiffs concede that "Google's experts cited to 299 internal Google documents," and they do not and cannot claim that Google failed to produce any of the cited documents. *See* Mot. 2.

Another provision in the Expert Stipulation, paragraph 4.1.1, required production of "[a] copy of the data or other information referred to in the Testifying Expert's report or declaration and/or relied on by the Testifying Expert in forming the Testifying Expert's opinions (to the extent not already produced in discovery), including, but not limited to, all data and programs underlying any calculations, including all computer programs or code necessary to recreate any data, intermediate data, calculations, estimations, tables, or graphics, and including the intermediate working- data files that are generated from any initial ('raw') data files and used in performing the calculations appearing in the report." ECF No. 106, ¶ 4.1.1. Although Plaintiffs quote part of paragraph 4.1.1, Mot. 2, the full provision makes plain that it covers "data" and similar technical materials—not the hyperlinked documents that Plaintiffs seek; documents are covered by paragraph 4.1.2. And in any event, paragraph 4.1.1 explicitly exempts materials "already produced

2

in discovery" from re-production, and Google has already produced all of the documents that its experts referred to or relied upon.

In claiming an entitlement to additional hyperlinked documents, Plaintiffs argue that those hyperlinks were "referred to and incorporated into the document[s] on which" Google's experts relied in forming their opinions. Mot. 3. But the Expert Stipulation does not require Google to produce or identify *hyperlinks* "referred to and incorporated into" the documents on which its experts relied; it requires production or identification of only the documents on which Google's experts *actually* referred to in their reports or relied upon in forming their opinions. *See* ECF No. 106, ¶¶ 4.1.1, 4.1.2. Because Google already has produced and identified all of those documents, the Expert Stipulation does not require Google to go further and produce or identify hyperlinks within those documents.

## II. The ESI Order Does Not Require Google To Produce Additional Hyperlinked Documents.

Contrary to Plaintiffs' alternative argument, the ESI Order does not require Google to produce additional hyperlinked documents. The parties jointly moved for entry of the ESI Order "[i]n order to facilitate the efficient and expeditious exchange of ESI *during the discovery process*." ECF No. 140, ¶ 4 (emphasis added). Although fact discovery has closed, Plaintiffs contend that the ESI Order entitles them to keep demanding that Google produce additional documents not only today, but also during summary judgment briefing and other pretrial proceedings. *See* Mot. 3 n.1 ("This may not be Plaintiffs' last request for hyperlink documents, particularly if documents cited by Google in support of summary judgment or trial exhibits contain hyperlinks to other documents."). Nothing in the ESI Order suggests that it was intended to

3

override the Court's scheduling orders and extend fact discovery beyond the explicitly established deadlines, as Plaintiffs' reading would imply.[1]

Even if the ESI Order gave Plaintiffs the right to request some additional materials—and it does not—they would be allowed to make only "reasonable and proportionate requests" for hyperlinked documents, ECF No. 142 § K, and their present requests are neither. The proportionality standard is grounded in Rule 26(b)(1)'s limitation on discovery to what is "proportional to the needs of the case," and Plaintiffs have not articulated *any* need for the hyperlinked documents. They do not need any additional documents to understand the bases for the opinions offered by Google's experts because Google's experts did not rely on any documents that have not already been identified in the experts' reports and produced to Plaintiffs. Nor is it reasonable simply to demand production of every hyperlink in every document on which Google's experts did rely, particularly when Plaintiffs concede that they have "agreed that Google need not provide all hyperlinked documents or information as a matter of course." *See* Mot. 4. Plaintiffs' demands are especially unreasonable because they have had access to all of the 299 documents since early October,[2] yet they chose not to request the hyperlinks in those documents until now. And Plaintiffs were not unaware of these documents; they cited 58 of them in their own expert reports.

---

[1] Although the ESI Order does not require further production of hyperlinked documents at this stage of the case, Google is currently meeting and conferring in good faith with Plaintiffs about an earlier request for hyperlinks within 197 documents in an attempt to narrow that request to a reasonable and proportionate scope. Google will continue to attempt to reach an agreement with Plaintiffs about that earlier request, regardless of how the present motion is resolved.

[2] In fact, 284 of those documents were produced by September 8, 2023, and 227 of them were produced to the DOJ before Plaintiffs even filed their complaint.

