# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>　　　　　*Plaintiffs*,<br><br>vs.<br><br>GOOGLE LLC,<br><br>　　　　　*Defendant.* | No: 1:23-cv-00108-LMB-JFA |

**DECLARATION OF VAISHNAVI PALAVALLI IN SUPPORT OF
GOOGLE LLC'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL GOOGLE TO PRODUCE ALL DATA AND
INFORMATION REFERRED TO AND/OR RELIED ON BY ITS TESTIFYING EXPERTS**

I, Vaishnavi Palavalli, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am employed by Defendant Google LLC ("Google") as a Legal Discovery Project Manager. My responsibilities include managing the collection, review, and production of Google's documents for litigations and investigations. In the course of my responsibilities, I am familiar with the processes by which Google collects and produces documents stored on its systems in discovery and with the tools available to facilitate collection and production.

2. I respectfully submit this declaration in support of Google's Memorandum of Law in Opposition to Plaintiffs' Motion to Compel Google to Produce All Data and Information Referred to and/or Relied on by Its Testifying Experts in *United States v. Google LLC*, No. 1:23-cv-00108-LMB-JFA (E.D. Va.) (the "Opposition"). I understand that the Opposition relates to Plaintiffs' January 26, 2024 request for linked documents in 299 Bates-numbered documents (hereinafter, "Plaintiffs' January 26 Request").

3. The contents of this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Google's discovery processes, and a reasonable inquiry into the issues arising in this matter, informed by my conversations with colleagues at Google. I am competent to testify to the matters set forth herein.

4. Google employees use cloud-based Google Workspace services to create and store emails and documents, including Google Docs, Sheets, and Slides.

5. When a Google employee creates a new Workspace document, the employee typically creates that document within the Google Workspace environment. The employee can share the Workspace document with others by downloading and sending a static copy as an attachment to an email, or by using the "share" function within the application to send a link to the document to others.

6. Hyperlinks within an email or a Workspace document are not in any way "attached" to that email or document, nor are they stored with that email or document. These hyperlinks simply point to a separate location where that underlying link lives. A hyperlink may point to any number of different locations, including but not limited to, Workspace documents, external websites, or other internal or external tools or portals.

7. Sending a link in an email or in a Workspace document is not by itself sufficient to provide the recipient access to the underlying link, whether it points to a Workspace document or other location. Rather, the recipient of the link must also have independent permission to view that linked location. In other words, if a link points to a Workspace document, the recipient must have been provided access to that Workspace document in order to view that linked document. Similarly, if a link points to a location other than a Workspace document, the recipient would need permission to access that location in order to view that linked location.

8. Google does not have an automated tool to search and collect all hyperlinked documents. For Google to ensure all hyperlinks have been accounted for, it would have to conduct a manual process. On a hyperlink-by-hyperlink basis, Google would be required, at the very least, to: (1) obtain a native copy of the email or Workspace document containing the hyperlink; (2) identify each hyperlink; (3) extract the hyperlink information; (4) run a search in the review database to find the hyperlinked document; (5) if not in the review database, search other data sources for the document; (6) collect the document (if found); (7) process the document into the review database; (8) complete a review for privilege; and (9) produce the document (to the extent it is not privileged).

9. This process would have to be repeated for all hyperlinks in every Bates-numbered document in Plaintiffs' January 26 Request. Depending on the number of hyperlinks in a document, the identification process alone can take anywhere from a few minutes per document to a few hours. This does not include the additional time for collection, processing, review, and production.

10. I understand that, on January 12, 2024, Plaintiffs sent Google a separate request for linked documents for 197 Bates-numbered documents. Those 197 documents contain more than 2,200 links.[1]

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 7th day of February, 2024, in San Francisco, California.

_/s/ Vaishnavi Palavalli_
Vaishnavi Palavalli

---

[1] I understand that Plaintiffs have excluded from their request certain links within the 197 documents that are covered by a previously negotiated agreement by the parties.

3