UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br>                      *Plaintiffs*,<br>- against -<br>GOOGLE LLC,<br>                      *Defendant*. | No. 1:23-cv-00108-LMB-JFA |

**DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL**

In support of their motion to compel production hyperlinked documents identified in 299 other documents that were referred to or relied on in Defendant's expert reports, Plaintiffs filed a redacted motion to compel (Dkt. No. 519) together with two sealed exhibits (Dkt. Nos. 519-2 & 519-3) and one redacted exhibit (Dkt. No. 519-4). Sealed versions were also filed (Dkt. No. 523). Plaintiffs also filed a motion to seal, brief in support, and notice of sealing motion (Dkt. Nos. 521, 522 & 524). Plaintiffs do not support filing these materials under seal but did so, they say, only to comply with their obligations under the operative Protective Order.

Google LLC ("Google") now responds to the sealing motion and shows that the sealed exhibits and redacted information should remain under seal pending further order of the Court. Google submits that only a "good cause" standard applies to justify sealing because this is a discovery motion, and that "good cause" to seal is established here because the documents at issue constitute confidential business information that would not have been disclosed but for this litigation, and information concerning the identities, focuses, and conclusions of experts that Google has retained in this matter that, if disclosed, would give MDL Plaintiffs and State Plaintiffs

1

in the Texas Case an unfair tactical advantage. Even if the higher common-law sealing standard were to apply, sealing would still be warranted to protect Google from competitive harm. Therefore, the motion to seal should be granted, and the sealed or redacted materials should remain sealed pending further order of the Court.

## LEGAL STANDARD

Before allowing documents to be filed under seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

Civil discovery materials may be shielded from public disclosure under Rule 26(c) for "good cause." That rule specifically identifies "confidential . . . commercial information" as information that may be shielded for good cause. Fed. R. Civ. P. 26(c)(1)(G). The rule also extends to the protection of privacy rights. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984) ("Although [Rule 26(c)] contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule."). When a discovery motion is filed, courts apply the same "good cause" standard, which allows courts to seal confidential discovery materials that are filed by the parties in support of, or in opposition to, a discovery motion upon a simple showing of "good cause."

Separately, under the common-law standard, a trial court may "seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

**ARGUMENT**

Google respectfully requests that the Court grant Google's motion to seal because all three requirements from Ashcraft are satisfied here and sealing is appropriate under both the "good cause" and common-law standards.

**I.   *Ashcraft*'s Procedural Requirements for Sealing Have Been Satisfied.**

*First*, Plaintiffs have provided public notice of the request to seal, and interested parties will have an opportunity to object. Pursuant to Local Civil Rule 5(C), Plaintiffs have publicly filed a Notice of Motion to Seal. Entry of that Notice and the supporting documents on the Court's public docket will notify any interested parties of Plaintiffs' sealing motion and provide interested persons with "an opportunity to object." *Knight Publ'g*, 743 F.2d at 234.

*Second*, the sealing request is limited to confidential material referenced in Plaintiffs' Motion to Compel and attached exhibits. The proposed redactions will still provide the public access to the legal arguments in support of Plaintiffs' Motion while protecting Google's confidential and commercially sensitive business information and information concerning Google's experts. *See United States ex rel. Carter v. Halliburton Co.*, 2011 WL 8204612, at *3 (E.D. Va. Nov. 29, 2011) (limited redaction approved, as opposed to "sealing the brief *in toto*"). Placing Exhibits 2 and 3 completely under seal is necessary and appropriate because those exhibits entirely reflect Google's sensitive confidential business information. *See E.W., LLC v. Rahman*, 2012 WL 2841401, at *3 (E.D. Va. Sept. 4, 2012) (granting motion to place exhibits under seal where they "focused almost entirely on . . . highly sensitive business information"). Exhibit 4 contains limited redactions to only the disclosures of sensitive confidential business information.

*Third*, as detailed in Section II, Google has provided the specific reasons supporting sealing. In accordance with Local Civil Rule 5(C), Google has provided a proposed order containing the required findings.

