UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **UNITED STATES,** *et al.*,<br><br>*Plaintiffs*,<br><br>vs.<br><br>**GOOGLE LLC,**<br><br>*Defendant.* | No: 1:23-cv-00108-LMB-JFA |

### JOINT MOTION FOR AN ORDER REGARDING EXPERT DISCOVERY

PURSUANT TO Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Civil Rule 16(B), Defendant Google LLC ("Google") and the Plaintiffs seek leave for Plaintiffs to file a supplemental expert report and for the parties to complete two expert depositions, one by Plaintiffs and one by Google, after the expert discovery cut-off, now set as March 8, 2024 (Docket No. 440). The grounds and reasons for granting this relief are stated below.

1. On February 5, 2024, Plaintiffs notified Google that one of Google's experts had cited and relied on certain data in his report that they believed that they did not have in their possession (the "Google Data").[1] It is Google's position that the Google Data is a subset of data that Google produced to Plaintiffs, and the parties agree that Google provided the Google Data to Plaintiffs in the form requested on February 6, 2024. The parties then met and conferred regarding the manner in which the Google Data could be used by Plaintiffs' expert and related issues.

---

[1] The Google Data bears Bates numbers GOOG-AT-MDL-DATA-000561426 to GOOG-AT-MDL-DATA-000561535 and GOOG-AT-MDL-DATA-000561425.

1

2. Having reached agreement, the parties respectfully request that the Court allow the adjustments described below to the expert discovery schedule.

**I.   Supplemental Expert Report**

3. The parties request leave for Plaintiffs' expert to submit a supplemental expert report on or before March 4, 2024 to address the following portions of Google's expert's report to the extent that those portions rely upon the Google Data: Table 8, Figures 45, 51, 70, and 141, a bullet point on page 30, footnotes 420 and 855, and paragraphs 279-280, 312, 326-328, 330-332, 541-542, and 594, and any footnotes related to those paragraphs.

4. Plaintiffs' expert's supplemental report may also contain analyses that rely on the Google Data, as long as the Google Data is essential to the analysis.[2]

5. The parties request that they be permitted to make use of Plaintiffs' supplemental report as if it had been served on or before February 13, 2024.

**II.   Expert Depositions**

6. The parties request leave of Court to conduct two expert depositions—one of each side's relevant expert—at mutually agreed-upon dates and times after March 8, 2024, but no later than March 15, 2024.

7. This extension will allow the parties to depose each other's expert, including on any opinions or analyses that are part of the supplemental expert report.

8. The parties request that they be permitted to make use of these depositions as if they had been completed on or before March 8, 2024.

---

[2] Google Data will be considered essential to an analysis if the analysis could not be run without incorporating the Google Data.

2

**III.    Good Cause for Granting Relief**

9. Generally, when a party seeks to modify the scheduling order, the Court must consider whether there is any "danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *Roe v. Howard*, No. 1:16-cv-562, 2017 U.S. Dist. LEXIS 187258, at *1-2 (E.D. Va. June 30, 2017). Furthermore, a showing of "good cause" to modify the scheduling order "requires 'the party seeking relief [to] show that the deadline cannot reasonably be met despite the party's diligence.'" *Cook v. Howard*, 484 Fed. Appx. 805, 815 (4th Cir. 2012) (per curiam) (citations omitted); *accord* Fed. R. Civ. P. 16, 1983 Adv. Comm. Notes (the movant must show that the current deadlines "cannot reasonably be met despite the diligence of the party seeking" the modification). The parties submit that good cause exists under this test to justify extending the current schedule for expert discovery.

10. The good cause factors favor allowing the adjustments described above to the current schedule for expert discovery. *First*, there will be no prejudice to another party. *Second*, this discovery is expected to be completed promptly and will not impede the rest of the schedule. *Third*, under the circumstances, it is not feasible to complete this discovery prior to the current expert discovery cut-off. The parties have acted in good faith and submit that this limited extension will further resolution of issues in this case on the merits. Accordingly, good cause exists to allow Plaintiffs to serve a supplemental report on or before March 4, 2024 as described in paragraphs 3 and 4 above, and for the parties to conduct these expert depositions after March 8, 2024 and on or before March 15, 2024.

WHEREFORE, Google and the Plaintiffs request that the Court grant this motion for leave for Plaintiffs to serve a supplemental report on or before March 4, 2024. The parties

further request that the Court grant this motion to allow the parties to use Plaintiff's supplemental report as if it had been served on or before February 13, 2024. The parties further request that the Court grant this motion for leave to complete two expert depositions after the close of expert discovery and to allow the parties to use these depositions as if they had occurred on or before March 8, 2024. A proposed order is submitted herewith.

***The parties waive oral argument on this procedural motion.***

Dated: February 23, 2024

Eric Mahr (*pro hac vice*)
Julie S. Elmer (*pro hac vice*)
Andrew J. Ewalt (*pro hac vice*)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com
julie.elmer@freshfields.com
andrew.ewalt@freshfields.com

Justina Sessions *(pro hac vice)*
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
justina.sessions@freshfields.com

Daniel S. Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Respectfully submitted,

*/s/ Craig C. Reilly*
CRAIG C. REILLY (VSB # 20942)
209 Madison Street
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (*pro hac vice*)
Jeannie Rhee (*pro hac vice*)
William Isaacson (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kdunn@paulweiss.com
jrhee@paulweiss.com
wisaacson@paulweiss.com
amauser@paulweiss.com

Bradley Justus (VSB # 80533)
David Pearl (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com
dpearl@axinn.com

*Counsel for Google LLC*

**FOR PLAINTIFFS:**

| | |
|---|---|
| JESSICA D. ABER<br>United States Attorney<br><br>*/s/ Gerard Mene*<br>GERARD MENE<br>Assistant U.S. Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3777<br>Facsimile: (703) 299-3983<br>Email: Gerard.Mene@usdoj.gov<br><br> */s/ Julia Wood*<br>JULIA TARVER WOOD<br>*/s/ Michael Freeman*<br>MICHAEL J. FREEMAN<br>*/s/ Brent Nakamura*<br>BRENT K. NAKAMURA<br><br>United States Department of Justice<br>Antitrust Division<br>450 Fifth Street NW, Suite 7100<br>Washington DC 20530<br>Telephone: (202) 307-0077<br>Facsimile: (202) 616-8544<br>Email: Julia.Tarver.Wood@usdoj.gov<br>Email: Michael.Freeman@usdoj.gov<br><br>Attorneys for the United States | JASON S. MIYARES<br>Attorney General of Virginia<br><br>*/s/ Andrew Ferguson*<br>ANDREW N. FERGUSON<br>Solicitor General<br>STEVEN G. POPPS<br>Deputy Attorney General<br>TYLER T. HENRY<br>Assistant Attorney General<br><br>Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us<br><br>Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia |