IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 1:23-cv-108 (LMB/JFA) |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

ORDER

For the reasons stated in open Court, defendant Google LLC's Motion to Reset Trial Date, [Dkt. No. 532], is DENIED, and it is hereby

ORDERED that the jury trial will begin on Monday, September 9, 2024, at 10:00 a.m. in Courtroom 700 with the selection of ten (10) jurors. All subsequent trial days will begin at 9:30 a.m. and trial will be held five days a week for no more than six weeks. Each trial day will conclude at approximately 6:00 p.m.

The parties' Joint Proposal Regarding Revised Briefing Schedule for All Pretrial Dates and Deadlines, [Dkt. No. 542], is GRANTED IN PART and DENIED IN PART, and it is hereby

ORDERED that:

1. All summary judgment and <u>Daubert</u> motions be filed by Friday, April 26, 2024, with oppositions due by Friday, May 17, 2024, and reply briefs due by Friday, May 31, 2024. Oral argument on these motions will be held on Friday, June 14, 2024 at 10:00 a.m.;

2. All witness lists, trial exhibit lists, and deposition designations be filed by Friday, June 28, 2024, and any objections to proposed witnesses, trial exhibits, or deposition designations be filed by Friday, July 12, 2024;

3. Any party proposing to use any confidential documents or confidential deposition testimony of third parties must notify the third party by Friday, June 28, 2024 that their documents or deposition testimony has been listed for use at trial, and any party or non-party who objects to the public use of confidential documents or testimony must file a specific objection with a proposed acceptable redaction of the information by Friday, July 19, 2024. All objections to a party's or a non-party's proposed redactions or to the use of confidential information in any respect must be filed by Friday July 26, 2024. If oral argument is needed to address treatment of confidential information in exhibits or deposition designations, it will be held on Friday, August 2, 2024, at 10:00 a.m.;

4. All motions in limine, unresolved issues concerning deposition designations, and any other pretrial matter must be filed by Friday, August 9, 2024, with oppositions due by Friday, August 16, 2024, and reply briefs due by Friday, August 23, 2024. If oral argument is needed, it will be held on Wednesday, September 4, 2024, at 10:00 a.m.; and it is further

ORDERED that any proposed juror voir dire questions and jury instructions be filed by Friday, August 9, 2024. The parties should submit one set of agreed upon voir dire questions and one set of agreed upon jury instructions. Any additional questions or instructions for which the parties could not agree should be filed separately. A Microsoft Word version of all proposed questions and instructions must be sent directly to chambers; and it is further

ORDERED that the parties are allowed an additional five (5) pages only for their summary judgment opening, opposition, and reply briefs. No other pleadings may exceed the standard page limits set forth in the local rules; and it is further

ORDERED that the parties are strongly encouraged to stipulate to as many facts as they can and to work together on a joint tutorial for the jury. The Court will not consider any objections to the tutorial—if the parties cannot agree, then a tutorial will not be presented to the jury. Any tutorial on which the parties agree must be made available for the Court's review no later than close of business on Wednesday, September 4, 2024; and it is further

ORDERED that, with the exception of opening statements which are limited to thirty (30) minutes per side, the plaintiffs' request for a "chess clock timing system" be and is DENIED WITHOUT PREJUDICE. If the trial should get behind schedule, a timing system may be imposed; and its is further

ORDERED that the plaintiffs' request to have Aaron M. Teitelbaum serve as local counsel pursuant to E.D.V.A. Local Rule 83.1(D)(1) as a Special Assistant U.S. Attorney under 28 U.S.C. § 515 be and is DENIED. An experienced attorney from the U.S. Attorney's Office must continue to serve as local counsel in this civil action; however, that attorney is not required to sit at counsel table but must be in the courtroom during the trial.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 26 day of February, 2024.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge