IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>       *Plaintiffs*,<br><br>vs.<br><br>GOOGLE LLC,<br><br>       *Defendant*. | No. 1:23-cv-00108-LMB-JFA |

**MEMORANDUM OF LAW IN SUPPORT OF
GOOGLE LLC'S *EMERGENCY* MOTION FOR ENLARGEMENT OF
THE PAGE LIMITS FOR SUMMARY JUDGMENT BRIEFING**

Summary judgment "is an important tool for dealing with antitrust cases." *Kolon Indus. Inc.* v. *E.I. DuPont de Nemours & Co.*, 748 F.3d 160, 173 (4th Cir. 2014) (citation omitted). Since the close of discovery, Google has followed the Court's general guidance and focused "with laser efficiency" on the "core issues" that would "resolve" this case at summary judgment. (Mar. 10, 2023 Hr'g Tr. 27:2-4.) However, the case's complex subject matter, Plaintiffs' far-ranging claims and allegations, and the voluminous record prevent a full exposition of the "core issues" within the page limits authorized by the Court. (*see* Dkt. 547, *Order* at 2). Therefore, for good cause, Google respectfully requests that the Court allow 45-page opening and opposition briefs and 35-page replies.

**ARGUMENT**

After a prolonged multi-year investigation by the United States Department of Justice ("DOJ"), the United States and 17 State Attorneys General (together, "Plaintiffs") filed this lawsuit over a year ago challenging Google's alleged monopoly and anticompetitive practices in the digital advertising technology ("ad tech") industry. Plaintiffs allege five separate claims. The first three of these claims allege monopolization or attempted monopolization of so-called

markets for three types of ad tech products that are capable of facilitating "open-web" display advertising. The fourth claim alleges unlawfully tying between Google's publisher ad server and ad exchange. And, the fifth claim is a novel demand for damages brought on behalf of the United States of America. Google intends to move for summary judgment on issues that will resolve all of Plaintiffs' claims.

Thorough briefing is necessary in order to dispose of Plaintiffs' claims. The Court will have to decide issues of great significance, given Plaintiffs' legal theories are contrary to established Supreme Court precedent and there are serious questions as to whether each element of each claim is supported by competent facts and expert evidence. To adjudicate the case fully and fairly at this stage, the Court should have the benefit of clear and comprehensive briefing.

Local Civil Rule 7(F)(3) limits parties to 30 pages for opening and opposition briefs and 20 pages for replies. While the Court's February 26, 2024 order—entered prior to the completion of expert discovery—provided the parties five additional pages per brief, now that all discovery has been completed, it has become apparent that five additional pages is not sufficient. A party, of course, must show "good cause" to enlarge the page limits. *See DAG Petrol. Suppliers, LLC* v. *BP P.L.C.*, 1:05-cv-1323, 2006 U.S. Dist. LEXIS 60106, *4 (E.D. Va. Aug. 9, 2006). Good cause exists here because of the complexity, novel issues, and sheer magnitude of the case.

The Fourth Circuit has repeatedly recognized that "summary judgment is 'an important tool for dealing with antitrust cases." *Kolon*, 748 F.3d at 173 (quoting *Oksanen v. Page Mem'l Hosp.*, 945 F.2d 696, 708 (4th Cir. 1991) (en banc)). Indeed, "antitrust cases are 'particularly well-suited for Rule 56 utilization' due to the 'unusual entanglement of legal and factual issues' they often present." *Kolon*, 748 F.3d at 173 (quoting *Thompson Everett, Inc.* v. *Nat'l Cable Adver., L.P.*, 57 F.3d 1317, 1322 (4th Cir. 1995)). Given this "unusual entanglement of legal

2

and factual issues" it is unsurprising that Courts in the District often grant page limit extensions in complex antitrust cases. *See, e.g.*, *In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18-md-2836 (E.D. Va. July 31, 2020), ECF No. 1019 (50 and 45 pages for each of the defendants' summary judgment briefs, respectively); *In re: Interior Molded Doors Antitrust Litig.*, No. 3:18-cv-718 (E.D. Va. Feb. 20, 2020), ECF No. 191 (40 pages for summary judgment brief); *Steve & Sons, Inc.* v. *Jeld-Wen, Inc.*, No. 3:16-cv-545 (E.D. Va. Sept. 21, 2017), ECF No. 372 (40 pages for summary judgment brief). A similar enlargement of page limits is warranted here.

