IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al.,            ) | |
|                                   ) | |
|           Plaintiffs,             ) | |
|      v.                           ) | No. 1:23-cv-00108-LMB-JFA |
|                                   ) | |
| GOOGLE LLC,                       ) | |
|                                   ) | |
|           Defendant.              ) | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL

Pursuant to Local Civil Rule 5, Plaintiffs, through their undersigned counsel, hereby respectfully submit the instant memorandum of law in support of their motion to seal certain portions of Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Exclude Expert Testimony of Anthony Ferrante as well as certain exhibits attached to the same motion. The redacted portions contain information designated by Google as highly confidential or confidential under the parties' protective order (ECF No. 98 ¶ 23). The unredacted brief and exhibits have been filed electronically using the sealed filing events.

## INTRODUCTION

Plaintiffs' Motion reference and attach the following material that Google has designated as highly confidential or confidential: (i) the expert report of Google's expert Anthony Ferrante; (ii) certain portions of his depositions. Pursuant to paragraph 23 of the Protective Order (ECF No. 98), through this motion Plaintiffs inform the Court of the confidentiality designations of these materials and request that the Court seal the redacted portions of the memorandum and exhibit, and maintain the redacted memorandum and exhibits on the public docket, in order to provide Google sufficient time to provide the Court with support for the need to seal the redacted

portions of the memorandum and exhibits. But for the requirements of the Protective Order, Plaintiffs would not seek to seal these portions of the exhibit.

## ARGUMENT

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The common law presumption in favor of public access can be overcome only by a showing that a litigant has "some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Accordingly, before ordering the sealing of a document, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the document[], and (3) provide specific reasons and factual findings supporting its decision to seal the document[] and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also* Local Civ. R. 5(C).

Plaintiffs do not believe the information redacted from their Motion and the exhibits attached to their Motion is of a type that outweighs the presumption in favor of public access. Nonetheless, because the material was designated as confidential by Google, Plaintiffs have filed the present motion in accordance with their obligations under paragraph 23 of the Protective Order. As stated in the notice filed concurrently with this memorandum, any interested member of the public and any other party may indicate their position on the motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court maintain the redactions and sealing of Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Exclude Expert Testimony of Anthony Ferrante as well as certain exhibits attached to the same motion.

Dated: April 26, 2024

Respectfully submitted,

| | |
|---|---|
| JESSICA D. ABER<br>United States Attorney | JASON S. MIYARES<br>Attorney General of Virginia |
| /s/ Gerard Mene<br>GERARD MENE<br>Assistant U.S. Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3777<br>Facsimile: (703) 299-3983<br>Email: Gerard.Mene@usdoj.gov | /s/ Tyler T. Henry<br>STEVEN G. POPPS<br>Deputy Attorney General<br>TYLER T. HENRY<br>Assistant Attorney General<br><br>Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us |
| /s/ Julia Tarver Wood<br>JULIA TARVER WOOD<br>/s/ Michael J. Freeman<br>MICHAEL J. FREEMAN<br>/s/ Amanda M. Strick<br>AMANDA M. STRICK<br>United States Department of Justice<br>Antitrust Division<br>450 Fifth Street NW, Suite 7100<br>Washington, DC 20530<br>Telephone: (202) 307-0077<br>Fax: (202) 616-8544<br>Email: Michael.Freeman@usdoj.gov<br>Attorneys for the United States | Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia |