# EXHIBIT 98

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **UNITED STATES,** *et al.*, | |
| Plaintiffs, | |
| **v.** | **Civil Action No. 1:23-cv-00108-LMB-JFA** |
| **GOOGLE LLC,** | |
| Defendant. | |

**DEFENDANT GOOGLE LLC'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Court for the Eastern District of Virginia (the "Local Rules"), Defendant Google LLC ("Google"), by its undersigned counsel, hereby responds to Plaintiffs' First Set of Requests for Admission as follows.

**Request 1**

Admit that all documents produced by your company in response to the Civil Investigative Demands issued by the United States in its investigation, and in response to any request for production of documents served on your company by Plaintiffs in this matter, are authentic, are true and correct copies of documents found in the files of your company, and were prepared and/or maintained by your company in the regular course or conduct of business activities.

**Objection to Request 1**

Google objects to Request 1 as overbroad, unduly burdensome, and disproportionate to the needs of the case because it requires Google to investigate and authenticate the millions of documents and many terabytes of data it has produced to Plaintiffs in this case. *See White v. Home Depot U.S.A., Inc.,* No. 1:05-CV-00683, 2006 WL 1517724, at *2 (D. Colo. May 26, 2006) (finding plaintiff's request that defendant admit to the authenticity of "every document produced

1

in this case" to be "overbroad" where "*thousands* of papers of documents" had been produced by the defendant) (emphasis added).  Google is willing to meet and confer to appropriately narrow this request.

**Response to Request 1**

Google cannot confirm or deny this Request because it would require an extremely burdensome investigation into the provenance of, and individual responses as to, the millions of documents and many terabytes of data Google has produced to Plaintiffs in this case.  For example, Google is aware that certain documents and data produced in this case were created specifically in response to Plaintiffs' requests and were not "prepared and/or maintained by [Google] in the regular course or conduct of business activities."  Other documents may, due to production or other errors, not be "true and correct copies" of the original documents found in Google's files.  Google remains willing to meet and confer to appropriately narrow this request.

**Request 2**

Admit that Google divides Google services into Product Areas that correspond to the products and services offered.

**Response to Request 2**

Google admits that it divides its products and services into business units, known as "product areas," that focus on particular products or sets of products.

**Request 3**

Admit that Google's Product Areas are abbreviated as "PA."

**Response to Request 3**

Google admits that, in the ordinary course of its business, it uses the abbreviation "PA" to refer to the term "product area." Google denies this Request to the extent it seeks an admission that Google abbreviates all "Product Areas," as defined by Plaintiffs, as "PA."

**Request 4**

Admit that DVAA is a Product Area.

**Response to Request 4**

Google admits that DVAA was a Product Area from the fourth quarter of 2015 through October 31, 2019.  After that date, the products previously contained within the DVAA Product Area were divided among two successor Product Areas:  Apps, Video & Display (AViD) and Buying, Analytics & Measurement (BAM).   Internally, Google has referred to DVAA, AViD, and BAM as "product area groups."

**Request 5**

Admit that each month Google creates separate P&L statements for each of Google's PAs.

**Objection to Request 5**

Google objects to Request 5 as requesting an admission that is overbroad and not relevant to any party's claims or defenses.  As defined, PAs include business units within Google that have little or no relation to Google's display advertising businesses.  Whether Google creates "separate" P&L statements for "each" of those PAs is therefore not relevant to this case.

Google further objects to Request 5 as vague and ambiguous as the Request does not qualify the relevant time period for the Request and Google's practices may have changed over time.  Google is willing to meet and confer to better understand and appropriately narrow this Request.

**Response to Request 5**

Google admits that Google creates separate P&L statements for some, but not all, of Google's PAs on a monthly basis.

Dated: September 1, 2023                    Respectfully submitted,

                                            */s/ Joseph Bial*
                                            Karen L. Dunn (*pro hac vice*)
                                            Jeannie Rhee (*pro hac vice*)
                                            William Isaacson (*pro hac vice*)
                                            Joseph Bial (*pro hac vice*)
                                            Amy J. Mauser (*pro hac vice*)
                                            Martha L. Goodman (*pro hac vice*)
                                            Bryon P. Becker (VSB # 93384)
                                            Erica Spevack (*pro hac vice*)
                                            PAUL, WEISS, RIFKIND, WHARTON &
                                            GARRISON LLP
                                            2001 K Street NW
                                            Washington, DC 20006
                                            Telephone: (202) 223-7300
                                            Facsimile: (202) 223-7420
                                            kdunn@paulweiss.com
                                            jrhee@paulweiss.com
                                            wisaacson@paulweiss.com
                                            jbial@paulweiss.com
                                            amauser@paulweiss.com
                                            mgoodman@paulweiss.com
                                            bpbecker@paulweiss.com
                                            espevack@paulweiss.com

                                            Meredith Dearborn (*pro hac vice*)
                                            PAUL, WEISS, RIFKIND, WHARTON &
                                            GARRISON LLP
                                            535 Mission Street, 24th Floor
                                            San Francisco, CA 94105
                                            Telephone: (646) 432-5100
                                            Facsimile: (202) 330-5908
                                            mdearnborn@paulweiss.com

                                            Erin J. Morgan (*pro hac vice*)
                                            PAUL, WEISS, RIFKIND, WHARTON &
                                            GARRISON LLP
                                            1285 Avenue of the Americas
                                            New York, NY 10019-6064
                                            Telephone:  (212) 373-3387
                                            Facsimile:  (212) 492-0387
                                            ejmorgan@paulweiss.com

21

Eric Mahr (*pro hac vice*)
Julie S. Elmer (*pro hac vice*)
Andrew J. Ewalt (*pro hac vice*)
Lauren Kaplin (*pro hac vice*)
Jeanette Bayoumi (*pro hac vice*)
Sara Salem (*pro hac vice*)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
Email: eric.mahr@freshfields.com

Daniel S. Bitton (*pro hac vice*)
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
David Pearl (*pro hac vice*)
Allison Vissichelli (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com
dpearl@axinn.com
avissichelli@axinn.com

CRAIG C. REILLY (VSB # 20942)
209 Madison Street
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
Email: Craig.reilly@ccreillylaw.com

*Counsel for Google LLC*