# Exhibit 4

| | |
|---|---|
| **From:** | Wood, Julia (ATR) |
| **To:** | Andrew EWALT; Rob McCallum |
| **Cc:** | Teitelbaum, Aaron (ATR); Wolin, Michael (ATR); Vernon, Jeffrey (ATR); Choi, Stephanie (ATR) |
| **Subject:** | Items for Discussion |
| **Date:** | Tuesday, June 6, 2023 6:50:25 PM |

Andy and Rob,

I would like to find time this week to discuss the following topics:

1. **Discovery Coordination with Texas AG Case**
   As luck would have it, the day our Coordination Order was entered, the JMPL remanded the Texas AG case back to E.D. Texas.  As contemplated by the Coordination Order, we would like to meet and confer regarding how to handle this development.

2. **Remedies Phase**
   It occurs to me that we have not discussed how to handle any fact and expert discovery that might be uniquely relevant to the remedies Plaintiffs will seek in the event that liability is established.  I would like to discuss a protocol for both, to make sure we have a meeting of the minds on this before we get too close to the close of fact discovery and the beginning of expert discovery.

3. **Preliminary Witness List Exchanges.** As we have explained in recent correspondence, we are concerned that Google's initial disclosures, even as supplemented on June 1, do not provide sufficient information for the Plaintiffs to meaningfully conduct discovery in a manner consistent with the schedule that the court has set for this case.  As you know, Google's initial disclosures identified no third parties by name, stating only that Google "may use" discoverable information from "individuals currently or formerly employed by third parties, including but not limited to advertisers**,** advertising agencies, sellers of advertising inventory, and sellers of advertising technology services."  Google Initial Disclosures at 4 (4/18/2023).  After we noted that this information was insufficient, see, e.g., Letter from Kelly Garcia (5/17/2023), Google submitted supplemental disclosures that list approximately **195** entities (not including the parties or Federal Agency Advertisers).  That list is so large that the United States cannot meaningfully conduct discovery, including depositions, on the time frame set forth for this case.  In addition, Google's list includes almost no information about which individuals at those entities might have discoverable information that Google might rely on at trial, further compounding the problem.  To address this issue, we would like to discuss an appropriate protocol for the parties to share preliminary trial witness lists so that both sides can use their limited depositions most efficiently.

Please let me know when you could meet this week to discuss these topics.

Best,
Julia

**Julia Tarver Wood**
Senior Litigation Counsel
United States Department of Justice, Antitrust Division
450 Fifth Street NW | Washington, DC 20530

(202) 552-9047 (Mobile Phone)
**Julia.Tarver.Wood@usdoj.gov**
*Pronouns: She/Her/Hers*