# EXHIBIT 16

HIGHLY CONFIDENTIAL

Page 1

```
IN THE UNITED STATES DISTRICT COURT
  FOR THE EASTERN DISTRICT OF VIRGINIA
           ALEXANDRIA DIVISION
_____

UNITED STATES,      )1:23-cv-00108-LMB-JFA
et al.,             )
                    )
    Plaintiffs,     )
                    )
vs.                 )
                    )
GOOGLE LLC,         )
                    )
    Defendants.     )
_____)


            - HIGHLY CONFIDENTIAL -


      VIDEOTAPED 30(b)(6) DEPOSITION OF

  UNITED STATES DEPARTMENT OF VETERANS AFFAIRS

             through the testimony of

                    KOBY SMITH

                 August 31, 2023

                   4:09 p.m.


    Reported by:  Bonnie L. Russo
          Job No. CS6074125
```

HIGHLY CONFIDENTIAL

Page 2

1  Videotaped 30(b)(6 Deposition of United States
2  Department of Veterans Affairs through the
3  testimony of Koby South held at:
4
5
6      Paul Weiss Rifkind Wharton & Garrison, LLP
7      2001 K Street, N.W.
8      Washington, D.C.
9
10
11
12
13
14
15
16
17
18   Pursuant to Notice, when were present on behalf
19   of the respective parties:
20
21
22

Page 3

1  APPEARANCES:
2  On behalf of the Plaintiffs:
3    SEAN CARMAN, ESQUIRE
     VICTOR LIU, ESQUIRE
4    ALVIN CHU, ESQUIRE
     KATHERINE E. CLEMONS, ESQUIRE
5    UNITED STATES DEPARTMENT OF JUSTICE
     450 Fifth Street, N.W., Suite 700
6    Washington, D.C. 20530
     sean.carman@usdoj.gov
7    victor.liu@usdoj.gov
     alvin.chu@usdoj.gov
8    katherine.clemons@usdoj.gov
9
   On behalf of the Defendant:
10
     ERIN J. MORGAN, ESQUIRE
11   PAUL, WEISS, RIFKIND,
     WHARTON & GARRISON, LLP
12   1285 Avenue of the Americas
     New York, New York 10019
13   ejmorgan@paulweiss.com
14       -and-
15   HEATHER MILLIGAN, ESQUIRE
     ANNELISE CORRIVEAU, ESQUIRE
16   MARTHA L. GOODMAN, ESQUIRE (Via Remote)
     PAUL, WEISS, RIFKIND,
17   WHARTON & GARRISON, LLP
     2001 K Street, N.W.
18   Washington, D.C. 20006
     hmilligan@paulweiss.com
19   acorriveau@paulweiss.com
     mgoodman@paulweiss.com
20
21 Also Present:
   Orson Braithwaite, Videographer
22 Laura Reass, Department of Veterans Affairs

Page 4

1           I N D E X
2  EXAMINATION OF KOBY SOUTH          PAGE
3  BY MS. MORGAN                       7
4
5
6
         EXHIBITS
7
         (NONE.)
8
...
22

Page 5

1           P R O C E E D I N G S
2           (4:09 p.m.)
3
4           THE VIDEOGRAPHER:  We are going on
5  the record at 4:09 p.m. on August 31, 2023.
6           This is Media Unit 1 of the
7  video-recorded deposition of Mr. Koby South in
8  the matter of United States, et al., versus
9  Google LLC filed in the United States District
10 Court, Eastern District of Virginia, Alexandria
11 Division, Case No. 1:23-cv-00108-LMB-JFA.
12          My name is Orson Braithwaite
13 representing Veritext Legal Solutions, and I am
14 the videographer.  The court reporter is Bonnie
15 Russo from the firm Veritext Legal Solutions.
16          Counsel will now state their
17 appearances and affiliations for the record.
18          MS. MORGAN:  I'm Erin Morgan.  I'm
19 from the law firm Paul Weiss, and we represent
20 Google.  I am here with my two colleagues,
21 Heather Milligan and Annelise Corriveau.
22          MR. CARMAN:  Sean Carman for the

2 (Pages 2 - 5)

Page 74

1   MS. MORGAN: We can address that off
2   the record. I don't think that's right.
3        BY MS. MORGAN:
4   Q.   We talked in your 30(b)(1)
5   deposition about when you learned about the
6   lawsuit that Google filed in the -- sorry,
7   strike that.
8        We talked in your 30(b)(1)
9   deposition about when you personally learned
10  about the lawsuit the Department of Justice
11  filed against Google in the Eastern District of
12  Virginia.
13       Do you remember that?
14  A.   Yes.
15  Q.   I want to talk to you in your role
16  as the representative of the Department of
17  Veterans Affairs about when the Department of
18  Veterans Affairs learned of that lawsuit.
19       Do you know when that was?
20  A.   February of this year.
21  Q.   At the time that the Department of
22  Veterans Affairs learned that the Department of

