# EXHIBIT 17

HIGHLY CONFIDENTIAL

Page 1

```
 1
 2          IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
 3                   ALEXANDRIA DIVISION
 4       _____
 5       UNITED STATES,      )1:23-cv-00108-LMB-JFA
         et al.,             )
 6                           )
             Plaintiffs,     )
 7                           )
         vs.                 )
 8                           )
         GOOGLE LLC,         )
 9                           )
             Defendants.     )
10       _____)
11
12
                    - HIGHLY CONFIDENTIAL -
13
14               VIDEOTAPED DEPOSITION OF
15                  CHRISTOPHER KARPENKO
16                    August 10, 2023
17                      9:35 a.m.
18
19
20
21
22       Reported by:  Bonnie L. Russo
         Job No. 6031969
```

Veritext Legal Solutions
800-567-8658                                        973-410-4098

---

HIGHLY CONFIDENTIAL

Page 2

```
 1       Videotaped Deposition of Christopher Karpenko
 2       held at:
 3
 4
 5
 6       Paul, Weiss, Rifkind, Wharton & Garrison, LLP
 7               2001 K Street, N.W.
 8                 Washington, D.C.
 9
10
11
12
13
14
15
16
17
18       Pursuant to Notice, when were present on behalf
19       of the respective parties:
20
21
22
```

Veritext Legal Solutions
800-567-8658                                        973-410-4098

---

HIGHLY CONFIDENTIAL

Page 3

```
 1     APPEARANCES:
 2
 3     On behalf of the Plaintiffs:
 4        JAMES RYAN, ESQUIRE
 5        DAVID GROSSMAN, ESQUIRE
 6        ALVIN CHU, ESQUIRE
 7        UNITED STATES DEPARTMENT OF JUSTICE
 8        450 5th Street, N.W.
 9        Washington, D.C. 20530
10        james.a.ryan@usdoj.gov
11        david.grossman@usdoj.gov
12        alvin.chu@usdoj.gov
13
14     On behalf of the Defendant:
15        MARTHA L. GOODMAN, ESQUIRE
16        ANNELISE CORRIVEAU, ESQUIRE
17        PAUL, WEISS, RIFKIND, WHARTON &
18        GARRISON, LLP
19        2001 K Street, N.W.
20        Washington, D.C. 20006
21        mgoodman@paulweiss.com
22        acorriveau@paulweiss.com
```

Veritext Legal Solutions
800-567-8658                                        973-410-4098

---

HIGHLY CONFIDENTIAL

Page 4

```
 1     APPEARANCES (CONTINUED):
 2
 3
 4     Also Present:
 5     Glen Fortner, Videographer
 6     Michael Weaver, United States Postal Service
 7
 8
 9     Also Present Via Remotely:
10     Julia Wood, DOJ
11     Sean Carman, DOJ
12     Katherine Clemens, DOJ
13     Jeannie S. Rhee, Paul, Weiss, Rifkind, Wharton
14     & Garrison, LLP
15
16
17
18
19
20
21
22
```

Veritext Legal Solutions
800-567-8658                                        973-410-4098

HIGHLY CONFIDENTIAL

Page 137

1  January of 2023 regarding ad spend?
2      A.   That may be difficult for me to
3  answer because the UM team is about media and
4  ad spend and it could encompass almost anything
5  tied to our advertising efforts.
6      Q.   Is it a normal part of your daily
7  work -- is it a routine part in your work to
8  have a one-on-one conversation with Ms. Catucci
9  about ad spend?
10     A.   It would not be an exception.
11     Q.   Okay.  And subsequent to January of
12 2023, have you requested information from
13 United -- Universal McCann based on a
14 conversation with your counsel?
15     A.   I'm not sure -- I'm not sure about
16 the question.  Could you help me.
17     Q.   Yeah.  After the complaint in this
18 case was filed in January of 2023, have you
19 made requests to Universal McCann for
20 information in order to participate in this
21 lawsuit?
22          MR. RYAN:  Counsel, I'm going to

HIGHLY CONFIDENTIAL

Page 138

1  object.  That's calling for privileged -- it's
2  calling for privileged communication.  I would
3  --
4          MS. GOODMAN:  It is precisely the
5  same kind of testimony you've already permitted
6  him to provide.  I am not asking for an
7  instance --
8          MR. RYAN:  Well, that was a mistake
9  on my part.
10         MS. GOODMAN:  -- I am asking a
11 yes-or-no question, which is whether he has
12 asked -- and I'll restate my question.
13         BY MS. GOODMAN:
14     Q.  Mr. Karpenko, after January of 2023,
15 have you requested information from Universal
16 McCann as a result of a conversation with your
17 counsel?
18     A.   I would say I have requested and
19 received various information from Universal
20 McCann both tied to privilege and not tied to
21 privilege.
22         MS. GOODMAN:  We're going to move to

