# EXHIBIT 14

# FILED UNDER SEAL

HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:23-cv-108 (LMB/JFA) |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

# EXPERT REBUTTAL REPORT OF ADORIA LIM

_____

ADORIA LIM

February 13, 2024

HIGHY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

## I. Qualifications

1. I am a Principal at The Brattle Group, Inc. ("Brattle"). Brattle is an international consulting firm that provides consulting services in, among other things, accounting, finance, and economics covering a wide range of industries. Brattle has offices throughout North America, Europe, and in Australia. I am the head of Brattle's Accounting Practice and the head of Brattle's San Francisco office. I am a Certified Public Accountant (CPA) with two decades of experience in various roles at a Big Four accounting firm, a Fortune 500 publicly traded company, and as a consultant. I am a Certified Fraud Examiner (CFE). I am also Certified in Financial Forensics (CFF) and Accredited in Business Valuation (ABV) by the American Institute of Certified Public Accountants (AICPA). My work focuses on matters that involve accounting, finance, valuation, and damages issues.

2. Before coming to Brattle, I was a Principal with Corporate Diligence Specialists, LLC, a consulting firm that specializes in performing accounting and financial diligence in mergers and acquisitions (M&A). Prior to Corporate Diligence Specialists, LLC, I was a Principal at Cornerstone Research, an economic consulting firm. Prior to Cornerstone Research, I was an internal auditor and financial analyst at The Clorox Company. Prior to The Clorox Company, I was an auditor at Ernst & Young LLP, where I conducted audits for public and private clients of varying sizes in a diverse range of industries.

3. Throughout my career, I have examined a wide range of financial reporting, management reporting, and other accounting issues. My experience also includes various damages and profitability analyses. I have reconstructed financial records, traced transactions through accounting systems, and reviewed payment and cash flow information.

4. I earned a BA in Economics from the University of California, Los Angeles (UCLA) and an MBA from Stanford University. My curriculum vitae, which includes a list of my publications and my prior testimony, is included as **Appendix A: Curriculum Vitae**.

## II. Assignment

5. Dr. Thomas S. Respess III submitted a report in this matter on December 22, 2023 ("Respess Initial Report")[1] on behalf of the United States. This rebuttal report incorporates my

---

[1] Expert Report of Thomas S. Respess III, December 22, 2023 ("Respess Initial Report").

HIGHY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

adoption of the Respess Initial Report, including the opinions, analysis, and abbreviations noted therein. Given this adoption, in this report, I will refer to the Respess Initial Report as my own. **Appendix C: Updated P&L Figures** contains updated Figures 23, 24, 28, 30, and 31 from the Respess Initial Report. **Appendix D: Glossary of Terms and Abbreviations** is a glossary of terms and abbreviations used in the Respess Initial Report and this report. **Appendix E: Respess Initial Report (Corrected for Errata)** is a copy of the Respess Initial Report, corrected for errata.

6.      On January 23, 2024, several experts submitted reports in this matter on behalf of Google. The report of Dr. Douglas Skinner ("Skinner Report")[2] and certain aspects of the report of Dr. Judith Chevalier ("Chevalier Report")[3] criticized the analyses and opinions presented in the Respess Initial Report. In addition, the report of Dr. Mark Israel ("Israel Report")[4] makes statements regarding the conclusions that one can reach about Google's market power in the Relevant Product Markets based on my profitability analysis in this case. The United States has asked me to respond to those matters in this rebuttal report.

7.      Staff at Brattle have assisted me by performing work at my direction. All of the opinions and conclusions stated in this report are my own. Brattle is being compensated for my work at a rate of $800 per hour. Neither Brattle's compensation nor my compensation is contingent upon my opinions, my testimony, or the outcome of this matter.

8.      My opinions and conclusions are based on the evidence that has been provided to me to date, as well as my knowledge and expertise gained during my professional career. In forming my opinions in this report, in addition to the sources I relied upon in preparing the Respess Initial Report, I have relied upon the additional documents listed in **Appendix B: Additional Documents Relied Upon**. I reserve the right to modify or supplement my conclusions as additional information is made available to me, or as I perform further analysis.

---

[2]  Expert Report of Douglas Skinner, January 23, 2024 ("Skinner Report").
[3]  Expert Report of Judith A. Chevalier, January 23, 2024 ("Chevalier Report").
[4]  Expert Report of Mark A. Israel, January 23, 2024 ("Israel Report").

