UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>              *Plaintiffs*,<br><br>  vs.<br><br>GOOGLE LLC,<br><br>              *Defendant*. | No. 1:23-cv-00108-LMB-JFA |

**MEMORANDUM OF LAW IN SUPPORT
OF GOOGLE LLC'S MOTION TO SEAL**

Pursuant to Local Civil Rule 5, Defendant Google LLC ("Google"), through its undersigned counsel, hereby respectfully submits the instant memorandum of law in support of its motion to seal Exhibits 1, 12, 13, 14, 20, and 21 attached to its Memorandum of Law in Support of its Motion to Dismiss the United States' Damages Claim as Moot and to Strike the Jury Demand as well as certain portions of its Memorandum of Law that reference those exhibits. With one exception, these exhibits and the redactions in the Memorandum of Law contain information designated by Plaintiffs as confidential or highly confidential under the parties' protective order (Dkt. 203 ¶ 20).

**INTRODUCTION**

Google's Memorandum of Law references, among other exhibits: (i) Plaintiff United States' privilege log designated by the United States as confidential; (ii) a National Highway Traffic Safety Administration (NHTSA) email and report designated by the United States as Confidential; (iii) discovery responses and objections from the United States containing information designated by the United States as highly confidential; and (iv) an excerpt of the expert rebuttal report of Adoria Lim, dated February 13, 2024, designated by Plaintiffs as highly

confidential. Additionally, Google seeks to keep Exhibit 21 partially under seal as it contains financial information protected from automatic public disclosure pursuant to Federal Rule of Civil Procedure 5.2.

Pursuant to paragraph 20 of the Protective Order (Dkt. 203), through this motion Google informs the Court of the confidentiality designations of these materials and requests that the Court seal these exhibits from the public docket, and maintain the redacted Memorandum of Law on the public docket, in order to provide Plaintiffs sufficient time to provide the Court with support for the need to seal these documents.

## **ARGUMENT**

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone* v. *Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id.* (quoting *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The common law presumption in favor of public access can be overcome only by a showing that a litigant has "some significant interest that outweighs the presumption." *Rushford* v. *New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Accordingly, before ordering the sealing of a document, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft* v. *Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also* Local Civ. R. 5(C).

First, Google has provided public notice of its request to seal, and interested parties will have an opportunity to object. Individual notice is not required, and the Court may give adequate

notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing, or by "docketing [the sealing request] in advance of deciding the issue." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Pursuant to Local Civil Rule 5(C), Google has publicly filed a Notice of Motion to Seal. Entry of that Notice and the supporting documents onto the Court's public docket will notify any interested parties of Google's sealing motion and provide interested persons with "an opportunity to object." *Id.*

Second, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. Here, Google has used limited sealing measures—*viz.*, redacting the brief and sealing or redacting only certain exhibits—which the Court should find is proper. *See United States ex rel Carter* v. *Halliburton Co.*, 2011 WL 8204612, at *3 (E.D. Va. Nov. 29, 2011) (limited redaction approved as opposed to "sealing the brief *in toto*"). Given the nature of the information, sealing the brief and exhibits is an appropriate, limited means by which to protect Plaintiffs' information designated confidential or highly confidential, as well as material automatically protected from public disclosure under Federal Rule of Civil Procedure 5.2.

Third, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard—either the First Amendment or the common law. Pursuant to Federal Rule of Civil Procedure 5.2, portions of Exhibit 21 are partially redacted to prevent the public disclosure of a financial account number. Sealing of that information is therefore appropriate. *Cf. Allstate Ins. Co.* v. *Warns*, 2013 WL 6036694, at *9 (D. Md. Nov. 12, 2013) ("sensitive financial information—in particular, personal checks and bank statements—[] need not be made publicly available.").

With the exception of the aforementioned portions of Exhibit 21, Google does not believe the information referenced in its memorandum or the exhibits cited therein is of a type that

outweighs the presumption in favor of public access. Nonetheless, because the material was designated as confidential or highly confidential by Plaintiffs, Google has filed the present motion in accordance with its obligations under paragraph 20 of the Protective Order. As stated in the notice filed concurrently with this memorandum, any interested member of the public and any other party may indicate their position on the motion.

## **CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court grant the motion to seal. A proposed order is submitted herewith.

Dated: May 16, 2024

Eric Mahr (pro hac vice)
Andrew Ewalt (pro hac vice)
Julie Elmer (pro hac vice)
Lauren Kaplin (pro hac vice)
Scott A. Eisman (pro hac vice)
Jeanette Bayoumi (pro hac vice)
Claire Leonard (pro hac vice)
Sara Salem (pro hac vice)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

Daniel Bitton (pro hac vice)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

Respectfully submitted,

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ.
209 Madison Street, Suite 501
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Kannon K. Shanmugam (pro hac vice forthcoming)
Karen L. Dunn (pro hac vice)
Jeannie S. Rhee (pro hac vice)
William A. Isaacson (pro hac vice)
Amy J. Mauser (pro hac vice)
Martha L. Goodman (pro hac vice)
Bryon P. Becker (VSB # 93384)
Erica Spevack (pro hac vice)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile (202) 223-7420
kdunn@paulweiss.com

Meredith Dearborn (pro hac vice)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (202) 330-5908
mdearnborn@paulweiss.com

Erin J. Morgan (pro hac vice)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3387
Facsimile: (212) 492-0387
ejmorgan@paulweiss.com

*Counsel for Defendant Google LLC*