# EXHIBIT 110

# REDACTED

HIGHLY CONFIDENTIAL

Page 1

```
 1                UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF VIRGINIA
 2                    ALEXANDRIA DIVISION
 3
     _____
 4                              :
     UNITED STATES OF AMERICA,  :
 5   et al.,                    :
                                :
 6         Plaintiffs           :
                                :
 7         v.                   :  No.  1:23-cv-00108
                                :
 8   GOOGLE, LLC,               :
                                :
 9         Defendants.          :
     _____:
10
11                   HIGHLY CONFIDENTIAL
12
                  Monday, August 21, 2023
13
14         Video Deposition of CHRISTOPHER KOEPKE,
15   taken at the Law Offices of Paul, Weiss,
16   Rifkind, Wharton & Garrison LLP, 2001 K St NW,
17   Washington, DC, beginning at 9:35 a.m. Eastern
18   Standard Time, before Ryan K. Black, Registered
19   Professional Reporter, Certified Livenote
20   Reporter and Notary Public in and for the
21   District of Columbia
22
23
24
25   Job No. CS6043164
```

HIGHLY CONFIDENTIAL

Page 2

APPEARANCES:

UNITED STATES DEPARTMENT OF JUSTICE
ANTITRUST DIVISION
BY: KATHERINE CLEMONS, ESQ.
    VICTOR LIU, ESQ.
    ALVIN CHU, ESQ.
    MARK SOSNOWSKY, ESQ. - Via Zoom
450 5th Street, N.W
Washington, DC 20530
202.514.2414
katherine.clemons@usdoj.gov
victor.liu@usdoj.gov
alvin.chu@usdoj.gov
mark.sosnowsky@usdoj.gov
Representing - The United States of America

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP,
BY: MARTHA L. GOODMAN, ESQ.
    HEATHER C. MILLIGAN, ESQ.
2001 K St NW,
Washington, DC
202.223.7341
mgoodman@paulweiss.com
hmilligan@paulweiss.com

Representing - Google LLC

ALSO PRESENT:
Orson Braithwaite - Legal Videographer
Kenneth Whitley - Department of Health and Human
        Services

Page 3

I N D E X
TESTIMONY OF: CHRISTOPHER KOEPKE          PAGE
By Ms. Goodman................................6

E X H I B I T S
EXHIBIT      DESCRIPTION          PAGE
Exhibit 65   a document Bates Numbered
             CMS-ADS-11906 through 11974...117

Exhibit 66   a document Bates Numbered
             CMS-ADS-23248 through 23337...136

Exhibit 67   a document Bates Numbered
             CMS-ADS-59892 through 59893...151

Exhibit 68   a document Bates Numbered
             CMS-ADS-593107 through 593110..167

Exhibit 69   a document Bates Numbered
             CMS-ADS-183807 through 183811..181

Exhibit 70   a document Bates Numbered
             CMS-ADS-529199 through 529200..190

Exhibit 71   a document Bates Numbered
             CMS-ADS-189390.................251

Exhibit 72   a document Bates Numbered
             CMS-ADS-64968 through 64971....258

Exhibit 73   a document Bates Numbered
             CMS-ADS-440295.................265

Exhibit 74   a document Bates Numbered
             CMS-ADS-531032 through 531072..268

Exhibit 75   a document Bates Numbered
             CMS-ADS-569654 through 569667..273

Page 4

1  THE VIDEOGRAPHER: Good morning. We are
2  going on the record at 9:35 a.m. on August 21st,
3  2023. Please note that the microphones are
4  sensitive and may pick up whispering and private
5  conversations. Please mute your phones at this
6  time. Audio and video recording will continue to
7  take place unless all parties agree to go off the
8  record.
9        This is Media Unit 1 of the
10 video-recorded deposition of Mr. Christopher
11 Koepke in the matter of United States, et al.,
12 versus Google, LLC, filed in the United States
13 District Court Eastern District of Virginia
14 Alexandria Division, Case Number
15 1:23-cv-00108-LMB-JFA.
16       My name is Orson Braithwaite,
17 representing Veritext Legal Solutions, and I'm
18 the videographer. The court reporter is Ryan
19 Black, from the firm Veritext Legal Solutions.
20       Counsel will now state their appearances
21 and affiliations for the record.
22       MS. GOODMAN: Martha Goodman, from Paul
23 Weiss, on behalf of Google LLC.
24       MS. MILLIGAN: Heather Milligan, also on
25 behalf of Paul Weiss, for Google.

