# Exhibit M

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| United States of America, *et al.*,<br><br>                      Plaintiffs,<br>v.<br>Google LLC,<br><br>                      Defendant. | Case No. 1:23-cv-00108-LMB-JFA<br><br>Hon. Leonie H. M. Brinkema |

**EXPERT REPORT OF ROBIN S. LEE, PHD**

**December 22, 2023**

HIGHLY CONFIDENTIAL



- **Scale and data.** ███████



- **Google's conduct.** As I discuss in Section VII.F.3, Google's conduct that impaired the competitiveness of non-Google ad exchanges and publisher ad servers impeded rival advertiser ad networks from accessing publisher inventory through non-Google products.

### V.D.3. Direct evidence of Google's market power in the advertiser ad network market

(534) Direct evidence of Google's substantial and sustained market power in the advertiser ad network market includes:

- Google Ads' ability to charge supracompetitive fees and vary its targeted margins significantly across impressions, and Google's own analyses indicating that increasing fees would increase profits.

- Google's ability to restrict Google Ads' bidding on non-Google exchanges, thereby degrading the availability of publisher inventory for Google Ads' advertiser customers to benefit AdX.

- Google Ads, by either bidding into or withholding its demand from an ad exchange, meaningfully affects payouts through the exchange.

**V.D.3.a. Google Ads is able to maintain supracompetitive fees, and vary its targeted margins to win more auctions, increase profits, and influence publisher behavior**

(535) ███████



---

775 ███████.
776 ███████

Expert Report of Robin S. Lee, PhD

_____          December 22, 2023
Robin S. Lee, PhD                        Date

HIGHLY CONFIDENTIAL