IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al.,          ) | |
|                                 ) | |
|           Plaintiffs,           ) | |
|       v.                        ) | No. 1:23-cv-00108-LMB-JFA |
|                                 ) | |
| GOOGLE LLC,                     ) | |
|                                 ) | |
|           Defendant.            ) | |

**<u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL</u>**

Pursuant to Local Civil Rule 5(C) and the Protective Order, ECF No. 203, Plaintiffs respectfully submit this memorandum of law in support of their motion to seal portions of Plaintiffs' Opposition to Defendant Google LLC's Motion to Exclude the Testimony of Adoria Lim ("Opposition"), as well as certain exhibits attached to the motion. The information that is redacted or filed fully under seal either (1) was designated Confidential or Highly Confidential by Defendant Google or by third parties or (2) concerns sensitive business information for federal agency advertisers that is not normally available to the public and was designated as confidential or highly confidential. The unredacted Opposition and exhibits have been filed electronically using the sealed filing events.

Pursuant to paragraph 20 of the Protective Order, through this motion Plaintiffs inform the Court of the confidentiality designations of these Google and third-party materials. Plaintiffs request that the Court seal the fully- and partially-withheld information from the public docket in order to provide Google and third parties sufficient time to provide the Court with support for the need to seal the information.

## ARGUMENT

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). However, the common law presumption in favor of public access can be overcome by a showing that a litigant has "some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Accordingly, before ordering the sealing of a document, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the document[], and (3) provide specific reasons and factual findings supporting its decision to seal the document[] and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also* Local Civ. R. 5(C).

Plaintiffs recognize that the standard for sealing under Local Rule 5 and Fourth Circuit Precedent is stringent and reflects a strong presumption in favor of public court proceedings and filings. Plaintiffs believe that much of the withheld information should be subject to the presumption in favor of public access. Nonetheless, because the material was designated as confidential or highly confidential, Plaintiffs have filed the present motion in accordance with their obligations under paragraph 20 of the Protective Order.

Plaintiffs have also withheld certain narrow categories of proprietary, competitively sensitive pricing information and financial transaction data in documents produced by two Federal Agency Advertisers' (FAAs)—the National Highway Traffic Safety Administration ("NHTSA") and Centers for Medicare and Medicaid Services ("CMS")—relative to dealings

with their respective advertising agencies.[1]  While the fact that CMS and NHTSA purchase display advertising, as well as its general process for doing so, may be of public interest, their unique strategies and financial arrangements may properly remain under seal. *See Bayer CropScience Inc. v. Syngenta Crop Protection, LLC*, 979 F. Supp. 2d 653, 656-57 (M.D.N.C. 2013).  Plaintiffs have also withheld personally identifiable information ("PII") of FAA personnel because it is not ordinarily available to the public, and could risk disrupting orderly and efficient agency operations.  *See Ultra-Mek, Inc. v. United Furniture Indus., Inc.*, No. 18-CV-281, 2021 WL 8533815, at *5 (M.D.N.C. Mar. 22, 2021).  For this information, Plaintiffs submit that the benefits of confidentiality outweigh the presumption of public access.

As stated in the notice filed concurrently with this memorandum, any interested member of the public and any other party may indicate their position on the motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs' respectfully requests that the Court seal portions of Plaintiffs' Opposition to Defendant Google LLC's Motion to Exclude the Testimony of Adoria Lim, as well as certain exhibits attached to the motion.

Dated: May 17, 2024

---

[1] These documents have been filed provisionally under seal in full or in part on behalf of the FAAs' advertising agencies based on the concern that disclosure of their confidential or highly information in these documents could cause them commercial harm. CMS also explained why certain information in one of its documents would prejudice CMS if disclosed. Ex. 1, Decl. of Christopher Koepke ¶¶ 4-5.

Respectfully submitted,

| | |
|---|---|
| JESSICA D. ABER<br>United States Attorney | JASON S. MIYARES<br>Attorney General of Virginia |
| /s/ Gerard Mene<br>GERARD MENE<br>Assistant U.S. Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3777<br>Facsimile: (703) 299-3983<br>Email: Gerard.Mene@usdoj.gov | /s/ Tyler T. Henry<br>STEVEN G. POPPS<br>Deputy Attorney General<br>TYLER T. HENRY<br>Assistant Attorney General<br><br>Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us |
| /s/ Craig L. Briskin<br>CRAIG L. BRISKIN<br>/s/ Katherine E. Clemons<br>KATHERINE E. CLEMONS<br>/s/ Julia Tarver Wood<br>JULIA TARVER WOOD<br><br>United States Department of Justice<br>Antitrust Division<br>450 Fifth Street NW, Suite 7100<br>Washington, DC 20530<br>Telephone: (202) 307-0077<br>Fax: (202) 616-8544<br>Email: Julia.Tarver.Wood@usdoj.gov<br><br>Attorneys for the United States | Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia |