UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>    *Plaintiffs*,<br><br>vs.<br><br>GOOGLE LLC,<br><br>    *Defendant*. | No: 1:23-cv-00108-LMB-JFA |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT GOOGLE LLC'S MOTION TO SEAL**

Pursuant to Local Civil Rule 5(C), Defendant Google LLC ("Google") submits this Memorandum in Support of its Motion to Seal. Google seeks leave to file:

- Certain sealed exhibits to the Declaration of Bryon Becker in Support of Google LLC's Oppositions to Plaintiffs' Motions to Exclude;

- Redacted version of Google LLC's Memorandum of Law in Opposition to Plaintiffs' Motion to Exclude Opinions of Itamar Simonson and Related Opinions of Mark Israel;

- Redacted version of Google LLC's Memorandum of Law in Opposition to Plaintiffs' Motion to Exclude Opinions of Anthony Ferrante;

For the reasons stated below, Google respectfully requests that the Court grant the Motion to seal a narrow set of documents and information that implicates Google's trade secrets and other highly sensitive and competitive business information.

1

**LEGAL STANDARD**

"When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements."[1] *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004).  Substantively, the Court "must determine the source of the right of access with respect to each document."  *Stone* v. *Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988).  "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment."  *Va. Dep't of State Police*, 386 F.3d at 575.  "While the common law presumption in favor of access attaches to all judicial records and documents, the First Amendment guarantee of access has been extended only to particular judicial records and documents."  *Stone*, 855 F.2d at 180.  Even so, public access to civil trial records "is not absolute," and restrictions can be justified by concerns that such records "might . . . become a vehicle for improper purposes," such as where the records serve "as sources of business information that might harm a litigant's competitive standing."  *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  In particular, a corporation's "strong interest in preserving the confidentiality of its proprietary and trade-secret information . . . may justify partial sealing of court records."  *Doe* v. *Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014).

Procedurally, before allowing documents to be filed under seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives."  *Ashcraft* v. *Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

---

[1] With respect to quoted material, unless otherwise indicated, all brackets, ellipses, footnote call numbers, internal quotations, and citations have been omitted for readability.  All emphasis is added unless otherwise indicated.

## ARGUMENT

Through its Motion, Google seeks to keep a narrow set of its confidential commercially sensitive information under seal. Google requests that this information remain under seal because Google would likely suffer substantial economic harm by its disclosure, outweighing the public's right of access. Google respectfully requests that the Court grant Google's Motion to Seal because its requests are narrowly tailored such that the public will still be able to understand the legal and general factual basis for Google's motions. Sealing is appropriate under the common law standard, which applies here.

Google also requests sealing and redactions for information designated by Plaintiffs and/or non-parties as confidential. Google makes this sealing request in order to comply with its obligations under the Local Rules and Protective Order, but otherwise takes no position on whether those materials should remain sealed.

### I. GOOGLE HAS COMPLIED WITH THE PROCEDURAL REQUIREMENTS FOR SEALING.

Under the local rules, a party may file a motion to seal together with the proposed sealed filings. E.D. Va. Civ. R. 5(C). Before sealing a court record, a court must provide public notice, consider less drastic alternatives to sealing the documents, and provide specific reasons and findings supporting the decision to seal. *Ashcraft,* 218 F.3d at 302. Each of those procedural requirements have been met here.

***First,*** Google has provided public notice of its request to seal, and interested parties will have an opportunity to object. Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing, or by "docketing [the sealing request] in advance of deciding the issue." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Pursuant to Local Civil Rule 5(C), Google

3

has publicly filed a Notice of Motion to Seal. Entry of that Notice and the supporting documents onto the Court's public docket will notify any interested parties of Google's sealing motion and provide interested persons with "an opportunity to object." *Id.*

***Second,*** Google has limited its sealing request to confidential material referenced in its memoranda and exhibits. In deciding whether to grant a sealing request, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. Google has proposed using limited sealing measures—targeted and limited redactions— to protect its trade secrets and commercially sensitive business information. The proposed redactions will still provide the public access to Google's memoranda, and legal arguments in support, while protecting Google's trade secrets and commercially sensitive business information. *See Philpot* v. *Indep. J. Rev.*, 2021 WL 5071504, at *1 (E.D. Va. Apr. 7, 2021) (granting motion to seal redacted documents filed in connection with summary judgment briefing as "this selective protection of information constitutes the least drastic measure of sealing confidential material"); *United States ex rel. Carter* v. *Halliburton Co.*, 2011 WL 8204612, *3 (E.D. Va. Nov. 29, 2011) (limited redaction approved as opposed to "sealing the brief *in toto*"). Accordingly, Google has proposed the least drastic method to protect its highly sensitive confidential information and the public's right of access.

***Third***, as detailed in Section II, Google has provided the specific reasons supporting its sealing request. In accordance with Local Civil Rule 5(C), Google has provided a proposed order containing the required findings.

