# Plaintiffs' Exhibit 196

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) No. 1:23-cv-00108-LMB-JFA |
| | ) |
| GOOGLE LLC, | ) |
| | ) |
| Defendant. | ) |

**DECLARATION OF ALLEN M. OWENS, JR.
IN SUPPORT OF PLAINTIFFS' OPPOSITION TO
GOOGLE'S MOTION FOR SUMMARY JUDGEMENT**

I, ALLEN M. OWENS, JR., pursuant to 28 U.S.C. § 1746 hereby declares as follows:

1. I am over 21 years old and am competent to testify about the matters in this Declaration based on my personal knowledge.

2. I am the Director of Marketing at the Navy Recruiting Command for the United States Navy ("Navy") and submit this Declaration in support of Plaintiffs' Opposition to Google's Motion for Summary Judgment.

3. The Navy is contractually obligated to reimburse at cost all payments made by VMLY&R (i.e., "Team Y&R," including Wavemaker), to execute approved ad purchases on behalf of the Navy.

4. Beyond purchasing advertising, VMLY&R also provides other advertising services, which are compensated separately from media purchases.

5. Navy develops and approves media plans, in coordination with VMLY&R, which details media strategy for the resultant task order to authorize VMLY&R to execute advertising purchases on the Navy's behalf, consistent with those media plans.

6. The discretion afforded to VMLY&R is limited to that authorized and approved by a Navy media plan, and VMLY&R works closely with the Navy to effectuate the Navy's goals and decisions.

7. The exhibit beginning with Bates number NAVY-ADS-0000256935 is a true and correct copy of an excerpt of the Navy's advertising contract with Y&R showing that media services are compensated differently than media buys.

8. The exhibit beginning with Bates number NAVY-ADS-0000045197 is a true and correct copy of an excerpt of a 2022 media plan showing digital and display budgets and channel recommendations, and a cover email approving the plan.

9. Contact information for Navy staff included in the documents cited in this Declaration is not widely published or available to the general public as a matter of course and making it available on the public docket threatens to disrupt orderly and efficient agency operations.

10. The exhibit beginning with Bates number NAVY-ADS-0000256935 needs to be redacted because it contains the agency's unit and extended pricing for its non-cost contract line items. Navy's practice is to not share unit or extended pricing for this contract on publicly accessible government portals such as SAM.gov or in response to FOIA requests.

11. The exhibit beginning with Bates number NAVY-ADS-0000045197 needs to be redacted because it contains the agency's recommended strategies to address Navy requirements for media purchases to maximize digital media engagement focused on Navy strategy to engage specific ages, demographics, categories, rates, and type of recruit. The contractor identifies the recommended partners, timing and amount given the Navy's available funding for the media purchase. This information should be redacted as that strategy for the allocation of funding and

selection of media placement is proprietary. The pricing received per click, impression, etc. in the CPM is also proprietary for each recommended partner as the advertising contractor receives a different rate card or pricing for many of these partners that can be different than what is offered to a standard purchaser. If disclosed, the discount for each metric (i.e. CPM, etc.) could identified by other purchasers, who could in their proposals adjust their proposals to this rate rather than their actual available pricing, skewing any pricing analysis for a subsequent procurement action. This disclosure could adversely impact the Government's ability to independently evaluate those offerors' competency, thoroughness, and capability and overall value per metric during the technical and/or pricing evaluation of any follow-on requirement for this or similar services.

12. The exhibits discussed above were made and kept in the ordinary course of the Navy's business, and making and keeping these documents was a regular practice of the Navy.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 16, 2024, in Millington, Tennessee.

Signed: _____
Allen M. Owens Jr.
Director of Marketing, Navy Recruiting Command