# Plaintiffs' Exhibit 198

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v.                        ) | No. 1:23-cv-00108-LMB-JFA |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

**DECLARATION OF CHRISTOPHER KARPENKO
IN SUPPORT OF PLAINTIFFS' OPPOSITION TO
GOOGLE'S MOTION FOR SUMMARY JUDGEMENT**

Christopher Karpenko, pursuant to 28 U.S.C. § 1746 hereby declares as follows:

1. I am over 21 years old and am competent to testify about the matters in this Declaration based on my personal knowledge.

2. I am the Executive Director for Brand Marketing at the United States Postal Service ("USPS") and submit this Declaration in support of Plaintiffs' Opposition to Google's Motion for Summary Judgment.

3. USPS is contractually obligated to reimburse at cost all payments made by Universal McCann to execute approved ad purchases on behalf of USPS.

4. Beyond purchasing advertising, Universal McCann (and Matterkind) also provides other advertising services, which are compensated separately from advertising purchases.

5. In coordination with Universal McCann, USPS develops and approves detailed media plans, which authorize Universal McCann (and Matterkind) to execute advertising purchases on the USPS's behalf, in accordance with those media plans.

1

6. The discretion afforded to Universal McCann (and Matterkind) is limited to that authorized and approved by a USPS media plan, and Universal McCann (and Matterkind) works closely with USPS to effectuate USPS's goals and decisions.

7. The exhibit beginning with Bates number **USPS-ADS-0000902290** is a true and correct copy of an excerpt of USPS's contract with Universal McCann, showing that media services are compensated differently and separately from media buys.

8. The specific rates charged by Universal McCann were negotiated between the Postal Service and Universal McCann. Disclosing these rates would be detrimental to the financial interests of the United States Postal Service. While this specific contract was signed in 2021, Universal McCann has remained the Postal Service's advertising agency of record, and these rates are still active. If these rates were to be publicly disclosed, it would significantly limit the Postal Service's ability to negotiate rates with other advertising agencies at the expiration of the Universal McCann contract. Information in the contract about the Postal Service's maximum ad spend and the rates it is willing to pay for advertising would also benefit its competitors if disclosed. Discussion in the contract of who the Postal Service considers to be its key competitors in the market is also commercially sensitive and its disclosure would be detrimental to the interests of the Postal Service.

9. The exhibit beginning with Bates number **USPS-ADS-000064864** is a true and correct copy of an excerpt of a September 2021 media recommendation from Universal McCann seeking USPS's approval of media strategy, spend allocation, key performance indicators, and display channel recommendations for USPS's fiscal year 2022 holiday campaign.

10. The specific amounts spent, and much of the strategic discussion in this document is very commercially sensitive and would be highly detrimental to the Postal Service if publicly

2

disclosed. The Postal Service's competitors could use the Postal Service's spending priorities to plan counterprograming, and otherwise gain a competitive advantage against the Postal Service by knowing which channels it emphasizes in its advertising strategy. While this spending report is several years old, there is sufficient continuity in the Postal Service's spending strategies that this information remains very valuable to our competitors and highly confidential. If competitors were aware of this strategic and spending information, they would likely be able to accurately estimate our current spending.

11. Contact information for USPS staff included in the documents cited in this Declaration is not widely published or available to the general public and making these employee's contact information available on the public docket threatens to disrupt orderly and efficient agency operations.

12. The exhibits discussed above were made and kept in the ordinary course of USPS's business, and making and keeping these documents was a regular practice of USPS's business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 16, 2024.

Signed: _____

Christopher Karpenko

County and State: Washington, D.C.