IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 1:23-cv-00108-LMB-JFA |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL**

Pursuant to Local Civil Rule 5(C) and the Protective Order (Dkt. 203), Plaintiffs respectfully submit this memorandum of law in support of their motion to seal portions of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, as well as certain exhibits attached to the motion. The information that is redacted or filed fully under seal either (1) was marked Confidential or Highly Confidential by Defendant Google or by third parties, or (2) concerns sensitive information of Federal Agency Advertisers (FAAs) that is not normally available to the public. The unredacted Opposition and exhibits have been filed electronically using the sealed filing events.

Pursuant to paragraph 20 of the Protective Order (Dkt. 203), through this motion Plaintiffs inform the Court of the confidentiality designations of these Google and third-party materials. Plaintiffs request that the Court seal the fully- and partially-withheld information from the public docket in order to provide Google and third parties sufficient time to provide the Court with support for the need to seal the information.

**ARGUMENT**

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The

1

common law presumes a right to inspect and copy judicial records and documents." *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). However, the presumption in favor of public access can be overcome by "showing some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Accordingly, "before a district court may seal any court documents," "it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also* Local Civ. R. 5(C).

Plaintiffs have redacted and withheld information designated as confidential by Google or a third party. This includes contracts and advertisement buying strategy documents concerning six FAAs that were designated confidential by the FAA's ad agency.[1] Plaintiffs recognize that the standard for sealing under Local Rule 5 and Fourth Circuit precedent is stringent and reflects a strong presumption in favor of public court proceedings and filings. Plaintiffs believe that much of the withheld information should be subject to the presumption in favor of public access. Nonetheless, because the material was designated as confidential, Plaintiffs have filed this motion in accordance with their obligations under paragraph 20 of the Protective Order so that Google and third parties may have the opportunity to justify their confidentiality needs to the Court.

Additionally, as detailed in four supporting declarations, Plaintiffs have withheld or redacted two narrow categories of sensitive FAA information: (1) proprietary commercial information, such as current pricing and media strategy, disclosure of which would harm the

---

[1] PX 70; PX 74; PX 75; PX 91; PX 92; PX 95; PX 96.

FAAs in the marketplace, and (2) contact information for agency employees. *See* PX 196 (U.S. Navy Decl.) ¶¶ 10-11; PX 198 (USPS Decl.) ¶¶ 8-11; PX 191 (CMS Decl.) ¶¶ 8-14; PX 188 (U.S. Air Force Decl.) ¶ 9. While the public may have an interest in the fact that FAAs purchase display advertising and their general process for doing so, the details of their current strategy and specific prices paid may remain under seal. *See Bayer CropScience Inc. v. Syngenta Crop Protection, LLC*, 979 F. Supp. 2d 653, 656-57 (M.D.N.C. 2013) (ordering sealing to prevent disclosure of "confidential marketing and sales information"); *Ultra-Mek, Inc. v. United Furniture Indus., Inc.*, No. 18-CV-281, 2021 WL 8533815, at *5 (M.D.N.C. Mar. 22, 2021) ("Where the information involved is sensitive business information, particularly such information with little to no value for public dissemination, the presumption of access is overcome."). Similarly, there is little to no value in disclosure of contact information for agency personnel because that information is not normally available to the public and has no bearing on the merits of this case, while disclosure would harm the public interest because it would threaten to disrupt the orderly and efficient operations of public agencies. *Ultra-Mek,* 2021 WL 8533815, at *5. Accordingly, for these categories of sensitive FAA information, Plaintiffs submit that the benefits of confidentiality outweigh the presumption of public access.[2]

As stated in the notice filed concurrently with this memorandum, any interested member of the public and any other party may indicate their position on the motion.

---

[2] For clarity, Plaintiffs note that some of this sensitive FAA information is contained within documents that are also covered by a third-party's confidentiality designation. Plaintiffs are prepared to submit redacted versions of those documents as appropriate once the Court has ruled on the applicable third-party confidentiality claims.

3

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' respectfully requests that the Court seal portions of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, as well as certain exhibits attached to the motion.

Dated: May 17, 2024

Respectfully submitted,

| | |
|---|---|
| JESSICA D. ABER<br>United States Attorney | JASON S. MIYARES<br>Attorney General of Virginia |
| /s/ Gerard Mene<br>GERARD MENE<br>Assistant U.S. Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3777<br>Facsimile: (703) 299-3983<br>Email: Gerard.Mene@usdoj.gov | /s/ Tyler T. Henry<br>STEVEN G. POPPS<br>Deputy Attorney General<br>TYLER T. HENRY<br>Assistant Attorney General<br><br>Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us |
| /s/ Aaron M. Teitelbaum<br>AARON M. TEITELBAUM<br><br>United States Department of Justice<br>Antitrust Division<br>450 Fifth Street NW, Suite 7100<br>Washington, DC 20530<br>Telephone: (202) 307-0077<br>Fax: (202) 616-8544<br>Email: Aaron.Teitelbaum@usdoj.gov<br><br>Attorneys for the United States | Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia |