# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>GOOGLE LLC, )<br>)<br>    Defendant. ) | No. 1:23-cv-00108-LMB-JFA |

## RESPONSE TO DEFENDANT'S MOTION TO SEAL [ECF NO. 633]

Defendant Google LLC ("Google"), has moved pursuant to Local Civil Rule 5(C) to seal Exhibits 1, 12, 13, 14, 20, and 21 attached to its Memorandum of Law in Support of its Motion to Dismiss the United States' Damages Claim as Moot and to Strike the Jury Demand as well as certain portions of its Memorandum of Law that reference those exhibits, ECF Nos. 630 and 632. The basis for sealing is that the exhibits contain material designated as confidential or highly confidential pursuant to the operative protective order in this action. ECF No. 633. The six exhibits at issue generally consist of correspondence, discovery responses, expert report excerpts, and a cashier's check. As outlined below, the United States believes that the majority of the materials contained in the exhibits as well as the portions of Google's pleadings referencing the contents of those exhibits need not remain sealed, with the exception of certain portions of Exhibits 1 and 12 to Google's Motion to Dismiss. To the extent that the United States believes that portions of these exhibits should remain sealed, those portions have been redacted in the attached proposed revised exhibits for the Court's consideration. Accordingly, the United States requests that the Court grant Google's motion to seal in part.

## ARGUMENT

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The common law presumption in favor of public access can be overcome only by a showing that a litigant has "some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Accordingly, before ordering the sealing of a document, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the document[], and (3) provide specific reasons and factual findings supporting its decision to seal the document[] and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also* Local Civ. R. 5(C).

The United States recognizes that the standard for sealing under Local Rule 5 and Fourth Circuit Precedent is stringent and reflects a strong presumption in favor of public court proceedings and court filings. As an initial matter, the United States respectfully requests that names and email addresses for individuals other than those employed by the Department of Justice remain under seal. *See, e.g.*, ECF No. 666-9, ¶ 9; ECF No. 666-12, ¶ 14; ECF No. 666-17, ¶ 9; ECF No. 666-19, ¶ 11 (declarations from federal agencies attesting that contact information of agency employees is not widely published or available to the general public and making such information public may disrupt orderly and efficient agency operations). Attached to this response are versions of Exhibits 1 and 12 to Google's Motion to Dismiss that include those proposed redactions. The United States submits that these redactions are appropriate to protect the privacy of such persons, and that such

2

protection outweighs the public interest in these individuals' names and email addresses. *See, e.g., Krakauer v. Dish Network*, LLC, 2015 WL 12750446, at *2 (M.D.N.C. Nov. 18, 2015); *Clehm v. BAE Sys., Inc.*, 2017 WL 11367644, at *2 (W.D. Va. March 21, 2017) (approving of "redacting employee names and other identifiers" to protect privacy).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant Google's motion to seal in part, and maintain under seal certain identifying information of non-Department of Justice federal agency employees.

Dated: May 23, 2024

Respectfully submitted,

JESSICA D. ABER
United States Attorney

/s/ Gerard Mene
GERARD MENE
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3777
Facsimile: (703) 299-3983
Email: Gerard.Mene@usdoj.gov

/s/ Aaron M. Teitelbaum
AARON M. TEITELBAUM
/s/ Kaitlyn E. Barry
KAITLYN E. BARRY

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077
Fax: (202) 616-8544
Email: Aaron.Teitelbaum@usdoj.gov

Attorneys for the United States