**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| UNITED STATES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 1:23-cv-00108-LMB-JFA |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL

Pursuant to Local Civil Rule 5, the Protective Order (ECF No. 98 and Modified Protective Order, ECF No. 203) and the Court's order on an extension of time to respond to motions to seal exhibits, ECF No. 621, Plaintiffs, through their undersigned counsel, hereby respectfully submit the instant memorandum of law in support of their motion to seal certain portions of and certain exhibits to their Reply In Support of Plaintiffs' Motion to Exclude the Testimony of Anthony Ferrante ("Reply"). The redacted portions or sealed exhibits contain information designated by Google as highly confidential or confidential under the parties' protective order (ECF No. 98 ¶ 23; ECF No. 203 (Modified Protective Order)). The unredacted Reply and exhibits have been filed electronically using the sealed filing events.

### INTRODUCTION

Certain portions of and exhibits to Plaintiffs' Reply reference material that Google has designated as confidential or highly confidential. Pursuant to paragraph 23 of the Protective Order, through this motion Plaintiffs inform the Court of the confidentiality designations of these materials and request that the Court seal the redacted portions of the Reply and exhibits, and maintain the redacted Reply and exhibits on the public docket, in order to provide Google sufficient time to provide the Court with support for the need to seal the redacted portions of the

Reply and exhibits. At this time, Plaintiffs take no position on the propriety of the underlying confidentiality designations.

## ARGUMENT

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The common law presumption in favor of public access can be overcome only by a showing that a litigant has "some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Accordingly, before ordering the sealing of a document, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the document[], and (3) provide specific reasons and factual findings supporting its decision to seal the document[] and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also* Local Civ. R. 5(C).

Plaintiffs file this motion because the material was designated as confidential or highly confidential by Google in accordance with their obligations under paragraph 23 of the Protective Order. As stated in the notice filed concurrently with this memorandum, any interested member of the public and any other party may indicate their position on the motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court seal the portions of Plaintiffs' Reply that have been redacted, permit the redacted versions of the exhibits to Plaintiffs' Reply to remain on the public docket, and permit the exhibits filed under seal to

remain under seal until such time as responsive briefs are filed and considered by the Court and remain under seal thereafter as the Court deems appropriate.

Dated: May 31, 2024

Respectfully submitted,

| | |
|---|---|
| JESSICA D. ABER<br>United States Attorney | JASON S. MIYARES<br>Attorney General of Virginia |
| /s/ Gerard Mene<br>GERARD MENE<br>Assistant U.S. Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3777<br>Facsimile: (703) 299-3983<br>Email: Gerard.Mene@usdoj.gov | /s/ Tyler T. Henry<br>STEVEN G. POPPS<br>Deputy Attorney General<br>TYLER T. HENRY<br>Assistant Attorney General<br><br>Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us |
| /s/ Julia Tarver Wood<br>JULIA TARVER WOOD<br>/s/ Michael J. Freeman<br>MICHAEL J. FREEMAN<br>/s/ James Ryan<br>JAMES RYAN<br>/s/ Victor K. Liu<br>VICTOR K. LIU<br><br>United States Department of Justice<br>Antitrust Division<br>450 Fifth Street NW, Suite 7100<br>Washington, DC 20530<br>Telephone: (202) 307-0077<br>Fax: (202) 616-8544<br>Email: Michael.Freeman@usdoj.gov<br>Attorneys for the United States | Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia |