IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 1:23-cv-108 (LMB/JFA) |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

ORDER

On May 31, 2024, the parties appeared before the Court on plaintiffs' Objection to the Magistrate Judge's Order of April 19, 2024, denying plaintiffs' Motion to Amend Order Regarding Coordination of Discovery. [Dkt. No. 622] ("Objection"). At the conclusion of the hearing, the Court sustained plaintiffs' Objection in part and asked the parties to "jointly draft the order consistent with what I've just said in court." [Dkt. No. 696] at 14:22-24. On June 4, 2024, the parties informed the Court that they were unable to agree on the language for the proposed order. See [Dkt. Nos. 726 & 727].

Plaintiffs have submitted a proposed order that grants them access to the deposition transcripts and related exhibits "for any witness appearing on either side's witness list filed on June 28, 2024, for whom a deposition was taken in The State of Texas, et al. v. Google LLC, No. 4:20-cv-00957-SDJ (E.D. Tex.) (the 'Texas Case')." [Dkt. No. 726]. Google has submitted a narrower proposed order that grants plaintiffs access only to deposition transcripts, not exhibits, for a "witness appearing on defendant Google LLC's witness list filed on June 28, 2024, for whom a deposition was taken" in the Texas Case. [Dkt. No. 727] (cleaned up). Both proposed orders slightly miss the mark.

After listening to the arguments of the parties on May 31, 2024, the Court explained to plaintiffs' counsel:

> Any of the witnesses whom the defendant is planning to list for whom they conducted a deposition in the Texas litigation, you're going to have a right to have that transcript made available to you so that you can use that transcript solely for impeachment of that witness.

[Dkt. No. 696] at 13:25-14:4.[1] The Court reached this decision after full consideration of plaintiffs' objection. See id. at 12:15-14:13.

Moreover, because access to the deposition transcripts without the corresponding exhibits would render the transcripts incomplete and possibly useless, the Court's order will include the disclosure of related exhibits, contrary to what Google proposed in its version of the order.

Accordingly, for these reasons—and for those explained in open court—plaintiffs' Objection, [Dkt. No. 622], is SUSTAINED IN PART; and it is hereby

ORDERED that by July 5, 2024, for any witness appearing on defendant Google's witness list filed on June 28, 2024, for whom a deposition was taken by any party in The State of Texas, et al. v. Google LLC, No. 4:20-cv-957-SDJ (E.D. Tex.) (the "Texas Case"), Google will make available to plaintiffs the deposition transcript of that witness and all exhibits referenced in that transcript for use solely for impeachment of that witness at trial in this litigation; and it is further

ORDERED that notwithstanding any provision of the Coordination Order, [Dkt. No. 251], materials provided pursuant to this Order shall not be shared by plaintiffs with any parties

---

[1] Although the language in the quotation only references depositions taken by defendant Google in the Texas Case, the Court intended to convey that the ruling covered depositions taken by any party in the Texas Case.

2

or counsel for parties in the <u>In re Google Digital Advertising Antitrust Litigation</u>, No. 21:md-03010-PKC (S.D.N.Y.).

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 4th day of June, 2024.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge