IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 1:23-cv-00108-LMB-JFA |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY IN FURTHER RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE UNITED STATES' DAMAGES CLAIM AND TO STRIKE THE JURY DEMAND**

Plaintiffs respectfully move for leave pursuant to Local Civil Rule 7(F)(1) to file a sur-reply in response to Google LLC's Reply in Support of Its Motion to Dismiss the United States Damages Claim and to Strike the Jury Demand, ECF No. 731. "The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Radiance Found., Inc. v. N.A.A.C.P.*, 2013 WL 12433127, at *1 (E.D. Va. July 3, 2013) (cleaned up); *Atl. Diving Supply, Inc. v. Basnight*, 2022 WL 18635840, at *3 (E.D. Va. Aug. 25, 2022) ("[A] surreply is appropriate where a party brings forth new material or deploys new arguments in a reply brief."); *In re Subpoena to Nat'l Sci. Found., Off. of Inspector Gen.*, 2018 WL 5017612, at *3 n.7 (E.D. Va. Oct. 16, 2018) (granting a sur-reply because the plaintiff "never had an opportunity to rebut the defendants' arguments" raised for the first time in a reply brief).

Google raised the question of whether Plaintiffs' response to Paragraph 85 of Google's Statement of Undisputed Fact precluded the United States from insisting on a lower but-for take

rate to moot the United States' damages claim for the first time in response to a question raised by the Court at oral argument on a different motion on May 31, 2024. Tr. at 22. Nowhere in Google's motion to dismiss the damages claim did Google cite Paragraph 85 or its response, so the United States did not have the opportunity to respond in its response papers filed on May 30.[1]

The United States' proposed sur-reply is attached hereto.

---

[1] If Google had met and conferred with counsel about its motion to dismiss before sending a process server to the offices of the Antitrust Division, as required by Local Rule 7(E), the need for this sur-reply could have been avoided.

Dated: June 5, 2024

Respectfully submitted,

| | |
|---|---|
| JESSICA D. ABER<br>United States Attorney | JASON S. MIYARES<br>Attorney General of Virginia |
| /s/ Gerard Mene<br>GERARD MENE<br>Assistant U.S. Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3777<br>Facsimile: (703) 299-3983<br>Email: Gerard.Mene@usdoj.gov | /s/ Tyler T. Henry<br>STEVEN G. POPPS<br>Deputy Attorney General<br>TYLER T. HENRY<br>Assistant Attorney General<br><br>Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us |
| /s/ Julia Tarver Wood<br>JULIA TARVER WOOD<br><br>United States Department of Justice<br>Antitrust Division<br>450 Fifth Street NW, Suite 7100<br>Washington, DC 20530<br>Telephone: (202) 307-0077<br>Fax: (202) 616-8544<br>Email: Julia.Tarver.Wood@usdoj.gov | Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us |
| Attorneys for the United States | Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia |