Exhibit A

CONFIDENTIAL

Page 1

```
 1          IN THE UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF VIRGINIA
 2                   ALEXANDRIA DIVISION
 3      --------------------------:
        UNITED STATES, et al.,      :
 4                                  :
                Plaintiff,          :
 5                                  :
            vs.                     : Case No.:
 6                                  : 1:23-CV-00108-LMB-JFA
        GOOGLE, LLC,                :
 7                                  :
                Defendant.          :
 8      --------------------------:
 9
10
11      CONFIDENTIAL VIDEOTAPED DEPOSITION OF ADORIA LIM
12
13      DATE:            February 29, 2024
14      TIME:            9:37 a.m.
15      LOCATION:        U.S. Department of Justice
                         Antitrust Division
16                       450 Fifth Street, Northwest
                         Washington, D.C. 20530
17
        REPORTED BY:     Shari R. Broussard, RPR, CSR
18                       Reporter, Notary
19      Job No. CS6485261
20
21
22
```

CONFIDENTIAL

Page 230

1              THE WITNESS:  As I just testified, I --

2      I didn't read his deposition, so I don't know what

3      he said in it.

4      BY MS. GOODMAN:

5          Q    Okay.  But you had conversations about

6      his deposition with individuals, so I'm just

7      asking if you have an awareness about what

8      Professor Simcoe testified in deposition, that he

9      is not offering an opinion that the but-for take

10     rate is 10 percent?

11             MR. BRISKIN:  Objection to form.

12     BY MS. GOODMAN:

13         Q    Are you aware of that?

14         A    I -- I don't have that awareness.

15         Q    Okay.  You have no opinion as to the

16     appropriateness of any of the but-for take rates

17     you apply in your damages calculation, correct?

18         A    I did not do an independent evaluation

19     of the but-for take rate.

20         Q    Okay.  And you have no opinion as to the

21     appropriateness of any but-for take rate, correct?

22             MR. BRISKIN:  Objection to form.

CONFIDENTIAL

Page 231

1          THE WITNESS:  I do not.

2    BY MS. GOODMAN:

3          Q    And so the United States instructed you

4    to use an alternative AdX but-for take rate of

5    10 percent, correct?

6          A    Yes.

7          Q    Are you aware of any facts that support

8    application of a 10 percent but-for take rate?

9               MR. BRISKIN:  I'll just instruct the

10   witness not to answer with regard to

11   communications with counsel, but you can answer.

12              THE WITNESS:  My understanding is that

13   the United States intends on presenting evidence

14   with regard to the 10 percent but-for take rate at

15   trial, but I haven't performed an independent

16   analysis of that 10 percent.  I haven't, for

17   example, searched in databases looking for

18   10 percent.

19   BY MS. GOODMAN:

20         Q    So you aren't personally aware of any

21   facts that would support application of that

22   but-for take rate?

CONFIDENTIAL

Page 232

1          A     Not sitting here today.  It's not

2     something I focused on.

3          Q     Okay.  Did the United States -- did you

4     rely on any facts communicated to you by the

5     United States in applying a 10 percent but-for

6     take rate in your calculations?

7          A     One more time.

8          Q     Did you rely on any facts communicated

9     to you by the United States in applying a

10     10 percent but-for take rate in your calculations?

11          A     No.

12          Q     Okay.  Let's turn to paragraph 56 of the

13     Respess initial report.

14          A     Yes, I'm there.

15          Q     And you write in the first sentence,

16     "For each FAA Purchase Pathway except CMS.1,

17     CMS.2, NHTSA.1, and NHTSA.2, I selected a number

18     of transactions of open web display advertising

19     and confirmed that the FAA paid for those

20     transactions."

21               Did I read that correctly?

22          A     Yes.

CONFIDENTIAL

Page 321

1        CERTIFICATE OF NOTARY PUBLIC

2           I, SHARI R. BROUSSARD, the officer before

3       whom the foregoing deposition was taken, do hereby

4       certify that the witness whose testimony appears

5       in the foregoing deposition was duly sworn by me;

6       that the testimony of said witness was taken by me

7       in stenotype and thereafter reduced to typewriting

8       under my direction; that said deposition is a true

9       record of the testimony given by said witness;

10      that I am neither counsel for, related to, nor

11      employed by any of the parties to the action in

12      which this deposition was taken; and, further,

13      that I am not a relative or employee of any

14      counsel or attorney employed by the parties

15      hereto, nor financially or otherwise interested in

16      the outcome of this action.

17

18                        *Shari R. Broussard*

19                        SHARI R. BROUSSARD

                          Notary Public in and for the

20                        District of Columbia

21

        My commission expires:

22      August 14, 2025

CONFIDENTIAL

Page 322

1               A C K N O W L E D G E M E N T
2                   O F   D E P O N E N T
3
4
        I, ADORIA LIM, do hereby acknowledge
5
        I have read and examined the foregoing pages of
6
        testimony, and the same is a true, correct and
7
        complete transcription of the testimony given by
8
        me, and any changes or corrections, if any, appear
9
        in the attached errata sheet signed by me.
10
11
12
13
14
15
16
17
18
19
        _____          _____
20      Date                         ADORIA LIM
21
22      Job No. CS6485261