### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

|  |  |
|---|---|
| UNITED STATES, *et al.,* |  |
| *Plaintiffs,* | No: 1:23-cv-00108-LMB-JFA |
| vs. |  |
| GOOGLE LLC, |  |
| *Defendant.* |  |

### NON-PARTY SOVRN HOLDINGS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL

Pursuant to Local Civil Rule 5(C), non-party Sovrn Holdings, Inc. ("Sovrn") submits this Memorandum of Law in Support of Plaintiffs' Motion to Seal (ECF No. 648) (the "Motion to Seal"). In that motion, Plaintiff moved to file under seal portions of their Opposition to Defendant Google LLC's Motion to Exclude the Testimony of Adoria Lim (ECF. No. 647), as well as certain exhibits attached to the motion.

Sovrn submits this memorandum in support of Plaintiffs' request, pursuant to the protective order, that the Court maintain certain non-party documents that were designated as "Confidential" or "Highly Confidential" under seal. [1] Plaintiffs' Opposition to Defendant Google LLC's Motion to Exclude the Testimony of Adoria Lim (ECF. No. 647), and/or certain of its exhibits contain

---

[1] Sovrn is reliant on the parties to disclose to it which of its Confidential and/or Highly Confidential information has been used in Court filings. Sovrn files this memorandum based on its having received notification from one or more Parties of the filing of the materials described herein. Sovrn reserves the right to file additional motions to seal and/or supporting memoranda if it later learns that any of its Confidential and/or Highly Confidential has been filed and omitted from the prior motions.

confidential information related to Sovrn. In particular, Sovrn seeks to have the following material remain under seal:

- Exhibit L, Simcoe Report (ECF No. 647-12): (Figure 15), and paragraphs 223-224.

For the reasons stated below, Sovrn respectfully requests that the Court grant the Motion to Seal, with respect to the aforementioned material contained within the above-described Exhibit which implicates Sovrn's highly sensitive and competitive financial information.

## LEGAL STANDARD

"When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements." *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Substantively, the Court "must determine the source of the right of access with respect to each document." *Stone* v. *Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988). "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police*, 386 F.3d at 575. "While the common law presumption in favor of access attaches to all judicial records and documents, the First Amendment guarantee of access has been extended only to particular judicial records and documents." *Stone*, 855 F.2d at 180.

Even so, public access to civil trial records "is not absolute," and restrictions can be justified by concerns that such records "might . . . become a vehicle for improper purposes," such as where the records serve "as sources of business information that might harm a litigant's competitive standing." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). A corporation's "strong interest in preserving the confidentiality of its proprietary and trade-secret information . . . . may justify partial sealing of court records." *Doe* v. *Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014).

Nonparties, such as Sovrn, are afforded extra protections in relation to the burdens imposed by third-party subpoenas, and as such, Sovrn should be afforded increased protections in relation to the confidential documents it produced in response to such a subpoena.  *See In re: Am. Med. Sys., Inc.,* No. 2325, 2016 WL 6666890, at *5 (S.D.W. Va. Nov. 10, 2016) (citing *Med. Components, Inc. v. Classic Med., Inc.*, 210 F.R.D. 175, 180 n. 9 (M.D.N.C. Sept. 27, 2002) (particular consideration given to unwanted burden imposed on non-parties who are producing documents pursuant to subpoena).  Sovrn, as a nonparty, should not be forced to have its confidential business information thrust into the public spotlight in a case in which it has no direct interest.  *See Jeune v. Westport Axle Corp.,* No. 7:14-CV-617, 2016 WL 1430065, at *2 (W.D. Va. Apr. 8, 2016) (party's interest in litigation considered when determining burdens imposed via third-party subpoenas).

Procedurally, before allowing documents to be filed under seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object,[2] (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft* v. *Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

A memorandum supporting a request to seal shall include:

(1) A non-confidential description of what material has been filed under seal;

(2) A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request;

(3) References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied;  and

---

[2] This Court has extended the deadline for responses to this Motion to Seal until June 14, 2024, in order to allow interested parties a reasonable opportunity to respond (ECF. No. 728).

