IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **United States of America, *et al.*,** ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:23cv00108 (LMB-JFA) |
| ) | |
| **Google LLC,** ) | |
| Defendant. ) | |

### NON-PARTY OPENX'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' AND DEFENDANT'S MOTIONS TO SEAL

Pursuant to Local Civil Rule 5(C), this Court's Order dated June 4, 2024 (Dkt. 728), and the Protective Order in this Case (Dkt. 203), non-party OpenX Technologies, Inc. ("OpenX") respectfully submits this memorandum of law in support of the Motions to Seal filed by Plaintiffs and Defendants that concern OpenX's confidential information (Dkts. 605, 612, 642, 651, 661, 667, 712). OpenX requests that the Court grant Plaintiffs' and Defendant's Motions with respect to certain documents and information that contain OpenX's trade secrets and other competitively sensitive business information. The information OpenX seeks to keep under seal was provided by OpenX to the parties pursuant to the Protective Order in this case and designated Highly Confidential.

### LEGAL STANDARD

"[T]he right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files" are "sources of business information that might harm" a party's "competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In this Circuit, Courts have repeatedly found that the presumption of access to judicial records "can be rebutted if countervailing interests

1

heavily outweigh the public interests in access." *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). *See also Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Rushford*). Some of the factors to be weighed by a Court "include whether the records are sought for improper purposes" such as "unfairly gaining a business advantage." *Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). Courts in this Circuit have found that sealing is appropriate where the information "would give a windfall to competitors," grant counterparties "an advantage to seek more favorable terms" in future negotiations, or enable competitors to "modify their business strategies to" disadvantage the party seeking to seal its confidential information. *Fed. Trade Comm'n v. Syngenta Crop Prot. AG*, No. 1:22CV828, 2023 WL 6379625, at *3 (M.D.N.C. Sept. 28, 2023). *See also Bayer Cropscience Inc. v. Syngenta Crop Prot., LLC*, 979 F. Supp. 2d 653, 656–57 (M.D.N.C. 2013) (granting Motion to Seal certain confidential "marketing, sales, and licensing information which is not ordinarily public.").

## ARGUMENT

OpenX seeks to keep under seal a specific set of passages and exhibits from Plaintiffs' and Defendant's filings in this case that contain OpenX's competitively sensitive business information.[1] OpenX seeks to keep this information under seal because OpenX believes it would suffer substantial economic harm if the information were disclosed to the public (or its competitors). *See* Exhibit A ("Gentry Decl."). OpenX believes that the harm it would suffer outweighs the public's traditional access to judicial records, especially given OpenX's status as a nonparty to this matter that only produced materials to the parties pursuant to subpoenas issued by

---

[1] OpenX notes that due to confidentiality concerns for the parties and other third parties, OpenX has not been granted access to the unredacted versions of Plaintiffs' and Defendant's filings. OpenX relies on representations from Plaintiffs and Defendants as to the scope of OpenX's confidential information included in the parties' filings. To the extent additional OpenX confidential information is included in these filings but has not been shared with OpenX, OpenX respectfully requests that the Court keep that information under seal.

the Plaintiffs and Defendants in this case. OpenX only seeks to keep under seal specific portions of documents filed by the parties in order to protect OpenX's confidential information while not unduly limiting the public's right to access factual and legal arguments being made by the parties in this case.

The information that OpenX seeks to keep under seal was provided to the parties in this case and designated "Highly Confidential" pursuant to the Protective Order in this case (Dkt. 203). At no time since OpenX made their productions to the parties has either party objected to OpenX's designation of this information as Highly Confidential, as permitted by paragraph 13 of the Protective Order. The information that OpenX seeks to keep under seal includes OpenX's internal business planning documents, testimony provided by OpenX witnesses at deposition, as well as outputs created by the parties' experts that are based on highly confidential data that OpenX produced to the parties. OpenX does not share its internal business planning documents with the public (or its competitors), and it does not make its internal, highly confidential data available to the public (or its competitors), either. Gentry Decl. at 1-2. The information that OpenX seeks to keep under seal includes OpenX's take rates, pricing, and costs, as well as its business strategies. OpenX considers the information contained in these documents and data its trade secrets and actively works to ensure it does not become "public knowledge or of a general knowledge" to its competitors and customers. *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 475 (1974).

Courts in this District routinely grant Motions to Seal where the information being protected is "sensitive business information" and the "competitive position" of the party seeking to keep the information under seal "might be impaired if this information is disclosed to the public at large." *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-CV-525-AWA-LRL, 2014 WL 12659953, at *1 (E.D. Va. Dec. 22, 2014). If the information that OpenX seeks to keep under

seal were revealed to the public, OpenX believes that it would suffer significant commercial harm. Gentry Declr. at 2-3. Specifically, OpenX believes that its competitors would take advantage of the information to convince customers to switch away from OpenX's products and customers would be able to use the information to extract more favorable commercial terms from OpenX. *Id.*

Included in the table below is a non-confidential description of the material that OpenX requests to keep under seal.

