IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **United States of America**, *et al.*,<br>Plaintiffs,<br><br>v.<br><br>**Google LLC**,<br>Defendant. | )<br>)<br>)<br>)  Case No. 1:23cv00108 (LMB-JFA)<br>)<br>)<br>) |

### NON-PARTY MAGNITE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' AND DEFENDANT'S MOTIONS TO SEAL

Pursuant to Local Civil Rule 5(C), this Court's Order dated June 4, 2024 (Dkt. 728), and the Protective Order in this Case (Dkt. 203), non-party Magnite, Inc. ("Magnite") respectfully submits this memorandum of law in support of the Motions to Seal filed by Plaintiffs and Defendants that concern Magnite's confidential information (Dkts. 605, 612, 642, 651, 661, 667, 712). Magnite respectfully requests that the Court grant Plaintiffs' and Defendant's Motions with respect to certain documents and information that contain Magnite's trade secrets and other competitively sensitive business information. The information Magnite seeks to keep under seal was provided by Magnite to the parties pursuant to the Protective Order in this case and designated Highly Confidential.

### LEGAL STANDARD

"[T]he right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files" are "sources of business information that might harm" a party's "competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In this Circuit, Courts have repeatedly found that the presumption of access to judicial records "can be rebutted if countervailing interests

1

heavily outweigh the public interests in access." *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). *See also Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Rushford*). Some of the factors to be weighed by a Court "include whether the records are sought for improper purposes" such as "unfairly gaining a business advantage." *Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). Courts in this Circuit have found that sealing is appropriate where the information "would give a windfall to competitors," grant counterparties "an advantage to seek more favorable terms" in future negotiations, or enable competitors to "modify their business strategies to" disadvantage the party seeking to seal its confidential information. *Fed. Trade Comm'n v. Syngenta Crop Prot. AG*, No. 1:22CV828, 2023 WL 6379625, at *3 (M.D.N.C. Sept. 28, 2023). *See also Bayer Cropscience Inc. v. Syngenta Crop Prot., LLC*, 979 F. Supp. 2d 653, 656–57 (M.D.N.C. 2013) (granting Motion to Seal certain confidential "marketing, sales, and licensing information which is not ordinarily public.").

## ARGUMENT

Magnite seeks to keep under seal a specific set of passages and exhibits from Plaintiffs' and Defendant's filings in this case that contain Magnite's competitively sensitive business information.[1] Magnite seeks to keep this information under seal because Magnite believes it would suffer substantial economic harm if the information were disclosed to the public (or its competitors). *See* Exhibit A ("Saltz Decl."). Magnite believes that the harm it would suffer outweighs the public's traditional access to judicial records, especially given Magnite's status as a nonparty to this matter that only produced materials to the parties pursuant to subpoenas issued by

---

[1] Magnite notes that due to confidentiality concerns for the parties and other third parties, Magnite has not been granted access to the unredacted versions of Plaintiffs' and Defendant's filings. Magnite relies on representations from Plaintiffs and Defendants as to the scope of Magnite's confidential information included in the parties' filings. To the extent additional Magnite confidential information is included in these filings but has not been shared with Magnite, Magnite respectfully requests that the Court keep that information under seal.

2

the Plaintiffs and Defendants in this case. Magnite only seeks to keep under seal specific portions of documents filed by the parties in order to protect Magnite's confidential information while not unduly limiting the public's right to access factual and legal arguments being made by the parties in this case.

The information that Magnite seeks to keep under seal was provided to the parties in this case and designated "Highly Confidential" pursuant to the Protective Order in this case (Dkt. 203). At no time since Magnite made their productions to the parties has either party objected to Magnite's designation of this information as Highly Confidential, as permitted by paragraph 13 of the Protective Order. The information that Magnite seeks to keep under seal includes Magnite's internal business planning documents, testimony provided by Magnite witnesses at deposition, as well as outputs created by the parties' experts that are based on highly confidential data that Magnite produced to the parties. Magnite does not share its internal business planning documents with the public (or its competitors), and it does not make its internal, highly confidential data available to the public (or its competitors), either. Saltz Decl. at 1. The information that Magnite seeks to keep under seal includes Magnite's take rates, pricing, and costs, as well as its business strategies. Magnite considers the information contained in these documents and data its trade secrets and actively works to ensure it does not become "public knowledge or of a general knowledge" to its competitors and customers. *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 475 (1974).

