# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **United States of America, *et al.*,** ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:23cv00108 (LMB-JFA) |
| ) | |
| **Google LLC,** ) | |
| **Defendant.** ) | |

### DECLARATION OF AARON SALTZ IN SUPPORT OF MAGNITE'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' AND DEFENDANT'S MOTIONS TO SEAL

1. I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The evidence set out in this Declaration is based on my personal knowledge.

2. I am the current Chief Legal Officer (CLO) of Magnite, Inc. ("Magnite").

3. In my role as CLO, I am responsible for Magnite's legal affairs.

4. In my role as CLO, I am generally aware of what information Magnite considers a trade secret or confidential information and the legal and business steps that Magnite takes to protect that information from disclosure to competitors and customers.

5. In my role as CLO, it is my opinion that Magnite would suffer competitive harm if its competitively sensitive information or trade secrets were made available to its competitors or customers.

6. Because of this, Magnite generally does not make its confidential information or trade secrets available to the public.

1

7. I have reviewed the information that has been made available to Magnite regarding what confidential information provided to the parties by Magnite has been cited by the parties in their filings before this Court.

8. In my opinion as CLO of Magnite, the information included in these filings does contain Magnite's confidential information.

9. I understand that some of the information included in these filings was derived from Magnite's highly confidential internal data which Magnite does not make public but did provide to the parties pursuant to subpoenas issued by the parties and the Protective Order in this case.

10. I understand that Magnite's confidential information is currently filed under seal and is the subject of Motions by the Plaintiffs and Defendants to keep this information under seal.

11. In the event Magnite's confidential information were no longer under seal and were made available to the public, Magnite would suffer substantial commercial harm.

12. If information about Magnite's take rates, revenues, spending, and business strategy were made available to Magnite's competitors then those competitors could use the information to encourage Magnite's customers to end their relationship with Magnite and work with Magnite's competitors, instead.

13. Specifically, Magnite's competitors could use the revenue and spending data in the sealed materials to gain insight into Magnite's internal corporate strategies and operations. Public disclosure of such information could give competitors insight into how Magnite operates, allowing them to adapt their business strategies to more effectively compete with Magnite.

14. If information about Magnite's take rates, revenues, spending, and business strategy were made available to Magnite's customers then Magnite's customers could demand new commercial terms in their relationship with Magnite that would be less favorable to Magnite.

15. In all such cases, the public release of Magnite's confidential information would create an asynchronous environment where Magnite's customers and competitors would gain access to Magnite's confidential information, but Magnite would not have the same access to other parties' confidential information.

16. Even in the event where Magnite's confidential information included in the parties' filings is historical, Magnite still stands to suffer competitive harm if the information were made available to the public.

17. In my experience as CLO, even historical information about sensitive business aspects like take rates, revenues, and spending can still be used to gain a competitive advantage because competitors may claim to Magnite customers that such historical data can be used to more accurately predict current information on take rates, revenues, and spending and encourage Magnite customers to switch away from Magnite.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 13, 2024.

Aaron Saltz