IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.* <br><br> *Plaintiffs,* <br><br> v. <br><br> GOOGLE LLC, <br><br> *Defendant.* | No: 1:23-cv-00108-LMB-JFA |

**NON-PARTY EQUATIV'S MEMORANDUM IN SUPPORT OF THE
PARTIES' MOTIONS TO SEAL (DOCKET NOS. 605, 642, 661, 667, AND 712)**

Pursuant to Local Civil Rule 5(C), Non-Party Equativ SAS (Equativ), through its undersigned counsel, submits this memorandum in support of the following Motions to Seal by the Parties in the case:

- Defendant Google LLC's ("Google") Motion to Seal for Google's Summary Judgment and *Daubert* Motion Filings related to Prof. Robin S. Lee, Adoria Lim, and Dr. Timothy Simcoe and related materials (Dkt. No. 605);

- Plaintiffs' Motion to Seal Plaintiffs' Opposition to Google's Motion to Exclude Dr. Timothy Simcoe and related materials (Dkt. No. 642);

- Plaintiffs' Motion to Seal Plaintiffs' Opposition to Google's Motion to Exclude Prof. Robin S. Lee and related materials (Dkt. No. 661);

- Plaintiffs' Motion to Seal Plaintiffs' Opposition to Google's Motion for Summary Judgment and related materials (Dkt. No. 667); and

- Google's Motion to Seal in connection with its Summary Judgment and *Daubert* motion replies and related materials (Dkt. No. 712) (collectively, "Motions to Seal").

- 1 -

For the reasons stated below, Equativ respectfully requests the Court to grant the above-referenced Motions to Seal to continue protection of Equativ's highly confidential, commercially sensitive business information.

## ARGUMENT

### I. The Procedural Requirements For Sealing Have Been Satisfied

Equativ is a non-party in this action. In response to subpoenas issued by the Parties, Equativ produced documents, data, and testimony containing highly confidential, commercially sensitive information. Declaration of Arnaud Creput in support of Equativ's Memorandum in support of the Parties' Motions to Seal ("Creput Declaration"), ¶¶ 2-4. Pursuant to Local Civil Rule 5 and the Protective Order entered in this case (Dkt. No. 203 ¶ 23), the Parties submitted references to, quotations from, and/or excerpts of documents, data, and deposition testimony Equativ provided in this litigation ("Equativ Materials") under seal through the above-referenced Motions to Seal. The Equativ Materials were included in various expert reports that were exhibits to Google's summary judgment briefing (including Plaintiffs' opposition) and several *Daubert* motions. *See* Appendix A.

Through discussions with counsel for the Parties, counsel for Equativ has reviewed the Equativ Materials and provides this memorandum in support of the Parties' Motions to Seal. Equativ requests these limited sealings and redactions from the filings containing Equativ Materials to protect its highly confidential, competitively sensitive information. Appendix A to this memorandum provides detailed descriptions of the documents containing the Equativ Materials, the docket entries, and provides the basis for sealing and/or redacting.

II. **Equativ Seeks to Maintain Under Seal Commercially Sensitive Information, the Disclosure of Which Would Cause Competitive Harm to Equativ**

It is well-established that the public right of access to judicial records is not absolute. *See, e.g.*, *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Where the public's right of access is outweighed by competing interests, the Court may properly exercise its discretion to seal judicial records. *Id.*; *see also E. W., LLC v. Rahman*, 2012 WL 3841401, at *1 (E.D. Va. Sept. 4, 2012).

A "corporation may possess a strong interest in preserving the confidentiality of its proprietary . . . information, which in turn may justify partial sealing of court records." *Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014). Where, as here, public disclosure of such information "would cause competitive harm to . . . nonparties . . . and place them at a competitive disadvantage," sealing is appropriate. *See Solomon v. Am. Web Loan, Inc.*, 2020 WL 13894410, at *2 (E.D. Va. Oct. 15, 2020). Thus, Equativ's interests in protecting the confidentiality of the Equativ Materials—which contain highly commercially sensitive information—outweigh the public's right of access.

The disclosure of the Equativ Materials, in whole or in part, would cause Equativ significant commercial and competitive harm, by, *inter alia*, revealing Equativ's current market shares, revenues, take rates, and ad exchange fees, which are derived from Equativ's internal, nonpublic, and highly commercially sensitive data, as well as information on Equativ's current competitive strategy, including customer acquisition strategy, evaluation of Equativ's competitive strengths, assessment of market conditions, and insights into Equativ's competitive challenges in the marketplace. Creput Decl. ¶¶ 3-4. Given the recency of these materials, their continued commercial sensitivity, and their relevance to Equativ's current competitive strategy and business operations, their disclosure would allow Equativ's competitors, customers, and other stakeholders,

to leverage this information to competitively disadvantage Equativ and cause significant harm to the company's competitive position. *Id.* ¶ 4.

Courts in the Fourth Circuit have found similar information meets the standard for sealing. *See, e.g., E. W., LLC v. Rahman*, 2012 WL 3843657, at *3 (E.D. Va. Sept. 4, 2012) ("sensitive financial data, . . . the disclosure of which would be highly likely to cause significant harm to the [company's] business competitive position"); *HiQ Materials AG v. ICP Indus., Inc.,* 2023 WL 4842783, at *2 (M.D.N.C. June 28, 2023) (defendant "seeks to redact only proprietary business and customer information and trade secrets in the form of financial analyses, market research, pricing formulas, and highly sensitive customer needs and preferences"); *360 Mortg. Grp., LLC v. Stonegate Mortg. Corp.*, 2016 WL 4939308, at *1-2 (E.D.N.C. Sept. 14, 2016) ("business techniques, the identification of . . . customers, and . . . finances" are "the type of confidential business information properly subject to protection").

### III.     Equativ's Proposed Sealings and Redactions Are Limited and Tailored

In light of this precedent, Equativ has identified a narrow set of redactions to the Parties' filings sufficient to protect its proprietary and confidential business information, the disclosure of which could cause Equativ substantial competitive harm. *See* Creput Decl. ¶ 4. This includes requests to seal certain Equativ Materials in their entirety and requests to redact references to Equativ Materials in other places. Equativ's proposed sealings and redactions to the Parties' filings include less information than the Parties originally submitted under seal. Equativ's sealing and redaction proposals are thus narrowly tailored, and no less restrictive means exist to protect the information, thus outweighing the public's right of access. *See Philpot v. Indep. J. Rev.*, 2021 WL 5071504, at *1 (E.D. Va. Apr. 7, 2021) (granting motion to seal redacted documents because "this

selective protection of information constitutes the least drastic measure of sealing confidential material").

Equativ is a non-party that complied with its legal obligations to respond to the Parties' subpoenas. Creput Decl. ¶¶ 1-2. Equativ now faces the prospect of being materially disadvantaged in the marketplace if the Equativ Materials do not remain under seal; Equativ respectfully requests the Court to protect its highly commercially sensitive information.

## CONCLUSION

For the foregoing reasons, the Court should grant the Parties' Motions to Seal with respect to the Equativ Materials as outlined in Appendix A and permanently seal such materials. A proposed order accompanies this submission.

Dated: June 14, 2024

By: */s/ Craig G. Falls*

Craig G. Falls (VSB 72926)
Anna Aryankalayil (*pro hac vice* admission)
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Ave., N.W.
Washington, D.C. 20037
(202) 339-8611 phone
(202) 339-8500 fax
cfalls@orrick.com
aaryankalayil@orrick.com

*Attorneys for Equativ SAS*