IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>      Plaintiffs,<br><br>   v.<br><br>GOOGLE LLC,<br><br>      Defendant. | Case No. 1:23-cv-00108-LMB-JFA |

**AMAZON.COM INC.'S RESPONSE TO THE PARTIES' MOTIONS TO SEAL**

Pursuant to the Court's scheduling orders (ECF Nos. 621 and 728), third party Amazon.com Inc. ("Amazon"), though its undersigned counsel, hereby respectfully submits a response in support of the parties' motions to seal various summary judgment and Daubert filings insofar as they relate to documents that disclosed Amazon's confidential information.[1] (ECF Nos. 592, 605, 612, 642, 648, 651, 661, 667, 698, 712, 715, and 719.)  Several of the parties' filings and exhibits at issue contain information designated by Amazon as highly confidential or confidential under the Protective Order (ECF No. 98; modified at ECF No. 203), and public disclosure of that information would harm Amazon's competitive position.  Accordingly, as specified in detail in the accompanying declaration of Aaron Ross (Ex. A) and in this brief, Amazon respectfully

---

[1] Amazon cannot access the underlying documents subject to those motions to seal and is reliant on the parties' disclosures that certain portions of those documents contain Amazon's competitively sensitive confidential information.  To the extent Amazon learns that the parties have not identified all the portions of the filings that contain Amazon's information or have not provided Amazon with sufficient portions of the documents or descriptions of the information contained in them for Amazon to make informed decisions about what information warrants sealing, Amazon respectfully requests an opportunity to file a supplemental brief explaining why its competitively sensitive confidential information should remain sealed.  To the extent the Court would find it helpful to consider Amazon's sealing requests, Amazon will work with the parties to provide redacted copies of the documents showing which portions should remain under seal.

requests that a limited and narrowly tailored set of its confidential information be permitted to remain under seal permanently. Specifically, Amazon requests that the following information be maintained permanently under seal:

- Google Motion for Summary Judgment and Motions to Exclude the Testimony of Prof. Robin S. Lee and Adoria Lim, and Replies:
    - ECF No. 581-3, Exhibit 3, Lee Rebuttal Report, Figure 69.
    - ECF No. 581-3, Exhibit 3, Lee Rebuttal Report, Figure 70.
    - ECF No. 581-3, Exhibit 3, Lee Rebuttal Report, Figure 71.
    - ECF No. 581-3, Exhibit 3, Lee Rebuttal Report, Figure 72.
    - ECF No. 581-3, Exhibit 3, Lee Rebuttal Report, Figure 89.
    - ECF No. 708-20, Exhibit 146, excerpts from T. Craycroft Dep., Tr. 81–84.
- DOJ Opposition to Google's Motion for Summary Judgment:
    - ECF No. 656-17, Exhibit 16, excerpts from T. Craycroft Dep., Tr. 81–88.
    - ECF No. 656-17, Exhibit 16, excerpts from T. Craycroft Dep., Errata from 82:4 and 84:13.
- ECF No. 640, DOJ Opposition to Google's Motion to Exclude the Testimony of Dr. Timothy Simcoe. Exhibit J (ECF No. 640-10), Report of Paul Milgrom, ¶ 240, n.457.
- ECF No. 609, DOJ Motion to Exclude the Testimony of Itamar Simonson. Exhibit H (ECF No. 609-9), excerpt of Dr. Mark Israel's Expert Report, ¶ 252, n.285.

## BACKGROUND

The parties recently filed a series of motions, including Google's motion for summary judgment and accompanying briefs, DOJ's opposition to Google's motion for summary judgment,

2

and various motions by both parties to exclude expert witness testimony (including responses and replies thereto). The parties notified Amazon's counsel that various excerpts from these filings contain or reveal Amazon's confidential information that Amazon produced during the investigatory or discovery phases of this case. Amazon requested copies of the filings so that it could assess whether to move to seal the portions that contain Amazon's confidential information, but the parties have not provided all of the filings, explaining that some of them contain other parties' and third parties' confidential information as well. Accordingly, Amazon submits this response based on the information that the parties have provided. If the Court deems Amazon's descriptions of the information at issue insufficient, Amazon respectfully requests that the Court order the parties to provide the actual documents to Amazon redacting everything except Amazon's information.

The parties' filings were accompanied by requests to keep the filings under seal on the grounds that they include information considered by a party or non-party to be "highly confidential" or "confidential" under the Protective Order in this action. *See* ECF No. 98 (modified at ECF No. 203); E.D. Va. L.R. 5(C). Local Rule 5 provided parties and non-parties the opportunity to respond to these motions to seal by May 3, 2024. *See* ECF No. 619. The Parties requested—and this Court granted—an extension of that deadline to June 14, 2024. (ECF No. 728.)

