**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

UNITED STATES, *et al.*,

        Plaintiffs,

    v.

GOOGLE LLC,

        Defendant.

Case No. 1:23-cv-00108-LMB-JFA

**DECLARATION OF AARON ROSS IN SUPPORT OF AMAZON.COM, INC.'S
RESPONSE REGARDING PARTIES' MOTIONS TO SEAL**

I, Aaron Ross, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am in-house counsel at Amazon.  My title is Corporate Counsel.

2.      I submit this declaration in support of Amazon's Response Regarding the Parties' Motions to Seal ("Response").

3.      The contents of this declaration are based on my personal knowledge of Amazon's business practices and the information and documents relevant to competitive decision-making within Amazon's marketing business.  If called as a witness in this action, I could and would testify competently as to the contents of this declaration.

4.      I understand that the parties in this case have included in their recent summary judgment and Daubert filings certain information and data that Amazon produced in this case and designated Confidential or Highly Confidential under the applicable protective orders.  Further, I understand that the parties have filed those documents under seal and moved to maintain them as permanently sealed.  Amazon has requested copies of those documents, but the parties have not provided all of them, explaining that some of them contain other parties' and third parties'

confidential information as well.   Accordingly, I describe the documents and Amazon's information contained within them to the best of my ability based on the information that the parties have provided.

5.      The filings described below contain Amazon's confidential and competitively sensitive information, the disclosure of which would work severe harm to Amazon's marketing business and the competitive landscape.  Specifically, Amazon respectfully requests that the Court maintain the following portions of the following documents under seal permanently:

- **Google Motion for Summary Judgment and Motions to Exclude the Testimony of Prof. Robin S. Lee and Adoria Lim, and Replies.**

  o  **ECF No. 581-3, Exhibit 3, Lee Rebuttal Report, Figure 69.**  Reflecting Amazon's highly confidential data regarding U.S. indirect open-web display impressions from 2018–22.  Public disclosure would enable Google and other competitors to unfairly leverage Amazon's non-public information in negotiations with Amazon, resulting in severe harm to Amazon and to the competitive landscape.

  o  **ECF No. 581-3, Exhibit 3, Lee Rebuttal Report, Figure 70.**  Reflecting Amazon's highly confidential data regarding U.S. indirect open-web display impressions from 2018–22.  Public disclosure would enable Google and other competitors to unfairly leverage Amazon's non-public information in negotiations with Amazon, resulting in severe harm to Amazon and to the competitive landscape.

  o  **ECF No. 581-3, Exhibit 3, Lee Rebuttal Report, Figure 71.**  Reflecting Amazon's highly confidential data regarding worldwide indirect open-web display impressions from 2018–22.  Public disclosure would enable Google and other competitors to unfairly leverage non-public information in negotiations with Amazon, resulting in severe harm to Amazon and to the competitive landscape.

  o   **ECF No. 581-3, Exhibit 3, Lee Rebuttal Report, Figure 72.**  Reflecting Amazon's highly confidential data regarding U.S. indirect open-web display impressions from 2018–22.  Disclosure would enable Google and other competitors to unfairly leverage non-public information in negotiations with Amazon, resulting in severe harm to Amazon and to the competitive landscape.

  o  **ECF No. 581-3, Exhibit 3, Lee Rebuttal Report, Figure 89.**  Concerning the scale of Google Ads and DV360 in comparison to that of non-Google

advertiser bidding tools. I understand that the information reflects Amazon's 2022 spend on AdX in the US and worldwide. That is highly competitively sensitive and confidential business information. Public disclosure would enable other competitors to unfairly leverage that non-public information in negotiations with Amazon and condition prices and terms on Amazon spending equal amounts or more, resulting in severe harm to Amazon and to the competitive landscape.

  o **ECF No. 708-20, Exhibit 146, excerpts from T. Craycroft Dep., Tr. 81–84.** Discussing sensitive business negotiations between Amazon and Google and Amazon's non-public proprietary advertising technology. Public disclosure would cause competitive harm to Amazon by impacting its negotiating position with Google and other ad publishers.

- **DOJ Opposition to Google's Motion for Summary Judgment.**

  o **ECF No. 656-17, Exhibit 16, excerpts from T. Craycroft Dep., Tr. 81–88.** Discussing sensitive business negotiations between Amazon and Google and Amazon's non-public proprietary advertising technology. Public disclosure would cause competitive harm to Amazon by impacting its negotiating position with Google and other ad publishers.

  o **ECF No. 656-17, Exhibit 16, excerpts from T. Craycroft Dep., Errata from 82:4 and 84:13.** Discussing details about Amazon's non-public proprietary advertising technology. Public disclosure would cause competitive harm to Amazon by impacting its negotiating position with Google and other ad publishers.

- **ECF No. 640, DOJ Opposition to Google's Motion to Exclude the Testimony of Dr. Timothy Simcoe. Exhibit J (ECF No. 640-10), Report of Paul Milgrom, ⁋ 240, n.457.** Discussing highly confidential Amazon programs and strategy related to bid optimization. Public disclosure would enable competitors to copy or imitate Amazon's proprietary technology and interfere with Amazon's planned products and business strategy.

- **ECF No. 609, DOJ Motion to Exclude the Testimony of Itamar Simonson. Exhibit H (ECF No. 609-9), excerpt of Dr. Mark Israel's Expert Report, ⁋ 252, n.285.** Describing Amazon's customers' spend on Amazon's advertising products and their advertising strategies. Public disclosure would enable Google, other ad publishers, and other competitors to unfairly leverage that non-public information in negotiations with or competition against Amazon, and interference with those customers' strategies, resulting in severe harm to Amazon and to the competitive landscape.

6.    To my knowledge, the information in the documents and deposition testimony set out above is not available to the public. Amazon's marketing and advertising businesses take steps

to protect the information as confidential, including by investing in state of the art software and hardware systems that provide for only authorized access to the information.

7.      If the information listed above were to be publicly disclosed, Amazon's competitors could misuse it, such as by designing bids to undercut Amazon's prices, unfairly leveraging non-public information in negotiations with Amazon, or gaining insight into future Amazon products or service offerings. These unauthorized uses of Amazon's information would work severe harm to Amazon and to the competitive landscape.

8.      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Executed June 14, 2024 in Seattle, Washington.


*/s/ Aaron Ross*
Aaron Ross