UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>        *Plaintiffs*,<br><br>  v.<br><br>GOOGLE LLC,<br><br>        *Defendant*. | Civil Action No. 1:23-CV-00108-LMB-JFA |

### NON-PARTY YAHOO AD TECH LLC'S CONFIDENTIAL MEMORANDUM IN SUPPORT OF MOTIONS

Pursuant to Local Civil Rule 5(C), non-party Yahoo Ad Tech LLC ("Yahoo"), through its undersigned counsel, respectfully submits this memorandum in support of Defendant Google LLC's Motions to Seal the summary judgment and Daubert motion filings (Dkt. 605, 712) and Plaintiffs' Motions to Seal the summary judgment and Daubert motion filings (Dkt. 642, 661, 667).

Yahoo is not a party to the above-captioned litigation. Yahoo received document subpoenas from both Plaintiff United States of America and Defendant in this matter on April 25, 2023. Yahoo responded and objected to both of those subpoenas on May 9, 2023. Yahoo subsequently produced documents and data to both parties pursuant to the subpoenas and designated much or all of those materials as either Confidential or Highly Confidential under the Modified Protective Order in this action (Dkt. 203). Yahoo files this memorandum in support of the parties' respective motions to seal in order to protect its interests in the confidentiality of the information provided to the parties.

It is Yahoo's understanding that information confidential to Yahoo appears in certain exhibits to Memorandum of Law in Support of Google LLC's Motion for Summary Judgment (Dkt. 570), Memorandum of Law in Support of Google LLC's Motion to Exclude the Testimony of Prof. Robin S. Lee (Dkt. 573), Memorandum of Law in Support of Google LLC's Motion to Exclude the Testimony of Adoria Lim (Dkt. 576), Memorandum of Law in Support of Google LLC's Motion to Exclude the Testimony of Dr. Timothy Simcoe (Dkt. 579), Plaintiffs' Opposition to Defendant's Motion for Summary Judgment (Dkt. 656) and Sealed Memorandum in Support (Dkt. 669), Plaintiffs' Opposition to Defendant Google LLC's Motion to Exclude the Testimony of Prof. Robin S. Lee (Dkt. 660), and Plaintiffs' Opposition to Google LLC's Motion to Exclude the Testimony of Dr. Timothy Simcoe (Dkt. 640).

The following are the materials the parties are seeking to maintain under seal:

- Declaration of Bryon Becker in Support of Google LLC's Motion for Summary Judgment and Motions to Exclude (Dkts. 581-85);

  o Exhibit 1

    - p. 183, fn 634 (the monthly total number of worldwide open-web display impressions served)

    - p. 184, Figure 45 (worldwide open-web display impressions served by Publisher ad servers (2018-2022))

    - p. 199, Figure 47 (share of worldwide indirect open-web display impressions transacted through ad exchanges (2018-2022))

    - p. 200, Figure 48 (shares of worldwide indirect open-web display impressions among ad exchange (2022))

    - p. 203, Figure 49 (net revenues from the sale of worldwide indirect open-web display impressions (2018-2022))

    - p. 204, Figure 50 (share of ad exchange fees from worldwide indirect open-web display transactions (2018-2022))

- p. 205, Figure 51 (shares of ad exchange fees from worldwide indirect open-web display transactions (2022))

- D-3, Figure 90 (share of US indirect open-web display impressions transacted through ad exchanges (2018-2022))

- D-5, Figure 92 (net revenues from the sale of US indirect open-web display impressions (2018-2022))

- D-6, Figure 93 (share of ad exchange fees from US in indirect open-web display impressions (2018-2022))

- D-7, Figure 94 (shares of ad exchange fees from US indirect open-web display transactions (2022))

- D-8, Figure 95 (share of worldwide indirect open-web display through ad exchanges (2018-2022))

- D-9, Figure 96 (share of US indirect open-web display spend)

- D-18, Figure 107 (US open-web display impressions served by publisher ad servers (2018-2022))

- E-2, Figure 110 (Summary of worldwide open-web indirect display take rates among ad exchanges)

- G-1, Figure 122 (share of worldwide indirect open-web display impressions transacted through ad exchanges (2018-2022))

- G-2, Figure 123 (share of ad exchange fees from worldwide indirect open-web display transactions (2018-2022))

- G-3, Figure 124 (share of US indirect open-web display impressions transacted through ad exchanges (2018-2022))

- G-4, Figure 125 (net revenues from the sale of US indirect open-web display impressions (2018-2022))

- G-9, Figure 130 (worldwide open-web display impressions served by publisher ad servers (2018-2022))

- G-10, Figure 131 (US open-web display impressions served by publisher ad servers (2018-2022))

- o Exhibit 3

    - p. 82, fn 382 (ability to serve programmatic direct deals)

    - B-7, Figure 69 (US indirect open-web display impressions (2018-2022))

    - B-8, Figure 70 (US indirect open-web display impressions (2018-2022))

    - B-9, Figure 71 (worldwide indirect open-web display impressions (2018-2022))

    - B-10, Figure 72 (US indirect open-web display spending (2018-2022))

    - Figure 88 (Yahoo data regarding exchanges participating in open bidding on GAM, worldwide (2022) was used in creating a chart by the expert witness)

- o Exhibit 5

    - Expert Report of Simcoe, p. 113 (The firms' ad exchanges that are covered in this dataset are: AdX, DCN, Equativ, Index Exchange, Magnite, OpenX, Pubmatic, Sharethrough, Sovrn, Xandr, Yahoo, Yieldmo, and Zedo.)

