<div style="text-align:center">

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

</div>

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>   *Plaintiffs*,<br><br> v.<br><br>GOOGLE LLC,<br><br>   *Defendant.* | No. 1:23-cv-00108-LMB-JFA |

<div style="text-align:center">

**NON-PARTY MEDIAVINE, INC.'S**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL**

</div>

Pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Civil Rule 5(C), non-party Mediavine, Inc. ("Mediavine") respectfully files this memorandum in support of Non-Party Mediavine, Inc.'s Motion to Seal Exhibit 135 Pursuant to Local Civil Rule 5 ("Mediavine's Motion to Seal"). On May 31, 2024, Google LLC ("Google") filed its Reply in Support of Its Motion for Summary Judgment (the "Reply Brief"). *See* Dkt. Nos. 702, 703. Google's Reply Brief cites to the deposition transcript of Eric Hochberger, who testified on September 22, 2023 on behalf of non-party Mediavine, pursuant to subpoenas issued by the United States Department of Justice (the "DOJ") and by Google, dated August 18, 2023. Selected pages from Mr. Hochberger's deposition transcript, attached as Exhibit 135 ("Exhibit 135") to the Declaration of Byron Becker in Support of Google LLC's Replies in Support of Google LLC's Motion for Summary Judgment and Motions to Exclude ("Becker Declaration"), were redacted in the public filing (*see* Dkt. No. 708) to reflect the portions of the transcript Mediavine had designated as "Highly Confidential"[1] pursuant to the Modified Protective Order entered in this action (the "Protective Order"). (Dkt. No. 203 at ¶ 1(h).)

---

[1] Specifically, Mediavine designated pages/lines 21:1-7, and 21:18-23:14 of Mr. Hochberger's deposition transcript as "Highly Confidential."

<div style="text-align:center">1</div>

An unredacted version of Exhibit 135 was filed under seal (*see* Dkt. No. 709).

For the reasons stated herein, Mediavine respectfully requests that Exhibit 135 (at Dkt. No. 709), as well as the Reply Brief (at Dkt. No. 703) to the extent it contains any quotation or description of the testimony in Exhibit 135 designated "Highly Confidential"[2] (together with Exhibit 135, the "Highly Confidential Excerpted Testimony"), remain permanently sealed.

## Relevant Factual Background

On September 22, 2023, the DOJ and Google took the deposition of Mediavine's CEO and Co-Founder, Eric Hochberger, pursuant to subpoenas dated August 18, 2023. (Declaration of Eric Hochberger, dated June 14 ("Hochberger Decl.") ¶ 2.)  Pursuant to the Protective Order, Mediavine designated certain portions of Mr. Hochberger's Transcript as "Confidential" and "Highly Confidential" and provided such designations to all parties.  (*Id.* ¶ 3.) The Highly Confidential Excerpted Testimony was designated as "Highly Confidential," as defined by the Protective Order.

On May 31, 2024, Google filed the Reply Brief and Becker Declaration, and annexed to it Exhibit 135 (under seal and publicly in redacted form), which contains the Highly Confidential Excerpted Testimony. (Dkt. Nos. 708, 709.)  The Highly Confidential Excerpted Testimony is limited to approximately three pages from Mr. Hochberger's deposition transcript. (Dkt. Nos. 708, 709.)  It includes detailed, non-public financial information regarding Mediavine's sources of revenue, amounts of revenue and margins.  The Highly Confidential Excerpted Testimony is core competitive information, which is extremely confidential and commercially sensitive. (Hochberger Decl. ¶ 6.)

---

[2] While Mediavine has been advised that the "Highly Confidential" testimony at issue is not quoted or described in the Reply Brief, as a non-party, it does not have access to the sealed version of the Reply Brief, and is unable to review it. Accordingly, out of an abundance of caution, Mediavine requests that the Reply Brief (at Dkt. No. 703) be permanently sealed to the extent it contains any quotations or descriptions of the "Highly Confidential" testimony at issue.

On May 31, Google also filed a Motion to Seal with an accompanying Memorandum of Law (Dkt. Nos. 712, 713) and a Notice of Filing of Motion to Seal pursuant to Local Civil Rule 5. (Dkt. No. 716.)[3]

## **Argument**

The Court may seal documents when the requesting party's interest in maintaining the confidentiality of the information outweighs the right of public access to judicially filed documents. *See, e.g., Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Courts in this circuit acknowledge that a private party's interest in protecting confidential business information may outweigh the right to public access. *See, e.g.*, *Intelligent Verification Sys., LLC v. Microsoft Corp.*, 2015 WL 13036877, at *1 (E.D. Va. Feb. 6, 2015); *Flexible Benefits Council v. Feltman*, No. 1:20-CV-1450, 2008 WL 4924711, at *1 (E.D. Va. Nov. 13, 2008).

Under established Fourth Circuit precedent, there are "three requirements for sealing court filings: (1) public notice with an opportunity to object; (2) consideration of less drastic alternatives [to sealing of the document]; and (3) a statement of specific findings in support of a decision to seal and rejecting alternatives to sealing." *Globus Medical, Inc. v. Jamison*, No. 2:22-cv-00282-RBS-LRL, 2023 WL 4937386, at *2 (E.D. Va. Jan. 13, 2023) (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000)) (citing *In re Knight Pub. Co.*, 743 F.2d 231, 235–36 (4th Cir. 1984)).[4] As set forth below, each of these requirements has been met as to Mediavine's Motion to Seal.

