**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

UNITED STATES, *et al.,*

        *Plaintiff,*

   v.

GOOGLE LLC,

        *Defendant.*

No: 1:23-cv-00108-LMB-JFA

**DECLARATION OF WILLIAM H. CROSBY IN SUPPORT OF NON-PARTY**
**THE INTERPUBLIC GROUP OF COMPANIES, INC.'S MEMORANDUM OF LAW**
**IN RESPONSE TO GOOGLE'S AND PLAINTIFFS' MOTIONS TO SEAL**

I, William H. Crosby, hereby declare as follows:

1. I am a Senior Vice President and Associate General Counsel at non-party The Interpublic Group of Companies, Inc. ("IPG"). In this capacity I am familiar with IPG's advertising technology business, its relationships with advertisers, and the importance of maintaining the confidentiality of sensitive commercial information relating to these operations. I respectfully submit this declaration in support of IPG's Memorandum of Law in response to Google's and Plaintiffs' Motions to Seal Exhibits for Briefing on Summary Judgment and Motions to Exclude Expert Testimony.

2. This declaration is based upon my personal knowledge, and I am competent to testify to the matters stated herein.

3. I have reviewed IPG's proposed redactions to Defendant's Exhibits 67, 71, 74, and 142 and Plaintiffs' Exhibits 68, 76, 78, 93, 170, and Lim Exhibit F, as set forth as Attachments A-J to this declaration. The blue redactions reflect information that IPG is seeking to seal, and the brown redactions represent information that both IPG and another party to the litigation are

1

seeking to seal. In each instance, the information that IPG seeks to seal falls into one of the following categories of confidential information of IPG: competitively sensitive financial terms of IPG's client contracts; other non-public and sensitive contractual or commercial terms; performance metrics and key-performance indicators; commercially sensitive strategies of IPG or which IPG has designed for its clients; and the personal information for IPG employees, including names and email addresses.

4. Public disclosure of the non-public financial terms of IPG commercial agreements with its clients, including rates, pricing, volume commitments, discounts, invoice amounts, and other sensitive contractual terms would put IPG at a disadvantage in future negotiations with other clients. Disclosure would also provide competitors of IPG with an advantage competing with IPG for future business opportunities and could harm competition and clients.

5. Public disclosure of other non-public negotiated contractual terms and conditions, including the end dates of contracts and extension terms could harm IPG because this information would reveal the expected timing of future contract negotiations with IPG's customers, allowing competitors of IPG a competitive advantage in future contract negotiations.

6. Public disclosure of other non-public, sensitive information about IPG's work on behalf of its clients, including performance benchmarks and criteria, key performance indicators, media buying campaigns costs, and other financial metrics would be harmful to IPG, its clients and to competition because it would reveal IPG's costs of services and sensitive information on the financial performance of IPG's ad campaigns for customers.

7. IPG's confidential commercially sensitive strategies, including details of advertising strategies and campaign tactics set forth in presentations and statements of work or other campaign documents, which are designed for or proposed to customers, reflect IPG's proprietary

intellectual property and constitute IPG's trade secrets. Public disclosure of such information would put IPG at a competitive disadvantage because it would provide competitors with a detailed roadmap of IPG's commercial strategies and campaign strategy.

8. Where IPG's denoted confidential information includes contact information for IPG employees, including names and email addresses, this is information that is not normally available to the public and has no bearing on the merits of the case, public disclosure of which could be disruptive to IPG's business activities.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 14th day of June,2024, in New York, New York.

_____
William H. Crosby