UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>    *Plaintiffs*,<br><br>        v.<br><br>GOOGLE LLC,<br><br>    *Defendant.* | No. 1:23-cv-00108-LMB-JFA |

**NON-PARTY CRITEO CORP.'S MEMORANDUM
IN SUPPORT OF MOTIONS TO SEAL**

**I.     INTRODUCTION**

Pursuant to Local Civil Rule 5(C), Criteo Corp. ("Criteo") respectfully files this memorandum in support of Plaintiffs' Motion to Seal Plaintiffs' Opposition to Exclude Dr. Simcoe, ECF No. 642, and Plaintiffs' Motion to Seal Plaintiffs' Opposition to Exclude Professor Robin Lee, ECF No. 661.  These motions seek to seal confidential materials cited in ECF Nos. 640 and 660, respectively, including two pieces of confidential and competitively sensitive information produced by Criteo pursuant to subpoenas issued by the parties in this litigation which, if disclosed, would cause Criteo significant competitive and commercial harm. Specifically, ECF No. 640 quotes Criteo's confidential response submitted to the European Commission detailing its bidding strategy for first- and second- price auctions, and ECF No. 660 quotes an internal Criteo strategy document that provides specific revenue percentage targets for new and current customers.  For the reasons set forth below, Plaintiffs' motions to seal should be granted, at least in part, as detailed herein.

1

## II. ARGUMENT

Notwithstanding the presumption in favor of access to court records, "the right to inspect and copy judicial records is not absolute . . . and access has been denied where court files might have become a vehicle for improper purposes" such as "sources of business information that might harm a litigant's competitive standing . . . ." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (internal citations and quotation marks omitted). Relying on *Nixon*, the Fourth Circuit has acknowledged that "[a] corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records." *Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014); *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Organisation*, No. 2:17-CV-503, 2019 WL 8108115, at *1 (E.D. Va. Aug. 15, 2019) (same; ruling on various motions to seal and finding, inter alia, that confidential business information described in documents satisfied First Amendment standard for sealing). Moreover, where documents sought to be sealed are "filed in connection with a motion in limine to exclude expert testimony, and not in support of any motions that seek dispositive relief," courts have found that the First Amendment right of access does not apply and the presumption of access under common law "can be rebutted if countervailing interests heavily outweigh the public interests in access . . . ." *See, e.g.*, *Lord Corp. v. S & B Tech. Prod., Inc.*, No. 5:09-CV-205-D, 2012 WL 895947, at *1 (E.D.N.C. Mar. 15, 2012) (quoting *Covington v. Semones*, No. 7:06-cv-00614, 2007 WL 1170644, at *2 (W.D. Va. Apr. 17 2007); *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004)); *see also East West, LLC v. Rahman*, 2012 WL 3841401, at *3 (E.D. Va. Sept. 4, 2012) (Cacheris, J.) (granting motion to seal defendants' "sensitive financial data, including gross profit data, the disclosure of which

would be highly likely to cause significant harm to the business competitive position of both parties" which was submitted in connection with motion to seal exclude expert testimony, where materials satisfied both First Amendment or common law standard).

Of the dozens of Criteo materials submitted as exhibits to, or cited or quoted in, the parties' briefing in support of their pending motions to exclude and for summary judgment,[1] Criteo has narrowly tailored its sealing request to two pieces of confidential information quoted in connection with the two non-dispositive motions:

- **DOJ Opp. to Mot. to Exclude Simcoe, ECF No. 640** ("ECF No. 640"), quoting CRITEO_GOOGLELIT_0000011698, at -701 – Criteo's response to the European Commission's Questionnaire re "COMP/AT.40760 – Google – AdTech and Data-related practices" (beginning "Yes we have been bidding differently . . . ."); and

- **DOJ Opp. to Mot. to Exclude R. Lee, ECF No. 660** ("ECF No. 660"), quoting CRITEO_GOOGLELIT_0000000729, at -730 (beginning with "Criteo targets . . . .").

Specifically, ECF No. 640 quotes Criteo's confidential response, submitted to the European Commission pursuant to the Commission's investigation into digital advertising practices, which details Criteo's bidding strategy as well as what it considers to be optimal bidding practices for first- and second-price auctions. Declaration of Bryan Wieland ¶ 4. ECF No. 660 quotes an internal strategy document by Criteo that states the revenue percentage rates Criteo targets for new versus current customers in the United States. *Id.* ¶ 5. This information comes from documents that have not been made publicly available, and the confidentiality of which Criteo has taken steps to preserve, including by limiting disclosure within Criteo and by designating these materials as confidential when producing them, including under the

---

[1] For reference, Criteo's materials were filed in connection with the following docket entries: ECF No. 669, Exs. 8, 26, and 32; ECF No. 660, Ex. A; ECF No. 640, Exs. D, J, & M; ECF No. 570; ECF No. 573 & Exs. 1, 3; ECF No. 576, Ex. 1; ECF No. 579, Ex. 1; ECF Nos. 581-585 Exs. 8, 20; ECF Nos. 708, 709, Exs. 127, 137, 145. *See* Declaration of Bryan Wieland ¶ 3 n.1.

3

Protective Order entered in this case. *Id.* ¶ 6. Public disclosure of this highly confidential revenue target and bidding strategy information would irreparably harm Criteo's competitive standing by giving Criteo's current and potential customers an unfair advantage in negotiations with Criteo, and Criteo's competitors an unfair advantage by providing them with detailed information regarding Criteo's bidding practices, allowing them to form counterstrategies that would harm Criteo. *Id.* ¶ 6. Because these materials detail Criteo's long-term bidding and revenue strategies, Criteo's confidential materials should remain under seal indefinitely.

### III.   CONCLUSION

For the foregoing reasons, Criteo respectfully requests that the Court grant in part the motions to seal at ECF Nos. 642 and 661, and seal indefinitely the quote describing Criteo's bidding strategy from ECF No. 640 and the numerical percentages for Criteo's target revenues quoted in ECF No. 660 and under seal.

Dated:  June 14, 2024

/s/ Jonathan R. DeFosse
_____
Jonathan R. DeFosse, VA State Bar No. 48220
jdefosse@sheppardmullin.com
Thomas Dillickrath (*pro hac vice* application pending)
tdillickrath@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
202.747.1900

*Attorneys for Criteo Corp.*

4