IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, ET AL., | |
| *Plaintiffs,* | |
| v. | NO. 1:23-CV-00108-LMB-JFA |
| GOOGLE LLC, | |
| *Defendant.* | |

**THIRD PARTY NEXSTAR'S OBJECTION TO
USE OF DOCUMENT PRODUCED AS "CONFIDENTIAL"**

COMES NOW Third Party Nexstar Media Group, Inc. ("Nexstar"), and respectfully files this Objection to the Use of Document Produced as "Confidential" and shows the Court as follows:

## I.
## BACKGROUND

1. Nexstar was served with Subpoenas in the referenced matter (the Google Ads Litigation requesting Nexstar produce various documents including documents related to the "competitiveness of the Publisher Ad Server, exchange or display advertising technology business that has resulted or could result from any conduct by Google described in the Complaint…"

2. After working with the parties to narrow/define the documents requested and agree to specific search terms, Nexstar produced a large number of documents (at some expense) subject to the Protective Order in place in the Google Ads Litigation.

3. Pursuant to that Protective Order, Nexstar produced certain documents in a rolling production during the summer of 2023 and designated a number of those documents as "confidential" or 'highly confidential" based on proprietary/confidentiality concerns.

4. On June 3, 2024, Nexstar received notice that the DOJ would be using a portion of

one of those documents produced under seal in a response to a motion filed by Google DOJ expert Robert Lee (the "Lee Motion to Exclude'). Nexstar understands that the document itself is not at risk of being unsealed, only a specifically identified portion/excerpt from that document was at risk of being unsealed.

5. Specifically, Nexstar understands that an excerpt from NEXSTAR001884, at -886 (dated 11/11/2021) related to Nexstar's terms on monthly service/minimum fees would be used and discussed in fn 179 of the DOJ's briefing on the Lee Motion to Exclude (the "Excerpt').

6. For the reasons noted below, Nexstar objects to the unsealing of the requested information and requests that the excerpt identified remain under seal.

## II.
## OBJECTION

7. Nexstar objects to unsealing the Excerpt because public disclosure of the information could let ad serving competitors (for example, OpenX, Freewheel, Magnite, and others) and publishing competitors understand how Nexstar crafts its ad serving agreements and minimum usage fees with ad platforms and gives those competitors insight into how to adjust their business models to gain a larger share of the ad serving marketplace.

8. Nexstar further objects to the unsealing of the Excerpt because the terms in Nexstar's agreement are based off the Local Media Consortium's negotiated rates with Google, which LMC negotiates on behalf of all LMC members (including Nexstar) and are specifically designated as confidential information in the LMC agreement. The Local Media Consortium ("LMC") is a strategic alliance of local media companies created to help the local media industry coalesce to minimize costs and maximize digital revenue, it does this in part, by negotiating rates on behalf of all LMC members. Nexstar believes that disclosing any specific pricing information could create legal exposure between Nexstar and the LMC and/or between Nexstar and other LMC

publishing members.

9. Nexstar further objects to the unsealing of the Excerpt because the terms disclosed are confidential pursuant to the following provision in Nexstar's agreement with Google:

> f. **Confidentiality.** Section 7 of the Google Platform Terms and Conditions is hereby deleted and replaced with the following:
>
> "The receiving party will not disclose the Confidential Information of the disclosing party, except to Affiliates, the LMC, employees, agents, or professional advisors, potential acquiring entities and/or financial institutions for purposes of obtaining financing of the receiving party who need to know it and who have agreed in writing (or in the case of professional advisors are otherwise bound) to keep it confidential. The receiving party will ensure that those people and entities use the Confidential Information of the disclosing party only to exercise rights and fulfill obligations under the Agreement, and that they keep it confidential. The receiving party may also disclose Confidential Information when required by law after giving reasonable notice to the disclosing party, if permitted by law. For purposes of clarification, Data is and the terms and conditions of this Agreement are considered Confidential Information under the Agreement, provided that, either party may share Data with the LMC."

As a result, unsealing the Excerpt could expose Nexstar to a claim of breach of that provision.

10. As a result, Nexstar objects to the public disclosure of the Excerpt and requests that the Excerpt remain under seal.

## III.
## CONCLUSION

WHEREFORE, Nexstar prays that the Court rules that the document should remain under seal.

Respectfully submitted,

**BLACKWELL, BLACKBURN, HERRING & SINGER, LLP**

*/s/ Walter A. Herring*
Walter A. Herring
Texas Bar No. 09535300
7557 Rambler Road, Suite 1450
Dallas, Texas 75231
Telephone: (214) 442-9602
Facsimile: (214) 442-9621
Email: wherring@bbhsllp.com

**ATTORNEY FOR NEXSTAR**

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of June 2024, a true and correct copy of the foregoing instrument was served on all counsel of record via ECF service.

*/s/ Walter A. Herring*
Walter A. Herring