UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GOOGLE LLC, <br><br> *Defendant*. | Case No. 1:23-cv-00108-LMB-JFA |

**MEMORANDUM OF LAW IN SUPPORT OF
RESPONSE BY NON-PARTIES VML, LLC AND
YOUNG & RUBICAM LLC TO THE
PENDING MOTIONS TO CONTINUE SEALING
HIGHLY CONFIDENTIAL AND
<u>CONFIDENTIAL DOCUMENTS PREVIOUSLY FILED UNDER SEAL</u>**

Pursuant to Local Civil Rule 5 and this Court's orders (ECF Nos. 621, 728), non-parties VML, LLC and Young & Rubicam LLC, each operating at various times as Team Y&R, Y&R, or VMLY&R (collectively herein, "Y&R"), respectfully submit this response (the "Response") in support of the pending motions to seal that have been filed by other parties to this Action (the "Seal Motions").[1] Y&R requests that the Court continue sealing numerous documents that are currently sealed because they contain highly confidential and proprietary business information (the "Y&R Confidential Documents") that if unsealed would cause serious harm to Y&R and provide critical advantages to Y&R's competitors and other customers.

---

[1] In accordance with this Court's orders (ECF Nos. 621 and 728), Y&R has not filed its own motion to seal and has styled its request as an omnibus "Response" to those motions to seal filed at ECF Nos. 592, 605, 612, 642, 648, 651, 661, 667, 698, 712, 715, and 719 by the parties to this Action.

## **PRELIMINARY STATEMENT**

Y&R files this Response to the twelve pending Seal Motions, which have already provided notice pursuant to Local Civil Rule 5(C). Y&R's Response specifically concerns the Y&R Confidential Documents, which include thirteen documents that the parties to this Action have already filed under seal.[2] During the course of discovery in this Action, two of Y&R's clients, the United States Census Bureau ("Census") and the United States Navy ("Navy") produced and designated the Y&R Confidential Documents as Confidential or Highly Confidential because they contain Y&R's highly confidential, strategic, and competitively valuable information. While six of these documents could potentially be unsealed if the proprietary, confidential, and private banking information they contain is redacted (the "Y&R Documents for Redaction"),[3] Y&R respectfully requests that the Court continue sealing and protecting from public disclosure the Y&R Confidential Documents because they contain highly confidential and competitively sensitive information of Y&R and its clients.

The Y&R Confidential Documents are quintessential examples of documents whose public disclosure would severely harm Y&R by revealing private and competitively sensitive strategy and pricing information. Such information, if disclosed, would give Y&R's competitors critical insight into how Y&R conceives of, prices, and executes on media buying and advertising campaigns for Navy and Census, which are two important Y&R clients. Put simply, disclosure of

---

[2] ECF Nos. 601-1, 601-5, 602-3, 602-7, 604-3, 604-4, 604-5, 659-13, 671-17, 671-18, 709-9, 709-12, 709-20. The listed docket numbers reflect Y&R's best understanding of the docket entries that contain Y&R's Confidential Information based on what it has been advised by Plaintiff United States in connection with this Action. To the extent that there are other pleadings, whether already sealed or not, that contain Y&R's Confidential Information, Y&R reserves the right to supplement this response and/or file its own motion to seal or to permanently seal those documents. Further, to the extent other Parties or Non-Parties have filed or in the future file a motion to permanently seal the Y&R Confidential Documents, Y&R joins those arguments.

[3] ECF Nos. 602-3; 604-5; 671-17; 709-9; 709-12; 709-20.

the Y&R Confidential Documents to the public and Y&R's competitors would have devastating business consequences for Y&R.  Similarly, public disclosure would also place Y&R at a serious disadvantage *vis-à-vis* its existing and potential customers, were they to gain access to Y&R's internal pricing and staffing information.

None of the parties or interested non-parties would be prejudiced by the continued sealing of the Y&R Confidential Documents, or, in the alternative, of the proposed redaction of private banking information contained in the Y&R Documents for Redaction.  This is evidenced by the fact that no party (or non-party) has objected to Navy and Census having designated the Y&R Confidential Documents as Highly Confidential or Confidential under the protective order in this case.  There is also limited public interest in full access to these documents because even if the documents may be loosely related to the dispute, any limited relevance would be heavily outweighed by the enormous harm that disclosure would do to Y&R by giving its competitors unique insight into understanding how Y&R prices, staffs, and manages its campaigns on behalf of its clients.  Accordingly, Y&R requests that the Court honor the current designation of the Y&R Confidential Documents, and continue to seal and/or redact the Y&R Documents for Redaction as described below.

