UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>GOOGLE LLC,<br><br>*Defendant*. | Case No. 1:23-cv-00108-LMB-JFA |

### [PROPOSED] ORDER GRANTING RELIEF REQUESTED IN RESPONSE OF NON-PARTIES VML, LLC AND YOUNG & RUBICAM LLC TO PENDING MOTIONS TO CONTINUE SEALING HIGHLY CONFIDENTIAL AND CONFIDENTIAL DOCUMENTS PREVIOUSLY FILED UNDER SEAL

Before the Court are multiple motions to seal (ECF Nos. 592, 605, 612, 642, 648, 651, 661, 667, 698, 712, 715, and 719, the "Seal Motions") and the Response of non-parties VML, LLC and Young & Rubicam LLC, each operating at various times as Team Y&R, Y&R, or VMLY&R (collectively herein, "Y&R") requesting the Court to Continue Sealing Highly Confidential and Confidential Documents Previously Filed Under Seal (the "Response").

The highly confidential and confidential documents that are the subject of the Response (the "Y&R Confidential Documents") contain highly confidential pricing and strategy information that would be of significant value to Y&R's competitors and would enable such competitors to gain insight into Y&R's proprietary business practices. The Y&R Confidential Documents contain information that was supplied to the Department of Justice by Y&R's clients, the United States Census Bureau and United States Navy, which respectively designated and produced these documents as Confidential and Highly Confidential.

To date, no party or non-party has objected to such designation, and the Y&R Confidential Documents have been filed under seal and protected from public disclosure.  Public disclosure of the Y&R Confidential Documents will place Y&R at a disadvantage with respect to its existing and potential competitors and customers, which would gain access to strategy, pricing, staffing, and contractual information.  The Court therefore finds that it is appropriate to enter an order permanently sealing (or in six instances, redacting) the Y&R Confidential Documents.

In the Fourth Circuit, "before a district court may seal any court documents, … it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc*., 218 F.3d 288, 302 (4th Cir. 2000).

The Court finds that: (i) sufficient notice to seal was given in the Seal Motions and Y&R has properly filed its Response to Continue Sealing Highly Confidential and Confidential Documents Previously Filed Under Seal (ECF No. _____); (ii) the Y&R Confidential Documents contain Y&R's confidential and proprietary business information; (iii) only sealing and/or proposed limited redactions will protect Y&R from competitive harm; (iv) there are no less drastic alternatives to sealing and/or the proposed limited redactions; and (v) the public's right of access, whether based on the common law right of access, or the First Amendment right of access, has been overcome. For the foregoing reasons, and pursuant to Local Civil Rule 5 and for good cause shown, it is hereby

3

ORDERED, that the relief requested in Y&R's Response is GRANTED; and it is

FURTHER ORDERED that ECF. Nos. 601-1, 601-5, 602-3, 602-7, 604-3, 604-4, 604-5, 659-13, 671-17, 671-18, 709-9, 709-12, 709-20 shall remain permanently under seal and/or redacted as indicated in the Response.

Dated: _____, 2024

_____
Leonie M. Brinkema
United States District Judge