IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

---

United States, et al.

    Plaintiffs,

vs.

Google LLC

    Defendant.

---

Civil Action No. 1:23-cv-00108-LMB-JFA

**NON-PARTIES MICROSOFT CORPORATION AND XANDR INC.'S
MEMORANDUM IN SUPPORT OF THE PARTIES' MOTIONS TO SEAL
(DOCKET NOS. 605, 642, 651, 661, 667, 712, AND 738)**

Pursuant to Local Civil Rule 5(C), Microsoft Corporation and Xandr Inc.[1] (together, "Microsoft") submit this Memorandum in Support of the following Motions to Seal made by the parties:

1. Defendant Google LLC's Motion to Seal Motion for Summary Judgment and Daubert Motion Filings (Dkt. No. 605);

2. Plaintiffs' Motion to Seal Plaintiffs' Opposition to Exclude Dr. Simcoe (Dkt. No. 642)

3. Defendant Google LLC's Motion to Seal re Doc. 637, 638, 639, 641, 646 & 650 (Dkt. No. 651);

4. Plaintiffs' Motion to Seal Plaintiffs' Opposition to Exclude Professor Robin Lee (Dkt. No. 661);

5. Plaintiffs' Motion to Seal re Portions of Brief and Certain Exhibits to Opposition to Summary Judgment (Dkt. No. 667);

6. Defendant Google LLC's Motion to Seal (Dkt. No. 712); and

---

[1] Microsoft Corp. acquired Xandr Inc. from AT&T Inc. on June 6, 2022. Xandr Inc. currently operates as a wholly owned subsidiary of Microsoft Corp. Prior to the acquisition, Xandr Inc. materials were provided pursuant to a Civil Investigative Demand to AT&T. These materials were later reproduced in this case. To the extent relevant, this memorandum addresses these materials as well.

7. Plaintiffs' Motion to Seal Portions and Exhibits to Plaintiffs' Proposed Sur-Reply in Opposition to Google's Motion to Strike Jury Demand and to Dismiss (Dkt. No. 738).

For the reasons stated below, Microsoft respectfully requests that the Court grant the Motions to Seal to the extent they request the sealing of highly sensitive information regarding Microsoft's commercial strategy and competitively sensitive data and information.

## ARGUMENT

### I. The Procedural Requirements For Sealing Have Been Followed

Microsoft is a non-party to these proceedings that has produced documents, transactional data, and testimony containing highly confidential competitively sensitive information in response to Party subpoenas. Pursuant to Local Civil Rule 5 and the Protective Order entered in this case (ECF No. 203 ¶ 23), the Parties submitted Microsoft documents, testimony, and references thereto under seal and filed the aforementioned Motions to Seal. These materials include: (1) references to Microsoft documents, data, and deposition testimony within briefing, expert reports and expert testimony and (2) Microsoft contemporaneous business documents and 30(b)(6) testimony filed as exhibits (the "Microsoft Materials").

Microsoft has had the opportunity to review the Microsoft Materials and provide this Memorandum in Support. Microsoft's review has further narrowed the scope of the proposed redactions. Microsoft requests these limited redactions to protect its competitively sensitive information. *See*, Appendix A (detailing the docket entries, the proposed redactions to relevant Microsoft Materials and providing the basis for sealing). In a number of instances, Microsoft has determined that no redaction is necessary and the Microsoft Materials previously filed under seal may be disclosed. *See*, Appendix B (detailing the docket entries and relevant Microsoft Materials where redaction is unnecessary).

II.     **Microsoft Appropriately Seeks that its Commercially Sensitive Proprietary and Trade Secret Information Remain Sealed**

Microsoft appropriately requests that its commercially sensitive information remain sealed. A "corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records." *Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014). Where public disclosure of such information "would cause competitive harm to both parties and nonparties to this action and place them at a competitive disadvantage," sealing is appropriate. *See Solomon v. Am. Web Loan, Inc.*, 2020 WL 13894410, at *2 (E.D. Va. Oct. 15, 2020). Indeed, where the public's right of access is outweighed by competing interests, the court may seal judicial records. *E. W., LLC v. Rahman*, 2012 WL 3841401, at *1 (E.D. Va. Sept. 4, 2012).

