# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, et al.,<br><br>        *Plaintiffs*,<br><br>  v.<br><br>GOOGLE LLC,<br><br>        *Defendant*. | No. 1:23-cv-00108-LMB-JFA<br><br>**NON-PARTY THE NEW YORK TIMES COMPANY'S MEMORANDUM IN PARTIAL SUPPORT OF PLAINTIFFS' MOTION TO SEAL** |

Pursuant to Local Civil Rule 5(C), The New York Times Company (The "Times") respectfully files this memorandum in partial support of Plaintiffs' Motion To Seal Plaintiffs' Opposition to Exclude Professor Robin Lee (ECF No. 661). The Opposition to Google's Motion to Exclude Opinion Testimony of Prof. Robin S. Lee (the "Opposition") (ECF No. 660) attaches as Exhibit A the Expert Report of Robin S. Lee, PhD (ECF No. 660-1 in public, redacted form, ECF No. 663-1 in sealed, unredacted form) ("Lee Expert Report"), which contains certain confidential information produced by The Times that, if disclosed, would cause The Times significant competitive and commercial harm. The Times supports the public's right to access the contents of judicial records absent compelling interests and recognizes the Court's obligation to consider less drastic alternatives to sealing. Although several documents have recently been filed with the Court containing its confidential information and testimony, The Times seeks only to maintain under seal a single two-sentence footnote in the Lee Expert Report. For the reasons set forth below, Plaintiffs' motion to seal should be granted with respect to this narrow portion of The Times's confidential information.

## LEGAL STANDARD

In this Circuit, the "more rigorous First Amendment standard" for public access can apply to documents submitted in relation to motions in limine, including the materials at issue in this

motion, because "proceedings on a motion *in limine*, in either a criminal or civil case, are functionally a part of the trial itself in that they resolve critical questions of whether particular pieces of evidence will be admitted at trial." *Hispanic Nat'l Law Enf't Ass'n NCR v. Prince George's Cnty.*, No. TDC-18-3821, 2021 WL 488641, at *13 (D. Md. Feb. 10, 2021) (ultimately concluding the common law standard applied to the motion at issue because it was filed in the midst of discovery and did not concern "any particular incident or evidence"). Even where the First Amendment standard does not apply, these materials are "judicial records subject to the common law right of access because they 'play[ed] a role in the adjudicative process.'" *Id.* at *17 (*quoting In re Appl. of the United States for an Order Pursuant to 18 U.S.C. Section 2703(d)*, 707 F.3d 283, 290 (4th Cir. 2013)). Accordingly, there is a presumption of access and a trial court may "seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

Before allowing documents to be filed under seal under this narrow exception, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

## ARGUMENT

All the substantive and procedural requirements for sealing are met for the narrow category of confidential information that The Times seeks to remain under seal.

### I. For The Narrow Category of Information The Times Seeks to Maintain Under Seal, The Public's Right of Access is Outweighed by Competing Interests.

The narrow information that The Times seeks to seal warrants protection under either the First Amendment or common law standards because it comprises highly commercially and competitively sensitive information. As explained in detail in the Declaration of Laura Sonnenfeld attached as **Exhibit A** ("Sonnenfeld Declaration"), the redacted two-sentence footnote of the Lee Expert Report (paragraph 314, n. 450) contains information about the financial performance of

The Times's advertising business, including its pricing for direct and indirect display advertising. Sonnenfeld Decl. ¶ 7. The Times does not make this information public and takes considerable measures to maintain its confidentiality. *Id.* ¶ 4. If it became public, it could be used by The Times's competitors to derive competitive insights about The Times's business operations and strategies. *Id.* ¶ 5. Further, it could be used by current and prospective customers, vendors, and business partners to gain unfair advantages in negotiations and dealings with The Times. *Id.* This type of proprietary and confidential information is precisely the kind that courts routinely find would harm a party's competitive standing and should be sealed. *See Knight Publ'g*, 743 F.2d at 235 (among the factors to be considered in sealing is whether unsealing might allow others to "unfairly gain[] a business advantage"); *In re Zetia (Eztimibe) Antitrust Litig.*, No. 2:18-md-2836, 2020 WL 1558123, at *1 (E.D. Va. Feb. 7, 2020) (granting motion to seal "confidential communications and information that are not generally known," the disclosure of which "would cause competitive harm" and place party "at a competitive disadvantage"). While there is a presumption in favor of the public's right of access to materials attached to a Daubert motion, where (as here) the information at issue is competitively sensitive and unconnected to the substance of the briefing, the materials should be permitted to remain under seal.

**II.    The *Ashcraft* Factors Have Been Met for The Times's Confidential Information.**

The three factors from *Ashcraft* have been satisfied for the portions of The Times's confidential information that The Times seeks to maintain under seal from Plaintiffs' Motion To Seal Plaintiffs' Opposition to Exclude Professor Robin Lee (ECF No. 661).

For the first factor, pursuant to Local Civil Rule 5(C), Plaintiffs provided public notice of the request for sealing by filing it on the public docket via ECF and providing a separate notice of the filing (ECF No. 664), which afforded interested parties an opportunity to object.

For the second factor, The Times has carefully considered less drastic alternatives to sealing its confidential information and has substantially narrowed its request. Specifically, The Times does not seek to maintain under seal excerpts and references to its deposition in the Lee

Expert Report contained at paragraph 281, n.373; paragraph 293, n.394; paragraph 327, n.475, and paragraph 449, n.644.[1] The sole excerpt The Times seeks to maintain under seal is a two-sentence footnote containing confidential pricing information (paragraph 314, n. 450).

For the third factor, as described above and detailed in the Sonnenfeld Declaration, for the narrow category of information The Times seeks to maintain under seal, there are compelling competing interests that outweigh the public's right of access.

## CONCLUSION

For the foregoing reasons, as well as those set forth in the Sonnenfeld Declaration, The Times respectfully requests that the Court enter the accompanying Proposed Order and maintain under seal the narrow portions of the Lee Expert Report identified above.

Dated: June 14, 2024

Respectfully submitted,

BALLARD SPAHR LLP

By:  /s/ Jay Ward Brown
Jay Ward Brown (Va. Bar No. 34355)
1909 K Street NW, 12th Floor
Washington, DC 20006
(202) 508-1136
brownjay@ballardspahr.com

Demetri Brumis Blaisdell (*pro hac vice* forthcoming)
Legal Department
The New York Times Company
620 Eighth Avenue
New York, NY 10018
Phone: (212) 556-7314
Email: demetri.blaisdell@nytimes.com

*Counsel for Non-Party The New York Times Co.*

## CERTIFICATE OF SERVICE

---

[1] Several other filings made in connection with the parties' summary judgment and *Daubert* motions contain excerpts, quotes, and references to documents or testimony from The Times, none of which The Times seeks to maintain under seal. *See, e.g.*, ECF No. 570 ¶ 47, ECF No. 573 at 4, 16, ECF No. 581-1 at 113, n.373.

4

I hereby certify that on this 14th day of June, 2024, I caused a copy of the foregoing to be filed electronically with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all interested parties.

*/s/ Jay Ward Brown*
Jay Ward Brown (Va. Bar No. 34355)
1909 K Street NW, 12th Floor
Washington, DC 20006
(202) 508-1136
brownjay@ballardspahr.com