# Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| UNITED STATES, et al., | No. 1:23-cv-00108-LMB-JFA |
| *Plaintiffs*, | **DECLARATION OF LAURA SONNENFELD IN SUPPORT OF NON-PARTY THE NEW YORK TIMES COMPANY'S MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL** |
| v. | |
| GOOGLE LLC, | |
| *Defendant*. | |

I, Laura Sonnenfeld, declare as follows:

1.      I am an employee of The New York Times Company (the "Times"). My position/title is Senior Vice President, Sales Operations. I have personal knowledge of all facts stated within this Declaration.

2.      The Times is a non-party to the above-captioned litigation. The Times received a non-party subpoena from Defendant on March 31, 2023. In response, The Times made a production of documents and data to Defendant.

3.      I am personally familiar with the documents produced to Defendant that are referenced below. As I describe more fully below, portions of the documents contain information that I consider to be highly commercially and competitively sensitive.

4.      The Times takes significant precautions to ensure that this information is not made public, and the executives and employees who have access to it—myself included—are entrusted to keep this information confidential. To protect confidential business information and sensitive customer information and prevent inadvertent disclosure of such information to others, The Times has internal policies including the following: policies against the disclosure of confidential information; training of employees regarding safeguarding confidential information; confidentiality and non-disclosure agreements with vendors and other partners; and a policy regarding document retention and destruction.

5.      The public disclosure of highly commercially and competitively sensitive information would cause The Times significant competitive harm.  Such information, if made public, could be used by our competitors to derive insights about our business operations and strategies.  Further, such information could be used by our current and prospective customers, vendors, and business partners to gain unfair advantages in negotiations and dealings with The Times.

**Plaintiffs' Use of The Times's Information in the Expert Report of Professor Robin S. Lee.**

6.      I am aware that Plaintiffs have filed an Opposition to Google's Motion to Exclude Opinion Testimony of Prof. Robin S. Lee (the "Opposition") (ECF No. 660), which attaches as Exhibit A the Expert Report of Robin S. Lee, PhD (ECF No. 660-1 in public, redacted form, ECF No. 663-1 in sealed, unredacted form) ("Lee Expert Report"), which includes contains certain information produced by The Times. I have personally reviewed the information.  As described below, it contains non-public, commercially and competitively sensitive information.

7.      The information in footnote 450 to paragraph 314 of the Lee Expert Report contains information about the financial performance of The Times's advertising business, including its pricing for direct and indirect display advertising. The Times does not make this information public. I consider this information to be highly commercially and competitively sensitive. If it became public, it could be used by The Times's competitors to derive competitive insights about our business operations and strategies. Further, it could be used by current and prospective customers, vendors, and business partners to gain unfair advantages in negotiations and dealings with The Times.

I, Laura Sonnenfeld, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on June 14, 2024.

Signature: _Laura Sonnenfeld_
DocuSigned by:
43737C2C71B7464...

Printed Name: _____

2