UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GOOGLE LLC, <br><br> *Defendant*. | Case No. 1:23-cv-00108-LMB-JFA |

### MEMORANDUM OF LAW IN SUPPORT OF RESPONSE BY NON-PARTY KARGO GLOBAL, INC. TO THE PENDING MOTIONS TO CONTINUE SEALING CONFIDENTIAL DOCUMENTS PREVIOUSLY FILED UNDER SEAL

Pursuant to Local Civil Rule 5 and this Court's orders (ECF Nos. 621, 728), non-party Kargo Global, Inc. ("Kargo") respectfully submits this response (the "Response") in support of the pending motions to seal that have been filed by other parties to this Action (the "Seal Motions").[1] Kargo requests that the Court continue sealing seven documents that are currently sealed because they contain Kargo's highly confidential and proprietary business information, the disclosure of which would provide critical advantages to Kargo's competitors.

### PRELIMINARY STATEMENT

Kargo files this Response to the twelve pending Seal Motions, which already provided notice pursuant to Local Civil Rule 5(C). This Response concerns seven documents currently filed

---

[1] In accordance with this Court's orders (ECF Nos. 621 and 728), Kargo has not filed its own motion to seal and has styled its request as a "Response" to those motions to seal filed at ECF Nos. 592, 605, 612, 642, 648, 651, 661, 667, 698, 712, 715, and 719 by the parties to this Action.

under seal (ECF Nos. 581-1, 581-4, 637, 640, 646-7, 669 together the "Sealed Pleadings")[2]. Kargo respectfully requests that the Court continue sealing and protecting from public disclosure the Sealed Pleadings, which together contain numerous direct quotations and characterizations of deposition testimony of Kargo's Chief Operating Officer Michael Shaughnessy regarding competitively sensitive information, including Kargo's competitive strategy, market outlook, and clients.  The Sealed Pleadings also contain a document Kargo designated as Confidential and produced in this action (ECF No. 660, containing KARGO_0000063, the "Confidential Kargo Document").

None of the parties or interested non-parties would be prejudiced by the continued sealing of the Sealed Pleadings at this stage in the litigation.  There is also limited public interest in full access to the Sealed Pleadings because they are only generally related to the dispute at issue in this action.  And, any limited relevance is greatly outweighed by the enormous harm the disclosure would cause to Kargo by giving its competitors unique insight into Kargo's views of its competitors, the marketplace, and forward-looking trends.  Accordingly, Kargo requests that the Court permanently seal the Sealed Pleadings.

## FACTUAL BACKGROUND

*Kargo and its Rights as a Non-Party under the Protective Order*

Founded in 2003, Kargo is an advertising business that transforms standard creative materials to deliver bespoke marketing experiences for some of the largest advertisers and best

---

[2] The docket numbers provided reflect Kargo's best understanding of the docket entries that contain Kargo's confidential information based on what it has been advised by Plaintiff United States in connection with this Action.  To the extent that there are other pleadings, whether already sealed or not, that contain Kargo's confidential information, Kargo reserves the right to supplement this Motion and/or file a renewed motion to seal those documents.  Further, to the extent other Parties or Non-Parties have filed or in the future file a motion to permanently seal the Sealed Pleadings, Kargo joins those arguments.

2

publishers in the world. Kargo is a global company headquartered in New York with offices in Chicago, Los Angeles, San Francisco, Detroit, Dallas, Sydney, and Auckland. Kargo is the only media marketplace with 100% premium supply. With a suite of exclusive, full-funnel advertising solutions, Kargo is the choice for leading brands looking to drive meaningful customer connections across mobile, desktop, connected television, and social.[3] Focused on performance, Kargo helps the world's largest advertisers achieve incremental brand lift and higher returns on ad spend. For publishers, Kargo's proprietary platform maximizes revenue per impression through unique creative and targeting solutions. *See* Ex. A, Declaration of Michael Shaughnessy (the "Shaughnessy Decl.") at ¶ 2.

During discovery, Plaintiff United States of America deposed Kargo's Chief Operating Officer Michael Shaughnessy on August 9, 2023. *See id.* at ¶ 5. Portions of Mr. Shaughnessy's deposition transcript (the "Shaughnessy Deposition Testimony") have been incorporated into various parts of the Sealed Pleadings. *See id.* at ¶ 6. Kargo also produced documents, including KARGO_000063, which it designated as Confidential (the "Kargo Confidential Document"). *See id.* at ¶ 4. Kargo received notice that the Sealed Pleadings contain the Kargo Confidential Document and direct quotes and characterized portions of the Shaughnessy Deposition Testimony, but Kargo has not been permitted to view the Sealed Pleadings and cannot confirm the accuracy of the representations of its confidential material. *See id.* at ¶¶ 6, 9, 11.

---

[3] "Social" is advertising shorthand for social media as the advertising platform.

*The Protective Order*

On April 4, 2023, this Court entered a protective order (ECF No. 98), which it modified on May 11, 2023 (ECF No. 203, the "Protective Order"). The Protective Order permits a non-party to designate materials as "Confidential" or "Highly Confidential." On June 5, 2023, this Court entered an Order Regarding Coordination of Discovery (ECF No. 251, the "Coordination Order") in this action, which incorporates by reference the Protective Order's relevant provisions, including the definitions of Confidential and Highly Confidential Information.

