UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

UNITED STATES OF AMERICA, *et al.*,

    *Plaintiffs*,

v.

GOOGLE LLC,

    *Defendant*.

Case No. 1:23-cv-00108-LMB-JFA

**MEMORANDUM OF LAW IN SUPPORT OF
RESPONSE BY NON- PARTY VOX MEDIA, LLC TO
THE PENDING MOTIONS TO CONTINUE SEALING
CONFIDENTIAL DOCUMENTS PREVIOUSLY FILED UNDER SEAL**

Pursuant to Local Civil Rule 5 and this Court's orders (ECF Nos. 621, 728), non-party Vox Media, LLC ("Vox Media") respectfully submits this response (the "Response") in support of the pending motions to seal that have been filed by other parties to this Action (the "Seal Motions").[1] Vox Media requests that the Court continue sealing twelve documents that are currently sealed because they contain Vox Media's highly confidential and proprietary business information, the disclosure of which would provide critical advantages to Vox Media's competitors.

**PRELIMINARY STATEMENT**

Vox Media files this Response to the twelve pending Seal Motions, which already provided notice pursuant to Local Civil Rule 5(C). This Response concerns numerous deposition transcript

---

[1] In accordance with this Court's orders (ECF Nos. 621 and 728), Vox Media has not filed its own motion to seal and has styled its request as a "Response" to those motions to seal filed at ECF Nos. 592, 605, 612, 642, 648, 651, 661, 667, 698, 712, 715, and 719 by parties to the Action.

excerpts cited throughout at least 13 documents,[2] currently filed under seal (together, the "Sealed Pleadings")[3] in this action.  Vox Media respectfully requests that the Court continue sealing and protecting from public disclosure the Sealed Pleadings, which together contain more than a dozen direct quotations and characterizations of deposition testimony of Vox Media's President, Revenue & Growth, Ryan Pauley, (the "Pauley Deposition Testimony") regarding competitively sensitive information including Vox Media's competitive strategy, market outlook, and clients.  Vox Media has designated several lines of the cited Pauley Deposition Testimony as Confidential (19:6-17) and Highly Confidential (21:24-25) pursuant to the operative Protective Order (collectively, the "Designated Pauley Testimony").  The sheer number of direct quotations – and characterizations – of the Pauley Deposition Testimony, many of which are interspersed with Designated Pauley Testimony, shows that unsealing the Sealed Pleadings would be highly prejudicial to Vox Media because it would effectively expose the entirety of the Pauley Deposition Testimony, prejudicing Vox Media as it relates to both its customers and its competitors.

None of the parties or interested non-parties would be prejudiced by the continued sealing of the Sealed Pleadings at this stage in the litigation.  There is also limited public interest in full access to the Sealed Pleadings because they are only generally related to the dispute at issue in this action.  And, any limited relevance is greatly outweighed by the enormous harm the disclosure would cause to Vox Media by giving its competitors unique insight into Vox Media's views of its

---

[2]     ECF Nos. 573; 576; 579; 581-1; 581-2; 581-4; 581-5; 582-8; 640; 660; 660-5; 669; and 670-23.

[3]     The docket numbers provided reflect Vox Media's best understanding of the docket entries that contain Vox Media's Confidential Information based on what it has been advised by Plaintiff United States in connection with this Action.  To the extent that there are other pleadings, whether already sealed or not, that contain Vox Media's Confidential Information, Vox Media reserves the right to supplement this Response and/or file a renewed motion to seal those documents.  Further, to the extent other Parties or Non-Parties have filed or in the future file a motion to permanently seal the Sealed Pleadings, Vox Media joins those arguments.

competitors, the marketplace, and forward-looking trends. Accordingly, Vox Media requests that the Court permanently seal the Sealed Pleadings.

## FACTUAL BACKGROUND

*Vox Media and its Rights as a Non-Party under the Protective Order*

Vox Media is the leading modern media company with editorial properties such as Vox, SB Nation, New York Magazine, The Dodo, and The Verge. The company is also home to award-winning storytelling businesses such as Vox Media Studios and the Vox Media Podcast Network, as well as innovative technologies that support the entire media industry, including the Concert advertising marketplace and Forte first-party data solution. *See* Ex. A, Decl. of Ryan Pauley at ¶ 2 (the "Pauley Decl.")

