IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 1:23-cv-00108-LMB-JFA |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' OMNIBUS RESPONSE TO MOTIONS TO SEAL
(ECF NOS. 605, 651, 668, 712)**

The United States responds to Defendant Google LLC's ("Google's") motions to seal exhibits and un-redacted versions of its summary judgment and *Daubert* motions, ECF Nos. 605, 651, and 712. The United States also provides additional support for its Memorandum of Law in Support of Plaintiffs' Motion to Seal. ECF No. 668.[1] Google moved pursuant to Local Civil Rule 5(C) to seal numerous exhibits attached to its memorandums of law as well as certain portions of its memorandums of law that reference those exhibits. Defendant's basis for sealing is that another party (or non-party) has designated the material as "confidential" or "highly confidential" under the operative protective order in this action, or that the documents contain trade secrets and other highly sensitive and competitive business information. Specifically, this includes:

- ECF No. 571, Google LLC's Memorandum of Law in Support of its Motion for Summary Judgment filed under seal;

---

[1] For certain exhibits, the United States did not file redacted public versions with its initial sealing motion to give the FAAs' advertising agencies, which are third parties in this case, an opportunity to be heard by the Court. The United States noted that these exhibits contain sensitive FAA information and may also contain information that the FAAs' advertising agencies consider confidential. *See* ECF No. 668, at note 2.

- ECF No. 574, Sealed Memorandum in Support of Google LLC's Motion to Exclude the Testimony of Prof. Robin S. Lee;

- ECF No. 577, Sealed Memorandum in Support of Google LLC's Motion to Exclude Opinion Testimony of Adoria Lim;

- ECF No. 580, Sealed Memorandum in Support of Google LLC's Motion to Exclude Opinion Testimony of Dr. Timothy Simcoe;

- ECF Nos. 581-586, 588, 597-607, Declaration of Bryon Becker in Support of Google LLC's Motion for Summary Judgment and Motions to Exclude and sealed exhibits 1-5, 7-11, 13-14, 24-45, 28-29, 32-36, 38, 44, 46, 51, 62, 66, 68-70, 71-78; 87-89, 82, 93, 95, 97, and 99;

- ECF No. 638, Sealed Memorandum of Law in Opposition to Plaintiffs' Motion to Exclude Opinions of Anthony Ferrante;

- ECF No. 641, Sealed Memorandum of Law in Opposition to Plaintiffs' Motion to Exclude Opinions of Itamar Simonson and Related Opinions of Mark Israel;

- ECF Nos. 646, Declaration of Byron Becker in Support of Google's Memorandum of Law in Opposition to Plaintiffs' Motion to Exclude Expert Testimony of Anthony Ferrante and Google's Memorandum of Law in Opposition to Plaintiffs' Motion to Exclude Opinions of Itamar Simonson and Related Opinions of Mark Israel, and sealed exhibits 104-107, 112, and 115-117;

- ECF No. 651, Google LLC's Motion to Seal certain exhibits to the Declaration of Bryon Becker in Support of Google LLC's Oppositions to Plaintiffs' Motions to Exclude, and redacted versions of Memorandum of Law in Opposition to Plaintiffs' Motion to Exclude Opinions of Itamar Simonson and Related Opinions of Mark Israel and Memorandum of Law in Opposition to Plaintiffs' Motion to Exclude Opinions of Anthony Ferrante;

- ECF No. 668; Memorandum of Law in Support of Plaintiffs' Motion to Seal;

- ECF No. 703, Google LLC's Sealed Reply in Support of its Motion for Summary Judgement;

- ECF No. 705, Sealed Reply Memorandum in Support of Google LLC's Motion to Exclude the Testimony of Prof. Robin S. Lee;

- ECF No. 707, Sealed Google LLC's Reply in Support of Google LLC's Motion to Exclude the Testimony of Dr. Timothy Simcoe;

