UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES, *et al.*,

    Plaintiffs,

v.    Case No.: 1:23-cv-00108-LMB-JFA

GOOGLE LLC,

    Defendant.

### NON-PARTY STRATACOMM LLC'S RESPONSE TO MOTIONS TO SEAL

Pursuant to Local Civil Rule 5(C) and the Court's May 1, 2024 and June 4, 2024 Orders (ECF Nos. 621 and 728), non-party Stratacomm LLC ("Stratacomm"), through its undersigned counsel, hereby submits this Response to Motions to Seal. Specifically, Stratacomm respectfully responds to Defendant Google LLC's ("Google") Motion to Seal (ECF No. 605) (the "Google Motion") and Plaintiffs' Motion to Seal (ECF No. 667) (the "Plaintiffs Motion"). In Google's Motion, Google moved to file under seal certain exhibits to the Declaration of Bryon Becker in Support of Google LLC's Motion for Summary Judgment and Motions to Exclude, *inter alia*. In Plaintiffs' Motion, Plaintiffs moved to seal portions of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, as well as certain exhibits attached thereto.

Stratacomm submits this memorandum in response to both motions to seal, pursuant to the protective order, and requests that the Court maintain certain non-party documents that were designed as "Confidential" or "Highly Confidential" under seal and/or redacted. Three exhibits to the Declaration of Bryon Becker in Support of Google LLC's Motion for Summary Judgment and Motions to Exclude, as well as one exhibit in

support of Plaintiffs' Opposition to Google's Motion for Summary Judgment, contain proprietary, confidential information relating to Stratacomm.[1]  In particular, Stratacomm seeks to have the following material permanently sealed:

- ECF No. 665-14 (currently redacted portions of Exhibit 96 to Plaintiffs' Notice of Filing of Additional Exhibits in Support of Opposition to Google's Motion for Summary Judgment)[2]

- ECF No. 586-10 (Exhibit 70 to Declaration of Bryon Becker in Support of Google LLC's Motion for Summary Judgment and Motions to Exclude)

- ECF No. 588-6 (Exhibit 76 to Declaration of Bryon Becker in Support of Google LLC's Motion for Summary Judgment and Motions to Exclude)

- ECF No. 595-7 (Ex. 97 to Declaration of Bryon Becker in Support of Google LLC's Motion for Summary Judgment and Motions to Exclude)

For the reasons stated herein, Stratacomm respectfully requests that the Court grant sealing of the above-referenced materials, which contain Stratacomm's highly sensitive and competitive financial information.

## LEGAL STANDARD

A determination as to whether to seal judicial records or documents is properly made from the "superior vantage point of the district court." *Virginia Dep't of State*

---

[1] Since the above-referenced exhibits were filed provisionally under seal, Stratacomm is relying on the parties to disclose which of Stratacomm's Confidential and/or Highly Confidential information is contained in the filings.  Stratacomm reserves the right to file additional motions to seal and/or supporting memoranda if it later discovers that any of its Confidential and/or Highly Confidential information has been filed without prior notice to Stratacomm.

[2] In the alternative, Stratacomm has no objection to sealing the entire document (ECF No. 665-14).

*Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004).  Whether to permit access under the common law is a matter within the trial court's "supervisory power" and is one "best left to the sound discretion of the [district] court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 575 (quoting *Nixon v. Warner Communications*, 435 U.S. 598–99 (1978)).  While the common law presumes a right to inspect and copy judicial records and documents, this presumption of access may be overcome if competing interests outweigh the interest in access.  *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).

The First Amendment secures a right of access only to particular judicial records and documents.  *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014).  The Fourth Circuit has recognized that the mere existence of a First Amendment right of access or common law right of access to a particular kind of document does not entitle the press and the public to access in every case.  *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).

