IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

UNITED STATES, *et al.*,

        *Plaintiffs,*

    v.

GOOGLE LLC,

        *Defendant.*

No. 1:23-cv-00108-LMB-JFA

**[PROPOSED] ORDER GRANTING MOTIONS TO SEAL IN PART**

This matter comes before the Court pursuant to Local Rule 5 and Google LLC's ("Google's") Motion to Seal Motion for Summary Judgment and Daubert Motion Filings (ECF No. 605), Plaintiffs' Motion to Seal Opposition to Exclude Dr. Simcoe (ECF No. 642), Plaintiffs' Motion to Seal Opposition to Exclude Professor Robin Lee (ECF No. 661), Plaintiffs' Motion to Seal re Portions of Brief and Certain Exhibits to Opposition to Summary Judgment (ECF No. 667), Google's Motion to Seal re Doc. 702 to 711 (ECF No. 712), Google's Amended Motion to Seal re Doc. 605 (ECF No. 715), and Plaintiffs' Motion to Seal Portions and Exhibits to Plaintiffs Proposed Sur-Reply in Opposition to Google's Motion to Strike Jury Demand and to Dismiss (ECF No. 738) (collectively, the parties' "Motions to Seal"). Non-party Index Exchange, Inc. ("Index") filed a memorandum of law in response to the Motions to Seal.

Index seeks to maintain under seal the following portions of documents and exhibits ("Index Confidential References") filed under seal by Google and Plaintiffs (the "Parties") because they contain Index's highly sensitive proprietary information:

- Declaration of Bryon Becker in Support of Google LLC's Motion for Summary Judgment and Motions to Exclude ("Becker Declaration") Exhibit 1, Excerpts from the

Expert Report of Robin S. Lee on behalf of Plaintiffs (ECF No. 581-1), at pages 160 n.552; 199, Figure 47; 200, Figure 48; 203, Figure 49; 204, Figure 50; 205, Figure 51; 206 n.710 at 136:13-15; 210 n.724 GOOG-DOJ-11772703, at tab "Notes"; 211 n.725; 214, Figure 54; 229; 230 n.796; D-4, Figure 91; D-5, Figure 92; D-7, Figure 94; D-8, Figure 95; D-9, Figure 96; E-2, Figure 110; G-1, Figure 122; G-2, Figure 123; G-3, Figure 124; and G-4, Figure 125.

- Becker Declaration Exhibit 2, Excerpts from the Expert Report of Rosa Abrantes-Metz on behalf of Plaintiffs (ECF No. 581-2) at page 242, Figure 30.

- Becker Declaration Exhibit 3, Excerpts from the Expert Rebuttal Report of Robin S. Lee on behalf of Plaintiffs (ECF No. 581-3) at page B-26, Figure 88.

- Becker Declaration Exhibit 5, Excerpts from the Expert Report of Timothy Simcoe on behalf of Plaintiffs (ECF No. 581-5) at Figure 4, Figure 7, and Figure 8.

- Becker Declaration Exhibit 32, Excerpts from the transcript of the deposition of Ramamoorthi Ravi, expert witness on behalf of Plaintiffs (ECF No. 583-2) at 193:25.

- Becker Declaration Exhibit 38, Expert Report of Judith A. Chevalier on behalf of Google (ECF No. 583-8) at Figure 10 and Figure 17.

- Google's Memorandum of Law in Support of Google LLC's Motion to Exclude the Testimony of Dr. Timothy Simcoe (ECF No. 579) at pages 6 n.4 and 18 n.8.

- Plaintiffs' Opposition to Google's Motion for Summary Judgment ("MSJ Opp.") Exhibit 8, Expert Report of Robin S. Lee, Ph.D. (ECF No. 656-9) at Figure 47, Figure 48, and Figure 110.

- MSJ Opp. Exhibit 27, Expert Report of Rosa M. Abrantes-Metz, Ph.D. (ECF No. 657-5) at Paragraph 434.

- MSJ Opp. Exhibit 116, Expert Rebuttal Report of Robin S. Lee, Ph.D. (ECF Nos. 665-20, 673-16) at Figure 29 and Figure 30.

- Plaintiffs' Opposition to Google LLC's Motion to Exclude the Testimony of Dr. Timothy Simcoe ("Simcoe *Daubert* Opp.") Exhibit A, Expert Report of Timothy Simcoe, Ph.D. (ECF Nos. 640-1, 644-1) at Figure 4, Figure 5, Figure 7, and Figure 8.

- Simcoe *Daubert* Opp. Exhibit D, Expert Report of Robin S. Lee, Ph.D. (ECF Nos. 640-4, 644-4) at Figure 47, Paragraph 754 n.1114 at 212:2-18, and Figure 110.

- Simcoe *Daubert* Opp. Exhibit G, Expert Rebuttal Report of Robin S. Lee, Ph.D. (ECF Nos. 640-7, 644-6) at n.723 and Figure 29.

- Simcoe *Daubert* Opp. Exhibit O, Expert Report of Judith A. Chevalier (ECF Nos. 640-15, 644-13) at Figure 11.

- Plaintiffs' Opposition to Defendant Google LLC's Motion to Exclude the Testimony of Prof. Robin S. Lee Exhibit A, Expert Report of Robin S. Lee, Ph.D. (ECF Nos. 660-1 and 663-1) at Paragraph 345 n.498, Paragraph 396 n.552, Figure 47, Figure 48, Figure 49, Figure 50, Figure 51, Paragraph 405 n.567, Paragraph 548, n.796, Figure 54, Figure 84, Figure 86, Figure 87, and Paragraph 496 n.710 at 136:13-15.

Before this Court may seal documents, it must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000) (internal citations omitted).

In compliance with Local Rule 5 and *Ashcraft*, the Parties provided public notice of the Motions to Seal by filing appropriate Notices with the Court. In support of sealing, Index argues

the Index Confidential References contain highly confidential and sensitive information regarding Index's customer pricing, financial results, transactional data, and technical capabilities, release of which would harm Index's competitive standing. There are no less drastic alternatives to sealing because the documents have been redacted, and the unredacted materials contain Index's competitively sensitive information throughout.

Based on the foregoing, Court FINDS that the information at issue constitutes confidential and proprietary information and that less drastic alternatives to sealing are not feasible.

Accordingly, the Court GRANTS the Parties' Motions to Seal in part and ORDERS that the Index Confidential References shall be maintained under seal by the Clerk. The Clerk is REQUESTED to send a copy of this Order to all counsel of record.

**It is so ORDERED.**

                                                                              Hon. Leonie M. Brinkema
                                                                              United States District Judge

Alexandria, Virginia
Date:_____