# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| United States of America, *et al.*,<br><br>    Plaintiff,<br><br>  v.<br><br>Google LLC<br><br>    Defendant. | Case No. 1:23-cv-00108-LMB-JFA<br><br>The Honorable Leonie M. Brinkema |

**DECLARATION OF BO BRADBURY IN SUPPORT OF NON-PARTIES OMNICOM GROUP INC., DDB WORLDWIDE COMMUNICATIONS GROUP LLC, GSD&M LLC, AND OMD USA LLC'S MEMORANDUM IN RESPONSE TO, AND IN SUPPORT OF, THE PARTIES' MOTIONS TO SEAL (ECF NOS. 605, 612, 651, 661, 667, and 712)**

## **DECLARATION OF BO BRADBURY**

I, Bo Bradbury, declare as follows:

1. I am the Senior Vice President, Group Account Director at GSD&M LLC ("GSD&M"), a subsidiary company of Omnicom Group Inc. ("Omnicom"). I have personal knowledge of the facts set forth herein and if called as a witness could and would testify competently to them. I make this declaration in support of Omnicom's Motion to Seal Portions of the Parties' Briefing on Summary Judgment.

2. GSD&M is a full-service advertising agency that creates, plans and executes advertising and marketing campaigns on behalf of clients. These campaigns are designed to meet each client's specific business or awareness goals and are a product of extensive client input, market research, creative ideation and skilled execution garnered from over fifty years of experience. As a subject matter expert in the media advertising and marketing space, GSD&M is intimately familiar with the platforms, products, and tools available to advertising and marketing clients.

3. I have been the lead account director on the United States Air Force's account with GSD&M for the last thirteen years. As lead account director, I oversee all aspects of the Air Force's account, from creation to strategy development to marketing and advertising activities.

4. GSD&M's partnership with the Air Force began in 2000 when GSD&M submitted a bid in response to the Air Force's open competition for full-service media planning/buying, advertising and marketing services. In submitting its bid, GSD&M leveraged its (and its team members') expertise in the industry to create competitive spending allocations and recommendations across media, advertising and marketing channels. The substance of these recommendations make up the proposed full-service media, advertising and marketing plan and

1

determine what GSD&M is then authorized by the Air Force to spend. This proprietary information plays a significant role in GSD&M's success in the industry.

5. Exhibit 75 to the Declaration of Bryon Becker in Support of Defendant's Motion for Summary Judgment (ECF Nos. 588-5, 602-5) includes notes from GSD&M's media, advertising and marketing recommendations to the Air Force. Specifically, Exhibit 75 provides GSD&M's recommended investment amounts across media tactics, channels and platforms based on the Air Force's goals and objectives. This information represents GSD&M's proprietary and confidential trade secret approach for deriving media strategy, which provides GSD&M with a competitive advantage in the marketplace while helping the Air Force compete in a contested recruiting landscape.

6. Exhibit 97 to the Declaration of Bryon Becker in Support of Defendant's Motion for Summary Judgment (ECF Nos. 595-7, 604-4) includes data from two Google platforms, DV360 and Google Ads, relating to purchases made by GSD&M on behalf of the Air Force. This data breaks down Google's exact revenue amount for distinct GSD&M media purchases. These itemized revenues reflect exact investment amounts that GSD&M was authorized to execute on behalf of the Air Force pursuant to the scope of work. This information represents GSD&M's confidential investment strategy in relation to GSD&M's media, advertising and marketing plan devised for the Air Force

7. Exhibit 12 to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (ECF No. 670-11) is an excerpt of deposition testimony that I gave on September 8, 2023. My deposition testimony as excerpted here relates to GSD&M's invoices and billing practices in relation to GSD&M's media, advertising and marketing plan devised for the Air Force. My testimony discusses the types of advertising and related services that GSD&M has been authorized

to execute on behalf of the Air Force pursuant to the scope of work. This excerpt represents GSD&M's proprietary and confidential trade secret approach to media, advertising and marketing strategy, in particular GSD&M's investment priorities and confidential billing practices.

8. Exhibit 91 to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (ECF No. 665-11) is an actual procurement contract from the Air Force authorizing a four-year contract with GSD&M for its advertising and marketing services. The contract sets forth the overall amount that GSD&M is authorized to spend as part of the media plan devised for the Air Force, and further breaks down in a detailed, itemized list the various kinds of advertising and related services that GSD&M has been authorized to execute on behalf of the Air Force pursuant to the scope of work. The itemized pricing set out in this contract represents GSD&M's proprietary, confidential and competitively sensitive winning bid for the Air Force's business.

9. Exhibit 139 to Defendant's Reply in Support of its Motion for Summary Judgment (ECF No. 709-7) is an invoice from GSD&M to the Air Force for services rendered in November and December of 2019. This invoice provides the exact investment amounts that GSD&M was authorized to execute on behalf of the Air Force across media tactics, channels and platforms pursuant to the scope of work. This information represents GSD&M's confidential investment strategy in relation to its media, advertising and marketing plan devised for the Air Force.

10. The monthly and annual cost pricing set forth in GSD&M's winning bid and the final investment costs set forth in GSD&M's invoices and Google's data both reflect GSD&M's recommended optimal mix of media, advertising and marketing investments and personnel for the Air Force's recruitment goals. GSD&M's discussions, analyses, and calculations relating to these spend proposals, including the final billed amounts, have substantial economic and competitive value to GSD&M. GSD&M spends a significant amount of money and resources to develop the

specialized knowledge of the media, advertising and marketing marketplace required to create its commercially competitive spend proposals.

11. The creative concepts and innovative approaches to media buying and planning are what differentiate GSD&M from another agency. Revealing these details could expose these creative elements to competitors, who might then replicate or undermine GSD&M's innovative strategies and competitive edge. GSD&M's discussions, analyses, and strategic recommendations to a client regarding its media marketing have substantial economic and competitive value to GSD&M. GSD&M spends a significant amount of money and resources to develop the specialized knowledge of the media, advertising and marketing marketplace required to create commercially competitive strategy recommendations and guidance for clients.

12. Public disclosure of GSD&M's proprietary information, contained throughout the above Exhibits, would be detrimental to both the Air Force and GSD&M. Public disclosure would reveal confidential Air Force information and provide insight into their marketing priorities, objectives, and goals, all of which is shaped by the work of GSD&M. The disclosure of the Air Force's unique marketing strategy would provide competing recruiting entities and GSD&M's competitors an inside look into how GSD&M operationalizes a full service media, advertising and marketing account plan for specific clients. This is the exact sort of analysis and planning upon which GSD&M competes to remain competitive in the market.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 12TH, 2024 in Austin, Texas.

_____
Bo Bradbury