UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>    *Plaintiffs*,<br><br>vs.<br><br>GOOGLE LLC,<br><br>    *Defendant*. | No: 1:23-cv-00108-LMB-JFA |

**DEFENDANT GOOGLE LLC'S CONSOLIDATED RESPONSE
TO PLAINTIFFS' MOTIONS TO SEAL MOTION TO SEAL**

Pursuant to Local Civil Rule 5(C), Defendant Google LLC ("Google") submits this consolidated response to Plaintiffs' Motions to Seal filed in connection with briefing on Google's summary judgment motion and the parties' motions to exclude expert testimony. Dkt. Nos. 592, 612, 642, 648, 661, 667, 698, 719. Plaintiffs filed certain information under seal that Google had marked Confidential or Highly Confidential. Upon review of Plaintiffs' sealed and unredacted filings, Google requests maintaining a limited set of documents and information under seal. These documents implicate Google's trade secrets and proprietary information as well as other highly sensitive and competitive business information.

## LEGAL STANDARD

"When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements."[1] *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Substantively, the Court "must determine the source of

---

[1] With respect to quoted material, unless otherwise indicated, all brackets, ellipses, footnote call numbers, internal quotations, and citations have been omitted for readability. All emphasis is added unless otherwise indicated.

1

the right of access with respect to each document." *Stone* v. *Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988). "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police*, 386 F.3d at 575. "While the common law presumption in favor of access attaches to all judicial records and documents, the First Amendment guarantee of access has been extended only to particular judicial records and documents." *Stone*, 855 F.2d at 180. Even so, public access to civil trial records "is not absolute," and restrictions can be justified by concerns that such records "might . . . become a vehicle for improper purposes," such as where the records serve "as sources of business information that might harm a litigant's competitive standing." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In particular, a corporation's "strong interest in preserving the confidentiality of its proprietary and trade-secret information . . . may justify partial sealing of court records." *Doe* v. *Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014).

Procedurally, before allowing documents to be filed under seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft* v. *Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

## ARGUMENT

Google seeks to keep a narrow set of its confidential commercially sensitive information under seal. Google requests that this information remain under seal because Google would likely suffer substantial economic harm by its disclosure, outweighing the public's right of access. Google respectfully requests that the Court grant Google's Motion to Seal because its requests are narrowly tailored such that the public will still be able to understand the legal and general factual

basis for Google's motions.  Sealing is appropriate under both the First Amendment and common-law standards.

## I. THE PROCEDURAL REQUIREMENTS FOR SEALING HAVE BEEN MET.

Under the local rules, a party may file a motion to seal together with the proposed sealed filings.  E.D. Va. Civ. R. 5(C).  Before sealing a court record, a court must provide public notice, consider less drastic alternatives to sealing the documents, and provide specific reasons and findings supporting the decision to seal.  *Ashcraft,* 218 F.3d at 302.  Each of those procedural requirements have been met here.

***First,*** there has been public notice. The Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Publ'g Co.*, 743 F.2d 231, 234 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing or by "docketing [the sealing request] reasonably in advance of deciding the issue." *Id.* at 235. In accordance with the procedures in Local Civil Rule 5(C), Plaintiffs' sealing motions have been publicly docketed in advance of any ruling on sealing (Dkt. Nos. 592, 612, 642, 648, 661, 667, 698, 719), accompanied by a notice that any party or non-party could object (Dkt. Nos. 596, 618, 645, 653, 664, 677, 701, 722), thereby satisfying the first procedural requirement.

***Second,*** Google limits its sealing request to highly confidential material referenced in Plaintiffs' memoranda and exhibits.  In deciding whether to grant a sealing request, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. For the vast majority of exhibits, Google has proposed using limited sealing measures—targeted and limited redactions—to protect its trade secrets and commercially sensitive

3

business information. The proposed redactions will still provide the public access to Google's memoranda, and legal arguments in support, while protecting Google's trade secrets and commercially sensitive business information. *See Philpot* v. *Indep. J. Rev.*, 2021 WL 5071504, at *1 (E.D. Va. Apr. 7, 2021) (granting motion to seal redacted documents filed in connection with summary judgment briefing as "this selective protection of information constitutes the least drastic measure of sealing confidential material"); *United States ex rel. Carter* v. *Halliburton Co.*, 2011 WL 8204612, *3 (E.D. Va. Nov. 29, 2011) (limited redaction approved as opposed to "sealing the brief *in toto*"). In a few instances, Google has requested sealing the exhibits in their entirety where redactions could not adequately balance Google's commercially sensitive business information with the public's right of access. *E.W., LLC* v. *Rahman*, 2012 WL 3841401, at *3 (E.D. Va. Sept. 4, 2012) (granting motion to place exhibits completely under seal where they "focused almost entirely on this highly sensitive business information"). Accordingly, Google has proposed the least drastic method to protect its highly sensitive confidential information and the public's right of access.

