UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>　　　　　*Plaintiffs*,<br><br>　vs.<br><br>GOOGLE LLC,<br><br>　　　　　*Defendant*. | No: 1:23-cv-00108-LMB-JFA |

**DEFENDANT GOOGLE LLC'S AMENDED CONSOLIDATED
RESPONSE TO PLAINTIFFS' MOTIONS TO SEAL MOTION TO SEAL**

　　　Pursuant to Local Civil Rule 5(C), Defendant Google LLC ("Google") submits this amended consolidated response to Plaintiffs' Motions to Seal filed in connection with briefing on Google's summary judgment motion and the parties' motions to exclude expert testimony. Dkt. Nos. 592, 612, 642, 648, 661, 667, 698, 719.  Google files this amended response in light of a recent decision of the Fourth Circuit, *United States* ex rel. *Oberg* v. *Nelnet, Inc.*, _F.4th_, 2024 WL 3033750 (4th Cir. June 18, 2024), and to clarify aspects of Google's original consolidated response with respect to sealing a small number of exhibits. Accordingly, this amended consolidated response supersedes Google's original response.

　　　In its response, Google sought to keep a category of exhibits under seal that were related to Google's summary judgment *Illinois Brick* arguments on the basis that the First Amendment right of access had not attached to those exhibits because the Court dismissed Count V of Plaintiffs' Amended Complaint pursuant to a separate motion and legal argument (mootness).  Dkt. No. 841, *Google Sealing Response*, at 4-6 (citing *In re Policy Mgmt. Sys. Corp.*, 67 F.3d 296 (Table), 1995 WL 541623, at *3 (4th Cir. 1995)). However, after Google submitted its consolidated response on

June 14, the Fourth Circuit issued its opinion in *United States* ex rel. *Oberg* v. *Nelnet, Inc*. In *Oberg*, the Fourth Circuit clarified that the holding in *In re Policy Mgmt. Sys. Corp.* did not apply to summary judgment motions and held that the First Amendment attaches to any document filed in connection with a summary judgment motion. *Id.* at *7 ("So irrespective of whether a district court ever resolves a summary judgment motion, the public has a presumptive First Amendment right to access documents submitted in connection with it."). In light of the Fourth Circuit's decision, Google amends its sealing response with respect to these *Illinois Brick*-related exhibits implicated by the Fourth Circuit's ruling in *Oberg*. *See* Dkt. No. 841 at 4-6.

As to the clarifications and corrections, this amended response, as reflected in the amended Appendix A and Appendix B, clarifies that Google is seeking to keep portions of Simcoe Ex. J under seal and is not seeking to keep any portions of PX113 or Lee Ex. N under seal. Moreover, Google is seeking to keep portions of PX174-176 under seal, which were inadvertently omitted from Section II of Google's original consolidated response. Finally, the amended Appendix A includes updated explanations for sealing portions of PX003, PX116, Lee Ex. C, Lee Ex. D, Simcoe Ex. L, Simcoe Ex. M, and Simonson Ex. N.

## LEGAL STANDARD

"When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements."[1] *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Substantively, the Court "must determine the source of the right of access with respect to each document." *Stone* v. *Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988). "The right of public access to documents or materials filed in a

---

[1] With respect to quoted material, unless otherwise indicated, all brackets, ellipses, footnote call numbers, internal quotations, and citations have been omitted for readability. All emphasis is added unless otherwise indicated.

2

district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police*, 386 F.3d at 575. "While the common law presumption in favor of access attaches to all judicial records and documents, the First Amendment guarantee of access has been extended only to particular judicial records and documents." *Stone*, 855 F.2d at 180. Even so, public access to civil trial records "is not absolute," and restrictions can be justified by concerns that such records "might . . . become a vehicle for improper purposes," such as where the records serve "as sources of business information that might harm a litigant's competitive standing." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In particular, a corporation's "strong interest in preserving the confidentiality of its proprietary and trade-secret information . . . may justify partial sealing of court records." *Doe* v. *Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014).

Procedurally, before allowing documents to be filed under seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft* v. *Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

**ARGUMENT**

Google seeks to keep a narrow set of its confidential commercially sensitive information under seal. Google requests that this information remain under seal because Google would likely suffer substantial economic harm by its disclosure, outweighing the public's right of access. Google respectfully requests that the Court grant Google's Motion to Seal because its requests are narrowly tailored such that the public will still be able to understand the legal and general factual basis for Google's motions. Sealing is appropriate under both the First Amendment and common-law standards.

