# PX 174

# (Google's Proposed Redactions)

**Freshfields Bruckhaus Deringer US LLP**

**HIGHLY CONFIDENTIAL**

<u>Via Email</u>

Michael J. Freeman
Trial Attorney
Antitrust Division
U.S. Department of Justice
450 5th Street NW
Washington, DC 20530

Jan M. Rybnicek
700 13th Street NW
10th Floor
Washington, D.C., 20005
T +1 202 777 4534
M +1 703 785 2243
E jan.rybnicek@freshfields.com
www.freshfields.com

December 15, 2023

Re:   *United States, et al. v. Google LLC,* No. 1:23-cv-00108-LMB-JFA

Dear Michael:

We write on behalf of Google LLC ("Google") in response to Plaintiff's letter, dated November 28, 2023. In accordance with the parties' subsequent agreement, Google provides a written response to Topic 22 regarding the inclusion of sequential liability terms in contracts with advertising agencies that purchase display advertising for Federal Agency Advertisers ("FAAs") from 2018 to 2023.

As explained in Google's November 20, 2023 letter to Amanda Strick and in several meet-and-confers, Google expended extensive time and resources preparing its 30(b)(6) designee to answer questions that were within the scope of Plaintiffs' 30(b)(6) notice. In light of the breadth and generality of Plaintiffs' notice, it is unreasonable to expect a witness to testify about the presence of a specific contract term within the myriad of contracts Google has with advertising agencies that purchase display advertising for FAAs. Plaintiffs were aware of the need to be specific and failed to do so. For other topics where Plaintiffs intended to probe about a specific term or concept, Plaintiffs either identified specific subtopics, the specific term, or referenced specific documents. Plaintiffs could have done the same here with respect to sequential liability.

Notwithstanding that its 30(b)(6) designee was adequately prepared, Google provides this written response to Topic 22 to avoid burdening the Court. This response is in no way an acknowledgement that Plaintiffs' questions are properly in-scope or that Google's designee was anything other than adequately prepared.

Since at least ▮▮▮, Google has included sequential liability terms in its U.S. contracts with ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ or certain of their affiliates to use Google Ads or Display & Video 360. During that time period, only affiliates of ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ have purchased display advertising for FAAs. Each of these ▮

▮▮▮▮▮ has numerous affiliates. Of the affiliates identified in Exhibit B of Plaintiffs' November 28, 2023 letter, Google confirms that sequential liability terms have been extended to ▮▮▮▮▮. Google has conducted a reasonable investigation and has identified only one additional affiliate that purchases display advertising for FAAs that has had sequential liability terms in its contracts between ▮▮▮▮▮ has had sequential liability terms since ▮▮▮.

Google generally ▮▮▮▮▮ that use Google Ads or Display & Video 360, and ▮▮▮▮▮ identified in Exhibit B.

Google also can confirm that when sequential liability terms are included in contracts with advertising agencies or their affiliates for the use of Google Ads or Display & Video 360, the terms would apply to FAAs. ▮▮▮▮▮

Sincerely,

*/s/ Jan M. Rybnicek*

Jan M. Rybnicek