# PX 175

# (Google's Proposed Redactions)



**U.S. Department of Justice**

Antitrust Division

_____

*Liberty Square Building*
*450 5th Street, N.W.*
*Washington, DC 20530*

January 11, 2024

**Via Email**

Jan M. Rybnicek
Freshfields Bruckhaus Deringer US LLP
700 13th Street NW
Washington, DC 20005

      Re:  *United States, et al. v. Google LLC*, No. 1:23-cv-108 (E.D. Va.)

Dear Counsel:

      We write for further clarification and follow up related to Google's written response on Topic 22 of Plaintiffs' 30(b)(6) notice.

      On November 17, we wrote explaining that we believed that Mr. Hardie's testimony was deficient related to Topic 22. On November 28 and 30, Plaintiffs narrowed the request and offered alternatives to Google to either answer a list of written questions or confirm their designee's testimony related to the application of sequential liability to the FAAs. After some negotiation, Google agreed to provide a written response confirming which advertising agencies that purchase display advertising on behalf of FAAs have sequential liability terms in their contracts with Google and whether those terms would apply to FAAs during the period 2018 to 2023.

      On December 15, Google submitted a written response stating among other things that "Google also can confirm that when sequential liability terms are included in contracts with advertising agencies or their affiliates for the use of Google Ads or Display & Video 360, the terms *would* apply to FAAs. However, Google is not aware of any instance in which sequential liability was applied to an FAA." (emphasis added).

      In hopes of getting some clarity related to the written response, on December 20, Plaintiff emailed four questions, specifically,

> (1) if it was a correct reading of the last paragraph as saying that when sequential liability terms were included in the contracts with advertising agencies or their affiliates for the use of Google Ads or Display & Video 360, the terms applied to

the FAAs, ███████████████████████████████
███████████████████████████████ ;

(2) whether it was correct to assume that for any entity listed in Appendix B of Plaintiffs' November 28 letter, but not explicitly mentioned in Google's written response, that Google cannot confirm whether sequential liability was extended for those entities;

(3) whether Google will provide a written declaration that would allow Plaintiffs to use the written responses as if they were given during the deposition; and

(4) whether it was correct to assume that absent any reference to a specific date in the written response that means the terms were in effect for the entirety of the year (January 1 through December 31) stated.

On December 22, Google emailed responses to those questions. We write regarding the emailed responses to questions 1, 3, and 4 of our December 20 email.

Initially, in the written response on December 15, Google stated that when sequential liability terms were included in contracts with FAAs' advertising agencies or their affiliates for the use of Google Ads or Display & Video 360, the terms *would* apply to FAAs.

Google appears to have changed or backtracked from that answer in the email one week later, stating that when sequential liability terms were included in contracts with advertising agencies or their affiliates for the use of Google Ads or Display & Video 360, the terms *might* apply to the FAAs.

We believe these two responses cannot be reconciled, and therefore ask Google to state which response is correct. Plaintiffs note that it appears from the documents the first response is the correct one, meaning that when sequential liability terms were included in contracts with advertising agencies or their affiliates for the use of Google Ads or Display & Video 360, the terms applied to the FAAs.

Secondly, while we appreciate your agreement that we can use the written response as if received prior to September 8, our request is slightly different. We request that Google either stipulate that the letters are binding statements of Google or provide a declaration similar to Plaintiffs' declaration when we responded to Google's 30(b)(6) topics.

Lastly, for those entities that were extended sequential liability at some point after ████ , please provide the month it was extended for those identified in your written response.

      Please provide these responses by end of the day Wednesday (1/17). Plaintiffs are available to meet and confer on this issue and reserves all rights.

      Sincerely,

/s/ *Michael J. Freeman*
Michael J. Freeman
Trial Attorney
Antitrust Division
U.S. Department of Justice