# PX 176

# (Google's Proposed Redactions)



**Freshfields Bruckhaus Deringer US LLP**

**Jan M. Rybnicek**
700 13th Street NW
10th Floor
Washington, D.C., 20005
T +1 202 777 4534
M+1 703 785 2243
E jan.rybnicek@freshfields.com
www.freshfields.com

<u>**Via Email**</u>

Michael J. Freeman
Trial Attorney
Antitrust Division
U.S. Department of Justice
450 5th Street NW
Washington, DC 20530

January 19, 2024

Re:     *United States, et al. v. Google LLC,* No. 1:23-cv-00108-LMB-JFA

Dear Michael:

We write in response to your January 11, 2024 letter that included yet further follow-up questions to the questions included in your December 20, 2023 email related to Topic 22 of DOJ's 30(b)(6) notice and to which Google provided information on November 17, December 15 and 22, 2023. Google has been more than reasonable in responding to your multiple requests related to Topic 22 and expects that the DOJ will have no additional questions after receiving this final response.

In response to your follow-up to question one, Google has not changed or backtracked from the answers provided in its December 15 letter and your characterization otherwise is unproductive, particularly in the face of Google's willingness to even entertain these questions. As we have consistently explained in our prior submissions, when sequential liability terms were included in contracts with advertising agencies or their affiliates for the use of Google Ads or Display & Video 360, the terms *would* apply to the FAAs *if invoked*. To put it another way, the sequential liability provisions *might* apply to an FAA depending on if they are invoked or not. But as we have repeatedly explained, ████████████████████████████████████████████████████████████████████████████████████.

In response to your follow-up to question three, Google's written submission here and on December 15 and 22 shall be treated by both parties as if they were obtained through the November 14, 2023 testimony of the K. Marco Hardie, Google's 30(b)(6) designee on Topic 22, and may be used by either party to the same extent as the transcript thereof. Google agrees not to object to the United State's use of Google's written submissions at trial on foundation, authenticity, or hearsay grounds. For the avoidance of doubt, both parties reserve the right to object to the use of this written submission (or portions thereof) under Fed. R. Evid. 401, 402, and/or 403.

In response to your follow-up to question four, sequential liability was extended to ████



Sincerely,

*/s/ Jan Rybnicek*

Jan M. Rybnicek