# EXHIBIT 13

# PUBLIC VERSION

*CONTAINS HIGHLY CONFIDENTIAL INFORMATION*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| UNITED STATES, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GOOGLE LLC, )<br>)<br>Defendant. ) | No. 1:23-cv-00108-LMB-IDD |

**PLAINTIFF UNITED STATES OF AMERICA'S SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT GOOGLE LLC'S FIRST AND SECOND SETS OF INTERROGATORIES TO THE UNITED STATES AND FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT GOOGLE LLC'S FIFTH SET OF INTERROGATORIES TO THE UNITED STATES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Civil Rule 26(c) of the U.S. District Court for the Eastern District of Virginia, Plaintiff United States of America ("United States") provides the following supplemental responses to Defendant Google LLC's ("Google's") Interrogatory Nos. 4–5, 9, 14, 17, 22–29 to the United States (the "Responses"). These Responses are subject to the United States' Objections to Google's First Set of Interrogatories to the United States, dated April 11, 2023, the United States' Objections to Google's Second Set of Interrogatories to the United States, dated June 22, 2023, and the United States' Objections to Google's Fifth Set of Interrogatories to the United States, dated August 24, 2023, which the United States previously served on Google in this action (collectively, the "Objections"). The United States incorporates those Objections by reference as though fully restated herein.

**DEFINITIONS USED IN RESPONSES**

1. "Air Force" means the United States Air Force, a component of the United States Department of Defense.

1

*CONTAINS HIGHLY CONFIDENTIAL INFORMATION*

The United States cannot at this time independently verify the specific systems, tools, or data sets that may use such account IDs to refer to particular FAAs, the exact purpose for which these IDs are used, or that these numbers are of particular utility in identifying an FAA in data sets that may be available to Google, and instead is relying on information provided by third parties and in documents in a good faith effort to provide all information presently known to the United States. Subject to the foregoing, information responsive to Interrogatory No. 5 is located in Appendix B.

The United States will continue to supplement this response as more information becomes available.

**INTERROGATORY NO. 9:** Provide a computation of the damages You seek in Paragraph 342(5) of Your complaint, including the names of and key contacts at each agency or department of the United States to which the damages computation applies, and the date range for the computation.

**Supplemental Response to Interrogatory No. 9**

Subject to and without waiving the foregoing objections, the United States responds as follows.

The United States notes that its computation of damages is based in part upon information produced during the discovery period, much of which was only recently produced by Google. Additional information has been produced only in the past several days and is still being processed. As a result, the computation provided below is preliminary and the United States reserves its right to amend this computation as additional information is received and processed. Subject to this qualification, the United States supplements its response to this interrogatory by providing: (1) a preliminary range for computation of damages; and (2) a brief description of the computation process by which the range was generated.

*CONTAINS HIGHLY CONFIDENTIAL INFORMATION*

The United States has tentatively estimated damages associated with the FAAs' ad spend, for which they paid supra-competitive fees resulting from Google's anticompetitive conduct, in a range of $3,232,140 to $9,253,606, before trebling and the application of any pre-judgment interest.[1]

This tentative computation is based on the following process and information. As noted in Paragraph 266 of the Complaint, "[t]he focal point of Google's monetization strategy has been its ad exchange, where it charges its highest revenue share fees: consistently around 20% for open auction transactions since 2009, while its rivals charged only a fraction of that amount."

Using data Google produced on July 7, 2023 ("RFP60 Data") as well as monthly financial information provided by third parties in discovery, the United States identified FAA advertising purchases that flow into AdX. The United States then calculated AdX's take for traffic coming FRom DV360, Google Ads, and other DSPs. It also calculated what the AdX take would be but for Google's anticompetitive actions (the But-For Take). The United States bases its preliminary damage calculation by subtracting the But-For-Take from the actual take. The United States performed a similar damages calculation for FAA advertising purchases that flowed into AdSense from Google Ads; that is the United States calculated damages based on the difference between Google Ads' actual take and an estimation of Google Ads' take absent anticompetitive actions.

---

[1] This range is inclusive of all damages irrespective of the two-sided nature of the market. That is, a portion of the harm that underlies this damages range may be allocable to publishers in an amount to be determined with analysis of additional evidence, including depositions, late-arriving documents, and further expert analysis. Plaintiffs may estimate and deduct from this computation any publisher share to this range for which it is not claiming damages on behalf of the FAAs.

*CONTAINS HIGHLY CONFIDENTIAL INFORMATION*

The United States may also seek a measure of damages for the reduction in value, quality, and/or return on spending caused by Google's anticompetitive conduct resulting from one or more of the following harms: a reduction in the quality of the match between advertisers and publishers on a per-impression or aggregate basis; reduced reach, i.e., fewer viewers of an advertisement or reduced brand or campaign or other type of awareness; a reduction in the quality of the digital display advertising purchasing tool used to purchase and/or target digital display advertising; failure to innovate or improve a digital display advertising publisher ad server, exchange, buying tool, or other ad tech tool; and any diminished return on investment in the purchase of digital display advertising. This list is not exhaustive, and Plaintiffs continue to review documents, take and prepare for depositions of Google employees and third parties, prepare expert analysis, and await the production of a significant number of documents and data from Google.

At this time, the United States does not have a computation of damages it may seek resulting from the reduction in value, quality, and/or return on spending caused by Google's anticompetitive conduct. Generally, the United States expects to calculate damages for this harm by way of subtracting the but-for quality adjusted price or other measure of value that would be factored into price from the actual price paid for display advertising purchased made by or through Google's display advertising products. If the United States claims this category of damages, this methodology is subject to revision and refinement as additional evidence and expert analysis is conducted. The United States will promptly supplement its interrogatory response as appropriate.

*CONTAINS HIGHLY CONFIDENTIAL INFORMATION*

| | | |
|---|---|---|
| Ad Council LLC | 693JJ922D000020 | IDIQ |
| Stratacomm LLC | 693JJ919D00003 | IDIQ |
| Stratacomm LLC | 693JJ920A000005 | BPA |
| Stratacomm LLC | DTNH2214A00014 | BPA |
| Tombras Group | DTNH2213D00280L | IDIQ |

Dated: September 29, 2023

Respectfully submitted,

/s/ Katherine E. Clemons
JULIA TARVER WOOD
KATHERINE E. CLEMONS
MICHAEL E. WOLIN

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077
Fax: (202) 616-8544
Email: Julia.Tarver.Wood@usdoj.gov

Attorneys for the United States