IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:23cv0108 (LMB/JFA) |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

On May 17, 2024, defendant filed a motion to seal that unfortunately combines arguments for two separate oppositions and a combined set of exhibits. (Docket no. 651). This motion to seal addresses not only the opposition to plaintiffs' motion to exclude opinions of Anthony Ferrante (Docket nos. 637, 638), but also the opposition to plaintiffs' motion to exclude opinions of Itamar Simonson and related opinions of Mark Israel (Docket nos. 639, 641). This order addresses only the portion of this motion relating to the redactions in the opposition to plaintiffs' motion to exclude opinions of Anthony Ferrante (Docket nos. 637, 638). A separate order will be entered concerning the opposition to plaintiffs' motion to exclude opinions of Itamar Simonson and related opinions of Mark Israel along with the combined collection of exhibits (Docket nos. 646, 650).

Defendant has redacted portions of five pages of the Ferrante opposition (Docket nos. 637, 638 at 5, 10, 11, 14, 23) that refer to selected information in several of the exhibits to the Becker declaration (Docket nos. 646, 650, Exhibits 104, 112, 115, 116, 117, 118). In the memorandum in support of the motion to seal, defendant states that this information was filed

1

under seal pursuant to plaintiffs' and third-party's designations of that information as confidential, and, in one instance, to protect its profit and loss, and costs data (Docket no. 654-1).

Initially, the court finds that the materials filed relating to this motion would require an analysis of the public's access under the First Amendment standard requiring that access may be restricted only if it is necessitated by a compelling government interest and the denial of access is narrowly tailored to serve that interest. *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004); *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). Having reviewed the submissions of the parties and non-parties and considering the Fourth Circuit's directives, the court finds that none of the information that has been redacted from this opposition satisfies this requirement. The redactions on pages 5, 10, 14, and 23 all refer to basic industry standards and approaches taken to protect against fraud and malicious activity. None of that information is competitively sensitive and, for the most part, is non-specific. As to the redactions on page 11, except for the last paragraph, the information is non-specific and general. As to the amounts defendant has invested in security and privacy of ad tech, the court finds that disclosure of those amounts, even if not disclosed in other materials published by defendant, does not arise to a compelling governmental interest. While confidential details of the actual methods used by defendant may rise to that level, the total amount of the expenditures does not.

In accordance with this Order, within seven days defendant shall file in the public record an unredacted version of the opposition to plaintiffs' motion to exclude opinions of Anthony Ferrante.

Entered this 8th day of July, 2024.

/s/
John F. Anderson
United States Magistrate Judge

_____
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia