# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 1:23-cv-00108-LMB-JFA |
| GOOGLE LLC, | ) |
| Defendant. | ) |

**PLAINTIFFS' SUR-REPLY IN FURTHER RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE UNITED STATES' DAMAGES CLAIM AND TO STRIKE THE JURY DEMAND**

Google argues in its reply brief, ECF No. 731, that a jury would be precluded from calculating damages based on a 5% but-for ad exchange take rate because Paragraph 85 of Google's Statement of Undisputed Facts ("SUF 85") should be treated as an undisputed fact for all purposes in this case. These arguments, raised in writing for the first time in Google's reply,[1] are incorrect because (1) Plaintiffs disclosed the evidence from which a jury could "conceivably" calculate damages based on a 5% take rate, *Carter v. Stewart Title & Guar. Co.*, 2013 WL 436517, at *4 (D. Md. Feb. 4, 2013), and (2) SUF 85 is not now, and should not be deemed, an established fact in this case capable of precluding such a damages calculation. Because Google has not tendered damages keyed to a 5% take rate, Google's motion to dismiss, ECF No. 690, should be denied.[2]

*First,* there is evidence in the record from which a jury could possibly determine that a 5% take rate would have prevailed in the ad exchange market but for Google's anticompetitive conduct. Indeed, Google's own employees suggested take rates of 5% (and lower), Prof. Simcoe found that one large exchange's take rates from 2017 to 2023 were almost always below 10%, and for a time below 5%, and Prof. Simcoe noted that his estimates were conservative and cited

---

[1] The United States' response to Google's Motion to Dismiss had already been filed at the time that Google first raised the question of whether Plaintiffs' response to SUF 85 precluded the United States from insisting on a 5% but-for take rate to moot the United States' damages claim *See* May 31, 2024. Tr. at p. 22.

[2] The parties are in agreement that if the Court rules that *either* 5% or 10% is the minimum possible but-for take rate, the United States' damages claim would be satisfied by Google tendering payment of the damages amount at that rate, and the Court would not need to rule on Google's alternative Seventh Amendment argument. *See N.L.R.B. v. Enter. Leasing Co. Se., LLC*, 722 F.3d 609, 613 (4th Cir. 2013) ("Before we can address the constitutional arguments, we must first attempt to resolve these cases on non-constitutional grounds, if possible."); *see* ECF No. 731 at 15 (statement by Google that "the Court need not and should not address whether DOJ has a jury trial right if it concludes DOJ's damages claim is moot").

evidence from Google employees concerning but for take rates of "10%, 5%, or even lower . . . ". *See* ECF No. 640-1 (Simcoe Report) at ¶ 236 & n.253 (emphasis added); *id*. ¶ 73 Fig. 4 (showing an exchange charging below 5% in 2022); Ex. C (Simcoe Rebuttal Report) at ¶ 120 & p. 56, Fig. 8 (showing Estimated Take Rates at 5% and below).[3] This evidence is more than sufficient in this context, where the *possibility*—not likelihood—of the damages finding is at issue.

The jury could also calculate damages based on any given take rate, including 5%, based on testimony from Plaintiffs' damages expert, Ms. Lim. The United States claims two different overcharges as actual damages, (1) the AdX overcharge and (2) the platform fees overcharge. Ms. Lim's report already provides the AdX overcharge at a 5% take rate ($1,076,015), which accounts for over 90% of the actual damages amount. *See* ECF No. 652-2 (Lim Report – Errata corrected at ECF No. 686-1), at 140 Fig. 38 (rounding to the nearest thousand); *see also id*. ¶ 60 & n.41.[4] The jury could also calculate, based on evidence that Plaintiffs expect to be admissible at trial, the far smaller platform fee overcharge by applying the methodology Ms. Lim described in her report—helped by Ms. Lim's testimony—using only amounts stated in the report and knowledge of subtraction and multiplication.[5] *See* ¶¶ 73-74, 77 & Figs. 18, 36; *see also* One

---

[3] *See Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*, 678 F. Supp. 3d 716, 735 (E.D. Va. 2023) (upholding a damages award based on a 4% royalty when the jury heard evidence of comparable royalties of 3.5%, 5%, and 8%).

