IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA, *et al.*,  )
                                        )
           Plaintiffs,          )
                                         )
    v.                                 )    Civil Action No. 1:23cv0108 (LMB/JFA)
                                         )
GOOGLE LLC,                     )
                                         )
           Defendant.         )

## ORDER

This matter is before the court on plaintiffs' motion to seal portions of their opposition to defendant's motion to exclude testimony of Dr. Simcoe along with "certain exhibits." (Docket no. 642). Neither the motion to seal nor the memorandum in support of the motion to seal (Docket no. 643) identify the exhibits that are the subject of this motion. The memorandum in support of the motion to seal states that the material being filed under seal was designated confidential by defendant or non-parties and plaintiffs take no position as to whether the designations are proper. (Docket 643-1). In response to this motion to seal defendant and numerous non-parties have requested that various portions of some of the exhibits to the opposition remain under seal. (*See*, Docket nos. 841, 880, 764, 776, 777, 781, 782, 787, 790, 805, 811, 813, 814, 820, 822, 837, 840). Other than a single response indicating that a reference to a non-party on page 18 of the opposition does not need to be redacted (Docket no. 814-2), the responses do not discuss the redactions in the opposition but focus on the various exhibits.

In reviewing plaintiffs' filings, it appears that exhibits A, B, C, D, F, G, H, J, K, L, M, N, and O were filed under seal. (Docket no. 644). Exhibits H, J, K, L, N, and O were filed under seal and no redacted version of those exhibits was filed in the public record. (Docket no. 640).

Redacted versions of exhibits A, B, C, D, F, G, and M have been filed in the public record and unredacted copies of exhibits E, I, P, and Q are in the public record. Defendant and non-parties claim that certain information in those exhibits contains non-public, competitively sensitive information, including pricing, revenues, assessment of market conditions, and similar information. They argue that the disclosure of that information to their competitors and to the public would cause significant harm.

Initially, the court finds that the materials filed relating to this motion require an analysis of the public's access under the First Amendment standard requiring that access may be restricted only if it is necessitated by a compelling government interest and the denial of access is narrowly tailored to serve that interest. *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004); *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). Having reviewed the submissions of the parties and considering the Fourth Circuit's directives, the court finds

1. That the motion to seal the opposition to the motion to exclude testimony of Dr. Simcoe is denied and an unredacted version of that opposition shall be filed in the public record.

2. The motion to seal exhibit A is granted in part and denied in part. In order protect the interest of non-parties, the portions of figures 4, 5, 7, and 8 indicating the names of the companies corresponding to the information in those figures shall remain under seal. The figures themselves are to be filed in the public record and only the names of the non-parties are to be redacted. Figure 15 and paragraphs 223-24 do not contain any specific non-party information and they are to be filed in the public record. In paragraphs 77 and 224 the names of the companies are to remain under seal but the

2

remaining portions of those paragraphs are to be filed in the public record.  The deposition testimony from Ryan Pauley in footnotes 125 and 127 and the deposition testimony of John Gentry in footnote 127 shall remain under seal.  The information contained in footnotes 111 and 124 does not rise to the level of protection based on a compelling governmental interest and the request to have that information remain under seal is denied.

3. The motion to seal exhibits B and C is denied.  Defendant indicates it has no objection to these exhibits being filed in the public record.  (Docket no. 841 at 10).  Having reviewed these exhibits, the exhibits do not contain any non-party information that should remain under seal.

4. The motion to seal exhibit D is granted in part and denied in part.  In order protect the interest of non-parties, the portions of figures 47, 110 and 111 indicating the names of the non-party companies corresponding to the information in those figures shall remain under seal.  The figures themselves are to be filed in the public record and only the names of the non-parties are to be redacted.  The remaining information in exhibit D shall be filed in the public record.  While defendant and several non-parties request that additional information contained in this exhibit remain under seal, the commercial sensitivity of that information does rise to the level that would justify denial of access by the public.

5. The motion to seal exhibit F is denied.  Defendant agrees that this exhibit may be filed in the public record and no non-party has requested that information in that document remain under seal.

3

6. The motion to seal exhibit G is granted in part and denied in part.  In order protect the interest of non-parties, the portions of figure 29 indicating the names of the non-party companies corresponding to the information in those figures shall remain under seal.  The figures themselves are to be filed in the public record and only the names of the non-parties are to be redacted.  While non-parties refer to other figures in their responses, the only figure in exhibit G is figure 29.  In addition, the names of non-parties included in note 723 on pages 161 shall remain under seal.  Only those names are to be redacted and the remaining part of the note shall be filed in the public record.  The commercial sensitivity of the information in note 161 does rise to the level that would justify denial of access by the public.

7. The motion to seal exhibit H is denied.  Figures 40 and 41 do not contain any *specific* non-party information and the commercial sensitivity of the information in this exhibit does rise to the level that would justify denial of access by the public.

8. The motion to seal exhibit J is granted in part and denied in part.  In order to protect the interests of non-parties, the names and identifying information of non-parties in paragraphs 240 and 248 shall remain under seal.  Note 457 on pages 167-68 shall also remain under seal.

9. The motion to seal exhibit K is denied.  Defendant does not object to that document being filed in the public record and no non-party has requested that information in that document remain under seal.

10. The motion to seal exhibit L is denied.  Defendant has filed in the public record a copy of this exhibit with redactions on pages 26 and 27.  (Docket no. 841-8).  Defendant has not provided the court with sufficient information concerning the

4

significance of the proposed redacted information to justify it being withheld from the public.

11. The motion to seal exhibit M is granted in part and denied in part. In order to protect the interests of non-parties, the names and identifying information of non-parties in note 247 and notes 552 and 553 (in the errata) shall remain under seal. As to note 258, defendant has not provided the court with sufficient information concerning the significance of the proposed redacted information to justify it being withheld from the public.

12. The motion to seal exhibit N is denied. Defendant agrees that this exhibit may be filed in the public record and no non-party has requested that information in that document remain under seal.

13. The motion to seal exhibit O is granted in part and denied in part. In order protect the interest of non-parties, the portions of figure 11 indicating the names of the non-party companies corresponding to the information in figure 11 shall remain under seal. The figure shall be filed in the public record and only the names of the non-parties are to be redacted. While non-parties refer to figures 10 and 17 in their responses, those figures are not included in the portion of Chevalier's report included in exhibit O.

In accordance with this Order, within seven days plaintiffs shall file in the public record an unredacted version of the opposition to the motion to exclude the testimony of Tim Simcoe along with unredacted versions of exhibits B, C, F, H, K, L, and N. Plaintiffs shall also file in

the public record a versions of exhibits A, D, G, J, M, and O with only the redactions described above. [1]

Entered this 11th day of July, 2024.

/s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

---

[1] This ruling is subject to reconsideration by the District Judge if the information allowed to remain under seal at this time is intended to be used during the trial of this case. As set forth in the court's June 24, 2024 Order (Docket no. 871), a hearing may be held before the District Judge on August 9, to address any objections to the public use of confidential documents or testimony designations during trial.

6