IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:23cv0108 (LMB/JFA) |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### ORDER

On May 31, 2024, defendant filed a motion to seal various pleadings involving four separate relies in support of four separate motions – a motion for summary judgment, a motion to exclude testimony from Robin Lee, a motion to exclude testimony from Adoria Lim, and a motion to exclude testimony of Timothy Simcoe. (Docket no. 712). Defendant also filed a combined set of exhibits (exhibits 127-61) along with the replies and has requested in this motion to seal that certain exhibits be filed under seal or that certain information in those exhibits be filed under seal. (Docket nos. 708, 709). This combined set of exhibits is not separated by the individual replies and it appears that several of the replies cite only a portion of these exhibits. The memorandum in support of this omnibus motion to seal includes appendix A in which defendant states it provides the basis for "the material it is requesting remain under seal" and information that plaintiffs or non-parties have designated as confidential. (Docket no. 713).[1]

---

[1] This appendix addresses only the exhibits that were filed in support of the various replies and does not include any explanation, or support for, the various redactions in the replies filed by defendant.

1

Given defendant's approach in combining several separate replies in a single motion to seal, the court will be addressing portions of this motion to seal in individual orders relating to the specific replies. This order will address the motion to seal portions of the reply in support of the motion to exclude the testimony of Dr. Timothy Simcoe. (Docket no. 706, 707). Since only a portion of the combined set of exhibits appears to relate to the reply in support of the motion to exclude testimony from Dr. Simcoe (*e.g.* exhibits 159, 161), the court will issue a separate order that resolves the portion of the motion to seal relating to the combined set of exhibits once the redactions for the four separate replies are addressed.

Initially, the court finds that the materials filed relating to this motion would require an analysis of the public's access under the First Amendment standard requiring that access may be restricted only if it is necessitated by a compelling government interest and the denial of access is narrowly tailored to serve that interest. *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004); *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014).

The reply in support of the motion to exclude testimony from Dr. Simcoe filed in the public record includes redactions on pages 2, 3, 7, 8, 12, 13, 16, 17, and 18. (Docket no. 706). Defendant has not provided any specific support for having this redacted information remain under seal in its memorandum in support. (Docket no. 713). Plaintiffs' "omnibus response to motions to seal" also does not include any support for having the information redacted in the memorandum remain under seal. (Docket no. 823). However, as with the earlier motion to seal including defendant's memorandum in support of the motion to exclude the testimony of Dr. Simcoe, several non-parties have filed responses requesting that portions of the redacted information in the reply also remain under seal. (*See*, Docket nos. 764, 776, 777, 790, 814, 837, 840). These non-parties argue that their "take rates" or "revenue share" is confidential, sensitive

business information and that its disclosure to their competitors and the public would cause significant competitive harm. Having reviewed the arguments provided by the non-parties, the court finds that allowing *specific* information relating to *individual* take rates or revenue shares by non-parties should remain under seal and is appropriate under the compelling governmental interest standard.[2]

Having reviewed the submissions of the parties and taking into account the Fourth Circuit's directives, the court finds the redacted information contained in note 8 on page 8 and note 10 on page 13 of reply in support of the motion to exclude testimony from Dr. Simcoe shall remain under seal.

In accordance with this Order, within seven days defendant shall file in the public record a revised version of the reply in support of the motion to exclude testimony from Dr. Simcoe in which only the information described above remains redacted.

Entered this 11th day of July, 2024.

                                              /s/
                                          John F. Anderson
                                          United States Magistrate Judge
                                          John F. Anderson
Alexandria, Virginia                     United States Magistrate Judge

---

[2] This ruling is subject to reconsideration by the District Judge if this information is intended to be used during the trial of this case. As set forth in the court's June 24, 2024 Order (Docket no. 871), a hearing may be held before the District Judge on August 9, to address any objections to the public use of confidential documents or testimony designations during trial.