IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:23cv0108 (LMB/JFA) |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

This matter is before the court on plaintiffs' motion to seal portions of their opposition to defendant's motion to exclude testimony of Adoria Lim along with "certain exhibits." (Docket no. 648). Neither the motion to seal nor the memorandum in support of the motion to seal (Docket no. 649) identify the exhibits that are the subject of this motion. The memorandum in support of the motion to seal states that the material being filed under seal was designated confidential by defendant, non-parties, or concerns sensitive business information of federal agency advertisers. (Docket 649). Plaintiffs' memoranda states that "certain narrow categories of propriety, competitively sensitive pricing information and financial transaction data" from the NHTSA and CMS are filed under seal but they fail to state where that information is located in their filing. The declaration submitted on behalf of CMS refers to two exhibits beginning with certain bates numbers, but only one of the exhibits has the referenced bates number (Docket no. 652-6). In response to this motion to seal defendant and numerous non-parties have requested that various portions of some of the exhibits to the opposition remain under seal. (*See*, Docket nos. 765, 782, 790, 805, 813, 820, 822, 838, 841, 880). These responses do not discuss the redactions in the opposition but focus on the various exhibits.

1

In reviewing plaintiffs' filings, it appears that portions of exhibits A, B, E, I, L, and M were filed under seal and redacted versions were filed in the public record. (Docket no. 647, 652). Exhibits C, D, F, H, J, K, and N were filed under seal and no redacted versions of those exhibits were filed in the public record. (*Id.*). Exhibits G and O were filed in the public record. (*Id.*). Defendant and non-parties claim that certain information in those exhibits contains non-public, competitively sensitive information, including pricing, revenues, assessment of market conditions, and similar information. They argue that the disclosure of that information to their competitors and to the public would cause significant harm. In addition, plaintiffs claim that certain information from NHTSA and CMS should remain under seal.

Initially, the court finds that the materials filed relating to this motion require an analysis of the public's access under the First Amendment standard requiring that access may be restricted only if it is necessitated by a compelling government interest and the denial of access is narrowly tailored to serve that interest. *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004); *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). Having reviewed the submissions of the parties and considering the Fourth Circuit's directives, the court finds

1. That the motion to seal the opposition to the motion to exclude testimony of Adoria Lim is denied and an unredacted version of that opposition shall be filed in the public record.

2. The motion to seal exhibit A is granted in part and denied in part. This exhibit includes portions of Adoria Lim's rebuttal report. A 22-page version of this exhibit was filed in the public record with redactions on pages 4, 7, 8, 9, 14, 15, and 17. It also appears that pages 54, 55, and 56 of the report were filed under seal following

Adoria Lim's curriculum vitae and there is no indication in the public filing concerning those pages. Defendant seeks to maintain certain information on pages 4, 7, 8, 17, 54, 55, and 56 under seal as containing non-public financial, accounting, technical, and commercial information. (Docket no. 880-1 at 29). The information on page 4, ¶ 14 is not specific and the request to maintain that information under seal is denied. The information in paragraphs 22 and 23 and footnotes 25-27 on pages 8 and 9 concerning methods of financial management and analysis in general by defendant and describes the process followed by the expert in determining profitability analysis. Given the non-specific nature of this information, the request to maintain that information under seal is denied. Similarly, the information in paragraph 17 and footnotes 56-58 on page 17 discusses methodology and is not specific. The request to maintain that information under seal is denied. Paragraph 108 on page 54 of the report does not contain any information that satisfies the requirements for maintaining that information under seal. As to the information in paragraph 109 on pages 55 and 56, at this time the percentages shown in the last line in paragraph 109 appearing on page 55 may remain under seal. In addition, figure 30 on page 56 may remain under seal.

3. The motion to seal exhibit B is granted in part and denied in part. Exhibit B contains portions of the expert report of Dr. Thomas Respess. A redacted version of this exhibit has been filed in the public record with redactions on pages 6, 13-52, 54-56, and 137-140. Defendant has requested that certain information on pages 29, 31, 39-51, and 55-56 remain under seal stating it contains certain non-public, financial, accounting, technical, and commercial information. (Docket no. 880-1 at 30-32).

