IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA, *et al*.,    )
                                        )
                    Plaintiffs,         )
                                        )
        v.                              )    Civil Action No. 1:23cv0108 (LMB/JFA)
                                        )
GOOGLE LLC,                             )
                                        )
                    Defendant.          )
                                        )

## ORDER

On May 17, 2024, defendant filed a motion to seal that combines arguments for two separate oppositions and a combined set of exhibits. (Docket no. 651). This motion to seal addresses the opposition to plaintiffs' motion to exclude opinions of Anthony Ferrante (Docket nos. 637, 638) and the opposition to plaintiffs' motion to exclude opinions of Itamar Simonson and related opinions of Mark Israel (Docket nos. 639, 641). The court has previously decided the portion of this motion to seal relating to the motion to exclude the opinions of Anthony Ferrante. (Docket no. 898). This order addresses the portion of the motion relating to the redaction in the opposition to plaintiffs' motion to exclude opinions of Itamar Simonson and related opinions of Mark Israel. (Docket nos. 639, 641). A separate order will be entered concerning the motion to seal the combined collection of exhibits. (Docket nos. 646, 650).

Defendant has redacted a portion of page 10 of the opposition (Docket no. 639 at 16) that includes testimony from four non-parties. In the memorandum in support of the motion to seal, defendant states that this information was filed under seal pursuant to the non-parties' designation of that information as confidential. (Docket no. 654-1). Several non-parties have requested that this information remain under seal. (*See* Docket nos. 788, 820, and 839).

1

Initially, the court finds that the materials filed relating to this motion would require an analysis of the public's access under the First Amendment standard requiring that access may be restricted only if it is necessitated by a compelling government interest and the denial of access is narrowly tailored to serve that interest. *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004); *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014).

Having reviewed the submissions of the parties and non-parties and considering the Fourth Circuit's directives, the court finds that the limited testimony of these non-parties contained in the opposition does not contain any confidential or commercially sensitive information that justifies being withheld from the public. In essence, these excerpts state what one would expect to happen in the marketplace and no specific customers or amounts are disclosed.

In accordance with this Order, within seven days defendant shall file in the public record an unredacted version of the opposition to motion to exclude opinions of Itamar Simonson and related opinions of Mark Israel.

Entered this 25th day of July, 2024.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

John F. Anderson
United States Magistrate Judge

2