IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> GOOGLE LLC, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 1:23cv0108 (LMB/JFA) |

## **AMENDED ORDER**

This matter is before the court on plaintiffs' motion to seal certain portions of their memorandum in support of motion to exclude opinions of Itamar Simonson and related opinions of Mark Israel. (Docket no. 612). In the memorandum in support of the motion to seal, plaintiffs state that they redacted portions of the memorandum and "certain exhibits" based on defendant designating that information as confidential. (Docket no. 617). Defendant has filed a response that does not address any of the redactions to the memorandum but requests that portions of exhibits C and H remain under seal and that exhibits D, E, F, and G remain under seal in their entirety. (Docket no. 880-1 at 33-35). Defendant has no objection to the unsealing of exhibits A, B, I, J, M, and O. (Docket no. 880-2 at 5). A non-party has filed a response requesting that a portion of exhibit H remain under seal. (*See* Docket no. 782).

Initially, the court finds that the materials filed relating to this motion require an analysis of the public's access under the First Amendment standard requiring that access may be restricted only if it is necessitated by a compelling government interest and the denial of access is narrowly tailored to serve that interest. *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004); *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). Having

reviewed the submissions of the parties and considering the Fourth Circuit's directives, the court finds

1. That the motion to seal the memorandum in support of motion to exclude opinions of Itamar Simonson and related opinions of Mark Israel is denied and an unredacted version of that memorandum shall be filed in the public record.

2. The motion to seal exhibits A, B, I, J, M, and O is denied, and those exhibits shall be filed in the public record.

3. The motion to seal exhibit C is granted in part and denied in part. The second sentence in paragraph 66(b) on page 37 along with footnote 114 shall remain under seal at this time. The remaining portions of paragraph 66(b) shall be included in the public record. The fifth sentence in paragraph 68 (beginning "Similarly") and footnotes 119 and 121 shall remain under seal at this time. The remaining portions of paragraph 68 shall be included in the public record.

4. The motion to seal exhibit D is granted in part and denied in part. Portions of exhibit D do not contain commercially sensitive information. The following pages shall remain under seal at this time: Docket nos. 614-3 pages 11, 12, and 15. The remaining pages of exhibit D shall be included in the public record.

5. The motion to seal exhibit E is granted in part and denied in part. Portions of exhibit E do not contain commercially sensitive information. The following pages shall remain under seal at this time: Docket nos. 616-1 pages 5-8, 9-15, 17-18. The remaining pages of exhibit E shall be included in the public record.

6. The motion to seal exhibit F is granted in part and denied in part. Portions of exhibit F do not contain commercially sensitive information. The following pages shall

remain under seal at this time: Docket nos. 616-2 pages 4-8, 10-12, 14, 16-18. The remaining pages of exhibit F shall be included in the public record.

7. The motion to seal exhibit G is granted in part and denied in part. Portions of exhibit G do not contain commercially sensitive information. The following pages shall remain under seal at this time: Docket nos. 616-3 pages 3-7, 9-13, 15-23. The remaining pages of exhibit G shall be included in the public record.

8. The motion to seal exhibit H is granted in part and denied in part. The following footnotes in the Israel report shall remain under seal at this time: footnotes 201, 206, 207. Table 1 on page 145 and Table 3 on page 181 of the Israel report shall remain under seal at this time. Figures 34 and 37 shall remain under seal at this time. Figure 20 does not appear to contain commercially sensitive information and defendant's request to maintain that figure under seal is denied. At the request of a non-party, the court will allow footnote 285 to remain under seal at this time. The remaining portions of exhibit H shall be filed in the public record.

In accordance with this Order, within seven days plaintiffs shall file in the public record an unredacted version of the memorandum in support of motion to exclude opinions of Itamar Simonson and related opinions of Mark Israel with unredacted versions of exhibits A, B, I, J, M, and O. Plaintiffs shall also file in the public record versions of exhibits C, D, E, F, G, and H with only the redactions described above.[1]

---

[1] This ruling is subject to reconsideration by the District Judge if the information allowed to remain under seal at this time is intended to be used during the trial of this case. As set forth in the court's June 24, 2024 Order (Docket no. 871), a hearing may be held before the District Judge on August 9, to address any objections to the public use of confidential documents or testimony designations during trial.

3

Entered this 25th day of July, 2024.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

4