IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:23cv0108 (LMB/JFA) |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

On April 26, 2024, defendant filed a motion to seal various pleadings involving four separate motions – a motion for summary judgment, a motion to exclude testimony from Robin Lee, a motion to exclude testimony from Adoria Lim, and a motion to exclude testimony of Timothy Simcoe. (Docket no. 605). Defendant also filed a combined set of 99 exhibits in support of these four separate motions and has requested in this motion to seal that certain exhibits be filed under seal or that certain information in those exhibits be filed under seal. (Docket nos. 581-586, 588, 591, 595, 597-604). This combined set of exhibits is not separated by the individual motions they are filed in support of and several of the motions only involve a portion of these exhibits. The memorandum in support of this omnibus motion to seal includes appendix A in which defendant states it provides the basis for "the material it is requesting remain under seal" and information that plaintiffs or non-parties have designated as confidential. (Docket no. 606).[1]

---

[1] This appendix addresses only the exhibits that were filed in support of the various motions and does not include any explanation, or support for, the various redactions in the memoranda filed by defendant.

1

Given defendant's approach in combining several separate substantive motions in a single motion to seal, the court will be addressing portions of this motion to seal in individual orders relating to the specific substantive motions. This order will address the motion to seal portions of the memorandum in support of defendant's motion to exclude the testimony of Robin S. Lee. (Docket no. 573, 574). Since only a portion of the combined set of exhibits relates to the motion to exclude testimony from Robin Lee (*e.g.* Exhibits 1, 3, 6, 8, 12-23, 26, 32, 51, 64, 83, 85-90), the court will issue a separate order that resolves the portion of the motion to seal relating to the combined set of exhibits once the redactions for the four separate motions are addressed.

Initially, the court finds that the materials filed relating to this motion would require an analysis of the public's access under the First Amendment standard requiring that access may be restricted only if it is necessitated by a compelling government interest and the denial of access is narrowly tailored to serve that interest. *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004); *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014).

The memorandum in support of the motion to exclude testimony from Robin Lee filed in the public record includes redactions on pages 4-12, 16, 17, 18, 22-24, 26, and 29. (Docket no. 573). Defendant has not provided any specific support for having this redacted information remain under seal in its memorandum in support. (Docket no. 606). Plaintiffs' "omnibus response to motions to seal" also does not include any support for having the information redacted in the memorandum remain under seal. (Docket no. 823). However, non-parties have filed responses requesting that portions of the redacted information remain under seal. (*See,* Docket nos. 814, 822, 784). Having reviewed the arguments provided by the non-parties, the

court finds that allowing *specific* non-public, sensitive commercial information is appropriate under the compelling governmental interest standard.[2]

Having reviewed the submissions of the parties and non-parties and taking into account the Fourth Circuit's directives, the court finds the percentage numbers in footnote 3 on page five and at the bottom of page 22 of the memorandum should remain under seal.

In accordance with this Order, within seven days defendant shall file in the public record a revised version of the memorandum in support of the motion to exclude testimony from Robin Lee in which only the information described above remains redacted.

Entered this 26th day of July, 2024.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

---

[2] This ruling is subject to reconsideration by the District Judge if this information is intended to be used during the trial of this case. As set forth in the court's June 24, 2024 Order (Docket no. 871), a hearing may be held before the District Judge on August 9, to address any objections to the public use of confidential documents or testimony designations during trial.