UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **UNITED STATES**, *et al.*,<br><br>*Plaintiffs*,<br><br>vs.<br><br>**GOOGLE LLC**,<br><br>*Defendant.* | Case No. 1:23-cv-00108-LMB-JFA<br><br>**SPECIFIC OBJECTION TO THE POTENTIAL PUBLIC USE OF NON-PARTY APPLOVIN CORPORATION'S HIGHLY CONFIDENTIAL DATA AND DECLARATION IN SUPPORT** |

**I, Logan Pettigrew, declare as follows**:

1. I am Sr. Managing Litigation & Regulatory Counsel for non-party AppLovin Corporation ("AppLovin"). I am an active member in good standing of the bars of the States of New York and New Jersey. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration in support.

2. Pursuant to the Court's Order (Dkt. No. 871) and the Protective Order (Dkt. No. 98), I submit this specific objection to the potential public use of non-party AppLovin's highly confidential data and declaration in support ("AppLovin's Specific Objection"). As set forth below, the non-party discovery file that is the subject of AppLovin's Specific Objection discloses extensive non-public, sensitive, and confidential business and financial data spanning hundreds of thousands of rows, including data listing AppLovin's specific business volumes across various products, a breakdown of AppLovin's commercial partnerships across these products together with detailed month-by-month business and financial data related to them, and overall revenue and cost information for AppLovin and other non-parties (the "Highly Confidential Data File" produced as APPLOVIN000053). AppLovin does not disclose this non-public, sensitive, and confidential

business and financial data publicly and would not provide that data to competitors, especially at this level of detail.  As described below, good cause, compelling reasons, and significant countervailing interests exist to exclude from public use the narrowly tailored portions of the Highly Confidential Data File set forth on **Exhibit A** and those portions of the eleven expert exhibits listed below that disclose that data.

3. By letter dated July 5, 2024, defendant Google LLC ("Google") notified AppLovin that Google had identified AppLovin's Highly Confidential Data File on its exhibit list for possible use at the upcoming trial in this action.  By email dated July 12, 2024, Google subsequently notified AppLovin that Google identified certain additional "charts, figures, or tables prepared by Google's experts" that disclose the data contained on the Highly Confidential Data File, specifically DTX 1839, DTX 1862, DTX 1891, DTX 1892, DTX 1893, DTX 1948, DTX 1949, DTX 1950, DTX 1955, DTX 1956, and DTX 1991.[1]  AppLovin produced the Highly Confidential Data File (produced as APPLOVIN000053) in July 2023 and designated the file as "highly confidential" pursuant to the Protective Order because a public disclosure of that data would likely cause AppLovin material and significant competitive harm.  I understand that no party to this action challenged that designation and that no party intends to challenge AppLovin's Specific Objection.

4. For the reasons identified below, good cause, compelling reasons, and significant countervailing interests exist to exclude from public use the narrowly tailored portions of the Highly Confidential Data File and expert exhibits (as listed above) prepared based on that highly

---

[1] Because these eleven exhibits implicate the highly confidential information of other non-parties, AppLovin received fully redacted versions of them to review.  They appear to include aggregated data (e.g., annual totals) taken directly from the Highly Confidential Data File and therefore disclose specific aspects of the non-public, sensitive, and confidential business and financial data in the Highly Confidential Data File.  AppLovin will work with Google to ensure that appropriate redactions have been applied to these eleven exhibits, consistent with the Court's decision on AppLovin's Specific Objections.

2

confidential information that disclose non-public, sensitive, and confidential business and financial data spanning hundreds of thousands of rows, including data listing AppLovin's specific business volumes across various products, a breakdown of AppLovin's commercial partnerships across these products together with detailed month-by-month business and financial data related to them, and overall revenue and cost information for AppLovin and other non-parties.  The public disclosure of this non-public, sensitive, and confidential business and financial data would place non-party AppLovin at a significant competitive disadvantage, provide competitors with a strategic and unfair advantage, and likely cause material and significant competitive harm to AppLovin.

5.      As evident from the parties' numerous filings in this action, advertising entities, like non-party AppLovin, operate in a competitive industry.  The non-public, sensitive, and confidential business and financial data contained in the Highly Confidential Data File could be used by competitors to undercut AppLovin's business and make compelling deductions about AppLovin's market strategy, particularly because the month-by-month data presents changes over time, identifies tens of thousands of AppLovin's commercial partners and the detailed month-by-month data related to them, and includes very recent figures.  As just one example, competitors could use the information to identify trends in AppLovin's customers (e.g., fluctuations over time, given the month-by-month data covering numerous years) and then take steps to undercut those relationships, undermine AppLovin's market position, and make compelling deductions about AppLovin's overall strategy.  In addition, competitors could use the information to obtain material and damaging insight into AppLovin's purchasing and pricing strategies in the advertising ecosystem and again undercut AppLovin's business.  Competitors could also make additional deductions by combining the Highly Confidential Data File with their own internal (or otherwise

available) information about the industry. The public has little, if any, interest in this non-party (and non-public) information and the competitive harms that disclosure would create for non-party AppLovin significantly outweigh the trivial if any public interest that may exist in non-party AppLovin's Highly Confidential Data File.

6. As such, good cause, compelling reasons, and significant countervailing interests exist to exclude from public use the narrowly tailored portions of the Highly Confidential Data File set forth on **Exhibit A**, which reveal AppLovin's non-public, sensitive, and confidential business and financial data. For these reasons, I respectfully request that the Court accept AppLovin's Specific Objection and only permit the public use of the redacted version of the Highly Confidential Data File set forth in **Exhibit A** and those portions of the following eleven expert exhibits that do not disclose the non-public, sensitive, and confidential business and financial data contained within the Highly Confidential Data File: DTX 1839, DTX 1862, DTX 1891, DTX 1892, DTX 1893, DTX 1948, DTX 1949, DTX 1950, DTX 1955, DTX 1956, and DTX 1991.[2]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this Declaration in Washington, D.C., on July 24, 2024.

_____
Logan Pettigrew

---

[2] As explained above, AppLovin will work with Google to ensure that appropriate redactions have been applied to these eleven exhibits, consistent with the Court's decision on AppLovin's Specific Objections.

4