UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*, <br><br> *Plaintiffs*, <br> v. <br> GOOGLE LLC, <br><br> *Defendant*. | No: 1:23-cv-00108-LMB-JFA |

**NON-PARTY LINKEDIN CORPORATION'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO REDACT**

Pursuant to Local Rule 5(C) and the Court's June 24, 2024 Order, ECF No. 871, non-party LinkedIn Corporation ("LinkedIn") respectfully submits this memorandum of law in support of its contemporaneously filed Motion to Redact ("Motion"). For the reasons that follow, LinkedIn hereby objects to the public disclosure of DTX 2221 and DTX 1991, which are included on Google's trial exhibit list and are designated "Highly Confidential." *See* ECF No. 894. LinkedIn has narrowly tailored this request to fully redact or seal one document on Google's trial exhibit list, DTX 2221[1], and redact a single row of information from another document, DTX 1991[2], which contain financial data reflecting highly sensitive non-public financial information and would expose LinkedIn to competitive harm. LinkedIn also attaches the Declaration of Abhishek Shrivastava in support of its Motion.

---

[1]   A redacted version of DTX 2221 is attached hereto as Exhibit A. Pursuant to Local Civil Rule 5, unredacted versions of the same are separately being filed under seal.

[2]   A redacted version of DTX 1991 is attached hereto as Exhibit B. Unredacted versions of these exhibits are not available to LinkedIn because they are documents prepared by Google that contain the Highly Confidential information of other third parties, in addition to LinkedIn's Highly Confidential information. As such, unredacted versions of DTX 1991 have not been shared with LinkedIn.

1

For the reasons stated below, LinkedIn respectfully requests that the Court fully redact or seal DTX 2221 and redact DTX 1991. LinkedIn further requests that, to the extent DTX 2221 or DTX 1991 are presented at trial, the competitively sensitive and highly confidential LinkedIn data not be shown on public screens and that any testimony discussing or relating to the underlying data be conducted in closed session.

## I.     LEGAL STANDARD

While there is a common law presumption of access to trial proceedings and judicial records, sealing of judicial records is appropriate when "competing interests outweigh the interest in access." *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Courts have found that this presumption of public access is overcome where documents contain sensitive and confidential business information that could cause competitive harm. *See, e.g.*, *Fed. Trade Comm'n v. Syngenta Crop Prot. AG*, 695 F. Supp. 3d 701, 706-07 (M.D.N.C. 2023) (granting motion to seal confidential business information); *Solomon v. Am. Web Loan, Inc.*, No. 17-CV-145, 2020 WL 13894410, at *2 (E.D. Va. Oct. 15, 2020) (granting motion to seal "confidential commercial information that concern matters . . . normally unavailable to the public and not of general interest to the public."); *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 12-CV-525, 2015 WL 13036877, at *1 (E.D. Va. Feb. 6, 2015) (granting motion to seal "sensitive business information").

Specifically, courts in this Circuit grant motions to seal or redact where documents implicate sensitive financial data. *See e.g., Jones v. Lowe's Companies, Inc.*, 402 F. Supp. 3d 266, 291–92 (W.D.N.C. 2019) (sealing deposition testimony that discussed financial data); *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2011 WL 901958, at *2 (E.D.N.C. Mar. 15, 2011) (granting motion to seal "sensitive financial and business information"). For instance,

courts will grant motions to seal where documents contain gross profit or revenue data. *See e.g.*, *E. W., LLC v. Rahman*, No. 11-CV-1380, 2012 WL 3841401, at *3 (E.D. Va. Sept. 4, 2012) (granting motion to seal "sensitive financial data, including gross profit data"); *Flexible Benefits Council v. Feltman*, No. 20- CV-1450, 2008 WL 4924711, at *1 (E.D. Va. Nov. 13, 2008) (granting motion to seal "sensitive financial information . . . including 15 years of revenue data.").

Under established Fourth Circuit precedent, there are three requirements for sealing or redacting court filings: (1) public notice with an opportunity to object; (2) consideration of less drastic alternatives to redacting or sealing of the document; and (3) a statement of specific findings in support of a decision to redact or seal and rejecting alternatives to redaction or sealing. *See Globus Medical, Inc. v. Jamison*, No. 2:22-cv-00282, 2023 WL 4937386, at *2 (E.D. Va. Jan. 13, 2023) (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000)).

## II. ARGUMENT

Here, all three requirements are met.

