**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>GOOGLE LLC,<br><br>　　　　　　　　　　Defendant. | No. 1:23-cv-00108-LMB-JFA |

**MEMORANDUM IN SUPPORT OF
<u>NON-PARTY MARS, INC.'S MOTION TO SEAL</u>**

　　　Pursuant to the Court's pretrial scheduling order dated June 24, 2024 (ECF No. 871) and Local Civil Rule 5, Non-Party Mars, Inc. ("Mars") respectfully files this memorandum in support of Non-Party Mars, Inc.'s Motion to Seal Trial Exhibit DOJ_MARS_0000570. Mars objects to the public use of Highly Confidential document DOJ_MARS_0000570, which is listed on Google LLC's ("Google's") exhibit list for possible use at trial.

　　　Mars designated the document DOJ_MARS_0000570 Highly Confidential, as defined in the May 11, 2023 Modified Protective Order (ECF No. 203). The information contained therein is proprietary, non-public, financial and strategic business information. This information, if disclosed publicly or to a party, is likely to cause Mars material and significant competitive and commercial harm. Moreover, disclosing this information would violate confidentiality obligations Mars has to third-party vendors.

　　　Mars proposes redactions that are narrowly tailored to Mars' proprietary and confidential third-party information contained in the exhibit, specifically, highly sensitive dollar amounts of recent marketing spend broken down by media category and with specific third-party partners.

Therefore, Mars respectfully requests the Court order the exhibit to remain in redacted form and not be used publicly at trial.

**ARGUMENT**

While there is a general public right of access to judicial records, that right of access is "not absolute." *Nixon v. Warner Communic'ns, Inc.*, 435 U.S. 589, 598 (1978). The right of public access to judicial records "derives from two independent sources: the First Amendment and the common law." *In re United States for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) (citing *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004)). For either the common law or the First Amendment to apply, the documents at issue must be judicial records, which include "documents filed with the court . . . if they play a role in the adjudicative process." *Id.*

Access to judicial records under the common law can be rebutted if "the public's right of access is outweighed by competing interests." *Id.* (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). Courts have long recognized an entity's interest in protecting its competitively sensitive business information, and that interest may weigh in favor of confidentiality. *See Warner Commc'ns, 435 U.S. at 598* (protecting "sources of business information that might harm a litigant's competitive standing"); *Knight Publ'g, 743 F.2d at 235* ("[T]he factors to be weighed in the balancing test include . . . unfairly gaining a business advantage."). Access to judicial records under the First Amendment may be rebutted by a "compelling governmental interest . . . [that is] narrowly tailored to serve that interest." *In re United States*, 707 F.3d at 290 (alteration in original) (quoting *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004)). Some "private interests might . . . implicate higher values sufficient to override . . . the First Amendment presumption of public access" to judicial records. *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 580 (E.D. Va.

2009). For example, sealing of court records may be justified under the First Amendment to protect proprietary and confidential information, disclosure of which "could result in significant damage to the company." *Adams v. Object Innovation, Inc.*, No. 3:11–cv–272–REP–DWD, 2011 WL 7042224 (E.D. Va. Dec. 5, 2011); *see also Woven Elec. Corp. v. Advance Grp., Inc.*, 930 F.2d 913 (4th Cir. 1991) (holding that sealing is appropriate to protect the parties' sensitive proprietary information). Sealing is especially justified when disclosure "could harm third-parties and not just the movant's interests." *Lifenet Health v. Lifecell Corp.*, No. 2:13–cv–486, 2015 WL 12517430, at *4 (E.D. Va. Feb. 12, 2015) (finding the movant's "interest in protecting its and third-parties confidential commercial information is significant enough to outweigh the First Amendment right of access").

Mars objects to the public use of a trial exhibit—which is a judicial record the disclosure of which is governed by common law and the First Amendment—and requests narrow redactions to portions of the document that satisfy the standard for sealing under either standard.

There are three requirements in the Fourth Circuit to seal court filings: "(1) public notice with an opportunity to object[,] (2) consideration of less drastic alternatives, and (3) a statement of specific findings in support of a decision to seal and rejecting alternatives to sealing." *Globus Med., Inc. v. Jamison*, No. 2:22-cv-00282-RBS-LRL, 2023 WL 4937386, at *2 (E.D. Va. Jan. 12, 2023) (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000)). Mars has satisfied each of these requirements.

*First*, Mars has satisfied the public notice requirement by filing a specific objection and redacted version of DOJ_MARS_0000570 in the public record according to the Court's pretrial Order dated June 24, 2024.

*Second*, there are no less drastic alternatives to protecting Mars' commercially sensitive information than sealing the limited portions of DOJ_MARS_0000570. Mars has proposed

redactions that are narrowly tailored to protect its and third-parties' proprietary financial and marketing information. Mars' proposed redactions are limited to the confidential information contained in the exhibits and are therefore the least restrictive alternative to protect its proprietary information.

*Third*, the Highly Confidential information Mars seeks to have redacted is confidential and commercially sensitive, containing specific dollar amounts of Mars' advertising spend across media type and across specific, named third-party partners. This specific financial and strategic information constitutes proprietary trade secrets, exposure of which would cause Mars material and significant competitive and commercial harm. Moreover, public use of this information would reveal highly sensitive business information that could harm Mars' third-party partners. The proposed redactions protect extremely sensitive commercial information that Mars, as a privately held company, does not make available to the public.

Mars' interest in protecting its confidential information and the harm that Mars and third-parties will suffer from disclosure weigh in favor of sealing the limited information over which Mars seeks protection here. For these reasons, Mars respectfully requests that the Court order document DOJ_MARS_0000570 be used publicly in its redacted form or under seal in its unredacted form.

Dated: July 26, 2024                                    Respectfully submitted,

                                                        /s/ *Tara Reinhart*
                                                        Tara Reinhart
                                                        (Va. Bar No. 37795)
                                                        Skadden, Arps, Slate, Meagher & Flom LLP
                                                        1440 New York Avenue, N.W.
                                                        Washington, DC 20005
                                                        Telephone: (202) 371-7630
                                                        Facsimile: (202) 661-9030

tara.reinhart@skadden.com

Karen Hoffman Lent (*pro hac vice pending*)
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3276
Facsimile: (917) 777-3276
karen.lent@skadden.com

*Counsel for Non-Party Petitioner Mars, Inc.*