IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **United States of America, *et al.*,**     ) | |
| Plaintiffs,     ) | |
| ) | |
| v.     ) | Case No. 1:23cv00108 (LMB-JFA) |
| ) | |
| **Google LLC,**     ) | |
| Defendant.     ) | |

**NON-PARTY OPENX'S OBJECTION TO**
**PUBLIC USE OF CONFIDENTIAL INFORMATION**

Pursuant to this Court's Order dated June 24, 2024 (Dkt. 871) and the Protective Order in this Case (Dkt. 203), non-party OpenX Technologies, Inc. ("OpenX") respectfully submits its objection to the public use of OpenX's confidential information. Currently, information that OpenX has designated as confidential information per the Protective Order in this case is included in the parties' deposition designations and proposed trial exhibit lists. (Dkts. 891, 892, 893, 894, 917, 919). Perhaps most importantly, OpenX understands that some trial exhibits contain OpenX's confidential data that was produced to the parties during discovery in this case and has been relied on by experts retained by the parties and may be used at trial.

OpenX objects to any of its confidential information being made public and does not believe it can provide the Court with targeted redactions for data produced to the parties. OpenX has no way of providing redactions because of the format and manner in which it was produced to the parties, and all of the information included in the data is OpenX's confidential business information, which OpenX would seek to protect from public disclosure.[1] For documents listed as

---

[1] Because OpenX has not been able to view the data that the parties have included in their trial exhibits, OpenX cannot confirm that it is even in possession of the data were it possible to provide redactions.

1

trial exhibits, OpenX believes that the vast majority of the information included in the OpenX documents currently on the parties' proposed exhibit lists is irrelevant to the facts of this case and its public disclosure would only serve to harm OpenX's competitive standing. Accordingly, OpenX objects to public disclosure of the confidential information included in the proposed trial exhibits. Further, OpenX understands that many proposed trial exhibits or deposition designations are currently subject to objections by the parties and may not be used at trial (or included in any filings), and therefore respectfully requests that the Court maintain the confidentiality protections provided by the Protective Order for all of OpenX's confidential information until and unless such information is eventually used at trial or in a public filing.

## LEGAL STANDARD

"[T]he right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files" are "sources of business information that might harm" a party's "competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In this Circuit, Courts have repeatedly found that the presumption of access to judicial records "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). *See also Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Rushford*). Some of the factors to be weighed by a Court "include whether the records are sought for improper purposes" such as "unfairly gaining a business advantage." *Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). Courts in this Circuit have found that sealing is appropriate where the information "would give a windfall to competitors," grant counterparties "an advantage to seek more favorable terms" in future negotiations, or enable competitors to "modify their business strategies to" disadvantage the party seeking to seal its confidential

2

information. *Fed. Trade Comm'n v. Syngenta Crop Prot. AG*, No. 1:22CV828, 2023 WL 6379625, at *3 (M.D.N.C. Sept. 28, 2023). *See also Bayer Cropscience Inc. v. Syngenta Crop Prot., LLC*, 979 F. Supp. 2d 653, 656–57 (M.D.N.C. 2013) (granting Motion to Seal certain confidential "marketing, sales, and licensing information which is not ordinarily public.").

## ARGUMENT

Currently, OpenX has been informed by the parties of deposition designations of an OpenX witness and at least 33 trial exhibits that contain OpenX's confidential information, including OpenX's data that was produced to the parties. Collectively, the documents contain over 800 pages of material. The vast majority of the confidential information contained in these documents is irrelevant to the facts of this case and information that OpenX would not publicly disclose in the ordinary course. OpenX is not a publicly traded corporation, and therefore it typically does not make any of its internal financial planning information public. Many of the documents that contain confidential information are presentations that were made to OpenX's board of directors. Such presentations are not shared publicly, and OpenX considers the information that it shares with its board of directors to be confidential, sensitive business information. The confidential information includes OpenX's confidential business and financial plans, valuation estimations for OpenX's business, specific cost information, and confidential communications to OpenX's business partners. Public disclosure of this confidential information could cause harm to OpenX's competitive standing. For instance, OpenX may struggle to retain investors or encourage new investors if its financial or valuation information were publicly disclosed. Because OpenX typically does not make certain financial information public, the disclosure of such information would have an outsized impact on OpenX, as it would grant competitors insight into OpenX's competitive position that they otherwise would not have. Additionally, if confidential information

about OpenX's business partners was publicly disclosed, OpenX may suffer harm if those partners decided to end their partnership with OpenX or demand less favorable terms to their agreements with OpenX in response to the information being made public. Accordingly, OpenX objects to its confidential information in its documents being publicly disclosed.

