IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **United States of America,** *et al.*,<br>    **Plaintiffs,** | )<br>)<br>) |
| v. | ) |
| **Google LLC,**<br>    **Defendant.** | )<br>)<br>)<br>) |

Case No. 1:23cv00108 (LMB-JFA)

### NON-PARTY MAGNITE, INC.'S OBJECTION TO
### PUBLIC USE OF CONFIDENTIAL INFORMATION

Pursuant to this Court's Order dated June 24, 2024 (Dkt. 871) and the Protective Order in this Case (Dkt. 203), non-party Magnite, Inc. ("Magnite") respectfully submits its objection to the public use of Magnite's confidential information. Currently, information that Magnite has designated as confidential information per the Protective Order in this case is included in the parties' deposition designations and proposed trial exhibit lists. (Dkts. 891, 892, 893, 894, 917, 919). Perhaps most importantly, Magnite understands that some trial exhibits contain Magnite's confidential data that was produced to the parties during discovery in this case and has been relied on by experts retained by the parties and may be used at trial.

Magnite objects to any of its confidential information being made public and does not believe it can provide the Court with targeted redactions without insight from the parties as to what specific information included in the proposed trial exhibits is intended to be used at trial or in any filings in this case. For data produced to the parties, Magnite has no way of providing redactions because of the format and manner in which it was produced to the parties, and all of the information

included in the data is Magnite's confidential business information.[1] For documents listed as trial exhibits, Magnite believes that the vast majority of the information included in the Magnite documents currently on the parties' proposed exhibit lists is irrelevant to the facts of this case and its public disclosure would only serve to harm Magnite's competitive standing. Accordingly, Magnite objects to public disclosure of the confidential information included in the proposed trial exhibits.  Further, Magnite understands that many proposed trial exhibits or deposition designations are currently subject to objections by the parties and may not be used at trial (or included in any filings), and therefore respectfully requests that the Court maintain the confidentiality protections provided by the Protective Order for all of Magnite's confidential information until and unless such information is eventually used at trial or in a public filing.

## LEGAL STANDARD

"[T]he right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files" are "sources of business information that might harm" a party's "competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In this Circuit, Courts have repeatedly found that the presumption of access to judicial records "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). *See also Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Rushford*). Some of the factors to be weighed by a Court "include whether the records are sought for improper purposes" such as "unfairly gaining a business advantage." *Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). Courts in this Circuit have found that sealing

---

[1] Because Magnite has not been able to view the data that the parties have included in their trial exhibits, Magnite cannot confirm that it is even in possession of the data were it possible to provide redactions.

2

is appropriate where the information "would give a windfall to competitors," grant counterparties "an advantage to seek more favorable terms" in future negotiations, or enable competitors to "modify their business strategies to" disadvantage the party seeking to seal its confidential information. *Fed. Trade Comm'n v. Syngenta Crop Prot. AG*, No. 1:22CV828, 2023 WL 6379625, at *3 (M.D.N.C. Sept. 28, 2023). *See also Bayer Cropscience Inc. v. Syngenta Crop Prot., LLC*, 979 F. Supp. 2d 653, 656–57 (M.D.N.C. 2013) (granting Motion to Seal certain confidential "marketing, sales, and licensing information which is not ordinarily public.").

## ARGUMENT

Currently, Magnite has been informed by the parties of deposition designations of a Magnite witness and at least 19 trial exhibits that contain Magnite's confidential information, including Magnite's data that was produced to the parties. Collectively, the documents contain over 1,000 pages of material. The vast majority of the confidential information contained in these documents is irrelevant to the facts of this case and information that Magnite would not publicly disclose in the ordinary course. The confidential information includes Magnite's confidential business and financial plans (including plans for products that are not included in the markets at issue in this case), Magnite's confidential information related to hiring and retaining employees (including employees that work on products that are not included in the markets at issue in this case), and confidential details regarding Magnite's business partnerships. Public disclosure of this irrelevant confidential information would cause significant harm to Magnite. For instance, with regards to Magnite's hiring practices and Magnite employees, disclosure of this information could make it difficult for Magnite to retain or acquire employees. Additionally, if confidential information about Magnite's business partners was publicly disclosed, Magnite may suffer harm if those partners decided to end their partnership with Magnite or demand less favorable terms to

their agreements with Magnite in response to the information being made public. In some cases, Magnite is still in confidential discussions with potential business partners, and public disclosure of those plans could harm Magnite's ability to come to an agreement with the potential partner. Accordingly, Magnite objects to its confidential information in its documents being publicly disclosed.

