IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, et al.,<br><br>        *Plaintiffs,*<br><br>v.<br><br>GOOGLE LLC,<br><br>        *Defendant.* | No.: 1:23-cv-00108-LMB-JFA |

## X CORP.'S OBJECTION TO THE PUBLIC USE OF CONFIDENTIAL DOCUMENTS AND INFORMATION AT TRIAL

Under this Court's Order dated June 24, 2024, X Corp., as successor in interest to Twitter, Inc. ("X Corp."), respectfully submits this Objection to the Public Use of Confidential Documents and Information, and respectfully requests that only the redacted versions of trial exhibits titled "TWTR-DOJ-00029214" and "TWTR-DOJ-00030702" (attached as Exhibits 1 and 2) be used publicly at trial. This Objection is made to protect X Corp.'s documents containing highly sensitive and confidential information regarding commercial strategy, business performance, marketing strategy, and other competitively sensitive data and information.

## BACKGROUND

X Corp.'s predecessor Twitter, Inc. ("Twitter") was a non-party to these proceedings. Twitter produced documents containing highly confidential competitively sensitive information in response to a nonparty subpoena served in this action, including documents bearing the Bates number TWTR-DOJ-00029214 and TWTR-DOJ-00030702. Those are X Corp.'s documents containing advertising campaign information, revenue information, performance information, and other marketing strategies regarding Twitter's advertising business ("Confidential Documents").

1

On April 4, 2023, this Court entered a protective order (ECF No. 98), which it modified on May 11, 2023 (ECF No. 203; "Protective Order"). The Protective Order permits a non-party to designate materials as "Confidential" or "Highly Confidential." On June 5, 2023, this Court entered an Order Regarding Coordination of Discovery (ECF No. 251; "Coordination Order") in this action, which incorporates by reference the Protective Order's relevant provisions, including the definitions of Confidential and Highly Confidential Information.

"Confidential Information" or "Confidential" is defined as:

> Information (regardless of how it is generated, stored or maintained) or tangible things that constitute a *trade secret or other non-public confidential financial, technical, research, sales, marketing, development, or commercial information* and that have been so designated, or any Document, transcript, or other material containing such information that has not been published or otherwise made publicly available.[ …] Confidential Information *includes (i) information copied or extracted, summarized or compiled from Confidential Information,* and (ii) testimony, conversations, or presentations by Parties or their Counsel that reveal Confidential Information*.*

See *id*. at 2 (emphases added throughout).

"Highly Confidential Information" or "Highly Confidential" is defined as:

> information that, if disclosed publicly or to a Party, is likely to cause the Producing Party *material and significant competitive or commercial harm, and that has been so designated*.[] Subject to the foregoing, Highly Confidential Information may include trade secrets, including algorithms and Source Code; non-public, commercially sensitive customer lists; *non-public financial, marketing, or strategic business planning information; current or future non-public information regarding prices, costs, or margins*; information relating to research, development testing of, or plans for existing or proposed future products; evaluation of the strengths and vulnerabilities of a Protected Person's product offerings, including non-public pricing and cost information; confidential contractual terms, *proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions)*; information relating to pending or abandoned patent applications that have not been made available to the public; personnel files; sensitive personally identifiable information; and communications that disclose any Highly Confidential Information. [….]

See *id*. at 3 (emphases added throughout).

2

The Protective Order also defines "Non-Party" as "any natural person, partnership, corporation, association, or other legal entity not named as a Party in the Action." *See id.* at 6. X Corp. is a "Non-Party."

The redacted portions of the Confidential Documents contain highly sensitive proprietary information that fall within the definitions of Confidential and Highly Confidential Information. The public disclosure of that information would cause significant, irreparable harm to X Corp. and put it at a disadvantage against its competitors.

