**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |
|---|---|
| UNITED STATES, *et al..*,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>GOOGLE LLC,<br><br>    *Defendant*. | No. 1:23-cv-00108-LMB-JFA<br><br>The Honorable Leonie M. Brinkema |

**[PROPOSED] ORDER**

Before this Court is Non-Party The Trade Desk, Inc.'s ("The Trade Desk") Motion to Seal. The Trade Desk filed a memorandum of law in support of its Motion to Seal in accordance with Local Civil Rule 5(C) and 5(H), noting that certain materials and exhibits set forth in Plaintiffs' Trial Exhibit List (Dkt. No. 892) and Defendant Google LLC's Trial Exhibit List (Dkt. No. 894) contain confidential, financial, proprietary, and competitively sensitive business information belonging to The Trade Desk, which could cause significant harm to the business of The Trade Desk if released publicly.  Such exhibits have been filed provisionally under seal by the Trade Desk in its Motion to Seal.  These materials and information satisfy the requisite sealing standards.

Before this Court may seal documents, it must follow a three-stop process: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft*, 218 F.3d at 302; *see also Adams v. Object Innovation, Inc.*, No. 11-cv-272, 2011 WL

7042224, at *4 (Dec. 5, 2011), *report & recommendation adopted*, 2012 WL 135428 (E.D. Va. Jan. 17, 2012).  All three requirements are met here.

First, the public has been provided public notice of the request to seal and has had reasonable opportunity to object to the information being sealed.  On April 26, 2024 (Dkt. No. 605) and May 17, 2024 (Dkt. Nos. 648, 661, 667), Sealing Motions were filed publicly in accordance with Local Civil Rule 5 of exhibits related to similar aspects of The Trade Desk's business.  The Trade Desk also filed a memorandum in support of sealing on June 14, 2024 (Dkt. No. 838).  Additionally, this motion is filed publicly and there will be six-weeks before the time of this filing and the scheduled trial.  Thus, the first requirement under *Ashcraft* is met and "interested parties [will have] a reasonable opportunity to object[.]"  218 F.3d at 302.

Second, The Trade Desk has requested less drastic alternatives to sealing the documents, and seeks to seal and redact only a limited number of the almost 50 exhibits, totaling 72 documents, and over 250 deposition designations that the parties' have identified in their exhibit lists.  Pursuant to the Protective Order, the parties and third parties must keep this information confidential.  The parties have only sealed selected exhibits and redacted relevant excerpts, which constitutes "the least drastic method of shielding the information at issue."  *Adams*, 2011 WL 7042224 at *4 ("[The] proposal to redact only the proprietary and confidential information, rather than seal the entirety of his declaration, constitutes the least drastic method of shielding the information at issue.").  The information that the parties seek to seal includes highly confidential, proprietary, and competitively sensitive business information belonging to The Trade Desk and such other parties that could face harm if such information were to be released publicly.  *See supra* Section II.A-F.

Third, there is support for filing certain of the parties' exhibits and deposition designations under seal and with redactions. These materials fall within briefings, and exhibits thereto, contain material that falls within the scope of the Protective Order which requires that this information remain confidential. Moreover, The Trade Desk previously designated such confidential information as highly confidential, competitively sensitive business information, the disclosure of which would cause harm. Placing these materials under seal is proper because the public's interest in access is outweighed by a party's interest in "preserving confidentiality" of the limited amount of confidential information that is "normally unavailable to the public." *Flexible Benefits Council v. Feltman*, No. 08-cv-371, 2008 WL 4924711, at *1 (E.D. Va. Nov. 13, 2008); *see also U.S. ex rel. Carter*, 2011 WL 2077799, at *3. The portions of the parties' exhibits lists and deposition designations sealed and redacted contain confidential information of The Trade Desk and other third parties.

It is hereby ORDERED that the aforementioned Motion to Seal is **GRANTED**, and such materials shall remain permanently sealed and redacted:

- Certain exhibits identified in Plaintiffs' Trial Exhibit List (Dkt. No. 892-1) and Defendant Google LLC's Trial Exhibit List (Dkt. No. 894) which are identified in Appendix A to this motion.

- Excerpts of the deposition testimony of The Trade Desk's Chief Revenue Officer, Jed Dederick, designated as highly confidential pursuant to the Modified Protective Order, and identified in Appendices B and C to this motion.

IT IS SO ORDERED.

Entered this ___ day of _____, 2024.

Alexandria, Virginia

_____
Leonie M. Brinkema
United States District Judge