**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| UNITED STATES, *et al.*<br><br>    *Plaintiffs,*<br><br> v.<br><br>GOOGLE LLC,<br><br>    *Defendant.* | No: 1:23-cv-00108-LMB-JFA |

**NON-PARTY EQUATIV'S OBJECTIONS AND PROPOSED REDACTIONS TO THE PARTIES' USE OF EQUATIV CONFIDENTIAL INFORMATION AT TRIAL**

Pursuant to the Court's June 24, 2024 Order (Dkt. No. 871) directing non-parties who object to the public use of confidential documents or testimony to file specific objections and proposed redactions by July 26, 2024, Non-Party Equativ SAS (Equativ), through its undersigned counsel, hereby makes the following submission to: (1) object to the public use of certain exhibits and deposition testimony, or portions thereof, that the Parties in this action have identified for use at trial containing Equativ's highly confidential, commercially sensitive information (the "Equativ Materials"), and (2) provide proposed redactions to the Equativ Materials, filed contemporaneously with this submission.

Equativ is a non-party in this action. In response to subpoenas issued by the Parties, Equativ produced documents and data containing highly confidential, commercially sensitive information.[1]

---

[1] Equativ previously submitted a memorandum in support of certain of the Parties' prior motions to seal in connection with their summary judgment and *Daubert* briefing. *See* Dkt. No. 781. There, Equativ sought to maintain the confidentiality over the same and substantially the same types of commercially sensitive information at issue here. In support of Equativ's prior submission, Equativ

In addition, Equativ CEO Arnaud Creput sat for a deposition in which he provided testimony concerning highly confidential, commercially sensitive information. Pursuant to the Court's June 24, 2024 Order, the Parties provided notice of the Equativ documents and data on their respective trial exhibit lists (Dkt. Nos. 894 (Google's exhibit list); 892-1 (Plaintiffs' exhibit list)) as well as their designation and counter-designations to the deposition of Mr. Creput for use at trial (Dkt. Nos. 893 (Google's designations); 895-1 (Plaintiffs' designations); 917-2 (Plaintiffs' counter-designations); 919 (Google's counter-designations)).

Appendix A to this memorandum provides detailed descriptions of the Equativ Materials, including the corresponding Equativ Bates number, the Parties' trial exhibit numbers, a brief description of the document, Equativ's specific proposed redactions, and the basis for Equativ's objections. In several instances, Equativ has determined that no redaction is necessary, and Equativ does not object to the Parties' use of particular documents and/or data produced by Equativ. (These documents do not appear on Appendix A.) Where Equativ has requested redaction, it has done so in the most narrowly tailored manner possible while protecting Equativ's most highly confidential and sensitive information. For example, both Parties included on their respective lists EQUATIV-000000001-EQUATIV-000000077 (PTX 1674; DTX 1552), a 77-page internal Equativ document. Of those 77 pages, Equativ has proposed redactions to portions of only four pages, approximately 5% of the document as a whole.

Appendix A also contains Equativ's objections to the Parties' trial exhibits that the Parties have informed Equativ were derived from Equativ data. The underlying Equativ data is internal, nonpublic, and highly commercially sensitive. The Parties provided Equativ with heavily redacted

---

included a declaration of its CEO Arnaud Creput (Dkt. No. 782-2), which Equativ incorporates by reference here.

versions of those exhibits from which it is not possible to ascertain where Equativ appears on the exhibit due to the inclusion of data from other third parties. As a result, Equativ has provided its specific objections and offered a proposed redaction to the extent Equativ can ascertain the information from the heavily redacted exhibits. Because the exhibits are already redacted, Equativ cannot redact them further or provide a redacted version for filing.

Appendix B contains Equativ's limited objections to the Parties' designations of the deposition testimony of Mr. Creupt. Again, Equativ only objects to a small fraction of the testimony designated and has proposed redactions in as narrowly tailored a manner as possible.

None of the information to which Equativ objects has previously been made public, and its disclosure would cause Equativ significant commercial and competitive harm, by, *inter alia*, revealing Equativ's current market shares, revenues, take rates, ad exchange fees, and impressions, which are derived from Equativ's internal, nonpublic, and highly commercially sensitive data, as well as information on Equativ's current competitive strategy, including customer acquisition strategy, the identity of Equativ's customers, evaluation of Equativ's competitive strengths, assessment of market conditions, and insights into Equativ's competitive challenges in the marketplace. *See* prior Declaration of Arnaud Creput at Dkt. 781-2, ¶¶ 3-4. The Equativ Materials also include proprietary formulas underlying Equativ's offering as well as details surrounding its pricing structure and strategy. Given the recency of these materials, their continued commercial sensitivity, and their relevance to Equativ's current competitive strategy and business operations, their disclosure would allow Equativ's competitors, customers, and other stakeholders, to leverage this information to competitively disadvantage Equativ and cause significant harm to the company's competitive position. *See id.*

In sum, Equativ seeks only limited redactions as necessary to protect its highly commercially sensitive, non-public information and data, including detailed commercial strategies and granular-level data. Equativ has made its objections and proposed redactions in light of the Court's recent orders on the Parties' motion to seal (*e.g.*, Dkt. No. 903 (ruling on Plaintiffs' motion to seal portions of their opposition to Google's motion to exclude the testimony of Dr. Simcoe along with certain exhibits and ordering sealing of certain material "to protect the interest of non-parties")).

Dated: July 26, 2024                              Respectfully submitted

/s/ Craig G. Falls
Craig G. Falls (VSB# 72926)
Anna Aryankalayil (*pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue, NW
Washington, D.C. 20037
(202) 339-8611 (phone)
(202) 339-8500 (fax)
cfalls@orrick.com

*Attorneys for Equativ SAS*