UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

**UNITED STATES,** *et al.***,**

    **Plaintiffs,**

v.                                                                  Case No.: 1:23-cv-00108-LMB-JFA

**GOOGLE LLC,**

    **Defendant.**

## NON-PARTY STRATACOMM LLC'S MEMORANDUM IN SUPPORT OF MOTION TO SEAL

Pursuant to Local Civil Rules 5(C) and 5(H) and this Court's June 24, 2024 Order (ECF No. 871), non-party Stratacomm LLC ("Stratacomm"), through its undersigned counsel, respectfully submits this memorandum of law in support of its contemporaneously filed Motion to Seal ("Motion"). For the reasons set forth below, Stratacomm hereby objects to public disclosure of Stratacomm's proprietary information contained in the documents identified as DTX 0752, DTX 0871, DTX 1320, DTX 1334, and DTX 1368 on Google's Exhibit List (ECF No. 894) and requests that this Court seal that information. Stratacomm has contemporaneously filed these documents as Exhibits 1-5 to this memorandum under seal, with its proposed redactions reflected in blue highlighting therein.[1]

## LEGAL STANDARD

A determination as to whether to seal judicial records or documents is properly made from the "superior vantage point of the district court." *Virginia Dep't of State Police v.*

---

[1] Stratacomm understands that the Local Rule 5(C) typically requires parties to file public, redacted versions of documents "[w]here sealing is sought for less than an entire document." In an abundance of caution to avoid disclosing information that another party may contend warrants sealing, Stratacomm files Exhibits 1-5 only under seal. Stratacomm will comply with any request from the Court to file public, redacted versions of Exhibits 1-5.

*Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004).  Whether to permit access under the common law is a matter within the trial court's "supervisory power" and is one "best left to the sound discretion of the [district] court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."  *Id.* at 575 (quoting *Nixon v. Warner Communications*, 435 U.S. 598–99 (1978)).  While the common law presumes a right to inspect and copy judicial records and documents, this presumption of access may be overcome if competing interests outweigh the interest in access.  *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).

The First Amendment secures a right of access only to particular judicial records and documents.  *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014).  The Fourth Circuit has recognized that the mere existence of a First Amendment right of access or common law right of access to a particular kind of document does not entitle the press and the public to access in every case.  *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).

It is uncontested that public access to civil trial records is "not absolute."  *Nixon*, 435 U.S. at 598.  Courts have denied access where court files might have become a vehicle for improper purposes, such as sources of business information that might harm a litigant's competitive standing.  *Id.*  An interest in confidential and proprietary business information can override the public's right of access to court records.  *Fortson v. Garrison Prop. & Cas. Ins. Co.*, 2022 WL 824802, at *3 (M.D.N.C. Mar. 18, 2022).  As such, a corporation's "strong interest in preserving the confidentiality of its proprietary and trade-secret information" may justify partial sealing of court records.  *Doe*, 749 F.3d at 269.

In order to determine whether confidential business information should be sealed, courts consider (1) whether the party has shown that the information sought to be sealed is confidential;

(2) whether disclosure would harm the party's competitive standing or otherwise harm its business interests; (3) whether the motion is narrowly tailored; and (4) whether the interests in non-disclosure are compelling and heavily outweigh the public's interest in access to the information. *Fed. Trade Comm'n v. Syngenta Crop Prot. AG*, 2023 WL 6379625, at *3 (M.D.N.C. Sept. 28, 2023). Further, personal information of third parties is often subject to protection, given the privacy interests at stake for individuals who are not part of the suit. *Id.*

## ARGUMENT

Stratacomm seeks to seal a relatively small portion of only five documents on Google's Exhibit List (ECF No. 894). Stratacomm is a non-party that produced documents in response to subpoenas from Google and the Government, and its proprietary information is also contained in documents produced by other parties. As explained below, Stratacomm seeks to protect from public disclosure its highly confidential information contained in five documents on Google's Exhibit List (ECF No. 894), identified as DTX 0752, DTX 0871, DTX 1320, DTX 1334, and DTX 1368. *See* Exs. 1-5.

