UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

UNITED STATES, *et al.*,

    *Plaintiffs*,

v.

GOOGLE LLC,

    *Defendant*.

Civil Action No. 1:23-CV-00108-LMB-JFA

## DECLARATION OF SAGI NIRI

I, Sagi Niri, hereby declare as follows:

1. I am the current Group Chief Financial Officer ("CFO") of Nexxen International Ltd. ("Nexxen").

2. Nexxen is a publicly traded data-driven advertising technology company. It provides cloud-based solutions for enterprise resource planning, media buying, advertising, and marketing. It is comprised of (i) a demand-side platform (DSP), which assists advertisers with buying ad inventory and media, (ii) a supply-side platform (SSP), which assists publishers with selling ad inventory, and (iii) an ad server and data management platform (DMP), which stores and leverages user data.

3. Nexxen encompasses the brand formerly known as Tremor Video, which was a DSP encompassed within the Tremor International brand. Tremor Video's (now Nexxen's) technology allows customers to buy ad space on a per-impression basis, or in other words, based on the number of times the ad is viewed or engaged with by a user. In June 2023 the brands within

Tremor International Ltd., including Tremor Video, were consolidated and rebranded under the Nexxen brand, and in January of 2024, Tremor International Ltd. officially changed its name and ticker symbol to Nexxen International Ltd. and "NEXN" respectively.

4. In my role as CFO of Nexxen, I am responsible for managing the company's finances. I also oversee the company's public disclosures and financial reporting. I am generally aware of the information that Nexxen considers to be confidential, and the steps Nexxen takes to protect such information from public disclosure, including to customers and competitors.

5. I have reviewed Google LLC's exhibit list (ECF No. 894), which includes a document produced by Tremor Video with the Bates Number TREM00002600. I understand that this document was marked Highly Confidential at the time it was produced because it contains commercially sensitive information. It was produced pursuant to the protective order in this case (ECF No. 203), which includes protections for this type of commercially sensitive data, and was not intended for public consumption.

6. Specifically, the document shows direct (through demand-side platforms) impressions and gross revenue by month/year, broken down by format (display advertising, instream video, and outstream video) for each Ad Format (Desktop/Web, Mobile/Web, Mobile/App, and Connected TV).

7. This information, which is broken down in an extremely granular level of detail, is highly sensitive information that is not disclosed publicly. The Company does not publicly report gross revenue or impression level data by format.

8. In the event that this information is made available to the public, Nexxen would suffer substantial commercial harm. The information would give Nexxen's competitors significant insight into Nexxen's revenue streams, and Nexxen's competitors would be able to use this

information to undercut Nexxen's pricing for each Ad Format. The disclosure of impressions would also allow Nexxen's competitors insight into its operations, allowing them to adapt their own operations and strategies accordingly.

9. The disclosure of this document would create an especially unfair environment because Nexxen would not similarly gain access to comparable information from all of its competitors, giving those competitors an even greater advantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: July 26, 2024

_____
Sagi Niri