UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> GOOGLE LLC, <br><br> Defendant. | No. 1:23-cv-00108-LMB-JFA |

**NON-PARTY TIKTOK, INC.'S MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO REDACT**

Pursuant to Local Rule 5(C) and the Court's June 24, 2024 Order, ECF No. 871, non-party TikTok, Inc. ("TikTok") respectfully submits this memorandum of law in support of its contemporaneously filed Motion to Redact ("Motion"). For the reasons set forth herein, TikTok hereby requests that this Court redact DTX 1974, DTX 1990, and DTX 1991[1] and fully redact or seal DTX 250, DTX 2520, DTX 2521, and DTX 2522,[2] which are each included on Google's trial exhibit list and designated "Highly Confidential." *See* ECF No. 894. TikTok has narrowly tailored this request to partially redact just three charts contained in Google's expert report (DTX 1974, DTX 1990, DTX 1991) and fully redact or seal the underlying financial data that is highly sensitive

---

[1] Redacted versions of DTX 1974, DTX 1990, and DTX 1991 are attached hereto as Exhibits A, B, and C, respectively. Unredacted versions of these exhibits are not available because they contain the Highly Confidential information of other third parties, in addition to TikTok's Highly Confidential information. As such, unredacted versions of DTX 1974, DTX 1990, and DTX 1991 have not been shared with TikTok.

[2] Redacted versions of DTX 250, DTX 2520, DTX 2521, and DTX 2522 are attached hereto as Exhibits D, E, F, and G, respectively. Pursuant to Local Civil Rule 5, unredacted versions of the same are being filed under seal.

non-public information, the disclosure of which may expose TikTok to competitive harm.  In support of its Motion, TikTok also attaches the Yeh Declaration.

## I. LEGAL STANDARD

While there is a strong public interest in access to trial proceedings and judicial records, sealing of judicial records is appropriate where "the public's right of access is outweighed by competing interests." *See e.g., Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).  Courts in this circuit acknowledge that a private party's interest in protecting confidential commercial information may outweigh the right to public access.  *See, e.g.*, *Solomon v. Am. Web Loan, Inc.*, No. 4:17-CV-145-HCM-RJK, 2020 WL 13894410, at *2 (E.D. Va. Oct. 15, 2020) (granting motion to seal "confidential commercial information that concern matters…normally unavailable to the public and not of general interest to the public."); *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-CV-525-AWA-LRL, 2015 WL 13036877, at *1 (E.D. Va. Feb. 6, 2015) (granting motion to seal "sensitive business information").

Specifically, courts grant motions to seal where documents implicate sensitive financial data.  *See e.g., Jones v. Lowe's Companies, Inc.*, 402 F. Supp. 3d 266, 291–92 (W.D.N.C. 2019) (sealing deposition testimony that discussed financial data); *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2011 WL 901958, at *2 (E.D.N.C. Mar. 15, 2011) (granting motion to seal "sensitive financial and business information").  For instance, courts will grant motions to seal where documents contain gross profit or revenue data.  *See e.g.*, *E. W., LLC v. Rahman*, No. 1:11CV1380 JCC/TCB, 2012 WL 3841401, at *3 (E.D. Va. Sept. 4, 2012) (granting motion to seal "sensitive financial data, including gross profit data"); *Flexible Benefits Council v. Feltman*, No. 1:20- CV-1450, 2008 WL 4924711, at *1 (E.D. Va. Nov. 13, 2008) (granting motion to seal "sensitive financial information…including 15 years of revenue

data."). While not dispositive, privacy interests of third parties are "often subject to protection, given the privacy interests at stake for individuals who are not part of the suit." *See Fed. Trade Comm'n v. Syngenta Crop Prot. AG*, 695 F. Supp. 3d 701, 706 (M.D.N.C. 2023) (quoting *Stevens v. Cabarrus Cnty. Bd. Ed.*, 1:20-CV-335, 2022 WL 4620906, at *15 (M.D.N.C. Sept. 30, 2022)).

Under Fourth Circuit precedent, there are three requirements for sealing court filings: (1) public notice with an opportunity to object; (2) consideration of less drastic alternatives to redaction or sealing of the document; and (3) a statement of specific findings in support of a decision to redact or seal and rejecting alternatives to redaction or sealing. *See Globus Medical, Inc. v. Jamison*, No. 2:22-cv-00282- RBS-LRL, 2023 WL 4937386, at *2 (E.D. Va. Jan. 13, 2023) (citing *Ashcraft*, 218 F.3d at 302).

## II. ARGUMENT

Each of the requirements for sealing are satisfied here:

*First*, TikTok is filing public notice of its Motion to Redact contemporaneous with this Memorandum of Law. The Court's June 24, 2024 Order provides an opportunity to object to LinkedIn's sealing request by August 2, 2024. ECF No. 871. Based on the forgoing, the public notice requirement pursuant to governing law in this Circuit, Federal Rule of Civil Procedure 5.2(d) and Local Civil Rule 5, has been met.

*Second*, TikTok respectfully submits there is no less drastic alternative than redacting DTX 1974, DTX 1990, DTX 1991 and fully redacting or sealing the underlying data contained in DTX 250, DTX 2520, DTX 2521, and DTX 2522. TikTok's redaction request is narrow and discrete because it is limited to only the core competitive information and specific revenue figures, which are unavailable to the public and which could cause TikTok competitive harm if disclosed. *See*

Yeh Decl. ¶ 2-3.  Notably, TikTok is not seeking to seal or redact charts in expert reports in which TikTok's data has been aggregated and is not individually identifiable.

