UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>*Plaintiffs*,<br><br>vs.<br><br>GOOGLE LLC,<br><br>*Defendant*. | No: 1:23-cv-00108-LMB-JFA |

**DEFENDANT GOOGLE LLC'S OBJECTIONS
TO THE PUBLIC USE OF CONFIDENTIAL
<u>DOCUMENTS AND TESTIMONY</u>**

Pursuant to the Court's Order dated June 24, 2024 (Dkt. No. 871), Defendant Google LLC ("Google") submits these Objections to the Public Use of Confidential Documents and Testimony ("Disclosure Objections").[1]  Google objects to the public disclosure of a narrow set of information contained within exhibits and testimony identified on Plaintiffs' Amended Trial Exhibit List (Dkt. No. 923), Defendant Google's Trial Exhibit List (Dkt. No. 894), and Plaintiffs' Notice of Intent to Present Deposition Testimony (Dkt. Nos. 895; 895-1).  Google objects to the disclosure of this information on the basis that it implicates Google's trade secrets and proprietary information as well as other highly sensitive and competitive business information, *Doe* v. *Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014), and/or private personal information of its employees, *Global Tel\*Link Corporation v. JACS Solutions, Inc.*, 2023 WL

---

[1] In filing these Disclosure Objections, Google does not waive any objections to the admission of any exhibit on Plaintiffs' Amended Trial Exhibit List (Dkt. No. 923) or deposition testimony designated by Plaintiffs (Dkt. Nos. 895; 895-1; 917; 917-2) as allowable under the Federal Rules of Evidence, the Local Rules, and by prior order of the Court.

9197897, at *1 (E.D. Va. Oct 4, 2023).[2]

In **Appendix A**, Google provides a non-confidential description of the material of which it objects to public disclosure and the bases for the objections. Google's objections are narrowly tailored to be limited to its highly sensitive proprietary and confidential business information, including confidential financial information, such as profit and loss statements, specific customer pricing and other sensitive customer information, technical details of products, source code, and confidential data, as well as its employees' private personal information, including mobile phone numbers and compensation. Google also objects to the public disclosure of information implicating the protections of attorney-client privilege and the attorney work product doctrine, which information was disclosed to Plaintiffs for limited purpose and subject to an agreement that such disclosure did not and would not constitute waiver of the attorney client privilege, attorney work product protections, or other applicable protections from disclosure.

District courts in the Fourth Circuit have protected from public disclosure similar categories of information even where the First Amendment right of access attaches. *See, e.g.*, *E. W., LLC v. Rahman*, 2012 WL 3843657, at *3 (E.D. Va. Sept. 4, 2012) ("sensitive financial data, including gross profit data, the disclosure of which would be highly likely to cause significant harm to the [company's] business competitive position"); *Hanwha Azdel, Inc. v. C&D Zodiac, Inc.*, 2013 WL 12314517, at *2 (W.D. Va. Aug. 7, 2013) (proposed "redactions contain confidential and proprietary commercial information, including information related to highly sensitive pricing and payment terms as well as product specifications"); *HiQ Materials*

---

[2] Google incorporates by reference its prior briefing in support of its motions to seal certain material that implicates Google's trade secrets and proprietary information as well as other highly sensitive and competitive business information. *See* Dkt. No. 880.

*AG v. ICP Indus., Inc.*, 2023 WL 4842783, at *2 (M.D.N.C. June 28, 2023) (defendant "seeks to redact only proprietary business and customer information and trade secrets in the form of financial analyses, market research, pricing formulas, and highly sensitive customer needs and preferences"); *Adjabeng v. GlaxoSmithKline, LLC*, 2014 WL 459851, at *2 (M.D.N.C. Feb. 5, 2014) (where personally identifiable information is "not important to the disposition of the case, it is appropriate to seal . . . in order to protect [an individual's] privacy interests.").

For the foregoing reasons, Google respectfully requests that the Court enter an order sealing the exhibits and testimony or portions thereof identified in Appendix A.

| | |
|---|---|
| Dated: July 26, 2024 | Respectfully submitted, |

Eric Mahr (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Julie Elmer (*pro hac vice*)
Justina Sessions (*pro hac vice)*
Lauren Kaplin (*pro hac vice*)
Jeanette Bayoumi (*pro hac vice*)
Claire Leonard (*pro hac vice*)
Sara Salem (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
David Pearl (*pro hac vice*)
Allison Vissichelli (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

/s/ Craig C. Reilly
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ.
209 Madison Street, Suite 501
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (*pro hac vice*)
Jeannie S. Rhee (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Bryon P. Becker (VSB #93384)
Erica Spevack (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile (202) 223-7420
kdunn@paulweiss.com

Meredith Dearborn (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (202) 330-5908
mdearnborn@paulweiss.com

*Counsel for Defendant Google LLC*