UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| United States of America, *et al.*,<br><br>   Plaintiff,<br><br> v.<br><br>Google LLC<br><br>   Defendant. | Case No. 1:23-cv-00108-LMB-JFA<br><br>The Honorable Leonie M. Brinkema |

**DECLARATION OF LUKE LAMBERT IN SUPPORT OF NON-PARTIES
OMNICOM GROUP INC., DDB WORLDWIDE COMMUNICATIONS GROUP LLC,
GSD&M LLC, PORTER NOVELLI INC., AND OMD USA LLC'S MOTION TO SEAL
CERTAIN TRIAL EXHIBITS**

## DECLARATION OF LUKE LAMBERT

I, Luke Lambert, declare as follows:

1. I am the Chief Innovation Officer at OMD USA ("OMD"), a subsidiary company of Omnicom Group Inc. ("Omnicom"). I have personal knowledge of the facts set forth herein and if called as a witness could and would testify competently to them. I previously testified at deposition as non-party Omnicom's Rule 30(b)(6) designee in this litigation. I make this declaration in support of Omnicom's Motion to Seal Certain Trial Exhibits.

2. OMD is an integrated media communications agency that provides strategic media planning and buying guidance to clients. These media plans are designed to meet each client's specific business or awareness goals and are a product of extensive client input, market research, and creative brainstorming. As a subject matter expert in the media advertising space, OMD is intimately familiar with the platforms, products, and tools available to advertising clients.

3. I have worked at OMD for over eight years and have extensive experience with every side of the media transaction. In my current role as Chief Innovation Officer at OMD, I lead a team of channel, format, and capability experts dedicated to creating products across the media ecosystem that can deliver holistic tactical planning capabilities. I also host OMD's company podcast, OMD Red Talks, which focuses on exploring what's new and what's next in marketing and media. My experience in the digital media industry generally, and within OMD specifically, gives me an intimate comprehensive understanding of the types of strategies, mixes of media, and recommendations that an agency like OMD or others would make to clients. These proprietary strategies that OMD and Omnicom's other agencies have developed are based on extensive industry knowledge and these are what their clients pay for.

4. Defendant's Trial Exhibit No. 940 (DTX) is a presentation prepared by OMD

entitled "Evolving the Role of Programmatic" for OMD client McDonald's. This presentation was created to provide McDonald's with in-depth analysis and discussion of how to best leverage programmatic buying to further its media and marketing goals. The presentation includes in-depth recommendations from OMD on how to optimize premium inventory for better pricing and performance. This information represents OMD's proprietary and confidential trade secret approach for deriving media strategy, which provides OMD with a competitive advantage in the marketplace.

5. The creative concepts and innovative approaches to media buying and planning that are addressed in these exhibits are what differentiate Omnicom agencies from other agencies. Revealing these details could expose these creative elements to competitors, who might then replicate or undermine Omnicom, OMD and other Omnicom agencies' innovative strategies and competitive edge. Omnicom and its agencies' discussions, analyses, and strategic recommendations to a client regarding its media marketing have substantial economic and competitive value. They spend a significant amount of money and resources to develop the specialized knowledge of the media, advertising and marketing marketplace required to create commercially competitive strategy recommendations and guidance for clients.

6. Public disclosure of Omnicom agencies' discussions, analyses, and considerations regarding the advantages and drawbacks of various media partners, channels and investment approaches would cause Omnicom, OMD and other Omnicom agencies significant commercial and competitive harm or prejudice. Disclosure would compromise these agencies' positions in the marketplace by destroying the decades of intimate industry knowledge and the resulting network of industry partners that clients come to Omnicom's agencies precisely for. In essence, divulging this information would give Omnicom's competitors an inside look into the proprietary practices

that give Omnicom's agencies their competitive advantage in the marketplace. To the extent other companies within the advertising space obtained detailed information regarding Omnicom's proprietary evaluations of the media, they would gain a valuable and inequitable shortcut to their own development efforts.

I declare under penalty of perjury under the laws of Virginia that the foregoing is true and correct and that this declaration was executed on July 25, 2024, in Chicago, Illinois.

Luke Lambert