UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>   *Plaintiff,*<br><br> v.<br><br>GOOGLE LLC,<br><br>   *Defendant.* | No: 1:23-cv-00108-LMB-JFA |

**NON-PARTY THE INTERPUBLIC GROUP OF COMPANIES, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SEAL**

 Pursuant to Local Civil Rule 5(C), non-party The Interpublic Group of Companies, Inc. ("IPG") submits this Memorandum of Law in support of IPG's motion to seal. IPG seeks to permanently seal limited portions of documents produced by IPG (PTX 1623 (Bates IPG-ADTECH_002361) and PTX 1654 (Bates IPG-ADTECH_000012)) and documents produced by federal agency advertisers containing IPG's confidential information (DTX 1176 (USPS-ADS-0000529112), DTX 1197 (USPS-ADS-0000529380), DTX 1222 (USPS-ADS-0000669680), DTX 1241(CMS-ADS-0000023248), DTX 1295 (USPS-ADS-0000899135), DTX 1296 (CMS-ADS-0000018746), DTX 1351 (USPS-ADS-0000623759), DTX 1452 (USPS-ADS-0000899149), DTX 1463 (USPS-ADS-0000902291), and Lim Exhibit F (UNDER SEAL) [excerpt of DTX 1547] (CMS-ADS-0001096610)).

 For the reasons stated below, IPG respectfully requests that the Court permanently seal the narrowly tailored portions of these documents proposed by IPG as reflected in Attachments A-L to the Declaration of William H. Crosby (hereafter Declaration or Decl.) submitted herewith. As explained in the Declaration, these proposed redactions are necessary to prevent the

1

disclosure of competitively sensitive information of IPG, including pricing and other competitively information contained in IPG's confidential submissions in response to European Commission and United Kingdom Competition & Markets Authority (CMA) requests for information and in contracts and other documents relating to IPG's business relationships with its clients, the United States Postal Service (USPS) and the Centers for Medicare & Medicaid Service (CMS), as well as limited sensitive, personal, non-public information about IPG's employees.

The unredacted documents identifying the specific information IPG proposes to redact have been filed electronically using the sealed filing events. Notwithstanding Local Rule 5(C), at the request of Plaintiff the United States, IPG is not filing unsealed, redacted versions of the federal advertiser agency documents (Attachments C-L) at this time to avoid potentially disclosing other commercially sensitive information in those documents that Plaintiffs may separately seek to seal on behalf of CMS or USPS. Moreover, none of Attachments A-L have been entered into evidence. These documents have only been identified as potential trial exhibits. Accordingly, IPG is not filing any unsealed, redaction versions herewith.

## LEGAL STANDARD

With respect to a request to seal documents the Court "must determine the source of the right of access with respect to each document." *Stone* v. *Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988). "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police*, 386 F.3d at 575. "While the common law presumption in favor of access attaches to all judicial records and documents, the First Amendment guarantee of access has been extended only to particular judicial records and documents." *Stone*, 855 F.2d at 180.

Despite a presumption to public access, a company's "strong interest in preserving the confidentiality of its proprietary and trade-secret information . . . may justify partial sealing of court records." *Doe* v. *Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014). A non-party, such as IPG, should not have its sensitive and confidential information, which was produced pursuant to a third-party subpoena, disclosed to the public. Procedurally, before allowing documents to be filed under seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object,[1] (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft* v. *Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). A memorandum supporting a request to seal shall include:

> (1) A non-confidential description of what material has been filed under seal;
> (2) A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request;
> (3) References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied; and
> (4) Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.
> U.S.D.C. E.D. Va. Local Civil Rule 5(C).

## DISCUSSION

IPG seeks to permanently seal the limited information with proposed redactions identified with the blue boxes in Attachments A-L, including (1) competitively sensitive commercial information contained in IPG's confidential submissions in response to European Commission and United Kingdom Competition & Markets Authority (CMA); (2) competitively sensitive pricing and commercial terms related to IPG's business relationships with its clients,

---

[1] IPG has filed public notice of its motion to seal.

USPS and CMS contained in ordinary course business documents; and (3) sensitive, personal, non-public information about IPG's employees.

Public disclosure of the sensitive commercial information in several paragraphs of its confidential submissions to the CMA and European Commission would be harmful to its commercial position. Disclosure of the non-public financial terms of IPG commercial arrangements with its clients, including fees and rebates and other sensitive contractual terms, would put IPG at a disadvantage in future negotiations clients. Disclosure would also provide competitors of IPG with an advantage competing with IPG for future business opportunities and could harm competition and clients. Further details about the reasons why disclosure would cause significant harm to IPG are specifically set forth in the first few pages of the submission to the CMA, which was granted confidential treatment. See Attachment A PTX 1623 at IPG-0002361-63 (providing specific explanations for protections of various portions of the submission). (Decl. at 6 and 7.)

