IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GOOGLE LLC, <br><br> *Defendant*. | Civil Action No. 1:23-CV-00108-LMB-JFA |

**NON-PARTY COMCAST CORPORATION'S OBJECTIONS TO PUBLIC USE OF
CERTAIN LIMITED CONFIDENTIAL MATERIAL**

Non-Parties Comcast Corporation and NBCUniversal Media, LLC (collectively, "Comcast") respectfully submit these objections to public use of certain confidential material at trial pursuant to this Court's order dated June 24, 2024 (ECF No. 871) and Local Rule 5(H).

Non-party Comcast is both a customer of, and competitor to, Google and other non-parties involved in this case. During this litigation, Comcast has provided highly sensitive business documents and testimony in response to subpoenas from both Plaintiffs and Google. In the course of discovery, those confidential business materials were shielded from public disclosure by the terms of this Court's Protective Order, pursuant to which Comcast designated certain produced material as either confidential or highly confidential. (ECF No. 98; modified at ECF No. 203.) The parties have now identified certain documents and deposition testimony provided by Comcast for potential use at what is sure to be a highly publicized trial. Pursuant to this Court's June 24, 2024 Order (ECF No. 871), Comcast has carefully reviewed the materials identified by the parties to identify any harms it may suffer relating to the potential public disclosure of Comcast's confidential or highly confidential materials. After this review, and cognizant of the "presumption in favor of access" to trial materials, *Stone v. Univ. of Md. Med.*

1

*Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988), Comcast provides the following narrowly tailored objections[1] to a limited number of identified materials:

**Voluminous Transactional Data**:  Comcast objects to the public disclosure of extremely large volumes of transaction-level data relating to (1) Comcast's purchasing of digital advertising and (2) advertising transactions facilitated in Comcast's capacity as an advertising technology provider.  *See* COM-00000001; COM-00000860 – 865.  These materials collectively comprise millions of rows of spreadsheets and over 3.5 gigabytes of data.  They contain highly confidential business information, including the identities of counterparties with which Comcast deals, pricing terms, impressions purchased/served, and the strategies involved in certain digital advertising tactics, among other things.

Comcast respectfully submits that such enormously large data files would be of no use to the Court, the parties, or the public as trial exhibits, but could be extremely prejudicial to Comcast in future business dealings.  For clarity, Comcast does not object to the use of certain aggregated figures identified by the parties derived in part or in whole from this data (e.g., PTX1236, DTX1848).  Comcast's understanding is that the parties do not currently intend to seek to introduce the underlying data as public trial exhibits.  Out of an abundance of caution, however, Comcast formally objects to any such potential future disclosure of COM-00000001 and COM-00000860 – 865.

**Very Limited Redactions to Two Documents**:  Comcast objects to the public disclosure of very limited portions of two documents produced by Comcast that have been identified as potential trial exhibits by the parties.  Comcast proposes to redact limited portions of these documents as follows:

---

[1] To the extent that the Court would prefer a motion to seal and supporting documents, Comcast is happy to submit such filings.

- Page COM-0001153 contained in the document beginning COM-0001141. This page contains current pricing comparisons among Comcast's content, platform, and services partners. Public disclosure of these pricing terms would severely prejudice Comcast in future business dealings, including as to renewals of agreements with the partners listed on this page.

- Pages COM-00122106 – 108 in the document beginning COM-00122098. These three pages consist of internal cost-benefit analyses and strategies regarding whether and how to do business with specific partners, the public disclosure of which would severely prejudice NBCUniversal in future business dealings with those partners and others.

**Very Limited Redactions to Deposition Testimony**: Comcast seeks to redact extremely small portions of the testimony of one executive that relates to the pricing terms of NBCUniversal's agreements with Google regarding Google Ad Manager. Those redactions are limited only to the following lines of testimony amounting to approximately three total pages:

- Deposition of Krishan Bhatia Tr. 125:7-126:4 (describing specific pricing terms in NBCUniversal's agreement with Google).

- Deposition of Krishan Bhatia Tr. 128:6-12 (describing specific pricing terms in NBCUniversal's agreement with Google).

- Deposition of Krishan Bhatia Tr. 193:24-194:6 (describing changes in the pricing terms in NBCUniversal's agreement with Google).

- Deposition of Krishan Bhatia Tr. 194:14-21(describing changes in the pricing terms in NBCUniversal's agreement with Google).

- Deposition of Krishan Bhatia Tr. 194:24-195:16 (describing changes in the pricing terms in NBCUniversal's agreement with Google).

## LEGAL STANDARD

As noted above, Comcast acknowledges that there is a presumption in favor of public access to trial records. That presumption is "not absolute," however, and can be overcome (among other reasons) where public access would "harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In that regard, the Fourth Circuit has recognized a company's "strong interest in preserving the confidentiality of its proprietary and trade-secret information." *Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014). That interest should carry even more weight with respect to the information of non-parties that are not direct participants in the litigation. *Lifenet Health v. Lifecell Corp.*, 2015 WL 12517430, at *4 (E.D. Va. Feb. 12, 2015) (finding that "existence of information that could harm *third-parties* and not just the movant's interests" was "significant enough to outweigh" presumption of public access) (emphasis added).

In limiting public access to trial records, a court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

## ARGUMENT

The criteria identified by the Fourth Circuit are all satisfied here.

*First*, the Court's June 24, 2024 Order (ECF No. 871) establishes a public procedure for interested parties to weigh in on any request to limit public access.

4

*Second*, Comcast's objections seek only extremely limited redactions of a small number of documents and lines of testimony (as opposed to seeking to seal those documents in their entirety), as well as continued non-disclosure of voluminous data files that the parties do not presently intend to use as trial exhibits and the public disclosure of which would serve no valid public interest.  Further, Comcast does not object to the public disclosure of aggregated figures prepared and identified by the parties derived in part or in whole from the underlying data files.

*Finally*, Comcast has explained why the public disclosure of this select confidential "sensitive business information" would impair its "competitive position[] . . . if this information is disclosed to the public at large." *Intelligent Verification Systems, LLC v. Microsoft Corp.*, 2015 WL 13036877, at *1 (E.D. Va. Feb. 6, 2015).  The material at issue contains detailed transactional and financial information, highly sensitive pricing terms, and strategic analyses regarding whether and how to engage with counterparties.  Such information is confidential and proprietary, and its public release or disclosure would harm Comcast's competitive position in future dealings with customers and business partners.

## **CONCLUSION**

For the foregoing reasons, Comcast respectfully submits these objections pursuant to the Court's June 24, 2024 Order (ECF. No. 871) and requests that the Court restrict public access to the limited materials at issue as described above.

Dated: July 26, 2024                                      Respectfully submitted,

   /s/ Fiona Moran_____
Fiona Moran
Arthur J. Burke
Christopher Lynch
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Phone: (212) 450-4000
fiona.moran@davispolk.com
arthur.burke@davispolk.com
christopher.lynch@davispolk.com

*Counsel for non-party Comcast Corporation*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 26, 2024, the foregoing document was electronically submitted with the clerk of the court for the United States District Court, Eastern District of Virginia, using the electronic case file system of the court. The electronic case file system sent a "Notice of Electronic Filing" to all counsel of record.

/s/ Fiona Moran