**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| UNITED STATES, et al., | No. 1:23-cv-00108-LMB-JFA |
| *Plaintiffs*, | **NON-PARTY THE NEW YORK TIMES COMPANY'S OBJECTIONS TO PUBLIC USE OF CONFIDENTIAL DOCUMENTS AND TESTIMONY** |
| v. | |
| GOOGLE LLC, | |
| *Defendant*. | |

Pursuant to this Court's Order dated June 24, 2024 (ECF No. 871) and Local Civil Rule 5(C), Non-Party The New York Times Company ("The Times") respectfully files this memorandum in support of its Objections to the Public Use of Confidential Documents and Testimony. The Parties have designated for use at trial two documents produced by The Times, as well as certain portions of the transcript of deposition testimony by The Times's corporate representative, which contain confidential information that, if disclosed, would cause The Times significant competitive and commercial harm. The Times supports the public's right to access the contents of judicial records absent compelling interests and recognizes the Court's obligation to consider less drastic alternatives to sealing. Accordingly, The Times has proposed redactions to the documents and testimony which would protect only the most sensitive commercial and financial information and leave unredacted less sensitive information. For the reasons set forth below, this Court should approve The Times's limited proposed redactions. Copies of the redacted versions of the two documents and the transcript are attached hereto as **Exhibits C and D**, respectively, and copies showing the contents of the proposed redactions are separately being filed under seal herewith.

## LEGAL STANDARD

Although the public has a qualified First Amendment right of access to records filed in connection with trial proceedings and records, the trial court retains "supervisory power" over

such records, "and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publ'g Co.*, 743 F.2d 231, 235-36 (4th Cir. 1984) (holding that district court "properly excised" certain material presented at trial given sufficient "competing interest" in confidentiality).  To properly exercise this discretion, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

## ARGUMENT

All the substantive and procedural requirements for sealing are met for the narrow category of confidential business information that The Times seeks to maintain under seal.

## I.  For The Narrow Category of Information The Times Seeks to Maintain Under Seal, The Public's Right of Access is Outweighed by Competing Interests.

To overcome the First Amendment right of access, "there must be a compelling interest, and the sealing request must be narrowly tailored to serve the compelling interest." *Lifenet Health v. Lifecell Corp.*, 2015 WL 12517430, at *2 (E.D. Va. Feb. 12, 2015).  Here, there is a "compelling interest" in protecting the information that The Times seeks to seal because it comprises highly commercially and competitively sensitive information.  And the redactions The Times proposes are narrowly tailored to cover only this highly sensitive information, and nothing more.

As explained in detail in the Declarations of Jennifer Donohue ("Donohue Declaration"), attached as **Exhibit A**, and Joy Robins ("Robins Declaration"), attached as **Exhibit B**, The Times proposes to redact certain information from the two documents and deposition transcript:

- An "Advertising Update dated October 14, 2022," which presents "highly sensitive categories of information," including (among other things) advertising revenue, expenses, projections, margins, and pricing and other confidential metrics, as well as the "pipeline of advertising products in development or under consideration." Donohue Decl. ¶ 7.

2

- An "Advertising Leadership Update dated March 4, 2020," which likewise presents revenue figures, budgeted and actual expenses, margin figures, and specific advertiser spends. *Id.* ¶ 8.

- Deposition testimony concerning, among other things, the financial performance of The Times's advertising business, how The Times tracks and categorizes sources of advertising revenue, pricing for direct and indirect display advertising, the use of advertising technology, and The Times's understanding of the advertising market. Robins Decl. ¶ 7.

The Times does not make this information public and takes considerable measures to maintain its confidentiality.  Donohue Decl. ¶ 4; Robins Decl. ¶ 4. If it became public, it could be used by The Times's competitors to derive competitive insights about The Times's business operations and strategies. Donohue Decl. ¶ 5; Robins Decl. ¶ 5. Further, it could be used by current and prospective customers, vendors, and business partners to gain unfair advantage in negotiations and dealings with The Times. Donohue Decl. ¶ 5; Robins Decl. ¶ 5.

Protecting this type of proprietary and confidential information is precisely the kind of "compelling interest" that courts routinely find "significant enough to outweigh the First Amendment right of access."  *Lifenet Health*, 2015 WL 12517430, at *4; *In re Zetia (Eztimibe) Antitrust Litig.*, 2020 WL 1558123, at *1-2 (E.D. Va. Feb. 7, 2020) (granting motion to seal "confidential communications and information that are not generally known," the disclosure of which "would cause competitive harm" and place party "at a competitive disadvantage"); *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*, 2019 WL 8108115, at *5 (E.D. Va. Aug. 15, 2019) (finding that "confidential commercial information" should be protected under First Amendment standard). Given the undisputed commercial sensitivity of the limited information The Times seeks to shield from public view, the Court should order it to be sealed.

## II.   The *Ashcraft* Factors Have Been Met for The Times's Confidential Information.

The three factors from *Ashcraft* have been satisfied for the portions of The Times's confidential information that The Times seeks to maintain under seal:

First, the Times is providing "public notice of the request to seal" by publicly filing this memorandum (and related papers) via ECF.  "Interested parties" will have a "reasonable

3

opportunity" to object to The Times's proposed redactions, as this Court has already publicly advised that any interested party may file such objections by August 2, 2024. *See* Order dated June 24, 2024 (ECF No. 871).

Second, The Times has carefully considered less drastic alternatives to sealing its confidential information. For this reason, it has not sought to seal the entirety of the designated documents or deposition testimony, but only those portions that, if released, would reveal highly sensitive commercial and financial information to the serious detriment of The Times.[1]

Third, the Donohue and Robins Declarations, as well as Section I above, "provide specific reasons and factual" support for a "decision to seal" the portions of the two documents and deposition at issue here. *Ashcraft*, 218 F.3d at 302. The commercial sensitivity of this information is a "compelling interest" that outweighs the public's right of access.

## CONCLUSION

For the foregoing reasons, and those set forth in the Donohue and Robins Declarations, The Times respectfully requests that the Court enter the accompanying Proposed Order to maintain under seal the narrow portions of the documents and deposition identified above.

Dated: July 26, 2024

Respectfully submitted,

BALLARD SPAHR LLP

By:   */s/ Jay Ward Brown*
Jay Ward Brown (Va. Bar No. 34355)
1909 K Street NW, 12th Floor
Washington, DC 20006
(202) 508-1136
brownjay@ballardspahr.com

Demetri Brumis Blaisdell (*pro hac vice*)
The New York Times Company, Legal Department
620 Eighth Avenue
New York, NY 10018
(212) 556-7314
demetri.blaisdell@nytimes.com

*Counsel for Non-Party The New York Times Co.*

---

[1] The Parties have also designated a third document produced by The Times with Bates range NYT_TXAG_00000108-15, to which The Times has not proposed any redactions.

## CERTIFICATE OF SERVICE

I hereby certify that on this 26 day of July, 2024, I caused a copy of the foregoing to be filed electronically with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all interested parties.

*/s/ Jay Ward Brown*
Jay Ward Brown (Va. Bar No. 34355)
BALLARD SPAHR LLP
1909 K Street NW, 12th Floor
Washington, DC 20006
(202) 508-1136
brownjay@ballardspahr.com