# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| UNITED STATES, et al.,<br><br>          *Plaintiffs*,<br><br>  v.<br><br>GOOGLE LLC,<br><br>          *Defendant*. | No. 1:23-cv-00108-LMB-JFA<br><br>**DECLARATION OF JENNIFER DONAHUE IN SUPPORT OF NON-PARTY THE NEW YORK TIMES COMPANY'S OBJECTION TO THE PUBLIC USE OF CONFIDENTIAL DOCUMENTS AND TESTIMONY** |

I, Jennifer Donahue, declare as follows:

    1.    I am an employee of The New York Times Company (the "Times"). My position/title is Vice President, Advertising Finance. I have personal knowledge of all facts stated within this Declaration.

    2.    The Times is a non-party to the above-captioned litigation. The Times received a non-party subpoena from Defendant on March 31, 2023. In response, The Times made a production of documents and data to Defendant.

    3.    I am personally familiar with the documents that are referenced below. As I describe more fully below, portions of the documents contain information that I consider to be highly commercially and competitively sensitive.

    4.    The Times takes significant precautions to ensure that this information is not made public, and the executives and employees who have access to it—myself included—are entrusted to keep this information confidential. To protect confidential business information and sensitive customer information and prevent inadvertent disclosure of such information to others, The Times has internal policies including the following: policies against the disclosure of confidential information; training of employees regarding safeguarding confidential information; confidentiality and non-disclosure agreements with vendors and other partners; and a policy regarding document retention and destruction.

5.  The public disclosure of highly commercially and competitively sensitive information would cause The Times significant competitive harm. Such information, if made public, could be used by our competitors to derive insights about our business operations and strategies. Further, such information could be used by our current and prospective customers, vendors, and business partners to gain unfair advantages in negotiations and dealings with The Times.

**The Parties' Designation of Confidential Information in Proposed Trial Exhibits.**

6.  I am aware that the parties have designated three documents produced by The Times for use as trial exhibits. I have personally reviewed the documents that the parties have designated as trial exhibits. As described below, two of them contain non-public, commercially and competitively sensitive information.

7.  One of the documents designated by Plaintiffs as a trial exhibit is an Advertising Update dated October 14, 2022, produced with Bates range NYTGOOGADTECH000741-84, which presents advertising results for Q3 2022, projections for Q4 2022 and future periods, up to and including 2024, and pipeline of advertising products in development or under consideration. This document contains several highly sensitive categories of information, including (1) absolute revenue figures for various aspects of The Times's advertising business; (2) budgeted and actual expenses and margin figures for The Times's advertising business; (3) forward-looking projections for performance of The Times's advertising business; (4) payroll expenses for The Times's advertising business; (5) detailed breakdowns of advertising revenue by category; and (6) pricing and other confidential metrics for direct and indirect display advertising. The Times does not make this information public. The Insights column of the Q3 Revenue Results section describes the advertising spend of particular advertisers and the charts in the Appendix of the document identify advertisers that spent the most and had the largest increases and decreases in their advertising spend. Neither The Times nor its advertisers make this information public. I consider this information to be highly commercially and competitively sensitive. If it became public, it could

be used by The Times's competitors to derive competitive insights about our business operations and strategies. Further, it could be used by current and prospective customers, vendors, and business partners to gain unfair advantages in negotiations and dealings with The Times. The information concerning the ad spend of named advertisers and the identities of advertisers that increased or decreased their advertising spend could be used by competitors to unfairly compete with The Times and/or its advertisers.

8. One of the documents designated by Defendant as a trial exhibit is an Advertising Leadership Update dated March 4, 2020, produced with Bates range NYTGOOGADTECH000004-19. This document contains several highly sensitive categories of information, including (1) absolute revenue figures for various aspects of The Times's advertising business; (2) budgeted and actual expenses and margin figures for The Times's advertising business; (3) payroll expenses for The Times's advertising business; and (4) the amounts specific advertisers spent to advertise with The Times on a quarterly basis. The Times does not make this information public. I consider this information to be highly commercially and competitively sensitive. If it became public, it could be used by The Times's competitors to derive competitive insights about our business operations and strategies. Further, it could be used by current and prospective customers, vendors, and business partners to gain unfair advantages in negotiations and dealings with The Times. The information concerning the ad spend of named advertisers could be used by competitors to unfairly compete with The Times and/or its advertisers.

9. With my assistance, The Times is filing with the Court a set of proposed acceptable redactions to these two documents that conceal the above-referenced categories of information but leave unredacted less sensitive information. The proposed redactions reflect the categories of highly sensitive information described above that, if disclosed, would cause The Times significant harm.

I, Jennifer Donahue, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on July 26, 2024.

Signature: *Jennifer Donahue* (DocuSigned by: B0FBBBC0094345B...)

Printed Name: Jennifer Donahue

4