UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| UNITED STATES, *et al.*,<br><br>                      Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>                      Defendant. | No. 1:23-cv-00108-LMB-JFA |

**NON-PARTY META PLATFORMS, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO SEAL**

     Pursuant to Local Rule 5(C) and this Court's June 24, 2024 Order (Dkt. 871), non-party Meta Platforms, Inc. ("Meta") respectfully submits this memorandum of law in support of its contemporaneously filed Motion to Seal ("Motion"). For the reasons that follow, Meta hereby requests that this Court seal certain deposition testimony and trial exhibits that contain Meta's sensitive business and other confidential information. In further support of its Motion, Meta states as follows.

**INTRODUCTION**

     On July 5, 2024, the parties notified Meta of their intent to use at trial significant amounts of Meta's confidential information. Meta has determined that only a fraction of that confidential information is sufficiently sensitive to warrant sealing. Specifically, Meta seeks to seal the following:

- ***Portions of the deposition testimony of Simon Whitcombe***. The parties have designated portions of the deposition testimony of Simon Whitcombe. Meta seeks to seal excerpts of

1

- Mr. Whitcombe's testimony that identify the names of and other confidential information relating to Meta's customers as well as other competitively sensitive information about Meta's business strategy.[1]

- **_Portions of the deposition testimony of Omri Farber_**.  The parties have also designated portions of the deposition testimony of Omri Farber.  Meta seeks to seal portions of Mr. Farber's testimony that concern Meta's Audience Network and other aspects of its business strategy, including its revenue-sharing model, margin, and how it competes for ad spend.[2]

- **_Data figures sourced directly from data produced by Meta_**.  Meta seeks to seal data figures contained in the parties' trial exhibits which were sourced from data produced by Meta, such as data regarding Meta's impressions, clicks, revenue, and fees.  The table below lists the figures Meta seeks to seal and the Meta data exhibits from which they were sourced.[3]

| Trial Exhibit | Meta Data Exhibit Source |
|---|---|
| DTX1853, Figure 32 | 8-05-UPDATED-SECOND CORRECTED REVISED |
| DTX1976, Table 7 | Unknown[4] |
| DTX1979, Table 11 | 8-05-RS |
| PTX1243, Figure 56 | 8-07-R1 |

---

[1] The specific pages, lines, and text of Mr. Whitcombe's testimony that Meta seeks to seal are attached under seal as Exhibit 1.

[2] The specific pages, lines, and text of Mr. Farber's testimony that Meta seeks to seal are attached under seal as Exhibit 2.

[3] Three of the data figures that Meta seeks to seal (the DTX exhibits), with proposed redactions, are attached under seal as Exhibits 3-5.  Meta does not possess copies of the remaining data figures (the PTX exhibits) and therefore is unable to propose specific redactions to them.

[4] It is unclear from which specific Meta data exhibit this trial exhibit is sourced, but it is clear from the face of the trial exhibit that it presents Audience Network-specific data on impressions and ad spend and is sourced from one of the Meta data exhibits at issue (or another Meta data exhibit produced in this matter).

| | |
|---|---|
| PTX1244, Figure 57 | 8-07-R1 |
| PTX1269, Figure 99 | 8-07-R1 |
| PTX1270, Figure 100 | 8-07-R1 |
| PTX1271, Figure 101 | 8-07-R1 |
| PTX1272, Figure 102 | 8-07-R1 |
| PTX1273, Figure 103 | 8-07-R1 |
| PTX1274, Figure 104 | 8-07-R1 |
| PTX1281, Figure 111[5] | 8-07-R1 |
| PTX1296, Figure 126 | 8-07-R1 |
| PTX1297, Figure 127 | 8-07-R1 |
| PTX1298, Figure 128 | 8-07-R1 |
| PTX1299, Figure 129 | 8-07-R1 |
| PTX1308, Figure 139 | 8-07-R1 |
| PTX1309, Figure 140 | 8-07-R1 |
| PTX1388, Figure 17 | 8-07-R1 |
| PTX1399, Figure 32 | 8-07-R1 |
| PTX1400, Figure 33 | 8-07-R1 |
| PTX1429, Figure 66 | 8-07-R1 |
| PTX1430, Figure 67 | 8-07-R1 |
| PTX1432, Figure 69 | 8-07-R1 |
| PTX1434, Figure 71 | 8-07-R1 |

---

[5] This Court has previously ruled that portions of Figure 111 may remain under seal. *See* Dkt. 903 ¶ 4.

| PTX1435, Figure 72 | 8-07-R1 |
|---|---|

- *Other Meta data exhibits.* Meta seeks to seal additional data files that were included on Google's exhibit list and that similarly contain data regarding Meta's impressions, clicks, revenue, and fees. The Meta data exhibit numbers at issue are Exhibit 8-03, Exhibit 8-03-UPDATED-CORRECTED, Exhibit 8-10-R1, and Exhibit 8-10-R1 - UPDATED.[6]

