UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>GOOGLE LLC,<br><br>　　　　　　Defendant. | No. 1:23-cv-00108-LMB-JFA |

**NON-PARTY THE WALT DISNEY COMPANY'S MEMORANDUM OF LAW**
<u>**IN SUPPORT OF MOTION TO SEAL**</u>

　　　　Pursuant to Local Rule 5(C), non-party The Walt Disney Company ("TWDC") respectfully submits this memorandum of law in support of its contemporaneously filed Motion to Seal ("Motion"). For the reasons that follow, TWDC hereby requests that this Court seal certain deposition testimony and trial exhibits that contain TWDC's sensitive and confidential business information. In further support of its Motion, TWDC states as follows.

**<u>INTRODUCTION</u>**

　　　　On July 5, 2024, the parties notified TWDC of their intent to use at trial TWDC's confidential information from produced documents and made initial designations of TWDC's 30(b)(6) deposition testimony. On July 19, 2024, Defendant Google further notified TWDC with counter designations of the deposition testimony. Given the sensitive and confidential nature of this information, TWDC requests that the Court seal certain portions of those exhibits and deposition testimony:

1

- TWDC seeks to seal portions of Mr. Jeremy Helfand's testimony that concern TWDC's business strategy, including the development of its proprietary advertising technology.[1]

- TWDC seeks to seal or redact sensitive and confidential portions of TWDC documents on Plaintiffs' and Defendant's exhibit lists that reveal TWDC's confidential impressions data, revenue, costs, product offerings, business strategy, and analyses of same. The parties' trial exhibit numbers at issue are DTX 2472 (to be sealed in its entirety), DTX1207, DTX1374, DTX 1710/PTX1835, and DTX 910.[2]

## ARGUMENT

It is well-established that this Court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also United States v. Doe*, 962 F.3d 139, 145 (4th Cir. 2020) (presumption of access is overcome where it is outweighed by a "significant countervailing interest"). Where the public's right of access derives from the First Amendment, documents may be sealed if there is a compelling interest and the sealing is narrowly tailored to serve that interest. *See, e.g.*, *Co. Doe. v. Pub. Citizen*, 749 F. 3d 246, 266 (4th Cir. 2014). The Fourth Circuit has recognized that one interest that "may justify partial sealing of court records" is a company's "strong interest in preserving the confidentiality of its proprietary and trade-secret information." *Id.* at 269.

Courts in this district have held that a company's interest in protecting its sensitive, confidential, business information from public disclosure outweighs the public's right of access to

---

[1] The specific citations and text of Mr. Helfand's testimony that TWDC seeks to seal are attached under seal as Exhibit A.

[2] The TWDC documents that the parties identified as trial exhibits, portions of which TWDC seeks to seal with proposed redactions, are attached under seal as Exhibits B–E. The proposed redactions are identified by the application of a red box around the relevant text and images.

that information. *See, e.g.*, *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*, No. 2:17-cv-503, 2019 WL 8108115, at *1 (E.D. Va. Aug. 15, 2019); *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-cv-525, 2014 WL 12659872, at *1 (E.D. Va. Oct. 4, 2014); *East W., LLC v. Rahman*, No. 1:11-cv-1380, 2012 WL 3841401, at *3 (E.D. Va. Sept. 4, 2012). It also bears emphasis that, as a non-party, TWDC deserves "special solicitude." *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 194 (4th Cir. 2019).

**Deposition Testimony of Jeremy Helfand.** TWDC moves to seal several portions of deposition testimony that discuss sensitive aspects of TWDC's business strategy, including strategic considerations for the future of its advertising business. Specifically, TWDC moves to seal the testimony discussing TWDC's rationale for developing proprietary advertising technology, costs of doing so, personnel requirements and time invested to do so, and TWDC's current and future strategy to compete for ad spend. TWDC has proposed narrow redactions of Mr. Helfand's deposition testimony to protect these confidential details of its business. *See* Ex. A. The public disclosure of this information would harm TWDC's "competitive position" by revealing details of TWDC's future and ongoing "business strategy." *See East W., LLC*, 2012 WL 3841401, at *3; *BASF Plant Sci., LP*, 2019 WL 8108115, at *10.

