IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| United States, et al.<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>Google LLC<br><br>　　　　　Defendant. | Civil Action No. 1:23-cv-00108 |

**MEMORANDUM OF LAW IN SUPPORT OF NON-PARTIES MICROSOFT CORPORATION AND XANDR INC.'S OBJECTIONS AND MOTION TO SEAL**

Pursuant to Local Civil Rule 5(C) and the Court's June 24, 2024 Order (Dkt. 871), Microsoft Corporation and Xandr Inc. (together, "Microsoft") submit this memorandum of law in support of their objections to the public use of certain trial exhibits and deposition testimony, or portions thereof, that the parties in this action have listed for potential use at trial (the "Microsoft Materials") and their motion to seal. These Microsoft Materials were designated Highly Confidential pursuant to the May 11, 2023 Modified Protective Order (Dkt. 203). The limited information that Microsoft proposes to redact or keep fully under seal concerns Microsoft's commercially sensitive, non-public information. As directed by the Court's June 24, 2024 Order (Dkt. 871), where Microsoft objects to the public use of confidential documents or testimony it has filed relevant excerpts of the Microsoft Materials with proposed redactions of the confidential information. The corresponding unredacted versions of these Microsoft Materials have been provided to allow the Court to assess these redactions. Microsoft has filed these unredacted versions electronically using the sealed filing events and requests that these materials be sealed.

**STANDARD**

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Yet, this right to public access is not absolute and may be overcome where there is a "significant countervailing interest in support of sealing that outweighs the public's interest," or there is a "compelling government interest [] narrowly tailored to serve that interest." *See In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 293 (4th Cir. 2013); *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Where the public's right of access is outweighed by competing interests, the court may seal judicial records. *E. W., LLC v. Rahman*, 2012 WL 3841401, at *1 (E.D. Va. Sept. 4, 2012).

A district court may seal court documents after attending to certain procedures set forth by the Fourth Circuit Court of Appeals. *Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); see also *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 576 (E.D. Va. 2009). Specifically, a court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the documents; and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.* Here, as stated in the notice filed concurrently with this memorandum, and as ordered by the Court, any Party or non-party may indicate their position on the motion.

**ARGUMENT**

I.   **Microsoft Objects to the Public Disclosure at Trial of Its Competitively Sensitive Non-Public Information**

Microsoft is a non-party to these proceedings that has produced documents, transactional data, and testimony containing highly confidential, competitively sensitive information in response

to Party subpoenas. Pursuant to the Court's June 24, 2024 Order, on July 5, 2024 the Parties provided notice of the Microsoft Materials that they may use as exhibits at trial, which include deposition testimony by current and former Microsoft or Xandr employees, and documents and transactional-level data produced by Microsoft during Plaintiffs' pre-litigation investigation and in response to subpoenas issued to Microsoft in this litigation.[1]

Microsoft has reviewed the Microsoft Materials and objects to the public disclosure of its commercially sensitive non-public information at trial. As directed by the Court, Microsoft proposes acceptable, limited redactions to protect this competitively sensitive information from public disclosure, and no alternative procedure will suffice to protect this information. *See*, Appendix A (detailing the relevant proposed trial exhibit numbers and deposition testimony, document descriptions, and the specific bases for non-disclosure). In a large number of instances—including approximately half of the document exhibits for which Microsoft received notice—Microsoft has determined that no redaction would be necessary, and the Microsoft Materials may be used at trial without redaction.

Finally, in the case of the voluminous transaction-level data that the Parties' experts have used, or that are included as potential exhibits, Microsoft asks that this highly sensitive data remain confidential in its entirety. Google noticed Microsoft of forty-seven data figure exhibits and provided heavily redacted versions. With two exceptions, the notices did not provide information sufficient for Microsoft to review or assess how its information is incorporated into the figure and what specific information is contained in the figure.[2] Plaintiffs provided Microsoft with a list of data figure exhibits that incorporate Microsoft data, yet similarly did not provide sufficient

---

[1] On July 19, 2024, Plaintiffs provided notice of counter designations to Microsoft deposition testimony. Microsoft also addresses those herein.

[2] Microsoft addresses the two exceptions, DTX1840 and DTX1958 in Appendix A.

information for Microsoft to review and assess how its information is used. Microsoft objects the public use of these data figure exhibits in their entirety to the extent the Court has not already ruled on the appropriate redactions.[3] To the extent the data is referenced in demonstratives or data figure exhibits Microsoft asks that any information identifying Microsoft or figures specific to Microsoft (e.g., unaggregated revenue, revenue shares, or impressions transacted) be redacted consistent with this Court's prior Orders. *See, e.g.*, Dkt. No. 903.

