UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GOOGLE LLC, <br><br> *Defendant*. | Case No. 1:23-cv-00108-LMB-JFA |

**OBJECTIONS OF NON-PARTIES WAVEMAKER GLOBAL LLC, GROUPM WORLDWIDE, LLC, VML, LLC, AND YOUNG & RUBICAM LLC, TO THE PUBLIC USE AT TRIAL OF CONFIDENTIAL AND <u>HIGHLY CONFIDENTIAL DOCUMENTS AND TESTIMONY</u>**

Date: July 26, 2024

/s/ James D. Sadowski
James D. Sadowski (VSB #38326)
Greenstein DeLorme & Luchs, P.C.
801 17th Street, NW, Suite 1000
Washington, DC 20006
Phone: (202) 452-1400; Fax: (202) 452-1410
Email: jds@gdllaw.com

*Counsel for Non-Parties Wavemaker Global LLC, GroupM Worldwide, LLC, VML, LLC and Young & Rubicam, LLC*

Pursuant to Local Civil Rule 5(H) and this Court's order, (ECF No. 871, the "Order"), non-parties Wavemaker Global LLC, GroupM Worldwide, LLC, VML, LLC, and Young & Rubicam LLC, each operating at various times as Team Y&R, Y&R, or VMLY&R (VML, LLC and Young & Rubicam LLC collectively "Y&R" and together with the remaining non-parties, the "Non-Parties"), respectfully submit their objections (the "Objections") to the proposed use of unredacted Confidential and Highly Confidential documents and testimony at trial (the "Trial Materials"). The Non-Parties object to the use of the Trial Materials in open court in their unredacted form because they contain highly confidential, strategic, and competitively valuable information that if made public would cause the Non-Parties serious harm and provide critical advantages to their competitors and other customers.[1] Notably, the Non-Parties did not themselves review, produce, and designate these documents. Rather, it was their clients, the United States Navy and the United States Census Bureau, that produced documents -- outside of the Non-Parties' control -- containing the Non-Parties' Confidential and Highly Confidential information.

Plaintiff and Defendant presented the Non-Parties with 55 potential exhibits and multiple lines of deposition testimony to be used at trial. In an effort to comply with the Court's Order, the Non-Parties and their counsel repeatedly tried to coordinate with Plaintiff and Defendant to propose "acceptable" redactions of the Trial Materials. Counsel for the parties refused to do so. The Non-Parties have undertaken to review all of the Trial Materials and be judicious in their

---

[1] The documents at issue in these Objections are substantively similar to those documents that were the subject of Y&R's Response to the Pending Motions to Continue Sealing Highly Confidential and Confidential Documents Previously Filed Under Seal (ECF No. 813, the "Response"). In support of that Response, Y&R filed the Declaration of Christopher Edmondson (ECF No. 813-1), a Y&R executive who is also familiar with the remaining Non-Parties' documents and interests. Mr. Edmondson's Declaration explains why the Non-Parties would be harmed if their proprietary and confidential information is made public. Due to the similarity of the documents at issue in both these Objections and the Response, the Non-Parties hereby incorporate by reference the entirety of the Response and Declaration of Christopher Edmondson.

objections and proposed redactions, having gotten no insight from the parties as to the relevance and likely use of these materials at trial. Of those 55 documents and numerous lines of deposition testimony, the Non-Parties have limited their objections to the following 28 documents and two portions of deposition testimony, as discussed in further detail below.[2]

## PRELIMINARY STATEMENT

The Trial Materials are quintessential examples of documents and testimony whose public disclosure would severely harm the Non-Parties by revealing private and competitively sensitive strategy and pricing information. Such information, if disclosed, would give the Non-Parties' competitors critical insight into how the Non-Parties conceive of, price, and execute on media buying and advertising campaigns for their clients, including for the United States Navy and United States Census, which are two important clients of the Non-Parties with ongoing campaigns and bidding processes. Thus, disclosure of the Trial Materials to the public and the Non-Parties' competitors without the proposed redactions would have devastating business consequences for the Non-Parties. Similarly, public disclosure of the unredacted Trial Materials would also place the Non-Parties at a serious disadvantage *vis-à-vis* their existing and potential customers, were they to gain access to the Non-Parties' internal pricing and staffing information.

