UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>                Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>                Defendant. | Case No. 1:23-cv-00108-LMB-JFA<br><br>Hon. Leonie M. Brinkema |

**NON-PARTY BUZZFEED, INC.'S OBJECTION TO PUBLIC USE OF
CONFIDENTIAL DEPOSITION TESTIMONY AND PROPOSED REDACTIONS**

Pursuant to the Court's June 24, 2024 Order, Non-Party BuzzFeed, Inc. ("BuzzFeed") respectfully submits this objection to the public use of certain highly confidential deposition testimony designated by the parties in advance of trial and its proposed redactions to said testimony.[1]

**PRELIMINARY STATEMENT**

While the public has a "right to inspect and copy judicial records," the Supreme Court has long held that this right is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) ("This right of access to court records is not absolute[.]") Indeed, the Supreme Court has recognized several exceptions to the public's right to inspect judicial records, which include ensuring that judicial records do not become "sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; *see also LifeNet Health v. Lifecell Corp.*, 2015 WL 12517430, at *1 (E.D. Va. Feb. 12, 2015) ("One of the recognized exceptions [to the public's right to access judicial records] is when a party seeks to protect[ ] commercially sensitive information, such as trade secrets, from public disclosure.").

Consistent with these well-settled principles, courts in this District have repeatedly sealed information contained in judicial records where public disclosure would cause competitive harm to a party or non-party. *See, e.g., Globus Med. Inc. v. Jamison*, 2023 WL

---

[1] In further support of its objection, BuzzFeed has submitted (i) the Declaration of Christopher Hickman, dated July 26, 2024, and (ii) the Declaration of Juan A. Arteaga, dated July 26, 2024. All citations to "Exhibit A" are to the exhibit accompanying the Arteaga Declaration, which reflects BuzzFeed's proposed redactions to the deposition testimony designated by the parties. BuzzFeed has not received any notice from the parties regarding the potential use of BuzzFeed documents or data during the upcoming trial. To the extent any party intends to use any BuzzFeed documents or data, BuzzFeed requests that it be provided an opportunity to review this material and determine whether it has an objection to its public use.

1

4937386, at *2-4 (E.D. Va. Jan. 12, 2023); *Biedermann Techs. GMBH & Co. v. K2M, Inc.*, 2021 WL 8445264, at *1-2 (E.D. Va. Sept. 1, 2021); *Solomon v. Am. Web Loan, Inc.*, 2020 WL 13894410, at *2 (E.D. Va. Oct. 15, 2020); *Mars, Inc. v. The J,M. Smucker Co.*, 2017 WL 11499735, at *1-2 (E.D. Va. Aug. 9, 2017).

Here, the parties have designated for potential use at trial various excerpts of the deposition testimony provided by BuzzFeed's Chief Business Officer, which was marked as "highly confidential."  Ex. A at 1.  While it is unclear whether any of this testimony will be used during the upcoming trial and, if so, in what manner, BuzzFeed has sought to maximize the public's access to this potential evidence by limiting its objection to a few portions of the designated testimony that reflect highly confidential and competitively sensitive information.  As detailed below and in the Hickman Declaration, the testimony that BuzzFeed has proposed redacting reflects non-public, competitively sensitive information about BuzzFeed's finances and business operations, including product pricing, revenue sources and percentages, marketing and product strategies, market analyses, and competitive responses to market developments.  The disclosure of such commercially sensitive information would harm BuzzFeed's ability to compete in the marketplace and successfully negotiate future deals with counter-parties such as advertisers and providers of online advertising technology services.

The limited and targeted approach taken by BuzzFeed in its instant objection is fully consistent with the case law and draws the appropriate balance between the public's right to access judicial records and BuzzFeed's right to safeguard its confidential and competitively sensitive information.  *See, e.g.*, *Lifenet Health v. Lifecell Corp.*, 2015 WL 12517430, at *4 (E.D. Va. Feb. 12, 2015) (concluding that "'a partial sealing strikes an appropriate balance between the public's right of access to judicial records and proceedings and the parties' legitimate interest in

