UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES, *et al.*,

    Plaintiffs,

v.                                      Case No.: 1:23-cv-00108-LMB-JFA

GOOGLE LLC,

    Defendant.

### NON-PARTY  DISTRICT COMMUNICATIONS GROUP, LLC MEMORANDUM IN SUPPORT OF MOTION TO SEAL

Pursuant to Local Civil Rules 5(C) and 5(H) and this Court's June 24, 2024 Order (ECF No. 871), non-party District Communications Group, LLC ("DCG"), through its undersigned counsel, respectfully submits this memorandum of law in support of its contemporaneously filed Motion to Seal ("Motion").  For the reasons set forth below, DCG hereby objects to public disclosure of DCG's proprietary information contained in the documents identified as DTX 0975 on Google's Exhibit List (ECF No. 894) and requests that this Court seal that information.  DCG has contemporaneously filed these documents as Exhibit 1 to this memorandum under seal, with its proposed redactions reflected in blue highlighting therein.[1]

### LEGAL STANDARD

A determination as to whether to seal judicial records or documents is properly made from the "superior vantage point of the district court." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004).  Whether to permit access under the common law is a

---

[1] DCG understands that the Local Rule 5(C) typically requires parties to file public, redacted versions of documents "[w]here sealing is sought for less than an entire document."  In an abundance of caution to avoid disclosing information that another party may contend warrants sealing, DCG file its sole Exhibit 1 under seal. DCG will comply with any request from the Court to file public, redacted versions of Exhibit 1.

matter within the trial court's "supervisory power" and is one "best left to the sound discretion of the [district] court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 575 (quoting *Nixon v. Warner Communications*, 435 U.S. 598–99 (1978)).  While the common law presumes a right to inspect and copy judicial records and documents, this presumption of access may be overcome if competing interests outweigh the interest in access. *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).

The First Amendment secures a right of access only to particular judicial records and documents. *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014).  The Fourth Circuit has recognized that the mere existence of a First Amendment right of access or common law right of access to a particular kind of document does not entitle the press and the public to access in every case. *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). It is uncontested that public access to civil trial records is "not absolute." *Nixon*, 435 U.S. at 598.  Courts have denied access where court files might have become a vehicle for improper purposes, such as sources of business information that might harm a litigant's competitive standing. *Id.*  An interest in confidential and proprietary business information can override the public's right of access to court records. *Fortson v. Garrison Prop. & Cas. Ins. Co.*, 2022 WL 824802, at *3 (M.D.N.C. Mar. 18, 2022).  As such, a corporation's "strong interest in preserving the confidentiality of its proprietary and trade-secret information" may justify partial sealing of court records. *Doe*, 749 F.3d at 269.

In order to determine whether confidential business information should be sealed, courts consider (1) whether the party has shown that the information sought to be sealed is confidential;

(2) whether disclosure would harm the party's competitive standing or otherwise harm its business interests; (3) whether the motion is narrowly tailored; and (4) whether the interests in non-disclosure are compelling and heavily outweigh the public's interest in access to the information. *Fed. Trade Comm'n v. Syngenta Crop Prot. AG*, 2023 WL 6379625, at *3 (M.D.N.C. Sept. 28, 2023). Further, personal information of third parties is often subject to protection, given the privacy interests at stake for individuals who are not part of the suit. *Id.*

## ARGUMENT

DCG seeks to seal only part of one page from one document, DTX 0975, on Google's Exhibit List (ECF No. 894). DCG is a non-party that produced documents in response to subpoenas from Google and the Government. As explained below, DCG seeks to protect from public disclosure its highly confidential information contained in one document on Google's Exhibit List (ECF No. 894), identified as DTX 0975.

DTX 0975 is a document produced by DCG, in response to the subpoena of both Google and the Government, which was marked Highly Confidential by DCG and also contains highly confidential information concerning DCG's pricing/rate information that, if disclosed, would cause irreparable harm to DCG, including but not limited to financial losses and loss of competitive advantage. Further, the information, consisting of less than one page, in these documents that DCG seeks to seal is not otherwise publicly available and is competitively sensitive to DCG and the industry in which it operates. DCG seeks to keep its confidential pricing and financial information protected. The sensitive nature of the information necessitates its protection from public disclosure, as disclosure would harm DCG's competitive standing and otherwise harm its business. The harm that would result from the disclosure of the confidential materials outweighs any public interest in access to the information. The public interest in transparency must be balanced against the legitimate interests of the parties involved.

Here, the harm to non-party DCG from disclosure heavily outweighs any public interest in accessing the documents, as the documents contain sensitive pricing information of a non-party that would provide no benefit to the public and potentially cause significant harm to DCG, if unsealed, including unfair competition, loss of a trade secret, and related financial harm.  Accordingly, sealing is appropriate under both the common law and First Amendment standards.

**I.     DCG HAS SATISFIED THE REQUIREMENTS OF LOCAL CIVIL RULE 5(C) AND THE PROTECTIVE ORDER**

    **a.     DCG Has Provided A Non-Confidential Description Of What Material Has Been Filed Under Seal And Proposed To Be Redacted.**

As addressed above, DTX 0975, includes sensitive and confidential pricing information related to DCG's services. The portions that DCG seeks to redact contain highly confidential proprietary and business information that, if disclosed, would cause irreparable harm to DCG.  That confidential information is referred to herein as "DCG's Confidential Information."

    **b.     DCG Has Provided A Statement Why Sealing Is Necessary, And Why Another Procedure Will Not Suffice, Along With Appropriate Evidentiary Support For The Sealing Request**

Disclosure of DCG's Confidential Information to the public or competitors would cause significant harm to DCG, including but not limited to financial losses and loss of competitive advantage, as the materials contain non-public financial and proprietary information that could be utilized by competitors.

