IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 1:23-cv-00108-LMB-JFA |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF UNITED STATES' OBJECTIONS TO PUBLIC USE
OF CONFIDENTIAL INFORMATION IN FAA DOCUMENTS
AND RELATED MOTION TO SEAL**

Pursuant to this Court's Order of June 24, 2024, Local Civil Rule 5(C), and the operative Protective Order (ECF No. 203), the United States respectfully objects to Defendant Google LLC's ("Google's") public use at trial of sensitive information in certain documents on Google's trial exhibit list (ECF No. 894). The information subject to the United States' objections consists of (1) a narrow category of sensitive commercial strategies and pricing information for federal governmental agencies that engage in digital advertising ("Federal Agency Advertisers" or "FAAs"); (2) terms, rates, and fees negotiated between certain FAAs and their contractors; and (3) personal contact and identifying information for a limited number of Navy, Army, and USPS officials.

As described in the Appendix attached as Exhibit 1 to this memorandum, and in the declarations attached as Exhibits 2-5 to this Memorandum, the public disclosure of this sensitive commercial, financial, and strategic information in the first two categories above would impair important functions and operations of the FAAs. The disclosure of personal contact and identifying information of Navy, Army, and USPS personnel would impermissibly intrude on

their privacy and risk subjecting them to harassment, thereby undermining Navy, Army, and USPS operations. The harm that would be caused by the disclosure of this information outweighs the presumptive right of the public to review it.

The United States therefore further moves this Court, pursuant to Local Rule 5(C), and Paragraph 20 of the Protective Order (ECF No. 203), to seal in its entirety Google's trial exhibit DTX 1081, and to redact certain sensitive information from the exhibits on Google's trial exhibit list identified herein. The proposed redactions are highlighted in yellow in the exhibits filed under seal, concurrently with this memorandum.

## REQUESTED RELIEF AND RELATED FILINGS

*First*, the United States seeks to seal in its entirety exhibit DTX 1081 on Google's trial exhibit list. As explained in the Declaration of Allen M. Owens, Jr. (Exhibit 2 hereto), DTX 1081 is a copy of a transmittal email and attachments setting forth the Navy's current advertising contractor's technical and price proposal. Owens Declaration, ¶ 5 (Ex. 2). Because the proposal contains proprietary information about how the contractor proposes to perform under the contract, and the Navy has not incorporated that information into the award of the contract, or by reference, federal law prohibits the Navy from releasing the information to the public. Owens Decl., ¶ 5 (Ex. 2); *see also*, 41 U.S.C. 4702; FAR 3.104-4. In addition, publicly disclosing this information would impair Navy functions and operations by undermining the ability of the Navy to contract with advertising agencies in the future. Owens Decl., ¶ 5 (Ex. 2).

*Second*, the United States seeks to redact limited sensitive information from 28 exhibits on Google's trial exhibit list. The Appendix filed with this memorandum identifies those exhibits, describes the proposed redactions, and explains the factual bases for the proposed redactions. See Appendix (Exhibit 1 to this Memorandum). Those exhibits are also identified and

described in the following signed declarations, which provide the bases for the United States' redaction requests: Declaration of Allen M. Owens, Jr. (United States Navy) (Exhibit 2 to this Memorandum); Declaration of Colonel John Horning (United States Army) (Exhibit 3 to this Memorandum); Declaration of Christopher Karpenko (United States Postal Service) (Exhibit 4 to this Memorandum); and Declaration of Stephen Hench (National Highway Transportation and Safety Administration) (Exhibit 5 to this Memorandum). Referenced in and attached to the declarations are a copy of DTX 1081, and excerpts from the 28 other documents on Google's exhibit list that contain the pages from which the United States proposes to redact sensitive information.[1]

For additional convenience and reference, the bases for the United States' request to seal in its entirety DTX 1081, and to redact sensitive information from the 28 other documents on Google's exhibit list, are set forth in the Appendix files as Exhibit 1 to this memorandum.

The United States has, pursuant to Local Civil Rule 5(C), filed under seal a copy of DTX 1081, and excerpts of the exhibits containing the pages from which the United States seeks to redact sensitive information. The proposed redactions are highlighted in yellow. The United States has also, pursuant to Local Civil Rule 5(B), filed a corresponding notice of sealed filing. Undersigned counsel further certifies that they will serve on counsel for Google unredacted

---

[1] Given the size of the Google exhibit the United States seeks to seal, and the size of the Google exhibits from which the United States seeks to redact sensitive information, and the limited number of pages in the latter exhibits containing sensitive material, the United States has, for the Court's and defendant's convenience, filed excerpts of the documents consisting of the pages on which the United States proposes to redact sensitive FAA information.
The yellow highlighting on the exhibit excepts indicates the material the United States proposes to redact. Following the Court's ruling, the United States will redact the documents and provide a copy the final redact documents to Google.
Finally, the United States will promptly provide the Court and defendant with complete copies of any or all documents referenced in this memorandum upon request.

copies of the documents that are the subject of the United States' motion to seal and will deliver copies to this Court in a separate container labeled "UNDER SEAL."

