IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 1:23-cv-00108-LMB-JFA |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

### DECLARATION OF ALLEN M. OWENS, JR. IN SUPPORT OF UNITED STATES' OBJECTIONS TO PUBLIC USE OF CONFIDENTIAL INFORMATION IN FAA DOCUMENTS AND CORRESPONDING MOTION TO SEAL

I, ALLEN M. OWENS, JR., pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1. I am over 21 years old and am competent to testify about the matters in this Declaration based on my personal knowledge.

2. I am the Director of Marketing at the Navy Recruiting Command for the United States Navy ("Navy") and submit this Declaration in support of United States' Objections to Public Use of Confidential Information in FAA Documents and Corresponding Motion to Seal.

3. The exhibit beginning with Bates number NAVY-ADS-0000174029 (an excerpt of DTX 1069) is an email sent by Allen Owens using his personal email address and including the personal email address of another individual working at NRC. Personal email accounts are only used by Navy personnel when NMCI (Navy VPN) is unavailable. Personal email account information for Navy staff included in the documents cited in this Declaration would be redacted if produced in response to a Freedom of Information Act (FOIA) request and is not widely published or available to the general public as a matter of course. Making it available to the

1

public threatens efficient agency operations as disclosure would expose the owners of the account to spam, spear-fishing, spoofing, or pharming attacks to these individuals' accounts.

4. The exhibits beginning with Bates number NAVY-ADS-0000315296 (an excerpt of DTX 0625), NAVY-ADS-000219026 (an excerpt of DTX 1090), and NAVY-ADS-0000256935 (an excerpt of DTX 1088) need to be redacted because they contain the agency's unit and extended pricing for the non-cost contract line items in the current contract and the 2015 awarded contract. The Navy's practice is not to share unit or extended pricing for this contract on publicly accessible government portals such as SAM.gov or in response to FOIA requests. As the Navy anticipates re-procuring these contracts within the next 12 months, disclosing this information publicly risks harm to the integrity of the procurement process. For example, in DTX 0625, the "Research, Strategic Planning, Program Development and Assessment" rate indicated on page 5 of 78 is the rate that the Navy has determine to be fair and reasonable for that level of work. If another potential offeror learned this information in advance of the upcoming re-compete process, there is risk that the Navy may not receive the offeror's best available offer from a cost/price perspective, thereby increasing overall costs to the Navy, and the taxpayer, for advertising and marketing services.

5. The exhibit beginning with Bates number NAVY-ADS-000012235 (DTX 1081) is a transmittal email and attachments containing the Navy's current advertising contractor's technical and price proposal. As prescribed by law and the Federal Acquisition Regulations, agencies cannot release contractor bid or proposal information, which typically includes proprietary information about how a contractor proposes to perform under the contract, unless such information is incorporated into the award of the contract or incorporated by reference. 41 USC 4702; FAR 3.104-4. Navy did not incorporate these documents by reference and

accordingly, these documents should be kept under seal in full. Publicly disclosing this information would impair Navy function and operation by undermining the ability of the Navy to contract with advertising agencies in the future. Additionally, it would allow future potential bidders to see the rates that Navy deems fair and reasonable, thereby harming the Navy by potentially preventing the Navy from obtaining the lowest costs in future procurements.

6. The exhibits beginning with Bates number NAVY-ADS-0000249484 (an excerpt of DTX 1174), NAVY-ADS-0000374151 (an excerpt of DTX 1369), NAVY-ADS-0000250171 (an excerpt of DTX 1298), and NAVY-ADS-0000373978 (an excerpt of DTX 1392) are copies of the contractor's digital media bill and subcontracting invoices. These invoices include amounts spent on each third-party vendor, which not only allows for deducing the contractor's strategy for the allocation of funding and selection of media placement, but also provides the Navy's sensitive budgetary information and allows for deducing the Navy's marketing strategy. This would harm the Navy by allowing other vendors to see the rates that Navy is paying competitors, potentially preventing the Navy from obtaining the lowest costs in future procurements.

7. The exhibits beginning with Bates number NAVY-ADS-0000029449 (an excerpt of DTX 1416), NAVY-ADS-0000033360 (an excerpt of DTX 1391), NAVY-ADS-000019114 (an excerpt of DTX 1094), NAVY-ADS-0000045199 (an excerpt of DTX 1326) need to be redacted because they contains the agency's recommended strategies to address Navy requirements for media purchases to maximize digital media engagement focused on Navy strategy to engage specific ages, demographics, categories, rates, and type of recruits. Additionally, these documents contain proprietary research on which the recommendations are based. The contractor identifies the recommended partners, timing, and amount given the Navy's

available funding for the media purchase. This information should be redacted as that strategy for the allocation of funding and selection of media placement is proprietary to the Navy's marketing strategy, and release of this information would also allow other vendors to see the rates that Navy is paying competitors, thereby harming the Navy by potentially preventing the Navy from obtaining the lowest costs in future procurements. The pricing received per click, impression, etc. in the CPM is also proprietary for each recommended partner as the advertising contractor receives a different rate card or pricing from many of these partners that can be different than what is offered to a standard purchaser. If disclosed, the discount for each metric (i.e. CPM, etc.) could be identified by other purchasers, who could adjust their proposals to this rate rather than their actual available pricing, skewing the pricing analysis for a subsequent procurement action. This disclosure could adversely impact the Government's ability to independently evaluate those offerors' competency, thoroughness, and capability and overall value per metric during the technical and/or pricing evaluation of any follow-on requirement for this or similar services.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 26, 2024, in Millington, Tennessee.

Signed: _____
Allen M. Owens Jr.
Director of Marketing, Navy Recruiting Command