IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 1:23-cv-00108-LMB-JFA |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

**DECLARATION OF CHRISTOPHER KARPENKO
IN SUPPORT OF PLAINTIFFS' OBJECTIONS
TO PUBLIC USE OF CONFIDENTIAL INFORMATION IN FAA DOCUMENTS
AND CORRESPONDING MOTION TO SEAL**

Christopher Karpenko, pursuant to 28 U.S.C. § 1746 hereby declares as follows:

1. I am over 21 years old and am competent to testify about the matters in this Declaration based on my personal knowledge.

2. I am the Executive Director for Brand Marketing at the United States Postal Service ("USPS" or the "Postal Service") and submit this Declaration in support of Plaintiffs' Objections to Public Use of Confidential Information in FAA Documents and Corresponding Motion to Seal.

3. DTX 690 is a September 2020 email chain between the Postal Service and Universal McCann, the Postal Service's advertising agency, discussing, among other things, the exact amount of money the Postal Service is willing to spend on placing advertisements for "Vote By Mail" campaigns in order to win bidding processes to place ads. While this email chain is several years old, the Postal Service's need to place ads for "Vote By Mail" related campaigns is recurring, and 2024 is the first presidential election cycle since 2020, making the pricing

1

information in this document still highly relevant. Therefore, the Postal Service has redacted the specific pricing information in this document.

4. DTX 1004 is an email chain containing the same emails described in paragraph three. The same language is redacted for the same reasons.

5. DTX 1176 is the current contract between the Postal Service and Universal McCann. This contract is still in effect, and renewable until 2027, so its terms remain in operation and highly sensitive. Because these are negotiated terms, disclosing the specific rates and fees paid by the Postal Service would significantly impair the Postal Service's ability to negotiate future contracts with other suppliers upon the expiration of this one. In addition, this contract contains the cell phone number of a Postal Service employee, in which they have a strong privacy interest, and the Postal Service has a strong interest in preventing harassment of employees at their homes.

6. DTX 1197 is a contract between Universal McCann and the Postal Service discussing specifics of planned advertising spend between April 2022 and March 2023, including specific breakdowns of how much money the Postal Service intends to spend in different advertising channels. Disclosing this information would be harmful to the Postal Service's current advertising plans. While this specific plan is not currently in effect, it is sufficiently recent that it significantly informs the Postal Service's current spending, and its disclosure could allow competitors to determine the Postal Service's current spending and advertising mixture. In addition, this contract contains the cell phone number of a Postal Service employee, in which they have a strong privacy interest, and the Postal Service has a strong interest in preventing harassment of employees at their homes.

7. DTX 1222 is a February 2022 email attaching all invoices from Universal McCann for payments due in February. The amounts owed, taken collectively, would be sufficient for a competitor to determine the Postal Service's exact advertising mixture at that point in time for each separate campaign. These invoices are sufficiently recent for this information to be highly harmful to the Postal Service if disclosed, as there is significant continuity in campaigns and advertising mix.

8. DTX 1237 is an email chain from March 2022 discussing the contract discussed in Paragraph 6, including excerpts and summaries that are redacted for the same reason that those portions are redacted in the original contract. It also includes the cell phone number of a Postal Service executive, which must be redacted to protect their privacy and avoid harassment.

9. DTX 1251 is an email from April 2022 attaching a slide deck that discusses the efficacy of the Postal Service's spending in the prior year, and makes recommendations about spending moving forward. It contains detailed analysis of different campaigns and channels, why they were more or less effective, and recommendations for the future. Because of the recency of this presentation and its forward-looking nature, the information contained remains highly relevant to the Postal Service's planning. Disclosing what advertising methods were most effective or recommendations for future plans would significantly impair the Postal Service's ability to compete in the competitive market.

10. DTX 1340 is a September 2022 email chain discussing moving money from one of the Postal Service's advertising campaigns from social media to display advertising based on performance. The discussion of the exact amount that should be moved from one campaign to another is highly sensitive, and would reveal details about the Postal Service's spending in both display and social media channels, as well as the anticipated results from moving specific

amounts of money. This email is sufficiently recent that the pricing information remains highly relevant. In addition, this document contains the cell phone number of a Postal Service employee, in which they have a strong privacy interest, and the Postal Service has a strong interest in preventing harassment of employees at their homes.

11.     DTX 1341 is a September 2022 email attaching Universal McCann's 2022 wrap-up report on the Postal Service's prior-year advertising campaigns, and recommendations for the future. The report includes many details about the efficacy of Postal Service campaigns that are still running, including the "Delivering for America" campaign. Disclosing details about the efficacy of spending in these campaigns would be significantly detrimental to the Postal Service's current and future plans. If competitors knew the Postal Service's spending for specific campaigns in specific channels, it would enable them to counter the Postal Service's spending on those campaigns more effectively. Because this report is relatively recent, and some of the campaigns are still active, this information is particularly sensitive.

12.     DTX 1351 is a September 2022 email attaching all invoices from Universal McCann for payments due in September. The amounts owed, taken collectively, would be sufficient for a competitor to determine the Postal Service's exact advertising mixture at that point in time for each separate campaign. These invoices are sufficiently recent for this information to be highly harmful to the Postal Service if disclosed, as there is significant continuity in campaigns and advertising mix.

13.     DTX 1463 is a January 2023 email chain attaching the same contract document referenced in paragraph 5. The same information is redacted for the same reasons as provided in paragraph 5.

14. DTX 1483 is a February 2023 email chain attaching a slide deck, summarizing, in detail, the Postal Service's advertising spending for the past year, its efficacy, and recommendations for 2023-2024 spending based on this analysis. All three of these things—the Postal Service's ad spend in 2022, the efficacy of its different channels, and future spending recommendations—would be highly harmful if disclosed. The document is sufficiently recent that insights into the Postal Service's past spending would give significant insight into its current advertising mix, and knowing the Postal Service's future plans would allow competitors to significantly disrupt them with counterprogramming.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 26, 2024.

Signed: _____

Christopher Karpenko

County and State: Washington, D.C.

