UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>   *Plaintiffs*,<br><br> v.<br><br>GOOGLE LLC,<br><br>   *Defendant.* | No. 1:23-cv-00108-LMB-JFA |

### NON-PARTY MEDIAVINE, INC.'S OBJECTION TO PUBLIC USE OF HIGHLY CONFIDENTIAL INFORMATION

  Pursuant to Federal Rule of Civil Procedure 49.1 and Local Civil Rule 5, the Court's Order Modifying the Pretrial Schedule entered on June 24, 2024, and the Court's Order entered on July 18, 2024, non-party Mediavine, Inc. ("Mediavine") respectfully files this Non-Party Mediavine, Inc.'s Objection to Public Use of Highly Confidential Information ("Mediavine's Objection"). On July 7, 2024 and July 19, 2024, the United States Department of Justice (the "DOJ") and Google LLC ("Google") filed their respective deposition designations and counter-designations ("Deposition Designations") that they intend to use at trial. The Deposition Designations include portions of the deposition transcript of Eric Hochberger (the "Transcript"), who testified on September 22, 2023 on behalf of non-party Mediavine, pursuant to subpoenas issued by the parties to this action.

  For the reasons stated herein, Mediavine respectfully requests that the portions of the Transcript identified in Exhibit A to the Declaration of Eric Hochberger ("Exhibit A") be

1

permanently withheld from public view.[1]

## Relevant Factual Background

On September 22, 2023, the DOJ and Google took the deposition of Mediavine's CEO and Co-Founder, Eric Hochberger, pursuant to subpoenas dated August 18, 2023. (Declaration of Eric Hochberger, dated July 26, 2024 ("Hochberger Decl.") ¶ 2.)  Pursuant to the Protective Order, Mediavine designated certain portions of Mr. Hochberger's Transcript as "Confidential" and "Highly Confidential" and provided such designations to all parties.  (*Id.* ¶ 3.) The Highly Confidential Information, as defined below, was designated as "Highly Confidential" under the Protective Order.  (*Id.*)

On July 5, 2024, Plaintiffs, including the DOJ, filed Plaintiffs' Notice of Intent to Present Deposition Testimony (Dkt. No. 895), which designates portions of the Transcript Plaintiffs intend to use at trial (the "DOJ Designations").  (Hochberger Decl. ¶ 4.)  On July 5, 2024, Google filed Defendant Google LLC's Deposition Testimony Designations (Dkt. 893), which designates portions of the Transcript Google intends to use at trial ("Google's Designations" and together with the DOJ Designations, the "Parties' Designations").  (*Id.*)  The Parties' Designations include two portions of the Transcript containing core competitive information, including the number and identities of specific revenue sources, and certain proprietary business processes and specific tools it employs in combination, in the provision of its ad management services, which are extremely confidential and commercially sensitive, and should be withheld from public view (the "Highly Confidential Information").  (*Id.* ¶ 6.)

---

[1] All text reflected in Exhibit A was designated for use at trial by one or both of the parties.  For clarity and transparency, Mediavine has removed all text from the Transcript that has not been designated by any party for use at trial.  Portions of the material not included in Exhibit A also contain highly confidential information, which Mediavine expects will not be made available to the public without prior notice to Mediavine and an opportunity for Mediavine to object.

**Argument**

The Court may restrict public access to documents filed in connection with a dispositive motion or trial where "the public's right of access is outweighed by competing interests" (*Adams v. Object Innovation, Inc.*, No. 3:11CV272-REP-DWD, 2011 WL 7042224, at *4 (E.D. Va. Dec. 5, 2011), *report and recommendation adopted*, No. 3:11CV272, 2012 WL 135428 (E.D. Va. Jan. 17, 2012)) – specifically where such restriction is necessary "to preserve important, higher interests . . . and narrowly tailored to serve that interest." *Sempowich v. Tactile Sys. Tech., Inc.*, No. 5:18-CV-488-D, 2020 WL 2789792, at *2 (E.D.N.C. May 29, 2020). Such higher interests may include "compelling government interest[s]" (*Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014)) and/or "a party's interest in confidential commercial information." *Sempowich*, 2020 WL 2789792, at *2. Although the public generally has a First amendment right to access judicial records, "[t]he mere existence of a First Amendment right to access or a common law right of access to a particular kind of document does not entitle[ ] the press and the public to access in every case." *Id.* (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

