UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>      *Plaintiffs*,<br>  v.<br><br>GOOGLE LLC,<br><br>      *Defendant.* | No. 1:23-cv-00108-LMB-JFA |

## DECLARATION OF ERIC HOCHBERGER

Pursuant to 28 U.S.C.§ 1746, I, Eric Hochberger, declare the following:

1. I am the co-founder and CEO of non-party Mediavine ("Mediavine"). I submit this declaration in support of Non-Party Mediavine's Objection to Public Use of Highly Confidential Information ("Mediavine's Objection").

2. On September 22, 2023, on behalf of Mediavine, I sat for a deposition noticed by the United States Department of Justice (the "DOJ") and by Google, LLC, in connection with the above-captioned proceeding (the "Deposition"), pursuant to subpoenas dated August 18, 2023.

3. I understand that certain portions of my deposition transcript were designated as "Highly Confidential" and "Confidential" pursuant to the Protective Order entered in this Action, and that the information identified in Exhibit A attached hereto to my declaration, which Mediavine seeks protect from public disclosure, was designated as "Highly Confidential"; the designations were provided to all parties.

4. I also understand that portions of the transcript of the Deposition (the "Transcript") have been designated for use at trial by Plaintiffs, including the DOJ, in Plaintiffs' Notice of

Intent to Present Deposition Testimony (Dkt. No. 895) and by Google in Defendant Google LLC's Deposition Testimony Designations (Dkt. 893) (together, the "Parties' Designations").

5. I have reviewed the Parties' Designations.

6. The portions of my transcript that Mediavine seeks to protect from public disclosure contain core competitive information, including the amount and identities of specific revenue sources, and certain proprietary business processes and specific tools it employs, in combination, in the provision of its ad management services, which are extremely confidential and commercially sensitive, and should be protected from public view.

7. Mediavine does not seek to protect all portions of the Transcript it previously designated as Confidential or Highly Confidential; instead, its request is limited to the most sensitive, core competitive information included in the Parties' Designations. No less drastic alternative than the requested protection is available to protect Mediavine's highly confidential information, and its request will not deprive the public of essential information.

8. The portions of the Transcript Mediavine seeks to protect from public disclosure contain (i) non-public financial information on the specific identities of its sources of revenue and amounts of such revenue, including entities that are direct competitors of Google; and (ii) highly confidential, commercially sensitive information on Mediavine's proprietary businesses processes including the identification of third-party tools Mediavine uses and business operations that, if disclosed, would cause Mediavine material and significant competitive and commercial harm.

9. The information covered by Mediavine's request is unavailable to the public.

10. Public release of the financial information Mediavine seeks to protect would provide an unfair advantage to those with whom Mediavine competes and those with whom Mediavine

negotiates deals.

11. Public release of the information concerning Mediavine's business practices and the platforms and tools it uses would subject Mediavine to significant competitive and commercial harm, and give its competitors insight into Mediavine's proprietary business processes and chosen tools – selected and combined based on experience and expertise in their field – and would allow Mediavine's competitors an artificial and unfair advantage.

I declare under penalty of perjury that the foregoing is true and correct.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Dated: July 26, 2024

Respectfully submitted,

_____

Eric Hochberger