# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

UNITED STATES, *et al.*,

    Plaintiffs,

v.

GOOGLE LLC,

    Defendant.

Case No. 1:23-cv-00108-LMB-JFA

## AMAZON.COM INC.'S SPECIFIC OBJECTIONS TO PUBLIC DISCLOSURE AT TRIAL OF CERTAIN DOCUMENTS, DATA, AND DEPOSITION DESIGNATIONS

Pursuant to the Court's amended Order Setting Pretrial Dates and Deadlines (ECF No. 871), third party Amazon.com Inc. ("Amazon"), through its undersigned counsel, respectfully objects to the public disclosure at trial of a limited number of documents, data files, and deposition designations included on the parties' exhibit lists and deposition designation lists (ECF Nos. 892 and 894) that disclose Amazon's confidential, competitively sensitive information.[1] These documents and designations contain information that Amazon has consistently designated as highly confidential or confidential under the Protective Order (ECF No. 98; modified at ECF No. 203), and public disclosure of this information would cause harm to Amazon's competitive

---

[1] After the parties filed their exhibit and designation lists, Amazon received additional notices of documents that may be used at trial. While Amazon has endeavored to address all of the documents, data, and deposition designations it is currently aware of as of this filing, Amazon respectfully requests an opportunity to lodge objections to any additional materials to be used at trial not yet identified by the parties.

Furthermore, at this time, Amazon cannot access all of the materials identified by the parties and is reliant on the parties' disclosures that certain portions of those documents contain Amazon's confidential, competitively sensitive information. To the extent Amazon learns that the parties have not identified all the portions of the trial materials that contain Amazon's information or have not provided Amazon with sufficient portions of the materials or descriptions of the information contained in them for Amazon to make informed decisions about what information warrants sealing, Amazon respectfully requests an opportunity to continue meeting and conferring with the parties and, if necessary, to file supplemental objections explaining why its competitively sensitive confidential information should remain sealed.

position.

Amazon objects to public disclosure for only a limited subset of the Amazon-produced information the parties have identified for potential use at trial. Amazon understands from the Protective Order that the parties may propose additional procedures for using confidential information at trial. (ECF No. 203 at 23.)  In the meantime, based on the information Amazon currently has, Amazon has provided its objections to the parties and met and conferred to attempt to identify portions of documents that may be irrelevant to trial or that should be sealed to protect Amazon's confidential, competitively sensitive information.  However, as the parties have not indicated which portions of certain lengthy documents and data files may actually be used at trial, and with which witnesses—information that is necessary for assessing the public interest in these materials—Amazon respectfully requests an opportunity to continue those discussions with the parties as they decide which documents actually will be used at trial, which portions of the lengthy documents and data files actually may be used at trial, and with which witnesses.

To Amazon's knowledge, no party currently objects to Amazon's sealing requests, and the parties have told Amazon they are still considering whether and how Amazon's materials may be used at trial. Accordingly, as specified in detail in the accompanying declaration of Aaron Ross (Ex. A), Amazon respectfully requests that a limited and narrowly-tailored set of its confidential information be permitted to be redacted and/or remain under seal at trial, subject to additional discussions with and guidance from the parties regarding which documents, portions of lengthy documents, and data they actually intend to use at trial.

## BACKGROUND

In anticipation of trial, the parties filed exhibit lists and deposition designations.  The parties notified Amazon's counsel that various documents included on their respective exhibit lists

and deposition designations contain or reveal Amazon's confidential information that Amazon produced during the investigatory or discovery phases of this case. Amazon has access to the documents that it produced in this matter, but it does not have access to all of the figures in the parties' expert reports that are derived from Amazon's confidential information and data. Amazon requested copies of those figures to assess whether to seal the portions that contain Amazon's confidential information, but the parties have not provided all of the figures or unredacted versions, explaining that some of them contain Google's and third parties' confidential information as well.

If the Court deems Amazon's descriptions of the information at issue or these objections insufficient, Amazon respectfully requests that the Court order the parties to provide the actual figures to Amazon redacting everything except Amazon's information and to inform Amazon which documents (including which portions of lengthy documents), data files, and deposition designations actually will be used at trial and with which witnesses. This information will be central to providing informed sealing determinations, as discussed herein.

