UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

UNITED STATES, *et al.*,

    *Plaintiffs*,

  v.

GOOGLE LLC,

    *Defendant*.

No. 1:23-cv-00108-LMB-JFA

### OBJECTIONS OF NON-PARTY NEWS CORP TO USE OF CONFIDENTIAL DOCUMENTS AT TRIAL

Pursuant to this Court's Order (Dkt. 871) and Local Rule 5(H), Non-Party News Corp respectfully files these objections to the use of certain documents at trial.

### BACKGROUND

In their Exhibit Lists (Dkts. 892[1] & 894), Plaintiffs and Google designated as potential trial exhibits fifty (50) documents relating to News Corp.[2] Most of these are documents produced by News Corp in response to state and federal government civil investigative demands under assurances of confidential treatment. News Corp has carefully reviewed these proposed exhibits and made good faith efforts to identify narrowly tailored redactions that protect News Corp's commercially sensitive business information while also permitting public disclosure of the vast majority of the documents and the information contained within. After conferring with

---

[1] As amended by Dkt. 923.

[2] Both Plaintiffs and Google reserved the right to amend their exhibit list and use additional exhibits at trial, including for impeachment. *See* Dkt. 892 at 1 (Plaintiffs'); Dkt. 894 at 1 (Google's). News Corp accordingly reserves the right to object to any new or additional proposed use of its confidential information at trial. News Corp also reserves the right to object to the use of any of its documents or information at trial.

the parties, and consistent with this Court's instruction, News Corp respectfully requests limited redactions to five (5) exhibits. *See* Exs. 1-4 (redacted) (public); Exs. 5-9 (proposed redactions highlighted) (under seal).[3] Plaintiffs and Google take no position on these proposed redactions.

Separately and in addition to these exhibits, Google has also designated a number of documents that jeopardize the confidentiality of News Corp's attorney-client communications in violation of Google's trial counsel's ethical duties to News Corp. Paul Weiss counsel, including William Isaacson, represented News Corp in this same matter, adverse to Google. To protect its confidential attorney-client communications and prevent further violation of its former counsel's ethical duties, News Corp seeks to exclude these documents in full, which are, in any case, irrelevant to any claim or defense in this matter. Plaintiffs take no position on this proposed exclusion and Google opposes this exclusion.

## LEGAL STANDARDS

"Trial exhibits, including documents previously filed under seal, and trial transcripts will not be filed under seal except upon a showing of necessity demonstrated to the trial judge." Local Civ. R. 5(H). When "efforts are made to seal documents offered into evidence before a court in the course of a public jury trial," the "First Amendment guarantee of public access, with its attendant requirement to weigh competing interests, applies." *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 579 (E.D. Va. 2009). The district court must give "the public notice of the request to seal and a reasonable opportunity to challenge the request,"[4]

---

[3] One of the five documents was produced by non-party Microsoft Corporation. News Corp therefore only files that document under seal, with proposed redactions, and understands Microsoft Corp. will propose the similar redactions along with its own redactions.

[4] Here, "public notice of filing the exhibits under seal [is] achieved by [News Corp's] public filing of [a request to seal] and [this] memorand[um] in support." *Abu-Eid v. Discover Prods., Inc.*, 2021 WL 9969142, at *1 (E.D. Va. June 2, 2021).

"consider less drastic alternatives to sealing," and, "if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004) (citing *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988)). "When the First Amendment provides a right of access, a district court may restrict access only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.* at 575 (quotation marks and citation omitted). "One exception to the public's right of access" to judicial proceedings, including trials, applies when "such access to judicial records could provide 'a source[ ] of business information that might harm a litigant's competitive standing.'" *Woven Elecs. Corp. v. Advance Grp., Inc.*, 930 F.2d 913 (4th Cir. 1991) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

