UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| UNITED STATES, *et al.*,<br><br>　　　　　　*Plaintiffs,*<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　　　*Defendant.* | No. 1:23-cv-00108-LMB-JFA |

**NON-PARTY PINTEREST INC.'S MEMORANDUM IN SUPPORT OF
MOTION AND SPECIFIC OBJECTIONS WITH
PROPOSED REDACTIONS TO GOOGLE'S TRIAL EXHIBITS**

　　Non-party Pinterest, Inc. ("Pinterest"), by and through counsel, objects to Google's public use of Pinterest's highly confidential information at trial, as provided under the Court's June 24, 2024 Pretrial Scheduling Order providing that "[a]ny party or non-party who objects to the public use of confidential documents or testimony must file a specific objection with a proposed acceptable redaction of the information," ECF No. 871. Pinterest respectfully submits this memorandum detailing its specific objections and proposed redactions.

　　Pinterest objects to the public use of three of Google's trial exhibits—DTX 2234, DTX 1990, and DTX 1991—and the Appendix Section X.A of the Expert Report of Mark Israel. To address the confidentiality concerns presented by these materials, Pinterest specifically proposes narrowly tailored redactions to protect Pinterest's competitively sensitive information while preserving the public right of access. Pinterest requests that the Court order Google to redact all information disclosing the number of advertising impressions, clicks, and revenue for advertising customers, and Pinterest's method for categorizing customers. Alternatively, and at a minimum, Pinterest requests that the Court order Google to redact Pinterest's name and any other identifying

1

information (including Pinterest's Bates number) from these materials to prevent its competitors and customers from associating the specific data with Pinterest.

## I. BACKGROUND

Pinterest is a visual discovery engine where users are able to find and "pin" (or save) to boards ideas and inspiration for recipes, home decor, personal style, and many other categories. Pinterest places ads on its site and is a seller of ad inventory.

On May 8, 2023, Google served Pinterest with a subpoena to produce documents. In response, Pinterest produced responsive documents, marked with Confidential and Highly Confidential designations as provided under the Protective Order. (ECF No. 203). As required by the Court's Pretrial Scheduling Order, ECF No. 871, Google notified Pinterest on July 5, 2024, that it had filed its exhibit list, ECF No. 894, which included one of Pinterest's documents previously designated as Highly Confidential under the Protective Order marked as DTX 2234. Google notified Pinterest that it may also use information from this spreadsheet at trial or in filings with the Court. Google also notified Pinterest that some of its proposed trial exhibits contain Pinterest's Highly Confidential information originating from the spreadsheet DTX 2234. This spreadsheet is also listed as a material considered in the Appendix Section X.A to the Expert Report of Mark Israel (Google). Upon review of the noticed materials, Pinterest objects to the public use of DTX 2234, DTX 1990, DTX 1991, and Appendix Section X.A to the Expert Report of Mark Israel, and proposes narrowly tailored redactions to remedy any potential competitive harm to Pinterest.

## II. LEGAL STANDARD

Local Civil Rule 5(c) requires that parties moving to seal comply with certain requirements: "(1) a non-confidential description of the material sought to be filed under seal, (2) A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request; (3) References to the governing case law, an analysis of

the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied; [and] (4) Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing." Local Civ. R. 5(c). Rule 5(c) also provides that "[a]nyone seeking to file a document or other material under seal must make a good faith effort to redact or seal only as much as necessary to protect legitimate interests." *Id.*

This Court ordered that "[a]ny party or non-party who objects to the public use of confidential documents or testimony must file a specific objection with a proposed acceptable redaction of the information." ECF No. [871]. Consistent with this order, Pinterest objects to the public use of Google's proposed trial exhibits, which contain Pinterest's highly confidential and competitively sensitive business information. To remedy any potential competitive harm to Pinterest, while also protecting the public right of access to judicial records, Pinterest proposes narrowly tailored redactions to a select handful of documents to protect its legitimate business interests and competitively sensitive information.

### III. DESCRIPTION OF GOOGLE'S TRIAL EXHIBITS AND MATERIALS SUBJECT TO PINTEREST'S OBJECTIONS AND PROPOSED REDACTIONS.

Pinterest objects to the public use of DTX 2234, DTX 1990, DTX 1991, and Appendix Section X.A to the Expert Report of Mark Israel, and proposes targeted redactions to these documents, set forth below.

