UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| UNITED STATES, *et al.*,<br><br>　　　　　*Plaintiffs,*<br><br>　v.<br><br>GOOGLE LLC,<br><br>　　　　　*Defendant.* | No. 1:23-cv-00108-LMB-JFA |

**DECLARATION OF JULIA ROBERTS IN SUPPORT OF
NON-PARTY PINTEREST, INC.'S SPECIFIC OBJECTIONS AND
PROPOSED REDACTIONS TO GOOGLE'S PROPOSED TRIAL EXHIBITS**

I, Julia Roberts, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

　　　1.　　　I am Head of Growth Product at non-party Pinterest, Inc. ("Pinterest") and, by reason of my position, I am authorized and qualified to make this declaration. I submit this declaration in support of Pinterest's objections to the public use of and proposed public redactions of Google's proposed trial exhibits.

　　　2.　　　I have personal knowledge of the facts set forth in this declaration and could testify competently as to the matters set forth in this declaration.

　　　3.　　　Based on my personal knowledge and on information provided to me by others at Pinterest, I am generally familiar with (1) Pinterest's record keeping practices and systems for the documents identified below, (2) the manner in which Pinterest's documents identified below were created, stored, and maintained, and (3) the manner by which Pinterest made, kept, and used these documents.

　　　4.　　　I understand that, in response to Google's May 8, 2023 subpoena issued pursuant to Federal Rule of Civil Procedure 45, Pinterest produced responsive documents, marked with

Confidential and Highly Confidential designations as provided under the Protective Order. (ECF No. 203).

5. Through counsel, I understand that Google notified Pinterest on July 5, 2024, that it had filed its exhibit list earlier that day, at ECF No. 894, including one of Pinterest's documents previously designated as Highly Confidential under the Protective Order, ECF No. 203, which is marked as DTX 2234. I understand that Google notified Pinterest that it may also use information from this document at trial or in filings with the Court.

6. Google also notified Pinterest that its proposed trial exhibit numbers DTX 1990 and 1991 contain Pinterest's Highly Confidential information originating from DTX 2234. This spreadsheet is also listed as a material considered in the Appendix Section X.A to the Expert Report of Mark Israel (Google).

7. Google's DTX 1990, attached as **Exhibit A** to this declaration, contains Table 23 from the Expert Report of Mark Israel, titled "Publisher Ad Server Shares Including Selected In-House Ad Servers, by Approximate U.S. Ad Spending, 2019-2022." Through counsel for Pinterest's conversations with counsel for Google, I understand that DTX 1990 in part illustrates some of the data from Pinterest's spreadsheet, DTX 2234, and identifies Pinterest as a source for this information.

8. Google's DTX 1991, attached as **Exhibit B** to this declaration, contains Table 24 from the Expert Report of Mark Israel, titled "Shares Among Advertiser Buying Tools, Ad Exchanges, and Publisher Ad Servers for All U.S. Display Advertising, 2022." Through counsel for Pinterest's conversations with counsel for Google, I understand that DTX 1991 in part illustrates some of the data from Pinterest's spreadsheet, DTX 2234, and identifies Pinterest as a source for this information.

9. Google's Appendix Section X.A. to the Expert Report of Mark Israel lists the Bates number for DTX 2234 as a material considered by that expert. To preserve confidentiality of the parties' and non-parties' non-public information, Google has not shared a redacted version of this Appendix with Pinterest. Through conversations with counsel for Google, however, counsel for Pinterest understands that the Appendix cites data from Pinterest's spreadsheet and that Pinterest is listed as a source of confidential information.

10. DTX 2234 is a spreadsheet containing extensive amounts of Pinterest's highly confidential and competitively sensitive business data. This document contains month-by-month data for Pinterest's customers, including values for the number of advertising impressions, clicks, and revenue for individual advertisers and Pinterest's method for categorizing customers, from January 2017 to June 2023. Public use of the information contained in this document would cause Pinterest significant competitive harm because, among other reasons, it would allow for its competitors and customers to conduct month-by-month and year-over-year analyses of Pinterest's revenue and to get an inside-look at Pinterest's confidential practices surrounding how it conducts business with its customers. Public use of the spreadsheet would also place Pinterest at a competitive disadvantage in future negotiations with customers. In addition, public use of this spreadsheet would provide Pinterest's competitors with an advantage in competing with Pinterest for future business opportunities, harming competition.

11. Pinterest has not been provided with unredacted versions of DTX 1990, DTX 1991, and the Appendix; however, we understand that these materials likely contain highly confidential information derived from the spreadsheet, DTX 2234. Disclosure of highly confidential information from the spreadsheet through DTX 1990, DTX 1991, or the Appendix would significantly harm Pinterest for the same reasons detailed in paragraph 10.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

[Signature on next page]

Executed: July 25, 2024
San Francisco, California

*Julia Roberts*

Julia Roberts
Head of Growth Product
Pinterest, Inc.