UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GOOGLE LLC, <br><br> *Defendant*. | Case No. 1:23-cv-00108-LMB-JFA |

**MOTION TO SEAL OF NON-PARTIES WAVEMAKER GLOBAL LLC, GROUPM WORLDWIDE, LLC, VML, LLC, AND YOUNG & RUBICAM LLC's FILED IN CONNECTION WITH THE NON-PARTIES' OBJECTIONS TO THE PUBLIC USE AT TRIAL OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL DOCUMENTS AND TESTIMONY AND MEMORANDUM IN SUPPORT**

Date: July 29, 2024

/s/ James D. Sadowski
James D. Sadowski (VSB #38326)
Greenstein DeLorme & Luchs, P.C.
801 17th Street, NW, Suite 1000
Washington, DC 20006
Phone: (202) 452-1400; Fax: (202) 452-1410
Email: jds@gdllaw.com

*Counsel for Non-Parties Wavemaker Global LLC,*
*GroupM Worldwide, LLC, and VML, LLC,*
*and Young & Rubicam LLC*

Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, Local Civil Rule 5(C), and at the request of the United States, non-parties Wavemaker Global LLC, GroupM Worldwide, LLC, and VML, LLC, and Young & Rubicam LLC, each operating at various times as Team Y&R, Y&R, or VMLY&R (VML, LLC and Young & Rubicam LLC collectively "Y&R" and together with the remaining non-parties, the "Non-Parties"), respectfully submit this memorandum of law (the "Seal Motion") in further support of their objections (ECF No. 1039, the "Objections") to the public use of particular proposed trial materials (the "Trial Materials"), and respectfully request that the Court seal either portions of or the entirety of the Trial Materials as discussed herein.

Counsel for the parties presented the Non-Parties with 55 potential exhibits and multiple lines of deposition testimony to be used at trial. The Non-Parties reviewed all of the Trial Materials and judiciously proposed redactions. Of those 55 documents and numerous lines of deposition testimony, the Non-Parties limited their objections to 28 documents and two portions of deposition testimony, as discussed in further detail in the Objections. Shortly after filing the Objections, Plaintiff requested that the Non-Parties withdraw certain exhibits to the Objections and move to seal 11 of those exhibits (the "Exhibits") for the reasons set forth in the United States' Memorandum of Law in Support of Plaintiff United States' Objections to Public Use of Confidential Information in FAA Documents and Related Motion to Seal (ECF No. 1045), the appendix thereto (ECF No. 1045-1), and the declaration in support thereof of Allen M. Owens, Jr. (ECF No. 1045-2) (collectively, the "Government's Seal Motion"). The Non-Parties are making every effort to cooperate completely with the Plaintiff's requests, the Order, and the governing local and federal rules. The Non-Parties do not object to the relief requested in the Government's Seal Motion and respectfully request that the Court consider the redactions as proposed both by the Non-Parties and the United States in their respective filings.

The Non-Parties, in cooperation and coordination with counsel for the United States, respectfully request that the Court continue sealing 11 Exhibits to the Objections, which have been removed from the public docket, because, in their unredacted form and even as filed exhibiting the "proposed acceptable redactions" as Non-Parties had proposed, the United States has advised counsel for the Non-Parties that the Exhibits contain confidential information of Plaintiff, that, if unsealed or available on the public docket, would harm the Federal Agency Advertisers ("FAAs").

The Non-Parties are endeavoring to comply and cooperate to the fullest extent with the government's request and do not object to the rationale the government has presented, and now informed the Non-Parties of, in the Government's Seal Motion as to why the Exhibits must be withdrawn from the public docket and remain under seal. Further, the Non-Parties incorporate by reference and restate herein the Objections, as timely filed on July 26, 2024. In addition, because the documents in this Seal Motion and the Objections are substantively similar to those documents that were the subject of Y&R's Response to the Pending Motions to Continue Sealing Highly Confidential and Confidential Documents Previously Filed Under Seal (ECF No. 813, the "Response"), the Non-Parties incorporate by reference the entirety of the Response and the supporting Declaration of Christopher Edmondson (ECF No. 813-1).

## PRELIMINARY STATEMENT

The Non-Parties file this Seal Motion pursuant to the request made by counsel for the United States, thereby satisfying the notice requirement of Local Civil Rule 5(C). The Non-Parties' Seal Motion specifically concerns 11 documents that the Non-Parties have been advised by counsel for the parties may be used publicly at trial, and which the United States has already filed under seal at ECF Nos. 1050-4, 1050-1, 1050-7, 1050-6, 1050-5, 1050-11, 1050-23, 1050-

17, 1050-25, 1050-24, 1050-8, 1050-18.[1]  The Non-Parties do not object to any other documents that counsel for the United States requests be redacted or kept under seal.

