IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,    ) | |
| )  | |
| Plaintiffs,    )  | |
| )  | |
| v.    )  | Civil Action No. 1:23cv0108 (LMB/JFA) |
| )  | |
| GOOGLE LLC,    )  | |
| )  | |
| Defendant.    )  | |
| _____ )  | |

## **ORDER**

This matter is before the court on plaintiffs' motion to seal portions of their opposition to defendant's motion to exclude testimony of Robin Lee along with "some exhibits." (Docket no. 661). Neither the motion to seal nor the memorandum in support of the motion to seal (Docket no. 662) identify the exhibits that are the subject of this motion. The memorandum in support of the motion to seal states that the material being filed under seal was designated confidential by defendant or non-parties and plaintiffs take no position as to whether the designations are proper. (Docket 662). In response to this motion to seal defendant and numerous non-parties have requested that various portions of some of the exhibits to the opposition remain under seal. (*See*, Docket nos. 841, 880, 662, 764, 776, 777, 781, 782, 787, 790, 805, 811, 812, 813, 814, 818, 820, 822, 837, 839, 840). In large part, these responses do not discuss the redactions in the opposition but focus on the various exhibits attached to the opposition.

In reviewing plaintiffs' filings, it appears that exhibit R was filed in the public record without any redactions but all the remaining exhibits have either been filed under seal in their entirety (exhibits B, C, D, H, J, K, M, N, O, and P) or portions have been redacted from the version filed in the public record and unredacted versions filed under seal (exhibits A, E, F, G, I,

1

L, and Q).  Defendant and non-parties claim that certain information in those exhibits contains non-public, competitively sensitive information, including pricing, revenues, assessment of market conditions, and similar information.  They argue that the disclosure of that information to their competitors and to the public would cause significant harm.

Initially, the court finds that the materials filed relating to this motion require an analysis of the public's access under the First Amendment standard requiring that access may be restricted only if it is necessitated by a compelling government interest and the denial of access is narrowly tailored to serve that interest.  *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004); *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). [1]  Initially, it is important to realize that even when information is of a commercial nature and is not known to the public, that does not necessarily mean it rises to the level of protection as a compelling governmental interest.  It is necessary for the party seeking protection to provide the court with an explanation as to why **that specific information** is of such a sensitive nature that the public should be denied access.  Defendant has sought to have substantial amounts of information remain under seal but has not provided much, if any, specific support for its request other than broad and general statements.  Without some explanation as to why specific information should remain under seal, the court is without a sufficient basis to decide that a compelling governmental interest exists.  As to non-parties, information concerning their general practices, thoughts on the marketplace, and trends in the market also do not rise to a compelling governmental interest even if not previously disclosed to the public.  Having reviewed the

---

[1] The Lee report and the exhibits relating to this motion are not only included in this motion but in the motion for summary judgment as well and will play a significant role in the trial of this case.

submissions of the parties and non-parties and considering the Fourth Circuit's directives, the court finds

1. That the motion to seal the opposition to the motion to exclude testimony of Robin Lee is denied and an unredacted version of that opposition shall be filed in the public record. A close reading of this opposition reveals that while it contains substantial information concerning defendant and general information concerning several non-parties, none of the information is of a nature that justifies denying the public access.

2. The motion to seal exhibit A is granted in part and denied in part. This exhibit includes 189 pages from the expert report of Robin Lee. (Docket no. 663-1). Large portions of this exhibit have been redacted by plaintiffs in the public filing. (Docket no. 660-1). Defendant and numerous non-parties have filed responses requesting that various portions of this exhibit remain under seal. Having reviewed the exhibit and the submissions from defendant and the non-parties, the court find that the following redactions satisfy the Fourth Circuit's requirement's and that information may remain under seal at this time.[2]

> Page 46  redact footnote 8
>
> Page 61  paragraph 138 redact only specific amounts charged; redact footnote 178; footnote 181 redact only the percentages.
>
> Page 62  redact first sentence; redact footnote 184; footnote 187 redact the percentages relating to the non-party
>
> Page 88  redact footnote 278

---

[2] The references to page numbers are the page numbers from the report and not the docket entry.

