IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al*., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 1:23cv0108 (LMB/JFA) |
| | ) |
| GOOGLE LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **ORDER**

This matter is before the court on plaintiffs' motion to seal portions of their opposition to

defendant's motion for summary judgment along with "certain exhibits." (Docket no. 667).

Neither the motion to seal nor the memorandum in support of the motion to seal (Docket no.

668) specifically identifies the exhibits that are the subject of this motion to seal.  To further

complicate matters, plaintiffs have submitted **200 exhibits** along with their opposition.  Some of

those exhibits have been filed in the public record, some have been filed in the public record with

redactions, and others have been filed under seal in their entirety.  No index or spreadsheet

concerning these 200 exhibits has been provided.  The memorandum in support of the motion to

seal states that the material being filed under seal was designated confidential by defendant, non-

parties, or contains sensitive business information of federal agency advertisers.  (Docket 668).

Plaintiffs' memorandum states that they have redacted two narrow categories of sensitive FAA

information including contact information for agency employees and proprietary commercial

information, such as current pricing and media strategy.  However, plaintiffs' memorandum does

not provide any specific citation to where their requested redactions may appear in the opposition

or the various exhibits.[1]  Given the need to categorize, review, and discern which exhibits, or

portions thereof, are subject to this motion, the court will initially rule on the redactions to the

opposition and will address the motion to seal relating to the exhibits at a later time.

As to the opposition, redactions appear on pages 3-17, 29, and 32.  (Docket no. 656).

Defendant's response to this motion to seal does not specifically address any of the redactions in

the opposition and focuses on several of the exhibits to the opposition.  (Docket no. 880).  Non-

parties have filed responses addressing certain information contained in the opposition and

requesting that it remain under seal to protect their commercial interests.  (*See*, Docket nos. 776,

790, and 840).

Initially, the court finds that the materials filed relating to this motion require an analysis

of the public's access under the First Amendment standard requiring that access may be

restricted only if it is necessitated by a compelling government interest and the denial of access is

narrowly tailored to serve that interest.  *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d

567, 575 (4th Cir. 2004); *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014).  Having

reviewed the submissions of the parties and considering the Fourth Circuit's directives, the court

finds that the following information should remain redacted and under seal at this time:

1. Page 10 paragraph 73, redact the percentages in the last line.

2. Page 15 paragraph 7, redact the name of the non-party.

3. Page 16 paragraph 11, redact the name of the non-party.

---

[1] The four declarations referred to in the memorandum in support of the motion to seal refer to various bates numbers but not to exhibit numbers.  (PX 188, 191, 196, 198).

In accordance with this order, within seven days plaintiffs shall file in the public record a revised version of the opposition to the motion for summary judgment with only the redactions listed above.[2]

Entered this 30th day of July, 2024.

_____ /s/ _____
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

---

[2] This ruling is subject to reconsideration by the District Judge if the information allowed to remain under seal at this time is intended to be used during the trial of this case. As set forth in the court's June 24, 2024 Order (Docket no. 871), a hearing may be held before the District Judge on August 9, to address any objections to the public use of confidential documents or testimony designations during trial.