IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>GOOGLE LLC,  )<br>)<br>Defendant.  )<br>_____)  | Civil Action No. 1:23cv0108 (LMB/JFA) |

## ORDER

On May 31, 2024, defendant filed a motion to seal various pleadings involving four separate relies in support of four separate motions – a motion for summary judgment, a motion to exclude testimony from Robin Lee, a motion to exclude testimony from Adoria Lim, and a motion to exclude testimony of Timothy Simcoe. (Docket no. 712). Defendant also filed a combined set of exhibits (exhibits 127-61) along with the replies and has requested in this motion to seal that certain exhibits be filed under seal or that certain information in those exhibits be filed under seal. (Docket nos. 708, 709). This combined set of exhibits is not separated by the individual replies and it appears that several of the replies cite only a portion of these exhibits. The memorandum in support of this omnibus motion to seal includes appendix A in which defendant states it provides the basis for "the material it is requesting remain under seal" and information that plaintiffs or non-parties have designated as confidential. (Docket no. 713).[1]

---

[1] This appendix addresses only the exhibits that were filed in support of the various replies and does not include any explanation, or support for, the various redactions in the replies filed by defendant.

1

Given defendant's approach in combining several separate replies in a single motion to seal, the court will be addressing portions of this motion to seal in individual orders relating to the specific replies. This order will address the motion to seal portions of the reply in support of the motion for summary judgment. (Docket no. 702, 703). Since only a portion of the combined set of exhibits appears to relate to the reply in support of the motion for summary judgment, the court will issue a separate order that resolves the portion of the motion to seal relating to the combined set of exhibits now that the redactions for the four separate replies have been addressed.

Initially, the court finds that the materials filed relating to this motion would require an analysis of the public's access under the First Amendment standard requiring that access may be restricted only if it is necessitated by a compelling government interest and the denial of access is narrowly tailored to serve that interest. *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004); *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014).

The reply in support of the motion for summary judgment filed in the public record includes redactions on pages 3-6, 8, 9, 11, 12, 15-18, and 20-22. (Docket no. 702). Defendant has not provided any specific support for having this redacted information remain under seal in its memorandum in support. (Docket no. 713). Plaintiffs' "omnibus response to motions to seal" also does not include any support for having the information redacted in the reply remain under seal. (Docket no. 823). No non-party has made a specific response requesting that any information in the reply remain under seal.

Having reviewed the redacted information contained in the reply and taking into account the Fourth Circuit's directives, the court finds the redacted information is not of a nature that would justify it being withheld from the public.

In accordance with this order, within seven days defendant shall file in the public record an unredacted version of the reply in support of the motion for summary judgment.

Entered this 30th day of July, 2024.

/s/ *JFA*
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia