UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>    Defendant. | No. 1:23-cv-00108-LMB-JFA |

### NON-PARTY THE WALT DISNEY COMPANY'S MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO SEAL

Pursuant to Local Rule 5(C), non-party The Walt Disney Company ("TWDC") respectfully submits this memorandum of law in support of its contemporaneously filed Motion to Seal ("Motion"). For the reasons that follow, TWDC hereby requests that this Court seal certain deposition testimony that contains TWDC's sensitive and confidential business information. In further support of its Motion, TWDC states as follows.

### INTRODUCTION

On July 5, 2024, the parties notified TWDC of their intent to use at trial TWDC's confidential information from produced documents and made initial designations of TWDC's 30(b)(6) deposition testimony. On July 19, 2024, the parties further notified TWDC with counter designations of the deposition testimony. On July 26, the parties filed their fairness designations of the deposition testimony. Given the sensitive and confidential nature of this information, TWDC requests that the Court seal certain portions of the deposition testimony:

1

- TWDC seeks to seal portions of Mr. Jeremy Helfand's testimony that concern TWDC's business strategy, including the development of its proprietary advertising technology.[1]

## ARGUMENT

It is well-established that this Court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also United States v. Doe*, 962 F.3d 139, 145 (4th Cir. 2020) (presumption of access is overcome where it is outweighed by a "significant countervailing interest"). Where the public's right of access derives from the First Amendment, documents may be sealed if there is a compelling interest and the sealing is narrowly tailored to serve that interest. *See, e.g.*, *Co. Doe. v. Pub. Citizen*, 749 F. 3d 246, 266 (4th Cir. 2014). The Fourth Circuit has recognized that one interest that "may justify partial sealing of court records" is a company's "strong interest in preserving the confidentiality of its proprietary and trade-secret information." *Id.* at 269.

Courts in this district have held that a company's interest in protecting its sensitive, confidential, business information from public disclosure outweighs the public's right of access to that information. *See, e.g.*, *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*, No. 2:17-cv-503, 2019 WL 8108115, at *1 (E.D. Va. Aug. 15, 2019); *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-cv-525, 2014 WL 12659872, at *1 (E.D. Va. Oct. 4, 2014); *East W., LLC v. Rahman*, No. 1:11-cv-1380, 2012 WL 3841401, at *3 (E.D. Va. Sept. 4, 2012). It also bears emphasis that, as a non-party, TWDC deserves "special solicitude." *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 194 (4th Cir. 2019).

---

[1] The specific citations and text of Mr. Helfand's testimony that TWDC seeks to seal are attached under seal as Exhibit A.

***Deposition Testimony of Jeremy Helfand.***  TWDC moves to seal several portions of deposition testimony that discuss sensitive aspects of TWDC's business strategy, including strategic considerations for the future of its advertising business.  Specifically, TWDC moves to seal the testimony discussing TWDC's rationale for developing proprietary advertising technology, costs of doing so, personnel requirements and time invested to do so, and TWDC's current and future strategy to compete for ad spend.  TWDC has proposed narrow redactions of Mr. Helfand's deposition testimony to protect these confidential details of its business.  *See* Ex. A.  The public disclosure of this information would harm TWDC's "competitive position" by revealing details of TWDC's future and ongoing "business strategy."  *See East W., LLC*, 2012 WL 3841401, at *3; *BASF Plant Sci., LP*, 2019 WL 8108115, at *10.

## CONCLUSION

For the reasons set forth above, TWDC respectfully requests that this Court grant its Motion to Seal.

July 31, 2024

Respectfully submitted,

COVINGTON & BURLING LLP

*/s/ Connor Kelley*
Connor Kelley (VA Bar No. 93596)
One CityCenter
850 Tenth St., NW
Washington, DC 20001
Telephone: 202-662-6000
Facsimile: 202-778-5628
ckelley@cov.com

E. Kate Patchen (admitted *pro hac vice*)
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: 415-591-6000

kpatchen@cov.com

*Attorneys for Non-Party The Walt Disney Company*