# Exhibit C
# (previously filed as Dkt. 647-3)

CONFIDENTIAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **UNITED STATES,** *et al.*,<br><br>              *Plaintiffs*,<br><br>   v.<br><br>**GOOGLE LLC,**<br><br>              *Defendant.* | Civil Action No.<br>1:23-cv-00108-LMB-JFA |

**DEFENDANT GOOGLE LLC'S OBJECTIONS TO PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Court for the Eastern District of Virginia (the "Local Rules"), Defendant Google LLC ("Google"), by its undersigned counsel, hereby objects to Plaintiffs' Fourth Set of Requests for Production of Documents (Nos. 60-61) (the "Requests") as follows (the "Objections").

**PRELIMINARY STATEMENT**

1. These Objections are based on the information currently available to Google and Google's good faith understanding and interpretation of the Requests. They are provided subject to, without intending to waive, and expressly preserving, Google's right at any time to revise, correct, supplement, or clarify any of the objections herein. In particular, should Plaintiffs subsequently assert an interpretation of any Request that differs from Google's interpretation, Google reserves the right to supplement and amend the Objections in light of such interpretation.

2. In providing these Objections, Google does not waive, and expressly preserves, all defenses and claims. Google provides these Objections without waiving or intending to

protected by the attorney-client privilege, the work product doctrine, the common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. Google will not produce privileged or protected material. Any inadvertent disclosure of privileged or protected information by Google in response to the Requests shall not be deemed a waiver of any such privilege or protection, and Google expressly requests that any party that receives any such inadvertently produced privileged or protected information immediately return and not make use of the inadvertently produced privileged or protected information.

2. Google objects to the Requests because they purport to require Google to search for or produce documents not within its possession, custody, or control, or that cannot be found through a reasonable search. Google will only search for and produce information and materials that are in its possession, custody, or control.

3. Google objects to the Requests because they call for information and/or documents that are already in the possession of or equally available to Plaintiffs or their counsel, including, but not limited to, documents previously produced to Plaintiffs and documents available from government agencies, regulatory bodies, court filings, commercial industry sources, or documents available in the public domain.

## OBJECTIONS TO SPECIFIC REQUESTS

**Request for Production No. 60**

To the extent not already produced in response to Request No. 56, for all advertising purchased or won by any Federal Agency Advertiser since January 1, 2019, separately for Google Ads, DV360, and AdX, monthly aggregate data on the number of impressions served, attributed clicks, attributed conversions, completed video views, the gross and net revenue associated with any transactions, traffic acquisition costs, any fees, whether basic or additional, collected by Google, any discounts provided by Google, and any other items that are used to calculate net revenue, broken down by advertiser name, advertiser ID, ad agency name, campaign ID, DSP or advertiser ad network, ad exchange, publisher ad server, advertiser ad server, end-user location (e.g. US or non-US), publisher location (e.g., US or non-US), type of inventory (e.g., open web, mobile app, connected TV, etc.), ad format (e.g., static display,

instream video, native, etc.), and type of ad transaction or deal (e.g., open auction, open bidding, exchange bidding, programmatic guaranteed, programmatic direct, direct).

**Objection to Request for Production No. 60**

Google objects to Request 60 as vague, ambiguous, and unduly burdensome because it seeks to require Google to identify unspecified "components" of the agencies identified in Definition 6 when Plaintiffs have better information than Google about what constitutes a "component" of those agencies and about the "components" on behalf of which the United States is seeking damages.

Google further objects to Request 60 as vague and ambiguous because the terms "attributed clicks," "attributed conversions," "completed video views," "associated with any transactions," and "fees" and "discounts" are undefined. Google is willing to meet and confer to better understand Plaintiffs' intended meaning of those phrases.

Google further objects to Request 60 as overbroad, unduly burdensome, and not proportionate to the needs of the case because it seeks to require Google to provide data on the "number of impressions served, attributed clicks, attributed conversions, [and] completed video views" on a monthly basis for each Federal Agency Advertiser when that information should be more readily (or at least equally) available to Plaintiffs from each Federal Agency Advertiser or the ad agency working on such Federal Agency Advertiser's behalf.

Google further objects to Request 60 as duplicative, unduly burdensome, and not proportionate to the needs of the case because it seeks to require Google to provide data on the "number of impressions served" and "gross . . . revenue associated with any transactions" that is duplicative of information already produced by Google to Plaintiffs in this litigation (e.g., in Google's Response to Interrogatory 2).

Google further objects to Request 60 as overbroad, unduly burdensome, and not proportionate to the needs of the case because the request for information about "all advertising purchased or won by any Federal Agency Advertiser" is not limited to display advertising. For the avoidance of doubt, Google will not produce information related to purchases of search advertising, which is outside the scope of this action, even if purchased through Google Ads.

Subject to and without waiving any of its objections, Google expects to be able to produce in response to Request 60 the following monthly aggregate data about each Federal Agency Advertiser, separately for Google Ads and DV360: (a) the number of impressions purchased; (b) Google's gross revenue associated with such impressions (including fees collected by Google); (c) Google's net revenue associated with such impressions; and (d) Google's traffic acquisition costs associated with such impressions. Google is still investigating whether it can identify which impressions sold through AdX via a buying tool other than Google Ads or DV360 were "purchased or won by any Federal Agency Advertiser," as well as which additional data points requested by Plaintiffs in Request 60, and which "breakdown" dimensions, are reasonably available for production. Pending the completion of that investigation, Google reserves the right to further object to specific portions of Request 60 that, upon investigation, are unduly burdensome and not proportionate to the needs of the case. Google is prepared to meet and confer with Plaintiffs regarding the details of its proposed response to Request 60.

**Request for Production No. 61**

For each Relevant Product, produce financial data compiled by Google from January 1, 2008 to the present, regardless of the methodology used to allocate revenues, profits, and costs across each of the Relevant Products. For clarity, financial data includes but is not limited to information pertaining to booked revenue, net revenue, gross margin, and operating profit, as well as costs and expected revenues and profits associated with labor, infrastructure, operating overhead, corporate overhead, marketing, advertising, staffing, profitability, classes of customers, research and development, traffic acquisition costs ("TAC"), costs of goods sold, capital purchases, depreciation, and inventory.