WORD HAS ONEIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*, *Plaintiffs,* v. GOOGLE LLC, *Defendant.* | No. 1:23-cv-00108-LMB-JFA |

**[PROPOSED] ORDER REGARDING USE OF CONFIDENTIAL INFORMATION AT TRIAL**

This matter comes before the Court pursuant to Local Rule 5 following Plaintiffs' Objections to Defendant's Counter-Designations and Plaintiffs' Submission Of Fairness Designations (ECF No. 1015) ("Plaintiff's Fairness Designations") and pursuant to the Court's July 18, 2024 Order providing that any party or non-party who objects to the public use of confidential testimony reflected in a party's reply ("fairness") designations must file a specific objection with a proposed acceptable redaction of the information (ECF No. 913).  Non-party Index Exchange Inc. ("Index") filed Supplemental Objections to the Public Use of Confidential Information at Trial and an accompanying memorandum of law ("Index's Supplemental Objections").

Plaintiffs' Fairness Designations included excerpts from the deposition testimony of Andrew Casale, Index's CEO ("Casale Testimony").  Index seeks to maintain under seal the following excerpt from the Casale Testimony, included in Plaintiffs' Fairness Designations, on the basis that it contains Index's highly sensitive proprietary information:  page 162, lines 6-14 ("Index Confidential Information").

- 2 -

Before this Court may seal documents, it must: "(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000) (internal citations omitted).

In compliance with Local Rule 5 and *Ashcraft*, Plaintiffs provided public notice of their fairness designations by filing appropriate Notices with the Court. In support of its request to seal the Index Confidential Information through narrow, targeted redaction, Index argues the Index Confidential Information contains highly sensitive proprietary information regarding Index's transactional data, the public disclosure of which would harm Index's competitive standing. There are no less drastic alternatives to sealing through redaction because the unredacted materials contain Index's competitively sensitive information and the proposed redactions are not overinclusive.

Based on the foregoing, Court FINDS that the information at issue constitutes confidential and proprietary information and that less drastic alternatives to sealing are not feasible.

Accordingly, the Court ORDERS that the aforementioned deposition designations submitted by Plaintiffs containing the Index Confidential Information shall be maintained under seal through redaction. The Clerk is REQUESTED to send a copy of this Order to all counsel of record.

**It is so ORDERED.**

                                            Hon. Leonie M. Brinkema
                                            United States District Judge

Alexandria, Virginia

- 3 -

Date: _____