IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **UNITED STATES,** *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) 1:23cv00108 (LMB/JFA) |
| v. | ) |
| | ) |
| **GOOGLE LLC,** | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN OPPOSITION TO OBJECTIONS TO PUBLIC USE OF
CONFIDENTIAL DOCUMENTS AND TESTIMONY AT TRIAL**

Non-parties Bloomberg L.P., The New York Times Company, and The Washington Post (collectively, "the media organizations") respectfully submit this Memorandum of Law in opposition to the Objections submitted by Defendant Google LLC ("Google") and Plaintiff United States of America ("the Government"), which seek to seal or redact certain trial exhibits and testimony. (Dkt. 985, 1045).

**INTRODUCTION**

"A trial is a public event. What transpires in the court room is public property." *Craig v. Harney*, 331 U.S. 367, 374 (1947).  As a corollary to that principle, the First Amendment mandates a presumptive right of public access to the exhibits used at trial. *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 579 (E.D. Va. 2009).  "The interest of the public and press in access to civil proceedings is at its apex" where, as here, the government is a party to the litigation, because "the public has a strong interest in monitoring not only functions of the courts but also the positions that its elected officials and government agencies take in

litigation." *Doe v. Pub. Citizen*, 749 F.3d 246, 271 (4th Cir. 2014).  This constitutional presumption of access "may be abrogated only in unusual circumstances."  *Id.*, 749 F.3d at 266 (citation omitted).

The rules of this Court reaffirm the presumptive right of access to judicial documents: motions to file documents under seal in this Court are "disfavored and discouraged" and "[b]lanket sealing of entire [] documents [] is rarely appropriate."  L. Civ. R. 5.  This is particularly true in the case of trial exhibits, which "will not be filed under seal except upon a showing of necessity demonstrated to the trial judge."  L. Civ. R. 5(H).

In defiance of these long-standing and clearly articulated principles, Defendant Google LLC seeks to seal or redact hundreds of trial exhibits – including over 170 exhibits that it seeks to seal in full – without providing any evidentiary support whatsoever for its arguments and without coming close to meeting its heavy burden to justify sealing.  For the reasons set forth below, the media organizations oppose Google's Objections in their entirety, with limited exceptions to protect private personal information and confidential, proprietary information of identifiable third-party customers.

As for the Government, while its proposed redactions are less sweeping than Google's, it has failed to make publicly available its proposed redacted exhibits as required by this Court's local rules.  The media organizations therefore are unable to evaluate the breadth and reasonableness of the Government's proposed redactions in context.  The media organizations request that the Government be ordered to publicly file its proposed redacted versions of the exhibits and that the media organizations be given a further opportunity to oppose the Objections after the redacted exhibits have been filed.  Should the Court decline to give the media

organizations an opportunity to oppose the Objections at a later date, the media organizations oppose the Government's Objections to the extent set forth below.

## BACKGROUND

Under the amended scheduling order in this case, any party or non-party wishing to object to the public use of confidential documents or testimony at trial was required to file a "specific objection with a proposed acceptable redaction of the information" by July 26, 2024. *See* Dkt. 871. In turn, all objections to such proposed redactions are to be filed by today, August 2, 2024. *Id.*

On July 26, 2024, both Google and the Government filed Objections to the public use of confidential documents and testimony, as did dozens of non-parties. In its Objections, Google seeks to seal or redact over 300 trial exhibits. *See* Dkt. 985 and Appendix A attached thereto. Of those, Google proposes sealing over 170 documents in their entirety and redacting portions of 130 additional documents. *Id.* Google asserts two primary grounds for sealing or redaction: that the documents either (1) contain "Google trade secrets and proprietary information as well as other highly sensitive and competitive business information" or (2) contain "private personal information of its employees."[1] *Id.* at 1. The vast majority of the 300-plus exhibits at issue allegedly fall into the first category. *Id.,* Appendix A.

