IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **UNITED STATES**, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 1:23cv00108 (LMB/JFA) |
| v. ) | |
| ) | |
| **GOOGLE LLC**, ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM IN SUPPORT OF
MOTION TO MODIFY/CLARIFY PROCEDURES
REGARDING ACCESS TO TRIAL AND DOCUMENTS**

Non-parties Bloomberg L.P., The New York Times Company, The Washington Post, Portfolio Media Inc. (publisher of Law360), and MLex US Inc. (publisher of MLex) (collectively, "the media organizations") respectfully submit this Memorandum of Law in support of their motion to modify and/or clarify certain procedures regarding access to upcoming trial proceedings and documents in this matter.

**INTRODUCTION**

The media organizations recognize that the Court has already taken measures to ensure that documents and proceedings in this landmark case are fully open to the press and the public. However, in light of the intense public interest in the upcoming trial, the media organizations have identified four additional areas where action from the Court in advance of trial would be appropriate to protect the public right of access and ensure timely reporting on day-to-day developments.

1

First, while the Court has instructed the parties to post all exhibits introduced into evidence at trial on a publicly available website by the following morning, it does not appear that this instruction has been memorialized in an order.  In light of the Fourth Circuit's recognition of the need for "contemporaneous" access to publicly filed documents, the media organizations respectfully request that the deadline for posting trial exhibits be moved up to 8 p.m. on the day the exhibits are introduced, so that the press and the public can have timely access to all records needed to fully understand each day's proceedings.  Regardless of what deadline the Court decides is most appropriate, the media organizations request that this instruction be memorialized in a docketed order.

Second, the media organizations respectfully request that the Court order the parties to publicly file their proposed findings of fact and conclusions of law, as well as any pretrial memoranda or similar documents, contemporaneously with their submission to the Court. The media organizations further request that, in the event that the parties seek to file portions of their pretrial submissions under seal, they should be ordered to file redacted versions on the public docket contemporaneously with the submission of the sealed versions and sealing motions.  The media organizations are raising this issue because, in a separate antitrust case against Google last year in a different court, the parties filed their pretrial briefs under seal and did not publicly file redacted versions until nearly two weeks later, just a few days before the commencement of the trial.  This delay prevented the press and the public from obtaining a timely understanding of the parties' arguments, and the media organizations hope to avoid a similar issue here.

Third, the media organizations respectfully request advance notice of any planned closed-courtroom trial proceedings so that they have an opportunity to oppose such courtroom closures if appropriate.

Finally, to facilitate timely reporting on the trial, the media organizations respectfully request a limited exception to the Court's prohibition of personal electronic devices in the courthouse. The media organizations are not asking for reporters to be allowed to bring their electronic devices into the courtroom itself; however, as set forth below, they do request that reporters be allowed to bring their electronic devices into the courthouse, secure them in a designated safe location such as an unused jury or witness room, and use them in that designated location.

## ARGUMENT

I.  **The Court Should Order the Parties To Make Trial Exhibits Publicly Available on the Same Day They Are Introduced Into Evidence.**

At the June 7, 2024 hearing in this case, the Court recognized the obligation of a party that moves an exhibit into evidence at trial to make the exhibit publicly available on a dedicated website by early the following morning. Specifically, the Court stated that:

> The rule we will have in this case is that once an exhibit is admitted into evidence, it's the obligation of the party who moved the exhibit in to make it available on a website that you've set up so that the public can get pretty quick access to it. We did this in the Moussaoui case; it satisfied the media interest. And I think the rule that we had, and it sort of came from the Fourth Circuit, is it had to be posted by early the next morning. So obviously while the case is going on, you know, you're here, but you go back to the office that night and some of your paralegals or whatever will upload so that it's out there so we don't get an issue about access.

June 7, 2024 Hearing Tr. at 38.

Given the immense public importance of this case, the media organizations respectfully request that the Court order the parties to post trial exhibits on a publicly available website no later than 8 p.m. on the same evening that the exhibits are introduced into evidence so that the public can be informed about developments at the trial as quickly and fully as possible. This rule would be consistent with the Fourth Circuit's holding in the *Moussaoui* case referenced by the

3

Court at the June 7 hearing. In that case, the Fourth Circuit directed that copies of admitted exhibits "should be made available <u>as soon as is practically possible, but in no event later than 10:00 a.m.</u>" the next morning. *In re Associated Press*, 172 F.App'x 1, 6 (4th Cir. 2006) (emphasis added).

Same-day posting of trial exhibits is necessary to ensure the right of "contemporaneous" access that has been repeatedly recognized in the Fourth Circuit and elsewhere. *Doe v. Pub. Citizen,* 749 F.3d 246, 272 (4th Cir. 2014) ("the public and press generally have a contemporaneous right of access to court documents and proceedings when the right applies"). Applying this principle in a recent case involving the public's First Amendment right of access to newly-filed civil complaints, this Court held that "the word 'contemporaneous' means in this context: **<u>on the same day of filing, insofar as practicable and if not practicable within one court day</u>**." *Courthouse News Serv. v. Schaefer*, 440 F. Supp. 3d 532, 559 (E.D. Va. 2020) (emphasis in original), *aff'd*, 2 F.4th 318 (4th Cir. 2021).

As a different circuit court has noted, where the right of access applies, "access should be immediate and contemporaneous. The newsworthiness of a particular story is often fleeting. To delay or postpone disclosure undermines the benefit of public scrutiny and may have the same result as complete suppression." *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994) (citations omitted); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006) ("Our public access cases and those in other circuits emphasize the importance of immediate access where a right to access is found"). This principle militates in favor of same-day access here.

