**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 1:23-cv-00108-LMB-JFA |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT GOOGLE'S**
**OBJECTIONS TO THE PUBLIC USE OF CONFIDENTIAL**
**DOCUMENTS AND TESTIMONY [ECF NO. 985]**

Plaintiffs respectfully submit this Memorandum in Opposition to Defendant Google

LLC's ("Google's") Objections to the Public Use of Confidential Documents and Testimony

(Dkt. 985) ("Google's Objections"), and Google's Objections, Appendix A (Dkt. 985-1).

Google has asked this Court to seal and redact 293 of Plaintiffs' and Google's trial

exhibits without offering any specific reasons to support its requests. Instead, Google offers only

broad, conclusory statements in support of its requests, none of which are specific or persuasive

enough to justify the sealing or redaction of any exhibits. Because Google has failed to offer

specific reasons in support its sealing and redaction requests, Plaintiffs object to all of Google's

requests to seal or redact information from Plaintiff and Defendants' trial exhibits, and the Court

should overrule Google's objections in their entirety. However, as explained below, to the extent

that the Court is not inclined to overrule Google's objections in their entirety on this basis,

Plaintiffs would not object to limited, narrowly tailored redactions of *recent* commercially

sensitive information identified in the Appendix to Google's objections that otherwise meets the

relevant standards for sealing and redaction that apply in this Court. For the avoidance of doubt,

1

however, Plaintiffs are not affirmatively seeking or consenting to any redactions or sealing of the exhibits identified in the Appendix to Google's objections, *see* ECF No. 985-1.

Beyond Google's failure to meet its burden to justify redacting or sealing any of the exhibits referenced in the Appendix to its objections, Plaintiffs oppose Google's requests to seal and redact 37 of Plaintiffs' exhibits for additional reasons, identified below. For the purpose of articulating these additional reasons, Plaintiffs have divided these exhibits into three groups. This memorandum identifies the exhibits in each group and explains, for each group, the basis of Plaintiffs' additional objections to Google's sealing and redaction requests.

Plaintiffs also specifically oppose Google's requests to seal 49 of its own exhibits in their entirety. As explained below, 39 of these exhibits contain sufficiently outdated information that it is highly unlikely that they contain any information that is commercially sensitive in the present day. The remaining 10 of Google's own exhibits do contain some information from the past three years. To the extent that the Court is not inclined to overrule Google's objections in their entirety due to Google's failure to meet its burden to justify sealing, Plaintiffs will not object to narrowly tailored redactions of only the information that is recent and truly commercially sensitive.

Table 1 to this memorandum identifies the PTX and DTX exhibits that are specifically addressed in this memorandum. These are the same exhibits identified in the Appendix to Google's objections, ECF No. 985-1. For each exhibit, Table 1 also summarizes Plaintiffs' position on Google's sealing or redaction request, and the reasons for Plaintiffs' position.

Finally, certain of Google's exhibits are identical or nearly identical to certain of Plaintiffs' exhibits. Where Google's sealing or redaction requests for Plaintiffs' exhibits also pertain to identical or near-identical exhibits on Google's list, Plaintiffs have, in parentheses

following the PTX number in Table 1, cross-referenced the DTX number for the corresponding Google exhibit.

## LEGAL STANDARD

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The common law presumption in favor of public access can be overcome only by a showing that a litigant has "some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). The party seeking to restrict access bears the burden of demonstrating specific reasons sufficient to overcome the public right of access. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004); s*ee also Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 582 (E.D. Va. 2009) (providing an overview of both in-circuit and out-of-circuit precedent). Any denial of access must be narrowly tailored to serve the interest justifying the denial of access. *Virginia Dept. of State Police*, 386 F.3d at 575; *see also*, *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014).

Before ordering the sealing of a document, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the document[], and (3) provide specific reasons and factual findings supporting its decision to seal the document[] and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also* Local Civ. R. 5(C). The standard for sealing under Local Rule 5 and Fourth Circuit precedent is stringent and reflects a strong presumption in favor of public court proceedings and court filings.

