# Exhibit 17
# Public



U.S. Department of Justice

Antitrust Division

*Liberty Square Building*
*450 5th Street, N.W.*
*Washington, DC 20001*

December 23, 2020

**Via Email** (frubinstein@wsgr.com)

Franklin Rubinstein, Esq.
Wilson Sonsini Goodrich & Rosati
1700 K Street NW, Fifth Floor,
Washington, D.C. 20006
frubinstein@wsgr.com

      Re:    Civil Investigative Demand No. 30471 – Preservation and Production of Electronically Stored Information

Dear Franklin:

      I am writing to follow up on our conversations on November 17 and December 3 concerning certain of Alphabet's ("the Company") obligations under Civil Investigative Demand No. 30471 ("the CID"). Specifically, the Company is required to search for and produce all responsive documents, including all "electronically stored information . . . in the possession, custody, or control of the Company." As stated in the CID, this encompasses "information stored on social media accounts like Twitter or Facebook, chats, instant messages, text messages, other Messaging Applications, and documents contained in Collaborative Work Environments and other document databases."

      We appreciate that the pandemic has altered work patterns and substantially increased telework, however, the Company is still required to preserve, collect, and produce materials responsive to the CID. The Division requests confirmation that the Company has preserved materials that are potentially responsive to the CID from all employees including, but not limited to, all electronically stored information described above. Specifically, the Division requests that the Company identify the following:

      (1) the date(s) when employees received instructions to preserve such materials;

      (2) any steps taken by the Company to protect or preserve any employee's potentially responsive materials in the event a device is lost, stolen, upgraded, or otherwise unavailable;

(3) for any such individual no longer employed by the Company, the steps taken by the Company to preserve any potentially responsive materials following separation; and

(4) any steps taken by the Company to ensure employees comply with the preservation notice, including whether employees properly preserve responsive conversations from chats, instant messages, text messages, and other Messaging Applications as "on the record."

The Division requests that the Company submit a plan to produce all responsive "information stored on social media accounts like Twitter or Facebook, chats, instant messages, text messages, other Messaging Applications, and documents contained in Collaborative Work Environments and other document databases" from custodians' files. While the Division is mindful of the many challenges caused by the current pandemic, the Company remains obligated to protect against the loss of materials and produce responsive documents as defined in the CID. The Division is of course more than willing to work with the Company on a plan to produce all responsive materials that is consistent with public health guidance.

We look forward to continued dialog with respect to the CID and the topics addressed in this letter. Please let me know if you have any questions.

Sincerely,

/s/

John J. Hogan
Trial Attorney
Antitrust Division
U.S. Department of Justice

2