**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

|  |  |
|---|---|
| UNITED STATES, *et al.*,<br><br>                    *Plaintiffs*,<br>      v.<br><br>GOOGLE LLC,<br><br>                    *Defendant.* | No. 1:23-cv-00108-LMB-JFA |

**NON-PARTY YIELDMO, INC.'S REPLY TO NON-RESPONSES/PURPORTED RESPONSES OF PLAINTIFFS AND GOOGLE LLC TO YIELDMO'S SPECIFIC OBJECTIONS TO USE OF CONFIDENTIAL DOCUMENTS OR INFORMATION AT TRIAL**

Pursuant to this Court's June 24, 2024 Order (Dkt. 871), Non-Party Yieldmo, Inc. ("Yieldmo") respectfully files this reply to the non-responses/purported responses of Plaintiffs and Google LLC ("Google") to the Specific Objections filed by Yieldmo regarding the potential use of Yieldmo confidential documents or information at the trial of this case, and in support thereof, states as follows:

**PROCEDURAL STATUS**

Pursuant to this Court's Order of June 24, 2024 (Dkt. 871), Yieldmo filed its Specific Objections To Use Of Confidential Documents Or Information At Trial on July 26, 2024 (Dkt. 1064)("Specific Objections").

Also pursuant to the Court's Order of June 24, 2024 (Dkt. 871), both Plaintiffs and Google were required to file any objections to "a non-party's proposed redactions or to the use of confidential in any respect" by August 2, 2024. However, Plaintiffs did not file any objections on August 2 (or since), and thus Yieldmo respectfully submits that Plaintiffs should be deemed to

1

have consented to the very limited relief requested by Yieldmo in its Specific Objections (which specific limited relief is detailed below).

For its part, Google purported to file a 2.5 page "Consolidated Response" to all of the non-parties' Objections on August 2, 2024 (Dkt. 1102), but Yieldmo respectfully submits that Google's "Response" completely fails to comply with this Court's Order of June 24, 2024, and therefore should be deemed a non-response, such that Google should also be deemed to have consented to the relief requested by Yieldmo. Specifically, Google's purported response unilaterally grants Google an extension until 5:00 p.m. on Wednesday, August 7, 2024 to "update the Court," based on Google's assertion that it is "attempting to meet and confer with [the] non-parties with regard to [the] proposed redactions in an effort to reach an agreement that the sealing of these summary charts is unnecessary."

Yieldmo respectfully submits that this "response" by Google should be disregarded by the Court for at least 3 reasons:

First, Google has known since at least June 24, 2024 that it would be required to file by August 2, 2024 any "objections to any non-party proposed redactions or to the use of confidential information in any respect," and all of those non-party objections (including Yieldmo's) were filed by July 26, 2024. As a result, there is no basis for Google to grant itself a unilateral extension until August 7, and Google does not even offer any basis – instead, Google simply announced that this is the procedure that it will follow. That response should be rejected.

Secondly, the assertion that Google is "attempting to meet and confer with [the] non parties" should also be disregarded – again, Google has had more than a month to conduct such meet and confers, and Google offers no evidence at all that it has even met and conferred with any of the non-parties. In fact, in Yieldmo's case, on July 24, 2024, it was Yieldmo that

attempted to meet and confer with Google prior to Yieldmo filing its Specific Objections, but Google declined to engage on the issue, stating that it was "not in a position to consent or not consent to Yieldmos' request." *See* email correspondence of July 24 – 26, 2024, attached hereto as Exhibit 1. Google went on to assert that "If necessary, Google will address [Yieldmo's request] on the August 2 response filing." Instead, Google unilaterally elected not to address Yieldmo's request at all, and instead now attempts to grant itself an extension to further kick the can down the road. This failure by Google to appropriately engage in the meet and confer process should not be countenanced.

But perhaps the most hubristic component of Google's purported response is Google's assertion that the goal of its supposed "attempted meet and confer" efforts (should they ever actually begin) will be to "reach an agreement that the [non-parties' requested redactions] of these summary charts" is somehow "not necessary." It is difficult to understand how Google can assert with a straight face that it is entitled to a unilateral extension when its stated end-game is to convince the non-parties to completely capitulate and abandon their positions, even though all of the non-parties have all gone to the time and expense of hiring attorneys, including EDVA attorneys, to draft pleadings and strive to protect the non-parties' highly confidential, proprietary and competitively sensitive financial and other information, the disclosure of which would likely cause irreparable harm to the non-parties, including but not limited to loss of competitive advantage and financial harm.

