UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>    *Plaintiffs*,<br>  v.<br><br>GOOGLE LLC,<br><br>    *Defendant*. | No. 1:23-cv-00108-LMB-JFA |

**NON-PARTY ZEDO, INC.'S REPLY TO NON-RESPONSES/PURPORTED RESPONSES OF PLAINTIFFS AND GOOGLE LLC TO ZEDO'S SPECIFIC OBJECTIONS TO USE OF CONFIDENTIAL DOCUMENTS OR INFORMATION AT TRIAL**

Pursuant to this Court's June 24, 2024 Order (Dkt. 871), Non-Party Zedo, Inc. ("Zedo") respectfully files this reply to the non-responses/purported responses of Plaintiffs and Google LLC ("Google") to the Specific Objections (Dkt. 1063) filed by Zedo regarding the potential use of Zedo confidential documents or information at the trial of this case, and in support thereof, states as follows:

**PROCEDURAL STATUS**

Pursuant to this Court's Order of June 24, 2024 (Dkt. 871), Zedo filed its Specific Objections To Use Of Confidential Documents Or Information At Trial on July 26, 2024 (Dkt. 1063)("Specific Objections").

Also pursuant to the Court's Order of June 24, 2024 (Dkt. 871), both Plaintiffs and Google were required to file any objections to "a non-party's proposed redactions or to the use of confidential in any respect" by August 2, 2024. However, Plaintiffs did not file any objections on August 2 (or since), and thus Zedo respectfully submits that Plaintiffs should be deemed to have

1

consented to the very limited relief requested by Zedo in its Specific Objections (which specific limited relief is detailed below).

For its part, Google purported to file a 2.5 page "Consolidated Response" to all of the non-parties' Objections on August 2, 2024 (Dkt. 1102), but Zedo respectfully submits that Google's "Response" completely fails to comply with this Court's Order of June 24, 2024, and therefore should be deemed a non-response, such that Google should also be deemed to have consented to the very narrow relief requested by Zedo. Specifically, Google's purported response unilaterally grants Google an extension until 5:00 p.m. on Wednesday, August 7, 2024 to "update the Court," based on Google's assertion that it is "attempting to meet and confer with [the] non-parties with regard to [the] proposed redactions in an effort to reach an agreement that the sealing of these summary charts is unnecessary."

Zedo respectfully submits that this "response" by Google should be disregarded by the Court for at least 3 reasons:

First, Google has known since at least June 24, 2024 that it would be required to file by August 2, 2024 any "objections to any non-party proposed redactions or to the use of confidential information in any respect," and all of those non-party objections (including Zedo's) were filed by July 26, 2024. As a result, there is no basis for Google to grant itself a unilateral extension until August 7, and Google does not even offer any basis – instead, Google simply announced that this is the procedure that it will follow. That response should be rejected.

Secondly, the assertion that Google is "attempting to meet and confer with [the] non-parties" should also be disregarded – again, Google has had more than a month to conduct such meet and confers, and Google offers no evidence at all that it has even met and conferred with any of the non-parties.

In fact, in Zedo's case, on July 24, 2024, it was Zedo that attempted to meet and confer with Google prior to Zedo filing its Specific Objections. **Google represented that it "did not include any documents or data produced by Zedo on its exhibit list, and none of the figures on [Google's] expert list refer to Zedo."** *See* email correspondence of July 24 – 25, 2024, attached hereto as Exhibit 1. As a result of this assertion, if Google is ultimately permitted to assert that the very narrow relief that Zedo requests should not be granted, Zedo respectfully submits that such a position by Google should not be considered by this Court, given the fact that none of Google's trial exhibits implicate Zedo (per Google itself).

In that same email exchange, Zedo also requested that Google confirm whether it would agree to the very limited redaction of just Zedo's name (or the use of a surrogate name, such as ABC Corporation), and Google responded that it would revert back to Zedo "soon." In fact, Google did not revert back to Zedo "soon," and in fact has never reverted back to Zedo on the request for the very narrow relief sought by Zedo. *See* email correspondence of July 24 – 25, 2024, attached hereto as Exhibit 1. Instead, Google has now unilaterally elected not to address Zedo's request at all, and now attempts to grant itself an extension to further kick the can down the road. Zedo respectfully submits that Google's failure to meaningfully engage in the meet and confer process should not be countenanced.

