IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA, *et al.*,  )
                                     )
                Plaintiffs,          )
                                     )
    v.                               )    Civil Action No. 1:23cv0108 (LMB/JFA)
                                     )
GOOGLE LLC,                          )
                                     )
                Defendant.           )
_____)

**ORDER**

This matter is before the court on the remaining portions of three motions to seal filed by

defendant relating to various motions. (Docket nos. 605, 651, 712). The court has issued orders

relating to defendant's memoranda in support of the motions, the oppositions, and the replies.

This order addresses the consolidated group of 161 exhibits that have been filed with defendant's

pleadings. A portion of the 161 exhibits were filed in the public record without redactions and

are not included in the motions to seal.[1] A substantial number of exhibits were filed entirely

under seal. Several exhibits were filed in the public record with redactions and the motions to

seal are limited to the information that has been redacted from the public filing. Each exhibit

that is the subject of these motions to seal will be addressed in numerical order.

Defendant has provided an Appendix A with each of the motions to seal stating the basis

for filing each exhibit under seal. (Docket nos. 606-1, 654-1, 713-1). For a large number of the

exhibits, defendant states the document was filed under seal based on plaintiffs' designation of

_____

[1] Exhibits 6, 12, 15-23, 26, 27, 31, 39-43, 45, 47-50, 52-61, 63-65, 79-81- 83-86, 91, 94,
96, 98, 99, 101-103, 108, 109, 111, 113, 114, 119-126, 128-130, 133, 134, 136, 147-149, 156,
160.

the information as confidential.  For some exhibits, defendant also requests that selected

information remain under seal.  Defendant also states that several exhibits were filed under seal

based on non-parties designation of that document as confidential.

Plaintiffs have filed an omnibus response to the defendant's motions to seal.  (Docket no.

823).  Along with the response, plaintiffs included an Attachment 1 providing a basis for

allowing certain information in selected exhibits to remain under seal.  (Docket no. 823-1).

Plaintiffs also filed several declarations in support of their requests (Docket nos. 823-2 to 823-8).

In addition, plaintiffs have filed in the public record proposed redacted versions of exhibits the

defendant filed under seal.  (Docket nos. 823-9 to 823-34).

In response to the court's order (Docket no. 728), numerous non-parties have filed

responses to these motions to seal.  *See* Docket nos. 695, 776, 777, 781, 782, 787, 788, 790, 796,

805, 811, 812, 813, 814, 818, 820, 822, 825, 837, 838, 839, 840, 842).  The court has reviewed

each of the responses filed by these non-parties and taken their arguments into consideration in

making its rulings.

Initially, the court finds that the request to have information in these exhibits remain

under seal requires an analysis of the public's access under the First Amendment standard

requiring that access may be restricted only if it is necessitated by a compelling government

interest and the denial of access is narrowly tailored to serve that interest.  *See Va. Dep't of State*

*Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004); *Doe v. Pub. Citizen*, 749 F.3d 246, 266

(4th Cir. 2014).  In addition, pursuant to Local Civil Rule 5, the party that has designated

information as confidential is required to provide the court with the reasons why that information

should remain under seal.

Having reviewed the arguments provided by the parties and non-parties and reviewing each exhibit individually, the court makes the following findings.

1. The motion to seal exhibit 1 is granted in part and denied in part. Exhibit 1 includes portions of the expert report of Robin Lee and was filed entirely under seal. The court previously issued an order addressing redactions to a portion of this report (Docket no. 1070) but, unfortunately, exhibit 1 contains additional portions of the report than those included with the briefing on the motion to exclude testimony from Robin Lee. Having reviewed the portions of exhibit 1 that defendant has proposed being redacted (including various figures, percentage use of Google Ads, percentage of revenue from foreign countries, and accounting practices), the court finds that they do not rise to the level of protection as a compelling governmental interest. Consistent with the court's previous ruling on this report, that information may not be redacted. Having reviewed the non-parties' responses, the references to non-parties in figures 45, 47-51, 54, 56, 57, 90-96, 99-104, 107, 110, 111, and 122-131, including the notes to those figures should be redacted and remain under seal at this time. The references to non-parties in footnotes 552, 567, 634, 635, 700, 703, 710 (including individual), 724, 727, 728, 729, and 796 should be redacted and remain under seal at this time. The references to non-parties in paragraphs 494 and 506 should be redacted. The reference disclosing the type of clients in paragraph 642 relating to Equativ (between "lost" and "to Google") should be redacted.

2. The motion to seal exhibit 2 is granted in part and denied in part. Exhibit 2 includes portions of the expert report of Rosa Abrantes-Metz and was filed entirely under seal on the basis that plaintiffs designated it as confidential. Plaintiffs have not provided

any basis for this document remaining under seal.  Several non-parties have requested that portions of this document be redacted.  Based on those requests, the court finds that the references to non-parties in figure 30 should be redacted and may remain under seal at this time.  The remaining information that non-parties requested remain under seal does not rise to the level that would justify it not being in the public record.

3.   Exhibit 3 includes portions of the expert rebuttal report of Robin Lee and was filed entirely under seal.  Having reviewed the portions of exhibit 3 that defendant has proposed being redacted (including various figures), the court finds that they do not rise to the level of protection as a compelling governmental interest.  Having reviewed the non-parties' responses, the references to non-parties in figures 8, 69-72, 88 and 89 including the notes to those figures should be redacted and remain under seal at this time.  The percentage numbers in paragraphs 298 and 299 should be redacted.

4.   The motion to seal exhibit 4 is granted in part and denied in part. Exhibit 4 includes portions of the expert report of Gabriel Weintraub and was filed entirely under seal on the basis that plaintiffs designated it as confidential.  Plaintiffs have not provided any basis for this document remaining under seal.  Several non-parties have requested that portions of this document be redacted.  Having reviewed the non-party submissions, footnote 381 should be redated and remain under seal at this time.  The remaining information that non-parties requested remain under seal does not rise to the level that would justify it not being in the public record.

