IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA, *et al.*,       )
                                          )
                         Plaintiffs,      )
                                          )
          v.                              )       Civil Action No. 1:23cv0108 (LMB/JFA)
                                          )
GOOGLE LLC,                               )
                                          )
                         Defendant.       )
_____       )

## ORDER

This matter is before the court on the remaining portion of plaintiffs' motion to seal

portions of their opposition to defendant's motion for summary judgment along with "certain

exhibits." (Docket no. 667). The court has ruled on this motion to the extent it involved the

opposition to the motion for summary judgment. (Docket no. 1073). This order resolves the

motion to seal concerning the 200 exhibits that were submitted along with plaintiffs' opposition.

Some of those exhibits have been filed in the public record, some have been filed in the public

record with redactions, and others have been filed under seal in their entirety. No specific index

or spreadsheet concerning these 200 exhibits has been provided. The memorandum in support of

the motion to seal states that the material being filed under seal was designated confidential by

defendant, non-parties, or contains sensitive business information of federal agency advertisers.

(Docket 668). Plaintiffs' memorandum states that they have redacted two narrow categories of

sensitive FAA information including contact information for agency employees and proprietary

commercial information, such as current pricing and media strategy.

On May 21, 2024, plaintiffs filed a supplement to their opposition in which they attached

exhibit 3 and a revised version of exhibit 8 (each under seal) and a notice that they were

1

withdrawing exhibits 84 and 173. (Docket nos. 677, 678). In their "omnibus response to motions to seal", plaintiffs included additional information concerning their previous motion to seal the exhibits to the opposition to the motion for summary judgment and attached redacted versions of exhibits 65, 68, 70, 72, 78, 91, 92, 93, and 170 that had previously been filed under seal without redactions. (Docket no. 823). Defendant filed an amended consolidated response in which it includes an Appendix A listing the exhibits it seeks to either remain under seal or portions of the exhibit that should remain under seal. (Docket no. 880-1). Defendant has also included in Appendix B a list of the exhibits that it does not oppose being unsealed. (Docket no. 880-2). Defendant also attached to its response proposed redacted versions of exhibits 3, 99, 101, 103, 146, 149, 154-159, 161, 163, 164, 166-168, 174-176, 180, and 192. (Docket nos. 881-883). Non-parties have filed responses requesting that information in several of the exhibits remain under seal. *See* Docket nos. 768, 776, 781, 782, 788, 787, 790, 805, 813, 814, 822, 825, 837, 838, 839, 840, and 842.

Initially, the court finds that the materials filed relating to this motion require an analysis of the public's access under the First Amendment standard requiring that access may be restricted only if it is necessitated by a compelling government interest and the denial of access is narrowly tailored to serve that interest. *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004); *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). In addition, pursuant to Local Civil Rule 5, the party that has designated information as confidential is required to provide the court with the reasons why that information should remain under seal.

In ruling on this motion to seal, the court has taken into consideration the Fourth Circuit's directives concerning motions to seal and has reviewed the arguments provided by the parties and non-parties. In addition, for each exhibit that is the subject of this motion the court has

reviewed each exhibit individually, including determining what information was redacted by plaintiffs in the exhibits with redactions.  Following that process the court makes the following findings.

1.  The motion to seal exhibit 1 is denied.  Defendant has agreed that this exhibit may be unsealed.  (Docket no. 880-2).

2.  The motion to seal the redacted portion of exhibit 2 is denied.  Defendant has agreed that the redacted portion of this exhibit may be unsealed.  (Docket no. 880-2).

3.  The motion to seal exhibit 3 is granted in part.  Defendant has filed a redacted version of this exhibit in the public record.  (Docket no. 881-2).  The court has reviewed the information that has been redacted by defendant and finds that those redactions are limited and appropriate.

4.  The motion to seal exhibit 4 is denied.  No party or non-party has provided the court with any reason why this document should remain under seal.

5.  The motion to seal exhibit 5 is denied.  Defendant has agreed that this exhibit may be unsealed.  (Docket no. 880-2).

6.  The motion to seal exhibit 6 is granted in part.  Omnicom has filed a response indicating that this exhibit includes excerpts from Omnicom's 30(b)(6) deposition testimony that relates to Omnicom's business structure and Omnicom agencies' relationships with both clients and media platforms.  (Docket no. 839).  In particular, Mr. Lambert's declaration identifies the testimony on page 241 line 1 through page 242 line 24 and page 250 line 2 through page 251 line 18 as containing confidential information.  (Docket no. 839-1).  The court will allow that information to be

redacted at this time and the remaining portion of the testimony should be filed in the public record.

7. The motion to seal the redacted portion of exhibit 7 is denied. No party or non-party has provided the court with any reason why that information should remain under seal.

8. The motion to seal the redacted portions of exhibit 8 is granted in part. Once again, the court is faced with deciding what portions of the Lee expert report should remain under seal. Plaintiffs and defendant have filed various portions of this report in multiple filings concerning motions to exclude evidence and the motion for summary judgment. Plaintiffs filed a replacement version of exhibit 8 (Docket nos. 677-1, 678-2) and the court considers the original version of exhibit 8 (Docket nos. 656-9 and 670-7) as being withdraw. Exhibit 8 contains 84 pages of the Lee expert report, some of which the court has previously addressed. The only redactions that the court will allow to exhibit 8 are references to non-parties in figures 47, 48, 110, and 111 (along references to non-parties in the notes); references to non-parties in footnotes 696, 700, and 703; on page 110 the dollar amounts in paragraph 273 and footnote 357 should be redacted; and the percentages in footnote 369 should be redacted.

