IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GOOGLE LLC, )<br>)<br>Defendant. ) | 1:23-cv-108 (LMB/JFA) |

ORDER

On August 2, 2024, non-parties Bloomberg L.P., The New York Times Company, The Washington Post, Portfolio Media Inc. (publisher of Law360), and MLex US Inc. (collectively, the "media organizations") filed a Motion to Modify/Clarify Procedures Regarding Access to Trial and Documents.  See [Dkt. No. 1111] ("Motion to Clarify").  The Court heard oral argument on the motion on Friday, August 9, 2024, and for the reasons stated in open court, the media organization's Motion to Clarify is DENIED IN PART to the extent that the media organizations have requested advanced notice of closed courtroom proceedings, permission to bring electronic devices into the courthouse, a live telephonic feed of opening and closing arguments, and digital access to any admitted trial exhibit by 8:00 p.m. on the day the exhibit is entered into evidence; and the Motion to Clarify is GRANTED IN PART to the extent that the parties will be required to file redacted public versions of their proposed findings of fact and conclusions of law concurrent with the filing of the sealed versions (if any); and it is hereby

ORDERED that although the parties are encouraged to publish admitted trial exhibits as soon as possible, they are required to publish on a publicly available website all exhibits that have been entered into evidence at trial (and are not otherwise sealed by Order of the Court) no

later than 10:00 a.m. the day following an exhibit's admission into evidence, accord In re Associated Press, 172 F. App'x 1, 4 (4th Cir. 2006); and it is further

ORDERED that any party or non-party that files a motion, memorandum, or exhibit under seal must concurrently file a public redacted version of that motion, memorandum, or exhibit, in accordance with the E.D. Va. Local Civil Rules and this Court's previous instructions, unless complete sealing is being requested. This requirement applies to the parties' proposed findings of fact and conclusions of law, which are to be filed by Monday, August 19, 2024.

Moreover, pursuant to the Court's Order setting pretrial dates and deadlines, all parties and non-parties were required by July 26, 2024, to file specific requests to seal or redact trial exhibits or deposition designations containing confidential information. See [Dkt. No. 871]. Any objections to those sealing or redaction requests had to be filed by August 2, 2024. Id. In addition to plaintiffs and defendant, 33 non-parties timely filed such requests.[1] No party or non-party opposed the 33 non-parties' requests. For that reason, the 33 non-parties' sealing and redaction requests are GRANTED; and it is hereby

---

[1] The 33 non-parties who filed confidentiality objections are: Adobe Inc., [Dkt. 1042], Amazon.com Inc., [Dkt. 1051], AppLovin Corp., [Dkt. 944], Buzzfeed, Inc., [Dkt. 1040], Comcast Corporation, [Dkt. 1008], Criteo Corp. , [Dkt. 982], DDB Worldwide Communications Group LLC, [Dkt. 977], District Communications Group LLC, [Dkt. 1041], Equativ SAS, [Dkt. 966], Index Exchange Inc., [Dkt. 1004], The Interpublic Group of Companies, Inc., [Dkt. 990], LinkedIn, [Dkt. 947], Magnite, [Dkt. 959], Mars, Inc., [Dkt. No. 948], Mediavine, [Dkt. 1048], Meta Platforms, [Dkt. 1018], Microsoft Corporation (Xandr Inc.), [Dkt. 1020], The New York Times Company, [Dkt. 1010], News Corporation, [Dkt. 1055], Nexxen International Ltd., [Dkt. 975], OpenX Technologies, [Dkt. 958], Pinterest Inc., [Dkt. 1059], PubMatic, Inc., [Dkt. 957], Sovrn Holding, [Dkt. 956], Stratacomm LLC, [Dkt. 968], The Trade Desk, Inc., [Dkt. 961], TikTok, [Dkt. 980], The Walt Disney Company, [Dkt. 1030], Wavemaker Global, [Dkt. 1068], X Corp., [Dkt. 960], Yahoo Ad Tech LLC, [Dkt. 946], Yieldmo, Inc., [Dkt. 1064], and Zedo, Inc., [Dkt. No. 1063].

ORDERED that plaintiffs and defendant may only use at trial an exhibit or deposition designation that conforms with the redaction or sealing requests as set forth in the 33 non-parties' memoranda, see supra at 2 n.1; and it is further

ORDERED that no non-party will be permitted to lodge new sealing or redaction requests during the trial, unless good cause can be shown for the request not having been filed by the deadline as set forth in the Court's June 21, 2024 Order, [Dkt. No. 871]; and it is further

ORDERED that the non-parties Criteo Corp., LinkedIn, Mediavine, and TikTok's motions to seal portions of their memoranda explaining their requests to seal and redact, [Dkt. Nos. 951, 974, 981, 983, 984, & 1052], be and are GRANTED.

