UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>*Plaintiffs*,<br><br>vs.<br><br>GOOGLE LLC,<br><br>*Defendant*. | No: 1:23-cv-00108-LMB-JFA |

**DEFENDANT GOOGLE LLC'S RESPONSE
TO PLAINTIFFS' MOTION TO SEAL**

Pursuant to Local Civil Rule 5(C), Defendant Google LLC ("Google") submits this response to Plaintiffs' Motion to Seal portions of Plaintiffs' memorandum of law in support of Plaintiffs' motion for an adverse inference, and to seal portions or all of exhibits 3-11, 15-16, and 18-37 attached to the memorandum. Dkt. No. 1121.[1]  Google respectfully requests that the Court continue to seal exhibit 15 and portions of exhibits 27 and 29 to Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for an Adverse Inference.

**LEGAL STANDARD**

"When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements."[2]  *Va. Dep't of State Police* v. *Wash.*

---

[1] The Court previously granted Plaintiffs' motion to seal, finding that "Google should have time to address the permanent sealing of" the exhibits. Dkt. No. 1134. In accordance with Local Civil Rule 5(C), and the Court's order, Google files this response to request continued sealing of certain exhibits.

[2] With respect to quoted material, unless otherwise indicated, all brackets, ellipses, footnote call numbers, internal quotations, and citations have been omitted for readability.  All emphasis is added unless otherwise indicated.

1

*Post*, 386 F.3d 567, 576 (4th Cir. 2004). Substantively, the Court "must determine the source of the right of access with respect to each document." *Stone* v. *Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988). "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police*, 386 F.3d at 575. "While the common law presumption in favor of access attaches to all judicial records and documents, the First Amendment guarantee of access has been extended only to particular judicial records and documents." *Stone*, 855 F.2d at 180. Even so, public access to civil trial records "is not absolute," and restrictions can be justified by concerns that such records "might . . . become a vehicle for improper purposes," such as where the records serve "as sources of business information that might harm a litigant's competitive standing." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In particular, a corporation's "strong interest in preserving the confidentiality of its proprietary and trade-secret information . . . may justify partial sealing of court records." *Doe* v. *Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014).

Procedurally, before allowing documents to be filed under seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft* v. *Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

## ARGUMENT

Google seeks to keep a narrow set of its confidential commercially sensitive information under seal. Google requests that this information remain under seal because Google would likely suffer substantial economic harm by its disclosure, outweighing the public's right of access.

## I. THE PROCEDURAL REQUIREMENTS FOR SEALING HAVE BEEN MET.

Before sealing a court record, a court must provide public notice, consider less drastic alternatives to sealing the documents, and provide specific reasons and findings supporting the decision to seal. *Ashcraft,* 218 F.3d at 302. Each of those procedural requirements have been met here.

***First,*** there has been public notice. The Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Publ'g Co.*, 743 F.2d 231, 234 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing or by "docketing [the sealing request] reasonably in advance of deciding the issue." *Id.* at 235. In accordance with the procedures in Local Civil Rule 5(C), Plaintiffs' sealing motion has been publicly docketed in advance of any ruling on sealing (Dkt. No. 1121), accompanied by a notice that any party or non-party could object (Dkt. No. 1123), thereby satisfying the first procedural requirement.

***Second,*** Google limits its sealing request to highly confidential material referenced in Plaintiffs' exhibits. In deciding whether to grant a sealing request, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. The proposed redactions will still provide the public access to the exhibits, while protecting Google's trade secrets and commercially sensitive business information. *See Philpot* v. *Indep. J. Rev.*, 2021 WL 5071504, at *1 (E.D. Va. Apr. 7, 2021) (granting motion to seal redacted documents filed in connection with summary judgment briefing as "this selective protection of information constitutes the least drastic measure of sealing confidential material"); *United States ex rel. Carter* v. *Halliburton Co.*, 2011 WL 8204612, *3 (E.D. Va. Nov. 29, 2011) (limited

redaction approved as opposed to "sealing the brief *in toto*"). In one instance, Google has requested sealing the exhibits in their entirety where redactions could not adequately balance Google's commercially sensitive business information with the public's right of access. *E.W., LLC* v. *Rahman*, 2012 WL 3841401, at *3 (E.D. Va. Sept. 4, 2012) (granting motion to place exhibits completely under seal where they "focused almost entirely on this highly sensitive business information"). Accordingly, Google has proposed the least drastic method to protect its highly sensitive confidential information and the public's right of access.

**Third**, as detailed in Section II, Google has provided the specific reasons supporting its sealing request. In accordance with Local Civil Rule 5(C), Google has provided a proposed order containing the required findings.

