```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF VIRGINIA
 2                         ALEXANDRIA DIVISION

 3   ---------------------------x
     UNITED STATES OF AMERICA,   :   Civil Action No.:
 4   et al.,                     :   1:23-cv-108
              Plaintiffs,        :
 5       versus                  :   Friday, August 9, 2024
                                 :   Alexandria, Virginia
 6   GOOGLE LLC,                 :
                                 :   Pages 1-19
 7            Defendant.         :
     ---------------------------x
 8
             The above-entitled motions hearing was heard before
 9   the Honorable Leonie M. Brinkema, United States District
     Judge.  This proceeding commenced at 9:56 a.m.
10
                         A P P E A R A N C E S:
11
     FOR THE PLAINTIFFS:      GERARD MENE, ESQUIRE
12   (The United States)      OFFICE OF THE UNITED STATES ATTORNEY
                              2100 Jamieson Avenue
13                            Alexandria, Virginia  22314
                              (703) 299-3700
14
                              JULIA TARVER WOOD, ESQUIRE
15                            AARON TEITELBAUM, ESQUIRE
                              SEAN CARMAN, ESQUIRE
16                            UNITED STATES DEPARTMENT OF JUSTICE
                              ANTITRUST DIVISION
17                            450 Fifth Street, NW
                              Washington, D.C.  20530
18                            (202) 894-4266

19   FOR THE DEFENDANT:       CRAIG REILLY, ESQUIRE
     (Google LLC)             LAW OFFICE OF CRAIG C. REILLY
20                            209 Madison Street
                              Suite 501
21                            Alexandria, Virginia  22314
                              (703) 549-5354
22
                              KAREN DUNN, ESQUIRE
23                            BRYON BECKER, ESQUIRE
                              PAUL, WEISS, RIFKIND,
24                            WHARTON & GARRISON LLP
                              2001 K Street, NW
25                            Washington, D.C.  20006
                              (202) 223-7300
```

```
 1                   A P P E A R A N C E S:

 2   FOR THE DEFENDANT:      BRADLEY JUSTUS, ESQUIRE
     (Google LLC)            ALLISON VISSICHELLI, ESQUIRE
 3                           AXINN VELTROP & HARKRIDER, LLP
                             1901 L Street, NW
 4                           Washington, D.C.  20036
                             (202) 699-0950
 5
     FOR THE INTERESTED      LAURIN MILLS, ESQUIRE
 6   PARTIES:                WERTHER & MILLS, LLC
     (Media)                 2121 Eisenhower Avenue
 7                           Suite 608
                             Alexandria, Virginia  22314
 8                           (703) 547-4693

 9                           MATTHEW LEISH, ESQUIRE
                             MILLER KORZENIK SOMMERS RAYMAN LLP
10                           1501 Broadway
                             Suite 2015
11                           New York, New York  10036
                             (212) 752-9200
12
     COURT REPORTER:         STEPHANIE M. AUSTIN, RPR, CRR
13                           Official Court Reporter
                             United States District Court
14                           401 Courthouse Square
                             Alexandria, Virginia  22314
15                           (607) 743-1894
                             S.AustinReporting@gmail.com
16

17        COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

18

19

20

21

22

23

24

25
                                                                  2
```

```
 1                    P R O C E E D I N G S
 2            THE DEPUTY CLERK:  Civil Action Number
 3   1:23-cv-108, United States of America, et al. versus Google
 4   LLC.
 5            Will counsel please note their appearance for the
 6   record, first for the plaintiff.
 7            MR. MENE:  May it please the Court.  Gerard Mene
 8   with the U.S. Attorney's Office.  And, Your Honor, for the
 9   record, I think you know that Ty Henry from the Virginia
10   Attorney General's Office can't be here.  A tree fell on the
11   train track and they're stuck.
12            THE COURT:  Thank you.
13            MS. WOOD:  Good morning, Your Honor.  Julia Tarver
14   Wood from the Department of Justice for the United States.
15            THE COURT:  Good morning.
16            MR. TEITELBAUM:  Good morning, Your Honor.  Aaron
17   Teitelbaum for the United States.
18            THE COURT:  Good morning.
19            MR. CARMAN:  Good morning, Your Honor.
20   Sean Carman for the United States.
21            THE COURT: Good morning. All right.  Let's
22   continue with counsel of record and then we'll get to the
23   third parties.
24            MS. DUNN:  Thank you, Your Honor.  Good morning.
25   Karen Dunn on behalf of Google.  And with me at counsel
```

