# Exhibit 4





For Release

# Federal Trade Commission Closes Google/DoubleClick Investigation

Proposed Acquisition Unlikely to Substantially Lessen Competition

December 20, 2007     

The Federal Trade Commission today announced that it will not seek to block Google Inc.'s proposed $3.1 billion acquisition of Internet advertising server DoubleClick Inc. In a 4-1 vote to close its eight-month investigation of the transaction, the Commission wrote in its majority statement that "after carefully reviewing the evidence, we have concluded that Google's proposed acquisition of DoubleClick is unlikely to substantially lessen competition."

Although interested parties have raised concerns about the proposed acquisition's impact on consumer privacy, the Commission observed that such issues are "not unique to Google and DoubleClick," and "extend to the entire online advertising marketplace." The Commissioners further wrote that "as the sole purpose of federal antitrust review of mergers and acquisitions is to identify and remedy transactions that harm competition," the FTC lacks the legal authority to block the transaction on grounds, or require conditions to this transaction, that do not relate to antitrust. Adding, however, that it takes consumer privacy issues very seriously, the Commission cross-referenced its release of a set of proposed behavioral marketing principles that were also announced today.

The Commission statement, authored by Chairman Deborah Platt Majoras and Commissioners Jon Leibowitz, William E. Kovacic and J. Thomas Rosch, focused on the agency's antitrust review of the proposed acquisition, which, as in all horizontal merger investigations, was based on the standards set forth in the joint FTC/Department of Justice Horizontal Merger Guidelines. Applying these guidelines, as well as Commission policy and case law in evaluating non-horizontal theories, agency staff analyzed three principal theories of potential competitive harm. First, it sought to determine whether Google's acquisition of DoubleClick threatened to eliminate direct and substantial competition between the two companies. Its thorough analysis of the evidence showed that the companies are not direct competitors in any relevant antitrust market, eliminating the need for further analysis.

Next, because mergers and acquisitions may also eliminate beneficial potential competition, the agency examined the implications of Google's continuing efforts to enter the third party ad serving markets. If these efforts had the potential to eliminate a competitor that was uniquely positioned to have a pro-competitive effect on these markets,

that would raise antitrust concerns. The agency's evidence, however, showed that current competition among firms in this market is vigorous, and will likely increase. The evidence also indicates that Google's entry, even if it were to be successful, likely would not have a significant impact on competition. Therefore, the elimination of potential competition also did not raise antitrust concerns.

Finally, the agency evaluated whether Google's acquisition of DoubleClick could harm competition by allowing Google to exploit DoubleClick's position in the third party ad serving markets to the benefit of Google's ad intermediation product, AdSense. In some instances, according to the Commission, a proposed transaction may allow a dominant seller of one product to harm competition in the market for a related complementary product, for example, by exclusively bundling – or otherwise tying together – its product with the acquired firm's product after the acquisition. Such a strategy, however, can only be anticompetitive if the merged firm has market power.

As explained in the Commission's statement, because the evidence failed to show that DoubleClick has market power in the third party ad serving markets, it is unlikely that Google could effectively foreclose competition in the related ad intermediation market following the acquisition. The evidence also showed that it was unlikely that Google could manipulate DoubleClick's third-party ad serving products in a way that would competitively disadvantage Google's competitors in the ad intermediation market. Further, the evidence demonstrated that any aggregation of consumer and competitive data resulting from the acquisition is unlikely to harm competition in the ad intermediation market. These factors resolved any competitive concerns related to these markets.

The statement concluded, however, "The markets within the online advertising space continue to quickly evolve, and predicting their future course is not a simple task. Accounting for the dynamic nature of an industry requires solid grounding in facts and the careful application of tested antitrust analysis. Because the evidence did not support the theories of potential competitive harm, there was no basis on which to seek to impose conditions on this merger. We want to be clear, however, that we will closely watch these markets and, should Google engage in unlawful tying or other anticompetitive conduct, the Commission intends to act quickly."

The Commission vote to close the investigation was 4-1, with Commissioner Pamela Jones Harbour voting no and issuing a separate dissenting statement and Commissioner Jon Leibowitz joining the Commission statement, but also issuing a separate concurring statement. In his statement, he noted "both the serious vertical competition issues raised by Google's proposed acquisition of DoubleClick as well as the substantial privacy issues that, though in part brought to light by the deal, clearly transcend it." In her statement, Commissioner Harbour wrote, "I dissent because I make alternate predictions about where this market is heading, and the transformative role the combined Google/DoubleClick will play if the proposed acquisition is consummated."

Copies of the statements and the newly issued self-regulatory privacy principles can be found at www.ftc.gov. The FTC's Bureau of Competition works with the Bureau of Economics to investigate alleged anticompetitive business practices and, when appropriate, recommends that the Commission take law enforcement action. To inform the Bureau about particular business practices, call 202-326-3300, send an e-mail to antitrust@ftc.gov, or write to the

Office of Policy and Coordination, Room 394, Bureau of Competition, Federal Trade Commission, 600 Pennsylvania Ave, N.W., Washington, DC 20580. To learn more about the Bureau of Competition, read "Competition Counts" at http://www.ftc.gov/competitioncounts.

## Contact Information

MEDIA CONTACT:
    Office of Public Affairs
    202-326-2180