IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 1:23-cv-00108-LMB-JFA |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO SEAL**

Pursuant to Local Civil Rule 5, Plaintiffs respectfully submit the instant memorandum of law in support of their motion to seal portions of Plaintiffs' memorandum of law in support of Plaintiffs' omnibus motion in *limine*, and to seal portions or all of exhibits (Ex. 3, 10, 11, 14-16, 18, 19-26) and the appendix. The memorandum, exhibits, and appendix contain information designated by Defendant Google, or a third-party, as confidential or highly confidential under the parties' protective order (Dkt. 203). The unredacted memorandum, exhibits, and appendix have been filed electronically using the sealed filing events.

Pursuant to paragraph 21 of the Protective Order (Dkt. 203), through this motion Plaintiffs inform the Court of the confidentiality designations of these materials and request that the Court seal portions of Plaintiffs' memorandum, exhibits, and appendix identifying such information, and maintain the redacted memorandum on the public docket, in order to provide Google and third-parties sufficient time to provide the Court with support for the need to seal these documents. But for the requirements of the Protective Order, Plaintiffs would not seek to seal these documents.

1

**ARGUMENT**

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). However, the common law presumption in favor of public access can be overcome by a showing that a litigant has "some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Accordingly, before ordering the sealing of a document, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the document[], and (3) provide specific reasons and factual findings supporting its decision to seal the document[] and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also* Local Civ. R. 5(C).

Plaintiffs do not believe the information referenced in their memorandum, exhibits, or appendix are of a type that outweighs the presumption in favor of public access. Nonetheless, because the material was designated as confidential or highly confidential by Google, or a third-party, Plaintiffs have filed the present motion in accordance with their obligations under paragraph 21 of the Protective Order. As stated in the notice filed concurrently with this memorandum, any interested member of the public and any other party may indicate their position on the motion.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' respectfully requests that the Court seal portions of Plaintiffs' memorandum, exhibits, and appendix.

Dated: August 16, 2024

Respectfully submitted,

JESSICA D. ABER
United States Attorney

/s/ Dennis Barghaan
Dennis Barghaan
Chief, Civil Division
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3777
Facsimile: (703) 299-3983
Email: Dennis.Barghaan@usdoj.gov

/s/ Julia Tarver Wood
JULIA TARVER WOOD
/s/ Amanda Strick
AMANDA STRICK
/s/ Victor K Liu
VICTOR K LIU
/s/ Chase Pritchett
CHASE PRITCHETT
/s/ Michael Freeman
MICHAEL FREEMAN

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077
Fax: (202) 616-8544
Email: Michael.Freeman@usdoj.gov
Attorneys for the United States

JASON S. MIYARES
Attorney General of Virginia

/s/ Tyler T. Henry
TYLER T. HENRY
Assistant Attorney General

Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219
Telephone: (804) 692-0485
Facsimile: (804) 786-0122
Email: thenry@oag.state.va.us

Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia