UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*, <br><br> *Plaintiffs*, <br><br> vs. <br><br> GOOGLE LLC, <br><br> *Defendant*. | No: 1:23-cv-00108-LMB-JFA |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT GOOGLE LLC'S MOTION TO SEAL**

Pursuant to Local Civil Rule 5, Defendant Google LLC ("Google"), through its undersigned counsel, hereby respectfully submits the instant memorandum of law in support of its motion to seal portions of its Motion *in limine* to Exclude Non-Party Lay Opinions Regarding Google's Alleged Monopoly or Anticompetitive Conduct, and to seal portions of exhibits C, E–H, M attached thereto. Google's Motion, and exhibits attached thereto, contain information the Court previously ordered could remain under seal at trial. Dkt. No. 1147.

**INTRODUCTION**

Pursuant to the Court's Order setting pretrial dates and deadlines, all parties and non-parties were required by July 26, 2024, to file specific requests to seal or redact trial exhibits or deposition designations containing confidential information. Dkt. No. 871. Thirty-three (33) non-parties filed such requests; the Court granted those 33 non-parties' requests in its Order entered on August 9, 2024. Dkt. No. 1147 at 2-3. Pursuant to the Court's Order, parties may only use "an exhibit or deposition designation that conforms with the redaction or sealing requests as set forth in the 33 non-parties' memoranda." *Id.* at 3. Therefore, in accordance with its obligations under the Court's

1

August 9 Order, Google files this motion to submit certain deposition designations under seal as requested by non-parties in their July 26th submissions. *Id.* at 2 n.1.

## ARGUMENT

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone* v. *Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id.* (quoting *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The common law presumption in favor of public access can be overcome only by a showing that a litigant has "some significant interest that outweighs the presumption." *Rushford* v. *New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Accordingly, before ordering the sealing of a document, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the document[], and (3) provide specific reasons and factual findings supporting its decision to seal the document[] and for rejecting the alternatives." *Ashcraft* v. *Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also* Local Civ. R. 5(C).

Google takes no position on whether the information referenced in its Motion *in limine* or the exhibits attached thereto is of a type that outweighs the presumption in favor of public access. Nonetheless, Google has filed the present motion in accordance with its obligations under the Court's August 9 Order. Dkt. No. 1147 at 3. As stated in the notice filed concurrently with this memorandum, any interested member of the public and any other party may indicate their position on the motion.

## **CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court seal portions of its Motion *in limine* to Exclude Non-Party Lay Opinions Regarding Google's Alleged Monopoly or Anticompetitive Conduct, and to seal portions of exhibits C, E–H, M attached thereto.

Dated: August 16, 2024

Respectfully submitted,

| | |
|---|---|
| Eric Mahr (*pro hac vice*)<br>Andrew Ewalt (*pro hac vice*)<br>Tyler Garrett (VSB # 94759)<br>FRESHFIELDS BRUCKHAUS<br>DERINGER US LLP<br>700 13th Street, NW, 10th Floor<br>Washington, DC 20005<br>Telephone: (202) 777-4500<br>Facsimile: (202) 777-4555<br>eric.mahr@freshfields.com | */s/ DRAFT*<br>Craig C. Reilly (VSB # 20942)<br>THE LAW OFFICE OF<br>CRAIG C. REILLY, ESQ:<br>209 Madison Street, Suite 501<br>Alexandria, VA 22314<br>Telephone: (703) 549-5354<br>Facsimile: (703) 549-5355<br>craig.reilly@ccreillylaw.com |
| Justina K. Sessions (*pro hac vice*)<br>FRESHFIELDS BRUCKHAUS<br>DERINGER US LLP<br>855 Main Street<br>Redwood City, CA 94063<br>Telephone: (650) 618-9250<br>Fax: (650) 461-8276<br>justina.sessions@freshfields.com | Karen L. Dunn (*pro hac vice*)<br>Jeannie S. Rhee (*pro hac vice*)<br>William A. Isaacson (*pro hac vice*)<br>Amy J. Mauser (*pro hac vice*)<br>Martha L. Goodman (*pro hac vice*)<br>Bryon P. Becker (VSB #93384)<br>Erica Spevack (*pro hac vice*)<br>PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP<br>2001 K Street, NW<br>Washington, DC 20006-1047<br>Telephone: (202) 223-7300<br>Facsimile (202) 223-7420<br>kdunn@paulweiss.com |
| Daniel Bitton (*pro hac vice*)<br>AXINN, VELTROP & HARKRIDER<br>LLP<br>55 2nd Street<br>San Francisco, CA 94105<br>Telephone: (415) 490-2000<br>Facsimile: (415) 490-2001<br>dbitton@axinn.com | |
| Bradley Justus (VSB # 80533)<br>AXINN, VELTROP & HARKRIDER<br>LLP<br>1901 L Street, NW<br>Washington, DC 20036<br>Telephone: (202) 912-4700<br>Facsimile: (202) 912-4701<br>bjustus@axinn.com | Erin J. Morgan (*pro hac vice*)<br>PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>Telephone:  (212) 373-3387<br>Facsimile:  (212) 492-0387<br>ejmorgan@paulweiss.com |

*Counsel for Defendant Google LLC*