# EXHIBIT 19

**In the Matter Of:**

*UNITED STATES vs*

*GOOGLE*

---

*CHRISTOPHER LASALA*

*November 07, 2023*

---



*** HIGHLY CONFIDENTIAL ***

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

---------------------------------------x

UNITED STATES OF AMERICA, et al.,

Plaintiff,

-against- Civil Action No.

GOOGLE LLC, 1:23-cv-00108

Defendant.

***CAPTION CONTINUED***

---------------------------------------x

VIDEOTAPED STENOGRAPHIC DEPOSITION OF:
CHRISTOPHER J. LaSALA - VOLUME III
Tuesday, November 7, 2023
New York, New York
11:07 a.m. - 3:30 p.m.
HYBRID DEPOSITION

Reported stenographically by:
Richard Germosen, FAPR, CA CSR No. 14391
RDR, CRR, CCR, CRCR, CSR-CA, NYACR, NYRCR
NCRA/NJ/NY/CA Certified Realtime Reporter
NCRA Realtime Systems Administrator
Job No. 2023-917736

Page 677

---------------------------------------------------
P R O C E E D I N G S
11:07 a.m.
New York, New York
---------------------------------------------------

THE VIDEOGRAPHER: Stand by, please.

We are now on the record. My name is Jonathan Juarez. I am a legal videographer for Lexitas.

Today's date is November 7, 2023, and the time is 12:07 -- I apologize, 11:09:07 a.m. This video deposition -- this deposition is taking place at 114 West 47th Street, New York, New York, in the matter of United States versus Google LLC. The deponent is Chris LaSala.

Counsel, please identify yourselves for the record.

ATTORNEY TESLICKO: David Teslicko for the United States.

ATTORNEY WOOD: Julia Tarver Wood from DOJ for the United States.

ATTORNEY ELLIS: Andrew Ellis on behalf of the Publisher Class.

ATTORNEY TAMOSHUNAS: Archana Tamoshunas on behalf of the Advertiser Class.

Page 678

ATTORNEY BIAL: Joseph Bial on behalf of the witness.

ATTORNEY BITTON: Daniel Bitton on behalf of the witness and on behalf of Google.

ATTORNEY SHERMAN: Sam Sherman on behalf of the witness and Google.

ATTORNEY BERGERSEN: Alexander Bergersen for Google.

THE VIDEOGRAPHER: The court reporter is Rich Germosen and will now swear in the witness.

CERTIFIED STENOGRAPHER: Good morning. My name is Rich Germosen. I am a certified stenographic reporter. My license is available for inspection.

(Whereupon, the Certified Stenographic Reporter administered the oath to the witness.)

C H R I S T O P H E R J. L a S A L A,
having been first duly sworn or affirmed, was examined and testified as follows:

EXAMINATION BY ATTORNEY TESLICKO:

BY ATTORNEY TESLICKO:

Q. Good morning, Mr. LaSala. Good to see you again.

Page 679

As a reminder, my name is David Teslicko. I'm an attorney representing the United States, and I'm joined here by my colleague, Julia Tarver Wood, also an attorney for the United States.

Mr. LaSala, are you represented today by counsel?

**A. I am.**

Q. Who is your counsel?

**A. These fine gentlemen.**

Q. And your understanding is that these individuals represent you in your individual capacity?

**A. Yes.**

Q. Okay. We talked about this a little last time, but have you signed any further retention agreements with any of the attorneys here since your last deposition?

**A. No, I have not.**

Q. Okay. Do you recall the rules we agreed to when you were previously deposed in this matter?

**A. I don't, so a refresher would be probably warranted.**

Q. I won't go through each and every one, you may have the logistical ones, but I do want

Page 680

to remind you of a couple in particular.

First, if any of my questions are unclear or you don't understand what I'm asking, please let me know. Otherwise, I will assume that you understood my question.

Does that make sense?

**A. That's fair.**

Q. Okay. We'll be taking breaks periodically today. If you ever need a break, just let me know and we'll accommodate that at the next convenient moment, okay?

**A. Okay.**

Q. There may be times when your counsel objects to one of my questions. Unless your counsel instructs you not to answer that question, you should go ahead and answer.

Do you understand that?

