IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

UNITED STATES, *et al.*,

    *Plaintiffs,*

    v.

GOOGLE LLC,

    *Defendant.*

No. 1:23-cv-00108-LMB-JFA

**[PROPOSED] ORDER GRANTING MOTIONS TO SEAL IN PART**

This matter comes before the Court pursuant to Local Rule 5 and Google LLC's ("Google's") Motion to Seal Motion for Summary Judgment and Daubert Motion Filings (ECF No. 605) (Google's "Motion to Seal"). Non-party Index Exchange, Inc. ("Index") filed a memorandum of law in response to the Motion to Seal (ECF No. 837). On August 6, 2024, Magistrate Judge Anderson issued an order (ECF No. 1128, the "August 6 Order") addressing, among other things, confidential information of the Parties and nonparties such as Index contained in Exhibit 1 to the Declaration of Bryon Becker in Support of Google LLC's Motion for Summary Judgment and Motions to Exclude (ECF No. 581-1, "Exhibit 1"). The August 6 Order did not specifically address two excerpts in Exhibit 1 that Index requested be filed in redacted form to prevent disclosure of its confidential information; Index subsequently requested clarification regarding the following excerpts of Exhibit 1 (the "Index Confidential References"):

- Exhibit 1, Page 211 n.725 (reference to Index's take rate); and
- Exhibit 1, Page 229 (reference to Index's reductions in publisher payouts).

Before this Court may seal documents, it must: "(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic

- 2 -

alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000) (internal citations omitted).

In compliance with Local Rule 5 and *Ashcraft*, Plaintiffs provided public notice of the sealing request by filing appropriate Notices with the Court. In support of its request to seal the Index Confidential Information through narrow, targeted redaction, Index argues the Index Confidential Information contains highly sensitive proprietary information regarding Index's transactional data, the public disclosure of which would harm Index's competitive standing. There are no less drastic alternatives to sealing through redaction because the unredacted materials contain Index's competitively sensitive information and the proposed redactions are not overinclusive.

Based on the foregoing, Court FINDS that the information at issue constitutes confidential and proprietary information and that less drastic alternatives to sealing are not feasible.

Accordingly, the Court GRANTS the Parties' Motions to Seal in part and ORDERS that the Index Confidential References shall be maintained under seal by the Clerk. The Clerk is REQUESTED to send a copy of this Order to all counsel of record.

**It is so ORDERED.**

                                                                   United States District Judge

Alexandria, Virginia
Date: _____