# EXHIBIT 107

# PUBLIC

HIGHLY CONFIDENTIAL

Page 1

H I G H L Y   C O N F I D E N T I A L

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION
-------------------------------x
UNITED STATES, et al.,

        Plaintiffs,

   vs.              Case No.
                      1:23-cv-000108

GOOGLE LLC,

        Defendant.
-------------------------------x

HIGHLY CONFIDENTIAL
VIDEOTAPED DEPOSITION OF LUKE LAMBERT
New York, New York
Tuesday, August 29, 2023
9:37 a.m.

Reported by:
Jennifer Ocampo-Guzman, CRR, CLR
Job No. CS6079449

HIGHLY CONFIDENTIAL

Page 2

August 29, 2023
9:37 a.m.

HIGHLY CONFIDENTIAL
Videotaped Deposition of LUKE LAMBERT, held at the offices of Latham & Watkins, LLP, 1271 Avenue of the Americas, New York, New York, pursuant to subpoena, before Jennifer Ocampo-Guzman, a Certified Realtime Shorthand Reporter and Notary Public of the State of New York.

Page 3

A P P E A R A N C E S:

UNITED STATES DEPARTMENT OF JUSTICE
Attorneys for Plaintiff United States
  450 5th Street, NW, Suite 7000
  Washington, DC 20530
BY:  KATHERINE E. CLEMONS, ESQ.
     RACHEL ZWOLINKSKI, ESQ.
     ALVIN CHU, ESQ., (via Zoom)

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Attorneys for Defendant Google LLC
  1285 Avenue of the Americas
  New York, New York 10019
BY:  ERIN J. MORGAN, ESQ.
     LEAH HIBBLER, ESQ.

Page 4

APPEARANCES (Continued):

LATHAM & WATKINS
Attorneys for Omnicom Holdings and the Deponent
  505 Montgomery Street, Suite 2000
  San Francisco, California 94111
BY:  NIALL LYNCH, ESQ.
     AARON CHIU, ESQ.
     KAILEN MALLOY, ESQ., (via Zoom)

ALSO PRESENT:
  MARCELO RIVERA, Videographer

Page 5

HIGHLY CONFIDENTIAL
  THE VIDEOGRAPHER:  Good morning. We are going on the record at 9:37 a.m., on August 29, 2023.  Please note that the microphones are sensitive and may pick up whispering and private conversations.  Please mute your phones at this time.  Audio and video recording will continue to take place unless all parties agree to go off the record. This is the media unit 1 of the video-recorded deposition of Mr. Luke Lambert, in the matter, United States, et al., versus Google LLC.  This deposition is being held at Latham & Watkins, located at 1271 Avenue of the Americas, New York, New York.  My name is Marcelo Rivera, representing Veritext Legal Solutions, and I am the videographer.  The court reporter is Jennifer Ocampo-Guzman in association with Veritext Legal Solutions.
  I am not related to any party in this action, nor am I financially interested in the outcome.  If there are

2 (Pages 2 - 5)

Page 114

LAMBERT - HIGHLY CONFIDENTIAL

    MS. CLEMONS: Objection, form.

    A. Online nonYouTube, YouTube, streaming audio, paid social, search discovery, and personalization.

    Q. Why would spend have been shifted from one channel to another for 2022?

    MS. CLEMONS: Objection, form, foundation.

    Q. Do you have an understanding of why spend has been shifted from one channel to another?

    MS. CLEMONS: Objection, form.

    A. I do.

    Q. Why?

    A. Performance based on the MMM results.

    Q. And in this case spend was shifted from digital display and potentially other categories into several categories that have increased display like online video, YouTube and paid social; is that right?

    MS. CLEMONS: Objection, form.

    A. I do see a decrease in digital display. I can't say that all of the

Page 115

LAMBERT - HIGHLY CONFIDENTIAL

decrease from other channels in this scenario weren't also totaled up and then divvied out, but what I'm seeing is they moved away from direct programming. They saw really great success on Reddit, Discovery got an increase in investment, Google Discovery an increase in investment based on efficiencies, yeah.

    Q. Are these different ad channels competing against each other for dollars in the budget?

    MS. CLEMONS: Objection, form.

    A. I think competition is the wrong word, no.

    Q. How would you describe the shift in spend between the different channels?

    MR. LYNCH: Object to form.

    A. It's an optimization that our team would make based on the MMM.

    Q. And if one channel is performing worse than another channel, spend from the worse performing channel might be shifted to the better performing channel, right?

