IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 1:23-cv-108 (LMB/JFA) |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On August 2, 2024, plaintiffs filed a Motion to Seal their memorandum of law in support of their Motion for Adverse Inference, requesting that the Court seal portions or all of exhibits 3-11, 15-16, and 18-37 attached to the memorandum. See [Dkt. No. 1121] ("Plaintiffs' Motion to Seal"). The basis for plaintiffs' sealing request was because such documents were marked as confidential or highly confidential by defendant Google and Google should have time to address the permanent sealing of those exhibits. On August 7, 2024, the Court granted Plaintiffs' Motion to Seal. [Dkt. No. 1134]. On August 9, 2024, Google filed a response to Plaintiffs' Motion to Seal, asking the Court to continue sealing all of exhibit 15 and to seal portions of exhibits 27 and 29, but Google did not request continued sealing of exhibits 3-11, 16, 18-27, 28, and 30-37. See [Dkt. No. 1148].

The Court has reviewed the unredacted versions of exhibits 15, 27, and 29 that were filed under seal and finds that Google's limited redaction requests of exhibits 27 and 29 comport with the legal standard set forth in Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). For that reason, those two unredacted exhibits will remain under seal and the redacted versions will be publicly docketed.

As to exhibit 15, which is a copy of Google's responses to a set of interrogatories from the United States Department of Justice, Google argues that it "[c]ontains detailed confidential, non-public information regarding Google's internal operations and organizational structure." [Dkt. No. 1148] at 6. The Court finds that sealing this exhibit in its entirety is overly broad because the exhibit contains substantial amounts of information that are neither sensitive nor confidential. For example, the following questions and answers are contained one page four of Exhibit 15:

> **Question**: Describe the applications and information management software used in your organization's business, addressing: . . . e-mail programs (including version) (e.g., Microsoft Outlook, web-based e-mail accounts) and any related applications used (e.g., contacts, calendar, notes, tasks):
>
> **Google's response**: Google primarily uses the Google-developed "G Suite" solution for workplace productivity. G Suit is a cloud-based system that includes email (Gmail), chats (Hangouts/Hangouts Chats), storage/management (Drive), and other productivity applications (e.g., Sheets, Slides, Docs).
>
> **Question**: Describe the applications and information management software used in your organization's business, addressing: . . . where e-mails are stored (e.g., on network servers, local drives, web or cloud-based):
>
> **Google's response**: E-mails are systematically stored in the cloud.
>
> **Question**: Describe the applications and information management software used in your organization's business, addressing: . . . limits on e-mail retention (e.g., size of mailbox, length of retention, and when such limits were put into effect):
>
> **Google's response**: There are no limits on the size of mailboxes. Consistent with Google's retention policy in Annex B, e-mails are generally retained for a period of 18 months with some exceptions (e.g., e-mails marked as unread are auto-deleted after 6 months, a legal hold puts e-mail on hold until the legal hold is lifted, and emails can be marked for indefinite retention by the user).

See [Dkt. No. 1119-4] (cleaned up).

With respect to these examples, nothing in the Department of Justice's questions is confidential or worthy of being kept under seal, nor is there anything in Google's answers that jeopardizes the confidentiality or sensitivity of Google's "internal operations and organizational structure." Rather, much of the information in exhibit 15 is common knowledge or has been revealed in the parties' memoranda related to plaintiffs' Motion for Adverse Inference. For this reason, Google's request to seal all of exhibit 15 is denied.

Lastly, the Court has previously instructed the parties to be judicious with their requests to seal or redact information in this civil action, particularly on the eve of trial. As the Court explained during the most recent hearing, any party that is consistently requesting more information to be kept under seal than is appropriate will forfeit that party's ability to request the sealing of information moving forward. Accordingly, it is hereby

ORDERED that by close of business on Friday, August 23, 2024, defendant Google reconsider its request to seal exhibit 15 and provide the Court with specific justifications supporting what redactions, if any, it still seeks; and it is further

ORDERED that by close of business on Friday, August 23, 2024, plaintiffs file exhibits 3-11, 16, 18-27, 28, and 30-37, as well as exhibits 27 and 29 with Google's proposed redactions, on the public docket to accompany their Motion for Adverse Inference.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 20 day of August, 2024.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge