# Exhibit 20



**U.S. Department of Justice**

Antitrust Division

---

*Liberty Square Building*
*450 5th Street, N.W.*
*Washington, DC 20001*

June 1, 2021

**Via Email** (julie.elmer@freshfields.com)

Julie Elmer, Esq.
Freshfields Bruckhaus Deringer LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005

      Re:    Civil Investigative Demand No. 30471 – Handwritten Notes, Mobile
               Devices, and Chats

Dear Julie:

I write to address certain topics concerning document preservation and production which arose during the course of the Division's deposition of Google's Vice President of Global Partnerships, Bonita Stewart, on Monday, May 17, 2021.

**Handwritten Notes**

Ms. Stewart testified that she regularly takes handwritten notes related to her work at Google. Stewart Dep. 39:8–42:16. She also testified that she routinely discards these notes and may have discarded notes after the Division commenced its investigation. *Id*. Ms. Stewart's testimony raises significant concerns about Alphabet's preservation and production of hard copy materials for Ms. Stewart and also other Google personnel. Please inform us when Alphabet will complete each of the following tasks: (1) complete production of all handwritten notes or other hard copy materials responsive to CID No. 30471 ("the CID") for Ms. Stewart; (2) complete production of all handwritten notes or other hard copy materials responsive to the CID for all other refresh or Group D custodians; and (3) provide a written explanation of all steps taken to preserve hard copy documents responsive to the CID for any refresh or Group D custodian (including but not limited to Ms. Stewart).

**Mobile Devices**

Ms. Stewart testified that she has not yet returned her previously issued mobile device to the designated drop-off location in her office, notwithstanding that she participated in her deposition from a Google office. Stewart Dep. 30:17–32:14, 99:6–12. While the Division remains mindful of the ongoing disruptions caused by the COVID-19 global pandemic and the changes to workplace policies, the Division renews its request that Alphabet collect mobile devices as soon as possible. The Division reminds Alphabet of its continuing obligations to

protect against the loss of potentially responsive materials and to produce all documents responsive to the CID.

## Chats

In your letter of January 28, 2021, you indicated that, for chats, "employees are instructed to keep all potentially responsive conversations as 'on the record,' and are sent a reminder approximately every six months." Further, we understand from you that relevant "on the record" chats are collected and produced as part of Alphabet's document productions, but that chats not marked "on the record" are not collected and produced to the Division. During her deposition, Ms. Stewart testified that she has **never** intentionally marked a chat in Google Meets (formerly Google Hangouts) as "on the record." Stewart Dep. 34:15–35:7. Ms. Stewart's testimony raises questions as to whether Ms. Stewart or other custodians may have failed to record responsive chats as "on the record." As an initial matter, the Division requests that Alphabet provide, for each refresh and Group D custodian, the number of "on the record" chats collected from each such custodian.

Please let me know if you have any questions.

Sincerely,

/s/

John J. Hogan
Trial Attorney
Antitrust Division
U.S. Department of Justice