# Exhibit 21



U.S. Department of Justice

Antitrust Division

*Liberty Square Building*
*450 5th Street, N.W.*
*Washington, DC 20001*

July 23, 2021

**Via Email** (julie.elmer@freshfields.com)

Julie Elmer, Esq.
Freshfields Bruckhaus Deringer LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005

      Re:    Civil Investigative Demand No. 30471 – Miscellaneous Items

Dear Julie:

      I write to address certain topics related to Civil Investigative Demand No. 30471 ("the CID") that have arisen over the last several weeks. I address each in more detail below.

## **Chats**

      In November 2020, Alphabet's previous outside counsel assured the Division that "[t]hose on a hold notice are instructed to mark relevant discussions as 'on the record,'" and that such chats would be preserved and, as appropriate, produced. E-mail from Stuart Baimel, Wilson Sonsini Goodrich & Rosati, to John Hogan, DOJ (Nov. 19, 2020). Likewise, in January 2021, you confirmed:

> The preservation notice instructs employees to retain all responsive information, whether that information is on Google applications like G Suite or third-party apps. For chats, employees are instructed to keep all potentially responsive conversations as "on the record," and are sent a reminder approximately every six months. Relevant "on the record" chats have been collected and produced as part of the Company's document productions.

Letter from Julie Elmer, Freshfields, to John Hogan, DOJ (Jan. 28, 2021).

      In the course of reviewing chats that Alphabet has produced to the Division, we have encountered several instances where a chat participant requests to have a conversation with history off. Further, in some cases, a chat participant suggests taking the conversation to "ping." In one example, chat participants discuss having "a ping thread with history off" even though the participants understand that they are subject to a litigation hold. GOOG-DOJ-AT-01018638 at -639. Eventually, the same chat participant who suggested "a ping thread with history off" informs other participants that "this thread has history on" and "Please be cautious." *Id*. at -640.

The Division still awaits a response to our letter of June 1 in which we requested that Alphabet provide, for each refresh and Group D custodian, the number of "on the record" chats collected from each such custodian. We further request at this time that Alphabet provide clarification regarding references to "ping threads," whether such language refers to a Google application or a third-party product, whether Alphabet has preserved such materials, and the number of chats from "ping threads" that Alphabet has produced in response to the CID.

**Redactions**

The Division has reviewed several documents that appear to have overly broad privilege redactions. For example, GOOG-DOJ-AT-01887939 appears to be a slide deck where the title of the deck is redacted including a reference to what appears to be the name of a project.[1] Further, with the exception of one slide, the entire document appears redacted. Based on privilege log volume 5, which Alphabet originally produced on July 14 and then reproduced on July 22, Alphabet claims the redacted portions of this document are protected by attorney-client privilege.

As noted in my letter of April 6, attorney-client communications are "privileged only if they constitute legal advice, or tend directly or indirectly to reveal the substance of a client confidence." *Alexander v. FBI*, 186 F.R.D. 102, 110-11 (D.D.C. 1998) (quoting *United States v. Defazio*, 899 F.2d 626, 635 (7th Cir. 1990)). Communications dealing with "business matters, management decisions or business advice are not protected by the [attorney-client] privilege." *Boca Investerings Partnership v. Unites States*, 31 F. Supp. 2d 9, 11 (D.D.C. 1998) (citation omitted). Additionally, according to Instruction 10 in the CID, Alphabet is required to "[p]roduce all non-privileged portions of any responsive document (including non-privileged or redacted attachments) for which a privilege claim is asserted." The Division requests that Alphabet review the redactions in this document and produce all non-privileged portions of the document.

**Document Links**

Alphabet has produced several documents that contain notes from Business Council ("BC") deal reviews and links to project materials. For example, GOOG-DOJ-AT-01668473 at -489 contains deal review notes from September 17, 2018 that appear to include two document links associated with the words "Materials" and "here." In another example, GOOG-DOJ-AT-01895607 appears to contain a link to a document titled "Project Sunday (CONFIDENTIAL)." The Division requests that Alphabet identify whether it has collected and produced documents connected to links within BC deal review documents and links to all Project Sunday materials. Specifically, please identify the bates number or document control number on a privilege log for the documents associated with "Materials," "here," and "Project Sunday (CONFIDENTIAL)" as described above.

**Intranet and Dashboard Links**

In your letter of April 13, you provided additional information regarding certain document links identified by the Division in my letter dated February 25, 2021. Specifically, you

---

[1] The Division notes that the metadata indicates this document refers to Project Sunday.

indicated that some links were associated with intranet sites and dashboards. Upon review of the documents recently produced, your letter of June 4, and your follow-up email of June 9, it appears that the Division has not received the documents connected to the links in the chart below. The Division requests that Alphabet identify the bates number or document control number on a privilege log for the documents associated with these links.

| Document Link | Bates Number that Contains Link |
|---|---|
| go/adcompetition | GOOG-DOJ-15566470 |
| go/competition | GOOG-DOJ-05216282 |
|  | GOOG-DOJ-08149776 |
| go/dbm-yt | GOOG-DOJ-14195604 |
| go/industrymetrics | GOOG-DOJ-11776374 |
| go/ob-performance-dash | GOOG-DOJ-12862093 |
| go/platforms-compete | GOOG-DOJ-13116777 |
|  | GOOG-DOJ-10776725 |
|  | GOOG-DOJ-11871133 |
|  | GOOG-DOJ-11891577 |
|  | GOOG-DOJ-13114120 |
| go/rany-dash | GOOG-DOJ-14195604 |
| go/sow-360 | GOOG-DOJ-03804640 |
|  | GOOG-DOJ-04188001 |
| go/ssbfm | GOOG-DOJ-03858386 |
| go/ytadvertisers | GOOG-DOJ-13119676 |
| go/ytstaffdash | GOOG-DOJ-03858650 |
|  | GOOG-DOJ-13119469 |

**ACM and BC Phase 2 Decks**

The Division has not identified in Alphabet's document productions presentation decks submitted for Phase 2 review during the Ads and Commerce meeting ("ACM") on June 12, 2020 or the BC meeting on June 18, 2020. A link to the ACM deck is mentioned in GOOG-DOJ-AT-01646153. References and links to the BC deck and meeting identifier (BC20-016) are described in GOOG-DOJ-AT-01411601. The Division requests that Alphabet identify the bates number or document control number on a privilege log for these documents.

Please let me know if you have any questions.

Sincerely,

/s/

John J. Hogan
Trial Attorney
Antitrust Division
U.S. Department of Justice