# Exhibit 37
# (Custodian Correspondence)

| From: | Alvarado-Rivera, Jesus (ATR) |
|---|---|
| To: | frubinstein@wsgr.com |
| Cc: | blabow@wsgr.com; sbaimel@wsgr.com; Karr, Ryan (ATR); Gower, Cameron (ATR) |
| Subject: | CID No. 30120 |
| Date: | Wednesday, November 20, 2019 9:14:29 PM |
| Attachments: | 11-20-19 DOJ Proposal - Alphabet Group A Custodians.pdf |
| | ATT00001.htm |

Dear Franklin,

Thank you for producing Alphabet's response to Spec. 10, form contracts in response to Specs. 27, 34, 50, 62, and 63, some customer information in response to Spec. 62, an initial ESI Questionnaire response, and part of the requested organizational information.

Our ongoing discussions related to custodians have been helpful. Based on the preliminary information Alphabet has provided to the Antitrust Division so far, the Division requests that Alphabet designates the executives included in the attached list as the first group of custodians to be produced to the Division in response to CID No. 30120. The files for these "Group A Custodians" should be collected and produced in short order, following CID No. 30120 Instructions, the Antitrust Division's ESI Specifications, and any written modifications agreed upon by Staff. Relatedly, I will send you available times to discuss next steps for these Group A Custodians.

In order to proceed with our negotiations in a timely fashion, by November 27, 2019, please confirm that Alphabet agrees to the attached Group A Custodians designation, and provide the following:

- Requested business unit and custodian information, as specified in my email from November 19, 2019 with subject line "Alphabet Custodian Information – Follow-up."

Thank you,

Jesús

**Jesús M. Alvarado-Rivera**

Trial Attorney

Antitrust Division

U.S. Department of Justice

450 5th St. NW

Washington, DC 20530

202-598-8325

Jesus.Alvarado-Rivera@usdoj.gov

**Alphabet "Group A" Custodians CID No. 30120**
**DOJ Proposal – 11/20/19**

- Larry Page, CEO, Alphabet
- Sundar Pichai, CEO, Google
- Jen Fitzpatrick, SVP, Geo
- Elizabeth Reid, VP, Engineering
- Dane Glasgow, VP, Geo Product Experience
- Gayathri Rajan, VP, Geo Enterprise
- Benedict Gomes, SVP, Search and Assistant
- Scott Huffman, VP, Engineering
- Walt Drummond, VP, Engineering
- David Besbris, VP, Engineering
- Nick Fox, VP, Product & Design
- Pandu Nayak, Google Fellow
- Hiroshi Lockheimer, SVP, Platforms & Ecosystems
- Anil Sabharwal, VP, Chrome and Photos
- Darin Fisher, VP, Engineering
- Rahul Roy-Chowdhury, Vice President, Product Management
- Sameer Samat, VP, Product Management
- Jamie Rosenberg, VP, Android & Comms
- Prabhakar Raghavan, SVP, Ads
- Brad Bender, VP, Product Management
- Surojit Chatterjee, VP, Product Management
- Sissie Hsiao, VP, Product Management
- Richard Holden, VP, Product Management
- Jerry Dischler, VP, Product Management
- Susan Wojcicki, CEO, YouTube
- Robert Kyncl, Chief Business Officer, YouTube
- Neal Mohan, SVP, Product and Design, YouTube
- David Thacker, VP, Product Management
- Philipp Schindler, SVP, Chief Business Officer
- Mary Ellen Coe, VP, Google Customer Solutions
- Allan Thygesen, President, Americas
- Donald Harrison, President, Global Partnerships
- Joan Braddi, VP, Partnerships
- Pooja Kapoor, Director, Corporate Strategy & Top Partners
- Noam Bardin, VP, Product Management (Waze)
- Purnima Kochikar, Director, Business Development, Games & Applications
- Scott Sheffer, VP, Global Partnerships, Online Partnerships Group
- Bonita Stewart, VP, Global Partnerships
- Patrick Jabal, VP - Global Product Partnerships
- Sanjay Kapoor, VP, Corporate Development
- Jim Kolotouros. VP, Partnerships
- Kirk Perry, President, Global Client and Agency Solutions
- Hal Varian, Chief Economist

| | |
|---|---|
| **From:** | Alvarado-Rivera, Jesus (ATR) |
| **To:** | Franklin Rubinstein |
| **Cc:** | Ben Labow; Stuart Baimel; Karr, Ryan (ATR); Gower, Cameron (ATR); Girard, Nicholas (ATR) |
| **Subject:** | CID No. 30120 - Group B Custodians |
| **Date:** | Thursday, February 20, 2020 4:08:23 PM |
| **Attachments:** | Group B Custodians.pdf |
| | ATT00001.htm |

Franklin,

Attached is the list of Alphabet employees that the Antitrust Division needs as "Group B Custodians." The files for these Group B Custodians should be collected and produced in short order, following CID No. 30120 Instructions, and Antitrust Division's ESI Specifications, and any written modifications agreed upon by Staff. The Antitrust Division continues to review all available information, and will notify Alphabet when additional custodians become necessary.

Please confirm, by COB Friday, February 21, that Alphabet agrees to these Group B Custodians. Also, by COB Tuesday, February 25, please provide a proposed production schedule for these custodians' documents.

Thanks,

Jesús

## Alphabet "Group B" Custodians CID No. 30120

- Ruth Porat, SVP and CFO of Google and Alphabet
- Kent Walker, SVP, Global Affairs & Chief Legal Officer
- Qing Wu, Principal Economist
- Aditya Dhanrajani, Senior Product Manager
- Tarun Bhatnagar, VP, Maps Platform and Transport Solutions, Google Cloud
- Shalie Jonker, Director, Enterprise Business Strategy and Operations, Geo
- Baljeet Singh, Director, Product Management
- Rudy Galfi, Product Manager, AMP
- Emily Moxley, Director of Product Management
- Dave Burke, VP, Engineering
- Ben Goodger, Distinguished Engineer
- Parisa Tabriz, Director, Engineering
- Hugh Finnan, Director Product Management
- Jason Kersey, Director, Technical Program Management
- Margret Schmidt, Senior Director, Product Management & User Experience
- Lydia Ash, Director, Strategy and Operations, Chief of Staff
- Paul Gennai, Product Management Director
- Shalini Govil-Pai, Product Management Director
- Jyoti Vaidee, Group Product Manager
- Bhanu Narasimhan, Product Management Director, AdWords
- Vidhya Srinivasan, VP, Engineering
- Kishore Kanakamedala, Director, Product Management
- Danielle Romain, Chief of Product Operations
- Bonnie Pericolosi, Director, Product Management
- Duke Dukellis, Director, Product Management
- Deepti Bahtnagar, Group Product Manager
- Matthew Conroy, Group Product Manager
- Vishal Sharma, Vice President, Product Management, YouTube Ads
- Ali Miller, Director, Product Management
- Tript Singh Lamba, Group Product Manager
- Adam Juda, Director, Product Management
- Anthony Chavez, Director, Product Management
- Payam Shodjai, Director, Product Management
- Bashar Kachachi, Director, Product Management
- Mary Ellen Coe, VP, Google Customer Solutions
- Allan Thygesen, President, Americas
- Kristin Wiechmann, Principal, Corporate Strategy, Telco Top Partners
- Dave Graham, VP, Global Partnerships
- Chris Maxcy, VP, Global Business Development

