## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

UNITED STATES, *et al.*,

                 *Plaintiffs*,

     v.

GOOGLE LLC,

                 *Defendant*.

No. 1:23-cv-00108-LMB-JFA

### NON-PARTY EISAR LIPKOVITZ'S
### MOTION TO QUASH THE GOVERNMENT'S SUBPOENA

Non-party Eisar Lipkovitz hereby moves for an order quashing the Government's subpoena ordering Mr. Lipkovitz to appear at trial.  Mr. Lipkovitz has filed a separate memorandum in support of this motion.

Dated:  August 23, 2024

Respectfully Submitted,

/s/ William L. Drake
William L. Drake VA Bar No. 78446
Patrick F. Linehan*
Samantha J. McCarthy*
Steptoe LLP
1330 Connecticut Ave., NW
Washington, DC 20036-1795
Phone: (202) 429-3000
Fax:    (202) 429-3902
*Counsel for Non-Party Eisar Lipkovitz*

*Pending *pro hac vice* admission

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

UNITED STATES, *et al.*,

                 *Plaintiffs*,

    v.

GOOGLE LLC,

                 *Defendant*.

No. 1:23-cv-00108-LMB-JFA

**MEMORANDUM IN SUPPORT OF NON-PARTY EISAR LIPKOVITZ'S MOTION TO QUASH THE GOVERNMENT'S SUBPOENA**

/s/ William L. Drake
William L. Drake VA Bar No. 78446
Steptoe LLP
1330 Connecticut Ave., NW
Washington, DC 20036-1795
Phone: (202) 429-3000
Fax:     (202) 429-3902
wdrake@steptoe.com
*Counsel for Non-Party Eisar Lipkovitz*

# Table of Contents

FACTUAL AND PROCEDURAL BACKGROUND ............................................................. 1

I.      Non-Party Eisar Lipkovitz ................................................................................. 1

II.     Mr. Lipkovitz's Participation in Discovery in This Action to Date ................... 1

        A.      Mr. Lipkovitz Sits for Over Eight Hours of Investigative Testimony Prior to
                The Government's Filing of This Action ............................................ 1

        B.      The Parties' Proposed Discovery Plan and The Court's Rule 16(b) Order ........... 2

                1.      The Parties' Joint Proposed Discovery Plan ............................... 2

                2.      The Rule 16(b) Order ................................................................... 3

        C.      Mr. Lipkovitz Sits for Another 12.5 Hours of Deposition Testimony Over the
                Course of Two Days ............................................................................ 3

        D.      The Government Seeks to Compel Mr. Lipkovitz to Present Live Testimony
                at Trial ................................................................................................. 4

ARGUMENT ........................................................................................................... 4

I.      The Court Must Quash The Subpoena Under Rule 45(d)(3)(A)(ii), As It Requires
        Mr. Lipkovitz to Comply Beyond the Geographical Limits Specified in Rule 45(c) ......... 5

        A.      Rule 45(c) Does Not Permit the Issuance of a Subpoena Compelling Mr.
                Lipkovitz, Who Lives in Northern California, to Provide Live Testimony in
                This District. ........................................................................................ 5

        B.      15 U.S.C. § 23 Does Not Apply Here Because The Government Has Not
                Satisfied Its Requirements .................................................................. 6

                1.      15 U.S.C. § 23's Requirements .................................................. 6

                2.      The Government Did Not Make a "Proper Application" to The Court
                        Prior To Service ........................................................................... 7

                3.      There Is No Indication That The Court Found "Cause Shown" That
                        Would Permit Nationwide Service Under § 23 .......................... 8

        C.      Even If Service Was Valid, This Court Should Quash Plaintiffs' Subpoena
                Under Rule 45(d)(3)(A)(iv) Because It Subjects Mr. Lipkovitz to Undue
                Burden .............................................................................................. 11

                1.      Factors Considered in Assessing Whether a Rule 45 Subpoena
                        Imposes "Undue Burden" ........................................................ 12

                2.      Compelling Mr. Lipkovitz To Present Live Testimony in This District
                        Would Impose Undue Burden on Him. ................................... 14

CONCLUSION ...................................................................................................... 16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Citizens Union of N.Y. v. AG of N.Y.*,
   269 F. Supp. 3d 124 (S.D.N.Y. 2017)......................................................................12

*Cook v. Howard*,
   484 Fed. App'x 805 (4th Cir. 2012) .................................................................12, 13

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*,
   482 U.S. 437, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987)..........................................6

*Dell Inc. v. DeCosta*,
   233 F. Supp. 3d 1 (D.D.C. 2017).............................................................................12

*Farmer v. Arabian Am. Oil Co.*,
   379 U.S. 227 85 S. Ct. 411, 13 L. Ed. 2d 248 (1964)...........................................6, 7

*Fed. Trade Comm'n v. Kroger Co.*,
   No. 3:24-CV-00347-AN, 2024 WL 3400098 (D. Or. July 12, 2024)....................10

*Federal Trade Commission v. Novant Health, Inc., et al.*,
   Case No. 5:24-cv-28 ECF No. 48 (W.D.N.C. Jan. 25, 2024)................................10

