**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00108-LMB-JFA |
| | ) | |
| GOOGLE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF NONPARTY WITNESS SCOTT SPENCER'S**
**MOTION TO QUASH OR IN THE ALTERNATIVE, FOR PROTECTIVE ORDER**

Nonparty Scott Spencer, by counsel, and pursuant to Federal Rules of Civil Procedure 45(d)(3) moves to quash the subpoena for trial witness testimony ("Subpoena") issued by the United States ("Government") in the above-captioned proceeding, or in the alternative, moves pursuant to Federal Rule of Civil Procedure 26(c) for a protective order regarding the dates and times of his testimony.  In support his motion, he states as follows:

**BACKGROUND**

**I.        Nonparty Scott Spencer**

Nonparty witness Scott Spencer is no longer employed with Defendant Google, LLC ("Google").  During his employment with Google, he held the title of Director of Product Management from 2008 to 2019 and then VP of Product Management—Privacy and User Trust from 2019 to 2023.  He left Google's employment in 2023.

Mr. Spencer now lives in Rockport, Massachusetts, well outside the 100-mile radius of ordinary subpoena power provided by Rule 45.  He works as a Strategic Advisor for Ad Tech Strategists and as the founder of Rewarded Interest, an ad tech startup.  In addition to these work obligations, he has personal obligations.

1

Mr. Spencer was deposed in this matter on August 12, 2021 (at a time when his recollection was much fresher, as he was still working at Google).  He was questioned for seven hours, and his deposition testimony is available for the Government's use at trial, by both video and transcript.[1]

When the parties submitted their trial witness and exhibit lists, Mr. Spencer appeared on the Government's list for *either* live or deposition testimony.  He was not on Google's witness list. On August 9, 2024, the Government issued the Subpoena to Mr. Spencer, which orders his attendance at trial, starting September 9, 2024 and thereafter.  Despite conferral, the Government has not yet narrowed his expected testimony dates down to less than a two- or three-week window.

## II.    Procedural Background

This matter arises under the antitrust laws of the United States.  Specifically, the Government brought this action under Section 4 of the Sherman Act and Section 16 of the Clayton Act, 15 U.S.C. §§ 4, 26, alleging that Google has violated Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2.  The Clayton Act also contains a provision relating to nationwide service of subpoenas in antitrust cases.  15 U.S.C. § 23.

On March 28, 2023, the parties submitted a proposed Joint Discovery Plan to the Court. ECF No. 87.  That plan contained a section referencing the Clayton Act provision allowing nationwide service of subpoenas:

> Upon serving the other party a notice and copy of the subpoena, a party may serve upon any non-party a subpoena of the type described in Federal Rule of Civil Procedure 45(a)(4). **Pursuant to 15 U.S.C. § 23, the parties are permitted to issue nationwide discovery and trial subpoenas from this Court.** If a party receives documents or data from a non-party as a result of a subpoena, the receiving party will produce the materials received from the non-party to the other party within five (5) business days of receipt of the materials, unless the non-party has already produced the materials to the other party.

---

[1] He was also previously deposed in the Google/Admeld matter, on October 13, 2011, for another seven hours.

*Id.* at Section 6.D (emphasis added). This reference in the parties' proposed Joint Discovery Plan contains the parties' request to the Court that they be permitted to issue nationwide discovery and trial subpoenas, in accordance with 15 U.S.C. § 23.

On March 31, 2023, the Magistrate Judge in this case issued a Rule 16(B) Scheduling Order in which the Joint Discovery Plan was "approved in part as set forth" therein. ECF No. 94. As to Section 6 ("Limitations on Discovery") of the parties' proposed plan, the Order adopted the plaintiffs' proposed section 6.A regarding how government agencies would be treated as custodians, expressly declined to include defendant's Sections 6.C and 6.F limiting plaintiffs' ability to depose witnesses or request documents, adopted defendant's proposal for 6.G(i) and (ii) regarding the number of fact depositions, and adopted plaintiff's proposal for Section 6.G(iii) regarding the party status of Federal Agency Advertiser witnesses. *Id.* The Court made no ruling on, or mention of, Section 6.D. *Id.*

