IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 1:23-cv-00108-LMB-JFA |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL

Pursuant to Local Civil Rule 5, Plaintiffs respectfully submit the instant memorandum of law in support of their motion to seal portions of Exhibit N and O to Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion *in Limine*. The withheld information is derived from exhibits and deposition designations that were requested to be sealed in the 33 non-parties' Disclosure Objections. (*See* Dkt. No. 1147, at 2 n.1). The Court granted the sealing and redactions requests of the 33 non-parties. (Dkt. No. 1147.)

The unredacted exhibits have been filed electronically using the sealed filing events. Plaintiffs request that the Court seal the withheld information from the public docket in accordance with its Order regarding the non-parties' sealing and redaction requests. (Dkt. No. 1147). The non-party redactions are comprised of non-party information that is covered in the Court's Order.

## ARGUMENT

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).

1

However, the common law presumption in favor of public access can be overcome by a showing that a litigant has "some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Accordingly, before ordering the sealing of a document, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the document[], and (3) provide specific reasons and factual findings supporting its decision to seal the document[] and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also* Local Civ. R. 5(C).

Plaintiffs have redacted information consistent with the disclosure objections filed by the 33 non-parties that filed disclosure objections. The Court has ruled on certain disclosure objections. (*See* Dkt. No. 1147.) These redactions are in accordance with the Court's order.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' respectfully requests that the Court seal portions of Plaintiffs' exhibits.

Dated: August 23, 2024

Respectfully submitted,

| | |
|---|---|
| JESSICA D. ABER<br>United States Attorney<br><br>/s/ Gerard Mene<br>GERARD MENE<br>Assistant U.S. Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3777<br>Facsimile: (703) 299-3983<br>Email: Gerard.Mene@usdoj.gov<br><br>/s/ Julia Tarver Wood<br>JULIA TARVER WOOD<br>/s/ Kelly D. Garcia<br>KELLY D. GARCIA<br>/s/ Michael E. Wolin<br>MICHAEL E. WOLIN<br><br>United States Department of Justice<br>Antitrust Division<br>450 Fifth Street NW, Suite 7100<br>Washington, DC 20530<br>Telephone: (202) 307-0077<br>Fax: (202) 616-8544<br>Email: Julia.Tarver.Wood@usdoj.gov<br>Attorneys for the United States | JASON S. MIYARES<br>Attorney General of Virginia<br><br>/s/ Tyler T. Henry<br>TYLER T. HENRY<br>Assistant Attorney General<br><br>Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us<br><br>Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia |