# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

|  |  |
|---|---|
| UNITED STATES, *et al.*, | |
| *P* | |
| *laintiffs*, | No: 1:23-cv-00108-LMB-JFA |
| vs. | |
| GOOGLE LLC, | |
| *D* | |

## DEFENDANT GOOGLE LLC'S REVISED OBJECTIONS TO THE PUBLIC DISCLOSURE OF <u>CONFIDENTIAL INFORMATION AT TRIAL</u>

Google files these Revised Objections[1] to the Public Disclosure of Confidential Information at Trial pursuant to the Court's August 9, 2024 Order.  Dkt. No. 1147 at 5.  At the hearing held on August 9, the Court instructed Google "to continue working with the government to see if [it] can more aggressively reduce the number of sealing issues that we have with [its] exhibits."  Dkt. No. 1153, Aug. 9, 2024 Hr'g Tr. 14:8-10.  As directed by the Court, Google has met and conferred with Plaintiffs to narrow the issues between the parties concerning Google's objections to the public use of information.[2]  Following productive discussions across four meet-and-confers, Google has agreed to narrow the number of exhibits

---

[1] Google revises its Objections to the Public Use of Confidential Documents and Testimony filed July 26, 2024.  Dkt. No. 985, 985-1. ("Original Objections").

[2] Plaintiffs filed a Memorandum in Opposition to Defendant Google's Objections to the Public Use of Confidential Documents and Testimony on August 2, 2024.  Dkt. No. 1114.  Nonparties Bloomberg L.P., The New York Times Company, and The Washington Post (collectively, "Media Organizations") also objected to Google's Original Objections, but offered only a generalized objection to all exhibits Google sought to seal or redact.  *See* Dkt. No. 1110.

it seeks to seal to 197[3] out of the 4,377 documents included by the parties on their exhibit lists and to further reduce the material it seeks to redact in many of those exhibits.  Of these 197 exhibits, Google seeks limited redactions to 109 and seeks to seal the remaining 88 in full. In light of the revisions Google has made, Plaintiffs have agreed to withdraw their objections to Google's proposed sealing of these exhibits.[4]

Consistent with the process established by the Court (Dkt. No. 871), Google has made specific objections to the public disclosure of Google's confidential information contained in documents on Plaintiffs' and Google's trial exhibit lists and deposition designations.  The information in these documents that Google seeks to protect from public disclosure includes the following: the source code and detailed designs that reveal the inner workings of Google's product features and optimizations; customer-specific pricing, contract terms, and data; granular, product-specific datasets on revenue, impressions, and performance metrics; product- or unit-specific profit and loss information and other detailed financial analysis; detailed product strategy; and the personal identifying information of Google employees (collectively, Google's "proposed protected material").  Google provides the specific basis for

---

[3] Per the Court's guidance, Dkt. No. 1153, Aug. 9, 2024 H'rg Tr. 16:5-12, the parties have agreed that rather than redact certain customer information, the parties will modify the following exhibits to replace certain customer names with generic identifiers:  DTX1837, DTX1845, DTX1846, DTX1983, DTX1988, DTX1989, DTX1993, PTX1406, PTX1407, PTX1408, PTX1409, PTX1436, PTX1437, PTX1438, PTX1440, PTX1444, PTX1445, PTX1447, PTX1448, PTX1449, PTX1450, PTX1451, PTX1452, PTX1453, PTX1454, PTX1468.  The parties are still working out the specific generic identifiers they will use, but in the interest of making the remainder of these exhibits available to the public as soon as possible, Google has filed redacted versions on the public docket.  To the extent the parties use any of these exhibits at trial, they will use the modified versions with generic identifiers masking customer names.
[4] As explained more fully in section B below, the parties have agreed to defer resolution on the treatment of two exhibits Google seeks to seal in full, PTX1838 and PTX184, until after the Court rules on Plaintiffs' Motion for Adverse Inference.  In addition, Plaintiffs have more broadly reserved their right to object in the event the redacted version of any exhibit filed on the docket does not match the redacted version Google shared with Plaintiffs in advance of the filing.

each of its objections in the attached Appendix A. Google also submits concurrently three declarations regarding the grounds for Google's tailored requests to protect a limited subset of materials from public disclosure.[5]

