UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*, <br><br> *Plaintiffs*, <br><br> vs. <br><br> GOOGLE LLC, <br><br> *Defendant*. | No: 1:23-cv-00108-LMB-JFA |

**ORDER**

THIS MATTER is before the Court on the revised objections to the public disclosure of confidential evidence at trial filed by Defendant Google LLC ("Google") [Dkt. No. _____]. Having considered Google's original objections [Dkt. No. 985], the Plaintiffs' and non-parties' objections thereto [Dkt. Nos. 1110 & 1114], and Google's revised objections and supporting declarations, the Court finds as follows:

1. Sufficient notice of Google's sealing request has been given in the public record, including the public docketing of Google's objections and revised objections.

2. The First Amendment right of access applies to trial exhibits.

3. The First Amendment right of access is not absolute, however, because "[t]he mere existence of a First Amendment right of access or of a common law right of access to a particular kind of document does not entitle the press and the public to access in every case." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Nonetheless, "the denial of access [under the First Amendment standard] must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Id*. (citing *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984).

1

4.      Google has certified that the parties have met and conferred, and that Plaintiffs do not oppose Google's sealing request.

5.      Here, Google has shown several categories of information that may be redacted or sealed, the First Amendment right of access notwithstanding:

> A.      *Personal Information of Non-Party Individuals*: Thirty-three exhibits include personal identifying information of Google employees, who are non-party individuals.[1]  This information has no relevance to the case, and the publication of such personal information from employees who are not defendants in this case would intrude on those employees' privacy.  Such private information may be sealed.  *See, e.g.*, *The Radiance Foundation, Inc. v. National Association for the Advancement of Colored People*, 2013 WL 13433124, at *1 (E.D. Va. Dec. 4, 2013) (allowing the sealing of "personal identifying information such as phone numbers, names, and e-mail addresses," especially when "not necessary to the matters" before the court).  Therefore, this information may be redacted, and the Court finds Google's proposed redactions are appropriate.
>
> B.      *Source Code and Product Design*:  One exhibit[2] that Google proposes to redact contains snippets of Google's proprietary source code, and thirty of the exhibits[3]

---

[1]  DTX0139, DTX0143, DTX0164, DTX0228, DTX0254, DTX0256, DTX0257, DTX0466, DTX0569, DTX0586, DTX0774, DTX1314, PTX0039, PTX0055, PTX0072, PTX0100, PTX0120, PTX0249, PTX0255, PTX0256, PTX0269, PTX0304, PTX0308, PTX0309, PTX0619, PTX0640, PTX0756, PTX0760, PTX0770, PTX0800, PTX0826, PTX1495, PTX1830.

[2] DTX0451.

[3]  PTX0746, PTX0783, DTX0414, DTX0605, DTX413, DTX0602, DTX0618, DTX0681, DTX0696, DTX0698, DTX0699, DTX0777, DTX0778, DTX0781, DTX0785, DTX0822, DTX0840, DTX0877, DTX0932, DTX0951, DTX0984, DTX1014, DTX1052, DTX1054, DTX1110, DTX1145, DTX1146, DTX1338, DTX1382, and DTX1465.

contain proprietary details concerning the design and functioning of current Google products and product features. It is well settled that "source code can and does qualify as a trade secret." *E.g.*, *Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 663 (4th Cir. 1993). Public disclosure of source code risks giving Google's competitors a roadmap to reverse-engineering its current products, free-riding on Google's innovations and putting Google at a competitive disadvantage. Trade secret information may be protected from public disclosure. *See, e.g.*, *Lifenet Health v. Lifecell Corp.*, 2015 WL 12517430, at *2 (E.D. Va. Feb. 12, 2015) (sealing portions of the trial transcript that constituted trade secrets, namely the "precise components and compositions" of defendant's product that defendant had not publicly disclosed). This information may be redacted, and the Court finds Google's proposed redactions are appropriate.

C.   *Customer-Specific Information*: Sixteen[4] of the exhibits that Google proposes to redact contain customer-specific pricing, sensitive non-pricing contractual terms, or detailed data concerning customer performance when using Google's products. Disclosure of this information would provide Google's competitors with unfair access to Google's business strategy and confidential customer terms and could harm Google's customers as well as Google's competitive position in the marketplace. This sort of competitively sensitive information may be protected from public disclosure. *See, e.g.*, *dmarcian, Inc. v. DMARC Advisor BV*, 2024 WL

---

[4] PTX0219, PTX0957, PTX0974, PTX0996, PTX1063, PTX1065, PTX1787, DTX1048, DTX1125, DTX1250, DTX1261, DTX1262, DTX1504, DTX1970, DTX2106, and DTX2107.

