**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| UNITED STATES, *et al.*, <br><br>                 *Plaintiffs*, <br><br>     vs. <br><br> GOOGLE LLC, <br><br>                 *Defendant*. | No. 1:23-cv-00108-LMB-JFA |

**GOOGLE LLC'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE*
TO EXCLUDE NON-PARTY LAY OPINIONS REGARDING GOOGLE'S ALLEGED
MONOPOLY OR ANTICOMPETITIVE CONDUCT**

## TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................................ 1

II.    ARGUMENT .............................................................................................................. 2

    A.    Plaintiffs Misconstrue The Scope Of Google's Motion. ........................................ 2

    B.    The Challenged Testimony Is Inadmissible.......................................................... 3

        1.    The Proffered Lay Testimony Concerning Market Definition, Market
               Power, And Competitive Effects Is Inadmissible Under Rules 701
               And 702 Because It Is Improper Opinion Testimony Offered By Lay
               Witnesses. ......................................................................................... 4

        2.    Opinion Testimony By Lay Witnesses Is Inadmissible Under Rule
               602 Because It Is Speculative And Lacks The Necessary Foundation. ...... 7

        3.    Lay Opinion Testimony That Relies On Hearsay Is Not Admissible......... 9

    CONCLUSION............................................................................................................... 12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Agfa-Gevaert, A.G.* v. *A.B. Dick Co.*,
  879 F.2d 1518 (7th Cir. 1989) ...................................................................9, 10, 11

*Bank of China, New York Branch* v. *NBM LLC*,
  359 F.3d 171 (2d Cir. 2004)..................................................................................4

*Certain Underwriters at Lloyd's, London* v. *Sinkovich*,
  232 F.3d 200 (4th Cir. 2000) ...........................................................................3, 9

*Fed. Trade Comm'n* v. *Facebook, Inc.*,
  560 F. Supp. 3d 1 (D.D.C. 2021) ..........................................................................3

*Flatiron-Lane* v. *Case Atl. Co.*,
  121 F. Supp. 3d 515 (M.D.N.C. 2015) ...................................................................9

*United States* v. *Google LLC*,
  2024 WL 3647498 (D.D.C. Aug. 5, 2024) ..............................................................7

*United States* v. *Henderson*,
  409 F.3d 1293 (11th Cir. 2005) ..............................................................................9

*Kumho Tire Co.* v. *Carmichael*,
  526 U.S. 137 (1999)................................................................................................4

*League of Women Voters of Fla., Inc.* v. *Lee*,
  2022 WL 610358 (N.D. Fla. Jan. 27, 2022) ...........................................................8

*Lord & Taylor, LLC* v. *White Flint, L.P.*,
  849 F.3d 567 (4th Cir. 2017) ............................................................................5, 6

*Moke Am. LLC* v. *Am. Custom Golf Cars, Inc.*,
  2023 WL 3686963 (E.D. Va. Jan. 11, 2023) .......................................................12

*United States* v. *Ransfer*,
  749 F.3d 914 (11th Cir. 2014) .............................................................................10

*U.S. Info. Sys., Inc.* v. *Int'l Bhd. of Elec. Workers Loc. Union No. 3, AFL-CIO*,
  2006 WL 2136249 (S.D.N.Y. 2006)......................................................................10

**Other Authorities**

Fed. R. Evid. 701 ........................................................................................................7

Fed. R. Evid. 802 ...................................................................................................................9

Federal Rules of Civil Procedure Rule 32(d)(3)(A) ..........................................................8

Rule 602 ..........................................................................................................................1, 7

Rule 701 ..................................................................................................................... *passim*

Rule 702 ..................................................................................................................... *passim*

I.      INTRODUCTION

Plaintiffs' Opposition misstates the testimony that Google seeks to exclude, arguing that Google is seeking a "wholesale prohibition of factual evidence from market participants."  Opp. 2.  That is not the case.  Google's motion is targeted at specific testimony by market participants, not all of their testimony.  Google's motion and proposed order provides specific examples of objectionable testimony for the Court to rule upon that can then guide the parties at trial  This testimony from lay witnesses that Google seeks to exclude offers opinions on ultimate issues in the case like the relevant market, Google's position in the relevant market, and anticompetitive effects or opinions on hypothetical scenarios, which are all subjects reserved for expert testimony.  From a lay witness, such testimony is speculative and lacking in foundation.  Market participants also cannot testify as to what they have heard other market participants or customers say, which is inadmissible hearsay.

