IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 1:23-cv-00108-LMB-JFA |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' RESPONSE TO GOOGLE'S FORMER EMPLOYEES' MOTIONS TO QUASH (ECF NOs. 1206, 1211, 1214, 1217, 1220, AND 1226)**

Plaintiffs respectfully request that the Court deny the motions to quash the trial subpoenas served on six former Google employees, Eisar Lipkovitz, Brad Bender, Samuel Cox, Scott Spencer, Rahul Srinivasan, and Christopher LaSala ("Google's Former Employees"), and order the subpoena recipients to appear as directed. *See* ECF Nos. 1206, 1211, 1214, 1217, 1220, and 1226 ("Motions to Quash"). Courts have recognized a strong preference for live witness testimony, which Plaintiffs, as the party bearing the burden of proof, also understandably seek. Live testimony is preferrable at trial because it will enable the Court to ask questions and make necessary credibility determinations in support of its factual findings.

Contrary to Google's Former Employees' arguments, Magistrate Judge Anderson permitted nationwide service of subpoenas in this case: "Pursuant to 15 U.S.C. § 23, the parties are permitted to issue nationwide discovery and trial subpoenas from this Court." Joint Proposed Discovery Plan, ECF 87 at 6.D, adopted by Rule 16(B) Scheduling Order, ECF 94; *see also* ECF 95 (Transcript of Mar. 31, 2023 hearing). Nor do the trial subpoenas at issue create an undue burden for any of Google's Former Employees.

1

In the alternative, and to conserve judicial resources, Plaintiffs are willing to forgo calling former Google employees Eisar Lipkovitz and Samuel Cox in their case in chief, provided that their documents can be admitted into evidence without sponsorship by Lipkovitz and Cox and that Plaintiffs be permitted to call them, if necessary, in their rebuttal case.

## BACKGROUND

All of Google's Former Employees consented to service by email via counsel and have been timely served with a trial subpoena. *See* ECF 1188 (Proof of Service of Trial Subpoenas). The movants are all former Google executives who, until recently, were represented by Google's counsel in this matter. Each of the former executives possess essential knowledge relevant to this case. Eisar Lipkovitz was Google's Vice President for Display and Video Ads. Brad Bender was Google's VP of Product, Display and Video Ads. Samuel Cox was Google's Group Product Manager in charge of Google's Programmatic Exchange Group. Scott Spencer was Google's Vice President of Product Management for Privacy & User Trust and Director of Product Management, a role in which he oversaw Google's ad exchange business. Rahul Srinivasan was Product Manager for Google Ad Manager. Christopher LaSala was Google's Managing Director of Publisher Platform Strategy.[1]

## LEGAL STANDARD

Recognizing the scope and enormous impact of antitrust violations, in the Clayton Act, Congress empowered district courts to authorize nationwide service of trial subpoenas for antitrust cases brought by the United States:

> In any suit, action, or proceeding brought by or on behalf of the United States subpoenas for witnesses who are required to attend a

---

[1] It is notable that Google's counsel represented each of the Former Employees throughout the investigation of this matter, and at each of their respective depositions. Indeed, the Parties' Joint Proposed Discovery Plan provided that current and former employees of Google would be treated

> court of the United States in any judicial district in any case, civil or criminal, arising under the antitrust laws may run into any other district: Provided, That in civil cases no writ of subpoena shall issue for witnesses living out of the district in which the court is held at a greater distance than one hundred miles from the place of holding the same without the permission of the trial court being first had upon proper application and cause shown.

15 U.S.C. § 23; *see also* Fed. R. Civ. P. 45, Note to Subdivision (e) (listing 15 U.S.C. § 23 as an example of a statute that allows subpoenas be issued for a witness who lives in another district and at a greater distance than 100 miles from the place of the trial); *United States v. Anthem, Inc.*, 1:16-cv-01493-ABJ at ECF 384 (D.D.C Dec. 2016) (upholding the parties' jointly-proposed application to provide for nationwide enforcement of trial subpoenas when a witness argued the difference between nationwide "service" and nationwide "enforcement").

