UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>        *Plaintiffs*,<br><br>  v.<br><br>GOOGLE LLC,<br><br>        *Defendant*. | No. 1:23-cv-00108-LMB-JFA |

**REPLY MEMORANDUM IN SUPPORT OF NON-PARTY EISAR LIPKOVITZ'S MOTION TO QUASH THE GOVERNMENT'S SUBPOENA**

Non-party Eisar Lipkovitz, through undersigned counsel, submits this reply memorandum in further support of his Motion to Quash ("Motion"), pursuant to Federal Rule of Civil Procedure 45, the subpoena ("Subpoena") served on him by Plaintiff United States of America ("the Government"). Mot. to Quash the Government's Subpoena (Aug. 23, 2024), ECF No. 1206 ("Motion").

None of the Government's responses in opposition to Mr. Lipkovitz's Motion has merit, for the reasons set forth below. However, Mr. Lipkovitz is willing to accept the Government's proposal, assuming the Government and Defendant can agree on the admissibility of any documents that would otherwise require Mr. Lipkovitz's sponsorship, and as long as (1) the Government provides Mr. Lipkovitz with prompt notice of its need to call him in rebuttal as soon as it has identified the need to do so, and (2) the Government schedules Mr. Lipkovitz's testimony on a date that provides him with sufficient advance notice to make travel plans (and does not schedule him the week of September 24, 2024, during which he has no availability due to a work commitment).

## **ARGUMENT**

The Government's arguments offer no impediment to the granting of Mr. Lipkovitz's motion. The Government does not dispute that Mr. Lipkovitz resides outside Rule 45's 100-mile limit, or that Mr. Lipkovitz cannot be compelled to testify in this District absent the application of 15 U.S.C. § 23. However, its arguments that Section 23's requirements have been met are contrary to the plain terms and most logical reading of Judge Anderson's Rule 16(b) order, and the Government cannot now attempt to make a "proper application" under Section 23 through a brief in its opposition to the Former Google Employees' Motions to Quash. And whether it defeats the "cause shown" required under Section 23 or establishes "undue burden" under Rule 45, should nationwide service be permitted here, Mr. Lipkovitz's previous provision of over 25 hours of deposition (over 12 hours of which were video-recorded), when weighed against requiring him to travel thousands of miles away from his family and his executive responsibilities for an unknown duration, warrants quashal of the Subpoena.

Notwithstanding the merits of Mr. Lipkovitz's Motion, however, Mr. Lipkovitz is willing to agree to the Government's proposal as set forth in its opposition, conditioned upon the Government's agreement to prompt notice of the need for his testimony in rebuttal, sufficient advance notice of the scheduling of such testimony, and not scheduling his testimony for any time during the week of September 24, 2024, which would conflict with a summit he is hosting at his office in San Francisco with all of the members of his business unit across the country in attendance.

**I.     The Requirements Of 15 U.S.C. § 23 Have Not Been Met**

As argued in Mr. Lipkovitz's Motion, neither the "proper application" nor the "cause shown" requirements in 15 U.S.C. § 23 has been met here, and nothing in the Government's suggests a different conclusion. The Government's opposition does not address whether a joint

discovery plan submitted by the parties is a "proper application" under Section 23. Instead, it argues only that the Court issued an order permitting nationwide when it issued its Rule 16(b) Order, and that there was sufficient "cause" to issue that Order. The Government is misguided on both counts.

      **A.**    **The Court's Rule 16(B) Order Did Not Include A Provision Permitting Nationwide Service Of Subpoenas Under Section 23.**

Although the Government may be correct that it is "not uncommon" for courts to adopt an incorporate a parties' joint discovery plan into its Rule 16(b) order, the Government fails to identify a single instance where a court has done so without some express reference in its order to Section 23 at all, let alone a finding that required cause under Section 23 has been shown.[1] Not only is there no reference to Section 23 in Judge Anderson's Rule 16(b) order, he explicitly carves Section 6.D and its reference to Section 23 out of the order when he stated that the Proposed Plan was "approved ***in part as set forth below***" and omitted any mention of Section 6.D "below." Rule 16(B) Order ¶ 3 (Mar. 31, 2023), ECF No. 94 (emphasis added). Indeed, the Government's opposition repeatedly quotes this language, yet blindly maintains that this language includes approval of Section 6.D, which appears ***above*** Paragraph 3 of the Order.

Moreover, it would be entirely consistent with Rule 16(b) for Judge Anderson's order to exclude certain portions of the parties' joint discovery plan that are not required under the Rule. Orders issued under Rule 16(b) need only set terms "limit[ing] the time to join other parties, amend the pleadings, complete discovery and file motions." Fed. R. Civ. P. 16(b)(3)(A). And even those

---

[1] In *Sectek Inc. v. Diamond*, No. 115CV1631GBLMSN, 2016 WL 5897763 (E.D. Va. Oct. 6, 2016), which the Government cites (Opp'n 4), the court's Rule 16(b) order did not approve the parties' joint discovery plan "in part" or "as set forth below," but approved it subject to certain exceptions.

terms that Rule 16(b)(3)(B) *permits* a scheduling order to include cover only issues relating to *discovery*, and not those relating to *trial*, such as trial subpoenas. Contrary to the Government's tortured reading of Judge Anderson's approval of the parties' Joint Discovery Plan "in part and as set forth below," his exclusion of Section 6.D from his Rule 16(b) Order falls squarely within what Rule 16(b) contemplates.

### B. There Was No "Cause Shown" That Would Just Justify An Order Under Section 23

Even if this Court determines that Judge Anderson intended to adopt ¶ 6.D of the parties' Joint Discovery Plan, it cannot reasonably be said that cause for nationwide trial subpoena service was shown. Although the question of whether cause must be shown on a witness by witness basis is required at least an open one, the Court should construe Section 23 to require as much, given Section 23's reference to "subpoena" in the singular, and the individualized non-party interests underpinning Rule 45, which Section 23's "cause shown" requirement is meant to safeguard. But regardless, neither the Joint Discovery Plan nor the Rule 16(b) orders offers any basis to conclude that the Rule 16(b) order was based on any "cause shown." In attempting to establish "cause shown" here, the Government's opposition highlights the Court's prior observation in its opinion denying Defendant's motion to transfer venue that the parties had identified a significant number of out-of-state non-party witnesses in their initial MDL-related disclosures (Opp'n 5). But those witnesses were identified by the "parties in the MDL," which include litigants that are not parties in this action, and the Government does not point to any tally of potential out-of-state non-party trial witnesses *in this action* at any time, let alone one done in support of the Joint Discovery Plan or Rule 16(b) Order.

The Government's opposition also cites a number of cases in which courts have issued broad Section 23 orders. But those cases were all explicit in their granting of nationwide subpoena

power under Section 23, and if anything, highlight that some showing of cause is required before a Section 23 order can issue. *See FTC v. Kroger Co.*, 3:24-cv-00347-AN (D. Or. July 12, 2024) (authorizing nationwide service under 15 U.S.C. § 23 for "[g]ood cause having been shown in view of the geographic dispersion of potential witnesses in this action"); *United States v. Anthem, Inc.*, 16-1493(ABJ), (D.D.C. Dec. 7, 2016) (noting that nationwide discovery was granted "[t]o assist the Parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District"); *United States v. Google*, 1:20-cv- 03010-APM, ECF 108-1 (D.D.C) ("the parties are permitted, under 15 U.S.C. § 23, to issue nationwide . . . trial subpoenas from this Court"); *United States v. Booz Allen Hamilton, Inc.*, Case No. 1:22-cv-1603, ECF No. 99 (D. Md. June 29, 2022) (granting permission for nationwide service under 15 U.S.C. § 23 "in view of the geographic dispersion of potential witnesses in this action outside this District"). It cannot be said that any similar finding was made by Judge Anderson to appropriately satisfy 15 U.S.C. § 23's "cause shown" requirement.

**II.     The Request In The Government's Opposition Is Not A "Proper Application" Under 15 U.S.C. § 23**

As discussed in the Motion (ECF No. 1284), the Government, without offering any factual proffer in connection with the joint discovery plan that would justify permitting nationwide service of trial subpoenas, failed to make a "proper application" under Section 23. In apparent recognition of this failure, the Government now, after having already served Mr. Lipkovitz's trial subpoena, requests the Court for permission to do so after the fact.

This request should be denied. Although Mr. Lipkovitz submits that the Rule 16(b) Order is clear in its exclusion of Section 6.D, it is at the very least ambiguous on this point, and the Government made no effort to clarify any such ambiguity prior to serving its subpoena on Mr. Lipkovitz. Indeed, when the issue of whether out-of-state witnesses would be available for live

testimony was addressed at the March 2024 pretrial conference, the Government remained silent as to whether nationwide service was available under Section 23:

> THE COURT: … Now, both sides have mentioned depositions. Are there any witnesses either side is planning to call who will not be live in court?
>
> [Counsel for the Government]: The United States has not made a final decision, but we are considering very tightly edited videotaped depositions. That's one thing we are considering, but we haven't made a final decision.
>
> THE COURT: They are highly ineffective in a case that's complicated. Is there a reason why those witnesses cannot be called in person?
>
> [Counsel for the Government]: I think again, Your Honor, it depends on scheduling, but we will certainly take Your Honor's advice in that regard into account.
>
> THE COURT: All right. How about from Google?
>
> [Counsel for Google]: Your Honor, there are people who may not be within the subpoena range, and if they would come, we would prefer that, obviously. And so with Your Honor's guidance to the parties, maybe we'll be able to get people here that we wouldn't otherwise be able to get….

Tr. Status Hr'g 16:16-17:10 (Feb. 23, 2024) ECF No. 544. If the Government sincerely believed that nationwide service had already been permissible under the Rule 16(b) Order, or that the Rule 16(b) was at least ambiguous on that issue, it could have raised the issue with the Court at this point in the conference. But it did not do so, and it should not be permitted to apply for nationwide trial subpoena service now, in its opposition to the Former Google Employees' Motion. Courts have similarly declined to allow parties to seek judicial action through opposition briefs in other contexts. *See, e.g.*, *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing or oral advocacy."); *Pelletier v. Elam*, No. 1:20CV524 (TSE/MSN),

2021 WL 2545462, at *3 (E.D. Va. June 17, 2021) ("A claim raised in opposition to a motion for summary judgment is not properly before the Court.") (citation omitted).

Nor should the Court give effect to "the parties' agreed-upon discovery agreement as to nationwide trial subpoena powers." Rule 45 protects out-of-state non-parties, whose interests are not represented in the litigation, from the undue burden of having to travel far distances to provide testimony, and parties cannot simply agree to opt out of abiding by those protections without a statutorily permitted approval, as created under Section 23 and other nationwide service statutes, by the court. That the parties have been, at least according to the Government, relying (albeit unjustifiably) on Rule 16(b)'s purported grant of nationwide trial subpoena authority should not be a reason for the court to sidestep Section 23's requirements, which are aimed at ensuring that non-party witnesses endure the burden of traveling long distances to provide testimony only when there is "cause shown."[2]

### III. Mr. Lipkovitz Has Shown Undue Burden

Even if nationwide service were available in this case, the Government does not challenge Mr. Lipkovitz's position that complying with the subpoena would exact an undue burden on him. Nor could it, given the long travel distance and time away from work and family that Mr. Lipkovitz would endure if forced to testify at trial, when weighed against the more than 25 hours of testimony has already provided in this case.

Moreover, the cases on which the Government's opposition relies, even if applied to Mr. Lipkovitz, would be unavailing in any event. In *Alston v. Jones*, for example, the non-party witness

---

[2] Contrary to the Government's suggestion, nothing in either E.D. Va. L. Civ. R. 45(E) or the cases cited by the Government on this point permits such an override, and although Local Rule 45(E) does permit a subpoena's return date for less than 14 days after service for good cause shown, there is no good cause shown here given the Government's failure to meet Section 23's requirements, and its failure to at least seek the Court's clarification earlier.

seeking quashal, unlike Mr. Lipkovitz, had not given any deposition testimony that could be used in place of live testimony at trial, lived within 100 miles of the District from which the subpoena was issued, and claimed only that having to testify at trial would require him to "reschedule patient appointments." 2022 WL 1809422, at *2 (M.D.N.C. June 2, 2022).  And in both *Aristocrat Leisure Ltd.* and *Kolb*, those courts relied heavily on the Second Circuit's longstanding policy that depositions are "not to be used when the original is at hand." *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co.*, 262 F.R.D. 293, 300 (S.D.N.Y. 2009) (quoting *Napier v. Brossard*, 102 F.2d 467, 469 (2d Cir. 1939)); *Kolb v. Suffolk Caty.*, 109 F.R.D. 125, 127 (E.D.N.Y. 1985) (citing *Napier*, 102 F.2d at 469); *compare with Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) ("[Non-party] [b]ystander's should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery.").[3]

### IV.     Mr. Lipkovitz Is Willing To Agree To The Government's Proposal

In apparent recognition of the potential unenforceability of Mr. Lipkovitz's trial subpoena, the Government now proposes to forgo calling Mr. Lipkovitz in their case in chief. "provided that

---

[3] To the extent that the Government relies on *Samsung*, *Massouie* and Fed. R. Civ. P. 43 in suggesting that Mr. Lipkovitz's deposition testimony is an impermissible substitute for his live testimony at trial, such reliance is misplaced.  In *Samsung*, a decision addressing a venue transfer motion and not a motion to quash, the Court in fact noted that it would give less weight to witness inconvenience when deciding upon proper venue "when a party is unable to demonstrate with any particularity that videotaped deposition testimony will be inadequate, and that live testimony is critical."  *Samsung Elec. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 719 (E.D. Va. 2005).  *Moussaoui* is a criminal case that simply expressed a preference for live testimony, and dealt with a motion to prevent the deportation of a key witness, a far cry from the circumstances here.  *See United States v. Moussaoui*, 2002 WL 1987950, at *1 (E.D. Va. Aug. 14, 2002).  And Rule 43's advisory committee's notes, while noting the importance of live testimony, also recognize that "[o]rdinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trail subpoena, or of resolving difficulties in scheduling a trial that can be attended by all witnesses."  Fed. R. Civ. P. 43 advisory committee's notes (1996).

[his] documents can be admitted into evidence without [his] sponsorship… and that Plaintiffs be permitted to call them, if necessary, in their rebuttal case."

Mr. Lipkovitz is willing to agree to this proposal, as long as (1) he is provided with as much advance notice from the Government as practicable that his testimony will be necessary in the Government's rebuttal case, (2) he is given reasonable advance notice of the date on which the Government seeks to present his testimony, to allow for preparation and travel plans, and (3) he is not called the week of September 24, 2024 (currently outside of the date range currently scheduled for trial),[4] which would conflict with a work commitment that cannot be postponed.

## CONCLUSION

For the foregoing reasons, and for those reasons set forth in his original Motion, non-party Eisar Lipkovitz respectfully requests that the Court quash the Government's Subpoena served on him, or in the alternative, modify it in accordance with the Government's proposal and the additional conditions requested by Mr. Lipkovitz as described above.

Dated: August 30, 2024

Respectfully submitted,

/s/ William L. Drake
William L. Drake VA Bar No. 78446
Patrick F. Linehan (*pro hac vice*)
Samantha J. McCarthy (*pro hac vice*)
Steptoe LLP
1330 Connecticut Ave. NW
Washington, DC  20036-1795
Phone: 202.429.3000
Fax: 202.429.3902
wdrake@steptoe.com

*Counsel for Non-Party Eisar Lipkovitz*

---

[4] Counsel for Mr. Lipkovitz previously indicated to the Government his availability to testify, should his Motion be denied, through the entire duration time trial is currently scheduled for (September 9-22, 2024).