**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES, et al., Plaintiffs, | ) | |
| v. | ) | No. 1:23-cv-00108-LMB-JFA |
| GOOGLE LLC, Defendant. | ) | |

**JOINT MOTION FOR STATUS CONFERENCE**

1. The Parties hereby move jointly for a status conference during the already-scheduled September 4, 2024 hearing to address certain matters regarding the conduct of trial.

2. The Parties respectfully request that the Court address the following issues, for which the Parties have indicated their positions:

a. **Submission of Exhibits into Evidence Without a Sponsoring Witness**

i. Plaintiffs' Statement: Pursuant to the Parties' Stipulation Regarding Witnesses and Documents (ECF No. 1276), and otherwise when appropriate, Plaintiffs may offer exhibits into evidence without a sponsoring witness. Plaintiffs request the Court's guidance as to when during trial proceedings such exhibits should be offered.

ii. Google's Statement: Google may also offer exhibits into evidence without a sponsoring witness. Google submits the most appropriate time to offer documents in evidence without a sponsoring witness is at the close of the proffering party's case-in-chief. In the Parties' Stipulation Regarding Witnesses and Documents (ECF No. 1276), Google waived authenticity and hearsay objections to nearly 650 of

        Plaintiffs' trial exhibits in order to streamline the trial and obviate the need for Plaintiffs to call 16 live witnesses. Google still may object on other grounds, including whether the exhibit meets the standards for relevance (FRE 402), would be needlessly cumulative (FRE 403), or contains double hearsay (FRE 805). These determinations are best made at the conclusion of Plaintiffs' case-in-chief.

b. **Submission of Deposition Designations**

i. Plaintiffs' Statement: Plaintiffs intend to offer into evidence deposition designations for several Google employee and non-party witnesses. For the vast majority, Plaintiffs propose to submit a written copy of the designations (containing designations made by both Parties, arranged in chronological order, and excluding non-designated portions of the transcript). If the Court prefers, Plaintiffs will also provide a corresponding video of the designated testimony, where the deposition was video-recorded. For a small number of witnesses (likely five or fewer, but subject to change based on the outcome of the pending motion to quash trial subpoenas), Plaintiffs request permission to play portions of the designated testimony via video during trial, in addition to submitting the full deposition designations for those witness. Plaintiffs propose that four days before the day Plaintiffs intend to play the video of a specific witness, Plaintiffs will disclose to Google the witness and portions Plaintiffs intend to play. One calendar day later, Google would disclose to Plaintiffs portions of Google's designations

for that witness that Google wishes to be played. Then, if needed, the Parties will meet-and-confer to narrow the designations to no more than 90 minutes of video per witness to be played during trial. Plaintiffs believe that no further process is required to address objections regarding deposition designations because according to the Scheduling Order all "motions to address unresolved issues concerning deposition designations" were to be filed on August 16, 2024 for hearing on September 4, 2024. (*See* ECF No. 871, at 2.)

ii. Google's Statement: Google submits that any protocol as to deposition designations that Plaintiffs offer in their case-in-chief apply equally to Google for any deposition designations that it offers in its case-in-chief. Subject to the Court's preferences, Google submits that all deposition designations should be submitted to the Court rather than played during trial for efficiency purposes and to preserve the parties' trial time for live testimony. Google proposes the following more efficient protocol for all deposition designations.

- Four calendar days before a party intends to play or submit a deposition designation, they must disclose to the opposing party the name of the witness and their affirmative designations.
- By the following calendar day, the opposing party then must disclose their affirmative and counter designations and the objections they intend to stand on.

- The parties then meet-and-confer to in an attempt to resolve any remaining objections.
- The offering party must include both parties' designations so as to avoid duplicative testimony and wasting the Court's resources, and include any outstanding objections for the Court to rule on.[1]
- Further, if the Court permits deposition designations to be played in Court, the offering party must submit the designations to the Court to resolve any remaining objections before the deposition may be played. If a deposition is played live, the video must be played in chronological order and the offering party shall only submit the final, clipped version of the transcript.

c. **Post-Trial Submissions.** The Parties request the Court's guidance on what post-trial submissions the Court will order, and the timing of those submissions, so the Parties may properly prepare throughout trial.

i. Plaintiffs' Statement: Mindful of the substantial materials that the parties have already submitted to the Court, at present Plaintiffs defer to the Court's judgment as to what further submissions would be helpful. In any event, Plaintiffs stand ready to submit expeditiously any additional materials as directed by the Court.

---

[11] To the extent Plaintiffs believe the parties have waived objections to deposition designations, Google disagrees. Google timely submitted its objections in accordance with the Court's scheduling order. ECF No. 919, 967, 1088.

      ii. Google's Statement: Subject to the Court's preferences, Google believes it would be efficient and beneficial if the parties submit revised Proposed Findings of Fact and Conclusions of Law to incorporate the evidence and testimony that is introduced at trial. The parties would submit the revised Proposed Findings of Fact and Conclusions of Law expeditiously upon the conclusion of trial.

3. The Parties have met and conferred regarding the relief requested herein, and both Plaintiffs and Google join in this motion for status conference.

Dated: August 30, 2024

Respectfully submitted,

FOR THE PLAINTIFFS:

JESSICA D. ABER
United States Attorney

/s/ Gerard Mene
GERARD MENE
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3777
Facsimile: (703) 299-3983
Email: Gerard.Mene@usdoj.gov

/s/ Julia Tarver Wood
JULIA TARVER WOOD
/s/ Aaron M. Teitelbaum
AARON M. TEITELBAUM
/s/ Michael E. Wolin
MICHAEL E. WOLIN

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077

JASON S. MIYARES
Attorney General of Virginia

/s/ Tyler T. Henry
TYLER T. HENRY
Assistant Attorney General

Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219
Telephone: (804) 692-0485
Facsimile: (804) 786-0122
Email: thenry@oag.state.va.us

Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia

Fax: (202) 616-8544
Email: Julia.Tarver.Wood@usdoj.gov

Attorneys for the United States

FOR DEFENDANT:

Eric Mahr (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

Justina K. Sessions (*pro hac vice*)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Fax: (650) 461-8276
justina.sessions@freshfields.com

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ:
209 Madison Street, Suite 501
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (*pro hac vice*)
Jeannie S. Rhee (*pro hac vice*)
William A: Isaacson (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Bryon P. Becker (VSB #93384)
Erica Spevack (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile (202) 223-7420
kdunn@paulweiss.com

Erin J. Morgan (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3387
Facsimile: (212) 492-0387
ejmorgan@paulweiss.com