**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

UNITED STATES OF AMERICA, et al.,

      Plaintiff,

    v.

GOOGLE LLC,

      Defendant.

No. 1:23-cv-00108-LMB-JFA

**NON-PARTY CHRISTOPHER LASALA'S REPLY IN SUPPORT OF MOTIONS TO**
**QUASH PLAINTIFFS' TRIAL SUBPOENA AND FOR A PROTECTIVE ORDER**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

I.      Plaintiffs Overread Magistrate Judge Anderson's Order and Statements
        on the Record ......................................................................................................... 2

II.     Plaintiffs' Untenable Cause Argument Ignores Key Portions of the Record
        and Highlights, Instead, Plaintiffs' Own Unexcused Failure to Pursue Available
        Lines of Inquiry ..................................................................................................... 4

III.    Plaintiffs Ignore the Specific, Considerable Burdens on Mr. LaSala ................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alston v. Jones*,
  2022 WL 1809422 (M.D.N.C. June 2, 2022)............................................................................. 7

*Bland v. Fairfax Cnty., Va.*,
  275 F.R.D. 466 (E.D. Va. 2011) ............................................................................................. 5

*Cook v. Howard*,
  484 F. App'x 805 (4th Cir. 2012) .......................................................................................... 7

*Farabee v. Yaratha*,
  No. 14 Civ. 118, 2018 WL 11468417 (E.D. Va. May 25, 2018) ................................................. 4

*Gilliam v. Bertie Cnty. Bd. of Educ.*,
  2022 WL 6251966 (E.D.N.C. Oct. 7, 2022) ............................................................................ 7

*Samsung Electronics Company, Limited v. Rambus, Inc.*,
  386 F. Supp. 2d 708 (E.D. Va. 2005)..................................................................................... 8

*United States v. Moussaoui,*
  No. 01 Cr. 455 (LMB), 2002 WL 1987950 (E.D. Va. Aug. 14, 2002)....................................... 9

*Va. Dep't of Corr. v. Jordan*,
  921 F.3d 180 (4th Cir. 2019)............................................................................................ 6, 7

**Statutes**

15 U.S.C. § 23............................................................................................................................ 2

28 U.S.C. § 1404........................................................................................................................ 3

**Rules**

Fed. R. Civ. P. 32(a)(4)(B) ....................................................................................................... 7

Fed. R. Civ. P. 43(a) ................................................................................................................. 9

Fed. R. Civ. P. 45.................................................................................................................. 2, 7

E.D. Va. Loc. Civ. R. 45(E)................................................................................................... 3, 4

Plaintiffs cannot justify compelling additional live testimony from non-party Christopher

LaSala.  Mr. LaSala has already voluntarily contributed more than 50 hours of uncompensated

time to the instant litigation—including more than 30 hours of deposition testimony, half of

which the Plaintiffs appear to have forgotten about.  Plaintiffs inaccurately claim that Mr. LaSala

"was last deposed on August 16, 2023, and had a pre-complaint CID deposition taken in October

2020."  ECF No. 1284 ("Opp.") at 9.  This tells only half the story.  In fact, Mr. LaSala

subsequently sat for two more days—on August 17 and November 7, 2023 (a month after

defendant's deadline for document production)—during which he provided more than 13

additional hours of testimony under oath.  *See* ECF No. 1227 ("Mot.") at 4; ECF No. 440.  Both

additional depositions were video recorded.  They were also both taken by counsel for the United

States, David Teslicko and Julia Tarver Wood.  Plaintiffs' blatant oversight calls into serious

doubt the government's claim that Mr. LaSala's trial testimony is necessary.  It is not.  Indeed,

the *only* topic about which Plaintiffs claim to seek new information from Mr. LaSala—his

understanding of Google's chat history retention policies, including in 2020, and whether he had

directed others to move chats off the record, Opp. at 10–11—was covered in the August 16 and

November 7, 2023 depositions.  There is no excuse for Plaintiffs' failure to review Mr. LaSala's

deposition testimony in advance of responding to this motion, and their demand that he testify in

person at trial under the circumstances is unwarranted.

Mr. LaSala—a nonparty witness—should not be penalized for the parties' failures to

explore topics to their satisfaction during four days of deposition testimony, to communicate

promptly,[1] or to preserve trial evidence.  Because Plaintiffs have not shown proper application or

---

[1]     Plaintiffs' speculation that Mr. LaSala may have previously suspected a "potential need"
for his trial testimony is beside the point.  It was Plaintiffs' decision—at their peril—to wait until
the eve of trial to serve Mr. LaSala with a trial subpoena.  Until he received it, Mr. LaSala was

cause for compelling Mr. LaSala's live testimony under the Clayton Act, and because the

Subpoena exceeds the 100-mile limit and imposes an undue burden on Mr. LaSala in violation of

Federal Rule of Civil Procedure 45, it must be quashed.

## I.    Plaintiffs Overread Magistrate Judge Anderson's Order and Statements on the Record

As an initial matter, the parties' Joint Proposed Discovery plan and related briefing never

referenced—let alone proffered—"cause" for compelling distant witness testimony as 15 U.S.C.

§ 23 requires.  *See* ECF Nos. 87, 89, 92.  Unsurprisingly, as the government failed to timely

address "cause," it was not discussed either in Judge Anderson's Scheduling Order or at the Rule

16(B) Scheduling Hearing.  *See* ECF Nos. 94–95.  To the contrary, Judge Anderson's Order was

expressly limited to its own terms and did not reference, let alone grant, nationwide service.  *See*

ECF No. 94.  Plaintiffs belatedly insist that the Court should infer both "a proper application and

cause shown"—which never happened—and "permission"—which was never granted—from

Judge Anderson's silence.  Crediting Plaintiffs' after-the-fact claim that they made an

"application" and obtained judicial "permission," when plainly they did not, would render the

Clayton Act's plain-text requirement superfluous and negate the Court's important protective

role under the statute.  *See* Mot. at 7–8.

---

under no obligation to anticipate he would be called and, in any event, had no ability to seek court intervention to prevent his further testimony.  Moreover, contrary to Plaintiffs' contention that it is "notable" Mr. LaSala was previously represented by Google's counsel at his earlier depositions and that Google may be paying movants' legal expenses, *see* Opp. at 2 n.1, there could be nothing less "notable" than the common practice of an employer defraying legal expenses incurred by current and former employees within the scope of their employment. Moreover, such an arrangement is wholly irrelevant to the question on this motion—namely, whether Plaintiffs satisfied their obligation to timely show cause and obtain court permission to subpoena Mr. LaSala (which they did not) or whether the Subpoena imposes an undue burden (which it does).  To the extent Plaintiffs attempt to cast aspersions on the integrity of movants' attorneys, it is entirely uncalled for and unbecoming of government counsel.

Plaintiffs alternatively attempt to claim they showed "cause" by pointing to the Court's

passing reference to dispersed witnesses in resolving an earlier motion to transfer under 28

U.S.C. § 1404—but that is no substitute.  *See* Opp. at 5 (quoting ECF No. 60).  Section 1404,

which identifies the "convenience of witnesses" as one of many factors for courts to balance,

contemplates a different situation, requires a different analysis, and has a different text from the

Clayton Act, which expressly prohibits subpoenaing distant witnesses *unless* the requesting party

has satisfied its statutory obligations.[2]

In the alternative, Plaintiffs seek to re-issue the Subpoena within 14 days of trial, contrary

to Local Rule 45(E), and request that the Court excuse their unexplained failure to obtain the

required permission to issue nationwide subpoenas previously.  In claiming they have "good

cause," Plaintiffs yet again display a misunderstanding of the concept.  It is undisputed that

Plaintiffs ignored the unambiguous requirements under the Clayton Act, waiting until just one

month before trial to subpoena a disinterested, non-party witness who has already been deposed

four times and resides well over 100 miles away.  Plaintiffs make no attempt to explain their

failure to comply with the Clayton Act's mandate because they cannot; there is no good reason

for waiting years to apply properly for nationwide service, or for subpoenaing Mr. LaSala, on the

eve of trial, without first having done so.  Their disregard for the clear statutory requirements

should not be countenanced, especially as it would set a precedent for future Plaintiffs to

disregard clear procedural rules designed to protect the rights of third parties.

---

[2]    Even in the more discretionary context of venue transfers, the Court determined the factor
of witness convenience "point[ed] in both directions," ECF No. 60 at 16, and the fact that
Plaintiffs planned to mitigate "non-party witness inconvenience" by "travel[ing] to New York to
conduct depositions or conduct[ing] them remotely" was significant to the Court's evaluation, *id.*
at 15.

## II.    Plaintiffs' Untenable Cause Argument Ignores Key Portions of the Record and Highlights, Instead, Plaintiffs' Own Unexcused Failure to Pursue Available Lines of Inquiry

Plaintiffs' chief claimed justification for demanding still more testimony from Mr. LaSala is that they view him, as they do many others, as a "high ranking executiv[e] for the relevant products and markets." Opp. at 10.  That generic description does not begin to explain Plaintiffs' otherwise unsupported request for *additional* live testimony beyond the nearly full week of recorded, sworn testimony he has already voluntarily provided at his own expense.

Unlike other movants, Mr. LaSala did not just submit to a pre-complaint CID deposition. He also sat for not one or two, but *three days* of additional post-complaint depositions.  Nor were these depositions "long ago." *Id.* at 9.  To the contrary, they took place just last year, in August and November 2023.  Plaintiffs falsely assert that "Christopher LaSala was last deposed on August 16, 2023, and had a pre-complaint CID deposition taken in October 2020." *Id.*  This is wrong.  In fact, Plaintiffs deposed Mr. LaSala as recently as November 7, 2023, Mot. at 4, a month after defendant's October 6, 2023 deadline for document production, ECF No. 440. Plaintiffs' claim that there may be additional testimony, not fully explored, is fatally undermined by their obvious failure to review the existing available testimony.  And any failure to cover any topic rests entirely with Plaintiffs themselves.

Every one of the cases on which Plaintiffs rely, Opp. at 7, is readily distinguishable; each invoked Local Rule 45(E) to permit untimely Rule 45 subpoenas where witnesses had not been previously deposed and had all agreed to testify at trial.  *See Farabee v. Yaratha*, No. 14 Civ. 118, 2018 WL 11468417, at *1–2 (E.D. Va. May 25, 2018) (permitting subpoena where witness agreed to testify, and plaintiff had not been able to locate the potential witness—alleged to have perpetrated the attack at the center of the dispute—until one week before trial, and therefore had

not previously deposed him); *Bland v. Fairfax Cnty., Va.*, 275 F.R.D. 466, 472 (E.D. Va. 2011)

("That all of the witnesses have *agreed* to testify and were notified that they would be called to

testify at trial well before they received their subpoenas is sufficient good cause to decline to

quash the subpoenas."). Here, by contrast, Plaintiffs already had more than 30 hours to ask Mr.

LaSala, under oath, a wide range of questions about his involvement with the development of

various Google products and his understanding of relevant markets. *See* Mot. at 3–4. These

depositions, moreover, occurred over three years—before, during, and after the period for

document discovery in the instant case. *See* ECF Nos. 87, 94, 440. Two days of that

testimony—more than thirteen additional hours—took place after Plaintiffs now claim.[3] *See*

Opp. at 9. And Mr. LaSala's final deposition which was for approximately six-and-a-half-hours

on November 7, 2023, post-dated defendant's deadline to complete its document production on

October 6, 2023, ECF No. 440.

Indeed, the *only* specific topic Plaintiffs claim they need testimony on was covered at that

August 16 and November 7, 2023 depositions. Plaintiffs assert that they need testimony

regarding "documents from 2020 in which Mr. LaSala had directed his subordinates to move

certain chats off the record." Opp. at 11. But at the August 16 and November 7, 2023

depositions, Plaintiffs specifically asked Mr. LaSala about when he learned about the litigation

hold (which he could not recall), Google's internal response to the hold, and Google's chat

history deletion policy generally and during 2020 in particular. Mr. LaSala testified at the

August 16, 2023 deposition that he adjusted his behavior after receiving legal hold training to

---

[3]      Indeed, Plaintiffs' difficulty recalling Mr. LaSala's final deposition, as well as which
depositions were videorecorded, *see* Mot. at 4 n.2 (citing ECF No. 1227-2 ¶ 19), reinforces that
they already have more deposition testimony from him than they can process.

direct business-related discussions away from Google's chat software, focusing on email instead. At the November 7, 2023 deposition, Plaintiffs already asked Mr. LaSala about a chat conversation they identify "from 2020 in which Mr. LaSala directed his subordinate to move a chat off the record." Opp. at 11. Mr. LaSala testified that he had known of the government's ad tech investigations since at least February 2020 and, when asked why he directed a subordinate to move a chat off the record after February 2020, explained that he did not know why he would have said that. It was not Mr. LaSala's practice in 2020 to participate in substantive chat conversations with history turned off. Google has produced chat conversations from Mr. LaSala's custodial file from 2020 onward that discuss, in detail, the topics of the government's ad tech investigation and the conduct challenged in this action.

The video recordings of this testimony are readily available. In sum, Plaintiffs have identified no "marginal benefit"—as they must—to asking Mr. LaSala the same questions in live testimony about the same or similar documents. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) ("The information sought must likely (not just theoretically) have [a] marginal benefit in litigating important issues," where "marginal" means "the information must offer some value over and above what the requesting party already has"). Where "the requesting party cannot articulate its need for the information and address obvious alternative sources," as Plaintiffs have failed to here, the party moving to quash the subpoena has satisfied its burden—particularly where, as here, the movant is a non-party and the "more demanding variant of the [Rule 26] proportionality analysis" applies. *Id.* at 189 & n.2.

Plaintiffs also argue that Mr. LaSala should testify again because, as a general matter, live testimony is a preferred means of presenting evidence. *See* Opp. at 3–4, 10. While live testimony may be ideal when all things are equal, the Federal Rules of Civil Procedure

6

recognize, protect, and require courts to take into account potential witnesses' countervailing interests, particularly where those potential witnesses are not parties.  *See* Fed. R. Civ. P. 32(a)(4)(B) (approving the use of depositions where witnesses are "unavailable" due to distance); Fed. R. Civ. P. 45(d)(3)(A) (courts "must" quash subpoenas that require distant travel or impose an undue burden).

### III.   Plaintiffs Ignore the Specific, Considerable Burdens on Mr. LaSala

The government asserts that the movants—without delineating among them and their specific burdens and obligations—raise only "generalized objections" without "identif[ying] any circumstance that wholly prevents them from testifying." Opp. at 7.  In addition to misstating the relevant standard[4] and falling short of their obligation to show Mr. LaSala's live testimony offers "some value over and above what [they] already ha[ve]," *Jordan*, 921 F.3d at 189, Plaintiffs' assertion ignores the specific, considerable burdens raised by Mr. LaSala and improperly lumps him together with the other movants.  As detailed in his opening brief, Mot. at 2–3, 14–15, Mr. LaSala is teaching a full-time courseload, with some 160 students relying on him to be prepared and present for each class throughout the semester.  Contrary to the

---

[4]   Plaintiffs' assertion that Mr. LaSala has not "identified any circumstance that wholly prevents [him] from testifying at this trial" misstates the relevant standard.  Opp. at 7; *see id.* (citing *Alston v. Jones*, 2022 WL 1809422, at *2 (M.D.N.C. June 2, 2022) (where the witness lived "well" within 100 miles, had never been previously deposed, and asserted only that he would have to move patient appointments)).  Mr. LaSala need only show that the Subpoena's burden on him outweighs its discovery benefit—a balancing that affords his non-party status "special weight," *Jordan*, 921 F.3d at 189, considers "others who might be affected" by the Subpoena, *id.* at 190, and whether the Subpoena "would require a non-party to incur excessive expenditure of time or money," *Cook v. Howard*, 484 F. App'x 805, 812 n.7 (4th Cir. 2012); *see Gilliam v. Bertie Cnty. Bd. of Educ.*, No. 20 Civ. 00016 (RTN), 2022 WL 6251966, at *2 n.2 (E.D.N.C. Oct. 7, 2022) (concluding that the *Jordan* analysis "is the same" with respect to trial subpoenas).  This burden is "not [a] terribly difficult burden[] to meet if the requesting party cannot articulate its need for the information and address obvious alternative sources," as Plaintiffs have failed to do here.  *Jordan*, 921 F.3d at 189 n.2.

government's claim, Mr. LaSala has indeed made a particularized showing of why the Subpoena

imposes an undue burden on him (and his students), in light of his in-person professional

obligations and his prior contribution of more than 50 hours of uncompensated time to this case.

*See* Mot. at 2–5, 11–16; ECF No. 1227-2 (LaSala Affidavit).  This is hardly the kind of "modest

imposition" rejected as insufficient by Judge Mehta in *United States v. Google LLC*, No. 20 Civ.

3010 (APM), ECF. No. 696 at 23, 33 (D.D.C. Sept. 4, 2023).  Unlike Mr. LaSala's specific

showings of undue burden, *see* ECF No. 1227-2, the three potential witnesses in *Google LLC*

claimed undue burden based on the general assertion that they would "be forced to divert their

time and attention away from running their organization to travel across the country to provide

testimony," *Google LLC*, No. 20 Civ. 3010, ECF No. 643 at 9 (Apple executives' motion to

quash).  Also unlike Mr. LaSala—who has already given more than 30 hours of deposition

testimony, including on the one topic Plaintiffs identify as specifically warranting further

testimony—all three executives in *Google LLC* had, collectively, been deposed for only around

21.5 hours.  *See id.* at 4.

Plaintiffs' remaining authorities, Opp. at 3–4, 10, are far from applicable.  *Samsung*

*Electronics Company, Limited v. Rambus, Inc.* involved hypothetical witnesses in the context of

a motion to transfer venue and simply recognized the "distinction . . . drawn between party and

non-party witnesses," that "[t]he convenience of non-party witnesses should be afforded greater

weight," and that "[a]lthough live testimony is the preferred mode of presenting evidence, when

non-party witnesses are unavailable to give live testimony, videotaped depositions often are

sufficient."  *See* 386 F. Supp. 2d 708, 718–19 (E.D. Va. 2005); *id.* at 719–20 (discussing a prior

"trial of the unclean hands and spoliation issues" where the record was "fully developed"

through "videotaped deposition testimony").  The Court's decision in *United States v.*

8

*Moussaoui*, is easily distinguishable—a criminal case implicating a defendant's liberty interests and constitutional right to confront witnesses, where the Court suspended a witness's deportation proceedings.  *See* No. 01 Cr. 455 (LMB), 2002 WL 1987950, at *1 (E.D. Va. Aug. 14, 2002) (noting the "the additional months required to secure [the witness's] live trial testimony [are] insignificant" given length of time witness had already been in the United States).  And as for the advisory committee's note to Federal Rule of Civil Procedure 43, *see* Opp. at 4, the text of Rule 43 specifically provides that "the witnesses' testimony must be taken in open court *unless* . . . these rules . . . provide otherwise," as Rules 32 and 45 do, Fed. R. Civ. P. 43(a).

Accordingly, the Court should grant nonparty witness LaSala's motion to quash the Subpoena and enter a protective order under Rule 26(c).

Dated: August 30, 2024

Respectfully submitted,


/s/ *Andrew T. George*

Andrew T. George (Va. Bar No. 88389)
BOURELLY, GEORGE + BRODEY PLLC
1050 30th Street, NW
Washington, DC 20007
Tel.: 202-341-8805
Fax: 703-465-8104
andrew.george@bgblawyers.com

/s/ *Michael Tremonte*

Michael Tremonte (*pro hac vice* pending)
Anna Estevao (*pro hac vice* pending)
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, NY 10004
Tel: 212.202.2600
Fax: 212.202.4156
mtremonte@shertremonte.com

*Counsel for Nonparty Christopher LaSala*

10