**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00108-LMB-JFA |
| | ) | |
| GOOGLE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**NONPARTY WITNESS RAHUL SRINIVASAN'S REPLY IN SUPPORT OF HIS**
**MOTION TO QUASH OR IN THE ALTERNATIVE, FOR PROTECTIVE ORDER**

Nonparty Rahul Srinivasan, by counsel, and pursuant to Federal Rules of Civil Procedure 45(d)(3) submits the following further reply in support of his motion to quash the subpoena for trial witness testimony ("Subpoena") issued by the United States ("Government") in the above-captioned proceeding, or in the alternative, for a protective order pursuant to Federal Rule of Civil Procedure 26(c) regarding the dates and times of his testimony:

## INTRODUCTION

In opposition, the Government fails to show that the requirements of 15 U.S.C. § 23 of "proper application" and "cause shown" have been met here.  For this reason alone, the motion to quash should be granted.  But even if the Court moves onto the undue burden analysis, the Government's opposition is unconvincing.

Clear and recent Fourth Circuit precedent requires that when a subpoena is challenged by a nonparty for undue burden, the requester *must explain* why it needs the nonparty's testimony, and why it cannot get the same information from other sources, such as documents, party witnesses (including current Google employees), and prior depositions.  The Government fails to meet these two requirements, proffering only various generic reasons why the Subpoena does not impose an

1

undue burden on the nonparty witnesses as whole.  And its other arguments—that the witnesses' testimony is *relevant* because of their experience with the products during the time of the conduct at issue, and that, generally speaking, live testimony is more efficient than deposition testimony, do not even address the relevant considerations.  Ultimately, the Government's opposition fails to overcome the more "demanding variant" of the undue burden analysis applicable to nonparties like Mr. Srinivasan.

The Court should quash the Subpoena.

## I.     The Government has not complied with 15 U.S.C. § 23, so the Subpoena must be quashed as geographically improper.

Federal Rule of Civil Procedure 45 states that a Court "*must* quash or modify" a subpoena that requires a person to comply beyond the geographical limits specified in Rule 45(c)."  Fed. R. Civ. P. 45(d)(3)(A)(ii) (emphasis added); *In re Guthri*e, 733 F.2d 634, 637 (4th Cir. 1984) ("[A] nonparty witness outside the state in which the district court sits, and not within the 100-mile bulge, may not be compelled to attend a hearing or trial.").  The Government does not dispute that Mr. Srinivasan's residence and employment are both located beyond this limit.

Nonetheless, "nationwide enforcement of trial subpoenas" can be permitted under the Clayton Act—but *only if* the "government has complied with 15 U.S.C. § 23."  *United States v. Anthem, Inc.*, No. CV 16-1493 (ABJ), 2016 WL 11164033, at *2 (D.D.C. Dec. 7, 2016).  Here, the government has not, both under the plain language of the statute and the applicable caselaw.

The Clayton Act permits requiring the attendance at trial of an out-of-district witness who is more than one hundred miles from the court, solely on "the permission of the trial court being first had upon proper application and cause shown." 15 U.S.C. § 23.  The plain language of this provision requires that the party who wishes to issue a subpoena out-of-district and beyond 100

miles must make "proper application" and show "cause," and then obtain permission of the trial court.

The Government argues that its bare-bones reference to 15 U.S.C. § 23 in a joint proposed discovery plan meets this standard. *See* ECF No. 87 ("Pursuant to 15 U.S.C. § 23, the parties are permitted to issue nationwide discovery and trial subpoenas from this Court"). But the Government does not and cannot cite a single case supporting the position that this satisfies the Clayton Act requirement. First, the language the Government points to in this case does not reference *any* cause shown. Second, the Court speaks through its orders—not through parties' filings. And there is no Order in this case in which permission for nationwide trial subpoenas is granted or in which the particular section of the joint proposed discovery plan is adopted. Even the portion of transcript cited by the Government from the parties' Rule 16 scheduling conference fails to support the Government's position. *See* Opp. (ECF No. 1284) at 5 ("I'm going to enter a Rule 16 scheduling order that adopts your joint discovery plan *in part*." (emphasis added)).

Nor are the Government's case citations persuasive. In the D.C. District Court Google Search case, Judge Mehta issued a Case Management Order that expressly permitted Plaintiffs to issue nationwide trial subpoenas under 15 U.S.C. § 23. *See* Case Management Order, ECF No. 108-1 at ¶ 29, Civ. A. No. 1:20-cv-3010-APM (D.D.C. Feb. 3, 2021) ("To assist the Parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, the parties are permitted, under 15 U.S.C. § 23, to issue nationwide discovery and trial subpoenas from this Court."). No such order has been issued here. The other cases cited by the Government likewise contain a Court order expressly finding cause and granting permission. *See, e.g., United States of America v. Booz Allen Hamilton, Inc.*, Case No. 1:22-cv-1603, ECF No. 99, at ¶ 17 (D. Md. June 29, 2022) ("[I]n view of the geographic dispersion of

potential witnesses in this action outside this District, the Parties are permitted, under 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court."); *United States v. Anthem, Inc.*, No. CV 16-1493 (ABJ), 2016 WL 11164033, at *2 (D.D.C. Dec. 7, 2016) (same).

The Government now asks the Court to find cause and grant permission—mere days before trial.  But there is no good cause for the Government's failure to timely follow the steps required 15 U.S.C. § 23.  The Court should quash the Subpoena under Federal Rule of Civil Procedure 45(d)(3)(A)(ii).

**II.     The Subpoena should be quashed because it imposes an undue burden.**

In the alternative, Rule 45 requires a Court to quash or modify a subpoena that "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iv).  This entails weighing "whether the information is necessary and whether it is available from any other source."  *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-CV-525, 2014 WL 12544827, at *1 (E.D. Va. Jan. 9, 2014) (citation omitted).  For a nonparty, a "more demanding variant of the proportionality analysis" should be used.  *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019).

The Government contends that the nonparty witnesses, including Mr. Srinivasan, do not face an undue burden because they have not "identified any circumstance that wholly prevents them from testifying" and because the Government has "informed counsel that their scheduling requests will be accommodated to the extent possible."  Opp. at 7-8.  The Government contends that the requested witnesses' testimony is necessary because the witnesses were involved in "the products and conduct at issue," though the Government speaks of a whole group of nonparty witnesses in general terms.  The Government further argues that especially during a bench trial, "[l]ive testimony is important."  *Id.* at 8 (quoting Judge Mehta); *see also* Opp. at 9 (Government

4

argues it would be "more efficient to present targeted and focused trial testimony"). The Government finally contends that deposition transcripts are "no substitute" for live testimony because the depositions took place "long ago." *Id.* at 9.

These arguments fail to address the proper considerations. In *Jordan*, the Fourth Circuit explained the factors the requesting party must show to overcome a motion to quash for burden:

> On the benefit side of the ledger, courts should consider not just the relevance of information sought, but the requesting party's need for it. . . . Courts should also consider what information is available to the requesting party from other sources. To that end, ***the requesting party should be able to explain why it cannot obtain the same information, or comparable information that would also satisfy its needs, from one of the parties to the litigation***—or, in appropriate cases, from other third parties that would be more logical targets for the subpoena.
>
> On the burden side, district courts should of course consider the dollars-and-cents costs []. But there are other cognizable burdens as well. For example, a subpoena may impose a burden by invading privacy or confidentiality interests. Courts may consider the interests of the recipient of the subpoena, as well as others who might be affected.

921 F.3d at 189–90 (citations omitted and emphasis added). In other words, under applicable Fourth Circuit precedent, when a subpoena is challenged by a nonparty on the basis of burden, the requesting party (the Government, here) must explain why it *needs* these nonparty witnesses to testify for its case—and why it cannot get the same information from other sources, such as documents, party witnesses (including current Google employees), and prior depositions. The Government's argument in its opposition brief—which boils down to (1) its contention that the witnesses as a whole are *relevant* because of their involvement in the products at issue, and (2) its *preference* for live testimony over deposition testimony—does not even address these considerations. The Government must explain what evidence it needs which the specific witness will provide, and why party witnesses and documentary evidence cannot provide the same facts. Here, the Government has failed to make the required showing.

As a final point, the Government contends that the depositions are from "long ago" and are therefore less useful. Opp. at 9. But given that this case addresses complex technological developments over a fifteen-year period, the fact that Mr. Srinivasan's deposition was taken when his memory was fresher cuts against the Government's argument here. In any event, this argument fails to carry much weight—Mr. Srinivasan was deposed just a year ago, on August 29, 2023, when the Government already had access to the documents and results of its investigation.[1]

In any event, the lack of availability of better deposition testimony is partly a product of the Government's own choices. The Government left hours on the clock that it could have used to create a more useful record during Mr. Srinivasan's deposition. Now the Government contends that its failure to conduct the discovery it needed entitles it to explore new ground with Mr. Srinivasan on the witness stand, and in a far more burdensome setting (a highly publicized trial), requiring travel and the inconvenience of setting aside multiple days or even weeks due to the Government's inability or unwillingness to provide more certainty on the schedule. The Government has had enough opportunity during the investigation and discovery phase of this proceeding to make its case. Mr. Srinivasan should not now be asked to bear the burden of out of state trial testimony as a result of decisions made by the parties in discovery.[2]

---

[1] The Government also asks the Court to prioritize certain witnesses over others, including Mr. Srinivasan, whom the Government mischaracterizes as a "high-ranking executive[]." Opp. at 10. Mr. Srinivasan is, and was at all times relevant, a junior product manager of the team covering yield optimization products, who reported to other senior managers and never had any other employee reporting to him.

[2] Nor is it fair to ask these witnesses to bear the burden of whatever discovery disputes occurred between the parties, such as the Government's reference to the timing of its receipt of 'sufficient information to locate a recording of Mr. Srinivasan.' Opp. at 11.

**III.     If it does not quash the Subpoena, the Court should grant the protective order.**

At the very least, and in the alternative, the circumstances here justify the Court's issuance of a protective order related to the dates and times of testimony.

In opposition, the Government makes the conclusory contention that where the witnesses "have identified specific dates when they are unavailable due to scheduling conflicts," the Government has "informed counsel that their scheduling requests will be accommodated to the extent possible."  Opp. at 8.

To be clear: there have been no more concrete attempts to accommodate Mr. Srinivasan's schedule or to ameliorate the burden associated with out of state testimony behind that conclusory statement.  The Government initially asked Mr. Srinivasan if he had any specific "avoid dates" for the first three weeks of trial.  Counsel for Mr. Srinivasan provided those dates.  The Government *has not communicated any other specifics* as to when within those three weeks Mr. Srinivasan will be called.  Indeed, when directly asked during the conferral for this motion whether the Government could agree to advance notice or a reasonable window of dates certain (or to provide *any* other information) regarding Mr. Srinivasan's testimony, the Government's only response was declining to take any position.  And the only other communication to counsel in the week since filing this motion merely indicated that the Government was working to narrow down dates and would be in touch.  Accordingly, Mr. Srinivasan respectfully requests that if his Subpoena is not quashed, the Court issue a Protective Order directing the government to provide reasonable notice and a date certain for his live testimony, or if the Court would permit, allow him to testify by remote audiovisual means.

Dated: August 30, 2024

Respectfully submitted,

*/s/ Casey Lucier*

Amy B. Manning (admitted *pro hac vice*)
McGuireWoods LLP
77 West Wacker Drive
Chicago, IL 60601-1818
Telephone: (312) 750-8904
Facsimile: (312) 558-4386
Email: amanning@mcguirewoods.com

Casey E. Lucier (VSB No. 80363)
Juliet B. Clark (VSB No. 96918)
McGuireWoods LLP
800 E. Canal Street
Gateway Plaza
Richmond, VA 23219
Telephone: (804) 775-1000
Email: jbclark@mcguirewoods.com
Email: clucier@mcguirewoods.com

*Attorneys for Nonparty Rahul Srinivasan*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on August 30, 2024 a copy of the foregoing was electronically

filed via the Court's CM/ECF system and served on all counsel of record.

*/s/ Casey E. Lucier*
Casey E. Lucier