UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>                  Plaintiffs,<br><br>  vs.<br><br>GOOGLE LLC,<br><br>                  Defendant. | No. 1:23-cv-00108-LMB-JFA |

**NON-PARTY META PLATFORMS, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO CLARIFY**

Non-party Meta Platforms, Inc. ("Meta") respectfully submits this memorandum of law in support of its contemporaneously filed Motion to Clarify ("Motion"). For the reasons that follow, Meta hereby requests that this Court clarify that its Order sealing portions of DTX641 also applies to the wholly duplicative document DTX642. In further support of its Motion, Meta states as follows.

On July 5, 2024, the parties notified Meta of their intent to use at trial significant amounts of Meta's confidential information. As part of that process, Google provided a list of anticipated trial exhibits. *See* Dkt. No. 894, Exhibit List by Google LLC. That exhibit list contained two entries—DTX641 and DTX642—that are identical. On July 26, 2024, Meta timely filed a Motion to Seal with this Court requesting to seal certain deposition testimony and trial exhibits. *See* Dkt. No. 1018, Motion to Seal ("July 26 Motion to Seal"). In its July 26 Motion to Seal, Meta requested partial sealing of DTX641. *See* Dkt. No. 1019, Memorandum in Support of Motion to Seal, at 4; Dkt. No. 1022, Ex. 12. Meta inadvertently omitted identifying that the same redactions should

1

apply to DTX642, the identical document. The Court granted the July 26 Motion to Seal on August 9, 2024. *See* Dkt. No. 1147, Order.

On October 21, Meta was apprised by Google that an unredacted version of DTX642 was introduced in evidence, but it was not publicly displayed. Meta immediately investigated and discovered that, in the process of generating the list of materials it sought to seal as part of its July 26 Motion to Seal, the list had been de-duplicated. Thus, DTX642 was inadvertently excised because its exact duplicate, DTX641, was already on the list and Meta did not identify the separate, duplicate trial exhibit entry in its Motion.

Meta also promptly contacted Google and the DOJ, asking if either party objected to the instant motion. Google does not object and the DOJ takes no position on the request.

Meta therefore requests that this Court clarify that its Order regarding the sealing of DTX641 apply equally to DTX642. This Court has the inherent authority to so clarify. *See, e.g.,* Fed. R. Civ. Proc. 60(a) ("The court may correct a [] mistake arising from oversight or omission whenever one is found in a[n] order."). Such clarification is proper here. The Court already found that the partial sealing of DTX461 was warranted by a compelling interest. That compelling interest applies equally to DTX462. And because the parties either do not oppose or take no position on this motion, Meta respectfully requests that the Court summarily grant its motion.

|  |  |
|---|---|
| October 23, 2024 | Respectfully submitted,<br><br>COVINGTON & BURLING LLP<br><br>*/s/ Connor Kelley*<br>Connor Kelley (VA Bar No. 93596)<br>One CityCenter<br>850 Tenth St., NW<br>Washington, DC 20001<br>Telephone: 202-662-6000<br>Facsimile: 202-778-5628<br>ckelley@cov.com<br><br>E. Kate Patchen (admitted *pro hac vice*)<br>Salesforce Tower<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone: 415-591-6000<br>kpatchen@cov.com<br><br>*Attorneys for Non-Party Meta Platforms, Inc.* |