UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>　　　　　*Plaintiffs*,<br><br>　vs.<br><br>GOOGLE LLC,<br><br>　　　　　*Defendant*. | No: 1:23-cv-00108-LMB-JFA |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT GOOGLE LLC'S MOTION TO SEAL**

　　Pursuant to Local Civil Rule 5, Defendant Google LLC ("Google"), submits this Memorandum in Support of its Motion to Seal. Google seeks leave to file portions of its Proposed Findings of Fact and Conclusions of Law under seal. For the reasons stated below, Google respectfully requests that the Court grant the Motion and seal a narrow set of information that implicates Google's trade secrets and other highly sensitive and competitive business information. Furthermore, in accordance with the Court's August 9 Order, Google has redacted information that Plaintiffs and non-parties have previously requested remain under seal.

**LEGAL STANDARD**

　　"When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements."[1] *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Substantively, the Court "must determine the source of the right of access with respect to each document." *Stone* v. *Univ. of Md. Med. Sys. Corp.*, 855

---

[1] With respect to quoted material, unless otherwise indicated, all brackets, ellipses, footnote call numbers, internal quotations, and citations have been omitted for readability. All emphasis is added unless otherwise indicated.

1

F.2d 178, 180-81 (4th Cir. 1988).  "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police*, 386 F.3d at 575.  "While the common law presumption in favor of access attaches to all judicial records and documents, the First Amendment guarantee of access has been extended only to particular judicial records and documents."  *Stone*, 855 F.2d at 180.  Even so, public access to civil trial records "is not absolute," and restrictions can be justified by concerns that such records "might . . . become a vehicle for improper purposes," such as where the records serve "as sources of business information that might harm a litigant's competitive standing." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  In particular, a corporation's "strong interest in preserving the confidentiality of its proprietary and trade-secret information . . . may justify partial sealing of court records."  *Doe* v. *Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014).

Procedurally, before allowing documents to be filed under seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft* v. *Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

## ARGUMENT

Through its Motion, Google seeks to keep a narrow set of its confidential commercially sensitive information under seal.  Google requests that this information remain under seal because Google would likely suffer substantial economic harm by its disclosure, outweighing the public's right of access.  Google respectfully requests that the Court grant Google's Motion to Seal because its requests are narrowly tailored such that the public will still be able to understand the legal and

general factual basis of Google's Proposed Findings of Fact and Conclusions of Law. Sealing is appropriate under the First Amendment, which applies here.

Google also has redacted information from non-parties and Plaintiffs pursuant to the Court's August 9 Order. Dkt No. 1147.

### I. GOOGLE HAS COMPLIED WITH THE PROCEDURAL REQUIREMENTS FOR SEALING.

Under the local rules, a party may file a motion to seal together with the proposed sealed filings. E.D. Va. Civ. R. 5(C). Before sealing a court record, a court must provide public notice, consider less drastic alternatives to sealing the documents, and provide specific reasons and findings supporting the decision to seal. *Ashcraft,* 218 F.3d at 302. Each of those procedural requirements have been met here.

*First,* Google has provided public notice of its request to seal, and interested parties will have an opportunity to object. Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing, or by "docketing [the sealing request] in advance of deciding the issue." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Pursuant to Local Civil Rule 5(C), Google has publicly filed a Notice of Motion to Seal. Entry of that Notice and the supporting documents onto the Court's public docket will notify any interested parties of Google's sealing motion and provide interested persons with "an opportunity to object." *Id.*

*Second,* Google has limited its sealing request to highly sensitive and competitive business information material referenced in its proposed Findings of Fact and Conclusions of Law. In deciding whether to grant a sealing request, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. Google has proposed using limited sealing measures—targeted and limited redactions—to protect its trade secrets and

3

commercially sensitive business information. The proposed redactions will still provide the public access to Google's Findings of Fact and Conclusions of Law while protecting Google's trade secrets and commercially sensitive business information. *See Philpot* v. *Indep. J. Rev.*, 2021 WL 5071504, at *1 (E.D. Va. Apr. 7, 2021) (granting motion to seal redacted documents filed in connection with summary judgment briefing as "this selective protection of information constitutes the least drastic measure of sealing confidential material"); *United States ex rel. Carter* v. *Halliburton Co.*, 2011 WL 8204612, *3 (E.D. Va. Nov. 29, 2011) (limited redaction approved as opposed to "sealing the brief *in toto*"). Accordingly, Google has proposed the least drastic method to protect its highly sensitive confidential information and the public's right of access.

**Third**, as detailed in Section II, Google has provided the specific reasons supporting its sealing request. In accordance with Local Civil Rule 5(C), Google has provided a proposed order containing the required findings.

## II. GOOGLE REQUESTS SEALING OF ITS TRADE SECRETS AND OTHER PROPRIETARY INFORMATION.

Google seeks to seal certain confidential business information filed in connection with its Proposed Findings of Fact and Conclusions of Law. Information filed in connection with a dispositive motion or trial may remain sealed where there is "a compelling government interest" and the sealing is "narrowly tailored to serve that interest." *Rushford* v. *New York Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Even where the more stringent First Amendment presumption applies, courts recognize that "private interests might also implicate higher values sufficient to override (or, in an alternative mode of analysis, to except the proceeding or materials at issue from) the First Amendment presumption of public access." *Level 3 Commc'ns, LLC* v. *Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 580 (E.D. Va. 2009).

As the Fourth Circuit has recognized, a "corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records." *Doe*, 749 F.3d at 269; *see also Pittston Co.* v. *United States*, 368 F.3d 385, 406 (4th Cir. 2004) (district court did not abuse its discretion in refusing to unseal documents containing confidential and proprietary business information filed in connection with summary judgment motion); *Benedict* v. *Hankook Tire Co. Ltd.*, 323 F. Supp. 3d 747, 766 (E.D. Va. 2018) (businesses may have a "compelling interest under the First Amendment test" in "protecting proprietary commercial information"). A "trade secret" may be any information, used for a business purpose, which gives the user an advantage over competitors who do not know it; therefore, the touchstone of a trade secret is secrecy. *See Kewanee Oil Co.* v. *Bicron Corp.*, 416 U.S. 470, 474-78 (1974). The value of a "trade secret" may be lost if it is published. *Ruckelshaus* v. *Monsanto Co.*, 467 U.S. 986, 1002 (1984) (property right in trade secret "is extinguished" by public disclosure). This includes through public disclosure in the court record. *See Religious Tech. Ctr.* v. *Lerma*, 908 F. Supp. 1362, 1368-69 (E.D. Va. 1995) (trade secret status lost after having been in judicial file for 28 months and posted on internet).[2]

---

[2] State law and common law principles also broadly protect trade secrets. Under the Uniform Trade Secrets Act, a "trade secret" is defined as any "information, including but not limited to, a formula, pattern, compilation, program, device, method, technique, or process" that has "independent economic value, actual or potential, from not being generally known," and that is subject to "reasonable" efforts to maintain confidentiality. *See, e.g.*, Va. Code Ann. § 59.1-336 (2019). Similarly, under long-standing common law principles, a "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." Restatement (First) of Torts § 757, cmt. b (Am. L. Inst. 1939) (emphasis added). Under these universally recognized principles of law, a wide variety of other forms and species of business information have been protected as "trade secrets."

Here, Google seeks limited sealing to protect its highly sensitive proprietary information. Specifically, Google seeks the following redactions, which are designated by blue highlighting in the sealed version of Google's Proposed Findings of Fact and Conclusions of Law:[3]

- **Paragraph 374.4 of the Proposed Findings of Fact**: Google seeks limited redactions of non-public confidential financial information and business strategies.

- **Paragraph 493 of the Proposed Findings of Fact**: Google seeks limited redactions pertaining to non-public confidential financial information and business strategies.

- **Paragraph 803 of the Proposed Findings of Fact**: Google seeks limited redactions pertaining to non-public competitively sensitive customer information.

- **Paragraph 1194 of the Proposed Findings of Fact**: Google seeks redactions pertaining to non-public competitively sensitive recent financial information, including profit and loss data.

District courts in the Fourth Circuit have sealed similar categories of information where the First Amendment right of access attaches. *See, e.g., E. W., LLC* v. *Rahman*, 2012 WL 3843657, at *3 (E.D. Va. Sept. 4, 2012) ("sensitive financial data, including gross profit data, the disclosure of which would be highly likely to cause significant harm to the [company's] business competitive position"); *Intelligent Verification Sys., LLC* v. *Microsoft Corp.*, 2014 WL 12659953, at *1 (E.D. Va. Dec. 22, 2014) (sealing "sensitive business information"); *HiQ Materials AG* v. *ICP Indus., Inc.* 2023 WL 4842783, at *2 (M.D.N.C. June 28, 2023) (defendant "seeks to redact only proprietary business and customer information and trade secrets in the form of financial analyses, market research, pricing formulas, and highly sensitive customer needs and preferences"); *360 Mortg. Grp., LLC* v. *Stonegate Mortg. Corp.*, 2016 WL 4939308, at *1-2 (E.D.N.C. Sept. 14,

---

[3] With the exception of Paragraph 1194, this information is also subject to a separate pending revised sealing request by Google. Dkt. No. 1236; Dkt. No. 1236-1 at 14 (DTX1053), 18 (DTX1970). Plaintiffs have no objections to Google's sealing requests. Dkt. No. 1236 at 2. Regarding Paragraph 1194, Google seeks to redact Mok DX 2, which contains Google's product-level profit and loss information from 2020 to August 2023. With Plaintiffs' consent, Google presented Mok DX 2 at trial with redactions to protect this highly specific and competitively sensitive recent financial information. Google requests that the Court continue to permit Google to keep this information under seal.

2016) ("business techniques, the identification of . . . customers, and . . . finances" are "the type of confidential business information properly subject to protection").

Google's proposed redactions are limited to its proprietary and confidential business information, disclosure of which could cause substantial economic harm.

### III.   GOOGLE REQUESTS SEALING OF NON-PARTIES' AND PLAINTIFFS' INFORMATION PURSUANT TO LOCAL CIVIL RULE 5 AND THE COURT'S AUGUST 9 ORDER.

Pursuant to the Court's Order setting pretrial dates and deadlines, all parties and non-parties were required by July 26, 2024, to file specific requests to seal or redact trial exhibits or deposition designations containing confidential information. Dkt. No. 871. Thirty-three (33) non-parties filed such requests; the Court granted those 33 non-parties' requests in its Order entered on August 9, 2024. Dkt. No. 1147 at 2. Pursuant to the Court's Order, parties may only use "an exhibit or deposition designation that conforms with the redaction or sealing requests as set forth in the 33 non-parties' memoranda." *Id.* at 3. Similarly, Plaintiffs requested redactions to 28 exhibits and sealing of 1 exhibit in its entirety, which the Court granted. *Id.* at 3-4. Likewise, only "redacted versions of these exhibits . . . may be used at trial." *Id.* at 4.

Therefore, in accordance with its obligations under the Court's August 9 Order, Google has kept certain information under seal as requested by non-parties and Plaintiffs in their July 26th submissions. *Id.* at 2 n.1, 5. Those redactions are designated by yellow highlighting in the sealed version of Google's Proposed Findings of Fact and Conclusions of Law.

### **CONCLUSION**

For the reasons argued above, Google requests that the Court grant the motion to seal. A proposed order is submitted herewith.

Dated: November 4, 2024

Respectfully submitted,

Eric Mahr (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

Justina K. Sessions (*pro hac vice*)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Fax: (650) 461-8276
justina.sessions@freshfields.com

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

*Counsel for Defendant Google LLC*

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ:
209 Madison Street, Suite 501
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (*pro hac vice*)
Jeannie S. Rhee (*pro hac vice*)
William A: Isaacson (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Bryon P. Becker (VSB #93384)
Erica Spevack (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile (202) 223-7420
kdunn@paulweiss.com

Erin J. Morgan (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3387
Facsimile:  (212) 492-0387
ejmorgan@paulweiss.com