IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., | ) |
| | ) |
|       Plaintiffs, | ) |
| v. | ) No. 1:23-cv-00108-LMB-JFA |
| | ) |
| GOOGLE LLC, | ) |
| | ) |
|       Defendant. | ) |

**JOINT PROPOSAL REGARDING**
**THE ADJUDICATION OF EQUITABLE REMEDIES**

PURSUANT TO the Court's Order (ECF No. 1411) the parties have met and conferred and submit this joint response proposing a schedule for the adjudication of equitable remedies.

1. The federal government and seventeen states ("Plaintiffs") filed this antitrust action against Defendant, Google LLC ("Google"), alleging certain antitrust violations concerning digital advertising technology markets (ECF No. 120) ("*Amended Complaint*").

2. Following the presentation of evidence, post-trial briefing, and closing arguments, the Court issued a liability ruling in this matter on April 17, 2025 (ECF No. 1410).

3. On the same day, the Court issued an Order instructing the parties within seven (7) days to "submit a joint proposed schedule for briefing and arguing their positions as to the remedies that should be imposed" in light of the Court having found the Defendant liable on Counts I, II, and IV of the Amended Complaint (ECF No. 1411).

4. The parties submit that an evidentiary hearing is both necessary and appropriate for the adjudication of potential equitable remedies. The parties also submit that limited additional fact discovery is both necessary and appropriate for the adjudication of potential equitable remedies (*see* EFC No. 283 at 3-4).

1

5. During the merits-adjudication phase, Plaintiffs sought clarification of the pretrial schedule regarding the timing, nature, and extent of discovery that would occur regarding equitable remedies if Google were found liable (ECF Nos. 276 & 277). The Court (Hon. John F. Anderson, United States Magistrate Judge) granted relief to Plaintiffs and entered an order providing that were liability to be found, the Court would then "promptly convene a status conference to discuss whether plaintiffs wish to pursue equitable relief . . . , what equitable relief plaintiffs intend to pursue, the schedule for exchanging expert reports addressing the specific equitable remedy or remedies being sought, the schedule for briefing by the parties, and a date for a hearing" (ECF No. 283 at 3).

6. Only equitable remedies are now at issue (*Amended Complaint*, ¶ 342, subparagraphs 6-9). The predicate event for adjudication of equitable remedies is the parties' identification of proposed equitable remedies, which is the first event in the schedule. Those proposed remedies will then set the parameters for appropriate fact and expert discovery.

7. Pursuant to the Court's Order (ECF No. 1411), the parties have met and conferred and submit the following proposal for the schedule for limited fact and expert discovery pertaining to equitable remedies:

| Event | Date |
|---|---|
| The parties will each file with the Court their proposals for appropriate remedies in this matter. | May 5, 2025 |
| Factual discovery on the parties' proposals begins. | Immediately |
| The parties will each file with the Court their response to the opposing party's proposal for the appropriate remedies in this matter. | May 19, 2025 |
| Factual discovery on the parties' proposals closes. | June 30, 2025 |
| The parties shall simultaneously serve expert reports and disclosures consistent with Rule 26(a)(2). | July 7, 2025 |
| The parties shall simultaneously serve opposition expert reports and disclosures. | July 28, 2025 |
| The parties shall simultaneously serve reply reports. | August 11, 2025 |
| Expert discovery on the parties' proposals closes. | August 27, 2025 |
| The parties will each file proposed orders reflecting the appropriate remedies in this matter. | September 5, 2025 |
| The parties will each file responses to the opposing party's proposal for the appropriate remedies in this matter. | September 19, 2025 |
| The parties' proposed remedies trial commencement date.[1] | September 22, 2025 |
| The parties shall file post-hearing briefs. | 2 weeks after the close of trial |

6.  The parties respectfully submit that this proposed schedule will permit the reasonably prompt and orderly adjudication of equitable remedies.

WHEREFORE, the parties request that the Court adopt the proposed schedule. A proposed order is submitted herewith.

---

[1] If September 22, 2025, is not available to the Court for the commencement of the remedies trial, the parties request that they be permitted to meet and confer to propose other mutually available dates.

3

Dated: April 24, 2025

**JOINTLY SUBMITTED:**

**FOR PLAINTIFFS:**

| | |
|---|---|
| ERIK S. SIEBERT<br>United States Attorney | JASON S. MIYARES<br>Attorney General of Virginia |
| */s/ Gerard Mene*<br>GERARD MENE<br>Assistant U.S. Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3777<br>Facsimile: (703) 299-3983<br>Email: Gerard.Mene@usdoj.gov | */s/ Tyler T. Henry*<br>TYLER T. HENRY<br>Assistant Attorney General<br><br>Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us |
| */s/ Julia Tarver Wood*<br>JULIA TARVER WOOD<br>*/s/ Michael E. Wolin*<br>MICHAEL E. WOLIN<br>United States Department of Justice<br>Antitrust Division<br>450 Fifth Street NW, Suite 7100<br>Washington, DC 20530<br>Telephone: (202) 307-0077<br>Fax: (202) 616-8544<br>Email: Julia.Tarver.Wood@usdoj.gov<br><br>Attorneys for the United States | Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia |

**FOR GOOGLE:**

Eric Mahr (*pro hac vice*)
Julie S. Elmer (*pro hac vice*)
Andrew J. Ewalt (*pro hac vice*)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com
julie.elmer@freshfields.com
andrew.ewalt@freshfields.com

Justina Sessions *(pro hac vice)*
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
justina.sessions@freshfields.com

Daniel S. Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

*/s/ Craig C. Reilly*
CRAIG C. REILLY (VSB # 20942)
209 Madison Street
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (*pro hac vice*)
Jeannie Rhee (*pro hac vice*)
William Isaacson (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kdunn@paulweiss.com
jrhee@paulweiss.com
wisaacson@paulweiss.com
amauser@paulweiss.com

Bradley Justus (VSB # 80533)
David Pearl (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com
dpearl@axinn.com

*Counsel for Google LLC*