IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, et al., )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>GOOGLE LLC, )<br>)<br>Defendant. ) | No. 1:23-cv-00108-LMB-JFA |

**PLAINTIFFS' SUPPLEMENTAL STATEMENT REGARDING JOINT PROPOSAL FOR THE ADJUDICATION OF EQUITABLE REMEDIES**

On April 24, 2025, the parties filed a Joint Proposal Regarding the Adjudication of Equitable Remedies ("Joint Proposal") (ECF No. 1416). Plaintiffs respectfully submit this statement in advance of the May 2 hearing so the Court can have the benefit of the legal principles and procedural history that informed the Joint Proposal.

The Joint Proposal requested that the Court enter a schedule for remedies proceedings which included, *inter alia*, "limited additional fact discovery," additional expert discovery, and an evidentiary hearing. (*Id*. at 1, 3.) This Joint Proposal reflecting the parties' agreement that additional fact and expert discovery is needed was negotiated between the parties over several meet-and-confers, and was grounded in case law, including *United States v. Microsoft Corp.*, 253 F.3d 34 (D.C. Cir. 2001) (en banc) and prior rulings by the Court.

In *Microsoft*, the D.C. Circuit vacated a remedies decree in a monopoly case for the "independent reason[]" that "the court failed to hold a remedies-specific evidentiary hearing when there were disputed facts." 253 F.3d at 98. The D.C. Circuit held that "[a] hearing on the merits – i.e., a trial on liability – does not substitute for a relief-specific evidentiary hearing unless the matter of relief was part of the trial on liability, or unless there are no disputed factual

1

issues regarding the matter of relief." *Id*. at 101. Such a "relief-specific evidentiary hearing" was necessary because "the parties disputed a number of facts during the remedies phase." *Id*.; *see also United States v. Ward Baking Co.*, 376 U.S. 327, 334 (1964) ("[A] bona fide disagreement concerning substantiative items of relief" can "be resolved only by trial."); *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 345 F. Supp. 3d 614, 624 (E.D. Va. 2018) ("In addition [to the liability trial], the Court conducted a three day evidentiary hearing during which the parties presented additional evidence on the issues of equitable relief.").

While discovery was ongoing in this case, the parties disagreed as to whether remedies-related fact and expert discovery should be conducted at the same time as liability discovery. Thus, Plaintiffs filed a motion on June 30, 2023, to clarify that the operative discovery schedule was limited to only the liability phase of the case and that a separate scheduling order concerning equitable remedies would await the liability verdict. (*See* ECF Nos. 276 & 277.[1]) Magistrate Judge Anderson granted Plaintiffs' motion in part, holding that "[i]n the event plaintiffs obtain a [liability verdict in their favor],[2] the court will promptly convene a status conference to discuss whether plaintiffs wish to pursue equitable relief based on the [] verdict, what equitable relief plaintiffs intend to pursue, the schedule for exchanging expert reports addressing the equitable remedy or remedies being sought, the schedule for briefing by the parties, and a date for the hearing." (ECF No. 283, at 3.)

---

[1] Plaintiffs' motion relied on *Microsoft*, including in explaining that "[d]iscovery concerning the technical feasibility of a divestiture or other equitable remedy, for example, will need to be specifically tailored to the remedy sought." (ECF No. 277, at 3, 5.)

[2] While Magistrate Judge Anderson's order refers specifically to a jury verdict—as was contemplated until almost a year later when Google decided to act to moot the jury claim—the logic applies equally to a non-jury trial.

Consistent with Magistrate Judge Anderson's decision, the parties did not exchange fact or expert discovery concerning proposed equitable remedies during the prior liability phase of the case. Importantly, discovery to date has been backward-looking, and the parties have not exchanged fact or expert discovery about "predictions and assumptions concerning future economic and business events," *Ford Motor Co. v. United States*, 405 U.S. 573, 578 (1972), that might bear on the question whether proposed equitable relief would "ensure that there remain no practices likely to result in monopolization in the future," *United States v. United Shoe Mach. Corp.*, 391 U.S. 244, 250 (1968).

In response to the Court's order of April 17, 2025 (ECF No. 1411), the parties met-and-conferred on the scope of remedies proceedings. From those discussions, Plaintiffs understand that Google disputes, at a minimum, the equitable remedies sought in the amended complaint ("the divestiture of, at minimum, the Google Ad Manager suite, including both Google's publisher ad server, DFP, and Google's ad exchange, AdX, along with any additional structural relief as needed," *see* ECF 120, at 140). Therefore, factual disputes exist. In light of these factual disputes over the feasibility and appropriateness of equitable divestitures (at a minimum), the parties agreed that limited additional fact and expert discovery and an evidentiary hearing on equitable remedies was "necessary and appropriate." (ECF No. 1416, at 1.)

Dated: April 28, 2025

Respectfully submitted,

| | |
|---|---|
| ERIK S. SIEBERT<br>United States Attorney | JASON S. MIYARES<br>Attorney General of Virginia |
| /s/ Gerard Mene<br>GERARD MENE<br>Assistant U.S. Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3777<br>Facsimile: (703) 299-3983<br>Email: Gerard.Mene@usdoj.gov | /s/ Tyler T. Henry<br>TYLER T. HENRY<br>Assistant Attorney General<br>Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us |
| /s/ Julia Tarver Wood<br>JULIA TARVER WOOD<br>MICHAEL E. WOLIN<br>MATTHEW R. HUPPERT<br><br>United States Department of Justice<br>Antitrust Division<br>450 Fifth Street NW, Suite 7100<br>Washington, DC 20530<br>Telephone: (202) 307-0077<br>Fax: (202) 616-8544<br>Email: Julia.Tarver.Wood@usdoj.gov<br><br>Attorneys for the United States | Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia |