IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, *et al.*, <br><br> *Plaintiffs*, <br><br> vs. <br><br> GOOGLE LLC, <br><br> *Defendant*. | No. 1:23-cv-00108-LMB-JFA |

**GOOGLE'S SUPPLEMENTAL STATEMENT REGARDING JOINT PROPOSAL FOR THE ADJUDICATION OF EQUITABLE REMEDIES**

On April 25, in response to the parties' proposed schedule for adjudicating equitable remedies, this Court issued an order expressing concern "about the length of time that the parties are requesting" and directing the parties "to argue their preliminary positions on the equitable remedies to be imposed, which will enable the Court to determine whether and how much discovery is necessary and appropriate." Dkt. 1417. Google agrees the appropriate timeline for remedies discovery and briefing depends on the scope of remedies under consideration. The parties' joint scheduling proposal was premised on Plaintiffs' stated intention to pursue all "the equitable remedies sought in the amended complaint," including divestiture, Dkt. 1419-1 at 3; however, should the Court assess, as Google will argue, that divesture is not an available, appropriate, or proportionate remedy in this case, Google would welcome a more streamlined proceeding and shorter discovery period.

As Plaintiffs acknowledged in their supplemental filing, in agreeing to the proposed schedule, Google reserved its objection to Plaintiffs' contemplated scope of remedies that impact the proposed schedule. *Id.* Google objects because, consistent with the Court's decision, this is

1

not a case where divestiture is a legally available remedy. Here, a monopoly was not unlawfully created through "mergers and acquisitions." *United States* v. *Microsoft*, 253 F.3d 34, 105 (2001) (en banc); *see United States* v. *E.I. du Pont de Nemours & Co.*, 366 U.S. 316, 329 (1961) (divestiture "has traditionally been the remedy for Sherman Act violations whose heart is intercorporate combination and control"); 2 Philip E. Areeda & Herbert Hovenkamp, *Antitrust Law* ¶ 303f ("Historically most cases in which courts have authorized divestiture as a remedy have been for violations of §7 of the Clayton Act").  To the contrary, the Court found "Plaintiffs have failed to show that the DoubleClick and Admeld acquisitions were anticompetitive." Dkt. 1410 ("Mem. Op.") at 87.  Moreover, divestiture would require Google to sell off tools that do much more than transact only open-web display advertising even though the Court's liability findings (and Plaintiffs' claims) were limited to markets based on that specific subset of advertising.  Mem. Op. at 114.  Divestiture would run afoul of the admonition that remedies should be of the "same type or class" as the violations, *Zenith Radio Corp.* v. *Hazeltine Rsch., Inc.*, 395 U.S. 100, 132-33 (1969), and "be tailored to fit the wrong creating the occasion for the remedy," *Microsoft*, 253 F.3d at 107.

Consistent with the Court's direction, Google will address what remedies it believes are appropriate in light of the Court's decision at the hearing scheduled for May 2.  *See New York* v. *Microsoft Corp.*, 224 F. Supp. 2d 76, 100 (D.D.C. 2002), ("Equitable relief in an antitrust case should not embody harsh measures when less severe ones will do, nor should it adopt overly regulatory requirements which involve the judiciary in the intricacies of business management." (internal quotations omitted)), *aff'd*, 373 F.3d 1199 (D.C. Cir. 2004).

As set out in Plaintiffs' filing last night, divestiture necessitates much more extensive proceedings than behavioral remedies do.  As the D.C. Circuit noted when reversing a grant of

divestiture in the *Microsoft* litigation, such significant structural relief required the district court to accommodate Microsoft's request for "substantial discovery, adequate time for preparation and a full trial on relief." *Microsoft*, 253 F.3d at 103. In that case, Microsoft identified numerous "witnesses who, had they been permitted to testify, would have challenged a wide range of plaintiffs' factual representations, including the feasibility of dividing Microsoft, the likely impact on consumers, and the effect of divestiture on shareholders." *Id.* at 101. Given the complexity of the ad tech marketplace and the dramatic effect a divestiture remedy would have on that marketplace and the many businesses it serves, due process would require that Google be able to present new evidence and fact witnesses to address similar considerations here. *Id.* ("A hearing on the merits—*i.e.*, a trial on liability—does not substitute for a relief-specific evidentiary hearing unless the matter of relief was part of the trial on liability, or unless there are no disputed factual issues regarding the matter of relief"). By contrast, for behavioral remedies, the Court has already heard substantial evidence and would need reduced additional fact and expert discovery.

| | |
|---|---|
| Dated: April 29, 2025 | Respectfully submitted, |

| | |
|---|---|
| Eric Mahr (*pro hac vice*) <br> Andrew Ewalt (*pro hac vice*) <br> Tyler Garrett (VSB # 94759) <br> FRESHFIELDS US LLP <br> 700 13th Street, NW, 10th Floor <br> Washington, DC 20005 <br> Telephone: (202) 777-4500 <br> Facsimile: (202) 777-4555 <br> eric.mahr@freshfields.com | */s/ Craig C. Reilly* <br> Craig C. Reilly (VSB # 20942) <br> THE LAW OFFICE OF <br> CRAIG C. REILLY, ESQ: <br> 209 Madison Street, Suite 501 <br> Alexandria, VA 22314 <br> Telephone: (703) 549-5354 <br> Facsimile: (703) 549-5355 <br> craig.reilly@ccreillylaw.com |
| Justina K. Sessions (*pro hac vice*) <br> FRESHFIELDS US LLP <br> 855 Main Street <br> Redwood City, CA 94063 <br> Telephone: (650) 618-9250 <br> Fax: (650) 461-8276 <br> justina.sessions@freshfields.com | Karen L. Dunn (*pro hac vice*) <br> Jeannie S. Rhee (*pro hac vice*) <br> William A. Isaacson (*pro hac vice*) <br> Amy J. Mauser (*pro hac vice*) <br> Martha L. Goodman (*pro hac vice*) <br> Bryon P. Becker (VSB #93384) <br> Erica Spevack (*pro hac vice*) <br> PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP <br> 2001 K Street, NW <br> Washington, DC 20006-1047 <br> Telephone: (202) 223-7300 <br> Facsimile (202) 223-7420 <br> kdunn@paulweiss.com |
| Daniel Bitton (*pro hac vice*) <br> AXINN, VELTROP & HARKRIDER LLP <br> 55 2nd Street <br> San Francisco, CA 94105 <br> Telephone: (415) 490-2000 <br> Facsimile: (415) 490-2001 <br> dbitton@axinn.com | |
| Bradley Justus (VSB # 80533) <br> AXINN, VELTROP & HARKRIDER LLP <br> 1901 L Street, NW <br> Washington, DC 20036 <br> Telephone: (202) 912-4700 <br> Facsimile: (202) 912-4701 <br> bjustus@axinn.com | Erin J. Morgan (*pro hac vice*) <br> PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP <br> 1285 Avenue of the Americas <br> New York, NY 10019-6064 <br> Telephone: (212) 373-3387 <br> Facsimile: (212) 492-0387 <br> ejmorgan@paulweiss.com |

*Counsel for Defendant Google LLC*