# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> COMMONWEALTH OF VIRGINIA, ) <br> STATE OF ARIZONA, ) <br> STATE OF CALIFORNIA, ) <br> STATE OF COLORADO, ) <br> STATE OF CONNECTICUT, ) <br> STATE OF ILLINOIS, ) <br> STATE OF MICHIGAN, ) <br> STATE OF MINNESOTA, ) <br> STATE OF NEBRASKA, ) <br> STATE OF NEW HAMPSHIRE, ) <br> STATE OF NEW JERSEY, ) <br> STATE OF NEW YORK, ) <br> STATE OF NORTH CAROLINA, ) <br> STATE OF RHODE ISLAND, ) <br> STATE OF TENNESSEE, ) <br> STATE OF WASHINGTON, ) <br> and ) <br> STATE OF WEST VIRGINIA, ) <br>     ) <br>     Plaintiffs, ) <br>     ) <br>     v. ) <br>     ) <br> Google, LLC, ) <br>     ) <br>     Defendant. ) | No.: 1:23-cv-108-LMB-JFA |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES (REMEDIES PHASE)**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs United States of America, the Commonwealth of Virginia, and the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington and West Virginia hereby request that Defendant Google LLC answer the following interrogatory fully in writing and under oath as soon as possible and no later than 30 days after service of this request or at any time or place counsel for the parties may agree or the Court may direct.

1

## **DEFINITIONS**

1. The terms "Google" or "Defendant" mean Google LLC, its domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing. The terms "parent," "subsidiary," "affiliate," and "joint venture" refer to any person in which there is partial (25 percent or more) or total ownership or control.

2. The term "Documents" means all written, printed, or electronically stored information ("ESI") of any kind in the possession, custody, or control of the Defendant, including information stored on social media accounts like Twitter or Facebook, chats, instant messages, text messages, other Messaging Applications, and documents contained in Collaborative Work Environments and other document databases. "Documents" includes metadata, formulas, and other embedded information whether hidden or visible, including but not limited to comment, protocomment, and linked to documents including but not limited to "go/" linked documents, and bibliographic or historical data describing or relating to any document. Unless otherwise specified, "documents" excludes bills of lading, invoices in non-electronic form, purchase orders, customs declarations, and other similar documents of a purely transactional nature; architectural plans and engineering blueprints; and documents solely relating to environmental, tax, human resources, OSHA, or ERISA issues.

3. The term "GAM" refers to Google Ad Manager, including both AdX and DFP.

4. The term "Person" means any natural person, corporate entity, business entity, partnership, association, joint venture, governmental entity, or trust.

5. The term "Relevant Product" means Google's AdWords, AdX, and DFP products (as referred to in Section V.C. (pages 28-29) of the Court's Memorandum Opinion

dated April 17, 2025), including any prior or subsequent name used to designate these products or any offering containing these products. For the avoidance of doubt, this term expressly includes Google Ads, Google Display Network (GDN), and Google Ad Manager (or GAM), including Google Ad Manager 360.

## INSTRUCTIONS

1. The terms defined above and used in each of the topics should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with the Federal Rules of Civil Procedure. These definitions are provided solely for the purpose of this interrogatory.

2. The definitions provided herein shall apply to the terms defined regardless of capitalization.

3. The use of the singular form of any word includes the plural and vice versa.

4. Unless otherwise specified, the relevant time for this interrogatory is from (and including) January 1, 2019, through the present.

5. This interrogatory requires the company to provide all responsive information in the company's possession, custody, or control and are continuing in nature. Under Rule 26(e) of the Federal Rules of Civil Procedure, the company is required to supplement its responses if it has or receives additional or different information. To the extent that an interrogatory calls for information in more detail than is currently available, respond to such interrogatory by providing all information responsive thereto, in whatever detail is available. If any interrogatory cannot be answered in full, answer to the extent possible and provide an explanation why any portion of any interrogatory cannot be answered, including, but not limited to, information relating to any person who may have knowledge of or further information relating to the subject matter of the interrogatory.

6. If you object to a portion of any interrogatory and refuse to answer, answer the remaining parts of the interrogatory to which you do not object to answering.

7. If you object to all or part of any interrogatory, or otherwise withhold responsive information because of a claim of privilege, work product, or other grounds (a) identify the interrogatory or part thereof on which the objection or claim of privilege is made; (b) state whether the information is found in a document, oral communication, or some other form; (c) identify all grounds for the objection or assertion of privilege, and set forth the factual basis for assertion of the objection or claim of privilege; (d) identify the information withheld by description of the topic or subject matter, the date of the communication, and the participants; and (e) identify all persons having knowledge of any facts relating to your claim of privilege.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify, by name, title, and role, all Google employees (current or former) and/or non-lawyer consultants who, from 2019 to the present, performed any business, financial, or technical analyses, projections, and/or forecasts for Google concerning (a) any actual or potential remedy for alleged anticompetitive conduct by Google related to its digital advertising business, (b) any potential sale or divestiture of any Relevant Product; (c) any cost, burden, challenge, complication, and/or difficulty related to the divestiture of any Relevant Product.

### INTERROGATORY NO. 2

List all reasons, including all facts underlying such reasons, that it would be technically infeasible or impractical for Google divest AdX and/or DFP to a separate company or companies.

**INTERROGATORY NO. 3**

List all reasons, including all facts underlying such reasons, that it would be technically infeasible or impractical for Google to remove the final auction functionality (i.e., the functionality that determines which advertisement will serve as an impression, including choosing between direct-sold and indirect-sold opportunities) from DFP, provide the code for such functionality on an open source basis, and provide an API in DFP to allow the final auction functionality to be run outside of DFP.

**INTERROGATORY NO. 4**

Identify all non-open source and/or purchased external software services, packages, partners or third-party platforms that are integrated in any way with GAM, including AdX and/or DFP, and describe the nature of service that each provides.

**INTERROGATORY NO. 5**

Identify, by name, title, and role, all Site Reliability Engineers or equivalent personnel who have or have had responsibility for deploying or maintaining deployments of GAM, including AdX and/or DFP, at any time in the last three years.

Dated: May 2, 2025

Respectfully submitted,

FOR THE UNITED STATES:

/s/ *Julia Tarver Wood*
JULIA TARVER WOOD
MICHAEL E. WOLIN
CRAIG L. BRISKIN
ALVIN H. CHU
JAMES RYAN

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077
Email:
Julia.Tarver.Wood@usdoj.gov


FOR THE PLAINTIFF STATES:

JASON S. MIYARES
Attorney General of Virginia

/s/ *Tyler T. Henry*
TYLER T. HENRY
Assistant Attorney General

Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219
Telephone: (804) 692-0485
Facsimile: (804) 786-0122
Email:
thenry@oag.state.va.us

Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington and West Virginia