# Exhibit F

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  No. 1:23-cv-00108-LMB-IDD |
| | ) |
| GOOGLE LLC, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF UNITED STATES OF AMERICA'S OBJECTIONS TO DEFENDANT GOOGLE LLC'S FIRST SET OF REQUESTS FOR PRODUCTION TO THE UNITED STATES (REMEDIES PHASE)**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Civil Rule 26(c) of the U.S. District Court for the Eastern District of Virginia, Plaintiff United States of America ("United States") provides the following objections to Defendant Google LLC's ("Google's") First Set of Requests for Production to the United States (Remedies Phase).

**OBJECTIONS APPLICABLE TO EACH REQUEST**

1.  The United States objects to each request to the extent it: (1) is overly broad, unduly burdensome, or not proportional to the needs of the cases, (2) imposes any obligation greater than those imposed or authorized by the Federal Rules of Civil Procedure, the Local Civil Rules of the U.S. District Court for the Eastern District of Virginia, or any other applicable rule or order; (3) seeks the production of documents outside the possession, custody, or control of the Antitrust Division of the Department of Justice; or (4) seeks documents or information covered by the attorney client privilege, attorney work product protection, common interest doctrine, deliberative process privilege, and/or any other applicable privilege or protection. The United States expressly incorporates these objections into each response below.

1

2. The United States objects to each request to the extent it requests premature disclosure of expert opinions or expert materials. The United States will provide its expert disclosures in accordance with the schedule ordered by the Court.

## OBJECTIONS TO DEFINITIONS

3. The United States objects to the definition of "Display Advertisement" or "Display Advertising" and the definition of "Campaign" as vague and overbroad.

4. The United States objects to the definition of "You" and "Your" as overly broad, burdensome. Specifically, searching the entire Department of Justice for any responsive document would be burdensome and disproportionate to the needs of this case. The United States will construe "You" and "Your" to refer to the Antitrust Division of the Department of Justice.

5. The United States objects to the definition of "Third Party" to the extent it applies to any person shielded from discovery (or any communications protected) by the Stipulation and Order Regarding Expert Discovery (ECF No. 106).

6. The failure to object to any definition is not an admission that Google has properly defined the term. In the course of responding to these requests, should any ambiguity arise in the application of a term purportedly defined by Google, the United States reserves the right to meet and confer with Google to resolve any such ambiguity.

## SPECIFIC OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:** All documents and/or data, on which You or Your experts intend to rely in Remedy proceedings in this Action or in connection with or in the course of developing, evaluating, or considering Remedies.

**Objections and Responses to Request No. 1**

The United States objects to this request to the extent it is premature, as discovery is still ongoing. The United States further objects to this request to the extent it seeks information

covered by the attorney client privilege, attorney work product protection, common interest doctrine, deliberative process privilege, and/or other applicable privileges and protections. Subject to those objections, the United States will produce any documents, aside from documents produced by Google or documents produced by any third party to Google (or both Google and the United States), on which the United States intends to rely in Remedy proceedings.

**REQUEST FOR PRODUCTION NO. 2:** All communications, or documents relating to communications, with any Ad Tech Provider, Advertiser, Publisher, or Advertising Agency, during the period from September 8, 2023 through the present.

**Objections and Responses to Request No. 2**

The United States objects to this request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case. In particular, communications responsive to this request will have limited, if any, relevance at trial (s*ee, e.g.*, Trial Tr., 9/12/2024 (AM) at 157:15-18) and this request is overly broad in that it is not limited by topic or to a reasonable period of time. The United States further objects to this request to the extent it seeks information covered by the attorney client privilege, attorney work product protection, common interest doctrine, deliberative process privilege, and/or other applicable privileges and protections. Subject to those objections, the United States is willing to meet-and-confer to determine the least burdensome manner to provide Google with relevant information regarding communications with non-parties regarding remedies.

**REQUEST FOR PRODUCTION NO. 3:** All subpoenas or other requests, whether formal or informal, for documents, data, testimony, declarations, affidavits, witness statements, interviews, or information sent to any Third Party in connection with or in the course of developing, evaluating, or considering Remedies.

3

**Objections and Responses to Request No. 3**

The United States objects to this request on the grounds that the phrase "formal or informal" requests is vague and ambiguous and will interpret this request to seek subpoenas or other compulsory process issued to non-parties in connection with the remedies proceedings in this action. The United States further objects to this request as premature, as discovery is ongoing. Subject to those objections, the United States will produce any subpoenas or other compulsory process issued by Plaintiffs to any non-party during the remedies phase of this action, all written responses and/or objections to such subpoenas, all documents and information obtained through such subpoenas, and all communications with any recipient of any such subpoena concerning the subpoena or any response thereto, to the extent the non-party does not provide such materials directly to Google.

**REQUEST FOR PRODUCTION NO. 4:** All communications, or documents relating to communications, concerning any subpoenas or other requests, whether formal or informal, for documents, data, testimony, declarations, affidavits, witness statements, interviews, or information sent to any Third Party in connection with or in the course of developing, evaluating, or considering Remedies.

**Objections and Responses to Request No. 4**

The United States objects to this request on the grounds that the phrase "formal or informal" requests is vague and ambiguous, and will interpret this request to seek subpoenas or other compulsory process issued to non-parties in connection with the remedies proceedings in this action. The United States further objects to this request as premature, as discovery is ongoing. The United States also objects to this request to the extent it seeks information covered by the attorney client privilege, attorney work product protection, common interest doctrine, deliberative process privilege, and/or other applicable privileges and protections. Subject to those

4

objections, the United States will produce any subpoenas or other compulsory process issued by Plaintiffs to any non-party during the remedies phase of this action, all written responses and/or objections to such subpoenas, all documents and information obtained through such subpoenas, and all communications with any recipient of any such subpoena concerning the subpoena or any response thereto, to the extent the non-party does not provide such materials directly to Google.

**REQUEST FOR PRODUCTION NO. 5:** All written statements, affidavits, declarations, depositions, and transcripts provided by any Third Party in the course of Plaintiffs developing, evaluating, or considering Remedies.

**Objections and Responses to Request No. 5**

The United States objects to this request on the grounds that the phrase "written statements" is vague and ambiguous. Subject to that objection, the United States will produce any sworn witness statements, declarations, and affidavits obtained by Plaintiffs in connection with the remedies phase of this action.

**REQUEST FOR PRODUCTION NO. 6:** All documents used or disclosed (including any exhibits marked) in any meeting, interview, testimony, or conversation with any Third Party in connection with or in the course of developing, evaluating, or considering Remedies.

**Objections and Responses to Request No. 6**

The United States objects to this request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, in particular because it seeks any documents "used" in connection with any meeting or conversation with a non-party. The United States further objects to this request to the extent it seeks information covered by the attorney client privilege, attorney work product protection, common interest doctrine, deliberative process privilege, and/or other applicable privileges and protections. To the extent this request seeks

5

communications (or documents sent with communications) with non-parties, it is duplicative of Request No. 2, and the United States incorporates its objections and responses thereto by reference. Subject to those objections, the United States is willing to meet-and-confer on what non-privileged documents, if any, fall within this request.

**REQUEST FOR PRODUCTION NO. 7:** All witness statements, declarations, and affidavits obtained from a Third Party in connection with or in the course of developing, evaluating, or considering Remedies.

**Objections and Responses to Request No. 7**

The United States objects to this request on the grounds that the phrase "witness statements" is vague and ambiguous. The United States further objects to this request on the grounds that it is duplicative of Google's other requests, including Request No. 5. Subject to those objections, the United States will produce any sworn witness statements, declarations, and affidavits obtained by Plaintiffs in connection with the remedies phase of this action.

**REQUEST FOR PRODUCTION NO. 8:** All documents, data, or other information referenced in any witness statements, declarations, or affidavits obtained from a Third Party in connection with or in the course of developing, evaluating, or considering Remedies.

**Objections and Responses to Request No. 8**

The United States objects to this request on the grounds that the phrase "witness statements" is vague and ambiguous. The United States further objects to this request to the extent that it seeks the production of documents outside the possession, custody, or control of the Antitrust Division. Subject to those objections, the United States will produce non-privileged documents within the possession, custody, or control of the Antitrust Division that are identified

6

in any sworn witness statements, declarations, and affidavits obtained by Plaintiffs in connection with the remedies phase of this action, to the extent they are not already in Google's possession.

**REQUEST FOR PRODUCTION NO. 9:** All documents, data, or other information obtained from a Third Party in connection with or in the course of developing, evaluating, or considering Remedies.

**Objections and Responses to Request No. 9**

The United States objects to this request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case. The United States further objects to this request to the extent it seeks information covered by the attorney client privilege, attorney work product protection, common interest doctrine, deliberative process privilege, and/or other applicable privileges and protections. The United States also objects to this request on the grounds that it is duplicative of Google's other requests. The United States is willing to meet and confer should Google contend any non-privileged information beyond that otherwise covered by Google's other requests falls within the scope of this request.

**REQUEST FOR PRODUCTION NO. 10:** All documents, data, or other information provided by You to any Third Party in connection with or in the course of developing, evaluating, or considering Remedies.

**Objections and Responses to Request No. 10(a)[1]**

The United States objects to this request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case. The United States further objects to this request to the extent it seeks information covered by the attorney client privilege, attorney

---

[1] Google LLC's First Set of Requests For Production to the United States includes two requests titled "Request for Production No. 10." For clarity, the United States refers to the first Request No. 10 as 10(a) and the second Request No. 10 as 10(b).

7

work product protection, common interest doctrine, deliberative process privilege, and/or other applicable privileges and protections. The United States also objects to this request on the grounds that it is duplicative of Google's other requests. The United States is willing to meet and confer should Google contend any non-privileged information beyond that otherwise covered by Google's other requests falls within the scope of this request.

**REQUEST FOR PRODUCTION NO. 10:** All communications, or documents relating to communications, with any Third Party concerning Remedies.

**Objections and Responses to Request No. 10(b)**

The United States objects to this request to the extent it seeks information covered by the attorney client privilege, attorney work product protection, common interest doctrine, deliberative process privilege, and/or other applicable privileges and protections. The United States further objects to this request on the grounds that it is duplicative of Google's other requests. The United States is willing to meet and confer should Google contend any non-privileged information beyond that otherwise covered by Google's other requests falls within the scope of this request.

**REQUEST FOR PRODUCTION NO. 11:** All communications, or documents relating to communications, concerning Remedies between You and (a) any state, state agency, or representative thereof; (b) the Federal Trade Commission; (c) any member of the United States Congress or anyone working for a member of the United States Congress; (d) the President of the United States or anyone working for the President of the United States; (e) any foreign government agency or authority, or any representatives thereof.

**Objections and Responses to Request No. 11**

The United States objects to this request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case. The United States further objects to

8

this request on the grounds it seeks information covered by the attorney client privilege, attorney work product protection, common interest doctrine, deliberative process privilege, and/or other applicable privileges and protections. The United States also objects to this request on the grounds that "anyone working for the President of the United States" is vague and ambiguous. The United States will not produce communications between the Department of Justice and any state, state agency, or representative thereof; such communications are covered by the attorney client privilege and common interest doctrine. The United States will not search for or produce communications within the Department of Justice, or between the Department of Justice and the Federal Trade Commission, President of the United States, or anyone working for the President of the United States; such communications, to the extent they exist, are covered by the attorney client privilege, attorney work product protection, and deliberative process privilege. Subject to those objections, the United States will produce responsive non-privileged documents and communications exchanged between the Antitrust Division and foreign or international enforcement agencies regarding remedies. The United States is willing to meet-and-confer on the relevance of communications with members of Congress.

**REQUEST FOR PRODUCTION NO. 12:** All advocacy received from any Third Party concerning Remedies, including correspondence, white papers, and presentations.

**Objections and Responses to Request No. 12**

The United States objects to this request on the grounds that it is duplicative of Google's other requests. The United States is willing to meet and confer should Google contend any non-privileged information beyond that otherwise covered by Google's other requests falls within the scope of this request.

9

**REQUEST FOR PRODUCTION NO. 13:** All analyses, projections, or forecasts related to the feasibility, effects, benefits, costs, burdens, challenges, complications, or difficulty of any Remedy.

**Objections and Responses to Request No. 13**

The United States objects to this request to the extent it seeks information covered by the attorney client privilege, attorney work product protection, common interest doctrine, deliberative process privilege, and/or other applicable privileges and protections. The United States further objects to this request on the grounds that it requests premature disclosure of expert opinions or expert materials. The United States will provide its expert disclosures in accordance with the schedule ordered by the Court. The United States also objects to this request to the extent it seeks the production of documents outside the possession, custody, or control of the Antitrust Division. Subject to those objections, the United States will produce responsive non-privileged documents, to the extent they exist, that are within the possession, custody, or control of the Antitrust Division.

**REQUEST FOR PRODUCTION NO. 14:** All analyses, communications, and documents and/or data concerning potential acquirers for Google Ad Tech Products that You propose to divest, including communications with such potential acquirers.

**Objections and Responses to Request No. 14**

The United States objects to this request to the extent it seeks information covered by the attorney client privilege, attorney work product protection, common interest doctrine, deliberative process privilege, and/or other applicable privileges and protections. The United States also objects to this request to the extent it seeks information that is not relevant to the issues to be decided by the Court. The United States further objects to this request on the grounds that it requests premature disclosure of expert opinions or expert materials. The United States

10

will provide its expert disclosures in accordance with the schedule ordered by the Court. The United States also objects to this request to the extent it seeks the production of documents outside the possession, custody, or control of the Antitrust Division and is duplicative of Google's other requests. The United States is willing to meet and confer should Google contend any non-privileged information beyond that otherwise covered by Google's other requests falls within the scope of this request.

Dated: May 21, 2025

Respectfully submitted,

/s/ Julia Tarver Wood
JULIA TARVER WOOD
MICHAEL E. WOLIN
GRIFFIN S. KENNY

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077
Fax: (202) 616-8544
Email: Julia.Tarver.Wood@usdoj.gov

Attorneys for the United States

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 21, 2025, I served the foregoing to all counsel of record via email.

                                          <u>/s/ Michael Wolin</u>

                                          Michael Wolin
                                          Trial Attorney
                                          United States Department of Justice
                                          Antitrust Division
                                          450 Fifth Street NW, Suite 7100
                                          Washington, DC 20530