UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*, <br><br> *Plaintiffs*, <br><br> vs. <br><br> GOOGLE LLC, <br><br> *Defendant.* | No: 1:23-cv-00108-LMB-JFA |

**DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL**

Pursuant to Local Civil Rule 5(C), Defendant Google LLC ("Google") submits this response to Plaintiffs' Motion to Seal Plaintiffs' Motion to Compel Google's Internal Analyses of Remedy Feasibility and accompanying exhibits (Dkt. 1442). Plaintiffs preliminarily filed certain information under seal that Google had marked Confidential or Highly Confidential. Upon review of Plaintiffs' sealed and unredacted filings, Google requests maintaining a limited set of information under seal.

**LEGAL STANDARD**

"When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements."[1] *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Substantively, the Court "must determine the source of the right of access with respect to each document." *Stone* v. *Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988).

---

[1] With respect to quoted material, unless otherwise indicated, all brackets, ellipses, footnote call numbers, internal quotations, and citations have been omitted for readability. All emphasis is added unless otherwise indicated.

1

Civil discovery materials may be shielded from public disclosure under Rule 26(c) for "good cause." That rule specifically identifies "confidential . . . commercial information" as information that may be shielded for good cause. Fed. R. Civ. P. 26(c)(1)(G). The rule also extends to the protection of privacy rights. *Seattle Times Co. v. Rinehart*, 467 U.S. 20, 35 n.21 (1984) ("Although [Rule 26(c)] contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule."). When a discovery motion is filed, courts apply the same "good cause" standard, which allows courts to seal confidential discovery materials that are filed by the parties in support of, or in opposition to, a discovery motion upon a simple showing of "good cause."

Separately, under the common-law standard, a trial court may "seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Accordingly, public access to civil trial records "is not absolute," and restrictions can be justified by concerns that such records "might . . . become a vehicle for improper purposes," such as where the records serve "as sources of business information that might harm a litigant's competitive standing." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In particular, a corporation's "strong interest in preserving the confidentiality of its proprietary and trade-secret information . . . may justify partial sealing of court records." *Doe* v. *Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014).

Procedurally, before allowing documents to be filed under seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft* v. *Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

## ARGUMENT

Upon review of the Plaintiffs' brief and accompanying exhibits, Google has determined that much of the information contained in the materials submitted to the Court in connection with the motion to compel does not warrant continued sealing. Accordingly, Google agrees that all exhibits can be unsealed with narrow redactions.

Google respectfully requests that the Court keep under seal portions of documents that contain (i) personal information of Google employees or (ii) confidential commercial information of Google. While Google acknowledges that employee information has been made public during the course of litigation, Google requests that certain employee information remain under seal in order to remain consistent with the Court's prior sealing orders. Specifically, in connection with prior discovery motions, the Court sealed the same (or similar) documents and information.

### I. THE PROCEDURAL REQUIREMENTS FOR SEALING HAVE BEEN MET.

Under the local rules, a party may file a motion to seal together with the proposed sealed filings. E.D. Va. Civ. R. 5(C). Before sealing a court record, a court must provide public notice, consider less drastic alternatives to sealing the documents, and provide specific reasons and findings supporting the decision to seal. *Ashcraft,* 218 F.3d at 302. Each of those procedural requirements have been met here.

***First,*** there has been public notice. The Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Publ'g Co.*, 743 F.2d 231, 234 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing or by "docketing [the sealing request] reasonably in advance of deciding the issue." *Id.* at 235. In accordance with the procedures in Local Civil Rule 5(C),

3

Plaintiffs' sealing motion has been publicly docketed in advance of any ruling on sealing (Dkt. 1442), accompanied by a notice that any party or non-party could object (Dkt. 1444), thereby satisfying the first procedural requirement.

***Second,*** the sealing request is limited to personal information and confidential material referenced in Plaintiffs' Motion and the exhibits attached thereto. Google's proposed redactions will not impede public access to Plaintiffs' Motion, and legal arguments in support, while still protecting Google's confidential and commercially sensitive business information and the privacy of Google's employees. *See United States ex rel. Carter v. Halliburton Co.*, 2011 WL 8204612, at *3 (E.D. Va. Nov. 29, 2011) (limited redaction approved, as opposed to "sealing the brief *in toto*"). Accordingly, Google has proposed the least drastic method to protect its commercially sensitive confidential information and the public's right of access.

***Third***, as detailed in Section II, Google has provided the specific reasons supporting its sealing request. In accordance with Local Civil Rule 5(C), Google has provided a proposed order containing the required findings.

## II.  GOOGLE'S CONFIDENTIAL INFORMATION SHOULD BE PROTECTED FROM PUBLIC DISCLOSURE.

Google seeks to keep the following information under seal:

- **Plaintiffs' Brief**: Google requests that the redacted text on pages 3 and 4 remain under seal as it references redacted material from Exhibit 1.

- **Exhibit 1**: Portions of this email chain (on pages LAZARD-DOJ-00000044 and -046) contain non-public analyses performed by Google and its financial advisor of the advertising technology competitive landscape as it relates to Google. Because Google would suffer competitive harm if this information were made public, Google requests that this information remain under seal. Google has filed a redacted version of this document that seals only this commercially sensitive information, as well as Google employees' personal information. The Court previously ordered this same information to remain under seal. *See* Dkt. 284 at 10; Dkt. 284-22; Dkt. 285. The redacted version of this exhibit filed with Plaintiffs' motion should remain under seal. Dkt. 1439-1.

- **Exhibit 2**: This is an excerpt from the deposition transcript of a Google employee, who was deposed pursuant to DOJ's CIDs issued under the Antitrust Civil Process Act ("ACPA"), 15 U.S.C. § 1311 et seq. Google has filed a redacted version of this document that seals certain Google employees' personal information, consistent with the Court's prior sealing treatment of this exhibit. *See* Dkt. 284-27; Dkt. 285.

- **Exhibit 3**: This is an excerpt from the deposition transcript of Google's 30(b)(6) corporate representative, who was deposed pursuant to DOJ's CIDs issued under the ACPA. The redacted version of this exhibit filed with Plaintiffs' motion should remain under seal, Dkt. 1439-3 as it is consistent with the Court's prior sealing treatment of this exhibit. *See* Dkt. 284-31; Dkt. 285. The redactions are to protect Google employees' personal information and protect certain sensitive non-public information of Google's proprietary product features and potential future changes to those features.

- **Exhibit 4**: This is a privilege log. Consistent with the Court's prior treatment of Google's privilege logs, *see* Dkt. 284-2; Dkt. 285, Google has filed a redacted version to seal certain Google employees' personal information. *See, e.g.*, *Krakauer v. Dish Network, LLC*, 2015 WL 12750446, at *2 (M.D.N.C. Nov. 18, 2015) (approving redactions of email addresses and telephone numbers in court filings because of "legitimate privacy interests").

- **Exhibit 5**: This is an excerpt from the deposition transcript of a Google employee, who was deposed pursuant to DOJ's CIDs issued under the ACPA. Limited portions of the transcript contain sensitive non-public information about Google's proprietary product features, potential future changes to those features, and internal processes and operations. Because Google would suffer competitive harm if this information were made public, Google requests that this information remain under seal. Google has filed a redacted version of this document that seals only this commercially sensitive information, as well as Google employees' personal information.

- **Exhibit 6:** Excerpt from the deposition transcript of a Google employee, who was deposed pursuant to DOJ's CIDs issued under the ACPA. Google has filed a redacted version of this document that seals a Google employee's personal information.

Before sealing a document filed with the Court, the Court must determine which sealing standard applies. There are three different standards: (i) First Amendment, (ii) common-law, and (iii) good cause. The first two, the First Amendment and common-law rights of access, apply only to "judicial records." Non-judicial records, like the discovery documents at issue here, are governed by Rule 26's "good cause" standard. *See, e.g.*, *Smithkline Beecham Corp. v. Abbott*

5

*Labs.*, 2017 WL 11552659, at *3-4 (M.D.N.C. Mar. 7, 2017). Discovery materials become "judicial records" before trial only if they are filed in support of, or in opposition to, a dispositive motion. *Id.* at *1.

Civil discovery generally is "conducted in private as a matter of modern practice," *Seattle Times*, 467 U.S. at 33, and discovery materials are not filed as a matter of course, Fed. R. Civ. P. 5(d)(1)(A). Therefore, discovery proceedings are "not public components of a civil trial." *See Seattle Times*, 467 U.S. at 33. The sealed exhibits and the corresponding redacted text in Plaintiffs' Motion either relate to or are the fruits of the compulsory CID process, which is akin to civil discovery, and thus are not inherently "judicial records." *Cf.* 15 U.S.C. § 1312(c)(1)(B) (providing that "the standards applicable to discovery requests under the Federal Rules of Civil Procedure" apply to CIDs).

For documents filed in connection with discovery motions, there is no common-law right of access. *See Smithkline*, 2017 WL 11552659, at *4 (concluding that "no public access right attaches to the documents at issue" because the documents "related to a discovery motion"); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("We hold there is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions, whether these motions are case dispositive or not, but no such right as to discovery motions and their supporting documents."); *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) ("Material filed with discovery motions is not subject to the common-law right of access"); *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 11 (1st Cir. 1986) ("There is no right of public access to documents considered in civil discovery motions.").

Therefore, the sealing standard for exhibits filed in connection with a discovery motion is the "good cause" standard set forth in Rule 26(c).

### A. Sealing for "Good Cause" is Appropriate.

Under the "good cause" standard, the Court may enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed." Fed. R. Civ. P. 26(c)(1)(G). To establish "good cause" under the Rule 26(c) standard, a party "must establish that the information sought is covered by the rule and that it will be harmed by disclosure." *In re Wilson*, 149 F.3d 249, 252 (4th Cir. 1998). The information contained in the sealed exhibits constitutes Google's confidential business information, the public disclosure of which would cause harm to Google. Google also seeks to redact only limited information in the exhibits implicating the privacy rights of its employees, information that is irrelevant and could be damaging to the employees' privacy if publicly disclosed. Thus, Google has satisfied the "good cause" standard, and the Court can—and should—protect this information by sealing the redacted portions of the accompanying exhibits to Plaintiffs' Motion.

### B. Sealing Under the Common-Law Right of Access is Also Appropriate.

The Court should still seal Google's confidential materials even if it determines Google's documents qualify as judicial records. The First Amendment right of access does not extend to civil, non-dispositive motions. *See Wash. Post*, 386 F.3d at 581. At most, then, the common-law right of access would apply. *See Stone*, 855 F.2d at 180-81.

Under the common-law right of access, a court may "seal documents if the public's right of access is outweighed by competing interests." *Knight Publ'g*, 743 F.2d at 235. Protecting confidential business information has long been recognized as a significant private interest that overcomes the common-law right of access and justifies sealing of judicial records. *See Warner Commc'ns*, 435 U.S. at 598; *Knight Publ'g*, 743 F.2d at 235. Thus, to overcome the common-law right of access and maintain the sealing or redaction of documents, a litigant may show that the right of access is "outweighed by competing interests," including that the materials contain

7

confidential business information, the disclosure of which would be harmful. *Knight Publ'g*, 743 F.2d at 235.

As shown above, Google seeks to seal its confidential business information, the value of which would be eroded or extinguished by disclosure in the public judicial record. Disclosure would cause competitive harm by disincentivizing innovation. Google also requests limited sealing to redact personal information of its employees, information that is irrelevant here and could be damaging to the employees' privacy if publicly disclosed. Accordingly, Google has made the necessary showing to warrant keeping the exhibits and redacted information under seal under the common-law right of access standard.

## CONCLUSION

For the reasons argued above, Google requests that the Court grant the motion to seal. A proposed order is submitted herewith.

Dated: May 30, 2025

Respectfully submitted,

/s/ Bryon P. Becker

| | |
|---|---|
| Eric Mahr (*pro hac vice*) | Amy J. Mauser (*pro hac vice*) |
| Andrew Ewalt (*pro hac vice*) | Martha L. Goodman (*pro hac vice*) |
| Tyler Garrett (VSB # 94759) | Bryon P. Becker (VSB #93384) |
| FRESHFIELDS US LLP | Erica Spevack (*pro hac vice*) |
| 700 13th Street, NW, 10th Floor | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| Washington, DC 20005 | 2001 K Street, NW |
| Telephone: (202) 777-4500 | Washington, DC 20006-1047 |
| Facsimile: (202) 777-4555 | Telephone: (202) 223-7300 |
| eric.mahr@freshfields.com | Facsimile (202) 223-7420 |
| | amauser@paulweiss.com |
| Justina K. Sessions (*pro hac vice*) | |
| FRESHFIELDS US LLP | Karen L. Dunn (*pro hac vice*) |
| 855 Main Street | Jeannie S. Rhee (*pro hac vice*) |
| Redwood City, CA 94063 | William A. Isaacson (*pro hac vice*) |
| Telephone: (650) 618-9250 | Jessica E. Phillips (*pro hac vice*) |
| Fax: (650) 461-8276 | DUNN ISAACSON RHEE LLP |
| justina.sessions@freshfields.com | 401 Ninth Street, NW |
| | Washington, DC 20004-2637 |
| Daniel Bitton (*pro hac vice*) | Telephone: (202) 240-2900 |
| AXINN, VELTROP & HARKRIDER LLP | kdunn@dirllp.com |
| 55 2nd Street | |
| San Francisco, CA 94105 | Craig C. Reilly (VSB # 20942) |
| Telephone: (415) 490-2000 | THE LAW OFFICE OF |
| Facsimile: (415) 490-2001 | CRAIG C. REILLY, ESQ |
| dbitton@axinn.com | 209 Madison Street, Suite 501 |
| | Alexandria, VA 22314 |
| Bradley Justus (VSB # 80533) | Telephone: (703) 549-5354 |
| AXINN, VELTROP & HARKRIDER LLP | Facsimile: (703) 549-5355 |
| 1901 L Street, NW | craig.reilly@ccreillylaw.com |
| Washington, DC 20036 | |
| Telephone: (202) 912-4700 | Erin J. Morgan (*pro hac vice*) |
| Facsimile: (202) 912-4701 | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| bjustus@axinn.com | 1285 Avenue of the Americas |
| | New York, NY 10019-6064 |
| | Telephone:  (212) 373-3387 |
| | Facsimile:  (212) 492-0387 |
| | ejmorgan@paulweiss.com |

*Counsel for Defendant Google LLC*