UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>      *Plaintiffs*,<br><br>  v.<br><br>GOOGLE LLC,<br><br>      *Defendant*. | No. 1:23-cv-00108-LMB-JFA |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DAILY MAIL'S MOTION FOR PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26, non-party Daily Mail moves the Court to enter a protective order limiting Google's deposition of Matthew Wheatland to a half day and limiting the scope of the deposition to the topic of remedies for Google's antitrust violations.

The Court authorized plaintiffs and Google to take fact and expert discovery prior to a hearing on September 22, 2025 to determine remedies for Google's antitrust violations. *See* Dkt. 1428. The Court expressed skepticism about the need for extensive fact discovery: "I don't understand why that much evidence is really going to be needed. This case will be almost exclusively, I think, on what the experts have to say. I'd be shocked if they really need that much factual evidence to support their views." Hr'g Tr. 40:1-5, Dkt. 1432. The Court further indicated that the remedies hearing will be shorter than the liability trial – "not three weeks." *Id*. at 46:20.

On June 2, 2025, Ms. Jeannie Rhee, counsel for Google, issued a deposition subpoena to Matthew Wheatland. Mr. Wheatland is the Chief Digital Officer of Daily Mail. He is based in New York and is responsible for Daily Mail's worldwide digital advertising technology.

1

In 2021, Daily Mail filed an antitrust action against Google in the Southern District of New York. In seeking to transfer this case from this Court to the Southern District of New York, Google stated that this case involves "the same facts, relevant markets, and claims" as those at issue in Daily Mail's complaint in New York. Dkt. No. 44-2 at 11.

During fact discovery in Daily Mail's New York case, Daily Mail produced over one million pages of documents and 1.5 TB of data to Google. Google deposed Mr. Wheatland for two full days – seven hours in his personal capacity as Chief Digital Officer and an additional seven hours as Daily Mail's 30(b)(6) corporate representative on a long list of topics. The 600 pages of testimony from Google's prior depositions of Mr. Wheatland are available to Google in this case. *See* Dkt. 251 at 13.

During the liability trial in this case, Mr. Wheatland testified during the plaintiffs' direct case and again in the plaintiffs' rebuttal case. Google was permitted to fully cross-examine Mr. Wheatland, twice. Google's counsel acknowledged he provided extensive trial testimony on a wide range of topics. *See*, *e.g.*, Trial Tr. 52:18-53:1 (Google counsel: Mr. Wheatland "testified about use of the ad server, he testified extensively about DFP, he testified about the AdX take rate, he testified about direct sales, he testified about AdX-direct tags, he testified about header bidding, Open Bidding, fraud and latency, he testified about UPR, he testified about his dealings with Google, he testified about social media, and -- social media and the web, he testified about the Smart AdServer and about Xandr, about Amazon, about price floors, and about DV360.").

Given Mr. Wheatland's prior deposition and trial testimony, we asked Google if it would limit this new deposition to a half day and to confine the topic of the deposition to the remedies that will be at issue in the upcoming hearing. Google acknowledged it should not "rehash [Mr. Wheatland's] prior depositions" or "duplicat[e] material covered in other depositions or dig[ ]

into claims in other cases," but it refused to "commit in advance to a shorter deposition than . . . 7 hours," or "agree to impose limits on what Google may ask about during that examination."  Ex. A.

        This Court has discretion, for good cause shown, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (courts have "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required").  Courts in the Fourth Circuit have limited the duration and topics of depositions when presented with cumulative or disproportionate requests for deposition testimony.  *See*, *e.g.*, *Folwell v. Hernandez*, 210 F.R.D. 169, 175 (M.D.N.C. 2002) (limiting "apex" deposition of an executive to a half day and topics not already covered in other depositions); *LeBlanc v. Broyhill*, 123 F.R.D. 527, 529 (W.D.N.C. 1988) (holding, when an individual had already been extensively deposed in a related case, that the deposing party should "(1) endeavor to avoid needless repetition of areas covered during [deponent's previous] deposition and (2) not repeat questions raised during that prior deposition").  "When discovery is sought from nonparties . . . its scope must be limited even more."  *Va. Dep't of Corrections v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019).

        Limiting the time of the deposition is justified because Mr. Wheatland is a senior executive running a critical business, he has already testified extensively, his employer Daily Mail is not a party to this case, and the remedies hearing is expected to depend less heavily on fact testimony.

        Limiting the scope of the deposition to remedies is justified because the hearing in this Court will be limited to remedies.  Google may be tempted to go further because of the other

3

pending litigation between the parties. But fact discovery in the New York case is closed. It would be inappropriate for Google to use this deposition to circumvent the limits in that case by asking about Daily Mail's claims pending in the New York case or to re-ask questions that Google asked in its prior depositions of Mr. Wheatland.

The undersigned met and conferred with the parties regarding this motion before filing. Google will oppose this motion. The United States takes no position on the motion.

Dated: June 6, 2025

Respectfully submitted,

/s/ *Charles B. Molster*
Charles B. Molster, III (Va. Bar No. 23613)
Law Offices of Charles B. Molster, III PLLC
2141 Wisconsin Avenue, Suite M
Washington, D.C. 20007
Office: (202) 787-1312
Cell: (703) 346-1505
Email: cmolster@molsterlaw.com

John Thorne*
Daniel G. Bird*
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
1615 M Street NW, Suite 400
Washington, DC 20036
Tel.: (202) 326-7900
Fax: (202) 326-7999
Email: jthorne@kellogghansen.com
         dbird@kellogghansen.com

*Counsel for Non-Party Daily Mail*

4