IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES, *et al.*,

        *Plaintiffs*,

vs.

GOOGLE LLC,

        *Defendant*.

No. 1:23-cv-00108-LMB-JFA

**BRIEF IN SUPPORT OF EMERGENCY MOTION FOR DISCOVERY RELIEF**

Google brings this emergency motion for relief in response to Plaintiffs' attempt to secure deposition testimony from Mr. Arnaud Creput, a cooperating witness, on terms that are inconsistent with the federal rules and significantly prejudice Google's ability "to fairly examine the deponent." Fed. R. Civ. P. 30(d)(1). Given Plaintiffs' insistence that they proceed with Mr. Creput's deposition at 9 am ET Wednesday, June 11, 2025, Plaintiffs respectfully request a hearing by Tuesday, June 10.

**I.  Background**

Mr. Creput is the Chief Executive Officer of Equativ, a full-stack ad tech provider operating a publisher ad server, ad exchange, and demand-side platform, and one of only two rival ad tech providers identified by Plaintiffs as able to operate a third party publisher ad server. 5/2/25 Hr'g Tr. 35:14-36:14. At trial, Mr. Creput testified by designation that he "wanted" "antitrust authorities" to "look into the functioning" of the ad tech market. 9/13/2024 PM Trial Tr. 86:6-10 (Creput). As he explained in greater detail during his liability-phase deposition, Equativ had "reached out affirmatively to the DOJ" to talk about Google, 9/5/2023 Creput Dep.

1

Tr. 71:10-22, and Equativ believed that forcing Google to divest a portion of its ad tech business would be "good for Equativ's business." 9/5/2023 Creput Dep. Tr. 76:24-77:8.

Mr. Creput has now coordinated with Plaintiffs to voluntarily provide additional testimony for use in their remedies case by sitting for an, at most, 4-hour virtual deposition at 9 am ET on Wednesday, June 11. Google first learned the details of this arrangement after the close of business on Tuesday, June 3 when Plaintiffs informed Google that the 4 hours would be split evenly. As Plaintiffs later explained, this was four hours of total availability, not on the record deposition time. Thus, time spent translating, dealing with technical difficulties, translation difficulties, and any breaks Mr. Creput might request would all be deducted from his on-the-record availability, effectively ensuring that Google will not even be guaranteed 2 hours of deposition time.

Within an hour, Google objected, noting that the Federal Rules provide for seven hours of deposition time (Fed. R. Civ. P. 30(d)(1)) and the parties' coordination order in this matter provided for an even split of that time—a practice with which the parties have complied for all other non-party depositions during both the liability and remedies phases of fact discovery. Here, that would entitle each side up to 3.5 hours of deposition time. Google further noted the challenges associated with deposing Mr. Creput, in particular, who would be testifying through a translator. To further accommodate Mr. Creput, Google offered to start the deposition at 6 am ET or earlier on Mr. Creput's preferred day of June 11. Late that evening, Plaintiffs responded that Mr. Creput was unwilling to start earlier than the offered 9 am ET and that Plaintiffs intended to proceed under the conditions they had agreed to with Mr. Creput.

The next morning, Wednesday, June 4, Google contacted Mr. Creput's counsel directly, offering to accommodate his schedule as needed to ensure the parties could use the full seven

hours of deposition time provided for in the Federal Rules, including by starting early, going late, or breaking the deposition over multiple days if necessary. Mr. Creput's counsel responded that he was only willing to provide the four hours already agreed to with Plaintiffs on June 11.

Accordingly, Google asked Plaintiffs on the morning of Thursday, June 5 whether they would agree to remove Mr. Creput from both parties' witness lists given that limiting Google's cross-examination of Mr. Creput's planned testimony to two hours, with a translator, would deny Google the opportunity to conduct a full and fair cross-examination of a witness Plaintiffs intend to call at trial (either live or by deposition designation). Plaintiffs responded that they would not agree. Google noted the parties were at an impasse and requested a meet and confer, which the parties conducted Friday morning, June 6 at 9:30 am ET.

Given Plaintiffs' insistence on proceeding with Mr. Creput's deposition on June 11 on terms that accommodate Plaintiffs' but not Google's interests, Google has been forced to seek emergency discovery relief from this court. Specifically, Google requests that this Court order Plaintiffs to provide Google its 3.5 hours of the 7 hour of deposition time set by the Federal Rules and contemplated by the parties' agreement in this case and, if Plaintiffs fail to do so, exclude any use of Mr. Creput's deposition testimony during the remedies trial. Google is amenable to any arrangement that would afford Google the time to which it is entitled, whether that is by Plaintiffs agreeing to a different allocation of the four hours Mr. Creput has made available or Plaintiffs coordinating with Mr. Creput to offer additional time on June 11 or any other day during the discovery period. Google appreciates that it is beyond the Court's power to require fair play from Mr. Creput but Plaintiffs must be held to a higher standard.

II.   **Argument**

Federal Rule of Civil Procedure 30 was "crafted to serve the interests of justice and to allow for 'a fair examination of the deponent.'" *Moore* v. *CVS Corp.*, 2005 WL 581357, at *2

(W.D. Va. Mar. 11, 2005) (quoting Fed. R. Civ. P. 30(d)(2)).  Among other ways, the rule ensures this goal by affording up to "1 day of 7 hours" for depositions.  Fed. R. Civ. P. 30(d)(1).  The rule goes even further and *requires* courts to "allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." *Id.* (noting the court "must" allow additional time in such circumstances).  Consistent with the Federal Rules and the parties' agreement in this case to split time evenly for non-party depositions, *see* Dkt. 251 at 11 (Order Regarding Coordination of Discovery)—a practice that has been been followed for all other witnesses during remedies discovery—Google is entitled up to 3.5 hours to depose Mr. Creput.

Plaintiffs have come to a different arrangement with Mr. Creput.  They have agreed with Mr. Creput to proceed with a four-hour deposition where Plaintiffs will only allow Google two of those hours for its examination.  Google has offered every accommodation to Mr. Creput in hopes of securing a fair examination.  Nonetheless, Mr. Creput claims he can only make himself available for these exact four hours during the nearly two months set aside for fact discovery during the remedies phase.  Plaintiffs had ample notice that their negotiated arrangement with Mr. Creput "impedes" Google's fair opportunity to examine him. Yet still, Plaintiffs fail to offer any accommodation beyond a cursory suggestion that, if they do not use the entire two hours of the deposition they have reserved for themselves, Google may have any unused time.

Plaintiffs' approach is entirely at odds with the Federal Rules.  As the Advisory Committee notes explain: "It is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court."  To be sure, the duration of a deposition may be limited in certain circumstances but the rules prescribe a procedure for that and they are entirely inapplicable here.  *See* Fed R. Civ. P. 30(d)(3) (providing

4

"the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party").

If anything, the circumstances presented here, where the witness must be deposed through a translator, is one where the rules contemplated expanding the time beyond seven hours. *See* Fed. R. Civ. P. 30 advisory committee's notes (2000 Amendments) ("For example, if the witness needs an interpreter, that may prolong the examination."). Mr. Creput's deposition testimony during the liability phase demonstrates why. During Plaintiffs' initial examination, Mr. Creput expressed ready familiarity with topics of interest to Plaintiffs and offered unimpeded testimony about a range of topics. *See, e.g.*, 9/5/2023 Creput Dep. Tr. 15:11-16:17 (providing lengthy description of the "main reason Equativ lost large media publisher ad server clients"); 28:8-29:17 (explaining technical problems with mediation process used by rival publisher ad servers to access AdX); 62:1-19 (explaining his understanding of last look); 63:2-64:21 (explaining issues with using two ad servers). By contrast, when Google conducted its examinations, perhaps probing new ground, Mr. Creput expressed greater challenges with translation, questions had to be repeated multiple times, *e.g.*, 9/5/2023 Creput Dep. Tr. 73:24-75:20; 98:2-20, and answers were truncated or on unrelated points, *e.g.*, 9/5/2023 Creput Dep. Tr. 78:11-23; 86:13-20; 94:19-95:6; 99:1-10 (now stating that last look is "very technical" such that Mr. Creput "could not explain it to you"). The mere fact that both parties would have at best an equal share of four hours (and perhaps less if translation or technical issues use up more of Mr. Creput's window) would not put the parties on equal footing for purposes of eliciting testimony from Mr. Creput, and the translation challenges from the liability phrase underscore why Google must be afforded its 3.5-hours.

5

Given these circumstances, Google was left with no choice but to seek emergency relief from this Court ahead of the only day Mr. Creput claims he can accommodate the deposition. Since Mr. Creput asserts that this is the only day (and these are the only four hours) he will make voluntarily available, it is essential to have the Court's guidance before all parties lose any ability to require more of Mr. Creput's time.  Further, Google moves now to avoid any misimpression that Google objects to the substance of Mr. Creput's testimony rather than the uneven terms on which Plaintiffs insist on procuring it.  Google appreciates that Mr. Creput is beyond the jurisdiction of this Court but Plaintiffs are not, and they should not be permitted to use Mr. Creput's testimony as both a sword and a shield.  If Plaintiffs wish to use Mr. Creput's testimony at trial and if Mr. Creput wants to voluntarily offer it to them, it is for Plaintiffs to bear any limitations to Mr. Creput's availability; Google must be afforded a full and fair opportunity to examine the deponent provided for by the Federal Rules.  Accordingly, this Court should order Plaintiffs to allocate Google 3.5 hours of Mr. Creput's available time for Google's examination or otherwise be prohibited from introducing Mr. Creput's deposition testimony at trial.

In analogous situations where a deponent has refused to make themselves fully available for examination, courts have similarly excluded deposition testimony.  *See, e.g.*, *Perrot* v. *Kelly*, 2023 WL 11873009 (D. Mass. 2023) (denying defendants ability to use deposition testimony at summary judgment or trial where defendants "completed their questioning" but deponent "unilaterally terminated the proceeding" after twenty minutes of examination by plaintiff); *Mathes* v. *Mid-Century Ins. Co.*, 2008 WL 222716, at *3 (E.D. Mo. Jan. 25, 2008) (similar where deponent refused to answer one party's questions and left before the end of cross-examination).

6

Ultimately, the rules of discovery are meant to encourage transparency and ensure parties are able to litigate their cases on an even playing field.  *Newsome* v. *Penske Truck Leasing Corp.*, 437 F. Supp. 2d 431, 437 (D. Md. 2006) ("The federal rules promote broad disclosure during discovery so that each party can evaluate the strength of its evidence and chances of success.  This makes trial 'less of a game of blind man's bluff and more of a fair contest.'") (quoting *United States* v. *Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)); *Butler* v. *Kroger Ltd. P'ship I*, 2020 WL 7483447, at *11 (E.D. Va. Nov. 30, 2020) ("Courts have been encouraging fair and open discovery for generations.").  Plaintiffs approach would upend that principle of parity by allowing them to take unfair advantage of a truncated deposition that necessarily benefits the party with greater ability to coordinate with the deponent.  The federal rules set forth a 7-hour limit for good reason, and Plaintiffs should be held to it.

Dated: June 6, 2025                                                          Respectfully submitted,

Eric Mahr (*pro hac vice*)                                                   */s/ Craig C. Reilly*
Andrew Ewalt (*pro hac vice*)
Tyler Garrett (VSB # 94759)                                                  Craig C. Reilly (VSB # 20942)
FRESHFIELDS US LLP                                                           THE LAW OFFICE OF
700 13th Street, NW, 10th Floor                                              CRAIG C. REILLY, ESQ
Washington, DC 20005                                                         209 Madison Street, Suite 501
Telephone: (202) 777-4500                                                    Alexandria, VA 22314
Facsimile: (202) 777-4555                                                    Telephone: (703) 549-5354
eric.mahr@freshfields.com                                                    Facsimile: (703) 549-5355
                                                                             craig.reilly@ccreillylaw.com
Justina K. Sessions (*pro hac vice*)
FRESHFIELDS US LLP                                                           Karen L. Dunn (*pro hac vice*)
855 Main Street                                                              Jeannie S. Rhee (*pro hac vice*)
Redwood City, CA 94063                                                       William A. Isaacson (*pro hac vice*)
Telephone: (650) 618-9250                                                    Jessica E. Phillips (*pro hac vice*)
Fax: (650) 461-8276                                                          Erica Spevack (*pro hac vice*)
justina.sessions@freshfields.com                                             DUNN ISAACSON RHEE LLP
                                                                             401 Ninth Street, NW
Daniel Bitton (*pro hac vice*)                                               Washington, DC 20004-2637
AXINN, VELTROP & HARKRIDER LLP                                               Telephone: (202) 240-2900
55 2nd Street                                                                kdunn@dirllp.com
San Francisco, CA 94105
Telephone: (415) 490-2000                                                    Amy J. Mauser (*pro hac vice*)
Facsimile: (415) 490-2001                                                    Martha L. Goodman (*pro hac vice*)
dbitton@axinn.com                                                            Bryon P. Becker (VSB #93384)
                                                                             PAUL, WEISS, RIFKIND, WHARTON &
Bradley Justus (VSB # 80533)                                                 GARRISON LLP
AXINN, VELTROP & HARKRIDER LLP                                               2001 K Street, NW
1901 L Street, NW                                                            Washington, DC 20006-1047
Washington, DC 20036                                                         Telephone: (202) 223-7300
Telephone: (202) 912-4700                                                    Facsimile (202) 223-7420
Facsimile: (202) 912-4701                                                    amauser@paulweiss.com
bjustus@axinn.com
                                                                             Erin J. Morgan (*pro hac vice*)
                                                                             PAUL, WEISS, RIFKIND, WHARTON &
                                                                             GARRISON LLP
                                                                             1285 Avenue of the Americas
                                                                             New York, NY 10019-6064
                                                                             Telephone:  (212) 373-3387
                                                                             Facsimile:  (212) 492-0387
*Counsel for Defendant Google LLC*                                           ejmorgan@paulweiss.com