**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 1:23-cv-00108-LMB-JFA |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO GOOGLE'S EMERGENCY**
**MOTION FOR DISCOVERY RELIEF**

Through its emergency motion, Google seeks an order from this Court preemptively excluding "any use" at the remedies trial of a voluntary *de bene esse* deposition of a French national unless Google is permitted to examine the witness for 3.5 hours of the witness' total 4 hours of available time. Google's motion is contrary to the parties' standing agreement to split deposition time equally when both sides notice the deposition of a third-party witness. Having illegally excluded nearly all its competitors from the publisher ad server market, Google now seeks to silence the chief executive officer of one of the few publisher ad server providers that remains, Arnaud Créput of Equativ. ECF No. 1410 at 63, 75.[1]

Mr. Créput is a French national residing in France whose deposition testimony was relied upon by the Court in its liability opinion and whom both sides identified as a trial witness for the remedies trial.[2] Mr. Créput is beyond the Court's subpoena jurisdiction and will likely be unavailable to testify in person at the remedies trial, just as he was during the liability phase.

---

[1] In its April 17, 2025 opinion, the Court identified Equativ as one of two "primary competitors in the open-web publisher ad server space" and found Google's publisher ad server monopoly caused "many once-large rival ad servers [to] either le[ave] the ad serving business entirely" or turn "to compete in channels other than open-web display advertising." ECF No. 1410 at 63, 75.
[2] To efficiently use the discovery period, the parties agreed to exchange preliminary witness lists on May 30, with a supplemental list exchanged on June 6.

Thus, the four hours Mr. Créput has volunteered to testify at a deposition will likely be the only testimony he will give in this remedies phase, and it should be sufficient to afford both sides a fair opportunity to examine him on issues relevant to remedies. Plaintiffs have in no way sought to limit Mr. Créput's time and are merely working with what is available to both parties. The Court should reject Google's request to take nearly all of that time for itself—denying Plaintiffs all but a de minimis opportunity to take testimony—because it has no basis in law or notions of fundamental fairness.

Google fails to support its extraordinary request to deny Plaintiffs an equal opportunity to examine this witness. Google's motion omits the full context of the parties' dispute and fails to cite, let alone engage with, the applicable federal rules. The Court should reject the false choice Google has posed: either Plaintiffs be denied time to examine Mr. Créput or his testimony be excluded before it is even offered. No such relief is warranted, on an emergency basis or otherwise, and the parties should proceed with Mr. Créput's deposition as they are for all other cross-noticed non-party depositions, with each side using half of the available time to examine the witness.

**BACKGROUND**

Mr. Créput is no stranger to Google or this litigation. He is a foreign national, based in France, where his company, Equativ, is headquartered. During the liability phase, Mr. Créput voluntarily sat for a deposition that lasted less than 5 hours on the record. That deposition touched on the range of issues then before the Court: market definition, Google's market power, Google's decade-long campaign of exclusionary conduct, and competitive effects. Google questioned Mr. Créput on those broad subjects for under two hours. Because Mr. Créput was

unavailable to testify live at trial, as he was outside the subpoena power of the Court, his

deposition testimony was accepted into evidence. Trial Tr. 9/13 PM at 62:8-93:25.

Mr. Créput's knowledge and experience remain relevant to this remedies phase. Both

parties included Mr. Créput on their May 30 preliminary witness list, and Mr. Créput is one of

only three non-party witnesses on Google's amended witness list. In light of the compressed

discovery schedule, Plaintiffs proactively conferred with counsel for third-party witnesses

(including Mr. Créput) on potential deposition dates. Mr. Créput "rearrange[d] his meetings at

significant inconvenience to make himself available for 4 hours" to sit for a voluntary deposition

while he is in Spain on a business trip. Ex. 1, June 4, 2025 Email from A. Aryankalayil to

L. Hibbler. To compel Mr. Créput to sit for additional time, Plaintiffs or Google would have

needed to seek the assistance of French authorities via the Hague Evidence Convention,[3] which

Plaintiffs believe is unnecessary given the narrow scope of the issues in the remedies phase.

Once Mr. Créput returns to France, the French blocking statute becomes an additional barrier to

securing his deposition testimony in this matter.[4] Accordingly, when Plaintiffs disclosed their

---

[3] Hague Convention of March 18, 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"). Under the Hague Convention, depositions in France can be taken through three mechanisms: a Letter of Request to local judicial authorities, or, if voluntary, before diplomatic or consular officers, or before a court-appointed commissioner. Depositions of French citizens in France require prior permission from the French Central Authority. *See* U.S. Department of State, Judicial Assistance Country Information, France, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/France.html.

[4] The French blocking statute generally precludes individuals from sitting for even a voluntary deposition in France for the purpose of providing evidence in connection with a foreign judicial proceeding without adhering to the procedures outlined in the Hague Evidence Convention. Law concerning the Communication of Economic, Commercial, Industrial, Financial or Technical Documents or Information, Law No. 80-538, 1980 Journal Officiel de la République Française [J.O.] 1799, Art. 1 bis (July 16, 1980). ("Subject to treaties or international agreements and to currently applicable laws and regulations, it is prohibited for any person to request, seek or disclose, in writing, orally, or in any other form, documents or information of an economic,

May 30 preliminary witness list, Plaintiffs also specifically informed Google that Mr. Créput was

willing to sit for another voluntary *de bene esse* deposition on "June 11, 2025 (remote, with time

limits)." Ex. 2, May 30, 2025 Email from D. Geiger to E. Spevack. Although Google also listed

Mr. Créput on its preliminary witness list, it appears Google took no steps to secure a deposition

of Mr. Créput—via the Hague Evidence Convention or otherwise. Instead, Google relied entirely

on Plaintiffs' efforts to secure Mr. Créput's testimony. Indeed, beyond asking Mr. Créput's

counsel for additional time, Plaintiffs are not aware of Google taking any steps at all to secure his

testimony.[5]

## ARGUMENT

Google's emergency motion fails on both the facts and the law for multiple reasons.

*First*, Google concedes that as a French national located abroad, Mr. Créput is "beyond

the jurisdiction of this Court." ECF No. 1462 at 6. But having recognized that Mr. Créput is

beyond the scope of Rules 30 and 45 of the Federal Rules of Civil Procedure, Google's brief

proceeds as if all of the elements of a typical Federal Rules deposition, including Rule 30(d)(1)'s

provisions regarding the maximum duration of a deposition, apply—but only to Google's benefit.

Thus, Google's motion seeks to turn a maximum into a minimum and use that as a basis for

---

commercial, industrial, financial or technical nature directed toward establishing evidence in view of foreign judicial or administrative proceedings or in relation thereto." (unofficial translation)). France maintains that the Hague Convention constitutes the only permitted method for obtaining evidence in a foreign civil proceeding. *See, e.g.*, *Christopher X/MAAF,* French Supreme Court, Criminal Section, December 12, 2007, n°07-83.228 (holding that a lawyer had committed a criminal offense by seeking to obtain information from a French witness for use as evidence in U.S. proceedings without complying with the requirements of the Hague Convention).
[5] Plaintiffs, on the other hand, arranged the logistics of Mr. Créput testifying at a U.S. embassy to comply with Spanish restrictions on testimony taken for the benefit of foreign courts.

requiring 3.5 hours of record time out of the total four hours for which the witness is available.

"Fair play" requires the parties to split that time equally, not to give Google almost 90% of it.

Rule 28(b) authorizes depositions in foreign countries even if they may differ

substantially in format from a traditional Rule 30 deposition. For example, Rule 28(b) does not

require "a verbatim transcript" of depositions or that depositions be "taken under oath." Fed. R.

Civ. P. 28(b)(4). And prior testimony from an unavailable witness like Mr. Créput is admissible

so long as it was given at a "lawful deposition," under the laws of the country where the

deponent was located (not Rule 30), and the opposing party had "an opportunity and similar

motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1).

Accordingly, courts regularly admit into evidence even depositions that proceed via written

question and response. *See, e.g.*, *United States v. Salim*, 855 F.2d 944, 953 (2d Cir. 1988) ("[A]

deposition taken abroad pursuant to foreign law, but in conformity with Rule 28, would appear to

be taken 'in compliance with law' for purposes of the former testimony exception to the rule

against hearsay, Fed. R. Evid. 804(b)(1)."); *FTC v. Qualcomm Inc.*, 2018 U.S. Dist. LEXIS

209869, at *14 (N.D. Cal. Dec. 12, 2018) ("[E]ven though LGE did not provide testimony orally,

LGE's written responses constitute deposition testimony for purposes of FRE 804(b)(1).").

Plaintiffs are prepared to proceed with Mr. Créput's deposition using nearly all of the

procedural protections available in a Federal Rules deposition. Google will have a full

opportunity to examine Mr. Créput, under oath, and to obtain and use a verbatim transcript of

that testimony, just like any other witness. The only departure from the Federal Rules is that both

Google and Plaintiffs will each have two hours to examine Mr. Créput, rather than the 3.5 hours

of record time each side might otherwise have in a domestic, cross-noticed deposition. Google

will have the same amount of time as Plaintiffs to ask questions of Mr. Créput, whom Google

identified on its own witness list. Google does not and cannot claim—especially ex ante—that it will not have an "opportunity" to examine the witness. Mr. Créput's testimony from the proposed 4-hour remote deposition, with time split equally, should clearly be admissible. *See United States v. Lentz*, 282 F Supp. 2d 399, 424 (E.D. Va. 2002) (deposition testimony admissible where the defendant had an "opportunity to cross examine" witness at the deposition); *Wellin v. Farace,* 2023 U.S. Dist. LEXIS 64982, at *22 (D.S.C. Apr. 12, 2023) (denying defendants' motion to exclude deposition testimony where they had thirty minutes to ask questions because "courts applying [Rule 804(b)(1)] have found that a cross examination need not be lengthy to constitute an 'opportunity' under the Rule"); Wright & Miller, 30B Fed. Prac. & Proc. Evid. § 6974 (2025 ed.) ("Application of the term [opportunity] is typically straightforward: either the party was present and allowed to question the witness at the earlier proceeding or not."); *cf. United States v. Cohen*, 2012 U.S. Dist. LEXIS 11627, at *11 (C.D. Ill. Jan. 31, 2012) (finding a lack of "opportunity" to examine the witness where "[t]he presiding judge did not ask *any* of the approved 39 questions" and instead "asked no questions" at all (emphasis added)).

    *Second,* while Google asserts that proceeding with a time-limited deposition of Mr. Créput would be fundamentally unfair, it is Google's requested relief—taking 90% or more of Mr. Créput's time for itself—that would be unfair. The planned deposition is a *de bene esse* deposition, where both sides seek to preserve trial testimony, recognizing Mr. Créput is a foreign national outside the jurisdiction of the Court and therefore likely unavailable for trial, just as he was during the liability phase.[6] Plaintiffs have agreed to split deposition time equally when both

---

[6] Neither of the cases cited by Google are analogous for this reason. *Perrot v. Kelly*, 2023 WL 11873009, at *3 (D. Mass. Oct. 27, 2023), involved a domestic deposition where the plaintiff's questioning was limited to "introductory topics" and constituted only 16 out of the 79 transcript pages before the witness walked out (20 minutes of time); *Mathes v. Mid-Century Ins. Co.*, 2008

sides notice a deposition of the same person, and if Mr. Créput testified in person at the remedies trial, it is unlikely his examination would be longer than the four hours he has agreed to sit for a deposition. By contrast, Google's assertion that it should be entitled to three and a half hours of deposition record time would be unfairly prejudicial to Plaintiffs, as that likely would be nearly *all* of the deposition time available after accounting for reasonable breaks. Yet Google asserts that if it cannot monopolize Mr. Créput's limited deposition time, then the Court should be barred from hearing any testimony from him at all. There is no basis for such an extreme, one-sided outcome.

*Third*, the Court need not reach Google's challenge to the admissibility of Mr. Créput's testimony at this juncture, especially on an emergency basis. The deposition has not taken place, and therefore all of Google's misguided claims of unfairness are premature at best. In its brief, Google does not even explain why its allotted two hours is insufficient.[7] Moreover, if Google believes it has good cause to seek additional deposition time with Mr. Créput, it may do so through other available means, namely seeking to compel Mr. Créput's testimony by means of a Letter of Request pursuant to the Hague Evidence Convention. To date, Google has taken no steps to do so. Google should not be permitted to assume for itself almost all of the time Plaintiffs secured for Mr. Créput's voluntary deposition without taking any steps to secure the additional deposition time that Google claims it needs.

---

WL 222716, at *1 (E.D. Mo. Jan. 25, 2008) (domestic deposition abruptly cut off during cross-examination).

[7] Moreover, given that the Court will conduct a bench trial on remedies, "[a]ny arguments about whether th[ere] was sufficient time to develop [] testimony now go to the testimony's weight, rather than its admissibility." *Wellin*, 2023 U.S. Dist. LEXIS 64982, at *23.

**CONCLUSION**

For the reasons above, Plaintiffs request the Court deny Google's emergency motion in full.

Dated: June 9, 2025

Respectfully submitted,

ERIK S. SIEBERT
United States Attorney

/s/ Gerard Mene
GERARD MENE
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3777
Facsimile: (703) 299-3983
Email: Gerard.Mene@usdoj.gov

/s/ Julia Tarver Wood
JULIA TARVER WOOD
DAVID A. GEIGER
MATTHEW R. HUPPERT
DAVID M. TESLICKO
MICHAEL E. WOLIN

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077
Fax: (202) 616-8544
Email: Julia.Tarver.Wood@usdoj.gov

*Attorneys for the United States*

JASON S. MIYARES
Attorney General of Virginia

/s/ Tyler T. Henry
TYLER T. HENRY
Assistant Attorney General

Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219
Telephone: (804) 692-0485
Facsimile: (804) 786-0122
Email: thenry@oag.state.va.us

*Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia*