**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>　　　　*Plaintiffs*,<br><br>　v.<br><br>GOOGLE LLC,<br><br>　　　　*Defendant*. | No. 1:23-cv-00108-LMB-JFA |

**REPLY IN SUPPORT OF DAILY MAIL'S**
**MOTION FOR PROTECTIVE ORDER**

　　Google purports to agree with the basis for Daily Mail's position, but asks not to be bound by that agreement. Google agrees it should "proceed through [Mr. Wheatland's] deposition expeditiously [and] focus[ ] on issues relevant to the remedies proceeding." Opp. at 1. It recognizes it should not "rehash [Mr. Wheatland's] prior depositions" or "duplicat[e] material covered in other depositions or dig[ ] into claims in other cases." Dkt. 1459-1. But Google refuses to be held to its word by stipulation or court order. Without a commitment to limit the deposition in time or in scope, Google's promises ring hollow. To protect Mr. Wheatland from cumulative and disproportionate inquisition, this Court should enter Daily Mail's proposed order limiting Google's examination to 3.5 hours on remedies topics, with no inquiry into Daily Mail's claims against Google or topics covered in Google's prior depositions of Mr. Wheatland.

　　Mr. Wheatland has already testified extensively on remedies-related topics, and Google offers no legitimate reason it should to be given a second bite at the apple. Google's opposition demonstrates that it has neither reviewed Mr. Wheatland's testimony nor considered how Google might streamline his deposition. Google wants to examine Mr. Wheatland regarding its proposal

1

to "make AdX real-time bids available to rival publisher ad servers," and says it needs deposition time "to probe Mr. Wheatland's opinion on this important question, including to examine *whether he has previously testified* that Google's proposal would introduce competition." Opp. at 6 (emphasis added). The best way to examine Mr. Wheatland's previous testimony would be to review the transcripts, which confirm he has previously testified on the following remedies-related topics:

- Daily Mail's consideration of alternatives to Google's ad server;
- Whether Daily Mail contemplated building or owning its own ad server;
- Whether Daily Mail could use multiple ad servers;
- Whether Daily Mail could obtain AdX's unique demand without the use of Google's ad server;
- Daily Mail's consideration of alternative ad exchanges;
- Whether Daily Mail contemplated building or owning its own ad exchange;
- How alternative ad exchanges are differentiated by pricing or features;
- The benefits and drawbacks of Google's integration of its ad server and ad exchange;
- Use of alternative technologies to improve safety and efficiency in the ad tech stack; and
- Daily Mail's alternatives to selling programmatic display advertising.[1]

---

[1] *See* June 11, 2024 Dep. Tr. at 303-04 (Consideration of alternative ad servers); June 12, 2024 Dep. Tr. at 252-63 (Whether Daily Mail contemplated building or owning its own ad server); Sept. 18, 2024 A.M. Trial Tr. at 138-39 (Whether Daily Mail could use multiple ad servers); *id.* at 127-32 (Whether Daily Mail could obtain AdX's unique demand without the use of Google's ad server); June 12 Dep. Tr. at 239-52 (Daily Mail's alternatives to AdX, including whether Daily Mail had considered developing its own ad exchange); Sept. 27 A.M. Trial Tr. at 85-86; 101-08 (Discussing ad exchange alternatives, including pricing and features); *id.* at 73-78 (benefits and drawbacks of Google's ad stack integration); Sept. 18 A.M. Trial Tr. at 132-33 (Daily Mail's alternatives to selling display advertising).

Moreover, Google should be ordered not to take discovery relating to Daily Mail's separate claims. Google cannot be permitted to use this Court's remedies discovery to bypass the court-ordered close of discovery that Judge Castel imposed in the Southern District of New York. Google suggests (at 6) that Mr. Wheatland's "past depositions" were "at the liabilities stage," but Google's SDNY depositions were not limited to any "stage,"[2] and the topics above confirm Google amply explored Mr. Wheatland's knowledge of remedies-related issues.

Google does not need six more hours of deposition time[3] in addition to the 16 hours and over 700 pages of testimony already provided by Mr. Wheatland[4]; the 3.5 hours Daily Mail proposes are sufficient. Google's chief reasons for demanding more time are that Mr. Wheatland has not been deposed in this case and that he may have additional testimony regarding remedies. *See* Opp. at 7-8. Neither is justification for more than 3.5 hours of testimony.

Mr. Wheatland has been identified by DOJ as a potential live trial witness, and all of his previous deposition testimony is available to Google for impeachment purposes. *See* Dkt. 251 at ¶ 6(d). With more than 600 pages of impeachment material in hand, Google need not retread old

---

Daily Mail will provide courtesy copies of Mr. Wheatland's previous deposition and trial testimony to chambers.

[2] Although the parties in SDNY stipulated to later expert discovery regarding remedies, *see In re Google Digital Advertising Antitrust Litig.*, No. 1:21-md-03010, Dkt. 885, there is no such stipulation or other bifurcation regarding fact discovery.

[3] Google's opposition suggests that plaintiffs and Google continue to allocate deposition time as the parties did during the "coordinated discovery period," which would give Google six hours and plaintiffs one. *See* Dkt. 1472 at 5 (citing Dkt. 251 at 11).

[4] Mr. Wheatland was on the record for over 13 hours between his June 11 and 12 depositions. He was then on the record for about 3 hours between September 18 and 27. Mr. Wheatland's deposition transcripts were 345 and 269 pages long, respectively, and his trial testimony between September 18 and 27 was well over 100 pages.

ground.[5] It serves no good purpose to allow Google to waste time asking Mr. Wheatland about things "he has previously testified about," regardless of the current "context." Opp. at 7.

Whatever additional testimony Google seeks regarding the specific remedy proposals in this case can be obtained in less than six hours. The 3.5 hours Daily Mail proposes is ample time for counsel to conduct a full and fair examination of any remedies issues Google may not have already covered with Mr. Wheatland. Google complains (at 5) that Daily Mail's proposal could actually limit Google to 2.5 hours of testimony. But Daily Mail's proposed order was clear: Google's examination should be limited to 3.5 hours, and "[f]ollowing Google's 3.5 hours, if necessary, plaintiffs may also ask questions . . . consistent with the parties' agreement on allocation of deposition time." Dkt. 1458-1 (Proposed Order).

* * *

Google agrees that remedies discovery should be streamlined, targeted, and proportionate but will not agree to a streamlined, targeted, or proportionate deposition. Earlier this week, this Court stated that another fact witness's deposition "should not rehash what he testified about before" and should be "limited to the remedies involved in this case." Hr'g Tr. at 15, Dkt. 1432. Google's opposition recognizes this Court's directive, arguing it has "agreed to streamline and appropriately target fact discovery" and does not seek "disproportionate" discovery. *See, e.g.* Opp. at 2, 8. The Court should enter a protective order to hold Google to its word.

---

[5] Given the tone of Google's brief and its failure to disclose Mr. Wheatland as a witness for Google, it is clear Google will not use Mr. Wheatland's prior testimony affirmatively if for some reason he were not called at trial. If Google changes its mind, it has the ability to ask this Court to consider Mr. Wheatland's prior deposition testimony. *See, e.g.*, Fed. R. Civ. P. 32(a)(4), (8).

| | |
|---|---|
| Dated:  June 13, 2025 | Respectfully submitted, |
| | /s/ *Charles B. Molster* |

Charles B. Molster, III (Va. Bar No. 23613)
Law Offices of Charles B. Molster, III PLLC
2141 Wisconsin Avenue, Suite M
Washington, D.C. 20007
Office:  (202) 787-1312
Cell:  (703) 346-1505
Email:  cmolster@molsterlaw.com

John Thorne*
Daniel G. Bird*
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
1615 M Street NW, Suite 400
Washington, DC 20036
Tel.:  (202) 326-7900
Fax:  (202) 326-7999
Email:  jthorne@kellogghansen.com
            dbird@kellogghansen.com

*Counsel for Non-Party Daily Mail*