# Exhibit 1

| From: | Anita Liu |
|---|---|
| To: | Teslicko, David (ATR); Erica Spevack; Corriveau, Annelise; Huppert, Matthew (ATR); Wolin, Michael (ATR); Wood, Julia (ATR); Briskin, Craig (ATR); Petterson, Linnaea (ATR); thenry@oag.state.va.us; Lauren Pomeroy; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov |
| Cc: | amauser; Jessica Phillips; Karen Dunn; Jeannie Rhee; William Isaacson; Eric Mahr; Andrew Ewalt; Craig Reilly; Geiger, David (ATR); Morgan, Erin J; Hibbler, Leah; Becker, Bryon P; Goodman, Martha |
| Subject: | [EXTERNAL] Re: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery |
| Date: | Thursday, June 12, 2025 10:48:45 PM |

Counsel,

We write to memorialize our discussion on the meet and confer earlier today.  Thank you for the productive discussion, and for your flexibility on timing of the meet and confer.

Google confirmed that it continues to believe the redacted portions of responsive documents have been properly withheld as protected by attorney-client privilege, opinion work product, and/or fact work product with no showing of substantial need.

In the spirit of compromise and in light of Plaintiffs' asserted reading of the May 30 order, though Google continues to disagree with Plaintiffs' broad reading of the May 30 order, Google offered to unredact any fact work product not subject to other applicable privileges or protections that pertains to any burdens, costs, or difficulties as to Google of divestiture.  Plaintiffs expressed that they believe the offer is "a step in the right direction," but do not believe the offer resolves Plaintiffs' concerns.

As Google explained, we believe that it would be productive and fruitful to jointly move for clarification of Judge Anderson's May 30 order given that the parties appear to have a fundamental disagreement regarding the scope of Judge Anderson's finding on substantial need.  Google will comply with Judge Anderson's clarified order.

We understand that Plaintiffs will write to Google by 12PM EST tomorrow, 6/13, with (1) confirmation on whether Plaintiffs would be amenable to proceeding with a joint motion for clarification of Judge Anderson's order; and (2) any proposed schedule for rolling production of documents pursuant to Judge Anderson's May 30 order and relevant privilege logs.

Google will provide to you as soon as possible Google's position on (1) a proposed schedule for a joint motion for clarification; (2) any proposed schedule for production of documents pursuant to Judge Anderson's May 30 order and relevant privilege logs; and (3) *in camera* review in connection with a motion for clarification.

We look forward to hearing from Plaintiffs tomorrow.

Best,
Anita

**Anita Liu | Associate**
Dunn Isaacson Rhee LLP
aliu@dirllp.com
202-240-2908 (direct)
202-209-8590 (cell)

---

**From:** Anita Liu <ALiu@dirllp.com>
**Sent:** Thursday, June 12, 2025 12:33 PM
**To:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Erica Spevack <espevack@dirllp.com>;
Corriveau, Annelise <acorriveau@paulweiss.com>; Huppert, Matthew (ATR)
<Matthew.Huppert@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia
(ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson,
Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us <thenry@oag.state.va.us>;
Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov
<morgan.feder@ag.ny.gov>; Elliott.Dionisio@doj.ca.gov <elliott.dionisio@doj.ca.gov>
**Cc:** amauser <amauser@paulweiss.com>; Jessica Phillips <JPhillips@dirllp.com>; Karen Dunn
<KDunn@dirllp.com>; Jeannie Rhee <JRhee@dirllp.com>; William Isaacson
<WIsaacson@dirllp.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt
<Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR)
<David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah
<lhibbler@paulweiss.com>; Becker, Bryon P <bpbecker@paulweiss.com>; Goodman, Martha
<mgoodman@paulweiss.com>
**Subject:** Re: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Thank you very much, David. We will move the invite to 5:30 PM EST.

Best,
Anita

**Anita Liu | Associate**
Dunn Isaacson Rhee LLP
aliu@dirllp.com
202-240-2908 (direct)
202-209-8590 (cell)

---

**From:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>
**Sent:** Thursday, June 12, 2025 12:30 PM
**To:** Anita Liu <ALiu@dirllp.com>; Erica Spevack <espevack@dirllp.com>; Corriveau, Annelise
<acorriveau@paulweiss.com>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Wolin,

Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>;
Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR)
<Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us <thenry@oag.state.va.us>; Lauren
Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov <morgan.feder@ag.ny.gov>;
Elliott.Dionisio@doj.ca.gov <elliott.dionisio@doj.ca.gov>
**Cc:** amauser <amauser@paulweiss.com>; Jessica Phillips <JPhillips@dirllp.com>; Karen Dunn
<KDunn@dirllp.com>; Jeannie Rhee <JRhee@dirllp.com>; William Isaacson
<WIsaacson@dirllp.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt
<Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR)
<David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah
<lhibbler@paulweiss.com>; Becker, Bryon P <bpbecker@paulweiss.com>; Goodman, Martha
<mgoodman@paulweiss.com>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

We can speak today at 5:30 PM.

David

---

**From:** Anita Liu <ALiu@dirllp.com>
**Sent:** Thursday, June 12, 2025 11:22 AM
**To:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Erica Spevack <espevack@dirllp.com>;
Corriveau, Annelise <acorriveau@paulweiss.com>; Huppert, Matthew (ATR)
<Matthew.Huppert@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia
(ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson,
Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy
<Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** amauser <amauser@paulweiss.com>; Jessica Phillips <JPhillips@dirllp.com>; Karen Dunn
<KDunn@dirllp.com>; Jeannie Rhee <JRhee@dirllp.com>; William Isaacson
<WIsaacson@dirllp.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt
<Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR)
<David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah
<lhibbler@paulweiss.com>; Becker, Bryon P <bpbecker@paulweiss.com>; Goodman, Martha
<mgoodman@paulweiss.com>
**Subject:** [EXTERNAL] Re: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies
Discovery

Counsel,

With apologies for the late change in time, please let us know if it you would be available
to meet and confer later this afternoon instead, ideally after 5PM EST. If that time will
not work for you, please let us know your windows of availability.

Thanks very much,

Anita

**Anita Liu | Associate**
Dunn Isaacson Rhee LLP
aliu@dirllp.com
202-240-2908 (direct)
202-209-8590 (cell)

---

**From:** Anita Liu <ALiu@dirllp.com>
**Sent:** Wednesday, June 11, 2025 1:53 PM
**To:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Erica Spevack <espevack@dirllp.com>; Corriveau, Annelise <acorriveau@paulweiss.com>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us <thenry@oag.state.va.us>; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov <morgan.feder@ag.ny.gov>; Elliott.Dionisio@doj.ca.gov <elliott.dionisio@doj.ca.gov>
**Cc:** amauser <amauser@paulweiss.com>; Jessica Phillips <JPhillips@dirllp.com>; Karen Dunn <KDunn@dirllp.com>; Jeannie Rhee <JRhee@dirllp.com>; William Isaacson <WIsaacson@dirllp.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR) <David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah <lhibbler@paulweiss.com>; Becker, Bryon P <bpbecker@paulweiss.com>; Goodman, Martha <mgoodman@paulweiss.com>
**Subject:** Re: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Thank you, David. We look forward to discussing during our meet and confer tomorrow.

Best,
Anita

**Anita Liu | Associate**
Dunn Isaacson Rhee LLP
aliu@dirllp.com
202-240-2908 (direct)
202-209-8590 (cell)

---

**From:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>
**Sent:** Wednesday, June 11, 2025 1:51 PM
**To:** Anita Liu <ALiu@dirllp.com>; Erica Spevack <espevack@dirllp.com>; Corriveau, Annelise <acorriveau@paulweiss.com>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us <thenry@oag.state.va.us>; Lauren

4

Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov <morgan.feder@ag.ny.gov>;
Elliott.Dionisio@doj.ca.gov <elliott.dionisio@doj.ca.gov>
**Cc:** amauser <amauser@paulweiss.com>; Jessica Phillips <JPhillips@dirllp.com>; Karen Dunn
<KDunn@dirllp.com>; Jeannie Rhee <JRhee@dirllp.com>; William Isaacson
<WIsaacson@dirllp.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt
<Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR)
<David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah
<lhibbler@paulweiss.com>; Becker, Bryon P <BPBecker@paulweiss.com>; Goodman, Martha
<mgoodman@paulweiss.com>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Anita,

The portions of Judge Anderson's oral decision that I read from yesterday can be found on
pages 39 and 40 of the transcript. In particular, we would direct you to the following
statements, which mirror the language in the order:

I do think that under the facts and circumstances of this case that **the reports and analyses
prepared by nonlegal Google employees relating to the scope of work required to divest
either AdX or DFP is really fact work product and not opinion work product**. . . .  I am going
to grant the motion in part and **require Google to provide any internal reports and analyses
prepared by nonlawyers**. So again, this is not going to involve legal opinions and, you know,
analysis from lawyers and those kinds of things. But from nonlawyers at Google describing **the
nature and scope of the work that would be required to modify Google's ad exchange,
AdX, or Google's publisher ad server, DFP,** to facilitate the divestiture as requested by the
plaintiffs. That would include the burden, the costs, the potential difficulties of implementing
those changes.


**David M. Teslicko**
Assistant Chief | Financial Services, Fintech, and Banking Section
U.S. Department of Justice | Antitrust Division
450 Fifth Street NW, Washington, DC 20530
david.teslicko@usdoj.gov
202-710-0114

---

**From:** Anita Liu <ALiu@dirllp.com>
**Sent:** Wednesday, June 11, 2025 12:53 PM
**To:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Erica Spevack <espevack@dirllp.com>;
Corriveau, Annelise <acorriveau@paulweiss.com>; Huppert, Matthew (ATR)

<Matthew.Huppert@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia
(ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson,
Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy
<Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** amauser <amauser@paulweiss.com>; Jessica Phillips <JPhillips@dirllp.com>; Karen Dunn
<KDunn@dirllp.com>; Jeannie Rhee <JRhee@dirllp.com>; William Isaacson
<WIsaacson@dirllp.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt
<Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR)
<David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah
<lhibbler@paulweiss.com>; Becker, Bryon P <BPBecker@paulweiss.com>; Goodman, Martha
<mgoodman@paulweiss.com>
**Subject:** [EXTERNAL] Re: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies
Discovery

Thank you for confirming, David.  We will circulate an invite for 12:30 PM tomorrow.

As requested in our prior email, to the extent Plaintiffs continue to disagree with
Google's interpretation of Judge Anderson's ruling, we request that Plaintiffs identify any
specific portion of the hearing transcript or order that Plaintiffs believe contradicts what
Google has cited so Google can consider it in advance of the meet and confer.

Best,
Anita

**Anita Liu | Associate**
Dunn Isaacson Rhee LLP
aliu@dirllp.com
202-240-2908 (direct)
202-209-8590 (cell)

---

**From:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>
**Sent:** Wednesday, June 11, 2025 12:48 PM
**To:** Anita Liu <ALiu@dirllp.com>; Erica Spevack <espevack@dirllp.com>; Corriveau, Annelise
<acorriveau@paulweiss.com>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Wolin,
Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>;
Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR)
<Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us <thenry@oag.state.va.us>; Lauren
Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov <morgan.feder@ag.ny.gov>;
Elliott.Dionisio@doj.ca.gov <elliott.dionisio@doj.ca.gov>
**Cc:** amauser <amauser@paulweiss.com>; Jessica Phillips <JPhillips@dirllp.com>; Karen Dunn
<KDunn@dirllp.com>; Jeannie Rhee <JRhee@dirllp.com>; William Isaacson
<WIsaacson@dirllp.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt
<Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR)
<David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah

<lhibbler@paulweiss.com>; Becker, Bryon P <BPBecker@paulweiss.com>; Goodman, Martha
<mgoodman@paulweiss.com>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Anita,

I do not think we have agreement on the points you made below. We are available tomorrow at
12:30.

David

---

**From:** Anita Liu <ALiu@dirllp.com>
**Sent:** Wednesday, June 11, 2025 12:26 PM
**To:** Erica Spevack <espevack@dirllp.com>; Teslicko, David (ATR) <David.Teslicko@usdoj.gov>;
Corriveau, Annelise <acorriveau@paulweiss.com>; Huppert, Matthew (ATR)
<Matthew.Huppert@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia
(ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson,
Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy
<Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** amauser <amauser@paulweiss.com>; Jessica Phillips <JPhillips@dirllp.com>; Karen Dunn
<KDunn@dirllp.com>; Jeannie Rhee <JRhee@dirllp.com>; William Isaacson
<WIsaacson@dirllp.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt
<Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR)
<David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah
<lhibbler@paulweiss.com>; Becker, Bryon P <BPBecker@paulweiss.com>; Goodman, Martha
<mgoodman@paulweiss.com>
**Subject:** [EXTERNAL] Re: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies
Discovery

Counsel,

Thank you for meeting and conferring yesterday regarding documents Google is
producing pursuant to Magistrate Judge Anderson's order of May 30. As Plaintiffs
requested, we write to provide Google's position on its productions pursuant to that
order.

Following our conversation, Google has revisited the May 30 hearing transcript and
Magistrate Judge Anderson's order. Google continues to believe that the redacted
portions of responsive documents are properly withheld as protected by attorney-client
privilege, opinion work product, and/or fact work product with no showing of substantial
need. However, to accommodate Plaintiffs' expressed concerns about their ability to
interpret the unredacted portions pertaining to the technical work required to facilitate

divestiture, Google is willing to reproduce these documents with reduced redactions that would provide Plaintiffs additional context with which to interpret the reports or analyses of technical work required to facilitate divestiture, such as discussion of the technical scope of proposals that were under consideration at the direction of counsel in response to litigation and investigations.

Google understands that the parties are in agreement that Google may continue to properly withhold documents or portions of documents protected by attorney-client privilege, opinion work product, and/or fact work product with no showing of substantial need.  Google understands that the parties' disagreement is about the scope of Magistrate Judge Anderson's finding of substantial need.

As Google explained on the meet and confer and in its June 5 and June 11 production cover letters, Magistrate Judge Anderson explicitly based his finding of substantial need on two grounds, both of which pertained solely to the technical work required to facilitate divestiture.  Specifically, Magistrate Judge Anderson stated---on the same page Plaintiffs pointed Google to in the transcript at our meet and confer yesterday---that he based his finding of substantial need on Google's argument in its papers that the "workability issues relate, in large part, to the sophistication of these systems and the interplay that they have with Google's internal proprietary software and hardware infrastructure," and his conclusion that Plaintiffs "would not be able to be in the same position that Google's technical people" would be "to come up with an analysis of the same significance."  5/30/25 Hr'g Tr. at 40:3-15.  Earlier in the hearing, Magistrate Judge Anderson explicitly distinguished a showing of substantial need as to the technical work required to facilitate divestiture from a showing of substantial need as to other topics, including whether Google will "lose[] a lot of money or somebody gets a lot of money," or "marketplace analysis, not one that Google has necessarily expertise in." *Id.* at 11:24-12:6, 14:12-21.  Further, Magistrate Judge Anderson's May 30 order is expressly limited to "internal reports and analyses" of the "work that would be required to modify Google's ad exchange (AdX) and Google's publisher ad server (DFP) to facilitate divestiture as requested by Plaintiffs."  Dkt. 1450.  Marketplace analyses or Google's financial statements have nothing to do with the work required to modify AdX and DFP to facilitate divestiture.

If Plaintiffs continue to disagree, Google requests that Plaintiffs let Google know whether they would be available to meet and confer tomorrow, 6/12, between 12:30PM and 1:30PM EST regarding the parties' disagreement or, if Plaintiffs are not available then, what times they would be available tomorrow for a meet and confer.  To the extent Plaintiffs continue to contend that Judge Anderson's ruling is broader than how Google is

interpreting it, we request that Plaintiffs identify the specific portion of the hearing transcript or order that Plaintiffs believe contradicts what Google has cited so Google can consider it in advance of the meet and confer.

In addition, Google confirms that it inadvertently provided to Plaintiffs incorrect privilege log numbers corresponding to some of the documents produced in PROD002 and PROD003. Google is verifying the correct privilege log numbers and will provide Plaintiffs an updated cross-reference as soon as possible.

As Google stated on the meet and confer, Google will provide to Plaintiffs revised privilege log entries corresponding to documents produced pursuant to the May 30 order. Consistent with Google's briefing in response to Plaintiffs' motion to compel similar documents in 2023, Dkt. 245, Magistrate Judge Anderson's May 2023 order, Dkt. 271, and Magistrate Judge Anderson's reiteration at the May 30 hearing that internal reports or analyses "done as a result of government investigations and other things" "should be considered work product," 5/30/25 Hr'g Tr. at 36:10-22, Google is asserting, at minimum, work product protection over all documents produced pursuant to the May 30 order.

Best,
Anita


**Anita Liu | Associate**
Dunn Isaacson Rhee LLP
aliu@dirllp.com
202-240-2908 (direct)
202-209-8590 (cell)

---

**From:** Anita Liu <ALiu@dirllp.com>
**Sent:** Tuesday, June 10, 2025 9:14 AM
**To:** Erica Spevack <espevack@dirllp.com>; Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Corriveau, Annelise <acorriveau@paulweiss.com>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us <thenry@oag.state.va.us>; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov <morgan.feder@ag.ny.gov>; Elliott.Dionisio@doj.ca.gov <elliott.dionisio@doj.ca.gov>
**Cc:** amauser <amauser@paulweiss.com>; Jessica Phillips <JPhillips@dirllp.com>; Karen Dunn <KDunn@dirllp.com>; Jeannie Rhee <JRhee@dirllp.com>; William Isaacson <WIsaacson@dirllp.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR)

<David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah
<lhibbler@paulweiss.com>; Becker, Bryon P <BPBecker@paulweiss.com>; Goodman, Martha
<mgoodman@paulweiss.com>
**Subject:** Re: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery


Counsel,

At Plaintiffs' request, below is a cross-reference between the Bates numbers in productions
PROD002 and PROD003 and the Privilege Log number corresponding to these documents on
Google's prior litigation logs.  A revised privilege log for the documents in PROD002 and
PROD003 will follow.


Best,
Anita

| Bates number | Privilege Log number |
| --- | --- |
| GOOG-AT-MDL-B-009828429 | GGPL-AT-000650888 |
| GOOG-AT-MDL-B-009828697 | GGPL-AT-0054838 |
| GOOG-AT-MDL-B-009828561 | GGPL-AT-000662392 |
| GOOG-AT-MDL-B-009828652 | GGPL-AT-000696544 |
| GOOG-AT-MDL-B-009828729 | GGPL-AT-000674157 |
| GOOG-AT-MDL-B-009828750 | GGPL-AT-0054913 |
| GOOG-AT-MDL-B-009828566 | GGPL-AT-000716403 |
| GOOG-AT-MDL-B-009828594 | GGPL-AT-000747716 |
| GOOG-AT-MDL-B-009828834 | GGPL-AT-000745339 |
| GOOG-AT-MDL-B-009828829 | GGPL-AT-000669413 |
| GOOG-AT-MDL-B-009828764 | GGPL-3070046608 |
| GOOG-AT-MDL-B-009828530 | GGPL-AT-0012133 |
| GOOG-AT-MDL-B-009828425 | GGPL-1380108224 |
| GOOG-AT-MDL-B-009828509 | GGPL-AT-0013615 |
| GOOG-AT-MDL-B-009828443 | GGPL-3070514376 |
| GOOG-AT-MDL-B-009828450 | GGPL-AT-0034570a |
| GOOG-AT-MDL-B-009828460 | GGPL-4170014622 |
| GOOG-AT-MDL-B-009828522 | GGPL-AT-0027091 |
| GOOG-AT-MDL-B-009828514 | GGPL-AT-0027083 |
| GOOG-AT-MDL-B-009828599 | GGPL-AT-0053551 |
| GOOG-AT-MDL-B-009828584 | GGPL-AT-000720303 |

| GOOG-AT-MDL-B-009828336 | GGPL-AT-000600294 |
| GOOG-AT-MDL-B-009828355 | GGPL-AT-000600298 |

**Anita Liu | Associate**
Dunn Isaacson Rhee LLP
aliu@dirllp.com
202-240-2908 (direct)
202-209-8590 (cell)

---

**From:** Erica Spevack <espevack@dirllp.com>
**Sent:** Tuesday, June 10, 2025 9:11 AM
**To:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Corriveau, Annelise <acorriveau@paulweiss.com>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us <thenry@oag.state.va.us>; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov <morgan.feder@ag.ny.gov>; Elliott.Dionisio@doj.ca.gov <elliott.dionisio@doj.ca.gov>
**Cc:** amauser <amauser@paulweiss.com>; Jessica Phillips <JPhillips@dirllp.com>; Karen Dunn <KDunn@dirllp.com>; Jeannie Rhee <JRhee@dirllp.com>; William Isaacson <WIsaacson@dirllp.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR) <David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah <lhibbler@paulweiss.com>; Becker, Bryon P <BPBecker@paulweiss.com>; Goodman, Martha <mgoodman@paulweiss.com>; Anita Liu <ALiu@dirllp.com>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Substituting in Anita's new DIR email address.

**Erica Spevack | Associate**
Dunn Isaacson Rhee LLP
espevack@dirllp.com
202-240-2913 (direct)
202-368-1774 (cell)

---

**From:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>
**Sent:** Monday, June 9, 2025 12:42 PM
**To:** aliu <aliu@paulweiss.com>; Corriveau, Annelise <acorriveau@paulweiss.com>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov; Erica Spevack <espevack@dirllp.com>
**Cc:** amauser <amauser@paulweiss.com>; Jessica Phillips <JPhillips@dirllp.com>; Karen Dunn

<KDunn@dirllp.com>; Jeannie Rhee <JRhee@dirllp.com>; William Isaacson
<WIsaacson@dirllp.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt
<Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR)
<David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah
<lhibbler@paulweiss.com>; Becker, Bryon P <BPBecker@paulweiss.com>; Goodman, Martha
<mgoodman@paulweiss.com>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Thank you. Tomorrow at 2:30 PM works for us. Would you like me to send a meeting link?

David

---

**From:** Anita Y. Liu <aliu@paulweiss.com>
**Sent:** Monday, June 9, 2025 10:21 AM
**To:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Corriveau, Annelise
<acorriveau@paulweiss.com>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Spevack,
Erica <espevack@paulweiss.com>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia
(ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson,
Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy
<Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; jphillips@dirllp.com; kdunn@dirllp.com;
jrhee@dirllp.com; wisaacson@dirllp.com; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt
<Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR)
<David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah
<lhibbler@paulweiss.com>; Becker, Bryon P <BPBecker@paulweiss.com>; Goodman, Martha
<mgoodman@paulweiss.com>
**Subject:** [EXTERNAL] RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies
Discovery

Counsel,

Google is available for a meet and confer on Tuesday between 1 and 3PM EST.

Google will produce remaining productions responsive to RFP 1 on a reasonable time frame,
with documents in connection with deponents produced in advance of those depositions.
Google will also provide privilege logs for its rolling productions responsive to RFP 1 prior to
the close of fact discovery.

Google confirms that, at Plaintiffs' request, it will provide a cross-reference between the Bates
numbers in these productions and the Privilege Log Number corresponding to these
documents on Google's prior litigation logs.

Best,

Anita

**Anita Y. Liu** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
+1 202 223 7303 (Direct Phone) | +1 202 209 8590 (Cell)
aliu@paulweiss.com | www.paulweiss.com

---

**From:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>
**Sent:** Monday, June 9, 2025 8:46 AM
**To:** Corriveau, Annelise <acorriveau@paulweiss.com>; Huppert, Matthew (ATR)
<Matthew.Huppert@usdoj.gov>; Spevack, Erica <espevack@paulweiss.com>; Wolin, Michael (ATR)
<Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR)
<Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>;
thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov;
Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; jphillips@dirllp.com; kdunn@dirllp.com;
jrhee@dirllp.com; wisaacson@dirllp.com; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt
<Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR)
<David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah
<lhibbler@paulweiss.com>; Becker, Bryon P <BPBecker@paulweiss.com>; Anita Y. Liu
<aliu@paulweiss.com>; Goodman, Martha <mgoodman@paulweiss.com>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Annelise,

Thank you for the confirmation below. Plaintiffs are concerned with the scope and nature of
Google's redactions in the 22 documents produced thus far in response to the Court's order.
Please provide times on Tuesday when Google can meet and confer to discuss its approach to
redactions. To facilitate discussion, we have identified an illustrative list of documents that
give rise to our concerns (but it is by no means exhaustive):

GOOG-AT-MDL-B-009828460
GOOG-AT-MDL-B-009828652
GOOG-AT-MDL-B-009828729
GOOG-AT-MDL-B-009828750
GOOG-AT-MDL-B-009828443

Additionally, please provide an update on the timing of remaining productions and the
privilege log for documents responsive to RFP 1.

Finally, to better assess the redactions in Google's recent productions, please provide a
cross-reference between the Bates numbers in these productions and the Privilege Log

13

Number corresponding to these documents on Google's prior litigation logs.

**David M. Teslicko**

Assistant Chief | Financial Services, Fintech, and Banking Section

U.S. Department of Justice | Antitrust Division

450 Fifth Street NW, Washington, DC 20530

david.teslicko@usdoj.gov

202-710-0114

---

**From:** Corriveau, Annelise <acorriveau@paulweiss.com>

**Sent:** Friday, June 6, 2025 12:02 PM

**To:** Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Spevack, Erica <espevack@paulweiss.com>; Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov

**Cc:** Mauser, Amy <amauser@paulweiss.com>; jphillips@dirllp.com; kdunn@dirllp.com; jrhee@dirllp.com; wisaacson@dirllp.com; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR) <David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah <lhibbler@paulweiss.com>; Becker, Bryon P <BPBecker@paulweiss.com>; Anita Y. Liu <aliu@paulweiss.com>; Goodman, Martha <mgoodman@paulweiss.com>

**Subject:** [EXTERNAL] RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Counsel,

Google confirms that it will produce, pursuant to the Court's May 30 order and statements at the May 30 hearing, any internal reports or analyses prepared by non-lawyers at Google describing the nature and scope of work that would be required to modify Google's ad exchange (AdX) and Google's publisher ad server (DFP) to facilitate divestiture as requested by Plaintiffs---including any work that would be required to modify AdX or DFP to facilitate each or any of the three phases of the DFP divestiture Plaintiffs have proposed---to the extent any such internal reports or analyses exist and are fact work product that is not protected by any other applicable privilege or protection.

Thanks,

Annelise

**Annelise Corriveau** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
+1 202 223 7446 (Direct Phone) | +1 202 330 5767 (Direct Fax)
acorriveau@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

**From:** Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>
**Sent:** Thursday, June 5, 2025 8:47 PM
**To:** Spevack, Erica <espevack@paulweiss.com>; Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Corriveau, Annelise <acorriveau@paulweiss.com>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; jphillips@dirllp.com; kdunn@dirllp.com; jrhee@dirllp.com; wisaacson@dirllp.com; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR) <David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah <lhibbler@paulweiss.com>; Becker, Bryon P <BPBecker@paulweiss.com>; Anita Y. Liu <aliu@paulweiss.com>; Corriveau, Annelise <acorriveau@paulweiss.com>; Goodman, Martha <mgoodman@paulweiss.com>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Counsel,

I write to confirm the scope of Google's document production in response to our RFP No. 1, in accordance with the Court's May 30 order. Specifically, please confirm that Google plans to produce reports and analyses described in the Court's May 30 order for each or any of the three phases of the DFP divestiture Plaintiffs have proposed, including reports or analyses about separating the code that performs the final auction within DFP and/or providing that auction-logic code under an open-source license.

Thanks,

Matt

Matthew R. Huppert
U.S. DEPARTMENT OF JUSTICE | ANTITRUST DIVISION
950 PENNSYLVANIA AVE., NW
WASHINGTON, DC 20530
(202) 476-0383 (CELL)
(202) 532-4725 (OFFICE)

**From:** Spevack, Erica <espevack@paulweiss.com>
**Sent:** Wednesday, June 4, 2025 3:20 PM

**To:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Corriveau, Annelise <acorriveau@paulweiss.com>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; jphillips@dirllp.com; kdunn@dirllp.com; jrhee@dirllp.com; wisaacson@dirllp.com; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR) <David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah <lhibbler@paulweiss.com>; Becker, Bryon P <BPBecker@paulweiss.com>; Anita Y. Liu <aliu@paulweiss.com>; Corriveau, Annelise <acorriveau@paulweiss.com>; Goodman, Martha <mgoodman@paulweiss.com>
**Subject:** [EXTERNAL] RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

David,

I write to follow up on my email below.

*First*, Mr. Berntson is available to sit for his 30(b)(1) and 30(b)(6) depositions on June 24 and June 25 in New York. We appreciate that you will be efficient with the use of deposition time across these days. We expect that rather than asking the witness the same questions in both his individual and 30(b)(6) capacity, you will ask questions covering the 30(b)(6) topics once and Mr. Berntson will answer in his 30(b)(6) capacity, including based on his personal knowledge.

*Second*, Google is designating Nirmal Jayaram and Per Bjorke on Topic 6. Mr. Bjorke is designated on this topic to testify as to the ways in which Plaintiffs' proposed remedies would degrade the quality of Google's buying tools that relate to privacy and security. Mr. Jayaram is designated to testify as to other ways in which Plaintiffs' proposed remedies would degrade the quality of Google's buying tools.

*Third*, Google is designating Glenn Berntson on Topic 7.

*Fourth*, with respect to Topics 9 and 10, Google is amenable to identifying the individual witnesses with knowledge of Project Sunday, Project Monday, any similar projects, and Google's agreement with the French Competition Authority, all of whom we expect have already been noticed for deposition by Plaintiffs. We agree that these individuals can testify within their 30(b)(6) capacity on the issues for which each is identified during the seven hours allotted for their 30(b)(1) depositions.

*Fifth*, with respect to Topic 15, Google will agree to provide by the close of discovery a written response to each subpart in Topic 15, and identify any responsive documents, to the extent that they exist, that form the basis of that written response.

*Sixth*, with respect to Topic 18, Google will agree to produce any responsive documents, to the extent they exist.

*Seventh*, with respect to Topic 19, as Google has already stated in its response to RFP 20, Google will provide a refresh production of relevant profit and loss statements from September 2023 to April 2025. With respect to Plaintiffs' other requests, Plaintiffs have not explained or justified why the information *already* provided by Google through 6 separate interrogatories (ROGs 3, 11, 12, 14, 15,

17), a 5.5 hour 30(b)(6) deposition, voluminous document productions, and RFA responses are not sufficient. It is unclear what, if any, information Plaintiffs believe they still need.  For example, during the merits phase, Plaintiffs specifically requested P&L information for "each Relevant Product," including GAM, as well as an explanation for "Google's methodology for allocating expenses" to GAM and other products. *See* ROG 3; *see also* ROGs 15, 17 (requesting explanation for how Google allocates costs and profits to "Display Advertising Business Components" which included GAM). The prior 30(b)(6) notice also sought duplicative information. *See, e.g.*, Topic 1 ("for each individual product within DVAA," including GAM, "Google's accounting policies and procedures"), Topic 2 ("Cost allocations, including" how costs are "allocated within Display Advertising Business Components" including GAM).

It is not lost on Google that, in the merits phase, Plaintiffs propounded numerous discovery requests, and took an extended 30(b)(6) deposition, directed at P&Ls and financial information only to not affirmatively use *any* of that information at summary judgment or trial. Without an explanation for why Topic 19 is not duplicative and cumulative of other discovery, Google cannot agree to designate a witness or provide a written response. Furthermore, setting aside the duplicative nature of Plaintiffs' request, Plaintiffs' request for testimony regarding "any related components that affect revenue and costs of GAM" is vague and ambiguous. As currently drafted, and without any further explanation or clarification, Google is not able to prepare a witness on, or provide a written response to, that portion of Topic 19.

*Eighth*, with respect to Plaintiffs' agreement that "the non-noticing side should be permitted *at least* one hour of questioning at third-party depositions, with the noticing party permitted *at least* six hours," Google understands there to be a seven-hour limit on depositions.  To the extent a third-party is willing to sit for longer than seven hours, the additional time the witness is willing to sit should be allocated 6:1 consistent with the allocation of the seven hours.  To the extent Plaintiffs wish to examine the witness for longer, they should serve a subpoena and use one of their allotted 15 depositions.

*Ninth*, as we explained during our call, Google is collecting and reviewing the documents that are subject to the Court's May 30 order as expeditiously as possible.  As we stated, we are prioritizing producing documents relevant to the upcoming depositions and are endeavoring to produce such documents sufficiently in advance of each deposition.  As stated in an email just now from Amy Mauser to Michael Wolin, we are working toward providing PDFs of documents relevant to the Nitish Korula deposition by the end of the day Thursday, June 5.

*Tenth*, Google will adequately prepare its corporate representative to testify as to the issues reflected in Topics to which Google objected on the basis that they seek "each and every" harm that will arise from Plaintiffs' proposed remedies, "each and every" reason Plaintiffs' proposed divestiture of AdX is unworkable or harmful, and "each and every" reason divesting parts or all of DFP would be logistically unworkable.  As we explained, both in our objections and during the call, given that third parties will also have knowledge and information as to the issues reflected in these Topics, and experts will be opining as to the issues reflected in these Topics, Google could not possibly prepare a corporate representative to testify as to "each and every" harm or reason reflected in these Topics.

Best,

**Erica Spevack** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
+1 202 223 7349 (Direct Phone)
+1 202 368 1774 (Cell)
espevack@paulweiss.com | www.paulweiss.com

**From:** Spevack, Erica
**Sent:** Tuesday, June 3, 2025 2:36 PM
**To:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Wolin, Michael (ATR)
<Michael.Wolin@usdoj.gov>; Corriveau, Annelise <acorriveau@paulweiss.com>; Wood, Julia (ATR)
<Julia.Tarver.Wood@usdoj.gov>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Briskin,
Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>;
thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov;
Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; jphillips@dirllp.com; kdunn@dirllp.com;
jrhee@dirllp.com; wisaacson@dirllp.com; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt
<Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR)
<David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah
<lhibbler@paulweiss.com>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Thank you, David.  We are working to respond to your email in full, but in the interest of time
wanted to respond regarding some logistical matters.

The Adkins, Bjorke, Jayaram, and Sheffer depositions will all take place at the Freshfields Redwood
City office.  The address is: 855 Main St, Redwood City, CA 94063

For the Heather Adkins deposition, in order to accommodate the witness, we request that the
deposition will start at 10am PT.

Relatedly, last week we indicated in an email to Michael Wolin that we do not have a proposed
location for the Craycroft deposition other than that it take place in Denver.  Can you please confirm
you will be coordinating a location and let us know where that deposition will take place at your
earliest convenience.

We also wanted to follow up regarding the Creput deposition.  We are amenable to taking that
deposition on June 11 given that is when the witness is available.  Understanding that the witness is
in France and the deposition will be virtual, can you please advise the start time of that deposition?

Lastly, for this week's June 6 witness list exchange, we propose that the parties simultaneously
exchange witness lists at 10pm ET.  Please let us know if you agree.

Many thanks,
Erica
**Erica Spevack** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
+1 202 223 7349 (Direct Phone)
+1 202 368 1774 (Cell)
espevack@paulweiss.com | www.paulweiss.com

---

**From:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>
**Sent:** Tuesday, June 3, 2025 12:45 PM

**To:** Spevack, Erica <espevack@paulweiss.com>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Corriveau, Annelise <acorriveau@paulweiss.com>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; jphillips@dirllp.com; kdunn@dirllp.com; jrhee@dirllp.com; wisaacson@dirllp.com; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR) <David.Geiger@usdoj.gov>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Erica,

Thank you for the call and email. I have responded below to each of the items covered by your email and raised a few additional items (highlighted) that were also discussed on our call. We would appreciate your prompt response.

*First*, Plaintiffs are able to accommodate the proposed deposition dates and locations for Adkins, Bjorke, Jayaram, and Sheffer. For these depositions, please provide specific locations in the Bay Area as soon as possible, particularly for the depositions occurring next week.

*Second*, on the call, you indicated Google needs to undertake additional collections and productions related to Mr. Berntson, and these will not be completed before the previously-agreed deposition date of June 10. We are disappointed by the delay in Google's production, given that Mr. Berntson's deposition was noticed more than two and half weeks prior to the agreed-upon date, and Google apparently was aware of the significance of Mr. Berntson's documents, having identified him on its own witness list last week. That said, we agree to postpone his June 10 deposition to ensure Google has produced all relevant documents and allowed us sufficient time to review those documents in preparation for the deposition.

Separately, as you note in your email, Google intends to designate Mr. Berntson as its corporate designee for at least *eleven* of the topics in Plaintiffs' 30(b)(6) notice. These are in addition to the topics Plaintiffs intended to cover with Mr. Berntson in his individual capacity as an engineering director and the lead of the Google Ad Manager team. As a result, Plaintiffs do not believe it is possible to take both a 30(b)(1) and a 30(b)(6) deposition of Mr. Berntson in a single day, and we look forward to Google providing two dates on which Mr. Berntson can testify, preferably consecutive days. Of course, Plaintiffs will endeavor to be efficient with the use of deposition time across these days.

*Third*, as discussed, please identify a corporate designee and potential deposition dates for Topics 6 and 7 by no later than June 5. As to topics 9 and 10, we explained our view that the production of documents and the generalized offer of 30(b)(1) testimony are not sufficient

19

substitutes for 30(b)(6) testimony both as a matter of law and the particular facts of this case. We remain open to Google designating multiple corporate representatives collectively to testify for Google on these topics, so long as they address the full scope of these topics. Please identify Google's corporate designees for these topics as soon as possible, and in any event, no later than June 5.

As to topics 15 and 18, Plaintiffs are potentially amenable to forgoing 30(b)(6) testimony on these topics so long as Google provides a fulsome written response to each subpart in Topic 15, as proposed in your objections, and identifies responsive documents in its production that form the basis of its written response. Likewise, Plaintiffs are potentially amenable to forgoing 30(b)(6) testimony on Topic 19 so long as Google (1) refreshes its production of P&L information from the last final version P&L previously produced to most recent, (2) identifies what it views as the authoritative P&L records (and managerial and financial accounting methodologies and reporting practices) for GAM from 2015 to present, and (3) provides a fulsome response to Topic 19 including identifying any related components that affect revenue and costs of GAM and how and to what line items any adopted changes in financial and managerial accounting applied to and the specific documents in its production that form the basis for its written response.

*Fourth*, we agree to split third-party deposition time 50/50 when both sides notice the deposition.

*Fifth*, we agree that the non-noticing side should be permitted at least one hour of questioning at third-party depositions, with the noticing party permitted at least six hours.

*Sixth*, on the call, we asked about the timing of Google's document productions prior to upcoming depositions. You indicated that you were working as hard as possible, but you could not provide any estimate of when documents would be produced for any specific deponents, including for Nitish Korula, whose deposition is scheduled to occur in six days. We ask that you provide regular written updates to us about the status of Google's forthcoming document productions for each Google deponent, so that we can determine as soon as possible whether any depositions need to be rescheduled in light of delays in Google's document production.

*Seventh*, on the call, we asked when Google intended to comply with the court's May 30 order requiring Google to produce certain internal reports and analyses and any associated privilege log (Dkt. No. 1450). You said you could not even confirm that Google would comply with the Court's order, let alone provide a timeline for such compliance. We believe it is imperative that Google timely comply with the Court's order. As we explained, and as was discussed at the hearing, Google's production of these documents ahead of the upcoming depositions is critical to Plaintiffs' ability to fully question witnesses who have personal knowledge of the analyses and reports to be produced. Google's responses to our document requests, served yesterday evening, appear to state Google will comply with the Court's order immediately,

without waiting for any further process, such as an objection under Federal Rule of Civil Procedure 72. By no later than June 4, please confirm that Google will comply as soon as possible and state when Google will do so, so that we can assess whether to proceed with the noticed depositions on the currently scheduled dates and/or seek further relief from the Court.

On our call, we also noted that your objections to several of the 30(b)(6) topics referenced work product objections (citing to the 2023 motion to compel hearing) or Rule 408-related objections that the Court rejected last week. Please also confirm by June 4 that Google's corporate designees (where relevant to the designated topic) will be prepared to testify about all "internal reports and analyses prepared by non-lawyers at Google describing the nature and scope of work that would be required to modify Google's ad exchange (AdX) and Google's publisher ad server (DFP) to facilitate divestiture as requested by plaintiffs, including the burden, cost, and potential difficulties of implementing those changes." ECF No. 1450.

*Eighth*, on the call, you repeated your objections to Plaintiffs' 30(b)(6) deposition notice to the extent it sought testimony on "each and every 'harm'" Google argues will arise from Plaintiffs' proposed remedies (Topic 1), "each and every reason Plaintiffs' proposed divestiture of AdX is 'unworkable' or 'harmful'" (Topic 2), and "each and every reason divesting parts or all of DFP 'would be logistically unworkable'" (Topic 5). As we explained, Plaintiffs are not seeking testimony about what Google's lawyers intended when they wrote the quoted words in their court filings. However, Plaintiffs expect Google's designee to be prepared to address each and every factual assertion underlying those statement, including the particular "harm" purportedly arising from Plaintiffs' proposed remedies and each and every "reason" Google believes the proposed divestitures are "unworkable," "harmful," or "logistically unworkable." Google's failure to adequately prepare its designee to address each of these factual contentions that it intends to advance at the remedies trial through Google fact witnesses (in particular its current or former employees) would substantially prejudice Plaintiffs' ability to prepare to address and respond to these arguments.

**David M. Teslicko**
Assistant Chief | Financial Services, Fintech, and Banking Section
U.S. Department of Justice | Antitrust Division
450 Fifth Street NW, Washington, DC 20530
david.teslicko@usdoj.gov
202-710-0114

**From:** Spevack, Erica <espevack@paulweiss.com>
**Sent:** Monday, June 2, 2025 6:09 PM
**To:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Teslicko, David (ATR)
<David.Teslicko@usdoj.gov>; Corriveau, Annelise <acorriveau@paulweiss.com>; Wood, Julia (ATR)
<Julia.Tarver.Wood@usdoj.gov>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Briskin,
Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>;
thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov;
Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; jphillips@dirllp.com; kdunn@dirllp.com;
jrhee@dirllp.com; wisaacson@dirllp.com; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt
<Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreilllaw.com>; Geiger, David (ATR)
<David.Geiger@usdoj.gov>
**Subject:** [EXTERNAL] RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies
Discovery

Counsel,

Thank you for taking the time to meet and confer with us this afternoon. We are following up
to memorialize our discussion.

*First*, with respect to the depositions noticed on Friday, we provide below the dates on which
the witnesses are available. Please confirm that the below dates will work for Plaintiffs:

- Heather Adkins – June 12 in the Bay Area
- Per Bjorke – June 13 in the Bay Area
- Nirmal Jayaram – June 18 in the Bay Area
- Scott Sheffer – July 1 in the Bay Area (as noted, we would suggest that we make a joint
  request to the Court for leave to take Mr. Sheffer's deposition and Mr. Casale's
  deposition just after the close of fact discovery)

We will follow up with additional information as to the exact location for each of the
depositions taking place in the Bay Area.

*Second*, as we mentioned, Mr. Berntson is available to sit for a deposition on June 24. We are
still determining whether he has availability on June 23 or June 25 (or on other consecutive
days). We will let you know as soon as we have that information. Please confirm that we can
take the June 10 date off the calendar.

*Third*, we would like to memorialize our discussion with respect to each of the individual
topics Plaintiffs noticed:

- We identified Mr. Berntson as the 30(b)(6) designee for Topics 1, 2, 3, 4, 5, 8, 11, 12,
  13, 16, and 17
- We agreed to follow-up with the designee for Topics 6 and 7. We will provide that
  information as soon as we are able.
- We explained that Google's production of documents together with 30(b)(1) testimony

22

of the Google witnesses that Plaintiffs have requested should provide Plaintiffs the information they seek in response to Topics 9 and 10.  You requested that we consider whether we are able to designate witnesses as to the individual projects encompassed in Topic 9 and whether we can designate a witness to testify as to Google's agreement with the FCA in order to cover Topic 10.  We will let you know our position as soon as we are able.

- For Topic 14, we explained that as written, we were not aware of anything responsive. Based on our discussion, we understand that Google's designation of Mr. Berntson to testify on Topic 12 is sufficient to cover what you seek through Topic 14.

- For Topic 15, we stated that we will produce documents, to the extent they exist, that are responsive to this Topic, and we are willing to provide a written response.  Given that you did not object to that proposal, we do not plan to designate a witness for this Topic.

- For Topic 18, we stated that we will produce documents, to the extent they exist, that are responsive to this Topic.  Given that you did not object to that proposal, we do not plan to designate a witness for this Topic.

- For Topic 19, we explained that we provided extensive 30(b)(6) testimony on these issues during the liability phase as well as a written response.  We are also doing a refresh of the P&L statements in response to RFP 20.  We stated that given that, we do not believe there is anything additional to warrant a 30(b)(6) examination on this Topic. Given that you did not object to Google's position, we do not plan to designate a witness for this Topic.

- For Topic 20, we explained that we cannot prepare a witness to testify to each of Google's interrogatory responses, but to the extent there is any other particular issue Plaintiffs want to address beyond those we discussed, we will consider a more specific proposal.

*Fourth*, we agreed that for 3rd party depositions where both parties noticed the deposition, the parties would split the 7 hours 50/50 such that each party gets 3.5 hours.

*Fifth*, for 3rd party depositions where only one party notices the deposition, we agree that the noticing party will get 6 hours and the non-noticing party will get 1 hour.

Best,
Erica

**Erica Spevack** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
+1 202 223 7349 (Direct Phone)
+1 202 368 1774 (Cell)
espevack@paulweiss.com | www.paulweiss.com

**From:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>
**Sent:** Monday, June 2, 2025 11:18 AM
**To:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Spevack, Erica <espevack@paulweiss.com>;
Corriveau, Annelise <acorriveau@paulweiss.com>; Wood, Julia (ATR)
<Julia.Tarver.Wood@usdoj.gov>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Briskin,
Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>;
thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov;
Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; jphillips@dirllp.com; kdunn@dirllp.com;
jrhee@dirllp.com; wisaacson@dirllp.com; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt
<Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR)
<David.Geiger@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery


Counsel,

For this meet-and-confer call at 2pm, in addition to Google's objections to Plaintiffs' Rule 30(b)(6)
notice, Plaintiffs also request to discuss:

- The timing of Google's compliance with the Court's order from Friday (particularly the issues
  raised in my email from 2:16pm on Friday regarding the upcoming depositions)
- The hours limit for the Rule 30(b)(6) deposition of Google
- Splitting time during non-party depositions
- Scheduling the depositions of Google employees Plaintiffs noticed on Friday (i.e., Adkins,
  Bjorke, Jayaram, and Sheffer)


Regards,
Michael


**Michael Wolin**
Trial Attorney
United States Department of Justice
Antitrust Division | Transportation, Energy, and Agriculture Section
450 Fifth Street N.W., Suite 8000, Washington, DC 20530
michael.wolin@usdoj.gov | (202) 704-3270 (mobile)