# Exhibit 2

# PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K Street, NW
Washington, D.C. 20006-1047
+1 202 223 7300

**Martha Goodman**
**Direct Dial:** +1 202 223 7341
**Email:** mgoodman@paulweiss.com

New York
Brussels
Hong Kong
London
Los Angeles
San Francisco
Tokyo
Toronto
Wilmington

June 5, 2025

By Email

Michael Wolin
Antitrust Division
U.S. Department of Justice
450 Fifth Street, NW, Suite 800
Washington, D.C. 20530
Michael.Wolin@usdoj.gov

Re:   *United States et al.* v. *Google LLC*, Case No. 1:23-cv-108-LMB-JFA (E.D. Va.)

Dear Michael:

On behalf of Google, LLC ("Google"), we have uploaded zip files labeled PROD002 and PROD003 to JEFS. The documents in PROD002 have been Bates-labeled GOOG-AT-MDL-B-009828336 to GOOG-AT-MDL-B-009828424. The documents in PROD003 have been Bates-labeled GOOG-AT-MDL-B-009828425 to GOOG-AT-MDL-B-009828837. The passwords to the zip files will be provided via email. At Plaintiffs' request, courtesy PDF copies of the documents in productions PROD002 and PROD003 will be provided to you via separate FTP link.

In accordance with and subject to Judge Anderson's May 30, 2025 Order, and without waiving any of Google's objections, Google is producing in connection with the deposition of Nitish Korula on June 9, 2025 "internal reports and analyses prepared by non-lawyers at Google describing the nature and scope of work that would be required to modify Google's ad exchange (AdX) and Google's publisher ad server (DFP) to facilitate divestiture as requested by plaintiffs, including the burden, cost, and potential difficulties of implementing those changes." Dkt. 1450. Google will continue to produce documents in response to the Court's order on a rolling basis.

As Judge Anderson explained at the May 30, 2025 hearing, he found that Plaintiffs had demonstrated a substantial need for factual work product "describing the nature and scope of the work that would be required to modify Google's ad exchange, AdX, or Google's publisher ad server, DFP, to facilitate the divestiture as requested by the plaintiffs." 5/30/25 Hearing Tr. 40:16-41:2. Judge Anderson based his finding on Google's argument

in its papers that the "workability issues relate, in large part, to the sophistication of these systems and the interplay that they have with Google's internal proprietary software and hardware infrastructure," and his conclusion that Plaintiffs "would not be able to be in the same position that Google's technical people" would be "to come up with an analysis of the same significance." *Id.* at 40:3-15.

Google's production of these materials does not constitute a waiver of Google's work product, attorney-client privilege, or any other asserted privileges. Google is making this production in light of the shortened period for discovery permitted for the remedies phase in this proceeding, and pursuant to Judge Anderson's May 30, 2025 Order directing Google to produce documents protected by fact work product doctrine in light of the Court's specific and limited finding of substantial need—as quoted above—in this proceeding. This production shall not constitute a waiver for purposes of this or any other proceedings.

This production should not be construed as a waiver of any protection from disclosure or confidential treatment accorded by law. Google intends to rely on and invoke any such protection as appropriate. If protected documents or information are inadvertently produced, Google reserves the right to notify Plaintiffs, stating the basis for such protection and requesting that such documents or information be promptly returned or destroyed.

Sincerely,

/s/ *Martha Goodman*
Martha Goodman

CC: Counsel of Record (via email)