# Exhibit 5



**EUROPEAN COMMISSION**
DIRECTORATE-GENERAL FOR COMPETITION

Markets and cases II: Information Technology, Communication and Media
**Antitrust: IT, Internet and Consumer electronics**

Brussels, 28 May 2025
COMP.C.3/BA/ad

U.S. Department of Justice –
Antitrust Division
950 Pennsylvania Avenue NW
Washington DC 20530

**Subject:    Your email of 27 May 2025**

Dear Matt,

By email of 27 May 2025, you explained that, in a civil antitrust enforcement action brought by the U.S. Government in a U.S. federal court, the U.S. Government has requested from a defendant the following:

> Produce all communications, briefs, white papers, presentations, expert declarations, expert reports, and any other advocacy or analysis submitted or referenced by [Defendant] to any Foreign Competition Authority concerning any actual or potential remedy for alleged anticompetitive conduct by [Defendant] related to its digital advertising business, including all data and/or documents cited or relied upon therein.

You indicate that the term "*Foreign Competition Authority*" in the request includes the Directorate-General for Competition of the European Commission, and that the U.S. Government has limited the scope of this request to apply only to documents the defendant submitted to the European Commission, not documents or information of others that the defendants obtained from the European Commission proceedings.

You also explain that the defendant has objected to producing documents responsive to the discovery request on several grounds, including because "*competition laws limit the disclosure of such information.*" In support of this assertion, the defendant has cited three specific provisions of European Union law:

- o  Council Regulation (EC) No 1/2003 of 16 December 2002 on the implementation of the rules on competition laid down in Articles 81 and 82 of the Treaty;

- o  Commission Regulation (EC) No 773/2004 of 7 April 2004 relating to the conduct of proceedings by the Commission pursuant to Articles 81 and 82 of the EC Treaty, as amended by Directive 2014/104/EU of the European Parliament (in this respect, your mention specifically Article 16a(3) of that regulation); and

Commission européenne/Europese Commissie, 1049 Bruxelles/Brussel, BELGIQUE/BELGIË – Tel. +32 22991111

- o Directive 2014/104/EU of the European Parliament and of the Council of 26 November 2014 on certain rules governing actions for damages under national law for infringements of the competition law provisions of the Member States and of the European Union.

You ask whether, in our view, these three specific provisions of European Union law prohibit a defendant, in the specific circumstance you outlined, from producing responsive documents to the U.S. Government in civil discovery in a U.S. court.

In our view, these three specific provisions of European Union Law do not prohibit a defendant from producing documents responsive to the request, as you outlined it, to the U.S. Government in civil discovery in a U.S. court, subject to the redaction of any confidential third party material that such documents could contain and that would have been obtained in the context of proceedings conducted in the European Union.

This assessment is based on the understanding that the responsive documents concern actual or potential remedies to an alleged anticompetitive conduct.


Yours sincerely,


Electronically signed


Brice ALLIBERT
Head of Unit