# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., | ) |
|       Plaintiffs, | ) |
| v. | ) No. 1:23-cv-00108-LMB-JFA |
| GOOGLE LLC, | ) |
|       Defendant. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL

Pursuant to Local Civil Rule 5, Plaintiffs respectfully submit the instant memorandum of law in support of their motion to seal Appendix A and Exhibits 4 and 6–11 to Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Enforce the Court's May 30 Order and to Compel Production of Google's Remedy Feasibility Submissions to the European Commission, as well as the portions of the Memorandum of Law that reference sealed exhibits. The documents that Plaintiffs seek to seal contain material Defendant Google has designated as confidential or highly confidential under the Modified Protective Order (Dkt. 203). The unredacted memorandum and exhibits have been filed electronically using the sealed filing events at Dkts. 1477, 1477-4, 1477-6, 1477-7, 1477-8, 1477-9, 1477-10, 1477-11, and 1478, and the redacted brief is filed on the public docket at Dkt. 1475.

Pursuant to paragraph 20 of the Modified Protective Order (Dkt. 203), through this motion Plaintiffs inform the Court of the confidentiality designations of these materials and request that the Court (1) seal portions of Plaintiffs' memorandum and exhibits identifying such information, and (2) maintain the redacted memorandum on the public docket, in order to provide Google sufficient time to provide the Court with support for the need to seal these

1

documents. But for the requirements of the Modified Protective Order, Plaintiffs would not seek to seal these documents.

## ARGUMENT

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id*. However, a litigant can overcome the common-law presumption of public access by showing that it has "some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Accordingly, before ordering the sealing of a document, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the document[], and (3) provide specific reasons and factual findings supporting its decision to seal the document[] and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also* Local Civ. R. 5(C).

Plaintiffs do not believe the information referenced in their memorandum or the exhibits are of a type that outweighs the presumption in favor of public access. Nonetheless, because the material was designated as confidential or highly confidential by Google, Plaintiffs have filed the present motion in accordance with their obligations under paragraph 20 of the Modified Protective Order. As stated in the notice filed concurrently with this memorandum, any interested member of the public and any other party may indicate their position on the motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court seal Appendix A and Exhibits 4 and 6–11 to Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to

Enforce the Court's May 30 Order and to Compel Production of Google's Remedy Feasibility Submissions to the European Commission, as well as the portions of the Memorandum of Law that reference sealed exhibits.

Dated: June 13, 2025

Respectfully submitted,

| | |
|---|---|
| ERIK S. SIEBERT<br>United States Attorney | JASON S. MIYARES<br>Attorney General of Virginia |
| /s/ Gerard Mene<br>GERARD MENE<br>Assistant U.S. Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3777<br>Facsimile: (703) 299-3983<br>Email: Gerard.Mene@usdoj.gov | /s/ Tyler T. Henry<br>TYLER T. HENRY<br>Assistant Attorney General<br>Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us |
| /s/ Julia Tarver Wood<br>JULIA TARVER WOOD<br>MATTHEW R. HUPPERT<br>DAVID TESLICKO<br>MICHAEL E. WOLIN<br><br>United States Department of Justice<br>Antitrust Division<br>450 Fifth Street NW, Suite 7100<br>Washington, DC 20530<br>Telephone: (202) 307-0077<br>Fax: (202) 616-8544<br>Email: Julia.Tarver.Wood@usdoj.gov<br><br>*Attorneys for the United States* | *Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia* |