IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:23cv0108 (LMB/JFA) |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

This matter is before the court on Daily Mail's motion for a protective order. (Docket no. 1458). Having reviewed the memorandum in support (Docket no. 1459), defendant's opposition (Docket no. 1472), and Daily Mail's reply (Docket no. 1473), it is hereby

ORDERED that Daily Mail's motion is granted in part and denied in part. Daily Mail's motion seeks an order limiting the testimony of Matthew Wheatland to a half day (3.5 hours) and limiting the questioning of Mr. Wheatland to the remedies requested by plaintiffs in this action. Daily Mail argues that good cause exists to grant this protective order because Mr. Wheatland is "a senior executive running a critical business" and that Mr. Wheatland "has already testified extensively." Other than the general statements that Mr. Wheatland is the Chief Digital Officer of Daily Mail and he is responsible for Daily Mail's worldwide digital advertising technology, there is nothing that provides the court with sufficient information to make a good cause determination that limiting the time period for his deposition would cause an undue burden based on his position within Daily Mail.

Daily Mail also argues 3.5 hours would be "sufficient" since the scope of the deposition should be limited "to remedies" given that the September hearing "will be limited to remedies"

1

and Mr. Wheatland has already provided extensive testimony that is available to defendant. Daily Mail states that not only has Mr. Wheatland testified in the pending New York action against Google as an individual and as the corporate representative for Daily Mail in June 2024 for a total of 13 hours, but he also testified on behalf of plaintiffs in the liability phase of this case in September 2024. In the reply, Daily Mail states that Mr. Wheatland discussed some "remedies-related topics" in his previous testimony. Finally, Daily Mail raises the concern that defendant should not permitted to take discovery related to the separate claims Daily Mail has asserted in the New York action since non-expert discovery has been concluded in that case.

The court agrees that the deposition of Mr. Wheatland should be limited to the remedies suggested by the parties in this action and should not involve the claims raised by Daily Mail in the New York action. While Mr. Wheatland may have discussed some remedy-related issue in his earlier testimony, defendant is not precluded from questioning Mr. Wheatland concerning that remedy now that the parties are aware of the actual remedies being sought in this action. Given that Daily Mail is one of possibly two active publisher witnesses that plaintiffs intend to rely on in supporting their remedy-related claims and the potential importance of that testimony, the court will allow defendant six hours to question Mr. Wheatland.[1]

Entered this 16th day of June, 2025.

           /s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

---

[1] Given the Order Regarding Coordination of Discovery, defendant would be allowed six hours of questioning as the noticing party. (Docket no. 251).