# EXHIBIT 2

| | |
|---|---|
| **From:** | Becker, Bryon P <BPBecker@paulweiss.com> |
| **Sent:** | Friday, June 13, 2025 1:53 PM |
| **To:** | Huppert, Matthew (ATR); Anita Liu; Teslicko, David (ATR); Erica Spevack; Corriveau, Annelise; Wolin, Michael (ATR); Wood, Julia (ATR); Briskin, Craig (ATR); Petterson, Linnaea (ATR); thenry@oag.state.va.us; Lauren Pomeroy; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov |
| **Cc:** | Mauser, Amy; Jessica Phillips; kdunn@dirllp.com; jrhee@dirllp.com; William Isaacson; Eric Mahr; Andrew Ewalt; Craig Reilly; Geiger, David (ATR); Morgan, Erin J; Goodman, Martha; Leah Hibbler |
| **Subject:** | RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery |

Counsel,

Thank you for your email.

With respect to your first point, as Google explained on yesterday's meet-and-confer, upon further review of the documents, it became clear that Google could not provide documents with reduced redactions without revealing information, that in our understanding of Judge Anderson's order, was protected by attorney-client privilege, opinion work product, or fact work product.

Regarding your request for clarification on Google's position regarding *in camera* review, Google was proposing, and still believes, it would be productive for the parties to try to jointly reach an agreement on a procedure for *in camera* review for the Court to consider if the Court determines that *in camera* review would be helpful in resolving the parties' dispute.

Because Plaintiffs appear intent on moving to compel today, Google will now devote resources to responding to that motion. Accordingly, while Google will endeavor to provide privilege logs and complete its production of responsive materials as expeditiously as possible, it cannot agree to provide those materials by Tuesday, June 17.

Best,

**Bryon P Becker** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
+1 202 223 7345 (Direct Phone) | +1 202 478 5150 (Direct Fax)
bpbecker@paulweiss.com | www.paulweiss.com

---

**From:** Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>
**Sent:** Friday, June 13, 2025 12:25 PM
**To:** Becker, Bryon P <BPBecker@paulweiss.com>; Anita Liu <ALiu@dirllp.com>; Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Erica Spevack <espevack@dirllp.com>; Corriveau, Annelise <acorriveau@paulweiss.com>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; Jessica Phillips <JPhillips@dirllp.com>; kdunn@dirllp.com; jrhee@dirllp.com; William Isaacson <WIsaacson@dirllp.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR)

<David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah <lhibbler@paulweiss.com>;
Goodman, Martha <mgoodman@paulweiss.com>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Counsel,

Thank you for your response.

First, one point of clarification regarding the correspondence below: We understand that Google has now
rescinded its offer made via email on June 11 "to reproduce these documents with reduced redactions that
would provide Plaintiffs additional context with which to interpret the reports or analyses of technical
work required to facilitate divestiture, such as discussion of the technical scope of proposals that were
under consideration at the direction of counsel in response to litigation and investigations." You stated
during our call yesterday that you were rescinding this offer based on reviewing the documents after your
June 11 email.  Please let us know right away if our understanding on this point is incorrect.

Second, with respect to your response regarding *in camera* review, does Google agree to such review
regardless whether the parties file a joint motion?  In other words, does "subject to the parties' agreement
on terms" refer only to an agreement about the procedure for submitting documents for *in camera* review,
or does it refer to more global agreement to Google's proposed course of action?

Finally, with respect to the two items about which you've requested a response:

(1) Plaintiffs appreciate Google's proposal to file a joint motion, but we do not believe that a joint
motion would be an efficient method to resolve the parties' present disputes. Among other reasons,
such a motion would be narrowly limited to the parties' dispute about the scope of the Court's
substantial need finding, and it would result in additional delay in resolving the other aspects of
the parties' present dispute.

(2) Plaintiffs appreciate Google's commitment to provide a complete privilege log by 5 pm on June 17.
Plaintiffs propose that Google produce all documents responsive to the Court's May 30 Order by
Tuesday, June 17, and that, for any deposition taking place on or before June 20, that Google
produce any custodial documents for each deponent at least 3 business days in advance of the
deposition.

Best regards,

Matt

_____

**Matthew R. Huppert**
U.S. DEPARTMENT OF JUSTICE | ANTITRUST DIVISION
950 PENNSYLVANIA AVE., NW
WASHINGTON, DC 20530
(202) 476-0383 (CELL)
(202) 532-4725 (OFFICE)

**From:** Becker, Bryon P <BPBecker@paulweiss.com>
**Sent:** Friday, June 13, 2025 11:50 AM
**To:** Anita Liu <ALiu@dirllp.com>; Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Erica Spevack
<espevack@dirllp.com>; Corriveau, Annelise <acorriveau@paulweiss.com>; Huppert, Matthew (ATR)
<Matthew.Huppert@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia (ATR)
<Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR)
<Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us>; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>;

morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; Jessica Phillips <JPhillips@dirllp.com>; kdunn@dirllp.com;
jrhee@dirllp.com; William Isaacson <WIsaacson@dirllp.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt
<Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR)
<David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah <lhibbler@paulweiss.com>;
Goodman, Martha <mgoodman@paulweiss.com>
**Subject:** [EXTERNAL] RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Counsel,

Following up on yesterday's meet-and-confer, we propose the following:

1. Google will provide revised privilege logs no later than Tuesday, June 17 at 5pm.

    1. We believe that it would be premature for Plaintiffs to file before the production of privilege logs.

2. Google requests that Plaintiffs provide a proposed schedule for rolling productions going forward. Google will endeavor to work with Plaintiffs to reach a jointly-agreed schedule for future productions.

3. Parties file a joint motion for clarification no later than Wednesday, June 18 at 5pm.

    1. We would propose that each side be limited 4 pages for their portion of the joint motion.

    2. We propose that the parties agree to waive a hearing on the motion.

4. Google is amenable to *in camera* review, subject to the parties' agreement on terms.


Thank you,
Bryon


**Bryon P Becker** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
+1 202 223 7345 (Direct Phone) | +1 202 478 5150 (Direct Fax)
bpbecker@paulweiss.com | www.paulweiss.com

---

**From:** Anita Liu <ALiu@dirllp.com>
**Sent:** Thursday, June 12, 2025 10:47 PM
**To:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Erica Spevack <espevack@dirllp.com>; Corriveau, Annelise
<acorriveau@paulweiss.com>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Wolin, Michael (ATR)
<Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR)
<Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren
Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; Jessica Phillips <JPhillips@dirllp.com>; kdunn@dirllp.com;
jrhee@dirllp.com; William Isaacson <WIsaacson@dirllp.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt
<Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR)
<David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah <lhibbler@paulweiss.com>;
Becker, Bryon P <BPBecker@paulweiss.com>; Goodman, Martha <mgoodman@paulweiss.com>
**Subject:** Re: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Counsel,

We write to memorialize our discussion on the meet and confer earlier today.  Thank you for the productive discussion, and for your flexibility on timing of the meet and confer.

Google confirmed that it continues to believe the redacted portions of responsive documents have been properly withheld as protected by attorney-client privilege, opinion work product, and/or fact work product with no showing of substantial need.

In the spirit of compromise and in light of Plaintiffs' asserted reading of the May 30 order, though Google continues to disagree with Plaintiffs' broad reading of the May 30 order, Google offered to unredact any fact work product not subject to other applicable privileges or protections that pertains to <u>any</u> burdens, costs, or difficulties <u>as to Google</u> of divestiture.  Plaintiffs expressed that they believe the offer is "a step in the right direction," but do not believe the offer resolves Plaintiffs' concerns.

As Google explained, we believe that it would be productive and fruitful to jointly move for clarification of Judge Anderson's May 30 order given that the parties appear to have a fundamental disagreement regarding the scope of Judge Anderson's finding on substantial need.  Google will comply with Judge Anderson's clarified order.

We understand that Plaintiffs will write to Google by 12PM EST tomorrow, 6/13, with (1) confirmation on whether Plaintiffs would be amenable to proceeding with a joint motion for clarification of Judge Anderson's order; and (2) any proposed schedule for rolling production of documents pursuant to Judge Anderson's May 30 order and relevant privilege logs.

Google will provide to you as soon as possible Google's position on (1) a proposed schedule for a joint motion for clarification; (2) any proposed schedule for production of documents pursuant to Judge Anderson's May 30 order and relevant privilege logs; and (3) *in camera* review in connection with a motion for clarification.

We look forward to hearing from Plaintiffs tomorrow.

Best,
Anita

**Anita Liu | Associate**
Dunn Isaacson Rhee LLP
aliu@dirllp.com
202-240-2908 (direct)
202-209-8590 (cell)

---

**From:** Anita Liu <ALiu@dirllp.com>
**Sent:** Thursday, June 12, 2025 12:33 PM
**To:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Erica Spevack <espevack@dirllp.com>; Corriveau, Annelise <acorriveau@paulweiss.com>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us <thenry@oag.state.va.us>; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov

<morgan.feder@ag.ny.gov>; Elliott.Dionisio@doj.ca.gov <elliott.dionisio@doj.ca.gov>;
**Cc:** amauser <amauser@paulweiss.com>; Jessica Phillips <JPhillips@dirllp.com>; Karen Dunn <KDunn@dirllp.com>;
Jeannie Rhee <JRhee@dirllp.com>; William Isaacson <WIsaacson@dirllp.com>; Eric Mahr
<Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly
<craig.reilly@ccreillylaw.com>; Geiger, David (ATR) <David.Geiger@usdoj.gov>; Morgan, Erin J
<ejmorgan@paulweiss.com>; Hibbler, Leah <lhibbler@paulweiss.com>; Becker, Bryon P <bpbecker@paulweiss.com>;
Goodman, Martha <mgoodman@paulweiss.com>
**Subject:** Re: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Thank you very much, David.  We will move the invite to 5:30 PM EST.

Best,
Anita

**Anita Liu | Associate**
Dunn Isaacson Rhee LLP
aliu@dirllp.com
202-240-2908 (direct)
202-209-8590 (cell)

---

**From:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>
**Sent:** Thursday, June 12, 2025 12:30 PM
**To:** Anita Liu <ALiu@dirllp.com>; Erica Spevack <espevack@dirllp.com>; Corriveau, Annelise
<acorriveau@paulweiss.com>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Wolin, Michael (ATR)
<Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR)
<Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us
<thenry@oag.state.va.us>; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov
<morgan.feder@ag.ny.gov>; Elliott.Dionisio@doj.ca.gov <elliott.dionisio@doj.ca.gov>;
**Cc:** amauser <amauser@paulweiss.com>; Jessica Phillips <JPhillips@dirllp.com>; Karen Dunn <KDunn@dirllp.com>;
Jeannie Rhee <JRhee@dirllp.com>; William Isaacson <WIsaacson@dirllp.com>; Eric Mahr
<Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly
<craig.reilly@ccreillylaw.com>; Geiger, David (ATR) <David.Geiger@usdoj.gov>; Morgan, Erin J
<ejmorgan@paulweiss.com>; Hibbler, Leah <lhibbler@paulweiss.com>; Becker, Bryon P <bpbecker@paulweiss.com>;
Goodman, Martha <mgoodman@paulweiss.com>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

We can speak today at 5:30 PM.

David

---

**From:** Anita Liu <ALiu@dirllp.com>
**Sent:** Thursday, June 12, 2025 11:22 AM
**To:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Erica Spevack <espevack@dirllp.com>; Corriveau, Annelise
<acorriveau@paulweiss.com>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Wolin, Michael (ATR)
<Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR)
<Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren
Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** amauser <amauser@paulweiss.com>; Jessica Phillips <JPhillips@dirllp.com>; Karen Dunn <KDunn@dirllp.com>;
Jeannie Rhee <JRhee@dirllp.com>; William Isaacson <WIsaacson@dirllp.com>; Eric Mahr
<Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly
<craig.reilly@ccreillylaw.com>; Geiger, David (ATR) <David.Geiger@usdoj.gov>; Morgan, Erin J

<ejmorgan@paulweiss.com>; Hibbler, Leah <lhibbler@paulweiss.com>; Becker, Bryon P <bpbecker@paulweiss.com>; Goodman, Martha <mgoodman@paulweiss.com>

**Subject:** [EXTERNAL] Re: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Counsel,

With apologies for the late change in time, please let us know if it you would be available to meet and confer later this afternoon instead, ideally after 5PM EST.  If that time will not work for you, please let us know your windows of availability.

Thanks very much,
Anita

**Anita Liu | Associate**
Dunn Isaacson Rhee LLP
aliu@dirllp.com
202-240-2908 (direct)
202-209-8590 (cell)

---

**From:** Anita Liu <ALiu@dirllp.com>
**Sent:** Wednesday, June 11, 2025 1:53 PM
**To:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Erica Spevack <espevack@dirllp.com>; Corriveau, Annelise <acorriveau@paulweiss.com>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us <thenry@oag.state.va.us>; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov <morgan.feder@ag.ny.gov>; Elliott.Dionisio@doj.ca.gov <elliott.dionisio@doj.ca.gov>
**Cc:** amauser <amauser@paulweiss.com>; Jessica Phillips <JPhillips@dirllp.com>; Karen Dunn <KDunn@dirllp.com>; Jeannie Rhee <JRhee@dirllp.com>; William Isaacson <WIsaacson@dirllp.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR) <David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah <lhibbler@paulweiss.com>; Becker, Bryon P <bpbecker@paulweiss.com>; Goodman, Martha <mgoodman@paulweiss.com>
**Subject:** Re: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Thank you, David.  We look forward to discussing during our meet and confer tomorrow.

Best,
Anita

**Anita Liu | Associate**
Dunn Isaacson Rhee LLP
aliu@dirllp.com
202-240-2908 (direct)
202-209-8590 (cell)

---

**From:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>
**Sent:** Wednesday, June 11, 2025 1:51 PM
**To:** Anita Liu <ALiu@dirllp.com>; Erica Spevack <espevack@dirllp.com>; Corriveau, Annelise

<acorriveau@paulweiss.com>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Wolin, Michael (ATR)
<Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR)
<Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us
<thenry@oag.state.va.us>; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov
<morgan.feder@ag.ny.gov>; Elliott.Dionisio@doj.ca.gov <elliott.dionisio@doj.ca.gov>
**Cc:** amauser <amauser@paulweiss.com>; Jessica Phillips <JPhillips@dirllp.com>; Karen Dunn <KDunn@dirllp.com>;
Jeannie Rhee <JRhee@dirllp.com>; William Isaacson <WIsaacson@dirllp.com>; Eric Mahr
<Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly
<craig.reilly@ccreillylaw.com>; Geiger, David (ATR) <David.Geiger@usdoj.gov>; Morgan, Erin J
<ejmorgan@paulweiss.com>; Hibbler, Leah <lhibbler@paulweiss.com>; Becker, Bryon P <BPBecker@paulweiss.com>;
Goodman, Martha <mgoodman@paulweiss.com>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Anita,

The portions of Judge Anderson's oral decision that I read from yesterday can be found on pages 39 and 40 of the
transcript. In particular, we would direct you to the following statements, which mirror the language in the order:

I do think that under the facts and circumstances of this case that **the reports and analyses prepared by nonlegal
Google employees relating to the scope of work required to divest either AdX or DFP is really fact work product and
not opinion work product**. . . .  I am going to grant the motion in part and **require Google to provide any internal
reports and analyses prepared by nonlawyers**. So again, this is not going to involve legal opinions and you, know,
analysis from lawyers and those kinds of things. But from nonlawyers at Google describing **the nature and scope of the
work that would be required to modify Google's ad exchange, AdX, or Google's publisher ad server, DFP,** to facilitate
the divestiture as requested by the plaintiffs. That would include the burden, the costs, the potential difficulties of
implementing those changes.


**David M. Teslicko**
Assistant Chief | Financial Services, Fintech, and Banking Section
U.S. Department of Justice | Antitrust Division
450 Fifth Street NW, Washington, DC 20530
david.teslicko@usdoj.gov
202-710-0114

---

**From:** Anita Liu <ALiu@dirllp.com>
**Sent:** Wednesday, June 11, 2025 12:53 PM
**To:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Erica Spevack <espevack@dirllp.com>; Corriveau, Annelise
<acorriveau@paulweiss.com>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Wolin, Michael (ATR)
<Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR)
<Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren
Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** amauser <amauser@paulweiss.com>; Jessica Phillips <JPhillips@dirllp.com>; Karen Dunn <KDunn@dirllp.com>;
Jeannie Rhee <JRhee@dirllp.com>; William Isaacson <WIsaacson@dirllp.com>; Eric Mahr
<Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly
<craig.reilly@ccreillylaw.com>; Geiger, David (ATR) <David.Geiger@usdoj.gov>; Morgan, Erin J
<ejmorgan@paulweiss.com>; Hibbler, Leah <lhibbler@paulweiss.com>; Becker, Bryon P <BPBecker@paulweiss.com>;
Goodman, Martha <mgoodman@paulweiss.com>
**Subject:** [EXTERNAL] Re: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Thank you for confirming, David.  We will circulate an invite for 12:30 PM tomorrow.

As requested in our prior email, to the extent Plaintiffs continue to disagree with Google's interpretation of Judge Anderson's ruling, we request that Plaintiffs identify any specific portion of the hearing transcript or order that Plaintiffs believe contradicts what Google has cited so Google can consider it in advance of the meet and confer.

Best,
Anita

**Anita Liu | Associate**
Dunn Isaacson Rhee LLP
aliu@dirllp.com
202-240-2908 (direct)
202-209-8590 (cell)

---

**From:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>
**Sent:** Wednesday, June 11, 2025 12:48 PM
**To:** Anita Liu <ALiu@dirllp.com>; Erica Spevack <espevack@dirllp.com>; Corriveau, Annelise <acorriveau@paulweiss.com>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us <thenry@oag.state.va.us>; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov <morgan.feder@ag.ny.gov>; Elliott.Dionisio@doj.ca.gov <elliott.dionisio@doj.ca.gov>
**Cc:** amauser <amauser@paulweiss.com>; Jessica Phillips <JPhillips@dirllp.com>; Karen Dunn <KDunn@dirllp.com>; Jeannie Rhee <JRhee@dirllp.com>; William Isaacson <WIsaacson@dirllp.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR) <David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah <lhibbler@paulweiss.com>; Becker, Bryon P <BPBecker@paulweiss.com>; Goodman, Martha <mgoodman@paulweiss.com>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Anita,

I do not think we have agreement on the points you made below. We are available tomorrow at 12:30.

David

---

**From:** Anita Liu <ALiu@dirllp.com>
**Sent:** Wednesday, June 11, 2025 12:26 PM
**To:** Erica Spevack <espevack@dirllp.com>; Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Corriveau, Annelise <acorriveau@paulweiss.com>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** amauser <amauser@paulweiss.com>; Jessica Phillips <JPhillips@dirllp.com>; Karen Dunn <KDunn@dirllp.com>; Jeannie Rhee <JRhee@dirllp.com>; William Isaacson <WIsaacson@dirllp.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR) <David.Geiger@usdoj.gov>; Morgan, Erin J

<ejmorgan@paulweiss.com>; Hibbler, Leah <lhibbler@paulweiss.com>; Becker, Bryon P <BPBecker@paulweiss.com>;
Goodman, Martha <mgoodman@paulweiss.com>

**Subject:** [EXTERNAL] Re: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Counsel,

Thank you for meeting and conferring yesterday regarding documents Google is producing pursuant to
Magistrate Judge Anderson's order of May 30.  As Plaintiffs requested, we write to provide Google's position
on its productions pursuant to that order.

Following our conversation, Google has revisited the May 30 hearing transcript and Magistrate Judge
Anderson's order.  Google continues to believe that the redacted portions of responsive documents are
properly withheld as protected by attorney-client privilege, opinion work product, and/or fact work product
with no showing of substantial need.  However, to accommodate Plaintiffs' expressed concerns about their
ability to interpret the unredacted portions pertaining to the technical work required to facilitate divestiture,
Google is willing to reproduce these documents with reduced redactions that would provide Plaintiffs
additional context with which to interpret the reports or analyses of technical work required to facilitate
divestiture, such as discussion of the technical scope of proposals that were under consideration at the
direction of counsel in response to litigation and investigations.

Google understands that the parties are in agreement that Google may continue to properly withhold
documents or portions of documents protected by attorney-client privilege, opinion work product, and/or fact
work product with no showing of substantial need.  Google understands that the parties' disagreement is
about the scope of Magistrate Judge Anderson's finding of substantial need.

As Google explained on the meet and confer and in its June 5 and June 11 production cover letters, Magistrate
Judge Anderson explicitly based his finding of substantial need on two grounds, both of which pertained solely
to the technical work required to facilitate divestiture.  Specifically, Magistrate Judge Anderson stated---on the
same page Plaintiffs pointed Google to in the transcript at our meet and confer yesterday---that he based his
finding of substantial need on Google's argument in its papers that the "workability issues relate, in large part,
to the sophistication of these systems and the interplay that they have with Google's internal proprietary
software and hardware infrastructure," and his conclusion that Plaintiffs "would not be able to be in the same
position that Google's technical people" would be "to come up with an analysis of the same
significance."  5/30/25 Hr'g Tr. at 40:3-15.  Earlier in the hearing, Magistrate Judge Anderson explicitly
distinguished a showing of substantial need as to the technical work required to facilitate divestiture from a
showing of substantial need as to other topics, including whether Google will "lose[] a lot of money or
somebody gets a lot of money," or "marketplace analysis, not one that Google has necessarily expertise
in."  *Id.* at 11:24-12:6, 14:12-21.  Further, Magistrate Judge Anderson's May 30 order is expressly limited to
"internal reports and analyses" of the "work that would be required to modify Google's ad exchange (AdX) and
Google's publisher ad server (DFP) to facilitate divestiture as requested by Plaintiffs."  Dkt. 1450.  Marketplace
analyses or Google's financial statements have nothing to do with the work required to modify AdX and DFP to
facilitate divestiture.

If Plaintiffs continue to disagree, Google requests that Plaintiffs let Google know whether they would be
available to meet and confer tomorrow, 6/12, between 12:30PM and 1:30PM EST regarding the parties'
disagreement or, if Plaintiffs are not available then, what times they would be available tomorrow for a meet
and confer.  To the extent Plaintiffs continue to contend that Judge Anderson's ruling is broader than how
Google is interpreting it, we request that Plaintiffs identify the specific portion of the hearing transcript or

order that Plaintiffs believe contradicts what Google has cited so Google can consider it in advance of the meet and confer.

In addition, Google confirms that it inadvertently provided to Plaintiffs incorrect privilege log numbers corresponding to some of the documents produced in PROD002 and PROD003.  Google is verifying the correct privilege log numbers and will provide Plaintiffs an updated cross-reference as soon as possible.

As Google stated on the meet and confer, Google will provide to Plaintiffs revised privilege log entries corresponding to documents produced pursuant to the May 30 order.  Consistent with Google's briefing in response to Plaintiffs' motion to compel similar documents in 2023, Dkt. 245, Magistrate Judge Anderson's May 2023 order,  Dkt. 271, and Magistrate Judge Anderson's reiteration at the May 30 hearing that internal reports or analyses "done as a result of government investigations and other things" "should be considered work product," 5/30/25 Hr'g Tr. at 36:10-22, Google is asserting, at minimum, work product protection over all documents produced pursuant to the May 30 order.

Best,
Anita


**Anita Liu | Associate**
Dunn Isaacson Rhee LLP
aliu@dirllp.com
202-240-2908 (direct)
202-209-8590 (cell)

---

**From:** Anita Liu <ALiu@dirllp.com>
**Sent:** Tuesday, June 10, 2025 9:14 AM
**To:** Erica Spevack <espevack@dirllp.com>; Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Corriveau, Annelise <acorriveau@paulweiss.com>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us <thenry@oag.state.va.us>; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov <morgan.feder@ag.ny.gov>; Elliott.Dionisio@doj.ca.gov <elliott.dionisio@doj.ca.gov>
**Cc:** amauser <amauser@paulweiss.com>; Jessica Phillips <JPhillips@dirllp.com>; Karen Dunn <KDunn@dirllp.com>; Jeannie Rhee <JRhee@dirllp.com>; William Isaacson <WIsaacson@dirllp.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR) <David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah <lhibbler@paulweiss.com>; Becker, Bryon P <BPBecker@paulweiss.com>; Goodman, Martha <mgoodman@paulweiss.com>
**Subject:** Re: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery


Counsel,

At Plaintiffs' request, below is a cross-reference between the Bates numbers in productions PROD002 and PROD003 and the Privilege Log number corresponding to these documents on Google's prior litigation logs.  A revised privilege log for the documents in PROD002 and PROD003 will follow.

Best,
Anita

| Bates number | Privilege Log number |
|---|---|
| GOOG-AT-MDL-B-009828429 | GGPL-AT-000650888 |
| GOOG-AT-MDL-B-009828697 | GGPL-AT-0054838 |
| GOOG-AT-MDL-B-009828561 | GGPL-AT-000662392 |
| GOOG-AT-MDL-B-009828652 | GGPL-AT-000696544 |
| GOOG-AT-MDL-B-009828729 | GGPL-AT-000674157 |
| GOOG-AT-MDL-B-009828750 | GGPL-AT-0054913 |
| GOOG-AT-MDL-B-009828566 | GGPL-AT-000716403 |
| GOOG-AT-MDL-B-009828594 | GGPL-AT-000747716 |
| GOOG-AT-MDL-B-009828834 | GGPL-AT-000745339 |
| GOOG-AT-MDL-B-009828829 | GGPL-AT-000669413 |
| GOOG-AT-MDL-B-009828764 | GGPL-3070046608 |
| GOOG-AT-MDL-B-009828530 | GGPL-AT-0012133 |
| GOOG-AT-MDL-B-009828425 | GGPL-1380108224 |
| GOOG-AT-MDL-B-009828509 | GGPL-AT-0013615 |
| GOOG-AT-MDL-B-009828443 | GGPL-3070514376 |
| GOOG-AT-MDL-B-009828450 | GGPL-AT-0034570a |
| GOOG-AT-MDL-B-009828460 | GGPL-4170014622 |
| GOOG-AT-MDL-B-009828522 | GGPL-AT-0027091 |
| GOOG-AT-MDL-B-009828514 | GGPL-AT-0027083 |
| GOOG-AT-MDL-B-009828599 | GGPL-AT-0053551 |
| GOOG-AT-MDL-B-009828584 | GGPL-AT-000720303 |
| GOOG-AT-MDL-B-009828336 | GGPL-AT-000600294 |
| GOOG-AT-MDL-B-009828355 | GGPL-AT-000600298 |

**Anita Liu | Associate**
Dunn Isaacson Rhee LLP
aliu@dirllp.com
202-240-2908 (direct)
202-209-8590 (cell)

---

**From:** Erica Spevack <espevack@dirllp.com>
**Sent:** Tuesday, June 10, 2025 9:11 AM
**To:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Corriveau, Annelise <acorriveau@paulweiss.com>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us <thenry@oag.state.va.us>; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov <morgan.feder@ag.ny.gov>; Elliott.Dionisio@doj.ca.gov <elliott.dionisio@doj.ca.gov>
**Cc:** amauser <amauser@paulweiss.com>; Jessica Phillips <JPhillips@dirllp.com>; Karen Dunn <KDunn@dirllp.com>; Jeannie Rhee <JRhee@dirllp.com>; William Isaacson <WIsaacson@dirllp.com>; Eric Mahr

<Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR) <David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah <lhibbler@paulweiss.com>; Becker, Bryon P <BPBecker@paulweiss.com>; Goodman, Martha <mgoodman@paulweiss.com>; Anita Liu <ALiu@dirllp.com>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Substituting in Anita's new DIR email address.

**Erica Spevack | Associate**
Dunn Isaacson Rhee LLP
espevack@dirllp.com
202-240-2913 (direct)
202-368-1774 (cell)

---

**From:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>
**Sent:** Monday, June 9, 2025 12:42 PM
**To:** aliu <aliu@paulweiss.com>; Corriveau, Annelise <acorriveau@paulweiss.com>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov; Erica Spevack <espevack@dirllp.com>
**Cc:** amauser <amauser@paulweiss.com>; Jessica Phillips <JPhillips@dirllp.com>; Karen Dunn <KDunn@dirllp.com>; Jeannie Rhee <JRhee@dirllp.com>; William Isaacson <WIsaacson@dirllp.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR) <David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah <lhibbler@paulweiss.com>; Becker, Bryon P <BPBecker@paulweiss.com>; Goodman, Martha <mgoodman@paulweiss.com>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Thank you. Tomorrow at 2:30 PM works for us. Would you like me to send a meeting link?

David

---

**From:** Anita Y. Liu <aliu@paulweiss.com>
**Sent:** Monday, June 9, 2025 10:21 AM
**To:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Corriveau, Annelise <acorriveau@paulweiss.com>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Spevack, Erica <espevack@paulweiss.com>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; jphillips@dirllp.com; kdunn@dirllp.com; jrhee@dirllp.com; wisaacson@dirllp.com; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR) <David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah <lhibbler@paulweiss.com>; Becker, Bryon P <BPBecker@paulweiss.com>; Goodman, Martha <mgoodman@paulweiss.com>
**Subject:** [EXTERNAL] RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Counsel,

Google is available for a meet and confer on Tuesday between 1 and 3PM EST.

Google will produce remaining productions responsive to RFP 1 on a reasonable time frame, with documents in connection with deponents produced in advance of those depositions. Google will also provide privilege logs for its rolling productions responsive to RFP 1 prior to the close of fact discovery.

Google confirms that, at Plaintiffs' request, it will provide a cross-reference between the Bates numbers in these productions and the Privilege Log Number corresponding to these documents on Google's prior litigation logs.

Best,
Anita

**Anita Y. Liu** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
+1 202 223 7303 (Direct Phone) | +1 202 209 8590 (Cell)
aliu@paulweiss.com | www.paulweiss.com

---

**From:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>
**Sent:** Monday, June 9, 2025 8:46 AM
**To:** Corriveau, Annelise <acorriveau@paulweiss.com>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Spevack, Erica <espevack@paulweiss.com>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; jphillips@dirllp.com; kdunn@dirllp.com; jrhee@dirllp.com; wisaacson@dirllp.com; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR) <David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah <lhibbler@paulweiss.com>; Becker, Bryon P <BPBecker@paulweiss.com>; Anita Y. Liu <aliu@paulweiss.com>; Goodman, Martha <mgoodman@paulweiss.com>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Annelise,

Thank you for the confirmation below. Plaintiffs are concerned with the scope and nature of Google's redactions in the 22 documents produced thus far in response to the Court's order. Please provide times on Tuesday when Google can meet and confer to discuss its approach to redactions. To facilitate discussion, we have identified an illustrative list of documents that give rise to our concerns (but it is by no means exhaustive):

GOOG-AT-MDL-B-009828460
GOOG-AT-MDL-B-009828652
GOOG-AT-MDL-B-009828729
GOOG-AT-MDL-B-009828750
GOOG-AT-MDL-B-009828443

Additionally, please provide an update on the timing of remaining productions and the privilege log for documents responsive to RFP 1.

Finally, to better assess the redactions in Google's recent productions, please provide a cross-reference between the Bates numbers in these productions and the Privilege Log Number corresponding to these documents on Google's prior litigation logs.

**David M. Teslicko**
Assistant Chief | Financial Services, Fintech, and Banking Section

U.S. Department of Justice | Antitrust Division
450 Fifth Street NW, Washington, DC 20530
david.teslicko@usdoj.gov
202-710-0114

---

**From:** Corriveau, Annelise <acorriveau@paulweiss.com>
**Sent:** Friday, June 6, 2025 12:02 PM
**To:** Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Spevack, Erica <espevack@paulweiss.com>; Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; jphillips@dirllp.com; kdunn@dirllp.com; jrhee@dirllp.com; wisaacson@dirllp.com; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR) <David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah <lhibbler@paulweiss.com>; Becker, Bryon P <BPBecker@paulweiss.com>; Anita Y. Liu <aliu@paulweiss.com>; Goodman, Martha <mgoodman@paulweiss.com>
**Subject:** [EXTERNAL] RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Counsel,

Google confirms that it will produce, pursuant to the Court's May 30 order and statements at the May 30 hearing, any internal reports or analyses prepared by non-lawyers at Google describing the nature and scope of work that would be required to modify Google's ad exchange (AdX) and Google's publisher ad server (DFP) to facilitate divestiture as requested by Plaintiffs---including any work that would be required to modify AdX or DFP to facilitate each or any of the three phases of the DFP divestiture Plaintiffs have proposed---to the extent any such internal reports or analyses exist and are fact work product that is not protected by any other applicable privilege or protection.

Thanks,

Annelise

**Annelise Corriveau** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
+1 202 223 7446 (Direct Phone) | +1 202 330 5767 (Direct Fax)
acorriveau@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

---

**From:** Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>
**Sent:** Thursday, June 5, 2025 8:47 PM
**To:** Spevack, Erica <espevack@paulweiss.com>; Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Corriveau, Annelise <acorriveau@paulweiss.com>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; jphillips@dirllp.com; kdunn@dirllp.com; jrhee@dirllp.com; wisaacson@dirllp.com; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR) <David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah <lhibbler@paulweiss.com>; Becker, Bryon P <BPBecker@paulweiss.com>; Anita Y. Liu <aliu@paulweiss.com>; Corriveau, Annelise <acorriveau@paulweiss.com>; Goodman, Martha

<mgoodman@paulweiss.com>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Counsel,

I write to confirm the scope of Google's document production in response to our RFP No. 1, in accordance with the Court's May 30 order.  Specifically, please confirm that Google plans to produce reports and analyses described in the Court's May 30 order for each or any of the three phases of the DFP divestiture Plaintiffs have proposed, including reports or analyses about separating the code that performs the final auction within DFP and/or providing that auction-logic code under an open-source license.

Thanks,

Matt

---

**Matthew R. Huppert**
**U.S. Department of Justice | Antitrust Division**
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 476-0383 (cell)
(202) 532-4725 (office)

---

**From:** Spevack, Erica <espevack@paulweiss.com>
**Sent:** Wednesday, June 4, 2025 3:20 PM
**To:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Corriveau, Annelise <acorriveau@paulweiss.com>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; jphillips@dirllp.com; kdunn@dirllp.com; jrhee@dirllp.com; wisaacson@dirllp.com; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR) <David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah <lhibbler@paulweiss.com>; Becker, Bryon P <BPBecker@paulweiss.com>; Anita Y. Liu <aliu@paulweiss.com>; Corriveau, Annelise <acorriveau@paulweiss.com>; Goodman, Martha <mgoodman@paulweiss.com>
**Subject:** [EXTERNAL] RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

David,

I write to follow up on my email below.

*First*, Mr. Berntson is available to sit for his 30(b)(1) and 30(b)(6) depositions on June 24 and June 25 in New York.  We appreciate that you will be efficient with the use of deposition time across these days.  We expect that rather than asking the witness the same questions in both his individual and 30(b)(6) capacity, you will ask questions covering the 30(b)(6) topics once and Mr. Berntson will answer in his 30(b)(6) capacity, including based on his personal knowledge.

*Second*, Google is designating Nirmal Jayaram and Per Bjorke on Topic 6.  Mr. Bjorke is designated on this topic to testify as to the ways in which Plaintiffs' proposed remedies would degrade the quality of Google's buying tools that relate to privacy and security.  Mr. Jayaram is designated to testify as to other ways in which Plaintiffs' proposed remedies would degrade the quality of Google's buying tools.

*Third*, Google is designating Glenn Berntson on Topic 7.

*Fourth*, with respect to Topics 9 and 10, Google is amenable to identifying the individual witnesses with knowledge of Project Sunday, Project Monday, any similar projects, and Google's agreement with the French Competition Authority, all of whom we expect have already been noticed for deposition by Plaintiffs. We agree that these individuals can testify within their 30(b)(6) capacity on the issues for which each is identified during the seven hours allotted for their 30(b)(1) depositions.

*Fifth*, with respect to Topic 15, Google will agree to provide by the close of discovery a written response to each subpart in Topic 15, and identify any responsive documents, to the extent that they exist, that form the basis of that written response.

*Sixth*, with respect to Topic 18, Google will agree to produce any responsive documents, to the extent they exist.

*Seventh*, with respect to Topic 19, as Google has already stated in its response to RFP 20, Google will provide a refresh production of relevant profit and loss statements from September 2023 to April 2025. With respect to Plaintiffs' other requests, Plaintiffs have not explained or justified why the information *already* provided by Google through 6 separate interrogatories (ROGs 3, 11, 12, 14, 15, 17), a 5.5 hour 30(b)(6) deposition, voluminous document productions, and RFA responses are not sufficient. It is unclear what, if any, information Plaintiffs believe they still need. For example, during the merits phase, Plaintiffs specifically requested P&L information for "each Relevant Product," including GAM, as well as an explanation for "Google's methodology for allocating expenses" to GAM and other products. *See* ROG 3; *see also* ROGs 15, 17 (requesting explanation for how Google allocates costs and profits to "Display Advertising Business Components" which included GAM). The prior 30(b)(6) notice also sought duplicative information. *See, e.g.*, Topic 1 ("for each individual product within DVAA," including GAM, "Google's accounting policies and procedures"), Topic 2 ("Cost allocations, including" how costs are "allocated within Display Advertising Business Components" including GAM).

It is not lost on Google that, in the merits phase, Plaintiffs propounded numerous discovery requests, and took an extended 30(b)(6) deposition, directed at P&Ls and financial information only to not affirmatively use *any* of that information at summary judgment or trial. Without an explanation for why Topic 19 is not duplicative and cumulative of other discovery, Google cannot agree to designate a witness or provide a written response. Furthermore, setting aside the duplicative nature of Plaintiffs' request, Plaintiffs' request for testimony regarding "any related components that affect revenue and costs of GAM" is vague and ambiguous. As currently drafted, and without any further explanation or clarification, Google is not able to prepare a witness on, or provide a written response to, that portion of Topic 19.

*Eighth*, with respect to Plaintiffs' agreement that "the non-noticing side should be permitted *at least* one hour of questioning at third-party depositions, with the noticing party permitted *at least* six hours," Google understands there to be a seven-hour limit on depositions. To the extent a third-party is willing to sit for longer than seven hours, the additional time the witness is willing to sit should be allocated 6:1 consistent with the allocation of the seven hours. To the extent Plaintiffs wish to examine the witness for longer, they should serve a subpoena and use one of their allotted 15 depositions.

*Ninth*, as we explained during our call, Google is collecting and reviewing the documents that are subject to the Court's May 30 order as expeditiously as possible. As we stated, we are prioritizing producing documents relevant to the upcoming depositions and are endeavoring to produce such documents sufficiently in advance of each deposition. As stated in an email just now from Amy Mauser to Michael Wolin, we are working toward providing PDFs of documents relevant to the Nitish Korula deposition by the end of the day Thursday, June 5.

*Tenth*, Google will adequately prepare its corporate representative to testify as to the issues reflected in Topics to which Google objected on the basis that they seek "each and every" harm that will arise from Plaintiffs' proposed remedies, "each and every" reason Plaintiffs' proposed divestiture of AdX is unworkable or harmful, and "each and every" reason divesting parts or all of DFP would be logistically unworkable. As we explained, both in our objections and during the call, given that third parties will also have knowledge and information as to the issues reflected in these Topics, and experts will be opining as to the issues reflected in these Topics, Google could not possibly prepare a corporate representative to testify as to "each and every" harm or reason reflected in these Topics.

Best,

**Erica Spevack** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
+1 202 223 7349 (Direct Phone)
+1 202 368 1774 (Cell)
espevack@paulweiss.com | www.paulweiss.com

---

**From:** Spevack, Erica
**Sent:** Tuesday, June 3, 2025 2:36 PM
**To:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Corriveau, Annelise <acorriveau@paulweiss.com>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; jphillips@dirllp.com; kdunn@dirllp.com; jrhee@dirllp.com; wisaacson@dirllp.com; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR) <David.Geiger@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Hibbler, Leah <lhibbler@paulweiss.com>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Thank you, David. We are working to respond to your email in full, but in the interest of time wanted to respond regarding some logistical matters.

The Adkins, Bjorke, Jayaram, and Sheffer depositions will all take place at the Freshfields Redwood City office. The address is: 855 Main St, Redwood City, CA 94063

For the Heather Adkins deposition, in order to accommodate the witness, we request that the deposition will start at 10am PT.

Relatedly, last week we indicated in an email to Michael Wolin that we do not have a proposed location for the Craycroft deposition other than that it take place in Denver. Can you please confirm you will be coordinating a location and let us know where that deposition will take place at your earliest convenience.

We also wanted to follow up regarding the Creput deposition. We are amenable to taking that deposition on June 11 given that is when the witness is available. Understanding that the witness is in France and the deposition will be virtual, can you please advise the start time of that deposition?

Lastly, for this week's June 6 witness list exchange, we propose that the parties simultaneously exchange witness lists at 10pm ET. Please let us know if you agree.

Many thanks,
Erica
**Erica Spevack** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
+1 202 223 7349 (Direct Phone)
+1 202 368 1774 (Cell)
espevack@paulweiss.com | www.paulweiss.com

---

**From:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>
**Sent:** Tuesday, June 3, 2025 12:45 PM
**To:** Spevack, Erica <espevack@paulweiss.com>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Corriveau, Annelise <acorriveau@paulweiss.com>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR)

<Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>;
morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; jphillips@dirllp.com; kdunn@dirllp.com; jrhee@dirllp.com;
wisaacson@dirllp.com; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig
Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR) <David.Geiger@usdoj.gov>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Erica,

Thank you for the call and email. I have responded below to each of the items covered by your email and raised a few
additional items (highlighted) that were also discussed on our call. We would appreciate your prompt response.

*First*, Plaintiffs are able to accommodate the proposed deposition dates and locations for Adkins, Bjorke, Jayaram, and
Sheffer. For these depositions, please provide specific locations in the Bay Area as soon as possible, particularly for the
depositions occurring next week.

*Second*, on the call, you indicated Google needs to undertake additional collections and productions related to Mr.
Berntson, and these will not be completed before the previously-agreed deposition date of June 10. We are
disappointed by the delay in Google's production, given that Mr. Berntson's deposition was noticed more than two and
half weeks prior to the agreed-upon date, and Google apparently was aware of the significance of Mr. Berntson's
documents, having identified him on its own witness list last week. That said, we agree to postpone his June 10
deposition to ensure Google has produced all relevant documents and allowed us sufficient time to review those
documents in preparation for the deposition.

Separately, as you note in your email, Google intends to designate Mr. Berntson as its corporate designee for at least
*eleven* of the topics in Plaintiffs' 30(b)(6) notice. These are in addition to the topics Plaintiffs intended to cover with Mr.
Berntson in his individual capacity as an engineering director and the lead of the Google Ad Manager team. As a result,
Plaintiffs do not believe it is possible to take both a 30(b)(1) and a 30(b)(6) deposition of Mr. Berntson in a single day,
and we look forward to Google providing two dates on which Mr. Berntson can testify, preferably consecutive days. Of
course, Plaintiffs will endeavor to be efficient with the use of deposition time across these days.

*Third*, as discussed, please identify a corporate designee and potential deposition dates for Topics 6 and 7 by no later
than June 5. As to topics 9 and 10, we explained our view that the production of documents and the generalized offer of
30(b)(1) testimony are not sufficient substitutes for 30(b)(6) testimony both as a matter of law and the particular facts of
this case. We remain open to Google designating multiple corporate representatives collectively to testify for Google on
these topics, so long as they address the full scope of these topics. Please identify Google's corporate designees for
these topics as soon as possible, and in any event, no later than June 5.

As to topics 15 and 18, Plaintiffs are potentially amenable to forgoing 30(b)(6) testimony on these topics so long as
Google provides a fulsome written response to each subpart in Topic 15, as proposed in your objections, and identifies
responsive documents in its production that form the basis of its written response. Likewise, Plaintiffs are potentially
amenable to forgoing 30(b)(6) testimony on Topic 19 so long as Google (1) refreshes its production of P&L information
from the last final version P&L previously produced to most recent, (2) identifies what it views as the authoritative P&L
records (and managerial and financial accounting methodologies and reporting practices) for GAM from 2015 to
present, and (3) provides a fulsome response to Topic 19 including identifying any related components that affect
revenue and costs of GAM and how and to what line items any adopted changes in financial and managerial accounting
applied to and the specific documents in its production that form the basis for its written response.

*Fourth*, we agree to split third-party deposition time 50/50 when both sides notice the deposition.

*Fifth*, we agree that the non-noticing side should be permitted at least one hour of questioning at third-party
depositions, with the noticing party permitted at least six hours.

*Sixth*, on the call, we asked about the timing of Google's document productions prior to upcoming depositions. You indicated that you were working as hard as possible, but you could not provide any estimate of when documents would be produced for any specific deponents, including for Nitish Korula, whose deposition is scheduled to occur in six days. We ask that you provide regular written updates to us about the status of Google's forthcoming document productions for each Google deponent, so that we can determine as soon as possible whether any depositions need to be rescheduled in light of delays in Google's document production.

*Seventh*, on the call, we asked when Google intended to comply with the court's May 30 order requiring Google to produce certain internal reports and analyses and any associated privilege log (Dkt. No. 1450). You said you could not even confirm that Google would comply with the Court's order, let alone provide a timeline for such compliance. We believe it is imperative that Google timely comply with the Court's order. As we explained, and as was discussed at the hearing, Google's production of these documents ahead of the upcoming depositions is critical to Plaintiffs' ability to fully question witnesses who have personal knowledge of the analyses and reports to be produced. Google's responses to our document requests, served yesterday evening, appear to state Google will comply with the Court's order immediately, without waiting for any further process, such as an objection under Federal Rule of Civil Procedure 72. By no later than June 4, please confirm that Google will comply as soon as possible and state when Google will do so, so that we can assess whether to proceed with the noticed depositions on the currently scheduled dates and/or seek further relief from the Court.

On our call, we also noted that your objections to several of the 30(b)(6) topics referenced work product objections (citing to the 2023 motion to compel hearing) or Rule 408-related objections that the Court rejected last week. Please also confirm by June 4 that Google's corporate designees (where relevant to the designated topic) will be prepared to testify about all "internal reports and analyses prepared by non-lawyers at Google describing the nature and scope of work that would be required to modify Google's ad exchange (AdX) and Google's publisher ad server (DFP) to facilitate divestiture as requested by plaintiffs, including the burden, cost, and potential difficulties of implementing those changes." ECF No. 1450.

*Eighth*, on the call, you repeated your objections to Plaintiffs' 30(b)(6) deposition notice to the extent it sought testimony on "each and every 'harm'" Google argues will arise from Plaintiffs' proposed remedies (Topic 1), "each and every reason Plaintiffs' proposed divestiture of AdX is 'unworkable' or 'harmful'" (Topic 2), and "each and every reason divesting parts or all of DFP 'would be logistically unworkable'" (Topic 5). As we explained, Plaintiffs are not seeking testimony about what Google's lawyers intended when they wrote the quoted words in their court filings. However, Plaintiffs expect Google's designee to be prepared to address each and every factual assertion underlying those statement, including the particular "harm" purportedly arising from Plaintiffs' proposed remedies and each and every "reason" Google believes the proposed divestitures are "unworkable," "harmful," or "logistically unworkable." Google's failure to adequately prepare its designee to address each of these factual contentions that it intends to advance at the remedies trial through Google fact witnesses (in particular its current or former employees) would substantially prejudice Plaintiffs' ability to prepare to address and respond to these arguments.

**David M. Teslicko**
Assistant Chief | Financial Services, Fintech, and Banking Section
U.S. Department of Justice | Antitrust Division
450 Fifth Street NW, Washington, DC 20530
david.teslicko@usdoj.gov
202-710-0114

**From:** Spevack, Erica <espevack@paulweiss.com>
**Sent:** Monday, June 2, 2025 6:09 PM
**To:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Corriveau, Annelise <acorriveau@paulweiss.com>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; jphillips@dirllp.com; kdunn@dirllp.com; jrhee@dirllp.com; wisaacson@dirllp.com; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR) <David.Geiger@usdoj.gov>
**Subject:** [EXTERNAL] RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Counsel,

Thank you for taking the time to meet and confer with us this afternoon.  We are following up to memorialize our discussion.

*First*, with respect to the depositions noticed on Friday, we provide below the dates on which the witnesses are available.  Please confirm that the below dates will work for Plaintiffs:

- Heather Adkins – June 12 in the Bay Area
- Per Bjorke – June 13 in the Bay Area
- Nirmal Jayaram – June 18 in the Bay Area
- Scott Sheffer – July 1 in the Bay Area (as noted, we would suggest that we make a joint request to the Court for leave to take Mr. Sheffer's deposition and Mr. Casale's deposition just after the close of fact discovery)

We will follow up with additional information as to the exact location for each of the depositions taking place in the Bay Area.

*Second*, as we mentioned, Mr. Berntson is available to sit for a deposition on June 24.  We are still determining whether he has availability on June 23 or June 25 (or on other consecutive days).  We will let you know as soon as we have that information.  Please confirm that we can take the June 10 date off the calendar.

*Third*, we would like to memorialize our discussion with respect to each of the individual topics Plaintiffs noticed:

- We identified Mr. Berntson as the 30(b)(6) designee for Topics 1, 2, 3, 4, 5, 8, 11, 12, 13, 16, and 17
- We agreed to follow-up with the designee for Topics 6 and 7.  We will provide that information as soon as we are able.
- We explained that Google's production of documents together with 30(b)(1) testimony of the Google witnesses that Plaintiffs have requested should provide Plaintiffs the information they seek in response to Topics 9 and 10.  You requested that we consider whether we are able to designate witnesses as to the individual projects encompassed in Topic 9 and whether we can designate a witness to testify as to Google's agreement with the FCA in order to cover Topic 10.  We will let you know our position as soon as we are able.
- For Topic 14, we explained that as written, we were not aware of anything responsive.  Based on our discussion, we understand that Google's designation of Mr. Berntson to testify on Topic 12 is sufficient to cover what you seek through Topic 14.
- For Topic 15, we stated that we will produce documents, to the extent they exist, that are responsive to this Topic, and we are willing to provide a written response.  Given that you did not object to that proposal, we do not plan to designate a witness for this Topic.

- For Topic 18, we stated that we will produce documents, to the extent they exist, that are responsive to this Topic. Given that you did not object to that proposal, we do not plan to designate a witness for this Topic.
- For Topic 19, we explained that we provided extensive 30(b)(6) testimony on these issues during the liability phase as well as a written response. We are also doing a refresh of the P&L statements in response to RFP 20. We stated that given that, we do not believe there is anything additional to warrant a 30(b)(6) examination on this Topic. Given that you did not object to Google's position, we do not plan to designate a witness for this Topic.
- For Topic 20, we explained that we cannot prepare a witness to testify to each of Google's interrogatory responses, but to the extent there is any other particular issue Plaintiffs want to address beyond those we discussed, we will consider a more specific proposal.

*Fourth*, we agreed that for 3rd party depositions where both parties noticed the deposition, the parties would split the 7 hours 50/50 such that each party gets 3.5 hours.

*Fifth*, for 3rd party depositions where only one party notices the deposition, we agree that the noticing party will get 6 hours and the non-noticing party will get 1 hour.

Best,
Erica

**Erica Spevack | Associate
Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
+1 202 223 7349 (Direct Phone)
+1 202 368 1774 (Cell)
espevack@paulweiss.com | www.paulweiss.com

---

**From:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>
**Sent:** Monday, June 2, 2025 11:18 AM
**To:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Spevack, Erica <espevack@paulweiss.com>; Corriveau, Annelise <acorriveau@paulweiss.com>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; jphillips@dirllp.com; kdunn@dirllp.com; jrhee@dirllp.com; wisaacson@dirllp.com; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Geiger, David (ATR) <David.Geiger@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Counsel,

For this meet-and-confer call at 2pm, in addition to Google's objections to Plaintiffs' Rule 30(b)(6) notice, Plaintiffs also request to discuss:

- The timing of Google's compliance with the Court's order from Friday (particularly the issues raised in my email from 2:16pm on Friday regarding the upcoming depositions)
- The hours limit for the Rule 30(b)(6) deposition of Google
- Splitting time during non-party depositions
- Scheduling the depositions of Google employees Plaintiffs noticed on Friday (i.e., Adkins, Bjorke, Jayaram, and Sheffer)

Regards,
Michael

**Michael Wolin**
Trial Attorney
United States Department of Justice
Antitrust Division | Transportation, Energy, and Agriculture Section
450 Fifth Street N.W., Suite 8000, Washington, DC 20530
michael.wolin@usdoj.gov | (202) 704-3270 (mobile)

-----Original Appointment-----
**From:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>
**Sent:** Thursday, May 29, 2025 3:29 PM
**To:** Teslicko, David (ATR); Teslicko, David (ATR); Spevack, Erica; Wolin, Michael (ATR); Corriveau, Annelise; Wood, Julia (ATR); Huppert, Matthew (ATR); Briskin, Craig (ATR); Petterson, Linnaea (ATR); thenry@oag.state.va.us; Lauren Pomeroy; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy; jphillips@dirllp.com; kdunn@dirllp.com; jrhee@dirllp.com; wisaacson@dirllp.com; Eric Mahr; Andrew Ewalt; Craig Reilly
**Subject:** United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery
**When:** Monday, June 2, 2025 2:00 PM-3:00 PM (UTC-05:00) Eastern Time (US & Canada).
**Where:** Microsoft Teams Meeting

---

# Microsoft Teams  Need help?

## **Join the meeting now**

Meeting ID: 992 441 985 97

Passcode: BK3jU28a

---

### Dial in by phone

+1 202-235-7900,,894679397# United States, Washington

Find a local number

Phone conference ID: 894 679 397#

For organizers: Meeting options | Reset dial-in PIN

---

_____
**From:** Spevack, Erica <espevack@paulweiss.com>
**Sent:** Thursday, May 29, 2025 3:25 PM
**To:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Corriveau,

Annelise <acorriveau@paulweiss.com>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov

**Cc:** Mauser, Amy <amauser@paulweiss.com>; jphillips@dirllp.com; kdunn@dirllp.com; jrhee@dirllp.com; wisaacson@dirllp.com; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>

**Subject:** [EXTERNAL] RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Hi David,

Thanks for confirming the dates and locations.  We can confirm that Glenn Berntson can appear in person in NYC.

We can meet and confer regarding Google's objections to Plaintiffs' 30(b)(6) notice on Monday, June 2, from 2-3pm ET.  Do you mind sending an invitation?

Best,
Erica

**Erica Spevack** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
+1 202 223 7349 (Direct Phone)
+1 202 368 1774 (Cell)
espevack@paulweiss.com | www.paulweiss.com

---

**From:** Teslicko, David (ATR) <David.Teslicko@usdoj.gov>
**Sent:** Thursday, May 29, 2025 2:06 PM
**To:** Spevack, Erica <espevack@paulweiss.com>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Corriveau, Annelise <acorriveau@paulweiss.com>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; Phillips, Jessica E <jphillips@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Rhee, Jeannie S <jrhee@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Erica,

Thank you for the discussion yesterday on Plaintiffs' 30(b)(6) notice. We look forward to receiving your objections tomorrow, and propose we meet and confer on them on Monday, June 2 during one of the following windows (9-10:30, 11-1, 2-3 EST). As discussed, we expect Google to come to the meeting with proposed designees for each topic as well as proposed dates and locations for those depositions, especially topics 1-10. The deposition was noticed for June 9, well-past the 11-day period required by the local rules, and we expect Google to make designees available that week, and in no event later than June 16.

As to the individual depositions below, we can confirm the proposed dates and locations work for us, but please let us know if Berntson cannot appear in NYC.


**David M. Teslicko**

Assistant Chief | Financial Services, Fintech, and Banking Section
U.S. Department of Justice | Antitrust Division
450 Fifth Street NW, Washington, DC 20530
david.teslicko@usdoj.gov
202-710-0114

---

**From:** Spevack, Erica <espevack@paulweiss.com>
**Sent:** Wednesday, May 28, 2025 4:19 PM
**To:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Corriveau, Annelise <acorriveau@paulweiss.com>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; Phillips, Jessica E <jphillips@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Rhee, Jeannie S <jrhee@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>
**Subject:** [EXTERNAL] RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Hi Michael,

Following up on our call this morning, we wanted to memorialize the dates / times offered, and also provide availability / location information for Tim Craycroft.

1. Nitish Korula – June 9, in NYC
2. Glenn Berntson – June 10, we believe we can accommodate NYC, but will confirm
3. George Levitte – June 13, in NYC
4. Tim Craycroft – June 25, in Denver

Please confirm these dates / locations at your earliest convenience.

Many thanks,
Erica

**Erica Spevack** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
+1 202 223 7349 (Direct Phone)
+1 202 368 1774 (Cell)
espevack@paulweiss.com | www.paulweiss.com

---

**From:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>
**Sent:** Wednesday, May 28, 2025 8:50 AM
**To:** Spevack, Erica <espevack@paulweiss.com>; Corriveau, Annelise <acorriveau@paulweiss.com>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; Phillips, Jessica E <jphillips@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Rhee, Jeannie S <jrhee@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>;

Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly
<craig.reilly@ccreillylaw.com>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Erica,

Thank you for confirming Google will include contact information on its preliminary witness list.

I will send an invite for a call at 11:30am today to discuss the depositions.

Regards,
Michael

---

**From:** Spevack, Erica <espevack@paulweiss.com>
**Sent:** Tuesday, May 27, 2025 8:55 PM
**To:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Corriveau, Annelise <acorriveau@paulweiss.com>; Wood, Julia
(ATR) <Julia.Tarver.Wood@usdoj.gov>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Teslicko, David (ATR)
<David.Teslicko@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR)
<Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>;
morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; Phillips, Jessica E <jphillips@paulweiss.com>; Dunn, Karen L
<kdunn@paulweiss.com>; Rhee, Jeannie S <jrhee@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>;
Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly
<craig.reilly@ccreillylaw.com>
**Subject:** [EXTERNAL] RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Counsel,

We are happy to meet and confer tomorrow from 11:30am-12pm on (1) scheduling the individual depositions Plaintiffs
have noticed; and (2) splitting time during non-party depositions.  If that time works for you, please send an invite.

We continue to believe that it is premature to meet and confer as to the Google 30(b)(6) deposition until we have had a
chance to serve objections given that Google's objections may very well inform the parties' discussion.  As we previously
stated, we are endeavoring to expedite serving Google's objections, and are hoping to serve them before the end of this
week.  We will be happy to schedule a meet & confer as to issues relating to Plaintiffs' 30(b)(6) notice as soon as is
practicable after Google serves its objections.

Thank you for getting back to us on Google's counterproposal on the witness list.  We agree to provide available contact
information for each witness (or the witness's counsel).

Best,
Erica
**Erica Spevack** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
+1 202 223 7349 (Direct Phone)
+1 202 368 1774 (Cell)
espevack@paulweiss.com | www.paulweiss.com

---

**From:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>
**Sent:** Tuesday, May 27, 2025 5:14 PM
**To:** Spevack, Erica <espevack@paulweiss.com>; Corriveau, Annelise <acorriveau@paulweiss.com>; Wood, Julia (ATR)
<Julia.Tarver.Wood@usdoj.gov>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Teslicko, David (ATR)

<David.Teslicko@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR)
<Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>;
morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; Phillips, Jessica E <jphillips@paulweiss.com>; Dunn, Karen L
<kdunn@paulweiss.com>; Rhee, Jeannie S <jrhee@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>;
Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly
<craig.reilly@ccreillylaw.com>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Counsel,

We request to meet-and-confer as soon as possible on: (1) scheduling the individual depositions we noticed; (2)
Google's objection to continuing the practice of splitting time during non-party depositions; and (3) scheduling Google's
30(b)(6) deposition (including how Google will divide up the topics), and the length thereof. Nothing in Local Civil Rule
26(C) obviates the parties' obligation under Rule 30(b)(6) to "confer in good faith about the matters for the
examination" "promptly after the notice or subpoena is served." Regarding the length of the 30(b)(6) deposition, if
Google is taking a different position than that contained in Martha Goodman's August 4, 2023 letter, we need to address
that dispute now. We are available to meet-and-confer tomorrow, May 28, between 10am and 1pm. Please let us know
if that works for Google.

In addition, we agree to Google's counterproposal on the witness list, which I've pasted below for clarity, but with the
addition that the witness lists exchanged include the contact information for each witness (or the witness's counsel), as
would be required under Rule 26(a)(3)(A)(i). Please confirm Google agrees.
- On May 30, the parties exchange preliminary fact witness lists where each side will disclose 8 fact witnesses.
  - Both sides must include at least 2 of their non-party fact witnesses by disclosing them in the set of 8
    witnesses on May 30. (To the extent either party intends to list more than 2 non-party fact witnesses, that
    party would disclose at least 2 non-party witnesses on May 30 and could disclose the remainder on June
    6.)
- On June 6, the parties may add up to 4 additional fact witnesses per side.
- On or before the close of fact discovery, June 30, each side may take no more than 12 fact witness depositions.
- On or before July 21, the parties may add up to 3 additional fact witnesses per side.
  - Each side will be permitted to depose 3 additional fact witnesses added to the parties' lists (after June 30
    and on or before July 21) by August 15.
- For the avoidance of doubt, pursuant to this agreement each side may only notice up to 15 fact depositions each
  (inclusive of any notice served under Fed. R. Civ. P. 30(b)(6)).
- The parties agree to a limit of 15 interrogatories per side, with discrete subparts counted as separate
  interrogatories, per Rule 33.

Regards,
Michael


**Michael Wolin**
Trial Attorney
United States Department of Justice
Antitrust Division | Transportation, Energy, and Agriculture Section
450 Fifth Street N.W., Suite 8000, Washington, DC 20530
michael.wolin@usdoj.gov | (202) 704-3270 (mobile)

---

**From:** Spevack, Erica <espevack@paulweiss.com>
**Sent:** Friday, May 23, 2025 2:23 PM
**To:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Corriveau, Annelise <acorriveau@paulweiss.com>; Wood, Julia
(ATR) <Julia.Tarver.Wood@usdoj.gov>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Teslicko, David (ATR)
<David.Teslicko@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR)

<Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>;
morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov;
**Cc:** Mauser, Amy <amauser@paulweiss.com>; Phillips, Jessica E <jphillips@paulweiss.com>; Dunn, Karen L
<kdunn@paulweiss.com>; Rhee, Jeannie S <jrhee@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>;
Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly
<craig.reilly@ccreillylaw.com>
**Subject:** [EXTERNAL] RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Counsel,

Thank you for your email.  We write to respond to both your email yesterday regarding deposition notices served on
Google as well as the below correspondence.

First, we are happy to find a time next week to meet and confer regarding the individual notices served on Google
yesterday.  Please let us know when you are available next week.  With respect to the 30(b)(6) notice, however, it is
premature to meet and confer until Google has had an opportunity to serve its objections.  Although Google has 15 days
after the service of Plaintiffs' 30(b)(6) Notice—until June 5—to serve its objections, *see* Local Rule 26(C), we will
endeavor to expedite our objections and serve them in advance of that date.

Second, we appreciate that Plaintiffs have confirmed that the Rule 30(b)(6) deposition would count as one of Plaintiffs' 12
depositions.  We cannot agree that the deposition is not limited to 7 hours on the record.  We are willing to meet and
confer on this issue at the time we meet and confer regarding Google's objections to the Rule 30(b)(6) Notice, after
Google has served its objections.

Third, in response to your May 19 and May 20 emails regarding the parties' agreement for the exchange of fact witness
lists and limits on fact discovery, Google can agree to the following:

- On May 30, the parties exchange preliminary fact witness lists where each side will disclose 8 fact witnesses.
  - Both sides must include at least 2 of their non-party fact witnesses by disclosing them in the set of 8
    witnesses on May 30. (To the extent either party intends to list more than 2 non-party fact witnesses, that
    party would disclose at least 2 non-party witnesses on May 30 and could disclose the remainder on June
    6.)
- On June 6, the parties may add up to 4 additional fact witnesses per side.
- On or before the close of fact discovery, June 30, each side may take no more than 12 fact witness depositions.
- On or before July 21, the parties may add up to 3 additional fact witnesses per side.
  - Each side will be permitted to depose 3 additional fact witnesses added to the parties' lists (after June 30
    and on or before July 21) by August 15.
- For the avoidance of doubt, pursuant to this agreement each side may only notice up to 15 fact depositions each
  (inclusive of any notice served under Fed. R. Civ. P. 30(b)(6)).
- The parties agree to a limit of 15 interrogatories per side, with discrete subparts counted as separate
  interrogatories, per Rule 33.

Relatedly, Google does not agree to Plaintiffs' proposal for splitting time during non-party depositions, i.e., Google does
not agree that "For non-parties noticed only by Defendant or by Plaintiffs, six hours shall be apportioned to the noticing
party and one hour to the non-noticing party." If a party would like to depose a witness, it should notice that deposition
and that notice will count against its total allotment.

We are available to meet and confer regarding this counterproposal.

Best,
Erica
**Erica Spevack** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
+1 202 223 7349 (Direct Phone)
+1 202 368 1774 (Cell)
espevack@paulweiss.com | www.paulweiss.com

**From:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>
**Sent:** Friday, May 23, 2025 1:46 PM
**To:** Corriveau, Annelise <acorriveau@paulweiss.com>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Huppert,
Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Briskin, Craig (ATR)

<Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov>
**Cc:** Mauser, Amy <amauser@paulweiss.com>; Phillips, Jessica E <jphillips@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Rhee, Jeannie S <jrhee@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Spevack, Erica <espevack@paulweiss.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Counsel,

We're now a week away from the May 30 proposed deadline. Could you let us know your position on our proposals below?

Regards,
Michael


**Michael Wolin**
Trial Attorney
United States Department of Justice
Antitrust Division | Transportation, Energy, and Agriculture Section
450 Fifth Street N.W., Suite 8000, Washington, DC 20530
michael.wolin@usdoj.gov | (202) 704-3270 (mobile)

---

**From:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>
**Sent:** Tuesday, May 20, 2025 12:39 PM
**To:** Corriveau, Annelise <acorriveau@paulweiss.com>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov>
**Cc:** Mauser, Amy <amauser@paulweiss.com>; Phillips, Jessica E <jphillips@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Rhee, Jeannie S <jrhee@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Spevack, Erica <espevack@paulweiss.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Counsel,

To add onto my email below, we suggest the parties continue to apply the provision in the Joint Discovery Plan for splitting time during non-party depositions, i.e.: "For non-parties noticed only by Defendant or by Plaintiffs, six hours shall be apportioned to the noticing party and one hour to the non-noticing party." (ECF No. 87, para. 6.H.) Please let us know whether Google agrees.

To the extent there is further disagreement on the witness list or deposition procedures, we would like to address these topics during the meet-and-confer tomorrow.

Regards,
Michael

**Michael Wolin**
Trial Attorney
United States Department of Justice
Antitrust Division | Transportation, Energy, and Agriculture Section
450 Fifth Street N.W., Suite 8000, Washington, DC 20530
michael.wolin@usdoj.gov | (202) 704-3270 (mobile)

---

**From:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>
**Sent:** Monday, May 19, 2025 11:42 AM
**To:** Corriveau, Annelise <acorriveau@paulweiss.com>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; Phillips, Jessica E <jphillips@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Rhee, Jeannie S <jrhee@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Spevack, Erica <espevack@paulweiss.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Counsel,

Thank you for sending the counterproposal below. We continue to foresee difficulty with scheduling non-party depositions under Google's proposal, given the short time period remaining for discovery after June 6 and difficulties of scheduling during the summer. To address that, we propose the following two changes:

1.  Instead of disclosing 6 witnesses on May 30 and 6 witnesses on June 6, both sides disclose 8 witnesses on May 30 and 4 witnesses on June 6.

2.  To provide more latitude for scheduling non-party depositions, both sides must front-load their non-party fact witnesses by disclosing them in the set of 8 witnesses on May 30. (To the extent either party intends to list more than 8 non-party fact witnesses, that party would disclose 8 non-party witnesses on May 30 and could disclose the remainder on June 6.)

Please let us know whether Google agrees to these changes.

Regards,
Michael

---

**From:** Corriveau, Annelise <acorriveau@paulweiss.com>
**Sent:** Monday, May 19, 2025 10:32 AM
**To:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; Phillips, Jessica E <jphillips@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Rhee, Jeannie S <jrhee@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Spevack, Erica <espevack@paulweiss.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>
**Subject:** [EXTERNAL] RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Counsel,

Thank you for your counterproposal. To further compromise, Google can agree to the following:

- On May 30, the parties exchange preliminary fact witness lists of no more than 6 fact witnesses per side.
- On June 6, the parties may add up to 6 additional fact witnesses per side.
- On or before the close of fact discovery, June 30, each side may take no more than 12 fact witness depositions.
- On or before July 21, the parties may add up to 3 additional fact witnesses per side.
  - Each side will be permitted to depose the 3 additional fact witnesses added to the other side's list by August 15.
- The parties agree to a limit of 15 interrogatories per side, with discrete subparts counted as separate interrogatories, per Rule 33.

Thanks,

Annelise

**Annelise Corriveau** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
+1 202 223 7446 (Direct Phone) | +1 202 330 5767 (Direct Fax)
acorriveau@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

---

**From:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>
**Sent:** Thursday, May 15, 2025 4:07 PM
**To:** Corriveau, Annelise <acorriveau@paulweiss.com>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; Phillips, Jessica E <jphillips@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Rhee, Jeannie S <jrhee@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Spevack, Erica <espevack@paulweiss.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Counsel,

On your counterproposal regarding the exchange of preliminary witness lists, we believe that waiting until June 6 to exchange lists is too late, given that it only allows 16 business days of remaining time in fact discovery to conduct 24 total depositions, many of which will be of non-parties and which must occur during the start of the summer, when scheduling becomes very difficult given pre-planned travel. To reach a compromise, however, we propose the following:

- On May 30, the parties exchange preliminary fact witness lists of no more than 10 fact witnesses per side.
- On June 6, the parties may add up to 2 additional fact witnesses per side.
- On or before the close of fact discovery, June 30, each side may take no more than 12 fact witness depositions.
- On July 14, the parties may add up to 3 additional fact witnesses per side. Each side will be permitted to depose the 3 additional fact witnesses added to the other side's list.

Please let us know Google's position on those compromise proposal. We are available tomorrow morning at 10am to meet-and-confer, if necessary.

Additionally, we agree to a limit of 15 interrogatories per side, with discrete subparts counted as separate interrogatories, per Rule 33.

Regards,
Michael

**Michael Wolin**
Trial Attorney
United States Department of Justice
Antitrust Division | Transportation, Energy, and Agriculture Section
450 Fifth Street N.W., Suite 8000, Washington, DC 20530
michael.wolin@usdoj.gov | (202) 704-3270 (mobile)

---

**From:** Corriveau, Annelise <acorriveau@paulweiss.com>
**Sent:** Monday, May 12, 2025 4:05 PM
**To:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; thenry@oag.state.va.us; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; morgan.feder@ag.ny.gov; Elliott.Dionisio@doj.ca.gov
**Cc:** Mauser, Amy <amauser@paulweiss.com>; Phillips, Jessica E <jphillips@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Rhee, Jeannie S <jrhee@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Spevack, Erica <espevack@paulweiss.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>
**Subject:** [EXTERNAL] RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Counsel,

We write in response to our meet and confer on May 7, 2025, your email on May 9, 2025.

Regarding your proposal for the preliminary exchange of witness lists and limits on factual discovery, we agree with such an exchange, but propose the following adjustments to the specifics concerning the exchange:

- Parties exchange preliminary fact witness lists on June 6, limited to 12 fact witnesses per side.
  - o We agree there should be a mechanism in place allowing each side to amend its list to add as many as 3 additional witnesses to their list no later than the agreed upon date at which the parties exchange their final witness list before the remedies hearing, so long as the other side has an opportunity to depose such witnesses before the remedies hearing.
  - o We do not agree that the parties can "swap" witnesses from their preliminary witness lists; as set forth above, the parties may only add up to 3 additional witnesses.
- Each party will serve no more than 15 interrogatories.
- Each party will take no more than 12 fact witness depositions, with the right to depose any of the additional 3 fact witnesses added to a party's witness list after the parties' initial June 6 fact witness list exchange.

Google does not agree to limit its ability to serve third-party subpoenas seeking either documents and/or testimony during fact discovery.

Google agrees that the parties should discuss at a later date a reasonable date by which to exchange witness lists and exhibits lists for the remedies hearing.

With respect to your request to expedite the objections and response time for written discovery as provided by Local Civil Rule 26(C) and the Federal Rules, Google cannot agree to do so. This proposal would categorically favor Plaintiffs and disadvantage Google, who undoubtedly bears the largest burden to investigate, collect, and produce materials at this phase of the case. Shortening the already abbreviated timelines provided for by the local rules would be impracticable for Google.

That being said, Google is committed to doing what it can to expedite the production process in light of the expedited schedule. Once Google has provided its objections, we agree to meet and confer promptly to resolve any disputes as

expeditiously as possible. Additionally, Google agrees to provide responsive productions on a rolling basis, beginning as soon as it is feasible to do so. Google will not wait until all objections are resolved before beginning its productions, so long as Plaintiffs agree to do the same with their productions.

With respect to Plaintiffs' Document Request No. 12, Google agrees to make the source code and change logs collected during merits discovery available for inspection by May 19. In addition, by May 19 Google agrees to make available for inspection the incremental code produced in the EDTX and MDL Actions since the close of fact discovery in this Action.  We are in the process of collecting source code and change logs that Plaintiffs requested in their remedies requests for production, and as soon as we are able will provide a timetable for making the additional source code and change logs that you have requested available for inspection, including making them available on a rolling basis.

We are happy to meet and confer further on these issues.

Sincerely,

Annelise

**Annelise Corriveau** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
+1 202 223 7446 (Direct Phone) | +1 202 330 5767 (Direct Fax)
acorriveau@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

**From:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>
**Sent:** Friday, May 9, 2025 1:13 PM
**To:** Mauser, Amy <amauser@paulweiss.com>; Phillips, Jessica E <jphillips@paulweiss.com>;
Craig.Reilly@ccreillylaw.com; Dunn, Karen L <kdunn@paulweiss.com>; Rhee, Jeannie S <jrhee@paulweiss.com>;
Isaacson, William A <wisaacson@paulweiss.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt
<Andrew.Ewalt@freshfields.com>; Spevack, Erica <espevack@paulweiss.com>
**Cc:** Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>;
Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea
(ATR) <Linnaea.Petterson@usdoj.gov>; Tyler T. Henry <thenry@oag.state.va.us>; Lauren Pomeroy
<Lauren.Pomeroy@doj.ca.gov>; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Elliott.Dionisio@doj.ca.gov; Wolin,
Michael (ATR) <Michael.Wolin@usdoj.gov>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Discovery

Dear Counsel,

We write on several issues related to discovery:

First, we look forward to receiving Google's response to our proposal from Wednesday of exchanging preliminary witness lists on June 1 (i.e., (1) both sides would provide lists of the fact witnesses they intend to call at trial, (2) with a numerical limitation, of potentially 10, and (3) with the option to swap in a limited number of new witnesses on a final witness list if the newly added witnesses could be deposed at that time). We also look forward to receiving Google's response to our questions about foregoing third-party document subpoenas and whether Google would seek to modify the default limits of 10 fact depositions and 25 interrogatories per side.

Second, given the short time frame for discovery, we would propose that the parties expedite their objections and responses to written discovery by agreeing to shorten the 15- and 30-day periods in Local Civil Rule 26(C) and the Federal Rules. If Google could expedite its objections to Plaintiffs' initial discovery requests, Plaintiffs could provide objections to Google's initial discovery requests within the same number of days after service. Please advise us on Google's view.

Third, separate and apart from the point above, we request that Google produce responsive documents on a rolling basis, beginning as soon as possible, and not wait until all objections are resolved before beginning its production. Plaintiffs will likewise expedite their production of responsive documents. Exchanging documents earlier will provide more flexibility for deposition scheduling, benefitting both sides, including Google employee deponents.

Fourth, Plaintiffs' Document Request No. 12 requests that Google "make available for inspection the most recent source code for GAM, DFP, and AdX." Since the protective order already includes a protocol for source code inspection and there should be no dispute that the source code for GAM, DFP, and AdX is relevant, Plaintiffs request that Google make this source code available for inspection beginning May 19. Please confirm whether Google agrees to this date and provide us with the logistical details.

We are available to discuss any of the items above.

Regards,
Michael


**Michael Wolin**
Trial Attorney
United States Department of Justice
Antitrust Division | Transportation, Energy, and Agriculture Section
450 Fifth Street N.W., Suite 8000, Washington, DC 20530
michael.wolin@usdoj.gov | (202) 704-3270 (mobile)

---

**From:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>
**Sent:** Tuesday, May 6, 2025 4:22 PM
**To:** Mauser, Amy <amauser@paulweiss.com>; Phillips, Jessica E <jphillips@paulweiss.com>; Craig.Reilly@ccreillylaw.com; Dunn, Karen L <kdunn@paulweiss.com>; Rhee, Jeannie S <jrhee@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Eric Mahr <Eric.MAHR@freshfields.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Spevack, Erica <espevack@paulweiss.com>
**Cc:** Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Teslicko, David (ATR) <David.Teslicko@usdoj.gov>; Briskin, Craig (ATR) <Craig.Briskin@usdoj.gov>; Petterson, Linnaea (ATR) <Linnaea.Petterson@usdoj.gov>; Tyler T. Henry <thenry@oag.state.va.us>; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Elliott.Dionisio@doj.ca.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>
**Subject:** RE: United States et al. v. Google LLC (Ad Tech) - Meet-and-Confer re Remedies Documents


Counsel,

In addition to the issue raised below, during the meet-and-confer tomorrow we would like to discuss a potential exchange of preliminary witness lists and reasonable limits on factual discovery.

Regards,
Michael


**Michael Wolin**
Trial Attorney
United States Department of Justice
Antitrust Division | Transportation, Energy, and Agriculture Section
450 Fifth Street N.W., Suite 8000, Washington, DC 20530
michael.wolin@usdoj.gov | (202) 704-3270 (mobile)

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.