# EXHIBIT 11

Case 1:19-cv-21551-CMA Document 365 Entered on FLSD Docket 08/25/2021 Page 1 of 6

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-21551-CIV-ALTONAGA/LOUIS

In re:

FARM-RAISED SALMON
AND SALMON PRODUCTS
ANTITRUST LITIGATION

_____/

# **ORDER**

**THIS CAUSE** comes before the Court upon Plaintiffs' Notice of Hearing (ECF No. 329), which noticed three discovery disputes pursuant to this Court's General Order on Discovery Objections and Procedures[1] (ECF No. 197). This matter was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636, by the Honorable Cecilia M. Altonaga, Chief Judge for the Southern District of Florida, for disposition of all discovery matters. A hearing was conducted on July 15, 2021 and continued on July 23, 2021.

This class action is brought on behalf of direct purchasers of farm-raised Atlantic salmon and salmon products, who assert claims against Defendants for violations of sections 1 and 3 of the Sherman Act. *See* 15 U.S.C. §§ 1, 3; ECF No. 246. Plaintiffs allege that Defendants engaged in the unlawful coordination of prices charged to direct purchasers of salmon from April 10, 2013 through the present. *Id*. These allegations underlie investigations being conducted by the European Union's ("EU") European Commission ("EC") and the United States Department of Justice, both of which are investigating illegal anticompetitive behavior in the farmed salmon market. *Id*. at ¶ 102.

---

[1] Plaintiffs noticed three discovery disputes relating to Plaintiffs' Requests for Production. ECF No. 329. This Order relates only to the dispute over Defendants' Objections to Plaintiffs' Request for Production No. 46, which seeks to compel Defendants' responses provided to the EC.

1

Case 1:21-cv-55000-CMA-LMB Document 365 Entered 1493-1 LSD Filed 06/08/25/2021 Page 2 of 6
Case 1:21-cv-55000-CMA-LMB Document 365 Entered 1493-1 LSD Filed 06/08/25/2021 Page 2 of 6
PageID# 105118

Plaintiffs presently move to compel the production of documents in response to their Request for Production No. 46, which seeks "[a]ll draft and final responses provided to the European Commission's questionnaire(s) sent to participants in the Salmon industry" (ECF No. 329-1 at 15). This Request for Production has since been modified to seek only final responses provided to the EC's Requests for Information ("RFI's") sent to participants in the Salmon industry[2] (ECF No. 347 at 1). In response to Request for Production No. 46, all Defendants objected to the Request on the basis that the documents are protected from disclosure as documents created for the purposes of the EC's investigation and that might reveal the EC's investigative strategy.

After Plaintiffs noticed this dispute, the EC was granted leave to appear as *Amicus Curiae* (ECF No. 345), and to file an *Amicus Curiae* brief, advancing its position opposing the production of documents Plaintiffs seek to compel (ECF No. 346).[3] The EC explains in its submission that it opposes Plaintiffs' request because it would compel disclosure of documents germane to the ongoing investigation into several Atlantic salmon farming companies, to include Defendants, for suspected violations of EU rules against anticompetitive business practices (ECF No. 346 at 8).

As further explained in the EC's brief, EU affords protection from disclosure certain documents created for and in the course of an EC investigation. In 2014, the EU set the legal framework for the disclosure of evidence through EU Directive 2014/104/EU on Antitrust Damages Actions (the "Damages Directive") (ECF No. 346 at 5). The Damages Directive distinguishes between three categories of evidence collected for its investigations: "black-listed,"

---

[2] Plaintiffs referred to the sought-after documents as "questionnaires" in the modified Request for Production No. 46 (ECF No. 347 at 1). At the July 23, 2021 hearing, however, Plaintiffs admitted that the Request For Production is "poorly phrased," and they were "in fact . . .seeking the request for information," not questionnaires.

[3] Because the EC's *Amicus Curiae* brief is relevant to the discovery matters before the Court, the EC was allowed to participate in the hearings. The EC has previously appeared in this matter by submission of a letter (ECF No. 227-1), which the Court considered in a prior dispute over the production of documents prepared specifically for the EC's investigation (ECF No. 233).

2

"grey-listed," and "white-listed." *Id.* Black-listed evidence is the most restrictive category and consists of leniency statements and settlement submissions. Grey-listed evidence are those documents created specifically for an investigation, such as RFI's, responses to RFI's, Statements of Objections, and inspection decisions by the EC. The final category, white-listed, are documents that existed before the investigation and were thus not created during or for the investigation ("pre-existing documents"). Plaintiffs have already received in discovery documents arising from this ongoing investigation, specifically "white-listed" pre-existing documents submitted by Defendants to the EC; in the prior dispute relating to compelled disclosure of documents arising from the EC investigation, Plaintiffs withdrew their request for the RFI's and sought only pre-existing documents (ECF No. 223).

The *Amicus Curiae* brief explains that documents created for purposes of the EC's investigation and information that the EC has drawn up and sent to the parties in the course of its investigation, the "grey-listed" documents, must not be disclosed while the investigation is ongoing (ECF No. 346 at 8). Such a disclosure "would unduly interfere with an ongoing investigation by a competition authority concerning an infringement of Union or national competition law." *Id.* at 7. This protection is recognized by EU law, including Article 16a(3) of Regulation 773/2004 and Article 6(5) of the Damages Directive, both of which similarly prevent information that was prepared by a natural or legal person specifically for the proceedings of the EC from being used in proceedings before national courts until after the EC has closed its proceedings. *Id.* at 10-13. As the EC explains in its brief, "[t]he creation and exchange of investigatory material is central to EU legal procedures and depends on responses and cooperation from private parties, which in turn arises from the protection against disclosure under EU law." *Id.* at 13. The RFI's Plaintiffs seek were created specifically for the investigation, and as such, the

3

Case 1:23-cv-15500-LMM Document 385 Entered 1493-1 FLSD Docket 06/08/25/20 Page 4 of 6
Case 0:21-cv-00100-ALM-JFA Document 365 Entered 14496-1 FLSD Docket 06/17/2021 Page 4 of 7
PageID# 105120

EC contends principles of comity warrant application of the EU rules that would prevent the disclosure of these documents. *Id*. at 9-18.

Plaintiffs were granted leave to file a responsive brief to the EC's *Amicus Curiae* brief. (ECF No. 353). In its responsive brief, Plaintiffs contend that comity is inapplicable because no conflict of law exists, and even if comity did apply, the Court should find in favor of compelling the requested documents (ECF No. 358 at 4-7).

The undersigned agrees that a comity analysis is not necessary because by applying the Federal Rules of Civil Procedure, Defendants' objections are substantially justified and will not be overruled. Federal Rule of Civil Procedure 26 requires discovery to not only be relevant, but "proportional to the needs of the case," considering among other factors, "the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The documents Plaintiffs seek are not responses to generic questionnaires, but rather responses to the unique RFI's that Defendants provided the EC during the course of an ongoing investigation. It is undisputed by Plaintiffs that these RFI's were advanced in the cause of an investigation by the EC. Moreover, these RFI's are averred to be central to the EC's investigation. As such, the Court finds that Defendants and the EC have an interest in protecting these confidential documents—the disclosure of which may affect the outcome of the ongoing investigation against Defendants.

Plaintiffs contend that the RFI's are relevant to generalized information about the salmon market, including market participants, dynamics, operations and supply and demand factors.[4] Plaintiffs expressed concern that the information likely does not exist in any other singular location and questioned whether they would have time to gather this information. Yet, Plaintiffs have made no attempt to obtain this information through other means, such as through interrogatories and depositions, suggesting the information sought is not particularly central or crucial to the case. *See Haney v. PGA Tour, Inc.*, No. 19-CV-63108, 2021 WL 535366, at *2, n.2 (S.D. Fla. Feb. 13, 2021). Moreover, if Plaintiffs were to seek this information by way of interrogatories and/or depositions, defense counsel represented, on behalf of all Defendants, that questions seeking such information would not be objected to on the grounds that the information was previously provided to the EC.

Taking these factors into account and balancing the interest of confidentiality against the proportionality of the documents being sought, the Court will not compel the production of Defendants' responses to the EC's RFI's at this posture. Should the EC's investigation end, or should a different need be shown by Plaintiffs, then the Court may reconsider this issue. However, the undersigned will not now undermine the EC's investigative strategy and Defendants' interest in confidentiality when there are other ways through which the sought-after information can be obtained; the production is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1); *In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 20-MD-2924, 2020 WL 5585137, at *4 (S.D. Fla. Sept. 16, 2020) (finding the production of materials relating to an investigation was not proportional to the needs of the case in part because there were other documents and manners

---

[4] The undersigned recognizes that there may be other reasons for which these may be relevant, but no other reasons were proffered by Plaintiffs.

5

through which the information being sought could be obtained), *aff'd,* No. 20-MD-2924, 2020 WL 6440461 (S.D. Fla. Nov. 3, 2020).

      **DONE AND ORDERED** in Chambers on this 17th day of August, 2021.

                                                _____
                                                LAUREN F. LOUIS
                                                UNITED STATES MAGISTRATE JUDGE