# EXHIBIT 6
# REDACTED VERSION

# PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K Street, NW
Washington, D.C. 20006-1047
+1 202 223 7300

**Amy Mauser**
**Direct Dial:** +1 202 223 7371
**Email:** amauser@paulweiss.com

New York
Brussels
Hong Kong
London
Los Angeles
San Francisco
Tokyo
Toronto
Wilmington

June 6, 2025

**HIGHLY CONFIDENTIAL**
**Federal Rule of Evidence 408**

**By Email**

Matthew R. Huppert
Antitrust Division
U.S. Department of Justice
450 Fifth Street, NW, Suite 800
Washington, D.C. 20530
Matthew.Huppert@usdoj.gov

Re:   *United States et al.* v. *Google LLC*, No. 1:23-cv-108-LMB-JFA (E.D. Va.)

Dear Matthew:

We write in response to your email communications from May 29, 2025 and June 4, 2025, concerning a letter from Brice Allibert, Head of Unit, European Commission, Directorate-General for Competition, dated May 28, 2025. In your email communications, you have asked whether the letter from Mr. Allibert resolves Google's objections to the production of materials Google submitted to the European Commission ("EC") in response to Plaintiffs' Request for Production No. 2 ("RFP 2").

As Google noted in its responses to Plaintiffs' First Set of Requests for Production of Documents to Google (Remedies Phase), served June 2, 2025, the letter you shared from Brice Allibert, dated May 28, 2025, does not resolve Google's objections to RFP 2 for several reasons.

*First*, the letter from B. Allibert appears contrary to positions the EC has taken in other cases in the United States. *See, e.g.*, Amicus Curiae Brief of European Commission, *In re Farm-Raised Salmon & Salmon Prods. Antitrust Litig.*, No. 1:19-cv-21551 (S.D. Fla.), Dkt. 346 at 7 (arguing that "information that was prepared by a natural or legal person specifically for the proceedings of a competition authority," "must not be disclosed while the investigation is ongoing"); *id.* at 6 (arguing that the "promise of strict nondisclosure of . . . settlement submissions is crucial for the Commission's ability to . . . successfully investigate"). Because

the letter you forwarded to us appears contrary to the positions the EC has taken in official briefs filed with U.S. courts, counsel for Google has contacted B. Allibert and the EC to obtain clarity on their position and request a reconsideration.

*Second*, it is not clear what materials the letter from Mr. Allibert purports to cover. Not being privy to Plaintiffs' communications with the EC, we do not know if Plaintiffs identified specific documents or materials they were most interested in or what, if any, context Plaintiffs provided. Therefore, Google would require specific guidance from the EC regarding what materials it believes Google could produce without running afoul of EU law.

*Third*, setting aside the above concerns, Google's objections based on relevancy still stand. Specifically, Google continues to object to producing *any* communications made, or materials exchanged, in connection with pre-settlement negotiations. Authority from the Fourth Circuit clearly holds that pre-settlement negotiations are entitled to enhanced protections. We fail to understand why Plaintiffs believe they are entitled to pierce into Google's confidential settlement negotiations, which would naturally chill not only Google's settlement discussions, but those of other companies engaging with the EC and regulators across the globe. *See Wyeth* v. *Lupin Ltd.*, 2008 WL 11509482, at *3 (D. Md. Mar. 28, 2008) (noting that "many other courts have similarly required a heightened or 'particularized' showing of need and relevance to permit the discovery of settlement documents because of the significant policy considerations against discovery"). ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ We continue to see no other rationale for Plaintiffs' insistence on these materials other than an attempt to bring materials protected by FRE 408 to the attention of the factfinder.

*Finally*, even if Plaintiffs only sought Google's non-settlement materials, producing those materials from an *ongoing, confidential foreign proceeding* would be inappropriate, especially when they bear little relevance to laws and standards governing *this case*. Nor is such information necessary given that Plaintiffs have Google's formal position on Plaintiffs' specific proposed remedies for this case. Additionally, Plaintiffs will also be receiving materials related to the feasibility of divestiture from numerous other sources of discovery, including the materials protected by the fact work product doctrine that Judge Anderson ordered Google to produce.

Google reserves all rights.

Sincerely,

*/s/ Amy Mauser*
Amy Mauser