UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*, <br><br> *Plaintiffs*, <br><br> vs. <br><br> GOOGLE LLC, <br><br> *Defendant*. | No: 1:23-cv-00108-LMB-JFA |

**DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL**

Pursuant to Local Civil Rule 5(C), Defendant Google LLC ("Google") submits this response to Plaintiffs' Motion to Seal Portions of Plaintiffs' Reply Memorandum of Law in Support of Plaintiffs' Motion to Enforce the Court's May 30 Order and to Compel Production of Google's Remedy Feasibility Submissions to the European Commission, and exhibits attached thereto (Dkt. 1500). Plaintiffs preliminarily filed certain information under seal that Google had marked Highly Confidential. Upon review of Plaintiffs sealed and unredacted filings, Google requests sealing to prevent public disclosure of materials protected by the work product doctrine, containing proprietary and commercially sensitive technical and business information, and referencing highly sensitive settlement negotiations.

**LEGAL STANDARD**

"When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements."[1] *Va. Dep't of State Police* v. *Wash.*

---

[1] With respect to quoted material, unless otherwise indicated, all brackets, ellipses, footnote call numbers, internal quotations, and citations have been omitted for readability. All emphasis is added unless otherwise indicated.

*Post*, 386 F.3d 567, 576 (4th Cir. 2004). Substantively, the Court "must determine the source of the right of access with respect to each document." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988).

Civil discovery materials may be shielded from public disclosure under Rule 26(c) for "good cause." That rule specifically identifies "confidential . . . commercial information" as information that may be shielded for good cause. Fed. R. Civ. P. 26(c)(1)(G). The rule also extends to the protection of privacy rights. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984) ("Although [Rule 26(c)] contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule."). When a discovery motion is filed, courts apply the same "good cause" standard, which allows courts to seal confidential discovery materials that are filed by the parties in support of, or in opposition to, a discovery motion upon a simple showing of "good cause."

Separately, under the common-law standard, a trial court may "seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Accordingly, public access to civil trial records "is not absolute," and restrictions can be justified by concerns that such records "might . . . become a vehicle for improper purposes," such as where the records serve "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In particular, a corporation's "strong interest in preserving the confidentiality of its proprietary and trade-secret information . . . may justify partial sealing of court records." *Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014).

Procedurally, before allowing documents to be filed under seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object,

2

(2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

## ARGUMENT

Upon review of the Plaintiffs' reply and accompanying exhibits, Google seeks to keep materials that are protected by the work product doctrine, contain proprietary and commercially sensitive technical and business information, and/or reference highly sensitive settlement negotiations under seal. Google requests that this information remain under seal because Google would likely suffer prejudice by its disclosure, such as dissemination of its work product and substantial economic harm, outweighing the public's right of access. Google respectfully requests that the Court keep this information under seal as Google's requests are tailored such that the public will still be able to understand the legal and general factual basis of Plaintiffs' Motion.

I. **THE PROCEDURAL REQUIREMENTS FOR SEALING HAVE BEEN MET.**

Under the local rules, a party may file a motion to seal together with the proposed sealed filings. E.D. Va. Civ. R. 5(C). Before sealing a court record, a court must provide public notice, consider less drastic alternatives to sealing the documents, and provide specific reasons and findings supporting the decision to seal. *Ashcraft,* 218 F.3d at 302. Each of those procedural requirements have been met here.

*First,* there has been public notice. The Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Publ'g Co.*, 743 F.2d 231, 234 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing or by "docketing [the sealing request] reasonably in advance of

deciding the issue." *Id.* at 235.  In accordance with the procedures in Local Civil Rule 5(C), Plaintiffs' sealing motion has been publicly docketed in advance of any ruling on sealing (Dkt. 1500), accompanied by a notice that any party or non-party could object (Dkt. 1502), thereby satisfying the first procedural requirement.

**Second,** Google has limited its sealing request to confidential material referenced in Plaintiffs' reply and exhibits. In deciding whether to grant a sealing request, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. In several instances, Google has proposed using limited sealing measures— targeted and limited redactions—to protect confidentiality of settlement negotiations. The proposed redactions will still provide the public access to Plaintiffs' reply and legal arguments in support, while protecting Google's confidential materials, including work product and settlement negotiations. *See Philpot v. Indep. J. Rev.*, 2021 WL 5071504, at *1 (E.D. Va. 2021) (granting motion to seal redacted documents filed in connection with summary judgment briefing as "this selective protection of information constitutes the least drastic measure of sealing confidential material"); *United States ex rel. Carter v. Halliburton Co.*, 2011 WL 8204612, *3 (E.D. Va. 2011) (limited redaction approved as opposed to "sealing the brief in toto").  For some documents, which are protected by the fact work product doctrine and "focused almost entirely" on "highly sensitive business information," including remedy scenarios and settlement discussions, "sealing the documents [entirely] is the most appropriate course of action instead of alternative courses of action such as redaction." *East West, LLC v. Rahman*, 2012 WL 3841401, at *3 (E.D. Va. 2012); *see also Malon v. Franklin Fin. Corp.*, 2014 WL 12768782, at *3 (E.D. Va. 2014) ("Given the proprietary and generally sensitive nature of these business documents, there exists no less drastic alternative to retention of the Confidential Materials under seal.").  Accordingly, Google has

4

proposed the least drastic method to protect its highly sensitive confidential information and the public's right of access.

*Third*, as detailed in Section II, Google has provided the specific reasons supporting its sealing request. In accordance with Local Civil Rule 5(C), Google has provided a proposed order containing the required findings.

## II. GOOGLE'S MATERIALS REVEALING HIGHLY SENSITIVE FACT WORK PRODUCT, BUSINESS INFORMATION, AND SETTLEMENT NEGOTIATIONS SHOULD BE PROTECTED FROM PUBLIC DISCLOSURE.

Google seeks to keep the following information under seal:

- **Plaintiffs' Reply**: Google requests that the redacted text on the following pages remain under seal:
  - Page 1;
  - Page 2: First two sentences;
  - Page 4: Text following cite to "86:2-86:19";
  - Page 8;
  - Page 12

  Google requests that these portions of Plaintiffs' reply remain under seal because they reference (i) material protected by the fact work product doctrine or material from Exhibit 3 which, for reasons stated below, is protected by the fact work product doctrine and contains Google's highly sensitive business information and (ii) sensitive settlement negotiations from an ongoing proceeding with the European Commission. Were this information made public, Google would risk losing the protections afforded to it to keep confidential its fact work product and would risk a broad waiver of the privilege. Moreover, keeping this information under seal would protect the confidentiality of settlement negotiations.

- **Exhibit 1**: This is an excerpt from the deposition transcript of a Google employee, taken on June 13, 2025. Pursuant to paragraph 7(b) of the Modified Protective Order, the entire transcript is currently designated as Highly Confidential. The vast majority of Exhibit 1 includes questions and testimony directed to highly sensitive remedy feasibility analyses conducted by Google regarding potential resolution of ongoing investigations and in anticipation of litigation. Disclosure of this testimony would reveal information protected by the work product doctrine. Were this information made public, Google would risk losing the protections afforded to it to keep confidential its fact work product and would risk a broad waiver of the

5

privilege. Additionally, disclosure of the type, substance, and timing of the analyses performed could compromise the confidentiality and integrity of settlement negotiations in ongoing proceedings. Disclosure would also reveal competitively sensitive information regarding Google's products and internal organization. Therefore, Google requests that Exhibit 1 remain completely under seal.

- **Exhibit 3**: This is an internal document that is protected by, at a minimum, the fact work product doctrine. Google only produced this document to Plaintiffs based on the Court's specific finding in this case that Plaintiffs had shown a substantial need for certain information protected by the fact work product doctrine. Dkt. 1450. Additionally, this document consists of non-public and commercially sensitive information related to potential remedies Google was considering for the potential resolution of ongoing regulatory investigations and in anticipation of litigation. Furthermore, the document reveals competitively sensitive information regarding Google's internal software systems. Google requests that this document remain under seal because were this information to be made public, Google would risk losing the protections afforded to it to keep confidential its fact work product and would risk a broad waiver of the privilege. In addition, (i) Google would suffer competitive harm if its proprietary and competitively sensitive information were made public and (ii) disclosure may harm ongoing or future settlement negotiations by revealing the nature of the remedy analyzed for potential resolution of ongoing investigations and/or anticipated litigation. Therefore, Google requests that Exhibit 3 remain completely under seal.

- **Exhibit 4**: This is a letter from Google's counsel concerning settlement negotiations and materials. Google requests that Exhibit 4 remain under seal in order to protect the confidentiality of, and information related to, settlement negotiations.

Before sealing a document filed with the Court, the Court must determine which sealing standard applies. There are three different standards: (i) First Amendment, (ii) common-law, and (iii) good cause. The first two, the First Amendment and common-law rights of access, apply only to "judicial records." Non-judicial records, like the discovery documents at issue here, are governed by Rule 26's "good cause" standard. *See, e.g.*, *Smithkline Beecham Corp. v. Abbott Labs.*, 2017 WL 11552659, at *3-4 (M.D.N.C. 2017). Discovery materials become "judicial records" before trial only if they are filed in support of, or in opposition to, a dispositive motion. *Id.* at *1.

Civil discovery generally is "conducted in private as a matter of modern practice," *Seattle Times*, 467 U.S. at 33, and discovery materials are not filed as a matter of course, Fed. R. Civ. P. 5(d)(1)(A). Therefore, discovery proceedings are "not public components of a civil trial." *See Seattle Times*, 467 U.S. at 33. For documents filed in connection with discovery motions, there is no common-law right of access. *See Smithkline*, 2017 WL 11552659, at *4 (concluding that "no public access right attaches to the documents at issue" because the documents "related to a discovery motion"); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("[W]e hold there is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions, whether these motions are case dispositive or not, but no such right as to discovery motions and their supporting documents."); *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) ("[M]aterial filed with discovery motions is not subject to the common-law right of access"); *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 11 (1st Cir. 1986) ("[T]here is no right of public access to documents considered in civil discovery motions.").

Therefore, the sealing standard for exhibits filed in connection with a discovery motion is the "good cause" standard set forth in Rule 26(c). Google's sealing request more than satisfies the good cause standard.[2] However, recognizing that the Court often applies the common-law

---

[2] Under the "good cause" standard, the Court may enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed." Fed. R. Civ. P. 26(c)(1)(G). To establish "good cause" under the Rule 26(c) standard, a party "must establish that the information sought is covered by the rule and that it will be harmed by disclosure." *In re Wilson*, 149 F.3d 249, 252 (4th Cir. 1998). The information contained in the sealed reply and exhibits constitutes Google's work product, non-public, commercially sensitive business information as well as the contents of sensitive settlement negotiations, the public disclosure of which would cause harm to Google. Thus, Google has satisfied the "good cause" standard, and the Court can—and should—protect this information by sealing the certain redacted portions of Plaintiffs' reply, and keeping exhibits 1, 3-4 under seal.

7

standard to discovery motions, Google has separately shown that its sealing request overcomes the public right of access.

### A. Google's Information Should Remain Sealed Under the Common-Law Right of Access.

For civil, non-dispositive motions, like Plaintiffs' instant motion, the common-law right of access applies. *See Stone*, 855 F.2d at 180-81; *Wash. Post*, 386 F.3d at 588-81. Under the common-law right of access, a court may "seal documents if the public's right of access is outweighed by competing interests." *Knight Publ'g*, 743 F.2d at 235. Protecting confidential business information has long been recognized as a significant private interest that overcomes the common-law right of access and justifies sealing of judicial records. *See Warner Commc'ns*, 435 U.S. at 598; *Knight Publ'g*, 743 F.2d at 235. Thus, to overcome the common-law right of access and maintain the sealing or redaction of documents, a litigant may show that the right of access is "outweighed by competing interests," including that the materials contain confidential business information, the disclosure of which would be harmful. *Knight Publ'g*, 743 F.2d at 235.

Courts in the Fourth Circuit recognize that materials protected by the work product doctrine should remain under seal. *See, e.g.*, *Charter Oak Fire Ins. Co. v. Am. Capital, Ltd.*, 2015 WL 1242684, at *2, *5 (D. Md. 2015) (sealing materials constituting "attorney work product and materials prepared in anticipation of the litigation"); *Harleysville Mut. Ins. Co. v. Hartford Cas. Ins. Co.*, 90 F. Supp. 3d 526, 531 n.2 (E.D.N.C. 2015) ("Because these exhibits contain confidential attorney work product and case assessment analysis, the court finds good cause to seal these exhibits."); *see also United States v. Minkkinen*, 2023 WL 3587757, at *1 (S.D. W. Va. 2023) (sealing documents that "are protected by attorney-client privilege" and "attorney work product privilege").

Moreover, as the Fourth Circuit has recognized, a "corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records." *Doe*, 749 F.3d at 269; *see also Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004) (district court did not abuse its discretion in refusing to unseal documents containing confidential and proprietary business information filed in connection with summary judgment motion). Courts in the Fourth Circuit consistently seal proprietary and commercially sensitive information, including "proprietary technical information regarding internal products and projects, as well as highly confidential business information." *Amperex Techn. Ltd. v. Semiconductor Energy Lab. Co.*, 2025 WL 1679522, at *1 (E.D. Va. 2025) (sealing technical information under common law standard); *see also BioNTech SE v. CureVac, SE*, 2024 WL 4723299, at *1-2 (E.D. Va. 2024) (sealing communications related to "technical developments").

Finally, courts in the Fourth Circuit also seal materials to the extent they reveal confidential settlement negotiations. *U.S. ex rel. Carter v. Halliburton Co.*, 2011 WL 8204612, at *4 (E.D. Va. 2011) (sealing materials related to settlement because "as other courts have noted, it is important to maintain confidentiality in settlement discussions for purposes of encouraging settlement agreements"); *see also Wudi Indus. (Shanghai) Co., Ltd. v. Wong*, 2022 WL 18586386, at *2 (E.D. Va. 2022) (sealing portions of opposition discussing confidential settlement agreement, noting that other courts have granted motions to seal "where brief contained 'confidential settlement negotiations between the parties'").

Here, Google seeks sealing of materials protected by, at a minimum, attorney fact work product doctrine. Google has only produced these materials in light of the Court's finding that Plaintiffs had shown a substantial need for these materials. *See* Dkt. 1450. Filing these materials

9

on the public docket would allow non-parties to access Google's fact work product despite never having made a showing of substantial need. Were this information made public, Google would risk losing the protections afforded to it to keep confidential its fact work product and would risk a broad waiver of the privilege. It would be an unfair Catch-22 for Google were, in order to defend the applicability of the work product protection, it was forced to make that information publicly available on the docket. These materials also reveal highly sensitive information pertaining to technical specifications and discussions. Finally, Google requests that the Court continue to seal information related to settlement negotiations in ongoing proceedings. Continued confidentiality is essential in order to protect the integrity of those, and any future, settlement negotiations. *Cf. In re Anonymous*, 283 F.3d 627, 636 (4th Cir. 2002) ("The assurance of confidentiality is essential to the integrity and success of the Court's mediation program, in that confidentiality encourages candor between the parties and on the part of the mediator, and confidentiality serves to protect the mediation program from being used as a discovery tool for creative attorneys.").

Accordingly, Google has made the necessary showing to warrant keeping the exhibits and redacted information under seal under the common-law right of access standard.

## CONCLUSION

For the reasons argued above, Google requests that the Court grant the motion to seal. A proposed order is submitted herewith.

Dated: June 26, 2025                                  Respectfully submitted,

| | |
|---|---|
| Eric Mahr (*pro hac vice*) | */s/ Craig C. Reilly* |
| Andrew Ewalt (*pro hac vice*) | Craig C. Reilly (VSB # 20942) |
| Tyler Garrett (VSB # 94759) | THE LAW OFFICE OF |
| FRESHFIELDS US LLP | CRAIG C. REILLY, ESQ |
| 700 13th Street, NW, 10th Floor | 209 Madison Street, Suite 501 |
| Washington, DC 20005 | Alexandria, VA 22314 |
| Telephone: (202) 777-4500 | Telephone: (703) 549-5354 |
| Facsimile: (202) 777-4555 | Facsimile: (703) 549-5355 |
| eric.mahr@freshfields.com | craig.reilly@ccreillylaw.com |
| | |
| Justina K. Sessions (*pro hac vice*) | Karen L. Dunn (*pro hac vice*) |
| FRESHFIELDS US LLP | Jeannie S. Rhee (*pro hac vice*) |
| 855 Main Street | William A. Isaacson (*pro hac vice*) |
| Redwood City, CA 94063 | Jessica E. Phillips (*pro hac vice*) |
| Telephone: (650) 618-9250 | DUNN ISAACSON RHEE LLP |
| Fax: (650) 461-8276 | 401 Ninth Street, NW |
| justina.sessions@freshfields.com | Washington, DC 20004-2637 |
| | Telephone: (202) 240-2900 |
| Daniel Bitton (*pro hac vice*) | kdunn@dirllp.com |
| AXINN, VELTROP & HARKRIDER LLP | |
| 55 2nd Street | Erin J. Morgan (*pro hac vice*) |
| San Francisco, CA 94105 | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| Telephone: (415) 490-2000 | 1285 Avenue of the Americas |
| Facsimile: (415) 490-2001 | New York, NY 10019-6064 |
| dbitton@axinn.com | Telephone: (212) 373-3387 |
| | Facsimile: (212) 492-0387 |
| Bradley Justus (VSB # 80533) | ejmorgan@paulweiss.com |
| AXINN, VELTROP & HARKRIDER LLP | |
| 1901 L Street, NW | |
| Washington, DC 20036 | |
| Telephone: (202) 912-4700 | |
| Facsimile: (202) 912-4701 | |
| bjustus@axinn.com | |

*Counsel for Defendant Google LLC*