IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GOOGLE LLC, <br><br> *Defendant*. | Civil Action No.1:23-cv-00108-LMB-JFA |

**DEFENDANT GOOGLE LLC'S STATUS REPORT**

Pursuant to the Court's Order, entered on June 20, 2025 (Dkt. 1504), Google provides this status report concerning its application to the European Commission Hearing Officer for relief from the Case Team's letter, dated May 28, 2025.

At the end of the day on June 24, 2025, the EC Hearing Officer informed Google's counsel that they would not decide the merits of Google's application because they lacked jurisdiction over the issue. Thus, Google is still left without any authoritative guidance or analysis for why it is permissible to share "grey-listed" materials. Because the Hearing Officer declined to rule on the merits of Google's application, Google promptly began evaluating next steps for potential appeal or reconsideration so it could provide the Court with the most complete, up-to-date status report as to the current posture of the EC proceedings. However, Google is uncertain how long it would take to obtain such a ruling; the process would almost certainly proceed on a timeline that is incompatible with the deadlines set forth in this matter.

1

Because Google's production of these "grey-listed" EC materials has ramifications beyond this action, Google requests supplemental briefing to protect its interests. However, recognizing that the Court's interest in a prompt resolution, and in light of the other deadlines in this proceeding, Google proposes the following in an effort to bring this issue to a close: Google will agree to produce, subject to a Court order, **non-settlement materials** responsive to RFP 2 (as narrowed by Plaintiffs). These materials would be Google's Response to the EC's Statement of Objections (Remedy Chapter) and the Expert Report of Professor Jason Nieh. Due to the unsettled issue of whether such a production would be lawful under EU law,[1] Google requests that the Court enter an order directing Google to produce these materials and permit Google one week to apply redactions to the non-settlement materials (for references to the Statement of Objections and third-party information) and obtain approval of those redactions from the EC before producing to Plaintiffs. If the Court is inclined to still consider Plaintiffs' request for Google's settlement negotiations with the EC, Google requests that the Court allow Google the opportunity to submit supplemental briefing on that issue.

## Status Report and Proposal

As the Court observed at the June 20 hearing, the Case Team's letter was "out of the ordinary," providing Plaintiffs with "*carte blanche*" to access materials normally protected from disclosure under the laws of the European Union. June 20, 2025 Hr'g Tr. 16:19-24, 20:15-19; *see also* Google Opposition, Dkt. 1493 ("Opp."), Ex. 10 at 9. At the June 20 hearing, the Court correctly noted, and Plaintiffs acknowledged, there was "no analysis provided" by the Case Team, "as to why this [case] is different or why [EU law] does or doesn't apply." June 20, 2025 Hr'g Tr. 18:12-17; *see also id.* 18:18-25 ("I take Your Honor's

---

[1] Google still maintains its objection that production of these materials would violate EU law.

point that there perhaps could have been more analysis and explanation of the EC's thinking about why these specific facts did not raise a concern."). Since the Case Team's letter is inconsistent with relevant EU law and reverses the EC's longstanding policy, it leaves Google and the Court without any clear, authoritative guidance on whether "grey-listed" materials can actually be produced, and whether there are any limitations whatsoever to the materials Google is permitted to produce in U.S. civil discovery to the Plaintiffs. *See* Opp. at 23-24.

This is not a theoretical problem for Google or its counsel. For example, the Commission provided a cover letter with the transmission of its Statement of Objections, which warned Google that "unauthorised disclosure of" the Commission's Statement of Objections—including in Google's Reply to the Statement of Objections—may trigger legal liability for Google and professional responsibility consequences for its counsel. *See* Exhibit 1 at 2-3. In the weeks following its May 28th letter (sent only to DOJ), the Commission has not separately provided Google with any correspondence clarifying that Google may now produce these materials without fear of legal liability or penalties.

Recognizing that the Case Team's letter was out of the ordinary, the Court deferred ruling on Plaintiffs' motion, in part, to await an update from the Hearing Officer. *See* June 20, 2025 Hr'g Tr. 51:24-52:10 (explaining that if the Hearing Officer "decides that the team's analysis was incorrect" then that would make the "issue clearer" and the Court "would not be requiring that information to be produced."). Unfortunately, the Hearing Officer advised counsel for Google on June 24 that they could not decide the merits of Google's application because they lacked jurisdiction over the issue. Google respectfully disagrees with the Hearing Officer's determination but has few avenues of recourse, given the posture and timelines here.

The Hearing Officer's decision that they lacked jurisdiction to decide the merits of the dispute places both the Court and Google back at square one, with no authoritative guidance or analysis on why the "facts and circumstances" of this particular case justify an approach that is inconsistent with EU law and the EC's long-standing practice and policy of protecting disclosure of grey-listed materials, especially in U.S. civil discovery.

Google is currently evaluating whether to appeal this issue to the Court of Justice of the European Union, the ultimate authority on the laws of the European Union. Timely briefs would need to be filed within two months; even if Google files its appeal more quickly it would likely take several months before the Court of Justice issued a decision. But Google understands and appreciates that the Court may not be inclined to wait for Google's potential appeal before ruling on Plaintiffs' motion to compel due to the constraints of the schedule in this case, as well as the Court's practice of expeditiously moving cases along to trial.

To the extent the Court is prepared to "deal with the issue of whether" these materials are "going to be produced," June 20, 2025 Hr'g Tr. 52:3-10, Google proposes producing to Plaintiffs, subject to a Court order, non-settlement materials responsive to RFP 2, as narrowed by Plaintiffs, namely: (i) Google's Response to EC's Statement of Objections (Remedy Chapter) and (ii) Expert Report of Professor Jason Nieh. As noted above, because the lawfulness of such a production is an unsettled issue, Google requests that the Court enter an order directing Google to produce these materials. It also requests, in order to guard against any violations of its obligations, a period of one week to redact these materials and seek approval of those redactions from the EC before producing the materials to Plaintiffs.

To the extent the Court is willing to entertain any further requests from Plaintiffs for additional materials, Google requests that the Court, as it previewed at the June 20 hearing,

permit supplemental briefing on why Plaintiffs are not entitled to Google's pre-settlement negotiations with the EC because those materials are entitled to "enhanced protections" in discovery. *See* June 20, 2025 Hr'g Tr. 53:3-13; Opp. at 25-27.

In light of the Hearing Officer having declined to decide the merits of Google's application, and should the Court be inclined to overrule Google's EU law objections, Google respectfully submits that it should be permitted to present this supplemental briefing on whether the Court should order production of Google's pre-settlement negotiations with the EC.

| | |
|---|---|
| Dated: June 27, 2025 | Respectfully submitted, |

| | |
|---|---|
| Eric Mahr (*pro hac vice*)<br>Andrew Ewalt (*pro hac vice*)<br>Tyler Garrett (VSB # 94759)<br>FRESHFIELDS US LLP<br>700 13th Street, NW, 10th Floor<br>Washington, DC 20005<br>Telephone: (202) 777-4500<br>Facsimile: (202) 777-4555<br>eric.mahr@freshfields.com | */s/ Craig C. Reilly*<br>Craig C. Reilly (VSB # 20942)<br>THE LAW OFFICE OF<br>CRAIG C. REILLY, ESQ<br>209 Madison Street, Suite 501<br>Alexandria, VA 22314<br>Telephone: (703) 549-5354<br>Facsimile: (703) 549-5355<br>craig.reilly@ccreillylaw.com |
| Justina K. Sessions (*pro hac vice*)<br>FRESHFIELDS US LLP<br>855 Main Street<br>Redwood City, CA 94063<br>Telephone: (650) 618-9250<br>Fax: (650) 461-8276<br>justina.sessions@freshfields.com | Karen L. Dunn (*pro hac vice*)<br>Jeannie S. Rhee (*pro hac vice*)<br>William A. Isaacson (*pro hac vice*)<br>Jessica E. Phillips (*pro hac vice*)<br>DUNN ISAACSON RHEE LLP<br>401 Ninth Street, NW<br>Washington, DC 20004-2637<br>Telephone: (202) 240-2900<br>kdunn@dirllp.com |
| Daniel Bitton (*pro hac vice*)<br>AXINN, VELTROP & HARKRIDER LLP<br>55 2nd Street<br>San Francisco, CA 94105<br>Telephone: (415) 490-2000<br>Facsimile: (415) 490-2001<br>dbitton@axinn.com | Erin J. Morgan (*pro hac vice*)<br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>Telephone:  (212) 373-3387<br>Facsimile:  (212) 492-0387<br>ejmorgan@paulweiss.com |
| Bradley Justus (VSB # 80533)<br>AXINN, VELTROP & HARKRIDER LLP<br>1901 L Street, NW<br>Washington, DC 20036<br>Telephone: (202) 912-4700<br>Facsimile: (202) 912-4701<br>bjustus@axinn.com | |

*Counsel for Defendant Google LLC*