UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>　　　　　*Plaintiffs*,<br><br>vs.<br><br>GOOGLE LLC,<br><br>　　　　　*Defendant*. | No: 1:23-cv-00108-LMB-JFA |

**DEFENDANT GOOGLE LLC'S**
**MEMORANDUM IN SUPPORT OF MOTION TO SEAL**

Pursuant to Local Civil Rule 5(C), Defendant Google LLC ("Google") submits this Memorandum in Support of its Motion to Seal. Through its Motion to Seal, Google seeks leave to file Exhibit 1 to its Status Report under seal. Exhibit 1 reflects material subject to confidentiality protections under EU law, and Google requests sealing to maintain the exhibit's confidentiality.

**LEGAL STANDARD**

"When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements."[1] *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Substantively, the Court "must determine the source of the right of access with respect to each document." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988).

Under the common-law standard, a trial court may "seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th

---

[1] With respect to quoted material, unless otherwise indicated, all brackets, ellipses, footnote call numbers, internal quotations, and citations have been omitted for readability. All emphasis is added unless otherwise indicated.

1

Cir. 1984). Accordingly, public access to civil trial records "is not absolute," and restrictions can be justified by concerns that such records "might . . . become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Procedurally, before allowing documents to be filed under seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

## ARGUMENT

Through its Motion, Google seeks to keep Exhibit 1 under seal, which contains material subject to EU confidentiality laws.

### I. THE PROCEDURAL REQUIREMENTS FOR SEALING HAVE BEEN MET.

Under the local rules, a party may file a motion to seal together with the proposed sealed filings. E.D. Va. Civ. R. 5(C). Before sealing a court record, a court must provide public notice, consider less drastic alternatives to sealing the documents, and provide specific reasons and findings supporting the decision to seal. *Ashcraft,* 218 F.3d at 302. Each of those procedural requirements have been met here.

***First,*** Google has provided public notice of its request to seal, and interested parties will have an opportunity to object. The Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Publ'g Co.*, 743 F.2d 231, 234 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing or by "docketing [the sealing request] reasonably in advance of deciding

2

the issue." *Id.* at 235.  Pursuant to Local Civil Rule 5(C), Google has publicly filed a Notice of Motion to Seal.  Entry of that Notice and the supporting documents onto the Court's public docket will notify any interested parties of Google's sealing motion and provide interested persons with "an opportunity to object." *Id.*

**Second,** Google has limited its sealing request to one exhibit, the entirety of which is protected from disclosure under EU law. Courts allow keeping materials completely under seal under similar circumstances. *Cf. East West, LLC v. Rahman*, 2012 WL 3841401, at *3 (E.D. Va. 2012); *see also Malon v. Franklin Fin. Corp.*, 2014 WL 12768782, at *3 (E.D. Va. 2014) ("Given the proprietary and generally sensitive nature of these business documents, there exists no less drastic alternative to retention of the Confidential Materials under seal.").  Accordingly, Google has proposed the least drastic method while balancing the public's right of access.

**Third**, as detailed in Section II, Google has provided the specific reasons supporting its sealing request.  In accordance with Local Civil Rule 5(C), Google has provided a proposed order containing the required findings.

## II.     GOOGLE SEEKS SEALING OF A LETTER FROM THE EC SUBJECT TO EU CONFIDENTIALITY LAWS.

Google seeks to keep Exhibit 1 to its Status Report, a letter from the European Commission ("EC") to Google, under seal. Before sealing a document filed with the Court, the Court must determine which sealing standard applies. There are three different standards: (i) First Amendment, (ii) common-law, and (iii) good cause.  The first two, the First Amendment and common-law rights of access, apply only to "judicial records."  Non-judicial records are governed by Rule 26's "good cause" standard. *See, e.g.*, *Smithkline Beecham Corp. v. Abbott Labs.*, 2017 WL 11552659, at *3-4 (M.D.N.C. Mar. 7, 2017).  Discovery materials, for example, become

3

"judicial records" before trial only if they are filed in support of, or in opposition to, a dispositive motion. *Id.* at *1.

Civil discovery generally is "conducted in private as a matter of modern practice," *Seattle Times*, 467 U.S. at 33, and discovery materials are not filed as a matter of course, Fed. R. Civ. P. 5(d)(1)(A). Therefore, discovery proceedings are "not public components of a civil trial." *See Seattle Times*, 467 U.S. at 33. For documents filed in connection with discovery motions, there is no common-law right of access. *See Smithkline*, 2017 WL 11552659, at *4 (concluding that "no public access right attaches to the documents at issue" because the documents "related to a discovery motion"); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("[W]e hold there is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions, whether these motions are case dispositive or not, but no such right as to discovery motions and their supporting documents."); *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) ("[M]aterial filed with discovery motions is not subject to the common-law right of access"); *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 11 (1st Cir. 1986) ("[T]here is no right of public access to documents considered in civil discovery motions.").

Therefore, the sealing standard for exhibits filed in connection with a discovery motion is the "good cause" standard set forth in Rule 26(c). Google's sealing request is appropriate under the good cause standard.[2] However, recognizing that the Court often applies the common-law standard to discovery motions, Google's request also satisfies the public right of access.

---

[2] Under the "good cause" standard, the Court may enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed." Fed. R. Civ. P. 26(c)(1)(G). To establish "good cause" under the Rule 26(c) standard, a party "must establish that the information sought is covered by the rule and that it will be harmed by disclosure." *In re Wilson*, 149 F.3d 249, 252 (4th Cir. 1998).

Under the common-law right of access, a court may "seal documents if the public's right of access is outweighed by competing interests." *Knight Publ'g*, 743 F.2d at 235. Protecting confidential business information has long been recognized as a significant private interest that overcomes the common-law right of access and justifies sealing of judicial records. *See Warner Commc'ns*, 435 U.S. at 598; *Knight Publ'g*, 743 F.2d at 235. Thus, to overcome the common-law right of access and maintain the sealing or redaction of documents, a litigant may show that the right of access is "outweighed by competing interests," including that the materials contain confidential business information, the disclosure of which would be harmful. *Knight Publ'g*, 743 F.2d at 235.

Here, Google seeks sealing of a letter from the EC to Google. Under the relevant EU laws, Article 16a(1) of EC Regulation 773/2004 requires that "Information obtained pursuant to this Regulation shall only be used for the purposes of judicial or administrative proceedings for the application of Articles 101 and 102 of the Treaty." Article 16a(3) further provides that "information that the Commission has drawn up and sent to the parties in the course of its proceedings" "shall not be used in proceedings before national courts until the Commission has closed its proceedings against all parties under investigation by adopting a decision pursuant to Article 7, 9 or 10 of Regulation (EC) No 1/2003 or has otherwise terminated its proceedings." Google received Exhibit 1 from the EC with respect to the EC's ongoing investigation under Article 102 of the Treaty. As such, Exhibit 1 was drawn up by the EC and sent to Google in the course of the EC's proceedings. Google therefore requests Exhibit 1 be sealed to ensure its confidentiality. Google has only disclosed Exhibit 1 to demonstrate its continued objections to the EC's position on the disclosure of materials and to show the EC's prior acknowledgement to Google that materials related to an ongoing investigation are protected by EU laws.

Accordingly, Google has made the necessary showing to warrant keeping Exhibit 1 under seal under the common-law right of access standard.

## **CONCLUSION**

For the reasons argued above, Google requests that the Court grant the motion to seal. A proposed order is submitted herewith.

Dated: June 27, 2025

Eric Mahr (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

Justina K. Sessions (*pro hac vice*)
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Fax: (650) 461-8276
justina.sessions@freshfields.com

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

Respectfully submitted,

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ
209 Madison Street, Suite 501
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (*pro hac vice*)
Jeannie S. Rhee (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
DUNN ISAACSON RHEE LLP
401 Ninth Street, NW
Washington, DC 20004-2637
Telephone: (202) 240-2900
kdunn@dirllp.com

Erin J. Morgan (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3387
Facsimile: (212) 492-0387
ejmorgan@paulweiss.com

*Counsel for Defendant Google LLC*