# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

UNITED STATES, *et al.*,

                 *Plaintiffs*,

    vs.

GOOGLE LLC,

                 *Defendant*.

No: 1:23-cv-00108-LMB-JFA

## DEFENDANT GOOGLE LLC'S
## MEMORANDUM IN SUPPORT OF MOTION TO SEAL

Pursuant to Local Civil Rule 5(C), Defendant Google LLC ("Google") submits this Memorandum in Support of its Motion to Seal. Through its Motion to Seal, Google seeks leave to file a redacted version of its Supplemental Memorandum of Law in Opposition to Plaintiffs' Request for Settlement Materials Provided to the European Commission under seal. Google requests sealing to prevent public disclosure of information revealing or referencing highly sensitive and confidential settlement negotiations.

## LEGAL STANDARD

"When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements."[1] *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Substantively, the Court "must determine the source of the right of access with respect to each document." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988).

---

[1] With respect to quoted material, unless otherwise indicated, all brackets, ellipses, footnote call numbers, internal quotations, and citations have been omitted for readability. All emphasis is added unless otherwise indicated.

Under the common-law standard, a trial court may "seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Accordingly, public access to civil trial records "is not absolute," and restrictions can be justified by concerns that such records "might . . . become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Procedurally, before allowing documents to be filed under seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

## <u>ARGUMENT</u>

Through its Motion, Google seeks to keep information pertaining to or referencing highly sensitive and confidential settlement negotiations. Google requests that this information remains under seal to protect the confidentiality of these settlement negotiations. Google respectfully requests that the Court grant Google's Motion to Seal because its requests are tailored such that the public will still be able to understand the legal and general factual basis for Google's supplemental memorandum.

## I.    THE PROCEDURAL REQUIREMENTS FOR SEALING HAVE BEEN MET.

Under the local rules, a party may file a motion to seal together with the proposed sealed filings. E.D. Va. Civ. R. 5(C). Before sealing a court record, a court must provide public notice, consider less drastic alternatives to sealing the documents, and provide specific reasons and findings supporting the decision to seal. *Ashcraft,* 218 F.3d at 302. Each of those procedural requirements have been met here.

*First,* Google has provided public notice of its request to seal, and interested parties will have an opportunity to object. The Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Publ'g Co.*, 743 F.2d 231, 234 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing or by "docketing [the sealing request] reasonably in advance of deciding the issue." *Id.* at 235. Pursuant to Local Civil Rule 5(C), Google has publicly filed a Notice of Motion to Seal. Entry of that Notice and the supporting documents onto the Court's public docket will notify any interested parties of Google's sealing motion and provide interested persons with "an opportunity to object." *Id.*

*Second,* Google has limited its sealing request to confidential settlement information referenced in its supplemental memorandum. In deciding whether to grant a sealing request, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. Google has proposed using limited sealing measures—targeted and limited redactions—to protect confidentiality of settlement negotiations. The proposed redactions will still provide the public access to Google's supplemental memorandum and legal arguments in support, while protecting Google's confidential settlement negotiations. *See Philpot v. Indep. J. Rev.*, 2021 WL 5071504, at *1 (E.D. Va. 2021) (granting motion to seal redacted documents filed in connection with summary judgment briefing as "this selective protection of information constitutes the least drastic measure of sealing confidential material"); *United States ex rel. Carter v. Halliburton Co.*, 2011 WL 8204612, *3 (E.D. Va. 2011) (limited redaction approved as opposed to "sealing the brief in toto"). Accordingly, Google has proposed the least drastic method while balancing the public's right of access.

*Third*, as detailed in Section II, Google has provided specific reasons supporting its sealing request.  In accordance with Local Civil Rule 5(C), Google has provided a proposed order containing the required findings.

## II. GOOGLE'S MATERIALS REVEALING HIGHLY SENSITIVE AND CONFIDENTIAL SETTLEMENT NEGOTIATIONS SHOULD BE PROTECTED FROM PUBLIC DISCLOSURE.

Google seeks to keep select portions of its supplemental memorandum under seal to protect confidential settlement negotiations.  Before sealing a document filed with the Court, the Court must determine which sealing standard applies.  There are three different standards: (i) First Amendment, (ii) common-law, and (iii) good cause.  The first two, the First Amendment and common-law rights of access, apply only to "judicial records."  Non-judicial records are governed by Rule 26's "good cause" standard.  *See, e.g.*, *Smithkline Beecham Corp. v. Abbott Labs.*, 2017 WL 11552659, at *3-4 (M.D.N.C. Mar. 7, 2017).  Discovery materials, for example, become "judicial records" before trial only if they are filed in support of, or in opposition to, a dispositive motion.  *Id.* at *1.

For civil, non-dispositive motions, like Google's supplemental memorandum, the common-law right of access applies.  *See Stone*, 855 F.2d at 180-81; *Wash. Post*, 386 F.3d at 588-81.  Under the common-law right of access, a court may "seal documents if the public's right of access is outweighed by competing interests."  *Knight Publ'g*, 743 F.2d at 235.  Protecting confidential business information has long been recognized as a significant private interest that overcomes the common-law right of access and justifies sealing of judicial records.  *See Warner Commc'ns*, 435 U.S. at 598; *Knight Publ'g*, 743 F.2d at 235.  Thus, to overcome the common-law right of access and maintain the sealing or redaction of documents, a litigant may show that the right of access is "outweighed by competing interests," including that the materials contain

confidential business information, the disclosure of which would be harmful. *Knight Publ'g*, 743 F.2d at 235.

Here, Google requests that the Court seal information related to settlement negotiations in ongoing proceedings. Continued confidentiality is essential to protect the integrity of those, and any future, settlement negotiations. *Cf. In re Anonymous*, 283 F.3d 627, 636 (4th Cir. 2002) ("The assurance of confidentiality is essential to the integrity and success of the Court's mediation program, in that confidentiality encourages candor between the parties and on the part of the mediator, and confidentiality serves to protect the mediation program from being used as a discovery tool for creative attorneys.").

Courts in the Fourth Circuit grant requests to seal materials revealing confidential settlement negotiations. *See U.S. ex rel. Carter v. Halliburton Co.*, 2011 WL 8204612, at *4 (E.D. Va. 2011) (sealing materials related to settlement because "as other courts have noted, it is important to maintain confidentiality in settlement discussions for purposes of encouraging settlement agreements"); *see also Wudi Indus. (Shanghai) Co., Ltd. v. Wong*, 2022 WL 18586386, at *2 (E.D. Va. 2022) (sealing portions of opposition discussing confidential settlement agreement, noting that other courts have granted motions to seal "where brief contained 'confidential settlement negotiations between the parties'"); *SAS Inst., Inc. v. World Programming Ltd.*, 2016 U.S. Dist. LEXIS 61068, at *3 (E.D.N.C. May 9, 2016) (granting motion to seal under *Ashcraft* standard where filing parties' replies in the "public record would disclose . . . confidential settlement negotiations"); *EnviroAnalytics Grp. LLC v. AXIS Surplus Ins. Co.*, 2025 WL 1475447, at *1 n.1 (D. Md. 2025) (placing memorandum opinion "under seal to protect the confidentiality of settlement negotiations that occurred in an earlier litigation relevant to this matter").

Accordingly, Google has made the necessary showing to warrant keeping the redacted information under seal under the common-law right of access standard.

## **CONCLUSION**

For the reasons argued above, Google requests that the Court grant the motion to seal. A proposed order is submitted herewith.

Dated: July 9, 2025

Respectfully submitted,

Eric Mahr (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ
209 Madison Street, Suite 501
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Justina K. Sessions (*pro hac vice*)
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Fax: (650) 461-8276
justina.sessions@freshfields.com

Karen L. Dunn (*pro hac vice*)
Jeannie S. Rhee (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Erica Spevack (*pro hac vice*)
Bryon P. Becker (VSB #93384)
DUNN ISAACSON RHEE LLP
401 Ninth Street, NW
Washington, DC 20004-2637
Telephone: (202) 240-2900
kdunn@dirllp.com

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER
LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
AXINN, VELTROP & HARKRIDER
LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

*Counsel for Defendant Google LLC*