IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.      ) | Civil Action No. 1:23cv0108 (LMB/JFA) |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## **ORDER**

On June 29, 2025, plaintiffs filed a motion for leave to file under seal exhibit 1 and portions of their response to defendant's status report. (Docket no. 1519). In the memorandum in support of the motion to seal, plaintiffs state that the information sought to be sealed is based on defendant designating that information as confidential and that plaintiffs do not believe the information subject to this motion to seal is a type that outweighs the presumption in favor of access. (Docket no. 1520). Defendant has filed a response to the motion to seal. (Docket no. 1533). No other person or entity has filed a response or objection to this motion to seal.

Defendant's response seeks to have the information that was redacted on page two of plaintiffs' response remain under seal along with exhibit 1. In the memorandum in support of the motion to seal, defendant states that the information it seeks to have remain under seal contains sensitive settlement negotiations, information containing fact work product, and other confidential information.

This motion to seal concerns materials submitted to the court for review on a motion to compel and therefore any information to be filed under seal must satisfy the "common law" standard discussed in *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004).

1

Having reviewed the information that defendant seeks to remain under seal, the court finds that redactions on page two of plaintiffs' response do not contain any substantive information relating to settlement negotiations and they fail to satisfy the necessary requirements for being filed under seal. As to exhibit 1 and for **the purposes of this motion,** that information may remain under seal at this time. The court notes that much of the information in exhibit 1 will not remain under seal when the more stringent "First Amendment" standard is applied to this information. For these reasons, it is hereby

ORDERED that the motion to seal is granted in part and denied in part. The court finds that the information that was redacted on page 2 of plaintiffs' response should be unsealed and plaintiffs shall file an unredacted version of their response in the public record. Exhibit 1 to the response shall remain under seal.

Entered this 10th day of July, 2025.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

2