IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.  ) | Civil Action No. 1:23cv0108 (LMB/JFA) |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### ORDER

This matter is before the court on the final issue remaining to be resolved concerning plaintiffs' motion to enforce the court's May 30 order and to compel production of Google's remedy feasibility submissions to the European Commission ("EC"). (Docket no. 1474). On July 2, 2025, the court entered an order requiring defendant to produce non-settlement materials responsive to document request number 2 (as narrowed by plaintiffs) which would include defendant's response to the EC's Statement of Objections (Remedy Chapter) and the expert report of Professor Jason Nieh. (Docket no. 1528). The remaining issue involves whether defendant must produce the documents it submitted to the EC during settlement negotiations relating to the feasibility of remedies. On July 7, 2025, the court ordered the parties to provide additional briefing on that remaining issue. The court has reviewed the additional briefing provided by the parties (Docket nos. 1534, 1539) and, for the reasons stated below, plaintiffs' motion to require defendant to produce nonpublic documents submitted to the EC by defendant during any settlement discussions that discuss the feasibility of proposed remedies will be denied.

1

In addressing this motion, it is significant to recognize that this is not a request to produce a settlement agreement, but it is a request to produce materials relating to communications in an **ongoing governmental investigation that has not resulted in a settlement**. The cases relied upon by plaintiffs involve matters in which there has been an agreed upon settlement, license, or an agreement between the parties that have some direct relevance to the claims in the case such as royalties in a patent case, licenses in a copyright case, or potential setoffs in a joint tortfeasor case in which the injured party has resolved a claim with one or more joint tortfeasors. See *Swimways Corp. v. Zuru, Inc.*, 2014 WL 12603189 (E.D. Va. July 1, 2014) (patent case); *Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys., Inc.*, 2011 WL 2470460 (M.D.N.C. June 20, 2011) (patent case); *Oppenheimer v. Episcopal Communicators, Inc.*, 2020 WL 4732238 (W.D.N.C. Aug. 14, 2020) (copyright case); *Selective Way Ins. Co. v. Schulle*, 2014 WL 462807 (W.D. Va. Feb. 5, 2014) (joint tortfeasor); *Amick v. Ohio Power Co.*, 2013 WL 6670238 (S.D. W. Va. Dec. 18, 2013) (joint tortfeasor); *Polston v. Eli Lilly & Co.*, 2010 WL 2926159 (joint tortfeasor).

As the cases presented by defendant reveal — even in the Fourth Circuit where there is no recognized "settlement privilege" — cases within the Fourth Circuit and elsewhere, have distinguished between requests for discovery relating to pre-settlement negotiations and requests for production of settlement agreements and have found it appropriate to apply "enhanced protections" to pre-settlement communications. See *CHS Inc. v. ABM Healthcare Support Servs., Inc.*, 2021 WL 149861 (W.D. Va. Jan. 15, 2021); *Wyeth v. Lupin Ltd.*, 2008 WL 11509482 (D. Md. Mar. 28, 2008); *Food Lion, LLC v. Dairy Farmers of Am., Inc.*, 2020 WL 6947921 (M.D.N.C. Sept. 29, 2020). In *Food Lion* the court denied a motion to compel the production of settlement communications between the defendant in that antitrust action and the

Department of Justice finding that the plaintiff had failed to show a particularized showing of relevance. In *Wyeth*, the Maryland court undertook a thorough review of the cases involving settlement communications and discussed the need for "judicial caution in laying bare" documents and communications exchanged during settlement negotiations. Just as the plaintiffs in this case, in *Wyeth* the moving party was seeking pre-settlement documents and communications for the purposes of determining whether Wythe took any factual positions in settlement discussions that were inconsistent with those taken in the pending case. The court denied the production of those materials, finding that the moving party had not established that injustice would result from non-disclosure, nor demonstrated a particularized showing of likelihood that the discovery would generate admissible evidence. Finally, the court in *CHS*, our sister court in the Western District of Virginia, has recognized the distinction between pre-settlement negotiations and settlement agreements and the need to consider the public interest in protecting the confidentiality of the settlement process. Exercising judicial caution, the court denied the request to order production of documents relating to current, ongoing settlement negotiations.

As in the cases discussed above that address the significant difference between seeking a settlement agreement and seeking documents in an ongoing settlement negotiation (whether involving a governmental entity or between private parties), the court finds that plaintiffs have not made a showing of a particularized need for documents that discuss the feasibility of proposed remedies during any ongoing settlement discussions with the EC. This is especially true in context of this case where the court has already ordered that information relating to the feasibility of proposed remedies provided to the EC in response to requests for information during the investigation that are not related to settlement discussions be produced to plaintiffs.

3

Entered this 11th day of July, 2025.

                                                /s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

4