IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 1:23-cv-00108-LMB-JFA |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL PRODUCTION OF GOOGLE'S REMEDY FEASIBILITY
SUBMISSIONS TO THE EUROPEAN COMMISSION**

Pursuant to the Court's Order, ECF No. 1530, Plaintiffs respectfully submit this supplemental memorandum "addressing the issue of whether nonpublic documents submitted to the EC by defendant during any settlement discussions that discuss the feasibility of proposed remedies should be produced." *Id*. at 2. Google should be required to produce its own statements or submissions to the EC that reflect analysis of the purported cost, burden, or difficulty of actual or potential remedies because (1) such material is relevant to Google's affirmative defense that Plaintiffs' proposed remedies are "infeasible" or "unworkable," (2) no privilege or other protection bars the materials' production, and (3) if any "particularized showing of relevance" is required to compel production of these materials, Plaintiffs satisfy that standard.

I. **Google's Statements and Submissions to the EC Reflecting Analysis of Purported Cost, Burden, or Difficulty of Remedies Proposed Here Are Relevant**

"Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Relevance is "construed broadly." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351

1

(1978). "A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *OSI Sys., Inc. v. KM-Logix, LLC*, 2021 WL 9553371, at *1 (E.D. Va. May 26, 2021). "The burden of showing that the requested discovery is not relevant to the issues in this litigation is clearly on the party resisting discovery." *Corbin v. Woolums*, 2008 WL 11512533, at *2 (E.D. Va. July 1, 2008).

    **A.**    **Google's Written Statements and Submissions to the EC Are Relevant**

Google's written statements or submissions to the EC about remedy feasibility are highly relevant because one of Google's principal defenses in this phase of the case is that Plaintiffs' proposed remedies are too "cumbersome, disruptive, and unpredictable" to be implemented and are thus, according to Google, "logistically unworkable." ECF No. 1431 at 11, 15. Factual statements that Google has made to the EC about (1) Google's ability to take certain actions that Plaintiffs now propose as remedies (*e.g.*, divesting AdX or DFP or open-sourcing DFP's final auction logic) or (2) the purported cost, burden, or difficulty of Google taking those actions (*e.g.*, the amount of time or resources Google would need to expend), goes to the credibility of Google's present defenses. Moreover, such statements bear directly on the Court's desire to order "an intelligent, feasible remedy in this case." Hr'g Tr. at 6:16–17 (May 2, 2025).

The relevance of the requested materials in corroborating the feasibility of Plaintiffs' remedies is not merely hypothetical because Google has already attempted to distance itself from its own internal analyses of divestiture feasibility. For example, although Google's contemporaneous analyses concluded that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, *see* ECF No. 1477-9 at -298, -308, and -325, Google witnesses now claim that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See, e.g.*, Ex. 1 (Levitte Dep.) at 71:21–73:10, 165:19–167:1; Ex. 2 (Google 30(b)(6) Dep.) at 50:11–52:7.

2

Google's factual statements to the EC about divestiture feasibility, presumably based in whole or in part on Google's internal analyses, would be probative of the disputed issue of Google's confidence in the accuracy of its analyses, given the importance of candor and truthfulness in those discussions. If Google represented expressly or implicitly to the EC that Google's internal analyses of remedy feasibility were accurate, then the Court should be able to consider those representations alongside Google's professed ███████████████████████████.

    **B.**    **Google's Oral Representations to the EC Are Relevant**

As previously stated, *see* ECF No. 1518, the present dispute about documents submitted to the EC also extends to deposition testimony about oral statements Google employees made to entities outside Google (including the EC) about remedy feasibility. Namely, Google counsel instructed a Google witness multiple times not to answer deposition questions about statements Google employees made to persons outside Google about the cost, burden, or difficulty of implementing remedies that Plaintiffs now propose. *Id*. at 1–2; ECF No. 1518-1. Discovery of those oral statements is relevant for the same reasons described above.

**II.**    **No Privilege or Other Protection Bars Production of the Relevant Materials**

Although Plaintiffs do not seek any settlement proposals or negotiations about such proposals, the factual statements and submissions Plaintiffs request may have been made coincident with settlement discussions. Even if settlement discussions formed part of the context for the statements and submissions in question, however, that context is not a reason to deny Plaintiffs the discovery they seek.

"[C]ourts in [the Fourth Circuit] have found that relevance not admissibility, is the appropriate inquiry with regard to whether or not the information sought is discoverable." *Nat'l Union Fire Ins. Co. v. Porter Hayden Co.*, 2012 WL 628493, at *3 (D. Md. Feb. 24, 2012) (cleaned up); *see also In re Camp Lejeune Water Litig.*, 2024 WL 2874287, at *2 (E.D.N.C. June

6, 2024) ("Rule 408 does not bar discovery of information concerning a settlement."). That approach accords with the Federal Rules of Civil Procedure, which provide that, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Similarly, "[t]he Fourth Circuit has never recognized a settlement privilege or required a particularized showing in the context of a subpoena for confidential settlement documents." *Swimways Corp. v. Zuru, Inc.*, 2014 WL 12603189, at *1 (E.D. Va. July 1, 2014); *accord Selective Way Ins. Co. v. Schulle*, 2014 WL 462807, at *1 (W.D. Va. Feb. 5, 2014) (declining to "require a heightened showing of relevance" for settlement material); *Oppenheimer v. Episcopal Communicators, Inc.*, 2020 WL 4732238, at *5 (W.D.N.C. Aug. 14, 2020) (similar); *Amick v. Ohio Power Co.*, 2013 WL 6670238, at *2 (S.D. W. Va. Dec. 18, 2013) (similar); *Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys., Inc.*, 2011 WL 2470460, at *4 n.5 (M.D.N.C. June 20, 2011) (similar); *Polston v. Eli Lilly & Co.*, 2010 WL 2926159, at *1 (D.S.C. July 23, 2010) (similar).

Some courts in other Districts have required "a heightened showing of relevance" to obtain discovery of documents reflecting "settlement negotiations," but this appears to be the minority view within the Fourth Circuit and should not apply to the discovery sought here. *See Food Lion, LLC v. Dairy Farmers of Am., Inc.*, 2020 WL 6947921, at *3–4 (M.D.N.C. Sept. 29, 2020); *see also CHS Inc. v. ABM Healthcare Support Servs., Inc.*, 2021 WL 149861, at *2–3 (W.D. Va. Jan. 15, 2021); *Wyeth v. Lupin Ltd.*, 2008 WL 11509482, at *3–4 (D. Md. Mar. 28, 2008). This Court should not follow the minority view because it has no basis in the Federal Rules of Civil Procedure. *See Food Lion*, 2020 WL 6947921, at *3 (based on "policy favoring the confidentiality of negotiations"); *Wyeth*, 2008 WL 11509482, at *3 (ruling based on "policy

4

considerations").[1] Moreover, the policy considerations that motivate this minority rule are not in conflict with Plaintiffs' requested discovery because Plaintiffs seek production of representations about objective facts, not negotiating positions. Google need not produce its settlement proposals or other negotiating positions. But permitting a party to go further and shield relevant factual representations from a factfinder would only encourage use of "misrepresentations, half-truths, and deceptions" during settlement discussions, *see C&E Servs., Inc. v. Ashland, Inc.*, 539 F. Supp. 2d 316, 321 (D.D.C. 2008), rather than promote the candid, truthful disclosures that the foregoing policy considerations aim to encourage.[2]

### III. Plaintiffs Have Shown with Particularity That the Materials at Issue Are Relevant

Plaintiffs are not aware of the Fourth Circuit or any court in this District ever requiring a heightened or particularized showing of relevance to obtain discovery of settlement-related factual material, but Plaintiffs nevertheless satisfy such a standard. As discussed *supra*, the documents and testimony at issue are probative of whether Plaintiffs' proposed remedies are, as Google contends, "logistically unworkable," ECF No. 1431 at 11, and, relatedly, whether Google's infeasibility defense is credible. Moreover, Google's statements to the EC have

---

[1] The Fourth Circuit has also held, in a different context, that a party seeking disclosure of confidential materials from court-ordered mediation, must "demonstrate that the harm caused by non-disclosure will be manifestly greater than the harm caused by disclosure." *In re Anonymous*, 283 F.3d 627, 637 (4th Cir. 2002). That case does not apply here because it did not involve the Federal Rules of Civil Procedure or the standards for discoverability. Rather, *Anonymous* was governed by confidentiality rules set forth in Fourth Circuit Local Rule 33 and standards set forth in the Administrative Dispute Resolution Act of 1996, 5 U.S.C. §§ 571 *et seq.*, neither of which applies here. *See Anonymous*, 283 F.3d at 632–38; *see also Food Lion*, 2020 WL 6947921, at *3 (observing that "*Anonymous* arose in a different context (a mediation conference governed by additional confidentiality provisions)").

[2] Google has not shown that its factual representations to law enforcement agencies about remedy feasibility were either not "wholly true" or were merely "assum[ing] disputed facts to be true for the unique purpose of settlement." *See Wyeth*, 2008 WL 11509482, at *4. Making factual misrepresentations to law enforcement agencies would be problematic, to say the least, regardless of the context in which those misrepresentations were made.

relevance independent of Google's internal analyses of remedy feasibility because such statements are uniquely probative of the separate, disputed question of whether Google believed its analyses were sufficiently accurate to represent them as such to regulatory authorities.

Dated: July 9, 2025

Respectfully submitted,

| | |
|---|---|
| ERIK S. SIEBERT<br>United States Attorney | JASON S. MIYARES<br>Attorney General of Virginia |
| /s/ Gerard Mene<br>GERARD MENE<br>Assistant U.S. Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3777<br>Facsimile: (703) 299-3983<br>Email: Gerard.Mene@usdoj.gov | /s/ Tyler T. Henry<br>TYLER T. HENRY<br>Assistant Attorney General<br><br>Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us |
| /s/ Julia Tarver Wood<br>JULIA TARVER WOOD<br>MATTHEW R. HUPPERT<br>DAVID TESLICKO<br>MICHAEL E. WOLIN<br><br>United States Department of Justice<br>Antitrust Division<br>450 Fifth Street NW, Suite 7100<br>Washington, DC 20530<br>Telephone: (202) 307-0077<br>Fax: (202) 616-8544<br>Email: Julia.Tarver.Wood@usdoj.gov<br><br>*Attorneys for the United States* | *Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia* |