**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 1:23-cv-00108-LMB-JFA |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER REGARDING**
**PRE-TRIAL SCHEDULE AND PROCEDURES**

WHEREAS the Court has previously entered an order governing the schedule for the

remedies phase of this civil action which provides that a remedies trial will commence on

September 22, 2025 (Dkt. No. 1428);

WHEREAS the parties have moved jointly for the Court to enter an order setting

additional pre-trial deadlines and procedures;

Upon consideration of the parties' joint request, and for good cause shown, it is hereby

ORDERED that the following pre-trial deadlines and procedures shall apply for the remedies

trial in this action:

1.    **Witness Lists**. The parties shall each file a Witness List in compliance with Fed.

R. Civ. P. 26(a)(3)(A) on Friday, August 15, 2025. The parties will state whether they intend to

call each witness "live" or "by designation" (and will not state that they are calling any witness

"live or by designation"). Neither side may list a fact witness on its Witness List if that witness

was not already listed on that side's previously provided preliminary witness list disclosures,

provided, however, that either party may list any fact witness to be called via deposition

designations (and provide such designations) if that fact witness was deposed in the remedies

phase of this case. If a witness is coming to testify live at trial, no party may submit deposition

1

designations for that witness at trial. Any objections to an opposing party's Witness List shall be filed on <u>Monday, August 25, 2025</u>.

2.      **Exhibit Lists**. The parties shall each file an Exhibit List in compliance with Fed. R. Civ. P. 26(a)(3)(A) on <u>Friday, August 15, 2025</u>. At the same time, the parties shall exchange, but not file, un-marked copies of their proposed trial exhibits. Any objections to an exhibit on an opposing party's Witness List shall be filed on <u>Monday, August 25, 2025</u>. Any exhibit objection not raised at this time is waived. The parties shall exchange marked copies of their proposed trial exhibits on Monday, September 1, 2025.

3.      **Deposition Designations**. The parties shall each file a disclosure of deposition designations in compliance with Fed. R. Civ. P. 26(a)(3)(A) on <u>Friday, August 22, 2025</u>. Each party shall file objections to affirmative deposition designations and any counter designations on <u>Friday, August 29, 2025</u>. Each party shall file objections to counter designations and any reply ("fairness") designations on <u>Wednesday, September 3, 2025</u>. Each party shall file objections to reply designations on <u>Friday, September 5, 2025</u>. Any testimony not designated in these filings or any objection not raised in these filings may not later be designated or raised.

4.      **Treatment of Confidential Information**. Any party proposing to use any confidential documents or confidential testimony of third parties much notify the third party as follows: (i) on <u>Friday, August 15, 2025</u>, each party shall notify any third party whose confidential documents have been listed for use at trial in that party's Exhibit List and identify to the third party the specific documents (by bates number); (ii) on <u>Friday, August 22, 2025</u>, each party shall notify any third party whose confidential testimony has been listed for use at trial in that party's affirmative deposition designations and identify to the third party the specific testimony (by page and line number); (iii) on <u>Friday, August 29, 2025</u>, each party shall notify

2

any third party whose confidential testimony have been listed for use at trial in that party's counter deposition designations and identify to the third party the specific testimony (by page and line number); and (iv) on <u>Wednesday, September 3, 2025</u>, each party shall notify any third party whose confidential testimony have been listed for use at trial in that party's reply deposition designations and identify to the third party the specific testimony (by page and line number). Any party or third party who objects to the public use of confidential documents or testimony must file a request to seal pursuant to Local Civil Rule 5 that includes a proposed acceptable redaction of the information from the relevant document or transcript on <u>Friday, September 5, 2025</u>. Any document or testimony disclosed in the parties' Exhibit Lists or deposition designations but not covered by any request to seal filed at this time may be used publicly at trial. All objections or responses to any party's or third party's proposed redactions or requests to seal confidential information in any respect shall be filed on <u>Friday, September 12, 2025</u>. If oral argument is required on any confidentiality issues, it will occur during the Pre-Trial Conference.

5.    ***Daubert* Motions**. The parties shall meet and confer regarding *Daubert* motions on <u>Monday, August 25, 2025</u>. The parties shall file any *Daubert* motions on <u>Friday, August 29, 2025</u>. The parties shall file oppositions to any *Daubert* motions on <u>Friday, September 5, 2025</u>. The parties shall file replies on any *Daubert* motions on <u>Wednesday, September 10, 2025</u>. If oral argument is required on any *Daubert* motion, it will occur during the Pre-Trial Conference.

6.    **Motions *in Limine***. The parties shall meet and confer regarding motions *in limine* on <u>Monday, August 25, 2025</u>. The parties shall file any motions *in limine* on <u>Friday, August 29, 2025</u>. The parties shall file oppositions to any motions *in limine* on <u>Friday, September 5, 2025</u>.

The parties shall file replies on any motions *in limine* on Wednesday, September 10, 2025. If oral argument is required on any motion *in limine*, it will occur during the Pre-Trial Conference.

7.      **Pre-Trial Conference**. The Court will hold a Pre-Trial Conference at 10:00 a.m. on Monday, September 15, 2025 (or at another date and/or time set by the Court). During the Pre-Trial Conference, the parties will be prepared to address any unresolved *Daubert* motions, motions *in limine*, and confidentiality requests.

8.      **Provisions Concerning the Conduct of Trial**.

a.      The parties shall file any requests for authorization to bring electronic devices into the courthouse for use at trial no later than Monday, September 15, 2025.

b.      Each party shall submit to the Clerk one (1) USB drive containing electronic copies of that party's trial exhibits no later than Friday, September 19, 2025. During trial, the parties shall submit witness binders that comply with the Court's Order of August 20, 2024 (Dkt. No. 1291). The foregoing shall satisfy the parties' obligations under Local Civil Rule 79(A).

c.      The parties shall each publish on a publicly available website all exhibits that have been entered into evidence and all demonstratives that have been used in trial (and are not otherwise sealed by order of the Court) no later than 10:00 a.m. the day following the exhibit's admission into evidence or the demonstrative's use in trial.

d.      The same general procedures governing access to space inside the courtroom from the liability trial will be in effect during the remedies trial: The jury box may be used by counsel of record for the Plaintiff States and the United States. A portion of the gallery will be reserved for use by counsel and other personnel of the U.S. Department of Justice. A portion of the gallery will be reserved for use by counsel and

other personnel of Google. A portion of the gallery will be reserved for use by members of the press.

e.     As soon as possible, and by no later than 7:00 p.m. on Tuesday, September 2, 2025, Plaintiffs shall provide Google with Plaintiffs' good faith, best estimate of the Google witnesses Plaintiffs intend to call in Plaintiffs' case-in-chief. By 7:00 p.m. on Wednesday, September 17, 2025, Plaintiffs shall provide Google with Plaintiffs' good faith, best estimate of the witnesses (in order) Plaintiffs intend to call in Plaintiffs' case-in-chief as well as Plaintiffs' good faith, best estimate of the date Plaintiffs expect to rest their case-in-chief. By 7:00 p.m. five days prior to the date Plaintiffs expect to rest their case-in-chief, Google shall provide Plaintiffs with Google's good faith, best estimate of the witnesses (in order) Google intends to call in Google's case.

f.     Starting on the first day of trial, Plaintiffs shall provide Google with an updated good faith, best estimate witness list at 7:00 p.m. each evening preceding a trial day. Plaintiffs shall also provide notice to Google of the date Plaintiffs expect to rest Plaintiffs' case-in-chief by 7:00 p.m. three calendar days before the expected date. Upon receiving such notice, Google shall, by 7:00 p.m. the following day, provide Plaintiffs with Google's good faith, best estimate of the witnesses (in order) Google intends to call in Google's case. Starting on the first day of Google's case, Google shall provide Plaintiffs with an updated good faith, best estimate witness list at 7:00 p.m. each evening preceding a trial day. Google shall also provide notice to Plaintiffs of the date Google expects to rest Google's case by 7:00 p.m. three calendar days before the expected date.

The parties shall meet-and-confer thereafter on the witnesses Plaintiffs expect to call during their rebuttal case.

        g.      Any party intending to use any demonstratives during opening statements or during any examination of a non-adverse witness shall disclose such demonstratives to the opposing side by 8:00 p.m. the evening before the planned use. The party receiving the disclosure of demonstratives shall provide any objections thereto by 9:00 p.m. that evening. If necessary, the parties shall meet-and-confer promptly and, if they cannot reach agreement, any outstanding objections shall be raised for decision by the Court the following morning. For avoidance of doubt, the foregoing shall not apply to demonstratives used solely for impeachment or to demonstratives used during examination of an adverse witness.

        h.      Any party intending to submit witness testimony via deposition designations shall provide notice and disclose the testimony (by page and line number) to the opposing side by 8:00 p.m. three calendar days before the planned use. The opposing side shall identify any counter designations and any remaining objections to the submitting party's designated testimony by 8:00 p.m. the following day. The party submitting the testimony shall, by 12:00 p.m. the day before the planned use, identify to the opposing side any reply designations and any remaining objections to the non-submitting party's counter-designated testimony. On the same day, by 3:00 p.m., the non-submitting side shall identify to the opposing side any remaining objections to the submitting party's reply designations. To the extent there are any unresolved objections, the parties shall meet-and-confer promptly and the party submitting the testimony shall provide the opposing side with a copy of the complete designations (including the

6

affirmative, counter, and reply designations) and a copy of the video to be played, if applicable. For any witness for whom both sides have provided affirmative designations, the parties shall work cooperatively to allow both sides to submit their affirmative, counter, and reply designations (subject to any objections) in one set of designations.

ENTERED the 5th day of August 2025.

/s/

Leonie M. Brinkema
United States District Judge