UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

UNITED STATES, *et al.*,

        *Plaintiffs*,

vs.

GOOGLE LLC,

        *Defendant*.

No. 1:23-cv-00108-LMB-JFA

**DEFENDANT GOOGLE LLC'S
MEMORANDUM IN SUPPORT OF MOTION TO SEAL**

Pursuant to Local Civil Rule 5(C), Defendant Google LLC ("Google") submits this Memorandum in Support of its Motion to Seal. Through its Motion to Seal, Google seeks leave to file a redacted version of its Memorandum of Law in Support of Google LLC's Motion to Exclude the Testimony of Dr. Goranka Bjedov and sealed exhibits to the Declaration of Daniel Bitton in Support of Google LLC's Motion to Exclude the Testimony of Dr. Goranka Bjedov (the "Bitton Declaration"). Google requests sealing to prevent public disclosure of materials protected by the work product doctrine or referencing highly sensitive settlement negotiations as well as materials designated as Highly Confidential or Confidential by Plaintiffs.

**LEGAL STANDARD**

"When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements."[1] *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Substantively, the Court "must determine the source of

---

[1] With respect to quoted material, unless otherwise indicated, all brackets, ellipses, footnote call numbers, internal quotations, and citations have been omitted for readability. All emphasis is added unless otherwise indicated.

the right of access with respect to each document." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988).

Under the common-law standard, a trial court may "seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Accordingly, public access to civil trial records "is not absolute," and restrictions can be justified by concerns that such records "might . . . become a vehicle for improper purposes," such as where the records serve "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In particular, a corporation's "strong interest in preserving the confidentiality of its proprietary and trade-secret information . . . may justify partial sealing of court records." *Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014).

Procedurally, before allowing documents to be filed under seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

## ARGUMENT

Through its Motion to Seal, Google seeks to keep materials that are protected by the work product doctrine and reference highly sensitive settlement negotiations under seal. Google requests that this information remain under seal because Google would likely suffer prejudice by its disclosure, such as dissemination of its work product and substantial economic harm, outweighing the public's right of access. Google respectfully requests that the Court grant Google's Motion to

Seal because its requests are tailored such that the public will still be able to understand the legal and general factual basis for Google's Motion to Exclude the Testimony of Goranka Bjedov.

## I. THE PROCEDURAL REQUIREMENTS FOR SEALING HAVE BEEN MET.

Under the local rules, a party may file a motion to seal together with the proposed sealed filings. E.D. Va. Civ. R. 5(C). Before sealing a court record, a court must provide public notice, consider less drastic alternatives to sealing the documents, and provide specific reasons and findings supporting the decision to seal. *Ashcraft,* 218 F.3d at 302. Each of those procedural requirements have been met here.

***First,*** Google has provided public notice of its request to seal, and interested parties will have an opportunity to object. The Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Publ'g Co.*, 743 F.2d at 234. Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing or by "docketing [the sealing request] reasonably in advance of deciding the issue." *Id.* at 235. Pursuant to Local Civil Rule 5(C), Google has publicly filed a Notice of Motion to Seal. Entry of that Notice and the supporting documents onto the Court's public docket will notify any interested parties of Google's sealing motion and provide interested persons with "an opportunity to object." *Id.*

***Second,*** Google has limited its sealing requests to references to work product or information regarding highly sensitive settlement negotiations in its memorandum and exhibits. In deciding whether to grant a sealing request, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. In several instances, Google has proposed using limited sealing measures—targeted and limited redactions—to protect

its trade secrets and commercially sensitive business information, as well as confidential and privileged materials that are protected from public disclosure. The proposed redactions will still provide the public access to Google's memorandum and the legal arguments contained therein, while protecting Google's work product, trade secrets and commercially sensitive business information. *See Philpot v. Indep. J. Rev.*, 2021 WL 5071504, at *1 (E.D. Va. Apr. 7, 2021) (granting motion to seal redacted documents filed in connection with summary judgment briefing as "this selective protection of information constitutes the least drastic measure of sealing confidential material"); *United States ex rel. Carter v. Halliburton Co.*, 2011 WL 8204612, *3 (E.D. Va. Nov. 29, 2011) (limited redaction approved as opposed to "sealing the brief in toto"). For these documents, which are protected by the fact work product doctrine and "focused almost entirely" on "highly sensitive business information," including remedy scenarios and settlement discussions, "sealing the documents [entirely] is the most appropriate course of action instead of alternative courses of action such as redaction." *East West, LLC v. Rahman*, 2012 WL 3841401, at *3 (E.D. Va. Sept. 4, 2012); *see also Malon v. Franklin Fin. Corp.*, 2014 WL 12768782, at *3 (E.D. Va. Dec. 4, 2014) ("Given the proprietary and generally sensitive nature of these business documents, there exists no less drastic alternative to retention of the Confidential Materials under seal."). Accordingly, Google has proposed the least drastic method to protect its highly sensitive confidential information and the public's right of access.

**Third**, as detailed in Sections II and III, Google has provided the specific reasons supporting its sealing request. In accordance with Local Civil Rule 5(C), Google has provided a proposed order containing the required findings.

II. **GOOGLE'S MATERIALS REVEALING HIGHLY SENSITIVE FACT WORK PRODUCT SHOULD BE PROTECTED FROM PUBLIC DISCLOSURE.**

Google seeks to keep under seal certain information contained in the following documents filed in connection with its Motion to Exclude the Testimony of Dr. Goranka Bjedov:

- **Google's Memorandum In Support of Its Motion to Exclude**: Google requests that the material highlighted in blue on pages 2, 5, 14, 21, 22, 23, 24, 25, and 26 of Google's memorandum remain under seal because it reveals information protected by fact work product doctrine or references information contained in Exhibits 1-4 which, for reasons stated below, are protected by fact work product. Were this information made public, Google would risk losing the protections afforded to it to keep confidential its fact work product and would risk a broad waiver of the privilege.

- **Exhibits 1-3 to the Bitton Declaration**: These exhibits are excerpts from the three reports submitted by Plaintiffs' expert, Dr. Goranka Bjedov. Google requests that the material highlighted in blue in Exhibits 1-3 remain under seal because it reveals information protected by fact work product doctrine or references information which, for reasons stated below, are protected by fact work product and contain Google's highly sensitive business information. All of the highlighted language references documents consisting of non-public and commercially sensitive information related to potential remedies Google was considering for the potential resolution of ongoing regulatory investigations and in anticipation of litigation. Were this information made public, Google would risk losing the protections afforded to it to keep confidential its fact work product and would risk a broad waiver of the privilege. In addition, (i) Google would suffer competitive harm if its proprietary and competitively sensitive information were made public and (ii) disclosure may harm ongoing or future settlement negotiations by revealing the nature of the remedy(ies) analyzed for potential resolution of ongoing investigations and/or anticipated litigation.

- **Exhibit 4 to the Bitton Declaration:** This is an excerpt from the deposition transcript of a Plaintiffs' expert, Dr. Goranka Bjedov, taken on August 27, 2025. Certain parts of Exhibit 4 include questions and testimony directed to highly sensitive remedy feasibility analyses conducted by Google. Disclosure of this material would reveal information protected by the work product doctrine. Were this information made public, Google would risk losing the protections afforded to it to keep confidential its fact work product and would risk a broad waiver of the privilege. Additionally, disclosure of the type, substance, and timing of the analyses performed could compromise the confidentiality and integrity of settlement negotiations in ongoing proceedings. Furthermore, at least one of the documents referenced in the transcript reveals competitively sensitive information regarding Google's internal software systems. Therefore, Google requests that the material highlighted in blue in Exhibit 4 remain completely under seal.

Both common law and the First Amendment protect public access to judicial records. *Stone*, 855 F.2d at 180; *cf. Lord Corp.* v. *S&B Technical Products, Inc.,* 2012 WL 895947, at *1 (E.D.N.C. Mar. 15, 2012) (stating that the right of access in nondispositive civil motions, including motions to exclude expert testimony, arises from the common law rather than the First Amendment). Under the common-law standard, a trial court may "seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publ'g Co.*, 743 F.2d at 235. Even where the more stringent First Amendment presumption applies,[2] courts recognize that "private interests might also implicate higher values sufficient to override (or, in an alternative mode of analysis, to except the proceeding or materials at issue from) the First Amendment presumption of public access." *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 580 (E.D. Va. 2009).

Courts in the Fourth Circuit recognize that materials protected by the work product doctrine should remain under seal. *See, e.g.*, *Charter Oak Fire Ins. Co. v. Am. Capital, Ltd.*, 2015 WL 1242684, at *2, *5 (D. Md. Mar. 17, 2015) (sealing materials constituting "attorney work product and materials prepared in anticipation of the litigation"); *Harleysville Mut. Ins. Co. v. Hartford Cas. Ins. Co.*, 90 F. Supp. 3d 526, 531 n.2 (E.D.N.C. 2015) ("Because these exhibits contain confidential attorney work product and case assessment analysis, the court finds good cause to seal these exhibits."); *see also United States v. Minkkinen*, 2023 WL 3587757, at *1 (S.D. W. Va. May 22, 2023) (sealing documents that "are protected by attorney-client privilege" and "attorney work product privilege").

---

[2] Information that satisfies the First Amendment standard for sealing also satisfies the common law standard for sealing. *See Wolfe v. Green*, 2010 WL 5175165, at *2 (S.D.W. Va. Dec. 15, 2010) (finding sealing appropriate under either common law or First Amendment standard where redactions pertained to information that "is protected by the attorney-client privilege and the work product doctrine.").

6

Moreover, as the Fourth Circuit has recognized, a "corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records." *Doe v. Pub. Citizen*, 749 F.3d at 269; *see also Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004) (district court did not abuse its discretion in refusing to unseal documents containing confidential and proprietary business information filed in connection with summary judgment motion). Courts in the Fourth Circuit consistently seal proprietary and commercially sensitive information, including "proprietary technical information regarding internal products and projects, as well as highly confidential business information." *Amperex Techn. Ltd. v. Semiconductor Energy Lab. Co.*, 2025 WL 1679522, at *1 (E.D. Va. Mar. 11, 2025) (sealing technical information under common law standard); *see also BioNTech SE v. CureVac, SE*, 2024 WL 4723299, at *1-2 (E.D. Va. Sep. 19, 2024) (sealing communications related to "technical developments").

Finally, courts in the Fourth Circuit also seal materials to the extent they reveal confidential settlement negotiations. *U.S. ex rel. Carter v. Halliburton Co.*, 2011 WL 8204612, at *4 (E.D. Va. Nov. 9, 2011) (sealing materials related to settlement because "as other courts have noted, it is important to maintain confidentiality in settlement discussions for purposes of encouraging settlement agreements"); *see also Wudi Indus. (Shanghai) Co., Ltd. v. Wong*, 2022 WL 18586386, at *2 (E.D. Va. Apr. 25, 2022) (sealing portions of opposition discussing confidential settlement agreement, noting that other courts have granted motions to seal "where brief contained 'confidential settlement negotiations between the parties'").

Here, Google seeks sealing of materials protected by, at a minimum, attorney fact work product doctrine. Google has only produced these materials in light of the Court's finding that Plaintiffs had shown a substantial need for materials. *See* Dkt. 1450. Filing these materials on the

7

public docket would allow non-parties to access Google's fact work product despite never having made a showing of substantial need. Were this information made public, Google would risk losing the protections afforded to it to keep confidential its fact work product and would risk a broad waiver of the privilege. These materials also reveal highly sensitive proprietary information, including proprietary technical specifications and discussions. Finally, Google requests that the Court continue to seal information related to settlement negotiations in ongoing proceedings. Continued confidentiality is essential in order to protect the integrity of those, and any future, settlement negotiations. *Cf. In re Anonymous*, 283 F.3d 627, 636 (4th Cir. 2002) ("The assurance of confidentiality is essential to the integrity and success of the Court's mediation program, in that confidentiality encourages candor between the parties and on the part of the mediator, and confidentiality serves to protect the mediation program from being used as a discovery tool for creative attorneys.").

Accordingly, Google has made the necessary showing to warrant keeping the exhibits and redacted information under seal under the common-law right of access standard.

### III.     GOOGLE REQUESTS SEALING OF DOCUMENTS PURSUANT TO LOCAL CIVIL RULE 5 AND THE PROTECTIVE ORDER.

Pursuant to Local Civil Rule 5, Google also requests sealing and redactions for material designated by Plaintiffs as Confidential or Highly Confidential under the Protective Order in this case. ECF No. 203, ¶ 20. Exhibits 1-3, 5-6 to the Bitton Declaration have been designated by Plaintiffs as Highly Confidential. Pursuant to Paragraph 20 of the Protective Order, Google therefore files Exhibits 1-3, 5-6 completely under seal. Separately, as noted *supra* Section II, Google also requests that references to Google's work product contained in Exhibits 1-3 remain under seal. Additionally, pursuant to Paragraph 7(b) of the Protective Order, Exhibits 4 and 7 to the Bitton Declaration are designated as Highly Confidential. Accordingly, Google also files

Exhibits 4 and 7 completely under seal. Separately, as noted *supra* Section II, Google also requests that references to Google's work product contained in Exhibit 4 remain under seal.

Finally, Google's memorandum in support of its motion to exclude contains references to information Plaintiffs have designated as Highly Confidential. Google has identified this information through yellow highlighting. Except where Google's requests are specifically noted as described in Section II *supra*, Google does not take a position on whether the information referenced in its memoranda or Exhibits 1-7 is of a type that outweighs the First Amendment presumption of public access. As stated in the notice filed concurrently with this memorandum, any interested member of the public and any other party may indicate their position on whether that information should remain under seal.

## CONCLUSION

For the reasons argued above, Google requests that the Court grant the motion to seal. A proposed order is submitted herewith.

Dated: August 29, 2025

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 Second Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
David Pearl (*pro hac vice*)
Allison Vissichelli (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ.
209 Madison Street, Suite 501
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

*Counsel for Defendant Google LLC*

Respectfully submitted,

*/s/ Bryon P. Becker*
Bryon P. Becker (VSB # 93384)
Karen L. Dunn (*pro hac vice*)
Jeannie S. Rhee (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Jessica Phillips (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Eric Spevack (*pro hac vice*)
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
Telephone: (202) 240-2900
kdunn@dirllp.com

Erin J. Morgan (*pro hac vice*)
DUNN ISAACSON RHEE LLP
11 Park Place
New York, NY 10007
Telephone: (202) 240-2928
emorgan@dirllp.com