IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **United States of America,** *et al.*,            ) | |
| Plaintiffs,           ) | |
| ) | |
| v.                                                                 ) | Case No. 1:23cv00108 (LMB-JFA) |
| ) | |
| **Google LLC,**                                                ) | |
| Defendant.         ) | |

### NON-PARTY PREBID.ORG, INC.'S OBJECTION TO <u>PUBLIC USE OF CONFIDENTIAL INFORMATION</u>

Pursuant to this Court's Order Regarding Pre-Trial Schedule and Procedures dated August 5, 2025 (Dkt. 1560), Local Rule 5(C), and the Protective Order in this Case (Dkt. 203), non-party Prebid.org, Inc. ("Prebid") respectfully submits its objection to the public use of Prebid's confidential information during the remedies phase of this civil action. Currently, portions of a deposition of a Prebid witness that have designated as Highly Confidential information under the Protective Order in this case are included in the parties proposed deposition designations. Prebid respectfully requests that the Court maintain the Confidentiality protections afforded this information by the Protective Order and prevent its public disclosure.

### LEGAL STANDARD

"[T]he right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files" are "sources of business information that might harm" a party's "competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In this Circuit, Courts have repeatedly found that the presumption of access to judicial records "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249,

1

253 (4th Cir. 1988). *See also Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Rushford*). Some of the factors to be weighed by a Court "include whether the records are sought for improper purposes" such as "unfairly gaining a business advantage." *Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). Courts in this Circuit have granted sealing requests covering "information regarding the identity of non-parties with whom they do business" or where the information could be used by "counterparties to future negotiations" to "gain an advantage to seek more favorable terms with" non-parties. *Fed. Trade Comm'n v. Syngenta Crop Prot. AG*, No. 1:22CV828, 2023 WL 6379625, at *3 (M.D.N.C. Sept. 28, 2023).

**ARGUMENT**

Currently, Prebid has been informed by the parties of several deposition designations from the July 28, 2025 deposition of Micael Racic, President of Prebid, that contain Prebid's confidential information. Prebid objects to any public disclosure of its confidential information and, accordingly, designated this information as "Highly Confidential" under the Protective Order in this case. Public disclosure of Prebid's confidential information would cause significant harm to Prebid's operations as a non-profit providing technology solutions for participants in the digital advertising industry. The confidential information currently included in the parties' deposition designations includes confidential details about Prebid's members and descriptions of non-public partnerships between Prebid and third parties. If this information were revealed publicly, it could impact Prebid's ability to work with its members and partners going forward.

Prebid appreciates the "public interests in access" to judicial records and understands that there is a strong presumption to public access for information that is used at trial in this case. *Rushford*, 846 F.2d 249, 253 (4th Cir. 1988). However, Prebid believes that its confidential information can be protected through targeted redactions without impacting the public's interests.

Included below is the list of passages that contain Prebid's Highly Confidential information that Prebid seeks to keep Confidential. Prebid requests that all information contained in these passages maintain the same confidentiality protections afforded by the Protective Order in this case and their contents not be disclosed publicly at trial or in any filings by the Parties.

| Deponent | Page Number | Line Numbers |
| --- | --- | --- |
| Michael Racic | 167 | 3-5 |
| Michael Racic | 247 | 21 |
| Michael Racic | 248 | 3-9 |
| Michael Racic | 343 | 9-11 |

**CONCLUSION**

WHEREFORE, for each of the reasons stated above, Prebid respectfully requests that this Honorable Court maintain the current confidentiality protections for Prebid's confidential information.

_____/s/_____

Patrick Greco
Va. Bar No. 90756
Kressin Powers LLC
400 Seventh Street NW, Ste 300
Washington, DC 20004
Patrick@kressinpowers.com

Counsel for Prebid.org, Inc.