IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 1:23-cv-00108-LMB-JFA |

**AMAZON.COM INC.'S MEMORANDUM OF LAW IN SUPPORT OF REQUEST TO SEAL DOCUMENTS AND DATA AT REMEDIES TRIAL**

Pursuant to the Court's Order Regarding Pre-trial Schedule and Procedures (ECF No. 1560), third party Amazon.com Inc. ("Amazon"), through its undersigned counsel, respectfully objects to the public disclosure at the remedies trial of two documents and two data files included on the parties' exhibit lists (ECF Nos. 1564 and 1565) that disclose Amazon's confidential, competitively sensitive information. These documents and data contain information that Amazon has consistently designated as highly confidential or confidential under the Protective Order (ECF No. 98; modified at ECF No. 203), and public disclosure of this information would cause harm to Amazon's competitive position. Amazon objected to public disclosure of these documents and data in the liability trial in this case (ECF No. 1051), and the Court granted Amazon's redaction and sealing requests in full (ECF No. 1147, at 2 n.1). Counsel for Google and for Plaintiffs have confirmed that neither party objects to Amazon making the same redaction and sealing requests in the remedies trial.

Accordingly, as detailed in the accompanying Declaration of Aaron Ross (Ex. D), Amazon respectfully requests that this limited and closely tailored set of its confidential information be

permitted to remain redacted and/or under seal at the remedies trial.

## BACKGROUND

In the lead up to the liability trial in this case, the parties notified Amazon's counsel that a number of documents on their exhibit lists contained or revealed Amazon's confidential information, which Amazon had produced during the investigatory or discovery phases of this case. After carefully reviewing the documents and communicating with the parties, Amazon objected to the public disclosure of a narrow subset of competitively sensitive information that, if made public, could be misused by Amazon's competitors to harm both Amazon and the competitive landscape. Amazon proposed closely tailored redactions to protect this information and, for a few documents that could not feasibly be redacted, Amazon requested that they be sealed (ECF No. 1051). The Court granted Amazon's request in full and ordered the parties to "only use at trial an exhibit … that conforms with the redaction [and] sealing requests as set forth in" Amazon's filing (ECF No. 1147, at 2–3).

Now, in anticipation of the remedies trial, the parties have notified Amazon's counsel that four documents included on their respective exhibit lists contain Amazon's confidential information. All four of these documents reveal information that was sealed or redacted during the liability trial pursuant to this Court's order. Specifically, Google's exhibit list includes AMZNDOJ0159229 (RDTX297), AMZNDOJ0023642 (RDTX349), and AMZNDOJ0247645 (RDTX990); the first of these was redacted during the liability trial, and the other two were sealed as redactions were not feasible. Plaintiffs have notified Amazon that an expert report figure listed on Plaintiff's exhibit list (PRX136) is derived from an Amazon data file, AMZNADTECH-AGG-LIT-00000003.001, that was likewise sealed during the liability trial.

Amazon has again carefully reviewed the documents and data files on the parties' exhibit

lists and confirmed that they contain competitively sensitive information. As explained in the accompanying declaration, these materials reveal detailed information about Amazon's advertising business performance, such as impressions, fees, and revenue, as well as customers' and partners' specific business needs. Decl. of A. Ross ¶ 5. Amazon's competitors, including Google, could misuse that information to compete unfairly against Amazon, offer worse terms to Amazon or Amazon's customers in future negotiations, or interfere with Amazon's customer relationships and product offerings. *Id.* ¶ 7.

Amazon has met and conferred with counsel for both parties and confirmed that neither opposes Amazon's request. Counsel for Plaintiffs was not willing to share the figure that is derived from Amazon data and explained that the figure also reveals confidential information from other third parties. However, counsel for Plaintiffs represented that, if the underlying Amazon data were sealed, Plaintiffs would anonymize the figure such that Amazon's competitors would not be able to tell which data came from Amazon.

Accordingly, pursuant to the Court's Order Regarding Pre-trial Schedule and Procedures (ECF No. 1560), Amazon respectfully files this request to seal and asks the Court to permit the same redactions and sealing of Amazon's confidential information for the remedies trial that it ordered during the liability trial.

**ARGUMENT**

Courts commonly seal trial materials so as to "fully account for the various public and private interests at stake." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 666 (D.C. Cir. 2017); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."); *Stone v. Univ. of Md. Med. Sys. Corp.*,

855 F.2d 178, 180–81 (4th Cir. 1988) (acknowledging that the common law and First Amendment rights of public access to court filings may be limited).  In particular, when private interests are at stake, "courts have refused to permit" court filings to serve "as sources of business information that might harm a litigant's competitive standing."  *Nixon*, 435 U.S. at 598.

Because some of the documents and materials at issue here may be entered into evidence at trial, First Amendment protection may apply.  *See Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 252 (4th Cir. 1988).  As a threshold matter to sealing, therefore, this Court must determine whether there is a compelling interest in restricting access to this information and whether sealing or the proposed redactions are narrowly tailored to serve that interest.  *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004).

Both elements are present here.  "A corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records."  *Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014) (citing *Nixon*, 435 U.S. at 598).  That is precisely the nature of the information at issue here—Amazon's proprietary information and trade secrets, disclosure of which would significantly hinder Amazon's competitive position.  And Amazon seeks to redact and seal only a minimal number of documents, ensuring robust public access to the record in this trial.

In addition to the First Amendment analysis, when deciding whether to seal a document, a court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing . . . , and (3) provide specific reasons and factual findings supporting its decision to seal . . . and for rejecting the alternatives."  *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).  The "specific reasons" a court should consider when deciding whether to seal a document include "whether the

4

records are sought for improper purposes, such as . . . unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon*, 435 U.S. at 597–608).

Here, all three criteria favor sealing the materials reflecting Amazon's highly confidential and competitively sensitive information. Public notice of Amazon's request to seal has been provided by filing this Request and an accompanying notice on the Court's docket, and the Court has provided interested parties until September 12 to object to Amazon's requests. ECF No. 1560. Amazon is unaware of any less drastic alternative to protect its competitively sensitive information than the limited redactions and sealing requested here. And there are several specific reasons why protecting Amazon's competitively sensitive information outweighs the public's interest in accessing these materials.

*First*, disclosure of Amazon's information would severely "harm [Amazon]'s competitive standing." *Nixon*, 435 U.S. at 598. The information at issue includes highly confidential, commercially sensitive information about Amazon's advertising business methods, performance, and strategy. *See* Decl. of A. Ross ¶ 5. Disclosure of that information would provide Amazon's competitors with a substantial and unfair commercial advantage in their dealings and negotiations with Amazon. *Id.* ¶ 7.

*Second*, the information at issue—Amazon's competitively sensitive commercial business information—would not "enhance the public's understanding of an important historical event." *Knight*, 743 F.2d at 235. Amazon is a third party to this case and its information is peripheral to deciding the proper remedy for Google's conduct.

*Third*, Amazon's information is highly confidential business information that is not

available to the public. Decl. of A. Ross ¶ 6. Amazon spends time and resources trying to protect its confidential information from public disclosure. *Id.* It would be a perverse result for Amazon to comply with compulsory process from the parties in this action, only to have its competitively sensitive information disclosed to competitors, *including Google*. (Other than its outside counsel, Google is not privy to Amazon's confidential information due to the Protective Order in place.)

In sum, any public interest in accessing Amazon's highly competitively sensitive information that could conceivably exist is greatly outweighed by Amazon's need to protect against the competitive harm that it would suffer if the information were disclosed. Disclosure would do little to enhance the public's understanding of this action, but it would cause significant harm to Amazon. The Court should therefore continue to seal Amazon's information, as it did in the liability trial.

## CONCLUSION

The First Amendment analysis and the factors from *Knight* weigh strongly in favor of sealing from public disclosure the limited portions of Amazon's confidential information identified in the accompanying Ross Declaration. Considering the competitive harm that would befall Amazon from public disclosure and Amazon's limited role as a third party in this case, sealing remains warranted. No party currently opposes Amazon's request. The Court should order Amazon's information to remain sealed.

Dated: September 5, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Michael R. Dziuban*
    Michael R. Dziuban

1700 M St. N.W.
Washington, D.C. 20036-4504
Telephone: 202.955.8500
Facsimile: 202.467.0539
Email: MDziuban@gibsondunn.com

*Attorney for Third Party Amazon.com, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of September 2025, I caused to be electronically filed the foregoing Memorandum of Law in Support of Amazon.com Inc.'s Request to Seal Documents and Data at Remedies Trial, and the exhibits thereto, using the CM/ECF system, which will then send a notification of such filing to all counsel registered through CM/ECF.

/s/ *Michael R. Dziuban*
Michael R. Dziuban

*Counsel for Third Party*
*Amazon.com, Inc.*