**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>                *Plaintiffs*,<br><br>    vs.<br><br>GOOGLE LLC,<br><br>                *Defendant*. | No. 1:23-cv-00108-LMB-JFA |

**GOOGLE LLC'S BRIEF IN SUPPORT OF**
**ITS MOTION TO SEAL CERTAIN CONFIDENTIAL**
**DOCUMENTS AND TESTIMONY PROPOSED FOR USE AT TRIAL**

Pursuant to the Court's Order dated August 5, 2025 (Dkt. No. 1560), Google LLC ("Google") submits this motion to seal confidential documents and testimony.[1] Google seeks to seal a narrow set of information contained within exhibits and testimony identified on Plaintiffs' Trial Exhibit List (Dkt. Nos. 1565, 1565-1), Defendant Google's Trial Exhibit List (Dkt. No. 1564), and Plaintiffs' Notice of Intent to Present Deposition Testimony (Dkt. Nos. 1568, 1568-1). Google seeks to seal this information on the basis that it implicates the private personal information of its employees, *Global Tel\*Link Corporation v. JACS Solutions, Inc.*, No. 1:23-cv-179, 2023 WL 9197897, at \*1 (E.D. Va. Oct 4, 2023), Google's trade secrets and proprietary information as well as other highly sensitive and competitive business information, *Doe* v. *Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014), and/or the protected work product of its attorneys

---

[1] In filing this Motion to Seal Google's Confidential Documents and Testimony, Google does not waive any objections to the admission of any exhibit on Plaintiffs' Trial Exhibit List (Dkt. Nos. 1565, 1565-1) or deposition testimony designated by Plaintiffs (Dkt. Nos. 1568, 1568-1) as allowable under the Federal Rules of Evidence, the Local Rules, and by prior order of the Court.

prepared in the context of settlement negotiations, *Wolfe v. Green,* No. 2:08–cv-01023, 2010 WL 5175165, at *2 (S.D.W. Va. Dec. 15, 2010); *Duke Univ. v. Endurance Risk Sols. Assurance Co.*, No. 5:20-cv-672, 2022 WL 3636601, at *8 (E.D.N.C. Aug. 23, 2022).

Consistent with the process established by the Court (Dkt. No. 1560), Google has made specific objections to the public disclosure of Google's confidential information contained in documents on Plaintiffs' and Google's trial exhibit lists and deposition designations. The information in these documents that Google seeks to protect from public disclosure includes the following categories, the sealing of which Plaintiffs did not object to in the liability phase of this case: (i) personal identifying information of Google employees; (ii) the source code and detailed designs that reveal the inner workings of Google's products and optimizations; (iii) granular, product- and system-specific datasets on revenue, impressions, and performance metrics; (iv) customer-specific pricing, contract terms, and data; (v) recent financial analyses, including product- or unit-specific profit and loss information; and (vi) forward-looking product strategy. Google also seeks to seal documents and testimony that reflect attorney work product prepared in the course of settlement negotiations.[2]

Google provides the specific basis for each of its objections in the attached Appendix A. Google also submits concurrently four declarations from Google employees regarding the grounds for Google's narrowly tailored requests to protect a limited subset of materials from public disclosure.

---

[2] Collectively, the information that Google seeks to seal shall be referred to herein as the "proposed protected material."

## LEGAL STANDARD

Both the common law and the First Amendment protect public access to judicial records. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). This right, however, is not absolute. *Rushford v. New Yorker Mag. Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (the common law right of access can be overcome where "countervailing interests heavily outweigh the public interests in access"); *Press-Enterprise Co. v. Super. Ct. of Cal.*, 464 U.S. 501, 510 (1984) (under the First Amendment standard, "[t]he presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."). Courts have supervisory power to seal documents in those circumstances. *See Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

## ARGUMENT

Google seeks to protect from public disclosure a limited number of potential trial exhibits that contain its proposed protected material. Google recognizes the general right to inspect and copy public records and documents, including judicial records and documents, and the public's First Amendment right to attend trials. *See Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978); *Craig v. Harney*, 331 U.S. 367, 374 (1947). Google, however, has an overriding interest in protecting the private information of its employees, *Global Tel*Link*, No. 1:23-cv-179, 2023 WL 9197897, at *1 (E.D. Va. Oct 4, 2023) ("the public has no legitimate interest in . . . personal information related to [] employees"), and its trade secrets and proprietary and competitively sensitive information. *See, e.g., Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014) (recognizing that a corporation may have a compelling interest under the First Amendment in "preserving the confidentiality of its proprietary and trade-secret information"); *Woven Elecs.*

*Corp. v. The Advance Grp., Inc.*, 930 F.2d 913 (Table), 1991 WL 54118, at \*6-7 (4th Cir. Apr. 15, 1991) (holding that a district court may seal trial proceedings when "trade secrets [are] to be exposed," and ordering sealing of the trial record where necessary to protect trade secrets).

Google also has an overriding interest in protecting from disclosure internal analyses created at the direction of attorneys in the content of settlement negotiations. Courts in the Fourth Circuit recognize that materials protected by the work product doctrine should remain under seal, *see, e.g.*, *Wolfe,* 2010 WL 5175165, at \*2, as should materials related to settlement negotiations and offers, *Duke Univ.*, 2022 WL 3636601, at \*8.

Here, as detailed in Appendix A and below, and in the Declarations of Google employees Ali Amini, Glenn Berntson, Dan Taylor, and Ron Zember, Google's proposed protected material satisfies the "overriding interest" standard and justifies the Court exercising its discretion to shield the information from public disclosure. *See Press-Enterprise Co.*, 464 U.S. at 510.

In total, Google seeks to redact limited portions of 121 potential trial exhibits, as well as portions of the designated deposition testimony of Google employee Noam Wolf.  Google also seeks to seal in full 132 potential trial exhibits, the vast majority of which are either Google's proprietary source code (62 exhibits), Decl. of Bernston, ¶ 5; massive datasets that are impracticable to redact (29 exhibits), Decl. of Amini, ¶ 8; Decl. of Bernston, ¶ 9; or internal Google analysis prepared at the direction of attorneys for settlement purposes (22 exhibits), Dkt. No. 1450.

Each category of exhibits and testimony that Google seeks to seal in full or in part is discussed in turn below:

## 1. *Personal identifying information*

Google proposes to redact eight[3] exhibits that include the personal identifying information of Google's employees, including mobile phone numbers and other sensitive personal information of non-witnesses. This information has no relevance to the case, and the publication of such personal information from employees who are not defendants in this case would intrude on those employees' privacy. *See, e.g.*, *The Radiance Found., Inc. v. Nat'l Ass'n for the Advancement of Colored People*, No. 2:13-cv-53, 2013 WL 12433124, at *1 (E.D.Va. Dec. 4, 2013) (allowing the sealing of "personal identifying information such as phone numbers, names, and e-mail addresses," especially when "not necessary to the matters" before the court). In the liability phase of this case, Plaintiffs did not object to redaction of this type of information.[4] In fact, Plaintiffs sought to protect such information from public disclosure on behalf of the Federal Agency Advertisers, Dkt. No. 1045 at 6, 8-9, and the Court granted their redaction request, Dkt. No. 1147 at 4-5.

## 2. *Source code and product design*

Google proposes to seal in full 62[5] Google-proprietary source code directories and to redact 21[6] exhibits that contain snippets or derivative versions of Google's proprietary source

---

[3] DTX172, PRX063, PRX088, PRX089, PRX091, PRX092, PRX093, and PRX094.

[4] Dkt. No. 1140 at 1.

[5] RDTX1048, RDTX1049, RDTX1050, RDTX1051, RDTX1052, RDTX1053, RDTX1054, RDTX1055, RDTX1056, RDTX1057, RDTX1058, RDTX1059, RDTX1060, RDTX1061, RDTX1062, RDTX1063, RDTX1064, RDTX1065, RDTX1066, RDTX1067, RDTX1068, RDTX1069, RDTX1070, RDTX1071, RDTX1072, RDTX1073, RDTX1074, RDTX1075, RDTX1076, RDTX1077, RDTX1078, RDTX1079, RDTX1080, RDTX1081, RDTX1082, RDTX1083, RDTX1084, RDTX1085, RDTX1086, RDTX1087, RDTX1088, RDTX1089, RDTX1090, RDTX1091, RDTX1092, RDTX1093, RDTX1094, RDTX1095, RDTX1096, RDTX1097, RDTX1098, RDTX1099, RDTX1100, RDTX1101, RDTX1102, RDTX1103, RDTX1104, RDTX1105, RDTX1106, RDTX1107, PRX023, and PRX025.

[6] RDTX59, RDTX67, RDTX235, RDTX273, RDTX274, RDTX341, RDTX343, RDTX424,

code.[7] It is well settled that "source code can and does qualify as a trade secret." *Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 663 (4th Cir. 1993). Public disclosure of source code risks giving Google's competitors a roadmap to reverse engineering its current products, free-riding on Google's innovations and putting Google at a competitive disadvantage. Decl. of Bernston, ¶¶ 5-6, Decl. of Amini, ¶ 5.

Additionally, Google seeks to redact proprietary technical details concerning the design and functioning of current Google products, product features, and systems from 79[8] exhibits.[9] Google also seeks to seal in full seven[10] exhibits that are so suffused with proprietary technical details to make redaction impractical. As with the public disclosure of source code, the public disclosure of detailed product design information could enable Google's competitors to reverse-engineer these product optimizations and features, causing Google significant harm. Decl. of

---

RDTX433, RDTX438, RDTX458, RDTX487, RDTX533, RDTX549, RDTX677, RDTX756, RDTX783, RDTX792, RDTX800, RDTX984, and PRX021.

[7] If the Court would like to view these source code files, Google will work with the Court's IT staff to make them available.

[8] RDTX54, RDTX86, RDTX122, RDTX162, RDTX213, RDTX234, RDTX252, RDTX277, RDTX278, RDTX284, RDTX289, RDTX305, RDTX309, RDTX310, RDTX327, RDTX335, RDTX347, RDTX351, RDTX356, RDTX370, RDTX376, RDTX377, RDTX410, RDTX434, RDTX440, RDTX442, RDTX443, RDTX452, RDTX469, RDTX516, RDTX517, RDTX544, RDTX555, RDTX565, RDTX586, RDTX593, RDTX594, RDTX607, RDTX608, RDTX625, RDTX627, RDTX643, RDTX649, RDTX652, RDTX674, RDTX675, RDTX684, RDTX691, RDTX693, RDTX699, RDTX701, RDTX722, RDTX734, RDTX736, RDTX743, RDTX744, RDTX746, RDTX769, RDTX806, RDTX807, RDTX810, RDTX813, RDTX834, RDTX843, RDTX852, RDTX943, RDTX944, RDTX948, RDTX985, PRX008, PRX009, PRX011, PRX013, PRX016, PRX019, PRX022, PRX030, PRX033, and PRX064.

[9] Included among these exhibits are ten exhibits that the parties agreed would be sealed in full or in part during the liabilities phase of this case. The corresponding exhibit numbers from the liability phase are indicated in parentheses. Those exhibits are RDTX277 (DTX413), RDTX278 (DTX414), RDTX347 (DTX602), RDTX351 (DTX618), RDTX370 (DTX681), RDTX376 (DTX698), RDTX434 (932), RDTX469 (DTX1054), RDTX516 (DTX1145), and RDTX517 (DTX1146).

[10] RDTX584, RDTX804, RDTX862, RDTX878, RDTX887, PRX005, and PRX098.

Amini, ¶¶ 6-7; Decl. of Berntson, ¶¶ 7-8; *see also*, *e.g.*, *Lifenet Health v. Lifecell Corp.*, No. 2:13-cv-486, 2015 WL 12517430, at *2 (E.D. Va. Feb. 12, 2015) (sealing portions of the trial transcript that constituted trade secrets, namely the "precise components and compositions" of defendant's product that defendant had not publicly disclosed).

In the liability phase of this case, Google sought to seal or redact 63 exhibits containing source code and proprietary details concerning the design and functioning of current Google products and product features, and Plaintiffs did not object.[11]

*3. Datasets on revenue, impressions, and performance metrics.*

As described above, Google seeks to seal in full 29[12] datasets that were produced as very large spreadsheets, which are impractical to redact.[13] In addition, these datasets contain detailed data regarding Google's products and internal proprietary systems, including customer-specific impressions, revenue, and other performance metrics such as the success ratios of product

---

[11] Dkt. No. 1236-5 at 2, 6; Dkt. No. 1236 at 2. To the extent the parties sought to admit as an exhibit at trial a document they agreed should be redacted or sealed, the court permitted the redacting or sealing of such exhibit in accordance with the parties' agreement. *See* Dkt. Nos. 1334-1, 1334-2.

[12] RDTX197, RDTX997, RDTX1004, RDTX1005, RDTX1006, RDTX1007, RDTX1008, RDTX1009, RDTX1011, RDTX1012, RDTX1013, RDTX1014, RDTX1015, RDTX1016, RDTX1017, RDTX1018, RDTX1019, RDTX1020, RDTX1021, RDTX1022, RDTX1023, RDTX1024, RDTX1025, RDTX1026, RDTX1027, RDTX1028, RDTX1029, PRX028, and PRX038.

[13] Because these exhibits are so large in size and, in many cases, can only be read by specialized software, it is not feasible to file them electronically on the sealed docket. If the Court would like to view these files, Google will work with the Court's IT staff to make them available.

releases as recent as 2025.[14] Additionally, Google seeks to redact three[15] exhibits which contain data regarding specific computing resources and infrastructure hardware usage of Google's products. Disclosure of this sort of product- and system-specific information would provide Google's competitors with unfair access and insights into Google's business strategy and operations and could harm Google's competitive position in the marketplace. Decl. of Amini, ¶ 8, Decl. of Berntson, ¶¶ 9-10; *see also, e.g.*, *Lifenet Health*, 2015 WL 12517430, at *2.

In the liability phase of this case, Google sought to seal in full fifty large datasets like these, and Plaintiffs did not object.[16]

*4. Customer-specific information.*

Google proposes to redact four[17] exhibits which contain customer-specific pricing or other sensitive non-pricing contractual terms. Disclosure of this information would provide Google's competitors with unfair access to Google's business strategy and confidential customer terms and could harm Google's customers as well as Google's competitive position in the marketplace. *See* Decl. of Taylor, ¶ 8. Courts in this district regularly hold that customer-specific pricing and product information is the sort of information that can validly be protected from public disclosure. *See, e.g., dmarcian, Inc. v. DMARC Advisor BV*, No. 1:21-cv-00067, 2024 WL 3257132, at *1-2 (W.D.N.C. July 1, 2024) (allowing the sealing of deposition testimony identifying customers as well as "spreadsheets containing information about" a party's "financial operations and

---

[14] Included among these exhibits are nine exhibits that the parties agreed would be sealed in full or in part during the liabilities phase of this case. Those exhibits are RDTX1011 (DTX2175), RDTX1012 (DTX2178), RDTX1013 (DTX2179), RDTX1014 (DTX2180), RDTX1015 (DTX2181), RDTX1016 (DTX2182), RDTX1019 (DTX2183), RDTX1020 (DTX2187), and RDTX1021 (DTX2191).

[15] RDTX696, RDTX950 and RDTX951.

[16] Dkt. No. 1236-5 at 6; Dkt. No. 1236 at 2.

[17] RDTX476, RDTX620, RDTX707, and PRX071.

customers"). In the liability phase of this case, Google sought to redact sixteen exhibits containing customer-specific information, and Plaintiffs did not object.[18]

### 5. Recent Financial information

Three[19] exhibits that Google proposes to seal in full and four[20] that it proposes to redact contain recent, non-public, granular product- or unit-specific financial information about Google's ad tech business. Decl. of Taylor, ¶¶ 5-6, Decl. of Zember, ¶ 5. This information goes far beyond the financial information Google's parent company, Alphabet, discloses in its public SEC filings, and it could give Google's competitors unfair access to Google's financial analyses, trajectory, and priorities and could harm Google's competitive position in the marketplace. *Id.*; *see also Syngenta Crop Protection, LLC v. Willowood, LLC*, No. 1:15-cv-274, 2017 WL 6001818, at *5-6 (M.D.N.C. Dec. 4, 2017) (sealing trial exhibits that contained "detailed information on the budgeted and actual sales quantity, gross profits, discounts, net price, cost of goods sold, and gross prices" for a party's products). Google sought to redact fifteen documents included on the parties' respective trial exhibit lists containing recent, non-public financial information, and Plaintiffs did not object.[21]

### 6. Forward-Looking Product strategy

Nine[22] exhibits that Google proposes to seal in full and two[23] that it proposes to redact contain recent, forward-looking strategic plans. Decl. of Taylor, ¶¶ 6-7, Decl. of Berntson, ¶¶ 11-

---

[18] Dkt. No. 1236-5 at 3; Dkt. No. 1236 at 2.

[19] RDTX635, RDTX671, and RDTX867.

[20] RDTX888, RDTX889, RDTX930 and RDTX931.

[21] Dkt. No. 1236-5 at 4; Dkt. No. 1236 at 2.

[22] RDTX477, RDTX485, RDTX575, RDTX615, RDTX616, RDTX841, RDTX869, RDTX881, and PRX108.

[23] RDTX595 and PRX027.

12. The public disclosure of information about Google's forward-looking strategy would risk significant harm to Google by giving competitors detailed insight into Google's strategy that could enable such competitors to predict Google's future product development, both with regard to products challenged in the above-captioned Action and otherwise. *Id.*; *see also BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*, No. 2:17-cv-503, 2020 WL 973751, at \*15 (E.D.Va. Feb. 7, 2020) (sealing material that "describe[s] the business strategy and relationships between the parties, as well as other confidential commercial information"), rev'd on other grounds, 28 F.4th 1247 (Fed. Cir. 2022). In the liability phase of this case, Google sought to seal or redact thirteen exhibits containing recent strategic plans, and Plaintiffs did not object.[24]

### 7. *Attorney Work Product*

Google has filed a motion *in limine* to exclude a subset of its protected internal analyses. However, since the motion is pending, Google moves here for sealing of all internal analyses protected by the attorney work product doctrine.

In the liabilities phase of the case, on June 15, 2023, Judge Anderson denied Plaintiffs' motion to compel and for *in camera* inspection of internal analyses and materials Google withheld on the basis of privilege. Dkt. Nos. 271, 274. Specifically, Judge Anderson held that the documents were protected by the work product doctrine because they "were all done as a result of government investigations and a concern of future litigation anticipation." June 15, 2023 Tr. Hr'g at 47:1-3, Dkt. No. 272.[25] Two years later, during the discovery for the remedies phase,

---

[24] Dkt. No. 1236-5 at 4-5; Dkt. No. 1236 at 2.

[25] *See also* Dkt. No. 284-30, Exhibit A, Declaration of Theodore Lazarus in Support of Google LLC's Memorandum of Law in Opposition to Plaintiffs' Motion For in Camera Inspection and to Compel Production of Documents Withheld as Privilege; Dkt. No. 1445-1, Exhibit A, Declaration of Mara Boundy in Support of Google LLC's Memorandum of Law in Opposition to Plaintiffs' Motion to Compel Internal Analyses of Remedy Feasibility.

Plaintiffs again sought discovery of Google's internal analyses, arguing they had a "substantial need" for those materials. In ruling on Plaintiffs' motion, Judge Anderson affirmed his earlier ruling that Google's internal analyses "fall within the broad umbrella of work product." May 30, 2025 Hr'g Tr. 38:15-17, Dkt. No. 1468. However, Judge Anderson determined that Plaintiffs, based on the "facts and circumstances of this case," had established a "substantial need" for a subset of Google's internal analyses. May 30, 2025 Hr'g Tr. 39:15-21, Dkt. No. 1468 ("And I think, given the facts and circumstances of this case, that the plaintiff has established that there is a substantial need for the materials and that they would be relevant to the issues involved and they could not be obtained by other means."). Following Judge Anderson's Order, Google produced numerous internal analyses to Plaintiffs while explaining that such production did not constitute a waiver of Google's work product, attorney-client privilege, or any other asserted privileges.

In the lead up to trial, Plaintiffs list 22[26] of Google's internal analyses, which are still protected by the attorney work product doctrine, on their exhibit list. Google requests that the Court seal all 22 documents in full. Additionally, Google requests that the Court keep any testimony regarding these exhibits under seal, including deposition testimony of Noam Wolf, which Plaintiffs have designated and intend to introduce at trial. To the extent Plaintiffs intend to elicit testimony from live witnesses regarding these analyses at trial, Google will also request that the Court seal the courtroom.

Google will be prejudiced if these materials, and any related testimony, are not kept completely under seal. Allowing these materials to be publicly displayed at trial, and later posted on a publicly available website, will allow non-parties to access Google's protected work product

---

[26] PRX039-PRX060.

despite never having a showing of substantial need. Moreover, given the related actions pending against Google in other jurisdictions,[27] there is a real risk that plaintiffs in those cases argue that public dissemination of Google's protected work product constitutes waiver for purposes of their proceedings.[28]

As an initial matter, the Modified Protective Order in this case is clear that the "production of privileged or work-product protected Documents, electronically stored information ('ESI'), or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding." Dkt. 203, ¶12(a). The Modified Protective Order is also to be interpreted "to provide the maximum protection allowed by Federal Rule of Evidence 502(d)," *id.*, which provides that a "federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court — in which event the disclosure is also not a waiver in any other federal or state proceeding." Therefore, Google's production of materials protected by the attorney work product does not constitute waiver.

Moreover, the substantial need analysis is case- and party-specific. *See* Fed. R. Civ. P. 26(b)(3)(A) (work product is not discoverable unless "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."). This is consistent with Judge Anderson's finding that only Plaintiffs in *this case* had established a substantial need for a subset of Google's protected fact work product.

---

[27] *The State of Texas, et al., v. Google LLC,* 4:20-cv-00957-SDJ; *In re: Google Digital Advertising Antitrust Litigation*, 1:21-md-3010 (PKC).

[28] For example, in *Kolon*, Judge Payne observed that "waiver may occur by testimonial use *or public revelation*." 269 F.R.D. at 605; *see also Tri-County Paving, Inc. v. Ashe Cnty*, 2000 WL 1811606, at *4 (W.D.N.C. Oct. 5, 2000) (defendants waived work product protection over a legal memorandum where "hundreds and perhaps even thousands of individuals have read comments on the legal memorandum in the media and/or read the legal memorandum itself.").

5/30/25 Hr'g Tr. 39:15-21 ("And I think, given the facts and circumstances of this case, that the plaintiff has established that there is a substantial need for the materials and that they would be relevant to the issues involved and they could not be obtained by other means."); *see also id.* 38:22-25 ("I find in the context of this case -- and again, this is a unique case"). Therefore, nothing in Judge Anderson's order precludes Google from continuing to assert work product protection over the entirety of these documents in other jurisdictions; those plaintiffs would have to separately establish substantial need for Google's protected work product materials.

Courts in the Fourth Circuit recognize that materials protected by the work product doctrine should remain under seal even under the First Amendment standard. *See, e.g.*, *Wolfe*, 2010 WL 5175165, at *2 (finding sealing appropriate under either common law or First Amendment standard where redactions pertained to information that "is protected by the attorney-client privilege and the work product doctrine"); *cf. Powers v. Braun*, No. 1:13-cv-01622, 2013 WL 6623193, at *2 (D. Md. Dec. 16, 2013) (noting that under the common law standard: "Courts generally accept a claim of privilege as capable of overriding the presumption of public access and thereby justifying redaction of documents")(collecting cases).[29]

And while the Fourth Circuit has not specifically addressed this issue, multiple sister circuits have indicated or held that privileged information is a compelling interest outweighing the public's interest in access to court records. *E.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003) (affirming keeping documents containing privileged "attorney-client communications and possibly work product that are traditionally protected from

---

[29] Indeed, this Court has already determined that content from these very work product documents warrants sealing. On August 29, 2025, Google filed a motion to exclude the testimony of Plaintiffs' expert Goranka Bjedov, Dkt. No. 1580, which included references to the content of some of the work product documents. Google moved to redact that content, Dkt. No. 1583; the Court granted Google's motion on September 3, 2025, Dkt. No. 1588.

disclosure"); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980) (permitting materials protected by attorney-client privilege and attorney work product to remain under seal). For example, in *Siedle*, the First Circuit reversed the trial court's decision to unseal privileged documents, noting that "the interest in preserving a durable barrier against disclosure of privileged attorney-client information is . . . an interest of considerable magnitude," and is "precisely the kind of countervailing concern that is capable of overriding the general preference for public access to judicial records." *Siedle v. Putnam Investments, Inc.*, 147 F.3d 7, 11 (1st Cir. 1998). Allowing the disclosure of these materials on public websites or in open court would "serve up" Google's protected work product "on a silver platter." *Foltz*, 331 F.3d at 1138. Disclosing these materials in open court and on a publicly-available website would likely absolve other litigants from demonstrating substantial need for these materials because a party "is not required to show substantial need for protection that is waived." *E.I. Dupont de Nemours & Co. v. Kolon Indus., Inc.*, 269 F.R.D. 600, 608 (E.D. Va. 2010).

8. *Settlement Negotiations*

Each of the 22 internal analyses discussed *supra* were prepared for settlement purposes, providing an alternative grounds to seal these exhibits and any related testimony in the event the Court denies Google's motion *in limine* to exclude evidence and argument regarding Google's settlement offers and negotiations. Applying the First Amendment standard, courts from the Fourth Circuit consistently seal materials related to settlement negotiations and offers. *Duke Univ. v. Endurance Risk Sols. Assurance Co.*, 2022 WL 3636601, at *8 (E.D.N.C. Aug. 23, 2022) (granting motion to seal documents "contain[ing] settlement negotiations and proposals" under the "more rigorous First Amendment standard"); *Wudi Indus. (Shanghai) Co., Ltd. v. Wong*, No. 1:20-cv-908, 2022 WL 18586386, at *2 (E.D. Va. 2022) (applying First Amendment standard

and sealing portions of opposition discussing confidential settlement agreement, noting that other courts have granted motions to seal "where brief contained 'confidential settlement negotiations between the parties'"); *M.G.M. by and through Mabe v. Keurig Green Mountain, Inc.*, No. 1:22-cv-36, 2022 WL 6170557, at *2-3 (M.D.N.C. Oct. 7, 2022) (sealing settlement agreement after "even applying the more stringent First Amendment right of access").

Accordingly, to the extent the Court permits Plaintiffs to introduce evidence of settlement negotiations and proposals, Google requests that the Court place all such evidence under seal.

## <u>CONCLUSION</u>

For the foregoing reasons, Google respectfully requests that the Court enter an order sealing the exhibits and testimony or portions thereof identified in Appendix A.

Dated: September 5, 2025

Respectfully submitted,

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ.
429 N. St. Asaph Street
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Daniel Bitton (pro hac vice)
AXINN, VELTROP & HARKRIDER LLP
55 Second Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
David Pearl (pro hac vice)
Allison Vissichelli (pro hac vice)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

Karen L. Dunn (pro hac vice)
Jeannie S. Rhee (pro hac vice)
William A. Isaacson (pro hac vice)
Jessica Phillips (pro hac vice)
Amy J. Mauser (pro hac vice)
Eric Spevack (pro hac vice)
Bryon P. Becker (VSB # 93384)
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
Telephone: (202) 240-2900
kdunn@dirllp.com

Erin J. Morgan (pro hac vice)
DUNN ISAACSON RHEE LLP
11 Park Place
New York, NY 10007
Telephone: (202) 240-2928
emorgan@drllp.com

*Counsel for Defendant Google LLC*