IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 1:23-cv-00108-LMB-JFA |
| GOOGLE LLC, | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' MOTION TO SEAL**

Pursuant to Local Civil Rule 5, Plaintiffs respectfully submit the instant memorandum of law in support of their motion to seal (1) Exhibits 1-6 to Plaintiffs' Opposition to Google's Motion *In Limine* to Exclude Evidence of Google's Analysis of Remedy Feasibility and the portions of that Opposition that disclose the contents of Exhibits 1-6, and (2) Exhibits 1, 4, 5, 7, 8, 9, and 10 and portions of Exhibits 2, 3, and 6 to Plaintiffs' Opposition to Google's Motion to Exclude the Testimony of Dr. Goranka Bjedov and the portions of that Opposition that disclose the contents of Exhibits 1, 4, 5, 7, 8, 9, and 10 or sealed portions of Exhibits 2, 3, and 6. The information that Plaintiffs seek to seal is material Defendant Google has designated as confidential or highly confidential under the Modified Protective Order (Dkt. 203) or material that non-party Meta has requested to be sealed. The unredacted Oppositions and accompanying Exhibits will be delivered to the Clerk's office as soon as practicable. The redacted Opposition to Google's Motion *In Limine* to Exclude Evidence of Google's Analysis of Remedy Feasibility is filed on the public docket at Dkt. 1665, the redacted Opposition to Google's Motion to Exclude the Testimony of Dr. Goranka Bjedov is filed on the public docket at Dkt. 1666, and the redacted versions of Exhibits 2, 3, and 6 to the Opposition to Google's Motion to Exclude the Testimony of Dr. Goranka Bjedov are filed on the public docket at Dkt. 1666-2, 1666-3, and 1666-6.

1

Pursuant to paragraph 20 of the Modified Protective Order (Dkt. 203), through this motion Plaintiffs inform the Court of the confidentiality designations of these materials and request that the Court (1) seal portions of Plaintiffs' Oppositions and certain Exhibits or portions of Exhibits, and (2) maintain the redacted Oppositions and redacted Exhibits on the public docket, in order to provide Google and Meta sufficient time to provide the Court with support for the need to seal these documents. But for the requirements of the Modified Protective Order, Plaintiffs would not seek to seal these documents.

## ARGUMENT

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id*. However, a litigant can overcome the common-law presumption of public access by showing that it has "some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Accordingly, before ordering the sealing of a document, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the document[], and (3) provide specific reasons and factual findings supporting its decision to seal the document[] and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also* Local Civ. R. 5(C).

Plaintiffs do not believe the information referenced in their Oppositions or accompanying Exhibits are of a type that outweighs the presumption in favor of public access. Nonetheless, because the material was designated as confidential or highly confidential by Google and requested to be sealed by non-party Meta, Plaintiffs have filed the present motion in accordance

with their obligations under paragraph 20 of the Modified Protective Order. As stated in the notice filed concurrently with this memorandum, any interested member of the public and any other party may indicate their position on the motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court seal (1) Exhibits 1-6 to Plaintiffs' Opposition to Google's Motion *In Limine* to Exclude Evidence of Google's Analysis of Remedy Feasibility and the portions of that Opposition that disclose the contents of Exhibits 1-6, and (2) Exhibits 1, 4, 5, 7, 8, 9, and 10 and portions of Exhibits 2, 3, and 6 to Plaintiffs' Opposition to Google's Motion to Exclude the Testimony of Dr. Goranka Bjedov and the portions of that Opposition that disclose the contents of Exhibits 1, 4, 5, 7, 8, 9, and 10 or sealed portions of Exhibits 2, 3, and 6.

Dated: September 5, 2025

Respectfully submitted,

| | |
|---|---|
| ERIK S. SIEBERT<br>United States Attorney | JASON S. MIYARES<br>Attorney General of Virginia |
| /s/ Gerard Mene<br>GERARD MENE<br>Assistant U.S. Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3777<br>Facsimile: (703) 299-3983<br>Email: Gerard.Mene@usdoj.gov | /s/ Tyler T. Henry<br>TYLER T. HENRY<br>Assistant Attorney General<br><br>Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us |
| /s/ Julia Tarver Wood<br>JULIA TARVER WOOD<br>DAVID A. GEIGER<br>MATTHEW R. HUPPERT<br>DAVID TESLICKO<br>MICHAEL E. WOLIN<br><br>United States Department of Justice<br>Antitrust Division<br>450 Fifth Street NW, Suite 7100<br>Washington, DC 20530<br>Telephone: (202) 307-0077<br>Fax: (202) 616-8544<br>Email: Julia.Tarver.Wood@usdoj.gov<br><br>*Attorneys for the United States* | *Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia* |