IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES, *et al.*,

    *Plaintiffs*,

vs.

GOOGLE LLC,

    *Defendant*.

No. 1:23-cv-00108-LMB-JFA

**MOTION OF OPEN MARKETS INSTITUTE
FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE***

The Open Markets Institute ("OMI") respectfully moves for leave to file a brief as *amicus curiae* in support of the Plaintiffs that explains the importance of strong remedies for Defendant Google LLC's monopolization of the digital advertising markets. The parties were notified of OMI's intent to file a brief. The United States has consented to OMI filing a brief. Plaintiff-States and the Defendant did not respond to OMI's request for consent.

There are no rules addressing the appearance of *amicus curiae* in a federal district court. *Perry-Bey v. City of Norfolk, Virginia*, No. 2:08CV100, 2008 WL 11348007, at *2 (E.D. Va. Aug. 14, 2008). Accordingly, a "district court has 'broad discretion in deciding whether to allow a non-party to participate as an *amicus curiae*.'" *FERC v. Powhatan Energy Fund, LLC*, No. 3:15CV452, 2017 WL 11682615, at *1 (E.D. Va. Mar. 15, 2017) (quoting *Tafas* v. *Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007)). 'Friend of the court' briefs have been allowed "when: (1) the briefs provide helpful analysis of the law; (2) the amici have a special interest in the subject matter of the suit; or, (3) existing counsel is in need of assistance." *Id.* (cleaned up). Nevertheless, even if a party is well represented by competent counsel, *amicus curiae* may be of

1

assistance to the court because they do "not represent the parties but participate[] only for the benefit of the court." *Perry-Bey v. City of Norfolk, Virginia*, No. 2:08CV100, 2008 WL 11348007, at *2 (E.D. Va. Aug. 14, 2008).

OMI has an interest in this case as an organization with deep expertise in competition policy and commitment to strong enforcement of the antitrust laws against dominant corporations. As a non-profit organization dedicated to protecting democracy and individual liberties from concentrated economic power and control, OMI regularly provides expertise to Congress, federal agencies, courts, journalists, and members of the public. OMI has followed this case from the beginning. It has also closely followed *State of Texas, et al. v. Google LLC* (CIVIL NO. 4:20-CV-957-SDJ) in the Eastern District of Texas, which is based on similar facts and is seeking similar relief. Furthermore, it has studied the advertising technology industry and has written extensively on this case and related cases. As a result, it is respected by those in the industry as having deep knowledge and understanding of the advertising technology market. This expertise and resulting insights puts OMI in a strong position to assist the court by analyzing the relevant law and explaining historical precedent.

OMI's interest extends beyond its expertise of the advertising technology market, however. One of its programs areas, The Center for Journalism and Liberty, is dedicated to ensuring that the news media of the United States is independent and robustly funded in our current digital economy. Through scholarship, reporting, research, and writing op-eds and white papers, in addition to other activities, it seeks to develop viable and practicle solutions to the harms that journalism and the media have endured as a result of Google's and other internet companies' monopolistic abuses. Thus, OMI has a special interest in the subject matter of this case because journalism and the media have been particularly harmed by Google's

monopolization of key digital advertising markets which deprived publishers of an essential revenue stream.

To further OMI's interests in this case, the proposed *amicus* brief examines the proper legal standard governing remedial orders in cases in which a party has been found liable for violating Section 2 of the Sherman Act. OMI supports the Plaintiffs' position regarding divestitures to restore competition the critical digital advertising markets. Moreover, OMI's brief provides a historical analysis by examining the outcome of the remedies in *United States v. Microsoft Corp.*, 253 F.3d 34 (D.C. Cir. 2001). The long-term results in *Microsoft* shows that, in cases such as this, behavioral remedies alone will not get the job done if the goal is to restore the competitive landscape.

For the foregoing reasons, OMI respectfully requests that the Court grant leave to allow it to appear as *amicus curiae*.

Dated: September 12, 2025

                                         Respectfully submitted,

                                         */s/ Dianna Bardes*
                                         Diana Bardes, Bar No. 81831
                                         Mooney, Green, Saindon, Murphy & Welch, P.C.
                                         1620 Eye Street, NW, Suite 700
                                         Washington, DC 20006
                                         (202) 783-0010

                                         Tara Pincock
                                         Sandeep Vaheesan
                                         Open Markets Institute
                                         655 15th Street NW, Suite 310
                                         Washington, D.C. 20005

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and accurate copy of the foregoing to be served to counsel of record for all parties via ECF.

Dated: September 12, 2025

*/s/ Diana Bardes*
Diana Bardes