UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*, <br><br> *Plaintiffs*, <br><br> vs. <br><br> GOOGLE LLC, <br><br> *Defendant*. | No. 1:23-cv-00108-LMB-JFA |

### DEFENDANT GOOGLE LLC'S
### RESPONSE TO PLAINTIFFS' MOTION TO SEAL

Pursuant to Local Civil Rule 5(C) Defendant Google LLC ("Google") submits this response to Plaintiffs' motion to seal exhibits to and portions of their briefs in support of (1) Plaintiffs' Opposition to Google's Motion *In Limine* to Exclude Evidence of Google's Analysis of Remedy Feasibility, and (2) Plaintiffs' Opposition to Google's Motion to Exclude the Testimony of Dr. Goranka Bjedov. Plaintiffs preliminarily filed certain information under seal that Google had marked Highly Confidential. Upon review of Plaintiffs sealed and unredacted filings, Google requests sealing to prevent public disclosure of materials protected by the work product doctrine, containing proprietary and commercially sensitive technical and business information, and referencing highly sensitive settlement negotiations. Google also seeks to keep under seal, in Exhibit 5 to Plaintiffs' Opposition to Google's Motion to Exclude, confidential information belonging to the following third parties: Equativ, Index Exchange, Jay Friedman, Amazon, and Daily Mail.

### LEGAL STANDARD

Both common law and the First Amendment protect public access to judicial records.

*Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988); *cf. Lord Corp. v. S&B Technical Products, Inc.*, 2012 WL 895947, at *1 (E.D.N.C. Mar. 15, 2012) (stating that the right of access in nondispositive civil motions, including motions to exclude expert testimony, arises from the common law rather than the First Amendment). Under the common-law standard, a court may "seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Accordingly, public access to civil trial records "is not absolute," and restrictions can be justified by concerns that such records "might . . . become a vehicle for improper purposes," such as where the records serve "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Even where the more stringent First Amendment presumption applies,[1] courts recognize that "private interests might also implicate higher values sufficient to override (or, in an alternative mode of analysis, to except the proceeding or materials at issue from) the First Amendment presumption of public access." *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 580 (E.D. Va. 2009).

Procedurally, before allowing documents to be filed under seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific

---

[1] "Because the First Amendment standards afford greater substantive protection to the public's right to access, satisfying the First Amendment standards also necessarily satisfies the relevant common law standards." *Wudi Indus. (Shanghai) Co., Ltd. v. Wong*, 2022 WL 18586386, at *1 (E.D. Va. Apr. 25, 2022); *see also Wolfe v. Green*, 2010 WL 5175165, at *2 (S.D.W. Va. Dec. 15, 2010) (finding sealing appropriate under either common law or First Amendment standard where redactions pertained to information that "is protected by the attorney-client privilege and the work product doctrine.").

reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

## ARGUMENT

Upon review of the Plaintiffs' briefs and accompanying exhibits, Google seeks to keep under seal materials that are protected by the work product doctrine and reference highly sensitive settlement negotiations. Sealing is warranted under the common law standard due to Google's competing interests in keeping under seal its materials protected by the work product doctrine, *Wolfe*, 2010 WL 5175165, at *2, as well as materials related to settlement negotiations and offers. *United States ex rel. Carter v. Halliburton Co.*, 2011 WL 8204612, *4 (E.D. Va. Nov. 29, 2011).

Google requests that this information remain under seal because Google would likely suffer prejudice by its disclosure, such as dissemination of its work product and substantial economic harm, outweighing the public's right of access. Google respectfully requests that the Court keep this information under seal because its requests are narrowly tailored such that the public will still be able to understand the legal and general factual basis for Plaintiffs' Opposition to Google's Motion *In Limine* to Exclude Evidence of Google's Analysis of Remedy Feasibility, and Plaintiffs' Opposition to Google's Motion to Exclude the Testimony of Dr. Goranka Bjedov.

Google also seeks to keep under seal, in Exhibit 5 to Plaintiffs' Opposition to Google's Motion to Exclude, confidential information belonging to the following third parties: Equativ, Index Exchange, Jay Friedman, Amazon, and Daily Mail. This confidential third party information is represented by yellow highlighting within Exhibit 5. Google makes this sealing request in order to comply with its obligations under the Local Civil Rule 5 and the Modified

Protective Order, but otherwise takes no position on whether those materials should remain sealed.

## I. THE PROCEDURAL REQUIREMENTS FOR SEALING HAVE BEEN MET.

Under the local rules, a party may file a motion to seal together with the proposed sealed filings. E.D. Va. Civ. R. 5(C). Before sealing a court record, a court must provide public notice, consider less drastic alternatives to sealing the documents, and provide specific reasons and findings supporting the decision to seal. *Ashcraft*, 218 F.3d at 302. Each of those procedural requirements have been met here.

***First***, there has been public notice. Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing, or by "docketing [the sealing request] in advance of deciding the issue." *In re Knight Publ'g Co.*, 743 F.2d at 235. Pursuant to Local Civil Rule 5(C), Plaintiffs' sealing motion has been publicly docketed in advance of any ruling on sealing (Dkt. 1667), accompanied by a notice that any party or non-party could object (Dkt. 1669), thereby satisfying the first procedural requirement.

***Second***, Google has limited its sealing request to attorney work product, confidential material, and highly sensitive settlement negotiations referenced in its memoranda and exhibits. In deciding whether to grant a sealing request, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. Except in the case of certain Plaintiffs' exhibits that entirely consist of non-public and commercially sensitive information related to potential remedies Google was considering for the potential resolution of ongoing regulatory investigations and in anticipation of litigation, Google has proposed using limited sealing measures—targeted and limited redactions— that still provide the public access

4

to Google's memoranda, and legal arguments in support, while protecting Google's attorney work product and commercially sensitive business information. *See Philpot v. Indep. J. Rev.*, 2021 WL 5071504, at *1 (E.D. Va. Apr. 7, 2021) (granting motion to seal redacted documents as "this selective protection of information constitutes the least drastic measure of sealing confidential material"); *United States ex rel. Carter*, 2011 WL 8204612, *3 (limited redaction approved as opposed to "sealing the brief in toto"). Accordingly, Google has proposed the least drastic method to protect its attorney work product, highly sensitive confidential information, and the public's right of access.

*Third*, as detailed in Section II, Google has provided the specific reasons supporting its sealing request. In accordance with Local Civil Rule 5(C), Google has provided a proposed order containing the required findings.

**II.    GOOGLE'S MATERIALS REVEALING HIGHLY SENSITIVE FACT WORK PRODUCT, BUSINESS INFORMATION, AND SETTLEMENT NEGOTIATIONS SHOULD BE PROTECTED FROM PUBLIC DISCLOSURE.**

Google seeks to keep the following information under seal:

- **Plaintiffs' Opposition to Google's Motion to Exclude the Testimony of Dr. Goranka Bjedov**: Google requests that the redacted text on the following pages remain under seal:
  - Page 16: Google requests to keep under seal the redacted material in footnote 4.
  - Page 23
  - Page 24: Google requests to keep under seal all the redacted material in (1) the first paragraph, (2) the clause that follows the phrase "...and she considered…" in the first sentence of the second paragraph, and (3) the sentence beginning "Those documents were facially relevant…"

5

- Page 27: Google requests to keep under seal all the redacted material in the second paragraph.
- Page 28: Google requests to keep under seal the redacted material in both (1) the first sentence of the first paragraph and (2) the first three sentences of the second paragraph.

Google requests that these portions of Plaintiffs' opposition remain under seal because they reference documents or testimony consisting of non-public and commercially sensitive information related to potential remedies Google was considering for the potential resolution of ongoing regulatory investigations and legal proceedings. Were this information made public, Google would risk losing the protections afforded to it to keep confidential its fact work product and would risk a broad waiver of the privilege. In addition, disclosure may harm those, and any future, settlement negotiations by revealing the nature of the remedy(ies) analyzed for potential resolution of those investigations and legal proceedings and other related information.

- **Exhibits 1, 2, 5, 6, and 9 to Plaintiffs' Opposition to Google's Motion to Exclude:** These exhibits are excerpts from reports submitted by, and transcripts of depositions taken of, both Plaintiffs' and Google's experts. Google requests that the material in Plaintiffs' Exhibits 1, 2, 5, 6, and 9 that is highlighted in blue remains under seal because it reveals information that is protected work product, confidential business information, or confidential settlement negotiations. Much of the blue highlighted language references documents consisting of non-public and commercially sensitive information related to potential remedies Google was

considering for the potential resolution of ongoing regulatory investigations and in anticipation of litigation. In addition, several of Google's requested redactions relate to Google's trade secrets and proprietary information as well as other highly sensitive and competitive business information, as described in Google's Brief in Support of Its Motion to Seal Certain Confidential Documents and Testimony Proposed for Use At Trial (and for which Google has already provided employee declarations in support of sealing).[2] Dkt. No. 1634. Were this information made public, Google would (i) risk losing the protections afforded to it to keep confidential its fact work product and would risk a broad waiver of the privilege, (ii) suffer competitive harm if its proprietary and competitively sensitive information were made public and (iii) suffer potential harm to ongoing or future settlement negotiations by revealing the nature of the remedy(ies) analyzed for potential resolution of ongoing investigations and/or anticipated litigation.

- **Exhibit 10 to Plaintiffs' Opposition to Google's Motion to Exclude**: This is an internal document that is protected by, at a minimum, the fact work product doctrine. Google only produced this document to Plaintiffs based on the Court's specific finding in this case that Plaintiffs had shown a substantial need for certain information protected by the fact work product doctrine. Dkt. 1450. Additionally, this document consists of non-public and commercially sensitive information

---

[2] These include Google's requested redactions to: (1) Exhibit 6, page 10 (citing GOOG-AT-MDL-006926152, which is PRX044); (2) Exhibit 5, page 80, footnote 386 (citing GOOG-AT-MDL-B-009835920, which is DTX841); (3) Exhibit 5, page 85 (citing GOOG-AT-MDL-B-009836980, which is DTX696); (4) Exhibit 5, page 88, footnotes 416 and 419 (citing GOOG-AT-MDL-018760130, which is DTX477); (5) Exhibit 5, page 89 (citing GOOG-AT-MDL-B-007171881, which is DTX615); (6) Exhibit 5, page 95 (citing GOOG-AT-MDL-018528378, which is DTX273, and also referencing in footnote 441 a source code directory contained in DTX1051); and (7) Exhibit 5, page 118 (citing GOOG-AT-MDL-B-009832007, which is PRX048).

related to potential remedies Google was considering for the potential resolution of ongoing regulatory investigations and in anticipation of litigation. Furthermore, this document reveals competitively sensitive information regarding Google's internal software systems. Google requests that these documents remain under seal because were this information to be made public, Google would risk losing the protections afforded to it to keep confidential its fact work product and would risk a broad waiver of the privilege. In addition, (i) Google would suffer competitive harm if its proprietary and competitively sensitive information were made public and (ii) disclosure may harm ongoing or future settlement negotiations by revealing the nature of the remedy analyzed for potential resolution of ongoing investigations and/or anticipated litigation. Therefore, Google requests that Exhibit 10 remain completely under seal.

- **Plaintiffs' Opposition to Google's Motion *In Limine* to Exclude Evidence of Google's Analysis of Remedy Feasibility**: Google requests that the redacted text on the following pages remain under seal:
    - Page 1
    - Page 4
    - Page 5: Google requests that all material on page 5 remain under seal <u>except</u> the header of section B. Google is **not** seeking to keep "That Plaintiffs' Proposed Remedies are Technically Feasible" under seal.
    - Page 6: Google requests that the first set of redactions on page 6 remain under seal. Google is **not** seeking to keep the sentence "Google has performed no subsequent . . ." under seal.

- Page 14

Google requests that these portions of Plaintiffs' opposition remain under seal because they reference documents or testimony consisting of non-public and commercially sensitive information related to potential remedies Google was considering for the potential resolution of ongoing regulatory investigations and legal proceedings as well as information related to settlement negotiations in ongoing proceedings. Indeed, if the redacted information were to be made public, it would reveal the subject matter, analyses, and findings of materials protected by attorney work product and/or reveal information regarding settlement negotiations in ongoing proceedings, including communications Google made as part of those settlement negotiations relating to feasibility of potential remedies Were this information made public, Google would risk losing the protections afforded to it to keep confidential its fact work product and would risk a broad waiver of the privilege. Additionally, disclosure of the type, substance, and timing of the analyses performed, as well as the information conveyed as part of settlement negotiations, could compromise the confidentiality and integrity of settlement negotiations in ongoing proceedings or harm future settlement negotiations.

- **Exhibits 1-2 to Plaintiffs' Opposition to Google's Motion *In Limine***

These are internal documents that are protected by, at a minimum, the fact work product doctrine. Google only produced these documents to Plaintiffs based on the Court's specific finding in this case that Plaintiffs had shown a substantial need for certain information protected by the fact work product doctrine. Dkt. 1450. Additionally, these documents consist of non-public and commercially sensitive

information related to potential remedies Google was considering for the potential resolution of ongoing regulatory legal proceedings and litigation. Google requests that these documents remain under seal because were this information to be made public, Google would risk losing the protections afforded to it to keep confidential its fact work product and would risk a broad waiver of the privilege. Additionally, disclosure of the type, substance, and timing of the analyses performed, as well as the information conveyed as part of settlement negotiations, could compromise the confidentiality and integrity of settlement negotiations in ongoing proceedings or harm future settlement negotiations.

- **Exhibits 3-6 to Plaintiffs' Opposition to Google's Motion *In Limine***: These are excerpts from the deposition transcripts of four Google employees. With minor exceptions, the entirety of these exhibits involve questions and testimony regarding materials protected by Google's attorney work product for which Plaintiffs established a substantial need. Indeed, Plaintiffs' have included hundreds of pages of deposition testimony all regarding Google's highly sensitive internal remedy feasibility analyses to make the tangential point that Google "permitted these witnesses to testify extensively about the contents of the documents at issue, covering hundreds of pages of deposition testimony." Opp. at 7. Much of this information is not even directly referenced or discussed in Plaintiffs' opposition. And where Plaintiffs' opposition directly quotes or references material in Exs. 3-6 that does not directly reveal the contents of Google's protected work product, Google is not seeking to keep that portion of the opposition under seal. Therefore, there are "no less drastic alternatives to

sealing" Exhibits 3-6 "because of the nature of the documents and impracticalities of further redaction." *Danville Grp. v. Carmax Bus. Servs., LLC*, 2021 WL 6332787, at *1 (E.D. Va. Sept. 28, 2021); *see also U.S. ex rel. Carter*, 2011 WL 8204612, *4 ("there is no less drastic alternative to sealing the document, such as redaction, as the entirety of the document is confidential"); (*Globus Medical Inc. v. Jamison*, 2024 WL 5455800, *2 (E.D. Va. Nov. 14, 2024 (finding "no less drastic approach" to sealing where confidential information in exhibits "cannot be protected through redactions").[3] Given the nature of these documents disclosure of this testimony would reveal information protected by the work product doctrine. Were this information made public, Google would risk losing the protections afforded to it to keep confidential its fact work product and would risk a broad waiver of the privilege. Additionally, disclosure of the type, substance, and timing of the analyses performed could compromise the confidentiality and integrity of settlement negotiations in ongoing proceedings. Disclosure would also reveal competitively sensitive information regarding Google's products. Therefore, Google requests that these Exhibits remain completely under seal.

Courts in the Fourth Circuit recognize that materials protected by the work product doctrine should remain under seal. *See, e.g., Wolfe*, 2010 WL 5175165, at *2 (finding sealing appropriate under either common law or First Amendment standard where redactions pertained to information that "is protected by the attorney client privilege and the work product doctrine"); *Powers v. Braun*, No. 1:13-cv-01622, 2013 WL 6623193, at *2 (D. Md. Dec. 16, 2013) (noting

---

[3] Due to the extremely sensitive nature of these materials, Google requests leave to file proposed redacted versions to the extent the Court disagrees that there are no less drastic alternatives than complete sealing.

that under the common law standard: "Courts generally accept a claim of privilege as capable of overriding the presumption of public access and thereby justifying redaction of documents") (collecting cases); *see also Charter Oak Fire Ins. Co. v. Am. Capital, Ltd.*, 2015 WL 1242684, at *2, *5 (D. Md. Mar. 17, 2015) (sealing materials constituting "attorney work product and materials prepared in anticipation of the litigation"). Allowing the public disclosure of this information would "serve up" Google's protected work product "on a silver platter." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003) ("Neither the public nor collateral litigants have any apparent right to or interest in such disclosure."). Moreover, courts in the Fourth Circuit consistently seal proprietary and commercially sensitive information, including "proprietary technical information regarding internal products and projects, as well as highly confidential business information." *Amperex Techn. Ltd. v. Semiconductor Energy Lab. Co.*, 2025 WL 1679522, at *1 (E.D. Va. Mar. 11, 2025) (sealing technical information under common law standard); *see also BioNTech SE v. CureVac, SE*, 2024 WL 4723299, at *1-2 (E.D. Va. Sep. 19, 2024) (sealing communications related to "technical developments").

Courts in the Fourth Circuit also seal materials to the extent they reveal confidential settlement negotiations. *U.S. ex rel. Carter*, 2011 WL 8204612, at *4 (sealing materials related to settlement under the common law standard because "as other courts have noted, it is important to maintain confidentiality in settlement discussions for purposes of encouraging settlement agreements"); *see also Wudi*, 2022 WL 18586386, at *2 (sealing portions of opposition discussing confidential settlement agreement, noting that other courts have granted motions to seal "where brief contained 'confidential settlement negotiations between the parties'").

Here, Google seeks sealing of materials protected by, at a minimum, attorney fact work product doctrine. Google has only produced these materials in light of the Court's finding that

12

Plaintiffs had shown a substantial need for materials. *See* Dkt. 1450. Filing these materials on the public docket would allow non-parties to access Google's fact work product despite never having made a showing of substantial need. Were this information made public, Google would risk losing the protections afforded to it to keep confidential its fact work product and would risk a broad waiver of the privilege. These materials also reveal highly sensitive proprietary information, including proprietary technical specifications and discussions.

Finally, Google has a compelling interest in protecting from disclosure internal analyses created at the direction of attorneys in the context of settlement negotiations. *U.S. ex rel. Carter*, 2011 WL 8204612, at *4. Continued confidentiality is essential in order to protect the integrity of those, and any future, settlement negotiations. *Cf. In re Anonymous*, 283 F.3d 627, 636 (4th Cir. 2002) ("The assurance of confidentiality is essential to the integrity and success of the Court's mediation program, in that confidentiality encourages candor between the parties and on the part of the mediator, and confidentiality serves to protect the mediation program from being used as a discovery tool for creative attorneys.").

Accordingly, Google has made the necessary showing to warrant keeping the exhibits and redacted information under seal under the common-law right of access standard.

Dated: September 12, 2025

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 Second Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
David Pearl (*pro hac vice*)
Allison Vissichelli (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

Respectfully submitted,

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ.
429 N. St. Asaph Street
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (*pro hac vice*)
Jeannie S. Rhee (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Jessica Phillips (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Erica Spevack (*pro hac vice*)
Bryon P. Becker (VSB # 93384)
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
Telephone: (202) 240-2900
kdunn@dirllp.com

Erin J. Morgan (*pro hac vice*)
DUNN ISAACSON RHEE LLP
11 Park Place
New York, NY 10007
Telephone: (202) 240-2928
emorgan@drllp.com

*Counsel for Defendant Google LLC*

14