UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> GOOGLE LLC, <br><br> Defendant. | No. 1:23-cv-00108-LMB-JFA |

**NON-PARTY META PLATFORMS, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO SEAL**

Pursuant to Local Civil Rule 5(C) and this Court's July 29, 2025 Standing Order regarding Procedures for the Filing of Sealed Documents, non-party Meta Platforms, Inc. ("Meta") respectfully submits this memorandum of law in support of its contemporaneously filed Motion to Seal ("Motion"). For the reasons that follow, Meta hereby requests that this Court seal certain portions of deposition testimony of former Meta Capacity Engineer Dr. Goranka Bjedov that contains Meta's sensitive business and other confidential information.

**INTRODUCTION**

Meta requests relief to ensure the protection of its sensitive business and other confidential information contained in Google's Response to Plaintiffs' Motion to Seal (Dkt. 1733-1) reviewed by Meta in the first instance on September 12, 2025.

On September 5, 2025, Meta filed a Motion to Seal requesting that this Court adopt a temporary sealing procedure for the testimony of former Meta Capacity Engineer Dr. Goranka Bjedov, which is likely to contain Meta's sensitive business and other confidential information.

Dkt. 1637. As explained in Meta's Motion to Seal, Dr. Bjedov was a high-ranking Capacity Engineer employed by Meta's Infrastructure team between August 2010 and February 2019 and would have had access to highly confidential and sensitive business information by virtue of her position and responsibilities. *See* Dkt. 1637-1, McKenna Decl. ¶ 3; Dkt. 1637-2, Venugopal Decl. ¶¶ 4-7.

Also on September 5, the Plaintiffs filed a Motion to Seal portions of exhibits to Plaintiffs' Opposition to Google's Motion to Exclude the Testimony of Dr. Goranka Bjedov. Dkt. 1667. One of these exhibits, Dkt. 1666-1, consisted of portions of Dr. Bjedov's deposition transcript that Google had blanket designated as confidential or highly confidential under the protective order, *see* Dkt. 1667 at 1. It was thus filed entirely under seal. Those portions of the transcript covered not only highly specific details of Dr. Bjedov's infrastructure work at Meta, but also a personnel issue involving Dr. Bjedov that has no relevance to the merits of this case.[1]

On September 12, Google filed its response to Plaintiffs' September 5 Motion to Seal (Dkt. 1733). Specifically, Google's response seeks sealing of its own confidential information (and that of other third parties) but not Meta's information. Meta quickly supplied redactions for its information to Google, and Google filed a corrected version of the exhibit at Dkt. 1735-1, all within a span of less than three hours. Meta now requests that the Court maintain under seal the portion of Dr. Bjedov's deposition transcript at Dkt. 1735-1 redacting Meta's confidential information, as reflected in the accompanying exhibit.

---

[1] Dr. Bjedov's deposition transcript at Dkt. 1666-1 presents distinct issues from the excerpts of Dr. Bjedov's initial and reply expert reports filed as exhibits at Dkt. 1666-2 and Dkt. 1666-6. Meta was given an opportunity to review those exhibits, requested that Plaintiffs apply redactions accordingly (*see* Dkt. 1667, 1668), and responded to Plaintiffs' motion to seal only as to those two exhibits (*see* Dkt. 1731).

# ARGUMENT

## I. Legal Standard

This Court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also United States v. Doe*, 962 F.3d 139, 145 (4th Cir. 2020) (presumption of access is overcome where it is outweighed by a "significant countervailing interest"). Court records may thus be sealed if there is a compelling interest and the sealing is narrowly tailored to serve that interest. *See, e.g.*, *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014); *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (court may "seal documents if the public's right of access is outweighed by competing interests").

Courts in this district routinely hold that a company's interest in protecting its sensitive and confidential business information—both trade secret and otherwise—from public disclosure outweighs the public's right of access to that information. *See, e.g.*, *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*, 2019 WL 8108115, at *1 (E.D. Va. Aug. 15, 2019); *Lifenet Health v. Lifecell Corp.*, 2015 WL 12517430, at *1 (E.D. Va. Feb. 12, 2015); *Intelligent Verification Sys., LLC v. Microsoft Corp.*, 2014 WL 12659872, at *1 (E.D. Va. Oct. 14, 2014); *East W., LLC v. Rahman*, 2012 WL 3841401, at *3 (E.D. Va. Sept. 4, 2012). That principle applies with particular force here, where Meta deserves "special solicitude" as a non-party. *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 194 (4th Cir. 2019).[2]

Courts in this circuit also routinely hold that a company's interest in its personnel files justify sealing. *E.g.*, *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 576-77 & n.18 (D. Md.

---

[2] Prior to any sealing, the Court must also "provide public notice of the request to seal and allow interested parties a reasonable opportunity to object." *Ashcraft*, 218 F.3d at 302. That requirement is satisfied here: Meta's motion constitutes public notice, and parties will have the opportunity to object at the September 15 pre-trial hearing. Dkt. 1560.

2012) (citing *Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004) and collecting cases). This is "particularly true when . . . the contents of the files are not directly at issue in the case." *Guessford v. Penn. Nat'l Mutual Casualty Ins. Co.*, 2014 WL 12594127, at *4 (M.D.N.C. Sept. 30, 2014).

### II. The Court Should Seal the Portions of Dr. Bjedov's Deposition Transcript Requested by Meta.

Disclosure of Dr. Bjedov's deposition testimony would harm Meta's "competitive position" by revealing details of Meta's "business strategy." *See East W., LLC v. Rahman*, 2012 WL 3841401, at *3 (E.D. Va. Sept. 4, 2012).

Dr. Bjedov's deposition transcript contains highly sensitive and competitively significant information regarding Meta's complex infrastructure projects. Her testimony includes precisely the type of proprietary information that Meta identified that she would possess in its prior Motion to Seal. *See* Dkt. 1637 at 5–7. The transcript reveals specific details about the planning and execution of some of Meta's most advanced infrastructure systems—information derived from Dr. Bjedov's senior engineering role at Meta, which gave her deep insight into the architecture of these proprietary systems. *See* Dkt. 1637 at 6; Venugopal Decl. ¶¶ 7-8. Public disclosure of these details would risk enabling competitors to replicate Meta's infrastructure, thereby undermining Meta's competitive advantage and causing substantial competitive harm. *See* Dkt. 1637 at 6; Venugopal Decl. ¶¶ 10–12.

As explained in Meta's prior Motion to Seal, the information concerning Dr. Bjedov's work at Meta reveals unique and sensitive aspects of Meta's infrastructure—details that Meta takes significant precautions to protect from public disclosure. *See* Dkt. 1637 at 6-7; Venugopal Decl. ¶¶ 11-12; McKenna Decl. ¶¶ 4-6.

Dr. Bjedov's testimony also implicates details about personnel management and HR processes within Meta. The specific personnel circumstances of Dr. Bjedov's departure from Meta have no bearing on the issues in this litigation, and Meta's interest in maintaining the confidentiality of its personnel processes justify sealing. *See Butler*, 876 F. Supp. 2d at 576-77 & n.18; *Guessford*, 2014 WL 12594127, at *4.

## CONCLUSION

For the reasons set forth above, Meta respectfully requests that this Court grant its Motion to Seal.

September 13, 2025

Respectfully submitted,

COVINGTON & BURLING LLP

*/s/ Connor Kelley*
Connor Kelley (VA Bar No. 93596)
One CityCenter
850 Tenth St., NW
Washington, DC 20001
Telephone: 202-662-6000
Facsimile: 202-778-5628
ckelley@cov.com

E. Kate Patchen (admitted *pro hac vice*)
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: 415-591-6000
kpatchen@cov.com

*Attorneys for Non-Party Meta Platforms, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on September 13, 2025, I electronically filed a copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send a notice of electronic filing to all counsel of record.

September 13, 2025

*/s/ Connor Kelley*
Connor Kelley (VA Bar No. 93596)
One CityCenter
850 Tenth St., NW
Washington, DC 20001
Telephone: 202-662-6000
Facsimile: 202-778-5628
ckelley@cov.com

*Attorney for Non-Party Meta Platforms, Inc.*