UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| UNITED STATES, *et al.*, <br><br> *Plaintiffs*, <br><br> vs. <br><br> GOOGLE LLC, <br><br> *Defendant*. | No. 1:23-cv-00108-LMB-JFA |

**GOOGLE LLC'S REPLY TO PLAINTIFFS' OMNIBUS
MEMORANDUM RESPONDING TO MOTIONS BY
GOOGLE AND THIRD PARTIES
<u>TO SEAL DOCUMENTS AND TESTIMONY</u>**

In their Omnibus Response to Google's and various third-parties' motions to seal documents and testimony, Plaintiffs do not object to a majority of Google's requests to redact or seal in full documents containing Google's proprietary information included on the parties' respective exhibit lists.[1] In the September 15, 2025 Pre-Trial Conference, the Court ruled in favor of Google's request to seal in full another 22 documents[2] concerning certain analyses prepared by Google for settlement purposes and which contain Google's work product.[3] Remaining unresolved between the parties are Plaintiffs' objections to 52 documents that Google seeks to redact or seal in full.

Forty-seven of these fifty-two documents should be redacted or sealed notwithstanding Plaintiffs' objections. Indeed, Plaintiffs apparently now object to the sealing or redaction of types

---

[1] Pls.' Omnibus Mem. Responding to Motions by Google & Third Parties to Seal Documents & Testimony ("Pls.' Omnibus Mem.") at 2-4, Dkt. No. 1734.
[2] PRX039-060.
[3] Pre-Trial Status Conf. Tr. 22:17-25, Sept. 16, 2025.

of information they did not object to in the liability phase, including, in some cases, literally the same documents they previously agreed should be sealed or redacted. For the reasons described below, as well as those stated in Google's Brief in Support of its Motion to Seal Certain Confidential Documents and Testimony Proposed for Use at Trial, Dkt. No. 1634, and supporting declarations, Dkt. Nos. 1634-1–4, there exists a sufficiently compelling interest to protect from public disclosure the information contained within each of these 47 documents. *See Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978); *Craig v. Harney*, 331 U.S. 367, 374 (1947). With regard to the remaining five documents to which Plaintiffs object, in an effort to narrow the number of disputes between the parties, Google withdraws its requests to redact or seal two of these documents,[4] and narrows the redactions it seeks to apply to the remaining three.[5]

## ARGUMENT

**I. Plaintiffs' Blanket Objection to Google's Proposals to Redact or Seal 46 "Outdated Non-Source Code" Exhibits Mischaracterizes these Documents and the Case Law**

Google's proposed redactions and sealing requests are narrowly tailored to protect its trade secrets and proprietary information as well as other highly sensitive and competitive business information, *Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014), and the private personal information of its employees, *Global Tel\*Link Corporation v. JACS Solutions, Inc.*, No. 1:23-cv-179, 2023 WL 9197897, at *1 (E.D. Va. Oct 4, 2023). In opposing certain of Google's requests, Plaintiffs do not object to sealing these general categories of information, and for all but six documents, Plaintiffs do not even offer a particularized objection to Google's requests. Instead, Plaintiffs offer only a generic objection to Google's proposed redaction or sealing of 46 documents[6]

---

[4] PRX027 and RDTX575.
[5] PRX108, RDTX869, and PRX019.
[6] Pls.' Omnibus Mem. at 16 n.3. These documents include PRX005, PRX008, PRX011, PRX013, PRX016, PRX027, PRX028, PRX064, RDTX122, RDTX162, RDTX197, RDTX213, RDTX234, RDTX252, RDTX277, RDTX278, RDTX284, RDTX289, RDTX305, RDTX309, RDTX310,

as "over-broad and insufficiently tailored," "more than three years old,"[7] and not appearing "to contain any proprietary source code or other highly confidential information that would justify keeping them under seal."[8] But Plaintiffs' sweeping criticisms of Google's requests to redact or seal these documents are not only demonstrably false, they run counter to the case law and the prior rulings of this Court.

The vast majority of the documents to which Plaintiffs object concern the design and functioning of current Google products, product features, and systems.[9] More specifically, these documents contain algorithms, descriptions of data flow, code logic, and other technical details which provide insight into the engineering of Google's proprietary technology.[10] For example, RDTX54 is a design document that contains detailed descriptions and excerpts of source code associated with a ranking algorithm that is still in use. Google's proposed redactions to this document are limited to only this information. Similarly, Google's proposed redactions to RDTX327 are limited to discussions of the core logic and source code of a key element of Google's ad infrastructure. Likewise, Google's proposed redactions to PRX008, a document describing a

---

RDTX327, RDTX335, RDTX347, RDTX351, RDTX356, RDTX370, RDTX376, RDTX377, RDTX410, RDTX434, RDTX440, RDTX442, RDTX443, RDTX452, RDTX469, RDTX476, RDTX477, RDTX485, RDTX516, RDTX517, RDTX54, RDTX544, RDTX555, RDTX86, RDTX172.

[7] Plaintiffs have not identified any case law that supports a bright-line rule that a document must have been created in the three years preceding trial in order to justify sealing.

[8] Pls.' Omnibus Mem. at 16.

[9] Google LLC's Brief Supp. Mot. Seal Certain Confidential Documents & Testimony Proposed for Use at Trial ("Google Sealing Mem.") at 5-6, Dkt. No. 1634. These documents include PRX005, PRX008, PRX011, PRX013, PRX016, PRX064, RDTX122, RDTX162, RDTX213, RDTX234, RDTX252, RDTX277, RDTX278, RDTX284, RDTX289, RDTX305, RDTX309, RDTX310, RDTX327, RDTX335, RDTX347, RDTX351, RDTX356, RDTX370, RDTX376, RDTX377, RDTX410, RDTX434, RDTX440, RDTX442, RDTX443, RDTX452, RDTX469, RDTX516, RDTX517, RDTX54, RDTX544, RDTX555, and RDTX86.

[10] *See, e.g.*, RDTX544 (depicting variable names and information for Google's ranking algorithm for query processing); RDTX54 (revealing details about a Google bid ranking algorithm), PRX013 (showing details about bid level data transfer); RDTX410 (revealing logic used within the codebase).

2022 proposal to launch a new Google Ad Manager optimization, are limited to a single section of one page that discusses technical details of training the algorithm underlying the proposed optimization.

Not only is this precisely the type of information that the Fourth Circuit has ruled warrants sealing under the First Amendment standard,[11] but it is also the type of information that during the liabilities phase of this litigation, the parties agreed, and the Court ordered, should be protected from wide public dissemination.[12] This is because disclosing this type of detailed product and design information would reveal the inner workings of Google's proprietary technology, which courts in this circuit recognize as the type of confidential business information that should be protected from public disclosure. *Lifenet Health v. Lifecell Corp.*, No. 2:13-cv-486, 2015 WL 12517430, at *2 (E.D. Va. Feb. 12, 2015) (sealing portions of the trial transcript that constituted trade secrets, namely the "precise components and compositions" of defendant's product that defendant had not publicly disclosed).

Contrary to Plaintiffs' arguments otherwise,[13] that some of these documents are more than three years old is of no moment: as indicated in the declarations filed in support of Google's motion, they reveal how Google's *current* products work at a technical level.[14] The parties have, in fact, been here before: Plaintiffs lodged objections of this nature to a number of Google's sealing requests during the liability phase of this case, including with regard to ten documents that are on

---

[11] *See, e.g.*, *Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014); *see also* Google's Sealing Mem. at 5-7.
[12] *See, e.g.*, Def. Google LLC's Revised Objections to the Public Disclosure of Confidential Information at Trial ("Google's Revised Objections") at 2, 5-6, Dkt. No. 1236; Pls.' Trial Ex. List, Dkt. No. 1334-1; Google's Trial Ex. List, Dkt. No. 1334-2.
[13] Pls.' Omnibus Mem. at 16.
[14] Decl. of Ali Amini ("Amini Decl.") ¶¶ 6-7, Dkt. No. 1634-1; Decl. of Glenn Berntson ("Berntson Decl.") ¶¶ 7-8, Dkt. No. 1634-2; *see also* Google's Sealing Mem. at 6.

the parties' exhibit lists once again in the remedies phases.[15] During the liability phase Google moved to redact or seal these ten documents, Plaintiffs objected, and the parties met and conferred on Plaintiffs' objections. In those meet and confers, Google explained that each of these documents contained technical details of how Google products and features function, and Plaintiffs dropped their objections to the redaction or sealing of those documents on that basis.[16] Google is seeking the same treatment of these documents, including the very same redactions as the parties agreed to last year, but Plaintiffs for some reason now object. While a year has passed since those negotiations, nothing has changed in this regard—these ten documents still contain technical detail on how Google's existing products currently work and should be redacted or sealed consistent with their treatment in the liability phase and Google's requests in its motion.[17]

Twenty-nine of the remaining documents[18] similarly reveal technical details concerning how Google's products and features function *today*. As such, for the same reasons described in its opening memorandum in support of its motion to seal and the supporting declarations,[19] Google requests the Court order these documents sealed or redacted consistent with Google's proposals in its motion.

---

[15] RDTX277 (DTX413), RDTX278 (DTX414), RDTX347 (DTX602), RDTX351 (DTX618), RDTX370 (DTX681), RDTX376 (DTX698), RDTX434 (DTX932), RDTX469 (DTX1054), RDTX516 (DTX1145), and RDTX517 (DTX1146).

[16] *See* Google's Revised Objections at 4-6, Dkt. No. 1236.

[17] Plaintiffs argue that the Court's prior decision to seal or redact is not a basis for sealing or redacting in this phase, but Google is not asking the Court to do that. Rather, Google requests that the Court apply the same principles that were applied in the liability phase in determining anew whether an exhibit should be sealed or redacted. *See also* Amini Decl. ¶ 7; Berntson Decl. ¶ 8.

[18] PRX005, PRX008, PRX011, PRX013, PRX016, PRX064, RDTX122, RDTX162, RDTX213, RDTX234, RDTX252, RDTX284, RDTX289, RDTX305, RDTX309, RDTX310, RDTX327, RDTX335, RDTX356, RDTX377, RDTX410, RDTX440, RDTX442, RDTX443, RDTX452, RDTX54, RDTX544, RDTX555, RDTX86.

[19] Google's Sealing Mem. at 5-6; Amini Decl. ¶¶ 6-7; Berntson Decl. ¶¶ 7-8.

Six documents[20] from this group should be redacted or sealed because they contain recent or forward-looking strategy discussions,[21] sensitive information about Google's employees who are not witnesses in this case,[22] specific, recent contractual terms,[23] or are large raw datasets containing extensive details regarding a Google product and/or products.[24] These documents reflect various categories of information that the parties agreed constitute the type of information that warranted sealing in the liabilities phase of this litigation,[25] and that Courts regularly seal, *see BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*, No. 2:17-cv-503, 2020 WL 973751, at *15 (E.D.Va. Feb. 7, 2020); *Global Tel*Link Corporation v. JACS Solutions, Inc.*, No. 1:23- cv-179, 2023 WL 9197897, at *1 (E.D. Va. Oct 4, 2023); *dmarcian, Inc. v. DMARC Advisor BV,* No. 1:21-cv-00067, 2024 WL 3257132, at *1-2 (W.D.N.C. July 1, 2024).

II.     **Plaintiffs Objections to PRX030 and PRX071 Discount Well-Accepted Bases for Redaction.**

Plaintiffs characterize PRX030 and PRX071, both of which Google seeks to redact, as not containing "proprietary information worthy of redaction."[26] This is incorrect.

PRX030 is a 12-page document from 2019 that contains detailed discussions of the design of Google's ad serving infrastructure and code logic. Google did not seek to redact the vast majority of this document's content, as it does not reflect how Google's current systems function. Google did, however, seek to redact the last two sections, "DrX Code Logic in Code Base" and "Auction Service Code Analysis," which provide details on Google's current proprietary source code structure. It is well settled that source code "can and does qualify as a trade secret." *Trandes*

---

[20] PRX028, RDTX172, RDTX197, RDTX476, RDTX477, and RDTX485.
[21] RDTX477 and RDTX485.
[22] RDTX172.
[23] RDTX476.
[24] PRX028 and RDTX197.
[25] *See* Google's Revised Objections at 2, 4, 6-8, Dkt. No. 1236.
[26] Pls.' Omnibus Mem. at 17.

*Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 663 (4th Cir. 1993). As indicated in the declaration of Glenn Bernston, revealing details of how Google's source code is structured would allow competitors to reverse engineer Google's products to gain a competitive advantage.[27]

PRX071 is a recent contract between Google and a major publisher concerning that publisher's use of Google Ad Manager. This contract discloses the specific revenue shares by transaction type and ad serving and other fees that this publisher negotiated and paid within the last three years. Google seeks to redact this narrow set of information and nothing else in this document. The parties agreed to the redaction of recent contracts like this during the liability phase,[28] and courts in this district regularly hold that customer-specific pricing and product information is the sort of information that can validly be protected from public disclosure. *See, e.g.*, *dmarcian, Inc. v. DMARC Advisor BV*, No. 1:21-cv-00067, 2024 WL 3257132, at *1-2 (W.D.N.C. July 1, 2024) (allowing the sealing of deposition testimony identifying customers as well as "spreadsheets containing information about" a party's "financial operations and customers"). Disclosing this type of information would provide Google's competitors with unfair access to Google's confidential customer terms and data and could harm Google's customers as well as Google's competitive position in the marketplace.[29]

Accordingly, Google requests the Court order these two documents to be redacted consistent with Google's requests in its motion.

---

[27] Berntson Decl. ¶¶ 5-6.
[28] *See* PTX0219.
[29] Decl. of Dan Taylor ("Taylor Decl.") ¶ 8, Dkt. No. 1634-3.

### III. Google's Revised Redactions Are Narrowly Tailored to Protect Google's Highly Sensitive Strategy Or Proprietary Information.

In an effort to narrow the issues between the parties and to allow for the highest degree of public access as possible, Google withdraws its sealing requests with regard to two documents[30] and revises three more of its sealing requests in response to Plaintiffs' objections. As detailed below, Google's revised proposed redactions to these three documents are limited to protect Google's highly sensitive strategy or proprietary information.[31]

RDTX869 is a 2024 presentation entitled "AViD Buyside Generative AI 2024 Update that concerns Google's strategic thinking concerning the use of Generative Artificial Intelligence in its buyside ad tech tools. In today's world, a technology company's current and forward-looking strategy concerning the application of AI to its business is a critical and highly sensitive area.[32] Public disclosure of this information could enable Google's rivals who are developing AI tools to gain insights into Google's AI strategies and technologies, which they could unfairly use to their advantage in competing with Google.[33]

PRX108 is a document entitled "Ads Big-Data on Cloud" that discusses a strategy proposal from 2022 concerning a shift of certain elements of Google's ads infrastructure onto its public cloud. Google has provided a sworn declaration from a Director of Engineering that this document

---

[30] PRX027 and RDTX575.
[31] *See also* Google's Sealing Mem. at 6, 7, 9, 10; Berntson Decl. ¶ 11; Taylor Decl. ¶ 6; Amini Decl. ¶ 7.
[32] Courts in the Fourth Circuit acknowledge that business strategy is confidential commercial information which justify sealing. *See BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*, No. 2:17-cv-503, 2020 WL 973751, at *15 (E.D.Va. Feb. 7, 2020) (sealing material that "describe[s] the business strategy and relationships between the parties, as well as other confidential commercial information"), *rev'd on other grounds*, 28 F.4th 1247 (Fed. Cir. 2022).
[33] *See* Taylor Decl. ¶ 6.

presents Google's "future-facing engineer strategy,"[34] of the sort that is typically sealed in the Fourth Circuit.[35]

Finally, PRX019 is a detailed "post-mortem" of a significant bug that caused Google's malware detection system to malfunction. Google seeks the redaction of this document because it would reveal details concerning Google's responses to malware.[36] Making such details publicly available could give bad actors insights into how Google's malware detection systems and internal processes work,[37] which would undermine the security and integrity of its products for its publisher and advertiser customers.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court enter an order sealing the exhibits and portions thereof identified in Appendix A-1.

---

[34] Berntson Decl. ¶ 11.
[35] *See* BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org., No. 2:17-cv-503, 2020 WL 973751, at *15 (E.D.Va. Feb. 7, 2020) (sealing material that "describe[s] the business strategy and relationships between the parties, as well as other confidential commercial information.").
[36] *See* PRX019 at -251.
[37] Amini Decl. ¶ 7.

Dated: September 17, 2025

Daniel Bitton (pro hac vice)
AXINN, VELTROP & HARKRIDER LLP
55 Second Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
David Pearl (pro hac vice)
Allison Vissichelli (pro hac vice)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

Respectfully submitted,

/s/ Craig C. Reilly
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ.
429 N. St. Asaph Street
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (pro hac vice)
Jeannie S. Rhee (pro hac vice)
William A. Isaacson (pro hac vice)
Jessica Phillips (pro hac vice)
Amy J. Mauser (pro hac vice)
Eric Spevack (pro hac vice)
Bryon P. Becker (VSB # 93384)
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
Telephone: (202) 240-2900
kdunn@dirllp.com

Erin J. Morgan (pro hac vice)
DUNN ISAACSON RHEE LLP
11 Park Place
New York, NY 10007
Telephone: (202) 240-2928
emorgan@drllp.com

*Counsel for Defendant Google LLC*