IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 1:23-cv-108 (LMB/JFA) |
| | ) |
| GOOGLE LLC, | ) |
| | ) |
| Defendant. | ) |

<u>ORDER</u>

On September 5, 2025, defendant Google LLC ("defendant" or "Google") filed a Motion to Seal Certain Confidential Documents and Testimony Proposed for Use at Trial ("Google's Motion to Seal Trial Documents and Testimony"), requesting that this Court seal information contained within exhibits and testimony proposed for use at trial because it "implicates the private personal information of its employees, . . . Google's trade secrets and proprietary information as well as other highly sensitive and competitive business information." [Dkt. No. 1633]. On September 12, 2025, plaintiffs objected to Google's request to seal 22 internal technical feasibility analyses,[1] to redact Noam Wolf's deposition designations, and to seal the courtroom for any live testimony related to these analyses; Google's request to seal or redact 48 exhibits,[2] which plaintiffs allege are "dated" and do not contain source code; and Google's request to seal PRX108, RDTX575, and RDTX869; and to redact PRX019. [Dkt. No. 1734]. On

---

[1] PRX039-PRX060.

[2] PRX005, PRX008, PRX011, PRX013, PRX016, PRX027, PRX028, PRX030, PRX064, PRX071, RDTX122, RDTX162, RDTX197, RDTX213, RDTX234, RDTX252, RDTX277, RDTX278, RDTX284, RDTX289, RDTX305, RDTX309, RDTX310, RDTX327, RDTX335, RDTX347, RDTX351, RDTX356, RDTX370, RDTX376, RDTX377, RDTX410, RDTX434, RDTX440, RDTX442, RDTX443, RDTX452, RDTX469, RDTX476, RDTX477, RDTX485, RDTX516, RDTX517, RDTX54, RDTX544, RDTX555, RDTX86, DTX172.

September 17, 2025, in response to plaintiffs' objections, Google withdrew its sealing requests regarding two documents[3] and revised three of its redaction requests.[4] [Dkt. No. 1748].

The parties also filed motions to seal portions of their filings and related exhibits. On September 5, 2025, plaintiffs filed a Motion to Seal Portions of Plaintiffs' Opposition to Google's Motion to Exclude the Testimony of Dr. Goranka Bjedov and Plaintiffs' Opposition to Google's Motion In Limine to Exclude Evidence of Google's Analysis of Remedy Feasibility, and Related Exhibits ("Plaintiffs' Motion to Seal") pursuant to their obligations under the Modified Protective Order [Dkt. No. 203] to provide Google and non-party Meta Platforms, Inc. ("Meta") sufficient time to provide the Court with support for the need to seal these documents.[5] [Dkt. No. 1667]. On September 12, 2025, Google filed a Response to Plaintiffs' Motion to Seal, requesting that the Court keep under seal materials that "reference highly sensitive settlement negotiations" and "confidential information belonging to . . . third parties[.]"[6] [Dkt. No. 1733].

Separately, on September 10, 2025, Google filed a Motion to Seal re Doc. 1708 and 1709, seeking leave to file a redacted version of its Reply Memorandum of Law in Support of Google's Motion to Exclude the Testimony of Dr. Goranka Bjedov, its Reply in Support of Google LLC's Motion In Limine to Exclude Evidence Protected by Federal Rule of Evidence 408, and sealed exhibits to the Declaration of Daniel Bitton ("Bitton Declaration") in support of

---

[3] PRX027 and RDTX575.

[4] Google provided revised redactions in RDTX869, PRX108, and PRX019.

[5] Meta filed a Motion to Seal on September 13, 2025, responding to Plaintiffs' Motion to Seal. [Dkt. No. 1736]. The Court granted this motion in part and denied this motion in part in a separate order. [Dkt. No. 1757]. Meta also agreed to the removal of redactions that were previously applied at its request to portions of Dr. Bjedov's opening and reply reports attached as exhibits to plaintiffs' Opposition to Google's Motion to Exclude the Testimony of Dr. Goranka Bjedov, and does not request the continued sealing of that redacted material. [Dkt. No. 1731].

[6] Those third parties are: Equativ, Index Exchange, Jay Friedman, Amazon, and Daily Mail.

its Reply Memorandum of Law in Support of Google's Motion to Exclude the Testimony of Dr. Goranka Bjedov because the redacted portions of these filings reference highly sensitive settlement negotiations. [Dkt. No. 1710].

On September 15, 2025, during the parties' Final Pre-Trial Conference, the Court granted Google's request to seal in full 22 internal technical feasibility analyses[7] and denied its request to seal the courtroom for any live testimony related to these analyses, with the parties agreeing to frame their questions in such a way as to avoid sealing. Before the Court are plaintiffs' remaining objections to 50 documents that Google continues to seek to redact or seal in full, as well as the parties' requests to redact portions of certain filings and attached exhibits.

Having reviewed the remaining 50 documents that Google seeks to seal in full or in part, but which plaintiffs oppose, the Court finds that the 47 proposed trial exhibits,[8] which plaintiffs allege are "outdated" and do not "appear to contain any proprietary source code or other highly confidential information[,]" should be sealed. The sealed portions of the vast majority of these documents contain detailed algorithms, code logic, descriptions of data flow, and other technical details that implicate Google's proprietary technology, and should be protected from public disclosure. See Lifenet Health v. Lifecell Corp., No. 2:13-cv-486, 2015 WL 12517430, at *2 (E.D. Va. Feb. 12, 2015). Though some of these documents may be more than three years old, declarations filed by Google support the assertion that they continue to apply to how Google's current products work at a technical level. [See Decl. of Ali Amini, Dkt. No. 1634-1; Decl. of

---

[7] PRX039-PRX060.

[8] PRX005, PRX008, PRX011, PRX013, PRX016, PRX028, PRX030, PRX064, PRX071, RDTX122, RDTX162, RDTX197, RDTX213, RDTX234, RDTX252, RDTX277, RDTX278, RDTX284, RDTX289, RDTX305, RDTX309, RDTX310, RDTX327, RDTX335, RDTX347, RDTX351, RDTX356, RDTX370, RDTX376, RDTX377, RDTX410, RDTX434, RDTX440, RDTX442, RDTX443, RDTX452, RDTX469, RDTX476, RDTX477, RDTX485, RDTX516, RDTX517, RDTX54, RDTX544, RDTX555, RDTX86, DTX172.

Glenn Berntson, Dkt. No. 1634-2]. Other documents contain recent or forward-looking strategy discussions, specific contractual terms, and large datasets regarding a Google product and/or products, sensitive categories of information that this Court regularly seal. See, e.g., BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Organisation, No. 2:17-CV-503-HCM, 2020 WL 973751, at *15 (E.D. Va. Feb. 7, 2020), aff'd in part, rev'd in part and remanded, 28 F.4th 1247 (Fed. Cir. 2022). Furthermore, the Court is satisfied that Google has narrowly tailored its redactions where possible.

    Of these 47 exhibits, plaintiffs raise specific objections to PRX030 and PRX071. The Court finds that the limited redactions of PRX030, which provide details on the source code underlying Google's ad serving infrastructure, should be sealed. The limited redactions of PRX071, which reveal specific revenue shares by transaction type and other fees in a recent contract that a publisher negotiated and paid within the last three years, should be sealed as well.

    Plaintiffs also raise specific objections to PRX108, RDTX869, and PRX019. In response to plaintiffs' objections, Google has proposed revised redactions to these documents. Regarding PRX108, the Court finds that Google's proposed redactions contain detailed and sensitive insights into Google's future-facing engineering strategy and should be sealed. RDTX869 is a 2024 presentation that details Google's strategic thinking concerning the use of Generative Artificial Intelligence in its buyside ad tech tools. Because this implicates sensitive information regarding Google's current and future business strategy, Google's updated redactions will be sealed. Lastly, PRX019 is a postmortem writeup on a 2020 bug-related incident that impacted Google's ad products. The Court finds that Google's updated redactions, which include specific details regarding Google's responses to malware, should be sealed as they have no bearing on the issues in this litigation.

The Court has also reviewed Google's Response to Plaintiffs' Motion to Seal [Dkt. No. 1733], as well as Google's Motion to Seal re Doc. 1708 and 1709 [Dkt. No. 1710]. In these pleadings, Google has requested redactions in (1) Exhibits 1, 2, 5, 6, 9, and 10 of plaintiffs' Opposition to Google's Motion to Exclude the Testimony of Dr. Goranka Bjedov, and the portions of plaintiffs' Opposition that disclose the contents of the sealed portions of such exhibits;[9] (2) Exhibits 1-6 to Plaintiffs' Opposition to Google's Motion In Limine to Exclude Evidence of Google's Analysis of Remedy Feasibility, and the portions of that Opposition that disclose the contents of those exhibits;[10] and (3) Google's filings in connection with its Reply Memorandum of Law in Support of Google LLC's Motion to Exclude the Testimony of Dr. Goranka Bjedov and its Reply in Support of Google LLC's Motion In Limine to Exclude Evidence Protected by Federal Rule of Evidence 408.[11] As all of these documents concern discussion of Google's internal technical feasibility analyses, which this Court has placed under seal, the Court finds merit in Google's request. Accordingly, it is hereby

---

[9] Google requests that the redacted text on the following pages of plaintiffs' Opposition to Google's Motion to Exclude the Testimony of Dr. Goranka Bjedov remain under seal: page 16, footnote 4; page 23; page 24: all redacted material in (1) the first paragraph, (2) the clause that follows the phase "…and she considered…" in the first sentence of the second paragraph, and (3) the sentence beginning "Those documents were facially relevant…"; page 27: all redacted material in the second paragraph; and page 28: the redacted material in both (1) the first sentence of the first paragraph and (2) the first three sentences of the second paragraph [Dkt. No. 1733].

[10] Google requests that the redacted text on the following pages of plaintiffs' Opposition to Google's Motion In Limine to Exclude Evidence of Google's Analysis of Remedy Feasibility remain under seal: page 1; page 4; page 5: all material on page 5 remain under seal except the header of section B; page 6: the first set of redactions on page 6 is requested to remain under seal, and Google is not seeking to keep the sentence "Google has performed no subsequent…" under seal; page 14.

[11] Google requests that certain portions of: its Memorandum in Support of Its Motion to Exclude the Testimony of Dr. Goranka Bjedov; Exhibits 1 and 3 to the Bitton Declaration, which contain excerpts from Dr. Bjedov's expert report and her deposition testimony; and its Reply in Support of Google's Motion In Limine to Exclude Evidence Protected by Federal Rule of Evidence 408 be sealed.

ORDERED that Google's Motion to Seal Trial Documents and Testimony [Dkt. No. 1633] is GRANTED in part as to the sealing of 22 internal technical feasibility analyses,[12] the redacting of Noam Wolf's deposition designations as they pertain to Google's internal technical feasibility analyses, the exhibits Google proposes to seal or redact that are not opposed by plaintiffs, and Google's revised sealing requests as outlined in Appendix A-1 of its Reply to plaintiffs' Omnibus Memorandum Responding to Motions by Google and Third Parties to Seal Documents and Testimony [Dkt. No. 1748], and DENIED as to its request to seal the courtroom for certain live testimonies; and it is further

ORDERED that Plaintiffs' Motion to Seal [Dkt. No. 1667] is GRANTED in part as to applying Google's requested redactions in its Response to Plaintiffs' Motion to Seal [Dkt. No. 1733]; and it is further

ORDERED that Google's Motion to Seal re Doc. 1708 and 1709 [Dkt. No. 1710] is GRANTED.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 19th day of September, 2025.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge

---

[12] PRX039-PRX060.