IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v.  ) | No. 1:23-cv-00108-LMB-JFA |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO PRECLUDE LATE-DISCLOSED GOOGLE WITNESSES**

Plaintiffs move this Court under Federal Rule of Civil Procedure 37(c) to exclude the testimony of Michael Blend, Elizabeth Douglas, and Lance Knobel (the "Previously Undisclosed Witnesses").[1] Google disclosed the names of these witnesses to Plaintiffs on Friday night, September 19 at 7:00 PM, over five weeks after the Rule 26(a)(3) disclosure deadline and less than one full business day before the commencement of the remedies trial in this case. Google does not have good cause for the delayed identification, and the addition of these Previously Undisclosed Witnesses is highly prejudicial to Plaintiffs, which did not have the opportunity to conduct discovery on any of them. Accordingly, Google should be precluded from offering these witnesses at trial.

**BACKGROUND**

This Court's August 5 order governing the remedies trial provides that "[t]he parties shall each file a Witness List in compliance with Fed. R. Civ. P. 26(a)(3)(A) on <u>Friday August 15, 2025</u>." ECF No. 1560 at 1 (emphasis in original). This final witness list followed a phased

---

[1] According to Google's counsel's representations dated Saturday, September 20, 2025: Michael Blend is affiliated with System 1, Elizabeth Douglas is affiliated with wikiHow, and Lance Knobel is affiliated with CitySide Journalism.

1

disclosure schedule, agreed to by the parties, pursuant to which the parties exchanged preliminary fact witness lists in order to focus discovery. The parties exchanged lists of eight witnesses on May 30, four additional witnesses on June 6, and three additional witnesses on July 21, shortly before fact discovery closed. *See* ECF No. 1492 at 2 n.1 The parties further agreed, as reflected in the Court's August 5 order: "Neither side may list a fact witness on its Witness List if that witness was not already listed on that side's previously provided preliminary witness list disclosures . . . ." ECF No. 1560 at 1. Objections for the witness list were due no later than August 25. *Id.* The Previously Undisclosed Witnesses were not listed on Google's August 15 witness list, ECF No. 1562, nor any of the preliminary witness list disclosures.

On September 15, at a pretrial hearing one week prior to the start of trial, Google first suggested to the Court and Plaintiffs that it might have additional fact witnesses that it had not previously disclosed. 9/15 Pretrial Hearing Tr. I30:23-31:23. At that time, Google counsel suggested that it hoped to submit "amicus briefs" reflecting the views of certain undisclosed witnesses on the parties' proposed remedies. 9/15 Pretrial Hearing Tr. 29:24–31:16. Google counsel indicated she was aware there was an "issue[]" with this approach because the "people [] were not on the witness lists." *Id.* at 30:25–31:3. The Court denied Google's request and stated that factual perspectives on proposed remedies "would not be an appropriate amicus brief," and that if testimony were going to come in, then a witness "should be listed as a witness." *Id*. at 31:14–20. That same day, based on this allusion to undisclosed witnesses, Plaintiffs sought a meet-and-confer with Google. During that meet-and-confer on September 15, Plaintiffs' counsel asked who the undisclosed witnesses were, and Google again failed to disclose their names or any other identifying information, saying only that Google would get back to Plaintiffs on that subject.

On the evening of September 19, Google provided a list of 16 witnesses that it stated it anticipated calling during its case. This list included for the first time the names of the Previously Undisclosed Witnesses, who had not been disclosed on the August 15 witness list, ECF No. 1560, nor on any of the preliminary lists of witnesses exchanged by the parties. Google's belated September 19 disclosure did not include any address, phone number, business affiliation, or counsel for any of the three Previously Undisclosed Witnesses. In response to prompting from Plaintiffs, Google provided an email address, company affiliation, and counsel for two of the three witnesses early in the morning on September 20, and the third on that evening. Google also conceded, in follow-up correspondence, that it was aware of one witness, Mr. Knobel, as early as July 2025.

Google offered no excuse or explanation for the timing of this disclosure, despite multiple requests from Plaintiffs for that information, beyond the inapposite claim that it "became aware [of the] potential witness[es] this past week after the Court's statements that she would not permit amicus briefs." Exhibit A (Sept. 21 Email from Google's Counsel).

## ARGUMENT

The Federal Rules of Civil Procedure plainly spell out the sanction for Google's violation of the witness disclosure deadline: "If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). While the Court retains discretion to order a lesser sanction, Rule 37 provides an "automatic sanction of exclusion" in order to "provide[] a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 n.2 (4th Cir. 2003) (cleaned up) (quoting Fed. R. Civ. P. 37(c)

3

advisory committee notes). "Escape from the sanction requires a showing that the failure to disclose is substantially justified or harmless." *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 329 (4th Cir. 2011). Courts in this Circuit look to five factors to determine whether a failure to timely disclose a witness was harmless or substantially justified: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *S. States Rack & Fixture*, 318 F.3d at 597. As the nondisclosing party, Google bears the burden to establish substantial justification or harmlessness. *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014).

  Under these factors, Google cannot satisfy its burden on proving harmlessness. Google's last-minute disclosure surprised Plaintiffs, as Google provided no disclosure of these witnesses prior to Friday night, and their identity has not come up previously in any deposition in this case, either at the liability or remedy phase. *Hoyle*, 650 F.3d at 330 (affirming district court exclusion of undisclosed witness as a surprise even where that individual had been referred to in deposition testimony and discovery responses). Even in response to Plaintiffs' specific inquiries on Monday, September 15, about the identity of any additional witnesses, *Google failed to respond*. Failure to respond to such a direct inquiry supports the sanction of exclusion. *See Modern Auto. Network, LLC v. Eastern Alliance Ins. Co.*, 416 F. Supp. 3d 529, 535 (M.D.N.C. 2019) (holding that failure to respond to a direct inquiry about whether a particular non-disclosed potential witness would testify supported a finding of surprise and ultimately exclusion of the witness).

  Plaintiffs are prejudiced as there is little ability to cure this surprise on the eve of trial. Google's extreme "tardiness makes it difficult for plaintiff to cure the surprise" and would make

4

it challenging to "allow[] for full vetting" of the witnesses' testimony "through the adversarial process." *Brundle ex rel. Constellis Emp. Stock Ownership Plan v. Wilmington Tr. N.A.*, No. 1:15–cv–1494, 2017 WL 6403105, at *5–6 (E.D. Va. May 16, 2017) (Brinkema, J.) (excluding untimely disclosed witness declaration as neither harmless nor substantially justified). That is especially the case here because Plaintiffs were unable to, among other things: subpoena these witnesses for documents, take deposition testimony from them, present their viewpoints to expert witnesses for consideration, or factor their viewpoints into trial presentation and strategy. Indeed, the Fourth Circuit has squarely held that the lack of ability to depose a late-disclosed witness can "clearly prejudice[]" the other party. *Hoyle*, 650 F.3d at 330 (affirming district court's exclusion based in part on prejudice from inability to depose witness); *see also Modern Auto. Network*, 416 F. Supp. 3d at 535 (holding the defendant's "failure to comply with Rule 26" was not harmless in part because it caused the plaintiff "to lose the opportunity to depose" the undisclosed witness). And in general, declining to disclose evidence by the court's deadlines causes prejudice because it "unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case." *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278 (4th Cir. 2005); *see also Akeva LLC. v. Mizuno Corp.*, 212 F.R.D. 306, 311 (M.D.N.C. 2002) ("[S]trict adherence to discovery rules are necessary to prohibit not only trial by ambush, but discovery gaming wherein a party holds back evidence . . . .").

      The addition of these three surprise witnesses would risk disrupting the trial. Plaintiffs have prepared based on the witnesses disclosed timely. This would delay the orderly presentation of the case. Adding new witnesses at the last minute undermines the spirit of Rule 26 which serves to provide a streamlined and organized trial. The late disclosure undermines the efficient administration of the trial and is precisely the type of ambush Rule 37(c) seeks to prevent.

Google has given no reason to believe that the evidence at issue is particularly important, but even if it were, that would not save it from the sanction of exclusion given that it sat on these potential witnesses. Where a party "chose not to list [an individual] as a potential witness," even though it was "well aware" the individual "could have evidence highly relevant to her case," exclusion is justified. *Hoyle*, 650 F.3d at 330. This is so even if there were "difficulties in tracking down" the individual, which there are no indications of here. *Id.*

Google has no substantial justification for sandbagging Plaintiffs in this way. On Monday, September 15, in a hearing before this Court, Google counsel alluded to submitting factual statements to the court in "amicus briefs," but noted she was aware there would be an "issue" to have testimony from the potential amici as witnesses because the "people [were] not on the witness lists." 9/15 Hearing Tr. 29:24–30:3, 30:24–31:1. And even at that date, 31 days after the witness lists were due and seven days before trial, Google *still* hid the ball. After the Court stated that, unsurprisingly, uncrossed factual assertions from non-disclosed witnesses are not "appropriate" amicus briefs and that fact witnesses "should be listed as a witness or possibly a rebuttal or surrebuttal," *id.* at 30:8–20, 31:17–20, Google did not timely supplement its proposed witness list as required under Rule 26(e). Furthermore, the same day that Google counsel alluded to potentially undisclosed witnesses, Plaintiffs requested a meet-and-confer, and Google, in response to Plaintiffs' specific inquiry, *failed to disclose the names of undisclosed potential witnesses*. While demonstrating "bad faith" is not a requirement for exclusion, its presence "might be relevant" to whether "the nondisclosing party's explanation for its failure to disclose evidence" constitutes a substantial justification. *S. States Rack & Fixture, Inc.*, 318 F.3d at 598. By all indications, "[t]his is not a situation in which a party has discovered new material evidence which it could not have previously provided," and so allowing this evidence "would

6

essentially undercut the federal rules addressing pretrial discovery." *Brundle*, 2017 WL 6403105, at *5. A failure to disclose is not substantially justified where a party "had either known or should have known" the relevant information "throughout the initial discovery period." *Russell*, 763 F.3d at 397.

Last, this failure to disclose was neither substantially justified nor harmless. Plaintiffs are prejudiced by this late disclosure, Google has no good reason for having proceeded by ambush, and the proper sanction is to exclude these witnesses from testifying under "[t]he purpose of Rule 26(a)," which "is to allow the parties to adequately prepare their cases for trial and to avoid unfair surprise." *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014). The Court ordered almost two months of fact discovery, and during that time Plaintiffs conducted twelve depositions of potential Google witnesses. Since the witness lists were finalized on August 15, Plaintiffs have reviewed diligently the extensive document productions in this case and public sources to prepare direct and cross examinations on dozens of potential witnesses. Google's last-minute reveal of surprise witnesses, about whom no discovery was conducted, *five full weeks after the disclosure deadline*, does not comport with this Court's order, the parties' agreed-to disclosure schedule, basic fairness, or the Federal Rules of Civil Procedure.

For similar reasons, exclusion would also be proper under Rule 37(c)(1) because Google failed to timely supplement its incomplete witness disclosure under Rule 26(e), which requires a party to supplement its disclosure "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). The Fourth Circuit has affirmed the exclusion of witness testimony based on a party's failing to comply with both initial and supplemental disclosure requirements. *Russell*, 763 F.3d at 397–98 (affirming the

exclusion of testimony from a witness who was revealed outside the close of the relevant discovery period).

Nor can Google argue that the undisclosed witnesses should be admitted as rebuttal witnesses. While Rule 26(a)(3)(A) does allow for undisclosed witnesses in the limited situation where their testimony is used "solely for impeachment," Google has already indicated to the Court that these witnesses are not intended "solely" (or at all) for that limited use, but instead would have "valuable opinions and analyses to offer the Court," 9/15 Hearing Tr. 30:2–3. Characterizing witnesses as providing rebuttal evidence would not help Google, as Rule 26, "by its own terms, does not exempt rebuttal evidence" from disclosure, "only impeachment evidence." *Baldassarre v. Norfolk S. Ry. Co.*, No. 2:18-cv-598, 2020 WL 855964, at *3 (E.D. Va. Feb. 19, 2020) (discussing parallel language in Rule 26(a)(1)(A)(i) related to initial disclosure obligations). "Rebuttal testimony is offered to explain, repel, counteract, or disprove evidence of the adverse party," while "impeachment is an attack on the credibility of a witness." *Id.* (cleaned up). "Impeachment evidence which also possesses a substantive quality cannot be said to fit the *solely for impeachment* classification," and so "substantive evidence must be subject to discovery even though it also tends to contradict evidence of the discovering party." *Newsome v. Penske Truck Leasing Corp.*, 437 F. Supp. 2d 431, 436 (D. Md. 2006) (emphasis in original). To the extent that evidence is "both substantive and impeachment," it "should be treated as substantive for the purposes of Rule 26(a)(1) and (a)(3)" and must be disclosed. *Id.* Thus, a party cannot get around the spirit and letter of the Federal Rules of Civil Procedure by playing word games and arguing that a rebuttal witness is "impeach[ing] [] by contradiction" through "supporting a different version of the facts;" there is no solely-for-impeachment exception allowing for failure to disclose such witness testimony because "if discovery of this kind of

8

evidence is not permitted the discovery rules might as well be repealed." Wright & Miller, 8 Fed. Prac. & Proc. Civ. § 2015 (3d ed.) ("Matters Useful for Impeachment").

## CONCLUSION

For the foregoing reasons, this Court should exclude testimony from the Previously Undisclosed Witness pursuant to Rule 37(c)(1).

Dated: September 21, 2025

Respectfully submitted,

| | |
|---|---|
| MARY M. CLEARY<br>Acting United States Attorney | JASON S. MIYARES<br>Attorney General of Virginia |
| /s/ Gerard Mene<br>GERARD MENE<br>Assistant U.S. Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3777<br>Facsimile: (703) 299-3983<br>Email: Gerard.Mene@usdoj.gov | /s/ Tyler T. Henry<br>TYLER T. HENRY<br>Assistant Attorney General<br><br>Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us |
| /s/ Julia Tarver Wood<br>JULIA TARVER WOOD<br>/S/ Matthew E. Gold<br>MATTHEW E. GOLD<br>ANDREW DELANEY<br>MELODY WANG<br>MICHAEL E. WOLIN<br><br>United States Department of Justice<br>Antitrust Division<br>450 Fifth Street NW, Suite 7100<br>Washington, DC 20530<br>Telephone: (202) 307-0077<br>Fax: (202) 616-8544<br>Email: Julia.Tarver.Wood@usdoj.gov<br><br>Attorneys for the United States | Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia |