UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>　　　　　　*Plaintiffs*,<br><br>　　vs.<br><br>GOOGLE LLC,<br><br>　　　　　　*Defendant*. | No. 1:23-cv-00108-LMB-JFA |

**GOOGLE LLC'S OPPOSITION TO
PLAINTIFFS' MOTION TO EXCLUDE
LATE-DISCLOSED GOOGLE WITNESSES**

At the Pre-Trial Conference, the Court stated that if there are publishers that "favor the Google side of the case to some degree," that is "the type of evidence [it] would find very valuable." ECF No. 1743 at 30:8-13. That is exactly the evidence Google seeks to offer. Three publisher witnesses—whose testimony would be discrete, narrow, and brief—want the opportunity to provide their unique facts and perspectives regarding the impact of the parties' proposed remedies, *see* Declaration of Lance Knobel ("Knobel Decl."); Declaration of Elizabeth Douglas ("Douglas Decl."); Declaration of Michael Blend ("Blend Decl."). Their testimony would go to the heart of the issues before the Court at this stage of the case, namely the impact of the proposed remedies on customers. *See United States v. Google* (*"Search"*), 2025 WL 2523010, at *31 (D.D.C. Sept. 2, 2025) (a court "must be sensitive to remedies that risk substantially stifling technological innovation or impairing consumer welfare").

Plaintiffs have asserted that "it is unsurprising that no industry participant is slated to testify in support of Google's proposals," *see* ECF No. 1760 at 2, suggesting that there are no industry

1

participants supportive of Google's proposals or that there is unanimity among publishers supporting Plaintiffs' proposals. This is false. As the attached declarations demonstrate, there are market participants who have serious concerns regarding the impact of Plaintiffs' proposed remedies on their businesses and livelihoods. For witnesses unable to leave small businesses for days to travel across the country to testify at trial, an amicus brief would have been one potential option to provide their unique perspectives given their "special interest in the subject matter of the suit." *Tafas v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007). Consistent with the Court's preference, however, Google now seeks to present witnesses live to provide the "factual information" the Court "would find very valuable." ECF No. 1743 at 30:8-20.

Plaintiffs recognize the importance of publisher testimony at this stage of the case, yet they ask the court to exclude the testimony of publisher witnesses that are concerned about Plaintiffs' proposed remedies. Their request should be denied. The witness examinations would not take long, nor would they disrupt the trial. Allowing these witnesses to testify will not prejudice Plaintiffs, as any such surprise can be cured, and it will serve to further the Court's truth-seeking function by allowing it to have a more complete picture of industry participants' views on the proposed remedies.

## BACKGROUND

Google has spoken to many publishers to discuss how they might share information with the Court. Declaration of Mara Boundy ("Boundy Decl.") ¶ 3. Notwithstanding many publishers' concerns about Plaintiffs' proposed remedies, they have expressed reluctance to provide live testimony for various reasons. *See* ECF No. 1743 at 31:4-9; Boundy Decl. ¶ 3.

In the *Search* remedies proceeding, multiple non-parties filed amicus briefs concerning the proposed remedies. This Court, however, held at the Pre-Trial Conference last week that it would

not accept amici in this case. In denying the possibility of amici, however, the Court also said, "[i]f somebody has facts that they want the Court to consider, they should be listed as a witness or possibly a rebuttal or surrebuttal if we have to go that route." ECF No. 1743 at 31:17-20.

With the Court's guidance in mind, Google contacted various publisher customers and asked whether, in light of the Court's position on amici, they would want to come to court and offer live testimony. Boundy Decl. ¶ 5. Three publishers—Cityside, System1, and wikiHow—indicated that, notwithstanding the burden, they would like to testify, Boundy Decl. ¶¶ 6-7, because they view the downside of Plaintiffs' proposed remedies to be significant for their businesses. Knobel Decl. ¶¶ 5-7; Douglas Decl. ¶¶ 5-9; Blend Decl. ¶¶ 6-11. Notably, in July, Plaintiffs interviewed Mr. Knobel in their own search for witnesses. Knobel Decl. ¶ 4.

## LEGAL STANDARD

Rule 37(c)(1) of the Federal Rules of Civil Procedure empowers the Court with "broad discretion" to hear valuable evidence where late disclosure of such evidence is "substantially justified or harmless." *Southern States Rock & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). In exercising that broad discretion, the Court "should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id.* While courts need not find that all of these factors apply in order to allow for the inclusion of evidence under Rule 37(c)(1), here each of these factors weighs in favor of allowing the proposed publisher testimony here. *Smith v. Loudoun County Public Schools*, 2016 WL 9943214, *1 (E.D. Va. Jan. 21, 2016).

3

**ARGUMENT**

The *Southern States* factors favor permitting the three publisher witnesses identified above to testify because (i) their testimony goes to critical issues in the remedy phase of this case—the impact of the proposed remedies on customers of DFP and AdX—and is exactly the kind of testimony the Court has said would be valuable; (ii) any surprise to Plaintiffs is limited and can be cured; (iii) allowing the testimony would not disrupt the trial and the testimony was raised by the Court; (iv) there were legitimate justifications for Google's late disclosure of these witnesses.

**I.    THE PUBLISHER WITNESSES' TESTIMONY IS IMPORTANT**

The three publisher witnesses wish to offer testimony on the negative impact that Plaintiffs' proposed remedies will have on their respective businesses. Plaintiffs and the Court have recognized the importance of testimony from publisher customers, and no other fact witnesses on either party's witness list is able to offer similar testimony. Courts in the Fourth Circuit recognize that testimony that "goes to the heart of the case" is a significant factor weighing against exclusion due to late disclosure. *Snow v. Hall*, 2022 WL 214475, at *3 (S.D.W.V. Jan. 24, 2022); *see also South Carolina State Conference of NAACP v. Alexander*, 2022 WL 4009058, at *3 (D.S.C. Sep. 2, 2022); *Wiseman v. Walmart Stores, Inc.*, 2018 WL 2865013, at *3 (D.Md. July 5, 2017) (concluding that "complete exclusion" of late-disclosed witness would be "excessive" and "severely harm Plaintiff's case" "considering the importance of the evidence").

Lance Knobel is the CEO of Cityside Journalism, a nonprofit journalism organization located in the San Francisco Bay Area. Mr. Knobel will testify that Cityside benefits from Google offering its ad serving tool free to small businesses. Knobel Decl. ¶ 5. In his experience, other providers of ad serving tools charge significant fees. Mr. Knobel will testify that if Google were required to divest Google Ad Manager as proposed by Plaintiffs, the divestiture buyer would likely

4

begin to charge fees commensurate with those charged by other providers of ad servers; such a fee increase would be costly for Cityside. Knobel Decl. ¶¶ 5-6.

Elizabeth Douglas and Michael Blend will testify about the disruption and harm that Plaintiffs' proposed remedies will cause their respective businesses, wikiHow and System1. Ms. Douglas will testify about her concerns that separating Google Ad Manager into two separate tools (DFP and AdX) owned by two separate companies will make wikiHow's ad operations more complicated and costly. Douglas Decl. ¶¶ 5-8. As for Mr. Blend, he will testify about the detrimental impact on System1 if the new owners of the divested DFP and AdX do not make the same level of investments in quality and security that Google has made over time. Blend Decl. ¶¶ 6-9.

The Court has made clear it views such testimony as important. ECF No. 1743 at 30:8-13. ("Well, I mean, if you have people -- if you have users out there who have -- obviously they favor the Google side of the case to some degree, or at least some type of remedy, you would be much better off having them come in court and testify. That's the type of evidence I would find very valuable."). Plaintiffs know this too; that is why they emphasized in their response to Google's final remedy proposal the absence of Google customers offering testimony in support of Google's proposed remedy.  ECF No. 1760 at 33.

## II. ANY SURPRISE TO PLAINTIFFS IS LIMITED AND CAN EASILY BE CURED

Notwithstanding Plaintiffs' claims in their motion with respect to the surprise nature of these witnesses, ECF No. 1763 at 4, there should be very limited surprise with respect to one of the proposed witnesses, and any surprise with respect to the other two can be easily cured.

In particular, the testimony of Mr. Knobel of Cityside should be of no surprise to Plaintiffs—they interviewed him in July 2025. Knobel Decl. ¶ 4. Presumably, in the course of that

5

interview, Plaintiffs were able to ask Mr. Knobel questions sufficient to ascertain that he possesses significant concerns about their proposed remedies. Where, as here, a party has long been aware of a potential witness and could consult its own interview notes, any surprise does not warrant exclusion of the witness. *See Smith v. Loudoun County Public Schools*, 2016 WL 9943214, *2 (E.D. Va. Jan. 21, 2016) (Cacheris, J.) ("To the extent Defendant's failure to disclose these witnesses could surprise Plaintiff, Plaintiff could have quickly cured that surprise by consulting its own records regarding these witnesses.").

Moreover, all three witnesses have provided declarations, which convey the substance of the testimony they would offer. To the extent there exists any residual surprise, however, there are other vehicles for remediating it, such as an in-trial deposition. *Cf. Snow v. Hall*, 2022 WL, at *1; *South Carolina State Conference of NAACP v. Alexander*, 2022 WL, at *3.[1]

Finally, with regard to Ms. Douglas and Mr. Blend, while Google would prefer to offer them in its case in chief, it could instead offer them as potential sur-rebuttal witnesses, as recommended by the Court at the Pre-Trial Hearing. ECF No. 1743 at 31:17-20. Courts in the Fourth Circuit have held that a failure to disclose rebuttal witnesses is not cause for excluding the testimony of such witnesses. *See, e.g.*, *Smith*, 2016 WL 9943214, at *2; *Layani v. Ouazana*, 2025 WL 1936675, at *2 (D. Md. July 15, 2025).

---

[1] Plaintiffs cite *Brundle ex rel. Constellis Emp. Stock Ownership Plan v. Wilmington Tr. N.A.* in support of their claim that "Google's extreme tardiness makes it difficult for plaintiff to cure the surprise and would make it challenging to allow for full vetting of the witness' testimony through the adversarial process." ECF No. 1763 at 4-5 (citing *Brundle ex rel. Constellis Emp. Stock Ownership Plan v. Wilmington Tr. N.A.,* 2017 WL 643105, at *5-6 (E.D. Va. May 16, 2017)). However, that case arose from an expert witness' disclosure of new opinions *after trial.* The Court struck those new opinions, including because the plaintiff might "incur significant additional expense in retaining an expert to prepare a separate rebuttal." 2017 WL 643105 at *5. As explained above, there are available means for Plaintiffs to depose these witnesses *before* these witnesses would testify.

6

### III. ALLOWING THE PUBLISHER TESTIMONY WOULD NOT DISRUPT THE TRIAL

The inclusion of testimony from these three witnesses would not delay or disrupt the trial. All three witnesses are available to testify during the week of September 29, which would give Plaintiffs adequate time to prepare to cross-examine them. The Court has already made clear that, because this is a bench trial, there is more flexibility in terms of the order of witnesses. ECF No. 1743 at 6:22-7:3.

### IV. THE PUBLISHER WITNESSES WERE NOT PREVIOUSLY DISCLOSED BECAUSE THEY ONLY RECENTLY EXPRESSED A DESIRE TO TESTIFY

Thousands of publishers use the free version of Google Ad Manager that is meant for small businesses. ECF No. 1375, ¶ 856. While Google has been diligent, it has not been feasible for Google to contact every publisher who uses GAM in the expedited, six-week fact discovery period of this remedies phase of litigation. And, until very recently, many publishers with whom Google made contact have been reluctant to provide live testimony. Boundy Decl. ¶ 3. After the Court ruled at the Pre-Trial hearing last Monday that amicus briefs would not be permitted, however, at least some publishers, including the three discussed herein, decided they were willing to provide live testimony. Boundy Decl. ¶¶ 7-9. Contrary to Plaintiffs' assertion to the contrary, this is in fact "a situation in which a party has discovered new material evidence which it could not have previously provided." ECF No. 1763 at 6 (citing *Brundle*). These witnesses did not decide they were willing to provide live testimony until *after* the Court's ruling that amicus briefs would not be permitted last Monday. Boundy Decl. ¶¶ 7-9.

As these publishers are comparatively small companies focused on running their day-to-day businesses—not sophisticated multinational corporations suing Google in other jurisdictions like the publishers that Plaintiffs have primarily relied on, ECF No. 1563 at 2 (identifying Matthew

7

Wheatland and Jason Taylor from Daily Mail and Gannett)—they have not necessarily been following every development in the case. But testimony should not be dominated by those publishers who are most able to divert resources to keep up with a litigation to which they are not a party. That is why testimony from small businesses that use Google's ad tech products and who would face the direct and most acute consequences of Plaintiffs' proposed remedies is critically important to this phase of the case and should warrant the additional flexibility respectfully requested.

## **CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court enter an order permitting the testimony of Lance Knobel, Elizabeth Douglas and Michael Blend.

Dated: September 21, 2025

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
David Pearl (*pro hac vice)*
Allison Vissichelli (*pro hac vice)*
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

*Counsel for Defendant Google LLC*

Respectfully submitted,

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ
429 N. St. Asaph Street
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (*pro hac vice*)
Jeannie S. Rhee (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Erica Spevack (*pro hac vice*)
Bryon P. Becker (VSB #93384)
DUNN ISAACSON RHEE LLP
401 Ninth Street, NW
Washington, DC 20004-2637
Telephone: (202) 240-2900
kdunn@dirllp.com

Erin J. Morgan (pro hac vice)
DUNN ISAACSON RHEE LLP
11 Park Place
New York, NY 10007
Telephone: (202) 240-2928
emorgan@dirllp.com