# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*, <br><br> *Plaintiffs*, <br><br> vs. <br><br> GOOGLE LLC, <br><br> *Defendant*. | Civil Action No. 1:23-cv-00108-LMB-JFA |

## DECLARATION OF MARA BOUNDY

I, Mara Boundy, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am an attorney on the Regulatory Affairs team at Google LLC. My duties and responsibilities include responding to investigations and litigations brought by domestic and foreign competition authorities, including the above-captioned matter.

2. I submit this declaration in support of Google's Memorandum of Law in Opposition to Plaintiffs' Motion to Exclude Witness Testimony.

3. Following the issuance of the Court's Memorandum Opinion, dated April 17, 2025, and the pre-trial conference held on May 2, 2025, Google contacted third parties, including those that use Google Ad Manager, regarding potential remedies in this case. Google disclosed those third parties via its Response to Plaintiffs' Second Set of Interrogatories (Remedies Phase). Many third parties expressed views about the proposed remedies in this case, including divestiture. Nevertheless, they were reluctant to serve as witnesses for a variety of reasons. As a result, Google did not list any of these third parties on its preliminary witness list.

4. After the close of fact discovery, Google became aware of trade associations, businesses, and individuals, including GAM users, who wanted to explore potential avenues to

1

share their views regarding the parties' proposed remedies in this case. One of those avenues was an amicus brief.

5.  Following the Court's ruling on amicus briefs at the Final Pretrial Conference, Google contacted publishers and users of Google Ad Manager to understand if they would be willing to come to Court to testify regarding the proposed remedies. Google explained that the Court would not accept amicus briefs but may be willing to hear their testimony about potential remedies, including impacts to their business. On September 17, 2025, Google communicated the Court's ruling to Lance Knobel, CEO of Cityside Journalism Initiative. On September 18, 2025, Google communicated the Court's ruling to Michael Blend, CEO and Co-founder of System1 and Elizabeth Douglas, CEO of wikiHow.

6.  On Thursday, September 18, 2025, Mr. Knobel informed Google he wanted to come to Court to testify about the impact remedies will have on his business.

7.  On Friday, September 19, 2025, Mr. Blend and Ms. Douglas each informed Google they wanted to come to Court to testify about the impact remedies will have on their respective businesses.

8.  On Friday, September 19, 2025, Google included Mr. Knobel, Mr. Blend, and Ms. Douglas on its witness trial order disclosure list to Plaintiffs, which was due at 7:00 p.m. EST. Dkt. 1560 ¶ 8(e).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 21st day of September, 2025, in Alexandria, Virginia.

*/s/ Mara Boundy*
Mara Boundy