IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 1:23-cv-00108-LMB-JFA |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO PRECLUDE
LATE-DISCLOSED GOOGLE WITNESSES**

Google did not identify Lance Knobel (CEO of Cityside), Michael Blend (CEO of System1), and Elizabeth Douglas (CEO of wikiHow) as witnesses ("Late-Disclosed Witnesses") until the Friday before trial in violation of this Court's scheduling Order and the Federal Rules of Civil Procedure. ECF No. 1560 at 1 ("The parties shall each file a Witness List in compliance with Fed. R. Civ. P. 26(a)(3)(A) on Friday, August 15, 2025.") (emphasis in original). Google's attempt to add new witnesses should be rejected based on those facts alone.

Google now contends that its tardiness should be excused because of "a situation in which [Google] has discovered new material evidence which it could not have previously provided." Google's Opposition Brief ("Opp."), ECF No. 1764 at 7. Google argues the "situation" leading to the discovery of new material evidence was this Court's proper refusal to accept amicus brief that attempted to introduce facts and witnesses never previously disclosed. *See id.* As Google's Opposition Brief states, "until very recently, many publishers with whom Google made contact have been reluctant to provide live testimony" and that these witnesses "did not decide they were willing to provide live testimony until *after* the Court's ruling that amicus briefs would not be permitted." *Id.* at 7. That is not the law, Fed. R. Civ. P. 45(c)(1) ("A

1

subpoena may command a person to attend a trial"), and this Court's discretionary decision to reject an improper amicus brief does not qualify as a genuine recent discovery of new evidence. *See, e.g.*, *Tafas v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007) ("The Court has broad discretion in deciding whether to allow a non-party to participate as an amicus curiae."). Google's flawed strategic decision to not timely disclose witnesses – but instead attempt to submit improper amicus briefs - is not a basis to excuse tardy witness disclosures.

Google's Opposition brief and its four signed substantive declarations—filed within *two* hours of Plaintiffs' motion at around 11:25 pm ET on the Friday before trial—suggests that Google had actual knowledge and information about these new witnesses well-before their tardy identifications but failed to provide such information to this Court or Plaintiffs as requested. Google only disclosed the declarations *after* Plaintiffs' moved to preclude their testimony. Indeed, the declaration of Mara Boundy, Google's in-house counsel, declared that Google may have been in touch with the Late-Disclosed Witnesses as early as April 2025:

> Following the issuance of the Court's Memorandum Opinion, dated April 17, 2025, and the pre-trial conference held on May 2, 2025, Google contacted third parties, including those that use Google Ad Manager, regarding potential remedies in this case. Google disclosed those third parties via its Response to Plaintiffs' Second Set of Interrogatories (Remedies Phase). Many third parties expressed views about the proposed remedies in this case, including divestiture. Nevertheless, they were reluctant to serve as witnesses for a variety of reasons. As a result, Google did not list any of these third parties on its preliminary witness list.

ECF No. 1764-4 ¶ 3. But Google's Response to Plaintiffs' Second Set of Interrogatories did not list the relevant Late-Disclosed Witnesses nor their companies. *See* Exhibit A ("Defendant Google LLC's Responses and Objections to Plaintiffs' Second Set of Interrogatories (Remedies Phase)"). Rather, the relevant part of that Interrogatory Response listed other third-parties:

> Google has communicated with the following third-parties regarding the Remedies that the Court might impose in this litigation following the Court's liability decision (Dkt. 1410): Accuweather, Atlanta Journal Constitution, Caspian Creates, Curb

2

      Free with Cory Lee, DECKED, eCreamery, ExpectFit, Firesight Studios, IAB Portugal, Major League Baseball, Mediamint, Moterra Campervans, National Football League, NewsCorp Australia, Paramount, Pinterest, Raptive, SiriusXM & Pandora, The Weather Company, Thread Logic, T-Mobile, Uber, VisualBlasters, and Yahoo.

*Id.* at 6-7.

Should this Court be inclined to look past Google's late disclosures and discovery failures over Plaintiffs objection, Plaintiffs request the alternative relief of leave to depose all Late-Disclosed Witness before their respective trial testimony.[1] Plaintiffs as also request the right to call additional witnesses—even if not previously disclosed—to testify in rebuttal to Google's Late-Disclosed Witnesses.[2] Plaintiffs acknowledge and appreciate that such relief may disrupt the current trial schedule, however the nature[3] of the Late-Disclosed Witnesses' declarations is likely to require a response. Plaintiffs are willing to work with the Court to extend the current time allotted for the remedies trial or identify additional trial time if necessary.

Dated: September 24, 2025

(signatures on next page)

---

[1] Google suggested in-trial depositions. *See* Opp. at 6 ("To the extent there exists any residual surprise, however, there are other vehicles for remediating it, such as in-trial deposition[s].")

[2] And, as put forth in Plaintiffs' memorandum in support of this motion, Plaintiffs additionally seek in the alternative allowing Google to only use these Late-Disclosed Witnesses in a surrebuttal case, prohibiting Google from advancing these witnesses in both its case-in-chief and its rebuttal case. *See* Plaintiffs' Memorandum in Support of Motion to Preclude Late-Disclosed Google Witnesses, ECF. 1763 at 8.

[3] Michael Blend's declaration advocates for Google's proposed remedy of depreciating Unified Pricing Rules, criticizes potential divestitures, and provides commentary on AdX and DFP's functionalities. ECF No. 1764-1. Elizabeth Douglas' declaration discusses how "[s]ome of Google's and Plaintiffs' proposed remedies . . . may be beneficial" alongside a prediction for an impact of potential divestiture. ECF No. 1764-2. Lance Knobel's declaration opines about the impact of Plaintiffs' Proposed Final Judgment. ECF No. 1764-3.

Respectfully submitted,

| | |
|---|---|
| Lindsey Halligan<br>United States Attorney<br><br>/s/ Gerard Mene<br>GERARD MENE<br>Assistant U.S. Attorney<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3777<br>Facsimile: (703) 299-3983<br>Email: Gerard.Mene@usdoj.gov<br><br>/s/ Julia Tarver Wood<br>JULIA TARVER WOOD<br>/S/ Matthew E. Gold<br>MATTHEW E. GOLD<br>KERRIE FREEBORN<br>MICHAEL E. WOLIN<br><br>United States Department of Justice<br>Antitrust Division<br>450 Fifth Street NW, Suite 7100<br>Washington, DC 20530<br>Telephone: (202) 307-0077<br>Fax: (202) 616-8544<br>Email: Julia.Tarver.Wood@usdoj.gov<br><br>Attorneys for the United States | JASON S. MIYARES<br>Attorney General of Virginia<br><br>/s/ Tyler T. Henry<br>TYLER T. HENRY<br>Assistant Attorney General<br><br>Office of the Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219<br>Telephone: (804) 692-0485<br>Facsimile: (804) 786-0122<br>Email: thenry@oag.state.va.us<br><br>Attorneys for the Commonwealth of Virginia and local counsel for the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia |