# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>GOOGLE LLC,<br><br>    *Defendant*. | Civil Action No.1:23-cv-00108-LMB-JFA |

**DEFENDANT GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES (REMEDIES PHASE)**

  Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Court for the Eastern District of Virginia (the "Local Rules"), Defendant Google LLC ("Google"), by its undersigned counsel, hereby responds to Plaintiffs' Second Set of Interrogatories (Remedies Phase) (No. 6) as follows:

**PRELIMINARY STATEMENT**

  1. These Responses and Objections are based on the information currently available to Google and are provided subject to, and without intending to waive, and expressly preserving, Google's right at any time to revise, correct, supplement, or clarify any of the responses and objections herein.

  2. In providing these Responses and Objections, Google does not waive, and expressly preserves, all defenses and claims. Google provides these Responses and Objections without waiving or intending to waive (a) any objections as to the competency,

1

relevance, materiality, privileged status, or admissibility as evidence, for any purpose, of any information provided in response to the Interrogatories; (b) the right to object on any ground at any time to a demand for further responses to the Interrogatories; (c) the right to revise, amend, supplement, or clarify any of the objections set forth herein; or (d) the right to move the Court for a protective order with respect to the Interrogatories.

**GENERAL OBJECTIONS**

1. Google objects to any interrogatory that includes multiple discrete subparts but purports to be a single interrogatory. Under Fed. R. Civ. P. 33(a)(1), each discrete subpart is counted as a separate interrogatory.

2. Google objects to each interrogatory because it: (1) is overbroad, unduly burdensome, or not proportional to the needs of the cases; (2) imposes any obligation greater than those imposed or authorized by the Federal Rules of Civil Procedure, the Local Civil Rules of the U.S. District Court for the Eastern District of Virginia, or any other applicable rule or order; or (3) seeks information covered by the attorney-client privilege, attorney work product protection, common interest doctrine, deliberative process privilege, and/or any other applicable privilege or protection. Google expressly incorporates these objections into each response below.

3. Google objects to each interrogatory because it requests premature disclosure of expert opinion or expert materials. Google will provide its expert disclosures in accordance with Federal Rule of Civil Procedure 26(b)(4) and the Court's May 2, 2025, Scheduling Order.

## **OBJECTIONS TO DEFINITIONS**

If Google does not object to a defined term or responds to Interrogatories containing a defined term, regardless of whether Google has objected to that definition, Google's response should not be taken as a concession or agreement by Google that the definition for such defined term is factually accurate or legally sufficient for any evidentiary purposes. Where Google objects to any of Plaintiffs' defined terms below, Google incorporates by reference those objections wherever such definition is used in the Interrogatories.

1. Google objects to Definition 2, defining "Documents," because it seeks to impose obligations regarding the production and handling of ESI that are governed by the April 20, 2023, Order Regarding ESI (the "ESI Order"), Dkt. 142, including by purporting to define the categories of "Documents" that must be produced. The negotiated and court-ordered ESI Order is the appropriate vehicle for addressing such obligations, not unilaterally imposed definitions in the interrogatory.

2. Google objects to Definition 4, defining "Relevant Product," because it defines "Google's AdWords, AdX, and DFP products" in part by reference to a Section of the Court's April 17, 2025, Memorandum Opinion (the "Memorandum Opinion"), Dkt. 1410, which does not define the products discussed.

3. Google objects to Definition 5, defining "Remedy" or "Remedies," as overbroad because it purports to include "any remedy (or element thereof) raised, considered, discussed, or proposed for the conduct alleged in this Action," regardless of the substance of the remedy discussed.

3

    4.    Google further objects to Definition 5, defining "Remedy" or "Remedies," as overbroad because it purports to encompass remedies beyond those related to this Action.

    5.    Google also objects to Definition 5, defining "Remedy" or "Remedies," as vague and ambiguous because it is unclear what the phrase "any impact thereof" refers to.

## OBJECTIONS TO INSTRUCTIONS

    1.    Google objects to Instruction 4 as vague and ambiguous as to the meaning of "present." Google will interpret "present" to mean the date that Plaintiffs' served their First Set of Interrogatories (Remedies Phase), May 2, 2025.

    2.    Google objects to Instruction 7 because it seeks to impose obligations regarding the production and handling of ESI that are governed by the ESI Order negotiated by the parties and entered by the Court, including by purporting to impose privilege log obligations. The negotiated and court-ordered ESI Order is the appropriate vehicle for addressing such obligations, not unilaterally imposed instructions to the Interrogatories. Google further objects to this Instruction because it prohibits redactions that would otherwise be permissible under the Federal Rules and Local Rules, including, for example, Federal Rule 5.2.

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

**Interrogatory No. 6**

Identify all third parties with whom Google communicated regarding Remedies, including the person's title, employer or affiliation, and the date(s) of Google's communication(s).

**Objections to Interrogatory No. 6**

Google objects to Interrogatory 6 as vague and ambiguous because it fails to define the term "third-parties."

Google objects to Interrogatory 6 as overbroad and unduly burdensome because it calls for information related to remedies that are not being sought in this litigation and/or are not related to conduct that the Court found anticompetitive in this litigation.

Google further objects to Interrogatory 6 as seeking information not relevant to this litigation because it seeks information that is not related to conduct that the Court found anticompetitive in this litigation.

Google further objects to Interrogatory 6 as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks information unrelated to display advertising.

Google further objects to Interrogatory 6 as overbroad, unduly burdensome, and disproportionate to the needs of the case because it calls for *all* third parties with whom Google communicated regarding "Remedies," regardless of the purpose or nature of those communications.

Google further objects to Interrogatory 6 as overbroad, unduly burdensome, and disproportionate to the needs of the case because it calls for information without limitation as to time when the products at issue have changed substantially since this Action was commenced.

Google further objects to Interrogatory 6 because it seeks a response that would disclose the mental impressions and legal opinions of Google's counsel, and seeks information that was

5

prepared in anticipation of litigation, is subject to claims of privilege under the attorney-client privilege, constitutes work product, or is otherwise privileged or protected from discovery.

Google further objects to Interrogatory 6 because it seeks information about communications protected from disclosure under the Stipulation and Order Regarding Expert Discovery, Dkt. No. 106.

Google further objects to Interrogatory 6 because it is duplicative of other discovery requests Plaintiffs have served.

Subject to and without waiving any of Google's objections, Google is willing to meet and confer regarding this Interrogatory.

**Response Interrogatory No. 6**

As noted in Google's objections, Plaintiffs' request for Google to identify **"all"** third-parties it might have communicated with regarding Remedies is overbroad and unduly burdensome. In the ordinary course of its business, Google employees may have communicated with customers about Remedies on an ad hoc basis, for example, in response to customer questions in the days following the Court's ruling. Google is not identifying those third-parties who Google may have communicated with on an ad hoc basis because, for example, it would be unduly burdensome to interview all account managers to try to prepare such a list. Therefore, after conducting a reasonable inquiry, and subject to and without waiving the foregoing objections, Google responds to this interrogatory as follows:

Google has communicated with the following third-parties regarding the Remedies that the Court might impose in this litigation following the Court's liability decision (Dkt. 1410): Accuweather, Atlanta Journal Constitution, Caspian Creates, Curb Free with Cory

6

Lee, DECKED, eCreamery, ExpectFit, Firesight Studios, IAB Portugal, Major League Baseball, Mediamint, Moterra Campervans, National Football League, NewsCorp Australia, Paramount, Pinterest, Raptive, SiriusXM & Pandora, The Weather Company, Thread Logic, T-Mobile, Uber, VisualBlasters, and Yahoo.

The balance of the information requested in this interrogatory can be obtained by compiling and summarizing the communications themselves, which Google has agreed to produce. The burden of deriving or ascertaining this information is substantially the same for Plaintiffs as it would be to Google and, therefore, Google will supplement this response to identify those documents, pursuant to Fed. R. Civ. P. 33(d), once they are produced.

Google reserves the right to amend or modify this response as discovery progresses.


Dated: June 16, 2025

Eric Mahr (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

Justina K. Sessions (*pro hac vice*)
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Fax: (650) 461-8276
justina.sessions@freshfields.com

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

*Counsel for Defendant Google LLC*

Respectfully submitted,

/s/*Amy J. Mauser*
Amy J. Mauser (*pro hac vice*)
Bryon P. Becker (VSB #93384)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile (202) 223-7420
amauser@paulweiss.com

Erin J. Morgan (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3387
Facsimile:  (212) 492-0387
ejmorgan@paulweiss.com

Karen L. Dunn (*pro hac vice*)
Jeannie S. Rhee (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Erica Spevack (*pro hac vice*)
DUNN ISAACSON RHEE LLP
401 Ninth Street, NW
Washington, DC 20004-2637
Telephone: (202) 240-2900
kdunn@dirllp.com

Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ:
209 Madison Street, Suite 501
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com