UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES, et al.,<br><br>　　　　　*Plaintiffs*,<br><br>　vs.<br><br>GOOGLE LLC,<br><br>　　　　　*Defendant*. | No. 1:23-cv-00108-LMB-JFA |

**MEMORANDUM IN SUPPORT OF GOOGLE LLC'S MOTION TO EXCLUDE REBUTTAL TESTIMONY OF STEPHANIE LAYSER**

Defendant Google LLC moves this Court to exclude the rebuttal testimony of Stephanie Layser of Amazon. Ms. Layser does not work at an open-web display publisher, has not worked at a publisher for over three years, has not used a publisher ad server in over three years, and has no current personal knowledge of facts that would contradict or rebut evidence presented in Google's case. She is not a proper rebuttal witness and her testimony is irrelevant to the remedy issues before the Court.

A.   **Ms. Layser Has No Competent Rebuttal Evidence to Offer**

Ms. Layser is not a proper rebuttal witness. "The purpose of rebuttal testimony is to contradict, impeach, or defuse the impact of the evidence offered by an adverse party." *United States v. Groves*, 470 F.3d 311, 328 (7th Cir. 2006); *see also U.S. v. Willis*, No. 92-5545, 1993 WL 239011 at *4 (4th Cir. June 30, 1993) ("The purpose of rebuttal evidence is to refute evidence from an opponent."). Ms. Layser has no admissible evidence to offer regarding any of the evidence that Google presented in its case-in-chief.

Ms. Layser has no personal knowledge of the technical feasibility of any of the proposed remedies in this case, as she has never examined Google's source code and has no knowledge of Google's technical infrastructure. She cannot be offered as a witness to rebut any of Google's evidence as to technical feasibility. Nor does Ms. Layser have current personal knowledge of the workings of any of Google's products, as she has not worked at a publisher or used a publisher ad server in over three years. She cannot be offered as a witness to rebut any of Google's evidence as to product functionality, now or in the future. And as Ms. Layser has not worked at a publisher or used a publisher ad server in over three years, she has no current personal knowledge of any facts relevant to the potential effects of remedies on publishers. She cannot be

1

offered as a witness to rebut any of Google's evidence as to the effects that potential remedies would have on publishers (or any other ad tech customers or competitors).

**B.        Ms. Layser's Testimony is Irrelevant to Remedies**

Even if Ms. Layser were permitted to offer testimony beyond the scope of rebuttal, such testimony would be irrelevant to the remedies issues before the Court. The only testimony regarding Google ad tech that Ms. Layser is competent to offer would be testimony regarding her use of ad tech and her desires for product functionality from *over three-and-a-half years ago* – the last time she worked for an open-web display publisher. While this testimony was relevant to backward-looking questions of liability—and which Ms. Layser already provided at the liability phase—her years-old perspective on the changes she personally would have wanted Google to make to its ad exchange and ad server is not relevant to forward-looking remedies.

To the extent Plaintiffs intend to elicit Ms. Layser's opinions as to the efficacy or adequacy of any remedy proposal, such testimony would be inadmissible. As an initial matter, these opinions would not be proper rebuttal, as such regarding the remedy proposals should have been presented in Plaintiffs' case-in-chief. But more importantly, Ms. Layser was never disclosed as an expert witness so her opinion testimony "is limited to one that is: (a) rationally based on [her] perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of rule 702." Fed. R. Evid. 701. None of Ms. Layser's opinions as to the feasibility or efficacy of proposed remedies meet this standard. As she is neither a customer nor competitor in any of the relevant markets, her opinions are not based on "first-hand knowledge or observation." *Id.*, advisory cmte. note. Her speculation as to the future, based on outdated knowledge, does not relate to any facts in issue at the remedies phase. And any

2

testimony based not on current firsthand use but on her general "industry knowledge" would fall within the scope of Fed. R. Evid. 702 and therefore cannot be presented through a witness not disclosed as an expert.

**C.     Conclusion**

For these reasons, the Court should exclude Ms. Layser's improper "rebuttal" testimony.

3

| | |
|---|---|
| Dated: October 1, 2025 | Respectfully submitted, |
| | |
| Eric Mahr (pro hac vice) | */s/ Craig C. Reilly* |
| Andrew Ewalt (pro hac vice) | Craig C. Reilly (VSB # 20942) |
| Tyler Garrett (VSB # 94759) | THE LAW OFFICE OF |
| FRESHFIELDS US LLP | CRAIG C. REILLY, ESQ |
| 700 13th Street, NW, 10th Floor | 209 Madison Street, Suite 501 |
| Washington, DC 20005 | Alexandria, VA 22314 |
| Telephone: (202) 777-4500 | Telephone: (703) 549-5354 |
| Facsimile: (202) 777-4555 | Facsimile: (703) 549-5355 |
| eric.mahr@freshfields.com | craig.reilly@ccreillylaw.com |

Justina K. Sessions (pro hac vice)
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Fax: (650) 461-8276
justina.sessions@freshfields.com

Daniel Bitton (pro hac vice)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Bradley Justus (VSB # 80533)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com

Counsel for Defendant Google LLC