### III. Plaintiffs' Request Would Prejudice Google.

In addition to misconstruing the Expert Stipulation and ESI Order, Plaintiffs ignore the prejudice that their requests would inflict on Google. *First*, Plaintiffs demand to enlarge the universe of documents to which they and their experts would have access beyond the set of already produced documents that was available to Google's experts in preparing their reports. Plaintiffs already have the benefit of submitting a second set of expert reports, and it would be unfair to allow their experts to inform the opinions in their rebuttal reports based on a larger corpus of evidence than was available to Google's experts. And while Plaintiffs claim that it is "only fair and equitable for Plaintiffs to have the full universe of information referenced" in Google's expert reports, Mot. 5, they already have that "full universe." Their motion seeks more—not simply documents "referenced" in Google's expert reports, but documents that are hyperlinked within the documents referenced in those reports—and there is nothing unfair about limiting Plaintiffs to the same documents that were available to Google's experts, documents that have been in Plaintiffs' possession for some time.

*Second*, Google would have to undertake a burdensome process to research each of the hyperlinks in each of the 299 documents requested by Plaintiffs. That process is not as simple as "merely click[ing] the hyperlink." Mot. 5.[3] Google would first have to review each of the 299

---

[3] Plaintiffs attempt to gloss over the burdens that their demands would impose by comparing hyperlinked documents to attachments in document families. Mot. 1. But the ESI Order—to which Plaintiffs agreed—expressly rejects this approach: "For the avoidance of doubt, documents that are linked are not part of the same family for purposes of this Order." ECF No. 142, at 13; *see also Nichols v. Noom Inc.*, 20-CV-3677 (LGS) (KHP), 2021 WL 948646, at *4 (S.D.N.Y. Mar. 11, 2021) (noting plaintiffs' contention "that hyperlinks are akin to attachments and should be produced as part of a document 'family,'" but finding that hyperlinked documents are not attachments and denying plaintiffs' motion).

documents to identify all of the links in each of them,[4] and a single document can contain dozens of links. For instance, when investigating Plaintiffs' earlier request for Google to produce all hyperlinks from a smaller set of 197 documents, Google discovered that those documents included more than 2,200 links. Decl. ¶ 10. The first step is a manual process that requires a person to review a native copy of the document and identify all hyperlinks contained therein. Decl. ¶ 8. Once the hyperlinks have been identified, Google must search for each of those hyperlinks within the universe of documents collected and processed into the review platform, or otherwise collect and process the hyperlinked document. *Id.* For those that were not previously produced, Google must conduct a privilege review, and then its third-party vendor will process the production of the links (to the extent they are not privileged). *Id.* Plaintiffs' glib reference to "click[ing] the hyperlink" vastly underappreciates the burdens involved in responding to each of their demands for more and more hyperlinked documents.[5]

*Third*, Plaintiffs clearly intend to compound the prejudice to Google by continuing to demand more hyperlinked documents "if documents cited by Google in support of summary judgment or trial exhibits contain hyperlinks to other documents." Mot. 3 n.1. To the extent that Plaintiffs view their motion as a dress rehearsal for a long-running engagement, Google respectfully requests that the Court make clear that this show must not go on. Fact discovery is

---

[4] Declaration of Vaishnavi Palavalli In Support of Google LLC's Memorandum of Law in Opposition to Plaintiffs' Motion to Compel Google to Produce All Data and Information Referred to and/or Relied on by Its Testifying Experts, ¶¶ 8-9 (hereinafter "Decl.") (attached hereto as Exhibit A).

[5] Although it "has conducted similar searches previously at Plaintiffs' request," Mot. 5, Google's willingness to accommodate Plaintiffs' requests for hyperlinks in a smaller number of documents earlier in the litigation demonstrates that Google has complied with its discovery obligations. It does not support Plaintiffs' demands for hyperlinks from nearly *one hundred times* that number of documents months after fact discovery closed. *See* Mot. Ex. 4 (November 2023 request for hyperlinks in 3 documents).

closed, and Google should have no obligation to produce any documents in this case over and above the six million that Plaintiffs have already received.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court deny Plaintiffs' motion to compel.

Dated: February 7, 2024

Eric Mahr (*pro hac vice*)
Julie S. Elmer (*pro hac vice*)
Andrew J. Ewalt (*pro hac vice*)
Claire Leonard (*pro hac vice*)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com
julie.elmer@freshfields.com
andrew.ewalt@freshfields.com
claire.leonard@freshfields.com

Justina Sessions (*pro hac vice*)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
justina.sessions@freshfields.com

Daniel S. Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Respectfully submitted,

*/s/ Craig C. Reilly*
CRAIG C. REILLY (VSB # 20942)
209 Madison Street
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (*pro hac vice*)
Jeannie Rhee (*pro hac vice*)
William Isaacson (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kdunn@paulweiss.com
jrhee@paulweiss.com
wisaacson@paulweiss.com
amauser@paulweiss.com

Bradley Justus (VSB # 80533)
David Pearl (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com
dpearl@axinn.com

*Counsel for Google LLC*