## II. Google's Confidential Information Should Be Protected from Public Disclosure

"Confidential information acquired or compiled by a corporation in the course and conduct of its business is a species of property to which the corporation has the exclusive right and benefit, and which a court of equity will protect through the injunctive process or other appropriate remedy." *Carpenter v. United States*, 484 U.S. 19, 26 (1987) (citation omitted). The owner of confidential business information realizes value through "keeping confidential and making exclusive use" of that information. *Id.* Because public disclosure of confidential business information would deprive the owner of his exclusive use of it, the Court may protect that information through an "appropriate remedy"—here, sealing.

Federal courts have long protected a party's property interest in confidential business information that has been produced under compulsion. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (court files may be sealed to prevent them from becoming "sources of business information that might harm a litigant's competitive standing"); *Knight Publ'g*, 743 F.2d at 235 (judicial records may be sealed to prevent others from "gaining a business advantage" from materials filed with the court). As set forth below, Google seeks to keep under seal and redact sensitive confidential business information that would not have been disclosed but for the commencement of this lawsuit:

- Exhibit 2 (filed under seal as Dkt. No. 519-2), is stamped Highly Confidential and is an internal product design memorandum that reflects potential changes to Google's ad tech

products. The entire document contains sensitive business strategy that constitutes confidential business information.

- Exhibit 3 (filed under seal as Dkt. No. 519-3), is stamped Highly Confidential and is an internal strategy memorandum with appended meeting notes that reflects business views and strategy on product development and how Google can market its products to its customers. The entire document contains sensitive business strategy that constitutes confidential business information.

- Exhibit 4 (filed with redactions as Dkt. No. 519-4), is an email thread between Google's outside counsel in this matter and counsel for Plaintiffs. The redacted portions contain quotes from or summaries of internal Google documents and reflect elements of Google's product and pricing strategy. The redacted portions therefore contain sensitive business strategy that constitutes confidential business information.

Public disclosure of sensitive confidential business information contained in these documents would harm Google, potentially placing it at a competitive disadvantage. Accordingly, sealing Exhibits 2-3 in total and Exhibit 4 with redactions is appropriate. *See, e.g.*, *In re Zetia (Eztimibe) Antitrust Litig.*, 2020 WL 1558123, at *1 (E.D. Va. Feb. 7, 2020) (granting motion to seal "confidential communications and information that are not generally known," the disclosure of which "would cause competitive harm" and place party "at a competitive disadvantage"); *Halozyme, Inc. v. Matal*, 2017 WL 8772044, at *1 (E.D. Va. Oct. 10, 2017) (granting motion to seal documents "appear[ing] to contain confidential and commercially sensitive information").

As to Plaintiffs' Motion to Compel itself, Google requests sealing only material reflecting sensitive information about the identities, focuses, and conclusions of experts that Google has retained in this matter, as well as quotations and descriptions of Exhibits 2 and 3 referenced in

Plaintiffs' Motion to Compel.  In addition to the need to protect Google's confidential business information reflected in Plaintiffs' Motion to Compel, sealing this information is consistent with the Coordination Order (Dkt. No. 201) and this Court's recent ruling denying MDL Plaintiffs' request that the Coordination Order be modified to allow them to access Plaintiffs' expert reports in this action.  As this Court noted, Google would be prejudiced if MDL Plaintiffs and State Plaintiffs in the Texas Case were to receive *Plaintiffs'* expert reports ahead of time.  *See* Jan. 26, 2024 Hr'g Tr. 29:24-30:1 (Dkt No. 516).  Such prejudice would be even greater if MDL Plaintiffs and State Plaintiffs were to be able to view substantive information pertaining to *Google's* expert reports.

### III.     Sealing is Justified Under Both the Good Cause and Common-Law Standards.

Before sealing a document filed with the Court, the Court must determine which sealing standard applies.  There are three different standards: (i) First Amendment, (ii) common-law, and (iii) good cause.  The first two, the First Amendment and common-law rights of access, apply only to "judicial records." Non-judicial records, like the discovery documents at issue here, are governed by Rule 26's "good cause" standard.  *See, e.g.*, *Smithkline Beecham Corp. v. Abbott Labs.*, 2017 WL 11552659, at *3-4 (M.D.N.C. Mar. 7, 2017).  Discovery materials become "judicial records" before trial only if they are filed in support of, or in opposition to, a dispositive motion.

Civil discovery generally is "conducted in private as a matter of modern practice," *Seattle Times*, 467 U.S. at 33, and discovery materials are not filed as a matter of course, Fed. R. Civ. P. 5(d)(1)(A).  Therefore, discovery proceedings are "not public components of a civil trial." *See Seattle Times*, 467 U.S. at 33.  For documents filed in connection with discovery motions, there is no common-law right of access.  *See Smithkline*, 2017 WL 11552659, at *4 (concluding that "no

6

public access right attaches to the documents at issue" because the documents "related to a discovery motion"); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("[W]e hold there is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions, whether these motions are case dispositive or not, but no such right as to discovery motions and their supporting documents."); *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) ("material filed with discovery motions is not subject to the common-law right of access"); *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 11 (1st Cir. 1986) ("[T]here is no right of public access to documents considered in civil discovery motions.").

Therefore, the sealing standard for exhibits filed in connection with a discovery motion is the "good cause" standard set forth in Rule 26(c).

**A. Sealing for "Good Cause" is Appropriate.**

Under the "good cause" standard, the Court may enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed." Fed. R. Civ. P. 26(c)(1)(G). To establish "good cause" under the Rule 26(c) standard, a party "must establish that the information sought is covered by the rule and that it will be harmed by disclosure." *In re Wilson*, 149 F.3d 249, 252 (4th Cir. 1998). As shown above, the information contained in the sealed exhibits constitutes Google's confidential information, the public disclosure of which would cause harm to Google. Thus, Google has satisfied the "good cause" standard, and the Court can—and should—protect this information by sealing Exhibits 2 and 3 in total, and the redacted portions of Plaintiffs' Motion to Compel and Exhibit 4.

**B. Sealing Under the Common-Law Right of Access is Also Appropriate.**

The Court should still seal Google's confidential materials even if it determines Google's documents qualify as judicial records. The First Amendment right of access does not extend to civil, non-dispositive motions. *See Va. Dep't State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). At most, then, the common-law right of access would apply. *See Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988). Under the common-law right of access, a court may "seal documents if the public's right of access is outweighed by competing interests." *Knight Publ'g*, 743 F.2d at 235. Protecting confidential business information has long been recognized as a significant private interest that overcomes the common-law right of access and justifies sealing of judicial records. *See Warner Commc'ns*, 435 U.S. at 598; *Knight Publ'g*, 743 F.2d at 235. Thus, to overcome the common-law right of access and maintain the sealing or redaction of documents, a litigant may show that the right of access is "outweighed by competing interests," including that the materials contain confidential business information, the disclosure of which would be harmful. *Knight Publ'g*, 743 F.2d at 235.

As shown in Section II above, Google seeks to seal its confidential business information and sensitive strategic information pertaining to its experts, the value of which would be eroded or extinguished by disclosure in the public judicial record. Disclosure would cause competitive harm by disincentivizing innovation and by handing over strategic customer strategy, as well as business and pricing information, giving unearned advantages to competitors and potential partners. Disclosure of material related to its experts would contravene the Coordination Order, this Court's recent ruling denying MDL Plaintiffs and State Plaintiffs early access to expert materials, and give those Plaintiffs an unfair tactical advantage. Accordingly, Google has made

8

the necessary showing to warrant keeping the exhibits and redacted information under seal under the common-law right of access standard.

## CONCLUSION

For the reasons argued above, the pending motion to seal (Dkt. No. 521) should be granted. A proposed order is submitted herewith.

Dated: February 9, 2024

Eric Mahr (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Julie Elmer (*pro hac vice*)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

Justina Sessions (pro hac vice)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
justina.sessions@freshfields.com

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
David Peal (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

Respectfully submitted,

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ.
209 Madison Street
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (*pro hac vice*)
Jeannie H. Rhee (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile (202) 223-7420
kdunn@paulweiss.com

Meredith Dearborn (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (646) 432-5100
Facsimile: (202) 330-5908
mdearnborn@paulweiss.com

*Counsel for Defendant Google LLC*