Google has carefully analyzed the factual record and has identified multiple issues ripe for summary judgment. In a case like this, where Plaintiffs bear the burden of proof, Google may prevail on summary judgment by showing that there is no genuine dispute as to material facts "essential to" Plaintiffs' claims, and that Google is entitled to judgment as a matter of law. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322-23 (1986). To make that showing, however, Google must take great care to faithfully address the "essential" facts of each of Plaintiffs' claims.[1]

As Plaintiffs' Amended Complaint (which itself is 140 pages) recognizes, Plaintiffs' alleged markets involve "sophisticated technological tools" handling a "complex series of transactions," which have "evolved" over time. (Dkt. 120, Am. Compl. ¶¶ 3, 42.) While Google will be as concise as possible, adequately explaining these complex products requires a considerable number of pages in the brief. Moreover, Plaintiffs' Amended Complaint alleges ten different types of exclusionary or anticompetitive conduct stretching back as far as 2007. (*E.g.*, *id.* ¶¶ 79, 312, 326.) Addressing each alleged form of conduct necessarily takes up a

---

[1] The record in this case is voluminous. Google produced nearly three million documents and over 30 Google witnesses for deposition during the DOJ's pre-suit investigation. The DOJ's investigative file also includes approximately five million documents obtained from third parties. In this action, Google and third-parties have produced over 3 million more documents, and the parties have taken dozens of additional depositions. During expert discovery, the parties ultimately disclosed a combined total of 17 experts with thousands of pages of reports.

significant amount of space, no matter how concise the description. Similarly, laying out the United States' pursuit of damages in this case, on behalf of eight separate Federal Agency Advertisers, and describing the essential facts with respect to each and every one of the Agency Advertisers, requires numerous pages. (*see* Dkt. 408-2 at 3-4.) This is all before laying out the legal analysis and arguments as to why the markets are impermissible, conduct is lawful, and damages improper. This requires more than the 35 pages currently allotted.

Google has diligently worked to keep its summary judgment briefing within the page limit set by the Court. But after a thorough and good faith effort to concisely state the facts and arguments, Google submits that the additional pages now sought are necessary for a full and clear exposition of the issues for the Court's consideration. Therefore, Google respectfully requests that opening and opposition briefs be enlarged to 45 pages, and replies enlarged to 35 pages.

To enable the Court to adequately perform its adjudicative functions in this important antitrust case, Google respectfully requests limited additional pages to thoroughly present its summary judgment arguments.

## CONCLUSION

For the foregoing reasons, Google respectfully requests an enlargement of the summary judgment page limits to 45 pages for opening and opposition briefs, and 35 pages for replies.

### Meet and Confer Statement

Google has met and conferred with Plaintiffs regarding this motion. Plaintiffs have requested that Google state the following regarding Plaintiffs' position on this motion: "Plaintiffs oppose the relief requested. However, to the extent that the Court grants additional pages to Google, Plaintiffs would ask for the same number of additional pages."

4

| | |
|---|---|
| Dated: April 17, 2024 | Respectfully submitted, |
| | |
| Eric Mahr (*pro hac vice*) | */s/ Craig C. Reilly* |
| Andrew Ewalt (*pro hac vice*) | Craig C. Reilly (VSB # 20942) |
| Julie Elmer (*pro hac vice*) | THE LAW OFFICE OF |
| Justina Sessions (*pro hac vice)* | CRAIG C. REILLY, ESQ. |
| Lauren Kaplin (*pro hac vice*) | 209 Madison Street, Suite 501 |
| Jeanette Bayoumi (*pro hac vice*) | Alexandria, VA 22314 |
| Claire Leonard (*pro hac vice*) | Telephone: (703) 549-5354 |
| Sara Salem (*pro hac vice*) | Facsimile: (703) 549-5355 |
| Tyler Garrett (VSB # 94759) | craig.reilly@ccreillylaw.com |
| FRESHFIELDS BRUCKHAUS | |
| DERINGER US LLP | Karen L. Dunn (*pro hac vice*) |
| 700 13th Street, NW, 10th Floor | Jeannie H. Rhee (*pro hac vice*) |
| Washington, DC 20005 | William A. Isaacson (*pro hac vice*) |
| Telephone: (202) 777-4500 | Amy J. Mauser (*pro hac vice*) |
| Facsimile: (202) 777-4555 | Martha L. Goodman (*pro hac vice*) |
| eric.mahr@freshfields.com | Bryon P. Becker (VSB #93384) |
| | Erica Spevack (*pro hac vice*) |
| Daniel Bitton (*pro hac vice*) | PAUL, WEISS, RIFKIND, WHARTON & |
| AXINN, VELTROP & HARKRIDER LLP | GARRISON LLP |
| 55 2nd Street | 2001 K Street, NW |
| San Francisco, CA 94105 | Washington, DC 20006-1047 |
| Telephone: (415) 490-2000 | Telephone: (202) 223-7300 |
| Facsimile: (415) 490-2001 | Facsimile (202) 223-7420 |
| dbitton@axinn.com | kdunn@paulweiss.com |
| | |
| Bradley Justus (VSB # 80533) | Meredith Dearborn (*pro hac vice*) |
| David Pearl (*pro hac vice*) | PAUL, WEISS, RIFKIND, WHARTON & |
| Allison Vissichelli (*pro hac vice*) | GARRISON LLP |
| AXINN, VELTROP & HARKRIDER LLP | 535 Mission Street, 24th Floor |
| 1901 L Street, NW | San Francisco, CA 94105 |
| Washington, DC 20036 | Telephone: (646) 432-5100 |
| Telephone: (202) 912-4700 | Facsimile: (202) 330-5908 |
| Facsimile: (202) 912-4701 | mdearnborn@paulweiss.com |
| bjustus@axinn.com | |
| | *Counsel for Google LLC* |