Page 75

1   Justice had filed a lawsuit in the Eastern
2   District of Virginia against Google, had that
3   lawsuit already been filed?
4   A.   I don't know the specific date when
5   the lawsuit was filed.
6   Q.   But in your prep for this deposition
7   as the representative of the VA, you understand
8   that they learned -- that the VA learned of the
9   lawsuit in February?
10  A.   Correct.
11  Q.   Do you know if anyone from the
12  Department of Justice spoke to anyone inside
13  the Department of Veterans Affairs before
14  filing the lawsuit?
15       MR. CARMAN: So I object to the
16  extent this calls for attorney-client
17  communication and instruct you in your answer
18  not to disclose any conversations between
19  lawyers from the Department of Justice and the
20  Veterans Administration.
21       MS. MORGAN: I was not done asking
22  the question, so I'm going to say the question

Page 76

1   again and then you can make your objection
2   again.
3        BY MS. MORGAN:
4   Q.   Do you know if anyone from the
5   Department of Justice spoke to anyone inside
6   the Department of Veterans Affairs in advance
7   of filing the lawsuit against Google in the
8   Eastern District of Virginia?
9        MR. CARMAN: Objection. Calls --
10  objection. Because it seeks communications
11  between attorneys at the Department of Justice
12  and Veterans Administration and others, so I
13  instruct you not to answer to the extent your
14  answer would reveal communications between
15  lawyers at the Department of Justice and
16  individuals at the VA.
17       BY MS. MORGAN:
18  Q.   Were you prepared to testify today
19  about your involvement in -- the Department of
20  Veterans Affairs' involvement in communications
21  -- sorry, scratch that.
22       Were you prepared to testify today

Page 77

1   about the Department of Veterans Affairs, the
2   circumstances that led to the Department of
3   Veterans Affairs to be involved in the lawsuit,
4   including any efforts that the Department of
5   Veterans Affairs undertook to investigate the
6   Department of Justice's claims?
7        Were you prepared to testify about
8   how the Department of Veterans Affairs got
9   involved in the lawsuit today?
10       MR. CARMAN: Objection as to form.
11       THE WITNESS: I don't -- I don't
12  understand the question.
13       MS MORGAN: It's a topic that was
14  agreed upon in this notice, that the Department
15  of Veterans Affairs would testify about the
16  circumstances that led the department to be
17  involved in this lawsuit, and I understand you
18  now to be saying that he can't testify on that
19  topic because it's privileged. Am I right
20  about that?
21       MR. CARMAN: No, that is not -- that
22  is not correct. He testified as to when the

Page 78

1  Veterans Administration learned of the lawsuit
2  and that was an answer to your question about
3  the circumstances that led VA to be involved in
4  the lawsuit.
5         BY MS. MORGAN:
6     Q.  Tell me everything you know that is
7  not from a lawyer, about the circumstances that
8  led the Department of Veterans Affairs to be
9  involved in this lawsuit.
10        MR. CARMAN:  Okay.  So I will have
11 -- object again to attorney-client privilege.
12        You can answer.
13        THE WITNESS:  I do not know anything
14 other than what I have discussed with -- with
15 lawyers related to the Department of Veterans
16 Affairs being involved in this lawsuit.
17        BY MS. MORGAN:
18    Q.  Is it the Department of Justice's
19 position that the only responsive information
20 to noticed Topic No. 30 is the date on which
21 the Department of Veterans Affairs learned of
22 the lawsuit?

Page 79

1         MR. CARMAN:  Before we answer that
2  question, can I confer with my colleague.
3         MS. MORGAN:  Sure.  Let's go off the
4  record.
5         MR. CARMAN:  Okay.
6         THE VIDEOGRAPHER:  The time is
7  p.m.  We are off the record.
8         (A short recess was taken.)
9         THE VIDEOGRAPHER:  The time is
10 p.m.  This begins Unit 2.  We are on the
11 record.
12        MR. CARMAN:  So following --
13 following our break, I wanted to clarify two
14 things.  The first is that with regard to
15 questions to Mr. South about -- sorry.
16        This is -- Topic 30, the
17 circumstances that led you, capital Y-O-U, to
18 be involved in the lawsuit including any
19 efforts you undertook to investigate your
20 claim.
21        The United States is taking the
22 position that Mr. South can testify about the

Page 80

1  dates of such conversation between DOJ and VA
2  occurred, and the people involved in those
3  conversations, but we will fall back on our
4  objection or we will reiterate our objection
5  about not disclosing the substance of those
6  conversations or any attorney work product.
7         And then with respect to Topic 26 in
8  the notice, I wanted to put on the record that
9  we have -- our understanding is, we have agreed
10 with Google that questioning along this typic
11 will be subject to our standing objection, that
12 this topic is not an appropriate topic for a
13 30(b)(6) inquiry, because the United States is
14 going to rely on expert testimony to
15 demonstrate these facts.
16        MS. MORGAN:  Understood.  And
17 Google, I think not surprisingly, does not
18 agree with the Department of Justice's
19 position, reserves all rights in that regard,
20 but we understand how you want to proceed.
21        MR. CARMAN:  Thank you.
22        BY MS. MORGAN:

Page 81

1     Q.  Mr. South, you testified that the
2  Department of Veterans Affairs learned of the
3  Department of Justice's lawsuit against Google
4  in February of 2023.
5         Do you remember that?
6     A.  Yes.
7     Q.  Do you know who was involved in that
8  conversation from the Department of Veterans
9  Affairs?
10    A.  I don't know about the initial
11 communication that was made.  There was a
12 meeting established later that involved the
13 Department of Justice and, you know, the
14 Department of Veteran Affairs.
15        It was during that same month,
16 February 2023.  I hadn't -- unfortunately, had
17 some notes on this and I misplaced them, so
18 some of the names I have are just going to be
19 first names.
20        From the VA, it was definitely
21 Laura.  And Jason Fergosa, F-E-R-G-O-S-A, I
22 think.  From the Department of Justice, I think

Page 90

1  the record that Google was informed last night
2  by the Department of Justice that there were
3  several thousand documents of Mr. South's that
4  were not produced in advance of this
5  deposition.
6      So we reserve the right to reopen
7  the deposition should that become necessary
8  based on the documents we reviewed.
9      I will also reserve the right to
10 reopen the deposition as necessary on the
11 topics on which Mr. South is not prepared to
12 testify, including certain campaigns that were
13 listed earlier in the deposition and whether
14 Google products were used in connection with
15 other campaigns.
16     And I am going to -- and also, I'll
17 reserve rights on the Court's determination
18 about standing privilege objection.
19     In other words, I will reserve the
20 balance of my time for after the department
21 asks any questions if it wants to do that.
22     MR. CARMAN:  Okay.  Can we take a

Page 91

1  brief -- just a brief break?
2      MS. MORGAN:  Of course.
3      MR. CARMAN:  And then we will
4  resume.  I don't think we even have to leave
5  the room.  But we can go off the record.
6      THE VIDEOGRAPHER:  The time is
7  p.m.  Off the record.
8      (A short recess was taken.)
9      THE VIDEOGRAPHER:  The time is
10 p.m.  On the record.
11     MR. CARMAN:  Okay.  We just want to
12 say for the record that we don't agree that
13 there is a record in this deposition that
14 demonstrates that Mr. South was not prepared to
15 testify on any topic in the deposition notice,
16 and with that, we have no further questions.
17     MS. MORGAN:  Great.  I think we can
18 close the record.
19     THE VIDEOGRAPHER:  The time is
20 p.m.  Off the record.
21     (Whereupon, the proceeding was
22 concluded at 5:44 p.m.)

Page 92

1  CERTIFICATE OF NOTARY PUBLIC
2      I, Bonnie L. Russo, the officer before
3  whom the foregoing deposition was taken, do
4  hereby certify that the witness whose testimony
5  appears in the foregoing deposition was duly
6  sworn by me; that the testimony of said witness
7  was taken by me in shorthand and thereafter
8  reduced to computerized transcription under my
9  direction; that said deposition is a true
10 record of the testimony given by said witness;
11 that I am neither counsel for, related to, nor
12 employed by any of the parties to the action in
13 which this deposition was taken; and further,
14 that I am not a relative or employee of any
15 attorney or counsel employed by the parties
16 hereto, nor financially or otherwise interested
17 in the outcome of the action.
18
19 _____
20    Notary Public in and for
21    the District of Columbia
22 My Commission expires:  August 14, 2025.

Page 93

1  ACKNOWLEDGMENT OF DEPONENT
2      I, KOBY SOUTH, do hereby certify that I have
3  read the foregoing transcript of my testimony
4  taken on 8/31/23, and further certify that it
5  is a true and accurate record of my testimony
6  (with the exception of the corrections listed
7  below):
8  Page   Line       Correction
9  ____   ____   _____
10 ____   ____   _____
11 ____   ____   _____
12 ____   ____   _____
13 ____   ____   _____
14 ____   ____   _____
15 ____   ____   _____
16 ____   ____   _____
17 ____   ____   _____
18         _____
           KOBY SOUTH
19
   SUBSCRIBED AND SWORN TO BEFORE ME
20 THIS ____DAY OF _____, 2023.
21
   _____  _____
22 (NOTARY PUBLIC)   MY COMMISSION EXPIRES:
   Job No. CS6074125

24 (Pages 90 - 93)