HIGHLY CONFIDENTIAL

Page 139

1  compel on those communications too.
2          BY MS. GOODMAN:
3      Q.   Prior to January of 2023 in the
4  course of your work at the United States Postal
5  Service, did you ever develop any concerns that
6  Google was engaging in anticompetitive conduct?
7      A.   I was unaware of any anticompetitive
8  conduct from Google.
9      Q.   And in the course of your work as a
10 -- the executive director for brand marketing
11 at the postal service, did you ever develop any
12 concerns that you paid super-competitive prices
13 for Google products?
14     A.   Can you clarify the -- the question.
15     Q.   Yeah.  In the course of your work as
16 executive director for brand marketing and
17 participating as an advertiser in the
18 advertising space, did you ever develop any
19 concerns that the postal service was paying too
20 much money for products or services from
21 Google?
22         MR. RYAN:  Object to the form.

HIGHLY CONFIDENTIAL

Page 140

1          THE WITNESS:  In my role I have a
2  responsibility for hundreds of millions of
3  dollars of budget, so I am always keeping top
4  of mind that we're spending our investments or
5  our moneys appropriately and getting the best
6  value for that.
7          So from a macro perspective, we're
8  always looking at trying to get the best value.
9          BY MS. GOODMAN:
10     Q.   I appreciate that answer.  And my
11 question is a bit more specific.
12         Understanding that context that
13 you're always trying to get the best value for
14 USPS ad spend, my question is:  Did you ever
15 develop any concerns in the course of your work
16 as executive director for brand marketing that
17 the postal service was paying too much money
18 for products or services offered by Google?
19     A.   So --
20         MR. RYAN:  Object to form.
21         THE WITNESS:  So whether it's Google
22 or another entity, we -- we have a fixed budget

HIGHLY CONFIDENTIAL

Page 317

```
 1      Q.   And any other -- did he provide you
 2   -- other than putting all of his information on
 3   a share drive, did he provide you with any
 4   other information in connection with this
 5   lawsuit?
 6           MR. RYAN:  Just to the extent that
 7   it doesn't communicate -- this was not -- did
 8   not involve communications with counsel.
 9           THE WITNESS:  Nothing more that I'm
10   aware of.
11           BY MS. GOODMAN:
12      Q.   Than putting the information on a
13   share drive before he left; is that accurate?
14      A.   I don't recall him specifically
15   giving me any additional information, other
16   than making sure that he had his information
17   put onto a drive.
18      Q.   Got it.
19           MS. GOODMAN:  I have no further
20   questions for you at this time, Mr. Karpenko.
21   I will reserve the remainder of my time for the
22   questions that I was not permitted to ask the
```

HIGHLY CONFIDENTIAL

Page 318

```
 1   witness based on what we view as improper
 2   assertions of privilege.
 3           So I'll hold the deposition open for
 4   the record and I will pass the witness.
 5           MR. RYAN:  Any questions?  I would
 6   like to just note at this point, we would like
 7   -- it might be automatic, but just for the
 8   record, I just want to note that we want to
 9   designate the entire transcript -- treat it --
10   have it treated as highly confidential for the
11   time allotted in the protective order, to allow
12   portions of the transcript to be -- the proper
13   portions to be designated and any exhibits that
14   are highly confidential.
15           MS. GOODMAN:  Okay.
16           MR. RYAN:  No questions for the
17   witness.
18           MS. GOODMAN:  Thank you,
19   Mr. Karpenko.
20           THE WITNESS:  Thank you.
21           THE VIDEOGRAPHER:  This marks the
22   end of the deposition of Mr. Karpenko.  Going
```

HIGHLY CONFIDENTIAL

Page 319

```
 1   off the record at 19:05.
 2           (Whereupon, the proceeding was
 3   concluded at 7:05 p.m.)
```

HIGHLY CONFIDENTIAL

Page 320

```
 1           CERTIFICATE OF NOTARY PUBLIC
 2           I, Bonnie L. Russo, the officer before
 3   whom the foregoing deposition was taken, do
 4   hereby certify that the witness whose testimony
 5   appears in the foregoing deposition was duly
 6   sworn by me; that the testimony of said witness
 7   was taken by me in shorthand and thereafter
 8   reduced to computerized transcription under my
 9   direction; that said deposition is a true
10   record of the testimony given by said witness;
11   that I am neither counsel for, related to, nor
12   employed by any of the parties to the action in
13   which this deposition was taken; and further,
14   that I am not a relative or employee of any
15   attorney or counsel employed by the parties
16   hereto, nor financially or otherwise interested
17   in the outcome of the action.
18
19           _____
20                Notary Public in and for
21                the District of Columbia
22   My Commission expires:  August 14, 2025
```