# XI. Appendix E: Respess Initial Report (Corrected for Errata)

HIGHLY CONFIDENTIAL

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:23-cv-108 (LMB/JFA) |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**EXPERT REPORT OF DR. THOMAS S. RESPESS III**

*/s/ T.S. Respess III*

THOMAS S. RESPESS III

December 22, 2023†

† Amended to reflect the errata filed January 13, 2024.

**Figure 18: Summary of Platform Fees Overcharge for FAA Purchase Pathways
DV360 and Google Ads
January 25, 2019 – January 24, 2023**

| | | | | | |
|---|---|---|---|---|---|
| **AdX Revenues** | [1] | $ | 41,256,699 | | |
| **Platform Fee** | [2] | | 4,279,919 | | |
| **But-For Take Rate** | | | 10.0% | 16.2% | 16.6% |
| AdX Overcharge to FAAs | [3] | | 667,962 | 179,221 | 147,689 |
| Platform Fee Overcharge | [4] | | 68,373 | 17,672 | 14,401 |

*Sources*:

[1]: **Figure 16**, column [A].

[2]: **Figure 16**, column [C].

[3]: **Appendix D, Figure 36:** [5], [8], [11] respectively. **Figure 36** is a reprise of **Figure 17** but excluding TTD-related damages.

[4]: **Appendix D, Figure 37:** [5], [7], [9] respectively.

*Notes*: This analysis only calculates the Platform Fees Overcharge for spend through DV360 and Google Ads. USPS pathways include amounts only from January 2021 onward.

### 3. Summary of Damages to FAAs

78.  **Figure 19** below is a summary of damages to the FAAs. I start with the AdX Overcharge to the FAAs, *i.e.,* Column [A]. I then add Column [B], Platform Fees Overcharge to the FAAs, to arrive at Column [C], Total Damages to the FAAs.

**Figure 19: Summary of Damages to FAAs
January 25, 2019 – January 24, 2023**

| But-For Take Rate | AdX Overcharge to FAAs [A] | Platform Fees Overcharge to FAAs [B] | Total Damages to FAAs [C] = [A] + [B] |
|---|---|---|---|
| **10.0%** | $676,779 | $68,373 | $745,152 |
| **16.2%** | 181,728 | 17,672 | 199,399 |
| **16.6%** | 149,789 | 14,401 | 164,189 |

*Sources*: [A]: **Figure 17,** row [5]. [B]: **Figure 18**, row [4]. *Note*: USPS pathways only include amounts from January 2021 onward.

36

## VIII. Prejudgment Interest

79.     I understand that the court may rule that the United States is entitled to prejudgment interest ("PJI") in this matter, which is "simple interest on actual damages for the period beginning on the date of service of the pleading… and ending on the date of judgment[.]"[58] The United States has instructed me to calculate prejudgment interest using the weekly average 1-year constant maturity Treasury yield as published by the Board of Governors of the Federal Reserve System.

80.     I calculate prejudgment interest from January 24, 2023 (the date of service of the complaint) through June 30, 2024, a hypothetical judgment date. I use actual interest rates available through the date of this report. For the time period between the date of this report and the hypothetical judgment date, I do not have actual interest rates, so I use the last actual interest rate published prior to the date of this report.

81.     In addition to prejudgment interest, I understand that the United States is also entitled to treble damages.[59] **Figure 20** summarizes the results of my calculations for prejudgment interest and treble damages below:

**Figure 20: Summary of Damages and Prejudgment Interest**

| But-For Take Rate [A] | AdX Overcharge [B] | Platform Fees Overcharge [C] | Total Damages [D] = [B] + [C] | Prejudgment Interest (PJI) [E] | Treble Damages [F] = [D] x 3 | PJI + Treble Damages [G] = [E] + [F] |
|---|---|---|---|---|---|---|
| 10.0% | $ 676,779 | $ 68,373 | $ 745,152 | $ 54,293 | $ 2,235,457 | $ 2,289,751 |
| 16.2% | 181,728 | 17,672 | 199,399 | 14,529 | 598,198 | 612,727 |
| 16.6% | 149,789 | 14,401 | 164,189 | 11,963 | 492,568 | 504,531 |

*Sources*: Federal Reserve H.15 Selected Interest Rates, accessed December 15, 2023.
[A] – [D]: See **Figure 19**.
*Note*: Prejudgment interest is based on total damages for the period, not treble damages.

---

[58]   15 U.S.C. § 15a.

[59]   *Id.* ("Whenever the United States is hereafter injured in its business or property by reason of anything forbidden in the antitrust laws it may sue therefor in the United States district court for the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by it sustained and the cost of suit.").