Page 5

1  MS. CLEMONS: Katherine Clemons, with
2  the Department of Justice, on behalf of the
3  United States of America, CMS and the witness.
4        MR. LIU: Victor Liu, also with the
5  Department of Justice, on behalf of the United
6  States and CMS.
7        MR. CHU: Alvin Chu, on behalf of United
8  States.
9        MR. WHITLEY: Kenneth Whitley, Office of
10 General Counsel, Department of Health and Human
11 Services.
12       MS. GOODMAN: And could the folks
13 attending remotely please state your presence?
14       MR. SOSNOWSKY: Mark Sosnowsky,
15 Department of Justice, and I will be in and out
16 of this deposition remotely. So if you lose me,
17 please don't -- you can continue.
18       THE VIDEOGRAPHER: Thank you.
19       Would the court reporter please swear in
20 the witness?
21            *   *   *
22 Whereupon --
23       CHRISTOPHER KOEPKE,
24 called to testify, having been first duly sworn
25 or affirmed, was examined and testified as

Page 146

1  [REDACTED]
2  [REDACTED]
3  [REDACTED]
4      MS. CLEMONS: Objection; form.
5  Foundation.
6  [REDACTED]
7  [REDACTED]
8  [REDACTED]
9  [REDACTED]
10 [REDACTED]
11 [REDACTED]
12 [REDACTED]
13 [REDACTED]
14     MS. CLEMONS: Objection; form.
15 Foundation.
16     THE WITNESS: I would say -- I think the
17 simple answer is I don't know.
18 BY MS. GOODMAN:
19     Q. Okay. Can you turn to page ending in
20 261? Under OE10 Base Task 1, the last sentence
21 of the paragraph reads, "Performance channels
22 like display and social media will be optimized
23 in realtime to drive email signup and enrollment
24 conversions." Do you see that?
25     A. I do.

Page 147

1      Q. Okay. What do you understand that
2  sentence to mean?
3      MS. CLEMONS: Objection; foundation.
4      THE WITNESS: I didn't write the
5  sentence. But if I used the sentence, I would
6  mean it to mean, as we've already talked about
7  optimization, as you -- maybe we'll talk about it
8  again -- that channels like display, like display
9  and social media, so not only display and social
10 media, will be optimized in realtime to drive two
11 of our main goals, which is email signup or
12 enrollment conversions.
13 BY MS. GOODMAN:
14     Q. And is an example of realtime
15 optimization moving money between display and
16 social media channels?
17     MS. CLEMONS: Objection; form.
18 Foundation.
19     THE WITNESS: It could be.
20 BY MS. GOODMAN:
21     Q. Okay. Can you turn to Page 264?
22     Under the Channel and Placement Overview
23 section on this page, five paragraphs down begins
24 Display Media. Do you see where I am?
25     A. Yes.

Page 148

1      Q. Okay. And then in the middle of
2  paragraph it states, "We will continue to partner
3  with Google where we have continuously seen
4  efficient engagement and reach among individuals
5  who are in the market for health insurance."
6  What do you understand that sentence to mean in
7  your capacity as the director of the Strategic
8  Marketing Group?
9      MS. CLEMONS: Objection; foundation.
10 Form.
11     THE WITNESS: That CMS will work with
12 Weber Shandwick to purchase display services from
13 Google in the next Open Enrollment period.
14 BY MS. GOODMAN:
15     Q. And what connection, if any, does that
16 have to this efficient engagement that Weber
17 Shandwick has continuously seen with Google?
18     MS. CLEMONS: Objection; foundation.
19     THE WITNESS: In this case, we would
20 have to talk to the person who wrote the proposal
21 to get their full understanding of that.
22 BY MS. GOODMAN:
23     Q. In your experience, has CMS continuously
24 seen efficient engagement and reach using Google
25 products or services?

Page 149

1      MS. CLEMONS: Objection to form.
2      THE WITNESS: I would say we have seen
3  significant reach, and we -- I don't generally
4  use the term "efficient engagement," so I would
5  not say that.
6  BY MS. GOODMAN:
7      Q. What term would you use instead of
8  "efficient engagement"?
9      MS. CLEMONS: Objection to form.
10 Foundation.
11     THE WITNESS: I'd have to understand
12 what they mean by "efficient engagement" in order
13 to say what term I would use for that.
14 BY MS. GOODMAN:
15     Q. Okay. So do you have an un -- any
16 understanding of what "efficient engagement"
17 means in this sentence?
18     A. It would be purely conjectural on my
19 part.
20     Q. Okay. Can you turn to Page ending in
21 269?
22     A. Yes.
23     Q. In the paragraph under Driving Media
24 Value and Savings, the author states that "They
25 will work closely with Magna, the centralized

HIGHLY CONFIDENTIAL

Page 290

1  deposition is over and that Google does not have
2  grounds to hold the deposition open.
3       MS. GOODMAN:  Okay.  Thank you for your
4  time, Mr. Koepke.
5       THE WITNESS:  It was my pleasure.  This
6  was fun.
7       THE VIDEOGRAPHER:  Time is 6:23 p.m.
8  We're off the record.
9       (Deposition concluded -- 6:23 p.m.)

Page 291

                C E R T I F I C A T E

3       I do hereby certify that I am a Notary
4  Public in good standing, that the aforesaid
5  testimony was taken before me, pursuant to
6  notice, at the time and place indicated; that
7  said deponent was by me duly sworn to tell the
8  truth, the whole truth, and nothing but the
9  truth; that the testimony of said deponent was
10 correctly recorded in machine shorthand by me and
11 thereafter transcribed under my supervision with
12 computer-aided transcription; that the deposition
13 is a true and correct record of the testimony
14 given by the witness; and that I am neither of
15 counsel nor kin to any party in said action, nor
16 interested in the outcome thereof.

18      WITNESS my hand and official seal this
19 22nd day o

                    [signature]
22                Notary Public

Page 292

1  Katherine Clemons Esq
2  Katherine.clemons@usdoj.gov
3           August 22nd, 2023
4  RE:   United States, Et Al v. Google, LLC
5    8/21/2023, Christopher Koepke (#6043164)
6    The above-referenced transcript is available for
7  review.
8    Within the applicable timeframe, the witness should
9  read the testimony to verify its accuracy. If there are
10 any changes, the witness should note those with the
11 reason, on the attached Errata Sheet.
12   The witness should sign the Acknowledgment of
13 Deponent and Errata and return to the deposing attorney.
14 Copies should be sent to all counsel, and to Veritext at
15 (erratas-cs@veritext.com).
17  Return completed errata within 30 days from
18 receipt of testimony.
19  If the witness fails to do so within the time
20 allotted, the transcript may be used as if signed.

22         Yours,
23         Veritext Legal Solutions

Page 293

1  United States, Et Al v. Google, LLC
2  Christopher Koepke (#6043164)
3           E R R A T A   S H E E T
4  PAGE_____ LINE_____ CHANGE_____
5  _____
6  REASON_____
7  PAGE_____ LINE_____ CHANGE_____
8  _____
9  REASON_____
10 PAGE_____ LINE_____ CHANGE_____
11 _____
12 REASON_____
13 PAGE_____ LINE_____ CHANGE_____
14 _____
15 REASON_____
16 PAGE_____ LINE_____ CHANGE_____
17 _____
18 REASON_____
19 PAGE_____ LINE_____ CHANGE_____
20 _____
21 REASON_____
23 _____  _____
24 Christopher Koepke            Date

Veritext Legal Solutions
800-567-8658                                973-410-4098