## II. GOOGLE REQUESTS SEALING TRADE SECRETS AND OTHER PROPRIETARY INFORMATION.

Google seeks to seal certain confidential business information filed in connection with its oppositions to Plaintiffs' Motions to Exclude. Documents filed in connection with a *Daubert*

motion are subject to the common law standard. *See SAS Inst., Inc.* v. *World Programming Ltd.*, 2015 U.S. Dist. LEXIS 67701, at *1-2 (E.D.N.C. May 26, 2015); *see also Stone*, 855 F.2d at 180 ("the First Amendment guarantee of access has been extended only to particular judicial records and documents."). Therefore, sealing is permitted if the "public's right of access is outweighed by competing interests." *Knight*, 743 F.2d at 235.

As the Fourth Circuit has recognized, a "corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records." *Doe*, 749 F.3d at 269; *see also Pittston Co.* v. *United States*, 368 F.3d 385, 406 (4th Cir. 2004) (district court did not abuse its discretion in refusing to unseal documents containing confidential and proprietary business information filed in connection with summary judgment motion); *Benedict* v. *Hankook Tire Co. Ltd.*, 323 F. Supp. 3d 747, 766 (E.D. Va. 2018) (businesses may have a "compelling interest under the First Amendment test" in "protecting proprietary commercial information"). A "trade secret" may be any information, used for a business purpose, which gives the user an advantage over competitors who do not know it; therefore, the touchstone of a trade secret is secrecy. *See Kewanee Oil Co.* v. *Bicron Corp.*, 416 U.S. 470, 474-78 (1974). The value of a "trade secret" may be lost if it is published. *Ruckelshaus* v. *Monstanto Co.*, 467 U.S. 986, 1002 (1984) (property right in trade secret "is extinguished" by public disclosure). This includes through public disclosure in the court record. *See Religious Tech. Ctr.* v. *Lerma*, 908 F. Supp. 1362, 1368-69 (E.D. Va. 1995) (trade secret status lost after having been in judicial file for 28 months and posted on internet).[2]

---

[2] State law and common law principles also broadly protect trade secrets. Under the Uniform Trade Secrets Act, a "trade secret" is defined as any "information, including but not limited to, a formula, pattern, compilation, program, device, method, technique, or process" that has "independent economic value, actual or potential, from not being generally known," and that is subject to "reasonable" efforts to maintain confidentiality. *See, e.g.*, Va. Code Ann. § 59.1-336

5

Here, Google seeks limited sealing to protect its highly sensitive proprietary information, including confidential financial information, including profit and loss data. *See, e.g., E. W., LLC v. Rahman*, 2012 WL 3843657, at *3 (E.D. Va. Sept. 4, 2012) ("sensitive financial data, including gross profit data, the disclosure of which would be highly likely to cause significant harm to the [company's] business competitive position"); *Intelligent Verification Sys., LLC v. Microsoft Corp.*, 2014 WL 12659953, at *1 (E.D. Va. Dec. 22, 2014) (sealing "sensitive business information" attached to summary judgment motion); *SMD Software, Inc. v. EMove, Inc.*, 2013 WL 1091054, at *2-*3 (E.D.N.C. Mar. 15, 2013) (profit and loss statements, pricing, marketing strategies, expense information, market share, and customer information).

In **Appendix A**, Google provides a non-confidential description of the material it is requesting remain under seal. Google is not seeking to keep any documents completely under seal and instead has proposed targeted, narrow redactions to Exhibit 118 only. Google's proposed redactions are limited to its proprietary and confidential business information, disclosure of which could cause substantial economic harm.

### III. GOOGLE REQUESTS SEALING OF DOCUMENTS PURSUANT TO LOCAL CIVIL RULE 5 AND THE PROTECTIVE ORDER.

Google also requests sealing and redactions for information designated by Plaintiffs or non-parties as Confidential or Highly Confidential under the Protective Order in this case. ECF No. 203, ¶ 20. Pursuant to the Protective Order, Google files those documents completely under seal. Google does not take a position on whether the information referenced in its memoranda or the

---

(2019). Similarly, under long-standing common law principles, a "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." Restatement (First) of Torts § 757, cmt. b (Am. L. Inst. 1939) (emphasis added). Under these universally recognized principles of law, a wide variety of other forms and species of business information have been protected as "trade secrets."

6

exhibits cited therein is of a type that outweighs the public right of access. Google has only filed those materials designated by Plaintiffs or non-parties as Confidential or Highly Confidential completely under seal in order to comply with its obligations under paragraph 20 of the Protective Order. As stated in the notice filed concurrently with this memorandum, any interested member of the public and any other party may indicate their position on whether that information should remain under seal.

## **CONCLUSION**

For the reasons argued above, the Court should grant the motion to seal. A proposed order is submitted herewith.

Dated:  May 17, 2024    Respectfully submitted,

Eric Mahr (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Julie Elmer (*pro hac vice*)
Justina Sessions (*pro hac vice)*
Lauren Kaplin (*pro hac vice*)
Jeanette Bayoumi (*pro hac vice*)
Claire Leonard (*pro hac vice*)
Sara Salem (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

/s/ Craig C. Reilly
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ.
209 Madison Street, Suite 501
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (*pro hac vice*)
Jeannie S. Rhee (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Bryon P. Becker (VSB #93384)
Erica Spevack (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile (202) 223-7420
kdunn@paulweiss.com

Meredith Dearborn (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (202) 330-5908
mdearnborn@paulweiss.com

*Counsel for Defendant Google LLC*