3

(4) Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.[3]

U.S.D.C. E.D. Va. Local Civil Rule 5(C).

## **DISCUSSION**

Sovrn seeks to permanently seal relatively small portions of Exhibit L.  Sovrn is a non-party that produced documents in response to subpoenas from Google and the Department of Justice.  Pursuant to the Protective Order (ECF No. 203) entered in this case, Sovrn marked some of the documents "Confidential." The documents marked confidential contain confidential financial information that, if disclosed, would cause irreparable harm to Sovrn, including but not limited to financial losses and loss of competitive advantage.

Some of this confidential financial information is contained in the exhibit that is the subject of this memorandum, which Sovrn seeks to keep sealed. The sensitive nature of the information necessitates its protection from public disclosure.  The harm that would result from the disclosure of the confidential document outweighs any public interest in access to the information.  The public interest in transparency must be balanced against the legitimate interests of the parties involved. In this case, the harm to Sovrn from disclosure far outweighs any public interest in accessing the documents, as the documents contain sensitive financial information that would provide no benefit to the public but cause great harm to Sovrn if unsealed.  Thus, sealing is appropriate under both the First Amendment and common-law standards.  Sovrn takes no position on whether the remaining materials that are the subject of the Motion to Seal should remain sealed.

## I.     SOVRN HAS FULFILLED THE REQUIREMENTS UNDER LOCAL CIVIL RULE 5(c) AND THE PROTECTIVE ORDER.

---

[3] Sovrn seeks the permanent sealing of portions of all documents in the present case.

### a.   Sovrn Has Provided A Non-Confidential Description Of What Material Has Been Filed Under Seal.

Sovrn submits the following non-confidential descriptions of the materials it requests remain sealed.

- Exhibit L, Simcoe Report (ECF No. 647-12)

  - (Figure 15) But-For Comparable Take Rates, Worldwide Impressions

  - Paragraphs 223-224, References Sovrn's financial and/or market share data being used to create (Figure 15)

The above-described portions of Exhibit L contains Sovrn's highly confidential financial information that, if disclosed, would cause irreparable harm to Sovrn. This confidential material described above, is referred to together as "Sovrn's Confidential Information."

### b.   Sovrn Has Provided A Statement Regarding Why Sealing Is Necessary, And Why Another Procedure Will Not Suffice, As Well As Appropriate Evidentiary Support For The Sealing Request.

Disclosure of Sovrn's Confidential Information to the public or competitors would result in significant harm to Sovrn, including but not limited to financial losses and loss of competitive advantage, as the documents contain non-public financial and proprietary information that could be utilized by its competitors.  In short, this is core financial information for Sovrn's business.  It reveals how Sovrn charges for its services and the market penetration and success of its exchange. It also shows how Sovrn's rates compare to those charged by others in the industry.  This information is not available to the public and would be of tremendous benefit to competitors looking for ways to undercut Sovrn or otherwise take market share.

Exhibit L may be redacted to conceal Sovrn's Confidential Information. These materials list rates charged by Sovrn, analyze them in comparison to rates charged by their competitors,

and/or provide total exchange revenues and the exchange publisher shares for each quarter of several years, information that would harm Sovrn if disclosed to competitors.

### c. Sovrn Has Provided References To The Governing Case Law, An Analysis Of The Appropriate Standard To Be Applied For That Specific Filing, And A Description Of How That Standard Has Been Satisfied.

The Fourth Circuit has made clear, there is a "presumption of access accorded to judicial records." *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988) (citing *Nixon*, 435 U.S. at 597. "[A] First Amendment right of access attaches to documents filed in connection with a summary judgment motion." *ACLU v. Holder*, 652 F. Supp. 2d 654, 661 (E.D. Va. 2009) (citing *Rushford*, 846 F.2d at 253). However, the Fourth Circuit has explained that "there may be instances in which discovery materials should be kept under seal even after they are made part of a dispositive motion." *Rushford*, 846 F.2d at 253.

The Fourth Circuit has recognized that corporations could have a strong interest in preserving the confidentiality of proprietary or trade secret information, which may justify the sealing of court records. *Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014).; *see also Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004) (district court did not abuse its discretion in refusing to unseal documents containing confidential and proprietary business information filed in connection with summary judgment motion); *Benedict v. Hankook Tire Co. Ltd.*, 323 F. Supp. 3d 747, 766 (E.D. Va. 2018) (businesses may have a "compelling interest under the First Amendment test" in "protecting proprietary commercial information"); *In re Knight Pub. Co.*, 743 F.2d 231 (4th Cir. 1984) (court may seal documents to prevent others from gaining a business advantage).

Here, Sovrn, a third-party, seeks the sealing of portions of Exhibit L containing highly sensitive, non-public financial information. These documents would severely harm Sovrn's competitive standing if made public. District courts in the Fourth Circuit have sealed similar

categories of information where the First Amendment right of access attaches. *See, e.g., Abu-Eid v. Discover Prod., Inc.,* No. 1:20-CV-1450, 2021 WL 9969142 (E.D. Va. June 2, 2021) (court sealed two documents marked as "confidential" by third parties who provided the information pursuant to a subpoena); *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 577 (E.D. Va. 2009) (stating that courts may refuse "to permit their files to serve ... as sources of business information that might harm a litigant's competitive standing") (quoting *Nixon*, 435 U.S. at 598); *E. W., LLC* v. *Rahman*, 2012 WL 3843657, at *3 (E.D. Va. Sept. 4, 2012) ("sensitive financial data, including gross profit data, the disclosure of which would be highly likely to cause significant harm to the [company's] business competitive position"); *Intelligent Verification Sys., LLC* v. *Microsoft Corp.*, 2014 WL 12659953, at *1 (E.D. Va. Dec. 22, 2014) (sealing "sensitive business information" attached to summary judgment motion); *HiQ Materials AG* v. *ICP Indus., Inc.* 2023 WL 4842783, at *2 (M.D.N.C. June 28, 2023) (defendant "seeks to redact only proprietary business and customer information and trade secrets in the form of financial analyses"); *360 Mortg. Grp., LLC* v. *Stonegate Mortg. Corp.*, 2016 WL 4939308, at *1-2 (E.D.N.C. Sept. 14, 2016) ("finances" are "the type of confidential business information properly subject to protection"); *SMD Software, Inc.* v. *EMove, Inc.*, 2013 WL 1091054, at *2-*3 (E.D.N.C. Mar. 15, 2013) (profit and loss statements, pricing, marketing strategies, expense information, market share, and customer information).

For these same reasons, the above-described portions of Exhibit L should be sealed in the present case, as they contain sensitive proprietary information that could harm Sovrn by providing its competitors with non-public financial information and cause financial losses.

## **CONCLUSION**

For the reasons above, Sovrn respectfully requests that this Court grant the Motion to Seal with respect to the portions of Exhibit L described in detail in Section I.a above.

Dated: June 14, 2024                                              Respectfully submitted,

                                                                 */s/ Stan M. Doerrer*
                                                                 Stan M. Doerrer, VSB No. 88857
                                                                 THE LAW OFFICE OF STAN M.
                                                                 DOERRER PLLC
                                                                 950 N. Washington Street,
                                                                 Alexandria, VA 22314
                                                                 Telephone: (703) 348-4646
                                                                 Facsimile: (703) 348-0048
                                                                 Email: stan@doerrerlaw.com

## **CERTIFICATE OF SERVICE**

I certify that on this 14th day of June, 2024, I filed the foregoing document and served all counsel of record in this action via the Court's ECF filing system.

                                                                 */s/ Stan M. Doerrer*