| Docket Number | Description of Material | Basis for Keeping Information Under Seal |
|---|---|---|
| 579 | Footnotes 4, 8 | This document contains information on OpenX's confidential take rates |
| 581 | Exhibit 1 (Robin Opening Report):<br><br>Figures 47, 48, 49, 50, 51, 54, 909,1 92, 93, 94, 95, 96, 110, 122, 123, 124, 125<br><br>Footnotes 552, 567, 733, 734, 735, 796 | This exhibit contains testimony provided by OpenX and information provided by OpenX that includes its confidential take rate and spending information, as well as its business strategy and planning information |
| 581 | Exhibit 2 (Metz Report)<br><br>Figure 30 | This exhibit contains information on OpenX's confidential take rates |
| 581 | Exhibit 3 (Robin Rebuttal Report)<br><br>Figure 88 | This exhibit contains confidential information regarding OpenX's spending and impressions |
| 581 | Exhibit 5 (Simcoe Opening Report)<br><br>Figures 4, 7, 8<br><br>Footnote 127 | This exhibit contains testimony provided by OpenX and information provided by OpenX that includes its confidential take rate and spending information |
| 583 | Exhibit 35 | This document contains OpenX's confidential financial information and business planning and strategies |
| 583 | Exhibit 38 (Chevalier Report)<br><br>Figures 10, 17 | This exhibit contains confidential information about OpenX's revenue |

| 595 | Exhibit 93 (Simcoe Reply Report)<br><br>Figure 3 | This exhibit contains analysis of OpenX's take rate and impressions based on confidential information provided by OpenX |
|---|---|---|
| 640 | Exhibit A (Simcoe Opening Report)<br><br>Figures 4, 5, 7, 8, 15<br><br>Footnote 127 | This exhibit contains testimony provided by OpenX and information provided by OpenX that includes its confidential take rate, impressions, and spending information, as well as its business strategy and planning information |
| 640 | Exhibit D (Lee Opening Report)<br><br>Figures 47, 110 | This exhibit contains information provided by OpenX that includes its confidential take rate, impressions, and spending information, as well as its business strategy and planning information |
| 640 | Exhibit G (Lee Rebuttal Report)<br><br>Figures 29, 41<br><br>Footnotes 723 | This exhibit contains testimony provided by OpenX and information provided by OpenX that includes its confidential take rate, impressions, and spending information, as well as its business strategy and planning information |
| 640 | Exhibit M (Weintraub Opening Report<br><br>Footnote 247, 552, 553 | This exhibit contains confidential testimony provided by OpenX related to the financial impacts it suffered from Google's activities |
| 640 | Exhibit O (Chevalier Report)<br><br>Figure 11 | This exhibit contains confidential information about OpenX's revenue |
| 644 | Exhibit H<br><br>Figure 41<br><br>Footnote 325 | This exhibit contains confidential information regarding OpenX's spending and impressions |
| 647 | Exhibit L<br><br>Figure 15 | This exhibit contains confidential information regarding OpenX's spending and impressions |
| 660 | Exhibit A (Lee Opening Report)<br><br>Figures 48, 49, 50, 51, 84, 86, 87<br><br>Footnotes 552, 567, 604, 652, 657, 796 | This exhibit contains information provided by OpenX that includes its confidential take rate, impressions, and spending information, as well as its business strategy and planning information |

| 669 | DOJ Opposition to Google's Summary Judgment Motion, Page 16 | This document includes a passage that cites OpenX's confidential internal business documents |
| --- | --- | --- |
| 670 | Exhibit 8 (Lee Opening Report)<br><br>Figures 47, 48, 110 | This exhibit contains information provided by OpenX that includes its confidential take rate and spending information, as well as its business strategy and planning information |
| 670 | Exhibit 32 (Weintraub Opening Report)<br><br>Footnotes 247, 552, 553 | This exhibit contains confidential testimony provided by OpenX related to the financial impacts it suffered from Google's activities |
| 670 | Exhibit 54 | This exhibit contains confidential testimony provided by OpenX |
| 673 | Exhibit 116 (Lee Rebuttal Report)<br><br>Figures 29, 30 | This exhibit contains analysis of OpenX's take rate and fees based on confidential information provided by OpenX |
| 706 | Footnote 10 | This document contains references to OpenX's confidential information related to take rates |
| 709 | Exhibit 127 (Lee Opening Report)<br><br>Appendix H.1 | This document includes OpenX's confidential information regarding data provided to the parties |

## CONCLUSION

WHEREFORE, for each of the reasons stated above, OpenX respectfully request that this Honorable Court grant Plaintiffs' and Defendant's Motions to Seal.

_____/s/_____

Patrick Greco
Va. Bar No. 90756
Kressin Meador Powers LLC
300 New Jersey Ave NW, Ste 900
Washington, DC 20001
Patrick@kressinmeador.com

Brandon Kressin (*admitted pro hac vice*)
Kressin Meador Powers LLC
300 New Jersey Ave NW, Ste 900
Washington, DC 20001
Brandon@kressinmeador.com

Counsel for OpenX