Courts in this District routinely grant Motions to Seal where the information being protected is "sensitive business information" and the "competitive position" of the party seeking to keep the information under seal "might be impaired if this information is disclosed to the public at large." *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-CV-525-AWA-LRL, 2014

3

WL 12659953, at *1 (E.D. Va. Dec. 22, 2014). If the information that Magnite seeks to keep under seal were revealed to the public, Magnite believes that it would suffer significant commercial harm. Saltz Decl. at 2-3. Specifically, Magnite believes that its competitors would take advantage of the information to convince customers to switch away from Magnite's products and customers would be able to use the information to extract more favorable commercial terms from Magnite. *Id.*

Included in the table below is a non-confidential description of the material that Magnite requests to keep under seal.

| Docket Number | Description of Material | Basis for Keeping Information Under Seal |
|---|---|---|
| 581 | Exhibit 1 (Robin Opening Report):<br><br>Figures 18, 48, 49, 50, 51, 54, 90, 91, 92, 93, 94, 95, 96, 110, 122, 123, 124, 125<br><br>Footnotes 726, 729, 737 | This exhibit contains testimony provided by Magnite and information provided by Magnite that includes its confidential take rate and spending information, as well as its business strategy and planning information |
| 581 | Exhibit 2 (Metz Report)<br><br>Figure 30<br><br>Footnote 630 | This exhibit contains information from confidential Magnite communications with business partners and Magnite's confidential take rates |
| 581 | Exhibit 3 (Robin Rebuttal Report)<br><br>Figure 88<br><br>Footnote 382 | This exhibit contains confidential information regarding Magnite's business capabilities and its spending and impressions |
| 581 | Exhibit 5 (Simcoe Opening Report)<br><br>Page 56 (mention of Rubicon win rate)<br><br>Figures 4, 7, 8, 14<br><br>Footnotes 178, 179 | This exhibit contains information from confidential Magnite communications with business partners and Magnite's confidential take rates, spend, and impressions data |
| 583 | Exhibit 32 at 247:9-248:8 | This document contains testimony regarding Magnite's confidential win rate data |

4

| | | |
|---|---|---|
| 583 | Exhibit 38 (Chevalier Report)<br><br>Figures 10 | This exhibit contains confidential information about Magnite's revenue |
| 595 | Exhibit 93 (Simcoe Reply Report)<br><br>Figure 3 | This exhibit contains analysis of Magnite's take rate and impressions based on confidential information provided by Magnite |
| 640 | Exhibit A (Simcoe Opening Report)<br><br>Figures 4, 5, 7, 8, 15 | This exhibit contains information provided by Magnite that includes its confidential take rate, impressions, and spending information, as well as its business strategy and planning information |
| 640 | Exhibit D (Lee Opening Report)<br><br>Figures 47, 48, 54, 110<br><br>Footnotes 552, 687, 696, 729, 1109, 1110, 1111, 1112<br><br>Exhibits E, Q | This exhibit contains testimony provided by Magnite, documents provided by Magnite, and information provided by Magnite that include its confidential take rate, impressions, and spending information, as well as its business strategy and planning information |
| 640 | Exhibit G (Lee Rebuttal Report)<br><br>Figures 29, 30 | This exhibit contains information provided by Magnite that includes its confidential take rate, impressions, and spending information, as well as its business strategy and planning information |
| 640 | Exhibit M (Weintraub Opening Report<br><br>Footnote 247 | This exhibit contains citations to confidential documents provided by Magnite |
| 640 | Exhibit O (Chevalier Report)<br><br>Figure 11 | This exhibit contains confidential information regarding Magnite's revenues |
| 644 | Exhibit H (Israel Report)<br><br>Figure 40, 41 | This exhibit contains confidential information regarding Magnite's impressions and spending |
| 647 | Exhibit L<br><br>Figure 15 | This exhibit contains confidential information regarding Magnite's take rate, spending and impressions |

| 706 | Footnote 10 | This document contains confidential information regarding Magnite's take rates |
| --- | --- | --- |
| 709 | Exhibit 127 (Lee Opening Report)<br><br>Appendix H.1 | This document includes Magnite's confidential information regarding data provided to the parties |

## CONCLUSION

WHEREFORE, for each of the reasons stated above, Magnite respectfully requests that this Honorable Court grant Plaintiffs' and Defendant's Motions to Seal.

          _____/s/_____

Patrick Greco
Va. Bar No. 90756
Kressin Meador Powers LLC
300 New Jersey Ave NW, Ste 900
Washington, DC 20001
Patrick@kressinmeador.com

Brandon Kressin (*admitted pro hac vice*)
Kressin Meador Powers LLC
300 New Jersey Ave NW, Ste 900
Washington, DC 20001
Brandon@kressinmeador.com

Counsel for Magnite