Amazon has assessed the portions of its confidential information included in the parties' filings as best it can based on the disclosures from the parties, and Amazon respectfully requests that only the 10 excerpts identified above and in the Ross Declaration remain under seal. *See* Decl. of A. Ross ¶ 5 (Ex. A). Those excerpts reveal detailed information about Amazon's advertising business performance, such as impressions displayed and specific advertisers' spending on

3

Amazon's advertising products, as well as Amazon's spending on Google's advertising products. Amazon's competitors, including Google, could misuse that information to compete unfairly against Amazon, offer worse terms to Amazon in negotiations, or interfere with Amazon's customer relationships and product offerings.

Amazon has met and conferred with the parties and no party opposes Amazon's request to maintain the excerpts under seal.

## ARGUMENT

Courts commonly seal pretrial materials so as to "fully account for the various public and private interests at stake." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 666 (D.C. Cir. 2017); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted) ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988) (acknowledging that the common law and First Amendment rights of public access to court filings may be limited). In particular, when private interests are at stake, "[c]ourts have refused to permit" court filings to serve "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. "Partial sealing of court records" may be ordered to protect a non-party's "strong interest in preserving the confidentiality of its proprietary and trade-secret information." *Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014).

When deciding whether to seal a document, a court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing . . . , and (3) provide specific reasons and factual findings supporting its decision to seal . . . and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288,

302 (4th Cir. 2000). The "specific reasons" a court should consider when deciding whether to seal a document include "whether the records are sought for improper purposes, such as . . . unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon*, 435 U.S. at 597–608).

Here, all three criteria favor sealing the 10 excerpts reflecting Amazon's highly confidential and competitively sensitive information. The parties provided Amazon notice that the excerpts were included in the their filings. Amazon is unaware of any less drastic alternative to sealing that could protect Amazon's competitively sensitive information than redacting the identified portions. And there are several specific reasons Amazon's competitively sensitive information should remain under seal.

*First*, disclosure of Amazon's information would result in severe commercial and competitive harm to Amazon. The information at issue includes highly confidential, competitively sensitive information about Amazon's advertising business methods, performance, and strategy. Decl. of A. Ross ¶ 5. Disclosure of that information would provide Amazon's competitors with a substantial and unfair commercial advantage in their dealings and negotiations with Amazon. *Id.*

*Second*, the information at issue—Amazon's competitively sensitive commercial business information—would not "enhance the public's understanding of an important historical event." *Knight*, 743 F.2d at 235. Amazon is a third party to this case and its information is peripheral to the disposition of this case. To the extent awareness of Amazon's information is necessary for the public to have a greater understanding of this action, Amazon has requested to redact only a very small subset of Amazon's information that the parties included in their filings—that is, only the

5

most competitively sensitive details about Amazon's advertising business. Decl. of A. Ross ¶ 5. No party or non-party needs access to this limited set of information in order to understand the issues at play in this action.

*Third*, Amazon's information is highly confidential business information that is not available to the public. Decl. of A. Ross ¶ 5-6. Amazon spends time and resources trying to protect its confidential information from public disclosure. *Id.* It would be a perverse result for Amazon to comply with compulsory process from the parties in this action, only to have its competitively sensitive information disclosed to competitors, *including Google*. (Other than its outside counsel, Google is not privy to Amazon's confidential information due to the Protective Order in place.)

In sum, any public interest in accessing Amazon's highly competitively sensitive information is greatly outweighed by Amazon's need to protect against the competitive harm that it would suffer if the information were disclosed. The public has no legitimate interest in accessing Amazon's highly confidential and competitively sensitive information, whereas Amazon has a very strong interest in protecting the confidentiality of that information. Disclosure would do little to enhance the public's understanding of this action, but it would cause significant harm to Amazon. The Court, therefore, should grant the parties' motions to seal insofar as they relate to the portions of the underlying documents that contain Amazon's confidential information, as Amazon has attempted to enumerate here.

## CONCLUSION

The factors from *Knight* weigh strongly in favor of sealing from public disclosure the limited portions of Amazon's confidential information identified in the accompanying Ross Declaration. Considering the competitive harm that would befall Amazon from public disclosure

and Amazon's limited role as a third party in this case, sealing is warranted.  No party opposes Amazon's request.  The Court should grant the parties' motions to seal insofar as they relate to the portions of the underlying documents that contain Amazon's confidential information, as Amazon has attempted to enumerate here.

Dated:  June 14, 2024

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP


By:  */s/ Michael R. Dziuban*
       Michael R. Dziuban

1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
Telephone:   202.955.8500
Facsimile:    202.467.0539
Email:  MDziuban@gibsondunn.com

*Attorney for Third Party Amazon.com, Inc.*

## DECLARATION OF MICHAEL R. DZIUBAN IN SUPPORT OF RESPONSE

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 14, 2024.

/s/ *Michael R. Dziuban*
Michael R. Dziuban

*Counsel for Third Party*
*Amazon.com, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June 2024, I caused to be electronically filed the foregoing Response Regarding Parties' Motions to Seal using the CM/ECF system, which will then send a notification of such filing to all counsel registered through CM/ECF.

/s/ *Michael R. Dziuban*
Michael R. Dziuban

*Counsel for Third Party*
*Amazon.com, Inc.*