    - Yahoo was listed as one of the firms' ad exchanges that are covered in this dataset prepared by the expert witness analyzing the ad impressions that are sold in the ad exchange relevant market.

- Declaration of Bryon Becker in Support of Google LLC's Replies in Support of Google LLC's Motion for Summary Judgment and Motions to Exclude (Dkt. 708).

    - o Exhibit 127, Appendix H.1 (no description was provided by Plaintiffs)

- DOJ's Opposition to Google's Summary Judgment Motion (Dkt. 669)

    - o Exhibit 8, Figure 47 (AdX maintains a substantial share of worldwide indirect open-web display impressions transacted through ad exchanges (2018–2022))

    - o Exhibit 8, Figure 48 (AdX and third-party ad exchanges' shares of worldwide indirect open-web display impressions among ad exchange (2022))

- - Exhibit 8, Figure 110 (Summary of worldwide open-web indirect display take rates among ad exchanges)

  - Figure 110, VZGGL-ADLIT-0000261 (It is Yahoo's understanding that this document contains historical information from when Yahoo was under Verizon's ownership that is competitively sensitive to Yahoo)

- DOJ Opposition to Motion to Exclude Lee (Dkt. 660)

  - Exhibit A, Figure 45 (worldwide open-web display impressions served by publisher ad servers (2018–2022))

  - Exhibit A. Figure 47 (AdX maintains a substantial share of worldwide indirect open-web display impressions transacted through ad exchanges (2018–2022))

  - Exhibit A, Figure 48 (AdX and third-party ad exchanges' shares of worldwide indirect open-web display impressions among ad exchanges (2022))

  - Exhibit A, Figure 49 (AdX earns consistently high net revenues from the sale of worldwide indirect open-web display impressions (2018–2022))

  - Exhibit A, Figure 50 (AdX maintains a significant share of ad exchange fees from worldwide indirect open-web display transactions (2018–2022))

  - Exhibit A, Figure 51 (AdX and third-party ad exchanges' shares of ad exchange fees from worldwide indirect open-web display transactions (2022))

  - Exhibit A, Figure 85 (share of publisher ad server impressions by publisher location (2022))
  - Exhibit A, Figure 88 (summary of AdX's worldwide indirect open-web display shares among ad exchanges)

  - Exhibit A, Figure 107 (US open-web display impressions served by publisher ad servers (2018–2022))

  - Exhibit A, Figure 108 (annual publisher ad-server impression shares with additional parties, global and US)

  - Exhibit G, Figure 6 (annual US publisher ad server impressions shared (2018-2022))

- DOJ Opposition to Motion to Exclude Simcoe (Dkt. 640)

    o   Exhibit A, Figure 5 (worldwide open-web display impressions)

    o   Exhibit D, Figure 47 (AdX maintains a substantial share of worldwide indirect open-web display impressions transacted through ad exchanges (2018–2022))

    o   Exhibit D, Figure 110 (summary of worldwide open-web indirect display take rates among ad exchanges)

    o   Exhibit G, Figure 41 (AdX Share of U.S. Indirect Open Web Display (Non-Video) Exchange Spending (2019-2022))

    o   Exhibit D, VZGGL-ADLIT-0000261 (It is Yahoo's understanding that this document contains historical information from when Yahoo was under Verizon's ownership that is competitively sensitive to Yahoo)

Importantly, because the above documents also contain confidential information of the parties and other third parties, Yahoo has not been provided with access to the relevant exhibits. However, as has been explained to Yahoo, the Yahoo materials contained in these excerpts disclose granular, nonpublic, competitively sensitive metrics from Yahoo's confidential data productions and business documents, including data regarding ad impressions, revenue, pricing and fees, business capabilities, and business strategies.

Yahoo is a privately-held company, and its business and financial dealings and documents are not a matter of public record.  Yahoo complied in good faith with the discovery requests of Google and the United States with the expectation that its materials would remain confidential under the protective order in this case.  In order to defend its expectation of confidentiality, Yahoo files this memorandum in support of the parties' motions to seal.

Confidential documents—particularly those of uninvolved third parties—are appropriately sealed where "the public's right of access is outweighed by competing interests."

*Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).  A corporation "may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records."  *Co. Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014).   While Yahoo understands the public's overall interest in the present litigation, the public will receive no benefit whatsoever from disclosure of Yahoo's granular, nonpublic, competitively sensitive internal metrics.  To the contrary, the only persons who would be interested in this data are Yahoo's competitors, who could use these metrics in anticompetitive ways.  Unsealing Yahoo's confidential information would be unjust punishment for Yahoo having worked cooperatively with the parties in the interests of minimizing costs and allowing for the litigation to proceed expeditiously.

Accordingly, non-party Yahoo supports Defendant Google LLC's Motions to Seal the summary judgment and Daubert motion filings (Dkt. 605, 712) and Plaintiffs' Motions to Seal the summary judgment and Daubert motion filings (Dkt. 642, 661, 667) to the extent that each requests sealing and/or redactions for information designated by non-parties as Confidential or Highly Confidential.  Yahoo respectfully requests that its sensitive commercial information remain sealed or be redacted from the court filings identified above.

Dated: June 14, 2024                               Respectfully submitted,

*/s/ Robert G. Kidwell*
ROBERT G. KIDWELL (VSB# 47040)
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
555 12th Street N.W., Suite 1100
Washington, D.C. 20004
Telephone:  (202) 661-8752
Facsimile:  (202) 434-7400
RGKidwell@mintz.com

*Counsel for Non-party*
*Yahoo Ad Tech LLC*

## CERTIFICATE OF SERVICE

I am a citizen of the United States and employed by Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. I am over the age of 18 and not a party to the present action. My business address is: 555 12th Street N.W., Washington, D.C. 20004. I hereby certify that on the 14th day of June, 2024, I served a true and correct copy of **NON-PARTY YAHOO AD TECH LLC'S CONFIDENTIAL MEMORANDUM IN SUPPORT OF MOTIONS** via certified mail to the following:

GERARD MENE
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3777
Facsimile: (703) 299-3983
Gerard.Mene@usdoj.gov

JULIA TARVER WOOD
MICHAEL E. WOLIN
AARON M. TEITELBAUM
United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077
Facsimile: (202) 616-8544
Julia.Tarver.Wood@usdoj.gov

*Attorneys for the United States*

STEVEN G. POPPS
TYLER T. HENRY
Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219
Telephone: (804) 692-0485
Facsimile: (804) 786-0122
thenry@oag.state.va.us

*Attorneys for the Commonwealth of
Virginia and local counsel for the
States of Arizona, California,*

*Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia*

ERIC MAHR
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

DANIEL BITTON
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

BRADLEY JUSTUS
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

CRAIG C. REILLY
THE LAW OFFICE OF CRAIG C. REILLY, ESQ.
209 Madison Street, Suite 501
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

KAREN L. DUNN
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile (202) 223-7420
kdunn@paulweiss.com

MEREDITH DEARBORN
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (202) 330-5908
mdearborn@paulweiss.com

ERIN J. MORGAN
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3387
Facsimile: (212) 492-0387
ejmorgan@paulweiss.com

*Counsel for Defendant Google LLC*

CHARLES B. MOLSTER, III
LAW OFFICES OF CHARLES B. MOLSTER, III PLLC
2141 Wisconsin Avenue
Suite M
Washington, D.C. 20007
Telephone: (202) 787-1312
cmolster@molsterlaw.com

*Counsel for Gannett Co., Inc.,*
*Associated Newspapers Ltd., Mail Media,*
*Inc., News Corporation, Yelp, Inc., and*
*News Media Alliance*

JOHN THORNE
DANIEL G. BIRD
KELLOGG, HANSEN, TODD, FIGEL
& FREDERICK, P.L.L.C.
1615 M Street NW
Suite 400
Washington, DC 20036

Telephone: (202) 326-7900
Facsimile: (202) 326-7999
jthorne@kellogghansen.com
dbird@kellogghansen.com

*Counsel for Gannett Co., Inc., Associated Newspapers Ltd., Mail Media, Inc., and News Corporation*

BRANDON KRESSIN
KRESSIN MEADOR LLC
10650 Roe, Unit #137
Overland Park, KS 66207
Telephone: (202) 464-2905
brandon@kressinmeador.com

*Counsel for Yelp, Inc. and News Media Alliance*

WHITNEY D. RUSSELL
HOWARD M. SHAPIRO
BRUCE M. BERMAN
DAVID P. YIN
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
whitney.russell@wilmerhale.com
howard.shapiro@wilmerhale.com
bruce.berman@wilmerhale.com
david.yin@wilmerhale.com

*Counsel for Paul, Weiss, Rifkind, Wharton & Garrison LLP*

ANNA MARIA KOZLOWSKI
ARTHUR JOSEPH BURKE
CHRISTOPHER PHILIP LYNCH
FIONA ROSE MORAN
MICHAEL WILLIAM KUCHARSKI
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-3327

Facsimile: (212) 450-5566
anna.kozlowski@davispolk.com

*Counsel for Comcast Corporation*

/s/ *Payton T. Thornton*
PAYTON T. THORNTON
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
555 12th Street N.W., Suite 1100
Washington, D.C. 20004
Telephone:  (202) 434-7435
Facsimile:  (202) 434-7400
PTThornton@mintz.com

*Counsel for Non-party*
*Yahoo Ad Tech LLC*