---

[3] Google does not take a position as to whether the redacted portions of Exhibit 135 should remain under seal. (*See* Dkt. 713, at 7.)

[4] Under Local Civil Rule 5(a), a motion to seal must be accompanied by a memorandum of law, which includes: "(1) A non-confidential description of what material has been filed under seal; (2) A statement as to why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request; (3) References to the governing case law, an analysis of the appropriate standard to be applied for the specific filing, and a description of how that standard has been satisfied; and (4) Unless permanent sealing is sought, a statement as to the period of time the part seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing." Mediavine seeks to permanently seal Exhibit 135 (at Dkt. 709).

*First*, as noted above, Google filed public notice of its Motion to Seal on May 31, 2024 (Dkt. No. 716) and a redacted version of Exhibit 135 in the public record (Dkt. No. 708). Based on the forgoing, the public notice requirement pursuant to governing law in this Circuit, Federal Rule of Civil Procedure 5.2(d) and Local Civil Rule 5, has been met. *See, e.g.*, *Globus Medical, Inc.*, 2023 WL4937386, at *2.

*Second*, Mediavine respectfully submits there is no less drastic alternative than sealing the limited portions of Exhibit 135. Mediavine's sealing request is narrow and discrete, as the Highly Confidential Excerpted Testimony is limited to less than three pages of Mr. Hochberger's deposition transcript, consisting of core competitive information. Mediavine also notes that it is not seeking to seal all of Mr. Hochberger's testimony included Exhibit 135, nor is it seeking to seal the testimony which the DOJ annexed to its Motion to Exclude Opinion Testimony of Prof. Robin S. Lee (Dkt. No. 660); Mediavine solely intends to protect confidential and core competitive information from disclosure, which is unavailable to the public. Accordingly, the requested sealing will not deprive the public of essential information. *See, e.g., Kettler Int'l, Inc. v. Starbucks Corp.*, Civil Action No. 2:14cv189, at *3 (E.D. Va. Jan 5, 2015) (Dkt. No. 56) (granting motion to seal because the request was "narrowly tailored to redact only the said confidential information").

*Third*, as to the specific reasons the redacted portions of Exhibit 135 should remain under seal, Mediavine represents that the Highly Confidential Excerpted Testimony contains Mediavine's confidential and commercially sensitive information – including detailed, non-public financial information on its sources of revenue, amounts of revenue and margins – that, if disclosed, would cause Mediavine material and significant competitive and commercial harm. (Hochberger Decl. ¶ 6.) Critically, the information Mediavine seeks to seal is the type of information that is "normally unavailable to the public" and therefore, the "public's interest in

4

access is outweighed here by [Mediavine's] interest in preserving confidentiality." *Flexible Benefits Council v. Feltman*, 2008 WL 4924711, at *1.

Courts in this district recognize a corporation's interest in maintaining confidentiality of financial information (particularly that of a third party) and routinely grant motions to seal this very type of information. *See, e.g., id.*; *Intelligent Verification Sys., LLC*, 2015 WL 13036877, at *1 (sealing Defendants' "sensitive business information" where "Defendants' competitive positions might be impaired if this information [were] disclosed to the public at large"); *E. W., LLC v. Rahman*, No.1:11cv1380 (JCC/TCB), 2012 WL 3843657, at *3 (E.D. Va. Sept. 4, 2012) (sealing "sensitive financial data, including gross profit data," as disclosure of such data "would be highly likely to cause significant harm to the [company's] business competitive position"). Accordingly, Mediavine, a non-party to this litigation, respectfully requests that Mediavine's Motion to Seal be granted and Exhibit 135 (at Dkt. No. 709), as well as the Reply Brief (at Dkt. No. 703) to the extent it contains any quotation or description of the testimony in Exhibit 135 designated "Highly Confidential," permanently remain under seal.

## Conclusion

For the reasons stated herein, Mediavine respectfully requests that Exhibit 135 (at Dkt. No. 709), and any quotation or description of such testimony included in the Reply Brief (at Dkt. No. 703), permanently remain under seal.

Mediavine further joins in any same or similar motions requesting similar relief, as if restated herein.

<div style="display: flex; justify-content: space-between;">

Dated: June 14, 2024

Respectfully submitted,
MEDIAVINE, INC.

</div>

By: <u>/s/ Jennifer McLain McLemore</u>
Jennifer McLain McLemore
(Va. Bar No. 47164)
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, VA 23219
804-420-6330
jmclemore@williamsmullen.com

Kaveri Arora, Esq.
Katie E. Garber, Esq.
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
212-421-4100
karora@pryorcashman.com
kgarber@pryorcashman.com

*Attorneys for Mediavine, Inc.*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>　　　　*Plaintiffs*,<br><br>　vs.<br><br>GOOGLE LLC,<br><br>　　　　*Defendant*. | No: 1:23-cv-00108-LMB-JFA |

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June, 2024, I filed the foregoing document and served all counsel of record in this action through the Court's ECF filing system.


Dated: June 14, 2024                              /s/ Jennifer McLain McLemore
　　　　　　　　　　　　　　　　　　　　　　Jennifer McLain McLemore