**FACTUAL BACKGROUND**

*About Y&R*

Y&R is a leading global communications company that provides a range of marketing, advertising, and communications services to its clients, including, as relevant here, to Navy and Census. *See* Ex. A, Declaration of Christopher Edmondson (the "Edmondson Decl."), at ¶¶ 2-3. During discovery in this action, Navy and Census produced and designated as Confidential and Highly Confidential the Y&R Confidential Documents containing Y&R work product, communications, and billing information. *See id.* at ¶ 3. All of the Y&R Confidential Documents were filed under seal by the parties in connection with various pleadings. *See id.* at ¶ 4.

*The Protective Order*

On April 4, 2023, this Court entered a protective order (ECF No. 98), which it modified on May 11, 2023 (ECF No. 203, the "Protective Order"). The Protective Order permits a non-party to designate materials as "Confidential" or "Highly Confidential." On June 5, 2023, this Court entered an Order Regarding Coordination of Discovery (ECF No. 251) in this action, which incorporates by reference the Protective Order's relevant provisions, including the definitions of Confidential and Highly Confidential Information.

> "Confidential Information" or "Confidential" is defined as:
>
> Information (regardless of how it is generated, stored or maintained) or tangible things that constitute a ***trade secret or other non-public confidential financial, technical, research, sales, marketing, development, or commercial information*** and that have been so designated, or any Document, transcript, or other material containing such information that has not been published or otherwise made publicly available.[ …] Confidential Information ***includes (i) information copied or extracted, summarized or compiled from Confidential Information, and (ii) testimony, conversations, or presentations by Parties or their Counsel that reveal Confidential Information.***

*See id.* at 2 (emphases added throughout).

> "Highly Confidential Information" or "Highly Confidential" is defined as:
>
> information that, if disclosed publicly or to a Party, is likely to cause the Producing Party ***material and significant competitive or commercial harm, and that has been so designated***.[]  Subject to the foregoing, Highly Confidential Information may include trade secrets, including algorithms and Source Code; non-public, commercially sensitive customer lists; ***non-public financial, marketing, or strategic business planning information; current or future non-public information regarding prices, costs, or margins***; information relating to research, development testing of, or plans for existing or proposed future products; evaluation of the strengths and vulnerabilities of a Protected Person's product offerings, including non-public pricing and cost information; confidential contractual terms, ***proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions)***; information relating to pending or abandoned patent applications that have not been made available to the public; personnel files; sensitive personally identifiable information; and communications that disclose any Highly Confidential Information.  [….]

*See id.* at 3 (emphases added throughout).

The Protective Order also defines "Non-Party" as "any natural person, partnership, corporation, association, or other legal entity not named as a Party in the Action." (*See id.* at 6). The Y&R Confidential Documents fit squarely within the definition of Highly Confidential, and Y&R qualifies as a Non-Party under the Protective Order.  Y&R's position in this Action is particularly unique, and deserving of protection, because it did not itself review, designate, and produce the Y&R Confidential Documents, rather, its clients, Navy and Census did.

*The Y&R Confidential Documents*

The Y&R Confidential Documents at the heart of this Response include correspondence, presentations, invoices, and other records produced by Navy and Census, and which contain Y&R's confidential and proprietary information.  *See* Edmondson Decl. at ¶ 3.  As a result, all of the Y&R Confidential Documents were designated as Confidential or Highly Confidential and were filed under seal.  *See id.* at ¶¶ 3-4.  For the same reasons the Y&R Confidential Documents were originally filed under seal, the Court should order those documents to be permanently sealed.

*See id.* at ¶ 5.  The Y&R Documents for Redaction should only be unsealed if the confidential banking information is redacted in compliance with Local Civ. R. 5, 7 and Fed. R. Civ. P. 5.2(a)(4) and the remaining highly confidential information is redacted as proposed by both Y&R and the United States.  *See id.* at ¶¶ 11-12.

The overall subject matter and rationale for permanently sealing the Y&R Confidential Documents are summarized in the below table.

| Docket Number | Confidentiality Designation | Non-Confidential Description of Overall Subject Matter |
|---|---|---|
| 601-1 | No designation, contains information derived from Y&R's Confidential or Highly Confidential Information. | Two screenshots containing excerpted Y&R confidential information showing Y&R's proprietary pricing strategies and methods of structuring its work with subcontractors that would give future bidders critical insight and an upper hand when bidding begins in 2026 for the 2030 Census. |
| 601-5 | Highly Confidential | This document contains sensitive strategic considerations and assumptions that informed Y&R's pricing and staffing for the 2020 Census campaign that would give future bidders critical insight and an upper hand in bids for the 2026 Census campaign. |
| 602-7 | Highly Confidential | This purchasing order documentation contains highly confidential pricing information. |
| 604-3 | Confidential | This document contains qualitative, comprehensive internal strategy that would give future bidders critical insight and an upper hand in bids for the 2026 Census campaign. |
| 604-4 | No designation, contains information derived from Y&R's Confidential or Highly Confidential Information. | One screenshot containing excerpted Y&R confidential information shows Y&R's proprietary pricing strategies and methods of structuring its work with subcontractors. Such information could be helpful for future bidders and provide unfair advantages in bidding against Y&R. |
| 659-13 | Highly Confidential | Invoices and presentations regarding proprietary spend strategy, which Y&R's competitors would otherwise not have access to and could use to unfairly compete against Y&R in upcoming bids for Census campaigns.  This information could also undermine Y&R's arrangements with other current and future clients. |
| 671-18 | Highly Confidential | This is a critical presentation prepared for the Census that contains highly confidential pricing and strategy information related to the 2020 Census campaign that |

|        |              | would give future bidders important insight and an upper hand in bids for the 2026 Census campaign. |
|--------|--------------|-----|
| 659-13 | Confidential | This document contains media investment and budgeting strategies that would give future bidders critical insight and an upper hand in bids for the 2026 Census campaign. |

*The Y&R Documents for Redaction*

Although no redactions would be feasible to protect the above-referenced Y&R Confidential Documents, the six Y&R Documents for Redaction should only be unsealed if Y&R's proprietary, confidential information and banking and personally identifying information is redacted to protect Y&R's privacy as a non-party and as required by Local Civ. R. 5, 7 and Fed. R. Civ. P. 5.2(a)(4), and all other confidential information is redacted, as proposed both by counsel for the United States and Y&R.[4]  The overall subject matter and rationale for permanently sealing, or in the alternative, redacting, the Y&R Documents for Redaction are summarized in the below table.  Counsel for Y&R and counsel for the United States have agreed as to adequate redactions for the six Y&R Documents for Redaction, and Y&R hereby refers to and incorporates by reference the redacted versions to be filed forthwith by counsel for the United States.

---

[4] Counsel for the United States has advised counsel for Y&R that it is planning to incorporate all proposed redactions in its forthcoming filings, which Y&R refers to and incorporates by reference. Y&R reserves the right to update this filing with the appropriate docket numbers when they are known.

| Docket Number | Confidentiality Designation | Non-Confidential Description of Overall Subject Matter |
|---|---|---|
| 602-3 | Highly Confidential | Invoice redacted to protect highly confidential and proprietary billing information and spend strategy. |
| 604-5 | Highly Confidential | Invoice redacted to protect highly confidential and proprietary billing information and spend strategy. |
| 671-17 | Highly Confidential | Correspondence between Navy and Y&R redacted to protect highly confidential pricing and strategy information that would be highly valuable to competitors. |
| 709-9 | Highly Confidential | Invoice redacted to protect highly confidential and proprietary billing information and spend strategy. |
| 709-12 | Highly Confidential | Invoices and presentations redacted to protect proprietary spend strategy, which Y&R's competitors would otherwise not have access to and could use to unfairly compete against Y&R in upcoming bids for Navy campaigns. This information could also undermine Y&R's arrangements with other current and future clients. |
| 709-20 | Highly Confidential | Meeting request and attached document redacted to protect highly confidential and proprietary internal advertising spend strategy, including data reflecting spend per category and advertising exchange, which would give Y&R's competitors access to data which is not otherwise available. |

## ARGUMENT

As a threshold matter, procedurally, to seal material, the Court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting [the] decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). The notice requirement here has been satisfied by the previously filed sealing motions in this Action in addition to this Court's own notice and order granting interested parties and non-parties the opportunity to respond to those motions. Following a "reasonable opportunity" for interested parties to object, this filing "satisfies

the requirements under the Local Rules and *Ashcraft*." *Navient Sols.*, *LLC v. Lohman*, Civil Action No. 1:19-cv-461 (LMB/TCB), 2020 U.S. Dist. LEXIS 268689, at *4 (E.D. Va. July 30, 2020). Further, although such notice is not required under the Protective Order or Local Civil Rule 5, Y&R nevertheless provided additional notice to counsel for the United States in an effort to minimize potential motion practice regarding confidentiality. In response, counsel for the United States advised that it does not oppose the sealing and/or redaction of any of the Y&R Confidential Documents and that it does not intend to oppose this Response.

In the Fourth Circuit, courts can seal judicial documents only "if the public's right of access is outweighed by competing interests." *Ashcraft*, 218 F.3d at 302 (quoting *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). "'This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access,' and 'the party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Va. Dep't. of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). The presumption in favor of public access to civil trial records "is not absolute," and can be outweighed where access to such records "might […] become a vehicle for improper purposes," such as here, where the records serve "as sources of business information that might harm a litigant's competitive standing." *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). And, a corporation's "strong interest in preserving the confidentiality of its proprietary and trade-secret information […] may justify partial sealing of court records." *See Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014); *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 577 (E.D. Va. 2009) (stating that courts may refuse "to permit their files to serve […] as sources of business information that might harm a litigant's competitive standing") (citing *Nixon*,

435 U.S. at 598)). Y&R's interests are even greater, here, than a typical non-party respondent to a third party subpoena because Y&R did not itself produce the Y&R Confidential Documents, rather its clients, Census and Navy, produced them in connection with this Action.

The specific substantive factors that the court may consider when determining whether to seal documents are: "[1] whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; [2] whether release would enhance the public's understanding of an important historical event; and [3] whether the public has already had access to the information contained in the records." *See In re Knight*, 743 F.2d at 235. All factors here weigh decidedly in favor of continuing to seal the Y&R Confidential Documents.

*First*, the Y&R Confidential Documents would provide a significant competitive advantage to Y&R's competitors as to pricing and staffing strategy. *See* Edmondson Decl. at ¶¶ 7-13. The sealing would prevent non-parties from obtaining these records for improper purposes, namely competing with or undercutting Y&R, particularly in the extremely competitive upcoming bidding process to obtain the 2030 Census and 2026 Navy contracts. *See id.* And, Y&R has considered less drastic options than sealing for the documents, including redaction of the Y&R Documents for Redaction to remove banking and other confidential and highly confidential information from public view without requiring wholesale sealing of those documents. *See id*. at ¶¶ 11-13. While redaction may be possible for the Y&R Documents for Redaction if the Court holds that they should be unsealed, redaction is simply not feasible to adequately protect the valuable and competitive business and strategic information present throughout the entirety of the remaining Y&R Confidential Documents. *See id*.; *see also Pittston Co. v. U.S.*, 368 F.3d 385, 406 (4th Cir. 2004) (district court did not abuse its discretion in refusing to unseal documents containing confidential and proprietary business information filed as part of a motion for summary

judgment).

*Second*, access to the Y&R Confidential Documents would not enhance the public's understanding of an important historical event because they are only reflective of the internal and sensitive business operations with no significant bearing on the questions at stake in this antitrust trial. This is particularly true here because the Court recently dismissed the United States' damages claim as moot, so the Y&R Confidential Documents, which focus on pricing and cost of advertising, are even less relevant. Thus, Y&R's privacy interest in protecting its competitive information weighs even more heavily in favor of sealing and/or redaction, as discussed below. *See* Edmondson Decl. at ¶ 9.

*Third*, the public has not already had access to the information contained in the Y&R Confidential Documents because they have been filed under seal and the producing parties have designated the Y&R Confidential Documents as Highly Confidential or Confidential. No party has objected to these designations. While Y&R would clearly be harmed by public disclosure of the Y&R Confidential Documents, there is limited, if any, public interest in disclosure of all information contained therein because this information is only of limited relevance to the claims at issue in the litigation and would be of far greater value to competitors for an improper competitive purpose. *See Nixon*, 435 U.S. at 598.

## **CONCLUSION**

For all of the foregoing reasons, Y&R respectfully requests that the Court grant the relief requested in this Response to the Seal Motion, continue sealing all of the Y&R Confidential Documents, or, alternatively, allow only the Y&R Documents for Redaction to be unsealed with the redactions as proposed by both Y&R and the United States, and grant such other and further relief as may be just and proper.

| | |
|---|---|
| Date: June 14, 2024 | /s/ James D. Sadowski |
| | James D. Sadowski (VSB #38326) |
| | Greenstein DeLorme & Luchs, P.C. |
| | 801 17th Street, NW, Suite 1000 |
| | Washington, DC  20006 |
| | Phone:  (202) 452-1400; Fax: (202) 452-1410 |
| | Email:  jds@gdllaw.com |
| | *Counsel for Non-Parties* |
| | *VML, LLC and Young & Rubicam, LLC* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of June, 2024, I filed the foregoing Memorandum of Law In Support of Response By Non-Parties VML, LCC and Young & Rubicam LLC To The Pending Motions To Continue Sealing Highly Confidential and Confidential Documents Previously Filed Under Seal, and a copy should be served by Notice of Electronic Filing on all persons designated to receive electronic notice in this case.

/s/ James D. Sadowski
James D. Sadowski