Here, none of the materials Microsoft seeks to seal have previously been made public and their disclosure would cause Microsoft significant commercial and competitive harm by, *inter alia*, disclosing Microsoft's feature development and commercial strategies, internal assessments of the commercial viability of Microsoft's products, business relationships with customers, and Microsoft's internal financial and usage data. The information at issue is recent, with data no older than 2018 and documents no older than 2019. Given the recency of these materials, their continued commercial sensitivity, and their relevance to Microsoft's current strategic approach and business operations, their disclosure would allow Microsoft's competitors, and others, to leverage this information to place Microsoft at a competitive disadvantage. Courts in the Fourth Circuit have found similar information meets the standard for sealing. *See, e.g., E. W., LLC v. Rahman*, 2012 WL 3843657, at *3 (E.D. Va. Sept. 4, 2012) ("sensitive financial data, including gross profit data, the disclosure of which would be highly likely to cause significant harm to the [company's] business competitive position"); *HiQ Materials AG v. ICP Indus., Inc.,* 2023 WL 4842783, at *2

(M.D.N.C. June 28, 2023) (defendant "seeks to redact only proprietary business and customer information and trade secrets in the form of financial analyses, market research, pricing formulas, and highly sensitive customer needs and preferences"); *360 Mortg. Grp., LLC v. Stonegate Mortg. Corp.*, 2016 WL 4939308, at *1-2 (E.D.N.C. Sept. 14, 2016) ("business techniques, the identification of . . . customers, and . . . finances" are "the type of confidential business information properly subject to protection").

### III.     Microsoft's Redactions Are Limited and Tailored

Understanding its obligations under Fourth Circuit precedent, Microsoft has carefully reviewed the Microsoft Materials at issue. Microsoft seeks only limited redactions as necessary to protect its commercially sensitive, non-public financial information; performance, usage, and revenue data; and details of Microsoft's commercial strategies. Microsoft requests that this information remain under seal because Microsoft would likely suffer substantial economic harm by its disclosure, outweighing the public's right of access. In addition, Microsoft proposes the redaction of non-public contact information for a Microsoft employee included in an exhibit's metadata. Microsoft's sealing proposals are narrowly tailored, and no less restrictive means exist to protect the information. *See Philpot v. Indep. J. Rev.*, 2021 WL 5071504, at *1 (E.D.Va. Apr. 7, 2021) (granting motion to seal redacted documents because "this selective protection of information constitutes the least drastic measure of sealing confidential material").

Appendix A to this memorandum details by docket number the Microsoft Materials at issue and provides the basis for sealing. Where Microsoft proposes that a Microsoft business document or testimony which was previously sealed in its entirety should be redacted, Microsoft is filing a redacted copy of the document. *See* Exhibit 1 hereto, Declaration of Eileen Cole and accompanying exhibits.

## **CONCLUSION**

For the aforementioned reasons, the Court should grant the Parties' Motions to Seal with respect to Microsoft Materials as outlined in Appendix A and as attached to Exhibit 1. A proposed order is submitted herewith.

Dated: June 14, 2024

Respectfully submitted

/s/ Craig G. Falls
Craig G. Falls (VSB 72926)
Amy W. Ray (*pro hac vice* pending)
Eileen M. Cole (*pro hac vice* pending)
Allen R. Davis (*pro hac vice* pending)
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue, NW
Washington, D.C. 20037
Telephone: (202) 339-8611
Fax: (202) 339-8500
Email: cfalls@orrick.com

*Attorneys for Microsoft Corporation and Xandr Inc.*