"Confidential Information" or "Confidential" is defined as:

> Information (regardless of how it is generated, stored or maintained) or tangible things that constitute a ***trade secret or other non-public confidential financial, technical, research, sales, marketing, development, or commercial information*** and that have been so designated, or any Document, transcript, or other material containing such information that has not been published or otherwise made publicly available.[ …] Confidential Information ***includes (i) information copied or extracted, summarized or compiled from Confidential Information, and (ii) testimony, conversations, or presentations by Parties or their Counsel that reveal Confidential Information.***

*See id.* at 2 (emphases added throughout).

"Highly Confidential Information" or "Highly Confidential" is defined as:

> information that, if disclosed publicly or to a Party, is likely to cause the Producing Party ***material and significant competitive or commercial harm, and that has been so designated***.[] Subject to the foregoing, Highly Confidential Information may include trade secrets, including algorithms and Source Code; non-public, commercially sensitive customer lists; ***non-public financial, marketing, or strategic business planning information; current or future non-public information regarding prices, costs, or margins***; information relating to research, development testing of, or plans for existing or proposed future products; evaluation of the strengths and vulnerabilities of a Protected Person's product offerings, including non-public pricing and cost information; confidential contractual terms, ***proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions)***; information relating to pending or abandoned patent applications that have not been made available to the public; personnel files; sensitive personally identifiable information; and communications that disclose any Highly Confidential Information. [….]

4

*See id*. at 3 (emphases added throughout).

The Protective Order also defines "Non-Party" as "any natural person, partnership, corporation, association, or other legal entity not named as a Party in the Action." (*See id.* at 6). Kargo fits squarely within the definition of a "Non-Party."

The direct quotations and characterizations of the Shaughnessy Deposition Testimony and Confidential Kargo Document contain references to highly sensitive information. Even if certain individual lines of testimony were not designated as Confidential, the numerous direct quotes and characterizations of the testimony collectively reveal the significant substance of the Shaughnessy Deposition Testimony, disclosure of which will cause Kargo serious competitive harm. *See* Shaughnessy Decl. at ¶¶ 8-13.

*The Sealed Pleadings*

Kargo has been advised that the Sealed Pleadings at the heart of this Response all contain Kargo's sensitive and proprietary information, in addition to containing references to the Confidential Kargo Document. *See* Shaughnessy Decl. at ¶¶ 4, 6. For the same reasons the Sealed Pleadings were originally filed under seal, the Court should order that they be permanently sealed. Even if the cited portions of the Shaughnessy Deposition Testimony were redacted, it would not sufficiently protect Kargo's privacy as a Non-Party because the surrounding text, commentary, and opinions in the Sealed Pleadings, which are currently sealed and therefore not available for Kargo to review, may present the Shaughnessy Deposition Testimony in a manner that disadvantages Kargo in relation to its existing and potential clients and competitors. *See id.* at ¶¶ 8-13. Further, the sheer number of direct quotations – and characterizations – of the Shaughnessy Deposition Testimony suggests that redaction would not be feasible, and that making the Sealed Pleadings publicly available would be highly prejudicial to Kargo (particularly before

Kargo has had the opportunity to review them in context) because it would effectively expose the key portions of the Shaughnessy Deposition Testimony, prejudicing Kargo as it relates to its customers and competitors. *See id*.

The twelve Sealed Pleadings contain dozens of direct quotations and characterizations of the Shaughnessy Deposition Testimony. The chart below provides a non-confidential description of the subject matter of the cited portions of testimony in the Sealed Pleadings and the rationale for continuing to seal those pleadings.

| Docket Number | Deposition / Record Citations | Non-Confidential Description of Overall Subject Matter |
|---|---|---|
| 581-1 | 60:3–60:17; 21:19–22:13 | Mr. Shaughnessy's view of Kargo's internal impressions and understanding of market and pricing strategy. |
| 581-4 | 43:24-44:10; 21:7-22:13; 41:20–43:6 | Mr. Shaughnessy's view of Kargo's internal strategic considerations regarding advertising purchasing and options as to various platforms. |
| 637 | Excerpted Deposition of Michael Shaughnessy on 8/9/2023.<br><br>Includes pages 1-4, 165-168, and 173-180. | Characterizations of and direct quotes from Mr. Shaughnessy's testimony. |
| 640 | 26:14-27:16; 51:18-51:21; 51:23-52:7; 52:22-53:17; 71:21-73:3; 81:2-81:24; 83:11-84:25 | Mr. Shaughnessy's perception of different ad tech platforms and their respective attributes and functionality. |
| 646-7 | 165:01-168:25; 173:01-176:03 | Mr. Shaughnessy's perspective on ad spend strategy and ad planning and the overall ad tech industry. |
| 660 | 43:24–44:10; 50:9–25<br><br>KARGO_000063, at -69 | Characterizations of and direct testimony regarding Mr. Shaughnessy's view of competing market forces and customer demand.<br><br>Characterizations of and direct quotes from KARGO_000063, a document that Kargo produced and designated as Confidential because it reflects an internal |

6

| | **Designated as Confidential** | study regarding customer and user experience of advertising. |
|---|---|---|
| 669 | 51:23-52:7; 52:24-53:4; 71:21-73:3; and various general descriptions of the Shaughnessy Deposition Transcript (without direct quotations to the record) | Characterizations of and direct testimony regarding Mr. Shaughnessy's view of different ad tech platforms and their respective attributes and functionality, competing market forces, and customer demand. |

## ARGUMENT

In the Fourth Circuit, courts can seal judicial documents only "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). "'This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access,' and 'the party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

As to the specific substantive factors that the court may consider when determining whether to seal documents are: "[1] whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; [2] whether release would enhance the public's understanding of an important historical event; and [3] whether the public has already had access to the information contained in the records." *See In re Knight*, 743 F.2d at 235. All factors here weigh decidedly in favor of sealing.

*First*, disclosure of the Sealed Pleadings would provide a significant business advantage to Kargo's competitors as to its forward-looking strategy and orientation within the broader marketplace. *See* Shaughnessy Decl. at ¶¶ 8-13. The continued sealing of the Sealed Pleadings will prevent non-parties from obtaining these records for the improper purpose of unfairly competing with or undercutting Kargo. *See id*. The Supreme Court has recognized that this type of business interest can justify the sealing or restriction of documents from public view when they might otherwise serve "as sources of business information that might harm a litigant's competitive standing." *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Pittston Co. v. U.S.*, 368 F.3d 385, 406 (4th Cir. 2004) (district court did not abuse its discretion in refusing to unseal documents containing confidential and proprietary business information filed with motions for summary judgment.) This is particularly relevant to a *non-party*, whose interests this Court expressly contemplated as needing to be protected. *See Jeune v. Westport Axle Corp.*, Civil Action No. 7:14-CV-617, 2016 U.S. Dist. LEXIS 47664 (considering a party's interest and role in litigation when determining the appropriate level of burdens imposed via third-party subpoenas.)

*Second*, disclosure of the Sealed Pleadings will not enhance the public's understanding of an important historical event because they are only reflective of Kargo's internal and sensitive business operations with no significant bearing on the questions at stake in this action. *See* Shaughnessy Decl. at ¶ 10; *see Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 577 (E.D. Va. 2009) (courts may refuse "to permit their files to serve […] as sources of business information that might harm a litigant's competitive standing") (citing *Nixon*, 435 U.S. at 598)).

*Third*, the public has not already had access to the information contained in the Sealed Pleadings because Kargo has closely guarded that information from public disclosure and to the

8

extent that information has been cited or referred to in pleadings in the instant matter such have been filed under seal. While Kargo would clearly be harmed by public disclosure of the Sealed Pleadings, there is limited, if any, public interest in disclosure of all information contained therein because this information is not relevant to the claims at issue in the litigation and would be of value primarily to Kargo's competitors. *See id.* at ¶¶ 8-13.

Procedurally, to seal material, the Court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting [the] decision to seal the documents and for rejecting the alternatives." *Ashcraft*, 218 F.3d at 202.

The notice requirement here has been satisfied by the previously filed Seal Motions in this Action in addition to this Court's own notice and order granting interested parties and non-parties the opportunity to respond to those motions. Following a "reasonable opportunity" for interested parties to object, this filing "satisfies the requirements under the Local Rules and Ashcraft." *Navient Sols., LLC v. Lohman*, Civil Action No. 1:19-cv-461 (LMB/TCB), 2020 U.S. Dist. LEXIS 268689, at *4 (E.D. Va. July 30, 2020). And, Kargo has considered less drastic options than sealing for the documents, but it is not feasible because the surrounding text and commentary contained in the Sealed Pleadings may present the deposition testimony in a manner prejudicial to Kargo *vis-à-vis* its existing and potential future clients as well as its competitors. *See id*. at ¶¶ 11-13.

**CONCLUSION**

For all of the foregoing reasons, Kargo respectfully requests that the Court maintain the sealing of the Sealed Pleadings and grant such other and further relief as may be just and proper.

Date:  June 14, 2024                                   /s/ James D. Sadowski
                                                                    James D. Sadowski (VSB #38326)
                                                                    Greenstein DeLorme & Luchs, P.C.
                                                                    801 17th Street, NW, Suite 1000
                                                                    Washington, DC 20006
                                                                    Phone:  (202) 452-1400; Fax: (202) 452-1410
                                                                    Email:  jds@gdllaw.com
                                                                    *Counsel for Non-Party Kargo Global, Inc.*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of June, 2024, I filed the foregoing Memorandum of Law In Support of Response By Non-Party Kargo Global, Inc. To The Pending Motions To Continue Sealing Confidential Documents Previously Filed Under Seal, and a copy should be served by Notice of Electronic Filing on all persons designated to receive electronic notice in this case.

                                                                    /s/ James D. Sadowski
                                                                    James D. Sadowski