During discovery, Plaintiff, United States of America, deposed Vox Media's President, Revenue & Growth, Ryan Pauley, on August 23, 2023. *See* Pauley Decl. at ¶ 4. The Parties have incorporated various portions of the Pauley Deposition Testimony and Designated Pauley Testimony in the Sealed Pleadings. *See id.* at ¶ 6.

*The Protective Order*

On April 4, 2023, this Court entered a protective order (ECF No. 98), which it modified on May 11, 2023 (ECF No. 203, the "Protective Order"). The Protective Order permits a non-party to designate materials as "Confidential" or "Highly Confidential." On June 5, 2023, this Court entered an Order Regarding Coordination of Discovery (ECF No. 251, the "Coordination Order") in this action, which incorporates by reference the Protective Order and Modified Protective Order's relevant provisions, including the definitions of Confidential and Highly Confidential Information.

"Confidential Information" or "Confidential" is defined as:

3

> Information (Regardless of how it is generated, stored or maintained) or tangible things that constitute a ***trade secret or other non-public confidential financial, technical, research, sales, marketing, development, or commercial information*** and that have been so designated, or any Document, transcript, or other material containing such information that has not been published or otherwise made publicly available.[ …]   Confidential Information ***includes (i) information copied or extracted, summarized or compiled from Confidential Information, and (ii) testimony, conversations, or presentations by Parties or their Counsel that reveal Confidential Information.***

*See id*. at 2 (emphases added throughout).

"Highly Confidential Information" or "Highly Confidential" is defined as:

> information that, if disclosed publicly or to a Party, is likely to cause the Producing Party ***material and significant competitive or commercial harm, and that has been so designated***.[] Subject to the foregoing, Highly Confidential Information may include trade secrets, including algorithms and Source Code; non-public, commercially sensitive customer lists; ***non-public financial, marketing, or strategic business planning information; current or future non-public information regarding prices, costs, or margins***; information relating to research, development testing of, or plans for existing or proposed future products; evaluation of the strengths and vulnerabilities of a Protected Person's product offerings, including non-public pricing and cost information; confidential contractual terms, ***proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions)***; information relating to pending or abandoned patent applications that have not been made available to the public; personnel files; sensitive personally identifiable information; and communications that disclose any Highly Confidential Information.  [….]

*See id*. at 3 (emphases added throughout).

The Protective Order also defines "Non-Party" as "any natural person, partnership, corporation, association, or other legal entity not named as a Party in the Action."  (*See id.* at 6). Vox Media fits squarely within this definition.

The Designated Pauley Testimony also fits squarely within the definitions of Confidential and Highly Confidential.  No Party or Non-Party has objected to Vox Media's designation of the Designated Pauley Testimony as Confidential or Highly Confidential.  Even the non-designated portions of the Pauley Deposition Testimony, together and as presented in the Sealed Pleadings,

4

are within the ambit of Confidential and Highly Confidential topics, and, taken together, would effectively reveal the substance of the Designated Pauley Testimony.

*The Sealed Pleadings*

Counsel for the United States alerted undersigned counsel that the Sealed Pleadings contained references to Vox Media's confidential and proprietary information and did not indicate any intention to oppose any effort to keep these documents sealed.[4] For the same reasons the Sealed Pleadings were originally filed under seal, the Court should order that they be permanently sealed. Even if the Designated Pauley Testimony and other cited portions of Mr. Pauley's deposition Testimony were redacted, it would not be sufficient to protect Vox Media's privacy as a Non-Party because the surrounding text and commentary contained in the Sealed Pleadings, which are currently sealed and therefore not available for Vox Media to review, may present the Pauley Deposition Testimony inaccurately or in a manner harmful to Vox Media's position with respect to its existing and potential clients and competitors. *See* Pauley Decl. at ¶¶ 6, 10-12.

The twelve Sealed Pleadings contain dozens of direct quotations and characterizations of the Pauley Deposition Testimony, including the Designated Pauley Testimony. The chart below provides a non-confidential description of the subject matter of the cited portions of testimony in the Sealed Pleadings and the rationale for continuing to seal those pleadings.

| Docket Number | Deposition Citations | Non-Confidential Description of Overall Subject Matter |
|---|---|---|
| 573 | 95:16-96:6; 12:8-13:24; 13:25-14:25 | Mr. Pauley's view of Vox Media's internal strategic considerations regarding advertising purchasing. |

---

[4] The Government also advised Vox Media that ECF Nos. 573, 576, and 579, all filed under seal, also cited to above-referenced Pauley Deposition Testimony, but the Government did not provide exact references. Vox Media requests that the Court, for the same reasons as described further herein, also continue to seal ECF Nos. 573, 576, and 579.

| | | |
|---|---|---|
| 576 | 95:16-96:6; 12:8-13:24; 13:25-14:25; 19:2-17; 14:13-15:17<br><br>\*\**Lines 19:6-17 are designated as Confidential*\*\* | Mr. Pauley's view of Vox Media's internal strategic considerations regarding advertising purchasing. |
| 579 | 95:16-96:6; 12:8-13:24; 13:25-14:25; 31:11-31:17; 21:14-22:2; 19:2-17; 14:13-15:17; 25:13-19<br><br>\*\**Lines 19:6-17 are designated as Confidential*\*\*<br><br>\*\**Lines 21:24-25 are designated as Highly Confidential*\*\* | Mr. Pauley's view of Vox Media's internal strategic considerations regarding advertising purchasing. |
| 581-1 | 12:8-13:18; 12:8-13:24; 13:25-14:25; 95:16-96:6 | Mr. Pauley's view of Vox Media's impressions and understanding of market and pricing strategy. |
| 581-2 | 21:14-22:2; 31:11-31:17<br><br>\*\**Lines 21:24-25 are designated as Highly Confidential*\*\* | Mr. Pauley's view of Vox Media's internal strategic considerations regarding advertising purchasing. |
| 581-4 | 14:13-15:17; 95:16-96:6 | Mr. Pauley's view of Vox Media's internal strategic considerations regarding advertising purchasing. |
| 581-5 | 14:13-15:17; 19:2-17<br><br>\*\**Lines 19:6-17 are designated as Confidential*\*\* | Mr. Pauley's view of Vox Media's internal strategic considerations regarding advertising purchasing. |
| 582-8 | 25:13-19 | Mr. Pauley's view regarding potential competitive challenges for Vox. |
| 640 | 19:2-17; 14:13-15:17<br><br>\*\**Lines 19:6-17 are designated as Confidential*\*\* | Mr. Pauley's view of Vox Media's internal pricing strategy and challenges. |
| 660 | 62:21-67:12; 59:25-60:5; 62:25-66:13; 62:21-64:12; 65:25-66:13; 66:25-67:12; 60:20-60:24; 33:12-34:8; 64:6-21; 95:16-97:17; 62:21-63:7; 12:8-13:24; 13:25-14:25 | Mr. Pauley's view of Vox Media's internal pricing strategy and challenges. |
| 660-5 | 65:25-66:13 | Mr. Pauley's view of competing market forces and customer demand. |
| 670-23 | 21:14-22:2; 25:13-23; 12:8-13:18<br><br>\*\**Lines 21:24-25 are designated as Highly Confidential*\*\* | Mr. Pauley's view regarding potential competitive challenges for Vox. |

## ARGUMENT

In the Fourth Circuit, courts can seal judicial documents only "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). "'This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access,' and 'the party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

As to the specific substantive factors that the court may consider when determining whether to seal documents are: "[1] whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; [2] whether release would enhance the public's understanding of an important historical event; and [3] whether the public has already had access to the information contained in the records." *See In re Knight*, 743 F.2d at 235. All factors here weigh in favor of sealing.

*First*, the disclosure of the Sealed Pleadings will provide a significant business advantage to Vox Media's competitors as to its outlook on forward-looking strategy and orientation within the broader marketplace. *See* Pauley Decl. at ¶¶ 10-11. The continued sealing of the Sealed Pleadings will prevent non-parties from obtaining these records for the improper purpose of unfairly competing with or undercutting Vox. The Supreme Court has recognized that this type of business interest can justify the sealing or restriction of documents from public view when they might otherwise serve "as sources of business information that might harm a litigant's competitive standing." *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Pittston Co. v. U.S.*,

368 F.3d 385, 406 (4th Cir. 2004) (district court did not abuse its discretion in refusing to unseal documents containing confidential and proprietary business information filed with motions for summary judgment.)  This is particularly relevant to a *non-party*, whose interests this Court expressly contemplated as needing to be protected.  *See Jeune v. Westport Axle Corp.*, Civil Action No. 7:14-CV-617, 2016 U.S. Dist. LEXIS 47664 (considering a party's interest and role in litigation when determining the appropriate level of burdens imposed via third-party subpoenas.)

*Second*, disclosure of the Sealed Pleadings will not enhance the public's understanding of an important historical event because they are only reflective of Vox Media's internal and sensitive business operations with no significant bearing on the questions at stake in this action.  *See id*. at ¶ 11.; *see Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 577 (E.D. Va. 2009) (courts may refuse "to permit their files to serve […] as sources of business information that might harm a litigant's competitive standing") (citing *Nixon*, 435 U.S. at 598)).

*Third*, the public has not already had access to the information contained in the Sealed Pleadings because Vox Media has closely guarded that information from public disclosure and to the extent that information has been cited or referred to in pleadings in the instant matter such have been designated confidential or highly confidential and filed under seal.  *See id*. at ¶¶ 5-8.  No party has objected to these designations.  While Vox Media would clearly be harmed by public disclosure of the Sealed Pleadings, there is limited, if any, public interest in disclosure of all information contained therein because this information is not relevant to the claims at issue in the litigation and would be of value primarily to Vox Media's competitors.  *See id*. at ¶ 11.

Procedurally, to seal material, the Court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings

supporting [the] decision to seal the documents and for rejecting the alternatives." *Ashcraft*, 218 F.3d at 202.

The notice requirement here has been satisfied by the previously filed Seal Motions in this Action in addition to this Court's own notice and order granting interested parties and non-parties the opportunity to respond to those motions. Following a "reasonable opportunity" for interested parties to object, this filing "satisfies the requirements under the Local Rules and Ashcraft." *Navient Sols., LLC v. Lohman*, Civil Action No. 1:19-cv-461 (LMB/TCB), 2020 U.S. Dist. LEXIS 268689, at *4 (E.D. Va. July 30, 2020). And, Vox Media has considered less drastic options than sealing for the documents, but it is not feasible because the surrounding text and commentary contained in the Sealed Pleadings may present the deposition testimony in a manner prejudicial to Vox Media vis-à-vis its existing and potential future clients as well as its competitors. *See id.* at ¶¶ 11-12.

## **CONCLUSION**

For all of the foregoing reasons, Vox Media respectfully requests that the Court maintain the sealing of the Sealed Pleadings and grant such other and further relief as may be just and proper.

Date:  June 14, 2024    /s/ James D. Sadowski
James D. Sadowski (VSB #38326)
Greenstein DeLorme & Luchs, P.C.
801 17th Street, NW, Suite 1000
Washington, DC 20006
Phone:  (202) 452-1400; Fax: (202) 452-1410
Email:  jds@gdllaw.com
*Counsel for Non-Party Vox Media, LLC*

9

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of June, 2024, I filed the foregoing Memorandum of Law In Support of Response By Non-Party Vox Media, LLC to The Pending Motions To Continue Sealing Confidential Documents Previously Filed Under Seal, and a copy should be served by Notice of Electronic Filing on all persons designated to receive electronic notice in this case.

/s/ James D. Sadowski
James D. Sadowski