- ECF Nos. 708-709, Declaration of Byron Becker in Support of Google's Reply in Support of Its Motion for Summary Judgment, Google's Reply in Support of Its

       Motion to Exclude the Testimony of Prof. Robin S. Lee, Google's Reply in Support of Its Motion to Exclude the Testimony of Dr. Timothy Simcoe, and Google's Reply in Support of Its Motion to Exclude the Testimony of Adoria Lim, and sealed exhibits 127, 137-146, 150-155, and 158-159;

- ECF No. 711, Sealed Google LLC's Reply in Support of Its Motion to Exclude the Testimony of Adoria Lim;

- ECF No. 712-713, Google LLC's Motion to Seal certain sealed exhibits to the Declaration of Bryon Becker in Support of Google LLC's Replies in Support of Google LLC's Motion for Summary Judgment and Motions to Exclude, and redacted versions of Google's Reply in Support of Its Motion for Summary Judgment, Google's Reply in Support of Its Motion to Exclude the Testimony of Prof. Robin S. Lee, Google's Reply in Support of Its Motion to Exclude the Testimony of Dr. Timothy Simcoe, and Google's Reply in Support of Its Motion to Exclude the Testimony of Adoria Lim, and sealed exhibits 127, 131-32, 135, 137-146, 150-55, 157-59, and 161;

- ECF No. 715, Amended Motion to Seal certain additional exhibits (Exs. 83, 96) to the Declaration of Bryon Becker in Support of Google LLC's Motion for Summary Judgment and Motions to Exclude, and file a redacted version of Memorandum of Law in Support of Google LLC's Motion to Exclude the Testimony of Prof. Robin S. Lee, and exhibits 1-5, 7-11, 13-14, 24-25, 28-29, 32-36, 38, 44, 46, 51, 62, 66-78, 82, 83, 87-90, 92-93, 95-97, and 99;

- ECF No. 717 Memorandum of Law in Support of Google LLC's Motion to Exclude the Testimony of Prof Robin S. Lee sealed exhibits 83 and 96.

      As outlined below, the United States believes that most of the materials contained in the various exhibits, as well as the portions of Google's pleadings referencing the contents of those exhibits, need not remain sealed. To the extent that the United States contends that certain material in these documents should remain sealed, support for continued sealing is set forth below. Accordingly, the United States requests that the Court grant Google's motions to seal in part.

**ARGUMENT**

**1. The Law Supports a Presumption in Favor of Public Access to Judicial Records.**

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The common law presumption in favor of public access can be overcome only by a showing that a litigant has "some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Additionally, documents made part of a dispositive motion, like summary judgment, are subject to a stronger right of public access under the First Amendment than material used in non-dispositive motions. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Accordingly, before ordering the sealing of a document, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the document[], and (3) provide specific reasons and factual findings supporting its decision to seal the document[] and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also* Local Civ. R. 5(C). The United States recognizes that the standard for sealing under Local Rule 5 and Fourth Circuit Precedent is stringent and reflects a strong presumption in favor of public court proceedings and court filings.

4

## 2. Most of the Information at Issue Does Not Warrant Sealing.[2]

The United States recognizes that the standard for sealing under Local Civil Rule 5 and Fourth Circuit precedent is stringent and reflects a strong presumption in favor of public court proceedings and court filings. The United States therefore requests that only two narrow categories of information remain under seal.

*First*, the United States respectfully requests that names and email addresses for individuals other than those employed by the Department of Justice remain under seal. *See, e.g.*, ECF No. 666-9, ¶ 9; ECF No. 666-12, ¶ 14; ECF No. 666-17, ¶ 9; ECF No. 666-19, ¶ 11; Declaration of Kenneth Whitley; Declaration of Laura B. Reass; Declaration of Christopher Karpenko; Declaration of Col. John Horning Declaration of Allen M. Owens, Jr.; Declaration of Mr. Barry Dickey; Declaration of Stephen Hench (filed herewith) (declarations from federal agencies attesting that contact information of agency employees is not widely published or available to the general public and making such information public may disrupt orderly and efficient agency operations). The United States submits that these redactions are appropriate to protect the privacy of such persons, and that such protection outweighs the public interest in these individuals' names and email addresses. *See, e.g.*, *Krakauer v. Dish Network*, LLC, No. 1:14-cv-333, 2015 WL 12750446, at *2 (M.D.N.C. Nov. 18, 2015); *Clehm v. BAE Sys., Inc.*, No. 7:16-cv-12, 2017 WL 11367644, at *2 (W.D. Va. March 21, 2017) (approving of "redacting employee names and other identifiers" to protect privacy).

---

[2] The United States' positions taken herein with respect to what exhibits and information should remain under seal relate solely to summary judgment and Daubert briefing. The United States reserves the right to argue that any or all of this information should be disclosed publicly at trial. Similarly, in not opposing requests by Google and/or non-parties to maintain certain information under seal for the purposes of summary judgment and Daubert briefing, the United States and the Plaintiff States reserve the right to argue that some or all of that information should be disclosed publicly at trial.

*Second*, the United States respectfully requests that certain sensitive business information of the federal agency advertisers ("FAAs") remain under seal. *See, e.g.*, ECF No. 666-12; ECF No. 666-17; ECF No. 666-19; Declaration of Col. John P. Horning; Declaration of Christopher Karpenko; Declaration of Allen M. Owens, Jr.; Declaration of Mr. Barry Dickey; (all filed herewith). *See Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 582 (E.D. Va. 2009) (providing an overview of both in-circuit and out-of-circuit precedent). The party seeking to restrict access, however, bears the burden of demonstrating specific reasons sufficient to overcome the public right of access. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). To meet this burden, the United States has proposed narrowly tailored redactions, and accordingly requests that the Court find that the FAAs' sensitive business information that should not be disclosed to the public at large, and redactions would be the most appropriate way to satisfy the balance of disclosure and protecting legitimate business interests. *See Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-CV-525-AWA-LRL, 2014 WL 12659872, at *1 (E.D. Va. Oct. 14, 2014).

The United States has listed the exhibits and redactions it seeks to maintain under seal in a chart in Attachment 1 hereto. The United States has also attached proposed redacted versions of the exhibits listed therein.[3] Prior to this filing, the United States has met-and-conferred with non-party advertising agencies, whose confidential information is also included in several exhibits. For those exhibits, the United States uses the following color scheme to indicate the redactions proposed by each party and third party: Redactions in yellow are proposed redactions by the United

---

[3] The United States is filing Google's Exhibits ("DX") 62 and 97 under seal with proposed redactions in yellow highlighting, while maintaining Google's proposed redactions in blue highlighting. This is because DX 62 and DX 97 contain data from a non-party and Plaintiffs are unaware at the time of filing what that non-party's position is with respect to the confidentiality of the data.

States on behalf of its FAAs; redactions in blue or black are proposed redactions by the FAAs' advertising agencies and for which the FAAs do not object; and redactions in brown are overlapping redactions requested by the United States on behalf of its FAAs and independently requested by the FAAs' ad agencies. These non-party advertising agencies will file their own responses justifying their own requests that information remain under seal.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court grant Google's motions to seal in part.

Dated: June 14, 2024

Respectfully submitted,

JESSICA D. ABER
United States Attorney

/s/ Dennis Barghaan
DENNIS BARGHAAN
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3891
Facsimile: (703) 299-3983
Email: Dennis.Barghaan@usdoj.gov

/s/ Aaron M. Teitelbaum
AARON M. TEITELBAUM
KAITLYN E. BARRY
VICTOR K. LIU
CHASE E. PRITCHETT
MICHAEL E. WOLIN

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077
Fax: (202) 616-8544
Email: Aaron.Teitelbaum@usdoj.gov

Attorneys for the United States