It is uncontested that public access to civil trial records is "not absolute."  *Nixon*, 435 U.S. at 598.  Courts have denied access where court files might have become a vehicle for improper purposes, such as sources of business information that might harm a litigant's competitive standing.  *Id.*  An interest in confidential and proprietary business information can override the public's right of access to court records.  *Fortson v. Garrison Prop. & Cas. Ins. Co.*, 2022 WL 824802, at *3 (M.D.N.C. Mar. 18, 2022).  As such, a corporation's "strong interest in preserving the confidentiality of its proprietary and trade-secret information" may justify partial sealing of court records.  *Doe*, 749 F.3d at 269.

3

In order to determine whether confidential business information should be sealed, courts consider (1) whether the party has shown that the information sought to be sealed is confidential; (2) whether disclosure would harm the party's competitive standing or otherwise harm its business interests; (3) whether the motion is narrowly tailored; and (4) whether the interests in non-disclosure are compelling and heavily outweigh the public's interest in access to the information. *Fed. Trade Comm'n v. Syngenta Crop Prot. AG*, 2023 WL 6379625, at *3 (M.D.N.C. Sept. 28, 2023). Further, personal information of third parties is often subject to protection, given the privacy interests at stake for individuals who are not part of the suit. *Id.*

## ARGUMENT

Stratacomm seeks to permanently seal a relatively small portion of Plaintiffs' Exhibit 96 (ECF No. 665-14). Stratacomm is a non-party that produced documents in response to subpoenas from Google and the Department of Justice. Plaintiffs' Exhibit 96 (ECF No. 665-14) is a document produced by the National Highway Traffic Safety Administration ("NHTSA"), which was marked Highly Confidential by NHTSA and contains highly confidential financial information, functional area rates, relating to Stratacomm that, if disclosed, would cause irreparable harm to Stratacomm, including but not limited to financial losses and loss of competitive advantage. In particular, Plaintiffs' Exhibit 96 (ECF No. 665-14), as filed on May 17, 2024, contains redactions on a portion of Page 9 (PageID# 15198), which is a chart containing Stratacomm's highly sensitive, non-public financial information. This information is not otherwise publicly available and is competitively sensitive to Stratacomm and the industry in which it operates. Stratacomm seeks to permanently maintain the redaction on this page.

In addition, Exhibits 70, 76, and 97 to the Declaration of Bryon Becker in Support of Google LLC's Motions for Summary Judgment and Motions to Exclude (ECF Nos. 586-10, 588-6, and 595-7, respectively) should remain permanently under seal.  Google's Exhibits 70 and 76 (ECF Nos. 586-10 and 588-6) are materials produced by NHTSA that were marked Highly Confidential pursuant to the protective order and contain Stratacomm's confidential business information.  Specifically, Google's Exhibit 70 contains contact information of an employee of non-party Stratacomm, implicating the privacy rights of a third party, as well as redacted portions that Stratacomm has not been given an opportunity to review in unredacted form and potentially contain its confidential business information.  (ECF No. 586-10.)  Google's Exhibit 76 contains Stratacomm's confidential and proprietary business information relating to an award/contract, in addition to redacted portions that Stratacomm has not been afforded an opportunity to review in unredacted form and potentially contain further confidential information.  (ECF No. 588-6.)  Google's Exhibit 97 (ECF No. 595-7) also contains Stratacomm's proprietary, confidential information pertaining to its advertising campaigns.

Stratacomm seeks to keep its confidential financial information protected.  The sensitive nature of the information necessitates its protection from public disclosure, as disclosure would harm Stratacomm's competitive standing and otherwise harm its business.  The harm that would result from the disclosure of the confidential materials outweighs any public interest in access to the information.  The public interest in transparency must be balanced against the legitimate interests of the parties involved.  Here, the harm to non-party Stratacomm from disclosure heavily outweighs any public interest in accessing the documents, as the documents contain sensitive financial

information of a non-party that would provide no benefit to the public and cause great harm to Stratacomm if unsealed, including financial losses and allowing competitors to gain an unfair competitive advantage. Accordingly, sealing is appropriate under both the common law and First Amendment standards.

I.  **STRATACOMM HAS SATISFIED THE REQUIREMENTS OF LOCAL CIVIL RULE 5(C) AND THE PROTECTIVE ORDER**

    a.  **Stratacomm Has Provided A Non-Confidential Description Of What Material Has Been Filed Under Seal And/Or Redacted.**

Stratacomm submits the following non-confidential descriptions of the materials it requests to remain under seal.

- Plaintiffs' Exhibit 96, Plaintiffs' Opposition to Google's MSJ (ECF 665-14)
    - Page 9 (PageID# 15198), chart containing functional area rates.
- Google's Exhibit 70, Becker Declaration (ECF No. 586-10)
    - Page 2, Stratacomm representative's contact information.
    - Unknown redacted information in balance of document.
- Google's Exhibit 76, Becker Declaration (ECF No. 588-6)
    - Pages 3-10, Stratacomm's award/contract.
    - Unknown redacted information in balance of document.
- Google's Exhibit 97, Becker Declaration (ECF No. 595-7)
    - Excerpt from damages report containing information regarding Stratacomm's advertising campaigns.
    - Unknown information in balance of document.

The above-described portions of Plaintiffs' Exhibit 96 and Google's Exhibits 70, 76, and 97 contain Stratacomm's highly confidential proprietary and business information that, if

disclosed, would cause irreparable harm to Stratacomm. These confidential materials collectively are referred to herein as "Stratacomm's Confidential Information."

      **b.**      **Stratacomm Has Provided A Statement Why Sealing Is Necessary, And Why Another Procedure Will Not Suffice, Along With Appropriate Evidentiary Support For The Sealing Request**

Disclosure of Stratacomm's Confidential Information to the public or competitors would cause significant harm to Stratacomm, including but not limited to financial losses and loss of competitive advantage, as the materials contain non-public financial and proprietary information that could be utilized by competitors. This information is not available to the public and would provide significant advantage to other companies seeking to compete with Stratacomm in the marketplace. Plaintiffs' Exhibit 96 and Google's Exhibits 70, 76, and 97 should remain under seal, as Stratacomm's interest in maintaining the confidentiality of its proprietary business information in these materials heavily outweighs any interest in public disclosure of such information.

      **c.**      **Stratacomm Has Provided References To Governing Case Law, An Analysis Of The Appropriate Standard To Be Applied For The Specific Filing, And A Description Of How The Standard Has Been Satisfied**

As explained herein, the Fourth Circuit has recognized that under the common law, there is a presumption of access accorded to judicial records. *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). However, this presumption of access can be rebutted if countervailing interests heavily outweigh the public interests in access. *Id.*

Moreover, the Fourth Circuit has explained that "a corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information," which may justify sealing of court documents. *Doe*, 749 F.3d at 266; *see*

7

*Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004) (district court did not abuse its discretion in refusing to unseal documents containing confidential and proprietary business information filed in connection with summary judgment motion); *Benedict v. Hankook Tire Co. Ltd.*, 323 F. Supp. 3d 747, 766 (E.D. Va. 2018) (protecting proprietary commercial information can be a compelling interest under the First Amendment test); *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (in determining whether to allow access, courts consider whether records are sought for improper purpose such as unfairly gaining a business advantage); *LifeNet Health v. LifeCell Corp.*, 2015 WL 12516758, *2 (E.D. Va. Jan. 9, 2015) (denying motion to seal portions of transcript without prejudice to moving party to propose redactions limited to the confidential information to be protected).

      Here, Stratacomm is a non-party that seeks to maintain the redaction and/or sealing of its confidential information, as public disclosure would harm its competitive standing and business interests. Stratacomm's request is narrowly tailored, as it only seeks to seal a portion of Plaintiffs' Exhibit 96 (ECF 665-14), containing Stratacomm's highly sensitive, non-public financial information. Similarly, Stratacomm seeks to seal Google's Exhibits 70, 76, and 97 (ECF Nos. 586-10, 588-6, and 595-7), as the public disclosure of Stratacomm's proprietary information in those materials would harm its competitive standing and business interests. Stratacomm's interests in non-disclosure are compelling. Stratacomm is a third party to this action and , would suffer loss of competitive advantage should its highly confidential and proprietary information be disclosed. In particular, public access to the Stratacomm Confidential Information would provide competitors with a competitive business advantage against non-party

8

Stratacomm. Accordingly, Stratacomm's interest in maintaining the confidentiality of its proprietary information outweighs any public interest in access to this information, which is minimal at best.

Courts in this Circuit have sealed similar categories of information and recognized the importance of preventing disclosure of confidential business information. *See, e.g.*, *Abu-Eid v. Discover Prod., Inc.*, 2021 WL 9969142, at *2 (E.D. Va. June 2, 2021) (granting motion to seal two documents marked as "confidential" by third parties who provided information pursuant to subpoena); *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 577 (E.D. Va. 2009) (noting that courts have refused to permit their files to serve as sources of business information that might harm litigant's competitive standing); *E. W., LLC v. Rahman*, 2012 WL 3843657, at *3 (E.D. Va. Sept. 4, 2012) (granting motion to seal where documents pertain to parties' sensitive financial data, the disclosure of which would be "highly likely to cause significant harm to the business competitive position of both parties"); *Intelligent Verification Sys., LLC v. Microsoft Corp.*, 2014 WL 12659953, at *1 (E.D. Va. Dec. 22, 2014) (granting motion to seal where company sought sealing of sensitive business information and company's competitive position might be impaired if information is disclosed to public at large); *HeiQ Materials AG v. ICP Indus., Inc.*, 2023 WL 4842783, at *2 (M.D.N.C. June 28, 2023) (finding sealing request was narrowly tailored where defendant sought to redact only proprietary business and customer information and trade secrets); *360 Mortg. Grp., LLC v. Stonegate Mortg. Corp.*, 2016 WL 4939308, at *1 (E.D.N.C. Sept. 14, 2016) (finding that "finances" are the type of confidential business information properly subject to protection); *SMD Software, Inc. v. EMove, Inc.*, 2013 WL 1091054, at *2 (E.D.N.C.

Mar. 15, 2013) (granting motion to seal where materials contain business information potentially harmful to parties' competitive standing).

Under these circumstances, Stratacomm's request to maintain sealing of Plaintiffs' Exhibit 96 (ECF 665-14) and Google's Exhibits 70, 76, and 97 (ECF Nos. 586-10, 588-6, and 595-7) should be granted, as the documents contain highly sensitive and proprietary business information, the disclosure of which would harm Stratacomm and provide its competitors with non-public financial information and an unfair business advantage.

## CONCLUSION

For the foregoing reasons, Stratacomm respectfully requests that this Court grant Plaintiffs' Motion and Google's Motion with respect to Plaintiffs' Exhibit 96 (ECF 665-14) and Google's Exhibits 70, 76, and 97 (ECF Nos. 586-10, 588-6, and 595-7) described above.

Dated: June 14, 2024.                              Respectfully Submitted,

                                                                           NON-PARTY STRATACOMM LLC

                                                                           By Counsel

/s/ Grayson B. Cassada
David B. Lacy (VSB No. 71177)
dlacy@cblaw.com
Grayson B. Cassada (VSB No. 98007)
gcassada@cblaw.com
CHRISTIAN & BARTON, L.L.P.
901 East Cary Street, Suite 1800
Richmond, Virginia 23219
Tel.:   (804) 697-4100
Fax:   (804) 697-6112

## **CERTIFICATE OF SERVICE**

I hereby certify that on the June 14, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ Grayson B. Cassada
Grayson B. Cassada (VSB No. 98007)
gcassada@cblaw.com
CHRISTIAN & BARTON, L.L.P.
901 East Cary Street, Suite 1800
Richmond, Virginia 23219
Tel.:   (804) 697-4100
Fax:    (804) 697-4112