**Third**, as detailed in Sections II and III, Google has provided the specific reasons supporting its sealing request. In accordance with Local Civil Rule 5(C), Google has provided a proposed order containing the required findings.

## II. GOOGLE REQUESTS SEALING OF DOCUMENTS THAT ARE NOT "JUDICIAL RECORDS"

The Fourth Circuit has held that materials submitted in connection with a dispositive motion do not become judicial records simply because a litigant has filed them. *In re Policy Mgmt. Sys. Corp.*, 67 F.3d 296 (Table), 1995 WL 541623, at *3 (4th Cir. 1995) ("Neither the Supreme Court nor this Court has ever ruled that the mere filing of a document triggers the First Amendment guarantee of access."). Rather, an exhibit's status as a judicial record, and any first Amendment

right to access, attaches when the document is relied on by the Court. *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) ("documents filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights."); *accord Good* v. *Am. Water Works Co., Inc.*, 2016 WL 1261140, at *2 (S.D.W. Va. Mar. 30, 2016) (observing that "the degree of protection accorded to the public's right of access may depend upon the use, if any, made by the court of the material for which a sealing order is sought"). That is, "to the extent the Court does not rely on the information in reaching its decision, no right of access applies." *Hunter* v. *Town of Mocksville*, 961 F. Supp. 2d 803, 806 (M.D.N.C. 2013); *see also Doe*, 749 F.3d at 269 (noting that the public's right of access to judicial records generally "applies to materials that formed the basis of the district court's decision ruling on a summary judgment motion").

Courts in the Fourth Circuit consistently seal entire materials attached to dispositive motions that were not relied upon. *E.g.*, *Jackson* v. *JTM Capital Mgmt. LLC*, 2021 WL 1238565, at *4 (D. Md. Apr. 2, 2021) (sealing exhibits filed with summary judgment motion because the information was "not specifically necessary to the resolution of the Motion for Summary Judgment, there is a legitimate interest in protecting confidential business information contained in these documents"); *Syngenta Crop Protection, LLC v. Willowood, LLC,* 2017 WL 1745531, at *3 (M.D.N.C. May 4, 2017) ("The parties seek to seal several exhibits on which the Court did not rely to determine the relevant evidentiary and summary judgment motions. Because the Court did not rely on these exhibits, they were not part of the adjudicative process. Therefore, these exhibits are not judicial records and the public does not have a right to access them."); *cf. Good*, 2016 WL 1261140, at *4 (sealing multiple filings and exhibits "not used in the adjudicative process").

Here, Google's motion for summary judgment sought dismissal of Count V of Plaintiffs' Amended Complaint on the basis that the United States' damages claim were barred by on *Illinois Brick Co.* v. *Illinois*. In their opposition to Google's summary judgment motion, Plaintiffs prepared a Response to Google's Statement of Undisputed Facts as well as a Statement of Additional Material Facts, with several paragraphs specific to the Federal Agency Advertisers ("FAAs") and Google's *Illinois Brick* arguments. Dkt. No. 656 at 31-34; *see also* SAMF ¶¶ 13-20, RSUF ¶¶ 87, 89, 97. Those paragraphs reference multiple Google documents, which Plaintiffs attached to their opposition.[2] These exhibits contain confidential and competitively sensitive information, including non-public contracts, business and customer strategy presentations and discussions, customer lists, and customer advertising spend and revenues.

As the Court has now dismissed Count V of the Amended Complaint on the basis of a separate motion and legal argument (mootness), Dkt. No. 749, the Court will not reach the merits of Google's *Illinois Brick* arguments. Accordingly, the *Illinois Brick*-related exhibits, for present purposes, will not "play a role in the adjudicative process." Therefore, Google respectfully requests that since the First Amendment right of access does not attach to the following exhibits: PX082; PX098-PX103; PX139-PX147; PX149-PX168; PX171; PX172; PX178-183; PX192, and because those documents reflect Google's competitively sensitive information, the Court allow those exhibits to remain under seal.[3]

---

[2] PX082; PX098-PX103; PX 139-PX147; PX 149-PX168; PX171; PX172; PX178-183; PX192.
[3] If the Court disagrees, Google respectfully requests leave to propose narrow redactions for these exhibits.

### III. GOOGLE REQUESTS LIMITED SEALING OF TRADE SECRETS, COMERCIALLY SENSITIVE, AND OTHER PROPRIETARY INFORMATION.

For the remaining exhibits, Google seeks only to seal certain confidential business information filed in connection with its summary judgment and *Daubert* motions.[4] Documents filed in connection with a motion for summary judgment may remain sealed where there is "a compelling government interest" and the sealing is "narrowly tailored to serve that interest." *Rushford* v. *New York Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Even where the more stringent First Amendment presumption applies, courts recognize that "private interests might also implicate higher values sufficient to override (or, in an alternative mode of analysis, to except the proceeding or materials at issue from) the First Amendment presumption of public access." *Level 3 Commc'ns, LLC* v. *Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 580 (E.D. Va. 2009). By contrast, documents filed in connection with a *Daubert* motion are subject to the common law standard. *See SAS Inst., Inc.* v. *World Programming Ltd.*, 2015 U.S. Dist. LEXIS 67701, at *1-2 (E.D.N.C. May 26, 2015); *see also Stone*, 855 F.2d at 180 ("the First Amendment guarantee of access has been extended only to particular judicial records and documents."). Under the common law standard, sealing is permitted if the "public's right of access is outweighed by competing interests." *Knight*, 743 F.2d at 235.

As the Fourth Circuit has recognized, a "corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records." *Doe*, 749 F.3d at 269; *see also Pittston Co.* v. *United States*, 368 F.3d 385, 406 (4th Cir. 2004) (district court did not abuse its discretion in refusing to

---

[4] In light of the Court's decision, announced at the June 14, 2024 hearing, that it intends to deny Google's summary judgment motion and all but one of the parties' *Daubert* motions, many of the remaining exhibits may have not played a role in the adjudicative process. Under those circumstances, Google would request that the Court also keep the remaining exhibits under seal for the reasons stated in Section II, *supra*.

7

unseal documents containing confidential and proprietary business information filed in connection with summary judgment motion); *Benedict* v. *Hankook Tire Co. Ltd.*, 323 F. Supp. 3d 747, 766 (E.D. Va. 2018) (businesses may have a "compelling interest under the First Amendment test" in "protecting proprietary commercial information"). A "trade secret" may be any information, used for a business purpose, which gives the user an advantage over competitors who do not know it; therefore, the touchstone of a trade secret is secrecy. *See Kewanee Oil Co.* v. *Bicron Corp.,* 416 U.S. 470, 474-78 (1974). The value of a "trade secret" may be lost if it is published. *Ruckelshaus* v. *Monstanto Co.*, 467 U.S. 986, 1002 (1984) (property right in trade secret "is extinguished" by public disclosure). This includes through public disclosure in the court record. *See Religious Tech. Ctr.* v. *Lerma*, 908 F. Supp. 1362, 1368-69 (E.D. Va. 1995) (trade secret status lost after having been in judicial file for 28 months and posted on internet).[5]

Here, Google seeks limited sealing to protect its highly sensitive proprietary information, including confidential financial information, including profit and loss statements, specific customer pricing and other sensitive customer information, technical details of products, and analyses and data reflecting Google's non-public, confidential data. District courts in the Fourth Circuit have sealed similar categories of information even where the First Amendment right of access attaches. *See, e.g., E. W., LLC* v. *Rahman*, 2012 WL 3843657, at *3 (E.D. Va. Sept. 4,

---

[5] State law and common law principles also broadly protect trade secrets. Under the Uniform Trade Secrets Act, a "trade secret" is defined as any "information, including but not limited to, a formula, pattern, compilation, program, device, method, technique, or process" that has "independent economic value, actual or potential, from not being generally known," and that is subject to "reasonable" efforts to maintain confidentiality. *See, e.g.*, Va. Code Ann. § 59.1-336 (2019). Similarly, under long-standing common law principles, a "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." Restatement (First) of Torts § 757, cmt. b (Am. L. Inst. 1939) (emphasis added). Under these universally recognized principles of law, a wide variety of other forms and species of business information have been protected as "trade secrets."

2012) ("sensitive financial data, including gross profit data, the disclosure of which would be highly likely to cause significant harm to the [company's] business competitive position"); *Intelligent Verification Sys., LLC* v. *Microsoft Corp.*, 2014 WL 12659953, at *1 (E.D. Va. Dec. 22, 2014) (sealing "sensitive business information" attached to summary judgment motion); *Hanwha Azdel, Inc.* v. *C&D Zodiac, Inc.*, 2013 WL 12314517, at *2 (W.D. Va. Aug. 7, 2013) (proposed "redactions contain confidential and proprietary commercial information, including information related to highly sensitive pricing and payment terms as well as product specifications"); *HiQ Materials AG* v. *ICP Indus., Inc.*, 2023 WL 4842783, at *2 (M.D.N.C. June 28, 2023) (defendant "seeks to redact only proprietary business and customer information and trade secrets in the form of financial analyses, market research, pricing formulas, and highly sensitive customer needs and preferences"); *360 Mortg. Grp., LLC* v. *Stonegate Mortg. Corp.*, 2016 WL 4939308, at *1-2 (E.D.N.C. Sept. 14, 2016) ("business techniques, the identification of . . . customers, and . . . finances" are "the type of confidential business information properly subject to protection"); *SMD Software, Inc.* v. *EMove, Inc.*, 2013 WL 1091054, at *2-*3 (E.D.N.C. Mar. 15, 2013) (profit and loss statements, pricing, marketing strategies, expense information, market share, and customer information).

In **Appendix A**, Google provides a non-confidential description of the material it is requesting remain under seal. Google's sealing requests and proposed redactions are limited to its proprietary and confidential business information, disclosure of which could cause substantial economic harm.

For the exhibits not reflected in Appendix A or otherwise referenced in Section II, *supra*, and in light of the presumption of the public's right of access under the First Amendment and common law, Google has determined not to seek continued sealing of those documents.

Accordingly, Google does not oppose unsealing the following exhibits: PX001; PX002; PX005; PX009; PX010; PX016-PX023; PX 025; PX026; PX028; PX 031; PX033-PX040; PX042-PX045; PX047-PX053; PX056; PX058-PX064; PX097; PX104-PX111; PX013; PX115; PX117-PX125; PX127; PX129-PX138; PX184-PX187; PX194; PX195; PX 200; Lee Ex. B; Lee Ex. I; Lee Ex. L; Lee Ex. N; Simcoe Ex. B; Simcoe Ex. C; Simcoe Ex. F; Simcoe Ex. J; Simcoe Ex. K; Simcoe Ex. N; Simcoe Ex. O; Lim Ex. C; Lim Ex. J; Lim Ex. K; Lim Ex. L; Ferrante Ex. A; Ferrante Ex. B; Ferrante Ex. D; Simonson Ex. A; Simonson Ex. B; Simonson Ex. I; Simonson Ex. J; Simonson Ex. M; Simonson Ex. O.

## **CONCLUSION**

For the foregoing reasons, Google requests that the Court grant the motions to seal with respect to the Google documents and information set forth above. A proposed order is submitted herewith.

Dated:  June 14, 2024

Eric Mahr (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Julie Elmer (*pro hac vice*)
Justina Sessions (*pro hac vice)*
Lauren Kaplin (*pro hac vice*)
Jeanette Bayoumi (*pro hac vice*)
Claire Leonard (*pro hac vice*)
Sara Salem (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

Respectfully submitted,

/s/ Craig C. Reilly
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ.
209 Madison Street, Suite 501
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (*pro hac vice*)
Jeannie S. Rhee (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Bryon P. Becker (VSB #93384)
Erica Spevack (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile (202) 223-7420
kdunn@paulweiss.com

Meredith Dearborn (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (202) 330-5908
mdearnborn@paulweiss.com

*Counsel for Defendant Google LLC*