## I. THE PROCEDURAL REQUIREMENTS FOR SEALING HAVE BEEN MET.

Under the local rules, a party may file a motion to seal together with the proposed sealed filings. E.D. Va. Civ. R. 5(C). Before sealing a court record, a court must provide public notice, consider less drastic alternatives to sealing the documents, and provide specific reasons and findings supporting the decision to seal. *Ashcraft,* 218 F.3d at 302. Each of those procedural requirements have been met here.

***First,*** there has been public notice. The Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Publ'g Co.*, 743 F.2d 231, 234 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing or by "docketing [the sealing request] reasonably in advance of deciding the issue." *Id.* at 235. In accordance with the procedures in Local Civil Rule 5(C), Plaintiffs' sealing motions have been publicly docketed in advance of any ruling on sealing (Dkt. Nos. 592, 612, 642, 648, 661, 667, 698, 719), accompanied by a notice that any party or non-party could object (Dkt. Nos. 596, 618, 645, 653, 664, 677, 701, 722), thereby satisfying the first procedural requirement.

***Second,*** Google limits its sealing request to highly confidential material referenced in Plaintiffs' memoranda and exhibits. In deciding whether to grant a sealing request, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. For the vast majority of exhibits, Google has proposed using limited sealing measures—targeted and limited redactions—to protect its trade secrets and commercially sensitive business information. The proposed redactions will still provide the public access to Google's memoranda, and legal arguments in support, while protecting Google's trade secrets and

commercially sensitive business information. *See Philpot* v. *Indep. J. Rev.*, 2021 WL 5071504, at *1 (E.D. Va. Apr. 7, 2021) (granting motion to seal redacted documents filed in connection with summary judgment briefing as "this selective protection of information constitutes the least drastic measure of sealing confidential material"); *United States ex rel. Carter* v. *Halliburton Co.*, 2011 WL 8204612, *3 (E.D. Va. Nov. 29, 2011) (limited redaction approved as opposed to "sealing the brief *in toto*"). In a few instances, Google has requested sealing the exhibits in their entirety where redactions could not adequately balance Google's commercially sensitive business information with the public's right of access. *E.W., LLC* v. *Rahman*, 2012 WL 3841401, at *3 (E.D. Va. Sept. 4, 2012) (granting motion to place exhibits completely under seal where they "focused almost entirely on this highly sensitive business information"). Accordingly, Google has proposed the least drastic method to protect its highly sensitive confidential information and the public's right of access.

***Third***, as detailed in Sections II and III, Google has provided the specific reasons supporting its sealing request. In accordance with Local Civil Rule 5(C), Google has provided a proposed order containing the required findings.

## II. GOOGLE REQUESTS LIMITED SEALING OF TRADE SECRETS, COMMERCIALLY SENSITIVE, AND OTHER PROPRIETARY INFORMATION.

Google seeks only to seal certain confidential business information filed in connection with its summary judgment and *Daubert* motions. Documents filed in connection with a motion for summary judgment may remain sealed where there is "a compelling government interest" and the sealing is "narrowly tailored to serve that interest." *Rushford* v. *New York Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Even where the more stringent First Amendment presumption applies, courts recognize that "private interests might also implicate higher values sufficient to override (or, in an alternative mode of analysis, to except the proceeding or materials at issue from) the

5

First Amendment presumption of public access." *Level 3 Commc'ns, LLC* v. *Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 580 (E.D. Va. 2009). By contrast, documents filed in connection with a *Daubert* motion are subject to the common law standard. *See SAS Inst., Inc.* v. *World Programming Ltd.*, 2015 U.S. Dist. LEXIS 67701, at *1-2 (E.D.N.C. May 26, 2015); *see also Stone*, 855 F.2d at 180 ("the First Amendment guarantee of access has been extended only to particular judicial records and documents."). Under the common law standard, sealing is permitted if the "public's right of access is outweighed by competing interests." *Knight*, 743 F.2d at 235.

As the Fourth Circuit has recognized, a "corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records." *Doe*, 749 F.3d at 269; *see also Pittston Co.* v. *United States*, 368 F.3d 385, 406 (4th Cir. 2004) (district court did not abuse its discretion in refusing to unseal documents containing confidential and proprietary business information filed in connection with summary judgment motion); *Benedict* v. *Hankook Tire Co. Ltd.*, 323 F. Supp. 3d 747, 766 (E.D. Va. 2018) (businesses may have a "compelling interest under the First Amendment test" in "protecting proprietary commercial information"). A "trade secret" may be any information, used for a business purpose, which gives the user an advantage over competitors who do not know it; therefore, the touchstone of a trade secret is secrecy. *See Kewanee Oil Co.* v. *Bicron Corp.,* 416 U.S. 470, 474-78 (1974). The value of a "trade secret" may be lost if it is published. *Ruckelshaus* v. *Monstanto Co.*, 467 U.S. 986, 1002 (1984) (property right in trade secret "is extinguished" by public disclosure). This includes through public disclosure in the court record. *See Religious*

6

*Tech. Ctr.* v. *Lerma*, 908 F. Supp. 1362, 1368-69 (E.D. Va. 1995) (trade secret status lost after having been in judicial file for 28 months and posted on internet).[2]

Here, Google seeks limited sealing to protect its highly sensitive proprietary information, including confidential financial information, including profit and loss statements, specific customer pricing and other sensitive customer information, technical details of products, and analyses and data reflecting Google's non-public, confidential data. District courts in the Fourth Circuit have sealed similar categories of information even where the First Amendment right of access attaches. *See, e.g., E. W., LLC* v. *Rahman*, 2012 WL 3843657, at *3 (E.D. Va. Sept. 4, 2012) ("sensitive financial data, including gross profit data, the disclosure of which would be highly likely to cause significant harm to the [company's] business competitive position"); *Intelligent Verification Sys., LLC* v. *Microsoft Corp.*, 2014 WL 12659953, at *1 (E.D. Va. Dec. 22, 2014) (sealing "sensitive business information" attached to summary judgment motion); *Hanwha Azdel, Inc.* v. *C&D Zodiac, Inc.*, 2013 WL 12314517, at *2 (W.D. Va. Aug. 7, 2013) (proposed "redactions contain confidential and proprietary commercial information, including information related to highly sensitive pricing and payment terms as well as product specifications"); *HiQ Materials AG* v. *ICP Indus., Inc.*, 2023 WL 4842783, at *2 (M.D.N.C. June 28, 2023) (defendant "seeks to redact only proprietary business and customer information and

---

[2] State law and common law principles also broadly protect trade secrets. Under the Uniform Trade Secrets Act, a "trade secret" is defined as any "information, including but not limited to, a formula, pattern, compilation, program, device, method, technique, or process" that has "independent economic value, actual or potential, from not being generally known," and that is subject to "reasonable" efforts to maintain confidentiality. *See, e.g.*, Va. Code Ann. § 59.1-336 (2019). Similarly, under long-standing common law principles, a "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." Restatement (First) of Torts § 757, cmt. b (Am. L. Inst. 1939) (emphasis added). Under these universally recognized principles of law, a wide variety of other forms and species of business information have been protected as "trade secrets."

trade secrets in the form of financial analyses, market research, pricing formulas, and highly sensitive customer needs and preferences"); *360 Mortg. Grp., LLC* v. *Stonegate Mortg. Corp.*, 2016 WL 4939308, at *1-2 (E.D.N.C. Sept. 14, 2016) ("business techniques, the identification of . . . customers, and . . . finances" are "the type of confidential business information properly subject to protection"); *SMD Software, Inc.* v. *EMove, Inc.*, 2013 WL 1091054, at *2-*3 (E.D.N.C. Mar. 15, 2013) (profit and loss statements, pricing, marketing strategies, expense information, market share, and customer information).

In **Appendix A**, Google provides a non-confidential description of the material it is requesting remain under seal. Google's sealing requests and proposed redactions are limited to its proprietary and confidential business information, disclosure of which could cause substantial economic harm.

In light of the presumption of the public's right of access under the First Amendment and common law, Google has determined not to seek continued sealing of those documents listed in **Appendix B** and does not oppose unsealing those exhibits.

## CONCLUSION

For the foregoing reasons, Google requests that the Court grant the motions to seal with respect to the Google documents and information set forth above.

Dated:  June 29, 2024

Eric Mahr (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Julie Elmer (*pro hac vice*)
Justina Sessions (*pro hac vice)*
Lauren Kaplin (*pro hac vice*)
Jeanette Bayoumi (*pro hac vice*)
Claire Leonard (*pro hac vice*)
Sara Salem (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

Respectfully submitted,

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ.
209 Madison Street, Suite 501
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (*pro hac vice*)
Jeannie S. Rhee (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Bryon P. Becker (VSB #93384)
Erica Spevack (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile (202) 223-7420
kdunn@paulweiss.com

Meredith Dearborn (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (202) 330-5908
mdearnborn@paulweiss.com

*Counsel for Defendant Google LLC*