[4] Ms. Lim made clear in her deposition that she was *not* opining on the "correct" but-for take rate. Ex. A, Lim Dep. at 230:20-231:1.

[5] Plaintiffs object to Google's characterization of the conferrals with Google about the total damages amount based on a 5% calculation. As shown in Google's Exhibit 22, Plaintiffs promptly notified Google that the number in Plaintiffs' response brief was incorrect because it failed to reference an errata previously served. The corrected damages calculation ($3,642,190), which was less than 0.3% different from the original damages calculation, was shared with Google within 48 hours, and was not the product of any difficulty in calculating damages based on a 5% but for take rate.

*Barberry Real Est. Holding, LLC v. Maturo*, -- F. Supp. 3d --, 2023 WL 10511255, at *84 & n.93 (D. Conn. Oct. 3, 2023) (describing the court's alteration of the inputs into a damages expert's formula to calculate damages). Similar calculations would be necessary if the jury found a but-for take rate of, e.g., 12% or 16.4%, so the Court should not credit Google's argument that damages at a 5% take rate somehow asks more of the jury than damages at a take rate above 10%. *See also* ECF No. 652 at 12, May 24, 2024 (Plaintiffs' Daubert opposition brief, filed the same day as Plaintiffs' summary judgment opposition, noting that the trier of fact will decide the take rate and then can calculate damages).

Contrary to Google's reply brief, Plaintiffs disclosed but-for take rates below 10% on numerous occasions throughout this case. For example, in reference to Figure 38 of her report—which includes a damages calculation for the AdX overcharge at a 5% take rate—Ms. Lim explained that she was "estimat[ing] *damages*" on multiple different but for take rates. Lim Report at 30, n.53 (emphasis added). Prof. Simcoe similarly disclosed that "[t]he but-for take rates calculated above are conservative for the reasons explained above. And even Google's own employees have discussed lower but-for take rates of 10%, 5%, or even lower for Google's ad exchange." Simcoe Rep. at 95 & n.253. In a declaration by Plaintiffs' 30(b)(6) witness in January 2024, Plaintiffs disclosed an upward-bounds damages calculation based on a 2% but-for take rate. Ex. B, Mahoney Decl. at Ex. 2, p. 4. This damages figure, based on a 2% take rate, was also disclosed in Plaintiffs' September 2023 interrogatory responses.

Even if Google were correct that Plaintiffs did not adequately disclose 5% as a possible but-for take rate, however, a jury would still be able to return a judgment based on Google's own documents and related trial testimony. In this context, where the evidentiary basis for a 5% take rate has been put forward, the maximum damages amount a jury could "conceivably" calculate

3

can be based on documentary evidence as an alternative, or supplement, to evidence from Plaintiffs' experts.

*Second,* Google argues that the Court should accept Google's unilateral attempt to moot the United States' damages claim based on a 10% but-for take rate because the United States did not to dispute every word of SUF 85—a superfluous paragraph that Google did not rely on nor cite to support any argument for summary judgment (or in the instant motion to dismiss the damages claim). Contrary to Google's argument, the decision not to rebut fully such a fact in response to a summary judgment motion addressed to other matters does not constitute a judicial admission, and the Court should decline to issue an order under Rule 56(g) finding that SUF 85 is undisputed for purposes beyond the summary judgment motion itself. [6]

As an initial matter, the United States challenged the significance of the two specific dollar amounts by objecting to "the phrases 'as little as' or 'at most' in SUF 85." ECF No. 669 at 2 n.1. Without those qualifiers, which Plaintiffs disputed, SUF 85 merely identifies two of many possible damages estimates included in Plaintiffs' expert reports: "Plaintiffs claim less than a million dollars in damages—by their calculations $164,189 or $745,152[.]"[7] Additionally, SUF

---

[6] Under Rule 56(g), if the Court does not ultimately grant Google's summary judgment motion in full, then it "*may* enter an order stating any material fact . . . that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g) (emphasis added). Similarly, E.D. Va. Local Rule 56(B) provides that "[*i*]*n determining a motion for summary judgment*, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, *unless such a fact is controverted* in the statement of genuine issues filed in opposition to the motion" (emphases added). *See also Triple H Debris Removal, Inc. v. Companion Prop. & Cas. Ins. Co.*, 647 F.3d 780, 785-86 (8th Cir. 2011) ("[I]t remains in the court's discretion whether to file such an order. 'The court may conclude that it is better to leave open for trial facts and issues that may be better illuminated by the trial . . .'") (quoting Fed. R. Civ. P. 56(g) advisory cmte. notes (2010)); STEVEN S. GENSLER, 2 FED. RULES OF CIV. PROCEDURE, RULES AND COMMENTARY RULE 56 ("No party has a procedural entitlement to have facts established by order.").

[7] And, in any event, Google has not tendered a check that reflects a million dollars in damages prior to prejudgment interest and trebling.

85 speaks to "calculations"—citing expert reports—without anywhere addressing a jury's ability to perform its own calculations for any given but-for take rate using Ms. Lim's methodology.

In addition, Plaintiffs clearly disputed the substance of SUF 85 in Plaintiffs' own Statement of Additional Material Facts (SAMF) in the same brief, by stating that Google's employees "suggested that the AdX take rate should be between 5% and 15% to reflect the market." ECF No. 669 at 15, ¶ 7 (citing Google documents). Plaintiffs likewise argued that "Google does not dispute that it maintained a 20% take rate for over a decade, a take rate 33% to 300% above what its employees discussed was appropriate for the market." ECF No. 669 at 29. (Relative to Google's 20% actual take-rate, a 5% but-for take rate represents a 300% overcharge while a 15% take rate represents a 33% overcharge.) In context, Plaintiffs did not concede that 5% was an unsupported take rate, and the competing statements of fact support a genuine dispute over the minimum but-for take rate.[8] *See also* ECF No. 652 at 11-12, May 24, 2024 (disputing take rates in context of Plaintiffs' *Daubert* opposition).

Google's arguments that the response to SUF 85 constitutes a judicial admission find no support in the cases Google cites, all of which concerned affirmative statements proffered by the "admitting" party in their own statement of undisputed facts or pleadings. The proper framework for determining whether portions of SUF 85 can be treated as an "established fact" in this case is Rule 56(g), and the Court should decline to deem SUF 85 an undisputed fact at trial in light of the contemporaneous dispute of the appropriate take rate underlying the damages calculations

---

[8] Google responded to Paragraph 7 of Plaintiffs' Statement of Additional Material Facts, but its response did not dispute that Google documents discuss take rates between 5% and 15%.

5

and immateriality of SUF 85 to Google's summary judgment motion. *See* Fed. R. Civ. P. 56(g) & advisory cmte. notes (2010).[9]

Dated: June 5, 2024

Respectfully submitted,

| | |
|---|---|
| JESSICA D. ABER<br>United States Attorney | JASON S. MIYARES<br>Attorney General of Virginia |
| /s/ Gerard Mene<br>GERARD MENE<br>Assistant U.S. Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3777<br>Facsimile: (703) 299-3983<br>Email: Gerard.Mene@usdoj.gov | /s/ Tyler T. Henry<br>STEVEN G. POPPS<br>Deputy Attorney General<br>TYLER T. HENRY<br>Assistant Attorney General<br><br>Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219 |
| /s/ Julia Tarver Wood<br>JULIA TARVER WOOD<br>/s/ Katherine Clemons<br>KATHERINE CLEMONS<br>/s/ Daniel Guarnera<br>DANIEL GUARNERA | Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us<br><br>Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219 |
| United States Department of Justice<br>Antitrust Division<br>450 Fifth Street NW, Suite 7100<br>Washington, DC 20530<br>Telephone: (202) 307-0077<br>Fax: (202) 616-8544<br>Email: Julia.Tarver.Wood@usdoj.gov<br><br>Attorneys for the United States | Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us<br><br>Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia |

---

[9] Plaintiffs have limited the scope of this sur-reply to arguments that Google newly raised in its reply brief and look forward to addressing other issues raised in Google's reply brief—and answering the Court's questions—at the June 7, 2024 hearing.