Having reviewed the redactions and taking into consideration defendant's arguments, the court finds that the following information may remain under seal at this time: figure 13; columns A and B in figure 15; paragraph 87; figure 23; paragraph 88 and footnote 78; figure 24: paragraph 89; figure 25; figure 27; the percentage numbers in paragraph 95; the percentage in the last sentence of paragraph 98; figure 28; footnote 91; the final sentence in paragraph 100; the percentage numbers in paragraph 109 (page 55); and figure 30. All remaining information in exhibit B is to be unsealed.

4. The motion to seal exhibit C is denied. Defendant has agreed this document can be filed in the public record.

5. The motion to seal exhibit D is denied. This information explains methodology, is non-specific as to actual calculations, and is necessary for one to understand the analysis undertaken by the experts.

6. The motion to seal exhibit E is denied. Defendant requests that only a portion of this transcript remain under seal but a review of that portion of the testimony does not reveal any information that justifies sealing.

7. The motion to seal exhibit F is granted in part and denied in part. While plaintiffs failed to provide any significant argument as to why any portions of this exhibit should remain under seal, non-party Interpublic has submitted a response requesting that specific information remain under seal. (Docket no. 805). In its response, Interpublic filed a redacted version of exhibit F in the public record (Docket no. 805-7). The information redacted in exhibit F does appear to be competitively sensitive information of non-parties and should remain under seal at this time.

8. The motion to seal exhibit H is granted in part and denied in part. While plaintiffs failed to provide any significant argument as to why any portions of this exhibit should remain under seal, non-party Interpublic has submitted a response requesting that specific information remain under seal. (Docket no. 805). In its response, Interpublic filed a redacted version of exhibit H in the public record (Docket no. 805-2). The information redacted in exhibit H does appear to be competitively sensitive information of non-parties and should remain under seal at this time.

9. The motion to seal exhibit I is denied. While plaintiffs make a vague reference to certain NHTSA information being sealed in their memorandum, they did not identify this exhibit as containing any such information or explain why the information in section 6 should remain under seal. Based on this record, plaintiffs have failed to justify any portion of this document remaining under seal.

10. The motion to seal exhibit J is denied. Defendant has agreed this document can be filed in the public record.

11. The motion to seal exhibit K is denied. Defendant has agreed this document can be filed in the public record.

12. The motion to seal exhibit L is denied. Defendant has agreed this document can be filed in the public record. While non-parties have requested that figure 15 remain under seal, figure 15 is not contained in the portion of Simcoe report included in this exhibit. The reference to figure 15 in paragraph 224 contains non-specific information concerning non-parties and should not remain under seal.

13. The motion to seal exhibit M is granted in part. The target margin percentages in paragraph 535 may remain under seal at this time.

14. The motion to seal exhibit N is denied.  Exhibit N includes pages 317, 318 and 592 of the expert report of Mark Israel.  Defendant requests "limited redactions" that it states is reflected in a proposed redacted version of the exhibit.  (Docket no. 880-1 at 33).  No redacted version was included with this filing.  Having reviewed these three pages of the report, the court finds that none of the information contained in exhibit N should remain under seal.

In accordance with this Order, within seven days plaintiffs shall file in the public record an unredacted version of the opposition to the motion to exclude the testimony of Adoria Lim along with unredacted versions of exhibits C, D, E, I, J, K, L, and N.  Plaintiffs shall also file in the public record versions of exhibits A, B, and M with only the redactions described above.[1]  No further action is needed as to exhibits F and H given that redacted versions have been filed in the public record by Interpublic.

Entered this 24th day of July, 2024.

                                                                        /s/
                                                               John F. Anderson
                                                               United States Magistrate Judge

John F. Anderson
Alexandria, Virginia                                                  United States Magistrate Judge

---

[1] This ruling is subject to reconsideration by the District Judge if the information allowed to remain under seal at this time is intended to be used during the trial of this case.  As set forth in the court's June 24, 2024 Order (Docket no. 871), a hearing may be held before the District Judge on August 9, to address any objections to the public use of confidential documents or testimony designations during trial.