*First*, LinkedIn is filing public notice of its Motion to Redact contemporaneous with this Memorandum of Law. The Court's June 24, 2024 Order provides an opportunity to object to LinkedIn's sealing request by August 2, 2024. ECF No. 871. Based on the forgoing, the public notice requirement pursuant to governing law in this Circuit, Federal Rule of Civil Procedure 5.2(d), and Local Civil Rule 5 has been met.

*Second*, there is no less drastic alternative than fully redacting or sealing DTX 2221 and redacting DTX 1991. LinkedIn's redaction request is narrow and discrete because it is limited to

3

two documents on Google's trial exhibit list, which contain detailed financial information that would harm LinkedIn if publicly disclosed.[3]  *See* Shrivastava Decl. ¶ 2-3.

*Third*, LinkedIn represents that DTX 2221 and DTX 1991 contain highly sensitive financial information.  LinkedIn is not a party to these proceedings, and as described in the accompanying Shrivastava Declaration, compelling reasons exist to redact or seal this information.  Notably, both DTX 2221 and DTX 1991 contain LinkedIn's specific revenue derived from advertising. *See e.g.*, Shrivastava Decl. ¶ 2; *Rahman*, 2012 WL 3841401, at *3 (granting motion to seal "sensitive financial data, including gross profit data"); *Flexible Benefits Council*, 2008 WL 4924711, at *1 (granting motion to seal "sensitive financial information . . . including 15 years of revenue data."). Disclosure of this information would cause competitive harm to LinkedIn for multiple reasons. First, access to this information could allow a competitor to access highly sensitive information relating to LinkedIn's advertising revenue.  This could harm LinkedIn in head-to-head competition for advertisers.  *See* Shrivastava Decl. ¶ 2.   Second, DTX 2221 would reveal the volume of advertising transactions that LinkedIn enters into, which is also sensitive information that would cause competitive harm to LinkedIn if accessed by a competitor.  *Id.*  Indeed, disclosure of the sheer number of spreadsheet rows in DTX 2221 alone would constitute disclosure of confidential information that could be used by LinkedIn's competitors and potential competitors to replicate LinkedIn's advertising strategies and harm LinkedIn.

---

[3]     LinkedIn requests that DTX 2221 be fully redacted or sealed in its entirety. DTX 2221 is an excel spreadsheet that lists impressions, clicks, revenue, and net revenue from specific advertisements.  Because disclosure of even the total number of rows in the spreadsheet could inform competitors of specific advertising numbers, LinkedIn respectfully requests that the entire document be redacted or sealed.  With respect to DTX 1991, LinkedIn respectfully requests that the three specific references to LinkedIn's advertiser spending be redacted, which reflect total revenue numbers that are derived directly from DTX 2221.

4

The following chart details the specific document at issue and the competitively sensitive information contained therein:

| Exhibit Number (Bates) | Document description | Portion sought to be redacted | Reason(s) for redaction/sealing request |
|---|---|---|---|
| DTX 2221 (LI_DOJ_G_2023_00003515) | LinkedIn Revenues Derived from the Advertising, 2020-2023. | Fully Redact or Seal Entirety of Data Set. | Discloses specific revenue derived by LinkedIn from advertising including gross revenue and net revenue. This non-public, proprietary, and highly confidential financial information could be used by competitors to calculate the volume of LinkedIn's advertising transactions and its advertising revenue, which would cause competitive harm. |
| DTX 1991 | Israel Report Table 24: Shares Among Advertiser Buying Tools, Ad Exchanges, and Publisher Ad Servers for All U.S. Display Advertising 2022. | Redact References to LinkedIn "spending" numbers. | Discloses specific LinkedIn revenue derived from DTX 2221. This non-public, proprietary, and highly confidential financial information could be used by competitors to obtain LinkedIn's advertising revenue, which would cause competitive harm. |

For the foregoing reasons, LinkedIn respectfully requests that the Court enter an order fully redacting or sealing DTX 2221 and redacting DTX 1991. LinkedIn further requests that, to the extent DTX 2221 or DTX 1991 are presented at trial, the competitively sensitive and highly confidential LinkedIn data not be shown on public screens and that any testimony discussing or relating to the underlying data be conducted in closed session.

Dated: July 26, 2024

Respectfully submitted,

*s/ John (Jay) Jurata, Jr.*

John (Jay) Jurata, Jr. (VA Bar No. 46314)
DECHERT LLP

1900 K Street NW
Washington, DC 20006
Telephone: +1 (202) 261-3300
jay.jurata@dechert.com

*Attorney for Non-Party TikTok, Inc.*