For OpenX's data, and citations to that data that may be included in other trial exhibits, OpenX objects to any public disclosure that identifies OpenX as the source of the data. The data that OpenX produced to the parties included some of OpenX's most confidential business information, including recent revenue information and take rates, that OpenX actively seeks to keep confidential in the ordinary course of business. OpenX only produced that information to the parties in this case pursuant to subpoenas and the Protective Order in this case. Public disclosure of OpenX's confidential data would cause significant harm to OpenX's competitive standing, as it could allow competitors to gain an advantage over OpenX and allow customers to demand terms that would be less favorable to OpenX.

OpenX appreciates the "public interests in access" to judicial records and understands that there is a strong presumption to public access for information that is used at trial in this case. *Rushford*, 846 F.2d 249, 253 (4th Cir. 1988). OpenX understands from Paragraph 23 of the Protective Order that the parties will propose procedures for disclosing confidential information at trial. OpenX will follow all procedures adopted by the Court governing the disclosure of confidential information at trial to ensure that there is no infringement of the public's right to access judicial records while still protecting competitively sensitive information of the parties and non-parties like OpenX.

Included in the table below is a non-confidential description of the material that OpenX requests the Court keep confidential prior to potential use at trial.

| Document Number | Description of Material | Basis for Keeping Information Confidential |
|---|---|---|
| OPENX-00012883 | Presentation to OpenX Board of Directors | This document contains sensitive business planning and financial information shared with OpenX's board of directors |
| OPENX-00001018 | Internal presentation about a possible strategic transaction | This document contains confidential information relating to OpenX's plans for a potential strategic transaction |
| OPENX-00001093 | Materials presented to potential investor | This document contains OpenX's confidential financial and business information that was presented to a potential investor and is subject to a Non-Disclosure Agreement. |
| OPENX-00001147 | Valuation materials | This document contains confidential information relating to OpenX's estimations related to valuation of OpenX |
| OPENX-00004679 | Presentation of Strategic Overview of OpenX | This document contains confidential information related to OpenX's costs |
| OPENX-00007346 | Presentation for potential business partner | This document contains confidential information about OpenX's plans with a potential business partner |
| OPENX-00000281 | Presentation to OpenX Board of Directors | This document contains sensitive business planning and financial information shared with OpenX's board of directors |
| OPENX-00000565 | Presentation to OpenX Board of Directors | This document contains sensitive business planning and financial information shared with OpenX's board of directors |
| OPENX-00000720 | Presentation to OpenX Board of Directors | This document contains sensitive business planning and financial information shared with OpenX's board of directors |
| OPENX-00001996 | Presentation to OpenX Board of Directors | This document contains sensitive business planning and financial information shared with OpenX's board of directors |
| OPENX-00002175 | Presentation to OpenX Board of Directors | This document contains sensitive business planning and financial information shared with OpenX's board of directors |

| John Gentry Deposition | Page 21:8-22:25 | This testimony concerns confidential analysis of OpenX's revenues and take rate |
| | Page 86:15-86:16 | |
| | Page 87:19-87:21 | |
| OpenX Data | Data provided by OpenX to the parties pursuant to subpoenas in this case | The data produced in this case includes some of OpenX's sensitive financial information, and other confidential information, and much of the data is recent, meaning public disclosure could cause serious harm to OpenX's business. |

## CONCLUSION

WHEREFORE, for each of the reasons stated above, OpenX respectfully requests that this Honorable Court maintain the current confidentiality protections for OpenX's confidential information.

_____/s/_____

Patrick Greco
Va. Bar No. 90756
Kressin Meador Powers LLC
300 New Jersey Ave NW, Ste 900
Washington, DC 20001
Patrick@kressinmeador.com

Brandon Kressin (*admitted pro hac vice*)
Kressin Meador Powers LLC
300 New Jersey Ave NW, Ste 900
Washington, DC 20001
Brandon@kressinmeador.com

Counsel for OpenX