For Magnite's data, and citations to that data that may be included in other trial exhibits, Magnite objects to any public disclosure. The data that Magnite produced to the parties included some of Magnite's most confidential business information, including recent revenue information and take rates, that Magnite actively seeks to keep confidential in the ordinary course of business. Magnite only produced that information to the parties in this case pursuant to subpoenas and the Protective Order in this case. Public disclosure of Magnite's confidential data would cause significant harm to Magnite's competitive standing, as it could allow competitors to gain an advantage over Magnite and allow customers to demand terms that would be less favorable to Magnite.

Magnite appreciates the "public interests in access" to judicial records and understands that there is a strong presumption to public access for information that is used at trial in this case. *Rushford*, 846 F.2d 249, 253 (4th Cir. 1988). However, until Magnite can determine what information included in the parties' trial exhibits is intended for use at trial, Magnite believes that its confidential information should retain the confidentiality protections afforded by the Protective Order in this case. Magnite understands from Paragraph 23 of the Protective Order that the parties will propose procedures for disclosing confidential information at trial. Magnite will follow all procedures adopted by the Court governing the disclosure of confidential information at trial to

4

ensure that there is no infringement of the public's right to access judicial records while still protecting competitively sensitive information of the parties and non-parties like Magnite.

Included in the table below is a non-confidential description of the material that Magnite requests the Court keep confidential prior to potential use at trial.

| Document Number | Description of Material | Basis for Keeping Information Confidential |
|---|---|---|
| MAGNITE-00004978 | Internal materials from an "All Hands" meeting | This document contains confidential information relating to Magnite's business plans and confidential information relating to certain individuals employed by Magnite |
| MAGNITE-00003887 | Internal materials from an "All Hands" meeting | This document contains confidential information relating to Magnite's business partnerships and sales strategies |
| MAGNITE-00004628 | Internal materials from an "All Hands" meeting | This document contains confidential information relating to Magnite's business plans and Magnite's confidential financial information |
| MAGNITE-00005773 | Internal materials from an "All Hands" meeting | This document contains confidential information relating to Magnite's business plans and confidential information relating to certain individuals employed by Magnite |
| MAGNITE-00000095 | Materials from a presentation to Magnite's Board of Directors | This document contains sensitive business planning and financial information shared with Magnite's board of directors |
| MAGNITE-00001879 | Materials from a presentation to Magnite's Board of Directors | This document contains sensitive business planning and financial information shared with Magnite's board of directors |
| MAGNITE-00002598 | Materials from a presentation to Magnite's Board of Directors | This document contains sensitive business planning and financial information shared with Magnite's board of directors |
| MAGNITE-00007152 | Materials from a presentation to Magnite's Board of Directors | This document contains sensitive business planning and financial information shared with Magnite's board of directors |

| MAGNITE-00013445 | Materials from a presentation to the Rubicon Project's Board of Directors | This document contains sensitive business planning and financial information shared with the Rubicon Project's board of directors |
|---|---|---|
| MAGNITE-00015781 | Internal notes for a presentation to potential customers | This document contains confidential information related to sales plans for attracting potential customers |
| MAGNITE-00014374 | Diligence materials from a Magnite acquisition | This document contains Magnite's confidential business and financial information that was shared during due diligence with an acquisition target |
| MAGNITE-00003551 | Magnite Rate Card | This document contains Magnite's confidential internal rules for offering rates and other terms to potential customers based on the volume of spend customers have with Magnite |
| RUBICON-00001139 | Internal email regarding confidential discussions with Google | This document contains internal strategy discussions regarding confidential discussions held with Google |
| RUBICON-00001139 | Confidential Submission to UK Competition & Markets Authority | This document contains confidential business information that was submitted in response to an inquiry by the UK's Competition and Markets Authority |
| RUBICON-00000094 | Confidential Submission to UK Competition & Markets Authority | This document contains confidential business information that was submitted in response to an inquiry by the UK's Competition and Markets Authority |
| Deposition of Adam Soroca | Page 193, Lines 6-8 and 11-22 of the deposition of Magnite employee Adam Soroca | This testimony concerns confidential analysis of Magnite's take rate |
| Magnite Data | Magnite produced confidential data, including data regarding revenues and take rates, to the parties pursuant to subpoenas | The data produced in this case includes some of Magnite's sensitive financial information, and other confidential information, and much of the data is recent, meaning public disclosure could cause serious harm to Magnite's business. |

## CONCLUSION

WHEREFORE, for each of the reasons stated above, Magnite respectfully requests that this Honorable Court maintain the current confidentiality protections for Magnite's confidential information.

_____/s/_____

Patrick Greco
Va. Bar No. 90756
Kressin Meador Powers LLC
300 New Jersey Ave NW, Ste 900
Washington, DC 20001
Patrick@kressinmeador.com

Brandon Kressin (*admitted pro hac vice*)
Kressin Meador Powers LLC
300 New Jersey Ave NW, Ste 900
Washington, DC 20001
Brandon@kressinmeador.com

Counsel for Magnite