## ARGUMENT

**I.     X Corp. Respectfully Requests Its Commercially Sensitive Proprietary and Trade Secret Information Be Redacted.**

In the Fourth Circuit, courts can seal or allow for redactions to judicial documents "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). A "corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing [or redaction] of court records." *Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014). Where public disclosure of such information "would cause competitive harm to both parties and nonparties to this action and place them at a competitive disadvantage," redaction is appropriate. *See Solomon v. Am. Web Loan, Inc.*, 2020 WL 13894410, at *2 (E.D. Va. Oct. 15, 2020). Indeed, where the public's right of access is outweighed by competing interests, the court may seal or allow for redaction of judicial records. *E. W., LLC v. Rahman*, 2012 WL 3841401, at *1 (E.D. Va. Sept. 4, 2012).

Here, X Corp. requests that the Confidential Documents in their redacted form only be used for purposes of trial. This alternative, more tailored course of action is necessary "to protect information related to confidential business information and other trade secret protected information." *Id*. Neither of the documents X Corp. seeks to redact have previously been made public, and their disclosure would cause X Corp. significant commercial and competitive harm

3

by, *inter alia*, disclosing information about Twitter's advertising campaigns, revenue performance, marketing and commercial strategies, and business performance.

The Confidential Documents contain information as recent as 2020 and spanning a 5-year period. Although that information concerns Twitter before it was acquired, the information is still relevant and pertinent to X Corp.'s strategies about advertising, marketing and commercial strategies, and business performance. Given the recency of these materials, their continued commercial sensitivity, and their relevance to X Corp's current strategic approach and business operations, their disclosure would allow X Corp.'s competitors, and others, to leverage this information to place X Corp. at a competitive disadvantage. Courts in the Fourth Circuit have found similar information meets the standard for redaction or sealing. *See, e.g., E. W., LLC* at *3 (finding it proper to seal "sensitive financial data, including gross profit data, the disclosure of which would be highly likely to cause significant harm to the [company's] business competitive position"); *HiQ Materials AG v. ICP Indus., Inc.,* 2023 WL 4842783, at *2 (M.D.N.C. June 28, 2023) (allowing redactions where defendant "seeks to redact only proprietary business and customer information and trade secrets in the form of financial analyses, market research, pricing formulas, and highly sensitive customer needs and preferences"); *360 Mortg. Grp., LLC v. Stonegate Mortg. Corp.*, 2016 WL 4939308, at *1-2 (E.D.N.C. Sept. 14, 2016) ("business techniques, the identification of . . . customers, and . . . finances" are "the type of confidential business information properly subject to protection").

**II.     X Corp.'s Redactions Are Limited and Tailored.**

X Corp. seeks only limited redactions as necessary to protect its commercially sensitive, non-public financial information; advertising and marketing performance, usage, and revenue data; and details relevant to its commercial strategies. X Corp. respectfully requests that this information be redacted from the Confidential Documents to be used at trial, because X Corp. would likely suffer substantial economic harm by its disclosure, outweighing the public's right of access. X Corp.'s redactions are narrowly tailored, and no less restrictive means exist to protect the information. *See Philpot v. Indep. J. Rev.*, 2021 WL 5071504, at *1 (E.D. Va. Apr. 7, 2021)

(granting motion to seal redacted documents because "this selective protection of information constitutes the least drastic measure of sealing confidential material").

## CONCLUSION

For the reasons stated above, the Court should permit only the attached redacted versions of Exhibit 1 (TWTR-DOJ-00029214) and Exhibit 2 (TWTR-DOJ-00030702) to be used publicly at trial.

Dated:  July 26, 2024

Respectfully submitted,

*/s/ Chad E. Wallace*
Chad E. Wallace, VSB No. 92807
Catherine A. Karczmarczyk, VSB No. 89311
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
602 Sevier Street, Suite 300
P.O. Box 3038
Johnson City, Tennessee 37602
Telephone: (423) 928-0181
Facsimile: (423) 979-7639
cwallace@bakerdonelson.com
ckarczmarczyk@bakerdonelson.com

*Attorneys for X Corp.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of July, 2024, a copy of the foregoing X Corp.'s Objection to the Public Use of Confidential Documents and Information at Trial was served via the Court's CM/ECF system and electronic notification will be sent to all counsel of record.

*/s/ Chad E. Wallace*
Attorney