First, DTX 0752 is a document produced by the National Highway Traffic Safety Administration ("NHTSA"), which was marked Confidential by NHTSA pursuant to the protective order (ECF No. 203). That document contains Stratacomm's highly confidential financial information, including negotiated rate information, which, if disclosed, would cause irreparable harm to Stratacomm, including but not limited to financial losses and loss of competitive advantage.

Second, DTX 0871 is a document produced by NHTSA, which was marked Highly Confidential by NHTSA and also contains highly confidential financial information, negotiated

3

rate information, relating to Stratacomm that, if disclosed, would cause irreparable harm to Stratacomm, including but not limited to financial losses and loss of competitive advantage.

  Third, DTX 1320 is a document produced by NHTSA, which was marked Highly Confidential by NHTSA pursuant to the protective order. That document also contains Stratacomm's highly confidential financial information, including full negotiated CPM (cost per mille) information across providers, which, if disclosed, would cause irreparable harm to Stratacomm, including but not limited to financial losses and loss of competitive advantage.

  Fourth, DTX 1334 is a document produced by NHTSA, which was marked Highly Confidential by NHTSA pursuant to the protective order and contains highly confidential financial information, pricing and bonus impressions, relating to Stratacomm that, if disclosed, would cause irreparable harm to Stratacomm, including but not limited to financial losses and loss of competitive advantage.

  Fifth, DTX 1368 is a document produced by NHTSA, which was marked Highly Confidential by NHTSA pursuant to the protective order and contains highly confidential financial information, indirect rate information, relating to Stratacomm that, if disclosed, would cause irreparable harm to Stratacomm, including but not limited to financial losses and loss of competitive advantage.

  The information in these documents that Stratacomm seeks to seal is not otherwise publicly available and is competitively sensitive to Stratacomm and the industry in which it operates. Stratacomm seeks to keep its confidential financial information protected. The sensitive nature of the information necessitates its protection from public disclosure, as disclosure would harm Stratacomm's competitive standing and otherwise harm its business. The harm that would result from the disclosure of the confidential materials outweighs any public

interest in access to the information. The public interest in transparency must be balanced against the legitimate interests of the parties involved. Here, the harm to non-party Stratacomm from disclosure heavily outweighs any public interest in accessing the documents, as the documents contain sensitive financial information of a non-party that would provide no benefit to the public and cause great harm to Stratacomm if unsealed, including financial losses and allowing competitors to gain an unfair competitive advantage. Accordingly, sealing is appropriate under both the common law and First Amendment standards.

**I.      STRATACOMM HAS SATISFIED THE REQUIREMENTS OF LOCAL CIVIL RULE 5(C) AND THE PROTECTIVE ORDER**

    **a.     Stratacomm Has Provided A Non-Confidential Description Of What Material Has Been Filed Under Seal And Proposed To Be Redacted.**

Stratacomm submits the following non-confidential descriptions of the materials it requests to remain under seal. *See* Exs. 1-5.

- Ex. 1: DTX 0752 on Google's Exhibit List (ECF No. 894).
    - Page 3 (NHTSA-ADS-0000066903): Stratacomm's negotiated rate information.
- Ex. 2: DTX 0871 on Google's Exhibit List (ECF No. 894).
    - Pages 5-12 (NHTSA-ADS-0000733235-733242), 14-15 (NHTSA-ADS-0000733244-733245), 17 (NHTSA-ADS-0000733247), 20-30 (NHTSA-ADS-0000733250-733260), 33-40 (NHTSA-ADS-0000733263-733270), 43-47 (NHTSA-ADS-0000733273-733277), 49-51 (NHTSA-ADS-0000733279-733281), 55 (NHTSA-ADS-0000733285), 57 (NHTSA-ADS-0000733287), 60 (NHTSA-ADS-0000733290), 62 (NHTSA-ADS-0000733292) : Stratacomm's negotiated rate information, pricing information, and impression information.
- Ex. 3: DTX 1320 on Google's Exhibit List (ECF No. 894).

- o Pages 12 (NHTSA-ADS-0000252593), 15-16 (NHTSA-ADS-0000252596-252597), 18 (NHTSA-ADS-0000252599), 22 (NHTSA-ADS-0000252603), 24-25 (NHTSA-ADS-0000252605-252606), 29 (NHTSA-ADS-0000252610), 36 (NHTSA-ADS-0000252617), 39 (NHTSA-ADS-0000252620), 41 (NHTSA-ADS-0000252622), 43 (NHTSA-ADS-0000252624), 45-46 (NHTSA-ADS-0000252626-252627), 49 (NHTSA-ADS-0000252630), 51-54 (NHTSA-ADS-0000252632-252635), 56-59 (NHTSA-ADS-0000252637-252640), 62-65 (NHTSA-ADS-0000252643-252646), 67 (NHTSA-ADS-0000252648): Stratacomm's full negotiated CPM (cost per mille) information across providers and impression information.

- Ex. 4: DTX 1334 on Google's Exhibit List (ECF No. 894).
  - o Pages 6 (NHTSA-ADS-0000237088), 8-11 (NHTSA-ADS-0000237090-237093): Stratacomm's pricing and bonus impression information.

- Ex. 5: DTX 1368 on Google's Exhibit List (ECF No. 894).
  - o Page 18 (NHTSA-ADS-0000344729): Stratacomm's indirect rate information.

The above-described portions of DTX 0752, 0871, 1320, 1334, and 1368 contain Stratacomm's highly confidential proprietary and business information that, if disclosed, would cause irreparable harm to Stratacomm. These confidential materials collectively are referred to herein as "Stratacomm's Confidential Information."

### b. Stratacomm Has Provided A Statement Why Sealing Is Necessary, And Why Another Procedure Will Not Suffice, Along With Appropriate Evidentiary Support For The Sealing Request

Disclosure of Stratacomm's Confidential Information to the public or competitors would cause significant harm to Stratacomm, including but not limited to financial losses and loss of

6

competitive advantage, as the materials contain non-public financial and proprietary information that could be utilized by competitors.

First and foremost, it is critical to seal Stratacomm's indirect cost rates—which reflect Stratacomm's proprietary internal operations—contained in the underlying agreement in Google's exhibit DTX 1368. *See* Ex. 5 at p. 18 (NHTSA-ADS-0000344729). Public disclosure of the indirect rates would reveal to competitors Stratacomm's costs of doing business, which is highly confidential, competitive intelligence that should be redacted and is not necessary for the resolution of this case. *Id.* Stratacomm's Confidential Information is not available to the public and would provide significant advantage to other companies seeking to compete with Stratacomm in the marketplace. The blue highlighted portions of DTX 1368 as well as Google's Exhibits DTX 0752, 0871, 1320, and 1334—which Stratacomm proposes as redactions—should be sealed, as Stratacomm's interest in maintaining the confidentiality of its proprietary business information in these materials heavily outweighs any interest in public disclosure of such information. *See* Exs. 1-5.

> c. **Stratacomm Has Provided References To Governing Case Law, An Analysis Of The Appropriate Standard To Be Applied For The Specific Filing, And A Description Of How The Standard Has Been Satisfied**

As explained herein, the Fourth Circuit has recognized that under the common law, there is a presumption of access accorded to judicial records. *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). However, this presumption of access can be rebutted if countervailing interests heavily outweigh the public interests in access. *Id.*

Moreover, the Fourth Circuit has explained that "a corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information," which may justify sealing of court documents. *Doe*, 749 F.3d at 266; *see Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004) (district court did not abuse its discretion in refusing to unseal

7

documents containing confidential and proprietary business information filed in connection with summary judgment motion); *Benedict v. Hankook Tire Co. Ltd.*, 323 F. Supp. 3d 747, 766 (E.D. Va. 2018) (protecting proprietary commercial information can be a compelling interest under the First Amendment test); *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (in determining whether to allow access, courts consider whether records are sought for improper purpose such as unfairly gaining a business advantage); *LifeNet Health v. LifeCell Corp.*, 2015 WL 12516758, *2 (E.D. Va. Jan. 9, 2015) (denying motion to seal portions of transcript without prejudice to moving party to propose redactions limited to the confidential information to be protected).

Here, Stratacomm is a non-party and small agency that seeks redaction of its confidential information, as public disclosure would harm its competitive standing and business interests and would cause irreparable injury to the company if disclosed. Stratacomm's request is narrowly tailored, as it only seeks to seal limited portions of five of Google's trial exhibits, containing Stratacomm's highly sensitive, non-public financial information. Stratacomm's interests in non-disclosure are compelling. Stratacomm is a third party to this action and would suffer loss of competitive advantage should its highly confidential and proprietary information be disclosed. In particular, public access to the Stratacomm Confidential Information would provide competitors with a competitive business advantage against non-party Stratacomm. Accordingly, Stratacomm's interest in maintaining the confidentiality of its proprietary information outweighs any public interest in access to this information, which is minimal at best.

Courts in this Circuit have sealed similar categories of information and recognized the importance of preventing disclosure of confidential business information. *See, e.g.*, *Abu-Eid v. Discover Prod., Inc.*, 2021 WL 9969142, at *2 (E.D. Va. June 2, 2021) (granting motion to seal two documents marked as "confidential" by third parties who provided information pursuant to

subpoena); *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 577 (E.D. Va. 2009) (noting that courts have refused to permit their files to serve as sources of business information that might harm litigant's competitive standing); *E. W., LLC v. Rahman*, 2012 WL 3843657, at *3 (E.D. Va. Sept. 4, 2012) (granting motion to seal where documents pertain to parties' sensitive financial data, the disclosure of which would be "highly likely to cause significant harm to the business competitive position of both parties"); *Intelligent Verification Sys., LLC v. Microsoft Corp.*, 2014 WL 12659953, at *1 (E.D. Va. Dec. 22, 2014) (granting motion to seal where company sought sealing of sensitive business information and company's competitive position might be impaired if information is disclosed to public at large); *HeiQ Materials AG v. ICP Indus., Inc.*, 2023 WL 4842783, at *2 (M.D.N.C. June 28, 2023) (finding sealing request was narrowly tailored where defendant sought to redact only proprietary business and customer information and trade secrets); *360 Mortg. Grp., LLC v. Stonegate Mortg. Corp.*, 2016 WL 4939308, at *1 (E.D.N.C. Sept. 14, 2016) (finding that "finances" are the type of confidential business information properly subject to protection); *SMD Software, Inc. v. EMove, Inc.*, 2013 WL 1091054, at *2 (E.D.N.C. Mar. 15, 2013) (granting motion to seal where materials contain business information potentially harmful to parties' competitive standing).

Under these circumstances, Stratacomm's request to seal limited portions of DTX 0752, DTX 0871, DTX 1320, DTX 1334, and DTX 1368 on Google's Exhibit List (ECF No. 894) should be granted, as the documents contain highly sensitive and proprietary business information, the disclosure of which would harm Stratacomm and provide its competitors with non-public financial information and an unfair business advantage.

## **CONCLUSION**

For the foregoing reasons, Stratacomm respectfully requests that this Court grant its Motion with respect to its confidential information contained in DTX 0752, DTX 0871, DTX 1320, DTX 1334, and DTX 1368 on Google's Exhibit List (ECF No. 894), described above and highlighted in blue as proposed redactions in Exhibits 1-5 to this memorandum filed under seal.

Dated: July 26, 2024.                    Respectfully Submitted,

                                         NON-PARTY STRATACOMM LLC

                                         By Counsel

/s/ Grayson B. Cassada
David B. Lacy (VSB No. 71177)
dlacy@cblaw.com
Grayson B. Cassada (VSB No. 98007)
gcassada@cblaw.com
CHRISTIAN & BARTON, L.L.P.
901 East Cary Street, Suite 1800
Richmond, Virginia 23219
Tel.:   (804) 697-4100
Fax:    (804) 697-6112

10

## **CERTIFICATE OF SERVICE**

I hereby certify that on the July 26, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ Grayson B. Cassada
Grayson B. Cassada (VSB No. 98007)
gcassada@cblaw.com
CHRISTIAN & BARTON, L.L.P.
901 East Cary Street, Suite 1800
Richmond, Virginia 23219
Tel.:   (804) 697-4100
Fax:    (804) 697-4112