*Third*, as to the specific reasons supporting this motion to redact DTX 1974, DTX 1990, and DTX 1991 and to fully redact or seal the underlying data in DTX 250, DTX 2520, DTX 2521, and DTX 2522 contain highly confidential, competitively sensitive information, including detailed, non-public financial information on TikTok's sources of revenue, amounts of revenue, and customers.  Specifically, this information includes TikTok's highly confidential revenue information and customer identifiers.  *See* Yeh Decl. ¶ 2; *Flexible Benefits Council v. Feltman*, No. 1:20- CV-1450, 2008 WL 4924711, at *1 (E.D. Va. Nov. 13, 2008) (granting motion to seal "sensitive financial information…including 15 years of revenue data.").  Furthermore, DTX 1990 and DTX 1991 purport to calculate TikTok's market share based on its highly confidential, competitively sensitive information.  Disclosure of this information would reveal sensitive information that relates directly to the valuation of TikTok and its customers.  *See* Yeh Decl. ¶ 2.  Second, TikTok is a private company, and as such, this type of valuation and revenue information is not publicly disclosed in any other context.  *Id*.  If disclosed, this information could allow a comparison of TikTok's revenue derived from advertising buyer tools to similar revenue derived by TikTok's competitors and potential competitors and cause competitive harm.  *Id.*  Lastly, disclosure of the underlying data in DTX 250, DTX 2520, DTX 2521, and DTX 2522 would reveal the volume of advertising transactions that TikTok enters into, which is sensitive business information that is not normally disclosed.  Disclosure of the sheer number of rows in these spreadsheets alone would constitute disclosure of confidential information that could be used by TikTok's competitors and potential competitors to replicate its advertising strategies and harm TikTok.

The following chart details the specific documents at issue and the highly confidential, competitively sensitive information contained therein:

| Exhibit Number (Bates) | Document description | Portion sought to be redacted | Reason(s) for redaction/sealing request |
|---|---|---|---|
| DTX 250 (TikTok_GoogleAdTech_00000695) | TikTok Revenues Derived from the Advertising Buyer Tools, Nov. 2022-Dec. 2022. | Fully Redact or Seal Entirety of Data Set. | Discloses specific revenue derived by TikTok from its advertising buyer tools including associated customer accounts and account numbers. This highly confidential, competitively sensitive financial information could be used by competitors to target TikTok's customers and cause competitive harm. |
| DTX 2520 (TikTok_GoogleAdTech_00000696) | TikTok Revenues Derived from the Advertising Buyer Tools, July 2022-Oct. 2022. | Fully Redact or Seal Entirety of Data Set. | Same as above. |
| DTX 2521 (TikTok_GoogleAdTech_00000697) | TikTok Revenues Derived from the Advertising Buyer Tools, Jan. 2022-June 2022. | Fully Redact or Seal Entirety of Data Set. | Same as above. |
| DTX 2522 (TikTok_GoogleAdTech_00000698) | TikTok Revenues Derived from the Advertising Buyer Tools, 2019-2021. | Fully Redact or Seal Entirety of Data Set. | Same as above. |

| DTX 1974 (No Bates Number) | Israel Report Table 5: Advertisers With At Least $1 Million in 2022 TikTok Advertising Spending Among the Top 50 2022 U.S. Google Ads Advertisers | Redact Table 5 from the Israel Report | This table cross-references Google's advertiser data and TikTok's confidential data, discloses aggregated TikTok data, and identifies advertisers who spent at least $1 million on TikTok advertising in 2022 who were also among the top 50 U.S. Google Ads advertisers. For each such advertiser, the chart discloses the advertiser's name, their confidential TikTok advertising spending in 2020, 2021, and 2022, and the percentage change in the advertiser's confidential TikTok advertising spending from 2021 to 2022. This chart specifically cites to DXT 250, DXT 2520, DXT 2521, and DXT 2522 by Bates number. |
|---|---|---|---|
| DTX 1990 (No Bates Number) | Israel Report Table 23: Publisher Ad Server Shares Including Selected In-House Ad Servers, by Approximate U.S. Ad Spending, 2019-2022 | Redact Table 23 from the Israel Report | This chart reports confidential TikTok data in an aggregate and purports to calculate and identify Publisher Ad Server market shares for each listed company, including TikTok. |
| DTX 1991 | Israel Report Table 24: | Redact Table 24 | This chart reports confidential TikTok |

| (No Bates Number) | Shares Among Advertiser Buying Tools, Ad Exchanges, and Publisher Ad Servers for All U.S. Display Advertising, 2022 | from the Israel Report | data in an aggregate and purports to calculate and identify market shares based on ad buying platform for each listed company, including TikTok. |
|---|---|---|---|

Finally, and importantly, TikTok is not a party to this litigation. Though not dispositive, courts have found that the privacy interests of third parties can justify redacting or sealing documents "given the privacy interests at stake for individuals who are not part of the suit." *See Syngenta Crop*, 695 F. Supp. 3d at 706.

For the foregoing reasons, TikTok respectfully requests that the material identified above be redacted or sealed and that any trial testimony related to these data sets take place in a closed session.

| | |
|---|---|
| Dated: July 26, 2024 | Respectfully submitted, |
| | *s/ John (Jay) Jurata, Jr.* |
| | John (Jay) Jurata, Jr. (VA Bar No. 46314)<br>DECHERT LLP<br>1900 K Street NW<br>Washington, DC 20006<br>Telephone: +1 (202) 261-3300<br>jay.jurata@dechert.com |
| | *Attorney for Non-Party TikTok, Inc.* |