IPG also seeks protection of similar sensitive information in its ordinary course business documents, including contracts, invoices and other communications with USPS and CMS. Public disclosure of these recent or current non-public financial terms of IPG commercial agreements with USPS and CMS, including rates, pricing, fees, and invoice payments, would put IPG at a disadvantage in future negotiations with other clients. Disclosure would also provide competitors of IPG with an advantage competing with IPG for future business opportunities and could harm competition and clients. (Decl. at 9.)

The sensitive, personal, non-public information of IPG's employees includes mobile phone numbers of IPG employees and detailed biographical profiles that include private details, such as number of children and where these employees live. This information is not relevant to

4

the subject matter of this litigation and public disclosure of detailed sensitive personal information could harm these individuals. (Decl. at 11.)

The harm that would result from the disclosure of the confidential and commercially sensitive information outweighs any public interest in access to the information. The public interest in transparency must be balanced against the legitimate interests of the parties involved. In this case, the harm to IPG from disclosure far outweighs any public interest in accessing the documents, as the documents contain competitively sensitive information, and the public is still able to discern the meaning of the redacted exhibits. Thus, permanent sealing of these limited portions of the exhibits in the form of Attachments A-L is appropriate under both the First Amendment and common-law standards.

### A. Non-Confidential Description of IPG's Material to Be Sealed.

IPG submits the following non-confidential descriptions of the information that it seeks to protect pursuant to the proposed redactions.

| Attachment | Document | Pages with Redactions | Non-Confidential Description of Information |
|---|---|---|---|
| A | PTX 1623 (IPG-ADTECH_002361) | IPG-ADTECH_002365<br>IPG-ADTECH_002370-71<br>IPG-ADTECH_002377<br>IPG-ADTECH_002330 (excel document) | Recent or current pricing terms, such as rebates and fees, as well as recent or current commercially sensitive non-pricing contractual terms and arrangements |
| B | PTX 1654 (IPG-ADTECH_000012) | IPG-ADTECH_000024<br>IPG-ADTECH_000026 | |
| C | DTX 1176 (USPS-ADS-0000529112) | USPS-ADS-0000529113<br>USPS-ADS-0000529175<br>USPS-ADS-0000529183 | IPG's current or recent pricing, terms, and fees and invoice payments received from identified IPG customers |
| D | DTX 1197 (USPS-ADS-0000529380) | USPS-ADS-0000529380 to USPS-ADS-0000529383<br>USPS-ADS-0000529390 to USPS-ADS-0000529393 | |
| E | DTX 1222 (USPS-ADS-000066960) | USPS-ADS-000066960 to USPS-ADS-0000669714 | |

| Attachment | Document | Pages with Redactions | Non-Confidential Description of Information |
|---|---|---|---|
| | | Excel attachment produced natively without Bates – redactions on all pages. Excel attachment starts at USPS-ADS-0000669715. | |
| F | DTX 1241 (CMS-ADS-0000023248) | CMS-ADS-0000023279 to CMS-ADS-0000023283 | |
| H | DTX 1296 (CMS-ADS-0000018746) | CMS-ADS-0000018746 to CMS-ADS-0000018750 CMS-ADS-0000018766 to CMS-ADS-0000018768 CMS-ADS-0000018773 to CMS-ADS-0000018774 | |
| I | DTX 1351 (USPS-ADS-0000623759) | USPS-ADS-0000623759 to USPS-ADS-0000623841 Excel attachment produced natively without Bates – redactions on all pages with text. Excel attachment starts after USPS-ADS-0000623841. | |
| K | DTX 1463 (USPS-ADS-0000902291) | USPS-ADS-0000902292 USPS-ADS-0000902354 USPS-ADS-0000902362 USPS-ADS-0000902367 USPS-ADS-0000902370 USPS-ADS-0000902373 | |
| L | Lim Exhibit F (UNDER SEAL) [excerpt of DTX 1547] (CMS-ADS-0001096610) | Excel produced natively without Bates and no page numbers on document. Redactions on the following pages of the PDF: 43 to 51, 53 to 68. | |
| C | DTX 1176 (USPS-ADS-0000529112) | USPS-ADS-0000529184 to USPS-ADS-0000529186 | Personal information of IPG employees, including mobile phone numbers of IPG employees and detailed biographical profiles that include private details, such as number of children and |
| F | DTX 1241 (CMS-ADS-0000023248) | CMS-ADS-0000023297 to CMS-ADS-0000023337 | |
| G | DTX 1295 (USPS-ADS-0000899135) | USPS-ADS-0000899135 | |
| J | DTX 1452 (USPS-ADS-0000899149) | USPS-ADS-0000899149 to USPS-ADS-0000899151 | |
| K | DTX 1463 (USPS-ADS-0000902291) | USPS-ADS-0000902363 to USPS-ADS-0000902365 | |

6

| Attachment | Document | Pages with Redactions | Non-Confidential Description of Information |
|---|---|---|---|
| | | | where these employees live |

**B. Sealing Is Necessary, Another Procedure Will Not Suffice, As IPG Provides Appropriate Evidentiary Support For The Sealing Request.**

Attachments A-L to the Declaration submitted herewith identify with particularity the specific information that IPG proposes to redact (as shown in blue boxes). As described above and in the Declaration, disclosure of this information to the public or competitors would result in significant harm to IPG, including but not limited to financial losses and loss of competitive advantage, as the documents contain non-public financial and proprietary information that could be utilized by its competitors. This information is not available to the public and would be of benefit to competitors that could unfairly compete with IPG utilizing this non-public confidential information. Portions of these exhibits designated for redaction also contain sensitive personal information of IPG's employees, which is information that is not normally available to the public and has no bearing on the merits of the case. (Decl. at 7, 9, and 11.)

**C. Sealing is Appropriate Under Applicable Caselaw.**

There is a "presumption of access accorded to judicial records." *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988) (citing *Nixon*, 435 U.S. at 597). However, the Fourth Circuit has recognized that corporations have a strong interest in protecting confidential information, including trade secrets, and that the partial sealing of court records may be justified. *Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014).; *see also Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004) (district court did not abuse its discretion in refusing to unseal documents containing confidential and proprietary business information filed in connection with summary judgment motion); *Benedict v. Hankook Tire Co. Ltd.*, 323 F. Supp. 3d 747, 766 (E.D.

Va. 2018) (businesses may have a "compelling interest under the First Amendment test" in "protecting proprietary commercial information"); *In re Knight Pub. Co.*, 743 F.2d 231 (4th Cir. 1984) (court may seal documents to prevent others from gaining a business advantage).

Here, IPG, a third-party, seeks the sealing of portions of exhibits for highly sensitive, non-public financial information and limited personal details of IPG employees. These documents would severely harm IPG's competitive standing if made public. District courts in the Fourth Circuit have sealed similar categories of information where the First Amendment right of access attaches. *See, e.g., Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 577 (E.D. Va. 2009) (stating that courts may refuse "to permit their files to serve ... as sources of business information that might harm a litigant's competitive standing") (quoting *Nixon*, 435 U.S. at 598); *E. W., LLC v. Rahman*, 2012 WL 3843657, at *3 (E.D. Va. Sept. 4, 2012) ("sensitive financial data, including gross profit data, the disclosure of which would be highly likely to cause significant harm to the [company's] business competitive position"); *Intelligent Verification Sys., LLC v. Microsoft Corp.*, 2014 WL 12659953, at *1 (E.D. Va. Dec. 22, 2014) (sealing "sensitive business information" attached to summary judgment motion); *HiQ Materials AG v. ICP Indus., Inc.* 2023 WL 4842783, at *2 (M.D.N.C. June 28, 2023) (defendant "seeks to redact only proprietary business and customer information and trade secrets in the form of financial analyses"); *360 Mortg. Grp., LLC v. Stonegate Mortg. Corp.*, 2016 WL 4939308, at *1-2 (E.D.N.C. Sept. 14, 2016) ("finances" are "the type of confidential business information properly subject to protection"); *SMD Software, Inc. v. EMove, Inc.*, 2013 WL 1091054, at *2-*3 (E.D.N.C. Mar. 15, 2013) (profit and loss statements, pricing, marketing strategies, expense information, market share, and customer information).

## CONCLUSION

For the reasons above, IPG respectfully requests that this Court grant IPG's Motion to Seal with respect to the proposed redactions for the exhibits in Attachments A-L submitted herewith.

Dated: July 26, 2024                                       Respectfully submitted,
                                                          */s/ Kellen S. Dwyer*
                                                          Kellen S. Dwyer, VSB No. 97625
                                                          Alston & Bird, LLP
                                                          950 F Street NW
                                                          Washington, DC 20004-1404
                                                          Telephone: (202) 239-3300
                                                          Facsimile: (202) 239-3333
                                                          Email: kellen.dwyer@alston.com

**CERTIFICATE OF SERVICE**

I certify that on this 26th day of July, 2024, I filed the foregoing document and served all counsel of record in this action via the Court's ECF filing system.

>/s/ *Kellen S. Dwyer*
>Kellen S. Dwyer, VSB No. 97625
>Alston & Bird, LLP
>950 F Street NW
>Washington, DC 20004-1404
>Telephone: (202) 239-3300
>Facsimile: (202) 239-3333
>Email: kellen.dwyer@alston.com