- *Other trial exhibits.* Meta seeks to seal additional trial exhibits that contain competitively sensitive information about Meta's business strategy, such as information related to Meta's Audience Network Metrics, internal presentations, customer briefs, and estimates of competitor market share. The table below lists the documents Meta seeks to seal.[7]

| Trial Exhibit / Bates Label |
|---|
| PTX1554 / FBDOJGOOG_00780829 |
| PTX1578 / FBDOJGOOG_00954175 |
| PTX1577 / FBDOJGOOG_00744539 |
| PTX1576 / FBDOJ003189143 |
| PTX1589 / FBDOJGOOG_00991924 |
| PTX1709 / FBDOJGOOG_01186933 |
| DTX641 / FBDOJ012957554 |
| PTX1565 / FBDOJ012304337 |
| PTX1571 / FBDOJ012376039 |
| PTX1572 / FBDOJ012979686 |
| PTX1579 / FBDOJGOOG_00499093 |
| PTX1583 / FBDOJ009471990 |
| PTX0581 / FBDOJGOOG_00028977 |
| PTX0581 / FBDOJGOOG_00028978 |
| DTX767 / FBDOJ003759763 |
| PTX1597 / FBDOJ012641326 |
| PTX1762 / FBDOJGOOG_01495007 |

---

[6] It is not feasible to propose redactions to these large data exhibits, or to file them on the docket.

[7] Proposed redactions to these trial exhibits are attached under seal as Exhibits 6-22. The proposed redactions are highlighted, with the exception of Exhibits 10 and 18-20, which Meta asks be redacted / sealed in their entirety.

## ARGUMENT

It is well-established that this Court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access "is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 300 (4th Cir. 2000); *see also United States v. Doe*, 962 F.3d 139, 145 (4th Cir. 2020) (presumption of access is overcome where it is outweighed by a "significant countervailing interest"). Where the public's right of access derives from the First Amendment, documents may be sealed if there is a compelling interest and the sealing is narrowly tailored to serve that interest. *See, e.g.*, *Doe. v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). The Fourth Circuit has recognized that one interest that "may justify partial sealing of court records" is a company's "strong interest in preserving the confidentiality of its proprietary and trade-secret information." *Id.* at 269.

Courts in this district have held that a company's interest in protecting its sensitive, confidential, business information from public disclosure outweighs the public's right of access to that information. *See, e.g.*, *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*, No. 2:17-cv-503, 2019 WL 8108115, at *1 (E.D. Va. Aug. 15, 2019); *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-cv-525, 2014 WL 12659872, at *1 (E.D. Va. Oct. 14, 2014); *East W., LLC v. Rahman*, No. 1:11-cv-1380, 2012 WL 3841401, at *3 (E.D. Va. Sept. 4, 2012). And multiple courts in the Fourth Circuit have held that customer names and related information can rise to the level of a compelling interest justifying sealing. *See, e.g.*, *Waypoint Mgmt. Consulting, LLC v. Krone*, Case No. ELH-19-2988, 2022 WL 2528465, at *63 (D. Md. July 6, 2022); *Sims v. BB&T Corp.*, Case No. 1:13-cv-732, 2018 WL 3466945, at *3 (M.D.N.C. July 18, 2018). It also

bears emphasis that, as a non-party, Meta deserves "special solicitude." *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 194 (4th Cir. 2019).

Here, the discrete categories of information at issue each rise to the level of a compelling interest that justifies sealing, particularly in light of Meta's limited and targeted proposed redactions.

***Deposition testimony of Simon Whitcombe.*** Meta seeks to seal certain portions of deposition testimony that are particularly sensitive and has proposed narrow redactions to that effect. These portions of testimony either identify or contain confidential information regarding Meta customers, whose identities are not publicly known, or else contain other sensitive information about Meta's business strategy. For example, some portions discuss customer meetings and customer briefs, while other portions discuss Meta's assessment of its competitors and specific ad markets. *See* Exhibit 1. The public disclosure of these customer names and this related information would harm Meta's competitive position by revealing details of Meta's business strategy and permitting competitors to target Meta's customers, and it also implicates the privacy rights of the customers themselves. *See, e.g.*, *Waypoint*, 2022 WL 2528465, at *63 (granting motion to seal because "the proposed redactions are relatively modest, limiting the public's access only to the names of the particular clients at issue"); *Sims*, 2018 WL at *3 (granting motion to seal because "[t]he customers' names . . . are not necessary for the public's understanding of the issues" and to "protect [the movant's] interests by limiting a competitor's ability to target [the movant's] customers").

***Deposition testimony of Omri Farber.*** Meta seeks to seal certain portions of deposition testimony that are particularly sensitive and has proposed narrow redactions to that effect. These portions of testimony focus on Meta's Audience Network's business strategy. For example,

certain portions discuss Audience Network's revenue-sharing model, non-public information about how Meta calculates its margin, and Audience Network's current strategy to compete for ad spend, while others discuss Meta's assessment of its competitors and its future business plans. *See* Ex. 2. The public disclosure of this information would harm Meta's "competitive position" by revealing details of Meta's "business strategy." *See East W., LLC*, 2012 WL 3841401, at *3; *BASF Plant Sci., LP*, 2019 WL 8108115, at *10. *See also* Dkt. 789, Declaration of Omri Farber in Support of Motion to Seal.

***Data figures sourced directly from data produced by Meta***. Meta seeks to seal portions of approximately 26 data figures that reflect sensitive, non-public data pulled directly from exhibits produced by Meta. *See* Exhibit 23, Confidential Declaration of Omri Farber ¶¶ 3-6. The public disclosure of this data would harm Meta by revealing the details of Meta's finances and business strategy. *See id.* ¶ 7. For example, the disclosure of this information could be used by competing advertising networks in the competition for both advertisers and publisher ad impressions, directly hurting Meta's business and, if improperly used, also hurting the business of Meta's publisher and advertiser customers. Such disclosure could also impair Meta's relationships with publishers. *Id.* For these reasons, Meta protects the value of this type of data internally and externally through general policies and practices designed to prevent its disclosure, and also prohibits current and former employees from disclosing it. *See id.* ¶ 8. The public disclosure of this information would also harm Meta's "competitive position" by revealing details of Meta's "business strategy." *See East W., LLC*, 2012 WL 3841401, at *3; *BASF Plant Sci., LP*, 2019 WL 8108115, at *10. Meta has proposed target redactions to the exhibits at issue. *See* Exhibits 3-5.

***Other Meta data exhibits.*** For the same reasons, Meta seeks to seal two additional data files that were included on Google's exhibit list but that have not yet been associated with a

particular trial exhibit, as best Meta can tell. *See* Exhibit 23 ¶¶ 7-8. For example, Exhibit 8-03 reflects Meta's non-public financial information including number of impressions, publisher payments, and revenue retained by Meta for advertisements placed across Meta's properties, including Audience Network, Facebook, Messenger, Instagram, Whatsapp. *See id.* ¶ 3. Exhibit 8-10 reflects impressions, clicks, revenue, payouts, and other information related to each of Audience Network's bidding partners. These bidding partners are key to Audience Network's objective of providing advertising on third-party platforms, and releasing this de-anonymized information threatens to harm the relationship with Audience Network's partners. *See id.* ¶ 6. The public disclosure of this information would also harm Meta's "competitive position" by revealing details of Meta's "business strategy." *See East West, LLC*, 2012 WL 3841401, at *3; *BASF Plant Science, LP*, 2019 WL 8108115, at *10.

***Other trial exhibits***. Meta seeks to seal portions of approximately 17 additional trial exhibits that reflect sensitive, non-public information about Meta's business.[8] For example, the documents detail Meta's non-public consideration of a potential acquisition; describe Audience Network's strategy for setting its margin (i.e., Audience Network's revenue), including detailed formulas for calculating its margin; provide strategic estimated market shares for both Meta and its competitors; and disclose confidential proposed deal terms, revenue projections, and other strategic considerations related to the Google Network Bidding Agreement which could impact future negotiations. The public disclosure of this information would also harm Meta's "competitive position" by revealing details of Meta's "business strategy." *See East W., LLC*, 2012 WL 3841401, at *3; *BASF Plant Sci., LP*, 2019 WL 8108115, at *10. *See also* Dkt. 789,

---

[8] Meta incorporates by reference the arguments contained in its June 14, 2024 Memorandum in Support of Motion to Seal (Dkt. 788), which in part concerned FBDOJGOOG_01495007 (PTX1762).

Declaration of Omri Farber in Support of Motion to Seal. Meta has proposed targeted redactions to the exhibits at issue. *See* Exhibits 6-22.

## CONCLUSION

For the reasons set forth above, Meta respectfully requests that this Court grant its Motion to Seal.

July 26, 2024

Respectfully submitted,

COVINGTON & BURLING LLP

*/s/ Connor Kelley*
Connor Kelley (VA Bar No. 93596)
One CityCenter
850 Tenth St., NW
Washington, DC 20001
Telephone: 202-662-6000
Facsimile: 202-778-5628
ckelley@cov.com

E. Kate Patchen (admitted *pro hac vice*)
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: 415-591-6000
kpatchen@cov.com

*Attorneys for Non-Party Meta Platforms, Inc.*