**Trial exhibits.** TWDC also seeks to seal portions of exhibits, and one exhibit in its entirety, identified by Plaintiffs and Defendant, that reflect confidential business strategy, impressions data, revenue, and how TWDC's product offerings are used by consumers, as well as analyses of same. *See* Ex. B (DTX1207); Ex. C (DTX1374); Ex. D (DTX 1710/PTX1835); Ex. E (DTX 910); DTX 2472 (to be sealed in its entirety). The public disclosure of this information would reveal confidential details of TWDC's performance, finances, and business

strategy.  This is not information that TWDC's competitors have access to today; disclosure of this information risks harm to the company and its ability to compete.

**DTX1207.**  This exhibit reflects statistical analyses of TWDC's properties on several categories of data, including delivered impressions by inventory type, digital video by device, video impressions by brand and quarter, display impressions by brand and quarter, digital video impressions by inventory type, long-form video by device, short-form video by device, and display by device.  This exhibit also reflects competitively sensitive information on pricing and growth trends, including in the form of charts analyzing data on delivered video impressions over time, by advertisement type and device, and disaggregated by TWDC brand.  This exhibit also reflects, non-public "beta" advertising strategy that the company is developing as well as data on audience demographic composition and how that impacts TWDC's strategy.

**DTX1374.**  This exhibit reveals highly confidential information regarding business considerations that underlie TWDC's strategic decision to develop its own proprietary advertising technology product, Yield Optimized Delivery Allocation ("YODA").  This exhibit includes TWDC's key performance indicators ("KPIs") and other business strategy information, including strategic use cases.

**DTX1710/PTX1835.**  This exhibit discusses TWDC's future business plans and how the Disney Real-Time Ad Exchange ("DRAX"), TWDC's proprietary header-bidding solution, functions.  The exhibit includes details of TWDC's business strategy and operations that it has developed and cultivated through significant cost, investment, and innovation.

**DTX 910.**  This exhibit reveals analyses of internal data on TWDC's addressable advertising spend, ad spend and demand by content type, impressions data analyses, Hulu advertising sales and revenue build, Disney advertising sales, programmatic display and video

revenue, performance analyses, cost data, and other Disney financials. This information is competitively sensitive because it reveals TWDC's business strategy and how its investments translate into impressions and other indicators of business performance.

**DTX 2472.** This exhibit is a vendor analysis comparing Google and Comcast (Freewheel) across functional areas, including platform and device support, reporting and analytics for direct and programmatic advertising, and ad delivery and optimization. TWDC commissioned this work, and the exhibit includes competitively sensitive information regarding how TWDC evaluated and assessed each of those offerings to inform its business strategy.

Accordingly, the public disclosure of the above-described information would harm TWDC's "competitive position" by revealing details of TWDC's "business strategy." *See East W., LLC*, 2012 WL 3841401, at *3; *BASF Plant Sci., LP*, 2019 WL 8108115, at *10. Moreover, this information reveals details of TWDC's proprietary information of which there is a "strong interest in preserving the confidentiality." *Pub. Citizen*, 749 F. 3d at 269.

## **CONCLUSION**

For the reasons set forth above, TWDC respectfully requests that this Court grant its Motion to Seal.

July 26, 2024                                              Respectfully submitted,

COVINGTON & BURLING LLP

*/s/ Connor Kelley*
Connor Kelley (VA Bar No. 93596)
One CityCenter
850 Tenth St., NW
Washington, DC 20001
Telephone: 202-662-6000
Facsimile: 202-778-5628
ckelley@cov.com

E. Kate Patchen (pending *pro hac vice*)
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: 415-591-6000
kpatchen@cov.com

*Attorneys for Non-Party The Walt Disney Company*