## II. Microsoft Asks that its Commercially Sensitive Proprietary and Trade Secret Information Be Sealed and Not Be Publicly Disclosed at Trial

Microsoft objects and requests that its commercially sensitive information be sealed and not be publicly disclosed. A "corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records." *Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014). Where public disclosure of such information "would cause competitive harm to both parties and nonparties to this action and place them at a competitive disadvantage," sealing is appropriate. *See Solomon v. Am. Web Loan, Inc.*, 2020 WL 13894410, at *2 (E.D. Va. Oct. 15, 2020). Indeed, where the public's right of access is outweighed by competing interests, the court may seal judicial records. *E. W., LLC v. Rahman*, 2012 WL 3841401, at *1 (E.D. Va. Sept. 4, 2012).

Here, none of the information Microsoft seeks to seal and protect from public disclosure at trial has previously been made public and its disclosure would cause Microsoft significant commercial and competitive harm by, *inter alia*, disclosing Microsoft's commercial strategies, detailed feature development approaches, internal assessments of the commercial viability of Microsoft's products, business relationships with customers, and Microsoft's internal financial and

---

[3] *See, e.g.*, Dkt. No. 903 (addressing Figures 4, 5, 7, and 8 from the expert report of Timothy Simcoe; Figures 47 and 110 from the expert report of Robin Lee, and Figure 29 from the expert rebuttal report of Robin Lee).

usage data.  Given the continued commercial sensitivity of this information, and its relevance to Microsoft's current strategic approach and business operations, disclosure would allow Microsoft's competitors, and others, to leverage this information to place Microsoft at a competitive disadvantage.  Courts in the Fourth Circuit have found similar information meets the standard for sealing.  *See, e.g., E. W., LLC v. Rahman*, 2012 WL 3843657, at *3 (E.D. Va. Sept. 4, 2012) ("sensitive financial data, including gross profit data, the disclosure of which would be highly likely to cause significant harm to the [company's] business competitive position"); *HiQ Materials AG v. ICP Indus., Inc.,* 2023 WL 4842783, at *2 (M.D.N.C. June 28, 2023) (defendant "seeks to redact only proprietary business and customer information and trade secrets in the form of financial analyses, market research, pricing formulas, and highly sensitive customer needs and preferences"); *360 Mortg. Grp., LLC v. Stonegate Mortg. Corp.*, 2016 WL 4939308, at *1-2 (E.D.N.C. Sept. 14, 2016) ("business techniques, the identification of . . . customers, and . . . finances" are "the type of confidential business information properly subject to protection").

### III.        Microsoft's Redactions Are Limited and Tailored

Microsoft has carefully reviewed the Microsoft Materials at issue and proposed acceptable redactions in keeping with Fourth Circuit precedent and the Court's recent orders on the Parties' motions to seal (e.g., Dkt. 903).  Microsoft seeks only limited redactions as necessary to protect its commercially sensitive, non-public information and data, including detailed commercial strategies and granular produced data; and non-public contact information for Microsoft employees.  Microsoft's proposals are narrowly tailored, and no less restrictive means exist to protect the information from public disclosure.  *See Philpot v. Indep. J. Rev.*, 2021 WL 5071504, at *1 (E.D.Va. Apr. 7, 2021) (granting motion to seal redacted documents because "this selective protection of information constitutes the least drastic measure of sealing confidential material").

Appendix A to this memorandum details by trial exhibit number the Microsoft Materials

to which Microsoft objects to public disclosure, in whole or in part, and provides the basis for sealing.  Pursuant to Local Civil Rule 5(C) and the Court's June 24, 2024 Order, where Microsoft proposes an acceptable redaction of the Microsoft Materials, Microsoft is filing the relevant excerpts with redactions.  *See* Exhibit 1 hereto, Declaration of Allen Davis and accompanying exhibits.  The corresponding unredacted Microsoft Materials filed under seal to enable the Court's review of Microsoft's proposed acceptable redaction should be sealed.  The bases for non-disclosure provided in Appendix A, as further outlined herein, also support the sealing of these exhibits.

## CONCLUSION

For the aforementioned reasons, Microsoft respectfully requests that the Court consider Microsoft's objections and accept Microsoft's proposed acceptable redactions to prevent the public disclosure at trial of Microsoft's commercially sensitive information as outlined in Appendix A and as attached to Exhibit 1.  Microsoft further requests that the Court permanently seal the corresponding unredacted Microsoft Materials filed with the Court to enable its review.  A proposed order is submitted herewith.

Dated: July 26, 2024                                  Respectfully submitted

/s/ Craig G. Falls
Craig G. Falls (VSB 72926)
Amy W. Ray (*pro hac vice*)
Eileen M. Cole (*pro hac vice*)
Allen R. Davis (*pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue, NW
Washington, D.C. 20037
Telephone: (202) 339-8611
Fax: (202) 339-8500
Email: cfalls@orrick.com

*Attorneys for Microsoft Corporation and Xandr Inc.*