Moreover, the Non-Parties understand that the damages portion of this case is now deemed moot (ECF No. 748). Therefore, there is limited public interest in full access to most of the Trial Materials, which generally focus on pricing. And, any limited relevance would be heavily outweighed by the enormous harm that disclosure would do to the Non-Parties by giving their

---

[2] In accordance with the Court's Order, the Non-Parties are concurrently filing redacted versions of the proposed trial exhibits referenced herein, but are not filing proposed redacted excerpts of Susan Schiekofer's deposition testimony because the proposed redactions are limited to a few select words and/or lines of testimony, as noted on page 7 (Deposition Transcript Chart).

competitors unique insight into understanding how they price, staff and manage campaigns on behalf of their clients. Accordingly, the Non-Parties respectfully request that, to the extent the parties deem it necessary to introduce the Trial Materials in open court, that they do so with the redactions described in the chart below and as filed concurrently with these Objections.

## LEGAL STANDARD

As discussed in greater detail in the Argument section of the Response, the presumption of access to judicial records "can be rebutted if countervailing interests heavily outweigh the public interests in access." *See Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *see also Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Rushford*). As the Supreme Court held: "the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files" are "sources of business information that might harm" a party's "competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Courts are instructed to consider factors such as whether access to the records would allow others to "unfairly gain[]a business advantage." *See Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). For example, courts in this Circuit have found that sealing is appropriate where the information "would give a windfall to competitors," grant counterparties "an advantage to seek more favorable terms" in future negotiations, or enable competitors to "modify their business strategies to" disadvantage the party seeking to seal its confidential information. *See, e.g., Fed. Trade Comm'n v. Syngenta Crop Prot. AG*, No. 1:22CV828, 2023 WL 6379625, at *3 (M.D.N.C. Sept. 28, 2023); *see also Bayer Cropscience Inc. v. Syngenta Crop Prot., LLC*, 979 F. Supp. 2d 653, 656–57 (M.D.N.C. 2013) (granting motion to seal certain confidential "marketing, sales, and licensing information which is not ordinarily public.").

3

## **OBJECTIONS**

In total, the Non-Parties object to the unredacted use of 28 documents, and two portions of deposition testimony. These objections fall along the following categories.

*First*, the Non-Parties object to the use of 21 of the Trial Materials without redactions to shield from public view certain Confidential and Highly Confidential strategic information, such as information regarding strategy, staffing, spending, and planning, which, if disclosed to the Non-Parties' customers and competitors, would severely harm the Non-Parties.

| **Exhibit Name** | **Confidentiality Designation** | **Non-Confidential Description of Overall Subject Matter and Rationale Supporting Proposed Redactions** |
|---|---|---|
| DTX 0616 | Highly Confidential | Document redacted to protect information regarding the number of hours worked on the 2020 Census campaign, which is information that could provide competitors with insight into the Non-Parties' methods of staffing and pricing bids and campaigns. |
| DTX 0625 | Highly Confidential | Invoice redacted to protect highly confidential and proprietary billing information and spend strategy that would be invaluable to competitors in an attempt to outbid the Non-Parties in future bids. |
| DTX 0852 | Highly Confidential | Document redacted to protect highly confidential and proprietary budgetary planning and spend strategy that would be invaluable to competitors in an attempt to outbid the Non-Parties in future bids. |
| DTX 0904 | Highly Confidential | Invoice redacted to protect highly confidential and proprietary billing information and spend strategy that would be invaluable to competitors in an attempt to outbid the Non-Parties in future bids. |
| DTX 0941 | Highly Confidential | Invoice redacted to protect highly confidential and proprietary billing information and spend strategy that would be invaluable to competitors in an attempt to outbid the Non-Parties in future bids. |
| DTX 1033 | Highly Confidential | Invoice redacted to protect highly confidential and proprietary billing information and spend strategy that would be invaluable to competitors in an attempt to outbid the Non-Parties in future bids. |
| DTX 1069 | Confidential | Presentation redacted to protect highly confidential and proprietary budget information and spend strategy that |

| | | |
|---|---|---|
| | | would be invaluable to competitors in an attempt to outbid the Non-Parties in future bids. |
| DTX 1081 | Highly Confidential | Document redacted to protect ongoing, extremely sensitive, highly confidential, and current data regarding pricing, strategy, and staffing that would be invaluable to competitors in an attempt to outbid the Non-Parties in future bids. |
| DTX 1088 | Highly Confidential | Invoice redacted to protect highly confidential and proprietary billing information and spend strategy that would be invaluable to competitors in an attempt to outbid the Non-Parties in future bids. |
| DTX 1090 | Highly Confidential | Invoice redacted to protect highly confidential and proprietary billing information and spend strategy that would be invaluable to competitors in an attempt to outbid the Non-Parties in future bids. |
| DTX 1094 | Highly Confidential | Document redacted to protect ongoing, extremely sensitive, highly confidential, and current data regarding pricing, strategy, and staffing that would be invaluable to competitors in an attempt to outbid the Non-Parties in future bids. |
| DTX 1101 | Highly Confidential | Invoice redacted to protect highly confidential and proprietary billing information and spend strategy that would be invaluable to competitors in an attempt to outbid the Non-Parties in future bids. |
| DTX 1174 | Highly Confidential | Invoice redacted to protect highly confidential and proprietary billing information and spend strategy that would be invaluable to competitors in an attempt to outbid the Non-Parties in future bids. |
| DTX 1298 | Highly Confidential | Invoice redacted to protect highly confidential and proprietary billing information and spend strategy that would be invaluable to competitors in an attempt to outbid the Non-Parties in future bids. |
| DTX 1304 | Highly Confidential | Document redacted to protect highly confidential and proprietary budget information and spend strategy that would be invaluable to competitors in an attempt to outbid the Non-Parties in future bids. |
| DTX 1326 | Confidential | Document redacted to protect ongoing, extremely sensitive, highly confidential, and current data regarding pricing, strategy, and staffing that would be invaluable to competitors in an attempt to outbid the Non-Parties in future bids. |
| DTX 1369 | Highly Confidential | Invoice redacted to protect highly confidential and proprietary billing information and spend strategy that would be invaluable to competitors in an attempt to outbid the Non-Parties in future bids. |

| DTX 1391 | Highly Confidential | Document redacted to protect ongoing, extremely sensitive, highly confidential, and current data regarding pricing, strategy, and staffing that would be invaluable to competitors in an attempt to outbid the Non-Parties in future bids. |
| DTX 1392 | Highly Confidential | Invoice redacted to protect highly confidential and proprietary billing information and spend strategy that would be invaluable to competitors in an attempt to outbid the Non-Parties in future bids. |
| DTX 1393 | Confidential | Document redacted to protect highly confidential and proprietary billing information and spend strategy that would be invaluable to competitors in an attempt to outbid the Non-Parties in future bids. |
| DTX 1416 | Highly Confidential | Document redacted to protect ongoing, extremely sensitive, highly confidential, and current data regarding pricing, strategy, and staffing that would be invaluable to competitors in an attempt to outbid the Non-Parties in future bids. |

*Second*, the Non-Parties object to the use of seven of the Trial Materials without redactions to shield from public view certain personally identifying information.

| **Exhibit Name** | **Confidentiality Designation** | **Non-Confidential Description of Proposed Redactions** |
|---|---|---|
| DTX 0493 | Highly Confidential | Personally identifying information redacted. |
| DTX 0551 | Confidential | Personally identifying information redacted. |
| DTX 0585 | Highly Confidential | Personally identifying information redacted. |
| DTX 0604 | Highly Confidential | Personally identifying information redacted. |
| DTX 0903 | Confidential | Personally identifying information redacted. |
| DTX 0943 | Highly Confidential | Personally identifying information redacted. |
| DTX 0944 | Highly Confidential | Personally identifying information redacted. |

*Third*, the Non-Parties object to the use of two portions of designated deposition testimony, for the reasons discussed in further detail below.

| **Deposition Transcript Citation** | **Confidentiality Designation** | **Non-Confidential Description of Overall Subject Matter and Rationale Supporting Proposed Redactions** |
|---|---|---|
| Transcript of Deposition of Susan Schiekofer, lines 75:24-76:22 | Highly Confidential | Redacting references to percentages in 76:10, 76:12, and 76:16 because public disclosure of this number would give customers and competitors insight into strategy that would harm GroupM. |

| | | |
|---|---|---|
| Transcript of Deposition of Susan Schiekofer, lines 85:1-17. | Confidential | Redacting information presented in lines 85:8-11 because the information is not accurately presented, particularly without a broader understanding of the discussed transaction. |

## CONCLUSION

For all of the foregoing reasons, the Non-Parties respectfully request that the Trial Materials only be introduced, if at all, in their redacted form as proposed in this Objection.

Date:  July 26, 2024                           /s/ James D. Sadowski
                                               James D. Sadowski (VSB #38326)
                                               Greenstein DeLorme & Luchs, P.C.
                                               801 17th Street, NW, Suite 1000
                                               Washington, DC  20006
                                               Phone:  (202) 452-1400; Fax: (202) 452-1410
                                               Email:  jds@gdllaw.com
                                               *Counsel for Non-Parties Wavemaker Global LLC,*
                                               *GroupM Worldwide, LLC, VML, LLC and*
                                               *Young & Rubicam, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of July, 2024, I filed the foregoing Objection of Non-Parties Wavemaker Global LLC, GroupM Worldwide, LLC, VML, LLC, and Young & Rubicam LLC using the Court's ECF System, and a copy should be served by Notice of Electronic Filing on all persons designated to receive electronic notice in this case.

                                               /s/ James D. Sadowski
                                               James D. Sadowski