the protection of sensitive proprietary information'" (citation omitted)). This is especially true given the fact that courts have repeatedly held that "the need for minimizing intrusion is especially great" where, as here, the public disclosure of judicial records implicates "a third party's property and privacy rights." *United States v. Hubbard*, 650 F.2d 293, 319 (D.C. Cir. 1980).[2] Furthermore, the small number of narrow redactions proposed by BuzzFeed will not impede the public's understanding of the parties' claims and defenses or the court's decision. *See, e.g.*, *In re Knight Pub.*, 743 F.2d at 235 (stating that courts ruling on requests to seal or redact judicial records should consider whether public disclosure "would enhance the public's understanding" of the judicial process); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013) ("The presumption in favor of public access to court documents is based on 'promoting the public's understanding of the judicial process and of significant public events.'").

## ARGUMENT

In deciding whether to seal or redact judicial records, courts in this District must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing . . ., and (3) provide specific reasons and

---

[2] *See also FTC v. OSF Healthcare Sys.*, 2012 WL 1144620, at *2-11 (N.D. Ill. Apr. 5, 2012) (stating that "burden [to seal judicial records] is less demanding on non-parties" and granting motions to seal various exhibits used in preliminary injunction hearing because public disclosure would harm companies' competitive standing and position in future negotiations); *Kentucky v. Marathon Petroleum Co. LP*, 2019 WL 4452956, at *2-3 (W.D. Ky. Sept. 17, 2019) (stating that "[t]he privacy interests of innocent third parties should weigh heavily in the court's balancing equation" when granting motion to seal portions of summary judgment motion and certain supporting exhibits because public disclosure would harm third parties' ability to "maintain a competitive market position" (quotation marks and citation omitted)); *Quidel Corp. v. Siemens Med. Sols. USA, Inc.*, 2020 WL 1062949, at *2 (S.D. Cal. 2020) (same); *DeMartini v. Microsoft Corp.*, 2023 WL 4205770, at *2, *4 (N.D. Cal. June 26, 2023) (noting that "[t]he Court also considers a more lenient approach when sealing non-party information" and granting third party's motion to seal material that would assist "prospective and current business partners in negotiating with [the third party]" (quotation marks and citation omitted)).

factual findings supporting its decision to seal . . . and for rejecting alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).  Each of these requirements is satisfied here.

*First*, the Court's June 24, 2024 Order provided public notice that parties and third parties objecting to "the public use of confidential documents or testimony" were required to "file a specific objection with a proposed acceptable redaction of the information" by July 26, 2024.  ECF No. 871 at 1-2.  Consistent with the Court's Order, BuzzFeed publicly filed its instant objection to the potential public use of certain confidential deposition testimony designated by the parties and its proposed redactions to such testimony.  *See, e.g.*, *Globus*, 2023 WL 4937386, at *2 (holding that parties "met the public notice requirements under the Fourth Circuit's case law and local rules" by filing a public notice of the motion to seal).

*Second*, BuzzFeed's proposed redactions represent the least drastic measure for avoiding the competitive harm that BuzzFeed would suffer if its confidential and competitively sensitive information were publicly disclosed.  As an initial matter, BuzzFeed has not requested that the designated testimony be sealed in its entirety.  Indeed, BuzzFeed has declined to raise any objection with respect to the vast majority of the designated testimony, including testimony that BuzzFeed previously designated as confidential during the summary judgment briefing stage.  *See* Ex. A; Hickman Decl. ¶ 5.  Instead, BuzzFeed has limited its objection and proposed redactions to a small portion of the designated testimony which contains "confidential information that is most likely to significantly harm BuzzFeed's business and competitive standing if publicly disclosed."  Hickman Decl. ¶ 6.

*Third*, the below table and Hickman Declaration set forth specific reasons supporting BuzzFeed's proposed redactions.  Notably, courts have repeatedly relied on such reasons when granting requests to seal or redact similar information.  *See, e.g.*, *Flexible Benefits Council v.*

4

*Feltman*, 2008 WL 4924711, at *1 (E.D. Va. Nov. 13, 2008 (granting plaintiff's request to seal documents containing "confidential financial data"); *Intelligent Verification Sys., LLC v. Microsoft Corp.*, 2015 WL 13036877, at *1 (E.D. Va. Feb. 6, 2015) (sealing defendants' "sensitive business information" because their "competitive positions might be impaired if this information [were] disclosed to the public at large"); *E.W., LLC v. Rahman*, 2012 WL 3843657, at *3 (E.D. Va. Sept. 4, 2012) (sealing "sensitive financial data, including gross profit data" because disclosure "would be highly likely to cause significant harm to the business competitive position of both parties").[3]

| **Testimony Subject to Objection** | **Basis for Objection to Public Use** |
|---|---|
| Ex. A: Page 19, Line 2 | Disclosure of specific revenue percentages would harm BuzzFeed's position in current and future business negotiations. *See* Hickman Decl. ¶ 8. |
| Ex. A: Page 23, Lines 18-19 | Disclosure of specific revenue percentages would harm BuzzFeed's position in current and future business negotiations. *See* Hickman Decl. ¶ 8. |
| Ex. A: Page 24, Lines 3-4 | Disclosure of specific revenue percentages would harm BuzzFeed's position in current and future business negotiations. *See* Hickman Decl. ¶ 8. |
| Ex. A: Page 37, Lines 13, 21 | Disclosure of specific revenue percentages would harm BuzzFeed's position in current and future business negotiations. *See* Hickman Decl. ¶ 8. |

---

[3] *See also Mars Inc.*, 2017 WL 11499735, at *1 (granting motion to seal "confidential, proprietary, and sensitive business information that, if made public, would cause financial and competitive harm to the designating parties"); *Globus*, 2023 WL 4937386, at *2-3 (same); *Solomon*, 2020 WL 13894410, at *2 (granting motion to seal "proprietary business information" because "public disclosure . . . would cause competitive harm to both parties and non-parties . . . and place them at a competitive disadvantage"); *Biedermann*, 2021 WL 8444700, at *1-2 (same); *Lifenet*, 2015 WL 12517430, at *4 (same).

5

| **Testimony Subject to Objection** | **Basis for Objection to Public Use** |
|---|---|
| Ex. A: Page 38, Line 3 | Disclosure of specific revenue percentages would harm BuzzFeed's position in current and future business negotiations.  *See* Hickman Decl. ¶ 8. |
| Ex. A: Page 56, Lines 8, 15 | Disclosure of specific revenue percentages would harm BuzzFeed's position in current and future business negotiations.  *See* Hickman Decl. ¶ 8. |
| Ex. A: Page 58, Lines 4, 7, 10, 18-25; Page 59, Lines 2-24 | Disclosure of pricing for different advertising channels and specific factors impacting this pricing would harm BuzzFeed's competitive standing and ability to successfully negotiate future deals.  *See* Hickman Decl. ¶ 6. |
| Ex. A: Page 86, Lines 24-25; Page 87, Lines 2-9 | Disclosure of confidential information regarding BuzzFeed's customized product/service offerings would harm BuzzFeed's competitive standing and ability to successfully negotiate future deals.  *See* Hickman Decl. ¶ 7. |
| Ex. A: Page 106, Lines 16-25; Page 107, Lines 2-25; Page 108, Lines 2-12 | Testimony discusses confidential and competitively sensitive information contained in internal BuzzFeed revenue/market update, including pricing for specific advertising channels, revenue summaries/projections, and BuzzFeed's competitive responses to market developments.  *See* Hickman Decl. ¶ 9. |

## **CONCLUSION**

For the foregoing reasons, Non-Party BuzzFeed respectfully requests that the Court grant its request that the parties' public use of the designated testimony reflect the redactions set forth in Exhibit A to the Arteaga Declaration.

Dated: July 26, 2024 	Respectfully submitted,

                                  **CROWELL & MORING LLP**

                                  By:  /s/ *Brian Tully McLaughlin*
                                  Brian Tully McLaughlin (Virginia Bar No. 71258)
                                  1001 Pennsylvania Avenue, NW
                                  Washington, DC 20004
                                  (202) 624-2500
                                  bmclaughlin@crowell.com

                                  Juan A. Arteaga (*pro hac vice pending*)
                                  Two Manhattan West
                                  375 Ninth Avenue
                                  New York, New York 10001
                                  (212) 223-4000
                                  jarteaga@crowell.com

                                  *Attorneys for Non-Party BuzzFeed, Inc.*