It is fundamentally critical to seal DCG's pricing information—which reflect DCG's proprietary internal operations and business strategy.  Public disclosure of the pricing/financial information would reveal to competitors pricing strategy, which is highly confidential, competitive intelligence that should be redacted and is not necessary for the resolution of this case.  *Id.*  DCG's Confidential Information is not available to the public and would provide significant advantage to other companies seeking to compete with DCG in the marketplace.  The blue highlighted portions of

5

DTX 0975—which DCG proposes as redactions—should be sealed, as DCG interest in maintaining the confidentiality of its proprietary business information in these materials heavily outweighs any interest in public disclosure of such information.

### c. DCG Has Provided References To Governing Case Law, An Analysis Of The Appropriate Standard To Be Applied For The Specific Filing, And A Description Of How The Standard Has Been Satisfied

As explained herein, the Fourth Circuit has recognized that under the common law, there is a presumption of access accorded to judicial records. *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). However, this presumption of access can be rebutted if countervailing interests heavily outweigh the public interests in access. *Id.*

Moreover, the Fourth Circuit has explained that "a corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information," which may justify sealing of court documents. *Doe*, 749 F.3d at 266; *see Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004) (district court did not abuse its discretion in refusing to unseal documents containing confidential and proprietary business information filed in connection with summary judgment motion); *Benedict v. Hankook Tire Co. Ltd.*, 323 F. Supp. 3d 747, 766 (E.D. Va. 2018) (protecting proprietary commercial information can be a compelling interest under the First Amendment test); *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (in determining whether to allow access, courts consider whether records are sought for an improper purpose such as unfairly gaining a business advantage); *LifeNet Health v. LifeCell Corp.*, 2015 WL 12516758, *2 (E.D. Va. Jan. 9, 2015) (denying motion to seal portions of transcript without prejudice to moving party to propose redactions limited to the confidential information to be protected).

Here, DCG is a non-party and small business that seeks redaction of its confidential information, as public disclosure would harm its competitive standing and business interests and would cause irreparable injury to the company if disclosed. DCG's request is narrowly tailored, as

it only seeks to seal limited portions of five of Google's trial exhibits, containing DCG's highly sensitive, non-public financial information. DCG's interests in non- disclosure are compelling. DCG is a third party to this action and would suffer loss of competitive advantage should its highly confidential and proprietary information be disclosed. In particular, public access to the DCG Confidential Information would provide competitors with a competitive business advantage against non-party DCG. Accordingly, DCG interest in maintaining the confidentiality of its proprietary information outweighs any public interest in access to this information, which is minimal at best.

Courts in this Circuit have sealed similar categories of information and recognized the importance of preventing disclosure of confidential business information. *See, e.g.*, *Abu-Eid v. Discover Prod., Inc.*, 2021 WL 9969142, at *2 (E.D. Va. June 2, 2021) (granting motion to seal two documents marked as "confidential" by third parties who provided information pursuant to subpoena); *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 577 (E.D. Va. 2009) (noting that courts have refused to permit their files to serve as sources of business information that might harm litigant's competitive standing); *E. W., LLC v. Rahman*, 2012 WL 3843657, at *3 (E.D. Va. Sept. 4, 2012) (granting motion to seal where documents pertain to parties' sensitive financial data, the disclosure of which would be "highly likely to cause significant harm to the business competitive position of both parties"); *Intelligent Verification Sys., LLC v. Microsoft Corp.*, 2014 WL 12659953, at *1 (E.D. Va. Dec. 22, 2014) (granting motion to seal where company sought sealing of sensitive business information and company's competitive position might be impaired if information is disclosed to public at large); *HeiQ Materials AG v. ICP Indus., Inc.*, 2023 WL 4842783, at *2 (M.D.N.C. June 28, 2023) (finding sealing request was narrowly tailored where defendant sought to redact only proprietary business and customer information and trade secrets); *360 Mortg. Grp., LLC v. Stonegate Mortg. Corp.*, 2016 WL 4939308, at *1 (E.D.N.C. Sept. 14, 2016) (finding that "finances" are the type of confidential business information properly subject to

protection); *SMD Software, Inc. v. EMove, Inc.*, 2013 WL 1091054, at *2 (E.D.N.C. Mar. 15, 2013) (granting motion to seal where materials contain business information potentially harmful to parties' competitive standing).

Under these circumstances, DCG request to less than one page of DTX 0975 on Google's Exhibit List (ECF No. 894) should be granted, as the documents contain highly sensitive and proprietary business information, the disclosure of which would harm DCG and provide its competitors with non-public financial information and an unfair business advantage.

## CONCLUSION

For the foregoing reasons, DCG respectfully requests that this Court grant its Motion with respect to its confidential information contained in DTX 0975 on Google's Exhibit List (ECF No. 894), described above and highlighted in blue as proposed redactions in Exhibit 1 to this memorandum filed under seal.

Dated: July 26, 2024           Respectfully submitted,

**DISTRICT COMMUNICATIONS GROUP, LLC**

By counsel:

_____/s/_____
Ian A. Cronogue, Esq. (Va. Bar: 83783)
**BAKER, CRONOGUE, TOLLE & WERFEL, PLC**
1320 Old Chain Bridge Road, Suite 200
McLean, Virginia 22101
Telephone: 703.448.1810
Facsimile: 703.448.3336
iancronogue@bctwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the July 26, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

                                                   /s/
                                 Ian A. Cronogue, Esq. (Va. Bar: 83783)
                                 **BAKER, CRONOGUE, TOLLE & WERFEL, PLC**
                                 1320 Old Chain Bridge Road, Suite 200
                                 McLean, Virginia 22101
                                 Telephone: 703.448.1810
                                 Facsimile: 703.448.3336
                                 iancronogue@bctwlaw.com