## ARGUMENT

A. Legal Standard

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumes a right to inspect and copy judicial records and documents." *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). However, the presumption in favor of public access can be overcome by "showing some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Accordingly, "before a district court may seal any court documents," "it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also* Local Civ. R. 5(C).

The party seeking to restrict access bears the burden of demonstrating specific reasons sufficient to overcome the public right of access. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004); s*ee also, Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 582 (E.D. Va. 2009) (providing an overview of both in-circuit and out-of-circuit precedent).

B. Argument

The United States recognizes the strong presumption in favor of public court proceedings and court filings. Accordingly, the United States proposes to seal in its entirety only one FAA

4

document on Google's trial exhibit list, and to redact only a limited amount of sensitive information from 28 other FAA documents on Google's trial exhibit list.

1.  *Sealing of DTX 1081 in its entirety*

The United States proposes to seal in its entirety one document, Google trial exhibit No. DTX 1081 (beginning Bates number NAVY-ADS-000012235). This document is a transmittal email and attachments containing the Navy's current advertising contractor's technical and price proposal. *See* Owens Declaration, ¶ 5 (Exhibit. 2). Because the information in the document has not been incorporated, either directly or by reference, into a Navy contract award, the Navy is prohibited by law from publicly disclosing the information. Owens Dec., ¶ 5. In addition, public disclosure of the information would significantly impair the functions and operations of the Navy by significantly limiting the Navy's ability to successfully negotiate advertising contracts in the future. Owens Decl. ¶ 5. The harm from the disclosure of such information would be significant, and is not outweighed by the limited public interest in the disclosure of such information. *See Bayer Crop Science Inc. v. Syngenta Crop Protection, LLC*, 979 F. Supp. 2d 653, 656-57 (M.D.N.C. 2013) (ordering sealing to prevent disclosure of "confidential marketing and sales information");*Ultra-Mek, Inc. v. United Furniture Indus., Inc.*, No. 18-CV-281, 2021 WL8533815, at *5 (M.D.N.C. Mar. 22, 2021) ("Where the information involved is sensitive business information, particularly such information with little to no value for public dissemination, the presumption of access is overcome.").

2.  *Redactions to 28 additional documents*

The United States also proposes to redact from 28 other documents three narrow categories of sensitive FAA information: (1) limited proprietary commercial information, such as contemporary or contemporarily relevant pricing and media strategies, the disclosure of which

would harm the FAAs in the marketplace and impair FAA operations and functions; (2) limited terms, rates, and fees negotiated between certain FAAs and their contractors, the disclosure of which would harm the FAAs' ability to negotiate subsequent contracts with prospective contractors; and (3) limited personal contact and identifying information of a limited number of Army, Navy, and USPS personnel, the disclosure of which would intrude on those employees' privacy and threaten efficient agency operations. The release of the personal identifying information of Army officials contained in DTX 1113 and 1117 would be especially harmful to those officials and to Army operations. *See*, Declaration of Colonel John Horning, ¶ 4 (Exhibit 3 hereto). The basis for each of the preceding claims, as it pertains to each of the 28 documents, is set forth in Appendix 1 to this Memorandum. See Appendix 1 (Exhibit 1 hereto).

The bases for the United States' claims that sensitive information should be redacted from the following Navy documents on Google's exhibit list are set forth in the following paragraphs of the Declaration of Allen Owens, Jr. (attached as Exhibit 2 hereto): ¶ 3 (DTX 1069), ¶ 4 (DTX 0625, DTX 1090, DTX 1088), ¶ 6 (DTX 1174, 1369, 1298, 1392), ¶ 7 (DTX 1416, 1391, 1094, 1326). Excerpts of the documents containing the redactions proposed by the United States to protect the sensitive information described by Mr. Owens are attached to Mr. Owens' declaration.

The bases for the United States' claims that sensitive information should be redacted from the following Army documents on Google's exhibit list are set forth in the following paragraphs of the Declaration of Colonel John Horning (Exhibit 3 hereto): ¶ 3 (DTX 1400-8, DTX 1400-9, DTX 1400-10, DTX 1400-11, DTX 1400-12), ¶ 4 (DTS 1113, DTX 1117). The United States is concurrently filing under seal the relevant excerpts of the documents containing the redactions proposed by the United States to protect the sensitive information described by Colonel Horning.

The bases for the United States' claims that this sensitive information should be redacted from the following United States Postal Service (USPS) documents on Google's exhibit list are set forth in the following paragraphs of the Declaration of Christopher Karpenko (Exhibit 4 hereto): ¶ 3 (DTX 690), ¶ 4 (DTX 1004), ¶ 5 (DTX 1176), ¶ 6 (DTX 1197), ¶ 7 (DTX 1222), ¶ 8 (DTX 1237), ¶ 9 (DTX 1251), ¶ 10 (DTX 1340), ¶ 11 (DTX 1341), ¶ 12 (DTX 1351), ¶ 13 (DTX 1463), ¶ 14 (DTX 1483). The United States is concurrently filing under seal the relevant excerpts of the documents containing the redactions proposed by the United States to protect the sensitive information described by Mr. Karpenko.

The United States claims that this sensitive information should be redacted from exhibit DTX 1368, a National Highway Transportation and Safety Administration's (NHTSA) document on Google's exhibit list. The basis for this claim is set forth in Paragraph 3 of the Declaration of Stephen Hench (Exhibit 5 hereto). The United States is concurrently filing under seal the relevant excerpt of DTX 1368 containing the redactions proposed by the United States to protect the sensitive information described by Mr. Hench.

As stated previously, the first two categories of sensitive information the United States proposes to redact are (1) limited proprietary commercial information, such as contemporary or contemporarily relevant pricing and media strategies, the disclosure of which would harm the FAAs in the marketplace and impair FAA operations and functions, and (2) limited terms, rates, and fees negotiated between certain FAAs and their contractors, the disclosure of which would harm the FAAs' ability to negotiate subsequent contracts with prospective contractors. In both cases, the harm to the FAAs from the disclose of this information would be significant and is not outweighed by the public interest in the disclosure of such information. *See Bayer Crop Science Inc. v. Syngenta Crop Protection, LLC*, 979 F. Supp. 2d 653, 656-57 (M.D.N.C. 2013) (ordering

sealing to prevent disclosure of "confidential marketing and sales information");*Ultra-Mek, Inc. v. United Furniture Indus., Inc.*, No. 18-CV-281, 2021 WL8533815, at *5 (M.D.N.C. Mar. 22, 2021) ("Where the information involved is sensitive business information, particularly such information with little to no value for public dissemination, the presumption of access is overcome.").

In addition, the United States has proposed narrowly tailored redactions to protect this information, and accordingly any potential harm to the public will be minimized because only the most sensitive information will be redacted, and the remainder of the document will remain public. The United States accordingly requests that the Court find that the FAAs' sensitive business information should not be disclosed to the public, and the sealing and redaction of such documents would most appropriately satisfy the balance of the public interest in disclosure and the need to protect legitimate business interests. *See Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-CV-525-AWA-LRL, 2014 WL 12659872, at *1 (E.D. Va. Oct. 14, 2014).

The third category of information the United States proposes to redact is personal contact information, including personal email addresses and personal cell phone numbers, and personal identifying information, of a limited number of Army and Navy officials. As established by the declarations of David Owens (Ex. 2 hereto) and Colonel John Horning (Ex. 3 hereto), publication of this personal contact information, including personal phone numbers and personal email addresses, and personal identifying information, risks subjecting Army and Navy officials to impermissible intrusions on their privacy, potential harassment, and hence interference with agency operations. Release of the personal identifying information in DTX 1113 and 1117 could also expose Army and Navy officials to fraud. *See*, Declaration of

Colonel Horning, ¶ 4 (Ex. 3). Moreover, this information is not necessary to authenticate the documents or admit them into evidence, nor is it relevant to the claims in this action. Thus, there are sufficient grounds for approving the United States' requested redactions. *Ultra-Mek,* 2021 WL 8533815, at *5. *See also, Krakauer v. Dish Network*, LLC, No. 1:14-cv-333, 2015 WL 12750446, at *2 (M.D.N.C. Nov. 18, 2015); *Clehm v. BAE Sys., Inc.*, No. 7:16-cv-12, 2017 WL 11367644, at *2 (W.D. Va. March 21, 2017) (approving of "redacting employee names and other identifiers" to protect privacy).

Accordingly, for these three categories of sensitive FAA information, Plaintiffs submit that the justification for sealing and redaction outweigh the presumption of public access, and thus that the proposed sealing of DTX 1081, and the United States' proposed redactions of the 28 other Google exhibits identified herein, should be approved.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court sustain its Objections to Public Use of Confidential Information in FAA Documents and grant its Related Motion to Seal.

(See following page for signatures.)

Dated: July 26, 2024

Respectfully submitted,

JESSICA D. ABER
United States Attorney

/s/ Gerard Mene
GERARD MENE
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3777
Facsimile: (703) 299-3983
Email: Gerard.Mene@usdoj.gov

/s/ Aaron Teitelbaum
AARON M. TEITELBAUM
/s/ Sean Carman
SEAN CARMAN
United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077
Fax: (202) 616-8544
Email: Aaron.Teitelbaum@usdoj.gov

Attorneys for the United States