Under established Fourth Circuit precedent, "[t]o determine whether the interests in sealing [ ] records outweigh First Amendment considerations," a court must consider three factors: (1) whether there was "public notice of the request to seal" and whether "interested parties" were allowed "a reasonable opportunity to object"; (2) whether any "less drastic alternatives to sealing the documents" would suffice; and (3) whether there are "specific reasons and factual findings supporting its decision to seal." *Adams*, 2011 WL 7042224, at *4 (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000)). As set forth below, each of these requirements has been met as to Mediavine's Objection.

*First*, the public notice requirement pursuant to governing law in this Circuit, Federal Rule

of Civil Procedure 49.1 and Local Civil Rule 5, has been satisfied. The Court's Order of June 24, 2024 (the "June 24 Order") provided notice to the public that parties and non-parties would have the opportunity to file objections to public disclosure of documents and testimony for use at trial no later than July 26, 2024; it also provided notice to the public that any challenges to such objections may be filed no later than August 2, 2024. Mediavine's filing of this Objection is made pursuant to and subject to the June 24 Order.

*Second*, Mediavine respectfully submits there is no less drastic alternative than protecting from public disclosure the very limited portions of the Parties' Designations that are identified in Exhibit A. (Hochberger Decl. ¶ 7.) Mediavine's request to protect from public disclosure is narrow and discrete, as the Highly Confidential Information is limited to the amount and identities of specific revenue sources, and certain proprietary business processes, including the specific tools it employs in the provision of its ad management services, which constitute core competitive information. (*Id.* ¶ 7, 8) Mediavine also notes that it is not seeking to protect from public disclosure all of Mr. Hochberger's testimony included in the Parties' Designations, nor is it seeking to seal the entirety of the testimony initially designated as Confidential or Highly Confidential;[2] rather, because Mediavine is mindful of the heightened standard applied to documents and testimony used at trial, it solely intends to protect the few essential pieces of confidential and core competitive information from disclosure. *Id.* ¶ 7; *see Adams*, 2011 WL 7042224, at *4 ("Adams proposal to redact only the proprietary and confidential information, rather than seal the entirety of his declaration, constitutes the least drastic method of shielding the information at issue."). Accordingly, the requested protection from public use will not deprive the public of essential

---

[2] Mediavine has carefully reviewed the portions of the Transcript designated for use at trial, and has determined that certain portions of the text initially designated as Highly Confidential for purposes other than use at trial may be made available to the public at this stage without objection. All designations in Exhibit A have been assessed and identified as highly sensitive commercial information, with First Amendment considerations in mind.

4

information.  (Hochberger Decl. ¶ 7.)

*Third*, as to the specific reasons the Highly Confidential Information should be protected from disclosure, Mediavine represents that the Highly Confidential Information contains Mediavine's confidential and commercially sensitive information – including: (i) non-public financial information on the specific identities of its sources of revenue and amounts of such revenue; and (ii) proprietary businesses processes including the identification of third-party tools Mediavine uses and business operations that, if disclosed, would cause Mediavine material and significant competitive and commercial harm.  (*Id.* ¶ 8.)  These categories of information are normally unavailable to the public, and the specific information identified as Highly Confidential Information in Exhibit A is not available to the public.  (*Id.* ¶ 9.)

With respect to the financial information, the Highly Confidential Information includes testimony concerning the nature of Mediavine's revenue sources, and amounts of such revenue, and identifies several of those revenue sources by name – including entities that are *direct competitors of Google*.  (*Id.* ¶ 8.)  Such information, normally unavailable to Mediavine's competitors or business partners, would provide an unfair advantage to those with whom Mediavine competes and those with whom it negotiates deals.  (*Id.* ¶ 9, 10.)  Particularly in the context of a suit concerning alleged anticompetitive behavior in the market at issue, Mediavine requests that the Court prevent public disclosure of this Highly Confidential Information, where its release would only increase the likelihood of anticompetitive actions taken against Mediavine.  (*Id.* ¶ 10.)  It should not be that, by virtue of complying with a deposition subpoena, a non-party to this action leaves with a weaker competitive position in relation to the market at issue than it had at the outset.

Similarly, the testimony regarding Mediavine's business processes and the platforms and

tools it uses is also highly confidential and commercially sensitive in Mediavine's line of business. (*Id.* ¶ 8.) Access to this information by Mediavine's competitors would subject Mediavine to significant competitive and commercial harm, and give its competitors insight into Mediavine's proprietary business processes and chosen tools – selected and combined based on experience and expertise in their field – which asymmetrical information concerning, *inter alia*, Mediavine's competitive strategy, would allow Mediavine's competitors an artificial and unfair competitive advantage. (*Id.* 11.)

Courts in this district and in the Fourth Circuit recognize a corporation's interest in maintaining confidentiality of financial and other competitive business information and grant motions to protect from public disclosure this very type of information – particularly where the confidential information is that of a non-party. *See, e.g., Airboss Rubber Compounding (NC), Inc. v. Kardoes Rubber Co.*, No. 1:12-CV-352, 2013 WL 12380267, at *1 (M.D.N.C. July 23, 2013) (permitting redaction of "sensitive non-public financial information concerning revenues" because the "competitive and financial interests of the parties would be harmed by public disclosure," which was a "compelling reason" under the First Amendment standard); *Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*, 95 F. Supp. 3d 860, 884 (D. Md. 2015), *aff'd*, 885 F.3d 271 (4th Cir. 2018) (maintaining redactions and finding that the "redactions of its executives' deposition testimony are reasonable given that the redacted portions largely pertain to [its] relationships with third parties, including estimated revenue streams . . . and other commercially sensitive information"); *Lifenet Health v. Lifecell Corp.*, No. 2:13CV486, 2015 WL 12517430, at *4 (E.D. Va. Feb. 12, 2015) (identifying the "existence of information that could harm third-parties and not just [a party's] interests" as one reason for the finding that the movant's "interest in protecting its and third-parties confidential commercial information [was] significant enough to outweigh the

6

First Amendment right of access."). Accordingly, Mediavine, a non-party to this litigation, respectfully requests that Mediavine's Objection be granted, and the portions of the Transcript identified in Exhibit A, which have been designated for use at trial by the DOJ and/or Google, be permanently protected from public disclosure.

## Conclusion

For the reasons stated herein, Mediavine respectfully requests that the portions of the Transcript identified in Exhibit A, which have been designated for use at trial by the DOJ and/or Google, remain permanently protected from public disclosure.

Dated: July 26, 2024

Respectfully submitted,
MEDIAVINE, INC.

By: */s/ Jennifer McLain McLemore*
Jennifer McLain McLemore
(Va. Bar No. 47164)
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, VA 23219
804-420-6330
jmclemore@williamsmullen.com


Kaveri Arora, Esq.
Katie E. Garber, Esq.
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
212-421-4100
karora@pryorcashman.com
kgarber@pryorcashman.com

*Attorneys for Mediavine, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>   *Plaintiffs*,<br><br>vs.<br><br>GOOGLE LLC,<br><br>   *Defendant*. | No: 1:23-cv-00108-LMB-JFA |

## CERTIFICATE OF SERVICE

  I hereby certify that on this 26th day of July, 2024, I filed the foregoing document and served all counsel of record in this action through the Court's ECF filing system.


Dated: July 26, 2024          */s/ Jennifer McLain McLemore*
                   Jennifer McLain McLemore