Amazon has also met and conferred with the parties about whether the Amazon materials identified actually will be used at trial and, if so, particularly with respect to dense and lengthy documents, which portions actually will be used. The parties, however, are unable at this time to identify which Amazon documents—and for lengthy documents, which portions of those documents –will actually be used at trial. Absent this information, it is not feasible for Amazon to propose targeted redactions to many of the detailed, lengthy, single-spaced documents included on Google's exhibit list. For example, one document included on Google's exhibit list is 79 pages long and includes detailed information on Amazon's strategy of developing its digital advertising business; how Amazon uses data to develop and maintain the search functionality of its platform; how Amazon uses data to target digital advertising to specific audiences; and Amazon's use of

real-time bidding to auction its ad inventory. *See* AMZNDOJ0001265. It is not conceivable that Google will seek to show all 79 pages of this document at trial (if Google uses any portion of this document at trial). There is thus no public interest in disclosing all of Amazon's confidential information from this document. And there is likewise no basis to subject Amazon's businesspersons and counsel to the unnecessary burden of combing through this 79-page document to identify targeted redactions to each line and page, balancing Amazon's business needs to keep the information confidential against the public interest as though all of this information were to be used at trial.

At some point before trial, the parties will presumably be able to identify which documents they actually intend to use—as opposed to overbroad designations on exhibit lists that are not plausibly tailored to a trial presentation. At that point, Amazon requests an opportunity to work with the parties to provide more targeted redactions to the documents to be used at trial. In the meantime, Amazon has undertaken efforts to identify those documents that contain its confidential information that it seeks to preserve, it has informed the parties of a number of documents that need not be sealed at trial, and it has proposed targeted redactions where it has been practicable to do so. *See* Ross Declaration, Exs. A-J. Additionally, if amenable to the Court, Amazon intends to work with the parties to redact from all Amazon documents that may be used at trial the contact information (including emails and phone numbers) of current and former employees.[2]

The Court's amended Order Setting Pretrial Dates and Deadlines (ECF No. 871) provides parties and non-parties until July 26, 2024 to file specific objections to the public use of confidential documents or testimony, and requires parties and non-parties to file a proposed acceptable redaction of the information. Amazon has assessed the portions of its confidential

---

[2] To avoid burdening the Court with unnecessary filings, Amazon has not attached every one of these documents to these objections, but Amazon can provide complete unredacted versions for in camera review if helpful to the Court.

information included in the parties' exhibit lists and deposition designation lists as best it can based on the disclosures from the parties, and Amazon respectfully requests that the narrow set identified in the Ross Declaration be permitted to remain under seal, subject to further discussion with the parties. *See* Decl. of A. Ross ¶ 5. The materials identified in the Ross Declaration reveal detailed information about Amazon's advertising business performance, such as impressions displayed and specific advertisers' spending on Amazon's advertising products, as well as Amazon's spending on Google's advertising products. *Id.* Amazon's competitors, including Google, could misuse that information to compete unfairly against Amazon, offer worse terms to Amazon or Amazon's customers in future negotiations, or interfere with Amazon's customer relationships and product offerings. *Id.*

Amazon has met and conferred with the parties and, to Amazon's knowledge, no party opposes Amazon's request to maintain these materials under seal at this time.

## ARGUMENT

Courts commonly seal trial materials so as to "fully account for the various public and private interests at stake." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 666 (D.C. Cir. 2017); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted) ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180–81 (4th Cir. 1988) (acknowledging that the common law and First Amendment rights of public access to court filings may be limited). In particular, when private interests are at stake, "[c]ourts have refused to permit" court filings to serve "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. "Partial sealing of court records" may be ordered to protect a non-party's "strong interest in

preserving the confidentiality of its proprietary and trade-secret information." *Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014).

Because some of the documents and materials at issue here may be entered into evidence at trial, First Amendment protection may apply. *See Rushford v. New Yorker Magazine, Inc.*, 846 F. 2d 249, 252 (4th Cir. 1988). As a threshold matter to sealing, therefore, this Court must determine whether there is a compelling government interest in restricting access to this information and whether sealing or the proposed redactions are narrowly tailored to serve that interest. *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004); *Pub. Citizen*, 749 F.3d at 266.

Here, as far as Amazon can tell based on the information provided by the parties, both elements are present. As this Court has held, "[a] corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records." *Pub. Citizen*, 749 F.3d at 269 (citing *Nixon*, 435 U.S. at 598). That is precisely the nature of information at issue here—Amazon's proprietary information and trade secrets, disclosure of which would significantly hinder Amazon's competitive position. Further, as detailed in the accompanying Ross Declaration, Amazon seeks to seal only the specific, minimal information that would lead to competitive harm, ensuring robust public access to documents entered in this trial.

In addition to the First Amendment analysis, when deciding whether to seal a document, a court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing . . . , and (3) provide specific reasons and factual findings supporting its decision to seal . . . and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). The "specific

reasons" a court should consider when deciding whether to seal a document include "whether the records are sought for improper purposes, such as . . . unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon*, 435 U.S. at 597–608).

Here, all three criteria favor sealing the materials reflecting Amazon's highly confidential and competitively sensitive information. Public notice of Amazon's request to seal has been provided by filing these objections on the Court's docket, and the Court has provided interested parties until August 2 to object to Amazon's requests. *See* ECF No. 871. Amazon is unaware of any less drastic alternative to sealing that could protect Amazon's competitively sensitive information than sealing or redacting the identified portions. And there are several specific reasons why protecting Amazon's competitively sensitive information outweighs the public's interest in accessing these materials, many of which may not be used at trial at all.

*First*, disclosure of Amazon's information would result in severe commercial and competitive harm to Amazon. The information at issue includes highly confidential, competitively sensitive information about Amazon's advertising business methods, performance, and strategy. Decl. of A. Ross ¶ 5. Disclosure of that information would provide Amazon's competitors with a substantial and unfair commercial advantage in their dealings and negotiations with Amazon. *Id.* Especially with respect to the detailed lengthy documents on the parties' exhibit and designation lists—of which only at most a small portion could conceivably be used at trial—Amazon respectfully requests that they remain sealed in full until the parties identify for Amazon which portions they may introduce at trial, at which time Amazon can focus on surgically determining if

7

any of those portions require redactions.

*Second*, the information at issue—Amazon's competitively sensitive commercial business information—would not "enhance the public's understanding of an important historical event." *Knight*, 743 F.2d at 235.  Amazon is a third party to this case and its information is peripheral to the disposition of this case.  The parties so far have not explained how Amazon's information may be used at trial, the witness(es) with whom Amazon's information may be used, or if any of Amazon's information will be relevant to important issues in the case.  To the extent awareness of Amazon's information may become necessary for the public to have a greater understanding of this action, Amazon has requested to seal or redact only a very small subset of Amazon's information that the parties included in their exhibit lists and deposition designations—that is, only the most competitively sensitive details about Amazon's advertising business.  Decl. of A. Ross ¶ 5.  No party or non-party needs access to this limited set of information in order to understand the issues at play in this action, which are focused on Google's conduct, not anything related to Amazon.  And Amazon remains willing to continue meeting and conferring with the parties about any specific portions of dense voluminous documents that any party claims may need to be disclosed at trial.

*Third*, Amazon's information is highly confidential business information that is not available to the public.  Decl. of A. Ross ¶ 5–6.  Amazon spends time and resources trying to protect its confidential information from public disclosure.  *Id.*  It would be a perverse result for Amazon to comply with compulsory process from the parties in this action, only to have its competitively sensitive information disclosed to competitors, *including Google*.  (Other than its outside counsel, Google is not privy to Amazon's confidential information due to the Protective

Order in place.)

In sum, any public interest in accessing Amazon's highly competitively sensitive information that could conceivably exist is greatly outweighed by Amazon's need to protect against the competitive harm that it would suffer if the information were disclosed. The public has no legitimate interest in accessing Amazon's highly confidential and competitively sensitive information, whereas Amazon has a very strong interest in protecting the confidentiality of that information. Disclosure would do little to enhance the public's understanding of this action, but it would cause significant harm to Amazon. The Court, therefore, should seal Amazon's information as enumerated in the accompanying declaration.

## CONCLUSION

The First Amendment analysis and the factors from *Knight* weigh strongly in favor of sealing from public disclosure the limited portions of Amazon's confidential information identified in the accompanying Ross Declaration. Considering the competitive harm that would befall Amazon from public disclosure and Amazon's limited role as a third party in this case, sealing is warranted. No party currently opposes Amazon's request. The Court should order Amazon's information to remain sealed, subject to further meet and confers among the parties.

Dated: July 26, 2024

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Michael R. Dziuban*
    Michael R. Dziuban

1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539
Email: MDziuban@gibsondunn.com

*Attorney for Third Party Amazon.com, Inc.*

**DECLARATION OF MICHAEL R. DZIUBAN IN SUPPORT OF OBJECTIONS**

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 26, 2024.

/s/ *Michael R. Dziuban*
Michael R. Dziuban

*Counsel for Third Party*
*Amazon.com, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July 2024, I caused to be electronically filed the foregoing Specific Objections to Public Disclosure at Trial of Certain Documents, Data, and Deposition Designations using the CM/ECF system, which will then send a notification of such filing to all counsel registered through CM/ECF.

/s/ *Michael R. Dziuban*
Michael R. Dziuban

*Counsel for Third Party*
*Amazon.com, Inc.*