In addition, "[t]he Court is charged with the duty and responsibility of supervising the conduct of attorneys who appear before it." *Tessier v. Plastic Surgery Specialists, Inc.*, 731 F. Supp. 724, 729 (E.D. Va. 1990). The Court has power to limit attorney conduct to enforce the ethical duty of loyalty. *See* Restatement (Third) of Law Governing Lawyers § 121 cmt. f (2000). For example, courts have precluded filings from conflicted counsel, *see X Corp. v. Bright Data Ltd.*, 2024 WL 3408220, at *9 (N.D. Cal. July 12, 2024), ordered the dismissal of complaints, *see Doe v. A Corp.*, 330 F. Supp. 1352, 1356 (S.D.N.Y. 1971), *aff'd sub nom. Hall v. A Corp.*, 453 F.2d 1375 (2d Cir. 1972) (per curiam), and, as particularly relevant here, denied use of evidence, *see In re Beiny*, 517 N.Y.S.2d 474, 483-85 (App. Div. 1987) (affirming suppression of confidential documents improperly obtained from opposing party, in addition to disqualification of the law firm responsible); *see also* Restatement (Third) of Law Governing Lawyers § 6 cmt. j ("[i]f the admission of evidence on behalf of a party would violate the obligation owed by a

lawyer to a client or former client . . . , the tribunal may exercise discretion to exclude the evidence, even if the evidence is not otherwise subject to exclusion").

## ARGUMENT

I. **The Court Should Permit Limited Redactions to Five Exhibits To Prevent the Disclosure of News Corp's Confidential Information**

News Corp requests the sealing of a small amount of highly sensitive information, limited to (1) confidential security-related web property and account validation codes, and (2) specific internal financial figures (i.e., specific dollar amounts and percentages). As explained in more detail below with respect to each document, News Corp would be put at a competitive disadvantage if this internal data were exposed. *See East West, LLC v. Rahman*, 2012 WL 3841401, at *3 (E.D. Va. Sept. 4, 2012) (granting motion to seal expert reports containing "confidential business information and other trade secret protected information," including "sensitive financial data . . . the disclosure of which would be highly likely to cause significant harm to the business competitive position of [the] part[y]"); *Rxd Media, LLC v. IP Application Dev. LLC*, 2019 WL 8112894, at *1 (E.D. Va. June 10, 2019) (allowing redaction of "confidential and proprietary information, including Apple's branding processes, trademark search strategies, and steps it takes to protect intellectual property when launching new products and services" (quotation marks omitted)).

- DTX0719 contains an email from an employee of Dow Jones (a News Corp subsidiary) to Google referencing Dow Jones's Google-related web property and account validation codes. Public disclosure of these confidential codes would compromise security and thus cause significant harm to News Corp's business. Declaration of Martin d'Halluin ¶ 4 (attached as Ex. 10) (under seal). The proposed redactions are limited to the codes themselves, *id.*, and thus represent a "selective and narrow protection of confidential

4

material [that] constitutes the least drastic measure of shielding the information at issue." *Rxd Media*, 2019 WL 8112894, at *1. The redactions are non-substantive, *see* d'Halluin Decl. ¶ 4, preserving the overall usefulness of the document and the public's ability to understand it, *see Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013) (noting that where the "information at issue . . . is not necessary to the public's understanding of the case," "the public . . . has a minimal interest in th[e] information").

- DTX0936 is an internal News Corp presentation. It contains references to specific figures for a minimum bidding floor for a particular News Corp property. Disclosure of these internal pricing data points would cause significant commercial harm by disclosing News Corp's pricing strategy. *See* d'Halluin Decl. ¶ 5. The proposed redaction is limited to the pricing data and otherwise preserves the substance of the document. *See id.*

- DTX1283 is an internal News Corp strategy document. It contains references to certain News Corp-specific internal financial figures (e.g., revenue generated from specific business lines, user and download figures). Public disclosure of these internal figures would cause significant commercial harm by releasing details of News Corp's confidential data and giving insight into News Corp's internal strategy. *See* d'Halluin Decl. ¶ 6; *see also BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*, 2019 WL 8108115, at *10 (E.D. Va. Aug. 15, 2019) (allowing redaction of a description of BASF's "business strategy"). The proposed redactions are limited to the numbers themselves. *See* d'Halluin Decl. ¶ 6.

- DTX1364 is a presentation produced by non-party Microsoft Corporation. *See* d'Halluin Decl. ¶ 7. It was created for presentation to News Corp in the context of their ongoing commercial relationship. *See id.* It contains confidential financial information and

details of contractual terms, including News Corp-related revenue growth figures, licensing terms, and annual pricing and spending figures.  *See id.*  The disclosure of these specific figures would cause significant competitive harm.  *See id.*  The proposed redactions are limited to the numbers themselves.  *See id.*  News Corp understands that Microsoft will be requesting redactions to this document as part of its objections, and joins Microsoft's objections to the extent News Corp's and Microsoft's overlap.

- DTX1482 is an internal News Corp overview of planned ad-tech-related investments.  It contains specific figures describing News Corp's revenue and growth in several product lines.  *See* d'Halluin Decl. ¶ 8.  It also contains references to specific amounts of planned budgets and investments in certain products and features (and their anticipated incremental commercial impacts).  *See id.*  Public disclosure of these internal figures would cause significant commercial harm by releasing details of News Corp's confidential data and giving detailed insight into News Corp's internal strategy.  *See id.*  The proposed redactions are limited to the numbers themselves and preserve the substance of the document.  *See id.*

II. **The Court Should Also Exclude Google's Exhibits That Relate to Confidential Work News Corp's Counsel Performed Before They Switched Sides and Started Defending Google in this Case**

Separately, some of Google's proposed exhibits jeopardize the confidentiality of News Corp's attorney-client communications because they relate to work that News Corp's counsel, Paul, Weiss, Rifkind, Wharton & Garrison LLP, performed on News Corp's behalf concerning Google's ad-tech conduct before Paul Weiss switched sides to represent Google on those same issues.  *See* d'Halluin Decl. ¶ 10.  For many years, Paul Weiss attorneys – including current counsel before this Court, William Isaacson – advised News Corp on the legality of Google's conduct in the markets for advertising technology tools at issue in this case.  *See id.*  That work

6

included drafting several memos and white papers describing how Google's ad-tech conduct violates the antitrust laws; representing News Corp in responding to a Civil Investigative Demand issued by DOJ; and preparing News Corp employees for and representing News Corp at meetings with DOJ to discuss Google's conduct. *See id*. News Corp alerted Paul Weiss that switching sides to defend the very Google ad-tech conduct that Paul Weiss once advised News Corp violated the antitrust laws runs afoul of Paul Weiss's ethical duties to News Corp. *See id.* ¶ 11.

When a "lawyer could have obtained confidential information in" one "representation that would have been relevant" in another representation, *Tessier*, 731 F. Supp. at 729 (citation omitted), a conflict arises when the latter representation is "materially adverse" to the interests the attorney advocated in the first representation, Va. R. Pro. Conduct 1.9(a). *See also* Va. R. Pro. Conduct 1.9(c)(2) ("The underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question.").[5] The lawyer's conflicts are imputed to the whole firm. *See* Va. R. Pro. Conduct 1.10(a)-(b).

Here, Paul Weiss attorneys not only could but did obtain such confidential client information from News Corp. *See* d'Halluin Decl. ¶¶ 10, 13. Courts in this District have

---

[5] This Court previously declined to disqualify Paul Weiss for other conflicts on the grounds that its current representation of Google was not "materially adverse" or "substantially related" to its prior representations of Yelp and the News Media Alliance ("NMA"), which focused on Google's alleged monopoly in general search advertising. Dkt. 484 at 15:19-16:14 (noting those two prior representations related more to "the technology that's involved in the [search] case, which is the one that's going on right now in the District of Columbia"); *see also* Dkt. 487. The Court further found that Yelp and the NMA would not be prejudiced by allowing Paul Weiss to continue. *See* Dkt. 484 at 16:11-14. The situation here is starkly different: Paul Weiss advised News Corp on the illegality of the very same Google ad-tech-related conduct at issue in this case, and now proposes to use News Corp's confidential information at trial.

7

repeatedly held that a conflict arises in these circumstances.  *See*, *e.g.*, *Audio MPEG, Inc. v. Dell, Inc.*, 219 F. Supp. 3d 563 (E.D. Va. 2016) (attorney breached ethical duties by arguing the validity of patents before the patent office only to switch sides and challenge the same patents on behalf of a different client); *Sunbeam Prods., Inc. v. Hamilton Beach Brands, Inc.*, 727 F. Supp. 2d 469 (E.D. Va. 2010) (similar).

Google, through its Paul Weiss counsel, now seeks to introduce as trial exhibits documents that involve Paul Weiss's work on News Corp's behalf.  Introduction of those exhibits would exacerbate Paul Weiss's violation of Paul Weiss's ethical duties to News Corp.  Proposed exhibits DTX1010 and DTX1011 are scheduling emails that relate to a News Corp presentation to the DOJ.  Jonathan Kanter represented News Corp at that meeting and News Corp counsel later discussed the substance of that meeting in confidential attorney-client communications with Mr. Isaacson as part of his representation of News Corp.  *See* d'Halluin Decl. ¶ 13.

After Mr. Isaacson switched sides to represent Google, he used these same two exhibits in questioning DOJ's 30(b)(6) witness about DOJ's contacts with third parties during the course of DOJ's investigation.  Mr. Isaacson sought to authenticate these documents as "electronic records of the antitrust division as part of its investigation in this case."  Deposition of Devon P. Mahoney, Tr. at 128-30 (Sept. 30, 2023).  Presumably, Mr. Isaacson or other Google counsel intend to cross-examine DOJ witnesses regarding the presentation News Corp made to DOJ.

Proposed exhibits DTX1010 and DTX1011 contain no substance in themselves.  *See* Exs. 11-12 (under seal).  They relate only to scheduling of meetings or calls between DOJ and News Corp's then-outside lawyer, Jonathan Kanter.  This Court previously struck Google's affirmative defense based on Mr. Kanter's limited participation in the filing of DOJ's case.  *See*

8

Dkt. 446; *see also* Dkt. 435 at 9:17 (the Court noting that Google's affirmative defense is "a red herring"). The substance of the meetings is known to Mr. Isaacson but not evident from the scheduling emails. Excluding these exhibits will not prejudice Google, since Google's affirmative defense is no longer part of the case, but exclusion will help to limit the unfairness and prejudice to News Corp of its counsel using News Corp's confidential information against it. We note that the Plaintiffs also have objected to these three documents on the ground that they "Violate[ ] [a] Court Order." Dkt. 915-1 at 55-56. Similarly, proposed exhibits DTX0896, DTX0911, DTX0915, and DTX0999 are scheduling emails and invitations relating to discussions between DOJ and News Corp for which Paul Weiss helped prepare News Corp attendees. *See* Exs. 13-16 (under seal); *see also* d'Halluin Decl. ¶ 13. Paul Weiss should not be permitted to use confidential information it received from News Corp to argue on behalf of Google. Like DTX1010 and DTX1011, they have no bearing on any live claim or defense. These documents should also be excluded.

## CONCLUSION

News Corp respectfully requests that the Court grant its request. A proposed order is attached.

Dated: July 26, 2024  Respectfully submitted,

/s/ *Charles B. Molster, III*
Charles B. Molster, III (Va. Bar No. 23613)
Law Offices of Charles B. Molster, III PLLC
2141 Wisconsin Avenue, Suite M
Washington, D.C. 20007
Office: (202) 787-1312
Cell: (703) 346-1505
Email: cmolster@molsterlaw.com

9

John Thorne*
Daniel G. Bird*
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
1615 M Street NW, Suite 400
Washington, DC 20036
Tel.:  (202) 326-7900
Fax:  (202) 326-7999
Email:  jthorne@kellogghansen.com
         dbird@kellogghansen.com

* Admitted *Pro Hac Vice*

*Counsel for News Corp*