Google has listed as a proposed exhibit, DTX 2234, which is a spreadsheet containing extensive amounts of Pinterest's highly confidential and competitively sensitive business data. This document contains month-by-month data for Pinterest's customers, including values for the number of advertising impressions, clicks, and revenue for individual advertisers, and Pinterest's methods for categorizing customers, from Jan. 2017 to June 2023. Roberts Decl. ¶ 10. This information is unavailable to the public as Pinterest keeps this information confidential. Public disclosure and use

3

of the information contained in this document would cause Pinterest significant competitive harm because it would give customers and competitors an inside-look at Pinterest's confidential data and reveal how Pinterest conducts business with its advertising customers. For example, it would allow for month-by-month and year-over-year analyses of Pinterest's revenue by top advertiser, and it would allow for a granular breakdown of this revenue information by clicks and by impressions from site users. Public use of the spreadsheet would therefore place Pinterest at a significant disadvantage in future interactions with customers. In addition, public use of this spreadsheet would provide Pinterest's competitors with an advantage in competing with Pinterest for future business opportunities, harming competition.

      Pinterest therefore proposes that Google redact Pinterest's name, any other information that identifies Pinterest as the source of the document (including the Bates number), and the information about advertising impressions, clicks, and revenue, and Pinterest's methods for categorizing customers from the spreadsheet. *Adams v. Object Innovation, Inc.*, No. 11-cv-272, 2011 WL 7042224, at *4 (Dec. 5, 2011), *report & recommendation adopted*, 2012 WL 135428 (E.D. Va. Jan. 17, 2012) ("[The] proposal to redact only the proprietary and confidential information, rather than seal the entirety of his declaration, constitutes the least drastic method of shielding the information at issue."). In the alternative, Pinterest requests that the Court order Google to redact Pinterest's name, Bates number, and any other identifying information from DTX 2234 to prevent the public from connecting the information back to Pinterest, preserving its confidentiality.

      Three additional materials—DTX 1990, DTX 1991, and Appendix X.A to the Expert Report of Mark Israel—contain information from DTX 2234; therefore, disclosure of highly confidential information from DTX 2234 through these additional materials would significantly harm Pinterest. To protect the confidential information of other non-parties, Google has not provided Pinterest with unredacted versions of DTX 1990, DTX 1991, or the Appendix; however,

4

through conversations with Google's counsel, Pinterest understands that these materials likely contain highly confidential information derived from DTX 2234 and identify Pinterest as a source for highly confidential information, as discussed below.

First, the redacted version of Google's DTX 1990, attached as Exhibit A to the Declaration of Julia Roberts, contains Table 23 from the Expert Report of Mark Israel, titled "Publisher Ad Server Shares Including Selected In-House Ad Servers, by Approximate U.S. Ad Spending, 2019-2022." DTX 1990 in part illustrates some of the data from Pinterest's spreadsheet, DTX 2234, and identifies Pinterest as a source for this information. Pinterest proposes that Google be ordered to redact Pinterest's name, Bates number, and any other identifying information from this exhibit.

Second, the redacted version of Google's DTX 1991, attached as Exhibit B to the Declaration of Julia Roberts, contains Table 24 from the Expert Report of Mark Israel, titled "Shares Among Advertiser Buying Tools, Ad Exchanges, and Publisher Ad Servers for All U.S. Display Advertising, 2022." DTX 1991 in part illustrates some of the data from Pinterest's spreadsheet, DTX 2234, and identifies Pinterest as a source for this information. Pinterest proposes that Google be ordered to redact Pinterest's name, Bates number, and any other identifying information from this exhibit.

Third, Google's Appendix Section X.A. to the Expert Report of Mark Israel lists the Bates number for DTX 2234 as a material considered by that expert. Google has not shared a redacted version of this Appendix with Pinterest to preserve confidentiality of the parties' and non-parties' non-public information. Through conversations with counsel for Google, however, counsel for Pinterest understands that the Appendix cites data from Pinterest's spreadsheet and that Pinterest is listed as a source of confidential information. Pinterest proposes that Google be ordered to redact Pinterest's name, Bates number, and any other identifying information from this Appendix.

## IV. REDACTION OF PINTEREST'S HIGHLY SENSITIVE INFORMATION IS NECESSARY TO PROTECT PINTEREST FROM COMPETITIVE HARM AND OUTWEIGHS THE PUBLIC'S RIGHT OF ACCESS.

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't. of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). "In contrast to the common law, 'the First Amendment guarantee of access has been extended only to particular judicial records and documents.'" *Id.* (quoting *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). After determining the source of the right of access, a district court in the Fourth Circuit "must then weigh the appropriate competing interests" through the following procedure: "it must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." *Id.* at 576.

Under the First Amendment standard, the public's access may be restricted "'only on the basis of a compelling governmental interest, and only if the denial [of access] is narrowly tailored to serve that interest.'" *See id.* at 575 (quoting *Stone*, 855 F.2d at 180); *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). Indeed, a court may seal court documents "'if the public's right of access is outweighed by competing interests.'" *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The "competing interests" that justify protection from public disclosure may include the need to prevent court proceedings from serving as "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978). Further, a business's "strong interest in preserving the confidentiality of its proprietary and trade-secret information" may justify sealing of court records. *Doe*, 749 F.3d at 269.

6

In other words, "[s]ealing is appropriate where the document at issue contains [or] consists of information that could be used to competitive advantage against an organization if it became public." *Globus Med. Inc. v. Jamison*, 2023 WL 4937386, at *2 (E.D. Va. Jan. 12, 2023) (granting motion to seal document containing non-parties' highly confidential information that "could be used for competitive purposes by other businesses in the industry"); *see also Glob. Tel*Link Corp. v. JACS Sols., Inc.*, 2023 WL 9197897, at *2 (E.D. Va. Oct. 4, 2023) (granting motion to seal upon finding that "[t]he public's interest in accessing this information is outweighed by a party's interest in 'preserving confidentiality' of commercially sensitive information that is 'normally unavailable to the public.'").

Here, Pinterest seeks to seal and redact from the public record four materials that Google listed on its proposed exhibit list and has notified Pinterest that it may use at trial. These documents include Pinterest's highly sensitive commercial information, such as data about its top advertisers' clicks, impressions, and revenue month-by-month for 2017 to 2023. *See* Section III, *supra*. As described above, public use of this information would cause competitive harm to Pinterest because it would give its competitors and customers information about its advertising business at a granular level of detail. *Id.* Pinterest's proposed redactions are narrowly tailored to redress these concerns.

The public's interest in access is outweighed by Pinterest's interest in "preserving confidentiality" of a narrowly tailored amount of highly confidential information that is "normally unavailable to the public." *Flexible Benefits Council v. Feltman*, No. 08-cv-371, 2008 WL 4924711, at *1 (E.D. Va. Nov. 13, 2008). Pinterest's proposed redactions will allow the Court and the public to have the benefit of information about the market without compromising Pinterest's interest in keeping its information confidential. Knowing that the information comes from Pinterest is not important to the public's understanding of the contentions of the parties in this case, nor will it affect the Court's ability to reach its ultimate decision. For example, Pinterest is not named in any

of the parties' pleadings and does not play any major role in the resolution of this case.

Pinterest's *de minimis* role in this case is illustrated by the fact that Google, after receiving thousands of pages of documents from Pinterest in discovery, elected to use only one of Pinterest's documents, DTX 2234, as a trial exhibit. Even then, Google's expert simply sourced Pinterest's information to create figures illustrating the market for publisher ad servers overall, showing that attribution to Pinterest specifically is not necessary. Additionally, unlike some non-parties, no Pinterest employee will be called to testify at trial. Preserving non-party Pinterest's confidentiality surrounding this data will not affect the Court's or the public's ability to understand the issues in this case or the information provided through Google's expert's tables and figures if they are entered into the record. Therefore, Pinterest's interest in protecting the confidentiality of its competitively sensitive information from public use outweighs the public's right of access here.

## CONCLUSION

Pinterest respectfully requests that the Court grant its objections and proposed redactions, and order Google to redact DTX 2234, DTX 1990, DTX 1991, and Appendix X.A as described above.

Dated: July 26, 2024

Respectfully submitted,

*/s/ Dorothea R. Allocca*
Peter J. Mucchetti (*pro hac vice pending*)
Dorothea R. Allocca (VSB No. 96855)
*Attorneys for Non-Party Pinterest, Inc.*
CLIFFORD CHANCE LLP
2001 K Street NW
Washington, DC 20006
Tel: 202-912-5000
Fax: 202-912-6000
peter.mucchetti@cliffordchance.com
dodi.allocca@cliffordchance.com