## LEGAL STANDARD

As discussed in greater detail in the Response and Objections, the presumption of access to judicial records "can be rebutted if countervailing interests heavily outweigh the public interests in access."  *See Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *see also Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Rushford*).  As the Supreme Court held: "the right to inspect and copy judicial records is not absolute.  Every court has supervisory power over its own records and files, and access has been denied where court files" are "sources of business information that might harm" a party's "competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  Courts are instructed to consider factors such as whether access to the records would allow others to "unfairly gain[]a business advantage."  *See Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004).  For example, courts in this Circuit have found that sealing is appropriate where the information "would give a windfall to competitors," grant counterparties "an advantage to seek more favorable terms" in future negotiations, or enable competitors to "modify their business strategies to" disadvantage the party seeking to seal its confidential information.  *See, e.g., Fed. Trade Comm'n v. Syngenta Crop Prot. AG*, No. 1:22CV828, 2023 WL 6379625, at *3 (M.D.N.C. Sept. 28, 2023); *see also Bayer Cropscience Inc. v. Syngenta Crop Prot., LLC*, 979 F. Supp. 2d 653, 656–57 (M.D.N.C. 2013) (granting motion to

---

[1]  The Exhibits (ECF Nos. 1309-1 through 1309-28) are redacted versions of those documents presented to counsel for Non-Parties as potential trial exhibits that may include the confidential or highly confidential information of the Non-Parties and the FAAs, which have presented their redactions at ECF Nos. 1050-4, 1050-1, 1050-7, 1050-6, 1050-5, 1050-11, 1050-23, 1050-17, 1050-25, 1050-24, 1050-8, 1050-18.

seal certain confidential "marketing, sales, and licensing information which is not ordinarily public.").

The specific substantive factors that the court may consider when determining whether to seal documents are: "[1] whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; [2] whether release would enhance the public's understanding of an important historical event; and [3] whether the public has already had access to the information contained in the records." *See In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). All factors here weigh decidedly in favor of continuing to seal the Exhibits.

Procedurally, to seal material, the Court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting [the] decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). The notice requirement here has been satisfied by the previously filed sealing motions in this Action in addition to this Court's own notice and order granting interested parties and non-parties the opportunity to respond to those motions. Following a "reasonable opportunity" for interested parties to object, this filing "satisfies the requirements under the Local Rules and *Ashcraft*." *Navient Sols., LLC v. Lohman*, Civil Action No. 1:19-cv-461 (LMB/TCB), 2020 U.S. Dist. LEXIS 268689, at *4 (E.D. Va. July 30, 2020). As the Non-Parties are submitting this Seal Motion at the express direction and request of counsel for the United States, the notice requirement has been satisfied.

**OBJECTIONS AND SUPPORTING RATIONALE FOR SEALING**

In total, the Non-Parties object to the unredacted use of 28 documents, and two portions of testimony (*see* Objections). Counsel for the Non-Parties has been further advised that counsel for

4

the United States requests that 11 Exhibits be filed under seal and that, to the extent they are used at trial, are used only with the redactions present in the filings accessible as described below, and for the reasons articulated in the Government's Seal Motion, including the exhibits as identified below:

| DTX No. | Non-Parties' Objection ECF No. | Governments' Seal Motion ECF No. |
|---|---|---|
| 1069 | 1039-8 | 1050-4 |
| 0625 | 1039-2 | 1050-1 |
| 1090 | 1039-10 | 1050-7 |
| 1088 | 1039-9 | 1050-6 |
| 1081 | 1039-8 | 1050-5 |
| 1174 | 1039-13 | 1050-11 |
| 1369 | 1039-17 | 1050-23 |
| 1298 | 1039-14 | 1050-17 |
| 1392 | 1039-19 | 1050-25 |
| 1391 | 1039-18 | 1050-24 |
| 1094 | 1039-11 | 1050-8 |
| 1326 | 1039-16 | 1050-18 |

Having discussed this matter with counsel for the United States, counsel for the Non-Parties does not object to the proposed redactions counsel for the United States may present.

## **CONCLUSION**

For all of the foregoing reasons, the Non-Parties respectfully request that the Court grant the relief requested in the Seal Motion, and in the Objections and Response as incorporated by reference herein, by continuing to seal all the 11 Exhibits identified herein, or, in the alternative, only permitting the use at trial of the Trial Materials as presented in the redacted versions filed under seal as proposed by both the Non-Parties and the United States, and grant such other and further relief as may be just and proper.

| | |
|---|---|
| Date: July 29, 2024 | /s/ James D. Sadowski |
| | James D. Sadowski (VSB #38326) |
| | Greenstein DeLorme & Luchs, P.C. |
| | 801 17th Street, NW, Suite 1000 |
| | Washington, DC 20006 |
| | Phone: (202) 452-1400; Fax: (202) 452-1410 |
| | Email: jds@gdllaw.com |

*Counsel for Non-Parties Wavemaker Global LLC, GroupM Worldwide, LLC, and VML, LLC, and Young & Rubicam LLC*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of July, 2024, I filed the foregoing Moton to Seal and Memorandum in Support was filed using the Court's ECF System, and a copy should be served by Notice of Electronic Filing on all persons designated to receive electronic notice in this case.

/s/ James D. Sadowski
James D. Sadowski

6

GDL Documents\8049\0002\4873-6739-6820.v1-7/29/24