Page 110  redact dollar amounts in paragraph 273 and redact footnote 357

Page 112  redact percentages in footnote 369

Page 124  redact the portion of paragraph 306 beginning "A 2018"

through footnote 427

Page 128  redact footnote 450

Page 140  redact names of publishers in footnote 497

Page 182  redact the second sentence in paragraph 442

Page 184  redact references to non-parties in figure 45, including notes

Page 199  redact references to non-parties in figure 47

Page 200  redact references to non-parties in figure 48

Page 203  redact references to non-parties in figure 49 and redact

references to the non-party at end of paragraph 494

Page 204  redact references to non-parties in figure 50

Page 205  redact references to non-parties in figure 51

Page 212  redact percentage number in footnote 729

Page 213  redact percentage number at end of paragraph 506

Page 214  redact references to non-parties in figure 54, including notes

Page 222  redact references to non-parties in figure 56, including notes

Page 223  redact references to non-parties in figure 57, including notes

Page C-6  redact references to non-parties in figure 84

Page C-7  redact references to non-parties in figures 85, 86, and 87,

including notes

Page D-11  redact references to non-parties in figure 99, including notes

Page D-19  redact references to non-parties in figure 107, including notes

Page D-20  redact references to non-parties in figure 108, including notes

Given the lack of any specific basis given, a substantial part of the information requested by defendant to remain under seal (Docket no. 880-1 at 16-23)[3] is not included above.  As to the non-parties, the court has attempted to protect specific, confidential, commercially sensitive information but general discussions relating to the market and business issues do not rise to the level required to restrict public access.

3. The motion to seal exhibit B is denied.  Defendant indicates it has no objection to this exhibit being filed in the public record.  (Docket no. 880-2 at 4).  Having reviewed this exhibit, the court finds it does not contain any non-party information that should remain under seal.

4. The motion to seal exhibit C is denied.  Exhibit C was filed under seal by plaintiffs and defendant has filed a proposed redacted version in the public record along with its amended response to plaintiffs' motions to seal.  (Docket no. 881-1).  Defendant proposes redactions on pages 1, 4, and 6.  Defendant has not presented any specific information as to why those projections would justify restricting public access and has provided no support for the privileged redactions.

5. The motion to seal exhibit D is denied.  Exhibit D was filed under seal by plaintiffs and defendant indicates in its response that it has filed a proposed redacted version in the public record.  (Docket no. 841-6).  Defendant has not presented any specific

---

[3] Defendant's list of proposed redactions includes some information that was not redacted in plaintiffs' filing and is currently in the public record.  *Eg.* Lee Report, Exhibit A, page 36 ¶ 76.

information as to why those percentages and projections would justify restricting public access.

6. The motion to seal exhibit E is granted in part and denied in part. Exhibit E contains the rebuttal report of Robin Lee and was filed under seal by plaintiffs along with a redacted version in the public record (Docket no. 660-5). Defendant and non-parties have requested that certain information in this exhibit remain under seal. Having reviewed the exhibit and the submissions from defendant and the non-parties, the court find that the following redactions satisfy the Fourth Circuit's requirements and that information may remain under seal at this time.[4]

   Page 45  redact last sentence in paragraph 124 and redact footnote 193

   Page 50  redact references to non-parties in figure 8 and notes

   Page 58  redact references to non-parties in figure 9

   Page 66  redact references to non-party in footnote 307

   Page 69  redact footnote 315

   Page 120  redact references to non-parties in figures 22 and 23 and notes and in paragraph 353

   Page 161  redact references to non-party in paragraph 459 and footnote 723

   Page 172  redact references to non-parties in figure 32 and notes

   Page B-27  redact references to non-parties in figure 89

   Page B-28  redact references to non-parties in figure 90

   Page B-29  redact references to non-parties in figure 91

---

[4] The references to page numbers are the page numbers from the rebuttal report and not the docket entry.

7. The motion to seal exhibit F is denied.  Exhibit F is a portion of a deposition transcript of Simon Whitcombe and a redacted version was filed in the public record by plaintiffs.  Having reviewed the redacted portions of the transcript and there being no request from Meta to maintain the redacted information under seal, the court finds that none of the redacted information rises to the level necessary to maintain it under seal.

8. The motion to seal exhibit G is granted in part and denied in part.  In order to protect the interests of non-parties, the names and identifying information of non-parties in figure 6 and the notes shall remain under seal.

9. The motion to seal exhibit H is denied.  Exhibit H was filed under seal by plaintiffs and it contains several emails among Facebook policy communications personnel sent in 2018.  The court has reviewed that document and, there being no request from Meta to maintain that document under seal, the court finds that this document should be placed in the public record.

10. The motion to seal exhibit I is denied.  Exhibit I contains portions of Robin Lee's deposition testimony and a redacted version was filed in the public record.  Defendant has no objection to the redacted portion of this exhibit being filed in the public record. (Docket no. 880-2 at 5).

11. The motion to seal exhibit J is denied.  Exhibit J was filed under seal by plaintiffs, and it is a report prepared by Edgewater Research in 2021 concerning The Trade Desk's reported first quarter revenues and its "neutral" rating.  The Trade Desk has not presented any argument in its response that this document should remain under seal.  (Docket no. 838).  Given the nature of this report, the motion to seal is denied.

7

12. The motion to seal exhibit K is denied.  Plaintiffs filed this exhibit under seal and it
appears to be a slide presentation concerning FuelX.  Having reviewed this exhibit, it
does not appear to contain any information that justifies being filed under seal.

13. The motion to seal exhibit L is denied.  Exhibit L is a portion of the deposition
transcript of Mark Israel and plaintiffs filed a redacted version in the public record.
Defendant has stated it has no objection to the redacted information being filed in the
public record.  (Docket no. 880-2 at 4).

14. The motion to seal exhibit M is denied.  Exhibit M is January 2020 slide presentation
providing a summary of 2019 performance for GDA and DV360.  Defendant asks
that this document remain under seal because it contains "non-public financial
information of Google's, including revenue trends."  (Docket no. 880-1 at 26).
Defendant fails to explain why this four-year old information should be considered a
compelling governmental interest.

15. The motion to seal exhibit N is denied.  Exhibit N is a "Welcome to the Sell-Side
world" slide presentation containing 2018 revenue information in several of the
slides.  Defendant has stated that it has no objection to this document being filed in
the public record.  (Docket no. 880-2 at 4).

16. The motion to seal exhibit O is granted in part and denied in part.  Exhibit O was filed
under seal by plaintiffs, and it is a five-page document prepared in 2019 and produced
by Facebook.  Facebook/Meta has filed a response requesting that a portion of this
document remain under seal and it has filed a redacted version of this exhibit under
seal.  (Docket no. 853).  The court has reviewed the redactions proposed by Meta and
finds that given the non-party status of Meta and the commercially sensitive

8

information contained in the redacted portions, the court finds that the redacted information may remain under seal.  Plaintiffs should file a copy of Meta's proposed redacted version of this exhibit in the public record.

17. The motion to seal exhibit P is granted in part and denied in part.  Exhibit P is a portion of the deposition testimony of John Dederick and was filed under seal by plaintiffs.  The Trade Desk has filed a response requesting that its confidential, commercially sensitive information remain under seal.  (Docket no. 838).  Having reviewed the transcript, the court finds that the following information should be redacted and the remaining portion of the transcript be filed in the public record.

    Page 191 line 15 through page 193 line 9.

    Page 201 line 16 through page 203 line 8

18. The motion to seal relating to exhibit Q is granted.  Exhibit Q is a portion of a transcript of the deposition of Adam Soroca and a redacted version was filed in the public record.  The only redactions appear on pages 184, 190, 193 and 194 of the transcript.  Having reviewed these redactions, the court finds that the information contained in those redactions should remain under seal.

In accordance with this Order, within seven days plaintiffs shall file in the public record an unredacted version of the opposition to the motion to exclude the testimony of Robin Lee along with unredacted versions of exhibits B, C, D, F, H, I, J, K, L, M, and N.  Plaintiffs shall also file in the public record redacted versions of exhibits A, E, G, O, and P with only the redactions described above. [5]

_____

[5] This ruling is subject to reconsideration by the District Judge if the information allowed to remain under seal at this time is intended to be used during the trial of this case.  As set forth in the court's June 24, 2024 Order (Docket no. 871), a hearing may be held before the District

Entered this 30th day of July, 2024.

_____ /s/ _____

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

United States Magistrate Judge

_____

Judge on August 9, to address any objections to the public use of confidential documents or testimony designations during trial.

10