Google makes only brief, conclusory allegations that the documents in question are confidential and sensitive and that disclosure would result in commercial harm, providing no affidavits or other evidentiary support for these assertions. In addition, Google has not submitted a proposed Order as required under Local Civil Rule 5 governing sealing motions, which – as set

---

[1] Google also seeks to seal two exhibits on the ground that they are covered by the attorney-client privilege or constitute attorney work product. Dkt. 985 at 2; *id.* at Appendix A, p. 10 (Exs. PTX 1838 and 1840).

3

forth below – is an independent ground for overruling the Objections even apart from any other defects in Google's submission.

The Government, meanwhile, seeks to seal one document in full, and it seeks to make redactions to an additional 28 documents. *See* Dkt. 1045. The Government argues that the documents in question contain "(1) a narrow category of sensitive commercial strategies and pricing information for federal governmental agencies that engage in digital advertising ("Federal Advertising Agencies" or "FAAs"); (2) terms, rates, and fees negotiated between certain FAAs and their contractors; and (3) personal contact and identifying information" for a limited number of government officials, with most of the documents in question falling into the first two categories. *Id*. at 1. Unlike Google, the Government has submitted fact affidavits in support of its arguments; however, the Government has not publicly filed proposed redacted versions of the exhibits in question as required by the local rules. Thus, it is impossible for the media organizations to evaluate whether the proposed redactions are appropriate and justified.

**ARGUMENT**

**I.    Google's Objections Should Be Overruled**

Google's Objections should be overruled for two independent reasons: first, because Google has failed to meet its heavy burden of overcoming the applicable First Amendment right of access and, second, because it has failed to comply with the mandatory procedural requirements of this Court's Local Rules governing sealing motions.[2]

---

[2] Notwithstanding the insufficiency of Google's Objections, the media organizations do not oppose Google's proposed redactions to the extent they are narrowly tailored to apply to (1) private personal information such as cell phone numbers and personal email addresses, or (2) confidential and proprietary information of identifiable third-party customers of Google.

4

### A. Google's Sealing Requests are Overbroad and Unsubstantiated

The Fourth Circuit has consistently recognized a strong presumption of public access to judicial records that "may be abrogated only in unusual circumstances.'" *Doe*, 749 F.3d at 266 (citation omitted). "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't. of State Police v. Wash. Post,* 386 F.3d 567, 575 (4th Cir.2004). But the more stringent First Amendment standard applies to trial exhibits admitted into evidence, like those at issue here. *Benedict v. Hankook Tire Co. Ltd.*, 323 F. Supp. 3d 747, 760 (E.D. Va. 2018) ("trial exhibits in evidence implicate the First Amendment"); *Level 3 Commc'ns, LLC,* 611 F. Supp. 2d at 579 ("the stronger First Amendment guarantee of public access [] applies where efforts are made to seal documents offered into evidence before a court in the course of a public jury trial"); *see also Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) ("[T]he First Amendment guarantees to the public and to the press the right of access to [] civil trials"), *citing Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059 (3d Cir. 1984). This Court's local rules make similarly clear that the right of access to trial exhibits is particularly robust. *See* L. Civ. R. 5(H) ("Trial exhibits, including documents previously filed under seal [] will not be filed under seal except upon a showing of necessity demonstrated to the trial judge").

The First Amendment right of access "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values." *Press–Enter. Co. v. Super. Ct. of Cal.* ("*Press–Enterprise I*"), 464 U.S. 501, 510 (1984); *see also Gonzalez v. Cuccinelli,* 985 F.3d 357, 376–77 (4th Cir. 2021) (First Amendment right of access can only be overcome "if (1) closure serves a compelling interest; (2) there is a 'substantial probability' that, in the absence of closure, that compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect that compelling interest"). "The burden to overcome a

First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Va. Dep't of State Police*, 386 F.3d at 575; *see also Press–Enterprise Co. v. Super Ct. of Cal.* ("*Press–Enterprise II*"), 478 U.S. 1, 15 (1986) ("The First Amendment right of access cannot be overcome by [a] conclusory assertion"). "Moreover [] even when a court finds a private party to have carried its burden in this connection, the court must fashion relief that is narrowly tailored to serve the overriding interest presented." *Level 3 Commc'ns*, 611 F. Supp. 2d at 583.

Applying these standards, Google has utterly failed to meet its heavy burden of overcoming the First Amendment right of access here. Google argues, in vague and general terms, that over 250 exhibits should be sealed or redacted because they contain "trade secrets and proprietary information as well as other highly sensitive competitive business information." Dkt. 985 at 1. But Google makes essentially no particularized arguments and provides no factual support for its position – it simply states repeatedly that all of the exhibits in issue contain trade secrets or other confidential and proprietary information and cites cases for the proposition that courts have sometimes sealed documents containing such information. Although confidentiality and trade-secret concerns "may justify partial sealing of court records" under some circumstances, *Doe*, 749 F.3d at 269, Google makes no effort to explain which of these hundreds of exhibits actually contain genuine "trade secrets" as opposed to some lesser level of confidential information, nor does it provide more than the barest description of what specifically is in each exhibit that justifies redaction or complete sealing.

Google has not submitted any affidavits or other evidentiary support to show that the information in question is confidential and proprietary and that disclosure would cause commercial harm, and its mere conclusory assertions that the information at issue is

commercially sensitive, without more, are entirely insufficient to justify the sealing of a trial exhibit. *Press–Enterprise,* 478 U.S. at 15 ("The First Amendment right of access cannot be overcome by [a] conclusory assertion"). Before sealing can been granted in whole or in part, the party seeking sealing must present factual evidence to inform the court's analysis. For example, in *Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 1:15-CV-274, 2017 WL 6001818, at *3 (M.D.N.C. Dec. 4, 2017), where the corporate plaintiff sought to seal trial exhibits containing various types of confidential business information, the plaintiff submitted a declaration from a corporate officer confirming the confidential nature of the exhibits in question and explaining how the company's competitive standing would be harmed by disclosure of each category of document. With this information, the Court was able to make a document by document assessment of whether the plaintiff had made the showing necessary to overcome the presumptive public right of access, ultimately granting the sealing motion as to some documents and denying it as to others. *Id.; see also Terran Biosciences, Inc. v. Compass Pathfinder Ltd.,* No. CV ELH-22-1956, 2024 WL 1969351, at *9 (D. Md. May 2, 2024) (granting in part and denying in part motion to seal after reviewing declaration explaining how disclosure of specific contract terms would cause competitive injury).

    Here, in contrast, Google's bare-bones and unsupported submission does not provide any basis for the Court to make such a document by document or category by category assessment, and Google has not come close to meeting its burden of providing "specific reasons in support of its position." *Va. Dep't of State Police,* 386 F.3d at 575*; see also Level 3 Commc'ns*, 611 F. Supp. 2d at 583 (same).

    Nor can Google rely on mere conclusory statements to make the required showing of a "substantial probability" that its asserted compelling interest would be harmed absent sealing.

*United States v. Doe*, 962 F.3d 139, 148 (4th Cir. 2020) ("conclusory statements cannot alone establish a substantial probability of harm"); *see also Williams v. Big Picture Loans, LLC*, No. 3:17-CV-461, 2023 WL 7276588, at *2 (E.D. Va. May 30, 2023) (denying motion to seal where defendant alleged the documents contained proprietary information and trade secrets but made "bare allegation" of harm); *Adjabeng v. GlaxoSmithKline, LLC*, No. 1:12-CV-568, 2014 WL 459851, at *3 (M.D.N.C. Feb. 5, 2014) (denying motion to seal where there was "no evidence" to support claim that disclosure would cause competitive harm and "statements in a brief are not evidence and are insufficient to justify a motion to seal"). Google's filing does not even attempt to make any factual arguments about what harm would result from disclosure of the documents at issue. This is entirely insufficient to justify a denial of public access – indeed, if mere conclusory assertions were sufficient to justify sealing, all non-public documents in all commercial litigations would be routinely sealed, which is manifestly not the law.

  Moreover, even if Google could establish that some denial of access were justified here – which it has not – Google has not explained why complete sealing, as opposed to narrower redactions, would be the least restrictive means of protecting the asserted interest. *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (where First Amendment right of access applies, access may be denied "only if the denial is narrowly tailored to serve" a "compelling" interest); *Williams*, 2023 WL 7276588 at *2 (denying motion to seal where defendant "has given no reasoning why sealing each of these documents, in their entirety, is necessary to achieve this end").

  Given the bare-bones descriptions of the exhibits provided by Google, the media organizations are unable to adequately assess whether complete sealing is even remotely justified or whether limited redactions could address any legitimate concerns that Google might raise;

however, it seems unlikely in the extreme that over 170 documents are all so commercially sensitive that nothing short of sealing them in their entirety would vindicate a "compelling" interest in nondisclosure.

For all of these reasons, Google's Objections should be overruled.

**B.     *Google's Objections Fail To Comply With Local Civil Rule 5***

Google's Objections should also be overruled in their entirety for the independent reason that they fail to comply with the requirements of Local Civil Rule 5. That rule provides, among other things, that any motion to seal must be accompanied by a supporting memorandum that includes "appropriate evidentiary support for the sealing request." L. Civ. R. 5(C)(2). Local Rule 5(C) also requires the party seeking sealing to file a nonconfidential proposed Order. As this Court has noted, "[t]he requirements outlined in Local Civil Rule 5(C) are not mere formalities, but are necessary prerequisites to effectuate the purpose and spirit of Rule 5: requiring the parties to provide sufficient justification for removing records from public view." *Hopeman Bros., Inc. v. Cont'l Cas. Co.*, No. 4:16-CV-187, 2017 WL 11510381, at *2 (E.D. Va. Dec. 28, 2017); *see also Benedict*, 323 F. Supp. 3d 7 at 759 (Rule 5(C) "was meant to be followed, especially given that it provides a mechanism for informing the public about its rights and obligations with respect to motions to seal"). In fact, the Rule provides that "[i]f the Court determines that the appropriate standards for filing material under seal have not been satisfied, it may order that the material be filed in the public record." Local Rule 5(C).

Here, Google has not complied with the requirements of the Local Rule in at least two respects. First, as noted above, Google has not even attempted to provide the required "evidentiary support" for its Objections. Unlike the Government's Objections, which contain factual arguments supported by affidavits as to why specific documents should be sealed or

9

redacted, Google has submitted no affidavits and does not provide any other evidence to show that the information in question is in fact proprietary and confidential or that disclosure would cause competitive harm. Instead, it merely makes vague, conclusory assertions that fail to satisfy the requirements of the local rule. Second, Google has failed to submit a nonconfidential proposed Order as required by Local Rule 5(C).

Accordingly, Google's objections should be overruled on this additional basis. *See Benedict*, 323 F. Supp. 3d at 768 (denying motion to seal based on, *inter alia*, the "independent ground" that the moving party failed to file a separate nonconfidential notice identifying the motion as a sealing motion as required under Local Rule 5(C)); *Loney v. United States*, No. 3:11CV845, 2014 WL 6705443, at *6 (E.D. Va. Nov. 26, 2014) (denying motion to seal where moving party failed to comply with Local Rule 5's requirement to submit an accompanying memorandum, notice identifying the motion as a sealing motion, and proposed order); *Satterfield v. City of Chesapeake*, No. 2:16-CV-665, 2018 WL 9865739, at *1 (E.D. Va. Mar. 14, 2018) (denying motion to seal for failure to comply with Local Rule 5 where plaintiff, *inter alia*, "failed to file non-confidential memorandum explaining why another procedure will not suffice nor referenced governing case law or analysis of the appropriate standard" and "[p]laintiff's proposed order did not recite the findings required by governing case law").

**II.     This Court Should Order The Government To File Proposed Redactions**

Because it is impossible to evaluate the breadth and reasonableness of the Government's redactions without having access to the proposed redacted exhibits, the media organizations request that this Court require the Government to make its proposed redactions publicly available, as the local rules require. "Where sealing is sought for less than an entire document or filing, an unsealed, redacted version of the document or filing shall be filed in the public record."

L. Civ. R. 5(C). To the best of the media organizations' knowledge, the only filing by the Government containing the exhibits at issue is Dkt. 1050, which contains the sealed exhibits that are not accessible to the public.

Because the media organizations are unable to review the Government's proposed redactions in context, they are unable to determine at this time if they oppose the Objections in whole, in part, or not at all. Accordingly, the media organizations respectfully request that the Government be ordered to promptly make redacted versions of the exhibits publicly available and that the media organizations be given one week after the redacted exhibits are publicly filed to submit their opposition, if any, to the Objections. The Court has discretion to order the government to comply with Local Rule 5 and delay consideration of the Objections until after that has been done. *E.g., Coleman Co., Inc. v. Team Worldwide Corp.,* No. 2:20-CV-351, 2021 WL 8742082, at *1 (E.D. Va. Dec. 2, 2021) (noting that the court had directed the parties to file supplements to sealing motion before ruling, where the initial submissions failed to comply with Local Rule 5).

Should the Court decline to give the media organizations an opportunity to respond to the Government's Objections at a later date, the media organizations hereby oppose the Government's Objections to the extent the Government seeks to redact any information that it would be required to produce in response to a request for records under the Freedom of Information Act, 5 U.S.C. § 552. In its description of several exhibits, the Government justifies sealing on the basis that "the Navy's practice is not to share unit or extended pricing for this contract [] in response to FOIA requests." *E.g.*, Dkt. 1045, Ex. A, Exhibit Nos. DTX 0625, 1090, and 1088. But the Government omits such a statement for other, similar redacted exhibits, raising the question of whether the redactions to those exhibits include information subject to

11

FOIA.  The Government has not articulated, and cannot articulate, any basis for contending that information that it would have to produce in response to a FOIA request can satisfy the standard for sealing here.

## CONCLUSION

For the reasons set forth above, the media organizations respectfully request that the Court overrule Google's Objections (other than the objections as to private personal information and proprietary information of identifiable third-party Google customers), direct the Government to file proposed redacted exhibits on the public record, and permit the media organizations to submit any opposition to the Government's Objections within one week after the redacted exhibits are publicly filed.  Should the Court decline to provide the media organizations with a further opportunity to oppose the Government's Objections, those Objections should be overruled in part for the reasons set forth above.

Dated:  August 2, 2024						Respectfully submitted,

							*/s/ Matthew A. Leish*
							Matthew A. Leish (admission *pro hac vice* pending)
							Miller Korzenik Sommers Rayman LLP
							1501 Broadway, Suite 2015
							New York, New York 10036
							Direct: 212-752-9200
							mleish@mkslex.com

							*/s/ Laurin H. Mills*
							Laurin H. Mills (VSB No. 79848)
							Brian P. Donnelly (VSB No. 82052)
							Werther & Mills, LLC
							2121 Eisenhower Avenue, Suite 608
							Alexandria, VA 22314
							Direct:  703-547-4696
							Fax:  240-912-3031
							Laurin@werthermills.com
							bdonnelly@werthermills.com

							*Counsel for non-parties Bloomberg L.P., The New York Times Company, and The Washington Post*

13

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 2nd day of August, 2024, a copy of the foregoing was filed via the Court's CM/ECF electronic filing system, which will serve all counsel of record:

                                                                                         */s/Laurin H. Mills*
                                                                                           Laurin H. Mills