## II. Pretrial Submissions Should Be Publicly Filed on the Same Date They Are Provided to the Court.

Under the amended scheduling order in this case, the parties' proposed findings of fact and conclusions of law are due on August 19, 2024. *See* Dkt. No. 871. The media organizations assume that these proposed findings and conclusions, and any other pretrial submissions, will be filed on the public docket. However, in an abundance of caution, the media organizations respectfully request that the Court clarify that the parties shall publicly file any such proposed findings and conclusions, pretrial memoranda, or similar documents contemporaneously with their submission to the Court, and that if the parties seek to seal or redact any portion of their pretrial filings, redacted versions shall be filed on the public record at the same time that the sealed versions and motions to seal are filed with the Court. *See* L. Civ. R. 5 ("Where sealing is sought for less than an entire document or filing, an unsealed, redacted version of the document or filing shall be filed in the public record").

The media organizations request this order because, in the parallel antitrust case against Google in the District Court for the District of Columbia last year, *United States of America v. Google LLC*, No. 1:20-cv-03010 (APM) ("the D.D.C. case"), the United States and Google filed their pretrial memoranda under seal and did not publicly file redacted versions until nearly two weeks later, eventually making the redacted memoranda publicly available just a few days before trial. *Compare* Dkt. Nos. 667 and 668 in the D.D.C. case (pretrial memoranda filed under seal on August 28, 2023) *with* Dkt. Nos. 687 and 688 (redacted pretrial memoranda publicly filed on September 8, 2023). That delay made it unnecessarily difficult for the press to review and report on the parties' contentions in advance of the trial and was inconsistent with the requirement of "contemporaneous" access. *See Courthouse News Serv., supra.*

### III. The Media Organizations Request Advance Notice of Closed-Courtroom Procedings.

The media organizations also respectfully request advance notice of any planned closed-courtroom trial proceedings so they have an opportunity to oppose such courtroom closures if appropriate. The Fourth Circuit has repeatedly confirmed that "[c]losure motions must be docketed reasonably in advance of their disposition to give the public and press an opportunity to intervene and present their objections to the court," and "when the district court has been made aware of the desire of specific members of the public to be present, reasonable steps to afford them an opportunity to submit their views should be taken before closure." *In re Knight Pub. Co.*, 743 F.2d 231, 234 (4th Cir. 1984). This is consistent with the general rule that "'representatives of the press and general public must be given an opportunity to be heard on the question of their exclusion.'" *Id.*, *quoting Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 609 n. 25 (1982). Moreover, "[w]hen a closure motion is made in open court, persons present must be given notice and an opportunity to object before the public can be excluded." *Id.; see also In re S.C. Press Ass'n*, 946 F.2d 1037, 1039–40 (4th Cir. 1991) ("*In re Knight Publishing Co.* [] establishes the procedural requirements to be followed by a district court before it may constitutionally close a courtroom to the public. The central requirement is that 'representatives of the press and general public must be given an opportunity to be heard on the question of their exclusion'").[1]

---

[1] While *In re Knight* was a criminal case, the Fourth Circuit has applied the *Knight* approach in civil cases. *E.g.*, *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988) (applying *Knight* procedures to request to seal documents in a civil case); *see also Am. C.L. Union v. Holder,* 673 F.3d 245, 252 (4th Cir. 2011) ("most circuit courts, including the Fourth Circuit, have recognized that the First Amendment right of access extends to civil trials").

Ideally, notice of any anticipated courtroom closures should be provided the day before the anticipated closure to ensure that the media organizations can have an opportunity to have counsel present to argue against their exclusion from the courtroom if necessary.

### IV. Reporters Should Be Permitted To Bring Personal Electronic Devices Into the Courthouse Under Strict Procedures Governing Use of the Devices.

Finally, the media organizations respectfully request that the Court grant prior authorization for the limited use of cellphones, laptops, and similar personal devices to facilitate timely reporting on this case. Specifically, the media organizations request that reporters be permitted to bring personal electronic devices into the courthouse (but not the courtroom itself), that the Court designate a room where the devices can be stored while the trial is in session (perhaps an unused jury room or witness room), and that the reporters be permitted to retrieve and use their devices in that designated location.

Allowing such limited use of personal electronic devices here would facilitate timely and complete reporting on day-to-day trial developments. Given the significant public interest in this case and the nature of the digital media environment, it is important for journalists to be able to report trial developments on an ongoing basis, rather than waiting until the end of the day to retrieve their devices from outside the courthouse and prepare their reports. The media organizations understand that recording and photography are prohibited, and their reporters will use their devices solely for the purposes of communicating with their respective editors and organizations, posting news updates to websites and social media accounts, and preparing drafts of articles and notes.

## **CONCLUSION**

For the reasons set forth above, the media organizations respectfully request that their motion to modify and/or clarify certain procedures regarding access to documents and trial proceedings be granted.

Dated:  August 2, 2024

Respectfully submitted,

*/s/ Matthew A. Leish*
Matthew A. Leish (admission *pro hac vice* pending)
Miller Korzenik Sommers Rayman LLP
1501 Broadway, Suite 2015
New York, New York 10036
Direct: 212-752-9200
mleish@mkslex.com

*/s/ Laurin H. Mills*
Laurin H. Mills (VSB No. 79848)
Brian P. Donnelly (VSB No. 82052)
Werther & Mills, LLC
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
Direct:  703-547-4696
Fax:  240-912-3031
Laurin@werthermills.com
bdonnelly@werthermills.com

*Counsel for non-parties Bloomberg L.P., The New York Times Company, The Washington Post, Portfolio Media Inc., and MLex US Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of August, 2024, a copy of the foregoing was filed via the Court's CM/ECF electronic filing system, which will serve all counsel of record:

/s/Laurin H. Mills
Laurin H. Mills