**ARGUMENT**

A. <u>This Court Should Deny All of Google's Sealing and Redaction Requests Due to Google's Failure to Meet Its Heavy Burden to Defeat the Presumption in Favor of Public Access.</u>

Google has not offered sufficiently specific or persuasive reasons for this Court to seal or redact any of the exhibits identified in Google's Objections. *See* Google's Objections (Dkt. 985 and 985-1). Instead, Google has offered only brief conclusory statements that are too vague to justify the sealing or redaction of any exhibits. Because Google has failed to offer specific reasons that are sufficient to support its sealing and redaction requests, this Court should deny all of Google's requests to seal or redact information from Plaintiff and Defendants' trial exhibits.

B. <u>This Court Also Should Deny Google's Requests to Seal or Redact Certain Plaintiffs' Exhibits Because They Contain Information From More Than Three Years Ago That Is Particularly Unlikely to Be Commercially Sensitive.</u>

1. <u>This Court Should Deny Google's Request to Seal Certain Plaintiffs' Exhibits Prepared by Plaintiffs' Experts Containing Google Internal Financial Information</u>

First, Plaintiffs oppose Google's request to seal in their entirety exhibits PTX 1224, 1225, 1377, 1378, 1379, 1380, and 1381. These exhibits are referenced in Table 1, attached hereto. These seven exhibits consist of charts prepared by Plaintiffs' experts that present Google internal financial information for the years 2014 through 2022. Most of the information in the charts is more than three years old, although some of it is less than three years old. Google has failed to meet its burden of demonstrating specifically why any of the information in these exhibits should be sealed or redacted – especially given that much of the information is more than three years old – and why, even if some of the financial information in the exhibits should be protected from disclosure, it cannot be protected by carefully tailored redactions.

*See, e.g.*, *Coventry Capital US LLC v. EEA Life Settlements, Inc.*, 2023 WL 2810660, at *2 (S.D.N.Y. April 6, 2023) (rejecting request to seal information that is "several years old").

To the extent that the Court is not inclined to overrule Google's objections in their entirety due to Google's failure to meet its burden to justify sealing, Plaintiffs will not object to narrowly tailored redactions of only the information that is recent and truly commercially sensitive.

2. This Court Should Deny Google's Request to Seal Certain Other Plaintiffs'
   Exhibits in their Entirety

Plaintiffs further oppose Google's requests to seal in their entirety the following exhibits: PTX 486 (DTX 401), 697 (DTX 659), 732, 746 (DTX 414), 814, 868, 939 (DTX 579), 981 (DTX 983), 1040, 1063, 1080, 1611, 1743, 1746, 1756, 1761, and 1773. These exhibits are referenced in Table 1, attached hereto.

All but two of these exhibits, PTX 1063 and PTX 1773, contain financial information that is more than three years old. As to those exhibits, Google has not met its burden of explaining specifically why, given the dates of these exhibits, their public disclosure will harm Google. Nor has Google demonstrated that any potential harm from their disclosure is not outweighed by the public interest in their disclosure.

Separately, with respect to the remaining two exhibits, PTX 1063 is an internal Google memorandum that does not contain any sensitive information that appears to warrant the sealing of the exhibit. PTX 1773 is a letter from counsel for Google to counsel at the Justice Department that also does not contain any information that appears to warrant the sealing of the exhibit. Google has not met its burden of explaining why these exhibits should not be publicly disclosed. Google has also not met its burden of proposing carefully tailored

redactions for any of these exhibits, to allow disclosure of any portions of the exhibits that do not contain allegedly commercially sensitive information.

For these reasons, Plaintiffs object to the sealing or redaction of any of these exhibits. To the extent that the Court is not inclined to overrule Google's objections in their entirety due to Google's failure to meet its burden to justify sealing, Plaintiffs will not object to narrowly tailored redactions of only the information that is recent and truly commercially sensitive.

3. <u>This Court Should Deny Google's Request to Redact Information from Certain of Plaintiffs' Exhibits</u>

This Court should also deny Google's request to redact information from the following exhibits: PTX 219, 783 (DTX 605), 814 (DTX 601), 867, 915, 957, 977, 979, 996, 1624, 1629 (DTX 1040), and 1772. These exhibits are referenced in Table 1, attached hereto.

The documents in this group of exhibits contain information that is more than three years old. Google has not explained why, given the dates of these exhibits, the disclosure of any information they contain will harm Google, or why the public interest in disclosure of that information does not outweigh any potential harm. Even if any the public disclosure of any information in these exhibits were to present any risk of harm to Google, Google has not proposed narrowly tailored redactions specifically for that information.

Because Google has failed to demonstrate any basis for sealing or redacting any information from these exhibits, this Court should deny Google's requests to redact information from these exhibits. To the extent that the Court is not inclined to overrule Google's objections in their entirety due to Google's failure to meet its burden to justify sealing, Plaintiffs will not object to narrowly tailored redactions of only the information that is recent and truly commercially sensitive.

C. <u>This Court Should Deny Google's Request to Seal Certain Google Exhibits that Contain Information that is More than Three Years Old</u>

This Court should also deny Google's requests to seal 39 of Google's exhibits in their entirety. These exhibits are: DTX 292, 317, 331, 383, 401, 403, 413, 414, 418, 419, 451, 470, 471, 475, 510, 529, 556, 565, 579, 601, 602, 648, 650, 659, 681, 696, 698, 699, 740, 762, 777, 778, 781,785, 856, 858, 862, 983, and 1036. These exhibits are referenced in Table 1, attached hereto.

All of the relevant information contained in these exhibits is more than three years old, and much of it is even older than that. Google has not explained why, given the older information these exhibits contain, it is appropriate to seal them entirely, that is, why the disclosure of any information they contain will harm Google. Google has also failed to explain why the public interest in disclosure of such information does not outweigh any potential harm. Finally, even it would be appropriate to withhold any of the information in these exhibits from public disclosure, Google has not proposed narrowly tailored redactions to withhold that specific information.

D. <u>This Court Should Deny Google's Request to Seal Certain Google Exhibits that Contain Some Information that is Less than Three Years Old</u>

Finally, this Could should deny Google's request to seal an additional 10 of Google's exhibits that contain some information that is less than three years old. These exhibits are: DTX 369, 512, 515, 1041, 1187, 1190, 1412, 1413, 1414, and 1617. These exhibits are also referenced in Table 1, attached hereto.

These exhibits contain some information that is more than three years old and some information that is less than three years old. Google has not met its burden of identifying specific reasons why any of the information in these exhibits should not be publicly disclosed, or why,

even if the disclosure of that information might harm Google, the risk of that harm outweighs the strong public interest in the disclosure of the information. Google has also not met its burden of proposing carefully tailored redactions for any information in these exhibits that might harm Google if publicly disclosed.

To the extent that the Court is not inclined to overrule Google's objections in their entirety due to Google's failure to meet its burden to justify sealing, Plaintiffs will not object to narrowly tailored redactions of only the information that is recent and truly commercially sensitive.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully requests that this Court reject Google's requests to seal or redact any information from any trial exhibits. In the alternative, to the extent that the Court is not inclined to overrule Google's objections in their entirety due to Google's failure to meet its burden to justify sealing, Plaintiffs will not object to narrowly tailored redactions of only the information that is recent and truly commercially sensitive. Plaintiffs are not, however, affirmatively seeking or consenting to any redaction or sealing of these exhibits.

Dated: August 2, 2024

Respectfully submitted,

JESSICA D. ABER
United States Attorney

/s/ Dennis Barghaan
Dennis Barghaan
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3891
Facsimile: (703) 299-3983
Email: Dennis.Barghaan@usdoj.gov

/s/ Aaron M. Teitelbaum
AARON M. TEITELBAUM
/s/ Sean Carman
SEAN CARMAN

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 894-4266
Fax: (202) 616-8544
Email: Aaron.Teitelbaum@usdoj.gov

Attorneys for the United States

JASON S. MIYARES
Attorney General of Virginia

/s/ Tyler T. Henry
TYLER T. HENRY
Assistant Attorney General

Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219
Telephone: (804) 692-0485
Facsimile: (804) 786-0122
Email: thenry@oag.state.va.us

Attorneys for the Commonwealth of
Virginia and local counsel for the
States of Arizona, California,
Colorado, Connecticut, Illinois,
Michigan, Minnesota, Nebraska, New
Hampshire, New Jersey, New York,
North Carolina, Rhode Island,
Tennessee, Washington, and West
Virginia