In sum, Yieldmo submits that Google's unilateral granting of its extension should be rejected, and that Google should be deemed to consent to (or at least not oppose) the very limited relief sought by Yieldmo in its Specific Objections.

### YIELDMO'S PROPOSED NARROW RELIEF SHOULD BE GRANTED NOW

In its Specific Objections, Yieldmo explained that Plaintiffs had identified 30 potential trial exhibits relating to Yieldmo, and that Google had identified 25 such documents. Yieldmo explained that these documents include information from documents produced by Yieldmo in response to federal subpoenas that were marked as Confidential or Highly Confidential, and that the Yieldmo proposed trial exhibits include take rates, market share, ad spend, competitive trending information, competitive position and other highly confidential, proprietary and competitively sensitive financial and other information, and Yieldmo included the sworn Declaration of Richard Eaton (Yieldmo's CFO) attesting to same. *See* July 26, 2024 Declaration of Richard Eaton, attached as Exhibit 1 to Yieldmo's Specific Objections (Dkt. 1064 ¶¶ 5 and 6), incorporated herein by reference. Mr. Eaton's sworn Declaration also confirmed that the information at issue constitutes confidential financial and business information that, if disclosed, would likely cause irreparable harm to Yieldmo, including but not limited to loss of competitive advantage and financial harm. *Id.* ¶¶ 7 -10.

In view of the significant harm, prejudice and competitive disadvantage that Yieldmo (and other non-parties) would suffer if certain very limited redaction is not required, and after conferring with the parties, Yieldmo requested very limited redactions to the exhibits that Plaintiffs and Google say they will use at trial, specifically to ***only include the redaction of any identification of Yieldmo as a referenced exchange in any of the proposed exhibits (or the use of a surrogate name for Yieldmo, such as XYZ, Inc.).***

Yieldmo submitted (and submits now) that this is very reasonable procedure to avoid the significant harm, prejudice and competitive disadvantage that Yieldmo will suffer if such redaction is not required, and is completely consistent with Judge Anderson's ruling of July 11, 2024 in Dkt. 903, which stated: "In order to protect the interest of non-parties, the portions of

figures 4, 5, 7 and 8 indicating the names of the companies corresponding to those figures shall remain under seal," and "the names of the non-parties are to be redacted" from the public versions of the documents. *See* Order at Dkt. 903, ¶ 2; *see also Id.* at ¶¶ 4, 6, 8, 11, and 15.  *See also* July 26, 2024 Declaration of Richard Eaton (Exhibit 1 to Dkt. 1064) that articulates the specific harm, prejudice and competitive disadvantage that Yieldmo would suffer, on a document-by-document basis, should Yieldmo's confidential and proprietary business information and competitively sensitive information become public, and available to its competitors.

Yieldmo also notes that it would indeed be an inappropriate result if a governmental antitrust enforcement action was to cause harm, prejudice and competitive disadvantage to the innocent competitors (here, the non-parties) of the targeted enterprise (here, Google) in the very industry that the antitrust enforcement action is designed to protect (here, the ad tech business).

## CONCLUSION

WHEREFORE, for the foregoing reasons, Yieldmo, Inc. respectfully requests that this Honorable Court grant Yieldmo's request to redact Yieldmo's name in the trial exhibits proposed by Plaintiffs and Google, or alternatively to use a surrogate name for Yieldmo, such as XYZ, Inc., and for such further relief as this Court deems just and proper.

Dated:  August 5, 2024                          Respectfully submitted,

                                                _____/s/_____
                                                Charles B. Molster, III (Va. Bar No. 23613)
                                                Law Offices of Charles B. Molster, III PLLC
                                                2141 Wisconsin Avenue, N.W.
                                                Suite M
                                                Washington, D.C. 20007
                                                Office:  (202) 787-1312
                                                Cell:  (703) 346-1505
                                                Email:  cmolster@molsterlaw.com

*Counsel for Yieldmo, Inc.*