But perhaps the most hubristic component of Google's purported response is Google's assertion that the goal of its supposed "attempted meet and confer" efforts (should they ever actually begin) will be to "reach an agreement that the [non-parties' requested redactions] of these summary charts" is somehow "not necessary." It is difficult to understand how Google can assert with a straight face that it is entitled to a unilateral extension when its stated end-game is to convince the non-parties to completely capitulate and abandon their positions, even though all

of the non-parties have all gone to the time and expense of hiring attorneys, including EDVA attorneys, to draft pleadings and strive to protect the non-parties' highly confidential, proprietary and competitively sensitive financial and other information, the disclosure of which would likely cause irreparable harm to the non-parties, including but not limited to loss of competitive advantage and financial harm.

In sum, Zedo submits that Google's unilateral granting of its extension should be rejected, and that Google should be deemed to consent to (or at least not oppose) the very limited relief sought by Zedo in its Specific Objections.

## ZEDO'S PROPOSED VERY NARROW RELIEF SHOULD BE GRANTED NOW

In its Specific Objections, Zedo explained that Plaintiffs have identified 13 documents that Plaintiffs indicate that they will use a trial that specifically identify Zedo and/or are derived, at least in part, from Zedo's confidential business information. Zedo explained that these documents include information from documents produced by Zedo in response to federal subpoenas that were marked as Confidential or Highly Confidential, and that the Zedo proposed trial exhibits include highly confidential and competitively sensitive Zedo information, including net revenues, "take rates," market share and other highly confidential, proprietary and competitively sensitive financial and other information, and Zedo included the sworn Declaration of Roy de Souza (Zedo's CEO) attesting to same. *See* July 26, 2024 Declaration of Roy de Souza , attached as Exhibit 1 to Zedo's Specific Objections (Dkt. 1063 ¶¶ 4 - 7), incorporated herein by reference. Mr. de Souza's sworn Declaration also confirmed that the information at issue constitutes confidential financial and business information that, if disclosed, would likely cause irreparable harm to Zedo, including but not limited to loss of competitive advantage and financial harm. *Id.* ¶¶ 5 - 7.

In view of the significant harm, prejudice and competitive disadvantage that Zedo (and other non-parties) would suffer if certain very limited redaction is not required, and after conferring with the parties, Zedo requested very limited redactions to the Zedo exhibits that Plaintiffs say they will use at trial, specifically to ***only include the redaction of any identification of Zedo as a referenced exchange in any of the proposed exhibits (or the use of a surrogate name for Zedo, such as ABC, Inc.).***

Zedo submitted (and submits now) that this is very reasonable procedure to avoid the significant harm, prejudice and competitive disadvantage that Zedo will suffer if such redaction is not required, and is completely consistent with Judge Anderson's ruling of July 11, 2024 in Dkt. 903, which stated: "In order to protect the interest of non-parties, the portions of figures 4, 5, 7 and 8 indicating the names of the companies corresponding to those figures shall remain under seal," and "the names of the non-parties are to be redacted" from the public versions of the documents. *See* Order at Dkt. 903, ¶ 2; *see also Id.* at ¶¶ 4, 6, 8, 11, and 15.  *See also* July 26, 2024 Declaration of Roy de Souza (Exhibit 1 to Dkt. 1063) that articulates the specific harm, prejudice and competitive disadvantage that Zedo would suffer, on a document-by-document basis, should Zedo's confidential and proprietary business information and competitively sensitive information become public, and available to its competitors.

Zedo also notes that it would indeed be an inappropriate result if a governmental antitrust enforcement action was to cause harm, prejudice and competitive disadvantage to the innocent competitors (here, the non-parties) of the targeted enterprise (here, Google) in the very industry that the antitrust enforcement action is designed to protect (here, the ad tech business).

## CONCLUSION

WHEREFORE, for the foregoing reasons, Zedo, Inc. respectfully requests that this Honorable Court grant Zedo's very limited request for Plaintiffs to redact Zedo's name in the

Zedo trial exhibits proposed by Plaintiffs, or alternatively to use a surrogate name for Zedo, such as ABC, Inc., and for such further relief as this Court deems just and proper.

Dated:  August 5, 2024                                  Respectfully submitted,

/s/
Charles B. Molster, III (Va. Bar No. 23613)
Law Offices of Charles B. Molster, III PLLC
2141 Wisconsin Avenue, N.W.
Suite M
Washington, D.C. 20007
Office:  (202) 787-1312
Cell:  (703) 346-1505
Email:  cmolster@molsterlaw.com

**Counsel for Zedo, Inc.**