5.   The motion to seal exhibit 5 is granted in part and denied in part. Exhibit 5 includes portions of the expert report of Timothy Simcoe and was filed entirely under seal on

4

the basis that plaintiffs designated it as confidential.  Plaintiffs have not provided any basis for this document remaining under seal.  Having reviewed the portions of exhibit 5 that defendant has proposed being redacted, the court finds that the proposed redaction to footnote 111 is appropriate, but the other proposed redactions do not rise to the level of protection as a compelling governmental interest.  Several non-parties have requested that portions of this document be redacted.  Having reviewed the non-parties' responses, the references to non-parties in figures 4, 7 and 8 should be redacted and remain under seal at this time.  In paragraph 9.c., the second sentence should be redacted along with footnote 179.  The reference to a non-party in paragraph 84 should be redacted.  The remaining information that non-parties requested remain under seal does not rise to the level that would justify it not being in the public record.

6. The motion to seal the unredacted portions of exhibit 7 is denied.  Exhibit 7 is a portion of the transcript from the deposition of Kenneth Wilber.  The redacted portions of this transcript refer to a non-party deposition and defendant filed that portion of the transcript under seal based on the designation of the transcript as confidential.  The court has not received any response from plaintiffs or a non-party requesting that this information remain under seal.  A complete copy of this exhibit should be filed in the public record.

7. The motion to seal exhibit 8 is granted in part and denied in part. Exhibit 8 includes portions of the transcript of the deposition of Robin Lee.  Plaintiffs have not requested that any information in this transcript remain under seal.  Defendant has requested that certain revenue numbers and percentages of display web addressable

inventory remain under seal. These proposed redactions do not rise to the level of a compelling governmental interest and that information will not remain under seal. Several non-parties have requested that portions of this transcript remain under seal. Having reviewed those responses, the court finds that the references to specific non-parties should be redacted on pages 240 through 245. In addition, the percentage numbers on page 282, lines 5 and 16 should be redacted.

8. The motion to seal exhibit 9 is granted in part and denied in part. Exhibit 9 includes portions of the transcript of the deposition of Benneaser John and was filed under seal pursuant to Microsoft's designation of that transcript as confidential. Neither plaintiffs nor defendant requested that any information in this transcript remain under seal. Microsoft's response requests that redactions on page 286 line 6 through page 287 line 16 and page 304 line 24 through page 305 line 15 be made and the remaining portion filed in the public record. (*See* Docket no. 814-5). The court finds those redactions to be appropriate and the remaining portion of the transcript should be filed in the public record.

9. The motion to seal exhibit 10 is granted in part and denied in part. Exhibit 10 includes portions of the transcript of the deposition of John Dederick and was filed under seal pursuant to The Trade Desk's designation of that transcript as confidential. Neither plaintiffs nor defendant requested that any information in this transcript remain under seal. Unfortunately, The Trade Desk's response fails to identify what portions of this transcript should remain under seal and what portions may be filed in the public record. It is clear that large portions of this transcript relate to a publicly filed annual 10-K report and general market conditions. The concerns about potential impact of

6

changes made to HTTP cookies referred to in the response and declaration filed by
The Trade Desk appear to be limited to pages 315, 316, and 317. The court will
allow a redaction from page 315 line 22 through page 317 line 15 and the remaining
portion of this transcript shall be filed in the public record.

10. The motion to seal exhibit 11 is granted in part and denied in part. Exhibit 11
includes portions of the transcript of the deposition of Luke Lambert and was filed
under seal pursuant to Omnicom's designation of that transcript as confidential.
Neither plaintiffs nor defendant requested that any information in this transcript
remain under seal. Unfortunately, Omnicom has not specifically indicated what
portions of this transcript may be filed in the public record. The Lambert declaration
does highlight page 119 line 13 through page 122 line 17, which refers to a 2019
email that does not contain any specific commercial information. The concerns about
Omnicom's client recommendations appear on pages 126 through 137. At this time
the court will allow only pages 126 through page 137 to be redacted and the
remaining portion of this transcript shall be filed in the public record.

11. The motion to seal exhibit 13 is denied. Exhibit 13 includes portions of a transcript
of the deposition of Kristy Kozlowski and was filed under seal pursuant to Comcast's
designation of that transcript as confidential. Neither plaintiffs nor defendant
requested that any information in this transcript remain under seal. Comcast has not
filed a response providing any argument as to why this transcript should remain under
seal.

12. The motion to seal exhibit 14 is denied. Exhibit 14 is an email attaching a 2021
Suicide Prevention Month Digital Marketing Plan that was filed under seal pursuant

to plaintiffs' request. Plaintiff has not provided any response providing a basis for this document remaining under seal.

13. The motion to seal exhibit 25 is denied. Exhibit 25 is a portion of the transcript of the deposition on Todd Parsons and it was filed under seal based on Criteo's designation of that document as confidential. Criteo's response does not present any argument or request that this transcript remain under seal. (Docket no. 811).

14. The motion to seal exhibit 28 is denied. Exhibit 28 is a portion of the expert report from Ramamoorthi Ravi and it was filed under seal based on plaintiffs' designation of the report as confidential. Defendant has requested that portions of pages 104 and 113 remain under seal. Plaintiffs have not provided any support for having this document remain under seal in their response. While a non-party included this exhibit in its response (Docket no. 822), the deposition testimony relating to that non-party does not contain any specific, commercial information that justifies it remaining under seal. The court has reviewed the proposed redactions by defendant and finds that information does not rise to the level of justifying restricting public access.

15. The motion to seal exhibit 29 is granted in part and denied in part. Exhibit 29 is a set of slides from a May 20, 2019, presentation and it was filed under seal based on its designation as confidential by Microsoft. Microsoft has filed in the public record a redacted version of this exhibit. (Docket no. 814-6). The finds that the information redacted by Microsoft may remain under seal at this time as it contains sensitive commercial information of various non-parties.

16. The motion to seal the redacted portions of exhibit 32 is granted **and modified**. Exhibit 32 is a portion of the deposition transcript of Ramamoorthi Ravi. Defendant

8

filed a version of this exhibit in the public but redacted a portion concerning a non-party's deposition testimony.  The court has reviewed the portions of this transcript and the responses from non-parties and finds that page 193 line 25 should remain redacted.  The court also finds that the portion beginning on page 247 line 9 through 248 line 8 should also be redacted.  Defendant shall arrange to have docket number 583-2 placed under seal and file a version of this transcript with the redactions described above in the public record.

17. The motion to seal the redacted portions of exhibit 33 is granted in part and denied in part.  Exhibit 33 is a portion of the expert report from Mark Israel and a redacted version of this exhibit was filed in the public record.  Defendant has proposed redactions in portions of footnotes 946 and 947 and the court finds that information may remain under seal at this time.  Having reviewed the redactions in footnotes 741 and 945 and there being no response from a non-party concerning those redactions, the court finds that information does not rise to the level of justifying restricting public access.

18. The motion to file exhibit 34 under seal is granted.  Exhibit 34 is a portion of a presentation to PubMatic's board in January 2019.  As explained by PubMatic in its response (Docket no. 790), this document contains PubMatic's commercially sensitive information concerning its take rates and is entitled to protection.

19. The motion to file exhibit 35 is granted in part and denied in part.  Exhibit 35 is a portion of a presentation titled "Neil-OpenX Discussion" and was filed under seal based on OpenX designating this document as confidential.  OpenX has requested that this exhibit remain under seal given the commercially sensitive nature of the

information included in the exhibit.  The court agrees that pages 27 through 31 should remain under seal at this time.  The first three pages do not contain any commercial information and should be included in the public record.

20. The motion to seal exhibit 36 is granted.  Exhibit 36 is a printout of specific financial information of Sovrn and was filed under seal based on Sovrn designating this information as confidential.  As explained by Sovrn in its response (Docket no. 695), this exhibit contains commercially sensitive information and should remain under seal at this time.

21. The motion to seal the redacted portions of exhibit 38 is granted in part and denied in part.  Exhibit 38 is a portion of the expert report from Judith Chevalier and a redacted version was filed in the public record.  (Docket no. 583-8).  Portions of this report were filed under seal based on plaintiffs' designation of the report as confidential.  Plaintiffs' response does not address the reasons for having any of the redacted information remain under seal.  Non-parties have filed responses that request certain information remain under seal.  Having reviewed the non-party responses, the court finds that the references to non-parties in figure 10 should be redacted since specific revenue information relating to those non-parties is contained in that figure.  No redactions are needed in figure 17 since there is no specific non-party information disclosed.  Other than the redactions to figure 10, the remaining portion of this exhibit should be filed in the public record.

22. The motion to seal exhibit 44 is denied.  Exhibit 44 is a portion of the rebuttal report from Rosa Abrantes-Metz and was filed under based on plaintiffs' designation of this report as confidential.  Plaintiffs' response does not provide any support for

10

maintaining this exhibit under seal. Having reviewed the information contained in this exhibit, the court finds that it should be included in the public record.

23. The motion to seal the redacted portions of exhibit 46 is granted in part and denied in part. Exhibit 46 is a document titled "AWBid 2021 Strategy Paper" dated August 2, 2020 and defendant requests that portions of this document remain under seal. Given that this document was prepared almost four years ago, the court finds that the information concerning the percentages and dollars does not rise to the level of protection necessary to restrict public access at this time. However, at this time the court finds that the technical information redacted in comment 6 may remain under seal.

24. The motion to seal exhibit 51 is denied. Exhibit 51 is a portion of the transcript from the deposition of James Glogovsky and was filed under seal pursuant to the New York Times designation of the transcript as confidential. The New York Times' response (Docket no. 818) does not seek to have this transcript remain under seal and it does not contain any specific financial information.

25. The motion to seal exhibit 62 is granted in part and denied in part. Exhibit 62 is a portion of the rebuttal report of Adoria Lim along with portions of the expert report of Thomas Respess. Defendant, plaintiffs, and non-parties request that various portions of this exhibit remain under seal. Plaintiffs have filed a proposed redacted version of this exhibit that incorporates their proposed redactions with those proposed by defendant. (Docket no. 826-1). Non-parties have argued that other information in this exhibit should remain under seal. One non-party states that it gathered data relating to advertiser transactions that is used in this exhibit and another non-party

states that two unspecified "screenshots" show confidential pricing strategies and methods of structuring work. The court previously addressed portions of the Lim rebuttal report and the Respess report in ruling on the motion to seal the opposition to the motion to exclude testimony of Adoria Lim (exhibits A and B). (Docket no. 928). Consistent with the previous ruling, defendant's request to redact a portion of paragraph 21 in the Lim report is denied. As to the portions of the Respess report that are included in this exhibit, most of the issues were resolved in the previous motion and a redacted version has now been filed in the public record (Docket no. 1093-2). The only pages of the portion of this report in exhibit 62 that have not been previously addressed by the court are pages 4, 7, and 57. As previously stated, the following information in exhibit 62 may remain under seal: figure 13; columns A and B in figure 15; the percentage in the last sentence of paragraph 98; figure 28; footnote 91; the final sentence in paragraph 100; the percentage numbers in paragraph 109 (page 55); and figure 30. The request to redact the information included on additional pages 7 and 57 is denied.

26. The motion to seal the redacted portion of exhibit 66 is denied. Exhibit 66 is a portion of the deposition of Christopher Koepke and a redacted version has been filed in the public record. The proposed redaction is two lines at the top of page 91 of the transcript. Plaintiffs' opposition does not provide any support for that information remaining under seal.

27. The motion to seal exhibit 67 is granted in part and denied in part. Exhibit 67 includes a chain of emails and it was filed under seal based on plaintiffs' designation of this document as confidential. Plaintiff and Interpublic have each filed identical

proposed redacted versions of this exhibit. (Docket nos. 823-10, 805-8). The redactions concern the names and identifying information of individuals and a percentage number. The court finds those redactions are appropriate and the remainder of the exhibit is filed in the public record.

28. The motion to seal the redacted portions of exhibit 68 is denied. Exhibit 68 is a portion of the transcript of the deposition of Adoria Lim and a redacted version was filed in the public record. Defendant is requesting that part of this transcript remain under seal and states that other portions were redacted since they mention non-parties. The court has reviewed the proposed redactions and finds that the information in those redacted portions does not rise to the level of justifying restricting public access.

29. The motion to seal exhibit 69 is granted. Exhibit 69 is a portion of a proposal submitted to the Bureau of Census on behalf of Young & Rubicam and it was filed under seal pursuant to plaintiffs' designation of the document as highly confidential. As explained by Young & Rubicam in its response, this document contains sensitive commercial information that justifies it remaining under seal at this time. (Docket no. 813).

30. The motion to seal exhibit 70 is granted in part and denied in part. This exhibit includes two emails sent in June 2019 and a document titled Impaired Driving 2019 HVE Campaigns dated May 17, 2019. Plaintiff has requested that the names and email addresses in the emails be redacted. Non-party Stratacomm has filed a response requesting that names and email addresses of its employees also be redacted and expressed concern that it may also contain confidential business information.

Given that this document is more than five years old and having reviewed the information in the document, the court finds that it does not contain information that satisfies the requirements for remaining under seal. The motion is granted as to the names and email addresses in the emails and that information may remain under seal.

31. The motion to seal exhibit 71 is granted in part. Exhibit 71 is an email and portions of a contract between the USPS and Universal McCann. It was filed under seal based on plaintiffs' designation as highly confidential. Plaintiffs' and Interpublic's responses include identical redacted versions of this exhibit. (Docket nos. 823-11, 805-9). The court finds those redactions are appropriate and the remainder of the exhibit is filed in the public record.

32. The motion to seal exhibit 72 is granted in part. Exhibit 72 is portion of a solicitation/contract/order with the Department of Veterans Affairs and Reingold and was filed under seal pursuant to plaintiffs' designation of this document as highly confidential. Other than requesting that the names and email addresses of individuals be redacted, plaintiff has not requested that any other information in this document remain under seal. The name, email address, and telephone number should be redacted, and the remainder of the document filed in the public record.

33. The motion to seal exhibit 73 is granted in part. Exhibit 73 is a portion of a contract between the Navy and Young & Rubicam and it was filed under seal pursuant to plaintiffs' designation of this document as highly confidential. Plaintiffs have filed a redacted version of this exhibit with their response. (Docket no. 823-12). Young & Rubicam has acknowledged that plaintiffs would be providing a version redacting its

confidential information.  (Docket no. 813).  The court finds plaintiffs' redactions are appropriate and the remainder of the exhibit is filed in the public record.

34. The motion to seal exhibit 74 is granted in part.  Exhibit 74 is an email and a portion of a contract between the Center for Medicare and Medicaid Services and IPG and it was filed under seal pursuant to plaintiffs' designation of this document as highly confidential.  Plaintiffs have filed a redacted version of this exhibit with their response.  (Docket no. 823-13).  Plaintiffs have redacted the name of the contractor in their proposed redactions and the court finds that the name and street address of the contractor should be in the public record.  The remaining redactions proposed by plaintiffs are appropriate.

35. The motion to seal exhibit 75 is granted in part.  Exhibit 75 is an email and a portion of a media plan for the Air Force and it was filed under seal pursuant to plaintiffs' designation of this document as highly confidential.  Plaintiffs have filed a redacted version of this exhibit in the public record with their response.  (Docket no. 823-14).  While this exhibit has been significantly redacted, the court finds that the redacted material is entitled to be filed under seal at this time.

36. The motion to seal exhibit 76 is granted in part.  Exhibit 76 is an email and a portion of a NHTSA RFP to Stratacomm and it was filed under seal pursuant to plaintiffs' designation of this document as highly confidential.  Plaintiffs have filed a redacted version of this exhibit in the public record with their response.  (Docket no. 823-15).  The portions of this exhibit that have been redacted by plaintiffs appear to be appropriate.  However, plaintiffs do not appear to be consistent with their request to redact names and emails addresses in the email on page one of this exhibit.

37. The motion to seal exhibit 77 is granted in part.  Exhibit 77 is an email with an attachment concerning a revised optimization process review and it was filed under seal pursuant to plaintiffs' designation of this document as confidential.  Plaintiffs have filed a redacted version of this exhibit in the public record with their response. (Docket no. 823-16).  The portions of this exhibit that have been redacted by plaintiffs appear to be appropriate for the reasons stated in the non-party's response. (Docket no. 839).

38. The motion to seal exhibit 78 is granted in part.  Exhibit 78 is a 2018 contract between the Census Bureau and Young & Rubicam and it was filed under seal pursuant to plaintiffs' designation of this document as highly confidential.  Plaintiffs have not provided a proposed redacted version of this document and have not included any basis for anything other than names and email addresses being redacted. Young & Rubicam has filed a response stating that this document should remain under seal because it contains confidential, strategic, and competitively valuable information.  (Docket no. 813).  However, this contract, relating to the 2020 census, was awarded in 2018 and was completed many years ago.  A review of the information in this document provides general information concerning strategy and development and does not include any specifics (which are to be developed under the contract).  For these reasons, the court finds that the only redactions that should be made to this document is the name of the contracting officer.

39. The motion to seal the redacted portion of exhibit 82 is granted in part.  Exhibit 82 is a Google Marketing Platform Order Form – Advertising Services.  Defendant has filed a redacted version of this document in the public record and requests that certain

redacted information remain under seal.  The court has reviewed the proposed

redactions and find that the percentages and dollar amounts in part 1 may remain

under seal at this time.  However, given the nature of this case and the need for the

public to understand how defendant calculates its various fees, the request to redact

the information in part 3 is denied and it should be filed in the public record.

40. The motion to seal exhibit 87 is granted in part.  Exhibit 87 is a portion of a

presentation by Xandr and it was filed under seal pursuant to Microsoft's request.

Microsoft has attached a proposed redacted version of this exhibit in its response.

(Docket no. 814-7).  The court finds the proposed redactions to be appropriate and the

remaining portion of exhibit 87 is in the public record.

41. The motion to seal exhibit 88 is denied.  Exhibit 88 is a "Google Display" that was an

exhibit in the deposition of a NHTSA representative, and it was filed under seal

pursuant to plaintiffs' designation of the document as confidential.  Plaintiff's

response does not provide any basis for this document remaining under seal.

42. The motion to seal exhibit 89 is granted in part.  Exhibit 89 is a portion of a

presentation titled SSP Business Investment Case and it was filed under seal pursuant

to AT&T's request.  Microsoft Corp. acquired Xandr Inc. from AT&T and Microsoft

has attached a proposed redacted version of this exhibit in its response.  (Docket no.

814-8).  The court finds the proposed redactions to be appropriate and the remaining

portion of exhibit 89 is in the public record.

43. The motion to seal the redacted portion of exhibit 90 is denied.  Exhibit 90 is a document

prepared in May 2018 discussing 2018 early results concerning the DVIP program and

changes to be made in 2019.  Defendant filed a redacted version of this document in the

public record and requests that certain information remain under seal. Given the timing

of this document and the matters discussed in it, the court finds that it does not rise to the

level that would justify restricting public access.

44. The motion to seal exhibit 92 is denied. Exhibit 92 is the errata sheet from the Simcoe

expert report and was filed under seal based on plaintiffs' designation of this document as

confidential. Plaintiffs have not provided any support for having this document remain

under seal in their response.

45. The motion to seal exhibit 93 is granted in part. Exhibit 93 is a portion of the rebuttal

report from Timothy Simcoe and was filed under seal pursuant to plaintiffs' designation

as confidential. Plaintiffs have not addressed this exhibit in their response. Non-parties

have requested that figure 3 be redacted. The court finds that references to non-parties in

figure 3 and its notes should be redacted. The remaining portion of exhibit 93 should be

filed in the public record.

46. The motion to seal exhibit 95 is denied. Exhibit 95 is a portion of version 1.0 of a 2020

Census integrated communications plan dated June 2, 2017, and it was filed under seal

pursuant to plaintiffs' designation of the document as confidential. Plaintiffs' response

does not provide any support for this document remaining under seal. Young & Rubicam

requests that this document remain under seal, but it fails to explain why the general

information in this very limited portion of this 2017 document should remain under seal.

(Docket no. 813).

47. The motion to seal exhibit 97 is granted in part. Exhibit 97 is backup data for figure 11

of appendix E in the rebuttal report of Adoria Lim and it was filed under seal pursuant to

plaintiffs' designation as containing confidential information. Plaintiffs have filed a

proposed redacted version of this exhibit under seal. (Docket no. 826-2). Non-parties

have requested that information contained in this exhibit remain under seal. Those non-

party responses fail to explain how the information contained in this exhibit is

commercially sensitive to them and it is not clear from the exhibit. The court will allow

the redactions proposed by plaintiffs, but the remaining portion of this exhibit should be

filed in the public record.

48. The motion to seal exhibit 99 is granted in part. Exhibit 99 is an invoice from Young &

Rubicam to the Navy and it was filed under seal pursuant to plaintiffs' designation of this

document as highly confidential. Plaintiffs have filed a redacted version of this exhibit

with their response. (Docket no. 823-19). Young & Rubicam has acknowledged that

plaintiffs would be providing a version redacting its confidential information. (Docket

no. 813). The court finds plaintiffs' redactions are appropriate and the remainder of the

exhibit is filed in the public record.

49. The motion to seal the redacted portion of exhibit 100 is denied. Exhibit 100 is a portion

of the deposition transcript of Wayne Hoyer and a redacted version was filed in the

public record. Defendant redacted two small portions of this exhibit based on plaintiffs'

designating that information as confidential. Plaintiffs' response does not address this

exhibit. The court has reviewed the two redacted portions of the transcript and finds they

should be included in the public record.

50. The motion to seal exhibit 104 is denied. Exhibit 104 is a portion of the deposition

transcript of Simon Whitcomb and defendant filed this exhibit under seal pursuant to

Meta's designation of the transcript as confidential. Meta's responses to the motion to

seal do not address this exhibit.  (Docket nos. 788, 852).  The court has reviewed these portions of the transcript and finds that they should be included in the public record.

51. The motion to seal exhibit 105 is denied.  Exhibit 105 is a portion of the deposition transcript of Kristy Kozlowski and defendant filed this exhibit under seal pursuant to Comcast's designation of the transcript as confidential.  Comcast has not filed and response to the motion to seal.  The court has reviewed these portions of the transcript and finds that they should be included in the public record.

52. The motion to seal exhibit 106 is denied.  Exhibit 106 is a portion of the deposition transcript of Michael Shaughnessy and defendant filed this exhibit under seal pursuant to Kargo's designation of the transcript as confidential.  Kargo's response to the motion to seal states the information contained in this transcript include "Mr. Shaughnessy's perspective on ad spend strategy and ad planning and the overall ad tech industry". (Docket no. 820 at 6).  The court has reviewed these portions of the transcript and finds that they are general statements and do not rise to the level of highly sensitive commercial information that should remain under seal.

53. The motion to seal exhibit 107 is denied.  Exhibit 107 is a portion of the deposition transcript of Luke Lambert and defendant filed this exhibit under seal pursuant to Omnicom's designation of the transcript as confidential.  Omnicom's response to the motion to seal states the information contained in this transcript "represents the agencies' proprietary and confidential trade secret approach for deriving media strategy, which provides them with a competitive advantage in the marketplace". (Docket no. 839 at 7). The court has reviewed these portions of the transcript and finds that the information in

this portion of the transcript is not specific or commercially sensitive and does not rise to the level of highly sensitive commercial information that should remain under seal.

54. The motion to seal the redacted portion of exhibit 110 is denied. Exhibit 110 is a portion of the deposition transcript of Christopher Koepke and a redacted version was filed in the public record. Defendant redacted two small portions of this exhibit based on plaintiffs' designating that information as confidential. Plaintiffs' response does not address this exhibit. The court has reviewed the two redacted portions of the transcript and finds they should be included in the public record.

55. The motion to seal exhibit 112 is denied. Exhibit 112 is a portion of the rebuttal report from Wenke Lee and it was filed under seal based on plaintiffs' designating that information as confidential. Plaintiffs' response does not address this exhibit. The court has reviewed the portion of this rebuttal report and finds it should be included in the public record.

56. The motion to seal exhibit 115 is denied. Exhibit 115 is a portion of the deposition transcript of Omri Farber and defendant filed this exhibit under seal pursuant to Meta's designation of the transcript as confidential. Meta's responses to the motion to seal do not address this exhibit. (Docket nos. 788, 852). The court has reviewed these portions of the transcript and finds that they should be included in the public record.

57. The motion to seal exhibit 116 is denied. Exhibit 116 is a portion of the deposition transcript of Benneaser John and defendant filed this exhibit under seal pursuant to Microsoft's designation of the transcript as confidential. Microsoft's response requests that two portions of this transcript remain under seal. (Docket no. 814-1 at 4). The court has reviewed these portions of the transcript and finds that they do not appear to contain

commercially sensitive and do not rise to the level of highly sensitive commercial information that should remain under seal.

58. The motion to seal exhibit 117 is denied.  Exhibit 117 is a portion of the deposition transcript of Brian O'Kelley and defendant filed this exhibit under seal to the extent a third-party may have designated this testimony as confidential.  There does not appear to a response filed by any non-party providing a basis for this exhibit remaining under seal. The court has reviewed these portions of the transcript and finds that they should be included in the public record.

59. The motion to seal the redacted portions of exhibit 118 is denied.  Exhibit 118 is a portion of the expert report of Mark Israel and a redacted version of this report was filed in the public record.  Defendant requests that certain profit and loss and cost data be redacted. Defendant also redacted three passages in the report that plaintiffs designated as confidential.  Plaintiffs have not addressed this exhibit in their response.  As to defendant's request, the court finds that the financial information contained on pages 93 and 94 does not rise to the level of highly sensitive commercial information and it should be included in the public record.

60. The motion to seal exhibit 127 is denied.  Exhibit 127 includes portions of the expert report of Robin Lee and was filed entirely under seal.  The court previously issued an order addressing redactions to a portion of this report (Docket no. 1070) and other portions of this report are addressed above (exhibit 1).  Having reviewed the portion of exhibit 127 that defendant has proposed being redacted (figure 23 on page 56), the court finds it does not rise to the level of protection as a compelling governmental interest.  The court has also reviewed pages H-1 and H-2 that has been included in responses from

several non-parties and finds that the references to non-parties in those pages do not contain any specific commercially sensitive information that would justify restricting public access.

61. The motion to seal the redacted portions of exhibit 131 is denied.  Exhibit 131 is a portion of the expert report of Mark Israel and a redacted version of this report was filed in the public record.  Defendant requests that certain profit and loss and cost data be redacted. Defendant also redacted two passages in the report that plaintiffs designated as confidential.  Plaintiffs have not addressed this exhibit in their response.  As to defendant's request, the court finds that the percentages and financial information contained on pages 146 and 467 do not rise to the level of highly sensitive commercial information and they should be included in the public record.

62. The motion to seal the redacted portions of exhibit 132 is denied.  Exhibit 132 is a portion of the expert report of Paul Milgrom and a redacted version of this report was filed in the public record.  Defendant requests that certain information in footnote 767 be redacted. Defendant also redacted a passage in the report that plaintiffs designated as confidential. Plaintiffs have not addressed this exhibit in their response.  As to defendant's request, the court finds that the information in footnote 767 does not rise to the level of highly sensitive commercial information and it should be included in the public record.

63. The motion to seal the redacted portions of exhibit 135 is granted.  Exhibit 135 is a portion of the deposition testimony of Eric Hochberger and a redacted version of this transcript was filed in the public record.  Defendant redacted information on pages 21-23 that discuss Mediavine's revenues, profits, and sources of revenue.  Mediavine has filed a response requesting that this information remain under seal.  (Docket no. 796).  Having

reviewed the information contained in these redactions, the court finds that it does contain commercially sensitive information of a non-party and that it should remain under seal at this time.

64. The motion to seal exhibit 137 is granted in part.  Exhibit 137 includes another portion of the rebuttal report of Robin Lee and was filed entirely under seal.  The court has previously addressed portions of this report in ruling on the various motions to seal. Several non-parties have filed responses requesting that portions of this rebuttal report remain under seal.  As in previous orders, the court finds that the references to non-parties in paragraph 468, 471, 528; footnotes 730, 734; and figure 31should be redacted and the remaining portion of this exhibit filed in the public record.

65. The motion to seal the redacted portions of exhibit 138 is granted.  Exhibit 138 is a portion of the deposition testimony of Luke Lambert and it was filed under seal pursuant to Omnicom's designation.  Omnicom has filed a response setting forth its reasons why this exhibit should remain under seal. (Docket no. 839 at 10).  Having reviewed Omincom's response and the testimony included in this exhibit, the court finds that is does contain confidential and proprietary information concerning Omnicom's dealings with the Army and that it should remain under seal at this time.

66. The motion to seal exhibit 139 is granted in part.  Exhibit 139 is an invoice from GSD&M to the Air Force and it was filed under seal pursuant to plaintiffs' designation of this document as highly confidential.  Plaintiffs and GSD&M have filed responses requesting that portions of this document remain under seal. (Docket nos. 823-20 and 839 at 10).  Plaintiffs have filed a proposed redacted version of this exhibit in the public record. (Docket no. 823-20).  The proposed redacted version properly excludes

commercially sensitive information of non-party GSD&M including specific billing rates and detailed time entries.  This redacted version has been filed in the public record.

67. The motion to seal exhibit 140 is granted in part.  Exhibit 140 is a voucher and invoices from DDB to the Army and it was filed under seal pursuant to plaintiffs' designation of this document as highly confidential.  Plaintiffs and DDB have filed responses requesting that portions of this document remain under seal.  (Docket nos. 823-21 and 839 at 11). Plaintiffs have filed a proposed redacted version of this exhibit in the public record. (Docket no. 823-21).  The proposed redacted version properly excludes commercially sensitive information of non-party DDB.  This redacted version has been filed in the public record.

68. The motion to seal exhibit 141 is granted in part.  Exhibit 141 is a production bill, invoices, and email between Young & Rubicam and the Census Bureau and it was filed under seal pursuant to plaintiffs' designation of this document as highly confidential. Young & Rubicam has filed response stating that portions of this exhibit should be redacted to protect highly confidential and proprietary billing information and spend strategy.  (Docket no. 813-8).  Plaintiffs have not filed a proposed redacted version of this exhibit with their response like they have done with other similar exhibits.  (Docket no. 823).  Given that this exhibit (unlike the initial contract) contains specific commercial information concerning the contract, along with identifying information of Census Bureau personnel, the court believes that a redacted version of this exhibit should be filed in the public record.  Plaintiffs are hereby ordered to provide the defendant with a redacted version of this exhibit within seven days so defendant may include it in its response to this order.  The redactions to this exhibit should be consistent with the type of

25

information redacted in similar exhibits prepared by plaintiffs relating to other invoices concerning other contracts and non-parties.  If plaintiffs fail to provide defendant with a redacted version of exhibit 141, defendant shall file an unredacted version in the public record.

69. The motion to seal exhibit 142 is granted in part.  Exhibit 142 is an invoice from Universal McCann to the USPS and it was filed under seal pursuant to plaintiffs' designation of this document as highly confidential.  Plaintiffs and Interpublic have filed responses requesting that portions of this document remain under seal.  (Docket nos. 823-22 and 805-11).  Plaintiffs and Interpublic have filed a proposed redacted version of this exhibit in the public record.  (*Id.*).  The proposed redacted version properly excludes commercially sensitive information of non-party Interpublic.  This redacted version has been filed in the public record.

70. The motion to seal exhibit 143 is granted in part.  Exhibit 143 is an invoice from the District Communications Group to the Department of Veterans Affairs and it was filed under seal pursuant to plaintiffs' designation of this document as highly confidential. Plaintiffs has filed a response requesting that portions of this document remain under seal.  (Docket no. 823-23).  Plaintiffs have filed a proposed redacted version of this exhibit in the public record.  (*Id.*).  The limited redactions by plaintiffs appear to be proper and the redacted version has been filed in the public record.

71. The motion to seal exhibit 144 is granted in part.  Exhibit 144 is a digital media bill from Young & Rubicam to the Navy and it was filed under seal pursuant to plaintiffs' designation of this document as highly confidential.  Young & Rubicam has filed a response stating that portions of this exhibit should be redacted to protect highly

confidential and proprietary billing information and spend strategy. (Docket no. 813-8).
Plaintiffs have filed a proposed redacted version of this exhibit with their response.
(Docket no. 823-24). The redactions by plaintiffs appear to be proper and the redacted
version has been filed in the public record.

72. The motion to seal exhibit 145 is denied. Exhibit 145 is a portion of the expert report of
Rosa Abrantes-Metz and was filed under seal based on plaintiff's designation as highly
confidential. Plaintiffs' response does not address this exhibit. Having reviewed the
information contained in this exhibit, the court finds that it should be in the public record.

73. The motion to seal exhibit 146 is granted. Exhibit 146 is a portion of the transcript of the
deposition of Tim Craycroft and it was filed under seal based on Amazon's designation
of the testimony as confidential. Amazon has filed a response requesting that pages 81-
84 remain under seal since it involves sensitive business negotiations between Amazon
and Google and Amazon's non-public proprietary advertising technology. Amazon states
that public disclosure would cause competitive harm to Amazon by impacting its
negotiating position with Google and other ad publishers. (Docket no. 782-1 at 3).
Assuming Amazon's representation that the information contained on page 84 is non-
public, the information in this exhibit may remain under seal at this time.

74. The motion to seal exhibit 150 is denied. Exhibit 150 is a portion of the deposition
transcript of Simon Whitcombe and it was filed under seal pursuant to Meta's designation
as confidential. Meta's responses do not address this exhibit. (Docket nos. 788, 852).
The court has reviewed the testimony in this exhibit, and it appears to be general in
nature and not contain any highly sensitive commercial information.

75. The motion to seal exhibit 151 is denied.  Exhibit 151 is an excerpt of a spreadsheet prepared by a non-party that was produced by defendant.  Defendant filed this exhibit under seal "pursuant to contractual obligations to maintain the confidentiality of the material".  The court has reviewed the information in this exhibit, and it does not appear to contain any highly sensitive information that justifies restricting the public's access to this information even if there is some contractual obligation to maintain its confidentiality.

76. The motion to seal exhibit 152 is denied.  Exhibit 152 is a portion of the deposition transcript of Jeremy Helfand and it was filed under seal pursuant to Disney designating the transcript confidential.  Disney did not file a response to this motion to seal providing any basis for this testimony to remain under seal.[2]  Having reviewed the testimony included in this exhibit, the court finds that it does not appear to include any commercially sensitive, non-public information and it should be in the public record.

77. The motion to seal exhibit 153 is also denied.  Exhibit 153 is titled appendix and it was an exhibit in the portion of the deposition transcript of Jeremy Helfand discussed above. This exhibit was filed under seal pursuant to Disney designating the document confidential.  Disney did not file a response to this motion to seal providing any basis for this exhibit remaining under seal.  Having reviewed the exhibit, the court finds that it does not appear to include any commercially sensitive, non-public information and it should be in the public record.

---

[2] Following the court's deadline for filing responses to these motions to seal, Disney did make an appearance in this case and has presented arguments concerning why other portions of this deposition testimony and other documents should not be made public during the trial of this case.

78. The motion to seal exhibit 154 is granted in part.  Exhibit 154 is portion of a presentation to the Army concerning marketing mix modeling and utilization assessments and it was filed under seal pursuant to plaintiffs' designation of this document as highly confidential.  Plaintiffs have filed a response requesting that portions of this document remain under seal.  (Docket no. 823-25).  DDB has also filed a response indicting that portions of this exhibit should remain under seal.  (Docket 839-3).  Plaintiffs filed a proposed redacted version of this exhibit in the public record.  (Docket no. 823-25).  Given that this exhibit contains sensitive commercial information of a non-party and its assessment to its client, the redactions by plaintiffs appear to be proper and a redacted version has been filed in the public record.

79. The motion to seal exhibit 155 is granted in part.  Exhibit 155 is an email and portion of a presentation to the Navy from The Trade Desk titled tactical recommendation.  This exhibit was filed under seal pursuant to plaintiffs' designation of this document as highly confidential.  Plaintiffs have filed a response requesting that portions of this document remain under seal.  (Docket no. 823-26).  The Trade Desk has also filed a response indicting that portions of this exhibit should remain under seal.  (Docket 838-1 at 5-6).  Plaintiffs filed a proposed redacted version of this exhibit in the public record.  (Docket no. 823-26).  Given that this exhibit contains sensitive commercial information of a non-party and its assessment to its client, the redactions by plaintiffs appear to be proper and a redacted version has been filed in the public record.

80. The motion to seal the redacted information in exhibit 157 is denied.  Exhibit 157 is a 2021 document produced by defendant titled Canada Executive Briefing and a redacted version has been filed in the public record.  Defendant requests that certain information

concerning revenue, customers, and business strategies pertaining to its DV360 business

should remain under seal. Given that this document was prepared in 2021 or early 2022

and does not address current non-public strategies, it does not rise to the level of

protection necessary to restrict public access.

81. The motion to seal exhibit 158 is denied. Exhibit 158 appears to be a spreadsheet from

the Centers for Medicare and Medicaid Services and it was designated confidential by

plaintiffs. Plaintiffs' response does not provide any basis for this exhibit remaining under

seal. While it is difficult to read, it does not appear that this exhibit contains any highly

sensitive commercial information that would justify it remaining under seal.

82. The motion to seal exhibit 159 is denied. Exhibit 159 is a page from the expert report of

Timothy Simcoe and was filed under seal based on plaintiffs' designation of this

document as confidential. Plaintiffs' opposition does not address this exhibit and having

reviewed this page, there does not appear to be any basis for it remaining under seal.

83. The motion to seal the redacted portions of exhibit 161 is denied. Exhibit 161 is a page

from the expert report of Judith Chevalier and a redacted version of this exhibit was filed

in the public record. Defendant requests that certain information remain under seal and

has redacted portions based on plaintiffs' designation of that information as confidential.

Plaintiffs' response does not address the information that they have designed as

confidential. The court has reviewed the information that defendant requests remain

under seal and finds that it does not rise to the level of protection that would justify

restricting public access. This document should be filed in the public record.

In accordance with this order, within **14 days** defendant shall file in the public record the exhibits addressed in this order, either in an unredacted form or with the redactions described above. Plaintiffs shall provide defendant with a redacted version of exhibit 141 within seven days of the issuance of this order. If plaintiffs fail to provide defendant with a redacted version of exhibit 141, defendant shall file an unredacted version in the public record.

As indicated in previous orders, any information that has been allowed to remain under seal at this time is subject to reconsideration by the District Judge if the information is intended to be used during the trial of this case.

Entered this 6th day of August, 2024.

                                        _____/s/_____
                                        John F. Anderson
                                        United States Magistrate Judge
                                        John F. Anderson

Alexandria, Virginia                    United States Magistrate Judge

31