9. The motion to seal exhibits 9 and 10 is denied. Defendant has agreed that these exhibits may be unsealed. (Docket no. 880-2).

10. The motion to seal the redacted portion of exhibit 11 is denied. No party or non-party has provided the court with any reason why that information should remain under seal.

11. The motion to seal the redacted portion of exhibit 12 is denied.  Plaintiffs have redacted two portions of this transcript on pages 181 and 201 and the remaining portion of this transcript is in the public record.  (Docket no. 656-13).  Omnicom's response indicates that portions of the deposition testimony relate to GSD&M's invoices and billing practices in relation to GSD&M's media, advertising and marketing plan devised for the Air Force.  (Docket no. 839-2).  A review of the redactions to this exhibit reveals that no sensitive, commercial information is included in those portions.

12. The motion to seal the redacted portion of exhibit 13 is denied.  While Microsoft has requested that small portions of this transcript be redacted in response to other motions to seal in its response, it does request that any portions of the testimony in exhibit 13 remain under seal.  (Docket no. 814)

13. The motion to seal exhibit 14 is denied.  Criteo's response does not request that this exhibit remain under seal.  (Docket no. 811).

14. The motion to seal exhibit 15 is denied.  Plaintiffs filed this document under seal. (Docket no. 656-16).  Exhibit 15 is an August 2021 document titled Sellside 3-Year Strategy and was produced by defendant.  (Docket no. 670-14).  Defendant filed a proposed redacted version of this exhibit with its initial response.  (Docket no. 841-3). Having reviewed the information that defendant requests to remain under seal and taking into consideration this document was prepared in 2021, the court finds that this information does not rise to level of a compelling governmental interest.

15. The motion to seal the redacted portions of exhibit 16 is granted in part.  Plaintiffs have filed a heavily redacted version of the excerpts from the deposition transcript of

Tim Craycroft.  (Docket no. 656-17).  Amazon's response requests that pages 81-88

of this transcript remain under seal along with the errata sheet for those pages.

(Docket no. 782).  The court has reviewed redactions proposed by Amazon and finds

them to be appropriate.  Plaintiffs shall redact the following passages in this exhibit:

page 26, line 17; page 26 lines 1-4; page 28, line 25; page 29, line 1; pages 81-88; and

the errata sheet entries for pages 82 and 84.

16. The motion to seal exhibits 17-23 is denied.  Defendant has agreed that these exhibits

    may be unsealed.  (Docket no. 880-2).

17. The motion to seal the redacted portions of exhibit 24 is granted.  Plaintiffs filed a

    redacted version of passages from the deposition transcript of Ryan Pauley in the

    public record.  (Docket no. 657-2).  The only portions that have been redacted appear

    on pages 10, 19, 20, and 21.  The court finds that those redactions are appropriate,

    and that information may remain under seal.  While Vox has suggested that additional

    redactions may be appropriate in its response (Docket no. 822), those portions have

    already been publicly disclosed.

18. The motion to seal exhibit 25 is denied.  Defendant has agreed that this exhibit may

    be unsealed.  (Docket no. 880-2).

19. The motion to seal the redacted portions of exhibit 26 is denied.  Plaintiffs filed a

    redacted version of the errata sheet from the deposition transcript of Robin Lee in the

    public record.  (Docket no. 657-4).  The passages from the deposition transcript were

    filed in the public record.  (*Id*.).  While Pubmatic suggests that certain portions of the

    deposition transcript should be sealed (Docket no. 790), the court has reviewed that

    information and finds that it does not contain any commercial information and, given

that it has already been filed in the public record, the motion to seal the errata sheets is denied.

20. The motion to seal the redacted portions of exhibit 27 is granted in part. Plaintiffs filed a heavily redacted version of portions of the transcript of Rosa Abrantes-Metz's deposition in the public record. (Docket no. 657-5). Defendant has requested that a limited amount of information on pages 149 and 150 be redacted. (Docket no. 880-1 at 5). Non-parties have requested that portions of paragraphs 434 and 436 remain under seal. (Docket nos. 781, 837). The court finds that the redactions requested by defendant relating to the history of Project Poirot does not rise to the level of a compelling governmental interest. The court finds that references to non-parties and their representatives in paragraphs 434, 435, and 436 should be redacted and footnotes 689-694 should be redacted. Other than those redactions, exhibit 27 should be filed in the public record.

21. The motion to seal the redacted portions of exhibit 28 is denied. Defendant has agreed that the redacted portion of this exhibit may be unsealed. (Docket no. 880-2).

22. The motion to seal the redacted portions of exhibit 29 are granted in part. Plaintiffs filed a heavily redacted version of portions of the transcript of Ramamoorthi Ravi's deposition in the public record. (Docket no. 657-7). Defendant has requested that a limited amount of information on pages 68, 69, and 104 be redacted. (Docket no. 880-1 at 6). The court finds that footnote 231 on page 68 should be redacted; everything following the first two sentences in footnote 239 on page 69 should be redacted; and that footnote 426 on page 104 should be redacted. Defendant's request for additional redactions is denied.

23. The motion to seal the redacted portions of exhibit 30 is denied.  Plaintiffs have filed a redacted version of portions of the rebuttal report of Rosa Abrantes-Metz in the public record.  (Docket no. 657-8).  Defendant has requested that a limited amount of information on page 126 remain redacted.  (Docket no. 880-1 at 6).  The court finds that the information in paragraph 316 on page 126 does not rise to the level of a compelling governmental interest.

24. The motion to seal the redacted portions of exhibit 31 is denied.  Defendant has agreed that the redacted portions of this exhibit may be unsealed.

25. The motion to seal the redacted portions of exhibit 32 is granted in part.  Plaintiffs filed a heavily redacted version of portions of the expert report of Gabriel Weintraub in the public record.  (Docket no. 657-10).  Defendant has requested that certain information on pages 140 and 146-149 be redacted.  (Docket no. 880-1 at 7-8).  A non-party has requested that selected information in this report remain under seal, but the portions of the report cited by the non-party are not contained in the portions of the report contained in this exhibit.  (Docket no. 776).  Having reviewed defendant's response, the court finds that footnotes 516 and 529 should be redacted; the numbers in the first line on page 149 should be redacted; and the first full sentence on page 149 should be redacted.  The remaining redactions requested by defendant are denied.  Other than those redactions, exhibit 32 should be filed in the public record.

26. The motion to seal exhibits 33-40 is denied.  Defendant has agreed that these exhibits may be unsealed.  (Docket no. 880-2).

27. The motion to seal exhibit 41 is granted in part.  This exhibit is titled Future of Display Ad Products:  GDA, DV3, Uberversals and it was produced by defendant.  It

8

is unclear when this document was prepared.  Defendant has filed a redacted version this exhibit in the public record.  (Docket no. 841-4).  Given the subject of this document and the possibility that it involves current plans and strategies, the court will allow the redactions to remain in the redacted version defendant has filed in the public record.

28. The motion to seal exhibits 42-45 and 47-53 is denied.[1]  Defendant has agreed that these exhibits may be unsealed.  (Docket no. 880-2).

29. The motion to seal the redacted portions of exhibit 54 is granted.  Plaintiffs filed a redacted version of a portion of the deposition transcript of John Genty in the public record.  (Docket no. 658-4).  Plaintiffs redacted the revenue numbers relating to a non-party on page 22 of the transcript.  The non-party has requested that information remain under seal.  (Docket no. 776).

30. The motion to seal exhibit 55 is denied.  Microsoft has agreed that this exhibit may be unsealed.  (Docket no. 814-2).

31. The motion to seal exhibits 56 and 58-63 is denied.[2]  Defendant has agreed that these exhibits may be unsealed.  (Docket no. 880-2).

32. The motion to seal the redacted portions of exhibit 64 is denied.  Defendant has agreed that the redacted portions of this exhibit may be unsealed.  (Docket no. 880-2)

33. The motion to seal exhibit 65 is granted in part.  Exhibit 65 was originally filed under seal by plaintiffs (Docket no. 659-3) but they have now filed a redacted version of

---

[1] Exhibit 46 was filed in the public record and is not a subject of this motion to seal.

[2] Exhibit 57 was filed in the public record and is not a subject of this motion to seal.

this exhibit in the public record (Docket no. 823-27).  The redactions are to agency

personnel contact information and similar redactions have been allowed.

34. The motion to seal exhibit 68 is granted in part.  Exhibit 68 was originally filed under

seal by plaintiffs (Docket no. 659-6) but they have now filed a redacted version of

this exhibit in the public record (Docket no. 823-28).  These redactions include

agency personnel contact information and similar redactions have been allowed.  At

the request of a non-party, plaintiffs have also redacted certain dollar amounts

relating to this authorization with the involved agency.  (Docket no. 805).  The court

finds that the redacted portions of this exhibit may remain under seal.

35. The motion to seal exhibit 70 is granted in part.  Exhibit 70 was originally filed under

seal by plaintiffs (Docket no. 659-8) but they have now filed a heavily redacted

version of this exhibit in the public record (Docket no. 823-29).  These redactions

include agency personnel contact information on page 1 and similar redactions have

been allowed.  At the request of a non-party, plaintiffs have also redacted certain

financial and performance figures relating to the involved agency on the first page.

At the request of a non-party, plaintiffs also redacted all, but the first two pages, of an

October 2021 Tactical Media Plan prepared by Team DDB for the Army.  (Docket

no. 839).  The court has reviewed all the redacted information and finds that the

redacted portions of this exhibit may remain under seal.

36. The motion to seal exhibit 72 is granted in part.  Exhibit 72 was originally filed under

seal by plaintiffs (Docket no. 659-10) but they have now filed a redacted version of

this exhibit in the public record (Docket no. 823-30).  These redactions include

agency and contractor personnel contact information and similar redactions have been

allowed.  At the request of a non-party, plaintiffs have also redacted substantive

information concerning a Tactical Incremental Recommendation from a non-party to

the Navy including the non-party's confidential suggested approach.  (Docket no.

813).  The court finds that the redacted portions of this exhibit may remain under seal.

37. The motion to seal exhibit 74 is granted in part.  This exhibit is a portion of a July 23,

2019, Local Market Strategy presentation from Team Y&R to the Census Bureau.

This entire exhibit has been filed under seal and plaintiffs have not filed a proposed

redacted version of this exhibit in the public record.  A non-party has requested that

this document remain under seal.  (Docket no. 813).  Given that this document was

prepared more than five years ago, its commercial sensitivity is somewhat diminished

especially given its fairly general content. Nevertheless, the court finds that the

information on the pages titled 2020 Census Paid Media Plan Flighting; 2020 Census

Paid Media Budget by Audience; 2020 Census Paid Media "Color Chart"; and 2020

Census Paid Media Plan v1.0 should be redacted.  The remaining portions of this

exhibit should be filed in the public record.

38. The motion to seal exhibit 75 is granted in part.  This exhibit relates to a request for

payment by a non-party to the Census Bureau in 2020 and it was filed under seal by

plaintiffs.  (Docket no. 659-13).  Plaintiffs have not filed a proposed redacted version

of this exhibit in the public record.  A non-party has requested that this document

remain under seal.  (Docket no. 813).  The court finds that agency and contractor

personnel contact information in this document should be redacted, and the dollar

amounts in columns September and Total on page 1 should be redacted.

39. The motion to seal exhibit 76 is granted in part.  This exhibit is a 2019-2020 Paid Media Plan for HealthCare.gov and it was filed under seal by plaintiffs.  (Docket no. 659-14).  Plaintiffs have not filed a proposed redacted version of this exhibit in the public record.  A non-party has filed a redacted version of the document in the public record.  (Docket no. 805-3).  The court finds that the redacted information contains commercially sensitive, strategic recommendations to an agency and may remain under seal.

40. The motion to seal exhibit 78 is granted in part.  Exhibit 78 was originally filed under seal by plaintiffs (Docket no. 659-16) but they have now filed a redacted version of this exhibit in the public record (Docket no. 823-31).  A non-party has also filed a redacted version of this exhibit along with its response.  (Docket no. 805-4).  These redactions include agency and contractor personnel contact information and similar redactions have been allowed.  At the request of a non-party, plaintiffs have also redacted substantive information concerning financial matters and information including the non-party's confidential suggested approach to the client.  (Docket no. 805).  The court finds that the redactions contain commercially sensitive financial information and strategic recommendations to an agency from a non-party and may remain under seal.

41. The motion to seal exhibit 82 is denied.  Defendant has agreed that this exhibit may be unsealed.  (Docket no. 880-2).

42. Exhibit 83 has been withdrawn by plaintiffs.  (Docket no. 677).

43. The motion to seal the redacted portions of exhibit 84 is denied.  Plaintiffs filed a redacted version of exhibit 84 in the public record.  (Docket no. 665-4).  Plaintiffs

redacted portions of their supplemental response to interrogatory no. 4 where they provide the bates numbers identifying where they derived certain data and what filters were applied. Given that no substantive information is included in these passages, they should be included in the public record.

44. The motion to seal the redacted portions of exhibit 87 is denied. Plaintiffs filed a redacted version of a portion of the deposition transcript of Christoper Koepke in the public record. (Docket no. 665-7). The court has reviewed the information that was redacted on pages 72, 73, 116, and 117 and finds that information should be in the public record.

45. The motion to seal exhibit 91 is granted in part. Exhibit 91 was originally filed under seal by plaintiffs (Docket no. 665-11) but they have now filed a redacted version of this exhibit in the public record (Docket no. 823-32). A non-party has also requested that certain information in this exhibit remain under seal. (Docket no. 839). These redactions include agency and contractor personnel contact information and similar redactions have been allowed. The remaining redactions involve specific dollar amounts relating the contract. The court finds that the redacted information may remain under seal.

46. The motion to seal exhibit 92 is granted in part. Exhibit 92 was originally filed under seal by plaintiffs (Docket no. 665-11) but they have now filed a redacted version of this exhibit in the public record (Docket no. 823-17). A non-party has also requested that certain information in this exhibit remain under seal. (Docket no. 839). These redactions include agency and contractor personnel contact information and similar redactions have been allowed. The remaining redactions involve specific dollar

amounts relating the contract.  The court finds that the redacted information may remain under seal.

47. The motion to seal exhibit 93 is granted in part.  Exhibit 93 was originally filed under seal by plaintiffs (Docket no. 665-11) but they have now filed a redacted version of this exhibit in the public record (Docket no. 823-33).  A non-party has also filed a redacted version of this exhibit along with its response.  (Docket no. 805-5).  These redactions include dollar figures and time periods concerning work to be done pursuant to an Umbrella IDIQ Contract.  (Docket no. 805 at 5).  The court finds that the redacted information contains commercially sensitive information between an agency and its contractor, and it may remain under seal.

48. The motion to seal the redacted portions of exhibit 95 is granted.  Plaintiffs filed a redacted version of this contract in the public record.  (Docket no. 665-13).  Plaintiffs redacted only the unit prices and amounts on page 6 of the exhibit.  The court finds those redactions to be appropriate.

49. The motion to seal the redacted portions of exhibit 96 is granted.  Plaintiffs filed a redacted version of this contract in the public record.  (Docket no. 665-14).  Plaintiffs redacted only the functional area rates chart on page 8 of the exhibit and the non-party requests that information remain under seal.  (Docket no. 825).  The court finds that redaction to be appropriate.

50. The motion to seal the redacted portions of exhibit 97 is denied.  Defendant has agreed that the redacted information may be unsealed.  (Docket no. 880-2).  A non-party has requested that figure 10 remain under seal.  (Docket no. 838).  A review of

figure 10 does not reveal any "proprietary and confidential trade secret approach for pricing its services" as indicated by the non-party.

51. The motion to seal the redacted portions of exhibit 98 is denied.  Defendant has agreed that the redacted information may be unsealed.  (Docket no. 880-2).

52. The motion to seal exhibit 99 is granted in part.  Plaintiffs filed this exhibit under seal.  (Docket no. 665-17).  Defendant has filed a redacted version of this exhibit in the public record.  (Docket no. 881-3).  The court finds that this limited, specific customer financial information may remain under seal.

53. The motion to seal exhibit 100 is denied.  Plaintiffs filed this exhibit under seal.  (Docket no. 665-17).  Defendant has requested that this exhibit remain under seal stating it is a "recent customer contract" containing non-public sensitive contract terms.  A review of this exhibit reveals it was prepared in 2020 and executed in 2021.  This document does not include the various attachments that might otherwise be sensitive contract terms such the discount rates, program period, or other information that would be included in Exhibit A to this document.

54. The motion to seal exhibit 101 is granted in part.  Plaintiffs filed this exhibit under seal.  (Docket no. 665-17).  Defendant has filed a redacted version of this exhibit in the public record.  (Docket no. 881-4).  Defendant states that the redacted information contains competitively sensitive details regarding certain customer discount incentive programs, including specific proposed financial terms.  (Docket no. 880-1 at 9). Having reviewed the redacted information, the court finds that the redacted information may remain under seal.

55. The motion to seal exhibit 102 is granted in part. Plaintiffs filed this exhibit under seal. (Docket no. 665-17). Defendant has requested that this exhibit remain under seal stating it is a "recent customer contract" containing non-public sensitive contract terms. This document appears to have been prepared in 2021 and possibly executed in 2022. This exhibit does include specific information in Exhibit A and B on page 10. Plaintiffs shall redact page 10 and file the remainder of exhibit 102 in the public record.

56. The motion to seal exhibit 103 is granted in part. Plaintiffs filed this exhibit under seal. (Docket no. 665-17). Defendant has filed a redacted version of this exhibit in the public record. (Docket no. 881-5). Defendant states that the redacted information contains commercially sensitive contract negotiations. (Docket no. 880-1 at 9). Having reviewed the limited redacted information on page 1 of the exhibit, the court finds that the redacted information may remain under seal.

57. The motion to seal exhibits 104-111 is denied. Defendant has agreed that these exhibits may be unsealed. (Docket no. 880-2).

58. The motion to seal exhibit 112 is granted. Plaintiffs filed this exhibit under seal (Docket no. 665-17) and defendant requests that it remain under seal because it reflects highly sensitive business information and strategy (Docket no. 880-1 at 9). This exhibit is an email from D. Harrison to M. Dauwalter sent in September 2017. The court does not know about the individuals involved in this communication or other information that may or may not justify the document remaining under seal. However, given that it does appear to discuss sensitive business information and strategy, the court will allow it to remain under seal at this time.

59. The motion to seal exhibit 113 is denied.  Defendant has agreed that this exhibit may be unsealed.  (Docket no. 880-2).

60. The motion to seal the redacted portion of exhibit 114 is granted.  The redacted information relates to the "take rate" of a non-party and should remain under seal.

61. The motion to seal exhibit 115 is denied.  Defendant has agreed that this exhibit may be unsealed.  (Docket no. 880-2).

62. The motion to seal the redacted portions of exhibit 116 is granted in part.  Plaintiffs filed a heavily redacted version of excerpts from Robin Lee's rebuttal report in the public record.  (Docket no. 665-20).  Defendant has requested that certain information remain under seal (Docket no. 880-1 at 10) and several non-parties have requested that certain information also remain under seal.  (Docket nos. 768, 776, 840).  The court has addressed portions of this rebuttal report previously.  The court finds that references to non-parties in figures 29 and 30 should be redacted.  The references to non-parties in paragraphs 459 and 462 should be redacted.  The court also finds that footnote 723 should be redacted.  The remaining portion of exhibit 116 should be filed in the public record.

63. The motion to seal exhibits 117-125 is denied.  Defendant has agreed that these exhibits may be unsealed.  (Docket no. 880-2).

64. The motion to seal exhibit 126 is granted.  Plaintiffs filed this exhibit under seal (Docket no. 665-21) and defendant requests that it remain under seal because it contains proprietary and commercially sensitive business information, including product development strategy (Docket no. 880-1 at 10).  This exhibit appears to be defendant's internal communication concerning dynamic revenue sharing and

17

discussions about various potential approaches defendant should consider. It is unclear when this document was prepared and whether it contains current information. Given that this document does discuss sensitive business information and strategy, the court will allow it to remain under seal at this time.

65. The motion to seal exhibit 127 is denied. Defendant has agreed that this exhibit may be unsealed. (Docket no. 880-2).

66. The motion to seal exhibit 128 is granted in part. Plaintiffs filed this exhibit under seal. (Docket no. 665-21). Defendant has filed a redacted version of this exhibit in the public record. (Docket no. 841-5). Defendant states that the redacted information contains proprietary, non-public technical project design processes. (Docket no. 880-1 at 10). Having reviewed the limited redacted information on pages 3 and 4, the court finds that the redacted information may remain under seal since it does appear to involve technical design information.

67. The motion to seal exhibits 129-143 is denied. Defendant has agreed that these exhibits may be unsealed. (Docket no. 880-2).

68. The motion to seal exhibit 144 is granted in part. Plaintiffs filed this exhibit under seal (Docket no. 666-1) and defendant has requested that it remain under seal (Docket no. 880-1 at 10). Defendant states this document contains non-public, competitively sensitive information with a recent customer. In reviewing this document, it appears to be a standard form for defendant's advertising program for agencies. The court will allow page 8 to be redacted identifying the specific customer, but pages 1-7 of the exhibit should be filed in the public record.

69. The motion to seal exhibit 145 is denied.  Plaintiffs filed this exhibit under seal

(Docket no. 666-1) and defendant has requested that it remain under seal (Docket no.

880-1 at 11).  Defendant states this is a "recent" internal presentation concerning

commercial strategy.  This document is an internal communication from February

2022 discussing the benefits of defendant's Partner's Program.  Given this

information is more than two years old and it does not contain any actual confidential

information, the motion to seal is denied.

70.  The motion to seal exhibit 146 is granted in part.  Plaintiffs filed this exhibit under

seal.  (Docket no. 666-1).  Defendant has filed a redacted version of this exhibit in the

public record.  (Docket no. 881-6).  Defendant states that the redacted information

contains proprietary technical discussions and future commercial plans.  (Docket no.

880-1 at 11).  Having reviewed the redacted information starting on page 9 of this

exhibit, the court finds that it appears to involve ongoing projects, future commercial

plans, and technical information.  The court will allow that information to remain

under seal at this time.

71. The motion to seal exhibit 147 is granted.  Plaintiffs filed this exhibit under seal

(Docket no. 666-1) and defendant has requested that it remain under seal (Docket no.

880-1 at 11).  Defendant states that this exhibit is a recent internal presentation

containing defendant's commercial strategy and sensitive contract terms and

information.  A review of this document reveals that it does contain commercially

sensitive information including specific reseller information.  The court will allow

this document to remain under seal at this time.

72. The motion to seal exhibit 148 is denied.  Plaintiffs filed this exhibit under seal. (Docket no. 666-1).  While a non-party has requested that other portions of this transcript from the deposition of John Dederick be sealed, it has not requested that any part of this exhibit remain under seal.  (Docket no. 838).  A review of this testimony reveals it does not contain any commercially sensitive information and it should be filed in the public record.

73. The motion to seal exhibit 149 is granted in part. Plaintiffs filed this exhibit under seal.  (Docket no. 666-1).  Defendant has filed a redacted version of this exhibit in the public record.  (Docket no. 881-7).  Defendant states that the redacted information contains competitively sensitive customer revenue metrics.  (Docket no. 880-1 at 11). The court has reviewed the information that defendant has redacted and agrees that many, but not all, of those redactions are appropriate.  On page 3, only the information on the last line after => should be redacted.  On page 4, only the names of the specific agencies should be redacted.  On page 5 only the first line following the second bullet point should be redacted.  The redactions in the chart titled 2H Revenue Roadmap: Path to Ambition should be removed.  In the chart titled 2H Revenue Roadmap: What Needs to Happen, only the information redacted following "To secure" should remain sealed.  The other pages with redactions do not need modification.

74. The motion to seal exhibit 150 and 151 is denied.  Defendant has agreed that these exhibits may be unsealed.  (Docket no. 880-2).

75. The motion to seal exhibit 152 is granted.  Plaintiffs filed this exhibit under seal. (Docket no. 666-1).  As defendant explains in its response, this exhibit is a client list

that contains commercially sensitive information including account numbers and revenue numbers.

76. The motion to seal exhibit 153 is denied.  Defendant has agreed that this exhibit may be unsealed.  (Docket no. 880-2).

77. The motion to seal exhibit 154 is granted in part. Plaintiffs filed this exhibit under seal.  (Docket no. 666-1).  Defendant has filed a redacted version of this exhibit in the public record.  (Docket no. 881-8).  Defendant states that the redacted information contains competitively sensitive customer revenue metrics.  (Docket no. 880-1 at 12). The court has reviewed the information that defendant has redacted and agrees that this information should remain under seal.

78. The motion to seal exhibit 155 is granted in part. Plaintiffs filed this exhibit under seal.  (Docket no. 666-1).  Defendant has filed a redacted version of this exhibit in the public record.  (Docket no. 881-9).  Defendant states that the redacted information contains competitively sensitive customer revenue metrics and commercial strategy discussions.  (Docket no. 880-1 at 12).  The court has reviewed the information that defendant has redacted and agrees that this information should remain under seal.

79. The motion to seal exhibit 156 is granted in part. Plaintiffs filed this exhibit under seal.  (Docket no. 666-1).  Defendant has filed a redacted version of this exhibit in the public record.  (Docket no. 881-10).  Defendant states that the redacted information contains competitively sensitive customer revenue metrics and recommended media investment.  (Docket no. 880-1 at 12).  The court has reviewed the information that defendant has redacted and agrees that most of this information should remain under seal.  However, it appears that defendant has redacted information on page 8 that

should be in the public record. The court agrees that the amount of consumer purchases and percentages on page 8 may be redacted but the remaining portions should be filed in the public record.

80. The motion to seal exhibit 157 is granted in part. Plaintiffs filed this exhibit under seal. (Docket no. 666-1). Defendant has filed a redacted version of this exhibit in the public record. (Docket no. 882-1). Defendant states that the redacted information contains competitively sensitive customer negotiations, including financial details. (Docket no. 880-1 at 12). The court has reviewed the information that defendant has redacted and agrees that this information should remain under seal.

81. The motion to seal exhibit 158 is granted in part. Plaintiffs filed this exhibit under seal. (Docket no. 666-1). Defendant has filed a redacted version of this exhibit in the public record. (Docket no. 882-2). Defendant states that the redacted information contains competitively sensitive customer revenue metrics. (Docket no. 880-1 at 13). The court has reviewed the information that defendant has redacted and agrees that this information should remain under seal.

82. The motion to seal exhibit 159 is granted in part. Plaintiffs filed this exhibit under seal. (Docket no. 666-1). Defendant has filed a redacted version of this exhibit in the public record. (Docket no. 882-3). Defendant states that the redacted information contains competitively sensitive forecasted customer spending. (Docket no. 880-1 at 13). The court has reviewed the information that defendant has redacted and agrees that this information should remain under seal.

83. The motion to seal exhibit 160 is denied. Defendant has agreed that is exhibit may be unsealed. (Docket no. 880-2).

84. The motion to seal exhibit 161 is granted in part. Plaintiffs filed this exhibit under seal. (Docket no. 666-1). Defendant has filed a redacted version of this exhibit in the public record. (Docket no. 882-4). Defendant states that the redacted information contains competitively sensitive customer performance, cost, and pricing information. (Docket no. 880-1 at 13). The court has reviewed the information that defendant has redacted and agrees that most of this information should remain under seal. However, the court finds that page 22 of this exhibit should not redacted and should be in the public record.

85. The motion to seal exhibit 162 is denied. Defendant has agreed that is exhibit may be unsealed. (Docket no. 880-2).

86. The motion to seal exhibit 163 is granted in part. Plaintiffs filed this exhibit under seal. (Docket no. 666-1). Defendant has filed a redacted version of this exhibit in the public record. (Docket no. 882-5). Defendant states that the redacted information contains competitively sensitive customer revenue estimates and projections. (Docket no. 880-1 at 13). The court has reviewed the information that defendant has redacted and agrees that this information should remain under seal.

87. The motion to seal exhibit 164 is granted in part. Plaintiffs filed this exhibit under seal. (Docket no. 666-1). Defendant has filed a redacted version of this exhibit in the public record. (Docket no. 882-6). Defendant states that the redacted information contains competitively sensitive customer revenue metrics. (Docket no. 880-1 at 13-14). The court has reviewed the information that defendant has redacted and agrees that this information should remain under seal.

88. The motion to seal exhibit 165 is denied.  Defendant has agreed that is exhibit may be unsealed.  (Docket no. 880-2).

89. The motion to seal exhibit 166 is granted in part. Plaintiffs filed this exhibit under seal.  (Docket no. 666-1).  Defendant has filed a redacted version of this exhibit in the public record.  (Docket no. 882-7).  Defendant states that the redacted information contains competitively sensitive customer revenue metrics.  (Docket no. 880-1 at 14). The court has reviewed the information that defendant has redacted and agrees that this information should remain under seal.

90. The motion to seal exhibit 167 is granted in part. Plaintiffs filed this exhibit under seal.  (Docket no. 666-1).  Defendant has filed a redacted version of this exhibit in the public record.  (Docket no. 882-8).  Defendant states that the redacted information contains competitively sensitive strategy discussions for non-Federal Agency Advertiser customers.  (Docket no. 880-1 at 14).  The court has reviewed the information that defendant has redacted and agrees that this information should remain under seal.

91. The motion to seal exhibit 168 is granted in part. Plaintiffs filed this exhibit under seal.  (Docket no. 666-1).  Defendant has filed a redacted version of this exhibit in the public record.  (Docket no. 882-9).  Defendant states that the redacted information contains competitively sensitive financial details of a customer agreement.  (Docket no. 880-1 at 14).  The court has reviewed the information that defendant has redacted and agrees that this information should remain under seal.

92. The motion to seal exhibit 170 is granted in part.  Plaintiffs initially filed this exhibit under seal (Docket no. 666-3) but subsequently filed a redacted version in the public

record (Docket no. 823-34). A non-party has also filed a redacted version of this exhibit in the public record. (Docket no. 805-6). The redacted information contains agency and contractor personnel contact information and similar redactions have been allowed.

93. The motion to seal exhibit 171 is granted in part. Plaintiffs filed this exhibit under seal. (Docket no. 666-3). Defendant has filed a redacted version of this exhibit in the public record. (Docket no. 882-10). Defendant states that the redacted information contains competitively customer media investment details. (Docket no. 880-1 at 14). The court has reviewed the information that defendant has redacted and agrees that this information should remain under seal.

94. The motion to seal exhibit 172 is granted in part. Plaintiffs filed this exhibit under seal. (Docket no. 666-3). Defendant has filed a redacted version of this exhibit in the public record. (Docket no. 883-1). Defendant states that the redacted information contains competitively sensitive customer revenue metrics and competitively sensitive strategy discussion for a non-Federal Agency Advertiser customer. (Docket no. 880-1 at 15). The court has reviewed the information that defendant has redacted and agrees that this information should remain under seal.

95. Exhibit 173 has been withdrawn by plaintiffs. (Docket no. 677).

96. The motion to seal exhibit 174 is granted in part. Plaintiffs filed this exhibit under seal. (Docket no. 666-3). Defendant has filed a redacted version of this exhibit in the public record. (Docket no. 883-2). Defendant states that the redacted information contains competitively sensitive customer information, including the applicability of a specific contract provision. (Docket no. 880-1 at 15). The court has reviewed the

information that defendant has redacted and agrees that this information should remain under seal.

97. The motion to seal exhibit 175 is granted in part. Plaintiffs filed this exhibit under seal. (Docket no. 666-3). Defendant has filed a redacted version of this exhibit in the public record. (Docket no. 883-3). Defendant states that the redacted information contains competitively sensitive customer information, including the applicability of a specific contract provision. (Docket no. 880-1 at 15). The court has reviewed the information that defendant has redacted and agrees that this information should remain under seal.

98. The motion to seal exhibit 176 is granted in part. Plaintiffs filed this exhibit under seal. (Docket no. 666-3). Defendant has filed a redacted version of this exhibit in the public record. (Docket no. 883-4). Defendant states that the redacted information contains competitively sensitive customer information, including the applicability of a specific contract provision. (Docket no. 880-1 at 15). The court has reviewed the information that defendant has redacted and agrees that this information should remain under seal.

99. The motion to seal exhibit 178 is granted in part. Plaintiffs filed this exhibit under seal (Docket no. 666-5) and defendant has requested that it remain under seal (Docket no. 880-1 at 15). Defendant states this document contains non-public, competitively sensitive information with a recent customer. In reviewing this document, it appears to be a standard form for defendant's advertising program for agencies. The court will allow page 8 to be redacted identifying the specific customer, but pages 1-7 of the exhibit should be filed in the public record.

100.    The motion to seal exhibit 179 is granted in part.  Plaintiffs filed this exhibit under
        seal (Docket no. 666-6) and defendant requests that it remain under seal (Docket no.
        880-1 at 16).  Defendant states this exhibit is an internal document reflecting non-
        public sensitive billing information and contract terms.  A review of this document
        reveals that portions should be included in the public record.  The Table of Contents
        (pages 1-4) should be filed in the public record.  The court will allow the remaining
        portion of this exhibit to remain under seal.

101.    The motion to seal exhibit 180 is granted in part. Plaintiffs filed this exhibit under
        seal. (Docket no. 666-6).  Defendant has filed a redacted version of this exhibit in the
        public record. (Docket no. 883-5).  Defendant states that the redacted information
        contains sensitive customer information, including payment and vendor IDs. (Docket
        no. 880-1 at 16).  The court has reviewed the information that defendant has redacted
        and agrees that this information should remain under seal.

102.    The motion to seal exhibit 181 is denied.  Defendant has agreed that is exhibit
        may be unsealed. (Docket no. 880-2).

103.    The motion to seal the redacted portion of exhibit 182 is denied.  Defendant has
        agreed that the redacted portions of this exhibit may be unsealed. (Docket no. 880-2).

104.    The motion to seal exhibits 183-187 is denied.  Defendant has agreed that these
        exhibits may be unsealed. (Docket no. 880-2).

105.    The motion to seal exhibit 192 is granted in part. Plaintiffs filed this exhibit under
        seal. (Docket no. 666-13).  Defendant has filed a redacted version of this exhibit in
        the public record. (Docket no. 883-6).  Defendant states that the redacted information
        contains competitively sensitive customer media recommendations. (Docket no. 880-

1 at 16). The court has reviewed the information that defendant has redacted and agrees that this information should remain under seal.

106.    The motion to seal exhibits 194-195 is denied. Defendant has agreed that these exhibits may be unsealed. (Docket no. 880-2).

107.    The motion to seal exhibit 200 is denied. Defendant has agreed that this exhibit may be unsealed. (Docket no. 880-2).

In accordance with this order, within **14 days** plaintiffs shall file in the public record the exhibits addressed in this order, either in an unredacted form or with the redactions described above. As indicated in previous orders, any information that has been allowed to remain under seal by this order is subject to reconsideration by the District Judge if the information is intended to be used during the trial of this case.

       Entered this 8th day of August, 2024.

                           /S/

                 John F. Anderson

                 United States Magistrate Judge

Alexandria, Virginia                 John F. Anderson

                               United States Magistrate Judge