Further, the Court has received only three sets of responses to the parties' requests to seal and redact: (1) plaintiffs have opposed nearly all of Google's requests, [Dkt. No. 1114]; (2) Google took no position on any of plaintiffs' requests, [Dkt. No. 1102]; (3) and the non-party media organizations filed an opposition to both plaintiffs' and Google's requests, [Dkt. No. 1110].

Specifically, plaintiffs have requested redactions to 28 exhibits and the sealing of one exhibit in its entirety.[2] Although plaintiffs filed a detailed public memorandum explaining the basis for their requests, as well as sealed copies of the exhibits with their proposed redactions highlighted for the Court's in camera review, they did not publicly file the proposed redacted exhibits. See [Dkt. Nos. 1044, 1045, & 1050] ("Plaintiffs' Requests"). Only the non-party

---

[2] Plaintiffs seek to seal in its entirety DTX 1081, which is a copy of a transmittal email and attachments setting forth the Navy's current advertising contractor's technical and price proposal, and they seek to redact limited information from 28 other Google exhibits—specifically DTX 625, 690, 1004, 1069, 1088, 1090, 1094, 1113, 1117, 1174, 1176, 1197, 1222, 1237, 1251, 1298, 1326, 1340, 1341, 1351, 1368, 1369, 1391, 1392, 1400-8, -9, -10, -11, -12, 1416, 1463, & 1483.

3

media organizations opposed Plaintiffs' Requests, arguing that because plaintiffs have "failed to make publicly available [their] proposed redacted exhibits," the media organizations "are unable to evaluate the breadth and reasonableness of the [ ] proposed redactions in context." See [Dkt. No. 1110].

The Court has reviewed the 29 exhibits referenced in Plaintiffs' Requests in an unredacted format and finds that the detailed explanations provided in plaintiffs' public memorandum accurately reflect the proposed redacted information and that the redacted information conforms with the appropriate legal standard. The information consists of a narrow category of sensitive commercial strategy and pricing information for federal government agencies that engage in digital advertising—including terms, rates, and fees negotiated between the agencies and their contractors—as well as personal contact and identifying information for a limited number of Navy, Army, and United States Postal Service officials. The public disclosure of the sensitive information would impair important functions and operations of the federal agencies, while the disclosure of personal contact information of federal personnel would intrude on their privacy and risk subjecting them to harassment. The harm that would be caused by the disclosure of this information outweighs the presumptive right of the public to review it.

Accordingly, the Court has provided public notice of the request to seal and redact and allowed interested parties a reasonable opportunity to object. The Court has also considered less drastic alternatives to sealing or redacting the exhibits, and provided specific reasons supporting its decision. See Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000); see also Local Civ. R. 5(C). For these reasons, plaintiffs' sealing and redaction requests are GRANTED; and it is hereby

ORDERED that DTX 1081 shall be sealed and DTX 625, 690, 1004, 1069, 1088, 1090, 1094, 1113, 1117, 1174, 1176, 1197, 1222, 1237, 1251, 1298, 1326, 1340, 1341, 1351, 1368, 1369, 1391, 1392, 1400-8, -9, -10, -11, -12, 1416, 1463, and 1483 shall be redacted, in accordance with plaintiffs' proposed redactions. Only the redacted versions of these exhibits and deposition designations may be used at trial.

Lastly, Google has requested that more than 230 trial exhibits and deposition designations either be redacted or sealed in their entirety. Both plaintiffs and the non-party media organizations have objected, claiming that the requests are overly broad and non-specific. The Court has been unable to review the requests because Google filed only redacted versions of the exhibits, without providing the Court with the unredacted versions, thereby frustrating the Court's ability to determine whether the sealing or redactions are appropriate. Accordingly, it is hereby

ORDERED that Google promptly revise its requests for sealing and redactions and file both a public version of the proposed redacted exhibits and deposition designations concurrent with a sealed version of the exhibits and deposition designations with the appropriate highlighting for the Court to assess the appropriateness of the redaction or sealing requests.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 9th day of August, 2024.

Alexandria, Virginia

/s/ [signature]
Leonie M. Brinkema
United States District Judge