## II.   GOOGLE REQUESTS LIMITED SEALING OF PROPRIETARY AND COMMERCIALLY SENSITIVE INFORMATION.

Google seeks only to seal certain confidential business information filed in connection with Plaintiffs' motion for adverse inference. Where the more stringent First Amendment presumption applies, courts recognize that "private interests might also implicate higher values sufficient to override (or, in an alternative mode of analysis, to except the proceeding or materials at issue from) the First Amendment presumption of public access." *Level 3 Commc'ns, LLC* v. *Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 580 (E.D. Va. 2009). As the Fourth Circuit has recognized, a "corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records." *Doe*, 749 F.3d at 269; *see also Pittston Co.* v. *United States*, 368 F.3d 385, 406 (4th Cir. 2004) (district court did not abuse its discretion in refusing to unseal documents containing confidential and proprietary business information filed in connection with summary judgment motion); *Benedict* v. *Hankook*

4

*Tire Co. Ltd.*, 323 F. Supp. 3d 747, 766 (E.D. Va. 2018) (businesses may have a "compelling interest under the First Amendment test" in "protecting proprietary commercial information").

A "trade secret" may be any information, used for a business purpose, which gives the user an advantage over competitors who do not know it; therefore, the touchstone of a trade secret is secrecy. *See Kewanee Oil Co.* v. *Bicron Corp.,* 416 U.S. 470, 474-78 (1974). The value of a "trade secret" may be lost if it is published. *Ruckelshaus* v. *Monstanto Co.*, 467 U.S. 986, 1002 (1984) (property right in trade secret "is extinguished" by public disclosure). This includes through public disclosure in the court record. *See Religious Tech. Ctr.* v. *Lerma*, 908 F. Supp. 1362, 1368-69 (E.D. Va. 1995) (trade secret status lost after having been in judicial file for 28 months and posted on the internet).

Here, Google seeks limited sealing to protect its highly sensitive proprietary information. Specifically, Google requests limited redactions to protect sensitive customer and revenue information, forward-looking commercial strategy discussions, and pricing information. Courts in the Fourth Circuit have repeatedly recognized that these categories of information are protected from public disclosure. *See, e.g.*, *Intelligent Verification Sys., LLC* v. *Microsoft Corp.*, 2014 WL 12659953, at *1 (E.D. Va. Dec. 22, 2014) (sealing "sensitive business information"); *see also HiQ Materials AG* v. *ICP Indus., Inc.*, 2023 WL 4842783, at *2 (M.D.N.C. June 28, 2023) (sealing "proprietary business and customer information and trade secrets in the form of financial analyses, market research, pricing formulas, and highly sensitive customer needs and preferences"); *Jones* v. *Lowe's Cos, Inc.*, 402 F. Supp. 3d 266, 294 (W.D.N.C. 2019) (sealing "forward-looking marketing strategy, strategic responses to changes in the retail industry"); *360 Mortg. Grp., LLC* v. *Stonegate Mortg. Corp.*, 2016 WL 4939308, at *1-2 (E.D.N.C. Sept. 14, 2016) ("business techniques, the identification of . . . customers, and . . . finances" are "the type of confidential

business information properly subject to protection"); *SMD Software, Inc.* v. *EMove, Inc.*, 2013 WL 1091054, at *2-*3 (E.D.N.C. Mar. 15, 2013) (profit and loss statements, pricing, marketing strategies, expense information, market share, and customer information).

Specifically, in accordance with Local Civil Rule 5(C), Google provides a non-confidential description of the material it is requesting remain under seal:

- **Ex. 15**: Contains detailed confidential, non-public information regarding Google's internal operations and organizational structure.

- **Ex. 27**: As reflected in the proposed redacted version herewith, Google requests limited redactions pertaining to customer agreements and associated revenue as well as recent commercial strategy discussions.

- **Ex. 29**: As reflected in the proposed redacted version herewith, Google requests limited redactions pertaining to certain pricing information.

Google's sealing requests and proposed redactions are limited to its proprietary and confidential business information.

In light of the presumption of the public's right of access under the First Amendment, Google has determined not to seek continued sealing of Plaintiffs' memorandum or the other exhibits attached thereto.

## CONCLUSION

For the foregoing reasons, Google requests that the Court grant Google's narrow sealing requests to protect its confidential and proprietary information.

Dated: August 9, 2024

Eric Mahr (pro hac vice)
Andrew Ewalt (pro hac vice)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

Justina K. Sessions (pro hac vice)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Fax: (650) 461-8276
justina.sessions@freshfields.com

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER
LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
AXINN, VELTROP & HARKRIDER
LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

Respectfully submitted,

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
 CRAIG C. REILLY, ESQ.
209 Madison Street, Suite 501
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (*pro hac vice*)
Jeannie S. Rhee (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Bryon P. Becker (VSB #93384)
Erica Spevack (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile (202) 223-7420
kdunn@paulweiss.com

Erin J. Morgan (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3387
Facsimile:  (212) 492-0387
ejmorgan@paulweiss.com

*Counsel for Defendant Google LLC*