1  table, Bradley Justus, Ali Vissichelli, Bryon Becker and, of
2  course, Craig Reilly.
3          THE COURT:  Good morning.  All right.
4          Now from the media.
5          MR. MILLS:  Good morning, Your Honor.
6  Laurin Mills and Matthew Leish on behalf of The New York
7  Times, The Washington Post, Bloomberg, Portfolio Media and
8  MLex.
9          THE COURT:  All right.  And is Mr. Leish or are
10 you going to be making the argument?
11         MR. MILLS:  I'm going to talk about the logistics
12 issues, and he's going to talk about everything else.
13         THE COURT:  Well, you may not need to talk a whole
14 lot.  I've looked at the papers.  I really know what I'm
15 going to do.  So you're all here really to just hear what
16 I'm going to do on your motion.  All right.
17         There are four issues that have been raised in
18 the -- I'm just going to refer to it as the media
19 entities -- and you might as well stay there -- motion.
20         The first is the issue about when you would have
21 access to the exhibits that have been entered into evidence.
22 And I know you would like them that evening.  Counsel have
23 indicated that although they will try to make them
24 available, I feel that the procedure -- which the Fourth
25 Circuit blessed in the *Moussaoui* case, and I'm not aware of

                                                              4

1  any change in the Fourth Circuit's position on that -- is
2  that as long as the exhibits are available no later than
3  10:00 the morning following trial -- and that would include,
4  of course, Saturday morning for the Friday court session --
5  that that would provide sufficient public access to the
6  documents.
7          Again, the trial will be conducted in this
8  courtroom.  We have screens on both walls, so anyone who's
9  in this courtroom is going to be able to see the documents.
10 Now, quite frankly, documents on the screen are not always
11 all that visible.  I mean, that's just a reality of the
12 technology.  But we will try to work with counsel to get
13 those documents to you all as quickly as possible.
14         My suspicion is, given the sophistication of the
15 attorneys involved in this case and the way technology is
16 now functioning a lot better than it did in the *Moussaoui*
17 era, I would not be surprised if there can't be a procedure
18 whereby, you know, during the morning session let's say 20
19 exhibits are admitted, one of the paralegals could, during
20 the lunch break, upload them to the website.  So hopefully
21 that's how it will be done, but I'm not going to actually
22 require.  I will put in an order that it can't be any later
23 than 10:00 the following morning.  All right.  So that's
24 sort of not really granting you exactly what you want, but
25 it's a guarantee the media will have very quick access to

5

```
 1    those materials; all right?
 2             MR. MILLS:  Understood.
 3             THE COURT:  All right.  Then the next thing, you
 4    expressed concern about the proposed findings being publicly
 5    available.
 6             I was surprised that that was a problem.  Those
 7    things are always filed publicly.  So, again, there
 8    shouldn't be any issue with that.
 9             Now, if there are matters that are under seal, you
10    may get redacted versions of some pages, but you will be
11    getting any of those types of pleadings publicly filed.  All
12    right.  So that portion is being granted.
13             You want advance notice of closed courtroom
14    proceedings.  The Court is not going to give you that,
15    because, first of all, I'm not sure we're going to have to
16    do it.  And to the extent that we have bench conferences, as
17    you know, the Court never can predict in advance if some
18    matter is going to come up during the trial that requires a
19    private bench conference.  And so that request is denied.
20             And in terms of requests for bringing personal
21    electronic devices into the courthouse, I'm sure since
22    you're a regular practitioner here you already know what the
23    answer is on that.  The answer is no.
24             And, again, you've got the Westin Hotel right
25    across the street.  I think there are some other eateries
```

```
 1   very nearby.  If folks need to run out and do a quick email
 2   contact with the home base, they can do so, but we're not
 3   going to change the rules.  This is a much smaller
 4   courthouse than the District of Columbia.  I have touched
 5   base with the folks over there.  We don't have a great big
 6   media room.  We don't have that type of facilities available
 7   in this courthouse, so we have to work with what we've got.
 8   All right.
 9           MR. MILLS:  I brought it up because at the bar
10   luncheon a couple of months -- I guess a couple of weeks
11   ago, you mentioned you might be softening on that issue.
12           THE COURT:  It's not here yet.
13           MR. MILLS:  Okay.
14           THE COURT:  It's in the works, and it may be
15   actually -- you may see a change by late fall.  It will be
16   after this case is over.  Okay.  All right.
17           MR. MILLS:  Understood, Your Honor.
18           THE COURT:  I think that took care of everything
19   you had.
20           MR. MILLS:  There's one other thing that I
21   learned, and I preview this for Mr. Reilly.  I haven't had a
22   chance to talk to the government.
23           THE COURT:  Okay.
24           MR. MILLS:  I learned that Judge Mehta allowed a
25   live Zoom telephonic feed of the opening and closing
```

7

1  statements.
2           THE COURT:  I'm not going to permit it.  No.
3           MR. MILLS:  Thank you.
4           THE COURT:  I don't know how that came about.
5  That might have been a holdover from some of the COVID era.
6  But I am going to make -- I think I said this before.  The
7  courtroom across the hall, 701, is going to be an overflow
8  courtroom.  So between this courtroom and that courtroom, we
9  will have the capacity for at least 150 spectators.
10          The other thing I'm going to do -- I haven't
11 worked out all the logistics yet.  Since this is a bench
12 trial, I'm going to make the jury box, which has 18
13 comfortable seats, unlike those of you sitting on the hard
14 benches out there, that's going to be available for
15 additional plaintiffs' counsel, because we have -- I don't
16 know what the plan is with the 18 state attorney generals.
17 I don't know whether the Virginia Attorney General's Office
18 will be representing all of them or whether some attorneys
19 are going to want to attend the trial.  And I know there's a
20 whole bunch of Department of Justice attorneys.
21          So, to that extent, we're going to let -- I want
22 to see what the numbers look like.  And I will, at some
23 point, be asking you to give me a sense -- an attendance
24 sense so we know how many bodies we're talking about.  But
25 we will be able to put 18 of those folks there, which opens

8

1   up more space in the courtroom.  And I am giving
2   consideration to actually cordoning off a portion of the
3   seating capacity just for media so that they're guaranteed a
4   certain number of seats in the courtroom.  The rest of the
5   courtroom will be first-come, first-served.  We'll give you
6   the details on that shortly, but that's some of the things
7   that I have in mind in terms of access to the trial.
8           MR. MILLS:  Great.  Thank you, Your Honor.
9           THE COURT:  All right.  Thank you.
10          Now, I also issued a notice alerting the parties,
11  even though there's no formal motion on the table, I want to
12  make sure that we can minimize issues about sealing problems
13  as the trial gets started.  So we have two motions that have
14  been filed.  I wish that we had used different nomenclature,
15  because I'm having just a little -- I'm sort of having to
16  translate things in my head.
17          But we have 33 non-parties.  These are various
18  corporations that have submitted data information, some of
19  which they feel is sensitive, confidential, and they don't
20  want made public.  And so those 33 non-parties each have
21  filed -- this is the order that we gave.  Anybody who has
22  not filed one of these motions now is foreclosed from
23  raising a fuss.  But we have 33 non-parties who filed
24  requests for redactions.  They're called objections, but
25  they really are requests for redactions.

```
1                My understanding is that neither the government
2    nor Google has objected to any of those requests, nor have
3    the media; right?
4                MR. JUSTUS:  Correct, Your Honor.
5                THE COURT:  Okay.
6                MR. TEITELBAUM:  That's correct, Your Honor.
7                THE COURT:  So no contest, that's going to be how
8    those exhibits are presented.  So the burden is on the
9    parties to make sure that you've made the appropriate
10   redactions to those exhibits.  In other words, you have
11   incorporated the objections of the third parties into the
12   exhibits, to the extent you're actually going to use the
13   exhibit at trial.  All right.  And so we shouldn't have any
14   issues in that respect.
15               To the extent that some of what the third parties
16   are complaining about is the fact that they have contributed
17   a lot of data that's now been complied into sort of summary
18   charts or summary reports, and they don't want their entity
19   being identified as the source of a particular amount of
20   data.  I'm assuming you'll use some sort of a code like
21   Corporation A, Corporation B, or Corporation 1 or 2.  But I
22   would assume that's how you will be able to do the redaction
23   that protects the third parties' interests.  All right.  But
24   you'll all need to keep working with the third parties so we
25   don't have a whole lot of interruptions during the trial
```

```
 1   about the exhibits.  But since no objections were filed to
 2   the requests, I deem them to have been granted.  All right.
 3            Then we have the government's 29 objections -- or
 4   objections to 29 exhibits that Google is planning to use.
 5   Of those 29 objections, only one requests an entire sealing,
 6   and that is of a Navy contract, which it's quite clear, the
 7   public would not have a right to.  You couldn't get it in a
 8   FOIA request, and the government has correctly articulated
 9   the basis for why that document cannot be made public.
10   That's going to remain under seal.  All right.
11            As to the remaining 28 objections, I've looked at
12   the objection, and what the government did -- and of course
13   the media is upset about this because they don't -- and you
14   didn't do it correctly, by the way, Ms. Wood.  Because when
15   you file a motion to seal, what you're supposed to do is
16   you're supposed to file the unredacted document.  So that's
17   under seal so the Court can see it.  But you're also
18   supposed to file, at the same time, the proposed redacted
19   version on the public record so that that avoids the problem
20   that the media have raised about not knowing what was being
21   done, and that hasn't been done in your case.
22            So what did happen is the government gave us the
23   unredacted document, and then with yellow markings, just
24   indicated -- because we're talking de minimis editing, de
25   minimis redactions of those exhibits.  Such things as the
```

11

1   personal email address of the government employee who was
2   involved in the communication.  Now, the government -- no
3   one has a right to the people's personal email addresses.
4   Or the names of some of the government people who were
5   sending emails back and forth.
6           Some of the documents -- the only thing that's
7   being redacted is the price.  Those types of things.
8   Pricing is something that's usually sensitive.  So if
9   they're perfectly appropriate redactions, but because the
10  redacted versions were not presented to the public, the
11  media have, I think appropriately, expressed frustration
12  with that.
13          So, again, I'm going to grant the government's
14  objections.  All right.  So as to those 29 exhibits, Google
15  must make sure that the exhibit that is publicly used
16  contains redactions which the government wants.  The one
17  exhibit, the Navy contract, cannot be publicly disclosed.
18  If it does need to be discussed, hopefully it can be done in
19  a cryptic fashion so that it is acceptable.  We'll have to
20  face that if and when we come to that point in the trial.
21  And I will direct the government to promptly, hopefully by
22  the end of today, upload the redacted versions of the
23  exhibits.
24          You can do that?
25          MS. WOOD:  We will do that, Your Honor.  Thank

```
 1  you.
 2            THE COURT:  All right.  And so going forward, if
 3  there are any more redactions of this sort that have to
 4  happen, the procedure is you file the motion for leave to
 5  file under seal, you file the unredacted document under
 6  seal, you file the proposed redacted -- if it's a redaction
 7  rather than a complete sealing, and you file the proposed
 8  redacted version on the public docket all at the same time.
 9  And it may be after I've reviewed it I may want fewer
10  redactions, or, you know, if I want more, then that's a
11  problem, but that's how it goes.  All right.
12            Is everyone clear about that?
13            MS. WOOD:  Yes, Your Honor.  Thank you.
14            MS. DUNN:  Yes, Your Honor.
15            MR. JUSTUS:  Yes, Your Honor.
16            THE COURT:  That takes care of everything I was
17  concerned about at this point.
18            Does anyone have anything further on this case
19  that you want to raise?  Ms. Wood?
20            MR. TEITELBAUM:  Just briefly, Your Honor.
21            THE COURT:  Yes, sir.
22            MR. TEITELBAUM:  I think there are some
23  outstanding objections that the United States and the
24  plaintiff states had to some of Google's proposed
25  redactions, and so I just wanted to make sure the Court was
```

Stephanie Austin, RPR, CRR USDC/EDVA (607) 743-1894

1  aware that those are still pending.
2      THE COURT:  I know that you've been working on
3  that, you've got it down, and there are an awful lot.  Oh,
4  thank you.  You did remind me, there was one last thing I
5  wanted to do.
6      MR. TEITELBAUM:  Understood, Your Honor.
7      THE COURT:  And that is this, I really want Google
8  to continue working with the government to see if you can
9  more aggressively reduce the number of sealing issues that
10 we have with your exhibits.  All right.  If you are not able
11 to do that, then, again, what will happen is you're going to
12 have to file, as I've just indicated -- because right now
13 all you've given me is the redacted versions.  I don't have
14 the unredacted ones, so I can't compare.  I can't tell what
15 it is that Google is trying to, you know, prevent being
16 publicly disclosed.  Right now it's I think just slightly
17 under 300 exhibits that we're talking about.
18     I don't have the time, because I've got other
19 cases on my docket, to look at 300 exhibits.  What I'm going
20 to do is what I've done previously in these types of cases
21 where I have to do an in-camera review.  We're going to take
22 a random sample, 15 or 20, 30 of them, not a big sample, no
23 more than about 10 percent.  And if I find that Google is
24 over-redacting, then you're wasting my time, you will have
25 waived your right to redact, and all those exhibits will

14

1  come in unredacted.  All right.  So I want to make sure --
2  that puts pressure on you all to really very judiciously to
3  look at what it is you're trying to prevent from being
4  publicly disclosed.  All right.  And hopefully you can get
5  that done quickly so we're not on the eve of trial.
6          Yes?
7          MR. JUSTUS:  Yes, Your Honor.  May I speak?
8          THE COURT:  Sure.
9          MR. JUSTUS:  Yes, Your Honor.  Understood.  And
10 after court today we'll get some time to speak with the
11 plaintiffs and try to reach consensus on our sealing
12 requests to avoid burdening the Court with that sort of
13 process.
14         Just one more thing, if I can just have another
15 minute to kind of orient the Court on our redactions,
16 because it does seem nominally like a large number.  I think
17 now there are 237.  But the vast majority of those
18 redactions, Your Honor, are either Google's source code and
19 the detailed product design for its product features,
20 customer or third-party contract terms, detailed data of
21 customers, or employees' cell phone numbers.  That is
22 75 percent of our redactions.  So we'll work with the
23 government to make that clearer.
24         THE COURT:  Well, I mean, if it's employees' cell
25 phone numbers, since the government had the same concern

15

```
 1   about cell phone numbers, I don't think that should be a
 2   problem.
 3            MS. WOOD:  We withdrew the objections on that
 4   basis.
 5            THE COURT:  All right.  If it's third-party data,
 6   some of that I suspect could be avoided by, as I said, use a
 7   code rather than the name.  So, in other words, you know, if
 8   it's some -- you know, a contract with Amazon and, you know,
 9   the rest of the information may be appropriate and relevant,
10   but if Amazon can't be identified, then I would think any
11   problems in that respect would be pretty much, you know,
12   avoided.
13            MR. JUSTUS:  Yes, Your Honor.
14            So I think that for the customer third-party data,
15   I would put it into two buckets.  One is customer and
16   third-party data appearing in a document.  And for those, I
17   think we can do targeted redactions and manage that issue,
18   particularly focused on the contract terms, so we don't even
19   need to blind, like, here's the customer, we can just blind
20   what the contract terms are.  So one bucket, agreed, Your
21   Honor, that can be dealt with in terms of redactions.
22            When it comes to data sets, that's harder, because
23   what we're talking about is like one of these exhibits might
24   be a terabyte data set that contains millions of rows of
25   data, so going back into that data set and attempting to
```

16

```
 1  anonymize it is actually a challenging task, and probably
 2  one that the government doesn't want us to undertake at this
 3  point since they've probably already gotten this data put
 4  into their analyses in certain ways.  But we will absolutely
 5  work with the government to find a way to minimize the
 6  burden -- to maximize transparency on this and minimize the
 7  burden on the Court.
 8          THE COURT:  All right.  That's fine.  I'm
 9  encouraging you to do so.  And I want to make sure it's done
10  well before the trial.
11          The other thing is, I don't know the extent to
12  which it may affect the proposed findings and conclusion
13  documents that you need to file.  So work on it
14  expeditiously.
15          MR. JUSTUS:  Yes, Your Honor.  Absolutely.
16          MS. WOOD:  Yes, Your Honor.
17          And I would just reiterate, on behalf of the
18  government, we do have the utmost interest in a fair and
19  transparent trial to the greatest extent possible.  So we
20  will certainly work with Google's counsel to make sure
21  everything comes in efficiently.  That's why we had asked
22  that these issues be tackled, you know, before trial begins.
23          THE COURT:  And, again, I have confidence in the
24  quality of counsel in this case that we're not going to have
25  those types of issues.
```

17

```
1                The last thing is, you should make sure that your
2    tech people have contacted Lance Bachman, who's -- I know
3    those of you who practice here regularly know about that.
4    He's our IT person.  He's not going to be available before
5    August 19, but sometimes after the 19th of August, you
6    should try to arrange with him.  Make sure your tech people
7    have worked with him so they are comfortable with the
8    equipment in the courthouse.
9                MS. WOOD:  We will do that.  Thank you.
10               THE COURT:  All right.  Anything further that we
11   need to address at this point?  I know I'm going to see you
12   in another week or two.  Anything else?
13               MS. DUNN:  Nothing from us, Your Honor.
14               MS. WOOD:  Nothing from us.
15               THE COURT:  All right.  You're all free to go.
16               And Mr. Reilly, congratulations.  I understand you
17   have a milestone birthday coming up soon.
18               MR. REILLY:  It's one I prefer to forget, Your
19   Honor.  Thank you.
20               THE COURT:  Congratulations.  You're all free to
21   go.
22                    (Proceedings adjourned at 10:16 a.m.)
23
24
25
                                                                  18
```

```
 1                     ----------------------------------
 2   I certify that the foregoing is a true and accurate
 3   transcription of my stenographic notes.
 4
 5                     _____
 6                          Stephanie M. Austin, RPR, CRR
```