**A. I do.**

Q. And do you agree to abide by these ground rules?

**A. I do.**

Q. Okay. A couple more preliminaries.

Do you understand that you're testifying under oath today and that you're sworn to tell the truth just as if you were testifying in

Page 817

investigations as of February 2020?
A. Yes.
Q. After learning of those investigations, did you retain documents?
A. I did.
Q. Did that include Google Chats?
A. So --
ATTORNEY BITTON: Objection to form.
A. -- the instruction, and I don't remember the timing of all this, but the guidance that we got from counsel was don't --
THE WITNESS: Oh, okay. Sorry.
ATTORNEY BITTON: Just don't disclose instructions from counsel or communications with counsel.
THE WITNESS: Okay.
ATTORNEY BITTON: To the extent you can --
A. I used chat for nonbusiness-related stuff.
BY ATTORNEY ELLIS:
Q. After February 2020?
A. I don't know the date. I have no idea. This was all kind of coming at us and I don't remember.

Page 818

Q. Do you know whether the default for Google Chats is to be deleted?
A. I do know, but I didn't know -- I didn't know then. I only learned that as part of this process, like recently.
Q. So you're aware that as of February 2020, Google Chats were deleted?
ATTORNEY BITTON: Objection to form. Mischaracterizes the testimony.
A. I wasn't aware then.
Q. Okay. But you're aware now. Tell me what your understanding of the retention policy now.
ATTORNEY BITTON: Objection to form.
A. My understanding is that Google Chats was -- as it was developed as a technology, didn't record history --
Q. Okay.
A. -- by default I think.
Q. After you learned about the U.S. competition investigations, did you ever instruct Google employees to communicate via Google Chat with history turned off?
ATTORNEY BITTON: Objection to form.
A. I don't recall.
Q. Okay. Let's take a look at a

Page 819

document that might be helpful here.
ATTORNEY ELLIS: This is going to be LaSala exhibit 24.
(Whereupon, document GOOG DOJ AT 01828942 through 01828943, is received and marked as Exhibit 24 for Identification.)
CERTIFIED STENOGRAPHER: Number 24.
BY ATTORNEY ELLIS:
Q. And let me know when you've had a chance to review it, Mr. LaSala.
A. Yeah.
Q. It's a pretty short document.
A. Okay. Got it.
Q. Okay. I'll represent that this is a document produced by Google with Bates GOOG-DOJ-AT01828942 and ending in 8943.
It appears that this is a printout of a Google Chat conversation between you and Nash Islam, dated December 16, 2020; is that right?
A. That's right.
Q. And who is Nash Islam?
A. He worked for me.
Q. Okay. You reviewed the document. Can you tell me at the high level what this discussion is about?

Page 820

ATTORNEY BITTON: I'll restate the same objection that this is a previously produced document.
A. So it's so vague I don't -- SKAd solve an IDFA consent issue. Yeah, I don't know.
Q. Would you say at a high level this is a discussion about advertising on mobile apps?
ATTORNEY BITTON: Objection to form.
A. IDFA SKAd or a mobile app so.
Q. So broadly speaking, this is a discussion about advertising in mobile apps?
ATTORNEY BITTON: Objection to form. Lacks foundation.
A. Yeah, I don't know.
Q. Okay. Let me direct you to the bottom of this conversation at the end of page ending in 942.
A. Yeah.
Q. Nash Islam writes, and I'm quoting: Or too sensitive for email, so keep on ping.
Do you see that?
A. I do.
Q. Ping refers to Google Chat there?
A. It does.
ATTORNEY BITTON: Objection to form.

Calls for speculation.
Q. And then, Mr. LaSala, you write: Start a ping with history turned off.
Do you see that?
**A. I do.**
Q. So you're instructing Nash Islam to start a Google Chat with history turned off?
ATTORNEY BITTON: Objection to form.
**A. Yeah, I don't recall this, but that's what I wrote.**
Q. So you wrote: Start a ping with history turned off?
**A. That's what this seems to show.**
Q. And ping here refers to Google Chat; right?
ATTORNEY BITTON: Object to form.
**A. Yeah.**
Q. Why would you instruct someone to start a Google Chat with history turned off?
**A. I don't know.**
Q. Okay. And this is from September of 2020; right?
**A. That's what it's dated here.**
Q. Okay. When you were telling Nash Islam to start a Google Chat with history turned

off, to your knowledge, was that consistent with Google policy?
ATTORNEY BITTON: Objection to form.
**A. I don't know why I would have said that.**
Q. Do you think it's possible that you were instructing your employee to do something inconsistent with Google policy?
ATTORNEY BITTON: Objection to form.
**A. No. I don't know.**
Q. So do you think it's more likely that you were acting in accordance with Google policy at this time?
ATTORNEY BITTON: Objection to form. Calls for speculation.
**A. Yeah, I don't know. I have no recollection of this, of why I would have said that.**
Q. Isn't it true that you asked Nash Islam to start a ping with history turned off because you didn't want a record of this conversation?
ATTORNEY BITTON: Objection to form.
**A. I don't -- I don't know why I wrote that. I don't remember.**
Q. Is that a possible reason that you

asked Nash Islam to do that?
ATTORNEY BITTON: Objection to form.
**A. I don't remember why I asked him to do that.**
Q. Okay. All right.
I'm going to introduce one more document here.
ATTORNEY ELLIS: So this will be LaSala Lit exhibit 25.
(Whereupon, document GOOG DOJ AT 01440563 through 01440569, is received and marked as Exhibit 25 for Identification.)
CERTIFIED STENOGRAPHER: Number 25.
**THE WITNESS: Thank you.**
ATTORNEY ELLIS: And can you tell me how much time we have left?
THE VIDEOGRAPHER: We have about 11 minutes left.
ATTORNEY ELLIS: Okay.
BY ATTORNEY ELLIS:
Q. And, Mr. LaSala, I'll let you know that I'm really only interested in the first page and then a little bit onto the second page. I know there is more to this document, but I believe you all changed topics, so I would just direct you to

review the first page and about a quarter would be relevant to my questions?
**A. What am I looking at? This is also something I'm not familiar with.**
Q. Well, let's talk about that, Mr. LaSala. What this appears to be to me is you copying and pasting a Google Chat and then emailing it to yourself.
**A. Okay.**
Q. Would you take a look at the first page.
**A. I mean, I'm going to look at the whole document. So between me and Scott, is that right?**
Q. Between you and Scott Sheffer.
**A. Yeah, okay. And the way to read this would be backwards to forwards?**
Q. This one actually I believe goes forwards to backwards.
**A. Forwards to backwards.**
ATTORNEY BITTON: And I'll -- I mean, I'll state another objection that you're just continuing to use time of this deposition to pursue questions and documents that you could have pursued on a first go around, so I'll restate the objection

PAGE LINE

____ ____ CHANGE: ____________________________

REASON: ____________________________

____ ____ CHANGE: ____________________________

REASON: ____________________________

____ ____ CHANGE: ____________________________

REASON: ____________________________

____ ____ CHANGE: ____________________________

REASON: ____________________________

____ ____ CHANGE: ____________________________

REASON: ____________________________

____ ____ CHANGE: ____________________________

REASON: ____________________________

____ ____ CHANGE: ____________________________

REASON: ____________________________

____ ____ CHANGE: ____________________________

REASON: ____________________________

____ ____ CHANGE: ____________________________

REASON: ____________________________

____ ____ CHANGE: ____________________________

REASON: ____________________________

____ ____ CHANGE: ____________________________

REASON: ____________________________

C E R T I F I C A T E

I, RICHARD GERMOSEN, Fellow of the Academy of Professional Reporters, stenographic New Jersey Certified Court Reporter, New Jersey Certified Realtime Court Reporter, California Certified Shorthand Reporter, California Certified Realtime Reporter, NCRA Registered Diplomate Reporter, and NCRA Certified Realtime Reporter, do hereby certify:

That CHRISTOPHER J. LaSALA, the witness whose deposition is hereinbefore set forth, having been duly sworn, and that such deposition is a true record of the testimony of said witness.

I further certify that I am not related to any of the parties to this action by blood or marriage, and that I am in no way interested in the outcome of this matter.

IN WITNESS WHEREOF, I have hereunto set my hand this 8th day of November 2023.

______________________________________

RICHARD GERMOSEN,
FAPR, RDR, CRR, CCR-NJ, CRCR, CSR-CA, CCRR-CA,
NYACR, NYRCR
LICENSE NO. 30XI00184700
LICENSE NO. 30XR00016800
California CSR No. 14391
California CRR No. 198