    MS. CLEMONS: Objection, form.

    A. Yes.

Page 116

LAMBERT - HIGHLY CONFIDENTIAL

    Q. Is shift from -- is spend shifted from one channel to --

    MS. MORGAN: Scratch that.

    Q. In your experience, is spend in a budget ever shifted from one channel to another channel because of cost efficiencies related to a particular channel?

    MS. CLEMONS: Objection, form.

    Q. Like is it possible that a channel is costing a lot of money and not returning enough of a benefit so you might switch to something that is more efficient?

    MS. CLEMONS: Objection, form.

    A. Yes.

    Q. So the cost is something that is taken into account when you are looking at the media mix?

    A. The outcome of the cost.

    MS. CLEMONS: Objection, form.

    Q. The outcome of the cost.

And the outcome of the cost means the cost in comparison to what you received for the cost?

    A. That's efficiency.

Page 117

LAMBERT - HIGHLY CONFIDENTIAL

    Q. Let's go to page 9, which actually does have a number on it, but it's also marked with the Bates 187056.

    A. Uh-huh.

    Q. Okay. At the top of this page it says, "Media optimizations launched during Q4 drove improved efficiencies across most channels, and channel performance in the quarter validated the shifts planned for FY22."

What quarter is being compared here?

    MS. CLEMONS: Objection, form.

    A. Q4, Q3 it should be.

    Q. What are the shifts that are being referred to? Do you have an understanding from last chart we were looking at?

    A. On the previous page that we were looking on?

    Q. Or on this page.

    A. Yes.

    Q. What are the shifts that are being referred to?

    A. Specifically?

Page 266

1 LAMBERT - HIGHLY CONFIDENTIAL
2    A. Yes.
3    Q. You testified earlier that in the
4 second meeting you had with the Department of
5 Justice, that they could not tell Omnicom
6 what they needed, so Omnicom could make it
7 easier on them. Do you remember testifying
8 about that?
9    A. I do.
10    Q. In the meeting that you were
11 discussing, did the Department of Justice
12 tell you that there were specific pieces of
13 data that they were looking for?
14    A. No.
15    Q. Did you ask if there were specific
16 pieces of data you could provide them that
17 would be helpful?
18    A. Yes.
19    Q. Did they ever ask you for data
20 after that meeting in response to your
21 question about whether there were specific
22 pieces of data that could be helpful?
23    MS. CLEMONS: Objection to form.
24    A. If -- they did not ask me, no.
25    MS. MORGAN: Thank you. All right.

Page 267

1 LAMBERT - HIGHLY CONFIDENTIAL
2 Mr. Lambert, I think we can thank you
3 for your time.
4    THE WITNESS: Thanks.
5    MR. LYNCH: So this is concluded?
6    MS. MORGAN: Yes.
7    THE VIDEOGRAPHER: The time is
8 4:46 p.m. We're going off the record.
9    (Time noted: 4:47 p.m.)

Page 268

1
2 STATE OF _____)
3    ) :ss
4 COUNTY OF _____)
5
6
7    I, LUKE LAMBERT, the witness
8 herein, having read the foregoing
9 testimony of the pages of this
10 deposition, do hereby certify it to be a
11 true and correct transcript, subject to
12 the corrections, if any, shown on the
13 attached page.
14
15    _____
16    LUKE LAMBERT
17
18 Sworn and subscribed to before
19 me, this    day of
20    , 2023.
21    _____
22 Notary Public

Page 269

1
2    C E R T I F I C A T E
3 STATE OF NEW YORK )
4    : ss.
5 COUNTY OF NEW YORK )
6    I, Jennifer Ocampo-Guzman, a
7 Certified Realtime Shorthand Reporter and
8 Notary Public within and for the State of New
9 York, do hereby certify:
10    That LUKE LAMBERT, the witness
11 whose deposition is hereinbefore set forth,
12 was duly sworn, and that such deposition is
13 a true record of the testimony given by the
14 witness.
15    I further certify that I am not
16 related to any of the parties to this action
17 by blood or marriage, and that I am in no
18 way interested in the outcome of this
19 matter.
20    IN WITNESS WHEREOF, I have
21 hereunto set my hand this 1st day of
22 September 2023.
23    *J. Ocampo-Guzman*
24    JENNIFER OCAMPO-GUZMAN, CRR, CLR
25 `