- Jennifer (Park) Szeto, Director, Performance Ads Business Development
- Gianni Marostica, Managing Director, Business Development
- Chris Gklaros-Stavropoulos, Managing Director, Global Distribution Partnerships
- Bethanie Baynes, Director, New Business Development, Revenue Management & Analytics
- Jennifer Koester, Director of Telco and Video Distribution Partnerships
- Karen Aviram Beatty, Managing Director, Global Partnerships - Mobile Apps, Search, Domains
- Cyrus Beagley, VP, Partnerships Solutions & GTM
- Patrick Jabal, VP - Global Product Partnerships
- Jonika Hoomes, Head of Android Partner Programs, Americas
- Ariel Spivak, Director, Android Auto, Android TV, IoT Partnerships
- Veeru Bhora, Head of Strategic Partnerships
- Christopher Li, Android Mobile - Head of Growth, Distribution, and Go-to-Market
- Jason Spero, VP, Global Performance Solutions
- Dan Taylor, Managing Director, Global Ads
- Andy Miller, Managing Director, Global Search Ads
- Chris LaSala, Managing Director, Global Publisher Platforms
- Debbie Weinstein, VP, YouTube/Video Global Solutions
- Keith Enright, Chief Privacy Officer
- Lavanya Swetharanyan, RSA/MADA Signatory
- Zahavah Levine, RSA/MADA Signatory
- Alan Eustace, Safari RSA signatory

**From:** Alvarado-Rivera, Jesus (ATR)
**Sent:** Monday, August 3, 2020 10:25 PM
**To:** Rubinstein, Franklin <frubinstein@wsgr.com>; Baimel, Stuart <sbaimel@wsgr.com>
**Cc:** Gower, Cameron (ATR) <Cameron.Gower@ATR.USDOJ.GOV>; Labow, Ben <blabow@wsgr.com>; Girard, Nicholas (ATR) <Nicholas.Girard@ATR.USDOJ.GOV>
**Subject:** CID No. 30120 - Group C Custodians

Stuart and Franklin,

As I previewed today during our call, attached is the list of Alphabet employees that the Antitrust Division needs as "Group C Custodians." The files for these Group C Custodians should be collected and produced in short order, following CID No. 30120 Instructions, and Antitrust Division's ESI Specifications, and any written modifications agreed upon by Staff. The Division expects Alphabet to produce the responsive documents for Priority Group C Custodians that are not subject to privilege review, by no later than August 24, 2020.

Please confirm, by COB Thursday, August 6, that Alphabet agrees to these Group C Custodians. Also, by COB Friday, August 14, please provide a proposed production schedule for the non-priority custodians' documents. The Antitrust Division continues to review all available information, and will notify Alphabet when additional custodians become necessary.

Relatedly, as we discussed today, the Division requests that Alphabet produce responsive documents covering the time period ending on July 31, 2020, for the following custodians:

- Adrienne McAllister
- Chris Li
- Jim Kolotouros
- Richard Turner
- Toru Kawamura

Thanks,

Jesús

**Jesús M. Alvarado-Rivera**
Trial Attorney
Antitrust Division
U.S. Department of Justice
450 5th St. NW
Washington, DC 20530
Mobile: 202-660-3384
Jesus.Alvarado-Rivera@usdoj.gov

**Alphabet "Group C" Custodians CID No. 30120**

*Priority Group C Custodians*

- Adrienne McAllister
- Jim Giles
- Sam Cox
- Richard Turner
- Tobias Maurer
- Toru Kawamura

*Group C Custodians*

- Alok Verma
- Aparna Pappu
- Bonita Stewart
- Bryan Rowley
- David Goodman
- Drew Bradstock
- Eisar Lipkovitz
- Gargi Sur
- George Levitte
- Haskell Garon
- Jason Bigler
- Jasper Seldin
- Jerome Grateau
- Jonathan Bellack
- Josh Cohen
- Lisa Lehman
- Madhu Vudali
- Max Loubser
- Nikesh Arora
- Rany Ng
- Rob Hazan
- Scott Spencer
- Vip Andleigh
- Woojin Kim



**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*
*450 5th Street, N.W.*
*Washington, DC 20001*

January 15, 2021

**Via Email** (frubinstein@wsgr.com)

Franklin Rubinstein, Esq.
Wilson Sonsini Goodrich & Rosati
1700 K Street NW, Fifth Floor,
Washington, D.C. 20006
frubinstein@wsgr.com

      Re:    Civil Investigative Demand No. 30471 – Priority Document Request and
              Response to Proposed Search Terms

Dear Franklin:

    The Antitrust Division ("the Division") identifies in Attachment A to this letter a list of Alphabet employees that the Division requests as "Group D Custodians" for Civil Investigative Demand No. 30471 ("the CID"). As previously discussed, the Division also requests that Alphabet identify any person with responsive materials related to the following topics who has not previously been identified as a custodian and add any such person to the attached list of Group D Custodians: pricing strategy for ad tech products, experiments related to ad tech products, ad impression quality assessment and management, Project Poirot, Project Elmo, changes made to GAM Data Transfer report files, and efforts with industry parties and/or associations regarding universal identifiers for individuals or auctions.

    Alphabet should collect and promptly produce the files for these custodians, following the CID instructions and the Division's ESI Specifications. Please confirm by close of business Thursday, January 21, that Alphabet agrees to the Group D Custodians identified in Attachment A, including any additional individual Alphabet adds based on the topics above.

    Additionally, the Division provides in Attachment B to this letter its response to Alphabet's search term proposal. Please confirm by close of business Thursday, January 21, that Alphabet agrees to the Division's proposed search terms, or schedule a call for further discussion. The Division understands that Alphabet will apply all new, agreed-to search terms for productions from Group D Custodians and all future refresh productions the Division requests.

    This letter does not modify or defer any of Alphabet's obligations under the CID.

Please let me know if you have any questions.

Sincerely,

/s/

John J. Hogan
Trial Attorney
Antitrust Division
U.S. Department of Justice

**Attachment A**

<u>Group D Custodians</u>

1. Ali Nasiri Amini, Director, Engineering & Data
2. Amin Charaniya, Software Engineer
3. Arthur (Art) Price, Head of Analytics
4. Chetna Bindra, Senior Product Manager, User Trust, and Privacy
5. David Mitby, Director, Product Management for Mobile App
6. Elissa Murphy, VP, Engineering
7. Erin Schaefer, Managing Director, Global Operations & Services at YouTube
8. Eve Goldman, Director, Global YouTube & Video Solutions
9. Glenn Thrope, Product Manager
10. Jason Miller, Product Manager
11. Jeff Birnbaum, Head of Mobile Apps and Gaming Partnerships
12. Jeorg Heilig, *Former*, VP, Engineering
13. John Tobler, Engineering Director, Ads Data Hub
14. Julie Chen, Product Strategy & Operations
15. Kate Alessi, Director, YouTube & Video Global Solutions
16. Kristen Gil, VP, Business Operations Business Finance Officer
17. Luis Vilela, Senior Principal, Business Operations and Strategy
18. Malte Ubl, Software Engineer
19. Marcel Crasmaru, Director, Engineering
20. Martin Kon, VP, YouTube Strategy
21. Nirmal Jayaram, Director, Engineering
22. Noam Wolf, Software Engineer
23. Roshan Khan, Product Manager
24. Sagnik Nandy, VP, Engineering
25. Sam Temes, Director, Global Product & Sales Strategy
26. Scott Sheffer, VP, Global Partnerships
27. Sergio Abreu, Director, Monetization and Pricing Strategy
28. Vinay Rao, *Former*, Director, Product Quality Operations
29. Vivek Rao, Director, Engineering
30. Vlad Sinaniyev, Director, Engineering

| | |
|---|---|
| **From:** | Nierlich, George (ATR) |
| **To:** | ELMER, Julie (JSE) |
| **Cc:** | MOMMERS, Meredith; LIN, Daphne; PENG, Jane; ONKEN, Laura; Hogan, John (ATR); Hough, MaryMichael (ATR) |
| **Subject:** | CID No. 30471 |
| **Date:** | Friday, July 9, 2021 12:28:40 PM |

Julie,

Following up on your recent discussions with Aaron Hoag, Ryan Karr, and Erin Craig, the Division identifies three additional custodians for the production of documents in response to CID No. 30471:

1. Tim Lipus
2. Giulio Minguzzi
3. Jason Washing

This request does not modify or defer any of Alphabet's obligations under the CID.

Please let us know if you have any questions.

Best regards,

Chip

**George "Chip" Nierlich**

U.S. Department of Justice, Antitrust Division

450 5th Street NW, Washington, DC 20530

202.368.2217 | george.nierlich@usdoj.gov

# Freshfields Bruckhaus Deringer US LLP

**CONFIDENTIAL**

**Via Email**

Julia Tarver Wood, Esq.
Aaron Teitelbaum, Esq.
United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077
Facsimile: (202) 616-8544
Email: Julia.Tarver.Wood@usdoj.gov

**Washington**
700 13th Street NW
10th Floor
Washington, DC 20005
T +1 (202) 777-4500
F +1 (202) 777-4555
E julie.elmer@freshfields.com
www.freshfields.com

April 11, 2023

**Re:    *United States, et al. v. Google LLC*, No. 1:23-cv-00108-LMB-JFA**

Dear Counsel:

Contemporaneously with this letter, Google is serving its Objections to Plaintiffs' First Set of Requests for Production of Documents (the "Requests") and Plaintiffs' First Set of Interrogatories (the "Interrogatories"). I write to share additional details about Google's proposal for identifying custodial documents responsive to the Requests and to offer to meet and confer about Google's plans for substantially completing its production of responsive materials by July 7, 2023. This letter is Confidential Information, and Google's Objections to the Requests and Interrogatories are Confidential Information under the terms of the governing Protective Order. ECF No. 98.

As you know, Google has already produced approximately three million documents in relation to the Department of Justice's ("DOJ") ad tech investigation. Additionally, in response to Request 7, Google has agreed to "produce all documents Google produces to plaintiffs in the Multidistrict Litigation" (the "MDL").

In the MDL, Google has undertaken to review millions of additional documents and produce as many responsive documents as possible by May 30, 2023. As set forth below, Google's additional review population is based on the search parameters previously negotiated by the DOJ and the Texas Office of the Attorney General (the "Texas OAG"), with the limited adjustments described below. Together with the documents previously produced to the DOJ, the documents described in this paragraph are referred to as the "MDL Expanded Investigation Materials."

In the MDL, Google is running the search terms previously negotiated by the DOJ in connection with CID 30471 and by the Texas OAG in its ad tech investigation (together, the "Investigation Search Terms").  *See* Appendix A.[1]  The Investigation Search Terms are broad and subsume the vast majority of the Requests, including Requests for document refreshes. Negotiating new search terms and custodians from scratch would be impracticable in light of the July 7, 2023 deadline to substantially complete production of documents.  *See* ECF No. 69.

Google is applying the Investigation Search Terms to 119 custodians (the "MDL Ad Tech Custodians").  *See* Appendix B.  The MDL Ad Tech Custodians include 113 DOJ ad tech investigation custodians; all 39 custodians in the Texas OAG ad tech investigation (all but three of which overlap with the DOJ ad tech custodians); and three additional custodians.[2]  Regardless of whether a particular custodian was a DOJ ad tech custodian, a Texas OAG custodian, or neither, Google is applying all Investigation Search Terms to all MDL Ad Tech Custodians. Google will also meet and confer with Plaintiffs regarding additional custodians relevant to the Requests seeking information relating to Federal Agency Advertisers.

For all MDL Ad Tech Custodians, the Investigation Search Terms are being applied in the MDL to documents collected across a ten-year period running from January 1, 2013, through January 27, 2023, the date of the MDL Requests for Production.

As explained in its Objections, Google agrees to meet and confer in good faith regarding additional targeted searches tailored to Plaintiffs' Requests.  The majority of the Requests, however, do not require additional searches because of the comprehensive scope of the MDL Expanded Investigation Materials.  As Appendix A shows, Google has already run and will now refresh its extensive searches in connection with all relevant Google ad tech products for 119 custodians across a time period greater than ten years.

To the extent Plaintiffs intend to propose modifications to the searches described herein or a list of additional terms beyond those previously negotiated with the DOJ and the Texas OAG, please do so in writing by April 14, 2023.  Google is currently available to meet and confer regarding Plaintiffs' Requests on April 17, 2023, from 1:00 pm to 4:00 pm; April 18, 2023, from 10:00 am to 1:00 pm; and April 20, 2023, from 10:00 am to 2:00 pm.

Google is separately available to meet and confer regarding Requests 46, 47, 50, 51, 52, 53, 54, 55 and 56, as well as the Interrogatories, on April 17, 2023, from 11:00 am to 12:00 pm;

---

[1] Google has removed from the previously negotiated Investigation Search Terms only terms related to the Facebook Network Bidding Agreement and YouTube, which are not at issue in this litigation. Google has also added to the Investigation Search Terms documents related to RASTA, even though the DOJ ad tech investigation search terms already included sweeping searches for documents related to experiments and tests regarding Google's ad tech products.  Finally, Google corrected limited typographical errors that were present in the CID 30471 search terms.
[2] Tim Craycroft and Richard Gingras were added because they were on Google's initial disclosures in the MDL. Jessica Mok was added because her documents may be responsive to Plaintiffs' requests for financial information.

CONFIDENTIAL

April 11, 2023
Page 3

April 18, 2023, from 12:00 pm to 1:00 pm and 2:00 pm to 3:30 pm; and April 19, 2023, from 11:00 am to 12:00 pm and 3:30 pm to 4:30 pm.

Sincerely,

*/s/ Julie S. Elmer*
Julie S. Elmer
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
Email: julie.elmer@freshfields.com

CONFIDENTIAL
April 11, 2023
Page 24

**APPENDIX B**

| | | | |
|---|---|---|---|
| 1. Adam Juda | 31. Donald Harrison | 61. Julie Chen | 91. Rany Ng |
| 2. Alex Shellhammer | 32. Drew Bradstock | 62. Karen Aviram Beatty | 92. Richard Gingras |
| 3. Ali Miller | 33. Duke Dukellis | 63. Kate Alessi | 93. Rob Hazan |
| 4. Ali Nasiri Amini | 34. Eisar Lipkovitz | 64. Kirk Perry | 94. Robert Kyncl |
| 5. Allan Thygesen | 35. Elissa Murphy | 65. Kishore Kanakamedala | 95. Roshan Khan |
| 6. Alok Verma | 36. Erin Schaefer | 66. Kristen Gil | 96. Rudy Galfi |
| 7. Amin Charaniya | 37. Eve Goldman | 67. Kristin Wiechmann | 97. Sagnik Nandy |
| 8. Anthony Chavez | 38. Gabe Kronstadt | 68. Lisa Lehman | 98. Sam Cox |
| 9. Aparna Pappu | 39. Gargi Sur | 69. Luis Vilela | 99. Sam Temes |
| 10. Arthur Price | 40. George Levitte | 70. Madhu Vudali | 100. Scott Sheffer |
| 11. Barbara Piermont | 41. Giulio Minguzzi | 71. Malte Ubl | 101. Scott Spencer |
| 12. Bashar Kachachi | 42. Glenn Thrope | 72. Marcel Crasmaru | 102. Sean Downey |
| 13. Bethanie Baynes | 43. Hal Varian | 73. Marshall Vale | 103. Sergio Abreu |
| 14. Bonita Stewart | 44. Haskell Garon | 74. Martin Kon | 104. Sissie Hsiao |
| 15. Bonnie Pericolosi | 45. Jason Bigler | 75. Mary Ellen Coe | 105. Sridhar Ramaswamy |
| 16. Brad Bender | 46. Jason Miller | 76. Matthew Conroy | 106. Sundar Pichai |
| 17. Bryan Rowley | 47. Jason Spero | 77. Matthew Glotzbach | 107. Suresh Kumar |
| 18. Chetna Bindra | 48. Jason Washing | 78. Max Loubser | 108. Susan Wojcicki |
| 19. Chris Gklaros-Stavropoulos | 49. Jasper Seldin | 79. Mike Schulman | 109. Tim Craycroft |
| 20. Chris LaSala | 50. Jayavel Shanmugasundaram | 80. Neal Mohan | 110. Tim Lipus |
| 21. Chris Maxcy | 51. Jeff Birnbaum | 81. Nikesh Arora | 111. Tobias Maurer |
| 22. Dan Taylor | 52. Jennifer Koester | 82. Nirmal Jayaram | 112. Tript Singh Lamba |
| 23. Daniel Alegre | 53. Jerome Grateau | 83. Nitish Korula | 113. Vidhya Srinivasan |
| 24. Danielle Romain | 54. Jerry Dischler | 84. Noam Wolf | 114. Vinay Rao |
| 25. Dave Rolefson | 55. Jessica Mok | 85. Omid Kordestani | 115. Vip Andleigh |
| 26. David Besbris | 56. Jim Giles | 86. Paul Muret | 116. Vishal Sharma |
| 27. David Goodman | 57. Joan Braddi | 87. Payam Shodjai | 117. Vivek Rao |
| 28. David Mitby | 58. John Tobler | 88. Philipp Schindler | 118. Vlad Sinaniyev |
| 29. Debbie Weinstein | 59. Jonathan Bellack | 89. Pooja Kapoor | 119. Woojin Kim |
| 30. Deepti Bhatnagar | 60. Josh Cohen | 90. Prabhakar Raghavan | |

| From: | SALEM, Sara |
|-------|-----------|
| To: | Garcia, Kelly (ATR); BAYOUMI, Jeanette; MAHR, Eric (EJM); ELMER, Julie (JSE); EWALT, Andrew (AJE); GARRETT, Tyler; MCCALLUM, Robert; KAPLIN, Lauren; Bradley Justus; craig.reilly@ccreillylaw.com; GARRETT, Tyler; Daniel Bitton; Koren W. Wong-Ervin; HENDERSON, Andrew; Sherman, Sam D. |
| Cc: | Teitelbaum, Aaron (ATR); Wood, Julia (ATR); Mene, Gerard (USAVAE); aferguson@oag.state.va.us; spopps@oag.state.va.us; thenry@oag.state.va.us; kgallagher@oag.state.va.us; Brian Wang; henry.cornillie@doj.ca.gov; Paula Blizzard; bryn.williams@coag.gov; jan.zavislan@coag.gov; steve.kaufmann@coag.gov; nicole.demers@ct.gov; yale.leber@law.njoag.gov; elinor.hoffmann@ag.ny.gov; morgan.feder@ag.ny.gov; locean@riag.ri.gov; david.mcdowell@ag.tn.gov; ethan.bowers@ag.tn.gov; Vernon, Jeffrey (ATR); Wolin, Michael (ATR); Choi, Stephanie (ATR) |
| Subject: | [EXTERNAL] RE: Service of Discovery Objections - United States et al v. Google LLC, 1:23-cv-00108-LMB-JFA (E.D. Va.) |
| Date: | Friday, May 5, 2023 10:36:56 PM |

Kelly –

Thank you for your time on the meet and confer this morning. As discussed, Google agrees to add the following eight custodians that may have information related to the Federal Agency Advertiser claims.

- Anthony Altimari
- K. Marco Hardie
- Sean Harrison
- Sarah Rock
- Courtney Rose
- Adam Stewart
- Meghan Zidar
- Joanna Zimelis Goldblatt

Best,
Sara

**Sara Salem**
Associate
**T** +1 202 777 4529 | **M** +1 202 853 0381

---

**From:** Garcia, Kelly (ATR) <Kelly.Garcia@usdoj.gov>
**Sent:** Monday, May 1, 2023 12:22 PM
**To:** SALEM, Sara <Sara.Salem@freshfields.com>; BAYOUMI, Jeanette
<Jeanette.Bayoumi@freshfields.com>; MAHR, Eric (EJM) <Eric.MAHR@freshfields.com>; ELMER,
Julie (JSE) <Julie.Elmer@freshfields.com>; EWALT, Andrew (AJE) <Andrew.Ewalt@freshfields.com>;
GARRETT, Tyler <Tyler.Garrett@freshfields.com>; MCCALLUM, Robert
<rob.mccallum@freshfields.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; Bradley Justus
<bjustus@axinn.com>; craig.reilly@ccreillylaw.com; GARRETT, Tyler
<Tyler.Garrett@freshfields.com>; Daniel Bitton <dbitton@axinn.com>; Koren W. Wong-Ervin
<kwongervin@axinn.com>; HENDERSON, Andrew <Andrew.Henderson@freshfields.com>; Sherman,
Sam D. <ssherman@axinn.com>
**Cc:** Teitelbaum, Aaron (ATR) <Aaron.Teitelbaum@usdoj.gov>; Wood, Julia (ATR)
<Julia.Tarver.Wood@usdoj.gov>; Mene, Gerard (USAVAE) <Gerard.Mene@usdoj.gov>;
aferguson@oag.state.va.us; spopps@oag.state.va.us; thenry@oag.state.va.us;
kgallagher@oag.state.va.us; Brian Wang <Brian.Wang@doj.ca.gov>; henry.cornillie@doj.ca.gov;
Paula Blizzard <Paula.Blizzard@doj.ca.gov>; bryn.williams@coag.gov; jan.zavislan@coag.gov;

# Freshfields Bruckhaus Deringer US LLP

**CONFIDENTIAL**

<u>**Via Email**</u>

Kelly D. Garcia
Trial Attorney
Antitrust Division
U.S. Department of Justice
450 5th Street NW, Washington, D.C. 20530

New York
601 Lexington Avenue
31st Floor
New York, NY 10022
T +1 212 277 4000 (Switchboard)
   +1 212 284 4910 (Direct)
F +1 646 521 5710
E rob.mccallum@freshfields.com
www.freshfields.com

May 26, 2023

Re:   *United States, et al. v. Google LLC*, No. 1:23-cv-00108-LMB-JFA

Dear Kelly:

I write in response to your letter dated May 25, 2023 in connection with various burdensome Requests for Production ("Requests") of categories of documents that the DOJ could have requested during its three-plus-year investigation but has now chosen to demand within the compressed timeframe for fact discovery in the above-captioned case.

**Source Code**

From the outset of these negotiations, we have repeatedly told you that Google's source code is extremely sensitive, and that identifying code potentially responsive to the DOJ's requests, some of which span over 15 years, would be an extremely burdensome process. We have also repeatedly explained that this process involved speaking with multiple engineers across Google.

On May 5, 2023, Plaintiffs proposed that, in lieu of a production of source code, Google could instead produce a complete repository of pseudocode which your experts proposed to assess and determine whether a supplemental source code production is necessary. We diligently pursued that request and told you on May 23 that we had been unable to identify any such complete repository but that we nevertheless anticipated giving you a substantive response regarding source code production by May 30, 2023.

On Wednesday, you told us that you intended to file a motion to compel this week. We asked that you refrain from doing so because the parties were not at an impasse. Specifically, we explained to you that May 30 is the deadline for substantial completion of production in the parallel proceedings in the Southern District of New York and that Google was working

diligently to respond in tandem to your requests and MDL plaintiffs' substantively similar requests for source code. We further asked—in the spirit of the Coordination Order negotiated by the parties across the two cases (and agreed to by the DOJ)—that Google be allowed to respond to these requests at the same time to make the process more efficient, but you refused that reasonable request.

The DOJ cannot simply rely on the constrained timeline for fact discovery in this Court—a feature of this Court's docket management style that Plaintiffs chose—as a justification to impose a multitude of burdensome requests that the DOJ could easily have addressed years ago. Putting unreasonableness to one side, Google has continued to pursue its diligent efforts to identify potentially responsive source code and can now confirm that, without waiver of its objections[1] and subject to the provisions of the governing Protective Order and associated Source Code Protocol, Google is prepared to search for and make available source code sufficient to describe the following features, to the extent it exists and can be located: Dynamic Allocation, Enhanced Dynamic Allocation, Reserve Price Optimization, Dynamic Revenue Share, Minimum Bid to Win aka Highest Other Bid, Smart Bidding, Poirot, and Bernanke (including Global Bernanke and Bell).

**Successors**

Plaintiffs' overbroad request to compel the identification and addition of successor custodians attempts to advance a backwards view of basic discovery proceedings. Sedona Principle 6 reflects the normal allocation of discovery burdens among the parties. The Sedona Principles, Third Edition, 19 Sedona Conf. J. 1, 40-41 (2018). Under those basic principles, "the responding party is best situated to decide how to search for and produce ESI responsive to [Plaintiffs'] document requests." *Hyles v. New York City*, 2016 WL 4077114, at *3 (S.D.N.Y. Aug. 1, 2016).

We continue to doubt the relevance of and need for Plaintiffs' request that Google identify—and now add as custodians—scores of successors to the more than 100 custodians that the DOJ agreed to during the course of its investigation. The DOJ could have sought this information during its investigation but chose not to do so. As we have told you, Google does not systematically maintain information on successors in the ordinary course of business. Roles and responsibilities at Google are not static, reorganizations happen with some frequency, and teams often redistribute work or direct reports as employees change teams or depart the company.

Given the burdensome nature of this request and the fact that the conduct at issue in this case occurred long before 2020, at the outset of the meet and confer process, Google asked Plaintiffs to narrow their request and identify a priority set of custodians who are likely to have relevant information post October-2020. Plaintiffs responded with a list of 63 custodians, some of which, we have explained, have roles that do not relate to any of Plaintiffs' claims.

---

[1] Plaintiffs have yet to show why, as required under the governing Protective Order and applicable law, the production of source code is both relevant and "necessary." ECF No. 203 at 37-38; *see also Pechiney Plastic Packaging, Inc. v. Curwood, Inc.*, 220 F.R.D. 452, 453 (D.S.C. 2004) (recognizing that a party seeking disclosure of a trade secret must demonstrate that the information is both relevant and necessary to its claims).

Plaintiffs' request remains extremely broad, and Plaintiffs have made no effort to explain why post-October 2020 documents for these 63 individuals would be relevant to Plaintiffs' claims which largely concern conduct that occurred long ago.  Despite Plaintiffs' failure to address relevance and the burden involved in responding, Google has still made diligent efforts to respond to your Requests.  On May 24 we provided successor information for six senior employees that were the focus of your queries and stated that we would provide further information by the end of the week.

Once again, you asserted that the parties were at an impasse when that was plainly not the case, and again threatened to file a motion to compel while Google continued to respond to your various burdensome requests.  Again, despite the unreasonableness of the request, Google has continued its inquiries and, as promised, provides additional information on successors listed in Appendix A.[2]

**Chats**

Plaintiffs' Request 58 seeks discovery unrelated to any party's claim or defense in this action—so-called "discovery on discovery."  Your letter's explanation that the request seeks "information that would reveal whether or not the potential witnesses in this litigation engaged in similar conduct" to what Judge Donato found to have occurred in the *Play Store* litigation confirms this characterization.  You have cited no factual basis underpinning your speculation that witnesses in *this* litigation have failed to preserve relevant chats.  "Accordingly, this form of 'meta-discovery' is inappropriate."  *Eshelman v. Puma Biotechnology, Inc*., 2017 WL 9440762, at *3 (E.D.N.C. Dec. 28, 2017).

As we explained during our meet and confer on May 24, our preliminary analysis shows that the searches you have proposed, based on terms that have no bearing on the issues in dispute in this litigation, would return more than half a million documents.  Reviewing and producing this volume of irrelevant documents would present a disproportionate burden.

In addition to being burdensome, additional production is unnecessary.  During the investigation, the DOJ amassed more than 3 million of Google's documents, over which you are of course free to run any search terms of interest to you.  Furthermore, we are in the process of reviewing more than 2 million additional documents for production in due course.

During our meet and confer on May 24, we offered as a counterproposal to produce a subset of "discovery on discovery"-related documents that had already been produced in the *Play* litigation for all individuals who are custodians in both that litigation and this one.  You have stated that you "would not be inclined to agree" to this counterproposal, even though the DOJ recently accepted just such a counterproposal in the *Search* litigation.

---

[2] The information contained in Appendix A is the output of a good faith manual process to identify successors. Given the fluidity of roles and responsibilities at Google, and therefore the lack of a centralized system tracking this information, we are unable to represent that this is a complete response to Plaintiffs' request and we reiterate that we do not believe that Plaintiffs have articulated a basis for demanding one.  Despite being under no obligation to do so, Google agrees to supplement this description to the extent that our understanding evolves.

CONFIDENTIAL
May 26, 2023
Page 4

Your letter concedes that your Request as originally propounded is overbroad. When we spoke on May 24, you sought to justify the breadth of your Request in part by erroneously asserting that Judge Donato had ordered production of all documents from relevant custodians, but that is incorrect: Judge Donato's order clearly addresses the production only of chats which contain certain search terms.[3] We appreciate your efforts to narrow your request, but still consider it overbroad.

In addition, we consider your proposed inclusion of the search term "communicate with care" unfounded. Judge Donato did not order the production of chats including that phrase. And as you know, in the *Search* litigation, your motion for sanctions in connection with Google's communicate with care program was denied: after reviewing a sample of the underlying documents, Judge Mehta noted there was "no way" he would order the remedy you sought given Google's "good-faith effort" to produce documents as appropriate and while maintaining privilege.[4]

Nevertheless, in the interest of cooperation and without waiving any rights, Google is willing to produce chats from existing custodians which hit on the search terms from Judge Donato's order, with the exception of the term "sensitive," given that our preliminary analysis has shown that term would pull in a disproportionate number of documents which are unlikely to be relevant to your concerns. Moreover, Google will perform a responsiveness review to weed out the many anticipated false hits that have nothing to do with the operation or preservation of chats. And Google is not willing to collect, review, or produce chats merely because they hit on the term "communicate with care."

\* \* \*

In light of Google's extensive good faith cooperation in discovery, we think that litigating these issues would be a waste of judicial resources. The fact that your letter contemplates further meeting and conferring on these issues *after* the filing of a motion to compel supports our view that the parties are not at an impasse and that the disputes set forth in your letter are manufactured. Google remains willing to meet and confer.

Sincerely yours,

*/s/ Robert McCallum*

Robert J. McCallum

---

[3] *See In re Google Play Store Antitrust Litig.,* No. 21-md-2981-JD (N.D. Cal. Feb. 15, 2023) ECF No. 454.
[4] Tr. at 62:4-5, 7, *United States v. Google LLC*, No. 20-cv-03010 (D.D.C. May 12, 2022) ECF No. 353.

CONFIDENTIAL
May 26, 2023
Page 5

## APPENDIX A

The information contained in this Appendix is the output of a good faith manual process to identify successors.  Given the fluidity of roles and responsibilities at Google, and therefore the lack of a centralized system tracking this information, we are unable to represent that this is a complete response to Plaintiffs' request and we reiterate that we do not believe that Plaintiffs have articulated a basis for demanding one.  We have provided the information available to us at this time and continue to investigate other possible successors.

| No. | Name | Successor Information |
|-----|------|----------------------|
| 1 | Bethanie Baynes | No equivalent successor. |
| 2 | Chris LaSala | Succeeded by Darline Jean. |
| 3 | Gabe Kronstadt | Succeeded by Jessica Mok (who is already a custodian). |
| 4 | Kishore Kanakamedala | Succeeded by Christophe Combette. |
| 5 | Tript Singh Lamba | Succeeded by Kai Umezawa. |
| 6 | Jason Bigler | Succeeded by Duke Dukellis and then Vlad Sinaniyev (both of which are already custodians). |
| 7 | Jonathan Bellack | Succeeded by Jason Bigler, Duke Dukellis, and then Vlad Sinaniyev (all of which are already custodians) in last ads role. |
| 8 | Sagnik Nandy | Succeeded by Vivek Rao (who is already a custodian). |
| 9 | Suresh Kumar | Succeeded by Sissie Hsiao and then Tim Craycroft (both of which are already custodians). |
| 10 | Adam Juda | No successor. |
| 11 | Aparna Pappu | Succeeded Vlad Sinaniyev (who is already a custodian). |
| 12 | Bashar Kachachi | Succeeded by Sneha Thomas. |
| 13 | Debbie Weinstein | Succeeded by Jason Spero (who is already a custodian). |
| 14 | Duke Dukellis | Succeeded Vlad Sinaniyev (who is already a custodian). |
| 15 | George Levitte | No successor. |
| 16 | Kirk Perry | Succeeded by Karen Sauder. |
| 17 | Mary Ellen Coe | Succeeded by Selin Song. |

CONFIDENTIAL

May 26, 2023

Page 6

| No. | Name | Successor Information |
|-----|------|----------------------|
| 18 | Nitish Korula | Succeeded by Glenn Berntson (who Google has already agreed to add as a custodian so long as it does not result in an overly burdensome number of new hits). |
| 19 | Sean Downey | Succeeded by Kristen O'Hara. |
| 20 | Vidhya Srinivasan | Succeeded by Shashi Upadhyay. |
| 21 | Vip Andleigh | No equivalent successor. |
| 22 | Vishal Sharma | Succeeded by Nicky Rettke. |
| 23 | Ali Nasiri Amini | No successor. |
| 24 | Alok Verma | No successor. |
| 25 | Chris Maxcy | No successor. |
| 26 | Dan Taylor | Succeeded by Sam Temes (who is already a custodian). |
| 27 | Deepti Bhatnagar | Succeeded by Peentoo Patel in last ads role. |
| 28 | Hal Varian | No successor. |
| 29 | Haskell Garon | Succeeded by George Levitte (who is already a custodian) and by Lior Shenkar. |
| 30 | Jason Spero | No successor. |
| 31 | Jim Giles | Succeeded by Nitish Korula (who is already a custodian). |
| 32 | Nirmal Jayaram | No successor. |
| 33 | Noam Wolf | No successor. |
| 34 | Pooja Kapoor | No successor. |
| 35 | Roshan Khan | Succeeded by Glenn Thrope (who is already a custodian). |
| 36 | Sam Temes | No equivalent successor. |
| 37 | Tim Craycroft | No successor. |
| 38 | Tim Lipus | No successor. |
| 39 | Vlad Sinaniyev | No successor. |
| 40 | Sissie Hsiao | As noted on May 24, succeeded by Tim Craycroft (who is already a custodian). |
| 41 | Jerry Dischler | As noted on May 24, no successor. |
| 42 | Philipp Schindler | As noted on May 24, no successor. |

CONFIDENTIAL

May 26, 2023
Page 7

| No. | Name | Successor Information |
|---|---|---|
| 43 | Prabhakar Raghavan | As noted on May 24, no successor. |
| 44 | Scott Sheffer | As noted on May 24, no successor. |
| 45 | Sridhar Ramaswamy | As noted on May 24, succeeded by Prabhakar Raghavan (who is already a custodian). |

| | |
|---|---|
| **From:** | SALEM, Sara |
| **To:** | Garcia, Kelly (ATR) |
| **Cc:** | Wood, Julia (ATR); Teitelbaum, Aaron (ATR); Strick, Amanda (ATR); Freeman, Michael (ATR); Barry, Kaitlyn (ATR); Wolin, Michael (ATR); Vernon, Jeffrey (ATR); Choi, Stephanie (ATR); aferguson@oag.state.va.us; spopps@oag.state.va.us; thenry@oag.state.va.us; kgallagher@oag.state.va.us; Brian Wang; Lauren Pomeroy; Paula Blizzard; bryn.williams@coag.gov; jan.zavislan@coag.gov; steve.kaufmann@coag.gov; nicole.demers@ct.gov; yale.leber@law.njoag.gov; elinor.hoffmann@ag.ny.gov; morgan.feder@ag.ny.gov; locean@riag.ri.gov; david.mcdowell@ag.tn.gov; ethan.bowers@ag.tn.gov; tyler.corcoran@ag.tn.gov; Elizabeth.Maxeiner@ilag.gov; jayme.weber@azag.gov; amy.hanson@atg.wa.gov; brandon.h.garod@doj.nh.gov; james.r.davis@doj.nh.gov; Douglas.L.Davis@wvago.gov; joseph.conrad@nebraska.gov; jmcghee@ncdoj.gov; jmarx@ncdoj.gov; kchoksi@ncdoj.gov; tyler.arnold@atg.wa.gov; kate.iiams@atg.wa.gov; Rhee, Jeannie S; Amy Mauser; MCCALLUM, Robert; ELMER, Julie (JSE); Bradley Justus; Craig Reilly; Daniel Bitton; dpearl@axinn.com; Koren W. Wong-Ervin; Ali Vissichelli |
| **Subject:** | [EXTERNAL] United States et al v. Google LLC, 1:23-cv-00108-LMB-JFA (E.D. Va.) |
| **Date:** | Tuesday, May 30, 2023 2:16:22 PM |

Dear Kelly –

As discussed on May 24, 2023, Google agrees to conditionally add the following FAA custodians so long as they do not result in an overly burdensome number of hits:

- Alyssa Raiola
- Erin Corkins
- Katie Dodson
- Mike Westerwelt
- Samantha Franklin
- Sarah Stefaniu

Like the custodians identified by Google on May 5, these custodians are likely to have information related to the sale of digital advertising to the Federal Agency Advertisers.

Best,
Sara

**Sara Salem**
Associate

**Freshfields Bruckhaus Deringer LLP**
700 13th Street, NW
10th Floor
Washington, DC 20005
**T** +1 202 777 4529 | **M** +1 202 853 0381
freshfields.com

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and

qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

| From: | SALEM, Sara |
|---|---|
| To: | MCCALLUM, Robert; Garcia, Kelly (ATR); MAHR, Eric (EJM); ELMER, Julie (JSE); EWALT, Andrew (AJE); GARRETT, Tyler; KAPLIN, Lauren; TU, Xiaoxi; BAYOUMI, Jeanette; Bradley Justus; Craig Reilly; Daniel Bitton; dpearl@axinn.com; Koren W. Wong-Ervin; Ali Vissichelli; Joseph Bial; Amy Mauser |
| Cc: | Wood, Julia (ATR); Teitelbaum, Aaron (ATR); Strick, Amanda (ATR); Freeman, Michael (ATR); Barry, Kaitlyn (ATR); Wolin, Michael (ATR); Vernon, Jeffrey (ATR); Choi, Stephanie (ATR); aferguson@oag.state.va.us; spopps@oag.state.va.us; thenry@oag.state.va.us; kgallagher@oag.state.va.us; Brian Wang; Lauren Pomeroy; Paula Blizzard; bryn.williams@coag.gov; jan.zavislan@coag.gov; steve.kaufmann@coag.gov; nicole.demers@ct.gov; yale.leber@law.njoag.gov; elinor.hoffmann@ag.ny.gov; morgan.feder@ag.ny.gov; locean@riag.ri.gov; david.mcdowell@ag.tn.gov; ethan.bowers@ag.tn.gov; tyler.corcoran@ag.tn.gov; Elizabeth.Maxeiner@ilag.gov; jayme.weber@azag.gov; amy.hanson@atg.wa.gov; brandon.h.garod@doj.nh.gov; james.r.davis@doj.nh.gov; Douglas.L.Davis@wvago.gov; joseph.conrad@nebraska.gov; jmcghee@ncdoj.gov; jmarx@ncdoj.gov; kchoksi@ncdoj.gov; tyler.arnold@atg.wa.gov; kate.iiams@atg.wa.gov |
| Subject: | [EXTERNAL] RE: United States et al v. Google LLC, 1:23-cv-00108-LMB-JFA (E.D. Va.) |
| Date: | Tuesday, June 13, 2023 11:22:36 PM |

Hi Kelly –

As we previously explained, identifying successor custodians is a manual process; based on that process and our reasonable good faith investigation, we have identified five additional successor custodians, as set forth in the chart below.

As agreed on June 2, Google will add the five new successors identified in the table below as custodians for October 2020-present. We are continuing to investigate successors for the eight remaining custodians and will follow up as quickly as possible.

| No. | Name | Successor Information |
|---|---|---|
| 46 | David Goodman | Succeeded by Anna Grodecka-Grad. |
| 47 | Madhu Vudali | Succeeded by Sue Lai. |
| 48 | Eisar Lipkovitz | No equivalent successor. |
| 49 | John Tobler | No equivalent successor. |
| 50 | Mike Schulman | Succeeded by Igor Perisic. |
| 51 | Bryan Rowley | Succeeded by Susan Childs in last ad tech role. |
| 52 | Brad Bender | Succeeded by Tim Craycroft (who is already a custodian). |
| 53 | Glenn Thrope | No equivalent successor. |
| 54 | Payam Shodjai | No equivalent successor. |
| 55 | Tobias Maurer | Succeeded by Jyoti Vaidee. |

Best,
Sara

**Sara Salem**
Associate
**T** +1 202 777 4529 | **M** +1 202 853 0381

**From:** MCCALLUM, Robert <rob.mccallum@freshfields.com>
**Sent:** Friday, June 2, 2023 6:52 AM
**To:** Garcia, Kelly (ATR) <Kelly.Garcia@usdoj.gov>; SALEM, Sara <Sara.Salem@freshfields.com>;
MAHR, Eric (EJM) <Eric.MAHR@freshfields.com>; ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>;
EWALT, Andrew (AJE) <Andrew.Ewalt@freshfields.com>; GARRETT, Tyler
<Tyler.Garrett@freshfields.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; TU, Xiaoxi

| From: | SALEM, Sara |
| --- | --- |
| To: | MCCALLUM, Robert; Garcia, Kelly (ATR); MAHR, Eric (EJM); ELMER, Julie (JSE); EWALT, Andrew (AJE); GARRETT, Tyler; KAPLIN, Lauren; TU, Xiaoxi; BAYOUMI, Jeanette; Bradley Justus; Craig Reilly; Daniel Bitton; dpearl@axinn.com; Koren W. Wong-Ervin; Ali Vissichelli; Joseph Bial; Amy Mauser |
| Cc: | Wood, Julia (ATR); Teitelbaum, Aaron (ATR); Strick, Amanda (ATR); Freeman, Michael (ATR); Barry, Kaitlyn (ATR); Wolin, Michael (ATR); Vernon, Jeffrey (ATR); Choi, Stephanie (ATR); aferguson@oag.state.va.us; spopps@oag.state.va.us; thenry@oag.state.va.us; kgallagher@oag.state.va.us; Brian Wang; Lauren Pomeroy; Paula Blizzard; bryn.williams@coag.gov; jan.zavislan@coag.gov; steve.kaufmann@coag.gov; nicole.demers@ct.gov; yale.leber@law.njoag.gov; elinor.hoffmann@ag.ny.gov; morgan.feder@ag.ny.gov; locean@riag.ri.gov; david.mcdowell@ag.tn.gov; ethan.bowers@ag.tn.gov; tyler.corcoran@ag.tn.gov; Elizabeth.Maxeiner@ilag.gov; jayme.weber@azag.gov; amy.hanson@atg.wa.gov; brandon.h.garod@doj.nh.gov; james.r.davis@doj.nh.gov; Douglas.L.Davis@wvago.gov; joseph.conrad@nebraska.gov; jmcghee@ncdoj.gov; jmarx@ncdoj.gov; kchoksi@ncdoj.gov; tyler.arnold@atg.wa.gov; kate.iiams@atg.wa.gov |
| Subject: | [EXTERNAL] RE: United States et al v. Google LLC, 1:23-cv-00108-LMB-JFA (E.D. Va.) |
| Date: | Friday, July 21, 2023 11:02:46 PM |

Hi Kelly –

As you know, identifying successor custodians is a manual process. Based on that process and our reasonable good faith investigation, we have identified four additional successor custodians. Google will add the four new successors identified in the table below as custodians for October 2020-present.

| No. | Name | Successor Information |
| --- | --- | --- |
| 56 | Malte Ubl | Succeeded by Jon Newmuis and then Thomas Pan. |
| 57 | Matthew Conroy | Succeeded by Stuart May. |
| 58 | Sam Cox | Succeeded by Lior Shenkar, who we have already agreed to add as a successor custodian from October 2020-present. |
| 59 | Rob Hazen | Succeeded by Lior Shenkar, who we have already agreed to add as a successor custodian from October 2020-present. |
| 60 | Jayavel Shanmugasundaram | Succeeded by Eu-Jin Goh. |

Despite a good faith search that involved multiple employees at Google, Google has been unable to reasonably locate successors for Luis Vilela, Jerome Grateau, and Josh Cohen. Mr. Cohen left Google in 2018, and was therefore a former employee even before being selected as a custodian during the DOJ's pre suit-investigation. Because it has been more than five years since Mr. Cohen left Google, Google is unable to reasonably identify a successor. Google has also been unable to reasonably identify a successor for Luis Vilela and Jerome Grateau. Given the comprehensive scope of the nearly 170 custodians in this case, Google believes that it has satisfied Plaintiffs' request.

Best,
Sara

**Sara Salem**
Associate
**T** +1 202 777 4529 | **M** +1 202 853 0381

---

**From:** SALEM, Sara
**Sent:** Tuesday, June 13, 2023 11:22 PM
**To:** MCCALLUM, Robert <rob.mccallum@freshfields.com>; Garcia, Kelly (ATR) <Kelly.Garcia@usdoj.gov>; MAHR, Eric (EJM) <Eric.MAHR@freshfields.com>; ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; EWALT, Andrew (AJE) <Andrew.Ewalt@freshfields.com>; GARRETT,