*Gilliam v. Bertie Cnty. Bd. of Educ.*,
   No. 2:20-cv-00016, 2022 WL 6251966 (E.D.N.C. Oct. 7, 2022)...........................14

*In re Guthrie*,
   733 F.2d 634 (4th Cir. 1984) ....................................................................................5

*Hague v. Celebrity Cruises, Inc.*,
   No. 95CIV.4648(BSJ)(JCF), 2001 WL 546519 (S.D.N.Y. May 23, 2001) ...........11

*Intelligent Verification Sys., LLC v. Microsoft Corp.*,
   No. 2:12-cv-525, 2014 WL 12544827 (E.D. Va. Jan. 9, 2014)..............................12

*Kyles v. J.K. Guardian Sec. Servs.*,
   No. 97 Civ. 8311, 2006 WL 2349238 (N.D. Ill. Aug. 15, 2006).............................9

*Lang v. DirecTV, Inc.*,
   Civil Action No. 10-1085, 2014 WL 12719431 (E.D. La. Jan. 16, 2014)................8

*United States ex rel. Lutz v. Berkeley Heartlab, Inc.*,
   No. 9:14-cv-230, 2017 WL 5624254 (D.S.C. Nov. 21, 2017)................................11

*McDaniel v. BSN Med., Inc.*,
No. 4:07CV-36-M, 2010 WL 2464970 (W.D. Ky. June 15, 2010) ........................................10

*Moffett v. Arabian Am Oil Co.*,
8 F.R.D. 566 (S.D.N.Y. 1948) ...............................................................................................13

*People for Ethical Treatment of Animals, Inc. v. Vital Farms, Inc.*,
No. 222-mc-00024, 2023 WL 5506028 (E.D. Va. Aug. 14, 2023), *appeal dismissed*, No. 23-1888, 2023 WL 9784095 (4th Cir. Nov. 3, 2023) ....................................13

*Petrovsky v. United States Att'y Gen., Dep't of Just. - Bureau of Prisons*,
No. 1:16-cv-44, 2018 WL 11512261 (N.D.W. Va. Apr. 17, 2018) ..........................................6

*Pineda v. Skinner Servs., Inc.*,
Civil Action No. 16-12217, 2020 WL 5775160 (D. Mass. Sept. 28, 2020) ............................8

*In re Pub. Offering PLE Antitrust Litig.*,
427 F.3d 49 (1st Cir. 2005) ...................................................................................................13

*Reber v. Gen. Motors Corp.*,
669 F. Supp. 717 (E.D. Pa. 1987) .........................................................................................11

*Sagewater, LLC v. Hossfeld*,
No. 1:23-cv-0770, 2024 WL 3466475 (E.D. Va. June 7, 2024) ...........................................13

*Schaaf v. Smithkline Beecham Corp.*,
233 F.R.D. 451 (E.D.N.C. 2005) ..........................................................................................12

*United States v. Anthem, Inc.*,
16-1493(ABJ), (D.D.C. Dec. 7, 2016) ....................................................................................9

*United States v. Booz Allen Hamilton, Inc.*,
Case No. 1:22-cv-1602, ECF No. 99 (D. Md. June 29, 2022) ...............................................10

*United States v. First Data*,
287 F. Supp. 2d 69 (D.D.C. 2003) .........................................................................................10

*Va. Dep't of Corr. v. Jordan*,
921 F.3d 180 (4th Cir. 2019) .................................................................................................14

**Statutes**

15 U.S.C. § 23 ...................................................................................................................... *passim*

Clayton Act Section 16, 15 U.S.C. §§ 4, 26 ...................................................................................2

Sherman Act 15 U.S.C. §§ 1, 2 ..................................................................................................1, 2

Sherman Act Section 4 ...................................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 16 ................................................................................................................2, 3, 8, 9

Fed. R. Civ. P. 26 ...................................................................................................................9, 13

Fed. R. Civ. P. 45 .................................................................................................................. *passim*

Rippling Team, *Rippling Appoints Eisar Lipkovitz as Chief Product Officer*,
    https://www.rippling.com/blog/rippling-hires-eisar-lipkovitz-as-cpo (last
    revised Feb. 14, 2024) ....................................................................................................1

Non-party Eisar Lipkovitz, through undersigned counsel, moves this Court, for the reasons set forth below, to quash, pursuant to Federal Rule of Civil Procedure 45, the subpoena ("Subpoena") served on him by Plaintiff United States of America ("the Government").  Mr. Lipkovitz submits this memorandum in support of his Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

I.      **Non-Party Eisar Lipkovitz**

Eisar Lipkovitz is a resident of San Francisco, California, which is over 2,800 miles from this Court's location in Alexandria, Virginia.  Although he is a non-party to this action, he is a former employee of Defendant Google, LLC ("Google" or "the Company"), beginning his employment at Google in August 2004, and leaving the Company in February 2019.  During that time, he was Vice President of Engineering for Google's Search Infrastructure group from August 2004 through April 2014, and Vice President of Engineering for its Display and Video Ads group from April 2014 until his departure.  He is currently the Chief Product Officer of Rippling, a workforce management software company valued at over $5 billion with almost $300 million in annual revenues.[1]

II.     **Mr. Lipkovitz's Participation in Discovery in This Action to Date**

        A.      **Mr. Lipkovitz Sits for Over Eight Hours of Investigative Testimony Prior to The Government's Filing of This Action**

In 2019, the Government, through the U.S. Department of Justice's Antitrust Division, commenced an investigation into Google for alleged violations of the Sherman Act 15 U.S.C. §§ 1, 2, in connection with its digital advertising business.  As part of its investigation, the Government issued a Civil Investigative Demand ("CID") to Mr. Lipkovitz on January 15, 2021,

---

[1] The Rippling Team, *Rippling Appoints Eisar Lipkovitz as Chief Product Officer*, https://www.rippling.com/blog/rippling-hires-eisar-lipkovitz-as-cpo (last revised Feb. 14, 2024).

during the height of the COVID shutdown.  Pursuant to that CID, and when his recollection of the

relevant events was presumably clearer than it is at present, Mr. Lipkovitz sat for a nearly 8-hour

examination via remote video.  The Government subsequently brought the present action under

Section 4 of the Sherman Act and Section 16 of the Clayton Act, 15 U.S.C. §§ 4, 26, alleging that

Google has violated Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2.

**B.**      **The Parties' Proposed Discovery Plan and The Court's Rule 16(b) Order**

       **1.**   **The Parties' Joint Proposed Discovery Plan**

After the Government completed its investigation and filed this Action, on March 28, 2023,

the parties submitted to Magistrate Judge Anderson their joint proposed discovery plan ("Proposed

Plan").  The parties submitted that plan "pursuant to Rules 16(b) and 26(f)," neither of which calls

for a proposal on the availability of trial subpoenas for non-parties.  Nonetheless, the parties agreed

to propose the following paragraph for inclusion in the Court's forthcoming Rule 16(b) order:

> Upon serving the other party a notice and copy of the subpoena, a
> party may serve upon any non-party a subpoena of the type
> described in Federal Rule of Civil Procedure 45(a)(4).  Pursuant to
> 15 U.S.C. § 23, the parties are permitted to issue nationwide
> discovery and trial subpoenas from this Court.  If a party receives
> documents or data from a non-party as a result of a subpoena, the
> receiving party will produce the materials received from the non-
> party to the other party within five (5) business days of receipt of
> the materials, unless the non-party has already produced the
> materials to the other party.

*See* Joint Proposed Disc. Plan ¶ 6.D (Mar. 28, 2023), ECF No. 87.  Nothing in the Proposed Plan

expressly addresses the availability of non-party subpoenas for trial testimony, and Section 6.D

appears to address only non-party subpoenas "of the type described in Federal Rule of Civil

Procedure 45(a)(4)" (*i.e.*, subpoenas that "command[] the production of documents," Fed. R. Civ.

P. 45(a)(4)).

## 2.   The Rule 16(b) Order

On March 31, 2023, upon consideration of the parties' representations in the Proposed Plan and at a hearing held on March 31, 2023, Magistrate Judge Anderson issued his Rule 16(b) Scheduling Order ("Rule 16(b) Order").  That Order, in addition to setting the deadlines for both fact and expert discovery as required under Rule 16(b), approved the Proposed Plan "in part as set forth below."  Rule 16(B) Order ¶ 3 (Mar. 31, 2023), ECF No. 94.  Regarding Section 6 of the Proposed Plan, the Court (1) adopted "plaintiff's proposal for Section 6.A," *id*. ¶ 5, (2) excluded "defendant's proposals for Sections 6.C and 6.F," *id*. ¶ 6, (3) adopted "defendant's proposal for Section 6.G(i) and (ii)," *id*. ¶ 7, (4) adopted "plaintiffs' proposal for Section 6.G(iii)," *id*. ¶ 8.  The Section 16(b) Order did not incorporate the Parties' proposed Section 6.D in any form.  However, it did set a status conference for January 18, 2024, at which the parties would discuss, among other things, "a list of witnesses to be called a trial."[2]

## C.   Mr. Lipkovitz Sits for Another 12.5 Hours of Deposition Testimony Over the Course of Two Days

Against the backdrop of the Rule 16(b) Order, Mr. Lipkovitz sat for deposition on both November 9, 2023 and November 10, 2023, providing a total of 12.5 hours of additional videotaped deposition testimony (6 hours on November 9, 6.5 hours on November 10).  As an accommodation to the location of most of the parties' lawyers, Mr. Lipkovitz flew from San Francisco to Washington, D.C. to sit for these depositions.  During each deposition, he was

---

[2] A status conference was ultimately held on February 23, 2024.  Although the topic of non-party trial witnesses was discussed, there was no discussion of whether out-of-state non-party witnesses would be subject to the Court's subpoena power.  When the Court asked about the extent to which the parties would be using deposition testimony in place of live testimony, there was no discussion of 15 U.S.C. § 23.  Rather, counsel for Google responded to the Court's inquiry: "Your Honor, there are people who may not be within the subpoena range, and if they would come, we would prefer that, obviously.  And so with Your Honor's guidance to the parties, maybe we'll be able to get people here that we wouldn't otherwise be able to get."  Tr. of Status Hr'g 17:6-11 (Feb. 23, 2014) ECF No. 544.

questioned by multiple lawyers and asked to explain dozens of exhibits, covering events dating as far back as 2015.  These two days of questioning covered not only the same topics covered in Mr. Lipkovitz's investigative testimony, but other additional new topics, including the evolution of auction mechanics in response to sell-side dynamic revenue share, AdX direct, and AdX mediation.  *See generally* Pls.' Notice of Intent to Present Dep. Test., (July 5, 2024), ECF No. 895-1.  On July 5, 2024, the Government submitted its designations for all three of the depositions for which Mr. Lipkovitz sat.  *See id.*

> **D.  The Government Seeks to Compel Mr. Lipkovitz to Present Live Testimony at Trial**

On July 5, 2024, after the close of discovery, the Government submitted to the Court its witness list, which comprised 63 witnesses in total.  Mr. Lipkovitz was identified on that list as a witness whose testimony the Government would present "either live … or by deposition…."  Pls.' Witness List 3, (July 5, 2024), ECF No. 896.

On August 6, 2024, over a month later and with trial only a month away, the Government reached out to Mr. Lipkovitz (through his counsel) regarding the topic of a Rule 45 subpoena for in-person trial testimony it sought to serve on Mr. Lipkovitz.  It did so despite Rule 45's geographical limitations, and without any application to the court or cause shown to establish the availability of nationwide service under 15 U.S.C. § 23.  At the Government's request and with Mr. Lipkovitz's approval, undersigned counsel agreed to accept service on Mr. Lipkovitz's behalf, and in doing so reserved all rights to seek quashal of the subpoena.  The Government served its subpoena on counsel via email on Friday, August 9.

## ARGUMENT

The Court should quash the Government's invalid subpoena for trial testimony it served on Mr. Lipkovitz, for two reasons.  First, quashal is appropriate under Rule 45(d)(3)(a)(ii) because

the subpoena plainly violates the clear 100-mile rule set out for subpoenas issued under Rule 45, the radius of which Mr. Lipkovitz is clearly outside of as a California resident.  Moreover, the requirements for nationwide service under 15 U.S.C. § 23, which would override Rule 45's geographic limitation, have not been met.  Second, quashal is also warranted under Rule 45(d)(3)(a)(IV) because it imposes on Mr. Lipkovitz the undue burden of having to travel hundreds of miles to largely restate his prior testimony, where the written transcript and video recording of that testimony provides a viable alternative.

I.      **The Court Must Quash The Subpoena Under Rule 45(d)(3)(A)(ii), As It Requires Mr. Lipkovitz to Comply Beyond the Geographical Limits Specified in Rule 45(c)**

Quashal of the trial subpoena served on Mr. Lipkovitz is appropriate here under Rule 45(d)(3)(A)(ii) because it plainly requires him to travel beyond the geographical limit set forth in Rule 45(c)(1)(A).  Moreover, 15 U.S.C. § 23, which would override Rule 45's geographic limitation and permit nationwide service of non-party trial subpoenas, does not apply here because there has been no proper application by the Government, or "cause shown," as required under § 23.

A.      **Rule 45(c) Does Not Permit the Issuance of a Subpoena Compelling Mr. Lipkovitz, Who Lives in Northern California, to Provide Live Testimony in This District.**

Federal Rule of Civil Procedure 45(c)(1) provides that:

> [a] subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.

*See also In re Guthrie*, 733 F.2d 634, 637 (4th Cir. 1984) (citing Rule 45 and noting "[t]hus, a non-party witness outside the state in which the district court sits, and not within the 100-mile bulge,

may not be compelled to attend a hearing or trial").  The long-held 100-mile rule is aimed at the interests of non-parties, as it is intended "to protect witnesses from the harassment of long, tiresome trips."  *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 234 85 S. Ct. 411, 13 L. Ed. 2d 248 (1964), *disapproved of on other grounds by Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987); *see also Petrovsky v. United States Att'y Gen., Dep't of Just. - Bureau of Prisons*, No. 1:16-cv-44, 2018 WL 11512261, at *1 (N.D.W. Va. Apr. 17, 2018) (stating that subpoenas issued ""purport[ ] to compel compliance beyond the geographic limits specified in Rule 45(c)," and thus, cannot be used to require their physical attendance at trial" (quoting Fed. R. Civ. P. 45, Advisory Committee Note, 2013 Amendment)).

When an individual is outside of that 100-mile radius, Rule 45 is clear: quashal is required. *See* Fed. R. Civ. P. 45(d)(3)(A)(ii) ("On timely motion, the court for the district where compliance is required **must** quash or modify a subpoena that ... requires a person to comply beyond the geographical limits specified in Rule 45(c).") (emphasis added).  Mr. Lipkovitz lives in Northern California, which is clearly well outside of this District's 100-mile radius.  The subpoena should, therefore, be quashed.

### B.   15 U.S.C. § 23 Does Not Apply Here Because The Government Has Not Satisfied Its Requirements

#### 1.  15 U.S.C. § 23's Requirements

The subpoena's violation of Rule 45(c)(1) is not cured by 15 U.S.C. § 23 because the Government did not make a proper application, and no cause for nationwide service has been shown that would form the basis of the Court's permission to override Rule 45 in this way.  15 U.S.C. § 23 reads as follows:

> In any suit, action, or proceeding brought by or on behalf of the United States subpoenas for witnesses who are required to attend a court of the United States in any judicial district in any case, civil or criminal, arising under the antitrust laws may run into any other

6

> district: Provided, *That in civil cases no writ of subpoena shall issue for witnesses living out of the district in which the court is held at a greater distance than one hundred miles from the place of holding the same without the permission of the trial court being first had **upon proper application and cause shown***.

15 U.S.C. § 23 (emphasis added).  In other words, § 23 requires that the party seeking to invoke nationwide service of non-party subpoenas must obtain the Court's permission to do so by making a "proper application" that "show[s]" the Court that there is "cause" for granting that permission. Moreover, given Rule 45's purpose in protecting out-of-state witnesses from the individualized burden of having to travel to a faraway jurisdiction to provide live testimony, *see Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 234 (1964), such "proper application" and "cause shown" should address why nationwide service should be permitted for the specific individual in question. Neither of these two requirements has been met here.

### 2. The Government Did Not Make a "Proper Application" to The Court Prior To Service

The Government did not make a "proper application" for nationwide service in compliance with 15 U.S.C. § 23.  The Proposed Plan submitted to the Court is not a "proper application" for compelling trial testimony from out-of-state non-parties under § 23.  There was no factual proffer made to this Court, either in the Joint Discovery plan or otherwise, about the need for Mr. Lipkovitz's live trial testimony, let alone that of out-of-state non-parties generally.  *See* Joint Proposed Disc. Plan at ¶ 6.D, (Mar. 28, 2023), ECF No. 87.  Most critically, the Proposed Plan offers no reason as to why out-of-state non-party witnesses, like Mr. Lipkovitz, who have already been deposed multiple times should have to repeat their prior testimony in person at trial.  Instead,

the Proposed Plan only offered an unparticularized agreement between the parties as to all non-party witnesses, without any examination into case-specific or witness-specific issues.[3]

### 3. There Is No Indication That The Court Found "Cause Shown" That Would Permit Nationwide Service Under § 23

In addition to no proper application having been made for nationwide service of subpoenas seeking non-party trial testimony, the Rule 16(b) Order does not indicate any findings of "cause shown" as required under 15 U.S.C. § 23. *See generally* Rule 16(B) Order (Mar. 31, 2023), ECF No. 94. Indeed, the Rule 16(b) Order—which makes no mention of 15 U.S.C. § 23—does not appear to have incorporated Section 6.D at all. The Order provides in Paragraph 3 of the Rule 16(b) Order that "the Joint Discovery Plan is approved *in part as set forth below* and shall control discovery to the extent of its application unless further modified by the court." Rule 16(B) Order ¶ 3 (Mar. 31, 2023), ECF No. 94 (emphasis added). The language "in part as set forth below" indicates that only those parts of the Proposed Plan mentioned in the order "below" Paragraph 3 were adopted, and specifically that there were parts of the plan that were *not* adopted.[4] Given that

---

[3] Indeed, to the extent that the Proposed Plan could be considered a "proper application" for anything under § 23, appears to have been only an application for nationwide service for subpoena seeking *documents*. Section 6.D of the Proposed Plan opens with the following sentence: "Upon serving the other party a notice and copy of the subpoena, a party may serve a non-party a subpoena *of the type described in Federal Rule of Civil Procedure 45(a)(4)*." Joint Proposed Disc. Plan ¶ 6.D (Mar. 28, 2023), ECF No. 87 (emphasis added). Rule 45(a)(4) describes only subpoenas "command[ing] the production of documents." The very next sentence in Section 6.D, which notes the parties' agreement to allow the parties, "[p]ursuant to 15 U.S.C. § 23," "to issue nationwide discovery and trial subpoenas from this Court," without any reference to trial subpoenas *for testimony*, is best read in the context of the preceding sentence's limitation to subpoenas described in Rule 45(a)(4). That the sentence referencing § 23 is likely limited to subpoenas covered by Rule 45(a)(4) is further confirmed by the sentence that follows it, which also addresses only the production of documents. Read in this context, Section 6.D of the Proposed Plan is better understood as one only for the nationwide service of subpoenas "*commanding the production of documents*" as described in Rule 45(a)(4).

[4] "Court orders are interpreted according to their natural and ordinary meaning." *Pineda v. Skinner Servs., Inc.*, Civil Action No. 16-12217, 2020 WL 5775160, at *10 (D. Mass. Sept. 28, 2020) (citation omitted); *see also Lang v. DirecTV, Inc.*, Civil Action No. 10-1085, 2014 WL 12719431, at *3 (E.D. La. Jan. 16, 2014) (same).

the Magistrate Judge did not address Section 6.D of the Proposed Plan, it cannot be said that it was authorized by the Court.[5]

But even if Court were to have incorporated Section 6.D of the Proposed Plan into its Rule 16(b) Order, there is certainly no indication that it found "cause shown" as required under § 23. The Order adopted, only "in part," the Proposed Plan, which was made by consent of the parties. *See* Joint Proposed Disc. Plan at 1, (Mar. 28, 2023), ECF No. 87.  However, where third-party interests are at stake, courts have held that "the district court cannot "rubber stamp a stipulation to seal the record."" *Kyles v. J.K. Guardian Sec. Servs.*, No. 97 Civ. 8311, 2006 WL 2349238, at *5 (N.D. Ill. Aug. 15, 2006), *report and recommendation adopted*, No. 97 Civ. 8311, 2006 WL 2861121 (N.D. Ill. Sept. 26, 2006) (citing *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).  A party stipulation, therefore, is an inappropriate vehicle for deciding issues that implicate the rights of third parties, such as in the case of nationwide service statutes like 15 U.S.C. § 23.

The few instances in which courts have declined to quash a subpoena after authorizing nationwide service through 15 U.S.C. § 23 pursuant to a consent order or joint motion by the parties are clearly distinguishable.  In these cases, the consent orders provided specific reasons justifying a finding of good cause.  *See* Final Case Management Order at ¶ 16, *United States v. Anthem, Inc.*, 16-1493(ABJ), (D.D.C. Dec. 7, 2016) (noting that nationwide discovery was granted "[t]o assist the Parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District"); Case Management and Scheduling Order at ¶ 26,

---

[5] Rule 16(b) does not require that the Court address every aspect of the parties' report submitted under Rule 26(f). It requires only that a Rule 16(b) order "limit the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3)(A).   Rule 16(b)(3)(B) identifies other items that a Rule 16(b) order *may*, but need not, cover, including "other appropriate matters."

*Federal Trade Commission et al. v. Kroger Co. et al.*, 3:24-cv-00347-AN (D. Or. July 12, 2024) (authorizing nationwide service under 15 U.S.C. § 23 for "[g]ood cause having been shown in view of the geographic dispersion of potential witnesses in this action"); Joint Stipulated Case Management Order at ¶ F.3, *Federal Trade Commission v. Novant Health, Inc., et al.*, Case No. 5:24-cv-28 ECF No. 48 (W.D.N.C. Jan. 25, 2024) (same); Scheduling and Case Management Order at ¶ 17, *United States v. Booz Allen Hamilton, Inc.*, Case No. 1:22-cv-1602, ECF No. 99 (D. Md. June 29, 2022) (same); *United States v. First Data*, 287 F. Supp. 2d 69, 72 (D.D.C. 2003) (same).  No such finding was made in this case, and as a result, it cannot be said that § 23's "cause shown" requirement has been met here for Mr. Lipkovitz, let alone for any other of the 17 individuals the Government designated as witnesses to provide live testimony or the additional 41 witnesses designated to provide live or deposition testimony.

Nor could cause be shown for Mr. Lipkovitz.  Mr. Lipkovitz has already sat for three separate days of examination: one day during the Government's pre-lawsuit investigation and an additional two days in connection with this action, totaling over 20 hours of deposition testimony and significant travel time.  The first deposition gave the Government the benefit of having prior testimony ahead of the litigation depositions, essentially giving Plaintiffs a second bite at the apple during Mr. Lipkovitz's latest depositions.  Additionally, the second and third depositions were video-recorded, meaning that the Court, as the factfinder in this case, would have the benefit of observing Mr. Lipkovitz's demeanor while testifying in order to assess his credibility.  Courts have acknowledged that deposition testimony provides much of the benefits that justify requiring a witness to attend trial to provide live testimony.  *See, e.g.*, *McDaniel v. BSN Med., Inc.*, No. 4:07CV-36-M, 2010 WL 2464970, at *4 (W.D. Ky. June 15, 2010) (stating that where a video deposition was to be used in lieu of testimony the ability to "assess his credibility is significantly

10

alleviated because the deposition will be presented to the jury by video rather than being read from a transcript"); *Hague v. Celebrity Cruises, Inc.*, No. 95CIV.4648(BSJ)(JCF), 2001 WL 546519, at *2 (S.D.N.Y. May 23, 2001) (noting that, when considering the admissibility of a witness's deposition at trial, "the fact that [the witness's] deposition was videotaped satisfies, at least in part, the preference for live testimony"); *Reber v. Gen. Motors Corp.*, 669 F. Supp. 717, 720 (E.D. Pa. 1987) (stating "while the rule regulating the use of depositions at trial makes no such distinction, we are convinced that videotaped testimony prepared specifically for use at trial mitigates the concerns militating against the use of depositions in lieu of live testimony"). Additionally, because this is no longer a jury trial,[6] the risk of boring a jury with copious deposition transcript recitation or video is not present.[7] Given all of the facts and circumstances at hand, there is no cause to haul Mr. Lipkovitz across the country to provide the same testimony he has already twice given.

Accordingly, the Court should quash the Subpoena under Rule 45(d)(3)(A)(ii).

### C.     Even If Service Was Valid, This Court Should Quash Plaintiffs' Subpoena Under Rule 45(d)(3)(A)(iv) Because It Subjects Mr. Lipkovitz to Undue Burden

Notwithstanding the foregoing, the Court still "must quash or modify a subpoena that ... subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Even where nationwide service is authorized by statute, courts have acknowledged that "[t]his does not mean that Movants are without recourse against unduly burdensome subpoenas." *United States ex rel. Lutz v. Berkeley Heartlab, Inc.*, No. 9:14-cv-230, 2017 WL 5624254, at *3 (D.S.C. Nov. 21, 2017) (noting that "Rule 45 provides several bases, other than geographic limitations, for quashing a subpoena—

---

[6] *See* Order (June 11, 2024), ECF No. 749 (scheduling this action as a bench trial).
[7] The fact that Mr. Lipkovitz's testimony would be presented at this bench trial via video recording to the Court, and not to a jury, should also alleviate the concerns the Court expressed at the February 23, 2024 hearing that it would be unable to control the presentation of the testimony if presented by video. *See* Tr. of Status Hr'g 17:18-22 (Feb. 23, 2014) ECF No. 544.

most notably…undue burden" (internal quotations omitted)). The Government's subpoena would indeed subject Mr. Lipkovitz to such burden, and therefore should be quashed.  This subpoena would require him to, once again, travel across the country for an unspecified amount of time, turn away from both his familial and employment responsibilities, where the Government already had a full opportunity to examine Mr. Lipkovitz on three prior occasions, and has Mr. Lipkovitz's videotaped deposition testimony (for two of those occasions) at its disposal.

### 1. Factors Considered in Assessing Whether a Rule 45 Subpoena Imposes "Undue Burden"

The determination as to whether a subpoena is unduly burdensome is within the discretion of the district court.  *See Cook v. Howard*, 484 Fed. App'x 805, 812 n.7 (4th Cir. 2012). "Whether a subpoena imposes an 'undue burden' depends on the specific facts of the case."  *Dell Inc. v. DeCosta*, 233 F. Supp. 3d 1, 3 (D.D.C. 2017).  In conducting this factual analysis, courts must "weigh the burden to the subpoenaed party against the value of the information to the serving party" (*Citizens Union of N.Y. v. AG of N.Y.*, 269 F. Supp. 3d 124, 138 (S.D.N.Y. 2017)), including considering "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena."  *Schaaf v. Smithkline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) (quoting *Heat & Control, Inc. v. Hester Indus.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)).  The question of undue burden "usually raises a question of the reasonableness of the subpoena, [which requires the court to weigh] a subpoena's benefits and burdens [and] consider whether the information is necessary and whether it is available from any other source." *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-cv-525, 2014 WL 12544827, at *1 (E.D. Va. Jan. 9, 2014) (quoting *Maxiena, Inc. v. Marks*, 289 F.R.D. 427, 439 (D. Md. 2012)). Indeed, courts have long recognized that a witness "will not be required to appear at a trial at great

inconvenience to himself unless it appear that his testimony *is necessary* to the cause." *Moffett v. Arabian Am Oil Co.*, 8 F.R.D. 566, 568 (S.D.N.Y. 1948) (emphasis added).

This balancing test carries additional scrutiny on justifying the need for information sought by subpoenas in light of the 2015 amendment to Rule 26, which now states that a party may only obtain discovery that is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (requiring courts to consider "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit"). Because the scope of discovery under Rule 26 and the scope of Rule 45 subpoenas are considered in tandem (*Cook v. Howard*, 484 Fed. App'x 805, 812 (4th Cir. 2012)), this amendment should be considered to deploy an emphasis on the proportionality of Rule 45 subpoenas to the needs of this case.

This is especially true of non-parties like Mr. Lipkovitz, for whom "a more demanding variant of the proportionality analysis applies regarding whether a subpoena issued to a non-party under Rule 45 should be modified or quashed." *Sagewater, LLC v. Hossfeld*, No. 1:23-cv-0770, 2024 WL 3466475, at *1 (E.D. Va. June 7, 2024) (citing *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019)); *see also In re Pub. Offering PLE Antitrust Litig.*, 427 F.3d 49, 53 (1st Cir. 2005) (noting that non-party status is "entitled to special weight in evaluating the balance of competing needs" when deciding whether or not to quash a subpoena; *People for Ethical Treatment of Animals, Inc. v. Vital Farms, Inc.*, No. 222-mc-00024, 2023 WL 5506028, at *3 (E.D. Va. Aug. 14, 2023), *appeal dismissed*, No. 23-1888, 2023 WL 9784095 (4th Cir. Nov. 3, 2023) (approving of the use of a "more demanding proportionality analysis" for a deposition subpoena served on a third party). In support of this point, the Fourth Circuit has explained:

> Nonparties are "strangers" to the litigation, and since they have "no dog in [the] fight," they have "a different set of expectations" from the parties themselves. Bystanders should not be drawn into the

13

> parties' dispute without some good reason, even if they have
> information that falls within the scope of party discovery.

*Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (citation omitted).

In balancing the benefit of the subpoena versus the burden to the party upon whom it is served, *Jordan*, "without exhaustively listing the considerations that go into the analysis" provides factors on either side of the equation. *Id.* at 189. On the benefit side, it dictates that courts in the Fourth Circuit consider "not just the relevance of information sought, but the requesting party's need for it." *Id.* On the burden side, the court instructed that factors such as cost, privacy or confidentiality interests, and "others who might be affected" including where competitively sensitive information is implicated. *Id.* at 189-90.

While the *Jordan* analysis was conducted in the context of deposition subpoenas, the same logic is properly applied to trial subpoenas issued under Rule 45. *See Gilliam v. Bertie Cnty. Bd. of Educ.*, No. 2:20-cv-00016, 2022 WL 6251966, at *2 n.2 (E.D.N.C. Oct. 7, 2022) (acknowledging that *Jordan* analysis applies to trial subpoenas). Mr. Lipkovitz, as a non-party to this litigation and having received a trial subpoena under Rule 45, is therefore entitled to this special consideration when this Court weighs the benefit of his trial testimony against the burden to him.

### 2. Compelling Mr. Lipkovitz To Present Live Testimony in This District Would Impose Undue Burden on Him.

When considering all the relevant factors and the specific facts before this Court, the Government's subpoena must be quashed for undue burden under Rule 45. When assessing the Government's need of Mr. Lipkovitz's testimony on the one hand, and the burden to Mr. Lipkovitz on the other, both considerations ultimately point to quashing this subpoena.

First and foremost, Plaintiffs do not need Mr. Lipkovitz's live testimony. They have deposed him three times, first pursuant to a CID in 2021, and twice more in the case at hand in late

2023.  If they were not able to extract the information they needed in the first round of testimony, they certainly had the opportunity to try again with the benefit of two years of additional investigation and discovery.  With these depositions in hand, it is unclear what need additional testimony from Mr. Lipkovitz serves: if the Government is planning to ask Mr. Lipkovitz questions repetitive of those from his deposition—from which the Government has designated copious pages for trial—then they already have what they need.  If the Government is planning to ask Mr. Lipkovitz new questions,[8] then they already had two opportunities to do so.  Mr. Lipkovitz's 2023 testimony was also video-recorded, such that much of the credibility judgments typically credited to live testimony are replicated.  And, given that this is a bench trial, the concerns of having a jury labor through hours of recorded testimony are not of concern.

On the burden side, the significant burden posed by requiring Mr. Lipkovitz to come to this District for trial testimony also counsels in favor of quashing the subpoena.  Mr. Lipkovitz is not a party to this case, nor is he a current employee of Google.  Despite having left Google several years ago, Mr. Lipkovitz has been enmeshed in this case for the past three years.  Though he lives and works in San Francisco, he has already traveled across the country to Washington, D.C. for two days of depositions in November 2023.  In addition to a long flight, Mr. Lipkovitz would be required to miss work and forgo his family in order to prepare for and give his testimony, the scheduled date of which is still unknown at the time of this filing.  Because the subpoena simply indicates that Mr. Lipkovitz appear on September 9, 2024 "and continuing day to day afterwards," it is unclear how long his presence would be required, making his absence further difficult to plan

---

[8] During the meet and confer in connection with this Motion, the Government declined to identify any additional topics beyond those covered in Mr. Lipkovitz's prior testimony that it planned to cover with him at trial.

around.  Due to lack of necessity for Mr. Lipkovitz's testimony and the undue burden to which it would subject him, the Government's subpoena should be quashed.

## **CONCLUSION**

For the foregoing reasons, non-party Eisar Lipkovitz respectfully requests that the Court quash the Government's Subpoena served on Mr. Lipkovitz.

Dated:  August 23, 2024                                          Respectfully Submitted,

/s/ William L. Drake
William L. Drake VA Bar No. 78446
Patrick F. Linehan*
Samantha J. McCarthy*
Steptoe LLP
1330 Connecticut Ave., NW
Washington, DC 20036-1795
Phone: (202) 429-3000
Fax:    (202) 429-3902
*Counsel for Non-Party Eisar Lipkovitz*

*Pending *pro hac vice* admission

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 23rd day of August, 2024, a copy of the foregoing was

electronically filed via the Court's CM/ECF system and served electronically on all counsel of

record.

<div style="margin-left: 50%;">

/s/ William L. Drake
William L. Drake VA Bar No. 78446
Steptoe LLP
1330 Connecticut Ave., NW
Washington, DC 20036-1795
Phone: (202) 429-3000
Fax:    (202) 429-3902
wdrake@steptoe.com
*Counsel for Non-Party Eisar Lipkovitz*

</div>

## <u>CERTIFICATE OF GOOD FAITH CONFERENCE</u>

I HEREBY CERTIFY that on the 22nd day of August, 2024, counsel for Mr. Lipkovitz met and conferred with The Government by videoconference in an effort to narrow the area of disagreement, pursuant to Local Civil Rule 7(E), but were unable to resolve the issues.

/s/ William L. Drake
William L. Drake VA Bar No. 78446
Steptoe LLP
1330 Connecticut Ave., NW
Washington, DC 20036-1795
Phone: (202) 429-3000
Fax:    (202) 429-3902
wdrake@steptoe.com
*Counsel for Non-Party Eisar Lipkovitz*