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 45 provides that "[o]n a timely motion," the Court "must quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c) . . . or . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(ii) and (iv). Rule 45(c) sets forth a 100-mile limit from where the individual resides, is employed, or regularly transacts business. *Id.* at 45(c)(1)(A). And determining "[w]hether a subpoena subjects a witness to undue burden . . . raises a question of the reasonableness of the subpoena, [which requires the court to weigh] a subpoena's benefits and burdens [and] consider whether the information is necessary and whether it is available from any other source." *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-CV-525, 2014 WL 12544827, at *1 (E.D. Va. Jan. 9, 2014) (citation omitted).

## ARGUMENT

The Court should quash the Subpoena on nonparty former employee Scott Spencer for two reasons. First, the government has not met the Clayton Act's requirements to make proper application upon the Court and show cause why Mr. Spencer is needed to testify beyond the 100-mile limit ordinarily provided by Rule 45, nor has the Court issued an Order specifically granting permission for nationwide service. Therefore, the Clayton Act's nationwide service provisions do not apply, and the Subpoena must be quashed as to Mr. Spencer as it purports to reach him beyond the geographical limits of Rule 45.

Second, requiring Mr. Spencer, a nonparty, to testify, will subject him to undue burden, particularly given the availability of his deposition testimony for the Government's use at trial. For this reason as well, the Subpoena should be quashed.

In the alternative, the Court should issue a protective order to limit the schedule of Mr. Spencer's required attendance at trial to protect him from undue burden or inconvenience.

**A. The Court should quash the Subpoena for going beyond Rule 45's geographical limits.**

The Clayton Act provides for nationwide service of trial subpoenas in federal antitrust cases beyond the 100-mile limitation of Federal Rule of Civil Procedure 45(c). However, the relevant section of the Clayton Act provides in a civil case that "no writ of subpoena shall issue for witnesses living out of the district in which the court is held at a greater distance than one hundred miles from the place of holding the same *without the permission of the trial court* being first had *upon proper application* and *cause shown*." 15 U.S.C. § 23 (emphasis added). Here, because the Government has not applied to the Court or shown cause why nationwide service should apply, and the Court has issued no Order granting permission, Rule 45's geographical limits

govern.  Because Mr. Spencer is out-of-state and beyond the 100-mile limit, the Subpoena must be quashed.

> **a. The Government has not met the Clayton Act's requirements to allow nationwide service.**

Although the federal antitrust statutes include a provision allowing nationwide service of subpoenas in civil antitrust cases, this provision provides that "no subpoena shall issue" requiring compliance beyond the one-hundred-mile rule "without the permission of the trial court being first had upon proper application and cause shown."  15 U.S.C. § 23.  In other words, the Government needed to make "proper application" and show "cause" to the trial court why nationwide service would be required, and to seek an Order from the Court granting that "permission."  *Id.*  None of those steps happened here.  In *United States v. Anthem, Inc.*, for example, the parties submitted a "jointly-proposed application to provide for nationwide enforcement of trial subpoenas," which the court "granted" by including relevant language of cause and permission in its Case Management Order.  No. CV 16-1493 (ABJ), 2016 WL 11164033, at *1-2 (D.D.C. Dec. 7, 2016) (permitting nationwide service under the Clayton Act "in view of the geographic dispersion of potential witnesses . . . outside this district").  The court specifically held that the parties' joint proposal, which was adopted through the court's Order, "served as a 'proper application' under 15 U.S.C. § 23."  *Id.* at *2 n.1.  *See also, e.g.,* Joint Stipulated Case Management Order, *Federal Trade Commission v. Novant Health, Inc., et al.*, Case No. 5:24-cv-28 ECF No. 48, at ¶ F.3 (W.D.N.C. Jan. 25, 2024) ("Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the parties will be allowed nationwide service of process of discovery and trial subpoenas pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23[.]"); Scheduling and Case Management Order, *United States of America v. Booz Allen Hamilton, Inc.*, Case No. 1:22-cv-1603, ECF No. 99, at ¶ 17 (D. Md. June 29, 2022) ("[I]n view

5

of the geographic dispersion of potential witnesses in this action outside this District, the Parties are permitted, under 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court.").   In other words, in cases in which the Clayton Act's requirements were met, the parties applied to the Court and showed cause for nationwide service, and the Court signed an Order giving permission for such service on the basis of the cause shown.

In this case, by contrast, the Parties proposed a joint discovery plan which included language that "[p]ursuant to 15 U.S.C. § 23, the parties are permitted to issue nationwide discovery and trial subpoenas from this Court." ECF No. 87 at ¶ 6.D.  No reason or cause for the necessity of nationwide service was offered.  And when the Magistrate Judge in this case reviewed the discovery plan and issued a Scheduling Order, that Order did not refer to 15 U.S.C. § 23—indeed, it did not even mention Section 6.D of the parties' proposal.  ECF No. 94.  Finally, before issuing Mr. Spencer's Subpoena, the Government has made no other "proper application" to the Court, nor shown "cause" why the Court should permit a subpoena to any witness that exceeds the 100-mile rule.

While it is within this Court's discretion and authority to permit the issuance of such a subpoena in an antitrust case, the Government has not followed the required steps to make application to the Court, nor shown good cause why such a geographically extended subpoena is necessary to proving its case.  The Clayton Act's nationwide service provision thus does not permit the Subpoena to Mr. Spencer.

**b.  The Subpoena must be quashed as it requires compliance beyond the geographical limits of Rule 45(c).**

Without the application of the Clayton Act's extended service provisions, Mr. Spencer's Subpoena clearly purports to require him to testify at a distance beyond the 100-mile geographic

6

limit specified in the Federal Rules, and the Subpoena must be quashed.  Fed. R. Civ. P. 45(d)(3)(A)(ii).

Rule 45(c)(1) only allows a subpoena to command attendance at a trial:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c)(1).  *See also In re Guthrie*, 733 F.2d 634, 637 (4th Cir. 1984) ("[A] nonparty witness outside the state in which the district court sits, and not within the 100-mile bulge, may not be compelled to attend a hearing or trial."). When a subpoena requires compliance beyond these geographic limits, the subpoena *must* be quashed.  *See* Fed. R. Civ. P. 45(d)(3)(A)(ii) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c).");  *see, e.g. Petrovsky v. United States Att'y Gen., Dep't of Just. - Bureau of Prisons*, No. 1:16CV44, 2018 WL 11512261, at *1 (N.D.W. Va. Apr. 17, 2018) ("[T]he subpoenas issued to [the witnesses] 'purport to compel compliance beyond the geographic limits specified in Rule 45(c),' and thus, cannot be used to require their physical attendance at trial.").

The Department of Justice has acknowledged that Mr. Spencer is not employed and does not reside within Virginia or within 100 miles of this Court but nonetheless maintains that he must appear in Alexandria.  Because the Subpoena goes beyond the geographical limits allowed under Rule 45, it must be quashed.

**B.  The Subpoena must be quashed because it imposes an undue burden on a nonparty.**

Even if the Court determines that the Subpoena is geographically appropriate, the Rules still provide for "recourse against unduly burdensome subpoenas."  *United States ex rel. Lutz v.*

*Berkeley Heartlab, Inc.*, No. CV 9:14-230-RMG, 2017 WL 5624254, at *3 (D.S.C. Nov. 21, 2017) (where nationwide service was provided by statute, court allowed supplemental motions to quash on other, non-geographic bases).  The Court must quash a subpoena that, even if it complies with the geographic limitation, subjects a person to "undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iv).

In determining undue burden, the Court should consider several factors.  First, under Rule 26(b)(1), the testimony at issue must be relevant and proportional to the needs of the case—that is, the Court must determine "whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 188-189 (4th Cir. 2019). Accordingly, the benefit of the testimony the Government seeks must outweigh the burden or expense of requiring Mr. Spencer to attend trial.  *Id.*  Any benefit here is undermined by the availability of Mr. Spencer's deposition testimony for the Government's use at trial.  *See generally* Fed. R. Civ. P. 32(a)(4)(B) and (D).

More importantly, the Court must consider Mr. Spencer's nonparty status.  For a nonparty, a "more demanding variant of the proportionality analysis" should be used.  *Virginia Dep't of Corr.*, 921 F.3d at 189.  In *Jordan*, the Fourth Circuit explained:

> Nonparties are 'strangers' to the litigation, and since they have 'no dog in [the] fight,' they have 'a different set of expectations' from the parties themselves. . . . Bystanders should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery. For example, a party's email provider might well possess emails that would be discoverable from the party herself. But unless the email provider can offer important information that cannot be obtained from the party directly, there would be no cause for a subpoena against the provider.

*Id.* at 189 (citations omitted).  As the Fourth Circuit emphasized, a witness's nonparty status carries "special weight, leading to an even more demanding and sensitive inquiry."  *Id.* (quoting *In re Public Offering PLE Antitrust Litig.*, 427 F.3d 49, 53 (1st Cir. 2005) (cleaned up)).  Here, because Mr. Spencer is a nonparty, and the relevant information he can provide is available from other

sources, there is no "good reason" to draw him in, and there can be "no cause for a subpoena" under the Fourth Circuit's guidance. *Id.*

Mr. Spencer is a nonparty, being asked to travel a significant distance, during the work week and possibly for multiple weeks, causing significant disruption to his life. His testimony has already been preserved and is available in the form of his under-oath and video-recorded deposition given when he was still an employee and facts were fresher in his memory than they are now. Because there is no good reason to subject him to the burden of testifying at trial when the same information can be obtained from his prior deposition testimony, the Court should quash the Subpoena.

**C.   In the alternative, Mr. Spencer requests a protective order pursuant to Rule 26(c).**

In the alternative, Mr. Spencer respectfully requests that this Court issue an Order in relation to the scheduling of his trial testimony, to protect him from undue burden or expense in accordance with Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. P. 26(c)(1) (court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "specifying terms, including time and place"). Specifically, Mr. Spencer asks the Court to ensure that his testimony is scheduled for a reasonably predictable time on one of the following days: September 9-12 or September 18-20.[2] Mr. Spencer specifically requests that his attendance not be required on September 13-17 or September 24-26, to account for preexisting obligations.

---

[2] Mr. Spencer is also able to provide additional availability for remote testimony, should the Court permit it.

The undersigned has conferred with the Government regarding this Motion. The Government opposes the Motion to Quash. Although the dates above were presented to the Government, the Government has not yet taken a position on the request for a protective Order.

## CONCLUSION

WHEREFORE, nonparty Scott Spencer respectfully requests that the Court quash the Subpoena, or, in the alternative, issue a protective Order limiting the times and days he must be available to provide trial testimony in this matter.

Dated: August 23, 2024

Respectfully submitted,

/s/ Casey E. Lucier____

Amy B. Manning (*pro hac vice pending*)
McGuireWoods LLP
77 West Wacker Drive
Chicago, IL 60601-1818
Telephone: (312) 750-8904
Facsimile: (312) 558-4386
Email: amanning@mcguirewoods.com

Casey E. Lucier (VSB No. 80363)
Juliet B. Clark (VSB No. 96918)
McGuireWoods LLP
800 E. Canal Street
Gateway Plaza
Richmond, VA 23219
Telephone: (804) 775-1000
Email: jbclark@mcguirewoods.com
Email: clucier@mcguirewoods.com

*Attorneys for Nonparty Scott Spencer*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on August 23, 2024, a copy of the foregoing was electronically

filed via the Court's CM/ECF system and served on all counsel of record.

<u>*/s/ Casey E. Lucier*</u>
Casey E. Lucier