## LEGAL STANDARD

Both common law and the First Amendment protect public access to judicial records. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). This right, however, is not absolute, and it may be overcome where "countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Mag. Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *see also Press-Enterprise Co. v. Super. Ct. of Cal.*, 464 U.S. 501, 510 (1984) ("The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."). Courts have supervisory power to seal documents in those circumstances. *See Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

## ARGUMENT

Google seeks to protect from public disclosure a limited number of potential trial exhibits[6] that contain its proposed protected material. Google recognizes the general right to

---

[5] In opposing Google's Original Objections, the Media Organizations primarily asserted that Google did not meet certain purported procedural requirements for sealing documents—mainly, filing a declaration. Dkt. No. 1110 at 6-7, 9-10. In the interest of ensuring this issue is fully resolved well in advance of trial, Google also submits the Declarations of Ali Nasiri Amini, Dan Taylor, and Noam Wolf. Additionally, Google submits a proposed order along with these Revised Objections. Accordingly, the Media Organizations' procedural challenge to Google's proposed protected material is not only baseless but also moot.

[6] Google also seeks to protect a small number of deposition designations from public disclosure. *See* Dkt. No. 985-1 at 35-36. Plaintiffs have not objected to such protections. The Media Organizations appear to do so in general fashion but make no specific argument regarding this testimony. *See* Dkt. No. 1110 at 6-7. As detailed in Appendix A, Google seeks to protect this testimony from public disclosure because it concerns either detailed, competitively sensitive financial information or personal identifying information of Google's non-defendant employees. The Media Organizations do not appear to challenge the latter category of information. *See* Dkt

inspect and copy public records and documents, including judicial records and documents, and the public's First Amendment right to attend trials. *See Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978); *Craig v. Harney*, 331 U.S. 367, 374 (1947). Google, however, also has a legitimate interest in protecting its trade secrets and proprietary and competitively sensitive information. *See, e.g.*, *Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014) (recognizing that a corporation may have a compelling interest under the First Amendment in "preserving the confidentiality of its proprietary and trade-secret information"); *Woven Elecs. Corp. v. The Advance Grp., Inc.*, 930 F.2d 913 (Table), 1991 WL 54118, at *6-7 (4th Cir. Apr. 15, 1991) (holding that a district court may seal trial proceedings when "trade secrets [are] to be exposed," and ordering sealing of the trial record where necessary to protect trade secrets).

Here, as detailed in Appendix A and below, and in the Declarations of Ali Nasiri Amini, Dan Taylor, and Noam Wolf, Google's proposed protected material satisfies the "overriding interest" standard and justifies the Court exercising its discretion to shield the information from public disclosure. *See Press-Enterprise Co.*, 464 U.S. at 510.

### A. Google's Proposed Redactions

In total, Google now seeks to redact portions of 109 potential exhibits. Plaintiffs do not object to any of Google's proposed redactions to these exhibits.

#### 1. *Personal identifying information*

Thirty-three exhibits[7] that Google proposes to redact include the personal identifying information of Google's employees, including mobile phone numbers. This information has no

---

No. 1110 at 4, n.2.

[7] DTX0139, DTX0143, DTX0164, DTX0228, DTX0254, DTX0256, DTX0257, DTX0466, DTX0569, DTX0586, DTX0774, DTX1314, PTX0039, PTX0055, PTX0072, PTX0100, PTX0120, PTX0249, PTX0255, PTX0256, PTX0269, PTX0304, PTX0308, PTX0309, PTX0619, PTX0640, PTX0756, PTX0760, PTX0770, PTX0800, PTX0826, PTX1495, PTX1830.

relevance to the case, and the publication of such personal information from employees who are not defendants in this case would intrude on those employees' privacy. *See, e.g.*, *The Radiance Found., Inc. v. Nat'l Ass'n for the Advancement of Colored People*, No. 2:13-cv-53, 2013 WL 12433124, at *1 (E.D.Va. Dec. 4, 2013) (allowing the sealing of "personal identifying information such as phone numbers, names, and e-mail addresses," especially when "not necessary to the matters" before the court). Plaintiffs withdrew their objections to Google's proposed redactions to these exhibits on August 8, 2024. Dkt. No. 1140 at 1. Indeed, the Department of Justice has sought to protect this same type of information from public disclosure on behalf of the Federal Agency Advertisers, Dkt. No. 1045 at 6, and the Court granted the redaction request, Dkt. No. 1147 at 4.

      2.  *Source code and product design*

One exhibit[8] that Google proposes to redact contains snippets of Google's proprietary source code, Decl. of Amini, ¶ 7, and thirty of the exhibits[9] contain proprietary details concerning the design and functioning of current Google products and product features, Decl. of Amini, ¶ 8; Decl. of Wolf, ¶ 6. It is well settled that "source code can and does qualify as a trade secret." *E.g.*, *Trandes Corp. v. Guy F. Atkinson Co*., 996 F.2d 655, 663 (4th Cir. 1993). Public disclosure of source code risks giving Google's competitors a roadmap to reverse-engineering its current products, free-riding on Google's innovations and putting Google at a competitive disadvantage. Decl. of Amini, ¶ 6. Similarly, the public disclosure of detailed product design information could enable Google's competitors to reverse-engineer these

---

[8] DTX0451.
[9] PTX0746, PTX0783, DTX0414, DTX0605, DTX413, DTX0602, DTX0618, DTX0681, DTX0696, DTX0698, DTX0699, DTX0777, DTX0778, DTX0781, DTX0785, DTX0822, DTX0840, DTX0877, DTX0932, DTX0951, DTX0984, DTX1014, DTX1052, DTX1054, DTX1110, DTX1145, DTX1146, DTX1338, DTX1382, and DTX1465.

product optimizations and features, causing Google significant harm.  Decl. of Amini, ¶ 8;

Decl. of Wolf,  ¶ 6; *see also, e.g.*, *Lifenet Health v. Lifecell Corp.*, No. 2:13-cv-486, 2015 WL

12517430, at *2 (E.D. Va. Feb. 12, 2015) (sealing portions of the trial transcript that constituted

trade secrets, namely the "precise components and compositions" of defendant's product that

defendant had not publicly disclosed).  Judge Anderson has previously granted Google's

request to redact source code snippets and descriptions.  Dkt. No. 1141, ¶ 22 (concerning the

sealing of Excerpts from the Expert Report of Ramamoorthi Ravi).

### 3. *Customer-specific information*

Sixteen[10] of the exhibits that Google proposes to redact contain customer-specific

pricing, sensitive non-pricing contractual terms, or detailed data concerning customer

performance when using Google's products.  Disclosure of this information would provide

Google's competitors with unfair access to Google's business strategy and confidential

customer terms and could harm Google's customers as well as Google's competitive position in

the marketplace.  *See* Decl. of Taylor, ¶¶ 10, 11.  Courts in this district regularly hold that

customer-specific pricing and product information is the sort of information that can validly be

protected from public disclosure.  *See, e.g.*, *dmarcian, Inc. v. DMARC Advisor BV*, 2024 WL

3257132, at *1-2 (W.D.N.C. July 1, 2024) (allowing the sealing of deposition testimony

identifying customers as well as "spreadsheets containing information about" a party's

"financial operations and customers").  This Court recently permitted the sealing of  "non-

---

[10] PTX0219, PTX0957, PTX0974, PTX0996, PTX1063, PTX1065, PTX1787, DTX1048, DTX1125, DTX1250, DTX1261, DTX1262, DTX1504, DTX1970, DTX2106, DTX2107.  The following exhibits also contain customer-specific data, but as explained *supra* note 3, the parties have agreed to anonymize customer names rather than redact them: PTX1406, PTX1407, PTX1408, PTX1409, PTX1436, PTX1437, PTX1438, PTX1440, PTX1444, PTX1445, PTX1447, PTX1448, PTX1449, PTX1450, PTX1451, PTX1452, PTX1453, PTX1454, PTX1468, DTX1837, DTX1845, DTX1846, DTX1983, DTX1988, DTX1989, and DTX1993.

public competitively sensitive contract terms between Google and one of its customers" and the names of two of Google's customers.  Dkt. No. 1198 at 1 (ordering the sealing of, *inter alia*, paragraphs 207 and 361.5 of Google's Proposed Findings of Fact and Conclusions of Law, which cite DTX1261, DTX2106, and DTX2107, exhibits that Google seeks to redact in these Revised Objections).

### 4. *Financial information*

Fifteen exhibits[11] that Google proposes to redact contain recent, non-public, granular product- or unit-specific financial information about Google's ad tech business.  Decl. of Taylor, ¶ 8.  This information goes far beyond the financial information Google's parent company, Alphabet, discloses in its public SEC filings, and it could give Google's competitors unfair access to Google's financial analyses, trajectory, and priorities and could harm Google's competitive position in the marketplace. *Id.*; *see also* Dkt. No. 928, ¶¶ 2-3 (granting motion to seal analysis of operating profit); *Syngenta Crop Protection, LLC v. Willowood, LLC*, No. 1:15-cv-274, 2017 WL 6001818, at *5-6 (M.D.N.C. Dec. 4, 2017) (sealing trial exhibits that contained "detailed information on the budgeted and actual sales quantity, gross profits, discounts, net price, cost of goods sold, and gross prices" for a party's products).

### 5. *Product strategy*

Thirteen exhibits[12] that Google proposes to redact contain recent, forward-looking

---

[11] PTX1097, PTX1772, DTX1008, DTX1039, DTX1042, DTX1059, DTX1073, DTX1120, DTX1185, DTX1206, DTX1375, DTX1473, DTX1613, DTX2040, and DTX2041.  PTX1097 is a large dynamic spreadsheet produced in its native form.  Per agreement between the parties, Google submits with this filing proposed redactions in a PDF version of the exhibit for certain tabs and versions of the data contained within the spreadsheet.  Plaintiffs do not object to these redactions.  Google has reserved the right to to use any portion of the native version of PTX1097 at trial if the need arises.

[12] PTX1068, PTX1069, PTX1119, PTX1611, PTX1663, PTX1669, PTX1757, DTX1036, DTX1040, DTX1049, DTX1053, DTX1062, and DTX1527.

strategic plans.  Decl. of Taylor, ¶ 9.  The public disclosure of information about Google's forward-looking strategy would risk significant harm to Google by giving competitors detailed insight into Google's strategy that could enable such competitors to predict Google's future product development, both with regard to products challenged in the above-captioned Action and otherwise.  *Id.*; *see also BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*, No. 2:17-cv-503-HCM, 2020 WL 973751, at *15 (E.D.Va. Feb. 7, 2020) (sealing material that "describe[s] the business strategy and relationships between the parties, as well as other confidential commercial information"), *rev'd on other grounds*, 28 F.4th 1247 (Fed. Cir. 2022). In its Order dated August 22, the Court permitted the sealing of Google's "non-public financial information regarding its business strategy."  Dkt. No. 1198 at 1 (ordering the sealing of, *inter alia*, paragraph 95 of Google's Proposed Findings of Fact and Conclusions of Law, which cites to DTX1053, one of the exhibits Google seeks to redact in these Revised Objections).

　　　　　6.  *Detailed explanation of Google's datasets*

　　　　One exhibit[13] includes detailed responses to questions from Plaintiffs concerning datasets that Google produced in the course of discovery and that are discussed in section B below. Just as the public disclosure of the datasets themselves could cause significant harm to Google, the public disclosure of information such as the meaning of fields and field values in the datasets and the underlying sources from which the datasets were created could cause significant harm to Google by providing insights to competitors into Google's proprietary data systems.

　　　　　**B.  Google's Proposed Sealing**

　　　　In addition, Google maintains its objections to the public disclosure of any portion of 88

---

[13] PTX1773.

documents on the parties' exhibit lists, seeking to seal them in full.  Plaintiffs do not object to

the sealing in full of these exhibits,[14] the vast majority of which are either:

- Google's proprietary source code (32 documents),[15] Decl. of Amini, ¶ 6; or

- massive datasets that are impracticable to redact (50 exhibits),[16] Decl. of Amini, ¶ 5;

  Decl. of Wolf, ¶ 5;  Decl. of Taylor, ¶¶ 5-6, 8.

For the same reasons described in section A.2. above concerning Google's proposed

redactions of source code, the public disclosure of source code could cause significant harm to

Google in the marketplace. In addition to being impracticable to redact, the datasets referenced

above contain customer-specific information and financial information the public disclosure of

which could cause significant harm to Google for the reasons described in sections A.3 and A.4

above.

Beyond source code and dataset exhibits, Google seeks to seal in full six other exhibits:

---

[14] As discussed below, the parties are deferring resolution on two exhibits, PTX1838 and
PTX1840, pending the Court's resolution of Plaintiffs' Motion for Adverse Inference.
[15] PTX1850, DTX2193, DTX2194, DTX2195, DTX2196, DTX2197, DTX2198, DTX2199,
DTX2200, DTX2201, DTX2202, DTX2203, DTX2204, DTX2205, DTX2206, DTX2207,
DTX2208, DTX2209, DTX2210, DTX2211, DTX2212, DTX2213, DTX2214, DTX2215,
DTX2216, DTX2217, DTX2218, DTX2219, DTX2253, DTX2254, DTX2255, and DTX2256.
If the Court would like to view these source code files, Google will work with the Court's IT
staff to make them available.
[16] PTX1075, PTX1761, DTX1041, DTX1187, DTX1190, DTX1411, DTX1413, DTX1414,
DTX1431, DTX1617, DTX1913, DTX2135-DTX2142, DTX2148-DTX2151, DTX2153,
DTX2163, DTX2165, DTX2166, DTX2167, DTX2169-2173, and DTX2175-2191.  Because
these exhibits are so large in size and, in many cases, can only be read by specialized software, it
is not feasible to file them electronically on the sealed docket.  If the Court would like to view
these files, Google will work with the Court's IT staff to make them available.  In addition, with
respect to PTX1075 and PTX1761, the parties have agreed that in the event Plaintiffs intend to
use certain portions of these exhibits at trial, Google will not object to unsealing these portions of
the exhibits to the extent that they concern data from 2020 or earlier.  For any of these exhibits,
to the extent they are used at trial in a summary form, and sealing is appropriate, Google will
work with Plaintiffs to agree to appropriate redaction consistent with the redactions Google
currently seeks.

- Three documents[17] contain recent or current competitive strategy concerning Google's products.  Decl. of Taylor, ¶ 6.  One of those documents, PTX1066, contains reports of the monitoring trustee overseeing Google's compliance with a settlement with the French Competition Authority. Google is obligated to keep these reports confidential from third parties as part of the commitments it made as part of the settlement. Moreover, for the same reasons described in section A.5. above concerning Google's proposed redactions of current or recent product strategy, the public disclosure of the information contained within these documents could cause significant harm to Google in the marketplace.

- One document[18] is a spreadsheet that contains customer-specific revenue information about Federal Agency Advertisers that use Google's products.  Decl. of Taylor, ¶ 7. For the same reasons described in section A.3. above concerning Google's proposed redaction of customer-specific information, the public disclosure of this information contained within this document could cause significant harm to Google in the marketplace.

- Two documents[19] contain information that was disclosed to Plaintiffs for limited purposes and subject to an express agreement that such disclosure did not and would not constitute waiver of attorney work product protection.  Plaintiffs have advised that if the Court rules against Plaintiffs on their Motion for Adverse Inference, Dkt. No. 1115, Plaintiffs will no longer seek to use PTX1838 and PTX184 at trial, so the parties have agreed to defer resolution on Plaintiffs' objections to the sealing of these two documents

---

[17] PTX1066, PTX1768, and DTX1554.
[18] PTX0977.
[19] PTX1838 and PTX1840.

until after the Court rules.

Because trade secrets and other protectable, sensitive, and proprietary information are present throughout each of these documents so that they cannot be feasibly redacted, Google seeks to seal them in full.

## **CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court grant Google's sealing and redaction requests as laid out above and described in detail in Appendix A.

## **CERTIFICATION OF COUNSEL**

Undersigned counsel hereby certifies that extensive and repeated meet and confer sessions were conducted with Plaintiffs' counsel to resolve and minimize the sealing and redaction requests now proposed.

Dated: August 24, 2024

Eric Mahr (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Julie Elmer (*pro hac vice*)
Justina Sessions (*pro hac vice)*
Lauren Kaplin (*pro hac vice*)
Jeanette Bayoumi (*pro hac vice*)
Claire Leonard (*pro hac vice*)
Sara Salem (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
David Pearl (*pro hac vice*)
Allison Vissichelli (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

Respectfully submitted,

/s/ Craig C. Reilly
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ.
209 Madison Street, Suite 501
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (*pro hac vice*)
Jeannie S. Rhee (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Bryon P. Becker (VSB #93384)
Erica Spevack (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile (202) 223-7420
kdunn@paulweiss.com

Meredith Dearborn (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (202) 330-5908
mdearnborn@paulweiss.com

*Counsel for Defendant Google LLC*

12