3257132, at *1-2 (W.D.N.C. Jul. 1, 2024) (allowing the sealing of deposition testimony identifying customers as well as "spreadsheets containing information about" a party's "financial operations and customers"). Therefore, this information may be redacted, and the Court finds Google's proposed redactions are appropriate

D.  *Financial Information*: Fifteen exhibits[5] that Google proposes to redact contain recent, non-public, granular product- or unit-specific financial information about Google's ad tech business. This sort of competitively sensitive confidential business information may be protected from public disclosure. *Syngenta Crop Protection, LLC v. Willowood, LLC*, 2017 WL 6001818, at *5, *7 (M.D.N.C. Dec. 4, 2017) (sealing trial exhibits that contained "detailed information on the budgeted and actual sales quantity, gross profits, discounts, net price, cost of goods sold, and gross prices" for a party's products). Therefore, this information may be redacted, and the Court finds Google's proposed redactions are appropriate

E.  *Product Strategy*: Thirteen exhibits[6] that Google proposes to redact contain recent, forward-looking strategic plans. The public disclosure of confidential business information about Google's forward-looking strategy would risk significant harm to Google by giving competitors detailed insight into Google's strategy that could enable such competitors to predict Google's future product development, both with regard to products challenged in the above-captioned Action and otherwise. This sort of competitively sensitive information may be protected from public

---

[5] PTX1097, PTX1772, DTX1008, DTX1039, DTX1042, DTX1059, DTX1073, DTX1120, DTX1185, DTX1206, DTX1375, DTX1473, DTX1613, DTX1617, DTX2040, and DTX2041.

[6] PTX1068, PTX1069, PTX1119, PTX1611, PTX1663, PTX1669, PTX1757, DTX1036, DTX1040, DTX1049, DTX1053, DTX1062, and DTX1527.

disclosure. *See, e.g.*, *BASF Plant Science, LP v. Commonwealth Scientific and Industrial Research Organization*, 2020 WL 973751, at *15 (E.D.Va. Feb. 7, 2020) (sealing material that "describe[s] the business strategy and relationships between the parties, as well as other confidential commercial information"). Therefore, this information may be redacted, and the Court finds Google's proposed redactions are appropriate

  F. *Detailed explanation of Google's datasets:* One exhibit[7] includes detailed responses to questions from Plaintiffs concerning datasets that Google produced in the course of discovery and that are discussed in section B below. Just as the public disclosure of the datasets themselves could cause significant harm to Google, the public disclosure of information such as the meaning of fields and field values in the datasets and the underlying sources from which the datasets were created could cause significant harm to Google by providing insights to competitors into Google's proprietary data systems. 4.Certain exhibits have been modified by the parties as directed by the Court to replace customer names with generic identifiers, which the Court approves.[8]

6. Google also seeks to seal 88 documents because many are impractical to redact and cannot be filed in the public record as native files. As explained below, each category of documents may be sealed pending further order of the Court:

---

[7] PTX1773.
[8] DTX1837, DTX1845, DTX1846, DTX1983, DTX1988, DTX1989, DTX1993, PTX1406, PTX1407, PTX1408, PTX1409, PTX1436, PTX1437, PTX1438, PTX1440, PTX1444, PTX1445, PTX1447, PTX1448, PTX1449, PTX1450, PTX1451, PTX1452, PTX1453, PTX1454, PTX1468.

  A.  *Source Code* (32 exhibits):  Thirty-two exhibits[9] contain Google's source code, which (as found above) is trade secret information that may be sealed.

  B.  *Datasets*: Fifty exhibits[10] are massive datasets of confidential data, which (as found above) is business information that that may be sealed.  These native file exhibits cannot be redacted or electronically filed.  Therefore, these exhibits may remain sealed.

  C.  *Strategy Information*: Three exhibits[11] contain recent or current competitive strategy concerning Google's products.  This information (as found above) constitutes trade secret information that may be sealed.  Moreover, one of those documents, PTX1066, contains reports of the monitoring trustee overseeing Google's compliance with a settlement with the French Competition Authority.  Google is obligated to keep these reports confidential from third parties as part of the commitments it made as part of the settlement.  Therefore, these exhibits may remain sealed pending further order of the Court.

  D.  One exhibit (PTX0977) is a spreadsheet that contains customer-specific revenue information about Federal Agency Advertisers that use Google's products.  Customer-specific pricing, as found above, may be sealed.  Therefore, this exhibit may remain sealed pending further order of the court.

---

[9] PTX1850, DTX2193, DTX2194, DTX2195, DTX2196, DTX2197, DTX2198, DTX2199, DTX2200, DTX2201, DTX2202, DTX2203, DTX2204, DTX2205, DTX2206, DTX2207, DTX2208, DTX2209, DTX2210, DTX2211, DTX2212, DTX2213, DTX2214, DTX2215, DTX2216, DTX2217, DTX2218, DTX2219, DTX2253, DTX2254, DTX2255, and DTX2256.

[10] PTX1075, PTX1761, DTX1041, DTX1187, DTX1190, DTX1411, DTX1413, DTX1414, DTX1431, DTX1617, DTX1913, DTX2135-DTX2142, DTX2148-DTX2151, DTX2153, DTX2163, DTX2165, DTX2166, DTX2167, DTX2169-2173, and DTX2175-2191.

[11] PTX1066, PTX1768, and DTX1554.

   E.  Two documents[12] contain information that was disclosed to Plaintiffs for limited purposes and subject to an express agreement that such disclosure did not and would not constitute waiver of attorney work product protection.  These exhibits may remain sealed pending further order of the Court regarding the Plaintiffs' pending motion for an adverse interest.

   7.  Only sealing or redaction will protect this information.  The proposed sealing and redaction have been narrowly tailored to protect only this information and does not compromise the press and public's access to trial materials for such purposes as ensuring a proper functioning of the court system in this case.

     ENTERED this _____ day of _____ 2024.


Alexandria, Virginia        _____
              Leonie M. Brinkema
              United States District Judge

---

[12] PTX1838 and PTX1840.