Plaintiffs' opposition fails to grapple with the evidentiary flaws of the testimony at issue.

First, Plaintiffs do nothing to allay the concern that they are seeking to offer expert opinions through lay witnesses in violation of Rules 701 and 702.  In Plaintiffs' view, when a witness concludes that Google is a monopolist based on that witness's years of experience in the industry, that witness is speaking as a layperson.  But the determination whether a firm is a monopoly is a highly technical question that depends on specifically defined markets and the effects of the firm's behavior in the relevant markets.  These issues are for experts, not laypersons, to address.  Plaintiffs' argument that cross-examination can "cure" any issues with introducing such lay testimony shows their fundamental misunderstanding of the issues at stake.  Rules 701 and 702 reflect threshold gatekeeping requirements.

Second, Plaintiffs hardly respond to Google's argument that the testimony at issue is speculative and lacking in foundation in violation of Rule 602, arguing instead that Google

waived any objection to the testimony.  The objections here are not to form, but to substantive testimony that Plaintiffs sought to elicit.   The witness fundamentally lacked personal knowledge about the subject of the objected-to testimony; no re-phrasing of the question could have changed the fact that the witness did not have personal knowledge. Moreover, Google did object to much of this testimony at deposition.  And Plaintiffs have no response to Google's request that this Court exclude these witnesses' answer to hypothetical questions—testimony that is by definition expert opinion.

Third, Plaintiffs mischaracterize the challenged testimony when they contend that it is based on "knowledge gained from years of experience."  Opp. 20.  This only confirms that Plaintiffs are seeking to offer undisclosed expert opinions based on the industry experience of witnesses.  Moreover, as the witnesses testified, their testimony largely repeats out-of-court statements by others.  That is inadmissible hearsay, as Plaintiffs' own cases confirm.

## II.   ARGUMENT

### A.   Plaintiffs Misconstrue The Scope Of Google's Motion.

Plaintiffs devote a substantial portion of their Opposition to asserting the admissibility of testimony that Google has not sought to exclude.  Google is asking the Court to rule on specific offered testimony, and those rulings can then guide the parties about how to handle similar testimony at trial.  MIL App. A (chart of objected-to testimony).  For example, Plaintiffs discuss, but Google has not asked the Court to rule on, AppNexus's corporate representative's testimony that the firm's ad server "never got meaningful traction in the U.S," Opp. 8 (quoting Google Mot., Ex. J., Dep. Tr. 76:9-77:8); Index Exchange's corporate representative's testimony concerning whether products are complementary, Opp. 13-14 n.4; and NewsCorp's corporate representative's perceptions of the alternative non-Google products available to the firm, Opp. 15 n.5.  Plaintiffs even mistakenly suggest "Google's motion sweeps in testimony" that was neither objected to in

the motion nor in Google's prior filings lodging objections.  *Compare* Opp. 16 (quoting the definition of a "publisher ad server" offered by The Trade Desk's corporate representative, Google Mot., Ex. E, Dep. Tr. 155:15–156:7) *with* ECF 919 at 34.

Google's motion does not concern a company representative's testimony about that company's own businesses and products, its business strategies, or its dealings with Google. Google's motion instead challenges multiple examples of testimony that are "beyond the realm of common experience and which require the special skill and knowledge of an expert witness." *Certain Underwriters at Lloyd's, London* v. *Sinkovich*, 232 F.3d 200, 203 (4th Cir. 2000).  This includes, for example, the portions of testimony concluding that Google holds a "dominating and actually monopolistic position."  Ex. D. at 24:8-9.  "Monopolist" is a "term of art under federal law with a precise economic meaning," *Fed. Trade Comm'n v. Facebook, Inc.*, 560 F. Supp. 3d 1, 20 (D.D.C. 2021), taking into account, among other things, the definition of the relevant antitrust market.  Google's motion is directed at the portions of lay testimony that *conclude* that Google is a monopolist (as well as the portions that reach similar conclusions about market definition and anticompetitive effects); not lay testimony providing factual information that is relevant to the opinions that experts will offer on these issues and ultimately the Court's findings on these issues.

> **B.      The Challenged Testimony Is Inadmissible.**

When Plaintiffs actually focus on the testimony Google has sought to exclude and why, Plaintiffs have little to say.  Plaintiffs fail to refute that the challenged testimony consists of: (1) improper opinion testimony by lay witnesses concerning market definition, market power, and competitive effects; (2) speculative testimony lacking in foundation; and (3) inadmissible hearsay.

     1.    <u>The Proffered Lay Testimony Concerning Market Definition, Market Power, And Competitive Effects Is Inadmissible Under Rules 701 And 702 Because It Is Improper Opinion Testimony Offered By Lay Witnesses.</u>

Google's motion asks this Court to exclude specific lay testimony that expresses opinions that can only be offered by experts.  MIL 14-18.  Plaintiffs have designated testimony from at least a dozen third-party lay witnesses about whether Google is a monopolist, what Google's share is of a given market, and whether Google's conduct is anticompetitive. When pressed, these witnesses explained that such testimony was based on their years of experience in the industry and conversations they have had with other industry participants.  This is a textbook example of improper lay opinion testimony under Rule 701.

Plaintiffs offer five responses, but none have merit.

First, Plaintiffs argue that the testimony sought to be excluded is relevant, but Rules 701 and 702 are about the reliability of lay opinion, as well as the unfairness of allowing surprise expert testimony—not relevance. As the Advisory Committee's Note explains, the rule that lay witness testimony in the form an opinion is limited to an opinion "not based on scientific, technical, or other specialized knowledge" was added "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 701 committee's note to 2000 amendment.  Yet that is precisely what Plaintiffs seek to do here.  If Plaintiffs want to introduce testimony that reflects "specialized knowledge" that a witness has accrued through "extensive experience," Plaintiffs are "obligated to satisfy the reliability requirements" of Rule 702 and disclose that witness as an expert. *Bank of China, New York Branch v. NBM LLC*, 359 F.3d 171, 182 (2d Cir. 2004).  This would allow Google to probe the witnesses' underlying methodologies and allow the Court to ensure that the witness has "employ[ed] in the courtroom the same level of intellectual

rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).  Adhering to the rigors of Rule 702 ensures that when a witness uses the powerful word "dominant," that opinion is backed up by more than just speculation.  This requirement cannot be avoided by the mere fact that the subject of the testimony is relevant.

Second, Plaintiffs argue that the objected-to testimony is based "on personal knowledge gleaned from events [the witnesses] perceived in their day-to-day experiences."  Opp. 17. Plaintiffs' reliance on *Lord & Taylor, LLC v. White Flint, L.P.*, 849 F.3d 567, 575 (4th Cir. 2017), only shows why the challenged testimony is inadmissible.  The testimony in that case concerned a Lord & Taylor executive's projections concerning how much "reconfiguring and renovating" a specific Lord & Taylor store would cost.  849 F.3d at 574-575.  The Fourth Circuit concluded that such testimony reflected the executive's own personal knowledge and was therefore permissible under Rule 701.  *Id.* at 575.  By contrast, here, the challenged testimony consists of industry participants reaching legal and economic conclusions about Google's market position, which requires, as a threshold matter, a definition of that market, which in turn requires expert opinion and analysis.  That is very different from an executive's projections about his own company's costs.

The Advisory Committee Notes to Rule 701 draw the distinction between a lay witness providing factual information based on the witness's experience, and a lay witness drawing conclusions that only an expert qualified under Rule 702 can provide.  The Notes explain, for example, that a drug user can "testify that a substance appeared to be a narcotic, so long as a foundation of familiarity with the substance is established."  Fed. R. Evid. 701 committee notes to 2000 amendment (citing *United States v. Westbrook*, 896 F.2d 330 (8th Cir. 1999)).  The reason

this testimony is permissible is that "Such testimony is not based on specialized knowledge within the scope of Rule 702, but rather is based upon a layperson's personal knowledge." *Id.* The Committee continued: "If, however, that witness were to describe how a narcotic was manufactured, or to describe the intricate workings of a narcotic distribution network, then the witness would have to qualify as an expert under Rule 702." *Id.* (citing *United States v. Figueroa-Lopez*, 125 F.3d 1241 (9th Cir. 1997). By comparison, Plaintiffs' witnesses who have an established "familiarity" with ad tech can testify to *their own* experience in the marketplace. But they cannot go further and offer testimony about the relevant market and Google's position in that market based on that experience.

Third, Plaintiffs assert that arguments about "a witness's experience" go to "the weight to be given to [the witness's] testimony, not to its lay character or admissibility." Opp. 17 (quoting *Lord & Taylor*, 849 F.3d at 576). In *Lord & Taylor*, however, the Fourth Circuit first concluded as a threshold matter that the witness had personal knowledge "based on [his] first-hand experience on the job." 849 F.3d at 575. It was the *depth* of that "hands-on experience" that went to the weight of the evidence. Here, in contrast, the specific portions of testimony at issue opine about matters that cannot be supported by "hands-on experience."

Fourth, Plaintiffs argue that cross-examination can "cure" any issue about "improper live witness testimony." Opp. 17. That would not address the issue for the portions of this testimony Plaintiffs offer through deposition designations and not live testimony. More importantly, treating cross-examination as a cure-all to improper lay witness testimony undermines *Daubert*'s gatekeeping requirement. If a lay witness is proffered to provide expert testimony based on his or her industry experience, the witness must be fully vetted as any expert would. Cross-examination is not an antidote to improper lay opinion testimony.

Fifth, Plaintiffs finally argue that their witnesses can use a "term of art" like "dominant" and "monopolist" because these witnesses saw Google's behavior first-hand. Opp. 18. But those words reflect *conclusions* about the marketplace for which no person can have "personal knowledge." They are economic terms of art that depend on an accurately defined market and the particular effects that a firm's conduct has in that market–all areas for expert opinions.

Plaintiffs' invocation of the *Search* decision confirms as much, Opp. 12, where the court came to a conclusion about "dominance" based on testimony from ad space buyers who did not allege dominance but instead testified as to a matter within their personal knowledge (how they spent ad dollars), *see United States* v. *Google LLC*, 2024 WL 3647498, at *91 (D.D.C. Aug. 5, 2024). Here, engaging in negotiations with a firm may give a witness personal knowledge of the manner in which that firm negotiates. But extrapolating beyond that negotiation to conclude that a firm is "dominant" in a particular market goes beyond speaking from experience. The specific portions of testimony targeted in this Motion reflect "attempts . . . to introduce meaningless assertions which amount to little more than choosing up sides" and should accordingly be excluded under Rule 701. Fed. R. Evid. 701 notes of advisory committee on proposed rules.

### 2.   Opinion Testimony By Lay Witnesses Is Inadmissible Under Rule 602 Because It Is Speculative And Lacks The Necessary Foundation.

For many of the same reasons, this Court should exclude the proffered testimony under Rule 602. That rule provides that lay witnesses can testify only to matters for which they have "personal knowledge." Fed. R. Evid. 602. A lay witness's testimony regarding matters for which she lacks personal knowledge thus not only violates Rules 701 and 702, it also violates Rule 602. And yet Plaintiffs designated testimony in which lay witnesses speculate as to matters outside their personal knowledge, opine about how ad buyers and sellers make decisions, and answer

hypothetical questions.  None of this testimony is within the witnesses' personal knowledge and should thus be excluded as lacking foundation and speculative.  MIL 18-19

Plaintiffs' only response is that Google waived this argument by failing to object on the record during depositions.  But Google *did* object.  *E.g.*, Ex. C at 115:22-23 (objecting to question eliciting opinion about market share); Ex. J at 114:6-7 (objecting to question eliciting testimony about how a particular feature would affect market share); Ex. D at 24:1 (objecting to question eliciting specific market share estimate); Ex. A at 43:17 (objecting to question eliciting opinion about why Google is "a monopoly in the publisher ad server market"); Ex. H at 184:22 (objecting to a question about the "impact . . . on competition" of a particular scenario as calling for expert opinion); Ex. G at 284: 7-8 (objections to questioning eliciting opinion about a "hypothetical scenario").

In any event, objections at deposition are limited to the form of the question.  Rule 32(d)(3)(A) of the Federal Rules of Civil Procedure provides that an objection "to a deponent's competence—or to the competence, relevance, or materiality of testimony—is not waived by a failure to make the objection before or during the deposition, unless the ground for it might have been corrected at that time."   Fed. R. Civ. P. 32(d)(3)(A).  "The touchstone is always whether the issue could have been fixed had the party objected."  *League of Women Voters of Fla., Inc.* v. *Lee*, 2022 WL 610358, at *2 (N.D. Fla. Jan. 27, 2022) (explaining that depending on the question, an objection may not "solve the problem").  The personal-knowledge issues in the challenged testimony could not have been remedied with an objection and a rephrased question. Time and again, Plaintiffs elicited testimony from witnesses opining on matters on which they lacked personal knowledge—and no reformulation of the question would have cured that issue. *E.g.*, Ex. K at 120:6-14 (Pauley speculating on the impact of certain forms of competition on

innovation); Ex. L at 70:25-71:4 (Shaughnessy opining on his understanding of whether certain Google products "operate best together" and how that affects overall competition); Ex. J at 114:3-11 (O'Kelley testifying that "market share of AdX increased dramatically because of the actions of DFP"); Ex. C at 197:8-18 (Casale testifying about "why Google created the Open Bidding product"). This is particularly true of the testimony from Microsoft opining about why *Google*'s customers remain with Google. Ex. H at 238:13-239:3, 243:3-19.

Plaintiffs' waiver argument also does not respond to Google's request to exclude the portions of lay witness testimony answering hypothetical questions. Mot. 19. It is a black-letter rule that a lay witness cannot "answer hypothetical questions," *Sinkovich*, 232 F.3d at 203. Indeed, "the ability to answer hypothetical questions is 'the essential difference' between expert and lay witnesses." *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005) (quoting *Asplundh Mfg. Div.* v. *Benton Harbor Eng'g*, 57 F.3d 1190, 1202 n. 16 (3d Cir.1995)). Because these answers to hypothetical questions are "expert opinion under Rule 702," *Flatiron-Lane v. Case Atl. Co.*, 121 F. Supp. 3d 515, 543-44 (M.D.N.C. 2015), such testimony must be excluded under Rule 701.

### 3.    Lay Opinion Testimony That Relies On Hearsay Is Not Admissible.

Plaintiffs' assertion that the challenged opinion testimony is not hearsay likewise fails. The testimony that Google highlighted in its motion does not reflect "knowledge gained from years of experience with the executives' own products and engagement with customers." Opp. 20. The challenged testimony is witnesses repeating out-of-court statements of ad space sellers for the truth of the matter asserted by those sellers. That is inadmissible hearsay. *See* Fed. R. Evid. 802.

Plaintiffs' own cases demonstrate why these statements are inadmissible hearsay. For example, in *Agfa-Gevaert, A.G.* v. *A.B. Dick Co.*, 879 F.2d 1518, 1523 (7th Cir. 1989), the

Seventh Circuit questioned, in dicta, the exclusion of testimony by a company's board of directors regarding the quality of a product. The district court had excluded the statements because the directors based their opinions on what "the directors had been told by customers and engineers." *Id.* The Seventh Circuit explained that, although the directors' statements were grounded in what they had heard from others, the directors' statements about product quality might be reasonably characterized as "personal knowledge" because "Business executives do not make assessments of a product's quality and marketability by inspecting the product at first hand," but instead, "customarily" draw "inferences" based on information they have received from their customers and employees. In the same paragraph, the Seventh Circuit was careful to note that "hearsay" is *not* personal knowledge when it is merely "the repetition of a statement made by someone else." *Id.*

Contradicting the Seventh Circuit's discussion, Plaintiffs suggest that hearsay is inadmissible only where it "repeats verbatim." Opp. 19. According to Plaintiffs, hearsay does not become admissible if the witness "summarizes, paraphrases, or generalizes . . . information collected from various sources." *Id.* Plaintiffs' argument has no support in case law. A summary of a hearsay statement is still inadmissible hearsay. *E.g.*, *United States* v. *Ransfer*, 749 F.3d 914, 925 (11th Cir. 2014) ("Statements can be hearsay even though they do not explicitly paraphrase the words of others, because the only conceivable explanation for how the witness discovered this information is through listening to the statements of others.") (internal quotation marks and alterations omitted).

In *Agfa-Gevaert*, 879 F.2d at 1523, the Seventh Circuit also drew a careful line between (1) "the sorts of inference that businessmen customarily draw" based on what they "had been told by customers and [employees]" (which may be admissible), and (2) "a statement offered on the

10

authority of the out-of-court declarant and not vouched for as to truth by the actual witness," (which is inadmissible hearsay). *Id.* The other cases cited by Plaintiffs make the same distinction. *E.g.*, *U.S. Info. Sys., Inc.* v. *Int'l Bhd. of Elec. Workers Loc. Union No. 3, AFL-CIO*, 2006 WL 2136249 at * 11-12 (S.D.N.Y. 2006) (permitting testimony from "a tel-data consultant who performed as project manager on several sites in New York City" that "six or seven firms compete in the medium size cabling market in New York," but sustaining hearsay objection to "construction manager['s]" testimony "that he was told that [an assistant superintendent] held a union position").

The opinion testimony challenged here falls firmly in the latter category of "a statement offered on the authority of the out-of-court declarant," *Agfa-Gevaert*, 879 F.2d at 1523, which Plaintiffs seek to offer for the truth of the matter asserted. The testimony that Google seeks to exclude recounts, for example, what "Most publishers would express to [the witness]" about "their concern," Ex. F, John Gentry 30(b)(6) (OpenX) Dep. Tr. at 30:15-23, or reports what "publishers tell" the witness, Ex. M, Adam Soroca 30(b)(6) (Magnite) Dep. Tr. at 25:22-26:4. These statements are not "the sorts of inference that businessmen customarily draw" based on what they "had been told by customers and [employees]." *Agfa-Gevaert*, 879 F.2d at 1523. They are, instead, the "repetition of a statement made by someone else"—here, the repetition of industry participants of statements made by ad space sellers—which "is hearsay" *Id.*

Nor does the testimony designated by Plaintiffs relate to the effect of an out-of-court statement on the listener. For example, Plaintiffs designate testimony from the founder and CEO of Kevel in which he was asked "in terms of size, how does AdX compare to other ad exchanges." Ex. A at 51:1-2. Mr. Avery answered that he believes it is "the largest" "based on the publishers that [he] talked to." *Id.* at 51:9-13. Contrary to Plaintiffs' suggestion, this testimony was not

11

elicited to describe the effects of ad space sellers' out-of-court statements on Mr. Avery; it did not relate to what Mr. Avery was "led . . . to conclude," or what "caused Kevel to reposition and focus on serving a different type of customer."  Opp. 20-21.  Instead, Mr. Avery was asked to testify, for the truth of the matter, as to the size of AdX compared to that of other ad exchanges. That response cannot be introduced to support the size of AdX, or its importance as a source of advertising demand because it is based on out-of-court statements.

Plaintiffs also argue that the Court can judge whether particular testimony is inadmissible hearsay depending on its use at trial. Opp. 20.  But delaying a decision on the admissibility of testimony that cannot plausibly be admissible would unnecessarily prolong and complicate trial. "The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the factfinder will consider."  *Moke Am. LLC v. Am. Custom Golf Cars, Inc.*, 2023 WL 3686963, at *1 (E.D. Va. Jan. 11, 2023) (internal quotation marks and alteration omitted).  Given that the testimony identified in Google's motion cannot be properly admitted for a number of reasons, judicial economy counsels in favor of striking the Plaintiffs' lay witness' opinion testimony now.

## CONCLUSION

For the foregoing reasons and those in Google's Motion, the Court should exclude all improper lay witness opinion testimony.

Dated: August 28, 2024

Eric Mahr (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Julie Elmer (*pro hac vice*)
Justina Sessions (*pro hac vice*)
Lauren Kaplin (*pro hac vice*)
Jeanette Bayoumi (*pro hac vice*)
Claire Leonard (*pro hac vice*)
Sara Salem (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER
LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
AXINN, VELTROP & HARKRIDER
LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

Respectfully submitted,

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
 CRAIG C. REILLY, ESQ:
209 Madison Street, Suite 501
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (*pro hac vice*)
Jeannie S. Rhee (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Bryon P. Becker (VSB #93384)
Erica Spevack (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile (202) 223-7420
kdunn@paulweiss.com

Erin J. Morgan (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3387
Facsimile:  (212) 492-0387
ejmorgan@paulweiss.com

*Counsel for Defendant Google LLC*

13