"The burden of proving that a subpoena is oppressive is on the party moving to quash." *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12CV525, 2014 WL 12544827, at *1 (E.D. Va. Jan. 9, 2014); *see also U.S. Dep't of Treasury v. Pension Benefit Guaranty Corp.*, 301 F.R.D. 20, 25 (D.D.C. 2014). "The quashing of a subpoena is an extraordinary measure, and is usually inappropriate absent extraordinary circumstances." *Pension Benefit Guaranty Corp.*, 301 F.R.D. at 25 (quotation omitted).

"When reasonably possible, live testimony is preferred to other means of presenting evidence." *Samsung Elec. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 718 (E.D. Va. 2005); *see also United States v. Moussaui*, 2002 WL 1987950, at *1 (E.D. Va. Aug. 14, 2002) ("[L]ive

---

as party witnesses for purposes of discovery limits in the case. ECF No. 87, Par. 6(G). It was not until July 24, 2024 (after the exchange of trial witness lists) that Google for the first time informed Plaintiffs that Google now considered its former employees to be "third parties" who would be separately represented. Nonetheless, despite their current representation by independent counsel, Plaintiffs understand that Google is paying for Google's Former Employees' separate counsel in this case. *See, e.g.*, Lipkovitz Deposition (Exhibit 1 hereto), at 13:10-12 ("Q: And is Google paying for your counsel? A: That's my understanding. I am not.").

3

witness testimony is always preferable."); Fed. R. Civ. P. 43 advisory committee's note (1996) ("The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition."); Hr'g Tr., ECF 544 at 17:13-14 (Feb. 23, 2024) (statement of the Court that "it's to your benefit to have the witnesses here live in court").

## ARGUMENT

### I.     Nationwide Subpoena Service for Trial Testimony Is Appropriate Here[2]

#### A.  The Court Has Authorized Nationwide Subpoena Service

Google's Former Employees' primary argument is that the Court never "specifically" authorized nationwide subpoena service under 15 U.S.C. § 23. *See, e.g.*, Memorandum in Support of Nonparty Witness Rahul Srinivasan's Motion to Quash, ECF 1221 at 4 ("nor has the Court issued an Order specifically granting permission for nationwide service."). But Magistrate Judge Anderson authorized nationwide subpoena service by adopting the parties' joint stipulation concerning nationwide service in their Joint Proposed Discovery Plan. *Compare* Joint Proposed Discovery Plan, ECF 87 ("Pursuant to 15 U.S.C. § 23, the parties are permitted to issue nationwide discovery *and trial subpoenas* from this Court.") (emphasis added) *with* Rule 16(B) Scheduling Order, ECF 94 at Paragraph 3 ("The Joint Discovery Plan is approved in part as set forth below and shall control discovery"). This approach is not uncommon. *See, e.g.*, *Sectek Inc. v. Diamond*, No. 115CV1631GBLMSN, 2016 WL 5897763, at *1 (E.D. Va. Oct. 6, 2016) (adopting a discovery plan without reproducing the full text of the plan in the scheduling order).

---

[2] It is undisputed that all movants have consented to service via email. Movants have thus surrendered the right to assert a service defect under 15 U.S.C. § 23.

Google's Former Employees ignore both Magistrate Judge Anderson's Scheduling Order and his explanation of that order during the scheduling conference at which the parties' Joint Discovery Plan was discussed. The Scheduling Order is clear that "[t]he Joint Discovery Plan is approved in part as set forth below and shall control discovery." Scheduling Order, ECF 94 at Paragraph 3. This language served to adopt the agreed-upon parts of the Joint Discovery Plan, including not only the part permitting nationwide trial subpoena service, but also fact and expert discovery dates, interrogatory limits, and other rules governing depositions. Magistrate Judge Anderson then addressed disputed parts of the Joint Discovery Plan "as set forth below" in the Scheduling Order. As Magistrate Judge Anderson explained at the hearing on the Joint Discovery Plan:

> I'm going to enter a Rule 16 scheduling order that adopts your joint discovery plan in part. It will outline which – Google's, plaintiffs', whatever, positions as to certain things, but it's not going to include – I'm not adopting either one of the party's suggested positions for paragraph 8 on the evidentiary cutoff.

Transcript of Rule 16(B) Scheduling Hearing, ECF 95 at 28:6-12.

To the extent that Google's Former Employees argue that the subpoenas should be quashed for lack of cause, that argument also falls short. First, the Court has recognized that this case involves antitrust violations with nationwide effects and witnesses dispersed throughout the country. *See*, e.g.*,* ECF 60 at 15-16 ("As for non-party witnesses, plaintiffs state that 267 non-duplicative third-party witnesses have been disclosed by the parties in the MDL, and of the 180 witnesses for whom they were able to determine a location, 21% are located in New York and the rest are dispersed across 24 other states, the District of Columbia, and five countries."). Second, despite Google's Former Employee's arguments to the contrary, 15 U.S.C. § 23 does not require an individualized finding of cause for each subpoena. *See, e.g.*, *United States v. Google*, 1:20-cv-

03010-APM, ECF 108-1 (D.D.C) ("the parties are permitted, under 15 U.S.C. § 23, to issue nationwide . . . trial subpoenas from this Court"); *FTC v. Kroger Co.*, 3:24-cv-00347-AN (D. Or. July 12, 2024) (authorizing nationwide service under 15 U.S.C. § 23 for "[g]ood cause having been shown in view of the geographic dispersion of potential witnesses in this action"); *United States v. Booz Allen Hamilton, Inc.*, Case No. 1:22-cv-1602, ECF No. 99 (D. Md. June 29, 2022); *United States v. U.S. Sugar Corp.*, No. C.A. 21-1644 (MN), 2022 WL 354228, at *6–7 (D. Del. Jan. 11, 2022) (recognizing nationwide service authority in antitrust cases in context of motion to transfer venue); *United States v. Anthem, Inc.*, 16-1493(ABJ), (D.D.C. Dec. 7, 2016) (noting that nationwide discovery was granted "[t]o assist the Parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District"). Additionally, Google's Former Employees had essential leadership roles within Google's Ad Tech infrastructure during the period of time reflected in the Amended Complaint and are therefore important percipient witnesses and participants in the conduct at issue before the Court. *See id.*

### B. The Court Can and Should Permit Nationwide Subpoena Service

Should this Court determine that the Rule 16(B) Scheduling Order was ambiguous as to nationwide subpoena powers or did not make a necessary finding of cause under 15 U.S.C. § 23, Plaintiffs request that the Court exercise its discretion to implement the parties' agreed-upon discovery agreement as to nationwide trial subpoena powers. *See* E.D. Va. L. Civ. R. 45(E) (discretion to grant a party leave to call a witness subpoenaed less than 14 days before the return date of the subpoena for good cause shown). This case involves nationwide conduct and effects, and therefore readily justifies the use of nationwide trial subpoena power under 15 U.S.C. § 23. Additionally, good cause exists to allow for nationwide service under 15 U.S.C. § 23 on

Google's Former Employees, as well as any other similarly situated non-movant, because each witness accepted service via email on counsel, has been notified of the pending litigation long before the trial, were aware well in advance about their potential need for trial testimony, and because Plaintiffs justifiably relied on the Joint Discovery Plan stipulation's incorporation into the Scheduling Order. *See Farabee v. Yaratha*, No. 2:14CV118, 2018 WL 11468417, at *2 (E.D. Va. May 25, 2018) (finding "good cause" under Local Rule 45(E) where the subpoena at issue concerned a witness who was disclosed); *Bland v. Fairfax Cty.*, 275 F.R.D. 466, 472 (E.D. Va. 2011) ("Local Rule 45(E) does not *require* a court to quash a subpoena, instead permitting the court to otherwise order good cause shown.") (cleaned up).

## II. There Is No Undue Burden in Having Google's Former Ad Tech Executives Testify at Trial

"Whether a subpoena subjects a witness to undue burden within the meaning of Rule 45(c)(3)(A)(iv) usually raises a question of the reasonableness of the subpoena, which requires the court to weigh a subpoena's benefits and burdens and consider whether the information is necessary and whether it is available from any other source." *Intelligent Verification Sys.,* 2014 WL 12544827, at *1 (cleaned up).

Here, Google's Former Employees raise generalized objections to the cost and burden of attendance at trial, but none has identified any circumstance that wholly prevents them from testifying at this trial. Such generalized objections are insufficient to quash a trial subpoena. *See*, *e.g.*, *Alston v. Jones*, 2022 WL 1809422, at *2 (M.D.N.C. June 2, 2022) (denying motion to quash where witness's "asserted burdens are the ordinary inconveniences of being required to testify at a trial"); Wright & Miller § 2463.1 ("That person cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance with the subpoena.").

Similar burden arguments were rejected by Judge Mehta in the context of third parties to the litigation in *United States et al. v. Google LLC*, 20-cv-3010 (APM) (D.D.C. Sept. 4, 2023). *See, e.g.*, *id.*, Hr'g Tr., ECF 696 at 23:23-25 (Rejecting motion to quash where the witness cited "imposition . . . to come across the country to testify" and concerns that testifying "distracts from the[ir] business."); *id.* at 33:3-5 ("I appreciate the challenges that he may face, but I also suspect he is more than capable of working wherever he needs to, and often is used to traveling."); *id.* at 33:11-14 ("[A]bsent what I think are really compelling circumstances that I think have not been met here, I'm not inclined to relieve him of the obligation of being here.").

To the extent that they have identified specific dates when they are unavailable due to scheduling conflicts, the Plaintiffs have already informed counsel that their scheduling requests will be accommodated to the extent possible.

Nor do Google's Former Employees meet their burden to show that their anticipated testimony would be duplicative or unnecessary. These witnesses were senior employees at Google who designed or oversaw many of the products and conduct at issue in this case. Deposition transcripts are no substitute for this kind of live testimony, especially in a bench trial where the Court may ask questions of the witnesses and evaluate their credibility. *See, e.g.*, *Google LLC*, 20-cv-3010 (APM), ECF 683 (denying motion to quash trial subpoena); *id.*, Transcript of Hearing, ECF 696 at 24:2-8 ("Live testimony is important to me because I'm the trier of fact. And so I have the opportunity, which juries don't usually get to do, which is to task questions, which I plan to do, and I can't do that if I permit what the plaintiffs have described as key witnesses to simply sit on the sidelines and let me look at their deposition testimony."); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co.*, 262 F.R.D. 293, 301 (S.D.N.Y. 2009) (denying motion to quash trial subpoena for undue burden because the availability of videotaped

deposition testimony was insufficient to overcome preference for live trial testimony even where trial appearance required travel from London to New York City); *Kolb v. Suffolk Cnty.*, 109 F.R.D. 125, 127 (E.D.N.Y. 1985) ("testimony by deposition . . . should be used as a substitute [for live testimony] only under very limited circumstances.").

Other forms of evidence—namely, prior deposition testimony—is not a suitable substitute here. Many of Google's Former Employees were deposed long ago, including during the pre-suit investigation. For example, Brad Bender had a pre-complaint CID deposition taken in October 2020. His MDL deposition was taken by different counsel on June 19, 2024, and in any event, as a result of the Coordination Order, ECF 251 at 8, Plaintiffs are limited to use of that testimony for impeachment purposes only. As another example, Christopher LaSala was last deposed on August 16, 2023, and had a pre-complaint CID deposition taken in October 2020. Plaintiffs can and should conduct depositions with different goals and objectives than trial testimony; this is especially true when the depositions occurred years before trial. It is more efficient to present targeted and focused trial testimony than deposition testimony taken at a different time in a different context. Moreover, deposition testimony is no substitute here because, as the Court is aware, many millions of documents were produced by Google long after CID depositions were taken, and a substantial number were produced even after litigation depositions were taken in this matter that relate to Google's Former Employees.

Given the anticipated importance of their testimony and their longstanding notice of the trial date, the inconveniences cited by Google's Former Employees do not meet the undue burden standard or justify the "extraordinary measure," *Pension Benefit Guaranty Corp.*, 301 F.R.D. at 25, of quashing their trial subpoenas.

### III. The Court Should Prioritize the Live Testimony of Brad Bender, Christopher LaSala, Scott Spencer, and Rahul Srinivasan

Live testimony offers important benefits over the submission of deposition designations, including by enabling the Court to assess credibility and ask clarifying questions as needed. *See, e.g.*, *Samsung*, 386 F. Supp. 2d at 718; Hr'g Tr., ECF 799 at 22:12-14 ("If I don't understand something, I will stop you in the middle of your examination and start questioning the witness myself."). Plaintiffs have attempted to streamline the presentation of evidence at trial for the benefit of the Court and potential witnesses, and in the interest of judicial economy, the Plaintiffs are willing to forgo Mr. Lipkovitz's and Mr. Cox's live testimony in favor of deposition designations provided that their documents can be admitted without sponsorship by the witnesses themselves, and Plaintiffs reserve the right to call them in their rebuttal case. Thus, if the Court is inclined to grant some of the pending motions to quash, Plaintiffs request that the Court prioritize the live testimony of Brad Bender, Christopher LaSala, Scott Spencer, and Rahul Srinivasan.

Messrs. Bender, LaSala, Spencer and Srinivasan were high-ranking executives for the relevant products and markets at issue in this case and they have far-ranging testimony to provide on topics not fully explored in their previous depositions in this matter. *See supra* 2. Indeed, Messrs. Bender and Spencer were not deposed during the litigation discovery phase of this case due to the limitation on party depositions that Google's counsel sought and obtained from Judge Anderson; they were last deposed in 2020 and 2021, well before the vast majority of Google's documents were produced, and long before Google's spoliation conduct came to light.

Plaintiffs also intend to elicit testimony from Messrs. Bender, LaSala, and Spencer about their use of chats for substance and their efforts (or lack thereof) to retain such substantive chats during live examination. To illustrate the need for live testimony on this point, on August 16, 2024, Google sent Plaintiffs a letter that revised the date on which Mr. LaSala received a

litigation hold from January 22, 2021, to October 4, 2019.  This revision sheds new light on documents from 2020 in which Mr. LaSala had directed his subordinates to move certain chats off the record because Mr. LaSala had, according to Google, apparently received a litigation hold prior to doing so. This area of examination is plainly relevant and ripe for live testimony as confirmed by the Court in the August 27, 2024 hearing on Plaintiffs' motion regarding spoliation and for an adverse inference. *See* ECF 1115.

Additionally, well after the close of discovery, on July 3, 2024, Google provided for the first time sufficient information to locate a recording of Mr. Srinivasan meeting with select publishers to discuss Google's implementation of "Unified Pricing Rules"—one of the specific anti-competitive conducts alleged in the Amended Complaint. This recording was produced after Mr. Srinivasan's deposition, and therefore, he was not questioned about it.  This is but another example why Plaintiffs—who bear the burden of proof at trial—should be afforded the opportunity to conduct a live examination of these important witnesses.

## CONCLUSION

Plaintiffs respectfully request that the Court deny Google's Former Employee's Motions to Quash their trial subpoenas and order them to appear as directed. In an effort to streamline the presentation of evidence, Plaintiffs are willing to prioritize the live testimony of Messrs. Bender, LaSala, Spencer, and Srinivasan, provided that Plaintiffs can offer Mr. Lipkovitz's and Mr. Cox's documents into evidence without their sponsorship.

Dated: August 28, 2024

Respectfully submitted,

| | |
|---|---|
| JESSICA D. ABER<br>United States Attorney | JASON S. MIYARES<br>Attorney General of Virginia |
| /s/ Gerard Mene<br>GERARD MENE<br>Assistant U.S. Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3777<br>Facsimile: (703) 299-3983<br>Email: Gerard.Mene@usdoj.gov | /s/ Tyler T. Henry<br>Tyler T. Henry<br>Assistant Attorney General<br><br>Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us |
| /s/ Julia Tarver Wood<br>JULIA TARVER WOOD<br>/s/ Matthew E. Gold<br>MATTHEW E. GOLD<br><br>United States Department of Justice<br>Antitrust Division<br>450 Fifth Street NW, Suite 7100<br>Washington, DC 20530<br>Telephone: (202) 307-0077<br>Fax: (202) 616-8544<br>Email: Julia.Tarver.Wood@usdoj.gov<br>Email: Matthew.Gold@usdoj.gov<br>Attorneys for the United States | Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia |